# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00874-MSK-MEH

**WARNER BROS. RECORDS INC.,** ET AL.,

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.**

      Defendant.

## JOINT PROPOSED SCHEDULING ORDER

### I.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Rule 16(f) Scheduling Conference in this matter is scheduled for June 12, 2019. The parties are represented by the following counsel.

Mitchell A. Kamin
Neema T. Sahni
Rebecca Van Tassell
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
rvantassell@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jcharlesworth@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.

LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
Stacey Foltz Stark
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com
E-mail: sfstark@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Fax: (415) 591-1400
E-mail: jgolinveaux@winston.com

John M. Tanner

Craig D. Joyce
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 830-2400
Fax: (303) 830-1033
E-mail: jtanner@fwlaw.com
E-mail: cjoyce@fwlaw.com

*Attorneys for Defendant Charter Communications, Inc.*

## II.     STATEMENT OF JURISDICTION

This Court has original subject matter jurisdiction over Plaintiffs' copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## III.    STATEMENT OF CLAIMS AND DEFENSES

### A.     Plaintiffs

Defendant is contributorily and vicariously liable for the direct copyright infringements of its subscribers, who unlawfully reproduced and distributed via BitTorrent, or other peer-to-peer networks, thousands of sound recordings and musical compositions for which Plaintiffs are the legal or beneficial copyright owners or exclusive licensees.

Defendant is contributorily liable for such infringements because it had knowledge that its network was being used for infringement of Plaintiffs' copyrighted works, and also knew of specific subscribers engaged in such repeated and flagrant infringement, but nevertheless facilitated, encouraged, and materially contributed to such infringement by continuing to provide its network and facilities necessary for its subscribers to commit repeated infringements. Defendant had the means to withhold that assistance upon learning of specific infringing activity by specific users but failed to do so.

Defendant is vicariously liable for such infringements because it had the legal and practical right and ability to supervise and control the infringing activities that occur through the use of its network, and at all relevant times has had a financial interest in, and derived direct financial benefit from, the infringing use of its network.

### B. Defendant

Plaintiffs will be unable to establish either theory of secondary liability, which require separate elements of proof. As a threshold matter, both claims will fail because Plaintiffs cannot show any underlying direct infringement, which is a prerequisite under either theory. Plaintiffs' claims are also barred because Defendant qualifies for "safe harbor" under the Digital Millennium Copyright Act § 512(a).

Plaintiffs' claim for contributory infringement will fail for the independent reasons that the notices on which Plaintiffs' rely cite only *allegations* of infringement, and Defendant lacks the requisite intent. Plaintiffs' claim for vicarious infringement will fail because Plaintiffs will be unable to establish that Defendant has directly enjoyed a financial benefit from the allegedly infringing activity or has the ability to control subscribers' allegedly infringing activity. Specifically, Plaintiffs cannot prove that subscribers' allegedly infringing activity acts as a draw for subscribers to purchase Defendant's internet access service. Nor can Plaintiffs prove that Defendant maintains the right and ability to stop users from engaging in infringing activity as Defendant cannot monitor and control its subscribers' use of the internet, and because Defendant's ability to terminate subscribers altogether does not stop the alleged infringement.

## IV. UNDISPUTED FACTS

There are no undisputed facts the parties are able to stipulate to at this time.

## V. COMPUTATION OF DAMAGES

A precise computation of damages is premature at this point, because a significant amount of information bearing on the subject of damages—such as the extent of Defendant's alleged infringements, the willfulness of the alleged infringements, the financial benefits and profits received by Defendant in connection with the alleged infringements, and the value of the recordings at issue—is in the possession, custody, or control of Defendant or will otherwise be developed during the discovery process.

## VI. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)

### A. Date of Rule 26(f) meeting

The parties conferred via teleconference on May 16, 2019 at 12:00 p.m. Pacific / 3:00 p.m. Eastern time.

### B. Names of each participant

The participants in the Rule 26(f) conference were Mitchell Kamin, Neema Sahni, and Matt Oppenheim for Plaintiffs, and Seth E. Spitzer, Stacey Foltz Stark, Jennifer A. Golinveaux, John J. Rosenthal, and John M. Tanner for Defendants.

