UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| WARNER BROS. RECORDS INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | C.A. No.: 19-cv-00874-RBJ-MEH |

**MOTION FOR LEAVE TO FILE BRIEF AMICI CURIAE
OF COPYRIGHT LAW PROFESSORS IN SUPPORT OF
DEFENDANT'S OBJECTION TO MAGISTRATE'S RECOMMENDATION**

Amici curiae copyright law professors, by and through their attorneys, hereby move for leave to file the attached brief amici curiae in support of Defendant's Objection to Magistrate Hegarty's October 13, 2019, Recommendation ("the Recommendation"), and as grounds therefor states as follows:

I. Interest of Amici

Amici are 23 intellectual property law professors from law schools throughout the United States who regularly teach, research, and write about copyright law and secondary liability, including their application to online platforms, services, and conduits like Internet Service Providers (ISPs).[1] Amici have no direct financial interest in the parties to or the outcome of this case. They do share a professional and academic interest in ensuring that copyright law develops

---

[1] A full list of the amici can be found in the Appendix.

1

in ways that properly balance the rights of copyright-owners with consumer welfare, innovation, and privacy.[2]

## II. This Court Has Broad Discretion to Accept Amici's Useful Brief

District Courts have "broad discretion" to permit participation of amicus curiae. *High Country Conservation Advocates v. United States Forest Serv.*, 333 F. Supp. 3d 1107, 1116 (D. Colo. 2015). While the Tenth Circuit has not specified factors to consider when deciding whether to accept an amicus brief, lower courts have found the following factors helpful, though they are not exhaustive:

> (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, *perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court.*

*WildEarth Guardians v. Lane*, No. CIV 12-118 LFG/KBM, 2012 U.S. Dist. LEXIS 189661, at *5-6 (D.N.M. June 20, 2012) (emphasis added) (citations omitted).

Amicus briefs are particularly useful when they provide "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at *6 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). "District courts [also] frequently welcome amicus briefs from non-parties concerning legal issues

---

[2] Counsel for amici has conferred with counsel for the parties. Defendant Charter advised that it consents to this motion and filing of the amici brief; Plaintiffs advised that they do not consent to the filing of the brief and will file an opposition. Amici state, as contemplated by the analogous Fed. R. App. P. Rule 29(a)(4)(D), that no party or party's counsel authored the brief in whole or in part, or contributed money that was intended to fund preparing or submitting the brief. No person other than amici or their counsel contributed money that was intended to fund preparing or submitting the brief.

that have potential ramifications beyond the parties directly involved." *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal 2003) (citing *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997))). Relatedly, courts have found amicus briefs to be useful when, as here, they "underscore that the harms to [a party] will also harm the public interest." *Ramos v. Nielsen*, 336 F. Supp. 3d 1075, 1085-86 (N.D. Cal 2018).

The parties in this case are well represented and Plaintiffs object to amici's participation. But amici, submitting this brief in their roles as academics concerned only with the proper development and application of the law, are the quintessential disinterested outside experts. The parties care about the outcome of this case; amici care about the proper development and application of copyright law generally. Amici's impartial position and strong, big-picture arguments will be useful in providing the Court with a broader understanding of the context and potential impacts of the legal issues in this case. That broader perspective is particularly important given the Recommendation's novel treatment of the direct financial benefit prong of the vicarious liability test in assessing the sufficiency of the facts alleged in the Complaint.

Amici's disinterested perspective and academic expertise on emerging issues within copyright and secondary liability law offer a unique contribution beyond what the parties can provide. In particular, amici's brief situates this case within the historical development of secondary liability doctrine and infringement litigation. The brief explains the ramifications beyond this case of the Recommendation's novel direct financial benefit analysis on ISPs, consumer welfare, and the public interest generally. Amici's broader perspective offers a unique and more comprehensive lens on these issues than does the parties' briefing. *See High Country*,

333 F. Supp. 3d at 1116-17 (finding participation of the Institute for Policy Integrity at NYU Law School as amicus warranted, even though the Institute addressed the same issues as the parties, because the Institute's expertise in relevant issues offered a unique and helpful perspective).

