# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER BROS. RECORDS INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Civil Action No. 19-cv-00874-RBJ-MEH |

### AFFIDAVIT OF ERIN R. RANAHAN IN SUPPORT OF CHARTER'S OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S OCT. 29 ORDER

<u>County of Los Angeles</u>    )
                              ) ss.
<u>State of California</u>      )

The affiant, being of lawful age and duly sworn upon her oath, states and deposes as follows:

I, Erin R. Ranahan, hereby declare:

1. I am a partner of the firm Winston & Strawn LLP, attorneys of record for Defendant Charter Communications, Inc. ("Charter"). I submit this affidavit in support of Charter's Objections to Magistrate Judge Hegarty's October 29, 2019 Discovery Order (the "Objections"). I have personal knowledge of all facts stated in this affidavit, and if called upon as a witness, I could and would competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of Charter's First Set of Requests for Production ("RFP"), served to Plaintiffs on June 25, 2019.

3. Attached hereto as **Exhibit 2** is a true and correct copy of Charter's First Set of Interrogatories, served to Plaintiffs on June 25, 2019.

4. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiffs' Objections and Responses to Charter's First Set of Interrogatories, served by Plaintiffs on July 25, 2019.

5. Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiffs' Objections and Responses to Charter's First Set of RFP, served by Plaintiffs on July 25, 2019.

6. Attached hereto as **Exhibit 5** is a true and correct copy of an August 27, 2019 letter Charter sent to Plaintiffs regarding Charter's discovery requests and Plaintiffs' deficient responses.

7. On September 19, 2019, the parties met and conferred in person at the Los Angeles offices of Winston & Strawn LLP to discuss the deficiencies in Plaintiffs' responses to Charter's discovery requests and in an attempt to narrow the issues presented to the Court. Neema Sahni and Nicholas Lampros of Covington & Burling LLP attended in person, and John Gould from Oppenheim + Zebrak, LLP attended via conference line on behalf of Plaintiffs. Shilpa Coorg and I attended in person, and Jennifer Golinveaux attended via conference line on behalf of Charter. During this meeting, counsel discussed, among other things, the financial information and information pertaining to the CAS addressed in Charter's Objections, filed herewith. We further met and conferred on October 22, 2019. We also had additional email correspondence with Plaintiffs' counsel specifically about whether Plaintiffs would agree to produce CAS Implementation Agreements on October 30, 2019.

8. The parties were unable to reach an agreement on the issues discussed in Charter's Objections. Thus, Charter contacted the Court and requested a pre-motion discovery conference as required by the local rules.

9. The parties held a pre-motion conference with Magistrate Judge Hegarty on October 29, 2019. Attached hereto as **Exhibit 6** is a true and correct copy of the transcript of that conference.

10. Following that conference, and before any motion or other papers on the issues were filed, the Court issued an order regarding the issues discussed. Attached hereto as **Exhibit 7**, and at ECF Dkt. 76, is a true and correct copy of that order.

11. I, and others acting under my direction, compared Exhibits A and B of the Complaint in this case to the Second Amended Complaint in *Sony Music Entmt. et. al v. Cox*, No. 1:18-cv-00950-LO-JFA, (E.D. Va. July 31, 2018), a true and correct copy of which is attached hereto as **Exhibit 8**. This comparison has identified over 79% of works that are identical, which indicates 8,978 definite duplicative works.

12. The non-overlapping works-in-suit represent a total of 2,430 works.

**Financial Data Relating to Charter's Investigation into Damages**

13. During the meet and confer, the parties discussed Plaintiffs' position on Charter's RFP Nos. 9, 12, 14, 16, 17, 18, 19, 21, 26, and 59 relevant to financial data. Plaintiffs confirmed that even though they have already gathered and produced this information for most of the works through discovery in *Cox*, they were taking the position that there is no relevance for discovery of financial data or documents that would contribute to assessing value or damages on a by-work basis. Plaintiffs agreed only to produce general company financials reflecting total annualized profits, losses, and revenues.

