**EXHIBIT 2**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER BROS. RECORDS INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 19-cv-00874-RBJ |

## DEFENDANT CHARTER COMMUNICATIONS, INC.'S
## FIRST SET OF INTERROGATORIES

**PROPOUNDING PARTY**: Defendant Charter Communications, Inc.

**RESPONDING PARTY**: Plaintiffs

**SET NUMBER**: One

Defendant Charter Communications, Inc. ("Charter"), through its undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedures, hereby propounds its First Set of Interrogatories upon Plaintiffs Warner Bros. Records Inc., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., WEA International Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings, LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc., d/b/a EMI Full Keel Music,

EMI Consortium Song, Inc., individually and d/b/a EMI Longitude Music, EMI Entertainment World Inc. d/b/a EMI Foray Music, EMI Jemaxal Music Inc., EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co., Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., UMG Recordings, Inc., Capital Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Island Music Limited, Polygram Publishing, Inc., and Songs of Universal, Inc. (collectively "Plaintiffs").  Each Plaintiff shall fully answer each Interrogatory fully and in writing under oath, within thirty (30) days of service of these Interrogatories.  Such responses shall be made in accordance with the Federal Rules of Civil Procedure, Local Rules, and any other applicable rules.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Plaintiff," "Plaintiffs," "You," or "Your" shall mean plaintiffs to the above-captioned action, including any or all of Warner Bros. Records Inc., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., WEA International Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings, LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc., d/b/a EMI Full Keel Music,

EMI Consortium Song, Inc., individually and d/b/a EMI Longitude Music, EMI Entertainment World Inc. d/b/a EMI Foray Music, EMI Jemaxal Music Inc., EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co., Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., UMG Recordings, Inc., Capital Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Island Music Limited, Polygram Publishing, Inc., and Songs of Universal, Inc. and/or any of its or their representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the foregoing entities.

  2. "Charter" shall refer to Defendant in the above-captioned matter, Charter Communications, Inc.

  3. "CAS" shall refer to the Copyright Alert System.

  4. "Cloud Storage Account" shall mean any account, application, data repository, or virtual mailbox capable of sending, receiving, and/or storing messages or information electronically using a computer or other electronic device, and includes, without limitation, email accounts, cloud-based storage accounts (*e.g.*, Dropbox, Box.com, iCloud, Google Drive, etc.), cloud-based servers (*e.g.*, Digital Ocean, Rackspace, Amazon S3, Google Cloud, Microsoft Azure, etc.), cloud-based data repositories (*e.g.*, Github, Gitlab, Bitbucket, etc.) and email accounts (*e.g.*, Outlook, Gmail, Yahoo, etc.).

  5. "Communication" or "communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, in writing, or otherwise, including but

not limited to written correspondence, reports, mailings, conversations, meetings, letters, notes, recordings, and telegraphic, facsimile, telex, or computer-assisted electronic messages (including but not limited to e-mail, text messaging, instant messaging, VoIP calls, video conferencing, and posts on social media platforms or blogs).

6. "Complaint" shall refer to Plaintiffs' complaint filed on or about March 22, 2019, in the above-captioned matter.

7. "Copyright Works" shall refer to those works You claim were infringed and for which You seek relief in this litigation.

8. "Document" or "documents" as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure.

9. "Electronic Storage Device" shall mean remote storage systems; servers (including but not limited to virtual servers); hosted servers (including but not limited to virtual hosted servers); computers; CPUs; hard drives; disk drives; flash drives; virtual file systems; cellular telephones; smart phones; SIM cards; CDs; DVDs; USB drives; any devices that contain any hard drive, disk drive, flash drive, flash memory, and/or SIM card; and any other device or medium that can be used to store data or information in any electronic format or that can be used to view, convert, process, or manipulate data or information in any way.

10. "ISP" shall refer to Internet Service Provider.

11. "MarkMonitor" shall refer to MarkMonitor, Inc. and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting or purporting to act, on MarkMonitor's behalf.

-5-

12. "Residential ISP Customer" shall refer to any customer of an ISP that is, for example, an individual or residence, and otherwise not a university, college, city, municipality, hospital, hotel, or any other type of institutional or corporate customer, including but not limited to any type of customer that would be targeted by a university-specific or corporate peer-to-peer notice program or a university-specific or corporate peer-to-peer litigation program.

