# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00874-MSK-MEH

**WARNER RECORDS INC., et al.**

    Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.**

    Defendant.

## PLAINTIFFS' RULE 26(a)(1) DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs Warner Records Inc. (f/k/a Warner Bros. Records Inc.), Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., WEA International Inc., Warner Chappell Music, Inc. (f/k/a Warner/Chappell Music, Inc.), Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., and Intersong U.S.A., Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, and Zomba Recordings LLC, and Plaintiffs Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Entertainment World Inc. d/b/a EMI Foray Music, EMI Jemaxal Music Inc., EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., and Stone Diamond Music Corp., UMG

Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Island Music Limited, PolyGram Publishing, Inc., and Songs of Universal, Inc. (collectively, "Plaintiffs"), make the following disclosures to Defendant Charter Communications, Inc. ("Defendant" or "Charter").

## INTRODUCTION

1. These Disclosures are made upon information presently known to Plaintiffs and without prejudice to Plaintiffs' right to produce during discovery or trial, additional data, information, documents or things that are: (1) subsequently discovered; (ii) subsequently determined to be relevant to the parties' claims and defenses; or (iii) subsequently determined to have been omitted from this or any supplemental or amended disclosure statement.

2. Plaintiffs also expressly reserve all objections to the use of these Disclosures or any of the information or documents found or referenced herein for any purpose in this case or any other proceeding. By referring to individuals or documents in the initial disclosure process, Plaintiffs make no representations regarding the relevance of any particular information they may possess. In addition, by identifying individuals and documents as part of the initial disclosure process, Plaintiffs do not waive their right to object to any future discovery requests in this case on any basis.

3. Plaintiffs reserve the right to supplement or amend these Disclosures at any time pursuant to Federal Rule of Civil Procedure 26, this Court's local rules, and any applicable standing orders and practices.

# DISCLOSURES

## I.     Disclosures Pursuant to Rule 26(a)(1)(A)(i)

*The name and, if known, the address of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

| NAME(S) | ADDRESS | SUBJECT(S) |
|---|---|---|
| Jonathan Glass, Senior Vice President, Digital Legal Affairs, Warner Music Group | May be reached through counsel for Plaintiffs | The creation, production, distribution, and exploitation of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |
| Steven Poltorak, Vice President, Recorded Music Rights Administration, Warner Music Group | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works. |
| Matt Flott, Chief Financial Officer, Recorded Music, Warner Music Group | May be reached through counsel for Plaintiffs | The financial harm caused by infringement of Plaintiffs' copyrighted works. |
| Dong Il Jang, Vice President, Content Protection, Global Digital Business, Sony Music Entertainment | May be reached through counsel for Plaintiffs | The need and efforts to deter illegal downloading of music. |
| Jeff Walker, Executive Vice President and Head, Business & Legal Affairs, Global Digital Business, Sony Music Entertainment | May be reached through counsel for Plaintiffs | The creation, production, licensing, distribution, and exploitation Plaintiffs' copyrighted works and the harm caused by infringement. |

3

| NAME(S) | ADDRESS | SUBJECT(S) |
|---|---|---|
| Wade Leak, Senior Vice President, Deputy General Counsel and Chief Compliance, Ethics and Privacy Officer, Sony Music Entertainment | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works; the need and efforts to deter illegal downloading of music. |
| Neil Carfora, Executive Vice President, Finance and Operations, Sony Music Entertainment | May be reached through counsel for Plaintiffs | The financial harm caused by infringement of Plaintiffs' copyrighted works. |
| Alasdair McMullan, Senior Vice President, Head of Litigation, Business and Legal Affairs, Universal Music Group | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |
| Jason Gallien, Chief Financial Officer – North America, Universal Music Group | May be reached through counsel for Plaintiffs | The financial harm caused by infringement of Plaintiffs' copyrighted works. |
| Michael Abitbol, Senior Vice President, Business & Legal Affairs, Digital, Sony/ATV Music Publishing | May be reached through counsel for Plaintiffs | The creation, licensing, distribution, and exploitation of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |
| Audrey Ashby, Vice President, Business Affairs at Sony/ATV Music Publishing | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works. |

| NAME(S) | ADDRESS | SUBJECT(S) |
|---|---|---|
| Paul Kahn, Executive Vice President, Chief Financial Officer, Warner Chappell Music, Inc. | May be reached through counsel for Plaintiffs | The music publishing industry, including the creation, licensing, distribution, and exploitation of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |
| Jeremy Blietz, Vice President, Administration, Warner Chappell Music, Inc. | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works. |
| David Kokakis, Chief Counsel, UMPG | May be reached through counsel for Plaintiffs | The music publishing industry, including the creation, licensing, distribution, and exploitation of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |
| Andy Swan, Vice President, Business & Legal Affairs, Contract Administration, UMPG | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works. |
| MarkMonitor | Andrew D. Castricone Gordon Rees Scully Mansukhani 275 Battery Street, Suite 2000 San Francisco, CA 94111 | MarkMonitor's observation of infringements by Cox subscribers; infringement of Plaintiffs' copyrighted works by Cox subscribers; notices of copyright infringement sent to Cox. |
| Recording Industry Association of America | May be reached through counsel for Plaintiffs | Management of the MarkMonitor notice program. |

The chart at Appendix 1 identifies which Plaintiffs correlate to which Record Company

5

Plaintiff group or Music Publisher Plaintiff group. The witness disclosures above apply to all individual Plaintiffs within each respective group. For example, the witnesses disclosed above for Sony Music Entertainment apply to the eight (8) individual record company plaintiffs associated with Sony Music Entertainment in Appendix 1.

