# EXHIBIT 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3723 VAP (JEMx) | Date | March 29, 2019 |
|---|---|---|---|
| Title | BMG Rights Management (US) LLC v. Global Eagle Entertainment Inc., et al. | | |

Present: The Honorable   John E. McDermott, United States Magistrate Judge

S. Lorenzo
Deputy Clerk

Court Reporter / Recorder

Attorneys Present for Plaintiffs:

Attorneys Present for Defendants:

**Proceedings:**   **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFF AND JOINT STATUS REPORT (Docket Nos. 45 and 55)**

The Court has reviewed the parties' Joint Status Report regarding Defendants' Motion to Compel Discovery from Plaintiff ("Motion"). (Dkt. 55.) The Court appreciates the progress the parties have made in resolving some of the disputed discovery issues that are the subject of Defendants' Motion. (Dkt 45.)

As to the remaining three issues in dispute, the Court ORDERS as follows:

1. <u>Request Nos. 32, 22 and 38</u>. Plaintiff BMG Rights Management (US) LLC ("BMG") must produce documents relating to BMG's licensing of the allegedly infringed works to third parties. The licensing documents are relevant to ownership and value. <u>See Religious Tech. Ctr. v. Netcom On-Line Commun. Servs.</u>, 923 F. Supp. 1231, 1241 (N.D. Cal. 1995). Thus, the documents satisfy the requirements of Fed. R. Civ. P. Rule 26(b)(1) which provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information within the scope of discovery "need not be admissible in evidence to be discoverable." <u>Id.</u>

2. <u>Request Nos. 2, 29 and Interrogatory No. 7</u>. The only issue regarding these discovery requests is timing of production. BMG must proceed <u>now</u> with production of responsive documents in its custody. control and possession responsive to Request Nos. 2 and 29, and also must supplement its response to Int. No. 7. It can supplement its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3723 VAP (JEMx) | Date | March 29, 2019 |
|---|---|---|---|
| Title | BMG Rights Management (US) LLC v. Global Eagle Entertainment Inc., et al. | | |

production and interrogatory response further in the event it identifies additional playlists.  The case must move forward.

     3.  <u>Req. Nos. 19, 20, 34, 35, 37, 40, 44 and Interrogatory No. 4</u>.  These requests seek documents and information on BMG's revenue, profits and financial analyses regarding the allegedly infringed works at issue.  Both parties cite cases to the effect that courts consider the factors of revenue and the value of the copyright in assessing damages.  <u>Apple, Inc. v. Psystar Corp.</u>, 673 F. Supp. 2d 926, 928 (N.D. Cal. 2009) (clarifying revenue lost by plaintiff, profits reaped by defendants); <u>Adams v. Agrusa</u>, 2016 WL 7665767*3 (C.D. Cal.)  Thus, the Court ORDERS that BMG must provide documents and responses regarding its revenues and the value of its allegedly infringed works but not its profits nor financial analyses which are not relevant and production would not be proportional to the needs of the case.

cc:  Parties

|  | : |
|---|---|
| Initials of Deputy Clerk | slo |