# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC., et al.,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

---

## PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE* OF COPYRIGHT LAW PROFESSORS

---

Plaintiffs Warner Records Inc., *et. al.* ("Plaintiffs") hereby oppose the motion for leave to file an *amicus* brief filed by a group of law professors (the "Proposed *Amici*") in this action on November 11, 2019.  Dkt. 83.  The Proposed *Amici* write in support of Defendant Charter Communications, Inc.'s Objection to the Recommendation by Magistrate Judge to Deny Charter's Motion to Dismiss Plaintiff's Claim for Vicarious Liability (Dkt. 82-1) (the "Objection"), arguing that "[u]nder the relaxed pleading standard adopted by the Recommendation, it would be difficult or impossible for any ISP accused of vicarious infringement to have the claims dismissed at the 12(b)(6) stage."  Dkt. 83-1 at 7.  In making these arguments, however, the Proposed *Amici* repeat arguments that Charter's counsel is both capable of making and has already made; improperly advocate for Charter's position, effectively serving as an "end run" around this Court's page limitations; and address a topic about which the

Proposed *Amici*'s signatories are not experts—federal pleading standards.  The Court should not permit this *amicus* appearance.

## ARGUMENT

"An *amicus curiae*'s purpose is to submit briefing that will assist the court, **_but not duplicate or advocate for a party in the suit_**."  *Ctr. for Biological Diversity v. Jewell*, No. 16-CV-01932-MSK-STV, 2017 WL 4334071, at *1 (D. Colo. May 16, 2017) (citing *Newark Branch, N.A.A.C.P. v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991)) (emphasis added).  Courts permit *amicus* appearances at their discretion, and when determining whether or not to grant leave, courts consider the following factors:

> (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

*Medina v. Catholic Health Initiatives*, No. 13-CV-01249-REB(KLM), 2015 WL 13683647, at *1 (D. Colo. Oct. 7, 2015).  Accordingly, courts generally give leave to file an *amicus* brief "when a party is not represented competently or is not represented at all . . . or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide."  *Id.* (quoting *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997)).  "Otherwise, leave to file an amicus brief should be denied."  *Id*.

In this case, each of the *Medina* factors weighs against permitting an *amicus* appearance, and therefore the motion for leave should be denied.

**A.     The Proposed *Amici* Are Not Disinterested, and Plaintiffs Oppose Their Submission.**

The first and second *Medina* factors—the Proposed *Amici*'s disinterestedness and whether there is opposition to the submission—do not support permitting this *amicus* appearance.  First, Plaintiffs oppose the entry of the *amicus*.  Second, there is basis to doubt Proposed *Amici's* disinterestedness.  For example, one of the Proposed *Amici* is the Chairperson of the Board of the Electronic Frontier Foundation ("EFF"), a nonprofit digital rights group that often advocates against the interests of copyright owners.  At a minimum, the Proposed *Amici* should be required to disclose any employment, consultancy, or other relationships with defendants and other parties (including, *e.g.*, other ISPs and similar technology companies, industry organizations, trade associations) that may have interests in the outcome of this action, which could affect the disinterestedness of the Proposed *Amici*.  *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993). ("When the party seeking to appear as amicus curiae is perceived to be an interested party or an advocate of one of the parties to the litigation, leave to appear as amicus curiae should be denied.").

**B.     Charter Is Capable of Making—and Does Make—the Arguments Advanced in the Proposed *Amici*'s Brief.**

The third *Medina* factor also counsels against leave because this case involves sophisticated parties who are represented by counsel fully capable of raising the necessary arguments in this case.  And, importantly, in light of the stakes in this matter, the parties are also highly incentivized to do so.  In this way, this case is directly analogous to *Capitol Records, LLC v. Redigi Inc.*, No. 12-CV-0095-RS (S.D.N.Y), a copyright case in which the court denied numerous *amicus* briefs, including one, like the proposed submission in this case, purporting to

underscore the "far-reaching effects of this case on the development of digital technology and the use of that technology by the public." *See Capitol Records, LLC v. Redigi Inc.*, No. 12-CV-0095-RS, Dkt. 70 at 1 (S.D.N.Y July 30, 2012). The court there found the *amicus* brief unnecessary, and therefore inappropriate, because "the parties are fully capable of raising these arguments themselves—and have every incentive to do just that." *Id.*; *see also Medina*, 2015 WL 13683647, at *1 (denying an amicus appearance because the parties were adequately represented by counsel). The same is true here.

Indeed, Charter's ability to raise the arguments identified by the Proposed *Amici* is undeniable because *Charter has already raised them*. For example, the Proposed *Amici* move to argue that "[u]nder the relaxed pleading standard adopted by the Recommendation, it would be difficult or impossible for any ISP accused of vicarious infringement to have the claims dismissed at the 12(b)(6) stage." Dkt. 83-1 at 7. On the very first page of its Objection, however, Charter argues that "the Recommendation threatens to open the floodgates for massive liability against ISPs for merely advertising and making available high speed internet to the general public." Dkt. 82-1 at 1. The unquestionable parallels in the Proposed *Amici*'s argument and Charter's argument underscore that defense counsel does not require the assistance of the Proposed *Amici*.[1] To the contrary, the only assistance provided by the proposed *amicus* brief is

---

[1] Examples of overlap abound. For example, both submissions contend that Charter is shielded from liability because of the "vast array" of uses and services its Internet provides. *Compare* Dkt. 82-1, at 10 ("[T]he vast array of uses and services available to Charter's customers through its high speed internet offerings likewise renders any 'draw' from infringement 'relatively insignifiant.'") *with* Dkt. 83-1, at 4 ("There is no plausible basis to believe that 'the value of [Charter's] service likes in providing access to infringing material,' rather than in providing access to the Internet's vast array of information, platforms, communications, tools, services, functionalities, and more than all subscribers value in varying degrees and for varying reasons."). Similarly, both submissions seek to paint Plaintiffs'

to functionally help Charter circumvent this Court's page limits and reargue the same points.  *See*

*Voices for Choice v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (*amicus* briefs should

not be used "to make an end run around court-imposed limitations on the length of parties'

briefs").  Accordingly here, where the *amicus* brief explicitly lacks "insights not available from

the parties," the motion for leave should be denied.  *Lehman XS Tr., Series 2006-GP2 v.*

*Greenpoint Mortg. Funding, Inc.*, No. 12-CV-7935-ALC, 2014 WL 265784, at *2 (S.D.N.Y. Jan.

23, 2014).

> **C.      The Proposed *Amici*'s Brief Misconstrues the Law and Plaintiffs' Allegations.**

  The fourth *Medina* factor—the strength of the information and argument presented—

similarly counsels against leave because the arguments raised by the Proposed *Amici* do not

provide any expert guidance on the issues currently before the Court.  Critically, most of the

arguments raised by the Proposed *Amici* pertain *not* to copyright law—the asserted expertise of

the *amicus* brief's signatories—but to the appropriate pleading standard under Federal Rule of

Civil Procedure 12(b)(6).  Copyright professors are not professors of civil procedure, they do not

study the intricacies of federal pleading standards, and they offer no specialized insight into the

implications of *Twombly*, *Iqbal*, and the like.  Accordingly, the Proposed *Amici* offer only a

weak and redundant opinion on a subject about which the Court and the parties are well-versed.

*See Am. Bird Conservancy v. Harvey*, 232 F. Supp. 3d 292, 299 (E.D.N.Y. 2017) (denying an

amicus brief in support of a 12(b)(6) motion because the proposed *amici*, a special interest group,

---

allegations as "conclusory" and insufficient.  *Compare* Dkt. 82-1, at 11 (characterizing Plaintiffs'
allegations as "entirely conclusory and speculative") *with* Dkt. 83-1, at 6 (characterizing
Plaintiffs' allegations as "threadbare recitals" supported "by mere conclusory statements").
Tellingly, the Proposed *Amici* cite only one case that is not already cited in Charter's Objection.

offered no expertise on procedural issues and "what remain[ed was] a straightforward appeal to the familiar pleading standards announced in *Twombly* and *Iqbal*, which the parties' counsel are more than capable of presenting to the Court without [the amici's] help").

The substance of the Proposed *Amici*'s brief further demonstrates the weakness of their arguments. As a preliminary matter, the Proposed *Amici* appear to misunderstand the procedural posture of this case. In *Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004), *Perfect 10, Inc. v. Giganews Inc.*, 847 F.3d 657 (9th Cir. 2017), and *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958 (E.D. Va. 2016)—all cases relied upon by the Proposed *Amici* and discussed by Charter in its Objection to the Magistrate Judge's Recommendation—the courts did *not* dismiss vicarious liability claims at the *pleading* stage. To the contrary, the *Ellison* and *Perfect 10* courts affirmed grants of *summary judgment* with respect to the respective plaintiffs' vicarious copyright infringement claims only after those plaintiffs failed to adduce *evidence* in discovery that showed that users were drawn to the defendants' respective services because of the availability of infringing content. *See Ellison*, 357 F.3d at 1079 ("We note that there is no evidence that indicates that AOL customers either subscribed because of the available infringing material or canceled subscriptions because it was no longer available."); *Giganews*, 847 F.3d at 674 ("[Plaintiff] Perfect 10 does not proffer evidence showing that [Defendant] Giganews attracted subscriptions because of the infringing Perfect 10 material."). Going a step further, the Court in *Cox* permitted the vicarious liability claims to proceed to *trial* because, at the summary judgment phase, there was sufficient evidence of the defendant's direct financial benefit to present a triable question of fact. *See BMG Rights Mgmt. (US) LLC v. Cox Commcn's, Inc.*, 149 F. Supp. 3d 634, 676 (E.D. Va. 2015) (holding that based on evidence adduced in

discovery, "[a] reasonable trier of fact could conclude that some percentage of Cox customers

were drawn to Cox's internet service at least in part to download music, including BMG's

copyrighted works, using BitTorrent"). Plaintiffs should be afforded the same right of discovery

that these plaintiffs had, and the Proposed *Amici*'s misstatement of the standards applicable at

this stage of the case demonstrates why their perspective will not be useful to the Court.[2]

The Proposed *Amici*'s arguments regarding "practical" concerns are similarly weak. The

Proposed *Amici* argue that they offer the Court a more "historical" and "comprehensive lens on

the issues than the parties do." Dkt. 83 at 3. Yet they fail to discuss any historical events,

statistics, data, or studies regarding ISPs, BitTorrent, or copyright infringement in the Internet

era to support such a claim. Instead, they merely echo Charter's speculation on potential future

consequences if Plaintiffs' vicarious liability claim proceeds. *See, e.g.*, Dkt. 83-1 at 7- 9

(speculating on what ISPs "could be" required to do should Plaintiffs' claim proceeds). This

underscores the weakness of the Proposed *Amici*'s legal and "practical" arguments.

> **D.     The Proposed Amici's Brief Is Duplicative of Charter's Objection and
> Therefore Not Useful.**

Fifth and finally, the unquestionable overlap in the arguments raised by Charter and the

Proposed *Amici*, and the fact that the Proposed *Amici* address legal doctrine outside the expertise

of the signatories, illustrate the marginal utility that the Proposed *Amici* would provide the Court.

On balance, the Proposed *Amici* fail to serve the "limited purposes for which an amicus curiae

---

[2]      The Proposed *Amici* misleadingly cite *Cox* for the proposition that "the fact that 'a certain
percentage of its subscribers use peer-to-peer software to acquire music'" and the fact that an
ISP's advertisements "promote[] fast download speeds" do not establish a direct financial
benefit. (Dkt. 83-1, at 5 n.2.) The *Amici* omit that these statements were made in the context of
a motion for judgment notwithstanding verdict, which is a radically different standard than the
one that applies at the pleading stage. *See Cox*, 199 F. Supp. 3d at 992.

might be useful," *Lehman XS*, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014), and therefore the motion for leave should be denied, *see WildEarth Guardians v. Lane*, No. 12-CV-118-LFG-KBM, 2012 WL 10028647, at *4 (D.N.M. June 20, 2012) (denying leave to file *amicus* brief where the "proposed amicus brief [did] not bring novel or unique information to the table regarding the pertinent legal and factual issues").

## CONCLUSION

For the foregoing reasons, the Court should deny the Proposed *Amici*'s motion for leave to file an *amicus* brief.

Dated: November 15, 2019

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
Mark Chen (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
mychen@cov.com

Jonathan M. Sperling (*pro hac vice*)
William O'Neil (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneil@cov.com

Megan M. O'Neill (*pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

Janette L. Fergus, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAM & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP

4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 15th day of November, 2019, a true and correct copy of the foregoing *Plaintiffs' Opposition to Motion for Leave to File Brief* Amici Curiae *of Copyright Law Professors* was served electronically via CM/ECF on the following:

Craig D. Joyce
Jack M. Tanner
FAIRFIELD & WOODS, P.C.
1801 California St., Ste. 2600
Denver, CO 80202

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
Stacey Foltz Stark
WINSTON & STRAWN LLP
200 Park Ave.
New York, NY 10166

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California St.
San Francisco, CA 94111

Erin R. Ranahan
Shilpa A. Coorg
WINSTON & STRAWN LLP
333 South Grand Ave.
Los Angeles, CA 90071

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin