# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

---

## DECLARATION OF NEEMA T. SAHNI IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT CHARTER COMMUNICATION INC.'S OBJECTIONS TO MAGISTRATE JUDGE HEGARTY'S OCTOBER 29, 2019 DISCOVERY ORDER

---

I, Neema T. Sahni, hereby declare and state as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner of the law firm Covington & Burling LLP, attorneys of record for Plaintiffs. I submit this declaration in support of Plaintiffs' Response to Defendant Charter Communication Inc.'s Objections to Magistrate Judge Hegarty's October 29, 2019 Discovery Order. I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of Defendant Charter Communication Inc.'s ("Charter's") First Set of Interrogatories, served on Plaintiffs on June 25, 2019.

3. Attached hereto as **Exhibit B** is a true and correct copy of Charter's First Set of Requests for Production ("RFPs"), served on Plaintiffs on June 25, 2019.

4. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiffs' Objections and Responses to Charter's First Set of Interrogatories, dated July 25, 2019.

5. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiffs' Objections and Responses to Charter's First Set of Requests for Production, dated July 25, 2019.

6. On September 18, 2019, Plaintiffs sent Charter a letter further explaining Plaintiffs' position on several of Charter's discovery requests, including those related to financial information and the Copyright Alert System ("CAS"). In that letter, Plaintiffs detailed the bases for their relevance and burden objections as to these requests.

7. The next day, on September 19, 2019, the parties met and conferred in person regarding Plaintiffs' responses to Charter's discovery requests. During and after the meet and confer, Plaintiffs stated their agreement to produce company financial records. However, Plaintiffs objected to providing the level of track-by-track financial detail sought by Charter. Plaintiffs also objected that Charter's overly broad CAS-related requests, including for "[a]ll documents concerning CAS," were inappropriate.

8. On October 22, 2019, the parties met and conferred once again, but they were unable to resolve their differences.

9. Attached hereto as **Exhibit E** is a true and correct copy of the official transcript of the discovery conference held before Magistrate Judge Michael Hegarty on October 29, 2019.

10. On October 30, 2019, Charter sent Plaintiffs an email asking Plaintiffs to produce the CAS implementation agreements, despite Magistrate Judge Hegarty's recent order that Plaintiffs were not required to produce documents related to CAS.

11. Plaintiffs responded to Charter's email later that day. Plaintiffs confirmed that, consistent with Magistrate Judge Hegarty's order, Plaintiffs would not produce documents related to CAS, except for the CAS Memorandum of Understanding, which, as Plaintiffs' counsel had explained at the discovery conference, is publicly available.

12. On November 6, 2019, Charter sent a letter to Magistrate Judge Hegarty. In the letter, Charter improperly asked Magistrate Judge Hegarty to reconsider his ruling on documents related to CAS and to order Plaintiffs to produce the CAS implementation agreements, through which the CAS parties documented their agreement to participate in CAS.

13. On November 11, 2019, Plaintiffs sent Judge Hegarty a letter in response, opposing the request for reconsideration contained in Charter's November 6, 2019 letter. Plaintiffs explained that this request was procedurally improper and that, in any case, it failed for the reasons explained at the discovery conference. Plaintiffs also noted that Charter's descriptions of the implementation agreements in its letter violated the Stipulated Protective Order entered in similar litigation brought by some of the Plaintiffs against a different internet service provider, S*ony Music Entm't, et al. v. Cox Commc'ns Inc., et al.*, Case No. 1:18-cv-00950-LO-JFA (E.D. Va.) (the "*Cox*" case), because those agreements had been designated as Highly Confidential.

14. Magistrate Judge Hegarty has not yet issued a ruling in response to Charter's November 6, 2019 letter, or Plaintiffs' November 11, 2019 response thereto.

15. Attached hereto as **Exhibit F** is a true and correct copy of the official transcript of a discovery hearing, held on January 25, 2019, in the *Cox* case.

16. Attached hereto as **Exhibit G** is a true and correct copy of a protective Order, dated December 17, 2018, in the *Cox* case, which provided that confidential discovery information "shall

be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof."

17. Attached hereto as **Exhibit H** is a true and correct copy of an Order entered on April 12, 2010 pertaining to a discovery request in another copyright infringement litigation, *Capitol Records Inc. v. MP3Tunes*, No. 07 Civ. 9931 (WHP), Dkt. 168 (S.D.N.Y. Apr. 12, 2010).

18. Attached hereto as **Exhibit I** is a true and correct copy of an Order, dated November 19, 2019, in the *Cox* case, which ruled on numerous motions *in limine* filed by the plaintiffs and defendant in that case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of November, 2019 in Los Angeles, California.

*/s/ Neema T. Sahni*
Neema. T Sahni