**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC., et al.,**

     Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

     Defendant.

---

**PLAINTIFFS' OPPOSITION TO CHARTER'S MOTION FOR LEAVE TO FILE A
REPLY BRIEF IN FURTHER SUPPORT OF ITS OBJECTION TO THE MAGISTRATE
JUDGE'S RECOMMENDATION TO DENY CHARTER'S MOTION TO DISMISS**

---

Unsatisfied with the exhaustive briefing that has already been submitted in connection with Magistrate Judge Hegarty's well-reasoned Recommendation to deny Charter's motion to dismiss, Charter now seeks leave to file a reply in further support of its Objection.  (*See* Dkt. No. 90.)[1]  Charter's request is improper.  Federal Rule of Civil Procedure 72 does not permit a party to file a reply in support of an objection absent "exceptional circumstances," and here, Charter's proposed reply merely restates arguments that it has already made.  Accordingly, Charter's motion for leave should be denied.

---

[1] In its motion for leave, Charter suggests that it has filed a "Motion for Summary Judgment" on Plaintiffs' vicarious infringement claim.  (*See* Dkt. No. 90, at 1.)  Charter has filed no such motion; the motion at issue was brought under Rule 12(b)(6) and the question is whether Plaintiffs have adequately pled their claim, not whether they have adduced at this early stage evidence sufficient to prevail as a matter of law.

## ARGUMENT

Federal Rule of Civil Procedure 72 "does not countenance a reply to a response to a party's objections." *Aurzadniczek v. Humana Health Plan, Inc.*, 2016 WL 1266972, at *1 n.2 (D. Colo. Apr. 1, 2016).  Instead, a reply may be filed only with leave of the Court, and even then, only in "exceptional circumstances." *Raymond v. Spirit AeroSystems Holdings, Inc.*, 2017 WL 3895012, at *8 (D. Kan. Sept. 6, 2017).  Here, Charter makes no attempt to show that "exceptional circumstances" exist, nor can it.  To the contrary, the relevant considerations counsel against permitting Charter to file yet another brief in support of its position.

*First*, the parties have extensively briefed the issues in dispute.  Charter has filed 36 pages of briefing on whether Plaintiffs have adequately pled a vicarious infringement claim, and Plaintiffs have filed 35 pages of briefing.  (*See* Dkt Nos. 38, 50, 56, 82-1, 87.)  "Responses and replies have to end somewhere, and under Rule 72(b) they end with each party's response to the other's objections." *Joseph v. Abrams*, 2015 U.S. Dist. LEXIS 140587, at *1 (D. Guam Oct. 13, 2015).

*Second*, Charter's proposed reply merely parrots arguments that it already has made.  For example, Charter claims that a reply brief is merited "in particular" so that it may "distinguish *Capitol Records, LLC v. Escape Media Grp.*," a case cited in Plaintiffs' response to Charter's Objection.  (Dkt. No. 90.)  But Plaintiffs first cited *Escape Media* in their opposition to Charter's motion to dismiss, (Dkt. No. 50, at 2, 7, 11, 13), *and Charter addressed the case in its reply to that opposition*, (Dkt. No. 56, at 1-2, 4).  There is no reason for Charter to file a *second* reply to

restate an argument it has already made.[2]  To the contrary, courts routinely deny leave to file

reply briefs on this basis.  *See Aurzadniczek*, 2016 WL 1266972, at *1 n.2 (declining to consider

reply that "restates . . . the same arguments and responses that have been stated [in previous

briefing]"); *see also Holick v. Burkhart*, 2018 WL 4052154, at *5 (D. Kan. Aug. 24, 2018)

(declining to consider reply that "largely reasserts the arguments in [party's] initial objection").[3]

## CONCLUSION

For all of these reasons, Charter's motion for leave should be denied.

---

[2] The duplication does not end with *Escape Media*.  In addition to "distinguish[ing]" that case, Charter's proposed reply goes on to address several other cases that the parties have already discussed.  (*See* Dkt. No. 90-1, at 2-4 (citing *Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004) and *A&M Records v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001)).)  Charter's proposed reply merely quotes the same passages from these cases that Charter quoted in its Objection.  (*Compare, e.g.*, *id.* at 4 *with* Dkt. No. 82-1, at 10.)

[3] To the extent that Charter's proposed reply does not completely duplicate prior briefing, its arguments are erroneous.  For example, Charter's proposed reply implies that the court dismissed the vicarious liability claim in *BMG Rights Management (US) LLC v. Cox Communications, Inc.* (*See* Dkt. No. 90-1, at n.1 (citing 149 F. Supp. 3d 634 (E.D. Va. 2015)).)  In reality, the *Cox* court permitted a vicarious infringement claim to proceed to trial because "[a] reasonable trier of fact could conclude that some percentage of Cox customers were drawn to Cox's internet service at least in part to download music, including BMG's copyrighted works, using BitTorrent."  *Cox*, 149 F. Supp. 3d at 676.

Dated: December 4, 2019

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin (*pro hac vice*)
Neema T. Sahni (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
mychen@cov.com

Jonathan M. Sperling (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneil@cov.com

Janette L. Fergus, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAM & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 4th day of December 2019, a true and correct copy of the foregoing *Plaintiffs' Opposition to Charter's Motion for Leave to File a Reply Brief in Further Support of Its Objection to the Magistrate Judge's Recommendation to Deny Charter's Motion to Dismiss* was served electronically via CM/ECF on the following:

Craig D. Joyce
Jack M. Tanner
FAIRFIELD & WOODS, P.C.
1801 California St., Ste. 2600
Denver, CO 80202

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
Stacey Foltz Stark
WINSTON & STRAWN LLP
200 Park Ave.
New York, NY 10166

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California St.
San Francisco, CA 94111

Erin R. Ranahan
Shilpa A. Coorg
WINSTON & STRAWN LLP
333 South Grand Ave.
Los Angeles, CA 90071

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin