**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WARNER BROS. RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Civil Action No. 19-cv-00874-RBJ-MEH

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S REPLY BRIEF IN SUPPORT OF ITS OBJECTION TO MAGISTRATE JUDGE HEGARTY'S OCTOBER 29, 2019 DISCOVERY ORDER**

---

Defendant Charter Communications, Inc. ("Charter"), by and through its attorneys Fairfield and Woods, P.C. and Winston & Strawn LLP, hereby submits its Reply Brief ("Reply") in support of its Objection to Magistrate Judge Hegarty's October 29, 2019 Discovery Order ("Objections") (Dkt. 84).

    **I.    Financial Discovery Is Key to Charter's Defenses**

Revenue information for the relevant time period, and agreements Plaintiffs have entered for streaming and downloading the works-in-suit during the 2013-2016 "Claim Period," are highly relevant to assessing the value of the works-in-suit. This discovery will enable Charter's investigation into any damages, and will help to inform any jury tasked with attempting to ascribe a "just" value for any damages. To the extent that this information will require Plaintiffs to incur some burden given that it should cover 11,482 works, that is because *Plaintiffs have sued with respect to 11,482 separate works and seek a separate award of statutory damages with respect to 11,482 works*. Plaintiffs are presumably intending to advocate for the highest available level of

1

statutory permitted, $150,000 per work, as opposed to the lowest that could be awarded--$750 per work.[1] Charter must be permitted to build its case to advocate that any statutory damages be assessed at the lower end of the spectrum. Plaintiffs cite to no law (because there is no law) that Plaintiffs should avoid basic discovery and procedure because they elected to bring their case about a substantial number of works. Plaintiffs have not advanced any arguments as to why the limited time period and limited number of works should be sufficient, when statutory damages are calculated on a per work basis.[2]

Plaintiffs have not articulated or provided a declaration from a single plaintiff about how burdensome such discovery would be. Plaintiffs have not explained why they do not keep work-by-work financial information in the normal course (even though they produced it when ordered to do so on a compressed discovery schedule in *Cox*). Indeed, Plaintiffs would be unlikely to face any disproportionate burden in producing the license agreements Charter seeks, as streaming and

---

[1] *See Sony Music Entm't. v. Cox Communications, Inc.*, No. 1:18-cv-950 Dkt. 93 at 19:13-17, 26:21-27:2, 32:6-13 (E.D. Va. Jan. 25, 2019) (in addressing Plaintiffs' counsel before ordering work-by-work revenue information, the *Cox* court stated: "**I need you to address why I shouldn't require the plaintiffs in this case, who decided to bring this case, decided to bring this case alleging 11,000 works with various different entities, you made that decision, and why they shouldn't be required to produce revenue by work by channel for a period of time**."; "I think, you know, that's certainly information that's relevant."). Ranahan Aff. Ex. 1.

[2] Plaintiffs object to producing any such information, and also argue that such motion is improper on procedural grounds, insisting that Charter has not limited the requests at issue. Opp, at 7-8. Not so. While Plaintiffs argue that Charter is moving on ten separate requests, Charter's objections are focused more narrowly to four requests, RFP Nos. 9, 17, 18 and 19. Plaintiffs have rejected producing information in response to any such requests beyond publicly available information, and Judge Hegarty declined to order any production of financial or damages information beyond what was already produced. While there is no record of the requests at issue or the contours of what each request was seeking, this is because Judge Hegarty did not permit the filing of Charter's requested formal motion to compel. Instead, Judge Hegarty ruled during the pre-filing conference, limiting any financial discovery to what was produced in *Cox*, which did not include these particular agreements, did not account for a substantial number of the works-in-suit, and only covered a portion of the Claim Period.

downloading rates would be expected to be valued under "umbrella" agreements setting forth a tiered pricing structure to deal with *all the works* between the parties—meaning that these agreements would only be at most, one per third party per contractual period.[3]

## II. CAS Discovery Is Central to Charter's Defense

The Copyright Alert System ("CAS") agreements set forth how Plaintiffs expected ISPs to process copyright notices directed at subscribers. They are highly relevant to what Plaintiffs themselves considered reasonable and appropriate with respect to copyright notices, the very issue at the heart of this case. Plaintiffs, nonetheless, refuse to provide any CAS discovery beyond the publicly available Memorandum of Understanding ("MOU"). The CAS implementation agreements, which set forth the specifics of how copyright claimants on the one hand (including Plaintiffs to this case) and each of the major ISP participants would handle copyright notices—and discussions during negotiations regarding what constitutes reasonable responses by ISPs—are not only relevant to liability, but also to credibility and alleged willfulness that may further serve the jury in deciding what is just in terms of any damages.

Plaintiffs have refused to provide these documents primarily on relevance grounds.[4] The court currently overseeing the *Cox* litigation recently agreed that documents relating to the CAS were both relevant and ***admissible***, a higher threshold than the standard for discoverability under Fed. R. Civ. P. 26(b). Indeed, on November 19, 2019, the court entered an Order denying the plaintiffs' motion *in limine* to exclude documents and information regarding the CAS, allowing

---

[3] There is also a distinction between what was accomplished in *Cox* on a compressed discovery schedule versus what can still be accomplished through rightful discovery here.

[4] Plaintiffs' arguments begin on the fifteenth page of their brief, when the individual practice standards dictate fifteen pages for opposition. See Hon. R. Brooke Jackson Indiv. R. of Prac. at 2.

evidence and testimony relating the CAS to be introduced at trial without restriction. Ranahan Aff., Ex. 2. As the trial in *Cox* is presently underway, the CAS has been featured not only in opening statements, but has come up at trial with respect to several different witnesses. *Id.,* Ex. 3. Judge Hegarty's ruling should not foreclose Charter's entire avenue of defense regarding the CAS against Plaintiffs' overreaching claims here. The documents should be at least discoverable in this case. Plaintiffs have articulated no burden in producing them here.[5] Plaintiffs' arguments as to burden with regard to these documents are likewise not supported by any evidence, and surely cannot be with respect to the implementation agreements that were already produced in *Cox* by the same counsel here.

      Respectfully submitted this 10th day of December, 2019.

| | |
|---|---|
| Craig D. Joyce<br>John M. Tanner<br>FAIRFIELD ANDWOODS, P.C.<br>1801 California Street, Suite 2600<br>Denver, Colorado 80202<br>Phone: 303.830.2400<br>Fax: 303.830.1033<br>E-mail: cjoyce@fwlaw.com<br>E-mail: jtanner@fwlaw.com<br><br>Jennifer A. Golinveaux<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, California 94111<br>Phone: 415.591.1000<br>E-mail: jgolinveaux@winston.com<br><br>*Counsel for Defendant*<br>*Charter Communications, Inc.* | By: /s/ *Erin R. Ranahan*<br>Erin R. Ranahan<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, California 90071<br>Phone: 213.615.1700<br>E-mail: eranahan@winston.com<br><br>Michael S. Elkin<br>Thomas Patrick Lane<br>Seth E. Spitzer<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, New York 10166-4193<br>Phone: 212.294.6700<br>E-mail: melkin@winston.com<br>E-mail: tlane@winston.com<br>E-mail: sspitzer@winston.com |

---

[5] Plaintiffs have argued that CAS discovery should not be allowed because the court in *BMG* excluded CAS information on a motion in limine. But *unlike here* and in the pending *Cox* matter, ***BMG did not involve any of the plaintiffs that were parties to the CAS***. Dkt, 84 at 19. And even there, the defendant was able to pursue discovery about plaintiffs' relationships with other ISPs.


CERTIFICATE OF SERVICE

I certify that on December 10, 2019, a true and correct copy of the foregoing was filed with the Court via CM/ECF which will send a notice of electronic filing to the parties of record.

| | |
|---|---|
| Matthew J. Oppenheim<br>Scott A. Zebrak<br>Jeffrey M. Gould<br>Kerry M. Mustico<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Tel: (202) 851-4526<br>E-mail: matt@oandzlaw.com<br>E-mail: scott@oandzlaw.com<br>E-mail: jeff@oandzlaw.com<br>E-mail: kerry@oandzlaw.com<br>*Attorneys for Plaintiffs* | Mitchell A. Kamin<br>Neema T. Sahni<br>Mark Y. Chen<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Tel: (424) 332-4800<br>E-mail: mkamin@cov.com<br>E-mail: nsahni@cov.com<br>E-mail: mychen@cov.com<br>*Attorneys for Plaintiffs* |
| Janette L. Ferguson<br>Benjamin M. Leoni<br>LEWIS BESS WILLIAMS & WEESE, P.C.<br>1801 California Street, Suite 3400<br>Denver, CO 80202<br>Tel: (303) 861-2828<br>E-mail: jferguson@lewisbess.com<br>E-mail: bleoni@lewisbess.com<br>*Attorneys for Plaintiffs* | Jonathan M. Sperling<br>William E. O'Neil<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Tel: (212) 841-1000<br>E-mail: jsperling@cov.com<br>E-mail: woneil@cov.com<br>*Attorneys for Plaintiffs* |
| | Megan M. O'Neill<br>COVINGTON & BURLING LLP<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Tel: (202) 662-5416<br>E-mail: moneill@cov.com<br>*Attorneys for Plaintiffs* |

*s/ Erin Ranahan*
Erin Ranahan