## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC., et al.,**

     Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

     Defendant.

---

### PLAINTIFFS' MOTION TO STRIKE DEFENDANT CHARTER COMMUNICATIONS, INC.'S REPLY BRIEF IN SUPPORT OF ITS OBJECTION TO MAGISTRATE JUDGE HEGARTY'S OCTOBER 29, 2019 DISCOVERY ORDER

---

Plaintiffs respectfully request that the Court disregard and strike the Reply Brief filed by Defendant Charter Communications, Inc. ("Charter") in further support of its Objection to Magistrate Judge Hegarty's October 29, 2019 Discovery Order and the supporting declaration filed therewith (Dkt. Nos. 94 and 94-1; the "Reply"). Replies are not permitted in support of objections to a Magistrate Judge's ruling absent leave of Court, and Charter neither sought nor obtained leave before filing its Reply. In Support of their Motion, Plaintiffs state as follows:

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.Colo.LCivR 7.1(a), counsel for Plaintiffs contacted counsel for Charter to confer in good faith regarding this motion and to request that Charter withdraw its improper Reply. On December 11, 2019, counsel for Charter notified Plaintiffs that Charter would not consent to the relief requested herein.

**ARGUMENT**

Federal Rule of Civil Procedure 72 "does not countenance a reply to a response to a party's objections" to a Magistrate Judge's ruling. *Aurzadniczek v. Humana Health Plan, Inc.*, 2016 WL 1266972, at *1 n.2 (D. Colo. Apr. 1, 2016). Instead, a reply may be filed only with leave of the Court, and even then, only in "exceptional circumstances." *Raymond v. Spirit AeroSystems Holdings, Inc.*, 2017 WL 3895012, at *8 (D. Kan. Sept. 6, 2017).

Here, Charter filed Objections to Magistrate Judge Hegarty's October 29, 2019 Discovery Order on November 12, 2019, and Plaintiffs filed their response two weeks later. Dkt. Nos. 84 & 89. That is all the briefing that is permitted—or even contemplated—by Rule 72.[1] *See Aurzadniczek*, 2016 WL 1266972, at *1 n.2; *see also A PDX Pro Co. v. Dish Network Serv.*, 2014 WL 1257148, at *2 (D. Colo. Mar. 27, 2014) (Jackson, J.) ("[t]he objections became ripe for review by this Court upon the filing of responses to the objections"). If Charter wished to

---

[1]    Although F.R.C.P. 72(a) does not explicitly address responses to objections to rulings on non-dispositive matters, the Advisory Committee Notes on Rule 72(a) specifically state that it "is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrates ruling[,]" consistent with the response procedure provided under F.R.C.P. 72(b). Multiple courts within this circuit therefore have held that responses to objections are permitted as a matter of right under Rule 72(a). *See Holick v. Burkhart*, 2018 WL 4052154, at *4 (D. Kan. Aug. 24, 2018) ("The drafters added that '[i]t is also contemplated that a party who is successful before the magistrate judge will be afforded an opportunity to respond to [the] objections.' Fed. R. Civ. P. 72, 1983 Advisory Committee Notes. But the drafters made no mention of a reply to the response."); *Heuser v. Wood*, 2000 WL 36739825, at *7 (D. N.M. June 6, 2000) ("As Plaintiff indicates, the comments to Federal Rule 72(a) state that 'It is also contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling.'"). Although one opinion in this district has stated that responses are not permitted as of right under Rule 72(a), *see Wanstall v. Armijo*, 2014 WL 4636457, at *1 n.1 (D. Colo. Sept. 16, 2014), other courts have criticized that view on the grounds that it "fail[s] to reference and/or otherwise acknowledge the Advisory Committee Note to Rule 72(a)." *Ealy v. Geo Grp., Inc.*, 2014 WL 4437636, at *3 (N.D. Fla. Sept. 5, 2014), *rev'd and remanded on other grounds*, 667 F. App'x 739 (11th Cir. 2016).

submit a further reply in support of its Objections, it needed to first confer with Plaintiffs, and

then seek leave from the Court to do so.  *See* D.C.Colo.LCivR 7.1(a).  Instead, Charter

unilaterally filed a proposed Reply, without any prior notice to Plaintiffs.  Because that Reply is

not permitted under any applicable rule or order of this Court (and does not even purport to claim

"exceptional circumstances"), Plaintiffs respectfully request that the Court disregard and strike

Charter's Reply and its supporting declaration (Dkt Nos. 94 and 94-1).


Dated:  December 12, 2019                         Respectfully submitted,

                                                 */s/Mitchell A. Kamin*
                                                 Mitchell A. Kamin (*pro hac vice*)
                                                 Neema T. Sahni (*pro hac vice*)
                                                 COVINGTON & BURLING LLP
                                                 1999 Avenue of the Stars, Suite 3500
                                                 Los Angeles, CA 90067-4643
                                                 Telephone: (424) 332-4800
                                                 mkamin@cov.com
                                                 nsahni@cov.com

                                                 Jonathan M. Sperling (*pro hac vice*)
                                                 COVINGTON & BURLING LLP
                                                 The New York Times Building
                                                 620 Eighth Avenue
                                                 New York, NY 10018-1405
                                                 Telephone: (212) 841-1000
                                                 jsperling@cov.com

                                                 Janette L. Ferguson, Esq.
                                                 Benjamin M. Leoni, Esq.
                                                 LEWIS BESS WILLIAM & WEESE, P.C.
                                                 1801 California Street, Suite 3400
                                                 Denver, CO 80202
                                                 Telephone: (303) 861-2828
                                                 Facsimile: (303) 861-4017
                                                 jferguson@lewisbess.com
                                                 bleoni@lewisbess.com

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies on this 12th day of December 2019, a true and correct

copy of the foregoing document was served electronically via CM/ECF on all counsel of record.


*/s/ Mitchell A. Kamin*
Mitchell A. Kamin