**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WARNER BROS. RECORDS INC., *et al*.,

     Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

     Defendant.

**Civil Action No.  19-cv-00874-RBJ-MEH**

---

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE CHARTER'S REPLY BRIEF IN SUPPORT
OF ITS OBJECTION TO MAGISTRATE JUDGE HEGARTY'S OCTOBER 29, 2019
DISCOVERY ORDER**

---

     Defendant Charter Communications, Inc. ("Charter"), by and through its attorneys Winston & Strawn LLP and Fairfield and Woods, P.C., hereby submits its Opposition to Plaintiffs' Motion to Strike Charter's Reply Brief in Support of its Objection to Magistrate Judge Hegarty's October 29, 2019 Discovery Order[1] as follows:

     On November 26, 2019, Plaintiffs filed a Response to Charter's Objection that is not expressly contemplated by Rule 72(a).[2] Dkt. 89.  In fact, Plaintiffs' Motion to Strike acknowledges that Rule 72(a) does "not explicitly" permit filing a response brief to Objections.  *Id.* at Dkt. 98 n. 1.  In their Motion to Strike, Plaintiffs rely primarily on advisory notes in arguing that their Response was permitted.  The lone case Plaintiffs cite from the District of Colorado acknowledges

---

[1] While the Court ruled today on Plaintiffs' Motion to Strike, Charter understood its Opposition to such motion to be due 21 days after filing pursuant to D.C.COLO.L.CivR 7.1(d), or on January 2, 2020.

[2] This and all further statutory references are to the Federal Rules of Civil Procedure.

that "responses are not permitted as of right under Rule 72(a)." *See Wanstall v. Armijo*, Civ. No. 13–cv–02789–PAB–BNB, 2014 WL 4636457, at *1 n.1 (D. Colo. Sept. 16, 2014).[3]

Nevertheless, Plaintiffs filed their Response without filing a motion for leave. Accordingly, Charter believed Plaintiffs were following the standard briefing rules for motions, and in response, rather than seek to strike the Response, filed a Reply that complied with the 5-page limit of the Court.  When Plaintiffs inquired about Charter's filing, Charter responded that Rule 72(a) did not permit Plaintiffs to file a Response, so it did not believe a motion for leave to file a Reply to the Response was necessary.  Charter also noted that if Plaintiffs would re-file their Response brief with a motion for leave, Charter would do the same with respect to its Reply. Otherwise, it seemed the parties were in the same position and the Court could decide whether procedural errors existed.  Plaintiffs did not agree, and instead proceeded to waste the resources of the Court and the parties by filing its Motion to Strike.

Rule 72(a) does not prohibit reply briefs—as with Responses in Opposition to Objections, it simply makes no mention of them.  Courts, however, routinely allow reply briefs to be filed. *LNV Corp. v. Hook*, No. 14-CV-00955-RM-CBS, 2015 WL 6153291, at *1 (D. Colo. Oct. 20, 2015) (permitting and considering Defendant's Rule 72 reply brief on a discovery issue, *even though* the defendant did not first seek leave); *Heuser v. Wood*, No. CIV 99-884 JP/LFG, 2000 WL 36739825, at *7 (D.N.M. June 6, 2000) (same).  While Plaintiffs rely on *Raymond v. Spirit AeroSystems Holdings, Inc.*, No. 16-1282-JTM, 2017 WL 3895012, at *8 (D. Kan. Sept. 6, 2017) to suggest a heightened standard for "exceptional circumstances" should be satisfied, the court

---

[3] Additionally, Plaintiffs' 20-page brief violates the 15-page limit of Responses set by this Court: "With the exception of summary judgment motions, the motion and response should not exceed 15 pages (replies 5 pages)" Judge R. Brooke Jackson Practice Standards at 2.

there actually notes that "it *has* considered the proposed reply." *Id.*

In a discovery dispute like here, the court in *Heuser v. Wood* denied a motion to strike a Rule 72(a) reply brief. No. CIV 99-884 JP/LFG, 2000 WL 36739825, at *7 (D.N.M. June 6, 2000). Even though it was filed without a motion for leave, the court held that the party filing the reply was "deemed to have had leave of the court to file" it. *Id.* In denying the motion to strike the reply, the court noted that the filing party "should not be penalized for the rules' lack of clarity." *Id.* The court also found good cause to permit the reply because it did not prejudice the opposing party, it did not raise new issues, and it responded to address the "perceived misrepresentations" in the response. *Id.*

Charter respectfully requests that the Court take a similar approach to Charter's Rule 72(a) reply. As in *Heuser*, Charter's reply should be permitted because it does not make new arguments, it will cause no prejudice, and it responds to the misrepresentations in the Response. Furthermore, portions of the reply related to the CAS are now moot. *See* Dkt. 101. Therefore, Charter respectfully requests that the Court only consider the first three pages of Charter's already limited reply. Charter should "not be penalized for the rules' lack of clarity." *Heuser* at *7.

Respectfully submitted this 20th day of December, 2019.

Michael S. Elkin (pro hac vice)　　　　　*s/ Erin R. Ranahan*
Thomas Patrick Lane (pro hac vice)　　　　Erin R. Ranahan (*pro hac vice*)
Seth E. Spitzer (pro hac vice)　　　　　　Shilpa A. Coorg (*pro hac vice*)
WINSTON & STRAWN LLP　　　　　　　WINSTON & STRAWN LLP
200 Park Avenue　　　　　　　　　　　333 S. Grand Avenue
New York, NY 10166　　　　　　　　　　Los Angeles, CA 90071
(212) 294-6700 (telephone)　　　　　　　(213) 615-1933 (telephone)
(212) 294-4700 (facsimile)　　　　　　　(213) 615-1750 (facsimile)
E-mail: melkin@winston.com　　　　　　E-mail: eranahan@winston.com
E-mail: tlane@winston.com　　　　　　　E-mail: scoorg@winston.com
E-mail: sspitzer@winston.com

　　　　　　　　　　　　　　　　　　Craig D. Joyce
Jennifer A. Golinveaux (pro hac vice)　　　John M. Tanner

WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

Counsel for Defendant
Charter Communications, Inc.

<u>CERTIFICATE OF SERVICE</u>

I certify that on December 20, 2019, a true and correct copy of the foregoing was served

on the Court and all Parties via email.

| | |
|---|---|
| Matthew J. Oppenheim<br>Scott A. Zebrak<br>Jeffrey M. Gould<br>Kerry M. Mustico<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Tel: (202) 851-4526<br>E-mail: matt@oandzlaw.com<br>E-mail: scott@oandzlaw.com<br>E-mail: jeff@oandzlaw.com<br>E-mail: kerry@oandzlaw.com<br>*Attorneys for Plaintiffs* | Mitchell A. Kamin<br>Neema T. Sahni<br>Mark Y. Chen<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Tel: (424) 332-4800<br>E-mail: mkamin@cov.com<br>E-mail: nsahni@cov.com<br>E-mail: mychen@cov.com<br>*Attorneys for Plaintiffs* |
| Janette L. Ferguson<br>Benjamin M. Leoni<br>LEWIS BESS WILLIAMS & WEESE, P.C.<br>1801 California Street, Suite 3400<br>Denver, CO 80202<br>Tel: (303) 861-2828<br>E-mail: jferguson@lewisbess.com<br>E-mail: bleoni@lewisbess.com<br>*Attorneys for Plaintiffs* | Jonathan M. Sperling<br>William E. O'Neil<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Tel: (212) 841-1000<br>E-mail: jsperling@cov.com<br>E-mail: woneil@cov.com<br>*Attorneys for Plaintiffs* |
| | Megan M. O'Neill<br>COVINGTON & BURLING LLP<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Tel: (202) 662-5416<br>E-mail: moneill@cov.com<br>*Attorneys for Plaintiffs* |

*s/ Erin R. Ranahan*
Erin R. Ranahan