IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

---

**PLAINTIFFS' MOTION TO AMEND EXHIBITS TO COMPLAINT**

---

Plaintiffs, by and through undersigned counsel, hereby submit this Motion to Amend Exhibits to Complaint. As grounds for the Motion, Plaintiffs state as follows:

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.Colo.LCivR 7.1(a), on January 13, 2020, counsel for Plaintiffs contacted counsel for Charter to confer in good faith regarding this motion. Plaintiffs thereafter provided drafts of their proposed amended Exhibits A and B for Charter's review. Charter did not consent to the relief requested.

### MOTION

On June 13, 2019, following a Rule 16(f) Scheduling Conference attended by the parties, the Court issued the parties' agreed-upon Joint Scheduling Order ("Order"). The Order provided that "Plaintiffs may file amended versions of Exhibit A (list of sound recordings at issue) and/or Exhibit B (list of compositions at issue) to the Complaint on or before Wednesday, January 15, 2020 to conform those exhibits to information learned in discovery." ECF No. 44. This separate

and later deadline for amending the works-in-suit exhibits reflects the parties' and the Court's understanding of the complexity involved in identifying works at issue and confirming accurate title, claimant, and registration information for the same.

Plaintiffs hereby move for leave to file amended versions of Exhibits A and B pursuant to the Order.  Plaintiffs propose to amend Exhibits A and B in two ways:  (1) to remove certain sound recordings and compositions; and (2) to make typographical corrections and adjust track and artist names, plaintiffs, and registration numbers to ensure the accuracy of the works-in-suit list.  None of the proposed amendments adds new sound recordings or compositions.  Plaintiffs attach hereto copies of the proposed amended Exhibits A and B.[1]

Plaintiffs' proposed amendments are not only specifically contemplated by the Order (which adopted a schedule proposed jointly by the parties)—and timely under that Order—but also provided for by the Rules, which dictate that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave should be granted absent an "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Minter v.*

---

[1] Plaintiffs note that while D.C.Colo.L.CivR 15.1(b) provides litigants should submit a redlined version of any amended or supplemental pleading, the amended Exhibits A and B are exhibits to a pleading, and not amended pleadings themselves.  Further, given the nature of the changes being made to the exhibits, generating a redline would be a laborious and complex undertaking which would add no meaningful value in reviewing the amended lists of works in suit.  Plaintiffs have thus not submitted a redlined copy of the amended exhibits, but offer to do so in the event the Court would find it useful.

*Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

No such reason exists here.  Plaintiffs have diligently cross-referenced the 10,000-plus works in Exhibits A and B with information learned through their ongoing investigations in the discovery process and other information in their own and third-party records to ensure the accuracy of that list.  There has been no undue delay; Plaintiffs have filed this Motion within the time prescribed by the Order.  This is also the first time that Plaintiffs have requested leave to amend Exhibits A and B.[2]  Nor can Defendant claim any prejudice resulting from the correction and refinement of the works-in-suit list, particularly because these amendments (1) do not add any new claims or causes of action, and (2) *decrease* the total number of works at issue.

WHEREFORE, Plaintiffs hereby request this Court grant them leave to file an Amended Complaint as described above.  A proposed order is submitted herewith.

| | |
|---|---|
| Dated: January 15, 2020 | */s/ Mitchell A. Kamin*<br>Mitchell A. Kamin<br>Neema T. Sahni<br>Mark Chen<br>Nicholas M. Lampros<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Telephone: (424) 332-4800<br>mkamin@cov.com<br>nsahni@cov.com<br>mychen@cov.com<br>nlampros@cov.com |

---

[2]   Pursuant to the agreed-upon case schedule, Plaintiffs filed a motion for leave to file an amended complaint on January 6, 2020, which adds certain entities as Plaintiffs and makes minor changes to the names of certain Plaintiffs, but does not substantively alter Plaintiffs' claims.

Jonathan M. Sperling
William O'Neill
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneill@cov.com

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

> */s/ Mitchell A. Kamin*
> Attorney