# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

WARNER BROS. RECORDS INC., *et al*.,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

**Civil Action No. 19-cv-00874-RBJ-MEH**

## DEFENDANT CHARTER COMMUNICATIONS, INC.'S OBJECTION IN PART TO PLAINTIFFS' MOTION TO AMEND EXHIBITS TO COMPLAINT

Defendant Charter Communications, Inc. ("Charter"), by and through its attorneys Winston & Strawn LLP and Fairfield and Woods, P.C., hereby submits its Objection in Part to Plaintiffs' Motion to Amend Exhibits to Complaint (Dkt. 111) as follows:

Charter does not oppose or object to the proposed amendments to Exhibits A and B to the First Amended Complaint ("FAC"). Charter does, however, request that Plaintiffs be ordered to comply with D.C.Colo.L.Civ.R. 15.1, which requires that Plaintiffs publicly file redlines reflecting the proposed amendments.

Plaintiffs provided Charter multiple "non-final" redline versions of the changes to Exhibits A and B prior to Plaintiffs filing of the amended exhibits. [Ranahan Aff. ¶ 2 and Ex. 1.] Charter requested that Plaintiffs provide final redlines of Exhibits A and B to evaluate whether it could consent to the amendments *prior to* Plaintiffs filing their proposed amended Exhibits A and B. [*Id.* at ¶ 3, Ex. 2.] Plaintiffs refused to do so until a full day *after* Plaintiffs' January 15, 2020 filing. [*Id.* at ¶ 4 and Ex. 3.]

Plaintiffs were aware of Local Rule 15.1 as indicated in footnote 1 to their Motion to Amend Exhibits to Complaint, which explains why they believe they should not have to comply based upon what they described would require a "laborious and complex undertaking which would add no meaningful value in reviewing the amended lists of works in suit." [Dkt. 111, n. 1, p.2.] Given that Plaintiffs' counsel has now provided to Charter's counsel what they represent to be final redlines of the amendments to Exhibits A and B, Plaintiffs cannot reasonably maintain that preparing redlines would require the type of burden described by Plaintiffs in footnote 1. Given the material changes to Exhibits A and B and the importance of those lists to the scope and nature of this case, Charter respectfully requests that Plaintiffs be ordered to file the redlines so that they become part of the Court and public record as Local Rule 15.1 intends.

Charter asked Plaintiffs to consent to filing the redlines, but Plaintiffs declined to do so.

WHEREFORE, Charter consents to Plaintiffs filing amended Exhibits A and B, but respectfully requests that Plaintiffs be ordered to file redlines of amended Exhibits A and B pursuant to Local Rule 15.1.

Respectfully submitted this 27th day of January, 2020.

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
Seth E. Spitzer (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

*s/ Erin R. Ranahan*
Erin R. Ranahan (*pro hac vice*)
Shilpa A. Coorg (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com
E-mail: scoorg@winston.com

Craig D. Joyce
John M. Tanner
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

*Counsel for Defendant*
*Charter Communications, Inc.*

4

CERTIFICATE OF SERVICE

I certify that on January 27, 2020, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to all counsel of record.

                                              *s/ Erin R. Ranahan*
                                              Erin R. Ranahan