**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND AND OBJECTION TO DEFENDANT'S REQUEST TO DEEM MOTION TO DISMISS MOOT**

      In response to Plaintiffs' motion for leave to make ministerial changes to party names in an amended complaint, Charter asks the Court to deny as moot its motion to dismiss so it can start over from scratch. But nothing about the changes to the parties in Plaintiffs' proposed amendment has any bearing on the motion to dismiss, which has already been the subject of extensive briefing and a Recommendation from the Magistrate Judge. Charter's goal is obvious: an extra shot at dismissal in the face of the Magistrate Judge's pending Recommendation to deny the motion, and a further effort to delay disclosure of whether it will plead a "safe harbor" affirmative defense.

      Charter's Motion to Dismiss Plaintiffs' Claim for Vicarious Liability (Dkt. 38) concerns whether Charter "(1) received a direct financial benefit from the alleged infringement, or (2) had the practical ability to stop it"—the two allegations Charter argues were not plausibly pleaded. Dkt. 38 at 7. It does not turn on the identities of the plaintiffs or the works they own; indeed,

neither the motion nor any of the briefing thereon so much as mentions a single individual plaintiff, or any of the individual works they own.

The proposed amendments make no change of any kind to the substantive or factual allegations of the complaint or the causes of action asserted. Dkt. 109-1 (redline showing proposed amendments). The motion to amend seeks leave only to add entities as plaintiffs and make minor changes to the names of others. Dkt. 109. Consequently, nothing about Plaintiffs' proposed amendments has any bearing on the motion to dismiss.[1]

There is therefore no principled basis to undo the past six months of briefing—including Charter's Motion to Dismiss (Dkt. 38), Plaintiffs' Opposition (Dkt. 50), Charter's Reply (Dkt. 56), an amicus brief (Dkt. 83), the Magistrate's Recommendation denying the Motion (Dkt. 71), Charter's Objection to the Recommendation (Dkt. 82), and Plaintiffs' Response thereto (Dkt. 87)—and require both the parties and the Magistrate Judge to engage in a do-over.

While Charter directs the Court to an order in the *Bright House* matter denying that defendant's motion to dismiss as moot following a similar motion to amend the complaint, the procedural history there was different, and those events only prove Plaintiffs' point. First, there had been no Recommendation on the original motion to dismiss in *Bright House*, as here. Second, the re-filed motion to dismiss in *Bright House* had *nothing whatsoever* to do with the

---

[1] Charter's request also repudiates the parties' Joint Scheduling Order, which was entered *after* Charter filed its Motion to Dismiss—but before Plaintiffs had opposed it—and expressly called for the potential of an amendment to add parties. Dkt. 44. In October, the Court granted Plaintiffs' unopposed motion to continue the deadline for any such amendment to January 6, 2020. Dkt. 79. As that unopposed Motion pointed out, "granting the requested extension would not alter the balance of the case schedule." Dkt. 77 at 3. Neither the parties nor the Court could have intended this specifically-contemplated amendment to automatically moot months of briefing.

amendments to the complaint, which, as here, only made changes to the plaintiff entities. *UMG Recordings, Inc. et al v. Bright House Networks*, Case No. 8:19-cv-00710-MSS-TGW, Dkt. 88 (Jan. 6, 2020 motion for leave to amend). Mooting the motion to dismiss in *Bright House* did nothing but give that defendant a fourth bite at the apple and needlessly delay the proceedings. The same would be true here.

Granting the request to moot Charter's motion to dismiss will also further delay Charter's time to answer the complaint. To date, Charter has refused to identify any affirmative defenses it intends to plead, including whether it will assert a DMCA safe harbor defense (even on the contributory infringement claim it has not sought to dismiss). Whether Charter pleads the DMCA safe harbor defense will materially impact the scope and timing of discovery. Accordingly, Plaintiffs have asked Charter many times whether it will so plead and, to date, Charter has refused to answer. Granting Charter's request to moot and re-file its motion to dismiss will simply enable Charter to further delay disclosing its position on that key issue, and thus further frustrate the orderly and efficient management of discovery.

The Court should deny Charter's request.

| | |
|---|---|
| Dated: January 28, 2020 | */s/ Mitchell A. Kamin* <br> Mitchell A. Kamin <br> Neema T. Sahni <br> Mark Chen <br> Nicholas M. Lampros <br> COVINGTON & BURLING LLP <br> 1999 Avenue of the Stars, Suite 3500 <br> Los Angeles, CA 90067-4643 <br> Telephone: (424) 332-4800 <br> mkamin@cov.com <br> nsahni@cov.com <br> mychen@cov.com <br> nlampros@cov.com |

Jonathan M. Sperling
William O'Neill
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneill@cov.com

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 28, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

>*/s/ Mitchell A. Kamin*
>Attorney