# Exhibit 3



333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 213 615 1700
F +1 213 615 1750

**ERIN R. RANAHAN**
Partner
(213) 615-1835
ERanahan@winston.com

February 11, 2020

**By Electronic Mail**
Neema T. Sahni
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
nsahni@cov.com

Re: *Warner Records, Inc., et al. v. Charter Communications, Inc.*, D. Colo. Case No.: 19-cv-00874-RBJ-MEH

Counsel:

We write in response to your letter sent February 7, 2020.

**Plaintiffs' Delays in This Case**

Despite your attempts at deflection, Plaintiffs—not Charter—have delayed this case.

Pursuant to Rule 11, Plaintiffs should have known what they were suing about, and on whose behalf they were suing, before filing suit in Federal Court. Yet in October 2019—nearly *seven months* after first filing—Plaintiffs sought and obtained leave of Court to modify the case schedule to extend the deadline to amend the pleadings over two months, until January 2020. Just last month, Plaintiffs proceeded to amend their Complaint to name many new Plaintiffs, and subsequently amended the Exhibits identifying the works-in-suit—basic pleadings that necessarily define the scope and magnitude of the entire case.

On November 7, 2019, while I suggested in an email to Mr. Lampros that the parties agree to a mutual deadline of December 2019 to attempt to substantially complete the parties' respective productions—Plaintiffs *never responded* to that proposal. Plaintiffs never provided any alternative date for that proposal. In fact, to date Plaintiffs have refused to agree to any mutual deadlines in connection with document productions.

Instead, when Charter attempted to secure an agreement with Plaintiffs about a deadline for producing one category of recordings that were previously subject to a motion to compel—the digital copies of the works-in-suit—Plaintiffs refused to agree to *any* deadline, insisting that:

> we intend to work diligently to produce those materials in accordance with our discovery obligations. Beyond that, we see no reason -- and you have not articulated any basis -- for why this category of materials should be treated any differently from all other documents or categories of documents that the parties will be producing to one another on a rolling basis, and for which there is no requirement that either party specify a date certain for production.

Case No. 1:19-cv-00874-RBJ-MEH   Document 128-4   filed 02/19/20   USDC Colorado   pg 3 of 4



<div style="text-align: right">February 11, 2020<br>Page 2</div>

*See* Dkt 80-8 (10/31/19; 10/23/19; 10/24/19 emails).

When the Court asked Plaintiffs during the December 18, 2019 hearing when they could produce the digital works-in-suit, Plaintiffs again sought to avoid committing to a date. 12/17/19 Hr'g Tr. 122:18-23 (The Court: So why don't you just give a guess, approximate. You just said end of January. Ms. Sahni: I think it would probably be around the end of January. It's just, again there are things out of our control.").

Though the Court asked Plaintiffs to produce digital copies of the works-in-suit by January 27, 2020, Plaintiffs missed and unilaterally extended this deadline, sending a letter to the Court just two business days before this deadline, indicating that Plaintiffs would need until March 16, 2020 to complete such production. 1/23/20 Letter to Magistrate Judge Hegarty.

When Charter attempted to get Plaintiffs to agree to provide their 1% sample production by early January 2020, Plaintiffs resisted, using their delayed amendments as an excuse. 12/17/2019 Hr'g Tr. 107:2-6. (Plaintiffs' Counsel: "I also want to flag that there are two important deadlines in January, including our deadline to add plaintiffs to the case and our deadline to amend the exhibits, the works in suit. It simply doesn't make sense for us to have to produce chain of title information, you know, until after that point.") Ultimately, Plaintiffs asked the Court for until the end of January 2020 to make just 1% of the ownership sample production—at timeframe that if extrapolated across the entire case would take over a dozen years.

With respect to the January 27, 2020 deadlines that the Court did order, Plaintiffs unilaterally delayed that 1% production by over a week, and requested that the hearing be moved out to accommodate that delay.

During the December 17, 2019 hearing, you also indicated to the Court that you would be making a financial production that week. 12/17/2020 Hr'g Tr. 126:19-21 (["Ms. Sahni: We'll be producing what you ordered us to produce this week, and I'm not sure why we have to talk about it."). But you called me following that hearing to say that you did not actually intend to make that production, and would be delaying that inevitably, at least until after the amendments were complete.

In a December 13, 2019 letter, you indicated that Plaintiffs were "willing to discuss" "modifications" to the case schedule given the timing issues with respect to Plaintiffs' ownership production, but you rebuffed my efforts to do so until we finally received an email from Mr. Ehler's on January 31, 2020, wherein he set forth Plaintiffs' scheduling proposals, both of which failed to take into account any of the actual scheduling issues or delays presented in this case.

Under this backdrop, it truly is remarkable that you have attempted to suggest that it is Charter that has somehow delayed this case.

**Discovery Issues**

Indeed, while Plaintiffs tout the volume of their production (the bulk of which are form communications sent to Charter by a third party) Plaintiffs have also yet to produce a significant number of documents that they agreed to produce. Specifically, Plaintiffs have yet to produce a single email, even though emails would be expected to be responsive to multiple categories of documents. Charter will specifically address other deficiencies with Plaintiffs' current production in a separate letter.



<div style="text-align:right">February 11, 2020<br>Page 3</div>

      With respect to the issues you raise with Charter's production, Charter has diligently searched for and produced documents the Court ordered Charter to produce. For example, while your letter claims otherwise, Charter has already produced "information that shows calculations of annual internet revenues from 2013-2016." *See* Charter's 2/6/20 Production.

      We have provided the financial statements for Charter that we have and that the Court asked Charter to provide. Contrary to the suggestion in your letter, there was no requirement for any "audited" financials, but only that Charter assess whether it could provide the Internet revenues of its business. The Court also expressly declined to require anything in this regard as far back as 2010, or anything before the claim period. Hr'g Tr. 40:19-21.

      With respect to Plaintiffs' Request No. 7 seeking certain organizational charts and Request No. 10 seeking "documents sufficient to identify the name, title, and role of each of Defendant's employees or agents involved any manner in receiving, assessing, addressing, responding, and/or implementing any Infringement Notice," we have reasonably searched for but have not located documents responsive to these Requests.

      Charter disagrees with the characterization in your letter about certain additional categories, and in other cases there is simply no information available to produce.

      In any event, there are several other categories referenced in your letter that we are actively working on finalizing and preparing for production, which we will have to you as soon as possible on a rolling basis, as we have been making productions thus far.

      Charter continues to diligently work within the deadlines set by the Court and has attempted to engage in reasonable discussions about a mutual exchange deadline (which Plaintiffs ignored). We are also actively engaged in attempts to reach agreement about moving the case schedule given that, amongst other reasons, we are still in the early pleading stages; both sides' productions remain incomplete; no depositions have been scheduled; and a number of third party subpoenas have been served and are actively being negotiated.

      If you would like to discuss Plaintiffs' requests on the timing regarding the parties' remaining rolling productions and any other issues previously discussed but not resolved, we are available for such discussions this week so that we do not waste the Court's time on issues upon which we have already reached agreement. We can be available following our scheduling discussion on our call today at 3pm, or tomorrow, Wednesday, 2/12, at or after 3:30 pm pst.

      Nothing contained herein shall constitute a waiver, either express or implied, in equity or at law, of any of Charter's legal rights and remedies, all of which are hereby expressly reserved.

Sincerely,

*/s/ Erin R. Ranahan*

Erin R. Ranahan