# Exhibit 4



333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 213 615 1700
F +1 213 615 1750

**ERIN R. RANAHAN**
Partner
213.615.1835
eranahan@winston.com

February 12, 2020

**VIA EMAIL**

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
nsahni@cov.com

**Re:**   *Warner Records, Inc., et al. v. Charter Communications, Inc.*, Case No. 19-cv-00874-RBJ-MEH

Dear Ms. Sahni:

We write on behalf of Charter Communications, Inc., defendant in the above-captioned matter ("Charter"), regarding Plaintiffs' severely deficient document production to date.

As an initial matter, Charter has attempted in good faith to meet and confer regarding reasonable schedules for the substantial completion of document production. But, Charter has yet to receive any response to these communications from Plaintiffs.

Moreover, Charter served its First Set of Requests for Production on July 25, 2019, over six months ago. As outlined below, however, Plaintiffs' productions to date fail to provide even the most basic categories of discovery to which Charter is clearly entitled. These are documents responsive to numerous requests for production that Plaintiffs themselves agreed to produce during the parties' numerous meet and confers and/or in correspondence.

Please let us know by **February 14, 2020** the date certain by which you intend to complete production, including with respect to the categories of documents listed below, so that we may determine whether to seek relief with the Court.

### *Requests for Which No Documents Have Been Produced*

It appears from our review that Plaintiffs have yet to produce even a single document responsive to the following categories of documents despite their clear relevance. For each such category, please confirm by February 14, 2020 whether, after a reasonable search, you have located any responsive documents, and if so, the date by which you will produce them. If you intend to withhold any responsive documents on the basis of any of the objections articulated in Plaintiffs' Objections and Responses, please set forth



February 12, 2020
Page 2

the specific bases, and whether and when we can expect a privilege log regarding any documents withheld for privilege.

- Implementation Agreements.  Plaintiffs were ordered by the Court to produce the Implementation Agreements in connection with the CAS.  These Agreements comprise just five documents.  Plaintiffs have not produced them.

- Financial documents.  Plaintiffs were ordered by the Court to produce their track-by-track revenue that was produced in Cox, which counsel indicated to the Court during the December 17, 2019 conference that they intended to produce that week.  12/17/2020 Hr'g Tr. 126:19-21 (["Ms. Sahni: We'll be producing what you ordered us to produce this week, and I'm not sure why we have to talk about it."]).  Plaintiffs have yet to produce these documents.

- Studies/reports regarding the effect of copyright infringement and/or use of BitTorrent.  Plaintiffs have agreed to produce these documents responsive at least to Charter Request for Production Nos. 22, 23, 24, and 25.  Plaintiffs have not produced these documents.

- Documents concerning Charter's Monitoring Program.  Plaintiffs have agreed to produce documents responsive to at least Charter Request for Production No. 50.  Plaintiffs have not produced these documents.

- Documents concerning the reliability of MarkMonitor's System.  Plaintiffs have agreed to produce documents responsive at least to Charter Request for Production No. 66.  Plaintiffs have not produced these documents

- Documents concerning entities that prepared or sent copyright infringement notices.  Plaintiffs have agreed to produce documents responsive at least to Charter's Request for Production Nos. 53, 62, 63, 64, 65.  Plaintiffs have not produced these documents.

- Documents concerning the use of Audible Magic's technology to identify infringements.  Plaintiffs have agreed to produce documents responsive at least to Charter Request for Production No. 84.  Plaintiffs have not produced these documents.

- Documents concerning opinions of infringement by Charter and/or its subscribers.  Plaintiffs have agreed to produce documents responsive at least to Charter Request for Production No. 34.  Plaintiffs have not produced these documents.

Additionally, Plaintiffs have failed to produce any email documents at all, including at least the following:

- Communications with MarkMonitor.  Plaintiffs have agreed to produce communications responsive at least to Charter Request for Production No. 55.  Plaintiffs have not produced these documents.



February 12, 2020
Page 3

- <u>Communications concerning the number of infringement notices accepted by Charter</u>.  Plaintiffs have agreed to produce communications responsive at least to Charter Request for Production No. 48.  Plaintiffs have not produced these documents.

- <u>Weekly/monthly reports from MarkMonitor to the RIAA and/or Plaintiffs</u>.  Plaintiffs have agreed to produce these weekly/monthly reports responsive to at least Charter Request for Production No. 81.  Plaintiffs have not produced these documents.

- Any other non-privileged communications, including communications with other third parties such as the RIAA, Audible Magic, Harbor Labs, and/or Stroz Friedberg.

We are concerned that Plaintiffs do not intend to search for or produce any emails responsive to the requests at all, as Plaintiffs have not produced any emails, and you have made comments suggesting that it is only Charter that would be expected to have responsive emails.  Please confirm Plaintiffs' position on this issue, and to which requests Plaintiffs intend to search for responsive emails and how Plaintiffs intend to go about that, so that we may evaluate whether to seek further relief from the Court.

**Requests for Which Plaintiffs Have Made an Incomplete Production**

It appears Plaintiffs may have produced some, but not all, documents relating to the following requests.  For each request, please let us know whether more documents are forthcoming, and if so, when we can expect them.  Alternatively, please confirm that after a reasonable search, all responsive documents have been produced.

- Notices of infringement for the Copyright Works (responsive to Charter Request for Production Nos. 13, 29-33, 35-38, 40, 42, 59, 79, 82).

- Copies of the allegedly infringing files (responsive to Charter Request for Production Nos. 2, 29-33, 35).  It appears Plaintiffs have produced a number of audio files but have failed to specify what those files are in connection with the production. *See* Feb. 3, 2020 Letter to E. Ranahan from Megan O'Neill.  Please confirm whether the audio files that have been produced purport to be copies of the allegedly infringing files or digital exemplar copies of the works-in-suit and confirm whether, as to each of these categories, Plaintiffs have produced all or only a subset of the requested files.

- Representative organizational charts for all Plaintiff entities (responsive to Charter Request for Production Nos. 6, 7).

- Documents concerning Charter and the alleged copyright infringements at issue (responsive to Charter Request for Production Nos. 27-33, 35).

- Documents sufficient to represent all Plaintiffs' current document retention policies, including with respect to its electronic records (responsive to Charter Request for Production No. 57).



February 12, 2020<br>Page 4

- Documents relied upon by Plaintiffs to answer Charter's Interrogatories.  Plaintiffs indicated that they would be supplementing their responses to identify any produced documents pursuant to Fed. R. Civ. P. 33(d).  Plaintiffs have not done so.

- Agreements between the RIAA and MarkMonitor (responsive to at least Interrogatory Nos. 7-9).  To the extent Plaintiffs intend to rely upon these documents pursuant to Fed. R. Civ. P. 33(d), please supplement your responses.

***

Per our discussion yesterday, we provided you with a proposed schedule extension with interim productions dates that will provide both sides additional time to complete their productions and, if agreed to and presented by the Court, would alleviate the urgency we otherwise have with the timing of the foregoing productions.  If Plaintiffs do not agree to submit schedules that accommodate the concerns both sides have expressed about the foregoing document productions, or if the schedules are not otherwise adjusted by motion or stipulation, we intend to ask the Court to enter deadlines for the remaining productions within the current Court schedule.

We look forward to your response by February 14, 2020.

Very truly yours,

Erin R. Ranahan