# Exhibit 5

333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 213 615 1700
F +1 213 615 1750

**SHILPA COORG**

(213) 615-1933
scoorg@winston.com

August 27, 2019

Neema T. Sahni
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067

Re:   *Warner Bros. Records Inc., et al., v. Charter Communications, Inc.*, Case No. 19-cv-00874-RBJ-MEH (Deficiencies in Plaintiffs' Responses to Charter's First Set of Interrogatories and Requests for Production)

Counsel:

We write regarding a number of deficiencies in Plaintiffs' Objections and Responses of July 25th to Charter Communications, Inc.'s ("Charter") First Set of Interrogatories and First Set of Requests for Production.

Plaintiffs' Responses are deficient in several respects, and the below recitation is a non-exhaustive and exemplary listing of those deficiencies. We recognize, however, that discovery is ongoing, and that the parties' productions and supplemental responses will be forthcoming. Charter, therefore, reserves the right to raise any additional deficiencies in Plaintiffs' Responses of July 25th at a later time and as discovery unfolds.

**Deficiencies in Responses relating to Damages Requests**

*Interrogatory Nos. 2, 6*

Interrogatory No. 2 requests, for each work identified in response to Interrogatory No. 1, total annualized gross and net revenue generated by each work organized by medium and how such gross and net revenue was calculated. Plaintiffs have agreed only to "produce documents sufficient to show Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016." Plaintiffs' response expressly excludes financial data on a "track-by-track basis" because "Plaintiffs have elected statutory damages, not actual," and would also exclude revenue, expenses, and profits for physical sales, streaming sales, and licensing. Plaintiffs have provided no basis or authority for limiting the scope of the Interrogatory in this manner.

Indeed, contrary to Plaintiffs' position, an assessment of actual damages is relevant to a claim for statutory damages, and the economic value of the works at issue is relevant even if Plaintiffs elect to pursue only statutory damages. *See, e.g., Sony Music Entmt. et al. v. Cox Comm. Inc.*, Case No. 1:18-cv-950, Docket No. 89; Hearing Tr. Jan. 25, 2019 at 26:25-27:2 ([The Court:] "So that puts it in the realm of we don't just get to wash our hands of, you know, profit and loss information and revenues and lost



August 27, 2019
Page 2

revenues and things like that, just because we have statutory damages"), 32:6-13 (requiring Plaintiffs to produce revenue by work by channel, physical downloads, streaming, and licensing damages data, and noting that Plaintiffs did not have a proportionality argument); Nimmer on Copyright § 14.04[B] at 14-41 (actual damages, including revenues lost, should be considered in awarding statutory damages).  Please confirm that Plaintiffs will immediately supplement their response to Interrogatory No. 2.

Further, courts typically permit full discovery into actual damages regardless of an election of statutory damages because the jury has the power to consider factors that inform what is fair and "just" when deciding what level of statutory damages to impose. *F.W. Woolworth Co. v. Contemporary Arts, Inc*., 344 U.S. 228, 232 (1952) (quoting *I.A. Westermann Co. v. Dispatch Printing Co*., 249 XJ.S. 100, 106 (1919)); see also *N.A.S. Imp. Corp. v. Chenson Enter., Inc*., 968 F.2d 250, 252-53 (2d Cir. 1992) (value of the copyright relevant to the jury's determination of statutory damages).  And, statutory damages awarded should encompass consideration and bear some relation to any actual damages, or lack thereof. *Van Der Zee v. Greenidge*, 2006 WL 44020, at *2 (S.D.N.Y. 2006) (statutory damages must bear some relation to actual damages).

Setting aside whether Plaintiffs can prove ownership and infringement with respect to any of their alleged works, Charter has the right to investigate damages data in discovery in connection with assessing what level of actual or statutory damages, if any, would be most just.  Even where a plaintiff elects statutory damages, the amount of such damages is within the province of the jury, as the jury may consider a wide range of factors and evidence, and may award any amount within the statutory range that it considers "just." *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F3d 983, 992-93 (9th Cir. 2009) ("The jury is guided by what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like....").

Please immediately confirm that Plaintiffs will supplement their response to this Interrogatory, without limitation.

Interrogatory No. 6 requests Plaintiffs to "state the amount of damages You believe that You are entitled to recover in this litigation, and all factual and legal bases for Your calculation."  Plaintiffs referred Charter to the allegations in the Complaint.  Please confirm that the Complaint contains any and all factual allegations regarding Plaintiffs' damages assessment presently known to Plaintiffs.  Alternatively, please immediately supplement your response to this Interrogatory to identify any additional responsive information.

*Request Nos. 9, 12, 14, 16-19, 26, 59*

These Requests pertain to Plaintiffs' financial data, including revenues, expenses, and profits, and/or information relevant to Plaintiffs' alleged damages at issue in this litigation.  In response to Charter's basic damages-related Requests, Plaintiffs agree only to produce documents "sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the period of 2010 through 2016." For the reasons explained above, the documents sought are relevant to the claims and defenses of the case, and the limitation is improper.  Responsive documents would be indicative of the existence or extent of any harm Plaintiffs are alleged to have suffered as a result of the alleged infringement.  It is impossible for Charter to assess any damages claim (even statutory) without information regarding the



August 27, 2019<br/>Page 3

harm or injury Plaintiffs claim to have suffered as a result of Charter's actions. Plaintiffs must provide its assessment of damages in light of the information currently available in sufficient detail so as to enable Charter to understand the contours of their potential exposure and make informed decisions as to discovery. *City & Cnty. Of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003).

Charter is entitled to Plaintiffs' financial data by alleged work, including all physical sales, streaming, and licensing. To the extent Plaintiffs do not maintain such information, please supplement your responses to confirm that Plaintiffs do not, in the ordinary course of business, maintain *any* financial information or responsive documents and things beyond "total annualized revenues, expenses, and profits for the period of 2010 through 2016."

Documents responsive to Request No. 59, which pertains to Plaintiffs' attempts to reduce infringement of the alleged works, are relevant to Plaintiffs' attempts to mitigate damages, and to the damages allegedly suffered by Plaintiffs with respect to this litigation. Plaintiffs have refused to produce documents responsive only to this Request aside from notices of infringement relating to this litigation, stating that it would be "virtually impossible for Plaintiffs to produce documents sufficient to demonstrate" the amount of money expended to reduce infringement. While Plaintiffs' position suggests that Plaintiffs are unable to prove their damages theory at all, to the extent Plaintiffs have any additional documents, please confirm Plaintiffs will produce all documents and things responsive to this Request, without limitation.

*Request No. 13*

This Request pertains to Plaintiffs' efforts to mitigate any alleged harm. Plaintiffs have agreed only to produce notices of infringement in response to this Request. Plaintiffs provide no basis or authority for limiting the Request in this manner, particularly in light of the Request's high degree of relevance to the claims and defenses in this litigation. Examples of such documents may include, but are not limited to, documents regarding the amount of money spent by Plaintiffs on a notice program, whether there were other notices programs considered by Plaintiffs, whether Plaintiffs attempted to contact or contacted repeat infringers, reports from third parties such as MarkMonitor or the RIAA regarding notices or repeat infringers, and the effect of the notice program on the number of alleged copyright infringers. Please confirm that Plaintiffs will produce all documents and things responsive to this Request, without limitation.

*Request No. 15*

This Request pertains to Plaintiffs' efforts to market and promote digital downloading and streaming of the Copyright Works. Plaintiffs have refused to produce documents responsive only to this Request, strangely objecting that "it is unclear whether Charter is seeking information relating to downloading or streaming the copyrighted works in suit specifically or relating to downloading and streaming generally." This objection is without merit, particularly given that the Request expressly seeks documents and information relating to "Your efforts to market and promote the digital downloading *or* streaming *of the Copyright Works*." Additionally, for the same reasons articulated above, documents pertaining to damages are highly relevant.



Please supplement your Responses to confirm Plaintiffs will produce all documents and things responsive to this Request, without limitation.

**Deficiencies in Responses to Other Interrogatories**

*Interrogatory No. 1*

Interrogatory No. 1 requests identification of all copyright works Plaintiffs claim Charter's subscribers have infringed and for which Plaintiffs seek relief in this litigation. Plaintiffs objected "as premature" and stated that the full scope of Charter's alleged infringement "is not yet known and will be more fully determined during discovery." Plaintiffs then "direct[ed] Charter to Exhibits A and B of the Complaint," which are "representative, non-exhaustive" lists of sound recordings and compositions that may be at issue in the litigation.

When alleging copyright infringement, "in order to give fair notice of the claim, [a] plaintiff must identify both the work alleged to have been infringed and the infringing work; merely asserting that 'certain works' have been copied is insufficient." 6 William F. Patry, Patry on Copyright § 19:6 (2015); *Palmer Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890 (TPG), 2014 WL 1303135, at *3 (S.D.N.Y. Mar. 31, 2014) (finding plaintiff's failure to "properly specify" the copyrights allegedly infringed upon warranted dismissal); *Cole v. John Wiley & Sons, Inc.*, 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012) (dismissing copyright infringement claims where plaintiff failed to allege whether any or all of his copyrights were infringed); *Marshall v. McConnell*, No. Civ.A. 3:05-CV-1062L, 2006 WL 740081, at *4 (N.D. Tex. Mar. 23, 2006) (finding plaintiff failed to satisfy Rule 8(a) where allegations could have related to any number of allegedly copyrighted works, leaving defendants without sufficient notice as to how to defend against the claims); *Rosenfeld v. Twentieth Century Fox Film*, No. CV 07-7040 AHM FFMX, 2008 WL 4381575, at *7 (C.D. Cal. Sept. 25, 2008) (dismissing copyright infringement claim where plaintiff's allegations, which did not specify the copyrighted works at issue, failed to provide sufficient notice to defendant) *Four Navy Seals v. Associated Press* (granting the defendant's motion to dismiss where "the complaint [did] not identify exactly which works Defendants infringed…." 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005); see also *Universal Surface Tech., Inc. v. Sea-A Trading Am. Corp.*, No. CV 10-6972 CAS (PJWx), 2011 WL 281020, at *4-6 (C.D. Cal. Jan. 26, 2011) (finding complaint listing 82 copyrights insufficient to notify defendants about which copyrights were allegedly infringed).

Where, as here, multiple works are alleged to have been infringed, "care should be taken to identify each work at issue." Patry, § 19:6; *Plunket v. Doyle*, No. 99 Civ. 11006 (KMW), 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) (finding "'fair notice requir[es] that the plaintiff allege…which specific original works are the subject of the copyright claim," and dismissing plaintiff's claims for failure to comply with Rule 8, where plaintiff's multi-page schedule of allegedly infringed works stated that her claims were not limited to those listed works); *Palmer Kane*, 2014 WL 1303135, at *3-4 (granting motion to dismiss where plaintiff's list of allegedly infringed works was not exhaustive); *See Synopsys, Inc. v. ATopTech, Inc.*, No. C 12-CV-02965 SC, 2013 WL 5770542, at *4 (N.D. Cal. Oct. 24, 2013) (dismissing claim where plaintiff failed to "make clear what Defendant copied, which ma[de] it impossible for the Court to find plaintiff's claim plausible").



August 27, 2019
Page 5

Plaintiffs had an obligation under the Federal Rules to investigate their claims *prior* to bringing suit, and at this stage, Plaintiffs should have been aware of the full scope of the litigation they themselves asserted. *See* Fed. R. Civ. P. 11.  Further, Charter is entitled to know the extent and scope of Plaintiffs' allegations against it, and Plaintiffs' attempt to hide the ball is improper.  Nevertheless, please confirm that the lists of sound recordings and musical compositions in Exhibits A and B are currently exhaustive, and that Plaintiffs are presently unaware of other works it believes should be at issue.  Alternatively, please immediately supplement your response to this Interrogatory to identify any additional works, as required by Fed. R. Civ. P. 26(e).

*Interrogatory No. 5*

Interrogatory No. 5 requests identification of all internet service providers ("ISPs") with which Plaintiffs have communicated regarding the Copyright Alert System ("CAS"), any agreements related to the CAS, and the processing of copyright infringement notices by ISPs.  Plaintiffs objected to this Interrogatory "because CAS and Plaintiffs' communications with other ISPs about it are irrelevant."  Contrary to Plaintiffs' assertion that "CAS has no bearing on the claims or defenses in suit," the CAS (and Plaintiffs' and other ISPs' participation in it) is highly relevant to show the industry standard during Plaintiffs' claim period, and the actions with respect to alleged copyright infringement that were or were not considered reasonable or acceptable by not only other ISPs, but also Plaintiffs themselves.  The CAS was a system that dealt with notices of infringement in a manner which Plaintiffs (and many other industry participants) agreed was acceptable, and thus has direct relevance to Plaintiffs' claims now that similar or dissimilar actions by Charter are or are not actionable.  Information relating to the CAS, therefore, including but not limited to the identity of participating ISPs with whom Plaintiffs communicated about CAS and agreements, is directly relevant to the claims and defenses in this case.  *See, e.g., Sony Music Entmt. et al. v. Cox Comm. Inc.*, Case No. 1:18-cv-950, Docket No. 89; Hearing Tr. Jan. 25, 2019 at 61:22-62:9 (requiring Plaintiffs to produce a copy of the MOU, implementation agreements, and documents sufficient to show signatories/members of CAS).  Please confirm that Plaintiffs will immediately supplement their response to Interrogatory No. 5.

*Interrogatories Nos. 7-9*

Interrogatory No. 7 requests information regarding Plaintiffs' "practice and policy regarding monitoring and/or sending notices of copyright infringement to ISP customers."  Interrogatory No. 8 requests information regarding "any method, system, practice, policy, or procedure by which You…distinguished between Residential ISP Customers and Non-Residential ISP Customers."  Interrogatory No. 9 requests identification of "each Charter customer that You, the RIAA, or MarkMonitor learned was a Non-Residential ISP Customer."  Plaintiffs respond only that the "RIAA contracted with MarkMonitor to monitor online infringement of certain of such Plaintiffs' copyrighted works and send notices of copyright infringement to ISPs, including Charter.  These confidential agreements between non-party RIAA and non-party MarkMonitor generally describe the process by which MarkMonitor conducted those activities."

Plaintiffs have provided only the above information, and have failed entirely to provide a substantive response to these Interrogatories.  The blanket statement Plaintiffs offer regarding the existence of a relationship between Plaintiffs, RIAA, and MarkMonitor does not provide the information sought by the



August 27, 2019
Page 6

Interrogatories. The status of the RIAA's or Plaintiffs' contractual relationship with Mark Monitor does not absolve Plaintiffs from providing a complete response. If Plaintiffs have any responsive information, they are required to provide it, notwithstanding the involvement of any non-parties. Please confirm that Plaintiffs will immediately supplement their responses.

*Interrogatory No. 10*

Interrogatory No. 10 requests "[f]or each registered work-in-suit that is a compilation (e.g., an album) and which You allege has been infringed, state whether You intend to seek statutory damages once for the registered collective work (or compilation), or for each song or title that is a part of the registered collective work or compilation." Plaintiffs responded only that they "intend to seek statutory damages…for the registered works identified in Exhibits A and B to the Complaint." This does not constitute a substantive response to this Interrogatory, which requests Plaintiffs to articulate whether Plaintiffs will seek statutory damages with respect to the collection or individually for each work that is part of the collection. Moreover, Plaintiffs fail to provide a reasonable basis for their nonresponse. Please confirm that Plaintiffs will immediately supplement their response to this Interrogatory.

*Interrogatory No. 11*

Interrogatory No. 11 requests information regarding the "factual bases known to You to date and upon which You intend to rely for any allegation that Charter is or is not entitled to the Safe Harbor under the Digital Millennium Copyright Act, 17 U.S.C. § 512." First, Plaintiffs improperly objected on the basis that this Interrogatory was a "contention interrogatory" "which is appropriate, if at all, only at the conclusion of discovery." Indeed, this Interrogatory requests only the *factual bases* underlying Plaintiffs' own allegation, and is not a contention interrogatory. Second, Plaintiffs further directed Charter "to the documents it will produce in response to Charter's Requests for Production Nos. 27-33, 35-36, 50, 55, 59, and 82." Additionally, it is unclear how, for example, documents "sufficient to demonstrate the specific actions [Plaintiffs] undertook in the last ten (10) years that were intended to reduce" alleged infringement (Request No. 59) would be relevant to this Interrogatory. Additionally, although Plaintiffs have identified Request for Production No. 83 with respect to Bright House's Interrogatory No. 11 as relevant, they have not identified the analogous Request (No. 81) here.

Further, Plaintiffs have indicated in their Responses to the Requests for Production that they are *withholding* some documents relevant to at least Request for Production No. 27, though apparently conceding that such documents are, in fact, relevant to the information sought by Interrogatory No. 11. Moreover, Plaintiffs are required, under Fed. R. Civ. P. 33(d), to specify documents cited under this provision "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Merely identifying the requests pursuant to which documents will be produced is insufficient to meet this obligation. Please confirm that Plaintiffs will provide the information sought by Interrogatory No. 11, and if citing to Rule 33(d), please confirm that Plaintiffs will provide pin cites to documents by bates number once the documents have been produced.

**Responses to Other Requests for Production**



As an initial matter, Plaintiffs make numerous general objections under the guise of objecting to the Instructions and Definitions set forth in Charter's Requests for Production.  These general objections include, for example, "to the extent they seek to impose obligations other than those imposed or authorized" by various rules and "as overly broad and unduly burdensome."  As Plaintiffs are well aware given the case law cited in Plaintiffs' own letter to Charter dated August 15, 2019, Fed. R. Civ. P. 34(b) requires parties to set forth their objections "with specificity."  (2015 Amendment).  Plaintiffs' objections are improper and should be withdrawn.  To the extent Plaintiffs would like to propose a reasonable limitation in time period for specific requests, Charter is willing to consider them on a case-by-case basis.

Plaintiffs also arbitrarily and improperly impose a time period—for every request—of "March 1, 2012 to May 17, 2016 and limit their responses to the requests for production accordingly."  Charter is entitled to all discovery pertaining to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Plaintiffs have not demonstrated that Charter's Requests as a whole do not meet this standard, and thus, this limitation is improper and should be withdrawn.

Further, in response to a number of Requests, including, without limitation, Nos. 20, 21, 27, 34, 41, 46, 47, and 61, Plaintiffs purport to assert attorney-client privilege, then either provide a substantive response or refuse to provide documents on the basis of a litany of other objections.  Please confirm whether Plaintiffs will assert attorney-client privilege over *all* documents responsive to such Requests, except as may be expressly stated in the response, and whether there are any additional, non-privileged documents responsive to the Requests that are being withheld.  If so, please provide the basis for such complete withholding.  Please also provide authority for Plaintiffs' assertion that these legitimate and relevant Requests were "intended to harass and/or unduly burden Plaintiffs," and that Plaintiffs' obligation under the Federal Rules to log responsive documents it is withholding on the basis of privilege is in any way excused.

Additionally, at least the following of Plaintiffs' Responses are deficient or inadequate as described in exemplary manner below.

*Requests No. 1-2*

Request No. 1 pertains to documents sufficient to identify works at issue.  Request No. 2 pertains to full digital copies of all works at issue.  Plaintiffs have pointed to the "non-exhaustive" and "representative" lists of Exhibits A and B to the Complaint, and have offered to produce digital copies of a sample.  It is unclear what this sample will contain, or whether it will sufficiently identify all works at issue.  At this stage of litigation, Plaintiffs should be aware of the Copyright Works at issue, which form the basis of their own claims, and indeed, should have investigated this information prior to bringing suit.  See Fed. R. Civ. P. 11.  Accordingly, and for the reasons described in detail above with respect to related Interrogatories, please confirm that Plaintiffs will be producing all documents and things responsive to these Requests, without limitation.

*Request Nos. 3-5, 8, 14*



August 27, 2019
Page 8

These Requests pertain to communications with the Copyright Office and/or Plaintiffs' ownership and rights to the works at issue.  Plaintiffs have agreed to produce the registration certificate and/or other documents "sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit," but have indicated they will otherwise withhold documents responsive to these Request unless Charter identifies a dispute of ownership.  While a copyright certificate may establish *prima facie* evidence of the validity of a copyright, "[t]he presumption is rebuttable, and does not definitively resolve the ownership issue. *Id*. at 1096 (citing *Entm't. Research Grp., Inc. v. Genesis Creative Grp., Inc*., 122 F.3d 1211, 1217 (9th Cir. 1997); *S.O.S., Inc. v. Payday, Inc*., 886 F.2d 1081, 1085-86 (9th Cir. 1989); *Seiler v. Lucasfilm, Ltd*., 808 F.2d 1316, 1312 (9th Cir. 1986).  Requests related to BMG's ownership of the allegedly infringed copyrights are clearly relevant and within the scope of permissible discovery. See *Lopez Entm't. Grp. v. Telemundo Comm'ns Grp*., No. 130cv05222- FMO (MRWx), 2014 WL 12614474, at *2 (C.D. Cal. Oct. 14, 2014) (precluding evidence of ownership where plaintiff failed to produce materials relevant to their ownership in a timely manner).

Moreover, Charter does not affirmatively have the obligation to identify any challenge of ownership before Plaintiffs produce these documents, and Plaintiffs' attempt to limit the scope of these Requests is without basis.  Plaintiffs also object, for example, in response to Request No. 8, that responsive documents "contain extremely sensitive and confidential business and proprietary information."  This is not a proper basis to withhold documents or limit the scope of Plaintiffs' response, particularly given that such documents can be protected upon entry of a protective order in this case.  Accordingly, please confirm that Plaintiffs will produce all documents and things responsive to these Requests, without limitation.

*Requests Nos. 22-24, 53, 62-65, 81, 84*

Plaintiffs have requested to meet and confer regarding the scope of these Requests.  We look forward to a productive discussion.

*Request No. 25*

This Request pertains to the use of peer-to-peer file sharing sites by Plaintiffs, including to promote the Copyright Works.  Plaintiffs object as "overly broad," including on the basis that there is no "reference to the relevant time period."  Plaintiffs have already included an albeit improper general objection limiting the time period, but contradictorily claim that no time period has been specified.  Plaintiffs are not entitled to use their objections as both a sword and shield to prevent discovery into Requests clearly relevant to the claims and defenses of this case, including Plaintiffs' alleged theories of damages.  Further, Plaintiffs' own use with respect to BitTorrent is relevant to the way in which the Copyright Works were initially made available on BitTorrent technologies, which technologies themselves have noninfringing and legal use.  Please supplement your Responses to confirm that Plaintiffs will produce all documents and things responsive to this Request, without limitation.

*Request No. 27*



This Request pertains to documents relating to Charter and the above-captioned litigation created, received, or sent from 2013 to present.  Plaintiffs have agreed to produce "responsive, non-privileged documents" "concerning Charter and copyright infringement," but refuse to produce documents "responsive only to the part of this request pertaining to the 'above-captioned litigation.'"  To the extent Plaintiffs are refusing to produce responsive, non-privileged documents relating to the above-captioned litigation, please specify on what bases and provide your authority for doing so.

Moreover, Plaintiffs have acknowledged the relevance of Request for Production No. 27, and have identified this Request as seeking documents pertinent to Interrogatory No. 11.  Accordingly, any limitation on this Request is inappropriate.  Please confirm that Plaintiffs will produce all documents and things responsive to this Request, without limitation.

*Request Nos. 29-33, 35*

These Requests pertain to Plaintiffs' allegations of infringement by Charter and/or its subscribers.  In response to each, Plaintiffs have agreed to produce, among other documents and things, "responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit."  Please confirm whether Plaintiffs intend to withhold any documents responsive to the full scope of the request, and if so, specify on what bases and provide the authority for doing so.

*Request No. 39*

This Request pertains to Plaintiffs' attempts to contact individuals Plaintiffs believe have infringed the Copyright Works.  Plaintiffs respond that "this request would require Plaintiffs to produce all documents concerning any effort to identify an attempted infringer of any of the over 10,000 works in suit for all time."  Plaintiffs have not represented that the volume of responsive documents would be voluminous or stated how or why searching for these documents would be burdensome.  Accordingly, Plaintiffs are not excused of their obligations under the Federal Rules to produce responsive discovery.  Please confirm that you will produce all documents and things responsive to this Request, without limitation.  If there are limitations which you would like for Defendants to consider with respect to this Request, please provide that to us.

*Request Nos. 42, 58*

These Requests pertain to documents supporting certain of Plaintiffs' allegations in the Complaint.  Plaintiffs do not state any objections to Request No. 42, but nevertheless seek to limit its scope to "notices of infringement…related to the copyrighted works in suit and were sent to Charter."  This limitation is inappropriate, particularly given that Plaintiffs have not asserted any objection.

With respect to Request No. 58, Plaintiffs object as premature and because "it seeks documents not in Plaintiffs' possession, custody or control," and refuse to produce documents responsive only to this Request.  Plaintiffs' assertions, and the factual bases underlying those assertions, as made in the Complaint are highly relevant, and, if anyone, *Plaintiffs* should have discoverable information regarding their own allegations.  Please confirm either that Plaintiffs have no responsive documents, or supplement



your Responses to confirm Plaintiffs will produce all responsive documents and things, without limitation.

*Request No. 44*

This Request pertains to Charter's actions with respect to its subscribers' Internet service following allegations of copyright infringement, and the subsequent status of those subscribers' accounts (terminated, suspended, etc.). Plaintiffs have responded that they "do not understand this request." It is unclear why this Request is confusing to Plaintiffs, but to the extent Plaintiffs still do not understand, Charter would like to meet and confer regarding the scope of this Request.

*Request Nos. 45, 52*

These Requests pertain to Charter's ability to take action against its subscribers in response to allegations of copyright infringement. Plaintiffs have refused to produce documents responsive only to these Requests, but it is unclear on what basis Plaintiffs are withholding relevant discovery. Charter would like to meet and confer regarding Plaintiffs' refusal to produce documents responsive to these Requests.

*Request Nos. 46-47, 51*

These Requests pertain to Plaintiffs' efforts to enforce their Copyright Works against alleged infringers. Plaintiffs have refused to produce documents responsive only to these Requests, but it is unclear on what basis Plaintiffs are withholding relevant discovery. Charter would like to meet and confer regarding Plaintiffs' refusal to produce documents responsive to these Requests.

*Request Nos. 49, 68-75*

These Requests pertain to the policies and practices of online service providers, and/or industry practices with respect to copyright infringement, including CAS. Plaintiffs have refused to produce documents responsive to these Requests. For the reasons described above, such documents are relevant to show the industry standard during Plaintiffs' claim period, and what was considered reasonable and/or acceptable in the industry with respect to termination or suspension of subscribers following allegations of copyright infringement. Please confirm that Plaintiffs will produce all documents and things responsive to these Requests, without limitation.

*Request Nos. 54-56, 60, 67, 76-82*

These Requests pertain to the involvement of third parties and/or other tools utilized for identifying alleged infringers of the Copyright Works, and/or generating notices of infringement. Plaintiffs have either limited the scope of the Request, or have indicated that they will not produce documents responsive only to these Requests. It is unclear on what basis Plaintiffs are withholding relevant discovery. To the extent Plaintiffs intend to completely or partially withhold documents, please provide the basis for doing so. Charter would like to meet and confer regarding these Requests.

*Request No. 66*



August 27, 2019<br>Page 11

This Request pertains to the reliability of the MarkMonitor system.  Plaintiffs have agreed to provide responsive documents from January 2013 to May 2016, the claim period.  There is, however, no basis for such a time limitation.  To the extent that there are documents outside of this time period relating to the reliability and/or efficacy of the MarkMonitor system, including any audits or technical assessments, such documents are highly relevant to the claims and defenses at issue in this case.  Please supplement your responses to confirm that Plaintiffs will produce all responsive documents and things, without limitation.

*Request No. 83*

Request No. 83 pertains to all documents relied upon in answering any Interrogatory in the above-captioned litigation.  Plaintiffs respond that they will "produce responsive, non-privileged documents, if any, to the extent and on the schedule provided by Federal Rule of Civil Procedure 33(d)."  The scope of this Request encompasses not only documents identified by Plaintiffs pursuant to 33(d) in response to an Interrogatory, but also all documents relied upon in drafting *any* of Plaintiffs' Responses to *any* Interrogatory.  Please confirm that Plaintiffs will supplement their Responses to indicate they will produce all responsive documents and things, without limitation.

\*\*\*

Please let us know when you are available to discuss these issues, as well as the issues raised by your August 15 letter, and Charter's corresponding response letter served concurrently.  We look forward to hearing from you soon.

Very truly yours,

*[signature]*

Shilpa Coorg