# Exhibit 12

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Neema T. Sahni

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T  +1 424 332 4757
nsahni@cov.com

*By Electronic Mail*                                                                December 13, 2019

Erin Ranahan
Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
T: (213) 615-1700
F: (213) 615-1750
eranahan@winston.com

    Re: *Warner Records, Inc., et al. v. Charter Communications, Inc.*, D. Colo. Case No.: 19-cv-00874-RAJ-MEH

Counsel:

  We write to respond to your letter of December 12[1] demanding that Plaintiffs commit, no later than December 13, to produce a wide array of documents for 110 works in suit by December 30.

  Magistrate Judge Hegarty's Order permitting Charter to identify a sample set of 110 works in suit for which Plaintiffs would be required to produce additional chain-of-title documentation was issued on October 29.[2]  Plaintiffs will comply with the Court's Order, but it is patently unreasonable for Charter to spend *over six weeks* identifying the works it wishes to be included in the sample, and then demand that Plaintiffs produce the requested documents in just *eighteen days*, in the middle of the holidays.  It is similarly unreasonable for Charter to demand a response to this arbitrary deadline within one day, giving us virtually no time to confer with our client representatives regarding the request.  The timing of your request, and your threat to immediately take this matter back to Judge Hegarty—during a Discovery Conference that *Plaintiffs* requested to address deficiencies in Charter's production—is thus wholly improper.

  Notwithstanding that, Plaintiffs are working diligently to review Charter's request; we expect Plaintiffs will be able to produce the requested documents by the end of January, if not sooner, and will keep you apprised of any developments affecting that timeline.  As you are

---

[1] Although your letter is erroneously dated December 11, it was emailed to us on December 12.

[2] Plaintiffs maintain that the additional documentation Charter seeks is unnecessary, irrelevant, and unduly burdensome, and that the copyright registration and basic chain of title information Plaintiffs have agreed to provide is more than sufficient to establish their *prima facie* ownership of the works in suit.

**COVINGTON**

Erin Ranahan
December 13, 2019
Page 2

aware, Plaintiffs' deadline to join new parties is January 6, 2020, and their deadline to amend their exhibits to the complaint is January 15, 2020. In light of these deadlines and the holidays, we are confident the Court will be comfortable with this timeline for producing the voluminous documentation demanded for the works that Charter identified for the first time just yesterday.

To the extent you are concerned that this timing jeopardizes Charter's ability to comply with the March 2020 discovery deadline, we are willing to discuss modest modifications to that schedule to accommodate the time Plaintiffs reasonably require to produce the documentation Charter requests.

Sincerely,

*/s/ Neema T. Sahni*
Neema T. Sahni
Mitchell A. Kamin
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

*Attorneys for Plaintiffs*

CC:   Matthew J. Oppenheim (matt@oandzlaw.com)
      Scott A. Zebrak (scott@oandzlaw.com)
      Jeffrey M. Gould (jeff@oandzlaw.com)