# Exhibit 15

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Neema T. Sahni

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T  +1 424 332 4757
nsahni@cov.com

*Via Electronic Mail*                                            January 23, 2020

Magistrate Judge Michael E. Hegarty
Alfred A. Arraj United States Courthouse
Courtroom A-501, 5th Floor
901 19th Street
Denver, CO 80294
*hegarty_chambers@cod.uscourts.gov*

Re:   ***Warner Records, Inc., et al. v. Charter Communications, Inc.***, D. Colo. Case No.: 19-cv-00874-RBJ-MEH

Dear Judge Hegarty:

We write on behalf of Plaintiffs in the above-captioned case to provide an update on Plaintiffs' production of two categories of documents currently due January 27, 2020, and to apprise the Court of the parties' discussions regarding global modifications of the case schedule.

During the December 17, 2019 discovery hearing, Your Honor set a due date of January 27, 2020 for Plaintiffs' production of (1) the "ownership" documentation sought by Charter pertaining to a sample of 110 works identified by Charter, and (2) digital copies of the works in suit. We have been working diligently to collect these materials, but the volume and complexity of each category makes it unlikely that we will be able to meet that date. Plaintiffs therefore respectfully propose a revised schedule below for these productions. Plaintiffs informed Charter of these issues this week.

Relatedly, the parties are discussing extensions all case deadlines for the Court's consideration in order to account for the outstanding discovery disputes and state of discovery generally (*e.g.*, Charter has produced 30 documents to date and neither party has taken a deposition).

***Ownership Sample.*** Immediately after receiving Charter's letter, dated December 11, 2019, identifying 110 works and the four categories of documents sought for such works, we alerted our clients to Charter's request, and have been working assiduously to collect these materials since. Notwithstanding our clients' substantial efforts, this process will require an additional week to complete for several reasons.

*First*, as Your Honor is aware from Plaintiffs' December 16 letter and discussion during the December 17 hearing, these materials are quite onerous to identify, collect and produce. The production includes an extremely broad universe of "ownership" documentation that, simply put, takes substantial time to identify, collect, and prepare for production. The production will

**COVINGTON**

Judge Michael E. Hegarty
January 22, 2020
Page 2

include copyright certificates, chain-of-title documentation, a range of work-for-hire agreements, and communications that require manual search and review to identify.

*Second*, as explained at the December 17 Discovery Conference, many of the Plaintiffs' key client representatives were involved in the multi-week *Sony v. Cox* trial through most of December, following which Plaintiffs' offices were closed entirely for the holidays.  Moreover, the individuals responsible for this collection also were occupied with meeting the January 15 deadline for amending the works-in-suit lists that are Exhibits A and B to Plaintiffs' Complaint. Nevertheless, Plaintiffs have been working diligently to collect and review all of the requested documents, and expect to make a substantial production this week.

Accordingly, for this category of discovery, Plaintiffs respectfully request a one-week extension of the current deadline to **February 3, 2020**.[1]  Plaintiffs correspondingly request that the Court continue the Discovery Conference currently set for February 12, 2020, at which this production was to be discussed, by one week to **February 19, 2020**—or to such other date thereafter as may be convenient to the Court—so that Charter will have the same amount of time to review Plaintiffs' production.

***Digital Copies of Works-in-Suit.***  The production of digital copies of the recordings at issue in this lawsuit has also proven more time consuming than anticipated, given the sheer number of recordings to be produced and the process for confirming production of the correct recording.  We expect to produce a substantial number of digital copies by January 27, but will not be able to produce all of the materials by that date.

Accordingly, Plaintiffs respectfully request the Court extend the production deadline for these materials to **March 16, 2020**.

Charter has previously suggested it would be amenable to a longer timeline for these productions, so long as (1) it has sufficient time thereafter to seek additional discovery as needed before the fact discovery deadline (currently, March 31, 2020), and (2) its experts have sufficient time to conduct any necessary analyses before their expert reports are due (currently, the expert disclosure deadline is March 13, 2020).

As Your Honor is aware, the parties have several outstanding discovery disputes that have yet to be resolved.  Additionally, Charter has produced only 30 documents (compared to the hundreds of thousands produced by Plaintiffs), Charter has yet to state whether it intends to plead a DMCA safe-harbor defense that will expand and extend discovery, and neither party has taken any depositions to date.  Accordingly, based on the current status of discovery and

---

[1] Because Charter is demanding actual copyright certificates for these works, rather than Copyright Office website printouts reflecting claimant and registration information, Plaintiffs have needed to obtain certificates for certain works from the Copyright Office.  As Plaintiffs have already told Charter, they have no control over how long it takes for the Copyright Office to provide the requested certificates, so a small number of certificates may be produced after this date based on when they are received by Plaintiffs.

**COVINGTON**

Judge Michael E. Hegarty
January 22, 2020
Page 3

pleadings to date, Plaintiffs and Charter are discussing a global extension of all case deadlines for consideration by the Court.[2]

                                                                                              Respectfully submitted,

                                                                                             */s/Neema T. Sahni*
                                                                                             Neema T. Sahni

CC:    Counsel of Record

---

[2] When the prospect of extending the discovery deadline was raised during the Discovery Conference—by Defendants' counsel—the Court agreed that it was "looking very unlikely" that the current schedule would hold.  Transcript of December 17, 2019 Discovery Conference, 109:21-25.