# Exhibit 20

| | |
|---|---|
| **From:** | Ranahan, Erin R. |
| **Sent:** | Sunday, February 09, 2020 3:33 PM |
| **To:** | Ehlers, J. Hardy |
| **Cc:** | Kamin, Mitchell A; Sperling, Jonathan; Sahni, Neema T; Lampros, Nicholas M.; O'Neill, Megan; Jeff Gould; Scott Zebrak; Matt Oppenheim; Coorg, Shilpa A.; Ellis, Emily; Skopec, Allison N.; Elkin, Michael S.; Spitzer, Seth E.; Golinveaux, Jennifer A.; Lane, Thomas Patrick; Alvarez, Cesie |
| **Subject:** | RE: Warner Records Inc. et al. v. Charter Communications, Inc. |

Hardy,

In a December 13, 2019 letter, Ms. Sahni indicated that Plaintiffs were "willing to discuss" "modifications" to the case schedule given the timing issues with respect to Plaintiffs' ownership production.   I made repeated inquiries and attempts to have this discussion following that email, but it was not until nearly two months later, on January 31, that Plaintiffs provided a "take it or leave it" proposal with two options that only took into account Plaintiffs' desire to (once again) attempt to get Charter to provide a premature pleading on one of Charter's affirmative defenses.  It is Plaintiffs that sought to and did extend the time to amend their complaint and Exhibits, so it is unclear why now Plaintiffs are impatient with the time the Federal Rules allow for Charter to respond.

Plaintiffs' proposal ignored any of the other scheduling issues and gave no indication that Plaintiffs were interested in a "discussion" or meet and confer about any longer schedules.  In any event, if Plaintiffs are willing to engage in a meaningful discussion about the parties' mutual scheduling needs, including potentially agreeing to a schedule between what we have proposed and your longer proposed schedule below, please let us know.  We are available for a meet and confer discussion about this tomorrow, Monday, at 11am pst or 3pm pst, or Tuesday at 3pm pst.

Regards,

-Erin

**Erin R. Ranahan**
Partner
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

---

**From:** Ehlers, J. Hardy <JEhlers@cov.com>
**Sent:** Saturday, February 8, 2020 2:16 PM
**To:** Ranahan, Erin R. <ERanahan@winston.com>
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; O'Neill, Megan <MONeill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Coorg, Shilpa A. <SCoorg@winston.com>; Ellis, Emily <EEllis@winston.com>; Skopec, Allison N. <ASkopec@winston.com>; Elkin, Michael S. <MElkin@winston.com>; Spitzer, Seth E. <SSpitzer@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Lane, Thomas Patrick <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>
**Subject:** RE: Warner Records Inc. et al. v. Charter Communications, Inc.

Erin:

We are disappointed that Charter has chosen to respond to Plaintiffs' proposed extensions to the case schedule by immediately moving the Court for a different schedule, rather than conferring with us (at all) to endeavor to agree on one schedule to present for the Court's approval.  Both parties indicated to the Court that they would do so.  See Plfs.' Jan. 23, 2020 Ltr. at 3; Def.'s Jan. 31, 2020 Ltr. at 1.  Choosing to file a motion rather than conferring with us on our proposal—and demanding our position on that motion within one day, on a Saturday, a week after we sent you our proposal—also falls well short of the "sincere, good faith effort to resolve disputes before filing a motion" required by the Court's practice standards.  Practice Standards, Hon. R. Brooke Jackson, at 1.

If Charter intends to proceed in this fashion, Plaintiffs will oppose your forthcoming motion, submit our proposal below for the Court's consideration, and request the Court to require Charter to disclose whether it will assert a safe-harbor defense.  While Plaintiffs continue to believe that some extensions of the case schedule are warranted, there is no good cause to move the trial date by over a year, for reasons we will detail in our opposition.  Please include this correspondence in your Motion should you file one.

Thanks,

Hardy

---

**From:** Ranahan, Erin R. <ERanahan@winston.com>
**Sent:** Friday, February 7, 2020 8:39 AM
**To:** Ehlers, J. Hardy <JEhlers@cov.com>
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; O'Neill, Megan <MONeill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Coorg, Shilpa A. <SCoorg@winston.com>; Ellis, Emily <EEllis@winston.com>; Skopec, Allison N. <ASkopec@winston.com>; Elkin, Michael S. <MElkin@winston.com>; Spitzer, Seth E. <SSpitzer@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Lane, Thomas Patrick <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>
**Subject:** RE: Warner Records Inc. et al. v. Charter Communications, Inc.

**[EXTERNAL]**
Hardy,

Thank you for providing the proposals. We believe more time is required for this case, including based on the complexity of the issues, the number of Plaintiffs, the number of relevant third parties, the state of the pleadings, and the state of discovery on both sides. Therefore, we intend to move the Court pursuant to FRCP 16(b)(4) to extend the schedule so that trial takes place late next year, or in or about December 2021 (about 8 months after your longer proposal).

Please let us know by tomorrow if you will oppose this motion.

As to your separate inquiry, as we have previously indicated, including by letter from Michael Elkin on November 20, 2019, we have not yet determined whether Charter will assert a DMCA safe harbor defense.  Charter will do so as required by the Federal Rules.  In any event, our proposal will provide you the time you need to conduct discovery regardless of whether Charter asserts the safe harbor defense.

Regards,

-Erin

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

---

**From:** Ehlers, Hardy J. <JEhlers@cov.com>
**Sent:** Friday, January 31, 2020 10:54 AM
**To:** Ranahan, Erin R. <ERanahan@winston.com>; Coorg, Shilpa A. <SCoorg@winston.com>; Ellis, Emily <EEllis@winston.com>; Skopec, Allison N. <ASkopec@winston.com>; Elkin, Michael S. <MElkin@winston.com>; Spitzer, Seth E. <SSpitzer@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Lane, Thomas Patrick <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; O'Neill, Megan <MONeill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Subject:** Warner Records Inc. et al. v. Charter Communications, Inc.

Erin,

We're writing to follow up on the parties' discussions to extend the case schedule in the *Charter* case. Initially, we contemplated a schedule that extends the discovery period (and all corresponding case deadlines) by a period of roughly three months. The challenge in putting together a schedule that allots sufficient time for the parties to complete discovery, however, is that Plaintiffs still do not know whether Charter intends to assert a safe harbor defense under the DMCA. Whether Charter asserts the safe harbor will have a direct impact on the scope of discovery and the corresponding period of time required to complete discovery. We think it would be highly inefficient to agree to a schedule now, only to have to go back to the Court once again for additional time if and when Charter later asserts that defense.

Accordingly, we propose two schedules below—one premised on Charter not asserting the safe harbor, and one premised on Charter asserting that defense. Once you let us know which path Charter intends to take, we can finalize a final proposed schedule. If Charter remains unwilling to cooperate on this basic case-management issue, Plaintiffs will present both proposals to the Court and explain why it is necessary for Charter to take a position on safe harbor now.

Please let us know your client's position on safe harbor, and whether the corresponding schedule below works.

**Proposed revised schedule if Charter does not assert a DMCA safe harbor defense:**
- Substantial completion of document productions – [no current date] → May 11, 2020
- Deadline to serve written discovery requests – February 26, 2020 → June 15, 2020
- Deadline to designate experts – March 13, 2020 → July 13, 2020
- Fact Discovery Close – March 31, 2020 → July 27, 2020
- Deadline to designate rebuttal experts – April 13, 2020 → August 13, 2020
- Expert Discovery Close – May 15, 2020 → September 14, 2020
- Dispositive Motions Deadlines – June 11, 2020 → October 23, 2020
- Trial Preparation Conference – October 2, 2020 → January 11, 2020
- Trial – November 2, 2020 → February 8, 2021

**Proposed revised schedule if Charter does assert a DMCA safe harbor defense:**
- Substantial completion of document productions – [no current date] → July 1, 2020
- Deadline to serve written discovery requests – February 26, 2020 → August 19, 2020

3

- Deadline to designate experts – March 13, 2020 → September 14, 2020
- Fact Discovery Close – March 31, 2020 → September 25, 2020
- Deadline to designate rebuttal experts – April 13, 2020 → October 13, 2020
- Expert Discovery Close – May 15, 2020 → November 16, 2020
- Dispositive Motions Deadlines – June 11, 2020 → December 21, 2020
- Trial Preparation Conference – October 2, 2020 → February 12, 2021
- Trial – November 2, 2020 → April 12, 2021

Thanks,

Hardy

### J. Hardy Ehlers

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4778 | jehlers@cov.com
www.cov.com

## COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.