## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

       Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

       Defendant.

---

## PLAINTIFFS' RESPONSE TO DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO AMEND THE SCHEDULING ORDER

---

Plaintiffs respectfully submit this response to Defendant Charter Communications, Inc.'s ("Charter") Motion to Amend the Scheduling Order (ECF No. 128).  Though Plaintiffs agree with Charter that *some* extension to the case schedule is warranted, Plaintiffs disagree with the year-long extension that Charter seeks.  Plaintiffs propose in this response two alternative schedules, with modest extensions of three to five months.

Plaintiffs' proposed schedules are proportional to the case and the current state of discovery.  One proposed schedule extends trial from November 2020 to February 2021, and is premised on Charter *not* asserting a safe-harbor defense under the Digital Millennium Copyright Act ("DMCA"); the other extends trial to April 2021, and is predicated on Charter asserting such a safe-harbor defense, which implicates meaningful additional discovery.  That threshold issue materially impacts the scope of fact discovery that will be needed.  Charter has refused to answer whether it will assert the defense, even for the contributory infringement claim it has not moved

to dismiss.

While a modest scheduling extension is warranted—primarily due to Charter's own discovery failures, as it has produced only 72 documents to date (in stark contrast to the *over one million documents* Plaintiffs have produced)—there is simply no good cause for a 12-month delay.  Charter cannot rely on its *own* lack of diligence to delay this case by a year.  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (good cause "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts" (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014))).

The currently operative case schedule—under which trial would commence 20 months from the filing of the Complaint—was negotiated and set while counsel for all parties were completing litigation of a case nearly identical to this one in all material metrics:  the number of parties, number of works in suit, and complexity of legal issues.  That case—*Sony Music Entm't v. Cox Comm'ns Inc.*, No 1:18-cv-00950 (E.D. Va.)—was fully litigated and completed, from the filing of the complaint through discovery, summary judgment, and a three-week jury trial that resulted in a verdict, in 17 months.  Contrary to Charter's portrayal, this case has not become any more complex or time consuming since the parties agreed to the current schedule last year:  the legal claims are the same as when this case was filed, the 11 new plaintiffs (out of 66) that were recently added are simply affiliated companies of the original plaintiffs, and Plaintiffs' recent amendment of the works in suit lists *decreased the number of works at issue*.

As further explained below, the Court should require Charter to state whether it is asserting a safe-harbor defense and then adopt the corresponding case schedule that Plaintiffs have proposed.

## BACKGROUND OF SCHEDULING DISCUSSIONS

The currently operative Scheduling Order was jointly submitted by Plaintiffs and Charter in June 2019, and included a mutually agreed upon schedule that set the deadlines for fact and expert discovery in March and May 2020, respectively, and the deadline for dispositive motions in June 2020.  ECF No. 42, 44.  The Court then set trial for November 2020, predicated on this jointly agreed schedule.  ECF No. 51.  Discovery commenced, and during the course of the parties' meet-and-confers on discovery issues, Plaintiffs repeatedly asked Charter—in calls throughout the fall of 2019 and in a formal letter on November 13, 2019—whether it intended to assert a safe-harbor defense under the DMCA.  *See* Sahni Decl. Ex. A.  Charter refused to answer.  *Id.* Ex. B.

Last month, the parties began to discuss extensions to the case schedule.  On January 31, 2020, Plaintiffs proposed two revised schedules—one premised on Charter not asserting the safe harbor, and one premised on Charter asserting that defense.  ECF No. 128-17.  Charter again refused to disclose its position on the safe harbor and declared its intent to seek an extension of the trial date to December 2021—"about 8 months after [Plaintiffs'] longer proposal."  *See* ECF No. 128-19.  The parties conferred but could not reach agreement.  *See* ECF No. 128-21, 128-22, 128-3.

## ARGUMENT

I.     **THE COURT SHOULD ADOPT A MODEST, THREE-TO-FIVE MONTH EXTENSION TO THE CASE SCHEDULE.**

Good cause exists for a modest, three-to-five month extension to the operative case schedule, in light of the state of discovery.  *See* Fed. R. Civ. P. 16(b)(4) (requiring "good cause" to amend scheduling order); Scheduling Order § 13, ECF No. 44 (same).  To date, Charter has

produced *just 72 documents* in response to the 24 document requests that Plaintiffs served *eight months ago*. Plaintiffs therefore lack documents about key factual issues in the case, including, for example: Charter's policies regarding copyright infringement, actions it took in response to copyright infringement notices, and the financial benefits Charter derived from tolerating infringing activity by its subscribers. Without these documents, Plaintiffs cannot prepare for and take depositions, or draft targeted interrogatories and requests for admission.

And while Plaintiffs have been working diligently to meet their discovery obligations (including by producing over a million documents), certain of those obligations are manifestly time consuming, and have proven even more time consuming than anticipated. *See* Pls.' 1/23/2020 Ltr. to Judge Hegarty, ECF No. 128-16 (explaining volume and complexity of collections for "ownership" documentation sought by Charter pertaining to a sample of 110 works identified by Charter, and digital copies of the works in suit). During the December 17, 2019 discovery conference, Magistrate Judge Hegarty recognized that it was "looking very unlikely" that the current discovery cutoff would hold. 12/17/2019 Hr'g Tr. 109:21-25, ECF No. 128-14.

Plaintiffs have developed two alternative schedules (attached hereto) that are proportional to the needs of the case and take into account the current state of discovery. Plaintiffs propose two alternatives because the time required to complete discovery will depend on whether Charter intends to assert a safe-harbor defense. If it does, the scope of discovery into infringement occurring on Charter's networks will materially expand. For example, to be eligible for a safe harbor, Charter will have to prove that it has "adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that

provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers." 17 U.S.C. § 512(i). Discovery into whether Charter has adopted, reasonably implemented, and informed its subscribers of a repeat-infringer policy will necessarily go beyond the infringing subscribers named in Plaintiffs' notices. But Charter has to date resisted any discovery that extends this far, which, if it asserts a safe-harbor defense, would prejudice Plaintiffs' ability to effectively rebut that defense.[1]

Charter has taken the position that it need not disclose whether it will assert a safe-harbor defense until it files its answer, after the Court decides its pending motion to dismiss *one* of Plaintiffs' two causes of action, *see* R. & R. Denying Def.'s Mot. to Dismiss, ECF No. 71; Def.'s Obj. to R. & R., ECF No. 81. But that is simply an excuse to avoid an orderly discovery process and delay these proceedings. It makes no sense to further delay Charter's assertion of affirmative defenses on at least the contributory infringement claim, which it has never even sought to dismiss.

Plaintiffs request that the Court require Charter to state now whether it will assert a safe-harbor defense, and, based on Charter's response, adopt one of the two schedules attached hereto. The schedules ensure trial within either 23 or 25 months of filing, and this Court has previously indicated that an amended scheduling order should ensure a trial date within two

---

[1] Charter represented during the February 19, 2020 discovery conference that it does not possess ticket data for infringements occurring in the first two years of the claim period. Tr. 115:4–12, Sahni Decl. Ex. C. Based on this, it is hard to imagine how Charter could assert and prove that it "adopted and reasonably implemented" the repeat-infringer policy necessary to prove a safe-harbor defense, suggesting that Plaintiffs' shorter proposed schedule should be more than sufficient.

years of the initial filing, to avoid "possible inconvenience to the District Court" and to

"maintain[] judicial economy and efficiency."  *Cutting v. United States ex rel. Evans Army Cmty.*

*Hosps.*, No. 07-cv-02053-REB-MEH, 2008 WL 4527708, at *3 (D. Colo. Oct. 3, 2008)

(Hegarty, J.).

## II.   CHARTER HAS FAILED TO SHOW GOOD CAUSE FOR THE YEAR-LONG EXTENSION IT SEEKS.

Charter cannot show good cause for the year-long extension it seeks.[2]  Charter lists three

purported bases to extend the trial date this long:  "[1] early stage of the pleadings, [2] the

complexity and needs of the case, and [3] ongoing discovery delays."  Def.'s Mot. 15.  None of

these constitutes good cause.

Charter first contends that amendments to the complaint and to the works in suit lists

warrant significant delay.  *Id.*  But Plaintiffs' First Amended Complaint ("FAC"), filed in

January, did not make any changes to the substantive or factual allegations of the original

Complaint, or the causes of action alleged.  *See* Redline of Changes to Complaint, ECF No. 109-

1.  The FAC added 11 plaintiff entities—all of which are affiliated with the original 55[3]—and

made minor changes to the names of others.  *Id.*  These changes have no effect whatsoever on

---

[2] Charter spends the bulk of its Motion making unfounded characterizations about the nature of this case, the relief that Plaintiffs seek, and the case history here, and uses its Motion as an improper vehicle to rehash settled discovery disputes.  In fact, the Motion does not address the governing "good cause" standard until the fifteenth page, and is 22 pages total, in violation of Judge Jackson's 15-page limit for motions.  Judge Jackson's Practice Standards (rev. 12/1/2019) at 3; Judge Jackson's Practice Standards (before 12/1/2019) at 2.  Plaintiffs disagree with the entirety of Charter's prefatory mischaracterizations, but focus here only on whether Charter met its burden of showing good cause for a year-long extension.

[3] As Plaintiffs have repeatedly explained and Charter well knows, the 66 specific plaintiff entities in this case are organized and grouped into six umbrella plaintiff groups.

Charter's substantive defense of this case, or on the scope of discovery.[4]

The only burden that Charter suggests could flow from this amendment is that it will need to take 11 additional depositions.  Def.'s Mot. 16.  This is specious.  Absent further amendments to the discovery plan, each side is limited to 20 depositions, *see* ECF No. 44 at 8, and even if the limit were somehow increased, Plaintiffs' proposed three-to-five month extensions more than accommodate that.  *See Ambraziunas v. Bank of Boulder*, 846 F. Supp. 1459, 1467 (D. Colo. 1994) (cited at Def.'s Mot. 16; extending a discovery cut-off date by *two months* in response to the *addition of 17 plaintiffs*).[5]

Similarly, Charter's argument that Plaintiffs' recent amendments to the works in suit lists justify a year-long trial delay is without merit.  Those amendments were specifically contemplated by the joint schedule submitted by the parties last June, *see* ECF No. 44; in other words, Charter has *always* known Plaintiffs would be amending their works in suit lists by January 15, 2020, and nevertheless agreed to a schedule 12 months shorter than that which it

---

[4] To the extent there remains any uncertainty over the state of the pleadings, that is entirely Charter's fault.  Following Plaintiffs' non-substantive amendments, Charter asked the Court to have its pending motion to dismiss denied as moot, undoing months of briefing and a well-reasoned Recommendation by the Magistrate Judge.  *See* Def.'s Obj. to R. & R., ECF No. 81; Def.'s Statement of Non-Opposition to Plaintiffs' Mot. for Leave to File an Am. Compl., ECF No. 112.  Charter cannot use the mere fact of an amended pleading, that made no substantive changes—or its own improper attempt to restart the clock on its fully briefed motion to dismiss—as an excuse for a 12-month delay.

[5] None of the cases that Charter cites supports its argument that the addition of Plaintiffs alone justifies a *12-month* delay.  *See Cutting*, 2008 WL 4527708, at *2 (cited at Def's Mot. 16; recommending a seven-month delay of a medical malpractice trial because, among other reasons, it remained *unresolved whether new parties would be added*, pending receipt of medical records from Bulgaria and resolution of disputes concerning medical testing and examinations); *Thornton v. Davita Healthcare Partners, Inc.*, No. 13-cv-00573-RBJ-KMT, 2013 WL 5567560, at *2 ( D. Colo. Oct. 8, 2013) (cited at Def.'s Mot. 16; noting that responding to 150 discovery requests and proceeding with more than 40 depositions is more than the "ordinary burdens of litigation," and weighed in favor of staying discovery until resolution of the motion to dismiss).

presently seeks.  Moreover, Plaintiffs' amendments *decrease* the total number of works in suit—thereby *reducing* the scope of discovery and trial—and thus cannot possibly justify a lengthy delay.

Next, Charter argues generally that the "complexity of the case" and "discovery delays" warrant a significant extension.  Def.'s Mot. 15–17.  However, the complexity of this case has not increased since it was first filed, and to the extent Charter will need to "conduct discovery in connection with the large number of Plaintiffs and third-parties," *id.* at 16, that is not a new development.  *See Tesone*, 942 F.3d at 988 (good cause to amend a scheduling order typically requires showing that "the need for more time was neither foreseeable nor [the movant's] fault").  Nor does Charter explain how this case is any more complex than the similar *Sony v. Cox* litigation, which was fully litigated by the same defense firm, beginning to end, in 17 months—a fraction of the time Charter proposes here.[6]

Furthermore, while Charter contends that Plaintiffs' production delays warrant a lengthy extension, it ignores the fact that Plaintiffs have produced *over a million* documents, while Charter has produced *only 72*.  Charter has already demonstrated it will delay producing documents as long as possible.  If given the extra year it seeks, Charter will no doubt delay producing documents even longer to Plaintiffs' prejudice.  In any event, Charter's purported concern about the timing of Plaintiffs' productions is disingenuous:  Plaintiffs' proposed schedules include substantial production completion dates, and to the extent Charter is concerned

---

[6] Charter's unexplained 12-month delay appears to be an attempt to delay trial in this case until after Cox's appeal of the $1 billion jury verdict against it; that is not a proper basis for seeking such a lengthy delay.  *See* Jury Verdict, ECF No. 669, *Sony Music Entm't*, No. 1:18-cv-00950 (E.D. Va. Dec. 19, 2019).

that Plaintiffs will not produce certain categories of documents until right before that deadline—

an unfounded fear given that Plaintiffs (unlike Charter) have been making rolling productions for

months—the proper recourse is to include interim deadlines for producing those categories,

which Plaintiffs' proposed schedules also provide.

## **CONCLUSION**

For these reasons, the Court should require Charter to state now whether it will assert a

safe-harbor defense, and, based on Charter's response, adopt one of the two proposed schedules

attached hereto.


Dated:  February 27, 2020          */s/ Mitchell A. Kamin*
                                   Mitchell A. Kamin
                                   Neema T. Sahni
                                   Mark Chen
                                   Nicholas M. Lampros
                                   COVINGTON & BURLING LLP
                                   1999 Avenue of the Stars, Suite 3500
                                   Los Angeles, CA 90067-4643
                                   Telephone: (424) 332-4800
                                   mkamin@cov.com
                                   nsahni@cov.com
                                   mychen@cov.com
                                   nlampros@cov.com

                                   Jonathan M. Sperling
                                   William O'Neill
                                   COVINGTON & BURLING LLP
                                   The New York Times Building
                                   620 Eighth Avenue
                                   New York, NY 10018-1405
                                   Telephone: (212) 841-1000
                                   jsperling@cov.com
                                   woneill@cov.com

                                   Megan M. O'Neill
                                   COVINGTON & BURLING LLP

850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

**PLAINTIFFS' PROPOSED SCHEDULES**

| | | No DMCA Safe Harbor Defense | Yes DMCA Safe Harbor Defense |
|---|---|---|---|
| Deadline | Original Date | Revised Date | Revised Date |
| Charter's Production of All Documents Ordered by the Court on February 19, 2020 (*see* ECF No. 129) | Not included in Scheduling Order | March 16, 2020 | March 16, 2020 |
| Completion of Production of Documents Parties Have Already Agreed to Produce Pursuant to Initial Discovery Requests | Not included in Scheduling Order | April 10, 2020 | May 11, 2020 |
| Completion of Production of Plaintiffs' Ownership Documents | Not included in Scheduling Order | April 10, 2020 | June 11, 2020 |
| Completion of Production of Financial/Licensing Information to the Extent Ordered by Court (including if BHN Production Deemed Usable) | Not included in Scheduling Order | April 10, 2020 | June 18, 2020 |
| Substantial Completion of Document Productions (for requests served at least 45 days prior) | Not included in Scheduling Order | May 11, 2020 | July 1, 2020 |
| Deadline to Serve Written Discovery | February 26, 2020 | June 15, 2020 | July 15, 2020 |

| Last Date to File Motion to Compel/Seek Relief from Court on Fact Discovery Issues | Not included in Scheduling Order | July 13, 2020 | August 31, 2020 |
|---|---|---|---|
| Deadline to Designate Experts | March 13, 2020 | July 13, 2020 | September 14, 2020 |
| Close of Fact Discovery (Including Party and Third-Party Depositions) | March 31, 2020 | July 27, 2020 | September 25, 2020 |
| Deadline to Designate Rebuttal Experts | April 13, 2020 | August 13, 2020 | October 13, 2020 |
| Close of Expert Discovery | May 15, 2020 | September 14, 2020 | November 16, 2020 |
| Deadline for Dispositive Motions | June 11, 2020 | October 23, 2020 | December 21, 2020 |
| Trial Preparation Conference | October 2, 2020 | January 11, 2021 | February 12, 2021 |
| Trial | November 2, 2020 | February 8, 2021 | April 12, 2021 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 27, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin