IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

**PLAINTIFFS' BRIEF ON THE EFFECT OF AN ERRONEOUS WORK-FOR-HIRE DESIGNATION ON A COPYRIGHT REGISTRATION**

At the conclusion of the February 19, 2020 conference, the Court ordered the parties to file simultaneously briefs on the issue of the impact of designating a work as one for hire on a copyright registration if there is no work-for-hire agreement produced, or if the work-for-hire designation is determined to be erroneous. *See* Courtroom Minutes (Dkt. No. 129). Accordingly, Plaintiffs, by and through undersigned counsel, hereby submit this Brief on the Effect of an Erroneous Work-For-Hire Designation on a Copyright Registration.

## ARGUMENT

In its February 17, 2020 Submission, Charter asserts that, in its review of the 110-work sample, it discovered that "nine works [in the sample were] inaccurately registered as 'made for hire.'" Charter's Feb. 17, 2020 Submission at 3. Charter does *not* contend that this calls into question Plaintiffs' ownership of these works; in fact, Charter concedes that these alleged inaccuracies "would not be fatal to Plaintiffs' right to generally enforce their ownership of these works." *Id*. at 9 n.9. Instead, to justify Charter's demand for production of work-for-hire agreements, Charter claims that "[a]ny misrepresentation to the Copyright Office can invalidate a copyright registration," and that these alleged "invalid registrations would deprive [Plaintiffs] of standing to assert claims for these works." *Id*. at 9.

The case law decisively refutes Charter's position. Charter has not cited a single case—because there is none—in which a court invalidated the registration of a plaintiff who owned a copyrighted work because it was incorrectly designated a work for hire on the registration. Instead, "settled law across circuits states that inaccurate registrations are not invalidated without evidence that the inaccuracy was both material and made in bad faith." *Sony Music Enter'n. et al. v. Cox Communications*, 2019 WL 6357963, at *7–8 (E.D. Va. Nov. 27, 2019).

That standard cannot be met here for several reasons. To begin, as a matter of law, the often difficult and complex work-for-hire determinations cannot give rise to the kind of bad faith necessary to invalidate a registration as a fraud on the Copyright Office. *See Rottlund*, 2004 WL 1879983 at *12 (explaining complicated and changing work-for-hire caselaw and holding that "[a]s a matter of law," a work-for-hire claim cannot be fraudulent where "laymen, or even those learned in the law, filling out a copyright registration, might understandably assume that work of this sort was work for hire"). As the Copyright Office has explained, the "work made for hire concept can be complicated," and whether a work falls within or outside that category is equally complicated, considering numerous factors. *See* Copyright Office, Circular 30, *available at* https://www.copyright.gov/circs/circ30.pdf. Of course, "[t]he *parties* involved must determine whether or not a work is a work made for hire," not Charter. Circular 30 at 4.[1]

The point is that Plaintiffs own these works and Charter does not dispute their ownership. So a work-for-hire designation, *if* erroneous, not only cannot have been made in bad faith, it cannot be material, either:

> For purposes of this case, the work for hire designation is relevant only because it is a means of conferring authorship, and authorship confers ownership. 17 U.S.C. § 201. *Rottlund, however, is already the owner of the Original Villa and New Villa technical drawing copyrights by assignment. Thus, the allegedly erroneous work for hire designation is immaterial and caused no prejudice to Defendants.*

---

[1] Nor does Charter have standing to challenge the validity of any assignment, to the extent Plaintiffs' copyright ownership resulted from an assignment rather than from the work being one-for-hire, including by obtaining further discovery into them in this case. *See, e.g., Malibu Media, LLC v. Does*, No. 12-cv-01953-WYD-MEH, 2013 WL 3753435, at *6 (D. Colo. July 15, 2013) (infringing party "lacks standing to challenge the assignment of the copyrights" where he was "not a party to the original transfer") (Daniel, J.; Hegarty, J.); *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, 2018 WL 4639514, at *4 (S.D. Ohio May 17, 2018) (infringing party has no right to contest validity of an assignment, and no right to conduct discovery into it, where neither party to the assignment disputes its validity).

*See Rottlund*, 2004 WL 1879983, at *13 (emphasis added).

Therefore, every case to consider the issue has applied the "material and bad faith" standard to hold that a registration may not be invalidated because of an erroneous work for hire designation where the plaintiff owned the copyright and made a mistake on the registration form. *See, e.g., id.*; *Sony*, 2019 WL 6357963, at *7-8; *Jedson Eng'g, Inc. v. Spirit Const. Servs., Inc.*, 720 F. Supp. 2d 904, 914 (S.D. Ohio 2010) ("Neither innocent misstatements, nor deliberate, but nonmaterial misstatements, will overcome the presumption of validity…. Defendants have not explained how the publication date or the classification of 'work for hire' have an effect on registrability"); *Capital Concepts, Inc. v. Mountain Corp.*, No. 3:11-CV-00036, 2012 WL 6761880 (W.D. Va. Dec. 30, 2012) ("In cases where the copyright claimant possesses an assignment of rights but mistakenly claimed ownership in the copyright applications on the basis that the work is a 'work made for hire,' district courts have refused to invalidate the resulting copyright registrations or to even rebut the presumption of validity bestowed by a copyright registration."); *Teevee Toons, Inc. v. MP3.com, Inc.*, 134 F. Supp. 2d 546, 549 (S.D.N.Y. 2001) (*disagreed with on other grounds by EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 94 (2d Cir. 2016) ("Someone who in fact lawfully owns a copyright but in seeking registration inaccurately denominates the basis for ownership (as here, allegedly, by checking the 'work made for hire' box on the application form) does not thereby become subject to having the registration invalidated by an infringing party unless, at a minimum, the infringing party can show that the inaccuracy was both material and made in bad faith.").

In the *Sony v. Cox* case, Charter's counsel previously tried—and failed—to convince the court to depart from this well-established standard. In that case, represented by the same counsel

as Charter here, Cox argued that "238 individual sound recordings in suit [were] improperly registered as 'works for hire' [and] summarily state[d] that 'these registrations must be deemed invalid.'" *Sony*, 2019 WL 6357963 at * 7. The court squarely rejected the exact argument that Charter advances here, in light of the "settled law across circuits" that only knowing, material misstatements may invalidate a registration. *Id*. at *7-8.

Charter nevertheless seeks permission for an endless fishing expedition into thousands of artist agreements based on the pure speculation that it can (1) find registration errors and (2) prove to this Court that such errors are material and were made in bad faith. Charter cannot do so. And the idea, as a practical matter, that the parties litigate these issues for thousands of works makes no sense—a sideshow. Indeed, the Court has already observed as much. Feb. 19, 2020 Tr. at 46:3-6 ("We can't engage in discovery on all 11,000 works as to whether there was a material misrepresentation on any -- on all the registrations, we can't do that.").

In short, there is no support for Defendant's contention that an alleged erroneous work-for-hire designation would result in the invalidity of Plaintiffs' registrations of the copyrights that they own. As this is the only purported basis for Charter's fishing-expedition demand for all of Plaintiffs' work-for-hire agreements, the Court should reject that request.

| | |
|---|---|
| Dated: February 28, 2020 | */s/ Mitchell A. Kamin*<br>Mitchell A. Kamin<br>Neema T. Sahni<br>Mark Chen<br>Nicholas M. Lampros<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Telephone: (424) 332-4800<br>mkamin@cov.com |

nsahni@cov.com
mychen@cov.com
nlampros@cov.com

Jonathan M. Sperling
William O'Neill
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneill@cov.com

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

— 6 —

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Mitchell A. Kamin*
Attorney