

333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 213 615 1700
F +1 213 615 1750

**ERIN R. RANAHAN**
Partner
213-615-1835
ERanahan@winston.com

February 28, 2020

**VIA ECF**

District Judge R. Brooke Jackson
Alfred A. Arraj United States Courthouse
Courtroom A-902
901 19th Street
Denver, CO 80294

Re:   *Warner Records Inc., et al. v. Charter Communications, Inc.*
      **D. Colo. Case No. 19-cv-00874-RBJ-MEH**

Dear Honorable Judge Jackson:

Defendant Charter Communications, Inc. ("Charter") submits this letter in accordance with Your Honor's Practice Standards regarding its anticipated Motion to Dismiss Plaintiffs' recently amended complaint ("FAC") and setting forth the basis for the anticipated motion. As set forth in Your Honor's Practice Standards, Charter understands that its deadline to respond to Plaintiffs' Amended Complaint as set forth in Fed. R. Civ. P. 15 is stayed pending Your Honor's response after considering the parties' letters on the issue.

**Charter's Anticipated Motion to Dismiss is in Response to Plaintiffs' Recently Amended Complaint**

Plaintiffs recently amended their initial Complaint in this action to significantly alter the parties and works involved in the case. Plaintiffs filed their initial Complaint on March 22, 2019. On May 28, 2019, Charter moved to dismiss the second claim in Plaintiffs' initial Complaint, alleging Charter was vicariously liable for copyright infringement. ECF 38. The motion to dismiss was subsequently fully briefed. *See* ECF 38, 50, 56. Last month, on January 6, 2020, Plaintiffs sought leave to file an amended complaint adding nearly a dozen new Plaintiffs to the action. *See* ECF No. 109. Plaintiffs separately moved to amend the exhibits to their Complaint that identified the works-in-suit on January 15, 2020. *See* ECF 111. Charter did not oppose Plaintiffs' motion to amend, but noted that Plaintiffs' proposed FAC should "render Charter's pending motion to dismiss (Dkt. 38) moot," and that Charter would accordingly file a renewed motion to dismiss. ECF 112. The Court granted leave to amend on February 12, 2020, and directed Charter to "file an answer or other response to the amended pleading in accordance with Fed. R. Civ. P. 15." ECF 121. Plaintiffs filed their FAC on February 14, 2020, increasing the total number of Plaintiffs from 55 to 66, and significantly altering the works-in-suit, dropping 455 works altogether, and making various changes to the identifying information for many others. *See* ECF 123, 133, Exs. A, B.



February 28, 2020
Page 2

**Charter's Motion to Dismiss the Original Complaint is Mooted by Plaintiffs' FAC**

Charter is entitled to respond to Plaintiffs' FAC under the Federal Rules. *See* Fed. R. Civ. P. 15 (explicitly permitting a response to an amended pleading within 14 days). Charter's first Motion to Dismiss is moot as it responds to a now defunct complaint.[1] *See e.g, Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *Miller v. Heil*, No. 10-CV-02913-WYD-BNB, 2011 WL 3439736, at *2 (D. Colo. Aug. 5, 2011) (denying defendants' motion to dismiss without prejudice after finding that the motion was rendered moot by plaintiffs' seconded amended complaint); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

**Charter's Motion to Dismiss the FAC Seeks to Dismiss Plaintiffs' Vicarious Liability Claim**

Charter's anticipated motion to dismiss Plaintiffs' FAC will seek dismissal of Plaintiffs' vicarious liability claim, with prejudice, for failing to plausibly allege either that Charter profited directly from the alleged infringement or that it had the right and ability to supervise its subscriber's alleged infringing behavior. Plaintiffs' FAC is riddled with conclusory allegations largely lacking factual support, plausible or otherwise. And Plaintiffs' novel theory of liability would work a staggering expansion of copyright liability, effectively creating a presumption of vicarious liability for every commercial ISP that provides access to the Internet for a fee.

Vicarious copyright liability is a theory of implied secondary liability that must be narrowly construed and requires Plaintiffs to show that "the defendant 'has the right and ability to supervise the infringing activity' and 'has a direct financial interest in such activities.'" *Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013) (citations omitted). Plaintiffs fail to adequately plead the direct financial benefit prong of vicarious liability, which requires a "showing that users are attracted to a defendant's product because it enables infringement, and that use of the product for infringement financially benefits the defendant." *Arista Records LLC v. Lime Grp. LLC*, 715 F. Supp. 2d 481, 518 (S.D.N.Y. 2010). Plaintiffs also fail to adequately allege any connection between the alleged vicarious liability and their claimed works. Instead, Plaintiffs vaguely allege that Charter's high-speed internet service, merely by facilitating downloading, "serve[s]" in some unspecified manner to "draw" "higher fees from paying subscribers to Charter's service." FAC ¶ 115. Plaintiffs similarly fail to plead any facts to support the second prong of vicarious liability that Charter "had the right and ability to supervise the infringing activity or infringer[.]" *Shell v. Am. Family Rights Ass'n,* 899 F. Supp. 2d 1035, 1058

---

[1] Notably, in *UMG Recordings, Inc. et al v. Bright House Networks*, Case No. 8:19-cv-00710-MSS-TGW, the Court denied defendant's original motion to dismiss as moot in light of Plaintiffs' amended complaint without prejudice. *See* ECF 90 ("Defendant shall be free to reassert any of the challenges raised therein to the extent that they remain viable against the Amended Complaint").


February 28, 2020
Page 3

(D. Colo. 2012) (citations omitted).[2]  Plaintiffs' FAC contains no allegations—and Plaintiffs could not plausibly make any—that Charter has any ability to view, access, or monitor its customers' internet activity, including any infringing activity.  Thus, Plaintiffs have not plausibly alleged in their FAC that Charter received either a direct financial benefit from infringing activity, or had the ability to supervise or control it.

Charter's anticipated motion to dismiss Plaintiffs' FAC, like its initial motion, will seek dismissal of Plaintiffs' vicarious liability claim.  It will not simply duplicate its initial motion, but rather will properly respond to Plaintiffs' FAC, including the new Plaintiffs and works-in-suit at issue.  Plaintiffs' FAC dropped hundreds of works from this case.  *See* ECF 133, Exs. A and B.  The fact that, months into this litigation, Plaintiffs are now dropping 455 works, for example, is relevant in and of itself to the viability of Plaintiffs' vicarious liability claim.  The fact that Plaintiffs have dropped works they initially sued upon is relevant to whether Charter had the right and ability to control alleged infringements on its network based solely upon Plaintiffs' notices of alleged infringement, as Plaintiffs have pleaded.  Indeed, Plaintiffs' amendments highlight Charter's concern with terminating subscribers based merely upon receiving accusations from plaintiffs.  *See* ECF 123 ¶¶ 3-4, 9-10, 87, 96, 99, 101, 115 (claiming that Charter profited by revenue gained from failing to terminate its subscriber's accounts).

**Charter Has Met-and-Conferred with Plaintiffs in a Good Faith Effort to Resolve These Issues**

Pursuant to Your Honor's Practice Standards, counsel for Charter contacted counsel for Plaintiffs to confer regarding this motion.  The parties had correspondence regarding Charter's anticipated motion and spoke on the phone on February 28, 2020, during which Charter explained the substance of its motion and the authority requiring Charter to file a motion to dismiss the FAC under the Federal Rules and District of Colorado law, in light of Plaintiffs' recent amendments to the Complaint.  Plaintiffs did not agree to drop their vicarious liability claim, and took the position that Charter should simply stipulate to its earlier motion to dismiss briefing being applied to Plaintiffs' FAC.

For all these reasons, Charter respectfully requests that the Court allow Charter to proceed with filing its Motion to Dismiss Plaintiffs' First Amended Complaint.

Respectfully Submitted,

Erin R. Ranahan

cc: All Counsel (via ECF)

---

[2] This element is sometimes formulated, equivalently, as a requirement that the defendant have "the practical ability" to "exercise[] control" over infringing activity. *See, e.g.*, *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146, 1173.