# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Neema T. Sahni

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T  +1 424 332 4757
nsahni@cov.com

*Via ECF*                                                                                                                 March 6, 2020

District Judge R. Brooke Jackson
Alfred A. Arraj United States Courthouse
Courtroom A-902
901 19th Street
Denver, CO 80294

> Re: *Warner Records, Inc., et al. v. Charter Communications, Inc.*, D. Colo. Case No.: 19-cv-00874-RBJ-MEH

Dear Judge Jackson:

Plaintiffs write in response to Charter's February 28, 2020 Letter (Dkt. 137) seeking approval to file a Motion to Dismiss ("Second MTD") directed to Plaintiffs' First Amended Complaint ("FAC"). The Court should deny that request. Permitting a Second MTD would needlessly undo six months of briefing and Judge Hegarty's pending Recommendation on Charter's original Motion to Dismiss (Dkt. 38, "Pending MTD"), simply because Plaintiffs made ministerial changes to the party names and exhibits to their initial Complaint. Those changes have been contemplated by the parties and the Court since the Scheduling Order was entered last June. They are entirely non-substantive and have no bearing whatsoever on Charter's motion to dismiss, which hinges in no way on the party names or the individual copyrighted works in suit. The Court should therefore apply the Pending MTD to the FAC, and proceed to evaluating the Magistrate's well-reasoned and thorough Recommendation (Dkt. 71).

**I.   Background on Charter's Pending MTD, the Magistrate's Recommendation, and Plaintiffs' Ministerial Amendments.**

Plaintiffs are record companies and music publishers that produce, distribute, sell, and license the world's most popular sound recordings and musical compositions. On March 22, 2019, Plaintiffs filed a Complaint against Charter based on Charter's failure to take appropriate action in response to *hundreds of thousands* of infringement notices identifying specific, repeat infringements of Plaintiffs' works by Charter subscribers. Dkt. 1. The Complaint alleges two counts of copyright infringement against Charter—contributory infringement (Count I), and vicarious infringement (Count II)—and appends two Exhibits which identify the sound recordings and musical compositions on which Plaintiffs claim infringement.

On May 28, 2019, Charter filed the Pending MTD, in which it sought to dismiss only the vicarious infringement claim. Dkt. 38 at 7. Over the next six months, between July and November 2019, the parties briefed the Pending MTD (Dkt. 38, 50, 56); Judge Hegarty issued a Recommendation denying the Pending MTD (Dkt. 71); and the parties and *amici curiae* briefed

**COVINGTON**

Judge R. Brooke Jackson
March 6, 2020
Page 2

Charter's Objection to that Recommendation (Dkt. 82, 83, 87), which is pending before this Court. Charter and its *amici* filed <u>49 pages</u> of briefing on the Pending MTD.

In accordance with the Court's Scheduling Orders and as contemplated by all parties, *see* Dkt. 44 at 10, Dkt. 77, 79, Plaintiffs moved in January 2020 to (1) amend their Complaint to add certain affiliates as plaintiffs and make minor changes to the names of others (Dkt. 109); and (2) amend their works-in-suit Exhibits to remove certain works and make typographical and minor adjustments to certain track and artist names, plaintiffs, and registration numbers. *See* Dkt. 111. <u>Importantly, none of these amendments changed any of the substantive or factual allegations of the complaint or the causes of action asserted</u>. *See* Dkt. 109-1, 133-1, 133-2 (redlines).

In Charter's "Statement of Non-Opposition" to the amendment, it asked the Court to "render Charter's [Pending MTD] moot." Dkt. 112. Judge Hegarty refused the request based on Local Rule 7.1(d)'s requirement that a motion "not be included in a response or reply to the original motion." Dkt. 121. Instead, he granted the motions to amend and ordered Charter to "file an answer or other response" in accordance with Rule 15. *Id.* Charter never thereafter filed a motion to render the Pending MTD moot, nor has it answered the FAC. *See* Dkt. 141.

Instead, days before Charter's response to the FAC was due, Charter sought Plaintiffs' consent to a request for judicial notice as part of a motion to dismiss. Feb. 25 Charter email. Charter said it would again "challenge Plaintiffs' amended complaint on the grounds addressed in [its] prior motion to dismiss," because "[p]ractically speaking," the Pending MTD did not address the newly added Plaintiffs. Feb. 28 email exchange with Charter's counsel. To address Charter's purported concern, Plaintiffs proposed the parties "handle it practically" and "stipulate that any ruling on the pending MTD would apply to the newly added Plaintiffs." *Id.* Charter rejected Plaintiffs' pragmatic approach to resolving Charter's stated concern.

## II. The Court should apply the Pending MTD to the FAC.

The Pending and proposed Second MTDs concern whether Plaintiffs plausibly pleaded that Charter received a direct financial benefit from the alleged infringement and whether Charter had the right and ability to stop it. Those issues do not turn on the identities of the Plaintiffs or the works they own. Indeed, neither the Pending MTD, nor the six months of briefing thereon, nor Judge Hegarty's 16-page Recommendation, so much as mentions a single individual Plaintiff or work. Permitting Charter to reprise its Pending MTD would thus do needless harm to the orderly and efficient administration of this case. It would undo six months of briefing and require both the parties and the Magistrate Judge to engage in a wasteful and unnecessary do-over. It would further delay the timely resolution of this case: it has been nearly five months since Judge Hegarty issued his Recommendation (which Charter doesn't mention in its letter) and nearly a year since Plaintiffs filed their Complaint.

Courts routinely apply pending motions to dismiss to recently-amended complaints in these circumstances, and the Court should here too. As a leading treatise instructs, "[i]f some of the [purported] defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. *To hold otherwise would be to exalt form over substance.*" Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1476 (2019) (emphasis added); *see also J.H. ex rel. J.P. v. Nation*, 61 F. Supp. 3d 1176, 1184 (D.N.M.), *aff'd sub nom. J.H. ex rel. J.P. v. Bernalillo*

**COVINGTON**

Judge R. Brooke Jackson
March 6, 2020
Page 3

*Cty.*, 806 F.3d 1255 (10th Cir. 2015) ("In this case, the First and Second Amended Complaints are almost identical in their presentations of the relevant facts, and in their statements of the due-process claim. The Court therefore considers the MTD as addressed to the Second Amended Complaint and cites that document."). Applying the Pending MTD to the FAC is consistent with the practical, efficient approach espoused by Your Honor's Practice Standards; by contrast, the Second MTD would be "costly, time-consuming, a cause of delay, and a burden on the court," and unnecessary on top of all of that—precisely the kind of motion Your Honor's Practice Standards seek to reduce. Practice Standards at 1.

Charter claims the "first Motion to Dismiss is moot as it responds to a now defunct complaint," implying the Court cannot apply the Pending MTD to the FAC. Ltr. at 2. Charter is wrong. In fact, a case that *Charter* cites for this proposition does exactly what Charter implies the Court cannot do: it "evaluate[d] Defendants' respective motions to dismiss as directed at Plaintiffs' second amended complaint,—filed *after* the motions to dismiss—because the "current pending motions to dismiss will equally apply to the [s]econd [a]mended [c]omplaint." *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006). In the other two cases Charter cites, the plaintiff amended *in response to* the motion to dismiss. *Strich v. United States*, No. 1:09-cv-01913-REB-KLM, Dkt. 65 at ¶ 3 (D. Colo. Jan. 5, 2010) ("The Proposed Amended Complaint addresses the issues in the Pending MTD."); *Miller v. Heil*, 2011 WL 3439736, at *2 (D. Colo. Aug. 5, 2011) ("the plaintiff states that he is revising his Amended Complaint in response to the defendants' first Motion to Dismiss"). Here, Plaintiffs made ministerial, planned amendments *after* Judge Hegarty issued his Recommendation to *deny* the Pending MTD and Charter's Objection. Charter simply wants another bite at the apple after that Recommendation. Rule 15 is plainly not as rigid as to require that, as Charter contends.

Charter's new claim that Plaintiffs' decision to drop certain works "is relevant to whether Charter had the right and ability to control alleged infringements," Letter at 3, is also meritless—and, frankly, makes no sense. Charter does not—and cannot—explain what impact that could possibly have on the adequacy of *Plaintiffs' allegations* of *Charter's* right and ability to control infringement. As Judge Hegarty's Recommendation demonstrates, Charter's "relevance" argument is wrong and Plaintiffs' claim is sufficiently pled.[1]

                                          Respectfully submitted,

                                          */s/Neema T. Sahni*
                                          Neema T. Sahni

---

[1] Charter suggests a new MTD is proper based on the events in *UMG Recordings, Inc. et al v. Bright House Network*s, Case No. 8:19-cv-00710-MSS-TGW (M.D. Fl.)—a similar litigation between some of these plaintiffs and another ISP represented by the same counsel as here. That court *sua sponte* denied as moot a pending motion to dismiss following plaintiffs' filing of an amended complaint which, as here, only made changes to the plaintiff entities. In that case, however, neither the magistrate judge nor the district judge had addressed the initial motion. Bright House re-filed essentially the same motion to dismiss, which required the plaintiffs to re-brief those issues at substantial cost and to no benefit. *Id.* at Dkt. 32, 88, 90, 99. The events in *Bright House* demonstrate the waste and inefficiency of Charter's proposed approach here.