**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WARNER BROS. RECORDS INC., *et al*.,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

**Civil Action No.  19-cv-00874-RBJ-MEH**

**CHARTER COMMUNICATIONS, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO DENY QUALIFIED PERSON DESIGNATION**

Defendant Charter hereby responds to Plaintiffs' Motion to Deny Qualified Person Designation. (Dkt. 131) ("Motion").

## PRELIMINARY STATEMENT

Plaintiffs' Motion is baseless. Plaintiffs have no legitimate ground upon which to oppose Ms. Hellerstein's designation as a Qualified Person to review a limited set of chain-of-title documents in advance of the now-passed February 19, 2020 discovery conference. As Charter's counsel explained to Plaintiffs' counsel, Charter intended to utilize Ms. Hellerstein to assist with this limited review. Because the conference has now passed, Charter hereby withdraws its prior designation of Ms. Hellerstein as a Qualified Person, rendering moot Plaintiffs' Motion. It should be denied as such.

Plaintiffs' Motion is also replete with inaccuracies and mischaracterizations that Charter corrects below. Plaintiffs' attempt to block Charter's legitimate utilization of Ms. Hellerstein (or any other expert during this litigation), based upon wholly fabricated concerns, is frivolous. Gamesmanship like this should not be countenanced.

## CHARTER'S RESPONSE

On February 7, 2020, pursuant to the parties' Protective Order, counsel for Charter timely disclosed Ms. Hellerstein as a Qualified Person, meaning she was an independent expert or consultant who had signed the parties' Protective Order and to whom Charter intended to disclose documents Plaintiffs had designated as Highly Confidential – Attorneys' Eyes Only ("HC-AEO"). Sahni Decl., Ex. A. In response, Plaintiffs' counsel requested "more specificity regarding what [Charter] plan[s] to use her for in order to properly assess Charter's request." *Id.* Charter's counsel responded that there was no requirement under the Protective Order for a party to explain its "plan" for an expert. *Id.* Nevertheless, Charter's counsel explained that Charter intended "to provide

Ms. Hellerstein with copies of certain copyright ownership-related documents designated as HC-AEO that Plaintiffs have produced." *Id.* Plaintiffs then sent a letter directly to Ms. Hellerstein threatening that her engagement allegedly posed ethical and professional responsibility obligations. Plaintiffs asked no further questions of Charter before objecting and filing the Motion.

At this point in time, the only copyright ownership-related documents Plaintiffs had produced were a handful relating to the 110-work sample. These documents included publicly available Copyright Office registration certificates and a smattering of recording agreements and basic corporate documents (change of name certificates, merger certificates, public filings, etc.).[1]

The parties had been ordered to provide written submissions on outstanding discovery issues to the Court by February 17, 2020, in advance of the parties' February 19, 2020 conference. One of the primary purposes of Charter's submission was to identify, ***based on the documents Plaintiffs produced***, deficiencies with Plaintiffs' copyright registrations. Thus, contrary to Plaintiffs' claim, Charter's counsel made clear to Plaintiffs' counsel that it intended to show Ms. Hellerstein these limited documents in an effort to help prepare its submission, *i.e.,* review documents for purposes of challenging copyright validity and/or Plaintiffs' ownership thereof.[2] Nothing more should have been required under the Protective Order and, if Plaintiffs had further questions, they should have posed them before filing this baseless Motion.

Further, Plaintiffs' collective claim that they would face the "risk of serious harm" by Ms. Hellerstein reviewing a small selection of chain of title documents in preparation for a discovery conference is frivolous for at least the following reasons.

---

[1] Charter does not concede that Plaintiffs' designation of any of these documents as HC-AEO is warranted and expressly reserves its right to challenge such designations.
[2] To be clear, Ms. Hellerstein was never provided with any non-public, confidential documents, given Plaintiffs' objection.

First, Plaintiffs' claim of prejudice inures, at least theoretically, to only *one Plaintiff*—Capitol Records LLC—out of *over 60 other Plaintiffs*. As Plaintiffs explain, Ms. Hellerstein was employed by EMI Music, of which Capitol Records was part, until 2004. EMI Music did not own any of the other 60-plus Plaintiffs in this action.

Moreover, contrary to Plaintiffs' assertion that Ms. Hellerstein's time at EMI Music somehow implicates Universal Music Group (not a Plaintiff), EMI Music, along with Capitol Records, was not acquired by Universal Music Group until 2012, *eight years after* Ms. Hellerstein's employment ended. The other Plaintiffs (organized by parent organizations) are *competitors* of Universal Music Group. In sum, Plaintiffs do not attempt to explain how Ms. Hellerstein's decades-old prior employment with a defunct distribution company and review of these select documents would at all pose "the risk of serious harm" to the other 60-plus companies in this case. Plaintiffs should have limited their objection accordingly.

Second, Plaintiffs do not explain how Ms. Hellerstein's review of chain of title documents would pose "the risk of serious" harm even to Capitol Records LLC. For example, Plaintiffs make no effort to identify documents among the tiny sample they produced that relate, in any respect, to EMI Music or Ms. Hellerstein's work while employed there. Moreover, even if certain documents did relate to EMI Music, Ms. Hellerstein's review of them for purposes of testing whether they complete chain of title could not possibly pose the "risk of serious harm." Charter's analysis was based on the documents produced, not some hypothetical or privileged information that a third-party may possess. And, as addressed below, the suggestion that Ms. Hellerstein would provide such information, even if she possessed it, is entirely unfounded.

Third, Plaintiffs' vague reference to Ms. Hellerstein's purported participation in "RIAA working groups" and other industry-wide initiatives is irrelevant. The documents Plaintiffs

3

produced that were designated pursuant to the Protective Order were chain-of-title-related, as Charter's counsel explained—not dealing with the topics Plaintiffs flag in their Motion. *See* Mot. at 4. Plaintiffs' claimed prejudice is unavailing for the additional reason that Plaintiffs have not even produced any documents that relate to those other issues. Even if they had, the suggestion that Ms. Hellerstein would disclose privileged information is insulting at best. Further, Plaintiffs' threat that Ms. Hellerstein's sheer retention by Charter to perform a limited chain-of-title review somehow violates ethical and professional obligations, based solely on her decades-ago employment by a non-party, is without merit. Here, there was no appearance of impropriety, let alone a potential violation of either Charter's or Ms. Hellerstein's ethical obligations or otherwise. Plaintiffs' "complaint" should be rejected for what it is—pure gamesmanship.

Plaintiffs' Motion is moot and should be denied, as Charter withdraws its prior designation of Ms. Hellerstein as a Qualified Person pursuant to the parties' Protective Order. Charter does so expressly reserving its rights and remedies, both express and implied, in equity or at law.

Date: March 12, 2020

Respectfully submitted,

s/ Erin R. Ranahan

| | |
|---|---|
| Michael S. Elkin<br>Thomas Patrick Lane<br>Seth E. Spitzer<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 294-6700 (telephone)<br>(212) 294-4700 (facsimile)<br>E-mail: melkin@winston.com<br>E-mail: tlane@winston.com<br>E-mail: sspitzer@winston.com<br><br>Jennifer A. Golinveaux<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA 94111-5840<br>(415) 591-1506 (telephone)<br>(415) 591-1400 (facsimile)<br>E-mail: jgolinveaux@winston.com | Erin R. Ranahan<br>Shilpa A. Coorg<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>(213) 615-1933 (telephone)<br>(213) 615-1750 (facsimile)<br>E-mail: eranahan@winston.com<br>E-mail: scoorg@winston.com<br><br>Craig D. Joyce<br>John M. Tanner<br>Fairfield and Woods, P.C.<br>1801 California Street, Suite 2600<br>Denver, Colorado 80202<br>Phone: 303.830.2400<br>Fax: 303.830.1033<br>E-mail: cjoyce@fwlaw.com<br><br>*Counsel for Defendant* |

4

## CERTIFICATE OF SERVICE

I certify that on March 12, 2020, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to all counsel of record.

| | |
|---|---|
| Matthew J. Oppenheim<br>Scott A. Zebrak<br>Jeffrey M. Gould<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Tel: (202) 851-4526<br>E-mail: matt@oandzlaw.com<br>E-mail: scott@oandzlaw.com<br>E-mail: jeff@oandzlaw.com<br>E-mail: kerry@oandzlaw.com<br>*Attorneys for Plaintiffs* | Mitchell A. Kamin<br>Neema T. Sahni<br>Mark Y. Chen<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Tel: (424) 332-4800<br>E-mail: mkamin@cov.com<br>E-mail: nsahni@cov.com<br>E-mail: mychen@cov.com<br>*Attorneys for Plaintiffs* |
| Janette L. Ferguson<br>LEWIS BESS WILLIAMS & WEESE, P.C.<br>1801 California Street, Suite 3400<br>Denver, CO 80202<br>Tel: (303) 861-2828<br>E-mail: jferguson@lewisbess.com<br>E-mail: bleoni@lewisbess.com<br>*Attorneys for Plaintiffs* | Jonathan M. Sperling<br>William E. O'Neil<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Tel: (212) 841-1000<br>E-mail: jsperling@cov.com<br>E-mail: woneil@cov.com<br>*Attorneys for Plaintiffs* |
| | Megan M. O'Neill<br>COVINGTON & BURLING LLP<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Tel: (202) 662-5416<br>E-mail: moneill@cov.com<br>*Attorneys for Plaintiffs* |

*s/ Erin R. Ranahan*
Erin R. Ranahan