**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WARNER BROS. RECORDS INC., *et al*.,

      Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

      Defendant.

**Civil Action No.  19-cv-00874-RBJ-MEH**

---

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO AMEND THE SCHEDULING ORDER**

---

      Plaintiffs and Defendant agree that an extension of the existing case schedule is necessary for this highly technical and complex case, involving dozens of parties, numerous key third parties, and thousands of copyrights. Charter's Motion to Amend the Scheduling Order (ECF 128) ("Motion") seeks reasonable adjustments to the case schedule to accommodate the parties' discovery needs and obligations in this complex case. Plaintiffs agree that an extension is necessary and acknowledge that the complex nature of the case has made many of their discovery obligations "manifestly time consuming" (ECF 134 "Opp'n"), but propose an alternative schedule with a "modest extension[] of three to five months" that would simply not allow adequate time for key discovery, particularly in light of Plaintiffs' ongoing delay in providing crucial categories of discovery.  Charter respectfully disagrees that Plaintiffs' proposed schedule is proportional to the current state of the case or discovery.  Plaintiffs attack Charter's motive for its proposed schedule as a delay tactic, ignoring that it is Plaintiffs who have sought and continue to seek further extensions to provide basic discovery.  Although Plaintiffs point to the schedule for the *Sony Music*

*Entm't v. Cox Commc'ns Inc.*, No 1:18-cv-00950 (E.D. Va.) ("*Sony*") litigation, this is a different case, involving different parties, works-in-suit, and fact issues. Meanwhile, Charter's motion to dismiss one cause of action (for vicarious liability) remains pending, and Charter will answer the other cause of action (for contributory liability) next week, which is very likely to raise new issues for discovery involving Charter's affirmative defenses and any counterclaims. Good cause exists for Charter's proposed extension of the schedule, in light of the early stage of the pleadings, ongoing discovery delays, and the complexity and needs of the case.

## I.    GOOD CAUSE EXISTS FOR CHARTER'S PROPOSED EXTENSION

Good cause exists to extend the Scheduling Order as Charter has requested.  Plaintiffs claim that Charter cannot show good cause, noting that "[n]one of the cases that Charter cites supports its argument that the addition of Plaintiffs alone justifies a *12-month* delay." Opp'n at 7 (emphasis in original).  But the recently added Plaintiffs are just one of the reasons good cause exists for the extension.  As in *Cutting*, Charter seeks a reasonable, one-year extension in light of, not only the new parties, but because it is still awaiting key areas of discovery critical to defend Plaintiffs' claims.  *See Cutting v. U.S. ex rel. Evans Army Cmty. Hosps.,* No. CIV 07-CV02053REBMEH, 2008 WL 4527708, at *3 (D. Colo. Oct. 3, 2008).

The delays in this case thus far are largely due to Plaintiffs' recent amendments to the Complaint, which have extended the pleading stage, Plaintiffs' numerous discovery delays, and key categories of documents they have yet to produce, as detailed in Charter's Motion.  The amendments and discovery delays were not foreseeable at the time the Scheduling Order was agreed to and entered, thus warranting Charter's proposed extension.  *See Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 683 (D. Colo. 2014) (granting defendant's motion to extend the scheduling order after considering that Plaintiff's modifications to the pleadings led to a "need for additional discovery [that] was not foreseeable").  Indeed, while the

initial June 13, 2019 Scheduling Order contemplated a date by which Plaintiffs had to amend the pleadings, Plaintiffs moved to extend this date by several months—a modification which was unforeseen when the original Scheduling Order was set.

**A.  Charter's Proposed Extension is Reasonable in Light of Plaintiffs' Amendments**

Plaintiffs' claim that their recent amendments did not substantively change the case is simply wrong.  In addition to adding ten parties, Plaintiffs dropped hundreds of works, which substantively affects both Plaintiffs' claims and Charter's defenses.  The fact that months into this litigation, Plaintiffs have dropped hundreds of works is relevant to the accuracy of the infringement notices that Plaintiffs sent to Charter and upon which they base this case, and the viability of Plaintiffs' vicarious and contributory liability claims, including whether Charter should have terminated subscribers based solely upon Plaintiffs' notices of claimed infringement, as Plaintiffs assert. Charter is entitled to take discovery on Plaintiffs' diligence in sending notices on the dropped works. Moreover, although Plaintiffs' amendments decreased the number of works-in-suit, they did not decrease the complexity of the case. Plaintiffs assert two separate claims for secondary copyright infringement against Charter and there are still thousands of works that require chain-of-title analysis and further discovery.  Plaintiffs' assertion that Charter has delayed the pleading stage or discovery by not yet answering Plaintiffs' complaint is misguided, and now, moot. Charter was not required to respond to the Complaint with its motion to dismiss Plaintiffs' vicarious liability claim pending. The Court recently ordered that Charter file an answer by March 18, 2020. *See* ECF 141.  In short, good cause exists in light of the early stage of the pleadings and how far into the current schedule the parties are without Plaintiffs having produced key discovery, including with respect to their newly amended Complaint.

**B.  Charter's Proposed Extension is Reasonable in Light of Plaintiffs' Delay in Producing Basic Discovery**

The current state of discovery and Plaintiffs' delays also warrant the one-year extension

Charter seeks. As detailed in Charter's Motion, key categories of discovery remain to be produced by Plaintiffs, including basic ownership and chain-of-title documents, and financial documents. In addition to the issues raised in Charter's opening brief, this Court recently ordered that Charter could rely on those documents produced in the related case *UMG v. Brighthouse* (*UMG v. BHN*), that apply to the works-in-suit here. *See* Feb. 19, 2020 Hearing Tr. at 66:11-67:8.  This includes ownership documents and work-for-hire agreements, ownership validity challenges, digital copies of the works-in-suit, and catalog-wide agreements regarding streaming revenues.  *Id.*  Since Charter filed this Motion, Plaintiffs in that case requested (and were granted) an *additional* two-month continuance of their March 9, 2020 deadline to produce these documents other than the financial documents to May 1, 2020.  *UMG v. BHN,* Docket ECF 120, 121.  They were also granted an *indefinite continuance*, pending a ruling on their Objection to the magistrate's order, to produce their agreements related to streaming revenues. *Id*. Thus, Charter will not have access to these categories of documents until at least May 1, 2020, and indefinitely for the agreements related to streaming revenue.  Because Plaintiffs have not yet produced basic discovery, neither party has scheduled depositions, despite the significant number of parties and third parties that need to be deposed.  In light of the current state of discovery, Plaintiffs' three to five-month extension proposal is simply not realistic.

Plaintiffs compare the number of documents the parties have produced thus far as evidence that Charter has not met its discovery obligations, but a bulky production does not indicate that Plaintiffs' have meaningfully met their discovery obligations; as they are well aware, the vast majority of documents they have produced to date are simply the notices of alleged infringement they sent to Charter and so-called "evidence packages" related to those notices.  Charter's proposed

schedule provides adequate time to complete outstanding party and third party discovery.

In light of Plaintiffs' recent amendments to their complaint, the early stages of the pleadings, the outstanding document discovery that is needed before either party is in a position to commence depositions, and the third-party discovery at issue, Plaintiffs' proposal of a modest extension of three to five months is unrealistic. Good cause exists for Charter's proposal of a one-year extension, in light of the current status and needs of this case.

Respectfully submitted this 12th day of March 2020.

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
Seth E. Spitzer (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Erin R. Ranahan (*pro hac vice*)
Shilpa A. Coorg (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com
E-mail: scoorg@winston.com

*s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

*Counsel for Defendant*
*Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 12, 2020, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to all counsel of record.

*s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux