

Jeffrey M. Gould
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
jeff@oandzlaw.com

*Via Electronic Mail*   April 8, 2020

District Judge R. Brooke Jackson
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294

Re:   *Warner Records et al. v. Charter Communication, Inc.*, **Case No. 19-cv-00874**

Dear Honorable Judge Jackson:

Plaintiffs respectfully request, in accordance with Your Honor's Practice Standards, permission to file a motion to dismiss Charter's Counterclaims on the grounds described below. Plaintiffs note at the outset that Charter informed Plaintiffs on April 6 that it intends to amend to add at least one counterclaim. Plaintiffs are nevertheless filing this letter today to avoid waiving their rights on any motions to dismiss, mindful that these issues may soon be superseded.

**I.   Background and procedural history.**

Plaintiffs filed this suit against Charter for knowingly assisting, and directly profiting from, the infringement of more than 11,000 of Plaintiffs' copyrights. Charter knew its subscribers were uploading and downloading Plaintiffs' copyrighted works without authorization and allowed them to continue doing so unfettered. Charter knew of the infringement because Plaintiffs sent nearly 700,000 infringement notices to Charter from 2012 through 2015, detailing specific instances of infringement by specific infringing subscribers.

Plaintiffs filed their Complaint on March 22, 2019, asserting claims for contributory and vicarious liability.[1] On February 14, 2020, Plaintiffs filed an amended complaint with adjustments to the list of copyrighted works infringed, but made no substantive amendments to their claims (ECF No. 123). After refusing to answer Plaintiffs' contributory claim for more than a year, the Court ordered Charter to do so (ECF No. 141). Along with its March 18, 2020 partial answer, Charter asserted two counterclaims, seeking: (1) a declaratory judgment that Charter is not liable for contributory infringement; and (2) damages based on Plaintiffs' alleged violation of Section 512(f) of the Digital Millennium Copyright Act ("DMCA") for making knowing material misrepresentations in their infringement notices to Charter (ECF No. 147).

**II.   Charter's declaratory judgment counterclaim should be dismissed because it is duplicative of Plaintiffs' claims and serves no "useful purpose."**

---

[1] On May 28, 2019, Charter moved to dismiss the vicarious claim but not the contributory claim (ECF No. 38). In October 2019, Magistrate Judge Hegarty recommended denying Charter's motion (ECF No. 71). That recommendation should be adopted in full.

Plaintiffs seek dismissal of Charter's counterclaim for a declaratory judgment that Charter is not contributorily liable for infringing Plaintiffs' copyrighted works.

In deciding whether to exercise discretion to hear a declaratory judgment claim, courts must consider whether a declaratory judgment would serve a "useful purpose" in settling the controversy and clarifying the legal relations at issue. *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1196 (D. Colo. 2018) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994)). Charter's counterclaim would serve no such "useful purpose" because it is the mirror image of Plaintiffs' claim for contributory liability. Consistent with this principle, courts routinely dismiss such claims as "redundant and unnecessary" because "[e]ven without Defendant's declaratory relief claim, the Court [would] decide the common copyright infringement issue." *Id.* (dismissing redundant declaratory judgment claim and collecting cases); *see also PDX Pro Co. v. Dish Network, LLC*, No. 12-cv-01699, 2013 WL 3296539 (D. Colo. July 1, 2013) (Jackson, J.) (dismissing redundant declaratory judgment claim).

### III.    Charter's Section 512(f) claim should be dismissed with prejudice.

Plaintiffs also seek dismissal of Charter's counterclaim alleging that Plaintiffs' infringement notices contained material misrepresentations that Plaintiffs "knew or should have known" were inaccurate in violation of DMCA Section 512(f). Section 512(f) provides that:

> Any person who *knowingly materially misrepresents* under this section that material or activity is infringing . . . shall be liable for any damages, including costs and attorney's fees, incurred by the alleged infringer . . . as the result of the service provider relying upon such misrepresentation *in removing or disabling access to the material or activity claimed to be infringing*[.]

Charter concedes that it has not removed or disabled access as the statute requires, and it fails to plead the right knowledge standard or facts to support a plausible claim of actual knowledge of material misrepresentations. The claim is also time barred.

#### A.  Charter's Section 512(f) counterclaim incurably fails to state a claim.

First, Charter does not and cannot allege that it suffered cognizable harm. Section 512(f) is unambiguous that an alleged infringer is only entitled to damages caused "as the result of the service provider . . . removing or disabling access to the material[.]" *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1029 (N.D. Cal. 2011). Thus, where the claimant did not remove or disable access to the material, its claim fails. *See id.* (dismissing with prejudice § 512(f) claim because no takedown occurred); *Capitol Records, Inc. v. MP3tunes, LLC*, 611 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2009) (dismissing § 512(f) counterclaim because defendant "suffered no injury because it took no action other than filing an anticipatory lawsuit"). Here, Charter does not allege that it removed or disabled access to any infringing material or activity identified in Plaintiffs' notices. In fact, Charter concedes that it *cannot* remove infringing content, nor restrict its users' access to it. Countcls. ¶¶ 11–12. Thus, no amendment could cure the deficiency, and the claim should be dismissed with prejudice.

Second, Charter pleads the wrong knowledge standard and no facts to support the right one. To state a claim, Charter must allege that Plaintiffs made a "knowing misrepresentation" by sending infringement notices with "some *actual knowledge* of misrepresentation." *Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004) (emphasis added); *cf. Dudnikov v. MGA Entm't, Inc.*, 410 F. Supp. 2d 1010, 1012–13 (D. Colo. 2005) (granting summary judgment for sender of DMCA notices who acted on good faith belief infringement occurred, adopting *Rossi*'s subjective good faith standard that requires actual knowledge of material misrepresentation). Instead, Charter speculates that Plaintiffs "knew *or should have known*" seven years ago that they did not own some tiny fraction of the many thousands of copyrighted works they alleged were infringed in DMCA notices to Charter. Countercl. ¶ 116 (emphasis added). But "knew *or should have known*" is an objective standard that does not satisfy the subjective mental state required to state a § 512(f) claim. *See Cabell v. Zimmerman*, No. 09-cv-10134, 2010 WL 996007, at *4–5 (S.D.N.Y. Mar. 12, 2010) (dismissing § 512(f) claim because it requires "actual knowledge" of misrepresentation, not merely that defendant "should have known" of inaccuracy or performed "proper due diligence to back up its claim").

Charter also pleads *no facts* to support a claim under the correct knowledge standard— actual knowledge of a material misrepresentation. Nor could it. Charter's claim is based entirely on speculation arising from Plaintiffs' decision in February 2020 to drop from this suit a few hundred of more than 11,400 copyrighted works included in their original complaint. Charter also has not identified any material misrepresentation or a single infringement notice that it claims was inaccurate, as required.

### A. Charter's Section 512(f) counterclaim is time barred.

Charter's counterclaim is barred by the DMCA's three-year statute of limitations. Section 512(b) of the DMCA provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." A claim under § 512(f) accrues when the notification containing the alleged misrepresentation is sent. *See Handshoe v. Perret*, No. 15-cv-382, 2018 WL 5316361, at *11 (S.D. Miss. Oct. 26, 2018) (dismissing as time-barred a § 512(f) counterclaim filed four years after allegedly offending notice). Charter's counterclaim is based on infringement notices sent on or before May 17, 2016—almost four years before Charter's March 18, 2020 counterclaim.

### IV. The parties met-and-conferred in a good faith effort to resolve these issues.

On April 7, 2020, counsel for Plaintiffs and Charter conferred via telephone regarding the issues to be raised in Plaintiffs' anticipated motions. Plaintiffs explained the substance of their motions and proposed alternative resolutions. Charter declined to withdraw either counterclaim.

Sincerely,

*/s/ Jeffrey M. Gould*