**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

_____

**DECLARATION OF NEEMA T. SAHNI IN SUPPORT OF PLAINTIFFS'
<u>EXPEDITED</u> MOTION FOR LEAVE TO CONDUCT DISCOVERY OUTSIDE THE
DISCOVERY LIMITS AND ON AN EXPEDITED BASIS REGARDING CHARTER'S
SPOLIATION OF ELECTRONIC DATA**
_____

      I, Neema T. Sahni, hereby declare and state as follows pursuant to 28 U.S.C. § 1746:

      1.      I am a partner of the law firm Covington & Burling LLP, attorneys of record for Plaintiffs. I submit this declaration in support of Plaintiffs' <u>Expedited</u> Motion for Leave to Conduct Discovery Outside the Discovery Limits and on an Expedited Basis Regarding Charter's Spoliation off Electronic Data. I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, could and would competently testify thereto.

      2.      On March 18, 2020, I attended a meet-and-confer call with counsel for Charter. During the call, in response to a request for the document retention policy applicable to Charter's ticket data, counsel for Charter stated that the ticket data retention policies are not written down, and that they had learned of the policies orally from their client.

3. According to review under my supervision, to date, Charter has produced two emails for which one of the nine custodians whose data Charter deleted is identified in the "Custodian" field. The Order Approving the Protocol for Producing Documents and ESI (Dkt. 70) in this case requires the "Custodian" field to provide the "[n]ame of custodian(s) of e-mail(s) or file(s) produced (Last Name, First Name format) as available."

4. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' Requests for Production of Spoliation-Related Documents, concurrently served on Charter with this motion.

5. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' Rule 30(b)(6) deposition topics (concerning spoliation issues only) concurrently served on Charter with this motion.

6. Attached hereto as **Exhibit 3** is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for Charter, spanning March 4–6, 2020.

7. Attached hereto as **Exhibit 4** is a true and correct copy of a letter that Michael S. Elkin, counsel for Charter, sent to Plaintiffs' counsel on March 4, 2020, regarding Charter's spoliation of Electronically Stored Information ("ESI").

8. Attached hereto as **Exhibit 5** is a true and correct copy of a letter that John Rosenthal, counsel for Charter, sent to Plaintiffs' counsel on April 14, 2020, regarding Charter's spoliation of ESI.

9. Attached hereto as **Exhibit 6** is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for Charter, spanning March 18–April 8, 2020.

10. Attached hereto as **Exhibit 7** is a true and correct copy of pages 120 to 126 from the transcript for the February 19, 2020 discovery conference before Magistrate Judge Hegarty.

11.     Attached hereto as **Exhibit 8** is a true and correct copy of an email that Erin Ranahan, counsel for Charter, sent to Magistrate Judge Hegarty on February 24, 2020, regarding Charter's deletion of ticket and ticket-table data.

12.     Attached hereto as **Exhibit 9** is a true and correct copy of page 12 from the transcript of the March 4, 2020 discovery conference before Magistrate Judge Hegarty.

13.     Attached hereto as **Exhibit 10** is a true and correct copy of pages 19 to 20 from the transcript for the April 17, 2020 hearing before Special Master Rodriguez.

14.     Attached here to as **Exhibit 11** is a true and correct copy of Charter's Initial Disclosures, served on June 6, 2019.

15.     Attached hereto as **Exhibit 12** is a true and correct copy of Charter's Supplemental Responses to Plaintiffs' First Set of Interrogatories, served on February 4, 2020.

16.     Attached hereto as **Exhibit 13** is a true and correct copy of an email that was included as a trial exhibit in the case *Sony Music Entertainment v. Cox Communications Inc.*, No 1:18-cv-00950 (E.D. Va.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of May, 2020 in Los Angeles, California.

*/s/ Neema T. Sahni*
Neema. T Sahni