# Exhibit 3

| | |
|---|---|
| **From:** | Elkin, Michael S. |
| **To:** | Kamin, Mitchell A; Anderson, Sean R.; Ehlers, J. Hardy; Sperling, Jonathan; Sahni, Neema T; Lampros, Nicholas M.; O"Neill, Megan; Jeff Gould; Scott Zebrak; Matt Oppenheim |
| **Cc:** | Golinveaux, Jennifer A.; Lane, Thomas Patrick; Ranahan, Erin R.; Spitzer, Seth E.; Coorg, Shilpa A.; Ellis, Emily |
| **Subject:** | RE: Warner Records Inc. et al. v. Charter Communications, Inc. - correspondence |
| **Date:** | Friday, March 6, 2020 2:25:53 PM |

**[EXTERNAL]**

Dear Mitch,

Thank you for your e-mail regarding our disclosure of the e-mail issues. We are committed to working with you to ensure that Plaintiffs fully understand facts surrounding the e-mail loss.

In terms of the timing of the disclosure, I hope you will understand that the facts around this are rather complicated. Before making any disclosure, we wanted to make sure that our investigation of the facts was through and accurate. This obviously takes time.

In response to your question, this issue did not affect Charter's retention of ticket log data. As your team is aware from prior communications and court filings, at the time the demand letter for this lawsuit was sent in March 2016, Charter had a six-month retention policy for ticket data stored in CATS itself, and an 18-month retention policy for ticket table data, a related data repository. That ticket data is available for searching and Charter has and is reviewing it to respond to Plaintiffs' discovery requests.

As to your request for Charter to amend its Rule 26(a) disclosures, the Rule applies to the identification of persons with knowledge relevant to a parties' claims and defenses. While we will work with you to identify persons with knowledge relevant to the e-mail issues, those persons are not relevant to our claims and defenses and, thus, Charter will not be amending its Rule 26(a) disclosures.

We look forward to hearing from you once you have had a chance to fully digest the letter.

Regards, Michael


**From:** Kamin, Mitchell A <MKamin@cov.com>
**Sent:** Wednesday, March 04, 2020 8:50 PM
**To:** Anderson, Sean R. <SRanderson@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; O'Neill, Megan <MONeill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Elkin, Michael S. <MElkin@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Lane, Thomas Patrick <TLane@winston.com>; Ranahan, Erin R. <ERanahan@winston.com>; Spitzer, Seth E. <SSpitzer@winston.com>; Coorg, Shilpa A. <SCoorg@winston.com>; Ellis, Emily <EEllis@winston.com>
**Subject:** RE: Warner Records Inc. et al. v. Charter Communications, Inc. - correspondence

Dear Michael,

Thank you for your letter regarding Charter's destruction of email from key custodians.  We are obviously troubled by this revelation, particularly given that nine months have passed since Plaintiffs served their initial discovery requests and even more time has passed since Charter served its initial disclosures.  We are reviewing your letter closely and will reach out soon with additional questions.

In the meantime, you still have not provided any substantive information concerning Charter's separate destruction of infringement ticket and/or log data, as discussed at length during the February 19 hearing, and as we requested in our February 25 email from Hardy Ehlers.  Please provide this information immediately.

In addition, Charter should amend its Rule 26(a)(1) disclosure to include all of the individuals with information relating to both document destructions (and any others of which Charter is aware).

Best, Mitch


**Mitchell Kamin**

**Covington & Burling LLP**
**1999 Avenue of the Stars**
**Los Angeles, CA 90067-4643**
**T +1 424 332 4759** | mkamin@cov.com
www.cov.com



**From:** Anderson, Sean R. <SRanderson@winston.com>
**Sent:** Wednesday, March 04, 2020 1:26 PM
**To:** Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; O'Neill, Megan <MONeill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Elkin, Michael S. <MElkin@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Lane, Thomas Patrick <TLane@winston.com>; Ranahan, Erin R. <ERanahan@winston.com>; Spitzer, Seth E. <SSpitzer@winston.com>; Coorg, Shilpa A. <SCoorg@winston.com>; Ellis, Emily <EEllis@winston.com>
**Subject:** Warner Records Inc. et al. v. Charter Communications, Inc. - correspondence

**[EXTERNAL]**
Counsel,

Please see the attached correspondence from Michael Elkin.

Regards,

**Sean R. Anderson**

**Associate Attorney**

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-5388

F: +1 212-294-4700

Bio | VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.