# Exhibit 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

WARNER BROS. RECORDS, INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Case No. 19-cv-00874-MSK-MEH

## **DEFENDANT CHARTER COMMUNICATIONS, INC.'S INITIAL DISCLOSURES**

Defendant Charter Communications, Inc. ("Charter") hereby submits its Initial Disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Charter bases these disclosures on information reasonably available at this time. Charter has not completed its investigation of this case, nor has Charter completed its preparation for trial. Further, Plaintiffs or third parties have not yet produced any documents or information in this case. Accordingly, Charter reserves the right to clarify, amend, modify, or supplement the information in these initial disclosures in accordance with the Federal Rules of Civil Procedure, the Civil Local Rules for the District of Colorado, the orders of this Court, and based on information later discovered or received. Charter provides these Initial Disclosures without prejudice to its right to introduce at a hearing or at trial any evidence that Charter subsequently discovers.

Charter makes these Initial Disclosures without waiver of, or prejudice to, any objections Charter may have. Charter expressly reserves all such objections, including but not limited to: (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) any other applicable privilege or protection under federal or state law; (e) undue burden; (f) materiality; (g) overbreadth; (h) the admissibility in evidence of these initial disclosures or the subject matter thereof; (i) the protection of proprietary and confidential business information, financial data, and

trade secrets that belong either to Charter or to individuals and entities with whom Charter conducts, or has conducted, business; (j) the protection of privacy rights of individuals or entities that are granted or protected under U.S. or state constitutions, federal or state statute, common law, or otherwise; and (k) the protection of documents containing information disclosed or transmitted to any state or federal agency, to the extent such information is confidential and not required to be disclosed under applicable law. Charter reserves its right to move for a protective order.

### 1. Initial Disclosure Under Fed. R. Civ. P. 26(a)(1)(A)(i)

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and subject to a preliminary factual investigation into the allegations contained in Plaintiffs' Complaint, Charter hereby identifies the following individuals who Charter, at this time, believes are likely to have discoverable information that it may use to support its claims or defenses, unless solely for impeachment. Each of the individuals identified below may be contacted through Charter's counsel of record, WINSTON & STRAWN LLP.

The following individuals are likely to have discoverable information relevant to the allegations made in this action and any disputed facts as indicated:

**Kirill Abramov**, Vice President and Associate General Counsel, Intellectual Property Law at Charter. Mr. Abramov has knowledge about Charter's policies relating to copyright infringement and Charter's policies and processes relating to the processing and handling of notices alleging copyright infringement during the relevant time.

**Christopher Avery**, former attorney in Charter's legal department. Mr. Avery has knowledge about Charter's policies relating to copyright infringement and Charter's policies and processes relating to the processing and handling of notices alleging copyright infringement during the relevant time.

2

**Timothy Brockel**, former Security Specialists II, Network Securities Operations at Charter. Mr. Brockel has knowledge about the policies and practices of the Charter Network Security Operations team relating to the processing and handling of notices alleging copyright infringement during the relevant time period.

**Tammy Deloach**, Paralegal II, Network Securities Operations at Charter during the relevant time period. Ms. Deloach has knowledge about the policies and practices of the Charter Network Security Operations team relating to the processing and handling of notices alleging copyright infringement during the relevant time period.

**Jeff Erhardt**, former Security Specialists I, Network Securities Operations at Charter. Mr. Erhardt has knowledge about the policies and practices of the Charter Network Security Operations team relating to the processing and handling of notices alleging copyright infringement during the relevant time period.

**Philip Jones**, Security Specialists II, Network Securities Operations at Charter during the relevant time period. Mr. Jones has knowledge about the policies and practices of the Charter Network Security Operations team relating to the processing and handling of notices alleging copyright infringement.

**Mary Haynes**, Vice President of Network Security Operations at Charter. Ms. Haynes has knowledge about the provision of Internet services by Charter; the policies and practices of the Network Security Operations team; and Charter's security standards, compliance, vulnerability and risk assessment, event monitoring, and incident response.

**Colton Mabb**, System Administrator, Network Security Operations at Charter during the relevant time period. Mr. Mabb has knowledge about the provision of Internet services by Charter and the policies and practices of the Network Security Operations team.

**Austin McNeil**, Security Specialists I, Network Securities Operations at Charter during the

relevant time period. Mr. McNeil has knowledge about the policies and practices of the Charter Network Security Operations team relating to the processing and handling of notices alleging copyright infringement.

**Matt Nelson**, System Administrator, Network Security Operations at Charter during the relevant time period. Mr. Nelson has knowledge about the provision of Internet services by Charter and the policies and practices of the Network Security Operations team.

**Elfin Noce**, former attorney in Charter's legal department. Mr. Noce has knowledge about Charter's policies relating to copyright infringement and Charter's policies and processes relating to the processing and handling of notices alleging copyright infringement during the relevant time.

**Andre Owens**, former Security Specialists I, Network Securities Operations at Charter. Mr. Owens has knowledge about the policies and practices of the Charter Network Security Operations team relating to the processing and handling of notices alleging copyright infringement during the relevant time period.

**Bernard Ramos**, former Security Specialists I, Network Securities Operations at Charter. Mr. Ramos has knowledge about the policies and practices of the Charter Network Security Operations team relating to the processing and handling of notices alleging copyright infringement during the relevant time period.

**Lauri Rowlett**, Director, Customer Security Team at Charter during the relevant time period. Ms. Rowlett has knowledge about the policies and practices of the Charter Network Security Operations team relating to the processing and handling of notices alleging copyright infringement.

**Kelly Starkweather**, former attorney in Charter's legal department. Ms. Starkweather has knowledge about Charter's policies relating to copyright infringement and Charter's policies and processes relating to the processing and handling of notices alleging copyright infringement

during the relevant time.

**Tammy Stewart**, Manager, Network Securities Operations at Charter during the relevant time period. Ms. Stewart has knowledge about the policies and practices of the Charter Network Security Operations team relating to the processing and handling of notices alleging copyright infringement.

**Adam Taylor**, Security Administrator IT, Network Securities Operations at Charter during the relevant time period. Mr. Taylor has knowledge about the policies and practices of the Charter Network Security Operations team relating to the processing and handling of notices alleging copyright infringement.

**Employees and officers of Plaintiffs whose identities are unknown to Charter at this time.** Plaintiffs' employees and officers have information about Plaintiffs' allegations and the remedies Plaintiffs seek in this litigation, including without limitation Plaintiffs' alleged copyrights; Plaintiffs' relationships and communications with Plaintiffs' agents concerning notices alleging copyright infringement; industry agreements, practices, and norms concerning the processing and handling of notices of claimed copyright infringement; harm to Plaintiffs as a result of alleged copyright infringement of the works at issue; and Plaintiffs' claimed damages. The addresses and telephone numbers of these individuals are unknown to Charter and are known by Plaintiffs.

**Employees and officers of Plaintiffs' agents whose identities are unknown to Charter at this time.** Employees and officers of Plaintiffs' agents have information concerning Plaintiffs' alleged copyrights; efforts to enforce and/or monetize Plaintiffs' alleged copyrights; the operation and management of Plaintiffs' agents; the agency relationship between Plaintiffs and their agents; allegations of claimed infringement and settlement demands sent to Charter on behalf of Plaintiffs; industry agreements, practices, and norms concerning the processing and handling of

5

notices of claimed copyright infringement; and the functionality, operation, and employment of technological systems used by Plaintiffs' agents for detecting alleged copyright infringement and/or identifying alleged infringers. The addresses and telephone numbers of these individuals are unknown to Charter and are known by Plaintiffs.

**Representatives, former representatives, executives, or board members of the Center for Copyright Information ("CCI")**. Representatives and former representatives of CCI, including but not limited to CCI executives and board members, have information concerning industry agreements, practices, and norms concerning the processing of notices of claimed copyright infringement, and information concerning the effectiveness of relevant technological systems used by Plaintiffs' agents for detecting alleged copyright infringement and/or identifying alleged infringers. The addresses and telephone numbers of these individuals are unknown to Charter at this time.

2.   **Initial Disclosure Under Fed. R. Civ. P. 26(a)(1)(A)(ii)**

Subject to the foregoing and subject, as applicable, to designations of confidentiality that may be made pursuant to the terms and provisions of an anticipated protective order governing the disclosure of confidential materials in this case, Charter identifies the following categories of documents, electronically stored information, and tangible things that it may use to support its claims or defenses:

a.   Correspondence from Plaintiffs or Plaintiffs' agents to Charter.

b.   Correspondence from Charter to Plaintiffs or Plaintiffs' agents.

c.   Web pages found at Charter's websites explaining certain of Charter's technologies, services, practices, terms of service, and policies, which have been and are publicly displayed and available to Plaintiffs.

d.   Correspondence related to alleged infringement of Plaintiffs' copyrights.

e.   Documentation of Charter's copyright and abuse policies and their application to

6

     Plaintiffs, Plaintiffs' agents, other copyright holders, and other copyright holders' agents.

  f.  Documentation of industry agreements, practices, and norms concerning the processing of notices of claimed copyright infringement.

As expressly authorized by Rule 26(a)(1)(A)(ii), the above are general categories only. This Initial Disclosure does not intend to reference or identify any particular document, electronically stored information, or tangible thing. Documents, electronically stored information, and tangible things within the general categories above, and within Charter's possession, custody, or control, are located at Charter's offices in Stamford, Connecticut, and St. Louis, Missouri.

### 3. Initial Disclosure Under Fed. R. Civ. P. 26(a)(1)(A)(iii)

With respect to the disclosures required by Rule 26(a)(1)(A)(iii), at this time Charter does not have any calculation of damages Plaintiffs have suffered. Charter reserves the right to supplement its Initial Disclosures in this regard.

Charter denies that Plaintiffs have been damaged in any amount.

### 4. Initial Disclosure Under Fed. R. Civ. P. 26(a)(1)(A)(iv)

Charter is not presently aware of any insurance agreement requiring disclosure under Fed. R. Civ. P. 26(a)(1)(A)(iv). To the extent Charter becomes aware of responsive documents, it will make those documents available for inspection and copying at the offices of Charter's counsel, upon entry of an appropriate protective order.

Dated: June 6, 2019        Respectfully submitted,

              By: */s/ Craig D. Joyce*
              Craig D. Joyce
              John M. Tanner
              FAIRFIELD AND WOODS, P.C.
              1801 California Street, Suite 2600
              Denver, Colorado 80202
              Phone: 303.830.2400
              Fax: 303.830.1033
              E-mail: cjoyce@fwlaw.com

E-mail: jtanner@fwlaw.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
Stacey Foltz Stark
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com
E-mail: sfstark@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

*Counsel for Defendant*
*Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on June 6, 2019, a true and correct copy of the foregoing was served on counsel for the parties of record.

/s/ *Stacey Foltz Stark*
Stacey Foltz Stark