# Exhibit 12

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WARNER BROS. RECORDS INC., *et al.*,

            Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

            Defendant.

Case No. 19-cv-00874-RBJ

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S RESPONSES
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant Charter Networks, LLC ("Charter") responds to Plaintiffs' First Set of Interrogatories as follows. This response is made solely for the purposes of this litigation. Charter's investigation into the facts of this case is ongoing and is not yet completed, and Charter therefore reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court. The responses are based solely on the information that is presently available and specifically known to Charter.

**CHARTER'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Charter objects as follows to Plaintiffs' Definitions and Instructions. To the extent the Definitions or Instructions are incorporated into the requests in Plaintiffs' First Set of Interrogatories, Charter incorporates these Objections as if set forth fully in response to each such request.

1.      Charter objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

1

2.      Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Charter objects to all Definitions, Instructions, and Requests to the extent that they require Charter to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Requests would subject Charter to undue burden and expense.

3.      Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a protective order to be agreed upon by and between Charter and Plaintiffs.

4.      To the extent that any Interrogatory, Definition, or Instruction may be construed as requiring Charter to characterize documents or their contents or to speculate as to what documents may or may not show, Charter objects to such Interrogatory, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

5.      Charter objects to the Interrogatories insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Charter hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

6.      Charter objects to the Interrogatories to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

7.      Charter objects to the Interrogatories to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs

or otherwise can be obtained from a source other than Charter (including, but not limited to, information that is currently within Plaintiffs' control).

8.      Charter objects to each Interrogatory to the extent that it is duplicative or redundant of other Interrogatories.

9.      Charter's responses herein, and any associated production of documents in response to the Interrogatories, do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Requests. Charter objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects. Without limiting the breadth and application of these objections, Charter further objects to the Definitions as follows:

10.      Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information outside of Charter's possession, custody, and control with respect to "predecessors," and "any other person or entity…previously acting or purporting to act on behalf of the defendant."

11.      Charter objects to the definition of the term "MarkMonitor" as overbroad and unduly burdensome, and as vague and ambiguous, because Charter lacks knowledge of the "parents, subsidiaries, affiliates, officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other person or entity currently or previously acting or purporting to act on [the] behalf" of the identified entities.

12.     Charter objects to the definition of "User" as overbroad and unduly burdensome, and as vague and ambiguous, in particular to the extent that it calls for information not in the possession, custody, and control of Charter.

13.     Charter objects to the definition of the term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

14.     Charter objects to the definition of the term "Peer-to-peer" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent it presumes Charter has knowledge of all such computer networks.

15.     Charter objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Charter to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

16.     Charter objects to the definition of the term "document" as overbroad and unduly burdensome to the extent it calls for the production of "oral," telephonic, conversations and meetings not likely to have been recorded.

17.     Charter objects to Plaintiffs' instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

18.     Charter objects to Plaintiffs' attempt to define the "relevant time frame" of these requests as spanning the period from January 1, 2010 through May 17, 2016; however, such request is overbroad and unduly burdensome. Unless otherwise specified, Charter will utilize March 1, 2012 through May 17, 2016 as the relevant period for purposes of these discovery requests (the "Discovery Period").

19.     Charter reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Requests at trial in this or any other action for any purpose whatsoever.

20.     Charter hereby incorporates each of the foregoing objections into every response below as though fully set forth therein.

### CHARTER'S OBJECTION TO DISCLOSING PRIVILEGED INFORMATION

Charter objects to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. To the extent that any information protected from disclosure by applicable privilege or immunity is inadvertently provided in response to a Request, that production shall not be deemed a waiver of the applicable privilege or protection, claim of confidentiality, or other objection. Fed. R. Evid. 502(b). Unless and until a protective order between the parties specifies otherwise, if Charter notifies Plaintiffs that it disclosed privileged or protected information inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or rectify the error, Plaintiffs must immediately return the inadvertently produced privileged material to Charter, including any copies. In all events, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. In addition, Plaintiffs must not use such items for any purpose until further order of

the Court. In the event that an inadvertent production or identification of information is deemed by this Court to be a waiver of any privilege or immunity, the waiver shall be a limited waiver pertaining to that information only.

## CHARTER'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons, including current and former employees, with responsibility for designing, developing, or implementing your policies and protocols for addressing alleged copyright violations through Charter's network at any time during the period of January 1, 2008 through the present, including by identifying the roles held by each such Person and the dates during which they had such responsibility.

**RESPONSE:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks information outside the Discovery Period in this litigation. Charter will not commit to inquire for or provide information from before March 1, 2012. Charter further objects to this request as overbroad, unduly burdensome, vague and ambiguous, in seeking the identification of "all persons" and in its use of the undefined term "responsibility." Charter further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including Plaintiffs' RFP Nos. 8 and 10. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its objections, Charter identifies the following current or former employees with responsibility for designing, developing, or implementing Charter's policies and protocols for addressing allegations of copyright infringement through Charter's network:

- Kirill Abramov (Vice President and Associate General Counsel, Intellectual Property Law)

- Christopher Avery (Former Charter Legal Department Attorney, Former Employee)

- Timothy Brockel (Former Network Securities Operations Employee)

- Tammy Deloach (Network Securities Operations Employee)

- Jeff Erhardt (Network Securities Operations Employee)

- Philip Jones (Network Securities Operations Employee)

- Mary Haynes (Vice President of Network Security Operations)

- Colton Mabb (Network Security Operations Employee)

- Christin McMeley (Former Legal Department Attorney and Vice President-Government Affairs/Chief Privacy Officer)

- Austin McNeil (Network Security Operations Employee)

- Matt Nelson (Network Security Operations Employee)

- Elfin Noce (Former Charter Legal Department Attorney)

- Andre Owens (Former Network Securities Operations Employee)

- Bernard Ramos (Former Network Securities Operations Employee)

- Lauri Rowlett (Former Director of Customer Security Team)

- Kelly Starkweather (Former Charter Legal Department Attorney, Former Employee)

- Tammy Stewart (Former Manager of Network Securities Operations)

- Adam Taylor (Network Securities Operations Employee)

**SUPPLEMENTAL RESPONSE:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks information outside the Discovery Period in this litigation. Charter will not commit to inquire for or provide information from before March 1, 2012. Charter further objects to this request as overbroad,

unduly burdensome, vague and ambiguous, in seeking the identification of "all persons" and in its use of the undefined term "responsibility." Charter further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including Plaintiffs' RFP Nos. 8 and 10. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its objections, Charter identifies the following current or former employees with responsibility for designing, developing, or implementing Charter's policies and protocols for addressing allegations of copyright infringement through Charter's network:

- Kirill Abramov (Vice President and Associate General Counsel, Intellectual Property at Charter Communications) (2007-present)
- Christopher Avery (Former Charter Legal Department Attorney, Former Employee) (3/13/2006- 8/29/2014)
- Timothy Brockel (Former Network Securities Operations Employee) (2/18/2013-12/29/2017)
- Tammy Deloach (Network Securities Operations Employee) (7/19/2010-present)
- Jeff Erhardt (Network Securities Operations Employee) (9/19/2016- 12/29/2017)
- Philip Jones (Network Securities Operations Employee) (3/30/2015-unclear)
- Mary Haynes (Vice President of Network Security Operations) (8/26/2013-present)
- Colton Mabb (Network Security Operations Employee) (9/4/2012-present)
- Christin McMeley (Former Legal Department Attorney and Vice President-Government Affairs/Chief Privacy Officer) (7/16/2004- 4/30/2013)
- Austin McNeil (Network Security Operations Employee) (2/18/2013-present)
- Matt Nelson (Network Security Operations Employee) (9/11/2006-present)
- Elfin Noce (Former Charter Legal Department Attorney) (3/10/2014- 1/4/2019)
- Andre Owens (Former Network Securities Operations Employee) (4/23/2007-12/29/2017)

- Bernard Ramos (Former Network Securities Operations Employee) (3/21/2016-12/29/2017)

- Lauri Rowlett (Former Director of Customer Security Team) (10/6/2003-present)

- Kelly Starkweather (Former Charter Legal Department Attorney, Former Employee) (2/16/2009- 8/4/2017)

- Tammy Stewart (Former Manager of Network Securities Operations) (11/8/2004-present)

- Adam Taylor (Network Securities Operations Employee) (3/30/2015-present)

- Jim Obermeyer (VP, Marketing) (November 2011-present)

- Danyel Schönemann (VP, Finance) (May 2011-present)

**INTERROGATORY NO. 2**

Identify each person (including but not limited to copyright holders and notice-sending agents or entities) from whom you received one or more Infringement Notice(s), and state the total number of Infringement Notices you received from each such person by month and year.

**RESPONSE:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, because it seeks information about works and parties not at issue in this case, and to the extent it seeks information outside the Discovery Period. Charter further objects to this request as overbroad, unduly burdensome, and vague and ambiguous, in requesting information concerning "notice-sending agents or entities," as such terms are not defined. Charter further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' RFP Nos. 2, 3, 4, 11, and 12. Charter further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Charter reserves the right to shift the cost of accessing such information to Plaintiffs. Charter further objects to this request to the extent it seeks information that is in Plaintiffs' possession, custody, or control, or that is equally available to Plaintiffs. Charter reserves its right to respond to this interrogatory pursuant to Fed.

R. Civ. P. 33(d).

Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 33(d), and after a protective order has been entered in this matter, Charter will provide information or specify business records that will enable Plaintiffs to determine the requested information with respect to notices of claimed infringement of Plaintiffs' works that were submitted to Charter on behalf of Plaintiffs during the Discovery Period, to the extent Charter finds such information in its possession, custody, or control after a reasonably diligent search.

**INTERROGATORY NO. 3**

Identify each person (including but not limited to copyright holders and notice-sending agents or entities) upon whom you imposed a limit or cap of any kind on the number of Infringement Notices from such person that you received or processed, or whom you placed upon a "blacklist" in connection with your receipt of Infringement Notices, including by specifying the terms and effect of the limit, cap, or blacklist imposed and when such limit, cap, or blacklist applied.

**RESPONSE:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, because it seeks information about works and parties not at issue in this case, and to the extent it seeks information outside the Discovery Period. Charter further objects to this request as overbroad, unduly burdensome, and vague and ambiguous, in requesting information concerning "notice-sending agents or entities" and "blacklist," as such terms are not defined. Charter further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Charter reserves the right to shift the cost of accessing such information to Plaintiffs. Charter further objects to this request to the extent it seeks information that is in Plaintiffs' possession, custody, or control, or that is equally available to Plaintiffs.  Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 33(d), and after a protective order has been entered in this matter, Charter will specify business records that will enable Plaintiffs to determine whether any of Plaintiffs' infringement notices were not processed due to hitting a limit or cap to the extent Charter finds such information in its possession, custody, or control after a reasonably diligent search.

## INTERROGATORY NO. 4

Identify each Infringement Notice you received alleging infringement of one or more copyrighted sound recordings or musical works. Your response should include the date of the Infringement Notice, the sound recordings or musical works allegedly infringed, the IP address of the Subscriber or User identified in the Infringement Notice, and the rights holder on behalf of whom the Infringement Notice was sent.

**RESPONSE:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, because it seeks information about works and parties not at issue in this case, to the extent it seeks information outside the Discovery Period, and to the extent it requires Charter to speculate as to the existence and ownership of unidentified copyrights. Charter further objects to this request as overbroad, unduly burdensome, and vague and ambiguous, in requesting information concerning "sound recordings or musical works," because Charter lacks knowledge and cannot reasonably obtain knowledge concerning whether material identified in a given notice is actually a sound recording or musical work pursuant to the Copyright Act. Charter further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' RFP Nos. 2, 3, 4, 11, 12, and 15. Charter further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Charter reserves the right to shift the cost of accessing such information to Plaintiffs. Charter further objects to this request to the extent relevant information cannot be reasonably identified with information Charter

possesses. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its objections, Charter directs Plaintiffs to its responses to RFP Nos. 2, 3, 4, 11, 12, and 15 and notes that any production pursuant to Fed. R. Civ. P. 33(d) would include only responsive, non-privileged documents in Charter's possession concerning Plaintiffs' works in suit.

### INTERROGATORY NO. 5

Identify each Subscriber or User about whom you received one or more Infringement Notice(s) alleging infringement of one or more copyrights owned or controlled by a record company or music publisher. Your response should include the Subscriber or User's name, Subscriber ID, address, account number, bandwidth speed associated with each account, associated IP address(es), the number of Infringement Notices you received about the Subscriber or User, and any ticket number(s) associated with each such Infringement Notice.

**RESPONSE:** Charter objects that this request contains at least three discrete subparts. Charter further objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information concerning works and parties not at issue in this litigation, because it demands irrelevant information concerning a subscriber's "bandwidth speed," and to the extent it seeks information outside the Discovery Period. Charter further objects to this request as overbroad, unduly burdensome, and vague and ambiguous, in requesting information concerning "copyrights owned or controlled by a record company or music publisher," because Charter lacks knowledge and cannot reasonably obtain knowledge concerning whether copyrights are "owned or controlled" by particular entities, or whether a particular entity is a record company or music publisher. Charter further objects to this request as vague and ambiguous with respect to the term "received." Charter will not provide information concerning notices of claimed infringement that Charter obtained only through discovery in litigation. Charter further objects to

this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' RFP Nos. 2, 3, 4, 11, and 12. Charter further objects to this request to the extent it seeks information that is in Plaintiffs' possession, custody, or control, or that is equally available to Plaintiffs. Charter further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Charter reserves the right to shift the cost of accessing such information to Plaintiffs. Charter further objects to this request on the grounds that it improperly attempts to evade the requirements and procedures of 17 U.S.C. § 512(h), relating to subpoenas for the purpose of identifying alleged infringers, and to the extent it purports to require Charter to disclose information, including personally identifiable information, that infringes on any individual's right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its objections, Charter directs Plaintiffs to its responses to RFP Nos. 2, 3, 4, 11, and 12. Charter will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected person notice and an opportunity to challenge the disclosure of such information. Charter is also willing to meet and confer with Plaintiffs about a mutually agreeable process for uniquely identifying subscribers who were the subject of Plaintiffs' notices concerning the Copyrighted Works in a manner that protects such subscribers' personally identifiable information.

**INTERROGATORY NO. 6**

Identify each Subscriber or User whose internet service you terminated, suspended, or otherwise limited in response to an Infringement Notice, specifying for each, the Subscriber or User's Subscriber ID, any ticket number(s) associated with such Infringement Notices, action(s) taken by you with regard to the Subscriber's or User's internet service, and whether and when such Subscriber's or User's internet service was restored in whole or in part or renewed.

**RESPONSE:** Charter objects that this request contains at least two discrete subparts.

Charter further objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, to the extent it seeks information about notices of claimed infringement submitted by or on behalf of third parties, and to the extent it seeks information outside the Discovery Period. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request on the grounds that it improperly attempts to evade the requirements and procedures of 17 U.S.C. § 512(h), relating to subpoenas for the purpose of identifying alleged infringers, and to the extent it purports to require Charter to disclose information, including personally identifiable information, that infringes on any individual's right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise. Charter further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' RFP Nos. 2, 3, 4, 11, 12, and 15. Charter further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Charter reserves the right to shift the cost of accessing such information to Plaintiffs. Charter further objects to this request to the extent relevant information cannot be reasonably identified

with information Charter possesses. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d) and will identify documents produced in due course.

## INTERROGATORY NO. 7

Identify the number of Subscribers or Users whose internet service you terminated, suspended, or otherwise limited for violation of your Acceptable Use Policy, specifying the provision of the Acceptable Use Policy that was violated, and the number of such Subscribers or Users whose internet service was restored in whole or in part or renewed. For Subscribers or Users terminated for violating more than one provision of the Acceptable Use Policy, organize your response by grouping the provisions violated (i.e., X number of Subscribers terminated for violating provisions A and B; Y number of Subscribers terminated for violating provisions C and D).

**RESPONSE:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, to the extent that Charter's Acceptable Use Policy applies to conduct that is not relevant to this case, to the extent it seeks information about activity unrelated to alleged infringement of Plaintiffs' works-in-suit, and to the extent it seeks information outside the Discovery Period. Charter further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' RFP Nos. 2, 3, 4, 11, 12 and 15. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

## INTERROGATORY NO. 8

Describe in detail all technological or other means or mechanisms you implemented to deter or remedy violations of your Acceptable Use Policy on grounds of copyright infringement.

**RESPONSE:** Charter objects to this request as vague and ambiguous, overbroad, and unduly burdensome, and to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because Charter's Acceptable Use Policy applies to conduct that lacks relevance to the claims or defenses of any party, and to the extent the request seeks documents outside the Discovery Period. Charter further

objects that this request is vague and ambiguous, in particular as the meaning of the phrase "technological or other means or mechanisms," and fails to describe with reasonable particularity the information sought. Charter further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including RFP No. 13. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its objections, and after a protective order has been entered in this matter, Charter directs Plaintiffs to its responses to RFP No. 13.

### INTERROGATORY NO. 9

Describe in detail all technological or other means or mechanisms you implemented to deter or remedy violations of your Acceptable Use Policy on grounds other than copyright infringement.

**RESPONSE:** Charter objects to this request as vague and ambiguous, overbroad, and unduly burdensome, and to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because Charter's Acceptable Use Policy applies to conduct that lacks relevance to the claims or defenses of any party, and the interrogatory expressly contemplates non-infringement related matters irrelevant to this action, and to the extent the request seeks documents outside the Discovery Period. Charter further objects that this request is vague and ambiguous, in particular as the meaning of the phrase "technological or other means or mechanisms," and fails to describe with reasonable particularity the information sought. Charter further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including RFP No. 13. Charter further objects to this request to the extent it improperly seeks information

protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

### INTERROGATORY NO. 10

Identify the revenues and profits attributable to Subscribers and Users about whom you received Infringement Notices, including the overall revenue and profit, and the per-Subscriber and per-User revenue and profit by month and year.

**RESPONSE:** Charter objects to this request as vague and ambiguous, over-broad, and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects to this request as vague and ambiguous, in particular as the meaning of the phrase "attributable to Subscribers about whom you received Infringement Notices," and fails to describe with reasonable particularity the information sought. Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including RFP Nos. 14, 18 and 19. Charter further objects to this request as premature as it purports to require Charter to disclose individuals, documents, or things inconsistent with the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26(a)(2) and the rules and orders of this Court. Charter further objects to the extent such information is related to items currently pending before the Court on Defendant's Motion to Dismiss.

Subject to and without waiving the foregoing objections, Charter responds that it is willing to meet and confer in good faith with Plaintiffs concerning this request.

**INTERROGATORY NO. 11**

State your total number of Subscribers, per month and year.

**RESPONSE:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and to the extent this request seeks information outside the Discovery Period. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

**SUPPLEMENTAL RESPONSE:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and to the extent this request seeks information outside the Discovery Period.  Subject to the foregoing objections, Charter responds that the total number of internet subscribers, per month and year, during the Discovery Period, are as follows:

| Month | Year | Residential | Business |
|-------|------|-------------|----------|
| January | 2013 | 4,088,204 | 202,317 |
| February | 2013 | 4,126,157 | 206,137 |
| March | 2013 | 4,165,935 | 209,827 |
| April | 2013 | 4,190,174 | 213,752 |
| May | 2013 | 4,198,497 | 218,065 |
| June | 2013 | 4,204,137 | 222,221 |
| July | 2013 | 4,212,862 | 225,370 |
| August | 2013 | 4,242,279 | 229,442 |
| September | 2013 | 4,289,510 | 233,153 |
| October | 2013 | 4,319,000 | 236,888 |
| November | 2013 | 4,347,306 | 240,665 |
| December | 2013 | 4,399,342 | 243,879 |
| January | 2014 | 4,435,067 | 245,816 |

| February | 2014 | 4,484,623 | 249,838 |
|---|---|---|---|
| March | 2014 | 4,535,629 | 254,188 |
| April | 2014 | 4,567,247 | 258,619 |
| May | 2014 | 4,580,453 | 262,962 |
| June | 2014 | 4,585,226 | 266,761 |
| July | 2014 | 4,593,160 | 269,864 |
| August | 2014 | 4,623,158 | 274,297 |
| September | 2014 | 4,677,897 | 278,889 |
| October | 2014 | 4,721,151 | 283,025 |
| November | 2014 | 4,751,038 | 286,987 |
| December | 2014 | 4,785,196 | 290,078 |
| January | 2015 | 4,818,190 | 292,869 |
| February | 2015 | 4,868,460 | 296,548 |
| March | 2015 | 4,910,195 | 300,531 |
| April | 2015 | 4,937,818 | 306,559 |
| May | 2015 | 4,961,762 | 311,804 |
| June | 2015 | 4,982,029 | 316,217 |
| July | 2015 | 5,005,398 | 320,643 |
| August | 2015 | 5,052,350 | 325,972 |
| September | 2015 | 5,111,993 | 330,908 |
| October | 2015 | 5,149,937 | 336,176 |
| November | 2015 | 5,192,284 | 341,091 |
| December | 2015 | 5,227,039 | 345,100 |
| January | 2016 | 5,264,940 | 348,941 |
| February | 2016 | 5,314,910 | 353,836 |
| March | 2016 | 5,367,827 | 358,836 |
| April | 2016 | 5,410,520 | 365,166 |
| May | 2016 | 5,439,485 | 370,984 |
| June | 2016 | 5,458,020 | 376,050 |

| | | | |
|---|---|---|---|
| **July** | 2016 | 5,477,389 | 380,789 |
| **August** | 2016 | 5,518,215 | 385,117 |
| **September** | 2016 | 5,579,243 | 392,103 |
| **October** | 2016 | 5,619,332 | 396,805 |
| **November** | 2016 | 5,651,638 | 401,274 |
| **December** | 2016 | 5,687,840 | 404,973 |

### INTERROGATORY NO. 12

State the number of Subscribers, per month and year, whose internet service you terminated for failing to pay amounts owing on the Subscriber's account.

**RESPONSE:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and to the extent this request seeks information outside the Discovery Period. Charter further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including FRP Nos. 2 and 15. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Date: February 4, 2019

By: */s/ Michael S. Elkin*

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Erin R. Ranahan
Shilpa A. Coorg
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Phone: 213.615.1700
Fax: 213.615.1750
E-mail: eranahan@winston.com
E-mail: scoorg@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Phone: 303.830.2400
Fax: 303.830.1033
E-mail: cjoyce@fwlaw.com
E-mail: jtanner@fwlaw.com

*Counsel for Defendant*
*Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 4, 2020 a true and correct copy of the foregoing was served via email on the below counsel of record for Plaintiffs:

Mitchell A. Kamin
Neema T. Sahni
Rebecca Van Tassell
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
rvantassell@cov.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

Janette L. Ferguson
Benjamin M. Leoni
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Jonathan M. Sperling
Jacqueline C. Charlesworth
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jcharlesworth@cov.com

*/s/ Seth E. Spitzer*