IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER BROS. RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Case No. 19-cv-00874-RBJ

**DECLARATION OF JOHN J. ROSENTHAL IN SUPPORT OF CHARTER COMMUNICATIONS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO CONDUCT DISCOVERY OUTSIDE THE DISCOVERY LIMITS AND ON AN EXPEDITED BASIS REGARDING CHARTER'S SPOLIATION OF ELECTRONIC DATA**

Pursuant to 28 U.S.C. § 1746, I, John J. Rosenthal, declare as follows:

    1.    I am a partner in the Washington, D.C. office of Winston & Strawn LLP, which is counsel of record for Defendant Charter Communications, Inc. ("Charter"). I am the Chairman of Winston & Strawn's eDiscovery & Information Governance Practice Group. I am duly licensed to practice law by the State of Maryland and the District of Columbia.

    2.    I have personal knowledge of the facts stated herein and can testify competently to those facts. I make this declaration in support of Defendant's Opposition to Plaintiff's Motion for Leave to Conduct Discovery Outside the Discovery Limits and On an Expedited Basis Regarding Charter's Spoliation of Electronic Data, Dkt. No. 167.

    3.    In early 2016, Charter received notice of intent to sue from various music publishers, pending resolution of a bellwether case of a similar nature against Cox Communications. Charter subsequently entered into agreements to toll the claims of the following plaintiffs on the indicated dates: Universal Music Group (March 24, 2016), Warner Music Group (April 18, 2016), Sony Music Entertainment (April 18, 2016), and Sony/ATV Music Publishing (June 15, 2016).

1

4. In order to respond to Plaintiffs' First and Second Requests for Production in this case, Charter loaded emails for its selected document custodians that had been collected from its ProofPoint archive system, or from "snapshot" copies of individual users' Charter mailboxes, into a Relativity database maintained by Charter's e-discovery vendor, Epiq Global.

5. This volume included approximately 1.73 million messages corresponding to the Discovery Time Period in this matter (March 24, 2012 to May 17, 2016) collected for the following custodians, who were not subject to email loss resulting from Charter's disclosed, inadvertent deletion of preserved custodial emails:

    a. DeLoach, Tammy

    b. Mabb, Colton

    c. Nelson, Matthew

    d. Rowlette, Laurie

    e. Wood, Laurie

6. These documents were searched for possible relevance to Plaintiffs' Requests for Production, and then were reviewed for individual responsiveness to the same. As a result of this review, 45 documents were produced where one of the above custodians possessed the document or an exact duplicate.

7. The volume loaded by Epiq also included approximately 1.2 million messages corresponding to the Discovery Time Period in this matter (March 24, 2012 to May 17, 2016) in the custody of the one of the nine custodians impacted by Charter's disclosed, inadvertent deletion of preserved custodial emails.

8. These documents were searched for possible relevance to Plaintiffs' Requests for Production, and then were reviewed for individual responsiveness to the same. As a result of this review, 8 documents were produced where one of the nine custodians possessed the document or an exact duplicate.

9. Attached hereto as **Exhibit 1** is a true and correct copy of a letter from Michael S. Elkin, counsel for Charter, to Mitchell Kamin and dated March 4, 2020, disclosing facts related to Charter's inadvertent loss of preserved emails for certain custodians relevant to this matter.

10. Attached hereto as **Exhibit 2** is a true and correct copy of a letter from me to Mitchell Kamin and dated April 14, 2020, disclosing facts related to Charter's inadvertent loss of preserved emails for certain custodians and reflecting the parties' then-ongoing informal dialogue concerning those facts.

11. Attached hereto as **Exhibit 3** is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for Charter, spanning March 4 to April 30, 2020, concerning Charter's inadvertent loss of preserved emails for certain custodians, and also discovery related to the same.

12. Attached hereto as **Exhibit 4** is a true and correct copy of the Supplemental Declaration of Maura R. Grossman in Support of Defendants and Counterclaimants' Motion To Compel, *William Morris Endeavor Ent., LLC, v. Writers Guild of Am. West, Inc.*, No. 2:19-cv-05465-AB-AFM (C.D. Cal. May 5, 2020) (No. 108-3).

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th Day of May, 2020, in Washington, D.C.

*John Rosenthal*
_____
John J. Rosenthal