

North America   Europe   Asia

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**JENNIFER A. GOLINVEAUX**
(415) 591-1506
jgolinveaux@winston.com

July 6, 2020

**VIA ECF**
Hon. R. Brooke Jackson
United States District Judge
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294

**Re:** *Warner Records, et al. v. Charter Communications, Inc.*, Case No. 1:19-cv-00874-RBJ-MEH

Dear Honorable Judge Jackson:

Charter Communications, Inc. ("Charter") hereby seeks leave to file a motion to dismiss and/or strike the counterclaims filed by a subset of Plaintiffs[1] on June 15, 2020 in response to Charter's counterclaims for declaratory judgment of non-infringement. Charter met and conferred with these Plaintiffs and requested that they agree to voluntarily dismiss their counterclaims, which are not "compulsory" and improperly seek to expand the scope of the claims in this case seven months after the deadline to amend pleadings. Plaintiffs refused to do so.

## I.      Plaintiffs' Counterclaims Are Not Compulsory and Subject to Dismissal/Striking

On June 15, 2020, a subset of Plaintiffs filed two counterclaims in response to Charter's counterclaims for declaratory judgment of non-infringement. ECF 184. They assert that Charter is secondarily liable for the infringement of over 3,000 new works beginning after the original claim period and through present. *Id.,* Countcls., ¶¶ 1, 11, 15. They allege their counterclaims are compulsory because Charter's counterclaims "are ambiguous whether they seek declarations of non-infringement only as to the works in suit in the underlying action or more broadly as to any of Plaintiffs' copyrighted works," *id.*, ¶ 3, n.4, and are not limited to Plaintiffs' Claim Period (March 24, 2013 to May 17, 2016). *See id.,* ¶ 4.

Contrary to Plaintiffs' position, Charter's declaratory relief counterclaims are expressly limited to the works Plaintiffs asserted in their underlying action and there is no ambiguity. Charter specifically pleaded as follows: "FOR A DECLARATORY JUDGMENT THAT CHARTER IS NOT LIABLE FOR CONTRIBUTORY INFRINGEMENT OF PLAINTIFFS' ***WORKS AT ISSUE***" and "FOR A DECLARATORY JUDGMENT THAT CHARTER IS NOT LIABLE FOR VICARIOUS INFRINGEMENT OF PLAINTIFFS' ***WORKS AT ISSUE***." ECF 165 at 66, 67 (capitalizations in original); *see also id.*, ¶ 127 ("Charter lacked the ability to verify ***Plaintiffs' allegations of infringement***"); ¶ 129 ("Charter lacked knowledge of any acts of copyright

---

[1] Only the Universal Music Group Record Company Plaintiffs and the purported owners of the corresponding music compositions asserted counterclaims. *See* ECF 184, Countcls., ¶¶ 16, 17.



infringement by others *particularly claimed by Plaintiffs in this action*); ¶ 130 (Charter lacked knowledge of any acts of copyright infringement by others generally *claimed by Plaintiffs in this action*); ¶ 151 ("Charter is entitled to a declaration that it is not vicariously liable to Plaintiffs, or any of them, on account of copyright infringement by others *for the works in suit*.") (emphasis added); *see also* ¶¶ 148-150. Thus, Plaintiffs' counterclaims are not compulsory and there is no basis for Plaintiffs to assert thousands of new works. At most, Plaintiffs could have asserted counterclaims for infringement of the 11,027 works in suit through present.[2]

Charter pointed out to Plaintiffs that its counterclaims are expressly limited to Plaintiffs' works in suit but, in order to resolve any claimed ambiguity, Charter would be willing to amend its counterclaims to make that clear. Charter also informed Plaintiffs that, given the advanced stage of the case, it would amend its counterclaims to expressly limit them to Plaintiffs' Claim Period of March 24, 2013 to May 17, 2016. Plaintiffs refused to consent to the amendment, requiring Charter to file its concurrent motion for leave to amend.

As described above, Plaintiffs' counterclaims are far broader than Charter's declaratory relief counterclaims and, therefore, not properly deemed "compulsory." *See* Fed R. Civ. P. 13(a)(1) (a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"); *see also Kamakazi Music Corp. v. Robbins Music Corp.*, 534 F. Supp. 57, 64–65 (S.D.N.Y. 1981) ("The prior trademark claim concerned the Big 3 'Urban Cowboy Music' folio; the current counterclaim concerns the Warner 'Urban Cowboy' folio. This indicates that the prior claim and current counterclaim arose from different transactions or occurrences."). Plaintiffs' counterclaims seek to add over 3,000 new claims of infringement regarding works not at issue in the underlying case or Charter's counterclaims. Because Plaintiffs' counterclaims are not compulsory, they are subject to dismissal and/or striking as impermissible attempts to amend pleadings long after their deadline on January 6, 2020 to do so. *See Old Town Indus., Inc. v. Ryan*, Case No. 09-cv-02587-WDM-DW, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (granting motion to strike counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate . . . ."); *see also Lincoln Sav. Bank v. Open Sols., Inc.*, 956 F. Supp. 2d 1032, 1041 (N.D. Iowa 2013) (same).

Accordingly, Charter seeks leave to move to dismiss and/or strike Plaintiffs' counterclaims as not properly compulsory and as an improper attempt to vastly expand the scope of Plaintiffs'

---

[2] To the extent Plaintiffs merely extended the period of time during which the works they assert in their First Amended Complaint were infringed, Plaintiffs would not be entitled to any additional awards of statutory damages, as the Copyright Act limits the number of awards by works in suit—not by the number of times that they have been infringed. 17 U.S.C. § 504(c) "[T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages *for all infringements involved in the action, with respect to any one work* … .") (emphasis added); *see also Harrington v. Aerogelic Ballooning, LLC*, No. 18-CV-02023-MSK-NYW, 2019 WL 2613334, at *3 (D. Colo. Apr. 25, 2019) ("Put another way, '[a] single infringer of a single work is liable for a single amount [], no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series.") (quoting Melville B. Nimmer et al., NIMMER ON COPYRIGHT, 14-135 § 14.04[E][2][*a*][*i*]) (internal citations omitted).



claims long after the deadline to amend pleadings and more than a year into discovery. Charter seeks leave to move to dismiss and/or strike Plaintiffs' counterclaims regardless of whether Charter is separately granted leave to amend its declaratory relief counterclaims because Plaintiffs' counterclaims are not compulsory to Charter's counterclaims, as they do not arise out of the transaction or occurrence at issue therein and are, therefore, impermissibly asserted.

## II.     Plaintiffs Should Not Be Permitted to Amend Their Complaint

As demonstrated above, Plaintiffs' counterclaims are not compulsory but permissive. Accordingly, Plaintiffs' counterclaims should be dismissed and/or stricken because Plaintiffs failed to seek leave to amend its pleadings, as would be required at this point in the case. *See Old Town Indus., Inc.*, at \*2. While Plaintiffs have not sought such leave, if they do, it should be denied. Allowing Plaintiffs to vastly expand this already complex case, seven months after the deadline to amend pleadings (which was already extended at Plaintiffs' request), and more than a year into discovery, would greatly prejudice Charter. *See Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (denying amendment that came four and a half months after deadline to amend). Further, there is no question that Plaintiffs were aware of the facts supporting these counterclaims and could have, but failed to, included them in their original complaint or by the deadline to amend. *See id.* (denying amendment where party "knows … the facts upon which the proposed amendment is based but fails to include them in the original complaint").

Pursuant to the Joint Scheduling Order, Plaintiffs' deadline to join parties and amend their pleadings was November 1, 2019 and their deadline to file amended exhibits to their complaint (identifying the "works in suit") was January 15, 2020. ECF 44 at 10. On October 29, 2019, with Charter's consent, Plaintiffs moved to amend the schedule to allow until January 6, 2020 to amend their pleadings, ECF 77, which the Court granted on October 30, 2019. ECF 79.

The parties have conducted extensive discovery based on Plaintiffs' First Amended Complaint, nearly all of which has been limited to the Claim Period (March 24, 2013 to May 17, 2016) or the Discovery Period (March 2012 to May 2016). This discovery is focused on the 11,027 works in suit, the technology of the infringement notice program at issue, Plaintiffs' anti-piracy efforts leading up to and including the Claim Period, Charter's responses to infringement notices leading up to and including the Claim Period, and Charter's financials during the Claim Period.

Plaintiffs' improper counterclaims would vastly expand the scope of discovery by adding new infringement claims for over 3,000 new works and by doubling the time period at issue from May 18, 2016 to present. It is also unclear whether the Plaintiffs asserting counterclaims used the same notice program as with the underlying claims, which would also substantially expand the intensive technology-heavy discovery in which the parties are currently engaged, involving multiple third parties. Courts routinely deny amendments to pleadings seeking to vastly expand a case long after the deadline for amendments. If Plaintiffs seek leave, the same should be true here.

Respectfully submitted,

*s/ Jennifer A. Golinveaux*