IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

**CHARTER COMMUNICATION, INC.'S MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS ONE AND TWO**

Defendant Charter Communications, Inc. ("Charter"), by and through the undersigned counsel, hereby submits this Motion for Leave to Amend its Counterclaims One and Two pursuant to Federal Rule of Civil Procedure 15(a)(2) ("Motion"). As grounds for the Motion, Charter states as follows:

**CERTIFICATION PURSUANT TO D.C. COLO. L. CIV. R. 7.1(A)**

Pursuant to D.C. Colo. L. Civ. R. 7.1(a), on June 24, 2020, counsel for Charter contacted counsel for Plaintiffs to notify Plaintiffs that Charter intended to amend its Counterclaims One and Two to narrow the time period to that in Plaintiffs' First Amended Complaint and to further clarify that Charter's Counterclaims One and Two were limited to the works Plaintiffs assert in their First Amended Complaint, although Charter disagreed with Plaintiffs' stated position that Charter's Counterclaims were "ambiguous" in that regard. Charter's counsel also informed Plaintiffs that Charter would move to dismiss Plaintiffs' counterclaims on the ground that they are not compulsory, unless Plaintiffs agreed to voluntarily dismiss them.

In this correspondence, counsel for Charter sought Plaintiffs' consent to amend Charter's Counterclaims One and Two as described above, which Plaintiffs refused. In this same

correspondence, counsel for Charter also requested Plaintiffs dismiss their counterclaims, which Plaintiffs refused.

## INTRODUCTION

Charter filed two declaratory judgment counterclaims asserting the non-infringement of Plaintiffs' works in suit (one for no contributory infringement and another for no vicarious liability). Charter now seeks leave to amend these counterclaims to expressly limit the time period to Plaintiffs' claim period (i.e., March 24, 2013 through May 17, 2016) in light of the advanced stage of the case and fact discovery, nearly all of which has been limited to the claim period or, alternatively, the discovery period (March 1, 2012 through May 17, 2016). Charter also seeks leave to amend to further clarify that its counterclaims are limited to the works Plaintiffs assert in their underlying action, in light of Plaintiffs' position that Charter's counterclaims are "ambiguous" on that front, although Charter disagrees that there is any ambiguity.

Plaintiffs claim that Charter's declaratory judgment counterclaims are ambiguous as to whether they are limited to the works in suit. Based on this purported ambiguity, a subset of Plaintiffs filed two counterclaims that they deem "compulsory" (the "Counterclaim Plaintiffs").[1] With them, the Counterclaim Plaintiffs seek to hold Charter liable for the alleged infringement of over 3,000 new works that were not pleaded in Plaintiffs' underlying case through present. Because Charter's declaratory relief counterclaims were specifically limited to the works in suit, Plaintiffs' attempt to expand Charter's potential exposure by $450 million is improper.

Plaintiffs refused to consent to Charter's proposed amendment necessitating this motion. For the reasons set forth herein, Charter respectfully requests the Court grant it leave to so amend.

---

[1] Only the Universal Music Group Record Company Plaintiffs and the purported owners of the corresponding music compositions asserted counterclaims. *See* ECF 184, Countcls., ¶¶ 16, 17.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

I.  **Plaintiffs' Complaint and First Amended Complaint**

On March 22, 2019, Plaintiffs filed their Original Complaint, alleging claims of contributory infringement and vicarious liability against Charter for the period March 24, 2013 through May 17, 2016 ("Original Claim Period") for 11,482 works. ECF 1. Pursuant to the Joint Scheduling Order, Plaintiffs' deadline to join parties and amend their pleadings was November 1, 2019 and Plaintiffs' deadline to file amended exhibits to their complaint (in which Plaintiffs identified the "works in suit") was January 15, 2020. ECF 44 at 10. On October 29, 2019, with Charter's consent, Plaintiffs moved to amend the Joint Scheduling Order to allow Plaintiffs until January 6, 2020 to amend their pleadings, ECF 77, which the Court granted. ECF 79.

On January 6, 2020, Plaintiffs moved for leave to file an amended complaint and add parties, ECF 109, and on January 15, 2020, Plaintiffs moved for leave to file amended exhibits to their proposed amended complaint. ECF 111. On February 13, 2020, the Court granted Plaintiffs' two motions, ECF 121 & 122, after which Plaintiffs filed their First Amended Complaint and amended exhibits. ECF 123. Plaintiffs did not change the time period of their claims, though they amended the number of works they are asserting by 455, from 11,482 to 11,027.

II.  **Charter's Responses to Plaintiffs' First Amended Complaint and Charter's Original Counterclaims**

On February 28, 2020, Charter timely sought to dismiss Plaintiffs' vicarious liability claim, which it had previously moved to dismiss from Plaintiffs' Original Complaint. ECF 137.[2]  On

---

[2] On May 28, 2019, Charter first moved to dismiss Plaintiffs' vicarious liability claim. ECF 38. On October 21, 2019, Judge Hegarty recommended denying that motion, ECF 71, to which Charter timely objected. ECF 81. Upon the filing of Plaintiffs' First Amended Complaint, Charter's first motion to dismiss was mooted to the extent it was directed at a pleading that was no longer operative. ECF 121 (granting Plaintiffs leave to amend and directing Charter to "file an answer or other response to the amended pleading in accordance with Fed. R. Civ. P. 15"). Thus, Charter sought to file a renewed motion to dismiss. ECF 137.

March 4, 2020, the Court directed Charter to respond to Plaintiffs' contributory liability claim, which was not subject to a pending motion to dismiss. ECF 141. On March 18, 2020, Charter timely responded, answering Plaintiffs' contributory liability claim, asserting affirmative defenses thereto, and filing one counterclaim seeking a declaratory judgment that Charter is not liable for contributorily infringing the works Plaintiffs asserted in their First Amended Complaint and another counterclaim for Plaintiffs' violation of 17 U.S.C. § 512(f) for knowingly sending false notices of alleged infringement ("Charter's Original Counterclaims"). ECF 147.

On April 7, 2020, the parties held a meet and confer during which Plaintiffs indicated that they would seek to move to strike certain of Charter's affirmative defenses and move to dismiss both of its counterclaims. On April 8, 2020, Plaintiffs sought leave from the Court to move to dismiss Charter's Original Counterclaims, ECF 156, to which Charter responded, noting that it anticipated amending its counterclaims to add a counterclaim pursuant to the Colorado Consumer Protection Act ("CCPA"). ECF 158 at n.1.

On April 20, 2020, in response to the parties' letters regarding Plaintiffs' anticipated motion to dismiss, the Court held that "[i]t appears that a motion to dismiss the counterclaims is premature. Defendant apparently is contemplating amending its counterclaims." ECF 161. The Court also held that it "does not require another exchange of letters prior to the filing of a Rule 12 motion on the amended counterclaims, if such a motion is desired." *Id.*

### III. Charter's First Amended Counterclaims

On April 29, 2020, following the Court's April 16, 2020 denial of Charter's motion to dismiss Plaintiffs' vicarious liability claim, ECF 159, Charter timely answered Plaintiffs' vicarious liability claim, amended its answer to Plaintiffs' contributory liability claim, amended its affirmative defenses to Plaintiffs' First Amended Complaint (as contemplated, following the Court's instruction, ECF 154, 160, and 161), amended its Original Counterclaims, and filed two

4

additional counterclaims, one seeking a declaratory judgment that Charter is not vicariously liable for infringing the works Plaintiffs asserted in their First Amended Complaint and another asserting violation of the CCPA for knowingly sending false notices of alleged infringement (collectively, "Charter's First Amended Counterclaims," Charter's two declaratory judgment counterclaims are separately referred to herein as "Charter's Declaratory Judgment Counterclaims"). ECF 165 ("Charter's Countercl.").

As is clear from Charter's pleadings, Charter limited each of its Declaratory Judgment Counterclaims to the works Plaintiffs assert in their First Amended Complaint: "For a Declaratory Judgment That Charter Is Not Liable for Contributory Infringement of *Plaintiffs' Works At Issue*" and "For a Declaratory Judgment That Charter Is Not Liable for Vicarious Infringement of *Plaintiffs' Works At Issue*." *Id.* at 66, 67 (emphasis added); *see also id.*, ¶ 127 ("Charter lacked the ability to verify *Plaintiffs' allegations of infringement*"); ¶ 129 ("Charter lacked knowledge of any of the copyright infringement by others *particularly claimed by Plaintiffs in this action*"); ¶ 130 (Charter lacked knowledge of any acts of copyright infringement by others generally *claimed by Plaintiffs in this action*); ¶ 151 ("Charter is entitled to a declaration that it is not vicariously liable to Plaintiffs, or any of them, on account of copyright infringement by others *for the works in suit*."); ¶¶ 148-150 (emphasis added).

### IV.     Plaintiffs' Counterclaims to Charter's First Amended Counterclaims

On May 18, 2020, Plaintiffs filed a stipulated motion for expedited relief seeking an extension of time from May 19, 2020 to June 15, 2020 to respond to Charter's First Amended Counterclaims, ECF 177, which the Court granted. ECF 179. On June 15, 2020, Plaintiffs responded to Charter's First Amended Counterclaims. ECF 184. Plaintiffs moved to dismiss Charter's Counterclaims Three and Four, which assert violations of 17 U.S.C. § 512(f) and the CCPA, respectively, based on Plaintiffs' act of sending false notices. *Id.* Plaintiffs answered

Charter's Declaratory Judgment Counterclaims. *Id.* The Counterclaim Plaintiffs also filed two counterclaims to Charter's Declaratory Judgment Counterclaims, one for contributory infringement and the other for vicarious liability ("Plaintiffs' Counterclaims"), which they alleged are "compulsory" because Charter's Declaratory Judgment Counterclaims "are ambiguous whether they seek declarations of non-infringement only as to the works in suit in the underlying action or more broadly as to any of Plaintiffs' copyrighted work," *id.* at 64, n.4, and were not limited to the Original Claim Period. *See id.*, ¶ 4. The Counterclaim Plaintiffs allege they sent Charter over 47,000 additional notices *after* the Original Claim Period (i.e., May 18, 2016 to present), which allegedly evidence the infringement of 3,017 works. *Id.*, ¶ 7. Based on Charter's analysis to date, nearly all of these 3,017 works are new works not asserted in Plaintiffs' First Amended Complaint.

## V.   THE STATUS OF THE CASE

In light of the scope of Plaintiffs' First Amended Complaint, the complexity of both the legal and factual issues, particularly the technical issues related to Plaintiffs' direct infringement case, and the numerous discovery disputes, Charter moved for a modification of the Scheduling Order to allow for more time for discovery. ECF 128. While Plaintiffs opposed the motion, Plaintiffs also proposed an extension to the case schedule. ECF 134. Judge Hegarty subsequently modified the schedule, setting the close of fact discovery for January 31, 2021, expert disclosures for June 1, 2021, dispositive motions for June 1, 2021, and a three-week jury trial starting October 18, 2021. ECF 146 & 169. Neither of the parties' respective positions, nor Judge Hegarty's order, accounted for the potential expansion of Plaintiffs' claims by the addition of more than 3,000 new works, which Plaintiffs allege were infringed through the present day (as opposed to the Original Claim Period of March 24, 2013 to May 17, 2016).

6

## ARGUMENT

**I.     LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 15(a)(2), a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This Court "takes seriously the command of Rule 15(a)(2) that leave to amend should be freely given when justice so requires." *List Interactive, Ltd. v. Knights of Columbus*, No. 17-CV-00210-RBJ, 2017 WL 4621277, at *3 (D. Colo. Oct. 13, 2017).

Leave for amendment is particularly warranted where a party seeks only to clarify its pleadings—as opposed to adding new parties, claims, or otherwise broadening the scope of the litigation. *See e.g.*, *Miller v. Heil*, No. 10-CV-02913-WYD-BNB, 2011 WL 3439736, at *1 (D. Colo. Aug. 5, 2011) (granting leave where defendant "does not ask to add parties or claims; instead, he seeks to clarify his existing claims … ."); *Paquet v. Smith*, No. 10-CV-00813-CMA-KMT, 2011 WL 587333, at *1 (D. Colo. Feb. 9, 2011) (granting leave to amend "a single factual averment to clarify the time period related to the allegations in [defendant's] [c]ounterclaims."); *Carriker v. ISS Facility Servs., Inc.*, No. 12-CV-02365-WJM-KLM, 2013 WL 5200254, at *2 (D. Colo. Sept. 16, 2013) ("It is eminently reasonable to allow Plaintiffs to timely amend the Amended Complaint so as to clarify their allegations … Permitting such amendment will benefit both parties and the Court by clarifying the issues in the case.").[3] The same is true where a party seeks to narrow its existing claims. *See, e.g.*, *Carefree/Scott Fetzer Co. v. Lippert Components, Inc*., No. 11-CV-03019-WJM-KMT, 2012 WL 2412044, at *1 (D. Colo. June 26, 2012) (granting motion to amend where "[p]laintiff … seeks to amend its Complaint to narrow and clarify the issues for trial and

---

[3] *See also First Am. Mortg., Inc. v. First Home Builders of Fla*., No. 10-CV-00824-REB-MEH, 2010 WL 5230902, at *3 (D. Colo. Dec. 15, 2010) ("Thus, proposed amendments that seek to clarify or explain facts asserted in an original complaint are proper."); *Lopez v. Next Generation Constr. & Envtl., LLC*, No. 16-CV-00076-CMA-KLM, 2017 WL 10311221, at *1 (D. Colo. Nov. 13, 2017) (same).

thereby seeks to remove one claim and refine the type of damages sought") (internal quotation marks omitted).

Accordingly, courts will generally only refuse amendment "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Williams v. Ocwen Loan Servicing LLC*, No. 10-CV-01578-PAB-KLM, 2010 WL 3787112, at *1 (D. Colo. Sept. 20, 2010) (citation omitted).

## II. LEAVE TO AMEND IS WARRANTED HERE

### A. Charter Intends to Both Clarify and Limit its Existing Pleadings with the Proposed Second Amended Counterclaims

Charter's Declaratory Judgment Counterclaims are clearly limited to the works Plaintiffs assert in their First Amended Complaint. *See* Charter's Countcl. at 66 ("For a Declaratory Judgment That Charter Is Not Liable for Contributory Infringement of Plaintiffs' **Works At Issue**"); *id.* at 67 ("For a Declaratory Judgment That Charter Is Not Liable for Vicarious Infringement of Plaintiffs' **Works At Issue**"); *see also id.*, ¶¶ 127, 129, 130, 148-151.  However, in order to resolve Plaintiffs' alleged ambiguity, Charter seeks leave to amend its Declaratory Judgment Counterclaims, as proposed in Exhibit A attached hereto, in which Charter will further clarify that its Declaratory Judgment Counterclaims are limited to the works Plaintiffs assert in their First Amended Complaint. *See, e.g.*, Ex. A (Charter's Proposed Second Amended Counterclaims), ¶¶ 129, 131-137.

In addition, due to the advanced stage of the pleadings in this case, including discovery,[4] Charter seeks leave to amend the time period of its Declaratory Judgment Counterclaims to

---

[4] As outlined in detail above, *see supra* at 6, the parties are currently operating on Plaintiffs' First Amended Complaint, which they filed after seeking an extension from November 1, 2019 to

Plaintiffs' Original Claim Period (i.e., March 24, 2013 through May 17, 2016). Charter seeks leave to do so by amending its allegations relating to its own actions so that they are limited to the Original Claim Period and by explicitly stating that it seeks declaratory judgments of non-infringement only for the Original Claim Period. *See, e.g.*, *id.*, ¶¶ 1, 12-15, 22-29, 123-137, 138-146, 151.

As in the cases cited above, leave for amendment is warranted here because Charter's amendments are aimed at clarifying and limiting allegations, rather than expanding the case by adding parties, claims, or extending the time periods at issue. *See, e.g.*, *Miller*, No. 10-CV-02913-WYD-BNB, 2011 WL 3439736, at *1; *Paquet*, No. 10-CV-00813-CMA-KMT, 2011 WL 587333, at *1; *Carriker, Inc.*, No. 12-CV-02365-WJM-KLM, 2013 WL 5200254, at *2. Charter's proposed amendments will obviate the need to conduct discovery on the scope of Charter's Declaratory Judgment Counterclaims and allow the parties to focus on the intended scope of their respective claims. Further, as in *Carefree/Scott Fetzer Co.*, leave for amendment is warranted because Charter's proposed amendments are separately aimed at narrowing the time period of its claims. No. 11-CV-03019-WJM-KMT, 2012 WL 2412044, at *1-*2.

Charter's proposed amendments are timely and limited to clarifying its Declaratory Judgment Counterclaims and, separately, narrowing the temporal scope of relief it seeks against Plaintiffs. For these reasons, and those discussed below, Charter respectfully requests the Court grant it leave to amend so as to clarify and narrow the issues for disposition on the merits.

---

January 6, 2020. With Plaintiffs' First Amended Complaint, Plaintiffs are suing Charter for the secondary infringement of 11,027 works, exposing Charter to in excess of $1.6 billion in statutory damages, should Plaintiffs establish liability. The parties are on their respective third sets of written discovery requests and have litigated numerous discovery disputes before both Judge Hegarty and now Special Master Rodriguez. Charter also expects to begin depositions shortly.

### B. Charter Has Not Unduly Delayed its Proposed Amendment, Nor Is There Any Undue Prejudice to Plaintiffs from Charter's Proposed Amendment

Charter did not delay in seeking amendment. At no point prior to filing their Counterclaims did Plaintiffs seek clarification from Charter as to whether Charter's Declaratory Judgment Counterclaims were limited to the works in suit. Instead, the June 15, 2020 filing of Plaintiffs' Counterclaims was the first indication to Charter that Plaintiffs viewed Charter's Declaratory Judgment Counterclaims as "ambiguous." On June 24, 2020, Charter promptly requested Plaintiffs consent to the filing of amended counterclaims, which Plaintiffs refused on June 26, 2020. Charter filed the instant motion five business days later.

Further, there is no prejudice to Plaintiffs in allowing Charter amend its counterclaims to clarify that they are restricted to the works asserted in the First Amended Complaint and during the Original Claim Period. As discussed above, Charter's proposed amendments will obviate the need for discovery concerning the intended scope of Charter's counterclaims. Charter's proposed amendments may also limit the parties' need to seek new, Post-Original Claim Period discovery. In addition, as in *Carefree/Scott Fetzer Co.*, Charter has narrowed its claims against Plaintiffs, which poses no prejudice to Plaintiffs. *See* No. 11-CV-03019-WJM-KMT, 2012 WL 2412044, at *1 (finding that "to the extent Plaintiff wishes to narrow or simplify the issues for trial, the amendments are not improper") (internal quotation marks and citations omitted).

Plaintiffs may claim that Charter's proposed amendments prejudices them because upon Charter's proposed amendment, Plaintiffs' Counterclaims may no longer be deemed compulsory and, therefore, the Counterclaim Plaintiffs would be unable to assert the infringement of over 3,000 new works through the present against Charter. However, as demonstrated above, Charter's Declaratory Judgment Counterclaims were clearly limited to the specific works Plaintiffs assert in their First Amended Complaint, *see supra* at 5, so, at most, Plaintiffs' Counterclaims should have

10

been limited to the alleged infringement of the original works in suit by Charter's subscribers *after* the Original Claim Period.[5] However, without first seeking clarification, Plaintiffs broadly (and untenably) interpreted Charter's Declaratory Judgment Counterclaims in an effort to assert expansive purported "compulsory counterclaims," to increase their claims in this case by $450 million.

Further, had Plaintiffs desired to assert these new claims against Charter, they should have done so before their deadline to amend their claims, which passed seven months ago. But Plaintiffs never moved to amend the Scheduling Order to seek leave to further amend their claims. *See Old Town Indus., Inc. v. Ryan*, Case No. 09-CV-02587-WDM-DW, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (granting motion to strike counterclaims-in-reply where "Plaintiff failed to [amend its complaint] within the time limit set by [the] Magistrate[.]"). Indeed, had Plaintiffs sought leave to do so, Charter would have opposed such an effort to significantly expand the scope of the case at such a late stage.[6]

---

[5] To the extent Plaintiffs merely extended the period of time during which the works they assert in their First Amended Complaint were infringed, Plaintiffs would not be entitled to any additional awards of statutory damages, as the Copyright Act limits the number of awards to the works in suit—not to the number of times they have been infringed. *See* 17 U.S.C. § 504(c) "[T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages ***for all infringements involved in the action, with respect to any one work*** ….") (emphasis added); *see also Harrington v. Aerogelic Ballooning, LLC*, No. 18-CV-02023-MSK-NYW, 2019 WL 2613334, at *3 (D. Colo. Apr. 25, 2019), *report and recommendation adopted in part*, No. 18-CV-02023-MSK-NYW, 2019 WL 5095683 (D. Colo. Aug. 8, 2019) ("Put another way, '[a] single infringer of a single work is liable for a single amount [], no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series.") (quoting Melville B. Nimmer et al., NIMMER ON COPYRIGHT, 14-135 § 14.04[E][2][*a*][*i*] (quoting H. Rep. p. 162 and 17 U.S.C. § 504(c)(1))) (internal citations omitted).

[6] On July 6, 2020, Charter sought leave to dismiss and/or strike so much of Plaintiffs' Counterclaims that pertain to new works not asserted in Plaintiffs' First Amended Complaint and, further, dismiss and/strike the balance as not compulsory counterclaims, which improperly exceed the scope of Plaintiffs' First Amended Complaint well outside the time for such amendments and without leave from the Court.

11

## CONCLUSION

Based on the foregoing, Charter respectfully requests the Court grant its motion for leave to amend its Declaratory Judgment Counterclaims, as proposed in Exhibit A, amendments that seek only to limit and clarify the scope of Charter's Declaratory Judgment Counterclaims in order to resolve any claimed ambiguity.

Dated: July 6, 2020

Respectfully submitted,

| | |
|---|---|
| Michael S. Elkin<br>Thomas Patrick Lane<br>Seth E. Spitzer<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 294-6700 (telephone)<br>(212) 294-4700 (facsimile)<br>E-mail: melkin@winston.com<br>E-mail: tlane@winston.com<br>E-mail: sspitzer@winston.com<br><br>Erin R. Ranahan<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>(213) 615-1933 (telephone)<br>(213) 615-1750 (facsimile)<br>E-mail: eranahan@winston.com | *s/ Jennifer A. Golinveaux*<br>Jennifer A. Golinveaux<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA 94111-5840<br>(415) 591-1506 (telephone)<br>(415) 591-1400 (facsimile)<br>E-mail: jgolinveaux@winston.com<br><br>Craig D. Joyce<br>Fairfield and Woods, P.C.<br>1801 California Street, Suite 2600<br>Denver, Colorado 80202<br>(303) 830-2400 (telephone)<br>(303) 830-1033 (facsimile)<br>E-mail: cjoyce@fwlaw.com<br><br>*Counsel for Defendant*<br>*Charter Communications, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on July 6, 2020, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to all counsel of record.

| | |
|---|---|
| Matthew J. Oppenheim<br>Scott A. Zebrak<br>Jeffrey M. Gould<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Tel: (202) 851-4526<br>E-mail: matt@oandzlaw.com<br>E-mail: scott@oandzlaw.com<br>E-mail: jeff@oandzlaw.com<br>*Attorneys for Plaintiffs* | Mitchell A. Kamin<br>Neema T. Sahni<br>Mark Y. Chen<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Tel: (424) 332-4800<br>E-mail: mkamin@cov.com<br>E-mail: nsahni@cov.com<br>E-mail: mychen@cov.com<br>*Attorneys for Plaintiffs* |
| Janette L. Ferguson<br>LEWIS BESS WILLIAMS & WEESE, P.C.<br>1801 California Street, Suite 3400<br>Denver, CO 80202<br>Tel: (303) 861-2828<br>E-mail: jferguson@lewisbess.com<br>E-mail: bleoni@lewisbess.com<br>*Attorneys for Plaintiffs* | Jonathan M. Sperling<br>William E. O'Neil<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Tel: (212) 841-1000<br>E-mail: jsperling@cov.com<br>E-mail: woneil@cov.com<br>*Attorneys for Plaintiffs* |
| | Megan M. O'Neill<br>COVINGTON & BURLING LLP<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Tel: (202) 662-5416<br>E-mail: moneill@cov.com<br>*Attorneys for Plaintiffs* |

*s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux