**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

       Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

       Defendant.
_____

**PLAINTIFFS' MOTION TO DENY WAYNE COLEMAN'S DESIGNATION
AS A QUALIFIED PERSON UNDER THE PROTECTIVE ORDER**
_____

       Plaintiffs, by and through undersigned counsel, submit this Motion to Deny Wayne Coleman's Designation As a Qualified Person Under the Protective Order (Dkt. No. 63).

       Charter recently disclosed to Plaintiffs that it has engaged Wayne Coleman as an expert or consultant in this case, and accordingly would provide Plaintiffs' Highly Confidential materials to him as a "Qualified Person" under paragraph 5(a)(iii) of the Protective Order governing this action. *See* Sahni Decl., Ex. 1. Plaintiffs, comprised of record companies and music publishers, are all too familiar with Mr. Coleman. He currently is adverse to certain Plaintiffs, acting as an expert consultant in at least one, if not two, pending class actions. In addition, he regularly acts as a royalty auditor on behalf of artists and songwriters and adverse to Plaintiffs, and is currently involved in several open audits adverse to Plaintiffs.

If Mr. Coleman is given unfettered access to Plaintiffs' Highly Confidential materials in this case, the risk that he will not be able to avoid exploiting this sensitive information in his other roles adverse to Plaintiffs is substantial.

Precisely because of the risk of this sort of disclosure, Plaintiffs objected in the first instance to producing these materials without being able to redact their financial terms, which are not relevant to any issue in this case. Allowing Mr. Coleman now to access these unredacted materials will likely bring that risk to fruition.

The Protective Order in this case is not sufficient to guard against this risk; as a court in this District has recognized, once "confidential and proprietary data is reviewed by . . . [a litigation consultant], it will become part of his general acquired knowledge, which cannot be 'unlearned' or utilized on a selective basis," and will be exploited in his later work in the field. *Digital Equip. Corp. v. Micro Tech., Inc.*, 142 F.R.D. 488, 492 (D. Colo. 1992).

Plaintiffs have sought to resolve their concerns with Charter informally, in accordance with the Protective Order. *See* Protective Order ¶ 14(b) ("The parties shall first try to resolve the dispute [over designation of an expert or consultant] in good faith on an informal basis."). After Charter first notified Plaintiffs of its designation of Mr. Coleman on June 26, Plaintiffs asked Charter on two occasions to describe the types of documents to which Mr. Coleman would need access, and the subjects on which he would consult or opine—all with an eye to developing a workable solution for all parties. *See* Sahni Decl., Ex. 1. While Charter initially refused to provide this information, however, Charter ultimately admitted on July 7 that it intends to disclose to Mr. Coleman precisely the sorts of materials that animated Plaintiffs' initial concerns. *See id.* ¶ 3.

In an effort to reach agreement, Plaintiffs proposed a compromise solution for the categories of documents about which Plaintiffs are most concerned: Plaintiffs' Highly Confidential artist agreements, publishing or administration agreements, and Digital Service Provider agreements. Plaintiffs proposed that Mr. Coleman could receive these documents with information redacted and anonymized by Plaintiffs to prevent the disclosure of the identity of counterparties. *See id.* Ex. 1. Charter rejected this proposal, but Plaintiffs continue to seek a compromise with Charter—including other redactions, or other restrictions on Mr. Coleman—that would allow for Mr. Coleman to serve as an expert or consultant without presenting the substantial risk that he will exploit his access to highly-sensitive information here in his other roles adverse to Plaintiffs. Plaintiffs seek a compromise that would alleviate their concern that Mr. Coleman might use the information learned in these agreements to recruit additional named plaintiffs for the class action(s) on which he is consulting, to otherwise solicit clients adverse to Plaintiffs, or to gin up new claims against Plaintiffs.

Plaintiffs and Charter continue to negotiate an informal resolution to Plaintiffs' objections. To preserve their rights, however, Plaintiffs file the instant motion to deny Mr. Coleman's designation as a Qualified Person pursuant to the Protective Order (which requires that this motion be filed by today). Plaintiffs are hopeful that the parties will reach a mutually agreeable solution, but maintain that allowing Mr. Coleman unfettered access to their documents creates a risk of serious harm to Plaintiffs. Plaintiffs describe the bases for their objection below, and request the opportunity to provide supplemental briefing, based on the parties' further discussions, in the event that negotiations do not result in a resolution of Plaintiffs' objections.

# ARGUMENT

Pursuant to paragraph 14(b) of the Protective Order, a party may move the Court for an order denying designation of an expert or consultant as a Qualified Person. The objecting party bears the burden of demonstrating that "disclosure to the disputed expert or consultant would expose the objecting party to risk of serious harm." Protective Order ¶ 14(b). Upon the filing of such motion, Confidential and Highly Confidential Information may not be disclosed to the designated expert or consultant unless and until the Court enters an order preserving their designation as a Qualified Person. *Id.*

Providing Mr. Coleman full access to Plaintiffs' documents would expose the Plaintiffs to risk of serious harm, by creating a manifest risk that certain Highly Confidential information would be used or disclosed beyond this litigation in a manner adverse to Plaintiffs' interests.

*First*, Mr. Coleman has been designated as a consultant in a purported class action against at least one Plaintiff entity (and perhaps in another purported class action brought by the same counsel against another Plaintiff entity), in which plaintiffs' counsel have sought access to the royalty terms in other artist agreements, but discovery is not currently permitted. In each of those actions, the defendants—Plaintiff entities here—challenge the adequacy of the named plaintiff as a class representative. If designated as a Qualified Person, Mr. Coleman would have access to thousands of artist agreements that have not been authorized for disclosure in the pending action, which presents a substantial risk that those materials could be improperly used both to inform the prosecution of that action and to recruit additional named plaintiffs.

*Second*, Mr. Coleman frequently performs royalty audits of Plaintiffs on behalf of artists and songwriters. Indeed, he is currently involved in several such audits. In connection with this

work, Mr. Coleman is not permitted access to agreements with third parties, including highly sensitive materials such as Plaintiffs' agreements with other recording artists or songwriters, and Plaintiffs' agreements with streaming services like Apple and Spotify, which Plaintiffs are producing here. If designated as a Qualified Person, Mr. Coleman would receive access to such materials, which may then be improperly used in Mr. Coleman's auditing work. Indeed, Plaintiffs objected to producing their catalog-wide agreements in this case because of their extreme sensitivity, and sought to redact sensitive financial terms from the individual artist agreements they produced. They were ordered to provide these agreements in unredacted form, however, and now have significant concerns that this sensitive information will fall into the hands of a third-party consultant who is regularly adverse to Plaintiffs.

*Third*, in connection with his royalty audits of Plaintiffs, Mr. Coleman routinely executes non-disclosure agreements with Plaintiffs. It is difficult to imagine how Mr. Coleman could consult with Charter on issues relating to Plaintiffs' artist and songwriter agreements, royalty calculations, or royalty practices without necessarily violating those non-disclosure agreements.

In light of the foregoing, the Protective Order in this case is insufficient to protect Plaintiffs' information against unauthorized use or disclosure by Mr. Coleman. Put simply, Mr. Coleman cannot "unlearn" what he learns through his work on this case, and it would be impossible for Plaintiffs to police (or even learn of) any unauthorized use or disclosure of their Highly Confidential information—whether in future audits, or for purposes of recruiting new named plaintiffs in pending actions.

In similar situations, courts have denied an expert or consultant access to the opposing party's confidential materials. In *Digital Equipment Corp. v. Micro Technology, Inc.*, 142

F.R.D. 488 (D. Colo. 1992), for example, the court denied the defendant's proposed expert access to plaintiff's confidential information unless he "relinquish[ed] his non-litigation consulting duties for [the defendant] and agree[d] to forego such assignments in the future." *Id.* at 492. The court found that plaintiff's confidential information "w[ould] become part of [the expert's] general acquired knowledge" and could not be separated from his future work as a patent cross-licensing consultant. *Id.*; *see also F.T.C. v. Exxon Corp.*, 636 F.2d 1336, 1350–51 (D.C. Cir. 1980) (affirming denial of in-house counsel's access to potential competitor's "competitively sensitive" materials, on the basis that "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so"); *Symantec Corp. v. Acronis Corp.*, No. 11-5310 EMC JSC, 2012 WL 3582974, at *3 (N.D. Cal. Aug. 20, 2012) (denying plaintiff's proposed consultant access to confidential materials because he had "ongoing relationships with [defendant's] competitors"); *BASF Corp. v. United States*, 31 F. Supp. 2d 1373, 1380–81 (Ct. Int'l Trade 2004) (denying the government leave to show plaintiff's confidential documents to a third-party consultant because the confidential information "would become a part of [the consultant's] general knowledge" and "may be inadvertently disclosed to [plaintiff's competitor] during the course of [the consultant's] on-going relationship with this . . . competitor").

## **CONCLUSION**

In the event that negotiations do not result in a resolution of Plaintiffs' objections, Plaintiffs will notify the Court and request leave for additional briefing and supporting declarations. If leave is denied, however, Plaintiffs rest on the reasons stated above and request that the Court deny Mr. Coleman's designation as a Qualified Person under the Protective Order.

Dated: July 9, 2020

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling
William O'Neil
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneil@cov.com

Mitchell A. Kamin
Neema T. Sahni
J. Hardy Ehlers
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
jehlers@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

## LOCAL CIVIL RULE 7.1(a) CERTIFICATION

Pursuant to Local Civil Rule 7.1(a), Plaintiffs certify that they conferred with Charter regarding this motion. On June 26, 2020, Charter notified Plaintiffs that they intended to designate Wayne Coleman as a "Qualified Person" under Section 5(a)(iii) of the Stipulated Protective Order, such that he could receive Confidential and Highly Confidential materials in this matter. To assess Charter's proposed designation, Plaintiffs on June 30 requested that Charter provide the subjects on which Mr. Coleman would consult or opine, and the categories of materials to which he would need access. Charter replied that it would not provide this information. Plaintiffs again requested this information on July 1, and Charter did not respond. On July 2, Plaintiffs notified Charter of their objection to Mr. Coleman's designation, and the bases thereto. On July 7, the parties conferred by telephone regarding the present motion but were unable to reach agreement. Nevertheless, the parties have continued negotiations regarding a resolution to Plaintiffs' objections.

*/s/ Jonathan M. Sperling*
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

                                        */s/ Jonathan M. Sperling*
                                        Attorney