Exhibit 1

| From: | Fields, Michael |
|---|---|
| To: | "Ranahan, Erin"; Ehlers, J. Hardy; Kamin, Mitchell A; Sperling, Jonathan; Sahni, Neema T; Lampros, Nicholas M.; Hill, Phil; Jeff Gould; Scott Zebrak; Matt Oppenheim |
| Cc: | Skopec, Allison; Elkin, Michael; Spitzer, Seth; Golinveaux, Jennifer; Lane, Thomas; Alvarez, Cesie; Padmanabhan, Krishnan; Anderson, Sean |
| Subject: | RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order |
| Date: | Thursday, July 9, 2020 5:36:00 PM |

Erin,

Thank you for your response. Is Charter willing to explain, at least in general terms, how redactions to the identifying information of counterparties would limit Mr. Coleman's ability to conduct substantive analysis? We think that would be helpful in order to understand how the parties might reach a compromise here. Relatedly, is there any form of redactions to identifying information that would be agreeable to Charter?

Alternatively, is Mr. Coleman willing to withdraw as an expert, advisor, or auditor in other matters adverse to Plaintiffs?

Best,
Michael


**Michael Fields**
**Pronouns: He/Him/His**

**Covington & Burling LLP**
**1999 Avenue of the Stars**
**Los Angeles, CA 90067-4643**
**T +1 424 332 4766 | mfields@cov.com**
**www.cov.com**

## COVINGTON

**From:** Ranahan, Erin <ERanahan@winston.com>
**Sent:** Wednesday, July 8, 2020 7:10 PM
**To:** Fields, Michael <MFields@cov.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

**[EXTERNAL]**
Michael,

We cannot agree to Plaintiffs' proposal.   We do not believe Plaintiffs' concerns that Mr. Coleman would be involved or motivated to "recruit named plaintiffs" for an unrelated class action are well-founded, and we do not consent to any redactions that would limit his ability to conduct substantive analysis in this case.

Regards,

-Erin

**Erin R. Ranahan**

**Partner**

Winston & Strawn LLP

T: +1 (213) 615-1700

D: +1 (213) 615-1835

F: +1 (213) 615-1750

winston.com

---

**From:** Fields, Michael <MFields@cov.com>
**Sent:** Tuesday, July 7, 2020 2:16 PM
**To:** Ranahan, Erin <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Counsel:

In an effort to resolve Plaintiffs' objections to Mr. Coleman on an informal basis, we propose the following compromise to alleviate at least some of Plaintiffs' concerns, particularly as it relates to Mr. Coleman's ability to recruit named plaintiffs for the royalty class action(s) on which he is consulting.

You stated on our meet-and-confer that, among other materials, you intend to give Mr. Coleman access to Plaintiffs' highly confidential artist agreements, publishing or administration agreements, and Digital Service Provider agreements.  We propose that Mr. Coleman be provided such access only after those documents have been sufficiently redacted and anonymized by Plaintiffs' counsel to prevent disclosure of the identity of the counterparties.  Although you've refused to provide

information on the specific topics or subjects on which Mr. Coleman would opine, we do not believe the identity of the counterparties would be relevant to any subjects on which Mr. Coleman might possibly consult or opine, and this compromise therefore would allow him to perform his role as an expert or consultant while reducing the serious risk of harm to Plaintiffs.  If Charter  agrees, Plaintiffs will withdraw their objections.

Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

**Covington & Burling LLP**
**1999 Avenue of the Stars**
**Los Angeles, CA 90067-4643**
**T +1 424 332 4766 | mfields@cov.com**
**www.cov.com**

# COVINGTON

**From:** Fields, Michael
**Sent:** Thursday, July 2, 2020 5:53 PM
**To:** 'Ranahan, Erin' <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; 'Jeff Gould' <Jeff@oandzlaw.com>; 'Scott Zebrak' <Scott@oandzlaw.com>; 'Matt Oppenheim' <Matt@oandzlaw.com>
**Cc:** 'Skopec, Allison' <ASkopec@winston.com>; 'Elkin, Michael' <MElkin@winston.com>; 'Spitzer, Seth' <SSpitzer@winston.com>; 'Golinveaux, Jennifer' <JGolinveaux@winston.com>; 'Lane, Thomas' <TLane@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Padmanabhan, Krishnan' <KPadmanabhan@winston.com>; 'Anderson, Sean' <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Counsel:

Pursuant to Section 14(b) of the Stipulated Protective Order, Plaintiffs object to Charter's designation of Wayne Coleman as a "Qualified Person" to whom Charter may provide Plaintiffs' Confidential and Highly Confidential materials.  As explained below, disclosure of such materials to Mr. Coleman will expose Plaintiffs to "risk of serious harm."

First, Mr. Coleman has been designated as a consultant in a royalty class action against one Plaintiff entity, in which plaintiffs' counsel have sought access to the royalty terms in other artist agreements, but discovery has neither commenced nor been permitted.  If designated as a "Qualified Person," Mr. Coleman would have access to thousands of such artist agreements that have not been authorized for disclosure in that action, which presents a substantial risk that those materials could be improperly used to inform the prosecution of that action and the recruitment of

potential additional named plaintiffs.

Second, Mr. Coleman frequently performs royalty audits of Plaintiffs on behalf of artists.  Indeed, he is currently involved in several such audits.  In connection with this work, Mr. Coleman, like other auditors, does not receive access to certain highly sensitive materials, such as the Digital Service Provider agreements being produced by Plaintiffs here.  Nor does he receive blanket access to Plaintiffs' agreements with its artists.  If designated as a "Qualified Person," Mr. Coleman would receive access to such materials, which may then be improperly used in Mr. Coleman's auditing work.

Third, in connection with his royalty audits of Plaintiffs, Mr. Coleman routinely executes non-disclosure agreements.   It is difficult to imagine how Mr. Coleman could consult on issues relating to Plaintiffs' agreements with artists, royalty calculations, or royalty practices without necessarily violating those non-disclosure agreements.

In light of the foregoing, the Protective Order in this case is insufficient to protect Plaintiffs' information against unauthorized use or disclosure by Mr. Coleman.  Put simply, Mr. Coleman cannot "unlearn" what he learns through his work on this case, and it would be impossible for Plaintiffs to police (or even learn of) any unauthorized use or disclosure of their highly confidential information--whether use and disclosure in future audits of information learned in this matter, or use and disclosure in this matter of information learned in prior audits.

Please let us know if you are available on Monday, July 6 to confer.  As previously requested, to facilitate that conferral, we request specificity as to the topics and subjects on which Mr. Coleman will be asked to opine and the materials to which he will be given access.  Thank you.


Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

**COVINGTON**

---

**From:** Fields, Michael
**Sent:** Wednesday, July 1, 2020 12:12 PM
**To:** 'Ranahan, Erin' <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth

<SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>

**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Erin,

Thank you for your email.  The Stipulated Protective Order requires that the parties try to resolve any dispute over an expert or consultant "in good faith on an informal basis."  *See* Section 14(b).  We've requested the information regarding Mr. Coleman's designation to assess whether Plaintiffs have an objection in the first instance, and if so, whether the parties might be able to reach agreement on the scope of materials to which Mr. Coleman would have access.  In the spirit of resolving any issues on an informal basis, we think it makes sense to begin these discussions as soon as possible.  To that end, we reiterate our request that Charter provide the subjects on which Mr. Coleman would consult or opine, and the categories of materials to which he would need access for that purpose.

Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

# COVINGTON

---

**From:** Ranahan, Erin <ERanahan@winston.com>
**Sent:** Tuesday, June 30, 2020 4:49 PM
**To:** Fields, Michael <MFields@cov.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

[EXTERNAL]

Counsel,

We do not see anywhere in the Protective Order that requires Charter to specify how it intends to use Mr. Coleman in this case, the "subjects on which Mr. Coleman would consult or opine," or "the categories of materials to which he would need access for that purpose."  This is not the opportunity for Plaintiffs to raise a Daubert challenge, it is simply an opportunity to raise unexpected or unknown conflicts to potential experts when conflicts appear clear on our end.  Is there a certain subject area for which you object to Mr. Coleman as opposed to others?  If so, Please explain how.

Please also be reminded that the Protective Order requires that any objection Plaintiffs make to an expert be in good faith. Unfortunately, this is not the first time Plaintiffs have abused this disclosure process in this case, and we are very concerned Plaintiffs' tactics to block legitimate potential experts from accessing materials necessary to perform necessary analysis in this case is designed to unnecessarily delay this case and Charter's ability to meaningfully lodge a proper defense to Plaintiffs' astronomical claims.

Regards,

-Erin

**Erin R. Ranahan**

**Partner**

Winston & Strawn LLP

T: +1 (213) 615-1700

D: +1 (213) 615-1835

F: +1 (213) 615-1750

winston.com

---

**From:** Fields, Michael <MFields@cov.com>
**Sent:** Tuesday, June 30, 2020 1:32 PM
**To:** Anderson, Sean <SRanderson@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Ranahan, Erin <ERanahan@winston.com>; Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Counsel:

To assess Charter's proposed designation of Wayne Coleman as a "Qualified Person" under the Stipulated Protective Order, we need more specificity regarding how Charter intends to use Mr. Coleman in this case.  Please let us know by tomorrow at noon PT the subjects on which Mr. Coleman would consult or opine, and the categories of materials to which he would need access for that purpose.  Thank you.

Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

**Covington & Burling LLP**
**1999 Avenue of the Stars**
**Los Angeles, CA 90067-4643**
**T +1 424 332 4766 | mfields@cov.com**
**www.cov.com**

# COVINGTON

**From:** Anderson, Sean <SRanderson@winston.com>
**Sent:** Friday, June 26, 2020 12:25 PM
**To:** Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Fields, Michael <MFields@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Ranahan, Erin <ERanahan@winston.com>; Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Subject:** Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

**[EXTERNAL]**
Counsel,

Please be advised that Wayne Coleman is an "actual or potential independent expert[] or consultant[] … engaged in connection with this litigation" by Charter and is thus a "Qualified Person" under Section 5(a)(iii) of the Stipulated Protective Order. We are providing notice under Section 5(a)(iii). Please let us know if Plaintiffs object to Charter providing Mr. Coleman with materials designated by Plaintiffs as "Highly Confidential" under the Stipulated Protective Order.

Regards,

**Sean R. Anderson**
**Associate Attorney**
Winston & Strawn LLP

200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-5388

M: +1 734-693-5457

F: +1 212-294-4700

Bio | VCard | Email | winston.com



---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.