**O+Z | Oppenheim + Zebrak, LLP**

Matthew J. Oppenheim
4530 Wisconsin Avenue NW, 5th Fl.
Washington, DC 20016
matt@oandzlaw.com

Hon. R. Brooke Jackson                                                July 13, 2020
United States District Judge
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294

    Re: *Warner Records et al. v. Charter Communications*, Case No. 19-cv-00874

Dear Honorable Judge Jackson:

  We write on behalf of Plaintiffs in opposition to Charter's July 6, 2020 request (ECF No. 191) for leave to file a motion to dismiss and/or strike Plaintiffs' Counterclaims for secondary copyright infringement. Charter's request for leave should be denied.

  Earlier this year, in order to avoid dismissal of its Declaratory Judgment Counterclaim for non-infringement on the grounds that it was a mirror image of Plaintiffs' infringement claims, Charter expressly represented to this Court that its counterclaim "is *not* limited to Plaintiffs' Claim Period[.]" ECF No. 158 at 1 (emphasis added). Rather, Charter represented that its counterclaim period also included the post-Claim Period. In response to Charter putting its liability during this later period at issue, Plaintiffs—unsurprisingly—disputed Charter's claim of noninfringement during this period and asserted their own Counterclaims for infringement.

  Charter now argues that Plaintiffs' Counterclaims are not compulsory, because they concern infringement of different works than those at issue in Charter's Declaratory Judgment Counterclaim. Under Rule 13(a), however, Plaintiffs' Counterclaims are clearly compulsory, because they arise from the same transaction or occurrence as Charter's Declaratory Judgement Counterclaims—namely, Charter's receipt and handling of infringement notices sent by Plaintiffs' antipiracy vendor during the Counterclaim Period. Charter's Declaratory Judgment Counterclaims and Plaintiffs' Counterclaims-in-reply concern the same parties, the same antipiracy vendor, and the same questions of direct and secondary liability arising from Charter's handling of infringement notices during the Counterclaim Period. That the Counterclaim notices concern infringements of different copyrighted works than the works at issue in Charter's Declaratory Judgment Counterclaims is not a limiting factor on compulsory counterclaims that arise from the same course of conduct—especially since the Counterclaim notices also, at times, reference infringements of works in suit in the underlying case.

  Ultimately, whether Plaintiffs pursue these Counterclaims here or as a standalone related action, these claims will proceed. Because Plaintiffs Counterclaims are compulsory, and because addressing them here is the most efficient way to deal with them, they should not be subject to a motion to dismiss or strike.

July 13, 2020
Page 2 of 3

## Charter's Counterclaims Obligated Plaintiffs to Assert Their Counterclaims-In-Reply

Plaintiffs filed this suit on March 22, 2019, asserting claims against Charter for contributory and vicarious infringement of Plaintiffs' copyrighted songs. Plaintiffs' initial claims included only those that accrued between March 24, 2013 and May 17, 2016 (the "Original Claim Period"). In response, on March 18, 2020, Charter asserted a counterclaim for declaratory judgment of non-infringement, specifically seeking a declaration that Charter is not secondarily liable to Plaintiffs for copyright infringement. ECF No. 147.

On April 8, 2020, Plaintiffs sought leave to move to dismiss Charter's declaratory judgment counterclaim, on the grounds that it was a "mirror image" of Plaintiffs' liability claim and thus served no useful purpose. ECF No. 156. In response, Charter asserted that "Charter's counterclaim for non-infringement *is not limited to Plaintiffs' Claim Period* and, therefore, not a mirror-image of Plaintiffs' claim." ECF No. 158 at 1 (emphasis added). Charter then amended to add a second declaratory judgment claim concerning vicarious liability. ECF No. 165. By asserting non-infringement claims concerning both the Original Claim Period *and* the Counterclaim Period, Charter expressly chose to put at issue its liability for infringement during the Counterclaim Period. ECF No. 184 ¶ 4. Plaintiffs were thus compelled to bring their Counterclaims that accrued during the Counterclaim Period or risk waiving them. *Id.*[1]

Charter argues that Plaintiffs' Counterclaims are not compulsory (and that Plaintiffs' Counterclaims are thus a disguised amendment to the complaint) because Charter's Counterclaims are limited to the works in the underlying suit. Charter's Counterclaims are far from clear on this point[2]—but that is irrelevant to whether Plaintiffs' Counterclaims are compulsory. The relevant inquiry is whether Plaintiffs' Counterclaims "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1). The purpose of the rule is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *S. Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962).

Thus, Rule 13(a) broadly applies where "there is a logical relation between the claim and counterclaim[,]" and courts interpret "transaction or occurrence" in a "flexible and "realistic" manner such as to effect judicial economy. *Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir. 1997); *see also Warhawsky & Co. v. Arcata Nat. Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977) ("'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."). Thus, for example, courts have found a counterclaim compulsory on the grounds that it involved the same series of occurrences as the original claim, even though it involved the sale of different products during a

---

[1] Having made the clear representation to the Court that its counterclaims apply to the Counterclaim Period when it suited Charter's strategic needs, ECF 158, Charter should not now be allowed to amend away the Counterclaim Period—and thus Plaintiffs' compulsory counterclaims—when it does not suit its needs. Plaintiffs therefore will be filing shortly an opposition to Charter's motion for leave to amend away the Counterclaim Period. ECF No. 192.

[2] *Compare* ECF 165 ¶ 137 (seeking declaration of no contributory infringement without limitation to works at issue), with ¶ 151 (seeking declaration of no vicarious liability concerning works at issue). And though Charter defines the works on which *Plaintiffs* originally sued as the "works in suit," *id.* ¶ 61, it uses that phrase inconsistently and refers in other places to "Plaintiffs' copyrighted works, *id.* ¶¶ 131-135, and "Plaintiffs' copyrighted sound recordings. *Id.* ¶ 136.

different time period. *See Formu-3 Int'l, Inc. v. Food Scis. Corp.*, 1993 WL 45985, at *1 (E.D. Pa. Feb. 18, 1993); *Warshawsky,* 552 F.2d at 1261-63.

Plaintiffs' Counterclaims plainly arise out of the same "transaction[s] or occurrence[s]" as those covered by Charter's Declaratory Judgment Counterclaims. Charter seeks a declaration that it is not secondarily liable for infringement during the Counterclaim Period—thus putting at issue Charter's knowledge of and contribution to infringement during that period, its right and ability to control infringement during that period, its financial benefits from infringement during that period, and its willful misconduct in receiving and handling infringement notices during that period. Plaintiffs are thus compelled to bring Counterclaims for *any* secondary infringement that arises from Charter's receipt and handling of infringement notices during the Counterclaim Period, as such claims are "logically related" to the issues raised by Charter. These Counterclaims are "controlled by one legal issue" (*i.e.*, whether Charter secondarily infringed Plaintiffs' copyrights), "must involve an interpretation" of the same laws, and "share a common origin and subject matter" (*i.e.*, the (in)actions by Charter to address its subscribers' infringement of Plaintiffs' copyrighted works for which it received notices from the same anti-piracy vendor). *Mexico, Inc. v. El Paso Healthcare Sys., Ltd.*, 2010 WL 11500517, at *2 (D.N.M. Mar. 9, 2010).

Moreover, the purpose of Charter's Counterclaim is clearly to attempt to demonstrate to a jury that it behaved responsibly in the Counterclaim Period. It serves no other purpose, since—as Charter itself points out—Plaintiffs are limited to a single recovery on the works on which they sued, even if Charter secondarily infringed those works in both the Original Claim Period and the Counterclaim Period. Plaintiffs' Counterclaims allege the exact opposite—that Charter behaved culpably during that period. That only reinforces the common origin and subject matter between Charter's declaratory judgment claims and Plaintiffs' Counterclaims.

Charter also contends that the stage of the underlying action favors disallowing Plaintiffs' Counterclaims. Not so. Fact discovery continues through January 2021 and expert discovery months longer, and no party has taken a deposition. If the schedule needs a slight adjustment to accommodate additional discovery, so be it. Moreover, Charter fails to explain how Plaintiffs' Counterclaims implicate meaningfully broader discovery than Charter's counterclaims.

Furthermore, and critically, having been forced to assert these claims, Plaintiffs will now pursue them—whether as part of this case or in a separate action. Requiring Plaintiffs to assert the Counterclaims in a separate action would force this Court or another court to address the exact same legal issues; with many of the same parties; with the same evidence from each side attempting to prove or disprove that Charter secondarily infringed Plaintiffs' copyrighted works; and the same counsel on both sides. This is exactly the type of inefficiency that Rule 13(a) was created to avoid. *See Fox*, 112 F.3d at 457 (compulsory counterclaim rule promotes "judicial economy" by ensuring "trial in one action of all related controversies between the parties and, of course, the avoidance of multiplicity of suits"); *Mopex, Inc. v. Am. Stock Exch., LLC,* 2002 WL 342522, at *6 (S.D.N.Y. Mar. 5, 2002) (finding actions were logically related for purposes of Rule 13(a) because they involved "many of the same parties, the same basic subject matter, . . . and much of the same evidence and course of conduct").

Sincerely,

*/s/ Matthew J. Oppenheim*