# Exhibit 1

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Neema T. Sahni

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4757
nsahni@cov.com

*By Electronic Mail*                                                December 16, 2019

Magistrate Judge Michael E. Hegarty
Alfred A. Arraj United States Courthouse
Courtroom A-501, 5th Floor
901 19th Street
Denver, CO 80294
*hegarty_chambers@cod.uscourts.gov*

    Re:   *Warner Records Inc., et al. v. Charter Communications, Inc.*, D. Colo. Case No.: 19-cv-00874-RBJ-MEH

Dear Judge Hegarty:

    Pursuant to the Court's December 3, 2019 Order (Dkt. 92), we write to submit information and documents Plaintiffs believe will be helpful to the Court in resolving the issues to be discussed during the Discovery Conference scheduled for December 17, 2019 at 1:00 p.m.

    Plaintiffs requested this Conference seeking an order compelling Defendant Charter Communications, Inc. ("Charter") to provide the following discovery.

**Basic Subscriber Data.**  Charter should provide a full response to Plaintiffs' Interrogatory No. 11, which asks for Charter's total number of Subscribers, per month and year, for the period 1/1/2010 to 5/17/2016.  *Charter has provided no substantive response to this interrogatory, and instead objects that this interrogatory is overbroad, unduly burdensome, and seeks irrelevant information.*

- The requested subscriber data is relevant to a number of central issues, including, for instance, the scope of infringing activity on Charter's networks compared to its total user base, and the feasibility of measures Charter could have taken to address known infringement.

- Contrary to Charter's meritless, boilerplate objections, there is no credible argument that producing this basic information—core to Charter's business—would be unduly burdensome, as it is undoubtedly available in automated databases that can easily be queried.

**Data on Subscribers Terminated for Non-Payment.**  Plaintiffs also seek an order compelling Charter to respond fully to Plaintiffs' Interrogatory No. 12, which asks for the number of Subscribers, per month and year, whose internet service Charter has terminated for failing to pay amounts owing on the Subscriber's account, for the period 1/1/2010 to 5/17/2016.  *Charter also has provided no substantive response to this interrogatory, and instead objects that this interrogatory is overbroad, unduly burdensome, and seeks irrelevant information.*

COVINGTON

Magistrate Judge Michael E. Hegarty
December 16, 2019
Page 2

- Vicarious liability for copyright infringement requires a showing that Charter had the right and ability to supervise the infringing activity. Evidence that Charter regularly terminated subscribers for failing to pay their bills will show Charter had the right and ability to similarly terminate users known to be infringing Plaintiffs' copyrights.

- The fact that Charter terminated non-paying users, but did not terminate paying users for whom Charter received multiple notices of infringement, will also show that Charter turned a blind eye to infringement and materially contributed to it for financial reasons, which is relevant to Plaintiffs' contributory liability claim.

- Charter may argue it is reluctant to terminate subscribers because it views its services as integral to participation in modern life. Evidence that Charter in fact routinely terminates subscribers who do not pay their bills will rebut this argument.

**Financial Information.** The Court also should compel Charter to produce financial documents sufficient to show (i) its average revenue and profits, broken down by service, from January 1, 2010 through May 17, 2016, (ii) its actual monthly revenue from all subscribers identified in Plaintiffs' Infringement Notices for January 1, 2012 through May 17, 2016, and (iii) its audited financial statements for the period of January 1, 2010 through May 17, 2016. These represent narrowed versions of RFP Nos. 18, 19, and 20, respectively. *Charter has agreed only to produce its publicly filed 10-K reports in response to these requests.*

- Charter's financial position, as demonstrated through revenue and profit statements, and audited financials, is relevant to a jury's calculation of statutory damages.

- Documents demonstrating Charter's financial position are necessary to compare the financial benefit Charter reaped from infringing activity against its overall financial performance, and against Plaintiffs' own financial position during the same time period.

- Subscriber-level revenue is necessary to show the financial benefit that Charter received from subscribers about which it had received multiple copyright infringement notices— revenues it would not have received had it taken appropriate action to address such known, repeat infringement.

**Policies on Handling Copyright Infringement:** Plaintiffs request that the Court enter an order compelling Charter to (i) produce copies of Charter's final copyright or infringement policies without limitation as to time; and (ii) produce drafts thereof, as well as documents describing the effects of those policies, how they were communicated to third parties and subscribers, and identifying the employees or agents responsible for developing, conceiving, drafting and/or implementing such policies, for the time period of January 1, 2010 through May 17, 2016. This represents a narrowed subset of the documents sought by Plaintiffs' RFP No. 8, and a compromise Plaintiffs proposed to Charter on October 16, 2019. *Charter has agreed to produce such information only for the period 2012 through 2016.*

- Plaintiffs seek documents from before (and for final policies, after) the claim period because changes to Charter's policies over time will be highly probative of Charter's knowledge and motivations concerning infringement by its subscribers. If Charter began

**COVINGTON**

Magistrate Judge Michael E. Hegarty
December 16, 2019
Page 3

> imposing less stringent policies at one time—such as in 2011, before the claim period—it may show that its policies thereafter (during the claim period) were not reasonable. Similarly, if Charter imposed more stringent policies in 2017, that could show that the policies it had in place during the claim period were insufficient and/or unreasonable.

**Documents Related to Incidents of Known Infringement:** Charter should produce, for the time period of January 1, 2010 through May 17, 2016: (i) logs of all Infringement Notices (or "ticket log" data) pertaining to all of Charter's subscribers who have been identified in Plaintiffs' Infringement Notices, without limitation as to the complainant, (ii) all communications about such Infringement Notices, and (iii) documents sufficient to show all actions taken by Charter to limit, suspend, or terminate the service of subscribers associated with such Infringement Notices. *Charter has agreed to produce some of this information, but only going back to 2012, and pertaining only to Infringement Notices sent by Plaintiffs.*

- "Infringement Notices" are notices sent to Charter by copyright holders alerting Charter of specific acts of infringement occurring on its network by one of its subscribers.

- Although Plaintiffs only seek recovery for infringements occurring between 2013-2016, based on notices Plaintiffs themselves sent during this period, information on earlier acts of infringement and additional infringements by those same subscribers during the claim period goes directly to the full scope of Charter's knowledge of those subscribers' repeat infringement activity.

- For example, if a given subscriber was the subject of multiple infringement notices sent by a third party, and was also the subject of one or more infringement notices sent by Plaintiffs, the notices sent by the third party would be highly relevant to the issue of whether Charter had knowledge of specific acts of infringement by that repeat infringer, and chose to do nothing to stop it.

- The same is true for infringement notices sent before 2012, whether by Plaintiffs or by third parties. These earlier acts are relevant to whether Charter had knowledge of a given subscriber's *repeat* infringement activity.

- Communications in Charter's possession related to all of these notices, and actions taken by Charter to limit the service of its subscribers, will similarly illuminate Charter's knowledge of this infringement and its actions to facilitate it and/or profit from it.

* * *

Plaintiffs also submit herewith the following exhibits for the Court's reference, to the extent it would be helpful for the Court to review the parties' prior meet-and-confer correspondence on the above-referenced issues:

- **Exhibit A:** Plaintiffs' First Set of RFPs served on Charter on June 10, 2019.

- **Exhibit B:** Plaintiffs' First Set of Interrogatories served on Charter on June 10, 2019.

**COVINGTON**

Magistrate Judge Michael E. Hegarty
December 16, 2019
Page 4

- **Exhibit C:**  Charter's Objections and Responses to Plaintiffs' First Set of RFPs, dated July 10, 2019.

- **Exhibit D:**  Charter's Objections and Responses to Plaintiffs' First Set of Interrogatories, dated July 10, 2019.  Charter has not served a verification for these responses.

- **Exhibit E:**  Meet-and-confer correspondence sent from Plaintiffs to Charter on August 15, 2019 regarding deficiencies in Charter's discovery responses.

- **Exhibit F:**  Correspondence sent from Charter to Plaintiffs on August 27, responding to Plaintiffs' August 15, 2019 letter.

- **Exhibit G:**  Correspondence sent from Plaintiffs to Charter on September 25, 2019, memorializing in-person meet-and-confer discussions between the parties on September 9, 2019.

- **Exhibit H:**  Correspondence sent from Charter to Plaintiffs on October 1, 2019, responding to Plaintiffs' September 25, 2019 letter.

- **Exhibit I:**  Correspondence sent from Plaintiffs to Charter on October 16, 2019, responding to Charter's October 1, 2019 letter.

- **Exhibit J:**  Email correspondence sent from Plaintiffs to Charter on October 26, 2019, memorializing further telephonic meet-and-confer discussions held between the parties on October 24, 2019.

- **Exhibit K:**  Email correspondence sent from Charter to Plaintiffs on October 30, 2019, responding to Plaintiffs' letter of October 26, 2019.

- **Exhibit L:**  Email correspondence sent from Plaintiffs to Charter on November 4, 2019, responding to Charter's October 30, 2019 email.

- **Exhibit M:**  Email correspondence sent by Charter to Plaintiffs on November 7, 2019, responding to Plaintiffs' November 4, 2019 email.

If the Court has any questions regarding the matters discussed herein, counsel is available at the Court's convenience.[1]

---

[1] Late last week, Charter's counsel suggested they may seek to raise other issues at the conference related to Plaintiffs' discovery responses.  This is improper since Plaintiffs requested this discovery conference weeks ago to address deficiencies in Charter's discovery responses.  In any event, Plaintiffs do not believe the issues raised by Charter last week are ripe for adjudication.  Nonetheless, we would be glad to address any questions the Court may have.

**COVINGTON**

Magistrate Judge Michael E. Hegarty
December 16, 2019
Page 5

                                          Respectfully submitted,

                                          */s/ Neema T. Sahni*
                                          Neema T. Sahni
                                          Mitchell A. Kamin
                                          Nicholas M. Lampros
                                          COVINGTON & BURLING LLP
                                          1999 Avenue of the Stars, Suite 3500
                                          Los Angeles, CA 90067-4643
                                          Telephone: (424) 332-4800
                                          mkamin@cov.com
                                          nsahni@cov.com
                                          nlampros@cov.com

                                          Jonathan M. Sperling
                                          COVINGTON & BURLING LLP
                                          The New York Times Building
                                          620 Eighth Avenue
                                          New York, NY 10018-1405
                                          Telephone: (212) 841-1000
                                          jsperling@cov.com

                                          *Attorneys for Plaintiffs*

CC:    All Counsel (via email)