# Exhibit 7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

WARNER BROS. RECORDS INC., *et al*.,

        Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

        Defendant.

Case No. 19-cv-00874-RBJ

## DEFENDANT CHARTER COMMUNICATIONS, INC.'S RESPONSES TO
## PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Charter Communications, Inc. ("Charter") responds to Plaintiffs' Second Set of Requests for Production as follows. Charter's responses are made solely for the purposes of this litigation. Charter's responses are based upon a reasonable search, given the time allotted to respond to the requests, of facilities and files that could reasonably be expected to contain responsive information, and inquiries of Charter's employees and/or representatives who could reasonably be expected to possess responsive information. Charter's investigation into the facts of this case is ongoing and not yet completed, and Charter reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court.

## CHARTER'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Charter objects to the Definitions, Instructions, and Requests to the extent they call for extensive electronic production, are overly broad, unduly burdensome, and oppressive. Charter further objects to the extent the Requests seek "all" documents relating to various subject matters.

1

Where appropriate, Charter reserves the right to seek cost-shifting for costs associated with electronic production of data stored in inaccessible or difficult or costly to access formats, and where otherwise appropriate.

2.      Charter objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court, and to the extent they purport to require Charter to object, respond, or produce documents before the time provided by the Federal Rules of Civil Procedure, the Local Rules, and the applicable rules of this Court.  Given the breadth and scope of the requests, Charter will produce non-objectionable responsive documents on a rolling basis.

3.      Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Charter objects to all Definitions, Instructions, and Requests to the extent that they require Charter to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Requests would subject Charter to undue burden and expense.

4.      Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information.  Any such information disclosed to Plaintiffs shall be pursuant to a protective order to be agreed upon by and between Charter and Plaintiffs.

5.      To the extent that any Request, Definition, or Instruction may be construed as requiring Charter to characterize documents or their contents or to speculate as to what documents may or may not show, Charter objects to such Request, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

6.      Charter objects to the Requests insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form.  Charter hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Requests, Definitions, or Instructions.

7.      Charter objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

8.      Charter objects to the Requests to the extent they seek documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Charter (including, but not limited to, information that is currently within Plaintiffs' control).

9.      Charter objects to each Request to the extent that it is duplicative or redundant of other requests.

10.     Charter objects to Instruction 6 to the extent it calls for the production of original documents.

11.     Charter's responses herein, and its production of documents in response to the Requests, do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Requests.  Charter objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such

defects.  Without limiting the breadth and application of these objections, Charter further objects to the Definitions as follows:

12.     Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information outside of Charter's possession, custody, and control with respect to "predecessors," and "any other person or entity…previously acting or purporting to act on behalf of the defendant."

13.     Charter objects to the definition of the term "MarkMonitor" as overbroad and unduly burdensome, and as vague and ambiguous, because Charter lacks knowledge of the "parents, subsidiaries, affiliates, officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other person or entity currently or previously acting or purporting to act on [the] behalf" of the identified entities.

14.     Charter objects to the definition of "User" as overbroad and unduly burdensome, and as vague and ambiguous, in particular to the extent that it calls for information not in the possession, custody, and control of Charter.

15.     Charter objects to the definition of the term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

16.     Charter objects to the definition of "Customer Facing Action" as overbroad and unduly burdensome, vague, and ambiguous, as it includes several undefined terms and concepts. Charter further objects to the definition of "Customer Facing Action" as it requires a subjective determination as to what action would "adversely affect[] the Subscriber's internet access."

4

17.     Charter objects to the definition of the term "Infringing Subscriber" as argumentative and improperly incorporating a legal conclusion. The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity accused in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was the subscriber of Charter's services.

18.     Charter objects to the definition of the term "CATS" as so overbroad to be meaningless. The definition in and of itself is a discovery request by incorporating "programs, procedures, software, or policies related thereto" into the definition. For example, if Plaintiffs were to submit a request for documents related to "CATS," with the term as it is presently defined, Charter would have to respond by producing not only documents related to the CATS system, but also procedures, software, and policies.  As a consequence, any request using the term "CATS" as presently defined would be unduly burdensome.

19.     Charter objects to the definition of the term "Cox" to the extent the definition encompasses entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control. Charter further objects to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case.  The definition is unduly burdensome because it includes "past and present employees" of Cox Communications, Inc., which will require Charter to search for information relating to an unknown number of persons, all of whom are outside of Charter's control.

20.     Charter objects to the definition of the term "Peer-to-peer" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent it presumes Charter has knowledge of all such computer networks. The definition is also ambiguous as to its use of the undefined term

"peripherals." The definition is also argumentative and improperly incorporates a legal conclusion by using the legal term "distributing."

21.     Charter objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Charter to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

22.     Charter objects to the definition of the term "document" as overbroad and unduly burdensome to the extent it calls for the production of "oral," telephonic, conversations and meetings not likely to have been recorded.

23.     Charter objects to Plaintiffs' instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

24.     Charter objects to Plaintiffs' attempt to define the "relevant time frame" of these requests as spanning the period from January 1, 2010 through May 17, 2016 as such request is overbroad and unduly burdensome. Unless otherwise specified, Charter will utilize March 1, 2012 through May 17, 2016 as the relevant period for purposes of these discovery requests (the "Discovery Period").

25.     Charter reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Requests at trial in this or any other action for any purpose whatsoever.

26.     Charter hereby incorporates each of the foregoing objections to the instructions and definitions into every response below as though fully set forth therein.

6

## CHARTER'S OBJECTION TO PRODUCING PRIVILEGED DOCUMENTS

Charter objects to the Requests to the extent that they seek documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities.  To the extent that any information protected from disclosure by applicable privilege or immunity is inadvertently provided in response to a Request, that production shall not be deemed a waiver of the applicable privilege or protection, claim of confidentiality, or other objection. Fed. R. Evid. 502(b).  Unless and until a protective order between the parties specifies otherwise, if Charter notifies Plaintiffs that it disclosed privileged or protected information inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or rectify the error, Plaintiffs must immediately return the inadvertently produced privileged material to Charter, including any copies.  In all events, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production.  In addition, Plaintiffs must not use such items for any purpose until further order of the Court.  In the event that an inadvertent production or identification of information is deemed by this Court to be a waiver of any privilege or immunity, the waiver shall be a limited waiver pertaining to that information only.  Should Charter withhold or redact any documents on the basis of the attorney client and work product privileges, Charter will produce a privilege log.

## DATE AND TIME OF PRODUCTION(S)

Charter will begin producing documents on a rolling basis within thirty (30) days of service of these responses and objections.

## PRODUCTION FORMAT

Charter agrees to produce the requested documents and information in accordance with the Court's Order Approving the Protocol for Producing Documents and ESI (ECF No. 70).

## CHARTER'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

**REQUEST NO. 25** Any sworn statements by any employee, agent, or other representative of Charter, discussing or concerning copyright infringement on Charter's network, or Charter's policies and/or practices regarding copyright infringement on Charter's network.

**ANSWER:**    Charter objects to this request as it seeks information that is not relevant to any party's claim or defense. Charter further objects to this request as overbroad as it relates to Plaintiffs' inclusion of the phrase "regarding copyright infringement on Charter's network" because it seeks information concerning works and parties not in suit.  Charter further objects to the request as overbroad by demanding "any sworn statements."

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged sworn statements concerning Plaintiffs' works in suit, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 26** All documents relating to CATS, including documents describing the technical abilities of the CATS system to track abuses of any copyright infringement-related policy by its users, or otherwise track or process notices of infringement, the source code implementing CATS, all versions of the CATS Abuse Automation System Implementation Plan, all communications between You and Cox regarding CATS, and documents reflecting your actual use of the CATS system to track abuses of any copyright infringement-related policy by your users.

**ANSWER:**    Charter objects to this request as vague, overbroad, and unduly burdensome, and not proportionate to the needs of the case.  Charter also objects to the request for communications with Cox as overbroad, irrelevant, and unduly burdensome because it seeks non-party information.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents constituting manuals for CATS and will make a responsive, non-privileged version of the CATS source code available for inspection under a mutually agreed upon

8

protocol and pursuant to the Protective Order entered in this case, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 27** All communications between you, on the one hand, and any Subscribers or Users, on the other, discussing your DMCA Policy or other policy regarding copyright infringement.

**ANSWER:**    Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery not relevant to any party's claim or defense, including because it seeks communications concerning works and parties not at issue in this litigation, by the inclusion of the phrase "any Subscribers or Users," and demands "all communications" concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period. Charter further objects that the request is vague and ambiguous as to the undefined term "DMCA Policy." Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged communications, concerning Plaintiffs' works-in-suit within the Discovery Period, to the extent Charter finds such communications within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests. Charter will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords

any affected individual notice and an opportunity to challenge the disclosure of such information.

**REQUEST NO. 28** Internal communications discussing or concerning any policies regarding copyright infringement or peer-to-peer software use or traffic, including your DMCA Policy.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and irrelevant as it seeks information that is outside the scope of permissible discovery not relevant to any party's claim or defense, including its demand for all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period. Charter also objects to this request as vague and ambiguous as to the definition of the term "peer-to-peer." Charter further objects that the request is vague and ambiguous as to the undefined term "DMCA Policy." Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive non-privileged communications related to Plaintiffs or Plaintiffs' works-in-suit within the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 29** All communications as between you, on the one hand, and any Subscribers or Users, on the other, discussing or considering any Infringement Notice, any notice of alleged copyright infringement or violation of any DMCA policy or other policy regarding copyright infringement, or any "ticket" generated in response to any Infringement Notice.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and irrelevant as it seeks information that is outside the scope of permissible discovery not relevant to

any party's claim or defense and to the extent it calls for information not maintained in the ordinary course of business, including its demand for all communications concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period. Charter further objects to Plaintiffs' use of the phrase "other policy" as overbroad and ambiguous making obtaining discovery responsive to this request unduly burdensome. Charter also objects to the request because it seeks communications concerning parties not at issue in this litigation, by Plaintiffs' use of the phrase "any Subscribers or Users." Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive non-privileged communications related to Plaintiffs or Plaintiffs' works-in-suit within the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 30** All of your internal communications discussing any Infringement Notice, any instance of alleged copyright infringement, or any "ticket" generated in response to any Infringement Notice, including internal communications concerning the actual or potential termination of any Infringing Subscriber's account with Charter.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and irrelevant as it seeks information that is outside the scope of permissible discovery not relevant to any party's claim or defense and to the extent it calls for information not maintained in the ordinary course of business, including its demand for all internal communications concerning general

11

subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period. The burden of requiring a nonparty to search for, review, and produce the proposed discovery would outweigh any likely benefit.  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive non-privileged communications related to Plaintiffs or Plaintiffs' works-in-suit during the Discovery Period to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 31** All internal communications discussing or considering whether to terminate or suspend Subscribers' subscriptions for copyright infringement or alleged copyright infringement, or for violation of your policies regarding copyright infringement.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and irrelevant as it seeks information that is outside the scope of permissible discovery not relevant to any party's claim or defense and to the extent it calls for information not maintained in the ordinary course of business.  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive non-privileged communications related to Plaintiffs or Plaintiffs' works-in-suit during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 32** Documents concerning any Infringement Notices that you received but rejected (and/or did not process or retain), including but not limited to Infringement Notices from MarkMonitor.

**ANSWER:**   Charter objects that this request seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including with respect to the overbroad requested time period.  The request is also unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Charter will produce responsive non-privileged communications related to Plaintiffs or Plaintiffs' works-in-suit during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 33** For the time period May 17, 2016 through the present, documents sufficient to show the actual monthly revenue you received from all Infringing Subscribers.

**ANSWER:**   Charter objects that this request seeks documents and information outside the claim period.  Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense.  Charter further objects that this request is argumentative, speculative, and makes a legal determination.

**REQUEST NO. 34** Documents reflecting or describing how and when Defendants communicated any Infringement Notice to third parties, including Subscribers or Users, including

both (i) Defendants' policies for forwarding to or otherwise informing Subscribers or Users of copyright infringement allegations, and (ii) any notices or communications to Subscribers or Users.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense and demands all documents and "any notices or communications" concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive non-privileged communications related to Plaintiffs or Plaintiffs' works-in-suit during the Discovery Period to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 35** Communications with the Recording Industry Association of America, the National Music Publishers' Association, and/or the Motion Picture Association of America, or any of their agents or vendors, discussing or concerning copyright infringement.

**ANSWER:** Charter objects that this request is overbroad and unduly burdensome because it demands all documents concerning a general subject such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter further objects to Plaintiffs' request for communications with the Motion Picture Association of America as outside the scope of relevant permissible discovery and not relevant to any party's claim or defense. Charter further objects that the request seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense.

Subject to and without waiving the foregoing objections, Charter will produce responsive

14

non-privileged communications related to Plaintiffs or Plaintiffs' works-in-suit during the Discovery Period, to the Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 36** Press releases or other public statements you made discussing your policies for responding to notices of copyright infringement, including Infringement Notices.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects to the undefined term "public statements" as vague and ambiguous. Charter also objects to this request to the extent it seeks information that is publicly available, or that is equally available to Plaintiffs and to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

**REQUEST NO. 37** Documents concerning all policies, practices, or capabilities that you considered, formulated, rejected, or adopted for taking adverse action (including suspending or terminating internet service) against Subscribers or Users for alleged copyright infringement.

**ANSWER:**   Charter objects to this request as over-broad and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense and demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter objects to this request as duplicative of other discovery requests that Plaintiffs have propounded. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents constituting the final policies relating to copyright infringement that

15

were in effect during 2010-2017, to the extent they exist and are within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 38** Documents reflecting Your Subscribers' or Users' awareness or non-awareness of Your DMCA Policies, Acceptable Use Policies, or other copyright infringement policies.

**ANSWER:**   Charter objects to this request as over-broad and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense and demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter further objects to this request as vague and ambiguous, in particular as the meaning of the undefined terms "DMCA Policies," "awareness" and "unawareness." The request is also vague, ambiguous, and unreasonable because it requires Charter to speculate as to its Subscribers' and Users' mental states. Charter objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents regarding Plaintiffs' works-in-suit during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 39** Internal communications discussing your actual or potential Subscribers' or Users' satisfaction or dissatisfaction with your responses to Infringement Notices. For the avoidance of doubt, this request includes communications discussing whether, if you terminated internet service for one subscriber in response to an Infringement Notice, you would lose or be unable to attract additional subscribers.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to

any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, and to the extent it seeks documents not kept in the ordinary course of business. Specifically, Charter objects to the undefined phrases "satisfaction" and "dissatisfaction" as vague and ambiguous. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it purports to require Charter to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged communications limited to Plaintiffs' works-in-suit during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 40** DHCP logs sufficient to link Subscribers to the IP addresses identified in each Infringement Notice you received from January 1, 2010 through May 17, 2016.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because its request seeks logs for those tickets not related to Infringement Notices sent by Plaintiffs or on Plaintiffs' behalf.   Charter will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Charter objects to the requests to the extent that it requires Charter to restore and/or

search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that it would subject Charter to undue burden and expense.

**REQUEST NO. 41** All advertising or marketing materials, marketing reports, plans, studies, and consumer research materials discussing the use or potential use of your internet services to download or obtain music, including the speeds at which music can be downloaded using your networks.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands "all" documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. The request is without reasonable limitation in its scope. Charter further objects to this request as it seeks documents that contain information that is highly confidential, proprietary, and/or trade secrets. Charter also objects to this request to the extent it seeks information that is publicly available, or that is equally available to Plaintiffs.

**REQUEST NO. 42** Documents concerning your growth targets, strategic plans, or internal strategies pertaining to the use or offering of higher bandwidths to Subscribers for the purpose of downloading music.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection.  Charter objects to this request as vague and ambiguous, in particular as the meaning of the undefined terms "growth targets" and "strategic plans." Charter further objects to this request as it seeks documents that contain information that is highly confidential, proprietary, and/or trade secrets.

**REQUEST NO. 43** Documents discussing the impact of Subscribers' use of BitTorrent and/or peer-to-peer networks on your current or future profits.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including its demand for all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter further objects to this request to the extent that it is duplicative of other discovery requests, including Requests Number 18 and 19, that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections Charter will produce responsive, non-privileged documents concerning the use of BitTorrent to infringe copyrights, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 44** Documents discussing or concerning your employees' use of your internet services to copy, distribute or publicly perform copyrighted works without permission of the copyright owner.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including its demand for all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection.

Subject to and without waiving the foregoing objections Charter will produce responsive, documents concerning Plaintiffs' works-in-suit during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 45** Documents concerning all suspensions or terminations of your internet services to any Subscriber or User relating to actual or alleged copyright infringement or violation of any copyright infringement-related provision of any DMCA Policy, Acceptable Use Policy, Repeat Infringer Policy, graduated response policy, or any other policy related to copyright infringement, including communications discussing the re-activation of the accounts of any

Subscribers whose accounts were terminated for violation of any policy relating to copyright infringement.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including its demand for all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period. Charter further objects that the request is vague and ambiguous as to the undefined term "DMCA Policy" and "Repeat Infringer Policy."

Subject to and without waiving the foregoing objections Charter will produce responsive, non-privileged documents and communications limited to Plaintiffs' works-in-suit during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 46** Documents sufficient to show your policies and practices for monitoring, reviewing, or inspecting your internet services for uses that violate your Acceptable Use Policy.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including its demand for all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections Charter will produce responsive documents constituting the final policies relating to copyright infringement that were in effect

during 2010-2017, to the extent they are within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 47** Documents sufficient to show all terms of use and terms of service provided to Subscribers.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including its demand for all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections Charter will produce responsive, non-privileged documents concerning the final policies relating to copyright infringement that were in effect during 2010-2017 to the extent they exist and are within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 48** Documents concerning any changes to your terms of use or terms of service relating to copyright infringement or allegations of copyright infringement, including internal communications discussing such changes.

**ANSWER:**   Charter objects to this request as over-broad and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense and demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period. Charter objects

to this request as duplicative of other discovery requests that Plaintiffs have propounded. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**REQUEST NO. 49** Documents sufficient to show, on a monthly basis, the number of Subscribers who subscribed to your television and/or telephone service.

**ANSWER:**    Charter objects to this request as over-broad and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense and demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter further objects to this request as duplicative of other discovery requests that Plaintiffs have propounded.

**REQUEST NO. 50** Documents sufficient to show the average and/or estimated cost to you of obtaining a Subscriber and the average or estimated costs associated with terminating a Subscriber's internet service.

**ANSWER:**    Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period. Charter objects to this request as vague and ambiguous, in particular as to Plaintiffs' use of the phrase "sufficient to show" which requires speculation.

**REQUEST NO. 51** Documents sufficient to show the revenue and profit that you receive from Subscribers for each level or tier of internet service that you offer, by year and month from January 1, 2012 to present.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection.  Charter objects to this request as vague and ambiguous, in particular as to Plaintiffs' use of the phrase "sufficient to show" which requires speculation.

**REQUEST NO. 52** Documents sufficient to show the average revenue and profit that you have received per Subscriber, for the life of the account, from January 1, 2012 to present.

**ANSWER:**   Charter objects that this request is outside the claim period.  Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period.  Charter objects to this request as vague and ambiguous, in particular as to Plaintiffs' use of the phrase "sufficient to show" which requires speculation. Moreover, Charter has already agreed to produce billing records for those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf.

**REQUEST NO. 53** Documents sufficient to show the average and/or estimated total length of time that you retain Subscribers, from inception to termination of the subscription for any reason.

**ANSWER:**   Charter objects that this request is outside the claim period.  Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general subjects such that the request fails to

describe with reasonable particularity the items or categories of items to be produced for inspection.

**REQUEST NO. 54** Documents sufficient to show the prices at which you offered each tier of internet speed to Subscribers from January 1, 2010 to May 17, 2016

 **ANSWER:** Charter objects that this request is outside the claim period.  Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection.

**REQUEST NO. 55** Documents sufficient to show the discount rate or weighted average cost of capital that you use in forecasting future financial performance.

 **ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection and with respect to the overbroad requested time period. Charter also objects that the request is vague and ambiguous in particular as the meaning of the undefined terms "discount rate" and "weighted average cost of capital." Charter further objects to this request as it seeks documents that contain information that is highly confidential, proprietary, and/or trade secrets.

**REQUEST NO. 56** All records or logs of calls, scripts created for use on calls, or documents discussing calls or reflecting the content of any calls, between your employees, customer service representatives, or members of your internet security team, Network Securities Operations department, or Customer Security team, on one hand, and any Subscriber or User identified in Infringement Notices or otherwise identified in connection with actual or alleged copyright infringement, on the other, related to alleged copyright infringement, any Infringement

Notice, or any "ticket" generated by an Infringement Notice, including all "work log" or other notes entered in CATS as referenced on CHA_00000006.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that the request is overbroad and should be limited to those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf.  Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Moreover, Charter has already produced call scripts that are responsive to Plaintiffs' request.  Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Charter objects to the requests to the extent that it requires Charter to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that it would subject Charter to undue burden and expense.

**REQUEST NO. 57** Documents sufficient to show the extent to which compensation (including bonus structure(s)) for your employees, customer service representatives, or members of your internet security, Network Securities Operations department, or Customer Security team, was tied to retention of Subscribers.

**ANSWER:**   Charter objects that this request is vague and ambiguous, overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense.

**REQUEST NO. 58** Documents sufficient to describe Charter's efforts to educate or inform Subscribers or Users identified in any Infringement Notice Charter received regarding copyright and copyright infringement and Charter's related policies, including materials you provided to Subscribers after their service was suspended or terminated for actual or alleged copyright infringement, internal guidelines concerning such materials, and drafts thereof.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general

subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter objects to this request as vague and ambiguous, in particular as to Plaintiffs' use of the phrase "sufficient to describe" which requires speculation. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive documents limited to Plaintiffs' works-in-suit to the extent Charter finds such documents within its possession, custody, or control within the Discovery Period, for those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf, after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 59** Documents sufficient to show your policies and procedures for attempting to educate or inform Subscribers regarding copyright and copyright infringement, including any Charter policies concerning copyright infringement.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter objects to this request as vague and ambiguous, in particular as to Plaintiffs' use of the phrase "sufficient to show" which requires speculation. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive documents limited to Plaintiffs' works-in-suit to the extent Charter finds such documents within

its possession, custody, or control within the Discovery Period, for those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf, after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 60** Documents sufficient to show Charter's efforts to curtail its Subscribers' violations of Charter's Acceptable Use Policies other than its policies regarding copyright infringement (including any policies against hacking or spamming).

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection.

**REQUEST NO. 61** All documents or communications distinguishing, differentiating, or otherwise comparing Charter's responses to violations of its Acceptable Use Policies for reasons other than copyright infringement (including for hacking or spamming) to its responses to violations of those policies on the basis of copyright infringement.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands all documents concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection.

**REQUEST NO. 62** Documents sufficient to show all scripts you created for use by your employees in interactions with Subscribers that violated or are alleged to have violated Charter's Acceptable Use Policies for reasons other than copyright infringement.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that the request is overbroad and should be

limited to those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf.  Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Moreover, Charter has already produced call scripts that are responsive to Plaintiffs' request.

**REQUEST NO. 63** Documents sufficient to show all scripts created for use, considered for use, and/or used by your employees' in interactions with Subscribers who fail to pay their subscription fees.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that the request is overbroad and should be limited to those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf.  Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Moreover, Charter has already produced call scripts that are responsive to Plaintiffs' request.

**REQUEST NO. 64** All documents that you may use as exhibits or demonstratives in the trial or any hearing in this lawsuit.

**ANSWER:**   Charter objects to this request as premature as it purports to require Charter to disclose individuals, documents, or things inconsistent with the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26(a)(2) and the rules and orders of this Court. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Charter will produce responsive, documents in accordance with and at the time required by the Federal Rules and the rules and orders of this Court.

**REQUEST NO. 65** All documents supporting, refuting, or otherwise concerning any affirmative defense or other defense you assert or intend to assert in this case.

**ANSWER:**   Charter objects to this request as premature as it purports to require Charter to disclose individuals, documents, or things inconsistent with the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26(a)(2) and the rules and orders of this Court. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Charter will produce responsive, documents in accordance with the Federal Rules and the rules and orders of this Court.

**REQUEST NO. 66** All documents concerning any subpoena you issue in this lawsuit, including all communications with the third party concerning the subpoena and all documents you receive in response to any subpoena.

**ANSWER:**   Charter objects to this request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Charter will produce responsive documents produced by third parties in response to subpoenas issued by Charter in this lawsuit in accordance with the Federal Rules and the rules and orders of this Court.

**REQUEST NO. 67** Documents sufficient to show the meaning of each action, code, field, or definition used in the "ticket log" data produced or to be produced by you in this action.

**ANSWER:**   Charter objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive, documents to the extent Charter finds such documents within its possession, custody, or control, after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 68** Records of all information pertaining to Infringing Subscribers maintained in the "DMCA Postcard/Website" described in the document you produced in this case beginning at CHA_000000022.

**ANSWER:** Charter objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that the request is overbroad and should be limited to information related to those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf.

Subject to and without waiving the foregoing objections, Charter will produce responsive documents related to those Subscribers identified in the Infringement Notices sent from Plaintiffs or on Plaintiffs' behalf for the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control, after undertaking a reasonable and diligent search.

**REQUEST NO. 69** Documents sufficient to show the number of all "returned DMCA postcards," as referenced in the document you produced in this case at CHA_000000050, by month.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that the request is overbroad and should be limited to information related to those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf. Charter further objects that the request is vague and ambiguous as to the undefined term "DMCA."

Subject to and without waiving the foregoing objections, Charter will produce responsive documents related to those Subscribers identified in the Infringement Notices sent from Plaintiffs

or on Plaintiffs' behalf for the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control, after undertaking a reasonable and diligent search.

**REQUEST NO. 70** Copies of all "metrics report[s]," as referenced in the document you produced in this case at CHA_000000050.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense.

**REQUEST NO. 71** Documents sufficient to show all criteria used in determining whether to suspend residential subscribers for the reasons identified in the document you produced in this case beginning at CHA_000000133, including all studies, analyses, or reports describing the frequency with which accounts were suspended for each of the stated reasons.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense.

**REQUEST NO. 72** Documents sufficient to show the level or tier of internet service Charter provided each Infringing Subscriber, by month, for 2012-2016.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that this request is ambiguous and vague in Plaintiffs' use of the undefined terms "level" and "tier." Charter further objects that the request is overbroad and should be limited to information related to those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf.

Subject to and without waiving the foregoing objections, Charter will produce responsive documents related to those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf for the Discovery Period, to the extent Charter finds such

documents within its possession, custody, or control, after undertaking a reasonable and diligent search.

**REQUEST NO. 73** Documents sufficient to show actions Charter took in response to a subscriber exceeding data allowances imposed by the level or tier of internet service subscribed to.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that this request is ambiguous and vague in Plaintiffs' use of the undefined terms "level," "tier," and "data allowances."

**REQUEST NO. 74** For each Infringing Subscriber, documents sufficient to show any charges to the Subscriber from 2012-2016 for exceeding data allowances provided by the level or tier of internet service subscribed to.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that this request is ambiguous and vague in Plaintiffs' use of the undefined terms "level," "tier," and "data allowances." Charter further objects that the request is overbroad and should be limited to information related to those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf.

Subject to and without waiving the foregoing objections, Charter will produce responsive documents related to those Subscribers identified in the Infringement Notices sent from Plaintiffs or on Plaintiffs' behalf for the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control, after undertaking a reasonable and diligent search.

**REQUEST NO. 75** Documents concerning any limitations, restrictions, caps, or quotas you imposed on the number of Infringement Notices you would receive, accept, process, forward to Subscribers/Users, take a Customer Facing Action, or otherwise act upon.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that the request is overbroad and should be limited to information related to those Subscribers that were identified in the Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf.

Subject to and without waiving the foregoing objections, Charter will produce responsive documents related to Infringement Notices sent from Plaintiffs or on Plaintiffs' behalf for the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control, after undertaking a reasonable and diligent search.

**REQUEST NO. 76** Documents sufficient to show all circumstances in which you would ignore, or otherwise not act upon, an infringement notice.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that the request is overbroad and should be limited to information related to Infringement Notices sent by Plaintiffs' or on Plaintiffs' behalf.

Subject to and without waiving the foregoing objections, Charter will produce responsive documents related to infringement notices sent from Plaintiffs or on Plaintiffs' behalf for the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control, after undertaking a reasonable and diligent search.

**REQUEST NO. 77** Documents sufficient to show the manner(s), if any, in which you are able to determine whether your business customers provide your internet service over a public or private network.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense.

33

**REQUEST NO. 78** Documents sufficient to show whether each individual Infringing Subscriber that is also a business customer uses Charter's internet service to provide public WiFi service, or a secured, private network.

**ANSWER:**    Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense.

Date: March 9, 2020

By: */s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Phone: (303) 830-2400
Fax: (303) 830-1033
E-mail: cjoyce@fwlaw.com
E-mail: jtanner@fwlaw.com

*Counsel for Defendant*
*Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 9, 2020 a true and correct copy of the foregoing was served via email on the below counsel of record for Plaintiffs:

Mitchell A. Kamin
Neema T. Sahni
Mark Chen
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
mychen@cov.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson
Benjamin M. Leoni
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Jonathan M. Sperling
William O'Neill
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneill@cov.com

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW Washington,
DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

/s/ Cesie C. Alvarez
Cesie C. Alvarez