# Exhibit 12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 19-cv-00874-RBJ |

### DEFENDANT CHARTER COMMUNICATIONS, INC.'S
### SECOND SET OF INTERROGATORIES TO THE RECORD COMPANY PLAINTIFFS

**PROPOUNDING PARTY**: Defendant Charter Communications, Inc.

**RESPONDING PARTY**: Plaintiffs Warner Records Inc. (f/k/a Warner Bros. Records Inc.), Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recording LLC, UMG Recordings, Inc., and Capitol Records, LLC

**SET NUMBER**: Two (Nos. 13-14)

Defendant Charter Communications, Inc. ("Charter"), through its undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedures, hereby propounds its Second Set of Interrogatories upon Plaintiffs Warner Records Inc. (f/k/a Warner Bros. Records Inc.), Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks

-2-

U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recording LLC, UMG Recordings, Inc., and Capitol Records, LLC (collectively "Record Company Plaintiffs").  Each Plaintiff shall fully answer each Interrogatory fully and in writing under oath, within thirty (30) days of service of these Interrogatories.  Such responses shall be made in accordance with the Federal Rules of Civil Procedure, Local Rules, and any other applicable rules.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Plaintiff," "Plaintiffs," "You," or "Your" shall any or all of Warner Records Inc. (f/k/a Warner Bros. Records Inc.), Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recording LLC, UMG Recordings, Inc., and Capitol Records, LLC and/or any of its or their representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the foregoing entities.

2. "Charter" shall refer to Defendant in the above-captioned matter, Charter Communications, Inc.

3. "CAS" shall refer to the Copyright Alert System.

4. "Cloud Storage Account" shall mean any account, application, data repository, or virtual mailbox capable of sending, receiving, and/or storing messages or information electronically using a computer or other electronic device, and includes, without limitation, email accounts, cloud-based storage accounts (*e.g.*, Dropbox, Box.com, iCloud, Google Drive, etc.), cloud-based servers (*e.g.*, Digital Ocean, Rackspace, Amazon S3, Google Cloud, Microsoft Azure, etc.), cloud-based data repositories (*e.g.*, Github, Gitlab, Bitbucket, etc.) and email accounts (*e.g.*, Outlook, Gmail, Yahoo, etc.).

5. "Communication" or "communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, in writing, or otherwise, including but not limited to written correspondence, reports, mailings, conversations, meetings, letters, notes, recordings, and telegraphic, facsimile, telex, or computer-assisted electronic messages (including but not limited to e-mail, text messaging, instant messaging, VoIP calls, video conferencing, and posts on social media platforms or blogs).

6. "Complaint" shall refer to Plaintiffs' complaint filed on or about March 22, 2019, in the above-captioned matter and any filed amendments thereto.

7. "Copyright Works" shall refer to those works You claim were infringed and for which You seek relief in this litigation.

8. "Document" or "documents" as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure.

9. "Electronic Storage Device" shall mean remote storage systems; servers (including but not limited to virtual servers); hosted servers (including but not limited to virtual hosted servers); computers; CPUs; hard drives; disk drives; flash drives; virtual file systems; cellular telephones;

smart phones; SIM cards; CDs; DVDs; USB drives; any devices that contain any hard drive, disk drive, flash drive, flash memory, and/or SIM card; and any other device or medium that can be used to store data or information in any electronic format or that can be used to view, convert, process, or manipulate data or information in any way.

10. "ISP" shall refer to Internet Service Provider.

11. "MarkMonitor" shall refer to MarkMonitor, Inc. and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting or purporting to act, on MarkMonitor's behalf.

12. "Residential ISP Customer" shall refer to any customer of an ISP that is, for example, an individual or residence, and otherwise not a university, college, city, municipality, hospital, hotel, or any other type of institutional or corporate customer, including but not limited to any type of customer that would be targeted by a university-specific or corporate peer-to-peer notice program or a university-specific or corporate peer-to-peer litigation program.

13. "Non-Residential ISP Customer" shall refer to any customer of an ISP that is, for example, a university, college, city, municipality, hospital, hotel, or any other type of institutional or corporate customer, including but not limited to any type of customer that would be targeted by a university-specific or corporate peer-to-peer notice program or a university-specific or corporate peer-to-peer litigation program.

14. "RIAA" shall refer to the Recording Industry Association of America and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on the RIAA's behalf.

15. "Person" shall mean and include a natural person, individual, partnership, firm, corporation, limited liability company, or any kind of business or legal entity, including its agents or employees.

16. "Identify" shall mean, when used in reference to:

   (a) a Person that is a natural person, his or her: (i) full name; (ii) present or last known job position, business affiliation, and job description; and (iii) present or last known home and business addresses.

   (b) a Person that is a partnership, firm, corporation or any kind of business or legal entity, its: (i) legal name and any d/b/a; and (ii) its business address(es).

   (c) a Document, its: (i) author; (ii) subject matter, title and date, and the total number of pages thereof; (iii) the date on which it was first reviewed, obtained by, furnished to, or prepared by You; (iv) each and every addressee; (v) each and every person to whom copies were sent and/or by whom copies were received; and (vi) its present location(s) and custodian(s), or its disposition if no location(s) or custodian(s) is specified in response to subject (vi) thereof.

   (d) a Communication, (i) the date of the Communication, (ii) all Persons present for the Communication, (iii) the approximate duration of the Communication, (iv) the subject matter of the Communication, (v) the method of communication (*e.g.*, in person, by telephone, by email, by chat application, etc.), and (vi) a detailed description of the contents of the Communication.

   (e) a "copyright" or a "Copyright Work," identify the work, the author, the artist, the current owner, any current exclusive licensee, the U.S. copyright registration number, and the date of the registration.

      (f)    a "copyright infringement" or "infringement," identify the copyright infringed, each person or entity believed by You to have infringed it (including any facts You will rely upon to prove the infringement), the exclusive right of the copyright owner that has been infringed, and the date(s) of each alleged infringement.

17.    Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "and," and "all" shall be deemed to include each of the other functional words.

18.    The terms "relating," "referring," "reflecting," "concerning," and their variants shall be construed to bring within the scope of the interrogatory any Document or information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of the subject matter of the interrogatory, including, without limitation, all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports, or otherwise evidences the existence of the subject matter of the interrogatory.

19.    As used herein, the terms "this lawsuit," "this litigation," and "this case" refer to the above-captioned litigation, *Warner Records Inc. et al. v. Charter Commc'ns, Inc.,* Civil Action No. 19-cv-874, pending in the United States District Court for District of Colorado.

## INSTRUCTIONS

1. Each interrogatory listed below seeks all information that is within Your knowledge, possession, custody, or control, as well as all of the information that is within the knowledge, possession, custody, or control of Your attorneys or agents, and any other person acting on Your behalf.

2. If You are unable to answer fully any interrogatory due to a lack of knowledge or information, You must answer the interrogatory to the fullest extent possible and state the reason or reasons why You are unable to completely answer the interrogatory.

3. If, in answering any of these interrogatories, You are not aware of exact dates, amounts, or other figures or facts, but You have information permitting You to make an approximate or estimated answer, You must state each answer and indicate that it is an approximation or estimate because more precise information is not known or available to You.

4. In lieu of describing a Document, You may attach to Your answers a true and correct copy of a Document or Documents, provided that each Document is appropriately marked to identify the interrogatory to which the Document is responsive. If the Document or Documents You attach is only a part of the information requested, You must provide the remaining information in writing in response to the applicable interrogatory. If any Document identified is no longer in Your possession, custody, or control, or is no longer in existence, state whether it is: (a) lost or missing; (b) destroyed; (c) transferred voluntarily or involuntarily to others and, if so, to whom; or (d) otherwise disposed. In each instance, explain the circumstances surrounding and the authorization for each disposition, and state the approximate date thereof.

5. If a Document or response is being provided on behalf of more than one Plaintiff, such Document or response must state as much.

6.      If You claim that a Communication or Document is protected from production by the attorney-client privilege, the work product doctrine, or any other privilege or protection, You must supply at the time of responding to these interrogatories a schedule that specifically identifies: (a) each such Document or Communication by date; (b) author(s); (c) the person(s) to whom the Document or Communication was directed; (d) the nature of the Document or Communication (*e.g.*, letter memorandum); (e) subject matter, title, and number of pages; and (f) the basis for withholding the Document or Communication.

7.      If You learn that any of Your responses to these interrogatories were incomplete or incorrect, You must promptly amend or supplement the incomplete/incorrect responses.

8.      All interrogatories herein are continuing in nature, and any subsequently discovered or additional information responsive to these interrogatories shall be supplied to Charter immediately upon Your learning such information.

## INTERROGATORIES

**INTERROGATORY NO. 13:**

Identify which sound recordings listed on Exhibit A (including any amendments to same) to Plaintiffs' Complaint were first issued or released together on or as albums or compilations, including for each the name of the corresponding album or compilation.

**INTERROGATORY NO. 14:**

For each sound recording listed on Exhibit A (including any amendments to same) to Plaintiffs' Complaint, identify each RIAA Notice that references the allegedly infringed file corresponding to that sound recording.

Dated: February 13, 2020           By:  */s/ Seth E. Spitzer*

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Phone: 303.830.2400
Fax: 303.830.1033
E-mail: cjoyce@fwlaw.com
E-mail: jtanner@fwlaw.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

Erin R. Ranahan
Shilpa A. Coorg
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Phone: 213.615.1933
Fax: 213.615.1750
E-mail: eranahan@winston.com
E-mail: scoorg@winston.com

*Counsel for Defendant*
*Charter Communications, Inc.*

# CERTIFICATE OF SERVICE
## United States District Court for the District of Colorado

### Case No. 19-cv-00874-RBJ

I am a resident of the State of New York, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn, LLP, 200 Park Avenue, New York, New York 10166-4193. On February 13, 2020, I served a copy of the following document:

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
FIRST SET OF INTERROGATORIES**

☐ by placing a copy of the document listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, CA addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☒ by electronically transmitting a copy of the document listed above via email to the addressees as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order. No error messages were received after said transmissions.

| | |
|---|---|
| Janette L. Ferguson, Esq.<br>Benjamin M. Leoni, Esq.<br>LEWIS BESS WILLIAMS & WEESE, P.C.<br>1801 California Street, Suite 3400<br>Denver, CO 80202<br>Tel: (303) 861-2828<br>Facsimile: (303) 861-4017<br>jferguson@lewisbess.com<br>bleoni@lewisbess.com | Matthew J. Oppenheim<br>Scott A. Zebrak<br>Jeffrey M. Gould<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Tel: (202) 621-9027<br>matt@oandzlaw.com<br>scott@oandzlaw.com<br>jeff@oandzlaw.com |
| Mitchell A. Kamin<br>Neema T. Sahni<br>Mark Chen<br>Nicholas M. Lampros<br>J. Hardy Ehlers<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Tel: (424) 332-4800<br>mkamin@cov.com<br>nsahni@cov.com<br>mychen@cov.com<br>nlampros@cov.com<br>jehlers@cov.com | Jonathan M. Sperling<br>William O'Neill<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Tel: (212) 841-1000<br>jsperling@cov.com<br>woneill@cov.com |

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: (202) 662-6000
moneill@cov.com

      I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed:   */s/ Seth E. Spitzer*
               Seth E. Spitzer

Dated:   February 13, 2020