IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

---

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE LEVEL 1 RESTRICTED EXHIBIT**

---

Pursuant to D.C.COLO.LCivR 7.2, Plaintiffs Warner Records Inc., et al., respectfully move for leave of this Court to file under restriction one exhibit to their Partial Objection to Special Master's May 29, 2020 Order Resolving Discovery Disputes ("Plaintiffs' Objection"). In support of this motion, Plaintiffs state as follows:

1. **Certification Pursuant to D.C.COLO.LCivR 7.1**: Counsel for Plaintiffs has conferred with counsel for Charter regarding this Motion. Charter does not oppose this Motion.

2. Plaintiffs' Objection contains 24 exhibits designated "Exhibit 1" through "Exhibit 24." This Motion requests that one of those exhibits, Exhibit 16, be designated as "Restricted Documents, Level 1" and that access be restricted to the Parties and the Court.

3. Exhibit 16 contains commercially sensitive business information of Plaintiffs' antipiracy vendor, MarkMonitor, including data extracted from an internal proprietary database that is used for recording and tracking, among other things, infringements. Disclosure of this

information would cause competitive harm to Plaintiffs, as well as MarkMonitor and MarkMonitor's other clients, through the disclosure of the manner and type of information that MarkMonitor stores in its internal antipiracy databases. *See, e.g., Health Grades, Inc. v. MDx Medical, Inc.*, 11–cv–00520–RM–BMB, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) ("the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").

4. The risk of competitive harm to Plaintiffs, as well as non-party MarkMonitor, outweighs the need for the public to have access to this confidential information. Generally, this information, while harmful in the hands of competitors, is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

5. Plaintiffs seek only a Level 1 restriction—the least secretive level of restriction. Other methods of protecting the competitively sensitive confidential information like redaction are not workable because a fulsome understanding of the process Plaintiffs describe in their papers requires access to the competitively sensitive datasets. In addition, if the Court requires redaction rather than permitting a Level 1 Restriction, the materials will be withheld via redaction in their entirety. With redaction unavailable as a viable alternative, permitting a Level 1 Restriction for the single exhibit is the only method that can adequately protect the competitively sensitive confidential information found in Exhibit 16.

6. Moreover, though the mere existence of a Stipulated Protective Order is not in itself sufficient to prove that a Motion for Leave to Restrict should be granted, Plaintiffs respectfully inform the Court that Exhibit 16 contains extracts of data from documents that Plaintiffs have designated Confidential under the Protective Order in this case. ECF No. 63.

WHEREFORE, Plaintiffs request leave of this Court to file Exhibit 16 under Level 1 restriction.

Dated: July 13, 2020

Janette L. Ferguson, Esq.
LEWIS BESS WILLIAMS &
WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@lewisbess.com
bleoni@lewisbess.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

/s/ Matthew J. Oppenheim

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

/s/ Matthew J. Oppenheim
Matthew J. Oppenheim