**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| WARNER BROS. RECORDS INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant | Case No. 19-cv-00874-RBJ-MEH |

---

**PLAINTIFFS' EXPEDITED MOTION TO STAY DISCOVERY DEADLINE SET FORTH IN JULY 6, 2020 ORDER ISSUED BY SPECIAL MASTER PENDING RESOLUTION OF PLAINTIFFS' OBJECTION THERETO**

---

Plaintiffs hereby submit this Expedited Motion to Stay Discovery Deadline Set Forth in July 6, 2020 Order Issued by Special Master Pending Resolution of Plaintiffs' Objection Thereto, and in support thereof, state the following:

**CERTIFICATION PURSUANT TO D. COLO. L. CIV. R. 7.1(a)**

Counsel for Plaintiffs certifies that, pursuant to D. Colo. L. Civ. R. 7.1, they have conferred with counsel for Charter Communications via email and that Charter declined to consent to the requested relief.

**BACKGROUND**

On May 29, 2020, the Special Master issued an Order Resolving Discovery Disputes (the "May 29 Order"). ECF 181. Among other things, the May 29 Order directed Plaintiffs to

respond to two interrogatories by identifying which of the musical compositions in suit were recorded within which of the sound recordings in suit. ECF 181 at 22–24.

On June 2, 2020, the court that presided over the December 2019 trial in the materially identical *Sony Music Entertainment v. Cox Communications, Inc.* case, issued an opinion on post-trial motions. *See* 2020 WL 3121306 (E.D. Va. June 2, 2020). Critically, Cox and Charter—the respective defendants in that case and this one—are represented by the same attorneys at the same law firm of Winston & Strawn, and over 80 percent of the works at issue in this case are also at issue in *Cox*. In the June 2, 2020 opinion, the *Cox* court affirmed the jury's verdict but concluded that the number of statutory damages awards Plaintiffs could collect must be redetermined based on the relationship between compositions in suit and sound recordings in suit. *See id.* at *19–25. Since that issue had not been resolved at trial, the *Cox* court ordered Cox, represented by Winston & Strawn, to "prepare a list of overlapping works in suit" and to "calculate and propose a new number of works in suit for purposes of statutory damages within sixty days of the date of this opinion," or August 3, 2020. *Id.* at *26. Thereafter, the *Cox* plaintiffs have 60 days to respond to Cox's submission. *Id.* Importantly, the *Cox* court put the burden on Cox to undertake the overlap analysis in the first instance because Cox's counsel—the same counsel that represents Charter here—made clear to the Court that it was a "ministerial" task to determine the number of overlapping works. Cox's submission is due "within sixty days of the date of [the *Cox* court's] opinion," or August 3, 2020. *Id.*

On July 6, 2020, the Special Master in this case issued a follow-up ruling to the May 29 Order, denying Plaintiffs' request for reconsideration and ordering Plaintiffs to provide Charter by ***July 27*** the same information that the *Cox* court ordered Cox to submit one week later on ***August 3***. ECF 190 at 9 ("July 6 Order"). By ordering Plaintiffs in this case to provide to

Charter (and their counsel, Winston & Strawn) the very same information that Judge O'Grady has required Cox (and their counsel, Winston & Strawn) to provide one week later, the Special Master's ruling conflicts with the *Cox* court's decision to place the burden of the overlap analysis on Cox, and opens the door to improper use of information produced here in the *Cox* case.

Objections to the Special Master's Orders were due by July 13. ECF 190 at 11–12 ("[T]he parties shall file objections to the May 29 Order within five business days of the issuance of this [July 6] Order."). On July 13, 2020, Plaintiffs timely filed a Partial Objection to the Special Master's Order Resolving Discovery Disputes (the "Objection" or "Plaintiffs' Objection"), including the portion of the Order requiring Plaintiffs to respond by July 27 to the interrogatories referenced above. ECF 199 ("Plaintiffs' Objection").

**ARGUMENT**

The portion of the July 6 Order requiring Plaintiffs to produce information identifying the relationship between musical compositions and sound recordings in suit by July 27, 2020 should be stayed pending resolution of the Plaintiffs' Objection. In that Objection, Plaintiffs assert, *inter alia*, that the Special Master's ruling requiring Plaintiffs to identify the compositions in suit that are embodied in sound recordings in suit is an abuse of discretion and should be reversed, and that the deadline imposed risks infecting related proceedings in *Sony Music Entertainment v. Cox Communications, Inc.*, 1:18-cv-950-LO-JFA, 2020 WL 3121306 (E.D. Va. June 2, 2020). *See* Plaintiffs' Objection, ECF 199 at 12–19.

Under the local rules, objecting to a magistrate's discovery order under Fed. R. Civ. P. 72(a) "does not stay the discovery to which the order is directed." Local Civ. R. 30.2(b). It is unclear whether the same rule applies to Special Master orders. Both Fed. R. Civ. P. 53(f) and this Court's Order Appointing Special Master, however, require that "the court must give the

parties notice and an opportunity to be heard." Fed. R. Civ. P. 53(f); *see also* ECF 143 at ¶ 5. Absent a stay of the July 27 production deadline set by the Special Master's order, Plaintiffs will almost certainly have to provide the discovery prior to resolution of their objection. In such event, Plaintiffs' objection to the Special Master's Order will be mooted and they will have been effectively denied their rights under Rule 53(f) and this Court's Order Appointing Special Master. For these reasons, courts may stay orders issued by Special Masters in order to provide the parties an opportunity to resolve objections to such orders. *L-3 Commcn's Corp. v. Jaxon Eng'g & Maintenance, Inc.*, Civ. Action No. 10-cv-02868, 2013 WL 1687592, at *1 (D. Colo. Apr. 18, 2013) ("[T]he court finds it appropriate to stay the effect of the April 12, 2013 Order until the parties' objections, if any, to the Special Master's Report and Order are resolved.").

In determining whether to stay a magistrate's discovery order, courts consider (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *See Faconnable USA Corp. v. Does 1–10*, Civ. Action No. 11-cv-00941-CMA-BNB, 2011 WL 2173736, at *1 (D. Colo. June 2, 2011). "When the moving party establishes that the three 'harm' factors are decidedly in its favor, the 'probability of success' requirement is somewhat relaxed." *Id.* Plaintiffs submit that these same factors are also appropriately applied to a Special Master order.

Here, all of these factors favor granting Plaintiffs' requested stay of at least one week. Importantly, Plaintiffs will be deprived any opportunity to be heard absent a stay, and the presently ordered deadline risks infecting post-trial proceedings in a separate case. By contrast, Charter will suffer no prejudice at all from a brief stay of the production deadline, so that Plaintiffs' objection may be properly considered.

    ### A. Plaintiffs are likely to succeed on their objection to the Special Master's Order setting a July 27 production deadline.

The Special Master ignored the demonstrated risk of improper cross-pollination between this case and the *Cox* case in ordering Plaintiffs to provide the requested discovery days before Charter's counsel makes a critical post-trial filing in *Sony v. Cox* related to the same information. Ignoring that risk and setting a date that will undermine the proceedings in the *Cox* case was an abuse of discretion and warrants reversal or revision of the date by which Plaintiffs must provide the requested discovery (if at all). Plaintiffs are therefore likely to succeed on their objection.

Plaintiffs (most of whom are also plaintiffs in *Cox*) need to ensure that discovery on overlapping works produced here cannot be used (even inadvertently) to influence resolution of the same issue in the *Cox* case. Critical to this are the facts that (i) Cox is represented by the same Winston & Strawn attorneys that represent Charter here, (ii) approximately 80 percent of the works in suit in this case are also at issue in *Cox*, (iii) Cox did not adduce direct evidence on the relationship between sound recordings and musical compositions, and (iv) Cox must make its submission based on the evidentiary record in that case.

The Special Master's Order risks prejudicing the process that District Judge O'Grady established to resolve this post-verdict issue in *Cox*. If Plaintiffs are required to provide discovery on the "overlap" between sound recordings and musical composition in *Charter* on July 27—before Winston & Strawn files Cox's brief on August 3—there is a meaningful risk that discovery from this case, produced only for the purpose of this litigation, will improperly influence the briefing and outcome in *Cox*. Hundreds of millions of dollars are potentially at stake in *Cox* based on this precise issue.

Moreover, and critically, *only* this Court (and not Judge O'Grady in *Cox*) is in a position to guard *with certainty* against the risk of improper influence. To be sure, it is easy enough to

determine if defense counsel *expressly* relies upon the information disclosed here in its submission in *Cox*, and to direct any complaints about that to Judge O'Grady.  The issue here, however, is the risk of a less explicit, but no less real, crossover of information from this case to *Cox*, where the evidentiary record is closed.  Simply put, despite defense counsel's very best intentions, there is no way for them to unlearn the information that they learn in this case, nor is there any practical way to determine conclusively the extent to which defense counsel's submission in *Cox* is informed or influenced by what they learn from the information disclosed here.  Indeed, "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *F.T.C. v. Exxon Corp.*, 636 F.2d 1336, 1350–51 (D.C. Cir. 1980).  Once Charter's counsel is exposed to information that certain compositions are embodied in certain sound recordings, that information will inevitably become part of the *Cox* analysis.

This is no attack on Winston & Strawn's ethics or intentions, and Plaintiffs are mindful that the Stipulated Protective Order prohibits use of confidential discovery for any purpose outside this litigation.  But this is also no idle speculation.  In several instances, Charter's counsel has relied on access to confidential discovery produced in *Cox* to ground discovery demands in this case.  To cite just two examples, Charter's counsel recently questioned Plaintiffs' privilege claims here on the basis that "Plaintiffs have logged numerous documents as privileged that were produced in *Sony v. Cox*." Ex. 1.  Charter also argued in its June 26 submission to the Special Master that "[d]ocuments produced in *Sony* demonstrate" Charter's entitlement to certain discovery. Ex. 2 at 16–17.  While Plaintiffs disagree with Charter's characterization of the discovery in the *Cox* case, that disagreement cannot be properly litigated in this case because of the Protective Order, nor should there be any need to do so.  The *Cox*

protective order prohibits this cross-pollination; yet it continues to occur.

Even assuming Winston & Strawn refrains from relying openly on the *Charter* discovery in the *Cox* briefing, or using it directly to assist its analysis, those attorneys cannot un-learn what they learned—especially on an issue of such importance. Nor would it be possible to implement adequate screening measures given the number of overlapping Winston & Strawn attorneys on the two cases.[1]

For these reasons, and as more fully explained in Plaintiffs' objection to the Special Master's discovery order, Plaintiffs are likely to succeed on their appeal on this issue.

**B. All three harm factors heavily favor granting a stay**

*First*, Plaintiffs face the threat of irreparable harm if the stay is not granted. Absent a stay, Plaintiffs' Objection to the July 27 production deadline will effectively be moot, because Plaintiffs will be forced to produce the requested information prior to resolution of their objection and, critically, prior to Cox's August 3 submission (by Charter's counsel, Winston & Strawn) in the *Cox* case. In such case, Plaintiffs would effectively be denied their rights under Rule 53(f) and this Court's Order Appointing Special Master. And, as explained in Plaintiffs' Objection and above, Plaintiffs have valid and demonstrable concerns about improper commingling of information between *Cox* and this litigation. Indeed, Charter's counsel has already improperly utilized access to documents produced in *Cox* subject to the protective order entered in that case to challenge Plaintiffs on discovery issues in the instant litigation. *See supra*. Absent a stay of the July 27 production deadline, it is likely that any information Plaintiffs provide in this case will taint the analysis that Charter's counsel was ordered by Judge O'Grady

[1] At least the following Winston & Strawn attorneys are actively involved in both the *Cox* and *Charter* cases: Michael Elkin, Jennifer Golinveaux, Sean Anderson, Thomas Patrick Lane, Michael Brody and Cesie Alvarez.

to perform in *Cox*. A stay would thus serve to avoid infecting a process set up by a different court.

As courts have noted, a stay may be appropriate where enforcing a discovery order "would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like." *Zander v. Craig Hosp.*, Civ. Action No. 09-cv-02121-REB-BNB, 2010 WL 908756, at *2 (D. Colo. Mar. 10, 2010) (granting motion to stay when enforcing existing discovery order would require disclosure of documents arguably protected by Colorado statutory quality assurance privilege). A stay would serve to avoid infecting a process set up by a different court in resolving the very same issue.

The risk of harm to Plaintiffs resulting from the improper use of information produced in the instant litigation by Charter's counsel in the *Cox* case greatly weighs in favor of granting a stay of the July 27 production deadline.

*Second*, a stay causes no harm to Charter. If this Court overrules Plaintiffs' Objection, Charter will still receive the requested discovery soon. Fact discovery is ongoing through January 2021 and expert discovery for months thereafter. Charter would still have ample time to explore this discovery further if still required.

*Third*, a stay presents no risk of harm to the public interest. Indeed, the public is served by preventing improper use of confidential discovery produced under a protective order in litigation. The brief stay requested here also would not impact the Court's docket or delay the case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order staying the July 27, 2020 production deadline set in the Special Master's July 6, 2020 Order pending resolution of Plaintiffs' Objection.

Dated July 13, 2020

/s/ *Matthew J. Oppenheim*
Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: 202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Tel: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 841-1000
jsperling@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828

jferguson@lewisbess.com
bleoni@lewisbess.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of July 2020, a true and correct copy of the foregoing was filed with the Clerk of Court via the CM/ECF system.

*/s/ Matthew J. Oppenheim*
Matthew J. Oppenheim