# Exhibit 1

| | |
|---|---|
| **Subject:** | RE: Warner Records Inc. et al. v. Charter Communications, Inc. |
| **Date:** | Thursday, June 25, 2020 at 6:12:55 PM Eastern Daylight Time |
| **From:** | Ranahan, Erin |
| **To:** | Jeff Gould, Ehlers, J. Hardy, Sahni, Neema T, Kamin, Mitchell A, Fields, Michael, Matt Oppenheim, Hill, Phil, Lampros, Nicholas M., Scott Zebrak, Sperling, Jonathan, Jia Ryu, Kellyn Goler, Andrew Guerra |
| **CC:** | Craig Joyce, Jack Tanner, Skopec, Allison, Elkin, Michael, Spitzer, Seth, Golinveaux, Jennifer, Lane, Thomas, Alvarez, Cesie, Anderson, Sean, Sauerteig, PJ |

**Attachments:** image001.jpg

Jeff,

We are not available to discuss these issues at 9:30 a.m. pst tomorrow. Further, given the density of the issues you raised for the first time late last night, we do not believe it would be appropriate to attempt to complete our meet and confer efforts on all of these issues prior to bringing them before the Special Master tomorrow. Therefore, we propose that we consider and investigate the multitude of issues raised by your email and set up a time to discuss these issues next week and the new issues we raise below regarding privilege logs. How about Tuesday or Thursday at 11am pst? If these issues cannot be resolved informally, we can either include any remaining issues in the next round, or ask the Special Master to consider these issues separately.

What we do believe is ripe for guidance by the Special Master based on our meet and confer efforts to date regarding the parties' respective privilege log issues are those we discussed yesterday and/or have been corresponding back and forth about, which include:

(i)    your complaint about the title v. description issue;

(ii)   Plaintiffs' claim of privilege over Entry No. 82, the file titled Hash Report_02292016.xlsx. As we discussed yesterday, we respectfully disagree with your privilege claim and request you produce this file. If Plaintiffs refuse to do so, then we request Plaintiffs produce this file to the Special Master for her *in camera* review; and

(iii)  the dearth of communications with MarkMonitor (in the production and appearing in the privilege log). As we discussed yesterday, we are concerned by the complete absence of communications with or concerning MarkMonitor. If Plaintiffs were having communications directly with MarkMonitor about the notice program at issue, we suspect those documents would have been produced or logged. We do not see any either in Plaintiffs' production to date or on the log. If Plaintiffs were having communications directly with the RIAA regarding the RIAA's management of the notice program at issue, we suspect those documents would have been produced or logged. We do not see any in Plaintiffs' production. To the extent any of the documents on this log pertain to MarkMonitor and/or the notice program at issue, Plaintiffs should supplement their descriptions to explain that. We need to understand the scope of Plaintiffs' efforts to search for, collect, and produce and/or log these types of documents. Based on what we have been provided to date, these efforts appear woefully deficient. As we also discussed yesterday, we disagree with Plaintiffs' position that they have no obligation to produce any correspondence between Oppenheim + Zebrak LLP and MarkMonitor through 2016 (as opposed to treating them as custodians for all purposes). In light of the dearth of responsive communications, we believe Plaintiffs have an obligation to search for, collect, and produce/log these communications.

We have also several additional issues to raise regarding Plaintiffs' privilege log, which we would like to discuss next week as well, as set forth below:

**Page 1 of 7**

First, there are a number of entries on Plaintiffs' log involving the RIAA (or other trade organizations), which based on the description, do not appear to be privileged. Or, based on Plaintiffs' description, Charter has insufficient information assess Plaintiffs' claims of privilege. Given the centrality of the RIAA as it relates to Plaintiffs' anti-piracy efforts, we're concerned that Plaintiffs may be withholding documents that are not privileged but, instead, merely deal with the day-to-day business of protecting copyrights, monitoring infringement trends, and related issues.

In particular, we are focused on the following entries:

· Entry No. 18 – This document appears to be an email with a "deck[]" from Brad Buckles of the RIAA to David Benjamin of UMG (a lawyer who we do not understand served in an in-house counsel role). Based on Plaintiffs' entry, it appears that Mr. Buckles is providing information to Mr. Benjamin for legal advice. We do not understand UMG to have provided legal advice to the RIAA (instead we understand Plaintiffs' claim to often be the opposite).  In any event, we are hard pressed to understand how information "regarding trends in the use of P2P file-sharing technologies" could be privileged.

· Entry No. 24 – This is another example of what appears to be Mr. Benjamin providing purported legal advice to the RIAA regarding a BASCAP report.  Again, we do not understand that UMG provided legal advice to the RIAA.  To the extent the purported advice is going the other way, Plaintiffs' description does not provide sufficient information for Charter to assess what about the RIAA's edits to a BASCAP report somehow implicates the attorney-client privilege.

· Entry No. 59 – This is a document between Mr. Benjamin and Mr. Buckles and appears to be a forward of the "IFPI Antipiracy Strategy." Again, we question what attorney-client relationship there could be between Messrs. Benjamin and Buckles. Though, more concerning, we question how a document *forwarded* by Mr. Benjamin to Mr. Buckles, apparently authored by the IFPI, is in itself privileged. Are Plaintiffs claiming that they are jointly represented by the RIAA and the IFPI such that any document authored by the IFPI and sent by a Plaintiffs to the RIAA remains privileged? If so, we believe that is improper and intend to challenge that.

· Entry No. 73 – For this document, Plaintiffs claim both attorney-client privilege and work product. The title of the document is "Re Charter/CCI." With respect to the work product claim, is the anticipated ligation the one against Charter? If so, when did Plaintiffs first anticipate litigation against Charter? And are Plaintiffs claiming the work product privilege over the "analysis of infringing evidence"? With respect to the attorney client privilege claim, again please explain whether Plaintiffs view RIAA as their counsel. If so, what is the nature of the advice the RIAA was providing with respect to this analysis?

· Entry No. 76 – This is an email from Greg Borkowski of the RIAA to a number of Plaintiffs' in-house lawyers and others from the RIAA. Again, are Plaintiffs claiming that the RIAA was acting as legal counsel in connection with the content of this email? What specific Plaintiff is claiming this email is privileged? Is it all of them who are copied (e.g., SME, UMG, WMG)? Are Plaintiffs claiming this communication from the RIAA is privileged despite the inclusion of employees from multiple different parties? If so, under what doctrine?

· Entry Nos. 77-79 – These are emails between Mr. Oppenheim to Darren Schmidt at UMG. Based on their title, the messages appear to concern a forward of an email titled "FW: Cox/RIAA – Bright House Networks." Even assuming that the communication between Mr. Oppenheim and Mr. Schmidt is privileged, to the extent it contains legal advice, are you asserting privilege in the underlying message being forwarded? What is the origin of this document? Is it a forward? If so, from whom? We need more information to assess Plaintiffs'

claim of privilege.

· Entry No. 80 – This is an email from Victoria Scheckler at the RIAA to Mr. Schmidt at UMG. The description states that it is an email chain reflecting legal advice regarding developments of contemplated litigation. Again, is it Plaintiffs' position that the RIAA was serving as legal counsel? If so, in what capacity?

Second, it appears Plaintiffs have logged numerous documents as privileged that were produced in *Sony v. Cox*. We intend to challenge Plaintiffs' claim to privilege over these documents and, in the event Plaintiffs maintain their claim, we intend to argue that privilege has been waived. Please let us know whether Plaintiffs consent to Charter's outside counsel (Winston & Strawn) identifying to Plaintiffs those documents Plaintiffs produced in *Sony* that, based on Plaintiffs' description in this case, appear to be the same or similar so that we can meaningfully meet and confer on this.

Finally, with all of these documents, in addition to the issues identified above and in our June 23 email, we also request Plaintiffs promptly produce any portion of any document to which Plaintiffs' currently-asserted privilege claim does not extend. For example, if the forwarded message or underlying facts are not privileged, that should be produced with any claimed privileged portions redacted.

We look forward to discuss our outstanding questions regarding these issues next week when we also discuss the issues you sent us for the first time last night.

Regards,

-Erin


**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

---

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Wednesday, June 24, 2020 8:35 PM
**To:** Ranahan, Erin <ERanahan@winston.com>; Ehlers, J. Hardy <jehlers@cov.com>; Sahni, Neema T <nsahni@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Fields, Michael <MFields@cov.com>; Matt Oppenheim <Matt@oandzlaw.com>; Hill, Phil <pahill@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Scott Zebrak <Scott@oandzlaw.com>; Sperling, Jonathan <jsperling@cov.com>; Jia Ryu <Jia@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>
**Cc:** Craig Joyce <CJoyce@fwlaw.com>; Jack Tanner <Jtanner@fwlaw.com>; Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Anderson, Sean <SRanderson@winston.com>; Sauerteig, PJ <PSauerteig@winston.com>
**Subject:** Re: Warner Records Inc. et al. v. Charter Communications, Inc.

Counsel:

We write regarding a number of deficiencies in Charter's privilege log, about which we would like to meet and confer as soon as possible.  So that you have an opportunity to consider these issues before our call, we propose 12:30 pm ET / 9:30 am PT Friday to discuss the below issues, as well as any remaining issues from your June 23 email regarding Plaintiffs' privilege log that we did not already discuss on today's call.

Title or Subject Lines.  As explained in our June 22 letter, Charter should amend its privilege log to include the title or subject line for each document.  Plaintiffs included this information in their privilege log, consistent with local practice in the District of Colorado.  *See Thane v. GEICO Cas. Co.*, No. 16-CV-02940-CMA-MEH, 2017 WL 3157966, at *6 (D. Colo. July 25, 2017) (Hegarty, M.J.) ("As to the log's content, in Colorado, '[g]enerally, a privilege log is adequate if it identifies with particularity the documents withheld, including their date of creation, author, *title or caption*, addressee and each recipient, and general nature or purpose for creation.'" (emphasis added)) (quoting *Zander v. Craig Hosp.*, 743 F. Supp. 2d 1225, 1232 (D. Colo. 2010)). You claim in your June 24 email that the title or subject line is unnecessary because Charter provided descriptions of the withheld documents, but this ignores the fundamental problem described below that those descriptions are insufficient to allow Plaintiffs to assess Charter's privilege claims.  Nor are we convinced that the title or subject line could "reveal too much about the privileged communication" to be disclosed.  That makes little sense where the subject or topic of the withheld documents must be provided to justify your privilege claims.  Your position amounts to an assertion that all email subjects and document filenames are privileged – obviously that is not correct.  But even if that were true for certain individual documents, it certainly cannot be the case for every single entry on Charter's log. In any event, if a few subject lines or filenames truly contain privileged content (which we doubt), they should nevertheless be provided with minimal redactions to still allow for meaningful review.

Privilege Descriptions.  Charter's privilege descriptions are conclusory statements that restate boilerplate assertions of privilege without any substance from which Plaintiffs can assess Charter's privilege claims.  Every description begins with a formulaic phrase (*e.g.*, "Email chain seeking and containing the legal advice of in-house counsel regarding . . .") followed by two words of substantive description.  Moreover, there are only four variations of these two-word substantive descriptions:  "copyright notices," "copyright program," "customer communications," or "legal research."  This is insufficient for Plaintiffs to assess Charter's privilege claims and must be supplemented.  Furthermore, several of the privilege descriptions do not make sense.  Entries 26–27, 29–33, and 35, for example, purportedly concern documents "transmitted *among in-house counsel*," but there is only one attorney listed as the author or recipient of those documents.  Entries 6–9 and 38 purport to reflect documents "seeking" the legal advice of in-house counsel.  However, none of those documents include an attorney as an author or recipient.   And many entries fail to identify any involved attorney yet claim protection based generically on some unsupported reference to legal advice, see e.g., #6-17, 25, 38.

Work Product Claims.  Entries 19, 23, 39, and 41 assert work product protection, but the descriptions for those entries do not adequately demonstrate the basis for those assertions.  These entries must be supplemented to explain Charter's basis for claiming that these documents are protected work product.

Email Distribution Lists.  Entry 28 includes two email distribution lists, "DL Corp Internet Security" and "DL Corp SRT," in the Recipients column.  These entries must be supplemented to include the individual members of these distribution lists.  *See June v. Union Carbide Corp.*, No. CIV.A. 04-CV-00123MS, 2006 WL 2583579, at *1 (D. Colo. Sept. 7, 2006) (ordering that a privilege log be supplemented to include the "specific names of . . . recipients").  Absent disclosure of the recipients, the privilege claim cannot stand.

Documents Past January 2016.  Plaintiffs sent Charter a formal notice of claims in March 2016 and yet the latest entry in Charter's privilege log is January 29, 2016.  It is hard to believe that Charter is not withholding *any* documents on the basis of privilege from February to May 2016 that are responsive to Plaintiffs' RFPs.  Is it Charter's position that between February and May 2016, there are no responsive

privileged documents, including emails, discussing Plaintiffs' notice of claims?  If so, that raises further questions about Charter's failure to take any steps to retain documents in response to Plaintiffs' notice of claims.  Did Charter do anything at all in response to Plaintiffs' March 2016 formal notice of claims, including communicate with the various attorneys Charter identified as having discoverable information or anyone in the abuse department?  Please explain the complete absence of such communications in either Charter's production or privilege log.

Outside Counsel.  There is not a single entry in Charter's privilege log listing outside counsel as an author or recipient, though Winston was already working with Charter on this matter as of at least  April 2016, as evidenced by the Warner tolling agreement.  It would be surprising, to say the least, if there were no communications between Charter and Winston (or other outside counsel) at least between March and May 2016.  Please confirm that Charter is not withholding any document on the basis that it is privileged because of the involvement of outside counsel.  Further, given the position you have taken with respect to communications between O+Z and Plaintiffs, MarkMonitor or Audible Magic, please explain how Charter can withhold without logging responsive communications with its outside counsel about this litigation during the Discovery Period.

Redactions.  Charter's privilege log appears to concern only documents it has withheld in full.  Please confirm whether Charter plans to provide a redaction log for any documents that are partially privileged.

Attachments.  Charter has included email chains and attachments together in single privilege log entries.  We are concerned that, by doing so, Charter may be withholding non-privileged emails or attachments simply because they attach (or are attached to) a privileged or partially privileged document. Charter should produce all parts of responsive documents except those over which it has a legitimate claim of privilege.  Please confirm that Charter will produce any non-privileged email or attachment, regardless whether it attaches (or is attached to) a privileged document.

Recipients Column.  Charter has proposed that the parties identify the recipients in the "to" and "cc" fields of an email separately.  We tried to discuss this during our June 22 call but you declined to answer our questions, so we will restate them here.  A majority of Charter's privilege log entries concern email chains.  How does Charter propose that the parties separately identify the "to" and "cc" fields for email chains, where the "to" and "cc" fields may be different in lower-level emails?  In addition, how does Charter propose that the parties identify the "Author" of such email chains, where the sender is different for lower-level emails? Or does your proposal apply only to the top-level email in the chain?

We're available to discuss these issues Friday at 12:30 ET / 9:30 PT.

Regards,
Jeff


Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** "Ranahan, Erin" <eranahan@winston.com>
**Date:** Wednesday, June 24, 2020 at 8:21 PM
**To:** "Ehlers, J. Hardy" <jehlers@cov.com>, "Sahni, Neema T" <nsahni@cov.com>, "Kamin, Mitchell A" <MKamin@cov.com>, "Fields, Michael" <MFields@cov.com>, Matt Oppenheim

<Matt@oandzlaw.com>, Jeff Gould <Jeff@oandzlaw.com>, "Hill, Phil" <pahill@cov.com>, "Lampros, Nicholas M." <nlampros@cov.com>, Scott Zebrak <Scott@oandzlaw.com>, "Sperling, Jonathan" <jsperling@cov.com>
**Cc:** Craig Joyce <CJoyce@fwlaw.com>, Jack Tanner <Jtanner@fwlaw.com>, "Skopec, Allison" <askopec@winston.com>, "Elkin, Michael" <melkin@winston.com>, "Spitzer, Seth" <sspitzer@winston.com>, "Golinveaux, Jennifer" <JGolinveaux@winston.com>, "Lane, Thomas" <tlane@winston.com>, "Alvarez, Cesie" <calvarez@winston.com>, "Anderson, Sean R." <sranderson@winston.com>, "Sauerteig, PJ" <PSauerteig@winston.com>
**Subject:** RE: Warner Records Inc. et al. v. Charter Communications, Inc.

Counsel,

We write in response to your June 22, 2020 letter, which requests that Charter add to its privilege log a "title or subject" line to each document, even though we have already provided a description of each document. Plaintiffs argue that Charter's privilege log is "not consistent with local practice in this District," citing to *Thane v. GEICO Cas. Co.,* No. 16-CV-02940-CMA-MEH, 2017 WL 3157966, at *6 (D. Colo. July 25, 2017) (Hegarty, M.J.), which you summarize as requiring that a privilege log "must include" for each document the "title or caption" of the document.

There is no mention of missing "titles or captions" in *Thane* because they are not obligatory. *See also Carbajal v. Lincoln Ben. Life Co.*, No. CIVA06CV00884-EWNKLM, 2007 WL 3407345, at *3 (D. Colo. Nov. 13, 2007). *Thane* actually says that: "[a]s to the log's content, in Colorado, [g]enerally, a privilege log is adequate if it identifies with particularity the documents withheld…" *Id.* (*quoting Zander v. Craig Hosp.*, 743 F. Supp. 2d 1225, 1232 (D. Colo. 2010). In *Thane*, the defendant argued that the plaintiff's privilege log lacked sufficient detail. The court disagreed, finding that: "the Plaintiff's privilege log provides the date of each document, the particular privilege asserted, and *the description of each document*, in which Plaintiff typically states or implies the author and recipient(s) and the general nature of the document…" *Id.* (emphasis added).

This privilege log format – which the *Thane* court approved of – is the same format we used in preparing Charter's privilege log. Incidentally, it is also the same format Plaintiffs followed in *Sony*. No "title or caption" beyond the "description of each document" is necessary. Here, the specific email titles reveal too much about the privileged communication, and the descriptions we provided are more than adequate to allow Plaintiffs to asses Charter's privilege claims.

Regards,

-Erin

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

**From:** Ehlers, J. Hardy <JEhlers@cov.com>
**Sent:** Monday, June 22, 2020 7:19 PM
**To:** Ranahan, Erin <ERanahan@winston.com>; Skopec, Allison <ASkopec@winston.com>; Elkin, Michael

<[MElkin@winston.com](mailto:MElkin@winston.com)>; Spitzer, Seth <[SSpitzer@winston.com](mailto:SSpitzer@winston.com)>; Golinveaux, Jennifer <[JGolinveaux@winston.com](mailto:JGolinveaux@winston.com)>; Lane, Thomas <[TLane@winston.com](mailto:TLane@winston.com)>; Alvarez, Cesie <[CAlvarez@winston.com](mailto:CAlvarez@winston.com)>; Anderson, Sean <[SRanderson@winston.com](mailto:SRanderson@winston.com)>
**Cc:** Kamin, Mitchell A <[MKamin@cov.com](mailto:MKamin@cov.com)>; Sperling, Jonathan <[jsperling@cov.com](mailto:jsperling@cov.com)>; Sahni, Neema T <[nsahni@cov.com](mailto:nsahni@cov.com)>; Lampros, Nicholas M. <[nlampros@cov.com](mailto:nlampros@cov.com)>; Hill, Phil <[PAHill@cov.com](mailto:PAHill@cov.com)>; Fields, Michael <[MFields@cov.com](mailto:MFields@cov.com)>; Jeff Gould <[Jeff@oandzlaw.com](mailto:Jeff@oandzlaw.com)>; Scott Zebrak <[Scott@oandzlaw.com](mailto:Scott@oandzlaw.com)>; Matt Oppenheim <[Matt@oandzlaw.com](mailto:Matt@oandzlaw.com)>
**Subject:** Warner Records Inc. et al. v. Charter Communications, Inc.

Counsel:

Please see attached Plaintiffs' June 22, 2020 privilege log and related correspondence.

Thanks,

Hardy

**J. Hardy Ehlers**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4778 | [jehlers@cov.com](mailto:jehlers@cov.com)
[www.cov.com](http://www.cov.com)

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.