# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., <br> Movant, <br> v. <br> MARKMONITOR, INC., <br> Respondent. | Case No. 20-mc-80084-SK <br><br> **ORDER GRANTING MOTION TO TRANSFER** <br><br> Regarding Docket Nos. 6, 7, 12 |

Movant seeks to compel Respondent to comply with a subpoena issued in the course of underlying litigation currently pending in the District of Colorado, *Warner Records Inc. v. Charter Communications, Inc.*, Case No. 19-cv-00874-RBJ-MEH (the "Colorado action"). (Dkt. 1.) Simultaneously, Movant seeks to transfer the instant miscellaneous matter to the District of Colorado for resolution. (Dkt. 7.) Respondent opposes both the motion to compel and the motion to transfer. (Dkt. 8, 12.) Alongside its motions, Movant filed two administrative motions to file under seal to protect confidential or trade secret protectible material contained in the motions. (Dkts. 2, 6, 9.) The Court HEREBY GRANTS the administrative motions to file under seal. Having considered the submissions of the parties, the record in the case, and the relevant legal authorities, the Court GRANTS the motion to transfer venue. In so doing, the Court does not reach the substance of the motion to compel, as the transfer renders it moot before this Court.

## BACKGROUND

Movant is an internet service provider, and 66 record labels and music publishers ("Plaintiffs") have sued Movant for copyright infringement in the Colorado action. (Dkt. 2-1.) Plaintiffs allege that Movant's internet service subscribers unlawfully distributed thousands of their works online between 2013 and 2016. (*Id.*) Plaintiffs seek to hold Movant contributorily liable for its subscribers' alleged copyright infringement in the Colorado action. (*Id.*) The trade

organization for Plaintiffs hired Respondent to identify alleged infringers sharing copyrighted files on peer-to-peer file sharing networks and to send notices to the internet service providers providing service to the alleged infringers. (*Id.*) The data that Respondent compiled in completing those tasks is the sole infringement evidence in the Colorado action. (*Id.*) Respondent is a litigation consultant to Plaintiffs in the Colorado action. (Dkt. 8.)

On March 11, 2020, a special master was appointed to oversee discovery disputes in the Colorado action. *Warner*, Case No. 19-cv-00874-RBJ-MEH, Dkt. 193. The special master has already decided multiple discovery disputes involving production, touching on Respondent's role in the Colorado action and its technology. *Id.*, Dkts. 164, 181.

Movant served the subpoena at issue on Respondent on December 20, 2019. (Dkt. 2-4 (Golinveaux Dec. Ex. 2).) Movant seeks to compel Respondent to produce technical information about Respondent's infringement detection technology, technical information about the databases Respondent created for plaintiffs' trade organization, Respondent's technical assessments of its own system, evidence packages generated alongside each verified instance of infringement, information related to a Copyright Alert System project, communications with Plaintiffs and their trade organization, and document retention policies and privilege logs. (Dkt. 2-1.)

Movant argues that the motion to compel is most appropriately heard before the District of Colorado because Respondent is not a true third party to the Colorado action, in which it has already committed to participating as a litigation consultant. (Dkt. 6-3.) Movant further contends that the District of Colorado is in a better position to resolve the issues raised by the motion to compel because that court has already appointed a special master who has recently decided discovery disputes relevant to Respondent and the production requested here. (*Id.*) Finally, Movant argues that there is no burden for Respondent in appearing in Colorado versus San Francisco because all federal hearings are currently being conducted telephonically due to COVID-19.

Respondent counters that this Court has recently considered a subpoena addressed to Respondent addressing similar subject matter, *Cox Communications, Inc. et al. v. MarkMonitor, Inc.*, Case No. 19-mc-80050 ("*Cox*"). Respondent also points out that there is an allegedly

2

identical motion to compel involving an identical subpoena related to underlying litigation in the Middle District of Florida, *Bright House Networks, LLC v. MarkMonitor, Inc.*, 20-mc-80083 ("*Bright House*").[1] Respondent opposes transfer because two different courts would then consider the subpoenas at issue, rather than keeping this action and *Bright House* before two judges of this district. (Dkt. 12.) Respondent argues that Movant "misstates the facts" surrounding its involvement in the Colorado action, but does not indicate how. (*Id.*) Nor does Respondent deny that it is a litigation consultant in the Colorado action. (*Id.*) Respondent contends that the issues previously considered by the special master in the Colorado action are irrelevant to the motion to compel, and it notes that it anticipates disputes concerning source code, which the *Cox* matter addressed, to arise in this matter. (*Id.*)

**DISCUSSION**

**A.     Legal Standards.**

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee Notes to Rule 45 outline what constitutes exceptional circumstances:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh

---

[1] Respondent recently moved to relate this matter and *Bright House* to the earlier-filed *Cox* matter. *Cox*, 19-mc-80050-SK, Dkt. 39. The Court denied the motion, reasoning that separate underlying lawsuits form the basis for each matter, with each motion to compel brought by a separate entity. *Id.*, Dkt. 43. The Court also found that the two newly filed matters concerned subpoenas different in scope and subject matter from the subpoena considered in *Cox*, which sought production of Respondent's source code. *Id.* The Court further declined to relate the two latter-filed matters to one another, finding that it lacked sufficient information to do so, but leaving open the possibility that Respondent might file a motion to relate in the *Bright House* matter. *Id.* Respondent has not filed such a motion. The movant in the *Bright House* matter has moved to transfer that action to the Middle District of Florida. *Bright House*, 20-mc-80083-TSH, Dkt. 13.

the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. However, this list is not exhaustive, and "[c]ourts have also considered a number of factors relating to the underlying litigation including 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (citing *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (collecting cases)). "[N]umerous district courts have found exceptional circumstances" when motions practice "in the issuing court […] raises similar arguments to those raised in the motion sought to be transferred." *Id.* (collecting cases).

When the issuing court has already considered issues implicated in a subpoena-related motion, transfer is warranted. *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) (finding transfer appropriate where "issues raised in the motion to compel relate to orders and discovery from the underlying […] case.") Exceptional circumstances exist when "[r]uling on the motion to compel would require the Court to duplicate review already conducted" by the issuing court, risking disruption of that court's "management of the underlying litigation." *Id.* at 430. In such circumstances, the issuing court "is in a better position to rule on these motions due to its familiarity with the issues involved." *Id.*

**B.      Discussion.**

Exceptional circumstances justify transfer of the subpoena-related motion to compel to the issuing court in the underlying Colorado action. That court in the Colorado action has already appointed a special master to address discovery disputes. The special master has previously considered and ruled on discovery disputes implicating similar and related issues to those presented in the motion to compel. Concomitantly, the special master is already familiar with the facts and technology at issue in the motion. It would duplicate the special master's review for this Court to familiarize itself with the Colorado action and the factual basis for the motion to compel in order to rule on it. Such a ruling would equally risk interfering with the issuing court's

management of the Colorado action, where a clear mechanism for dealing with discovery disputes has already been established.

It is further clear that participating in the Colorado action in order to respond to the motion to compel would not burden Respondent. Indeed, Respondent is already committed to participating in that very action as a litigation consultant. Moreover, Respondent will not be logistically burdened by appearing before the Colorado court, as opposed to appearing in San Francisco, because appearances in civil matters across the country are being conducted telephonically or using videoconferencing technology for the immediately foreseeable future because of the existence of the COVID-19 pandemic.

Respondent's arguments based on *Bright House* are unavailing. That matter and this one are pending before two separate judges of this district. Presumably, Respondent could have moved to relate the two matters if the subpoenas and issues raised were truly identical. However, no motion to relate is pending. As the Court has already pointed out, the two matters involve separate underlying litigation and separate movants. It is not clear that, even if the two matters both remain in this district, they would or should be resolved similarly.

Finally, as the Court has also clarified previously, the issues raised in the *Cox* matter are distinct from those raised by the subpoena at issue here. Respondent's assertion that such issues might later arise in the Colorado action is not compelling. The Court does not consider its exposure to the *Cox* matter a substitute for the work already done on resolving discovery disputes in the Colorado action.

## CONCLUSION

Accordingly, Movant's motion to transfer the motion to compel to the District of Colorado is GRANTED. The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

Dated: July 10, 2020

_____
SALLIE KIM
United States Magistrate Judge