

North America  Europe  Asia

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**JENNIFER A. GOLINVEAUX**
(415) 591-1506
jgolinveaux@winston.com

July 16, 2020

**VIA ECF**
Hon. R. Brooke Jackson
United States District Judge
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294

**Re:**   *Warner Records, et al. v. Charter Communications, Inc.*, Case No. 1:19-cv-00874-RBJ-MEH

Dear Honorable Judge Jackson:

Charter Communications, Inc. ("Charter") submits this brief letter in response to Plaintiffs' letter dated July 13, 2020 (ECF 198), and in further support of Charter's request for leave to move to dismiss and/or strike Plaintiffs' counterclaims (ECF 191) ("July 6 Letter").

Charter has requested leave to move to dismiss Plaintiffs' counterclaims because they are an improper attempt to massively expand Plaintiffs' claims more than seven months after the deadline to do so. Plaintiffs' counterclaims assert the infringement of over 3,000 new works. Plaintiffs argue that they are compelled to bring these claims because Charter's own non-infringement declaratory judgment counterclaims are "ambiguous" as to their limitations. Not so. Charter's non-infringement declaratory judgment counterclaims are ***expressly limited*** to the 11,027 works Plaintiffs assert in their underlying action (the "Works in Suit"). *See* ECF 165 at 66, 67; *see also id.*, ¶¶ 127, 129, 130, 151. Thus, at most, Plaintiffs are only compelled to assert counterclaims that Charter is secondarily liable for the infringement of the Works in Suit through the present (as opposed to only the "Original Claim Period" of March 23, 2013, to May 17, 2016), not the 3,000-plus new works. For the reasons set forth in Charter's July 6 Letter and below, Charter respectfully requests leave to move to dismiss Plaintiffs' counterclaims.

*First*, Plaintiffs do not meaningfully dispute that Charter's non-infringement declaratory judgment counterclaims are limited to the Works in Suit. While Plaintiffs claim that "Charter's Counterclaims are far from clear on this point," Plaintiffs' argument ignores the explicit language quoted in Charter's July 6 Letter expressly limiting its counterclaims to the Works in Suit.

*Second*, Plaintiffs fail to demonstrate how their counterclaims asserting infringement of thousands of new works "arise out of the transaction or occurrence that is the subject matter" of ***Charter's*** counterclaims, as is required by Rule 13(a)(1). Charter has alleged that it is not secondarily liable for the infringement of any of the Works in Suit. The "transaction or occurrence that is the subject matter" of Charter's counterclaims is thus any primary and secondary infringement—or lack thereof—***of those works.*** But Plaintiffs' counterclaims go far beyond those



July 16, 2020<br>Page 2

works. Of the 3,017 works asserted in Plaintiffs' counterclaims, **only four appear to be Works in Suit**.[1] Thus, it is only for these four works that Plaintiffs' counterclaims are properly considered compulsory, and only assuming Charter were not concurrently seeking to amend its counterclaims.

Plaintiffs' cases do not support their argument that their counterclaims as to these 3,000-plus new works are compulsory. In each of those cases both the claim and counterclaim focused on the same disputed subject matter. *See, e.g.*, *Fox v. Maulding*, 112 F.3d 453, 458 (10th Cir. 1997) (claims concerning intertwined property interests and determinations); *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977) (claims concerning the same contract and performance required thereunder); *Formu-3 Int'l, Inc. v. Food Scis. Corp.*, 1993 WL 45985, at *1 (E.D. Pa. Feb. 18, 1993) (claims both required determination of whether a particular substance rendered several of defendant's products defective); *Molina Healthcare of New Mexico, Inc. v. El Paso Healthcare Sys., Ltd.*, 2010 WL 11500517, at *2 (D.N.M. Mar. 9, 2010) (claims both required a determination of a reimbursement rate). Here, all that is compulsory in Plaintiffs' counterclaims is whether Charter is secondarily liable for the alleged infringement of the handful of Works in Suit for which they sent notices between May 18, 2016 and present—nothing else.

*Third*, given the advanced stage of discovery, which is almost entirely limited to the Original Claim Period, Charter recently sought leave to amend its counterclaims in order to limit them to that same time period. When Charter asserted its counterclaims, it suspected that Plaintiffs did *not* send notices on the Works in Suit through the present but sought to protect itself in the event they had. It turned out Plaintiffs did not send notices for the vast majority of the Works in Suit. So Charter's proposed amendments make sense, as Plaintiffs are not entitled to any additional awards of statutory damages for the alleged infringement of any of those Works in Suit, no matter the length of time during which the infringement occurred. Expanding discovery another four years across the board is unnecessary.

Plaintiffs should not be permitted to add thousands of entirely new infringement claims at this advanced stage of the case, which would effectively amount to an amendment to their underlying claims seven months after the deadline to do so. Such an amendment would greatly prejudice Charter and materially impact the case schedule. No discovery whatsoever has been taken regarding Plaintiffs' ownership of the thousands of new works they seek to add, the evidence establishing direct infringement of those works, or Charter's response to alleged notices of infringement for the new works. Both the discovery period and written discovery limits would need to be increased to address the new works. And depositions would be delayed. If Plaintiffs wish to file a new suit on these new works, they are entitled to do so. But adding them to this case, at this advanced stage, would not promote judicial economy. Charter respectfully requests leave to move to dismiss Plaintiffs' counterclaims.

Respectfully submitted,

s/ Jennifer A. Golinveaux

---

[1] This is based on Charter's analysis to date. Only the Universal Music Group (one of the three Record Company Plaintiff Groups at issue) are alleged to have sent notices during this period.