# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

## CHARTER COMMUNICATION, INC.'S OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION TO STAY DISCOVERY DEADLINE SET FORTH IN JULY 6, 2020 ORDER ISSUED BY SPECIAL MASTER PENDING RESOLUTION OF PLAINTIFFS' <u>OBJECTION THERETO</u>

## INTRODUCTION

Stays in this district should be granted "sparingly" and only where a true need exists. Plaintiffs have not presented legitimate prejudice, hardship, or any other good reason that this Court should issue a stay of their deadline to answer an interrogatory seeking basic, non-confidential facts that Charter first sought over five months ago, which Plaintiffs were first ordered to provide nearly two months ago.[1] Plaintiffs have sued Charter in this case with respect to over 11,027 separate works, which includes 6,963 sound recordings (versions of the song) and 4,064 compositions (the lyrics/melody, or sheet music). Plaintiffs are seeking a separate statutory damages award for each work of up to $150,000 per work, and Charter's position is that there should only be one award where a sound recording is derived from a composition, as the court in

---

[1] Plaintiffs did not seek an expedited briefing schedule on this motion, and did not comply with the Court's requirement that discovery disputes first be addressed through a request for a conference with the Court.

the *Sony v. Cox* case recently confirmed. Thus, these questions go to the heart of the issues in this case, and will ultimately define the potential exposure in this case.

The Special Master agreed, finding that Charter is seeking basic, factual information with its interrogatories that is highly relevant to the case—it is not sensitive, proprietary, or confidential, and that Plaintiffs could provide this information at less burden than Charter. For these and the additional reasons addressed below, Plaintiffs should not be entitled to further delay their response. Plaintiffs' motion should be denied, and no stay order should issue.

## PROCEDURAL AND FACTUAL BACKGROUND

The procedural and factual background relevant to Plaintiffs' Expedited Motion to Stay Discovery Deadline Set Forth in July 6, 2020 Order Issued by Special Master Pending Resolution of Plaintiffs' Objection Thereto ("Motion") is also addressed in Charter's concurrently-filed opposition to Plaintiffs' Partial Objections to Special Master's May 29, 2020 Order Resolving Discovery Disputes. For ease of reference, Charter provides herein the procedural and factual background relevant to Plaintiffs' instant Motion.

On February 13, 2020, Charter served a set of interrogatories requesting that Plaintiffs identify their sound recordings in suit which are derivative of music compositions in suit (the "Derivative Works Interrogatories"). It is black-letter law that a copyright infringement plaintiff is entitled to only one award of statutory damages on a music composition and its derivative sound recording (e.g., The Rolling Stone's composition for "Gimme Shelter" is separately copyrightable from the recording of the same. But if these two copyrights are asserted as infringed within the same action, the plaintiffs are entitled to only one award of statutory damages—not two). 17 U.S.C. § 504(c)(1) ("For the purposes of [statutory damages], ***all the parts of a compilation*** or ***derivative work constitute one work***.") (emphasis added); *see also, e.g.*, *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 95 (2d Cir. 2016) ("'Sound recordings are defined in Section 101 as

2

a species of derivative work of the underlying musical composition, and, as such, both fall within the one work, one award rule for statutory damages that only award[s] for infringement of both works … regardless of whether there are different owners.'") (quoting Patry on Copyright § 22.186).

Whether a sound recording is derivative of a music composition is basic factual information. The information tying sound recordings to music compositions is not sensitive, proprietary, or confidential. Despite the clear state of the law, Plaintiffs flatly objected to Charter's interrogatory on relevance and burden grounds. After a series of meet and confers over March and April, Charter moved to compel Plaintiffs to respond to the request on May 8, 2020. Following a full round of briefing and a lengthy hearing, on May 29, 2020, the Special Master ordered that Plaintiffs respond to the interrogatory.

Several days later, the court in *Sony Music Entertainment et al. v. Cox Communications, Inc. et al.* issued an order on Cox's post-trial motions. No. 1:18-CV-950-LO-JFA, 2020 WL 3121306 (E.D. Va. June 2, 2020). The court granted in part Cox's motion for a judgment as a matter of law, in which Cox argued that the plaintiffs were entitled to only one award of statutory damages for overlapping music compositions and sound recordings. *Id.*, at *26. Accordingly, the court ordered the parties to brief the issue of overlap, with Cox to prepare the initial list of overlapping music compositions and sound recordings. *Id.* The court further ordered that the plaintiffs may respond to Cox's submission "produc[ing] sufficient evidence to demonstrate which, if any, pairings or groupings should remain separate works under 17 U.S.C. § 504(c)(1)." *Id.* Cox's submission is by August 3, 2020 and the plaintiffs' submission is due 60 days later.

In light of the *Sony* court's post-trial order, Plaintiffs sought reconsideration of the Special Master's order requiring Plaintiffs to provide this information and, relatedly, that any order

3

requiring this information be delayed until after Cox made its post-trial submission because, briefly, the order "risks prejudicing the process that District Judge O'Grady established to resolve this post-verdict issue in *Sony*." Ex. A (Plaintiffs' June 16, 2020 Request for Reconsideration of the May 29, 2020 Order). On July 6, 2020, the Special Master denied Plaintiffs' motion, holding that "[w]hile Plaintiffs argue that delay in production here will protect from 'improper cross-pollination between the cases,' it has not provided evidence or argument sufficient to establish how information produced to the defendants here might invade the already-closed record in *Cox*." ECF 190 at 8-9 (the "July 6 Order").

Plaintiffs did not file their objections or the instant motion to stay until the full five business days after the Special Master's July 6 Order. While Plaintiffs filed their motion as "expedited," they did not seek expedited briefing on the motion, including through the use of the Court's procedure for setting conferences on discovery disputes.

## ARGUMENT

### I.      LEGAL STANDARD

The Court set a party's deadline to object to a Special Master's discovery order at five business days from the date of the order, ECF 143, ¶ 5, as authorized under the Federal Rule of Civil Procedure 53(f)(2) ("A party may file objections to—or a motion to adopt or modify—the master's order, report, or recommendation no later than 21 days after a copy is served, unless the court sets a different time."). *See* Fed. R. Civ. P. 53(f)(2). Before taking any action on a master's discovery ruling, Rule 53 states that "the court must give the parties notice and an opportunity to be heard …." *See* Fed. R. Civ. P. 53(f)(1).

4

Courts in this district uniformly hold that "stays of magistrate judge discovery orders should be granted sparingly."[2] *HEI Res. E. OMG Joint Venture v. Evans*, No. CIVA09CV00028-MSKBNB, 2009 WL 250364, at *1 (D. Colo. Feb. 3, 2009); *see also Nau Holdings, LLC v. Dlorah, Inc.*, No. 08-CV-02743-CMA-BNB, 2010 WL 3322713, at *1 (D. Colo. Aug. 20, 2010); *Copic Ins. Co. v. Wells Fargo Bank, N.A.*, No. CIVA09CV00041WDMBNB, 2010 WL 935646, at *1 (D. Colo. Mar. 11, 2010). A contrary standard "would encourage the filing of frivolous objections and grind the magistrate judge system to a halt." *HEI Res. E. OMG Joint Venture*, No. CIVA09CV00028-MSKBNB, 2009 WL 250364, at *1.

Courts have adopted a four-part test to determine whether a stay is warranted:

> (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest.

*Copic Ins. Co.*, No. CIVA09CV00041WDMBNB, 2010 WL 935646, at *1-*2. In the context of discovery orders, courts have described "serious, irreversible injury" as a scenario where "the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like." *Nau Holdings, LLC*, No. 08-CV-02743-CMA-BNB, 2010 WL 3322713, at *1.

The Court allows for resolution of issues on an expedited basis, including by setting an expedited briefing schedule. Practice Standards – Civil Actions, Michael E. Hegarty, United States Magistrate Judge, § III(B). The Court also requires that "[b]efore filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting

---

[2] The case law regarding motions for stays of special master orders is sparse so Charter analogizes the scenario to one where a party seeks a stay of a magistrate's order pending an objection the district court.

an email, copied to all parties, to [the Court] … The Court will determine at the conference whether to grant the movant leave to file the motion." *Id.*, ¶ III(C).

## II. THERE IS NO BASIS TO ORDER A STAY OF THE SPECIAL MASTER'S DISCOVERY RULING

For the following reasons, Plaintiffs' Motion lacks merit and should be denied.

As a preliminary matter, the premise of Plaintiffs' objection to the Special Master's Order and the instant Motion is unfounded. Plaintiffs claim that they would be prejudiced if they were required to provide basic factual information in this case that Charter's lawyers would use in their capacity as Cox's lawyers in connection with post-trial briefing in *Sony*. But the *Sony* court made clear the procedure in that case, and any notion that the *Sony* court would somehow be misled or improperly swayed is unfounded. The information Charter seeks from Plaintiffs is basic factual information. It is not sensitive, proprietary, or confidential in any matter. Thus, there is no risk of "improper cross-pollination" as Plaintiffs argue.

Moreover, to the extent there was something confidential about these facts that warrant extra care, there are Protective Orders in both cases that govern the use of confidential information obtained in each case. So even though there is nothing confidential about this information to begin with, there are added protections that would prevent any cross-pollination to the extent Plaintiffs designate such information in good faith under the Protective Order.

Further, Plaintiffs cannot satisfy any prong of the four-factor test for motions for stays of discovery orders.

*First,* Plaintiffs are very unlikely to succeed on appeal. The Special Master's order is reviewed for abuse of discretion, which is an order is based on "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *See Baldwin v. US*, 2012 WL 7051296, at *3 (D. Colo. Sept. 17, 2012) (citation omitted). Plaintiffs do not challenge the relevance of this discovery—

6

only that they should not bear the burden to produce it. But as the Special Master held, and as is clearly the case, Plaintiffs are in the best position to provide this information in the first instance, as it would otherwise require the parties to conduct time-consuming and needlessly costly depositions for this basic factual information.

In addition, and for all of the reasons set forth herein, there is no basis to further delay Plaintiffs' production of this information, as there is no prejudice to Plaintiffs in providing it. The Special Master's order requiring production by July 27, 2020 is reasonable, as it is a full 60 days after the Special Master's original order requiring Plaintiffs' production, and more than five months after Charter first served the request. Indeed, Plaintiffs have already compiled this information, so there is no basis of burden or hardship. Thus, Plaintiffs are unlikely to succeed on their appeal of the Special Master' order requiring production by July 27, 2020.

*Second*, Plaintiffs have not demonstrated that there is the "threat of irreparable harm if the stay is not granted." *See Copic Ins. Co.*, No. CIVA09CV00041WDMBNB, 2010 WL 935646, at *1-*2. Irreparable harm is found where "the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like." *Nau Holdings, LLC*, No. 08-CV-02743-CMA-BNB, 2010 WL 3322713, at *1. Here, Charter's interrogatory seeks nothing of the sort. Indeed, Plaintiffs have already openly described an example how a sound recording is derivative of a music composition. ECF 199 at 16.

Further, Plaintiffs provide absolutely no support for their argument that the basic factual discovery sought with the Derivative Works Interrogatories would "infect[] a process set up by a different court in resolving the very same issue." ECF 202 at 8. The notion that this basic discovery could somehow "infect[]" the *Sony* court's process is unfounded, as that court is equipped to rule on the post-trial factual issues on the record deemed appropriate there. In addition, Plaintiffs are

7

wrong that "the very same issue" is at play in both cases. In *Sony*, the court is adjusting the $1 billion jury verdict to account for the fact that Plaintiffs were improperly awarded statutory damages on thousands of derivative works (at nearly $100,000 per work). Here, Plaintiffs are merely being ordered to provide basic factual information in the form of an interrogatory response, so as to obviate the need for burdensome and cumulative depositions on the same issues. The only way to accept Plaintiffs' argument is to accept that the actual facts are a threat to Plaintiffs in either case.

Plaintiffs also argue that they would be irreparably harmed because they would otherwise be precluded from challenging the July 6 Order. But it is Plaintiffs own fault for filing their Partial Objections to Special Master's May 29, 2020 Order Resolving Discovery Disputes ("Partial Objections") and instant Motion the full five business days after the July 6 Order. The Court's Practice Standards also require the parties to set up a conference for discovery disputes, with which Plaintiffs failed to comply. This procedure would have also provided another means through which Plaintiffs could have sought an expedited briefing schedule on their Partial Objections and the Motion.[3] By not electing to pursue these other routes, Plaintiffs' argument that they would be irreparably harmed by producing this discovery as ordered should be rejected.

*Fourth*, contrary to Plaintiffs' assertion, a stay would harm Charter, as Charter served this discovery more than five months ago. Plaintiffs have opposed providing this information and sought reconsideration multiple times, which has distracted from other issues in this case and needlessly added to the expenses of the parties. There is no basis to further delay Plaintiffs' production. In addition, ordering a stay here, based on the grounds Plaintiffs advance, would

---

[3] Charter is opposing this Motion within five business days, though it could have waited until August 3, 2020 to oppose the Motion. Charter also wishes to obtain a prompt resolution on this issue so that Plaintiffs will be held to their discovery obligations.

countenance Plaintiffs' objections, which impugn the integrity of Charter, Cox, Winston & Strawn, the *Sony* court, and the judicial process in general.

*Fifth*, a stay would harm the public interest. Earlier this year, the Court questioned Plaintiffs' counsel at a discovery conference whether "every plaintiff that prevailed in [*Sony*] actually was the correct legal entity, having the correct ownership right, every single one, was the correct legal entity having the correct legal ownership right and is entitled to that money as a matter of law? ECF 138 (Feb. 19, 2020 Hr'g Tr. 30:6-12). After several follow up questions from the Court, Plaintiffs' counsel conceded that he was unable to answer the question. *Id.* 31:2. During the same hearing, the Court also posed the following questions:

> Is it acceptable in a federal court after a jury renders a verdict that there may be a 5 percent – I'm going to throw out a number, a 5 percent rate that the collective plaintiffs had no right to the works so that that's $50 million? Is that an acceptable way to proceed in federal court in a damages case, that you get that $50 million, even though as a technical matter you weren't entitled to it? Is that proper?

*Id.* 27:22-28:4.

The *Sony* court is interested in resolving some of these very issues. If Plaintiffs wanted to avoid facts emerging in two parallel cases, it should not have filed parallel actions. They should not now seek delay in prosecuting their own ongoing lawsuits in an effort to resist basic factual information from coming to light.

Finally, should Plaintiffs take a contrary position in *Sony* than they do in this case by, for example, taking the position in *Sony* that two works are *not* derivative but, in in this case, confirming that they are, it seems likely that is information the *Sony* court would want to learn, regardless of the timing of Plaintiffs' response to the Derivative Works Interrogatories. *See* Fed. R. Civ. P. 60 (b)(3) (allowing for relief from a final judgment where there has been fraud, misrepresentation, or misconduct by an opposing party). For these reasons, the public interest would be harmed by adopting Plaintiffs' arguments and ordering a stay here.

9

## **CONCLUSION**

For the foregoing reasons, Charter respectfully requests that the Court deny Plaintiffs' Motion.

Dated: July 20, 2020

Charles K. Verhoeven
David Eiseman
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
E-mail: charlesverhoeven@quinnemanuel.com
E-mail: davideiseman@quinnemanuel.com

Andrew H. Shapiro
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
andrewschapiro@quinnemanuel.com

Respectfully submitted,

*Jennifer A. Golinveaux*
Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com

Craig D. Joyce
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

*Counsel for Defendant
Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2020, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to all counsel of record.

| | |
|---|---|
| Matthew J. Oppenheim<br>Scott A. Zebrak<br>Jeffrey M. Gould<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Tel: (202) 851-4526<br>E-mail: matt@oandzlaw.com<br>E-mail: scott@oandzlaw.com<br>E-mail: jeff@oandzlaw.com<br>*Attorneys for Plaintiffs* | Mitchell A. Kamin<br>Neema T. Sahni<br>Mark Y. Chen<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Tel: (424) 332-4800<br>E-mail: mkamin@cov.com<br>E-mail: nsahni@cov.com<br>E-mail: mychen@cov.com<br>*Attorneys for Plaintiffs* |
| Janette L. Ferguson<br>LEWIS BESS WILLIAMS & WEESE, P.C.<br>1801 California Street, Suite 3400<br>Denver, CO 80202<br>Tel: (303) 861-2828<br>E-mail: jferguson@lewisbess.com<br>E-mail: bleoni@lewisbess.com<br>*Attorneys for Plaintiffs* | Jonathan M. Sperling<br>William E. O'Neil<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Tel: (212) 841-1000<br>E-mail: jsperling@cov.com<br>E-mail: woneil@cov.com<br>*Attorneys for Plaintiffs* |
| | Megan M. O'Neill<br>COVINGTON & BURLING LLP<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Tel: (202) 662-5416<br>E-mail: moneill@cov.com<br>*Attorneys for Plaintiffs* |

*s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux