# Exhibit D

**O+Z** | Oppenheim + Zebrak, LLP

Matthew J. Oppenheim
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
T: (202) 450-3958 | F: (866) 766-1678
matt@oandzlaw.com | www.oandzlaw.com

**Via Email**                                                                                          June 2, 2020

Special Master Regina Rodriquez
1225 17th Street, Suite
Denver, CO 80202
regina.rodriguez@wilmerhale.com

    Re:  *Warner Records v. Charter Commc'ns*, No. 19-cv-00874

Dear Ms. Rodriguez:

    Plaintiffs write to request clarification of an issue in the Special Master's Order Resolving Discovery Disputes ("Order") (ECF No. 181) that impacts whether Plaintiffs will file objections to a portion of the Order.  Specifically, Plaintiffs seek clarification of the timing and process through which Plaintiffs are expected to provide information responsive to MPP Interrogatory 15 and RCP Interrogatory 14, which seek "the identification of each notice that corresponds to each of Plaintiffs' works in suit."  Order at 24-25.

    Contrary to Charter's assertions, Plaintiffs have not conducted this analysis (and did not need to do so in order to file suit).  *See id*.  The following context may help with understanding the difference between what Plaintiffs have done to prepare their case and the apparent requirements of the Order.  In preparing their case, Plaintiffs confirmed that each work in suit was contained within at least one torrent file referenced by hash value in a notice.  That exercise consisted of connecting the list of hashes referenced in Plaintiffs' notices, to the individual songs contained within the torrent files bearing those hashes.  Plaintiffs could then make the binary "yes" or "no" determination whether each work was referenced in a notice—*any* notice.

    By contrast, the Order appears to require Plaintiffs to identify *each* of more than 700,000 notices that correspond to *each* of more than 11,000 works in suit.  A single work could be referenced in 100 or 1,000 or 10,000 individual notices.  Under the Order, Plaintiffs will need to first connect hashes to sound recordings.  That task has been done and could be organized in a manner for production.  Then, Plaintiffs will have to identify musical compositions contained within sound recordings.  Plaintiffs have been ordered to undertake that analysis, and will do so. Thereafter, Plaintiffs will still need to connect each sound recording and each musical composition to each of the approximately 700,000 notices.  Plaintiffs anticipate that each work in suit will end up being matched to anywhere from hundreds to tens of thousands of notices. Plaintiffs have not done this; that exercise is not one that the individual Plaintiffs would ever do

in that manner, and it will require an expert to correlate multiple data sets resulting in millions of records.

Plaintiffs have always anticipated that their expert would conduct an analysis somewhat along the lines of what Charter seeks (though not exactly), and that their expert would provide that analysis in accordance with the Court's scheduling order for expert discovery. ECF No. 146. Insofar as the Order requires Plaintiffs to do that sooner, however, it does not set a deadline by which to do so.

Plaintiffs therefore respectfully request clarification as to the nature of the information required by the Order, and the date by which such information must be provided to Charter. If the Order is limited to linking hashes to works in suit, Plaintiffs can provide that in the near term. If the Order instead requires Plaintiffs to conduct and produce an expert analysis nine months before the Scheduling Order would otherwise require, Plaintiffs intend to appeal that issue to Judge Hegarty.

Pursuant to the Order Appointing Special Master, Plaintiffs have just five business days to file objections to the Order with Judge Hegarty. ECF No. 143 at ¶ 5. In addition to the above issue, Plaintiffs also intend to object to the denial of their motion requesting revenue from infringing subscribers in response to RFP 33, because Plaintiffs believe that decision is inconsistent with the obligation for Plaintiffs to produce financial data to present. To avoid piecemeal appeals and for judicial efficiency, Plaintiffs are separately requesting that Judge Hegarty extend their time to object to the Order pending the above clarification.

Respectfully submitted,

/s/ *Matthew J. Oppenheim*