# EXHIBIT A

```
                                                                  1


1             IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLORADO
2
   Case No. 19-cv-00874-RBJ-MEH
3  _____

4  WARNER BROS. RECORDS, INC., et al.,

5       Plaintiffs,
   vs.
6

7  CHARTER COMMUNICATIONS, INC.

8       Defendant.
   _____
9

10          Proceedings before MICHAEL E. HEGARTY, United

11 States Magistrate Judge, United States District Court for the

12 District of Colorado, commencing at 3:03 p.m., February 19,

13 2020, in the United States Courthouse, Denver, Colorado.

14 _____

15          WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16 ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17 _____

18                         APPEARANCES

19          NEEMA SAHNI, JONATHAN SPERLING and MATT OPPENHEIM,

20 Attorneys at Law, appearing for the Plaintiffs.

21          ERIN RANAHAN, SEAN ANDERSON, CRAIG JOYCE and

22 JENNIFER GOLINVEAUX (via phone), Attorneys at Law, appearing

23 for the Defendant.

24 _____

25                      DISCOVERY CONFERENCE
```

30

1  registered and they were before the jury.

2          THE COURT: Right, and by -- you don't need to
3  stand, but you can. Have you seen the outcome of this 110
4  sample?

5          MR. OPPENHEIM: I have, Your Honor.

6          THE COURT: Okay. And do you believe now that
7  every plaintiff that prevailed in the Virginia case actually
8  was the correct legal entity, having the correct ownership
9  right, every single one, was the correct legal entity having
10 the correct legal ownership right and is entitled to that
11 money as a matter of law? Do you believe that sitting here
12 today?

13         MR. OPPENHEIM: Your Honor, I believe that the
14 judgment --

15         THE COURT: No, no, that's not what I'm asking you.
16 If you can't answer the question, say you can't answer the
17 question.

18         MR. OPPENHEIM: Your Honor, I'm not sure -- I
19 can't -- I believe that the judgment that was rendered there
20 on every single work was an appropriate judgment. I believe
21 that the -- not only by the jury, but by the judge.

22         To the extent that they're now suggesting because
23 certain works were dropped that we did not -- appear to not
24 own the works, there is no evidence to suggest that.

25         THE COURT: That's not the question I asked you.

1   If you can't answer my question, I appreciate that.

2           MR. OPPENHEIM:  I can't answer your question.

3           THE COURT:  Okay.

4           MS. RANAHAN:  Can I just say one thing about what

5   happened on this issue?

6           THE COURT:  Yes.

7           MS. RANAHAN:  In the Cox case, we didn't have the

8   work-for-hire agreements, so it wasn't before the judge, and

9   the discovery court didn't allow it, but it wasn't raised

10  like I'm raising it now.  It was kind of a side issue that

11  wasn't really emphasized.  Once we got to trial, we realized

12  we needed this, we didn't have them, so now we're going to

13  try to get them in this case.

14          Separately what happened on the Cox rulings for

15  these issues that were presented on summary judgment, is the

16  Court struck our declarations finding them to be getting

17  around the page limit, the attorney declarations trying to

18  make this argument, so just disregarded all of the chain of

19  title issues that we found just as a procedural matter saying

20  these are trying to get around the page number, I'm not going

21  to read it.  I understand it's dry and boring and long stuff,

22  but we had a lot of arguments there that were disregarded

23  procedural.

24          On top of that, plaintiffs were able to cure any --

25  they were able to submit declarations that said, Well, we may