IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER BROS. RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant

Case No. 19-cv-00874-RBJ-MEH

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR
LEAVE TO AMEND ITS COUNTERCLAIMS**

Charter's motion improperly seeks to undo the effects of its own decision to expand the time period at issue in this case.

Almost a year into the case, Charter filed declaratory judgment counterclaims for non-infringement. To avoid dismissal of those claims as duplicative mirror images of Plaintiffs' infringement claims, Charter told the Court that "Charter's counterclaim for non-infringement is ***not limited to Plaintiffs' Claim Period*** and, therefore, not a mirror-image of Plaintiffs' claim." ECF No. 158 at 1 (emphasis added). And Charter made clear that it intended to argue that it had "fixed" the rampant infringement that took place on its network from 2013-2016—the original period covering Plaintiffs' claims—such that a large statutory damages award to deter further infringement would not be warranted.

By asserting these counterclaims, Charter expressly put at issue the question of its infringement liability to Plaintiffs for the time period *after* May 17, 2016—the end of Plaintiffs' original claim period. And it turns out that, during this later period, Charter continued to

1

willfully ignore tens of thousands of infringement notices, notwithstanding Plaintiffs' formal notice of claims to Charter in 2016, and Plaintiffs' commencement of this lawsuit in 2019.  ECF No. 184 at ¶¶ 5-11, 23-29 (Plaintiffs' counterclaims-in-reply).  Plaintiffs thus had no choice but to file their counterclaims-in-reply, *in this action*, *for this subsequent period*, or else risk waiving those claims.

Faced with these new ripe claims, Charter now asks this Court to save Charter from its own strategic choices, by permitting Charter to amend its counterclaims to limit them to Plaintiffs' original claim period, in the hope this will eliminate the compulsory nature of Plaintiffs' counterclaims.  Such gamesmanship should not be countenanced by this Court—not only as a matter of principle, but as a matter of (i) basic equity and (ii) judicial economy.

First, Charter continues to argue that Plaintiffs' original claims date from a stale period that does not speak to Charter's current conduct and culpability for damages purposes—making evidence of Charter's infringement to the present directly relevant.  Second, eliminating the compulsory nature of Plaintiffs' counterclaims-in-reply will only result in Plaintiffs asserting them in a second, separate lawsuit in this district.  That would result in the parties litigating the same claims for different time periods in two separate cases concurrently.  It is hard to imagine a less practical outcome.  Accordingly, Charter's request should be squarely denied under Rule 15.

Charter's proposed amendment is also futile because, as Plaintiffs argued when Charter initially asserted them, Charter's counterclaims would not survive a motion to dismiss.  If Charter's counterclaims merely seek declarations of non-infringement of Plaintiffs' works in the underlying action for Plaintiffs' original claim period, those claims are subject to dismissal as redundant mirror images of Plaintiffs' underlying claims.  The futility of Charter's proposed amendment thus presents a separate and independent basis on which to deny Charter's Motion.

# BACKGROUND

## I. Plaintiffs' Complaint alleges Charter willfully ignored copyright infringement by its subscribers from March 2013 to May 2016.

Plaintiffs filed their initial Complaint on March 22, 2019, ECF No. 1, and their First Amended Complaint on February 14, 2020, ECF No. 123 ("FAC"). Plaintiffs allege that Charter is contributorily and vicariously liable for infringement of Plaintiffs' copyrighted works. Plaintiffs seek redress for Charter's failure to address rampant, repeat copyright infringement by its subscribers over a three-year claim period—from March 24, 2013 through May 17, 2016 (the "Original Claim Period"). FAC, ¶¶ 5, 103–20. Relevant to these claims, Plaintiffs sent Charter *over 700,000 notices*, detailing specific instances of infringement by specific subscribers; but even with actual knowledge of this widespread infringement, Charter did nothing to stop it. *Id.* ¶¶ 2–3, 95–96. Although Charter acknowledges receiving notice of over 700,000 specific acts of infringement, it admits that it did not terminate or suspend a single subscriber for infringement—notwithstanding its published policy reserving the right to do so.

## II. Charter's counterclaims seek declarations of non-infringement from March 2013 to the present.

On March 18, 2020—nearly a year into the case—Charter filed a partial answer to Plaintiffs' contributory infringement claim, 21 affirmative defenses, and two counterclaims.[1] ECF No. 147. Its first counterclaim sought a declaration that Charter is not liable for contributory infringement of Plaintiffs' works. *Id.*

On April 8, 2020, Plaintiffs requested permission to move to dismiss Charter's declaratory judgment counterclaim, on the grounds that it was a "mirror image" of Plaintiffs'

---

[1] Charter deferred answering the Complaint for nearly a year while its motion to dismiss Plaintiffs' vicarious liability claim was pending. Charter's argument, therefore, that *Plaintiffs* somehow stalled in bringing their counterclaims-in-reply, *see* Mot. at 11, falls flat.

3

liability claim and thus served no useful purpose. ECF No. 156. Plaintiffs explained that the issue of Charter's liability for infringement on the counterclaim would necessarily be resolved with Plaintiffs' claim. *Id.* In response, and to avoid dismissal, Charter told the Court that "Charter's counterclaim for non-infringement is ***not limited to Plaintiffs' Claim Period*** and, therefore, not a mirror-image of Plaintiffs' claim." ECF No. 158 at 1 (emphasis added). In other words, Charter expressly and intentionally expanded the action beyond Plaintiffs' Original Claim Period, and thus put at issue the question of its liability from May 18, 2016 to the present (the "Counterclaim Period").

After the Court denied Charter's motion to dismiss Plaintiffs' vicarious liability claim, Charter amended to add a second declaratory judgment claim for no vicarious liability. ECF No. 165 ¶¶ 112-120. Nothing in Charter's amended counterclaims altered the time period at issue.

### III. Plaintiffs' counterclaims-in-reply allege that Charter continued to ignore repeat infringement by its subscribers from May 2016 to the present.

On June 15, 2020, Plaintiffs filed their Partial Answer, Affirmative Defenses, and counterclaims-in-reply to Charter's declaratory judgment counterclaims. ECF No. 184. Now on notice that Charter sought declarations of non-infringement through the present, Plaintiffs undertook an investigation to determine the extent of Charter's infringement for the post-May 2016 time period. In doing so, Plaintiffs learned that, contrary to Charter's assertions, Charter continued to willfully infringe Plaintiffs' copyrights well after the Original Claim Period. In order to preserve their right to seek redress for these later infringements, Plaintiffs had no choice but to assert them as compulsory counterclaims in this action.

During the Counterclaim Period, the UMG Plaintiffs continued to monitor and detect infringement of their copyrighted works occurring through Charter's network. Those Plaintiffs sent more than *47,000 additional* notices to Charter identifying specific Charter subscribers

4

infringing Plaintiffs' copyrighted works.  ECF No. 184 at ¶ 23.  These notices, like those Plaintiffs sent during the Original Claim Period, advised Charter of its subscribers' blatant and systematic use of Charter's service to illegally download, copy, and distribute Plaintiffs' copyrighted music through online file-sharing services.  *Id.* at ¶¶ 24-26.  And just as in the Original Claim Period, Charter again did nothing to stop the infringement, refusing to take meaningful action against repeat infringers of which it was aware—even after Plaintiffs had formally notified Charter of their legal claims in March 2016, and even after Plaintiffs filed this lawsuit in 2019.  *Id.* at ¶¶ 28-29.

While several of the works asserted in the FAC continued to be infringed in this post-2016 period, Plaintiffs also identified *thousands* of additional works infringed on Charter's network.  Because these new infringements arose from the same transaction or occurrence as Charter's declaratory judgment counterclaims—namely, Charter's receipt and handling of infringement notices sent by Plaintiffs' antipiracy vendor during the Counterclaim Period— Plaintiffs brought compulsory counterclaims for infringement of these additional works.  ECF No. 184, Exs. I, II.

    **IV.**    **Charter's Motion seeks to amend away Plaintiffs' compulsory counterclaims-in-reply by reversing course to now limit the declaratory judgment counterclaims to Plaintiffs' Original Claim Period and the existing works in suit.**

Unhappy with the unanticipated results of its strategic decision to request declarations of non-infringement to present, Charter now seeks a "do-over."  In a transparent attempt to sidestep Plaintiffs' compulsory counterclaims, Charter asks permission to retract its prior allegations and "narrow[] the time period of its claims."  Mot. at 9. (That would not moot Plaintiffs' claims for the Counterclaim Period, however, and Plaintiffs would simply bring those claims in a separate action in this Court.)

5

Specifically, Charter "seeks leave to amend the time period of its Declaratory Judgment Counterclaims to Plaintiffs' Original Claim Period (i.e., March 24, 2013 through May 17, 2016)," including by "explicitly stating that it seeks declaratory judgments of non-infringement only for the Original Claim Period."  Mot. at 8-9.  Charter also seeks to amend its counterclaims "to clarify that they are restricted to the works asserted in the [FAC] and during the Original Claim Period."  *Id.* at 10.

### V. Charter's request to file a motion to dismiss and/or strike Plaintiffs' counterclaims.

Simultaneously with its Motion to Amend, Charter filed a letter on July 6, 2020 seeking leave to move to dismiss and/or strike Plaintiffs' counterclaims-in-reply.  ECF No. 191.  Charter argued that Plaintiffs' counterclaims are not compulsory because they concern infringement of different works than those at issue in Charter's declaratory judgment counterclaims.  Charter claimed that it "expressly" and "with no ambiguity" limited its counterclaims to the original works in suit, *id.*, although here it seeks leave to clarify this limitation by amendment.

Plaintiffs opposed Charter's request on July 13, explaining that their counterclaims-in-reply are compulsory regardless of the works at issue in Charter's declaratory judgment claims.  ECF No. 198.  That is because Plaintiffs' counterclaims-in-reply arise out of the same transaction or occurrence as Charter's declaratory judgement counterclaims—namely, Charter's receipt and handling of infringement notices, sent by Plaintiffs' antipiracy vendor, during the Counterclaim Period, identifying the unauthorized copying and distribution, of Plaintiffs' sound recordings and musical compositions, by Charter subscribers.  Under Rule 13(a), Plaintiffs are thus required to pursue those claims here, or risk waiving them.  *Id.*  Charter's request for leave to move to dismiss Plaintiffs' counterclaims remains pending before Judge Jackson.

### VI. Nothing about the current status of the case should preclude assertion of Plaintiffs' counterclaims-in-reply.

Although this case is more than a year old, the parties are still in the midst of document discovery, and no depositions have occurred or even been scheduled. To date, Plaintiffs have produced 1,043,245 documents, while Charter has produced only 50,303 documents, including just a couple dozen internal emails. Negotiations regarding search parameters and custodians are ongoing, and Charter has used those negotiations as a basis to delay producing emails.

As noted above, Charter only answered the complaint this March, nearly a year after Plaintiffs filed suit. In doing so, Charter asserted a safe harbor defense under the Digital Millennium Copyright Act, which has substantially expanded the scope of discovery. Two of Charter's other counterclaims are presently subject to a pending motion to dismiss. *See* ECF No. 189. Accordingly, the scope of this case remains very much in flux, belying Charter's claim that the "advanced stage" of the pleadings and discovery warrants the requested amendment to nullify Plaintiffs' counterclaims. *See, e.g.*, Mot. at 8.

In the meantime, Charter itself has repeatedly argued that issues beyond the Original Claim Period are relevant. Among other things, Charter has sought and obtained discovery of Plaintiffs' financial information for 2016 through 2019, based on its oft-repeated argument that Plaintiffs' Original Claim Period presents a "carefully selected," "dated snapshot" of Charter's culpability and Plaintiffs' harm. *See, e.g.*, ECF No. 212 at 1. And—critically, given Charter's attempt in this motion to prevent Plaintiffs from demonstrating Charter's infringement after 2016—Charter has made clear that it intends to argue to the jury that the infringement alleged in Plaintiffs' complaint "no longer poses such a significant threat," and thus the jury need not impose a high statutory damages award to deter future misconduct by Charter and other ISPs. Ex. 1 at 7 (July 16, 2020 J. Golinveaux Ltr. to Special Master Rodriguez).

## **LEGAL STANDARD**

The purpose of Rule 15 "is to provide litigants the maximum opportunity for each claim to be *decided on its merits* rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (emphasis added). Consistent with this principle, a court may "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). That does not mean, however, that justice always so requires. "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal." *Minter,* 451 F.3d at 1206 (citing and quoting Tenth Circuit cases, omitted). Consistent with these principles, justice disfavors, and "free leave" should be denied, when a party attempts to use Rule 15 opportunistically to *avoid* resolution of claims on the merits. *See id.*; *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998) (affirming denial of motion to amend that would enable plaintiff's "moving target" theories of case).

Further, "the district court may deny leave to amend where amendment would be futile." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). A proposed amendment is futile if the pleading, as amended, would not survive a motion to dismiss. *Id.*; *Jurgevich v. McGary*, 63 F. App'x 448, 452 (10th Cir. 2003) (A proposed amendment is futile if the pleading, as amended, "would be subject to dismissal for any reason[.]") (internal quotation omitted).

Whether to grant leave to amend pleading pursuant to Rule 15(a) is within the discretion of the trial court, *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971), reviewed on appeal for abuse of discretion. *Wessel v. City of Albuquerque,* 299 F.3d 1186, 1197 (10th Cir. 2002).

# ARGUMENT

**I.  Charter's proposed amendment is an improper attempt to avoid compulsory counterclaims that Charter put at issue.**

    **A.  Permitting Charter's amendment would reward its "moving target" litigation tactics, cause inefficiency, and waste judicial resources.**

After fighting to keep its counterclaims in the case precisely *because* of their expanded time frame, Charter now reverses course and asks permission to amend the time period *back* to the Original Claim Period in a transparent attempt to avoid Plaintiffs' compulsory counterclaims. While Charter claims to be motivated by "the advanced stage of the pleadings in this case," *id.* at 8-9, Charter's motion is plainly designed to nullify the compulsory nature of Plaintiffs' counterclaims, and force Plaintiffs to bring their related claims in a separate action.

In doing so, Charter has made its counterclaims an impermissible "moving target" specifically to avoid resolution of claims on the merits—initially to avoid having them dismissed as duplicative, and now to avoid facing Plaintiffs' own claims for the expanded period that Charter chose to put at issue. Even under the liberal standards for amendment under Rule 15, Charter's self-serving flip-flop is impermissible. *See Minter,* 451 F.3d at 1206; *Viernow*, 157 F.3d at 800; *Wopsock v. Natchees*, 279 F. App'x 679, 688 (10th Cir. 2008) (affirming denial of motion to amend where "plaintiffs were using Rule 15 inappropriately to respond to arguments raised by . . . the defendants"); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (affirming denial of leave to amend to present "theories seriatim" in an effort to avoid dismissal); *Ochieno v. Sandia Nat'l Labs.*, No. CV 18-197 KG/KRS, 2019 WL 161503, at *4 (D.N.M. Jan. 10, 2019) (denying "moving target" amendment).

Charter's proposed approach also undermines judicial efficiency and economy. Having discovered and been forced to assert their counterclaims-in-reply, Plaintiffs will now pursue

9

them—whether as part of this case or in a separate action. Allowing Charter to amend away Plaintiffs' counterclaims would thus require Plaintiffs to assert them in a separate action, which would force this Court or another court to address the exact same legal issues; with many of the same parties and witnesses; with the same evidence from each side attempting to prove or disprove that Charter secondarily infringed Plaintiffs' copyrighted works. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Intrawest ULC*, No. 13-CV-00079-PAB-KMT, 2015 WL 13614117, at *3 (D. Colo. Oct. 7, 2015) ("There is no absolute right to amend a complaint, and in exercising its discretion under Rule 15(a), the court will be guided by considerations of efficiency."); *cf. ZVELO, Inc. v. Sonicwall, Inc.*, No. 06-CV-00445-PAB-KLM, 2012 WL 2872115, at *3 (D. Colo. July 12, 2012) (granting motion to amend where it would allow resolution of two related disputes in one case, as opposed to the separate litigation of two parallel lawsuits in the same court).[2]

### B. Charter's focus on the copyrighted works at issue in its declaratory judgment counterclaims is a red herring.

Though Charter argued to the Court that its counterclaims are clear in seeking declarations of non-infringement *only* for the works in suit in the underlying action, ECF No. 191, it nevertheless seeks leave to clarify that point by way of amendment. These positions are obviously inconsistent, and Charter's counterclaims are far from clear on the works for which it seeks declarations of non-infringement.[3]

---

[2] Charter is wrong (and misses the point) in arguing that Plaintiffs should have asserted their new claims "before their deadline to amend their claims" if they wanted them in the case. It is *Charter* that put at issue *four additional years* beyond Plaintiffs' Original Claim Period, by seeking declarations of non-infringement for that period. That decision *by Charter* required Plaintiffs to assert their compulsory counterclaims here or waive them.

[3] *Compare* ECF 165 ¶ 137 (seeking declaration of no contributory infringement without limitation to works at issue), with ¶ 151 (seeking declaration of no vicarious liability concerning

10

Regardless, the purpose of this purported "clarification" is clear: to attempt to eliminate the compulsory basis for Plaintiffs' counterclaims-in-reply. Charter admits is much; in its July 6 letter seeking leave to move to dismiss those claims, Charter argued that because its declaratory judgment claims are limited to the underlying works in suit, Plaintiffs' counterclaims-in-reply should be dismissed as non-compulsory. ECF No. 191. Even if this amendment were permitted, however, it would not defeat the compulsory character of Plaintiffs' counterclaims-in-reply. As Plaintiffs explained in their July 13 opposition, their counterclaims are compulsory under Rule 13(a) because they arise from the same transaction or occurrence as Charter's declaratory judgement counterclaims—namely, Charter's receipt and handling of infringement notices, sent by Plaintiffs' antipiracy vendor, during the Counterclaim Period, identifying the unauthorized copying and distribution, of Plaintiffs' sound recordings and musical compositions, by Charter subscribers—*regardless* of the works at issue for Charter's declaratory judgment claims. ECF No. 198. Accordingly, permitting Charter to amend its counterclaims to clarify they are limited to the works originally in suit does not render Plaintiffs' counterclaims non-compulsory, and thus does not even achieve what Charter plainly intends by way of its amendment.

### C. Charter continues to put its culpability during the Counterclaim Period at issue even beyond its declaratory judgment counterclaims.

While Charter attempts to amend away Plaintiffs' compulsory counterclaims for the post-May 2016 time period, Charter itself continues to put its culpability in this period squarely at issue. Just last week, Charter opposed Plaintiffs' discovery motion by arguing that Plaintiffs have "carefully selected a dated snapshot as their Claim Period—before Plaintiffs figured out

---

works at issue). And though Charter defines the works on which *Plaintiffs* originally sued as the "works in suit," *id.* ¶ 61, it uses that phrase inconsistently and refers in other places to "Plaintiffs' copyrighted works," *id.* ¶¶ 131-135, and "Plaintiffs' copyrighted sound recordings." *Id.* ¶ 136.

how to take advantage of the massive potential of the internet, which in recent years has brought Plaintiffs' profits to record levels." ECF No. 212, at 1. And in proceedings before the Special Master, Charter has sought discovery related to Plaintiffs' antipiracy efforts over a ten-year period *to the present*, by arguing that "Plaintiffs' Claim Period (March 2013 to May 2016) is a tolling agreement-created snap shot in the history of music industry piracy," and that it intends to argue to the jury that a large damages award is unnecessary to "deter Charter and other ISPs from allegedly harboring this form of infringement *when it no longer poses such a significant threat*." Ex. 1 (emphasis added).

Plaintiffs' counterclaims directly counter these baseless assertions, demonstrating that widespread infringement continues on Charter's network, and Charter *still* is doing nothing to stop it. Charter should not be permitted to have it both ways: arguing to the jury that a significant damages award is not warranted, on the grounds that infringement by Charter's customers "no longer poses such a significant threat," and simultaneously preventing Plaintiffs from asserting claims demonstrating that Charter continued to permit wholesale infringement to the present day.

## II. Charter's motion should be denied as futile because Charter's proposed amended counterclaims would not survive a motion to dismiss.

Charter's proposed amended counterclaims would not survive a motion to dismiss, and thus should be denied as futile. If Charter's counterclaims only seek declarations of non-infringement during Plaintiffs' Original Claim Period, for the works asserted in Plaintiffs' underlying claims, they are exact "mirror images" of Plaintiffs' claims and thus subject to dismissal.

In deciding whether to exercise discretion to hear a declaratory judgment claim, courts must consider whether a declaratory judgment would serve a "useful purpose" in settling the

controversy and clarifying the legal relations at issue. *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1196 (D. Colo. 2018) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994)). Charter's counterclaims would serve no such "useful purpose" because they are mirror images of Plaintiffs' underlying claims. Consistent with this principle, courts routinely dismiss such claims as "redundant and unnecessary" because "[e]ven without Defendant's declaratory relief claim, the Court [would] decide the common copyright infringement issue." *Id*. (dismissing redundant declaratory judgment claim and collecting cases); *see also PDX Pro Co. v. Dish Network, LLC*, No. 12-cv-01699, 2013 WL 3296539 (D. Colo. July 1, 2013) (Jackson, J.) (dismissing redundant declaratory judgment claim).

Further, when a party seeks leave to amend a counterclaim in a way that would render it subject to dismissal—as Charter does here—it should be denied. *Jurgevich v. McGary*, 63 F. App'x 448, 452 (10th Cir. 2003) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason[.]"); *Scott v. Carlson*, No. 13-CV-0069-WJM-KMT, 2014 WL 503619, at *3 (D. Colo. Feb. 7, 2014), aff'd, 596 F. App'x 625 (10th Cir. 2014), and aff'd, 596 F. App'x 625 (10th Cir. 2014) (adopting recommendation to deny motion to amend, where proposed amendments would not survive a motion to dismiss and thus are futile). Because Charter's proposed amendment would render its counterclaims subject to dismissal as redundant mirror images of Plaintiffs' underlying claims, it should be denied as futile. Permitting Charter's amendment is thus, at best, an invitation for further unnecessary briefing on a motion to dismiss.

This Court should not countenance the tremendous waste of party and judicial resources that have already resulted from Charter's ever-shifting litigation positions, much less permit Charter to force even more unnecessary briefing.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny Charter's Motion for Leave to Amend its Counterclaims One and Two.

Dated: July 27, 2020

| | |
|---|---|
| Jonathan M. Sperling<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1000<br>jsperling@cov.com<br><br>Mitchell A. Kamin<br>Neema T. Sahni<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Telephone: (424) 332-4800<br>mkamin@cov.com<br>nsahni@cov.com<br>mychen@cov.com<br>nlampros@cov.com | /s/ Matthew J. Oppenheim<br><br>Matthew J. Oppenheim<br>Jeffrey M. Gould<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 621-9027<br>matt@oandzlaw.com<br>jeff@oandzlaw.com<br><br>Janette L. Ferguson, Esq.<br>Benjamin M. Leoni, Esq.<br>LEWIS BESS WILLIAMS & WEESE, P.C.<br>1801 California Street, Suite 3400<br>Denver, CO 80202<br>Telephone: (303) 861-2828<br>jferguson@lewisbess.com<br>bleoni@lewisbess.com<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

/s/ Matthew J. Oppenheim
Matthew J. Oppenheim