IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DECLARATION OF ERIN R. RANAHAN IN SUPPORT OF CHARTER COMMUNICATIONS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO DENY WAYNE COLEMAN'S DESIGNATION AS A QUALIFIED PERSON UNDER THE PROTECTIVE ORDER**

I, Erin R. Ranahan, hereby declare:

1.  I am a partner of the firm Winston & Strawn LLP, attorneys of record for Defendant Charter Communications, Inc. ("Charter"). I submit this declaration in opposition to Plaintiffs' Motion to Deny Wayne Coleman's Designation as a Qualified Person Under the Protective Order ("Motion"). I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2.  On June 26, 2020, pursuant to Section 5(a)(iii) of the Stipulated Protective Order (ECF 58), Charter notified Plaintiffs that Mr. Coleman is an "actual or potential independent expert[] or consultant[]" who had signed the Stipulated Protective Order and, therefore, a "Qualified Person" to whom Charter intended to provide documents Plaintiffs designated Highly Confidential – Attorneys' Eyes Only ("HC-AEO") pursuant to the Stipulated Protective Order.

3.  On June 30, 2020, Plaintiffs requested that Charter disclose "the subjects on which Mr. Coleman would consult or opine, and the categories of materials to which he would need access for that purpose."

4.  Charter responded that its disclosure of Mr. Coleman related only to the provision of documents Plaintiffs designated HC-AEO to Mr. Coleman, which is distinct from the scope of his proposed expert testimony.

5.  On July 2, 2020, Plaintiffs formally objected to Charter's disclosure of Mr. Coleman as a "Qualified Person."

6.  Attached hereto as **Exhibit 1** is a true and correct copy of the parties' correspondence as described in paragraphs 2 through 5, above.

7.  On July 20, 2020, Charter proposed a compromise to Plaintiffs, which Charter believed would resolve Plaintiffs' objections. Charter proposed that (1) Mr. Coleman would explicitly agree not to "recruit" potential class members for the class actions Plaintiffs reference in their Motion, and (2) Charter would agree to allow Plaintiffs to redact identifying information from agreements for any artists in which Mr. Coleman is currently engaged in audits regarding, to the extent Mr. Coleman was not otherwise provided copies of those agreements, through the conclusion of such audits.

8.  On July 21, 2020, the parties discussed Charter's proposal. Plaintiffs stated that they would consider Charter's proposal that Mr. Coleman agree not to "recruit" potential class members and not provide any information he learns in this case to the class plaintiffs' counsel. Plaintiffs stated that Charter's proposal did not address their other concern, which is that Mr. Coleman would use information gained in this case in other audits to recruit new clients for royalty audits adverse to Plaintiffs. Charter's counsel responded that Plaintiffs' concern was unclear and unfounded. Charter also pointed out that this concern was not meaningfully addressed in Plaintiffs' Motion. Following the meet and confer, Plaintiffs' counsel responded in writing, reiterating their positions with respect to Charter's proposal.

9. On July 23, 2020, Plaintiffs made a counter-proposal. On July 27, 2020, I responded to Plaintiffs' counter-proposal, noting that it greatly exceeded what the parties had discussed to date. I also offered to further meet and confer regarding Plaintiffs' objections. By the date of this filing, Plaintiffs have not responded to this offer.

10. Attached hereto as **Exhibit 2** is a true and correct copy of the parties' correspondence as described in paragraphs 7 through 9, above.

11. Attached hereto as **Exhibit 3** is a true and correct copy of an excerpt from the transcript of the January 8, 2020 hearing in *UMG Recordings, Inc. v. Bright House Networks, LLC*, Case No. 8:19-cv-00710-MSS-TWG (M.D. Fla.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of July, 2020 in Los Angeles, California.

*s/ Erin R. Ranahan*
Erin R. Ranahan