# Exhibit 1

| | |
|---|---|
| **From:** | Fields, Michael |
| **To:** | Ranahan, Erin; Ehlers, J. Hardy; Kamin, Mitchell A; Sperling, Jonathan; Sahni, Neema T; Lampros, Nicholas M.; Hill, Phil; Jeff Gould; Scott Zebrak; Matt Oppenheim |
| **Cc:** | Skopec, Allison; Elkin, Michael; Spitzer, Seth; Golinveaux, Jennifer; Lane, Thomas; Alvarez, Cesie; Padmanabhan, Krishnan; Anderson, Sean |
| **Subject:** | RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order |
| **Date:** | Thursday, July 2, 2020 8:53:03 PM |

Counsel:

Pursuant to Section 14(b) of the Stipulated Protective Order, Plaintiffs object to Charter's designation of Wayne Coleman as a "Qualified Person" to whom Charter may provide Plaintiffs' Confidential and Highly Confidential materials. As explained below, disclosure of such materials to Mr. Coleman will expose Plaintiffs to "risk of serious harm."

First, Mr. Coleman has been designated as a consultant in a royalty class action against one Plaintiff entity, in which plaintiffs' counsel have sought access to the royalty terms in other artist agreements, but discovery has neither commenced nor been permitted. If designated as a "Qualified Person," Mr. Coleman would have access to thousands of such artist agreements that have not been authorized for disclosure in that action, which presents a substantial risk that those materials could be improperly used to inform the prosecution of that action and the recruitment of potential additional named plaintiffs.

Second, Mr. Coleman frequently performs royalty audits of Plaintiffs on behalf of artists. Indeed, he is currently involved in several such audits. In connection with this work, Mr. Coleman, like other auditors, does not receive access to certain highly sensitive materials, such as the Digital Service Provider agreements being produced by Plaintiffs here. Nor does he receive blanket access to Plaintiffs' agreements with its artists. If designated as a "Qualified Person," Mr. Coleman would receive access to such materials, which may then be improperly used in Mr. Coleman's auditing work.

Third, in connection with his royalty audits of Plaintiffs, Mr. Coleman routinely executes non-disclosure agreements. It is difficult to imagine how Mr. Coleman could consult on issues relating to Plaintiffs' agreements with artists, royalty calculations, or royalty practices without necessarily violating those non-disclosure agreements.

In light of the foregoing, the Protective Order in this case is insufficient to protect Plaintiffs' information against unauthorized use or disclosure by Mr. Coleman. Put simply, Mr. Coleman cannot "unlearn" what he learns through his work on this case, and it would be impossible for Plaintiffs to police (or even learn of) any unauthorized use or disclosure of their highly confidential information--whether use and disclosure in future audits of information learned in this matter, or use and disclosure in this matter of information learned in prior audits.

Please let us know if you are available on Monday, July 6 to confer. As previously requested, to facilitate that conferral, we request specificity as to the topics and subjects on which Mr. Coleman will be asked to opine and the materials to which he will be given access. Thank you.

Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

**COVINGTON**

**From:** Fields, Michael
**Sent:** Wednesday, July 1, 2020 12:12 PM
**To:** 'Ranahan, Erin' <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Erin,

Thank you for your email.  The Stipulated Protective Order requires that the parties try to resolve any dispute over an expert or consultant "in good faith on an informal basis."  *See* Section 14(b).  We've requested the information regarding Mr. Coleman's designation to assess whether Plaintiffs have an objection in the first instance, and if so, whether the parties might be able to reach agreement on the scope of materials to which Mr. Coleman would have access.  In the spirit of resolving any issues on an informal basis, we think it makes sense to begin these discussions as soon as possible.  To that end, we reiterate our request that Charter provide the subjects on which Mr. Coleman would consult or opine, and the categories of materials to which he would need access for that purpose.

Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com

www.cov.com

# COVINGTON

**From:** Ranahan, Erin <ERanahan@winston.com>
**Sent:** Tuesday, June 30, 2020 4:49 PM
**To:** Fields, Michael <MFields@cov.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

**[EXTERNAL]**
Counsel,

We do not see anywhere in the Protective Order that requires Charter to specify how it intends to use Mr. Coleman in this case, the "subjects on which Mr. Coleman would consult or opine," or "the categories of materials to which he would need access for that purpose."  This is not the opportunity for Plaintiffs to raise a Daubert challenge, it is simply an opportunity to raise unexpected or unknown conflicts to potential experts when conflicts appear clear on our end.  Is there a certain subject area for which you object to Mr. Coleman as opposed to others?  If so, Please explain how.

Please also be reminded that the Protective Order requires that any objection Plaintiffs make to an expert be in good faith. Unfortunately, this is not the first time Plaintiffs have abused this disclosure process in this case, and we are very concerned Plaintiffs' tactics to block legitimate potential experts from accessing materials necessary to perform necessary analysis in this case is designed to unnecessarily delay this case and Charter's ability to meaningfully lodge a proper defense to Plaintiffs' astronomical claims.

Regards,

-Erin

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750

winston.com

**From:** Fields, Michael <MFields@cov.com>
**Sent:** Tuesday, June 30, 2020 1:32 PM
**To:** Anderson, Sean <SRanderson@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Ranahan, Erin <ERanahan@winston.com>; Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Counsel:

To assess Charter's proposed designation of Wayne Coleman as a "Qualified Person" under the Stipulated Protective Order, we need more specificity regarding how Charter intends to use Mr. Coleman in this case.  Please let us know by tomorrow at noon PT the subjects on which Mr. Coleman would consult or opine, and the categories of materials to which he would need access for that purpose.  Thank you.

Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

**COVINGTON**

**From:** Anderson, Sean <SRanderson@winston.com>
**Sent:** Friday, June 26, 2020 12:25 PM
**To:** Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Fields, Michael <MFields@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Ranahan, Erin <ERanahan@winston.com>; Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie

<CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Subject:** Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

**[EXTERNAL]**
Counsel,

Please be advised that Wayne Coleman is an "actual or potential independent expert[] or consultant[] … engaged in connection with this litigation" by Charter and is thus a "Qualified Person" under Section 5(a)(iii) of the Stipulated Protective Order. We are providing notice under Section 5(a)(iii). Please let us know if Plaintiffs object to Charter providing Mr. Coleman with materials designated by Plaintiffs as "Highly Confidential" under the Stipulated Protective Order.

Regards,

**Sean R. Anderson**
**Associate Attorney**

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-5388

M: +1 734-693-5457

F: +1 212-294-4700

Bio | VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.