# Exhibit 2

| | |
|---|---|
| **From:** | Ranahan, Erin |
| **To:** | Fields, Michael; Anderson, Sean; Ehlers, J. Hardy; Kamin, Mitchell A; Sperling, Jonathan; Sahni, Neema T; Lampros, Nicholas M.; Hill, Phil; Jeff Gould; Scott Zebrak; Matt Oppenheim |
| **Cc:** | Skopec, Allison; Elkin, Michael; Spitzer, Seth; Golinveaux, Jennifer; Lane, Thomas; Alvarez, Cesie; Padmanabhan, Krishnan; charlesverhoeven@quinnemanuel.com; davideiseman@quinnemanuel.com; Andrew Schapiro; Jessica Rose |
| **Subject:** | RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order |
| **Date:** | Monday, July 27, 2020 5:07:11 PM |

Michael,

This goes beyond what we discussed.  We agreed that Mr. Coleman would sign an addendum to agree not to solicit class members or solicit new audit customers based on his engagement here, and would abide by the Protective Order.  Your proposal below appears to limit the scope of his testimony and prevent him from testifying from his knowledge and experience, which is inappropriate.

If you would like to schedule a call to discuss further, please let us know.

Regards,

-Erin

### Erin R. Ranahan

**Partner**

Winston & Strawn LLP

T: +1 (213) 615-1700

D: +1 (213) 615-1835

F: +1 (213) 615-1750

winston.com

**From:** Fields, Michael <MFields@cov.com>
**Sent:** Thursday, July 23, 2020 6:44 PM
**To:** Anderson, Sean <SRanderson@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; charlesverhoeven@quinnemanuel.com; davideiseman@quinnemanuel.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Erin,

Following up on our conferral earlier this week, Plaintiffs are amenable to your proposal of having Mr. Coleman sign an addendum to the Protective Order in this action, specifically agreeing to abide by certain nondisclosure requirements to which he is already bound, prior to obtaining access to any of Plaintiffs' confidential or highly confidential information.  Consistent with what we discussed, we would require that Mr. Coleman agree in a signed writing:

- Not to use, disclose, or share any nonpublic information learned in this engagement -- including but not limited to the terms of artist or publishing agreements, artist contact information, or even potential artist names -- with counsel in any other pending or future actions in which he serves as a consultant or expert adverse to any of the Plaintiffs;

- Not to use, disclose, or share in this case, including with Charter, Bright House, or their counsel, any nonpublic information learned in the course of his engagement as a consultant in any other pending action adverse to any of the plaintiffs;

- Not to disclose or share in this case, including with Charter, Bright House, or their counsel, any nonpublic information learned in the course of any of his engagements as a royalty auditor adverse to any of the Plaintiffs; and

- Not to use, disclose, or share any nonpublic information learned in this engagement -- including but not limited to the terms of artist or publishing agreements, DSP agreements, or otherwise -- in any audits adverse to any of the Plaintiffs, or to identify or solicit clients for future audits.

Please confirm in writing that we are in agreement on this, and please send us a draft addendum for review.  Upon Mr. Coleman's execution of the same, we will withdraw our objection.

Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

COVINGTON

**From:** Fields, Michael
**Sent:** Tuesday, July 21, 2020 3:12 PM
**To:** 'Anderson, Sean' <SRanderson@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M.

<nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; charlesverhoeven@quinnemanuel.com; davideiseman@quinnemanuel.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Counsel,

Thank you for taking the time to meet and confer regarding Plaintiffs' objections to Mr. Coleman. We write to memorialize our discussion.

- As to the first of your proposals below, you proposed that Mr. Coleman sign a separate document affirming what he is already bound to under the Protective Order -- that he will not disclose artist names, agreements, the terms of those agreements, or contact information to plaintiff's counsel in the purported class actions in which he has served as a consultant, and not use any information learned in this case to recruit additional class members in those cases. (We separately explained that we are unsure what meaning you attribute to the words "formally engaged," but that Mr. Coleman has been identified and appeared as a consultant in at least one of the cases, creating the risks identified by Plaintiffs in their objection.) We will consider your proposal on this issue and get back to you.

- You also clarified your second proposal -- that only artist/publishing agreements for artists/writers for whom Mr. Coleman is currently performing an audit would be redacted; all other agreements, including the DSP agreements, would be provided to Mr. Coleman in unredacted form. You also asked whether there are any artists at issue in this case for whom Mr. Coleman is presently conducting an audit. We explained that this is irrelevant to Plaintiffs' concerns, which relate to (1) Mr. Coleman's ability to identify new clients for future audits, and (2) his access to agreements concerning artists/writers whom he is *not* presently representing in an audit. To be clear, the latter concern is that Mr. Coleman would receive unfettered access to agreements of *others* and use that information in the audits in which he is engaged (or in future audits). Your second proposal does not address either of Plaintiffs' concerns.

Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643

T +1 424 332 4766 | mfields@cov.com
www.cov.com

# COVINGTON

**From:** Anderson, Sean <SRanderson@winston.com>
**Sent:** Monday, July 20, 2020 12:57 PM
**To:** Fields, Michael <MFields@cov.com>; Ranahan, Erin <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; charlesverhoeven@quinnemanuel.com; davideiseman@quinnemanuel.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

**[EXTERNAL]**
Michael,

Plaintiffs' objections are entirely unfounded and without merit. But in an effort to avoid unnecessary motion practice, we have a proposal that we believe should prove satisfactory to Plaintiffs.

First, Mr. Coleman has not been formally engaged in the class actions Plaintiffs reference in their motion. That said, Mr. Coleman will agree not to use any of the information Plaintiffs designate pursuant to the Protective Order in this case to "recruit" potential class members in these class actions.  While Mr. Coleman does not engage in such activity, Mr. Coleman is willing to sign an amendment to the Protective Order that states that he will not do so during the pendency of this case. It should be noted that the Protective Order already precludes such activity, so this is entirely unnecessary. But, in order to address Plaintiffs' unfounded objections, Charter proposes this further assurance.

Second, Charter agrees that it will not provide Mr. Coleman with un-redacted versions of artist agreements regarding artists on whose behalf Mr. Coleman is currently engaged in royalty audits adverse to Plaintiffs, to the extent Mr. Coleman has not already been provided with copies of those agreements. In connection with this proposal, Charter would require Plaintiffs to identify all such royalty audits Plaintiffs believe qualify, the agreements produced in this case to which Mr. Coleman has not otherwise been provided access, and the redactions Plaintiffs believe necessary.  The parties would agree to meet and confer in good faith in connection with this procedure. To be clear, this proposal would not extend to the Digital Service Provider agreements.  Further, Charter reserves the right to remove redactions upon the completion of any qualifying royalty audit, the occurrence of which Plaintiffs would be required to provide notice to Charter.  Charter also reserves the right to

amend the proposed redactions with Plaintiffs should the need arise at a different point in the case.

We are available to meet and confer tomorrow, if necessary.

Regards

### Sean R. Anderson
**Associate Attorney**

Winston & Strawn LLP

D: +1 212-294-5388

M: +1 734-693-5457

F: +1 212-294-4700

VCard | Email | winston.com



**From:** Fields, Michael <MFields@cov.com>
**Sent:** Friday, July 17, 2020 5:35 PM
**To:** Ranahan, Erin <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Erin,

I wanted to follow up on my email below, to see if Charter can provide a response to our questions. As we've noted, we'd like to reach a compromise on this issue, without having to involve the Court.

Best,
Michael


### Michael Fields
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

# COVINGTON

**From:** Fields, Michael
**Sent:** Thursday, July 9, 2020 5:36 PM
**To:** 'Ranahan, Erin' <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Erin,

Thank you for your response.  Is Charter willing to explain, at least in general terms, how redactions to the identifying information of counterparties would limit Mr. Coleman's ability to conduct substantive analysis?  We think that would be helpful in order to understand how the parties might reach a compromise here.  Relatedly, is there any form of redactions to identifying information that would be agreeable to Charter?

Alternatively, is Mr. Coleman willing to withdraw as an expert, advisor, or auditor in other matters adverse to Plaintiffs?

Best,
Michael


### Michael Fields
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

# COVINGTON

**From:** Ranahan, Erin <ERanahan@winston.com>
**Sent:** Wednesday, July 8, 2020 7:10 PM
**To:** Fields, Michael <MFields@cov.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim

<Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

**[EXTERNAL]**
Michael,

We cannot agree to Plaintiffs' proposal.   We do not believe Plaintiffs' concerns that Mr. Coleman would be involved or motivated to "recruit named plaintiffs" for an unrelated class action are well-founded, and we do not consent to any redactions that would limit his ability to conduct substantive analysis in this case.

Regards,

-Erin

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750

winston.com

---

**From:** Fields, Michael <MFields@cov.com>
**Sent:** Tuesday, July 7, 2020 2:16 PM
**To:** Ranahan, Erin <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Counsel:

In an effort to resolve Plaintiffs' objections to Mr. Coleman on an informal basis, we propose the

following compromise to alleviate at least some of Plaintiffs' concerns, particularly as it relates to Mr. Coleman's ability to recruit named plaintiffs for the royalty class action(s) on which he is consulting.

You stated on our meet-and-confer that, among other materials, you intend to give Mr. Coleman access to Plaintiffs' highly confidential artist agreements, publishing or administration agreements, and Digital Service Provider agreements.  We propose that Mr. Coleman be provided such access only after those documents have been sufficiently redacted and anonymized by Plaintiffs' counsel to prevent disclosure of the identity of the counterparties.  Although you've refused to provide information on the specific topics or subjects on which Mr. Coleman would opine, we do not believe the identity of the counterparties would be relevant to any subjects on which Mr. Coleman might possibly consult or opine, and this compromise therefore would allow him to perform his role as an expert or consultant while reducing the serious risk of harm to Plaintiffs.  If Charter  agrees, Plaintiffs will withdraw their objections.

Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

**COVINGTON**

---

**From:** Fields, Michael
**Sent:** Thursday, July 2, 2020 5:53 PM
**To:** 'Ranahan, Erin' <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; 'Jeff Gould' <Jeff@oandzlaw.com>; 'Scott Zebrak' <Scott@oandzlaw.com>; 'Matt Oppenheim' <Matt@oandzlaw.com>
**Cc:** 'Skopec, Allison' <ASkopec@winston.com>; 'Elkin, Michael' <MElkin@winston.com>; 'Spitzer, Seth' <SSpitzer@winston.com>; 'Golinveaux, Jennifer' <JGolinveaux@winston.com>; 'Lane, Thomas' <TLane@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Padmanabhan, Krishnan' <KPadmanabhan@winston.com>; 'Anderson, Sean' <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Counsel:

Pursuant to Section 14(b) of the Stipulated Protective Order, Plaintiffs object to Charter's designation of Wayne Coleman as a "Qualified Person" to whom Charter may provide Plaintiffs'

Confidential and Highly Confidential materials.  As explained below, disclosure of such materials to Mr. Coleman will expose Plaintiffs to "risk of serious harm."

First, Mr. Coleman has been designated as a consultant in a royalty class action against one Plaintiff entity, in which plaintiffs' counsel have sought access to the royalty terms in other artist agreements, but discovery has neither commenced nor been permitted.  If designated as a "Qualified Person," Mr. Coleman would have access to thousands of such artist agreements that have not been authorized for disclosure in that action, which presents a substantial risk that those materials could be improperly used to inform the prosecution of that action and the recruitment of potential additional named plaintiffs.

Second, Mr. Coleman frequently performs royalty audits of Plaintiffs on behalf of artists.  Indeed, he is currently involved in several such audits.  In connection with this work, Mr. Coleman, like other auditors, does not receive access to certain highly sensitive materials, such as the Digital Service Provider agreements being produced by Plaintiffs here.  Nor does he receive blanket access to Plaintiffs' agreements with its artists.  If designated as a "Qualified Person," Mr. Coleman would receive access to such materials, which may then be improperly used in Mr. Coleman's auditing work.

Third, in connection with his royalty audits of Plaintiffs, Mr. Coleman routinely executes non-disclosure agreements.   It is difficult to imagine how Mr. Coleman could consult on issues relating to Plaintiffs' agreements with artists, royalty calculations, or royalty practices without necessarily violating those non-disclosure agreements.

In light of the foregoing, the Protective Order in this case is insufficient to protect Plaintiffs' information against unauthorized use or disclosure by Mr. Coleman.  Put simply, Mr. Coleman cannot "unlearn" what he learns through his work on this case, and it would be impossible for Plaintiffs to police (or even learn of) any unauthorized use or disclosure of their highly confidential information--whether use and disclosure in future audits of information learned in this matter, or use and disclosure in this matter of information learned in prior audits.

Please let us know if you are available on Monday, July 6 to confer.  As previously requested, to facilitate that conferral, we request specificity as to the topics and subjects on which Mr. Coleman will be asked to opine and the materials to which he will be given access.  Thank you.

Best,
Michael

**Michael Fields**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

COVINGTON

**From:** Fields, Michael
**Sent:** Wednesday, July 1, 2020 12:12 PM
**To:** 'Ranahan, Erin' <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Erin,

Thank you for your email.  The Stipulated Protective Order requires that the parties try to resolve any dispute over an expert or consultant "in good faith on an informal basis."  *See* Section 14(b).  We've requested the information regarding Mr. Coleman's designation to assess whether Plaintiffs have an objection in the first instance, and if so, whether the parties might be able to reach agreement on the scope of materials to which Mr. Coleman would have access.  In the spirit of resolving any issues on an informal basis, we think it makes sense to begin these discussions as soon as possible.  To that end, we reiterate our request that Charter provide the subjects on which Mr. Coleman would consult or opine, and the categories of materials to which he would need access for that purpose.

Best,
Michael

## Michael Fields
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

**COVINGTON**

**From:** Ranahan, Erin <ERanahan@winston.com>
**Sent:** Tuesday, June 30, 2020 4:49 PM
**To:** Fields, Michael <MFields@cov.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim

<Matt@oandzlaw.com>
**Cc:** Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

**[EXTERNAL]**
Counsel,

We do not see anywhere in the Protective Order that requires Charter to specify how it intends to use Mr. Coleman in this case, the "subjects on which Mr. Coleman would consult or opine," or "the categories of materials to which he would need access for that purpose." This is not the opportunity for Plaintiffs to raise a Daubert challenge, it is simply an opportunity to raise unexpected or unknown conflicts to potential experts when conflicts appear clear on our end. Is there a certain subject area for which you object to Mr. Coleman as opposed to others? If so, Please explain how.

Please also be reminded that the Protective Order requires that any objection Plaintiffs make to an expert be in good faith. Unfortunately, this is not the first time Plaintiffs have abused this disclosure process in this case, and we are very concerned Plaintiffs' tactics to block legitimate potential experts from accessing materials necessary to perform necessary analysis in this case is designed to unnecessarily delay this case and Charter's ability to meaningfully lodge a proper defense to Plaintiffs' astronomical claims.

Regards,

-Erin

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750

winston.com

---

**From:** Fields, Michael <MFields@cov.com>
**Sent:** Tuesday, June 30, 2020 1:32 PM
**To:** Anderson, Sean <SRanderson@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Ranahan, Erin <ERanahan@winston.com>; Skopec, Allison <ASkopec@winston.com>; Elkin,

Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Subject:** RE: Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

Counsel:

To assess Charter's proposed designation of Wayne Coleman as a "Qualified Person" under the Stipulated Protective Order, we need more specificity regarding how Charter intends to use Mr. Coleman in this case.  Please let us know by tomorrow at noon PT the subjects on which Mr. Coleman would consult or opine, and the categories of materials to which he would need access for that purpose.  Thank you.

Best,
Michael

## Michael Fields
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4766 | mfields@cov.com
www.cov.com

**COVINGTON**

---

**From:** Anderson, Sean <SRanderson@winston.com>
**Sent:** Friday, June 26, 2020 12:25 PM
**To:** Ehlers, J. Hardy <JEhlers@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Fields, Michael <MFields@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Cc:** Ranahan, Erin <ERanahan@winston.com>; Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Subject:** Warner Records v. Charter Communications; Case No. 19-cv-00874 - Notice Pursuant to Protective Order

**[EXTERNAL]**
Counsel,

Please be advised that Wayne Coleman is an "actual or potential independent expert[] or consultant[] … engaged in connection with this litigation" by Charter and is thus a "Qualified Person" under Section 5(a)(iii) of the Stipulated Protective Order. We are providing notice under Section 5(a)

(iii). Please let us know if Plaintiffs object to Charter providing Mr. Coleman with materials designated by Plaintiffs as "Highly Confidential" under the Stipulated Protective Order.

Regards,

**Sean R. Anderson**
**Associate Attorney**

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

D: +1 212-294-5388

M: +1 734-693-5457

F: +1 212-294-4700

Bio | VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.