## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

WARNER BROS. RECORDS INC., *et al.*,

      Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

      Defendant

Case No. 19-cv-00874-RBJ-MEH

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS CHARTER'S COUNTERCLAIMS THREE AND FOUR

**I.**      **Charter's § 512(f) claim should be dismissed.**

**_No removal or disabling_**.  By its plain terms, § 512(f) applies only where a service provider suffers injury "*in removing or disabling access to the material or activity claimed to be infringing*."  17 U.S.C. § 512(f) (emphasis added).  Charter admits it cannot remove or disable such access—such that it could not have suffered injury or even incurred any costs in doing so.  That is fatal to its claim, as many courts have held.  *See* Mot. at 6.  Charter's sole argument in response—unsupported by any case—is that the statute could never apply to a § 512(a) "conduit" service provider.  Opp. at 3.   But whether or not that is true is irrelevant.  The only question is whether Charter has adequately pled a claim under the statute as written, and plainly it has not.[1]

Charter's proposed reading of § 512(f) is also directly at odds with its own successful argument in *In re Charter Commc'ns*, 393 F.3d at 776.  There, Charter argued that the DMCA's § 512(h) subpoena provision *could never apply* to a § 512(a) "conduit" provider, because the

---

[1] "[I]t is the province of Congress, not the courts, to decide whether to rewrite the DMCA in order to make it fit a new and unforeseen internet architecture and accommodate fully the varied permutations of competing interests that are inevitably implicated by such new technology." *In re Charter Commc'ns, Inc., Subpoena Enf't Matter*, 393 F.3d 771, 777 (8th Cir. 2005) (internal quotation omitted).

subpoena provision *only* applies to service providers that can "locate *and remove* the allegedly infringing material." *Id.* (emphasis added).  The Eighth Circuit agreed.  Having successfully argued that other provisions of the DMCA are limited by their plain terms to providers that can remove infringing material, Charter cannot be heard to complain that the same is true of § 512(f).

> ***No actual knowledge, as required***.  Under § 512(f), Charter also is required to allege *actual* knowledge of a misrepresentation by the copyright owner.  Charter attempts to dismiss the subjective actual knowledge standard established in *Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004) as "dictum."  Opp. at 5.  But the Ninth Circuit has *explicitly* disagreed—stating that *Rossi* established a subjective "good faith belief" standard for both §§ 512(c)(3)(A) and 512(f), and that "*[n]either of these holdings [in Rossi] are dictum*."  *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1154 (9th Cir. 2016) (emphasis added).  Following this persuasive circuit authority, this court and others apply *Rossi*'s subjective knowledge standard.[2]

Charter's argument for an objective "knew or should have known" standard relies exclusively on superseded caselaw from one California district court (and cases that incorrectly rely on it).  Charter's lead case, *Online Policy Group v. Diebold*, 337 F. Supp. 2d 1195, 1204 (N.D. Cal. 2004), was decided two months before *Rossi* and long before *Lenz*.  Thus, to the extent *Diebold* established an objective knowledge standard for § 512(f) claims, it was overruled.  All of Charter's other cases on this issue rely expressly and exclusively on this since-overruled holding from *Diebold*.  *See* Opp. at 4-5.

---

[2] *See, e.g.*, *Dudnikov v. MGA Entm't, Inc.*, 410 F. Supp. 2d 1010, 1012 (D. Colo. 2005); *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 2019 WL 1014245, at *4 (M.D. Fla. Mar. 4, 2019); *Iroko Partners Ltd. v. Devace Integrated LLC*, 2014 WL 11716168, at *6 (N.D. Ga. Jan. 6, 2014).

Equally fatal, Charter does not dispute that it fails to allege Plaintiffs knew of any alleged misrepresentations *at the time the notices were sent*, as the statute requires.  Nor has it identified a single allegedly false notice or a Dropped Work that grounds its speculative claim.[3]

## II.    Charter's CCPA claim should be dismissed.

**_Preemption applies_**.  Charter's focus on preemption under § 301 of the Copyright Act, 17 U.S.C. § 301(b)(3)—which bars state law claims equivalent to the exclusive rights set forth in § 106 of the Copyright Act (*i.e.*, distribution, reproduction, etc.)—is irrelevant to the preemption analysis here.  Plaintiffs do not argue that § 301 preempts Charter's CCPA claim but rather that the DMCA's comprehensive notice-and-takedown scheme under § 512 does.  *See Stevens v. Vodka & Milk, LLC*, No. 1:17-CV-08603, U.S. Dist. LEXIS 43666, at *6-7 (S.D.N.Y. Mar. 12, 2018) ("The pervasive nature of the DMCA, including an express remedy for the very wrong that counterclaimants here allege, make[s] reasonable the inference that Congress left no room for the States to supplement the remedies outlined in the DMCA.").

Charter does not cite a *single* case rejecting Plaintiffs' DMCA preemption argument, and it fails to distinguish the many on-point cases finding preemption on analogous facts.  Opp. at 9.[4] And while Charter relies on out of context statements from Professor Nimmer's treatise, it ignores that "Professor Nimmer notes specifically that '[g]iven that a special provision of the Copyright Act itself regulates misrepresentation in such notifications, that provision constitutes the sole remedy for a customer who objects to its contents and their effects.'"  *Lenz v. Universal*

---

[3] Charter also urges this Court to import a novel "reckless inquiry" or "ignorance" standard that has never been applied in the context of § 512(f).  Opp. at 6-7 (citing only securities cases).
[4] Charter cites a single case, *Capitol Records, Inc. v. MP3Tunes,* LLC, 611 F. Supp. 2d 342 (S.D.N.Y. 2009), for the proposition that "courts have held" state law claims like Charter's are not preempted.  Opp. at 9.  *MP3Tunes* "held" no such thing; it dismissed several state law claims on alternate grounds without even addressing preemption.

*Music Corp.*, 2008 WL 962102, at *4 (N.D. Cal. Apr. 8, 2008) (quoting Nimmer and dismissing state law claim as preempted by DMCA).

**_Failure to state a claim_**.  First, contrary to Charter's assertion, Plaintiffs have not misread the standard for CCPA deceptive trade practice claims based on misrepresentations. Opp. at 9-10.  Intent to mislead or deceive is plainly required.  As this Court has put it:

> The Colorado Supreme Court has . . . defined an actionable misrepresentation under the CCPA as a 'false statement of fact that either induces the recipient to act or has the capacity to deceive the recipient' that 'is made either with knowledge of its untruth, or recklessly and willfully made without regard to its consequences**, and with an intent** to mislead and deceive the plaintiff.'

*Warner v. Ford Motor Co.*, 2008 WL 4452338, at *8 (D. Colo. Sept. 30, 2008) (emphasis added) (quoting *Rhino Linings USA Inc. v. Rocky Mtn. Rhino Lining, Inc.*, 62 P.3d 142, 147 (Colo. 2003)).  Each case Charter cites confirms that intent to mislead is required.  Opp. at 10.[5]

Second, Charter does not dispute that it has failed to allege Plaintiffs had actual knowledge of falsity at the time they sent the (unidentified) challenged notices.  *See Crowe*, 126 P.3d at 204 (CCPA requires knowledge of falsity "*at the time of the . . . conduct*" and "provides an absolute defense to a misrepresentation caused by negligence or an honest mistake") (emphasis added); *State ex rel. Suthers*, 260 P.3d at 14 (holding CCPA claim for knowing misrepresentation "requires actual knowledge" of falsity).

Third, Charter cannot simply wave away Rule 9(b)'s particularity requirements by arguing that the information is peculiarly within Plaintiffs' possession.  Charter has all the

---

[5] *See Crowe v. Tull*, 126 P.3d 196, 204 (Colo. 2006) (*en banc*) ("mere advertising by an attorney lacking the intent to defraud will not convert a malpractice claim into a CCPA claim"); *State ex rel. Suthers v. Mandatory Poster Agency, Inc.*, 260 P.3d 9, 14 (Colo. App. 2009) (quoting *Rhino*'s "*and* intent to mislead and deceive*" language); *Peterson v. USAA Life Ins. Co.*, 353 F. Supp. 3d 1099, 1108 (D. Colo. 2018), *aff'd*, 2020 WL 2609831 (10th Cir. May 22, 2020) (same; Charter cites only unrelated discussion of denial of insurance claim, not CCPA claim).

information it needs to allege which notices, concerning which works, were sent by which Plaintiffs, but failed to do so.  Ye Charter has not identified one false notice, one Dropped Work that was the subject of a notice, or even which of the 66 Plaintiffs it is suing or whom it alleges made a false representation.  Charter did not even try to satisfy Rule 9(b), but instead left Plaintiffs to guess about Charter's speculative claims.

Fourth, Charter fails to allege that allegedly false notices significantly impacted the public *as actual or potential consumers of Plaintiffs' music*, as required.  *See Rhino Linings*, 62 P.3d at 147.  Rather, Charter alleges only private harms to itself (costs and goodwill), and theoretical negative action to its ISP subscriber's account (suspension or termination)—neither of which impacts the public *as* consumers of Plaintiffs' music.  Opp. at 12.  Charter also says nothing of the number of subscribers harmed.  With nowhere else to turn, Charter lobs a backhanded request for pre-dismissal discovery (Opp. at 14-15), but offers no support for such request where the CCPA claim, as here, fails to state a plausible claim.

| | |
|---|---|
| Dated: August 6, 2020<br><br>Jonathan M. Sperling<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1000<br>jsperling@cov.com | */s/ Matthew J. Oppenheim*<br>Matthew J. Oppenheim<br>Jeffrey M. Gould<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 621-9027<br>matt@oandzlaw.com<br>jeff@oandzlaw.com<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2020, I caused the foregoing document and supporting materials to be filed on CM/ECF system, with e-notice to all counsel of record.

*/s/ Matthew J. Oppenheim*