**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

WARNER RECORDS INC., *et al.*,

     Plaintiffs,

     v.

CHARTER COMMUNICATIONS, INC.,

     Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

**CHARTER COMMUNICATION, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS ONE AND TWO**

It is axiomatic that leave to amend should be freely granted. *See* Fed. R. Civ. Pro. 15(a)(2). This is particularly true where a party seeks to either clarify or narrow issues, as Charter does here.[1] Specifically, Charter seeks leave to amend in order to remove any purported ambiguity that its declaratory judgment counterclaims for non-infringement are limited to the Works-in-Suit. This amendment is directly in response to Plaintiffs' claim that the counterclaims are ambiguous on that point (a point that Charter disputes but is nevertheless willing to address). Charter also seeks to narrow the scope of its counterclaims to the Claim Period at issue in the underlying litigation (March 2013-May 2016).

When Charter first sought a declaratory judgment of non-infringement for the Works-in-Suit, it was unclear whether Plaintiffs had continued to send Charter notices for the Works-in-Suit after Plaintiffs' Claim Period. It is for this reason that Charter responded to Plaintiffs' letter seeking leave to dismiss the counterclaims as mirror images of Plaintiffs' infringement claims by explaining that the counterclaims were, in fact, not mirror images—as they went through the

---

[1] *See List Interactive, Ltd. v. Knights of Columbus*, 2017 WL 4621277, at *3 (D. Colo. Oct. 13, 2017); *Carefree/Scott Fetzer Co. v. Lippert Components, Inc.*, 2012 WL 2412044, at *1 (D. Colo. June 26, 2012).

present. But as Plaintiffs' counterclaims reveal, Plaintiffs did *not* send Charter notices after the Claim Period for any but a handful of the Works-in-Suit. Thus, Charter now understands there is no need for it to pursue counterclaims seeking declarations of non-infringement for the Works-in-Suit post Plaintiffs' Claims Period, particularly where doing so doubles the time period at issue and at this advanced stage of discovery.

Contrary to Plaintiffs' argument, Charter's proposed amendments are not futile. The amendments serve a useful purpose, which is to clarify and narrow issues for trial. Indeed, Plaintiffs already have dropped hundreds of claims from the case to date, and may drop additional Works-in-Suit before trial or otherwise reduce the scope of their underlying claims. Charter's proposed amended counterclaims would ensure that Charter is protected from future claims based on these dropped works during Plaintiffs' Claim Period. Thus, there is good reason for Charter's proposed amendments. It is in the Court's discretion to allow non-infringement declaratory judgment counterclaims to remain in the case, particularly where, as here, they do not unnecessarily burden the parties or the Court.

The crux of Plaintiffs' opposition to the amendments is the contention that a subset of Plaintiffs—certain UMG-related entities (the "UMG Plaintiffs")—have claims against Charter that accrued *after* the Claim Period and want to assert them in this case. The UMG Plaintiffs have been aware of these new purported claims for years, and should have amended their pleadings to add them before the deadline passed. At this advanced stage of discovery, the addition of multiple years of claims, over 3,000 new copyrights, and a distinct notice program would materially impact the schedule and necessarily delay resolving the underlying claims on the merits, in an already complex case. If the UMG Plaintiffs wish to assert thousands of new claims, they should be required to do so in a separate action.

## ARGUMENT

### I.   Leave to Amend the Counterclaims Should Be Granted

#### A.   Plaintiffs' "Bad Faith" Argument Lacks Merit

Charter seeks leave to amend its counterclaims to remove any claimed ambiguity that the counterclaims are limited to the asserted Works-in-Suit. In their Response, Plaintiffs ignore the ample case law Charter has cited in which courts routinely grant such clarifying amendments. Mot. at 7. Instead, Plaintiffs cite cases that deal with bad-faith litigation tactics or "moving target" pleadings. Opp'n at 9. But those cases all involve very different facts and are therefore inapposite.[2] Further, as discussed below, it is not Charter that has changed litigation tactics, it is Plaintiffs.

Plaintiffs entered into a tolling agreement with Charter in 2016. ECF 123, ¶ 5. Thus, Plaintiffs had three years to investigate claims against Charter before they filed suit on March 22, 2019. ECF 1. While most of the Plaintiffs stopped sending Charter notices in March 2015, ECF 123, ¶ 95, Universal Music (UMG) allegedly continued to do so through present. ECF 184, ¶ 7. UMG was necessarily aware of its potential claims during the pendency of the tolling agreement, at the time it filed this action, and, critically, before Plaintiffs' already-once-extended deadline to amend pleadings lapsed in January 2020. The UMG Plaintiffs are improperly attempting to use Charter's counterclaims to shoehorn in new claims long after the deadline to amend pleadings.

#### B.   Charter's Proposed Amended Counterclaims Serve a Useful Purpose

Plaintiffs also wrongly claim that Charter's proposed amendments are futile because they serve no useful purpose. But the proposed amendments clarify and narrow issues for trial and also

---

[2] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206-1207 (10th Cir. 2006) (plaintiff attempted to augment his complaint just three weeks before trial); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799-800 (10th Cir. 1998) (plaintiff sought leave to amend nineteen months after filing his complaint, and only did so after "the trial judge orally granted the defendants' summary judgment motion"); *Ochieno v. Sandia Nat'l Labs.*, 2019 WL 161503, at *4 (D.N.M. Jan. 10, 2019) (plaintiff asserted federal claims in order to "avoid a dismissal" and to "salvage a lost case") (internal citations omitted).

protect Charter from the threat of future litigation over any claims dropped by Plaintiffs in the future. Indeed, Charter originally asserted counterclaims for the Works-in-Suit, through the present, because it believed Plaintiffs may have sent notices for those works after the Claim Period. It is for this reason Charter informed the Court its counterclaims as then-asserted were not mirror images of Plaintiffs' infringement claims.[3] However, it is now clear that Plaintiffs only sent notices after the Claim Period for a handful of the Works-in-Suit, which is why Charter seeks to narrow its counterclaims by way of its proposed amendment.

Further, Plaintiffs do not cite a single case in which a court has denied a party's proposed amendment to a declaratory judgment counterclaim.[4] Plaintiffs instead cite cases in which courts have denied motions for leave where the proposed amendments are legally deficient.[5] Indeed, it is in the Court's discretion to allow a declaratory judgment counterclaim to remain in a case, even where it purportedly mirrors plaintiff's underlying claims.[6]

### C.    Plaintiffs Would Not Be Prejudiced by Charter's Proposed Amendments

Plaintiffs are correct that Charter's proposed amendments would render the UMG Plaintiffs' counterclaims non-compulsory. But Plaintiffs do not cite any support for the notion that a case-narrowing amendment constitutes prejudice sufficient to deny leave to amend. Further,

---

[3] *See* ECF 158 (explaining that "Charter's counterclaim for non-infringement is ***not limited to Plaintiffs' Claim Period*** and, therefore, not a mirror-image of Plaintiffs' claim") (emphasis added).

[4] Plaintiffs cite *PDX Pro Co. v. DISH Network, LLC*, 2013 WL 3296539 (D. Colo. July 1, 2013) and *TBL Collectibles, Inc. v. Owners Ins. Co*., 285 F. Supp. 3d 1170, 1196 (D. Colo. 2018), but neither case dealt with declaratory judgment actions for non-infringement.

[5] *See, e.g., Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (claims barred by statute of limitations); *Scott v. Carlson*, 2014 WL 503619, at *3 (D. Colo. Feb. 7, 2014) (pro se plaintiff failed to adequately plead supervisor liability).

[6] *See Kissing Camels Surgery Ctr., LLC v. Centura Health Corp*., 2016 WL 8416760, at *7 (D. Colo. July 13, 2016) ("[T]here are often sound litigation reasons to plead a mirror-image counterclaim. … Thus, even if [defendant's declaratory judgment] claim is redundant of Plaintiffs' claims, the [c]ourt sees no reason at this stage to dismiss it").

Plaintiffs concede that they are not truly prejudiced by Charter's proposed amendment, as they intend to bring these claims regardless of whether they are asserted as compulsory counterclaims to Charter's counterclaims in this litigation.[7]

Dated: August 10, 2020

Charles K. Verhoeven
David Eiseman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
E-mail: charlesverhoeven@quinnemanuel.com
E-mail: davideiseman@quinnemanuel.com

Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
andrewschapiro@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

Respectfully submitted,

*s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on August 10, 2020, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court via CM/ECF, which will send a notice of electronic filing to all counsel of record.

*s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux

---

[7] Charter addresses the impropriety of Plaintiffs' counterclaims in its letter seeking leave to move to dismiss and/or strike. ECF 191.