# Exhibit 4

*Warner Records, Inc., et al. v. Charter Communications, Inc.*
**Plaintiffs' Submission for July 15, 2020 Conference on Disputed Search Terms and Other Issues Discussed with the Special Master**

1. Scope of Charter's Production of Ticket Data and Related Documents ................................................................................. 1
2. RFPs That Charter Continues to Improperly Restrict to Plaintiffs or the Works-In-Suit ................................................. 3
3. Charter Has Failed to Comply with the Special Master's May 29 Order Requiring Responses to Interrogatories 13 and 14 ...................................... 8
4. Search Term Disputes ............................................................................................................................................................... 10

| 1. Scope of Charter's Production of Ticket Data and Related Documents ||| 
|---|---|---|
| **Text of Request** | **Guidance from July 2, 2020 Conference** | **Plaintiffs' Proposal** |
| **RFP 2:** Logs of all Infringement Notices sent to you by any person or entity, sufficient to show, as to each such Infringement Notice, the Subscriber ID, ticket number, date and time of alleged infringement as set forth in the Infringement Notice, IP address, each action taken or determined to not be taken with respect to such Infringement Notice, and the date and time of each such action or determination. | The Special Master stated that Plaintiffs are entitled to ticket data and related communications beyond the subscribers identified in Plaintiffs' notices, but that the parties should confer on some subset of ticket data from the Claim Period that is less than all but more than what Charter has provided to date:<br><br>"And I've got to tell you, I have -- feel that the answer lies somewhere between, you know, what you have now and everything that you've asked for.  And so I do think it makes sense for you to come up with something reasonable here.  Not all of it is going to be important and relevant to what you're needing or at that level, which would require that level of production.  Unless, you know, you cannot find an agreement, and then I will make one.  But my request is that each party make a proposal, not just balk at the | Plaintiffs proposed to Charter that "Charter should provide the requested ticket data and documents for all subscribers who received three or more infringement notices during the Claim Period."<br><br>Charter's counterproposal is to provide the requested ticket data and documents for all subscribers who received three or more infringement notices during the Claim Period *from rights-holders other than Rightscorp*.<br><br>The Special Master should reject, again, Charter's attempt to bar discovery into the notices it received from Rightscorp.  At the May 18 hearing, Charter argued against answering Interrogatories 13 and 14–seeking the total number of notices Charter received and the actions it took in response—by pointing out that 90% of the ticket data it produced for RIAA-accused subscribers concerned Rightscorp notices.  *See* May 18, 2020 Hrg. Tr. at 29:14-21. The Special Master unequivocally found all such information relevant and discoverable, ordering Charter to provide *all of the data* for the Claim Period, and observing:  "I believe that information is directly relevant to the seminal issues in this case, both the plaintiffs' claims, as well as the defendant's affirmative defense." *Id.* at 43:8-11. The same is |
| **RFP 3:**  All documents evidencing or concerning each response by any Subscriber or User to an Infringement Notice. | | |

| | | |
|---|---|---|
| | others, but the -- what is your affirmative proposal?"  Tr. at 58:6-17. | true here: ticket data involving notices from Rightscorp is just as discoverable as the Rightscorp ticket data Charter has already produced, as well as the data inclusive of Rightscorp notices that was responsive to Interrogatories 13 and 14.  *Id.* at 46:23-47:2 (Special Master discussing RightsCorp and observing "As I indicated last week, it's my understanding that what we're looking at here is what was in the mind of Charter, and what is relevant in terms of Charter's knowledge, its policies, what it did, how it did it, and why it did it.").<br><br>Charter is free to argue to the jury that certain notices, whether from Rightscorp or others, are not reliable (although it has yet to produce any discovery suggesting Charter handled notices differently based on who sent them), but that cannot serve as a basis to limit their discoverability in the first instance.  The Special Master has already observed as much.  *See* May 15, 2020 Hrg. Tr. at 132:16-20 ("I understand that plaintiffs may use the notices to Charter as some evidence in this case, but that defendants would then have the opportunity to challenge the validity of those notices and the reputation of Rightscorp.").<br><br>For RFP 3, Plaintiffs propose that Charter produce responsive documents concerning the subscribers and infringement notices that are the subject of the documents that Charter must produce pursuant to the Special Master's ruling on RFP 2.  In other words, the scope of RFP 2 determined by the Special Master would govern the universe of documents to be produced in response to RFP 3, as well. |