# Exhibit 12



North America Europe Asia

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**JENNIFER A. GOLINVEAUX**
jgolinveaux@winston.com

July 16, 2020

**VIA EMAIL**

Special Master Regina Rodriguez
Regina.rodriguez@wilmerhale.com

**Re: *Warner Records, Inc., et al. v. Charter Communications, Inc.*, Case No. 19-cv-00874-RBJ-MEH – Charter Communications, Inc.'s July 16, 2020 Motion to Compel**

Dear Ms. Rodriguez:

Charter seeks an order requiring Plaintiffs to:

4) Produce documents responsive to RFPs 90-93 that are critical to Plaintiffs' ability to prove direct infringement, sufficient to show which works were fingerprinted, which is necessary in light of Plaintiffs' recent revelation that they opted not to retain either the Reference Files or the fingerprints at issue because they did not consider them relevant; and

5)

## I. INTERROGATORY NO. 13 REGARDING THE NUMBER OF COMPILATIONS FOR PURPOSES OF STATUTORY DAMAGES

WINSTON & STRAWN LLP

July 16, 2020
Page 2





WINSTON & STRAWN LLP

July 16, 2020
Page 3

2



WINSTON & STRAWN LLP

## II. RFP NO. 59 REGARDING PLAINTIFFS' ANTI-PIRACY EFFORTS

### i. The information is relevant to the issue of mitigation.

WINSTON
& STRAWN
LLP

July 16, 2020
Page 5





WINSTON & STRAWN LLP

July 16, 2020
Page 6



WINSTON & STRAWN LLP

July 16, 2020
Page 7

**ii. The information is relevant to the issue of deterrence.**

**iii. The information is relevant as important context and background.**

## III. RFP NO. 61 REGARDING THE *GRANDE* TRANSCRIPTS AND DECLARATIONS

6

7





## IV. DOCUMENTS SUFFICIENT TO DEMONSTRATE WHICH FILES WERE FINGERPRINTED

During the July 2, 2020 conference, Charter sought an order requiring Plaintiffs to respond to RFPs 90 and 91, which seek the Audible Magic Reference Files and fingerprints, respectively. In response, Plaintiffs had interposed only relevance and burden objections. At that hearing, however, nearly four months after initially responding to these requests, many rounds of briefs and hearings, and many meet and confers, Plaintiffs for the first time said that they could not identify the actual files used to create the Reference Files and that Plaintiffs did not retain the fingerprints because they did not consider them relevant. July 2 Hr'g Tr. 138:23-139:9, 142:10-18, 149:12-151:18 (Ex. 3). The Special Master noted the critical significance of this evidence, *id.* 153:21-154:2, 155:21-156:6, but acknowledged that she could not order Plaintiffs to produce what they had failed to retain. *Id.* 138:23-139:9, 142:10-18, 149:12-151:18.

In light of this revelation, following the hearing, Charter's counsel asked Plaintiffs to produce documents sufficient to demonstrate *which files* were fingerprinted. Charter pointed out that Plaintiffs' failure to retain this information, and refusal to disclose how they compared the ISRCs of the files produced to what was used to create the Reference Files, necessitated the production of this information. Charter also pointed to existing RFPs that encompassed this information. The parties met and conferred on this issue twice. Plaintiffs refused to produce the requested documentation, claiming that it is not requested by Charter's RFPs and is work product. They also refused to log the documentation.

What Charter seeks is simple. This information is necessitated by Plaintiffs' admitted failure to retain indisputably critical information. It is squarely encompassed by several outstanding requests, to which Plaintiffs agreed to respond.[9] Accordingly, Plaintiffs should be ordered to produce documents sufficient to show which files were fingerprinted, including the information upon which Plaintiffs relied in order to represent that the digital files Plaintiffs have produced to date have the same ISRCs as the files from which Audible Magic Reference Files were created.

## V. OTHER DOCUMENTS IDENTIFIED IN THE [redacted]

[redacted]

---

[9] RFP 92: Documents and communications sufficient to show the process used to create the digital fingerprints for the Copyrighted Works used by Audible Magic and/or MarkMonitor to match alleged infringements; RFP 93: All Communications between You and MarkMonitor or Audible Magic exchanged for the purpose of matching of alleged infringing files of the Copyright Works by Charter subscribers with digital copies of the Copyright Works, including but not limited to regarding copies of all files, or portions, or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files) used as a reference for the purposes of fingerprinting, identifying, or verifying that files are copies of the Copyright Works.



July 16, 2020
Page 10

Very truly yours,

*s/ Jennifer A. Golinveaux*

10