# Exhibit 13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 19-cv-00874-RBJ |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO
CHARTER COMMUNICATIONS, INC.'S
<u>SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

PROPOUNDING PARTY:   Defendant Charter Communications, Inc.

RESPONDING PARTY:    Plaintiffs Warner Records Inc., *et al.*

SET NUMBER:          Two (85–95)

Plaintiffs Warner Records Inc., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Warner Chappell Music, Inc., Warner-Tamerlane Publishing Corp., W Chappell Music Corp. d/b/a WC Music Corp., W.C.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC,

1

EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Entertainment World Inc. d/b/a EMI Foray Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Famous Music LLC, Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Limited, Universal/MCA Music Publishing Pty. Limited, Music Corporation of America, Inc., PolyGram Publishing, Inc., and Songs of Universal, Inc. (collectively "Plaintiffs"), through their undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby respond to Defendant Charter Communications, Inc.'s ("Charter") Second Set of Requests for Production ("Request(s)") upon Plaintiffs as follows. Plaintiffs' investigation into the facts of this case is ongoing and is not yet completed, and Plaintiffs therefore reserve the right to supplement or amend their responses and objections to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules, and any applicable order of this Court. The responses set forth herein are based solely on the information that is presently available and known to Plaintiffs.

**PLAINTIFFS' OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Plaintiffs object to Charter's definitions, instructions, and the individual Requests to the extent they seek to impose obligations other than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the District of Colorado, and any applicable order of this Court. Plaintiffs will interpret and respond to the Requests in the manner prescribed by the same.

2.     Plaintiffs object to the definitions and instructions to the extent they call for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common-interest privilege, or any other privilege or immunity under federal or state law.

3.     Any confidential or proprietary information pertaining to the Plaintiffs' businesses, technology, or economic relationships shall be disclosed solely pursuant to the protective order entered into by and between Charter and Plaintiffs (ECF No. 63), and any documents produced in response to the Requests herein shall be made pursuant to the protective order entered into by the parties in this case.

4.     Plaintiffs object to the definitions and instructions as overly broad and unduly burdensome to the extent they require Plaintiffs to produce documents or information beyond what Plaintiffs are able to locate from a reasonable and diligent search of their files.

5.     Plaintiffs' response to the Requests will be made without waiver of, and with the intentional preservation of:

   a. All objections as to the competence, relevance, materiality, privilege, confidentiality, authenticity, and admissibility as evidence in any aspect of this or any other legal proceeding;

   b. The right to object on any ground to the use of information or documents, or the subject matter thereof, in any aspect of this or any other legal proceeding;

   c. The right to object at any time to further requests for production on any ground;

   d. The right to revise, correct, supplement, or clarify the responses and objections propounded herein at any time; and

   e. The right to object to terms defined in the "Definitions" section of Charter's Second Set of Requests for Production but not actually used in any of the Requests in that Second Set.

6.  Identification or production of documents or information responsive to any discovery request should not be construed as:

   a. An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

   b. A waiver by Plaintiffs of any of their objections as set forth herein; or

   c. An agreement that requests for similar information will be treated in a similar manner.

7.  Plaintiffs interpret the Requests to include a reasonable time period of March 1, 2012 to May 17, 2016, and limit their responses to the requests for production accordingly, unless otherwise indicated below.

8.  Plaintiffs object to the definition of "Plaintiff," "Plaintiffs," "You," or "Your," to the extent it encompasses entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control. Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case. By including "all past and present . . . employees" of every corporate affiliate, parent, and predecessor of the Plaintiffs, Charter is requesting that Plaintiffs search for information relating to tens of thousands of persons, including even persons who have not worked for any Plaintiff in decades. By including "all past and present predecessors, successors, subsidiaries, affiliates, and parent companies[,]" Charter is requesting that Plaintiffs search for information held or pertaining to related corporate entities which have no connection to this matter. Plaintiffs will construe the terms "Plaintiff," "Plaintiffs," "You" or "Your" to refer to the specific entities named as Plaintiffs in this action.

9.  Plaintiffs object to the definition of "Communication" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition includes "telex" messages, which refers to messages sent on a public switched network of teleprinters that businesses used prior to the adoption of fax machines in the 1980s. Charter cannot justify the burden of searching for and reviewing telex messages since this case concerns Charter's

4

infringement of Plaintiffs' copyrights from 2013 to 2016. It is also unlikely that "posts on social media platforms or blogs" would contain relevant information not already publicly available to Charter. And any limited or tangential relevance of such information would be outweighed by the burden of searching an undefined number of social media and blog sites for, potentially, tens of thousands of current and former employees. Plaintiffs will construe "Communication" to mean oral and written transmittals of information which are reasonably searchable without undue burden to Plaintiffs, and likely to contain relevant information not already available to Charter.

      10.    Plaintiffs object to the definitions of "RIAA" and "MarkMonitor" to the extent those definitions encompass entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control. Plaintiffs further object to the definitions as overbroad, unduly burdensome, and disproportionate to the needs of the case. By including "past and present employees" of each such entity, Charter is requesting that Plaintiffs search for information relating to an unknown number of persons, all of whom are outside of Plaintiffs' control. Plaintiffs will construe "RIAA" to mean the Recording Industry Association of America itself and "MarkMonitor" to mean MarkMonitor, Inc. itself.

## OBJECTIONS AND RESPONSES TO CHARTER'S REQUESTS FOR PRODUCTION

**REQUEST NO. 85:**

      All analyses, presentations, assessments, and/or evaluations of the efficacy of Your anti-piracy efforts.

**OBJECTIONS TO REQUEST NO. 85:**

      Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including that it seeks "all analyses, presentations, assessments, and/or evaluations." "All analyses, presentations, assessments, and/or evaluations" about Plaintiffs' anti-piracy efforts goes far beyond the scope of information relevant to resolving the issues in the case and therefore presents an undue burden. In any event, Plaintiffs' antipiracy

5

efforts are not at issue in this case. Further, this Request is not drafted with the reasonably particularity required by Federal Rule of Civil Procedure 34(b); "antipiracy efforts" is vague and undefined. Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case. Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege, or other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE TO REQUEST NO. 85:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 86:**

All Communications between You and the RIAA discussing the processes, systems, and/or methodologies the RIAA (or third parties engaged by the RIAA) would use as part of its notice program, including instructions from You to the RIAA.

**OBJECTIONS TO REQUEST NO. 86:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because it seeks "all communications" about various "processes, systems, and/or methodologies." All such "communications" go far beyond the scope of information relevant to resolving the issues in the case, especially because they are not limited to the direct infringement of Plaintiffs' works in suit and seek information about third parties' activities not related to infringement of Plaintiffs' copyrights by Charter or its customers or users, and therefore the request presents an undue burden. Further, this Request is not drafted with the reasonably particularity required by Federal Rule of Civil Procedure 34(b); "processes,

6

systems, and/or methodologies" is vague and undefined, including in that there is no specification as to the kind of "processes, systems, and/or methodologies" called for, and "notice program" is vague and overbroad in failing to specify notice recipients that are relevant to this case. Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case. Plaintiffs object to this request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege, or other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE TO REQUEST NO. 86:**

Subject to the foregoing objections, Plaintiffs will produce non-privileged, non-work product communications between Plaintiffs and the RIAA, if any, that are in Plaintiffs' possession, custody or control, to the extent located following a reasonable and diligent search, concerning the processes, systems, or methodologies, as those terms are commonly understood, RIAA used in the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf.

**REQUEST NO. 87:**

All communications between You and the RIAA regarding any changes in whether You continued to own or possess an exclusive right to the works being monitored by MarkMonitor on Your behalf during Plaintiffs' Claim Period.

**OBJECTIONS TO REQUEST NO. 87:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because it seeks "all communications" about "any changes." All such "communications" go far beyond the scope of information relevant to resolving

7

the issues in the case, especially because they are not limited to the direct infringement of Plaintiffs' works in suit and seek information about third parties' activities not related to infringement of Plaintiffs' copyrights by Charter or its customers or users, and therefore this request presents an undue burden. Plaintiffs object to this request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege, or other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE TO REQUEST NO. 87:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 88:**

Documents sufficient to show, for each Copyright Work, the date that the Copyright Work was first identified on a peer-to-peer file sharing network as being available for download, the ISP providing internet service to the alleged direct infringer, and other identifying information, including the unique hash ID for the file on which the Copyright Work was allegedly contained.

**OBJECTIONS TO REQUEST NO. 88:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because it seeks documents about infringement over ISPs other than the defendant Charter and documents unrelated to the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf. Plaintiffs object to the characterization of works being unlawfully distributed over a peer-to-peer network as "being available for download" rather than as being distributed over that network. Plaintiffs object to this request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege, or other privilege or

immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE TO REQUEST NO. 88:**

Subject to the foregoing objections, Plaintiffs respond as follows: Plaintiffs have already produced documents sufficient to show the requested information.

**REQUEST NO. 89:**

Documents sufficient to show, for each Copyright Work, all observations of alleged infringement for that work through 2016, as known by You, the RIAA, and/or MarkMonitor, the ISP providing internet service to the alleged direct infringer for the alleged instance(s) of infringement, and other identifying information, including the unique hash ID for the file on which the Copyright Work was allegedly contained.

**OBJECTIONS TO REQUEST NO. 89:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because it seeks documents about infringement over ISPs other than the defendant Charter, infringement other than over a peer-to-peer network, and documents unrelated to the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf. Plaintiffs object to the request as seeking "observations" that are impossible to make, in that infringement over a peer-to-peer network is unobservable to anyone other than those engaged in the unlawful distribution. The infringements detected by MarkMonitor represent a tiny snapshot of the total infringing activity occurring through Charter's network. Plaintiffs object to this request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege, or other privilege or immunity recognized by law. Such information shall not be produced in response to

any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE TO REQUEST NO. 89:**

Subject to the foregoing objections, Plaintiffs respond as follows: Plaintiffs have already produced documents sufficient to show the requested information.

**REQUEST NO. 90:**

For the Copyrighted Works, copies of the digital files You used (or provided to a third party to use) to create a digital fingerprint through the Audible Magic System that were used by Audible Magic and/or MarkMonitor in connection with the creation of the infringement notices sent to Charter.

**OBJECTIONS TO REQUEST NO. 90:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because Plaintiffs have already produced, or will be producing digital copies of the works in suit and infringing copies of the works in suit. No other copies are necessary to establish direct infringement and therefore are not relevant or proportional to the needs of the case. Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit.

**RESPONSE TO REQUEST NO. 90:**

Pursuant to the foregoing objection, Plaintiffs have or will produce digital copies of the recordings in suit and infringing copies of the works in suit.

**REQUEST NO. 91:**

For the works for which you created digital fingerprints, as described in Request No. 92, documents sufficient to show those digital fingerprints.

**OBJECTIONS TO REQUEST NO. 91:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because Plaintiffs have already produced, or will be producing digital copies of the works in suit and infringing copies of the works in suit. No other copies are necessary to establish direct infringement and therefore are not relevant or proportional to the needs of the case. Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit.

**RESPONSE TO REQUEST NO. 91:**

Pursuant to the foregoing objections, Plaintiffs have or will produce digital copies of the recordings in suit and infringing copies of the works in suit.

**REQUEST NO. 92:**

Documents and communications sufficient to show the process used to create the digital fingerprints for the Copyrighted Works used by Audible Magic and/or MarkMonitor to match alleged infringements.

**OBJECTIONS TO REQUEST NO. 92:**

Plaintiffs object to the extent this request seeks technical and business information of third parties that is not within the possession, custody, or control of Plaintiffs and can be obtained with more detail and accuracy from those third parties. Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case. Plaintiffs also objects to the extent this request calls for documents protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege or protection from disclosure. Plaintiffs object on the ground that this request seeks documents that contain information that is highly confidential, proprietary, and/or trade secrets.

**RESPONSE TO REQUEST NO. 92:**

Subject to the foregoing objections, Plaintiffs will produce non-privileged, non-work product documents responsive to this request to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable and diligent search.

**REQUEST NO. 93:**

All Communications between You and MarkMonitor or Audible Magic exchanged for the purpose of matching of alleged infringing files of the Copyright Works by Charter subscribers with digital copies of the Copyright Works, including but not limited to regarding copies of all files, or portions, or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files) used as a reference for the purposes of fingerprinting, identifying, or verifying that files are copies of the Copyright Works.

**OBJECTIONS TO REQUEST NO. 93:**

Plaintiffs object that this request is overly broad, seeks information not relevant to or important in resolving the issues in the action, is unduly burdensome, and is not proportionate to the needs of the case. In particular, Plaintiffs objects to this request to the extent it seeks documents not related to the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf. Plaintiffs also object that this request is vague, ambiguous and confusing in whole, and particularly as to the phrases, "Communications . . . exchanged for the purpose of matching of alleged infringing files," and "including but not limited to regarding copies of all files, or portions, or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files) used as a reference for the purposes of fingerprinting, identifying, or verifying that files are copies of the Copyright Works." Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case. Plaintiffs also objects to the extent this request calls for documents protected by the attorney-client privilege, the

work product doctrine, the common-interest privilege, or any other applicable privilege or protection from disclosure. Plaintiffs object on the ground that this request seeks documents that contain information that is highly confidential, proprietary, and/or trade secrets.

**RESPONSE TO REQUEST NO. 93:**

Subject to the foregoing objections, and pursuant to the protective order in this case, Plaintiffs will produce non-privileged, non-work product communications with MarkMonitor or Audible Magic concerning Plaintiffs' provision of copies or fingerprints of the Copyright Works to MarkMonitor or Audible Magic to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable and diligent search.

**REQUEST NO. 94:**

All deposition transcripts and sworn affidavits wherein recording artists or songwriters (or their representatives) allege that You have underpaid (or failed to pay) royalties, fees, advances, or other payments.

**OBJECTIONS TO REQUEST NO. 94:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, because allegations regarding Plaintiffs' payment or underpayment of royalties to artists has no plausible relevance to the subject matter of this case and cannot bear on the claims at issue or the defenses thereto. Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case.

**RESPONSE TO REQUEST NO. 94:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 95:**

All correspondence between You and recording artists and/or songwriters (or their representatives) regarding allegations of Your failure to honor Your contractual obligations to them, including Your underpayment (or failure to pay) royalties, fees, advances, and other payments (including those related to audits) to them or the recording artists' and/or songwriters' (or their representatives') threats of termination of applicable agreements.

**OBJECTION TO REQUEST NO. 95:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, because allegations regarding Plaintiffs' payment or underpayment of royalties or other contractual payments to artists has no plausible relevance to the subject matter of this case and cannot bear on the claims at issue or the defenses thereto. Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case.

**RESPONSE TO REQUEST NO. 95:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.


Dated: March 26, 2020            */s/ Neema T. Sahni*
                                 Mitchell A. Kamin
                                 Neema T. Sahni
                                 Mark Chen
                                 COVINGTON & BURLING LLP
                                 1999 Avenue of the Stars, Suite 3500
                                 Los Angeles, California 90067-4643
                                 Telephone: (424) 332-4800
                                 mkamin@cov.com
                                 nsahni@cov.com
                                 mychen@cov.com

                                 Jonathan M. Sperling
                                 William O'Neill
                                 COVINGTON & BURLING LLP

14

The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneill@cov.com

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

15

**CERTIFICATE OF SERVICE**

I certify that on March 26, 2020, a true and correct copy of the foregoing was served on counsel for the parties of record.

*/s/ Neema T. Sahni*
Neema T. Sahni
