# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., et al.,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S FIRST AMENDED
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

In accordance with Federal Rules of Civil Procedure 26 and 36, Defendant Charter Networks, LLC ("Charter") responds to Plaintiffs' First Set of Requests for Admission as follows. These amended responses are made solely for the purposes of this litigation. Charter's investigation into the facts of this case is ongoing and is not yet completed, and Charter therefore reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court. The responses are based solely on the information that is presently available and specifically known to Charter.

**CHARTER'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Charter objects as follows to Plaintiffs' Definitions and Instructions. To the extent the Definitions or Instructions are incorporated into the requests in Plaintiffs' First Set of Requests for Admission, Charter incorporates these Objections as if set forth fully in response to each such request.

1. Charter objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

1

2. Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a protective order to be agreed upon by and between Charter and Plaintiffs.

3. To the extent that any Request, Definition, or Instruction may be construed as requiring Charter to characterize information or to speculate, Charter objects to such Request, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

4. Charter objects to the Requests insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Charter hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Requests, Definitions, or Instructions.

5. Charter objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

6. Charter objects to the Requests to the extent they seek information that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Charter (including, but not limited to, information that is currently within Plaintiffs' control).

7. Charter objects to each Request to the extent that it is duplicative or redundant of other discovery Requests.

8. Charter's responses herein do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Requests. Charter objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome;

(ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects. Without limiting the breadth and application of these objections, Charter further objects to the Definitions as follows:

9. Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information outside of Charter's possession, custody, and control with respect to "predecessors," and "any other person or entity…previously acting or purporting to act on behalf of the defendant."

10. Charter objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Charter to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

11. Charter objects to the definitions of "any," as overbroad and unduly burdensome. The definition is vague and ambiguous as it incorporates other undefined terms and incorporates definitions that are beyond the plain meaning of the words.

12. Charter objects to the definition of the term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

13. Charter objects to the definition of the term "Infringing Subscriber" as argumentative and improperly incorporating a legal conclusion. The definition of "Infringing

3

Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the activity that resulted in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was done by subscriber of Charter's services and that the activity was indeed copyright infringement.

14. Charter objects to the definition of the term "Subscriber" as overbroad and unduly burdensome, vague and ambiguous as it seeks to include subscribers beyond those identified in the Infringement Notices that Plaintiffs sent or were sent on Plaintiffs' behalf.

15. Charter objects to the definition of "User" as overbroad and unduly burdensome, and as vague and ambiguous, in particular to the extent that it calls for information not in the possession, custody, and control of Charter.

16. Charter objects to Plaintiffs' instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

17. Charter reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Requests at trial in this or any other action for any purpose whatsoever.

18. Charter hereby incorporates each of the foregoing objections into every response below as though fully set forth therein.

## CHARTER'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Admit that you did not terminate any Infringing Subscriber's access to your internet services during the Claim Period in response to an Infringement Notice.

**RESPONSE:** Charter objects to this request as vague and ambiguous, including as to the undefined terms "terminate" and "internet services." Charter further objects to this request to the

4

extent it is premised on and/or calls for a legal conclusion. Charter objects to the use of the term "Infringing Subscriber" as argumentative and improperly incorporates a legal conclusion. The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity identified in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was a subscriber of Charter's services. Charter further objects to Plaintiffs' use of the defined term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

Subject to and without waiving the foregoing objections, Charter admits that, between March 24, 2013-May 17, 2016, it did not terminate the Charter internet service of subscribers associated with accounts identified with IP addresses set forth in Plaintiffs' notices in response to a notice claiming that one or more of Charter's subscribers or unspecified users of Charter's internet service allegedly infringed a copyright.

**AMENDED RESPONSE:** Charter objects to this request as vague and ambiguous, including as to the undefined terms "terminate" and "internet services." Charter further objects to this request to the extent it is premised on and/or calls for a legal conclusion. Charter objects to the use of the term "Infringing Subscriber" as argumentative and improperly incorporates a legal conclusion. The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity identified in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was a subscriber of Charter's services. Charter further objects to Plaintiffs' use of the defined term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as

5

requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

Subject to and without waiving the foregoing objections, Charter admits that, between March 24, 2013-May 17, 2016, it did not terminate the Charter internet service of any subscribers associated with accounts identified with IP addresses set forth in Plaintiffs' notices in response to a notice claiming that one or more of Charter's subscribers or unspecified users of Charter's internet service allegedly infringed a copyright.

**REQUEST FOR ADMISSION NO. 2**

Admit that you did not suspend any Infringing Subscriber's access to your internet services during the Claim Period in response to an Infringement Notice.

**RESPONSE:** Charter objects to this request as vague and ambiguous, including as to the undefined terms "suspend" and "internet services." Charter further objects to this request to the extent it is premised on and/or calls for a legal conclusion. Charter objects to the use of the term "Infringing Subscriber" as vague and ambiguous as it can be interpreted to include subscribers beyond those identified in the Infringement Notices that Plaintiffs sent or were sent on Plaintiffs' behalf. The definition is argumentative and improperly incorporates a legal conclusion. The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity identified in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was a subscriber of Charter's services. Charter further objects to Plaintiffs' use of the defined term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

Subject to and without waiving the foregoing objections, Charter admits that, between

6

March 24, 2013-May 17, 2016, it did not suspend the Charter internet service of subscribers associated with accounts identified with IP addresses set forth in Plaintiffs' notices in response to a notice claiming that one or more of Charter's subscribers or unspecified users of Charter's internet service allegedly infringed a copyright.

**AMENDED RESPONSE**:   Charter objects to this request as vague and ambiguous, including as to the undefined terms "suspend" and "internet services." Charter further objects to this request to the extent it is premised on and/or calls for a legal conclusion. Charter objects to the use of the term "Infringing Subscriber" as vague and ambiguous as it can be interpreted to include subscribers beyond those identified in the Infringement Notices that Plaintiffs sent or were sent on Plaintiffs' behalf. The definition is argumentative and improperly incorporates a legal conclusion. The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity identified in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was a subscriber of Charter's services. Charter further objects to Plaintiffs' use of the defined term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

Subject to and without waiving the foregoing objections, Charter admits that, between March 24, 2013-May 17, 2016, it did not suspend the Charter internet service of any subscribers associated with accounts identified with IP addresses set forth in Plaintiffs' notices in response to a notice claiming that one or more of Charter's subscribers or unspecified users of Charter's internet service allegedly infringed a copyright.

**REQUEST FOR ADMISSION NO. 3**

Admit that you did not intentionally slow the upload or download speed of ("throttle") the broadband internet connection of any Infringing Subscriber during the Claim Period in response to an Infringement Notice.

**RESPONSE:** Charter objects to this request as vague and ambiguous, including as to the undefined terms "broadband internet connection." Charter further objects to this request to the extent it is premised on and/or calls for a legal conclusion. Charter objects to the use of the term "Infringing Subscriber" as vague and ambiguous as it can be interpreted to include subscribers beyond those identified in the Infringement Notices that Plaintiffs sent or were sent on Plaintiffs' behalf. The definition is argumentative and improperly incorporates a legal conclusion. The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity identified in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was a subscriber of Charter's services. Charter further objects to Plaintiffs' use of the defined term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

Subject to and without waiving the foregoing objections, Charter admits that, between March 24, 2013-May 17, 2016, it did not intentionally throttle the speed of the Charter internet service of subscribers associated with accounts identified with IP addresses set forth in Plaintiffs' notices in response to a notice claiming that one or more of Charter's subscribers or unspecified users of Charter's internet service allegedly infringed a copyright.

**AMENDED RESPONSE:** Charter objects to this request as vague and ambiguous, including as to the undefined terms "broadband internet connection." Charter further objects to this request to the extent it is premised on and/or calls for a legal conclusion. Charter objects to

8

the use of the term "Infringing Subscriber" as vague and ambiguous as it can be interpreted to include subscribers beyond those identified in the Infringement Notices that Plaintiffs sent or were sent on Plaintiffs' behalf. The definition is argumentative and improperly incorporates a legal conclusion. The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity identified in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was a subscriber of Charter's services. Charter further objects to Plaintiffs' use of the defined term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

Subject to and without waiving the foregoing objections, Charter admits that, between March 24, 2013-May 17, 2016, it did not intentionally throttle the speed of the Charter internet service of any subscribers associated with accounts identified with IP addresses set forth in Plaintiffs' notices in response to a notice claiming that one or more of Charter's subscribers or unspecified users of Charter's internet service allegedly infringed a copyright.

Date: June 18, 2020

By: */s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue

New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com
E-mail: scoorg@winston.com

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Phone: (303) 830-2400
Fax: (303) 830-1033
E-mail: cjoyce@fwlaw.com
E-mail: jtanner@fwlaw.com

*Counsel for Defendant
Charter Communications, Inc.*

10

## CERTIFICATE OF SERVICE

      I certify that on June 18, 2020 a true and correct copy of the foregoing was served via email on the below counsel of record for Plaintiffs:

Mitchell A. Kamin
Neema T. Sahni
Mark Chen
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
mychen@cov.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson
Benjamin M. Leoni
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Jonathan M. Sperling
William O'Neill
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneill@cov.com

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW Washington, DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

                                            */s/ Cesie C. Alvarez*
                                            Cesie C. Alvarez