# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION**

In accordance with Federal Rules of Civil Procedure 26 and 36, Defendant Charter Networks, LLC ("Charter") responds to Plaintiffs' Second Set of Requests for Admission as follows. These responses are made solely for the purposes of this litigation. Charter's investigation into the facts of this case is ongoing and is not yet completed, and Charter therefore reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court. The responses are based solely on the information that is presently available and specifically known to Charter.

**CHARTER'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Charter objects as follows to Plaintiffs' Definitions and Instructions. To the extent the Definitions or Instructions are incorporated into the requests in Plaintiffs' First Set of Requests for Admission, Charter incorporates these Objections as if set forth fully in response to each such request.

1.    Charter objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

1

2. Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a protective order to be agreed upon by and between Charter and Plaintiffs.

3. To the extent that any Request, Definition, or Instruction may be construed as requiring Charter to characterize information or to speculate, Charter objects to such Request, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

4. Charter objects to the Requests insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Charter hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Requests, Definitions, or Instructions.

5. Charter objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

6. Charter objects to the Requests to the extent they seek information that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Charter (including, but not limited to, information that is currently within Plaintiffs' control).

7. Charter objects to each Request to the extent that it is duplicative or redundant of other discovery Requests.

8. Charter's responses herein do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Requests. Charter objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome;

2

(ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects. Without limiting the breadth and application of these objections, Charter further objects to the Definitions as follows:

9. Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information outside of Charter's possession, custody, and control with respect to "predecessors," and "any other person or entity…previously acting or purporting to act on behalf of the defendant."

10. Charter objects to the definitions of "any," as overbroad and unduly burdensome. The definition is vague and ambiguous as it incorporates other undefined terms and incorporates definitions that are beyond the plain meaning of the words.

11. Charter objects to the definition of the term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

12. Charter objects to the definition of the term "adjudicated to be an infringer" as vague and ambiguous and misleading as the referenced document, ECF No. 160 at 13, simply states:

> Charter believes the facts will establish that its repeat infringer policy was reasonable and that the DMCA did not require it to cut off a subscriber's Internet service unless that subscriber was first adjudicated to be a repeat infringer, not merely based upon unsubstantiated third party assertions. Charter believes that the facts will show that none of Charter's subscribers who were accused by Plaintiffs were so adjudicated.

3

*Id.* The phrase Charter used in its submission was "adjudicated to be a repeat infringer" not "adjudicated to be an infringer" as stated in Plaintiffs' defined term.

13. Charter reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Requests at trial in this or any other action for any purpose whatsoever.

14. Charter hereby incorporates each of the foregoing objections into every response below as though fully set forth therein.

## CHARTER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 4

Admit that you did not terminate any Subscriber's access to your internet services during the Claim Period in response to an Infringement Notice.

**RESPONSE:** Charter objects to this request as vague and ambiguous, including as to the undefined terms "terminate" and "internet services." Charter further objects that the request is ambiguous, misleading, and overbroad as it incorrectly presumes that the alleged infringement identified in an Infringement Notice was engaged in by a subscriber of Charter's services. Charter further objects to Plaintiffs' use of the defined term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA. Charter further objects to this request to the extent it is duplicative of other Requests for Admission that Plaintiffs have propounded, including Plaintiffs' Request for Admission Number 1.

Subject to and without waiving the foregoing objections, Charter admits that, between March 24, 2013 and May 17, 2016, it did not terminate the Charter internet service of any subscribers associated with accounts identified with IP addresses set forth in any Infringement

4

Notices in response to a notice claiming that one or more of Charter's subscribers or unspecified users of Charter's internet service allegedly infringed a copyright.

### REQUEST FOR ADMISSION NO. 5

Admit that you did not suspend any Subscriber's access to your internet services during the Claim Period in response to an Infringement Notice.

**RESPONSE:** Charter objects to this request as vague and ambiguous, including as to the undefined terms "suspend" and "internet services." Charter further objects to this request to the extent it is premised on and/or calls for a legal conclusion. Charter further objects that Plaintiffs' request is ambiguous, misleading, and overbroad as it incorrectly presumes that the alleged infringement identified in an Infringement Notice was engaged in by a subscriber of Charter's services. Charter further objects to Plaintiffs' use of the defined term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA. Charter further objects to this request to the extent that it is duplicative of other Requests for Admission that Plaintiffs have propounded, including Plaintiffs' Request for Admission Number 2.

Subject to and without waiving the foregoing objections, Charter admits that, between March 24, 2013 and May 17, 2016, it did not suspend the Charter internet service of any subscribers associated with accounts identified with IP addresses set forth in any Infringement Notices in response to a notice claiming that one or more of Charter's subscribers or unspecified users of Charter's internet service allegedly infringed a copyright.

### REQUEST FOR ADMISSION NO. 6

Admit that you did not intentionally slow the upload or download speed of ("throttle") the broadband internet connection of any Subscriber during the Claim Period in response to an

5

Infringement Notice.

**RESPONSE:** Charter objects to this request as vague and ambiguous, including as to the undefined term "broadband internet connection." Charter further objects to this request to the extent it is premised on and/or calls for a legal conclusion. Charter further objects that the request is ambiguous, misleading, and overbroad as it incorrectly presumes that the alleged infringement identified in an Infringement Notice was engaged in by a subscriber of Charter's services. Charter further objects to Plaintiffs' use of the defined term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA. Charter further objects to this request to the extent that it is duplicative of other Requests for Admission that Plaintiffs have propounded, including Plaintiffs' Request for Admission Number 3.

Subject to and without waiving the foregoing objections, Charter admits that, between March 24, 2013 and May 17, 2016, it did not intentionally throttle the speed of the Charter internet service of any subscribers associated with accounts identified with IP addresses set forth in any Infringement Notices in response to a notice claiming that one or more of Charter's subscribers or unspecified users of Charter's internet service allegedly infringed a copyright.

**REQUEST FOR ADMISSION NO. 7**

Admit that Charter had no written policy during the Claim Period stating that Charter would only terminate a Subscriber's access to its internet service for copyright violations if the Subscriber had been "adjudicated to be an infringer."

**RESPONSE:** Charter objects to this request as vague and ambiguous, including as to the undefined term "written policy." Charter further objects to this request as it is premised on and/or calls for a legal conclusion. Charter objects to the use of the defined term "adjudicated to be an infringer" because it is vague, ambiguous and misleading for the reasons set forth in Paragraph 13

6

above.

Subject to and without waiving the foregoing objections, Charter denies the request.

Date: August 14, 2020

Charles K. Verhoeven
David Eiseman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
E-mail: charlesverhoeven@quinnemanuel.com
E-mail: davideiseman@quinnemanuel.com

Andrew H. Shapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
E-mail: andrewschapiro@quinnemanuel.com

Michael L. Brody
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
(312) 558-5600 (telephone)
(312) 558-5700 (facsimile)
E-mail: mbrody@winston.com

Cesie C. Alvarez
WINSTON & STRAWN LLP
800 Capitol St., Ste. 2400
Houston, TX 77002
(713) 651-2600 (telephone)
(713) 651-2700 (facsimile)
E-mail: calvarez@winston.com

By: */s/ Jennifer A. Golinveaux*

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

*Counsel for Defendant*
*Charter Communications, Inc.*

7

# CERTIFICATE OF SERVICE

I certify that on August 14, 2020 a true and correct copy of the foregoing was served via email on the below counsel of record for Plaintiffs:

Mitchell A. Kamin
Neema T. Sahni
Mark Y. Chen
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
mychen@cov.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Ste. 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com

Jonathan M. Sperling
William E. O'Neil
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneil@cov.com

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: (202) 662-5416
E-mail: moneill@cov.com

*Attorneys for Plaintiffs*

/s/ Cesie C. Alvarez
Cesie C. Alvarez