# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>   Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DEFENDANT CHARTER COMMUNICATIONS, INC.**
**RESPONSES TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Charter Communications, Inc. ("Charter") responds to Plaintiffs' Fourth Set of Requests for Production as follows. Charter's response is made solely for the purposes of this litigation. Charter's response is based upon a reasonable search, given the time allotted to respond to the requests, of facilities and files that could reasonably be expected to contain responsive information, and inquiries of Charter's employees and/or representatives who could reasonably be expected to possess responsive information. Charter's investigation into the facts of this case is ongoing and not yet completed, and Charter reserves the right to further supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court.

**CHARTER'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Charter objects to the Definitions, Instructions, and Requests to the extent they call for extensive electronic production, are overly broad, unduly burdensome, and oppressive. Charter further objects to the extent the Requests seek "all" documents relating to various subject matters.

1

Where appropriate, Charter reserves the right to seek cost-shifting for costs associated with electronic production of data stored in inaccessible or difficult or costly to access formats, and where otherwise appropriate.

2. Charter objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court, and to the extent they purport to require Charter to object, respond, or produce documents before the time provided by the Federal Rules of Civil Procedure, the Local Rules, and the applicable rules of this Court. Given the breadth and scope of the requests, Charter will produce non-objectionable responsive documents on a rolling basis.

3. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Charter objects to all Definitions, Instructions, and Requests to the extent that they require Charter to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Requests would subject Charter to undue burden and expense.

4. Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a protective order to be agreed upon by and between Charter and Plaintiffs.

5. To the extent that any Request, Definition, or Instruction may be construed as requiring Charter to characterize documents or their contents or to speculate as to what documents may or may not show, Charter objects to such Request, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

6.	Charter objects to the Requests insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Charter hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Requests, Definitions, or Instructions.

7.	Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to the Stipulated Protective Order entered by the Court on September 9, 2019 (ECF No. 63).

8.	Charter objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

9.	Charter objects to the Requests to the extent they seek documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Charter (including, but not limited to, information that is currently within Plaintiffs' control).

10.	Charter objects to each Request to the extent that it is duplicative or redundant of other requests.

11.	Charter objects to Instruction 6 to the extent it calls for the production of original documents.

12.	Charter's responses herein, and its production of documents in response to the Requests, do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Requests. Charter objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary

3

and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects.  Without limiting the breadth and application of these objections, Charter further objects to the Definitions as follows:

13. Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information outside of Charter's possession, custody, and control with respect to "predecessors," and "any other person or entity…previously acting or purporting to act on behalf of the defendant."

14. Charter objects to the definition of the term "document" as ambiguous as it relies on undefined terms.  Charter further objects to the definition of the term for misconstruing the definitions from Federal Rule of Civil Procedure 34(a). The Federal Rule refers to documents separate and apart from "electronically stored information." *Id.* ("any designated documents **or** electronically stored information") (emphasis added).

15. Charter objects to the definition of the term "communication" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition includes "voicemails" and "text messages". This would require Charter to search for such messages sent from 2012 and 2016. Any limited relevance of such information would be outweighed by the burden of locating and searching an undefined number of such messages. The definition is further vague and ambiguous as it incorporates other undefined terms. Charter construes "Communication" to mean oral and written transmittals of information which are reasonably searchable without undue burden to Charter, and likely to contain relevant information.

16. Charter objects to the definition of the term "concerning" as so overbroad to be meaningless.

17. Charter objects to the definitions of "any," as overbroad and unduly burdensome. The definition is vague and ambiguous as it incorporates other undefined terms and incorporates definitions that are beyond the plain meaning of the words.

18. Charter objects to the definition of the term "CATS" as so overbroad to be meaningless. The definition in and of itself is a discovery request by incorporating "programs, procedures, software, or policies related thereto" into the definition. For example, if Plaintiffs were to submit a request for documents related to "CATS," with the term as it is presently defined, Charter would have to respond by producing not only documents related to the CATS system, but also procedures, software, and policies. As a consequence, any request using the term "CATS" as presently defined would be unduly burdensome. Charter construes "CATS" to mean the Charter Abuse Tracking System program.

19. Charter objects to the definition of the term "adjudicated to be an infringer" as vague and ambiguous and misleading as the referenced document, ECF No. 160 at 13, simply states:

> Charter believes the facts will establish that its repeat infringer policy was reasonable and that the DMCA did not require it to cut off a subscriber's Internet service unless that subscriber was first adjudicated to be a repeat infringer, not merely based upon unsubstantiated third party assertions. Charter believes that the facts will show that none of Charter's subscribers who were accused by Plaintiffs were so adjudicated.

*Id.* The phrase Charter used in its submission was "adjudicated to be a repeat infringer" not "adjudicated to be an infringer" as stated in Plaintiffs' defined term.

20. Unless otherwise specified, Charter will utilize March 1, 2012 through May 17, 2016 as the relevant period for purposes of these discovery requests (the "Discovery Period").

5

21. Charter reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Requests at trial in this or any other action for any purpose whatsoever.

22. Charter hereby incorporates each of the foregoing objections to the instructions and definitions into every response below as though fully set forth therein.

**CHARTER'S OBJECTION TO PRODUCING PRIVILEGED DOCUMENTS**

Charter objects to the Requests to the extent that they seek documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. To the extent that any information protected from disclosure by applicable privilege or immunity is inadvertently provided in response to a Request, that production shall not be deemed a waiver of the applicable privilege or protection, claim of confidentiality, or other objection. Fed. R. Evid. 502(b). Unless and until a protective order between the parties specifies otherwise, if Charter notifies Plaintiffs that it disclosed privileged or protected information inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or rectify the error, Plaintiffs must immediately return the inadvertently produced privileged material to Charter, including any copies. In all events, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. In addition, Plaintiffs must not use such items for any purpose until further order of the Court. In the event that an inadvertent production or identification of information is deemed by this Court to be a waiver of any privilege or immunity, the waiver shall be a limited waiver pertaining to that information only. Should Charter withhold or redact any documents on the basis of the attorney client and work product privileges, Charter will produce a privilege log.

**DATE AND TIME OF PRODUCTION(S)**

6

Charter will begin producing documents on a rolling basis within thirty (30) days of service of these responses and objections.

## PRODUCTION FORMAT

Charter agrees to produce the requested documents and information in accordance with the Court's Order Approving the Protocol for Producing Documents and ESI (ECF No. 70).

## CHARTER'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

**REQUEST NO. 80** Charter's alleged policy to only terminate a Subscriber in connection with copyright infringement if the Subscriber had been "adjudicated to be a repeat infringer."

**ANSWER:** Charter objects that this request is overbroad and unduly burdensome to the extent it seeks production of all documents concerning general subjects, such that the request fails to describe with reasonable particularity the items or categories of items to be produced. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter objects to the use of the defined term "adjudicated to be an infringer" because it is vague, ambiguous and misleading for the reasons set forth in Paragraph 13 above. Charter further objects to this request as duplicative of other requests that Plaintiffs have propounded, including Plaintiffs' Request for Production number 8.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents from the Discovery Period sufficient to show Charter's referenced policy to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 81** Documents reflecting any efforts or action taken by Charter to determine whether any of its Subscribers had been "adjudicated to be a repeat infringer," (*see* Charter's Submission Regarding its Affirmative Defenses at 13, ECF No. 160), including all documents concerning Charter's (i) criteria for determining whether a Subscriber had been "adjudicated to be a repeat infringer," (ii) protocols for identifying any Subscriber that had been

7

"adjudicated to be a repeat infringer," (iii) notations in CATS or any other internal tracking system evidencing that any Subscriber had been "adjudicated to be a repeat infringer," (iv) internal communications concerning whether any Subscriber had been "adjudicated to be a repeat infringer," and (v) communications with Subscribers suspected of having been, or deemed to have been, "adjudicated to be a repeat infringer."

**ANSWER:** Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense. Charter also objects that this request is overbroad and unduly burdensome to the extent it seeks production of all documents concerning general subjects, such that the request fails to describe with reasonable particularity the items or categories of items to be produced. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request as it is premised on and/or calls for a legal conclusion. Charter objects to the use of the term "Subscriber" as vague, ambiguous, and overbroad as it can be interpreted to include subscribers beyond those identified in the Infringement Notices that Plaintiffs sent or were sent on Plaintiffs' behalf. Charter objects to the use of the defined term "adjudicated to be an infringer" because it is vague, ambiguous and misleading for the reasons set forth in Paragraph 13 above. Charter further objects to this request as duplicative of other requests that Plaintiffs have propounded, including Plaintiffs' Request for Production numbers 3, 4, 8, 16, 27, 28, 29, 31, 38, 45, and 56.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents during the Discovery Period limited to subscribers identified in Plaintiffs' copyright notices to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 82:** Documents reflecting, discussing, or evidencing Charter's or its employees' purported belief that the "DMCA did not require it to cut off a subscriber's Internet service unless that subscriber was first adjudicated to be a repeat infringer" (*see* Charter's Submission Regarding its Affirmative Defenses at 13, ECF No. 160).

**ANSWER:** Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense. Charter also objects that this request is overbroad and unduly burdensome to the extent it seeks production of all documents concerning general subjects, such that the request fails to describe with reasonable particularity the items or categories of items to be produced. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request as duplicative of other requests that Plaintiffs have propounded, including Plaintiffs' Request for Production numbers 8, 16, 28, 30, 31, and 45.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents during the Discovery Period to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 83:** Documents concerning the use of virtual private networks ("VPNs") by Charter's Subscribers or Users to avoid detection of copyright infringement.

**ANSWER:** Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense. Charter also objects that this request is overbroad and unduly burdensome to the extent it seeks production of all documents concerning general subjects, such that the request fails to describe with reasonable particularity the items or categories of items to be produced. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request as it is premised on and/or calls for a legal conclusion. Charter objects to this request as vague and ambiguous, including as to the undefined term "virtual private networks" and as to the inclusion

of an unexplained concept of "avoid[ing] detection of copyright infringement."

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents during the Discovery Period concerning those subscribers associated with accounts identified with IP addresses set forth in Plaintiffs' notices, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 84:** Communications between Charter and any current or former Charter Subscriber regarding "Charter's intent to disclose their name and contact information pursuant to [the] Order" Regarding Personal Identifying Information in this case (ECF 182). For clarity, this request includes any communications sent or received by Charter's outside or in-house counsel.

**ANSWER:** Charter objects to this request as it seeks information that is not relevant to any party's claim or defense. Charter also objects that this request is overbroad and unduly burdensome to the extent it seeks production of all documents concerning general subjects, such that the request fails to describe with reasonable particularity the items or categories of items to be produced. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Date: August 14, 2020                                By: */s/ Jennifer A. Golinveaux*

Charles K. Verhoeven
David Eiseman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
E-mail: charlesverhoeven@quinnemanuel.com
E-mail: davideiseman@quinnemanuel.com

Andrew H. Shapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

191 N. Wacker Drive, Suite 2700  
Chicago, IL 60606  
(312) 705-7400 (telephone)  
(312) 705-7401 (facsimile)  
E-mail: andrewschapiro@quinnemanuel.com  

Michael L. Brody  
WINSTON & STRAWN LLP  
35 W. Wacker Dr.  
Chicago, IL 60601  
(312) 558-5600 (telephone)  
(312) 558-5700 (facsimile)  
E-mail: mbrody@winston.com  

Cesie C. Alvarez  
WINSTON & STRAWN LLP  
800 Capitol St., Ste. 2400  
Houston, TX 77002  
(713) 651-2600 (telephone)  
(713) 651-2700 (facsimile)  
E-mail: calvarez@winston.com  

(212) 294-6700 (telephone)  
(212) 294-4700 (facsimile)  
E-mail: melkin@winston.com  
E-mail: tlane@winston.com  
E-mail: sspitzer@winston.com  

Erin R. Ranahan  
WINSTON & STRAWN LLP  
333 S. Grand Avenue  
Los Angeles, CA 90071  
(213) 615-1933 (telephone)  
(213) 615-1750 (facsimile)  
E-mail: eranahan@winston.com  

Craig D. Joyce  
Fairfield and Woods, P.C.  
1801 California Street, Suite 2600  
Denver, Colorado 80202  
(303) 830-2400 (telephone)  
(303) 830-1033 (facsimile)  
E-mail: cjoyce@fwlaw.com  

*Counsel for Defendant*  
*Charter Communications, Inc.*

11

## CERTIFICATE OF SERVICE

        I certify that on August 14, 2020 a true and correct copy of the foregoing was served via email on the below counsel of record for Plaintiffs:

Mitchell A. Kamin
Neema T. Sahni
Mark Y. Chen
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
mychen@cov.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Ste. 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com

Mitchell A. Kamin
Neema T. Sahni
Mark Chen
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
mychen@cov.com

Jonathan M. Sperling
William E. O'Neil
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneil@cov.com

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: (202) 662-5416
E-mail: moneill@cov.com

*Attorneys for Plaintiffs*

Jonathan M. Sperling
William O'Neill
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneill@cov.com

Megan M. O'Neill

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson
Benjamin M. Leoni
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

COVINGTON & BURLING LLP
850 Tenth Street, NW Washington, DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

/s/ Cesie C. Alvarez
Cesie C. Alvarez

13