# Exhibit N

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T  +1 424 332 4800

**Via Email**                                                                                                  June 15, 2020

Special Master Regina Rodriguez
1225 17th Street, Suite 2600
Denver, CO 80202
regina.rodriguez@wilmerhale.com

Re:   *Warner Records, Inc., et al. v. Charter Commcn's, Inc.*,
      D. Colo. Case No.: 19-cv-00874-RBJ-MEH

Dear Ms. Rodriguez:

We write in response to Charter's June 5, 2020 letter.

Before turning to the substance of Charter's letter, we must address an equally important issue concerning process. We object to Charter's practice of writing letters to the Special Master as a method of making incremental demands for additional discovery, in lieu of either formal discovery requests or a motion to compel compliance with such a request. This discovery-by-letter-writing is anathema to the Federal Rules of Civil Procedure and does not aid in resolving disputes, which should be raised only after a proper meet and confer, and only when discretion dictates. If Charter wanted to challenge Plaintiffs' compliance with your April 28 Order, it should have sought leave to do so, after a meet-and-confer process.

Now, we turn to Charter's June 5 letter, which is inaccurate in two fundamental respects. *First*, the letter's descriptions of the technology and processes used by Audible Magic and MarkMonitor are erroneous—so much so that they seem designed to confuse. If you intend to consider Charter's request, we will gladly provide a more detailed explanation of the technology such that you have an understanding of why Charter's submission and request are unhelpful.

*Second*, Plaintiffs have fully complied with your April 28 Order, and Charter's suggestion to the contrary is wrong. The April 28 Order indicated that "Plaintiffs agreed to undertake to find the answer to Defendant's question if they are able[.]" As stated in our submission, we investigated and provided our findings. Our June 1 submission did exactly what the Order required.

Defendant asked whether the files Plaintiffs have produced are the "same files" used to generate Audible Magic's fingerprints. Leaving aside that the question that Charter asks is

**COVINGTON**

Special Master Regina Rodriguez
June 15, 2020
Page 2

ultimately irrelevant to the case[1], the way to determine that *is* by reference to the ISRC, which is a unique and permanent identifier of a given recording. Record companies identify each recording based on its unique ISRC, and by definition do not maintain multiple digital files with different content, all associated with a single ISRC. Put another way, a digital file associated with a given ISRC in 2015 will have the same audio content as a digital file associated with that ISRC today.

Charter's argument that something more is necessary is, to put it simply, incomprehensible. Charter says that confirmation that the two files have the same ISRC "does not answer the question of whether the same files were used." Charter is wrong; because the ISRC is a unique identifier, it does answer that question. Charter also says that matching ISRCs does not tell them "what portion of the recording was contained on the Reference File." To the extent Charter means that the digital file used to create a fingerprint may have contained only a *portion* of a recording associated with a given ISRC, Plaintiffs can confirm that those files were, in each instance, complete copies of the sound recording associated with the applicable ISRC.

Charter's demand for a new discovery order, compelling production of information explaining *how* Plaintiffs did exactly what the April 28 Order required them to do, is both procedurally and substantively improper. If Charter seeks additional information beyond what was required by the April 28 Order, it must serve a discovery request or meet and confer on any existing request it believes calls for this information.

Charter's request should be denied. To the extent the Special Master is inclined to entertain Charter's request, we respectfully request the opportunity to be heard more fully pursuant to a fixed and close-ended briefing schedule.

Sincerely,

*/s/ Neema T. Sahni*
Neema T. Sahni

---

[1] As we have explained, Charter's question has no relevance to any issue in the case. Whether the file downloaded or distributed by a Charter subscriber infringes one of Plaintiffs' works—and thus, likewise, whether the notice alleging such infringement was accurate—can be determined simply by comparing the infringing file (identified by its unique hash value) to any copy of the work (for example, by listening to them both). Charter's letter claims that this is not true, but offers no *explanation* as to why it is not. In plain English, the torrent file either includes one of Plaintiffs' works or it does not, and if it does, the notice alleging infringement is accurate.