# Exhibit O

| | |
|---|---|
| **From:** | Golinveaux, Jennifer |
| **To:** | Hill, Phil; Regina.Rodriguez@wilmerhale.com; Tracy.Gomez@wilmerhale.com |
| **Cc:** | Sahni, Neema T; Kamin, Mitchell A; Sperling, Jonathan; Jackson, Marianna; Fields, Michael; Ehlers, J. Hardy; Lampros, Nicholas M.; Matt Oppenheim; Scott Zebrak; Jeff Gould; Andrew Guerra; Janette Ferguson; Elkin, Michael; Lane, Thomas; Ranahan, Erin; Spitzer, Seth; Alvarez, Cesie; Ellis, Emily; Padmanabhan, Krishnan; Anderson, Sean; cjoyce@fwlaw.com; Jtanner@fwlaw.com |
| **Subject:** | RE: Warner Records, Inc., et al. v. Charter Communications, Inc. - Case No. 19-cv-00874-RBJ-MEH - Correspondence from Plaintiffs |
| **Date:** | Tuesday, June 16, 2020 7:46:14 PM |

Dear Ms. Rodriguez,

I write briefly in response to Plaintiffs' June 15, 2020 letter regarding the Audible Magic Reference Files.

Rather than simply respond to your order requiring Plaintiffs to tell Charter whether the music files they have produced to date are the same files used to create the Audible Magic fingerprints, Plaintiffs double down on their non-answer, reiterating their position that the question itself is irrelevant and that they have also adequately responded to the question by saying that the files they are producing have the same "IRPC codes" so they must be the same songs. Plaintiffs also take issue with Charter raising the inadequacy of their response in a letter to you and say Charter should have instead addressed it by motion and a briefing schedule should be set.

The entire purpose of your requiring Plaintiffs to answer the straightforward question at hand was to _streamline_ the discovery process so Charter would know whether it was necessary to separately move to compel the Reference Files or if they have in fact already been produced. To now take the position that obtaining an answer to that question should entail yet another round of motion practice defeats the purpose of the initial order. Plaintiffs should simply answer the question: if the files that have been produced are the same files used to make the Audible Magic fingerprints then Charter need not move to compel the Reference Files; if they are not, Charter will proceed with its motion to compel.

Equally troubling, it is unclear how Plaintiffs have now determined that some of the files they have produced contain the same ISRC code as the Reference Files, since Plaintiffs have never produced a list of the Reference Files, let alone their ISRC codes. During meet and confer last week regarding Charter's outstanding RFPs for the Reference Files and the corresponding database of fingerprints (RFPs 90 and 91), Charter asked Plaintiffs to simply confirm whether or not Plaintiffs had possession of the Reference Files, and Plaintiffs declined to do so on the grounds that the issue is before you. (You recently denied Charter's motion to compel these materials without prejudice, pending Plaintiffs' response on whether they have produced the Reference Files.  (ECF 181 at 25-26.))

Plaintiffs' repeated claim that Charter's question regarding the Reference Files is irrelevant

because Charter can simply compare Plaintiffs' works to copies of the alleged infringements from the MarkMonitor Hard Drive, June 15 Letter at n. 1, is equally troubling. As Plaintiffs well know, the MarkMonitor Hard Drive does not contain copies of allegedly infringing files taken from the computers of Charter subscribers during the 2012-2015 notice period, but instead copies of files MarkMonitor located *after the fact* in March 2016.  And even as to those, Plaintiffs' are disingenuous in suggesting (in footnote 1 of their letter) that Charter need merely "listen[ ] to" the files on the Hard Drive to determine whether a file found on a subscribers' computer was infringing because "the torrent file [referenced in a notice] either includes one of Plaintiffs' works or it does not." One of many problems with this blithe assertion is that our initial review of the hard drive indicates that it contains files from about 3,800 torrents, whereas the notices sent to Charter allege infringement of works contained in just under 10,000 torrents.  It is not possible to "listen" to files from most of the 10,000 torrents listed in the notices by playing a recording on the hard drive if 6,200 of the 10,000 torrents are not there.  The fingerprints used by Audible Magic and the reference files from which the fingerprints were made might fill this gap in Plaintiff's proof, because they would make it possible to connect what was (supposedly) found to what is allegedly infringed.  Or they might disconfirm Plaintiff's claim, by showing that the files that Charter's subscribers possessed did not match fingerprints made from the works in suit.  Either way, the Reference Files are highly relevant to determine whether the files that Charter's subscribers allegedly possessed were actually copies of works-in-suit, and, thus, potentially infringing.

Charter reiterates its position that Plaintiffs should respond to your Order and state whether the files that have been produced are in fact the Reference Files or not. If you believe that further briefing on the adequacy of Plaintiffs' response to your Order is called for, Charter will of course provide it either as part of a motion to enforce your Order and for appropriate sanctions, or as part of a renewed motion to compel production of the Reference Files. Charter is also available for a call to discuss this issue, should you deem it helpful.

Sincerely,
Jennifer Golinveaux

**Jennifer Golinveaux**
Winston & Strawn LLP
D: +1 415-591-1506
M: +1 415-699-1802
winston.com

WINSTON & STRAWN LLP

**From:** Hill, Phil <PAHill@cov.com>
**Sent:** Monday, June 15, 2020 8:21 AM

**To:** Regina.Rodriguez@wilmerhale.com; Tracy.Gomez@wilmerhale.com
**Cc:** Sahni, Neema T <nsahni@cov.com>; Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Jackson, Marianna <MJackson@cov.com>; Fields, Michael <MFields@cov.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Matt Oppenheim <Matt@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Jeff Gould <Jeff@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Janette Ferguson <jferguson@lewisbess.com>; Elkin, Michael <MElkin@winston.com>; Lane, Thomas <TLane@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Ellis, Emily <EEllis@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>; cjoyce@fwlaw.com; Jtanner@fwlaw.com
**Subject:** RE: Warner Records, Inc., et al. v. Charter Communications, Inc. - Case No. 19-cv-00874-RBJ-MEH - Correspondence from Plaintiffs

Dear Ms. Rodriguez,

Plaintiffs submit the attached letter in response to Charter's June 5 letter.

Sincerely,

**Phil Hill**

Covington & Burling LLP
The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1033 | pahill@cov.com
www.cov.com

**COVINGTON**

---

**From:** Anderson, Sean <SRanderson@winston.com>
**Sent:** Friday, June 5, 2020 5:35 PM
**To:** Regina.Rodriguez@wilmerhale.com; Tracy.Gomez@wilmerhale.com
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Jackson, Marianna <MJackson@cov.com>; Fields, Michael <MFields@cov.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Matt Oppenheim <Matt@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Jeff Gould <Jeff@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Janette Ferguson <jferguson@lewisbess.com>; Elkin, Michael <MElkin@winston.com>; Lane, Thomas <TLane@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Ellis, Emily <EEllis@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; cjoyce@fwlaw.com; Jtanner@fwlaw.com; Hill, Phil <PAHill@cov.com>
**Subject:** RE: Warner Records, Inc., et al. v. Charter Communications, Inc. - Case No. 19-cv-00874-

RBJ-MEH - Correspondence from Plaintiffs

**[EXTERNAL]**
Dear Ms. Rodriguez,

Please see the attached letter regarding the Audible Magic Reference Files, which Charter submits in response to Plaintiffs' June 1 letter.

Sincerely,

**Sean R. Anderson**
**Associate Attorney**
Winston & Strawn LLP
D: +1 212-294-5388
M: +1 734-693-5457
F: +1 212-294-4700

VCard | Email | winston.com



**From:** Hill, Phil <PAHill@cov.com>
**Sent:** Monday, June 1, 2020 8:04 PM
**To:** Regina.Rodriguez@wilmerhale.com; Tracy.Gomez@wilmerhale.com
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Jackson, Marianna <MJackson@cov.com>; Fields, Michael <MFields@cov.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Matt Oppenheim <Matt@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Jeff Gould <Jeff@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Janette Ferguson <jferguson@lewisbess.com>; Elkin, Michael <MElkin@winston.com>; Lane, Thomas <TLane@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Ellis, Emily <EEllis@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Anderson, Sean <SRanderson@winston.com>; cjoyce@fwlaw.com; Jtanner@fwlaw.com
**Subject:** RE: Warner Records, Inc., et al. v. Charter Communications, Inc. - Case No. 19-cv-00874-RBJ-MEH - Correspondence from Plaintiffs

Dear Ms. Rodriguez,

Plaintiffs submit the attached letter pursuant to the April 28, 2020 Order, Dkt. 164.

Sincerely,

**Phil Hill**

Covington & Burling LLP

The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1033 | pahill@cov.com
www.cov.com

**COVINGTON**

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.