# Exhibit 9

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLORADO
 2
    Case No. 19-cv-874-RBJ-MEH
 3  _____

 4  WARNER RECORDS, INC., et al.,

 5      Plaintiffs,

 6  vs.

 7  CHARTER COMMUNICATIONS, INC.,

 8      Defendant.
    _____
 9

10         Proceedings before MICHAEL E. HEGARTY, United

11  States Magistrate Judge, United States District Court for the

12  District of Colorado, commencing at 10:52 a.m., September 9,

13  2020, in the United States Courthouse, Denver, Colorado.

14  _____

15  WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE HEREIN

16  TYPOGRAPHICALLY TRANSCRIBED. . .

17  _____

18                          APPEARANCES

19         JONATHAN M. SPERLING, MATTHEW J. OPPENHEIMER, NEEMA

20  SAHNI and JEFF GOULD, Attorneys at Law, appearing for the

21  Plaintiffs.

22  _____

23

24              ORAL ARGUMENT/IN COURT HEARING

25
```

                                                                    2

```
 1                   APPEARANCES (continued)
 2              ANDREW H. SCHAPIRO, ERIN R. RANAHAN, JACK M.
 3   TANNER, ALLISON H. HUEBERT, JENNIFER A. GOLINVEAUX and
 4   MICHAEL L. BRODY, Attorneys at Law, appearing for the
 5   Defendant.
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1   their claims.  So if we have a hash spreadsheet that shows a
2   title, that's -- again, we're getting back to the same issue
3   with the versions and the eight different versions of "Born
4   to Run," and so we're trying to figure out, well, for this --
5   which notice are you claiming is that version of the song
6   that was included and we can't efficiently do that.  They
7   clearly have more access to which works they're claiming for
8   which notice.  They have done it for somewhere between some
9   and maybe all, but it is something that is not just equally
10  accessible burden.
11          This is their works, they know the decisions they
12  made about which they included.  They've made a decision that
13  the work has to be three different times infringed, so they
14  must have known which works have been, you know, subject to
15  which notices.  We don't know that without them giving it to
16  us in a way that's verified and not us trying to piece it
17  together from public sources that we're trying to figure out.
18          MR. OPPENHEIM:  Just -- Your Honor, it just doesn't
19  make any sense.  I just said that -- and I showed you a
20  letter.
21          THE COURT:  It makes sense.  It may not be fair,
22  but it makes sense.
23          MR. OPPENHEIM:  No, they have the spreadsheets,
24  they have the files.
25          THE COURT:  And it makes sense that they would want

1  you to do the work.

2          MR. OPPENHEIM:  Oh, yes, okay, I get it, they would
3  like us to do work that we have no intent to do, right.  And
4  so they should -- if they want to do this analysis, as my
5  grandmother would say, you know, go with God and do it.  You
6  know, have at it, they can do it.

7          THE COURT:  By the way, can we have some levity at
8  all?  Is that okay with you guys.

9          MR. SCHAPIRO:  Please.

10         THE COURT:  So there is a thread going on back in
11 Chambers -- turn the record off for a second.

12         (Record turned off.)

13         THE COURT:  It makes sense, but to the extent the
14 Special Master, Ms. Rodriguez, based her ruling on the fact
15 that this information already exists and I accept plaintiffs'
16 counsel representation that it doesn't, then I find that
17 that's reversible, okay.

18         What's the next -- oh --

19         MS. RANAHAN:  But what about to the extent that she
20 said it does?

21         THE COURT:  Yeah, but that's a different issue, but
22 I don't know what that looks like as far as I don't want
23 either of you -- I mean, if you want -- if you're going to
24 push on that door, you may potentially erode a base you might
25 have for getting into your work product, so if you want to

```
 1   tread there, I'm ready -- I can hear that argument.  Is that
 2   where you want to tread?
 3            MR. SCHAPIRO:  Let us consult.
 4            THE COURT:  Okay.
 5            MR. SCHAPIRO:  Your Honor, for now I think we will
 6   leave.  It's possible that after the argument on one of the
 7   two remaining issues --
 8            THE COURT:  Okay.
 9            MR. SCHAPIRO:  -- there may be -- this may be
10   relevant in a different way, so --
11            THE COURT:  We'll keep that in reserve?
12            MR. SCHAPIRO:  Yes.
13            THE COURT:  Okay, I'm not ruling on that part.
14            MR. OPPENHEIM:  Four down, two to go, Your Honor.
15   Number 5 --
16            THE COURT:  I set the other parties at 3:30.  I
17   figured it's going to be a good hour from the moment you step
18   out of here to the moment you're stepping into the airport,
19   which would be 4:30, and you probably need to be there even
20   in -- I don't know.  Did you fly in yesterday?
21            MR. OPPENHEIM:  Yes.
22            THE COURT:  Was there anybody in the security
23   lines?
24            MR. OPPENHEIM:  Not too bad.
25            THE COURT:  Yeah, okay.
```

236

```
 1   conclusion at 4:13 p.m.)

 2

 3

 4                  TRANSCRIBER'S CERTIFICATION

 5   I certify that the foregoing is a correct transcript to the

 6   best of my ability to hear and understand the audio recording

 7   and based on the quality of the audio recording from the

 8   above-entitled matter.

 9

10   /s/ Dyann Labo                      September 18, 2020

11   Signature of Transcriber                  Date

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```