### C. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties will make Rule 26(a)(1) disclosures on or before June 6, 2019, in accordance with Fed. R. Civ. P. 26(a)(1)(C).

### D. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties have stipulated to June 6, 2019 as the date for the mutual exchange of disclosures under Fed. R. Civ. P. 26(a)(1).

**E.      Statement concerning any agreements to conduct informal discovery.**

The parties do not believe that any informal discovery is necessary or appropriate at this time.

**F.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

In order to reduce the costs of litigation, the parties agree to the following:

- Where practicable and appropriate, counsel may attend depositions telephonically or via VTC.

- If the parties deem it practicable, they may transmit productions via FTP or post documents to a joint repository.

- Counsel will use the exhibit numbering systems set forth in the District and Magistrate Judge's practice standards.

The parties will continue to consider whether additional agreements may reduce the cost of litigation.

**G.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that their claims or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties have instituted electronic litigation holds in order to preserve electronically stored information. To facilitate discovery of electronically stored information, limit the associated discovery costs and delay, avoid discovery disputes relating to electronic discovery,

6

and address claims of privilege or protection, the parties have agreed to expeditiously meet and confer in order to come to agreement on a joint Electronically Stored Information Protocol, and to consider a process for exchanging search terms and custodian lists, as well as a mutually acceptable format for production of electronic or computer-based information.

      **H.**    **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties believe that the likelihood of a prompt settlement or resolution of the case in the near future is low, but remain willing to engage in alternative dispute resolution if it appears further into the litigation that such a process would be productive.

**VII.    CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

**VIII.    DISCOVERY LIMITATIONS**

      **A.**    **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties believe that modifications to the presumptive number of depositions will be necessary, and agree instead to a limitation of 20 depositions per side, inclusive of both fact (party and non-party) and expert depositions. A deposition under Fed. R. Civ. P. 30(b)(6) shall count as a single deposition, regardless of whether the receiving party designates more than one witness to testify as to the topics in the notice.

The parties do not believe that any modification to the presumptive number of interrogatories contained in the Federal Rules will be necessary.

      **B.**    **Limitations which any party proposes on the length of depositions.**

The parties agree that no limitations to the length of depositions, other than those imposed by the Federal Rules, are necessary.

C.   **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree they should be limited to a total of 100 Requests for Production and 25 Requests for Admission per side.

D.   **Other Planning or Discovery Orders**

The parties agree to the following procedures in order to avoid discovery disputes and to reduce the costs of litigation.

- Any party that receives documents from a non-party subpoena shall make those documents available to all other parties.

- For all motions and filings, the parties agree to rely on automated CM/ECF notifications for service. For service of discovery documents not filed through CM/ECF, the parties agree to accept service by email.

- The parties agree to exchange Word copies of all discovery requests upon request.

- The parties agree to confer on the terms of an appropriate protective order to protect confidential, sensitive, and/or proprietary information, and will file a joint motion for such an order on or before **June 12, 2019**.

IX.   **CASE PLAN AND SCHEDULE**

A.   **Deadline for Joinder of Parties and Amendment of Pleadings**

The deadline to join parties and amend pleadings shall be **Friday, November 1, 2019**.

Notwithstanding the foregoing deadline, Plaintiffs may file amended versions of Exhibit A (list of sound recordings at issue) and/or Exhibit B (list of compositions at issue) to the Complaint on or before **Wednesday, January 15, 2020** to conform those exhibits to information learned in discovery.

### B. Discovery Cut-off

The deadline to complete fact discovery shall be **Tuesday, March 31, 2020**. The deadline for the completion of expert discovery shall be **Friday, May 15, 2020**.

### C. Dispositive Motion Deadline

The deadline by which to file dispositive motions shall be **Thursday, June 11, 2020**.

### D. Expert Witness Disclosure

The parties anticipate using experts regarding copyright infringement, infringement notices, systems for identifying and terminating repeat copyright infringers, and financial experts.

The parties do not propose any particular limitations on the use or number of expert witnesses at this time.

The last day on which the parties may designate experts (including the disclosure of expert opinions, facts and data considered, exhibits, etc.) shall be **Friday, March 13, 2020**.

The deadline by which the parties shall designate rebuttal experts shall be **Monday, April 13, 2020**.

### E. Identification of Persons to Be Deposed

The parties are presently unable to list the names of persons to be deposed, as the parties have only recently exchanged Initial Disclosures.

### F. Deadline for Interrogatories

The last day on which the parties may serve written discovery requests, including Interrogatories, shall be **Wednesday, February 26, 2020**.

      **G.**    **Deadline for Requests for Production of Documents and/or Admissions**

The last day on which the parties may serve written discovery requests, including Requests for Production and Requests for Admissions, shall be **Wednesday, February 26, 2020**.

**X.**    **DATES FOR FURTHER CONFERENCES** *[TO BE COMPLETED BY THE MAGISTRATE JUDGE]*

      **A.**    **Status conferences will be held in this case at the following dates and times:**
                  _____
                  _____

      **B.**    **A final pretrial conference will be held in this case on _____at o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.**

**XI.**    **OTHER SCHEDULING MATTERS**

The parties were able to reach an agreement on all discovery and scheduling issues.

The parties anticipate the need for a 15-day jury trial.

The parties do not believe that any pre-trial proceedings would be more efficiently or economically conducted in Colorado Springs, Grand Junction, or Durango. Because the judges are located in Denver, and most counsel will be traveling from out of state, the parties believe all pretrial proceedings should be conducted in Denver.

Respectfully submitted this 5th day of June, 2019.


                                                          By: */s/ Mitchell A. Kamin*

                                                          Mitchell A. Kamin
                                                          Neema T. Sahni
                                                          Rebecca Van Tassell
                                                          COVINGTON & BURLING LLP
                                                         1999 Avenue of the Stars, Suite 3500
                                                         Los Angeles, CA 90067-4643
                                                         Telephone: (424) 332-4800

mkamin@cov.com
nsahni@cov.com
rvantassell@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jcharlesworth@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*


By: */s/ Craig D. Joyce*

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202

11

Phone: 303.830.2400
Fax: 303.830.1033
E-mail: cjoyce@fwlaw.com
E-mail: jtanner@fwlaw.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
Stacey Foltz Stark
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com
E-mail: sfstark@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

*Attorneys for Defendant*
*Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June 2019, a true and correct copy of the foregoing Joint Proposed Scheduling Order was served electronically via by the Court's CM/ECF e-filing system as follows:

| | |
|---|---|
| Janette L. Ferguson, Esq.<br>Benjamin M. Leoni, Esq.<br>LEWIS BESS WILLIAMS & WEESE, P.C.<br>1801 California Street, Suite 3400<br>Denver, CO 80202<br>Tel: (303) 861-2828<br>Facsimile: (303) 861-4017<br>jferguson@lewisbess.com<br>bleoni@lewisbess.com<br><br>Matthew J. Oppenheim<br>Scott A. Zebrak<br>Jeffrey M. Gould<br>Kerry M. Mustico<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Tel: (202) 621-9027<br>matt@oandzlaw.com<br>scott@oandzlaw.com<br>jeff@oandzlaw.com<br>kerry@oandzlaw.com | Michael S. Elkin<br>Thomas Patrick Lane<br>Seth E. Spitzer<br>Stacey Foltz Stark<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 294-6700<br>Fax: (212) 294-4700<br>E-mail: melkin@winston.com<br>E-mail: tlane@winston.com<br>E-mail: sspitzer@winston.com<br>E-mail: sfstark@winston.com<br><br>Jennifer A. Golinveaux<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-1000<br>Fax: (415) 591-1400<br>E-mail: jgolinveaux@winston.com<br><br>John M. Tanner<br>Craig D. Joyce<br>FAIRFIELD AND WOODS, P.C.<br>1801 California Street, Suite 2600<br>Denver, Colorado 80202<br>Telephone: (303) 830-2400<br>Fax: (303) 830-1033<br>E-mail: jtanner@fwlaw.com<br>E-mail: cjoyce@fwlaw.com |

By: *Mitchell A. Kamin*
    Mitchell A. Kamin