III.  The Amicus Brief is Timely

The proposed brief is timely and will not cause any delay. All parties were given notice on November 7 of amici's intent to submit the brief and asked for consent. Counsel for amici has conferred with counsel for Plaintiffs and Defendant. While there are no specific rules for the filing of amicus briefs in district court, courts often look to the analogous Federal Rules of Appellate Procedure. The proposed brief is being submitted to the court within the time period provided by the analogous provision of Fed. R. App. P., Rule 29(a)(6) (within seven days after filing of the brief of the party being supported, here Charter's Objection). Plaintiffs will have a full seven days from the submission of this amici brief before their response to Charter's Objection is due. The brief is also within the length limits provided by the analogous provision of the Fed. R. App. P., Rule 29(a)(5) (no more than half the length of Charter's Objection).

For the foregoing reasons, amici respectfully request that the Court exercise its discretion and grant leave to file the attached brief amici curiae.

November 11, 2019

         /s/  Phillip R. Malone
Phillip R. Malone
Juelsgaard Intellectual Property
   and Innovation Clinic
Mills Legal Clinic
   at Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305
Telephone: 650-724-1900
Facsimile: 650-723-4426
pmalone@law.stanford.edu

*Attorney for Amici Curiae*

# APPENDIX

Amici curiae are the law professors listed below. Affiliation is provided for identification purposes only; all signatories are participating in their individual capacity and not on behalf of their institutions.

**Professor John R. Allison**
University of Texas at Austin

**Professor Ann Bartow**
University of New Hampshire School of Law

**Professor Michael A. Carrier**
Rutgers Law School

**Professor Andrew Chin**
University of North Carolina School of Law

**Professor Brian L. Frye**
University of Kentucky College of Law

**Professor Deborah R. Gerhardt**
UNC School of Law

**Professor Jim Gibson**
University of Richmond School of Law

**Professor Eric Goldman**
Santa Clara University School of Law

**Professor Stacey M. Lantagne**
The University of Mississippi Law School

**Professor Mark A. Lemley**
Stanford Law School

**Professor Yvette Joy Liebesman**
Saint Louis University School of Law

**Professor Mark McKenna**
Notre Dame Law School

**Professor Viva R. Moffat**
University of Denver College of Law

**Professor Tyler Ochoa**
Santa Clara University School of Law

**Professor Blake E. Reid**
Colorado Law School

**Professor Michael Risch**
Charles Widger School of Law
Villanova University

**Professor Guy A. Rub**
Michael E. Moritz College of Law
The Ohio State University

**Professor Pamela Samuelson**
University of California
Berkeley Law School

**Professor David E. Sorkin**
UIC John Marshall Law School
The University of Illinois at Chicago

**Assistant Clinical Professor Erik Stallman**
University of California
Berkeley Law School

B

C

**Professor Madhavi Sunder**
Georgetown University Law Center

**Professor Rebecca Tushnet**
Harvard Law School

**Professor Jennifer M. Urban**
University of California
Berkeley Law School

C

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of November, 2019, a true and correct copy of the foregoing MOTION OF AMICI CURIAE COPYRIGHT LAW PROFESSORS FOR LEAVE TO FILE AMICI BRIEF IN SUPPORT OF DEFENDANT'S OBJECTION TO MAGISTRATE'S RECOMMENDATION and BRIEF OF AMICI CURIAE COPYRIGHT LAW PROFESSORS IN SUPPORT OF DEFENDANT'S OBJECTION TO MAGISTRATE'S RECOMMENDATION were served electronically via the cm/ecf e-filing system on:

Mitchell A. Kamin
Neema T. Sahni
Rebecca G. Van Tassell
Mark Y. Chen
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643

Jacqueline C. Charlesworth
Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405

Megan O'Neill
COVINGTON & BURLING, LLP
One City Center
850 Tenth Street NW
Washington, DC 20001-4956

Benjamin M. Leoni
Janette Lee Ferguson
LEWIS BESS WILLIAMS & WEESE P.C.
1801 California Street, Suite 3400
Denver, CO 80202

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016

Craig D. Joyce
John M. Tanner
FAIRFIELD & WOODS, P.C.
1801 California St., Ste. 2600
Denver, CO 80202

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
Stacey Foltz Stark
WINSTON & STRAWN LLP
200 Park Ave.
New York, NY 10166

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California St.
San Francisco, CA 94111

November 11, 2019

   /s/ *Phillip R. Malone*
Phillip R. Malone