14. Attached hereto as **Exhibit 9** is a true and correct copy of a Plaintiffs' June 19, 2019 Initial Disclosures, which appears to acknowledge the relevance of discovery concerning the value of Plaintiffs' works, specifically stating:

> A more detailed computation of damages is premature at this point, ***because a significant amount of information bearing on the subject of damages—*** such as the extent of Defendant's infringements, the willfulness of the infringements, the financial benefits and profits received by Defendant in connection with the infringements, ***and the value of Plaintiffs' recordings and musical compositions at issue—*** is in the possession, custody, or

3

control of Defendant or ***will otherwise be developed during the discovery process***. (emphasis added).

15. Attached hereto as **Exhibit 10** is a true and correct copy of *BMG v. Global Eagle*, No. 2:18-cv-03723-VAP-JEM (C.D. Cal. 2019) Order Granting Defendant's Motion to Compel (3/29/2019). As the Court therein noted:

> That BMG must provide documents and responses regarding its revenues and the value of its allegedly infringed works...

16. The *Cox* court required these same Plaintiffs to produce key financial information, including revenues by work and by channel for physical, digital permanent downloads, streaming, and licensing revenue for the period of 2011-2014, the entirety of the Claim Period, plus approximately an additional two years, in the *Cox* litigation.

17. Attached hereto as **Exhibit 11** is a true and correct copy of portions of the *Sony Music Entmt. et. al v. Cox*, No. 1:18-cv-00950-LO-JFA, 2018 WL 6059386 (E.D. Va. 2018), Hr'g Tr. Jan. 25, 2019.

18. Attached hereto as **Exhibit 12** is a true and correct copy of the Jan. 25, 2019 Order from *Sony Music Entmt. et. al v. Cox*, No. 1:18-cv-00950-LO-JFA, 2018 WL 6059386 (E.D. Va. 2018) (Dkt. 89).

**Discovery Regarding the Copyright Alert System**

19. With respect to information concerning the Copyright Alert System ("CAS") sought by Charter, as Charter explained in its meet and confer letter:

- CAS (and Plaintiffs' and other ISPs' participation in it) is highly relevant to show the industry standard during Plaintiffs' claim period, and the actions with respect to alleged copyright infringement that were or were not considered reasonable or acceptable by not only other ISPs, but also Plaintiffs themselves.

20. Plaintiffs' counsel indicated during the parties' meet and confer on September 19 that they did not believe such information bore any relevance to this case, leading to an impasse.

4

AmericasActive:14165402.4

21. During the October 29 pre-motion conference, Plaintiffs agreed to produce the CAS Memorandum of Understanding, a publicly available document. (Oct. 29, 2019 Hr'g Tr. 48:9-10.) Magistrate Judge Hegarty refused to order any production of any further documents relating to the CAS. (Oct. 29, 2019 Hr'g Tr. 51:6-11.)

22. The CAS MOU is implemented through five separate "Implementation Agreements" entered into by content owners, including many Plaintiffs here, and each individual ISP. The *Cox* court found these five Implementation Agreements relevant and proportional, and ordered them to be produced. See Exhibit 11 at 62:2-4. The parties did not specifically address the Implementation Agreements during the October 29 teleconference. Following Magistrate Judge Hegarty's Order, the parties have submitted letters in an attempt to resolve this narrowed CAS issue regarding production of the CAS Implementation Agreements already produced in *Cox*.

I swear under penalty of perjury and under the laws of the United States that the foregoing is true and correct.

_____
Erin R. Ranahan

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**   GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_____
Signature of Document Signer No. 1

_____
Signature of Document Signer No. 2 (if any)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __LOS ANGELES__

Subscribed and sworn to (~~or affirmed~~) before me on this __12TH__ day of __NOVEMBER__, 20__19__,
by
(1) __ERIN R. RANAHAN__
~~(and) (2)~~ _____ ),
Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
Signature of Notary Public

ROBERT GONZALEZ
Notary Public - California
Los Angeles County
Commission # 2247512
My Comm. Expires Jul 21, 2022

*Seal*
*Place Notary Seal Above*

—————— OPTIONAL ——————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __AFFIDAVIT OF ERIN RANAHAN__ Document Date: __11/12/19__
Number of Pages: __5__ Signer(s) Other Than Named Above: __N/A__

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910