13. "Non-Residential ISP Customer" shall refer to any customer of an ISP that is, for example, a university, college, city, municipality, hospital, hotel, or any other type of institutional or corporate customer, including but not limited to any type of customer that would be targeted by a university-specific or corporate peer-to-peer notice program or a university-specific or corporate peer-to-peer litigation program.

14. "RIAA" shall refer to the Recording Industry Association of America and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on the RIAA's behalf.

15. "Person" shall mean and include a natural person, individual, partnership, firm, corporation, limited liability company, or any kind of business or legal entity, including its agents or employees.

16. "Identify" shall mean, when used in reference to:

    (a)    a Person that is a natural person, his or her: (i) full name; (ii) present or last known job position, business affiliation, and job description; and (iii) present or last known home and business addresses.

    (b)    a Person that is a partnership, firm, corporation or any kind of business or legal entity, its: (i) legal name and any d/b/a; and (ii) its business address(es).

(c) a Document, its: (i) author; (ii) subject matter, title and date, and the total number of pages thereof; (iii) the date on which it was first reviewed, obtained by, furnished to, or prepared by You; (iv) each and every addressee; (v) each and every person to whom copies were sent and/or by whom copies were received; and (vi) its present location(s) and custodian(s), or its disposition if no location(s) or custodian(s) is specified in response to subject (vi) thereof.

(d) a Communication, (i) the date of the Communication, (ii) all Persons present for the Communication, (iii) the approximate duration of the Communication, (iv) the subject matter of the Communication, (v) the method of communication (*e.g.*, in person, by telephone, by email, by chat application, etc.), and (vi) a detailed description of the contents of the Communication.

(e) a "copyright" or a "Copyright Work," identify the work, the author, the artist, the current owner, any current exclusive licensee, the U.S. copyright registration number, and the date of the registration.

(f) a "copyright infringement" or "infringement," identify the copyright infringed, each person or entity believed by You to have infringed it (including any facts You will rely upon to prove the infringement), the exclusive right of the copyright owner that has been infringed, and the date(s) of each alleged infringement.

17. Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the

disjunctive ("or"); and each of the functional words "each," "every," "and," and "all" shall be deemed to include each of the other functional words.

18. The terms "relating," "referring," "reflecting," "concerning," and their variants shall be construed to bring within the scope of the interrogatory any Document or information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of the subject matter of the interrogatory, including, without limitation, all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports, or otherwise evidences the existence of the subject matter of the interrogatory.

19. As used herein, the terms "this lawsuit," "this litigation," and "this case" refer to the above-captioned litigation, *Warner Bros. Records Inc. et al. v. Charter Commc'ns, Inc.,* Civil Action No. 19-cv-874, pending in the United States District Court for District of Colorado.

**INSTRUCTIONS**

1. Each interrogatory listed below seeks all information that is within Your knowledge, possession, custody, or control, as well as all of the information that is within the knowledge, possession, custody, or control of Your attorneys or agents, and any other person acting on Your behalf.

2. If You are unable to answer fully any interrogatory due to a lack of knowledge or information, You must answer the interrogatory to the fullest extent possible and state the reason or reasons why You are unable to completely answer the interrogatory.

3. If, in answering any of these interrogatories, You are not aware of exact dates, amounts, or other figures or facts, but You have information permitting You to make an approximate

or estimated answer, You must state each answer and indicate that it is an approximation or estimate because more precise information is not known or available to You.

4. In lieu of describing a Document, You may attach to Your answers a true and correct copy of a Document or Documents, provided that each Document is appropriately marked to identify the interrogatory to which the Document is responsive. If the Document or Documents You attach is only a part of the information requested, You must provide the remaining information in writing in response to the applicable interrogatory. If any Document identified is no longer in Your possession, custody, or control, or is no longer in existence, state whether it is: (a) lost or missing; (b) destroyed; (c) transferred voluntarily or involuntarily to others and, if so, to whom; or (d) otherwise disposed. In each instance, explain the circumstances surrounding and the authorization for each disposition, and state the approximate date thereof.

5. If a Document or response is being provided on behalf of more than one Plaintiff, such Document or response must state as much.

6. If You claim that a Communication or Document is protected from production by the attorney-client privilege, the work product doctrine, or any other privilege or protection, You must supply at the time of responding to these interrogatories a schedule that specifically identifies: (a) each such Document or Communication by date; (b) author(s); (c) the person(s) to whom the Document or Communication was directed; (d) the nature of the Document or Communication (*e.g.*, letter memorandum); (e) subject matter, title, and number of pages; and (f) the basis for withholding the Document or Communication.

7. If You learn that any of Your responses to these interrogatories were incomplete or incorrect, You must promptly amend or supplement the incomplete/incorrect responses.

8. All interrogatories herein are continuing in nature, and any subsequently discovered or additional information responsive to these interrogatories shall be supplied to Charter immediately upon Your learning such information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all copyrighted works that You claim that Charter's subscribers, account holders, or customers have infringed and for which You seek relief in this litigation.

**INTERROGATORY NO. 2:**

For each work identified in response to Interrogatory No. 1, state on an annual basis for each of the past ten (10) years Your gross and net revenue generated by each work organized by medium and how such gross and net revenue was calculated.

**INTERROGATORY NO. 3:**

Identify the entities that have prepared and/or sent copyright infringement notices to Charter regarding the Copyright Works upon which You will rely in this litigation, including the "representatives" and "others" referenced in paragraph 2 of Your Complaint.

**INTERROGATORY NO. 4:**

Identify all of the entities that have performed a technical or qualitative analysis of any entity, procedure, or system utilized to generate the copyright infringement notices upon which You will rely in this litigation, including notices generated by the MarkMonitor system.

**INTERROGATORY NO. 5:**

Identify all of the ISPs with which You, either directly or indirectly, have communicated regarding the CAS, any agreements related to the CAS, and the processing of copyright infringement notices by ISPs.

**INTERROGATORY NO. 6:**

State the amount of damages You believe that You are entitled to recover in this litigation, and all factual and legal bases for Your calculation.

**INTERROGATORY NO. 7:**

Describe in detail Your practice and policy regarding monitoring and/or sending notices of copyright infringement to ISP customers, including without limitation the procedures employed by MarkMonitor or any other notice program at issue in this case.

**INTERROGATORY NO. 8:**

Identify any method, system, practice, policy, or procedure by which You, including any agent acting on your behalf, at any time, distinguished between Residential ISP Customers and Non-Residential ISP Customers, including whether it has changed over time.

**INTERROGATORY NO. 9:**

Identify each Charter customer that You, the RIAA, or MarkMonitor learned was a Non-Residential ISP Customer.

**INTERROGATORY NO. 10:**

For each registered work-in-suit that is a compilation (e.g., an album) and which You allege has been infringed, state whether You intend to seek statutory damages once for the registered collective work (or compilation), or for each song or title that is a part of the registered collective work or compilation.

**INTERROGATORY NO. 3:**

Explain all of the factual bases known to You to date and upon which You intend to rely for any allegation that Charter is or is not entitled to the Safe Harbor under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

**INTERROGATORY NO. 12:**

Identify any and all persons with information that is referred to, relates to, supports, or refutes the allegations of the Complaint, and state with specificity the knowledge of each such person.

Dated: June 25, 2019

Respectfully submitted,

By: */s/ Seth E. Spitzer*

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Phone: 303.830.2400
Fax: 303.830.1033
E-mail: cjoyce@fwlaw.com
E-mail: jtanner@fwlaw.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
Stacey Foltz Stark
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com
E-mail: sfstark@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

*Counsel for Defendant*
*Charter Communications, Inc.*

# CERTIFICATE OF SERVICE
## United States District Court for the District of Colorado

**Case No.** 19-cv-00874-RBJ

I am a resident of the State of New York, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn, LLP, 200 Park Avenue, New York, New York 10166-4193. On June 25, 2019, I served a copy of the following document:

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S**
**FIRST SET OF INTERROGATORIES**

☐ by placing a copy of the document listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, CA addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☒ by electronically transmitting a copy of the document listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order. No error messages were received after said transmissions.

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com;
bleoni@lewisbess.com

Mitchell A. Kamin
Neema T. Sahni
Rebecca Van Tassell
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500 Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com; nsahni@cov.com; rvantassell@cov.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com; scott@oandzlaw.com; jeff@oandzlaw.com;  kerry@oandzlaw.com

Jonathan M. Sperling
Jacqueline C. Charlesworth
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com; jcharlesworth@cov.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed:  _/s/ Seth E. Spitzer_
             Seth E. Spitzer

Dated:   June 25, 2019