Plaintiffs reserve the right to rely on any persons or entities identified in Defendants' Initial Disclosures (and any supplements or amendments thereto); any persons or entities identified in any party's discovery responses; and any person or entity deposed in this action. Plaintiffs reserve the right to supplement or amend this identification of persons or entities based on information obtained during discovery and/or through their ongoing investigation into the matters relevant to this action.

## II.   Disclosures Pursuant to Rule 26(a)(1)(A)(ii)

*A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

The following categories of documents may be used by Plaintiffs to support their claims:

- Copyright registrations of Plaintiffs' sound recordings and musical compositions and/or other documents showing ownership and/or control of those copyrighted works;

- Documents concerning the infringement of Plaintiffs' copyrighted works by Charter's Subscribers or Users;

- Documents concerning Charter's knowledge of infringement of Plaintiffs' copyrighted works by its Subscribers or Users;

- Documents concerning Charter's financial benefit as a result of infringement of Plaintiffs' copyrighted works by its Subscribers or Users, including but not limited to documents to be produced by Charter relating to its financials;

- Documents to be produced by Charter concerning its policies, procedures, and practices relating to copyright infringement by its Subscribers or Users.

Plaintiffs reserve the right to supplement this list of categories of documents based on

6

information obtained during discovery and/or through their ongoing investigation into the matters relevant to this action.

### III. Disclosures Pursuant to Rule 26(a)(1)(A)(iii)

*A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.*

Plaintiffs are entitled to an award of damages provided by the statutory law applicable to any violation of their rights. A more detailed computation of damages is premature at this point, because a significant amount of information bearing on the subject of damages—such as the extent of Defendant's infringements, the willfulness of the infringements, the financial benefits and profits received by Defendant in connection with the infringements, and the value of Plaintiffs' recordings and musical compositions at issue—is in the possession, custody, or control of Defendant or will otherwise be developed during the discovery process. The Advisory Committee that drafted the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(C) acknowledged that initial disclosures regarding damages may not be feasible in certain cases such as this. *See* Fed. R. Civ. P. 26 Advisory Committee's Notes, 1993 Amendments ("Likewise, a party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person."). Plaintiffs reserve the right to supplement or amend these damage disclosures based on information obtained during discovery and/or through their ongoing investigation into the matters relevant to this action.

### IV. Disclosures Pursuant to Rule 26(a)(1)(A)(iv)

*For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Plaintiffs are unaware of any such agreement(s) at this time.

**APPENDIX I**

| Record Company Plaintiffs | Individual Plaintiffs |
|---|---|
| Warner Music Group | 1. Warner Records Inc. (f/k/a Warner Bros. Records Inc.)<br>2. Atlantic Recording Corporation<br>3. Bad Boy Records LLC<br>4. Elektra Entertainment Group Inc.<br>5. Fueled by Ramen LLC<br>6. Nonesuch Records Inc.<br>7. Roadrunner Records, Inc.<br>8. WEA International Inc. |
| Sony Music Entertainment | 1. Sony Music Entertainment<br>2. Arista Music<br>3. Arista Records LLC<br>4. LaFace Records LLC<br>5. Provident Label Group, LLC<br>6. Sony Music Entertainment US Latin<br>7. Volcano Entertainment III, LLC<br>8. Zomba Recordings LLC |
| Universal Music Group | 1. UMG Recordings, Inc.<br>2. Capitol Records, LLC |

| Music Publisher Plaintiffs | Individual Plaintiffs |
|---|---|
| Warner Chappell Music | 1. Warner Chappell Music, Inc. (f/k/a Warner/Chappell Music, Inc.)<br>2. Warner-Tamerlane Publishing Corp.<br>3. WB Music Corp.<br>4. W.B.M. Music Corp.<br>5. Unichappell Music Inc.<br>6. Rightsong Music Inc.<br>7. Cotillion Music, Inc.<br>8. Intersong U.S.A., Inc. |
| Sony/ATV Music Publishing | 1. Sony/ATV Music Publishing LLC<br>2. EMI Al Gallico Music Corp.<br>3. EMI Algee Music Corp.<br>4. EMI April Music Inc.<br>5. EMI Blackwood Music Inc.<br>6. Colgems-EMI Music Inc.<br>7. EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music<br>8. EMI Consortium Songs, Inc. d/b/a EMI Foray Music<br>9. EMI Jemaxal Music Inc.<br>10. EMI Feist Catalog Inc.<br>11. EMI Miller Catalog Inc.<br>12. EMI Mills Music, Inc. |

8

|  | 13. EMI Unart Catalog, Inc.<br>14. EMI U Catalog, Inc.<br>15. Jobete Music Co. Inc.<br>16. Screen Gems-EMI Music Inc.<br>17. Stone Diamond Music Corp. |
|---|---|
| Universal Music Publishing Group | 1. Universal Music Corp.<br>2. Universal Music – MGB NA LLC<br>3. Universal Music Publishing Inc.<br>4. Universal Music Publishing AB<br>5. Universal Music Publishing Limited<br>6. Universal Music Publishing MGB Limited<br>7. Universal Music – Z Tunes LLC<br>8. Island Music Limited<br>9. Polygram Publishing, Inc.<br>10. Songs of Universal, Inc. |

June 6, 2019

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin
Neema T. Sahni
Rebecca G. Van Tassell
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
rvantassell@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jcharlesworth@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400

9

Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

10

**CERTIFICATE OF SERVICE**

I certify that on June 6, 2019, a true and correct copy of the foregoing was served on counsel for the parties of record.

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin