IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00874-RBJ-MEH

WARNER BROS. RECORDS INC., et al.,

                Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

                Defendant.

---

**SPECIAL MASTER'S ORDER RE: PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

---

**Entered by Regina M. Rodriguez, Special Master, on September 29, 2020,**

    Plaintiffs seek a Protective Order (a) staying all discovery into Charter's counterclaims until after Judge Jackson renders a decision on Plaintiffs' motion to dismiss those claims, and (b) staying Charter's noticed 30(b)(6) deposition of the Universal Music Publishing Plaintiffs and any other depositions of Plaintiffs.

    **For the foregoing reasons, Plaintiffs' motion is denied.**

## I.   BACKGROUND

    This case arises out of the alleged secondary infringement by the Defendant of Plaintiffs' copyrighted works. On March 18, 2020, Charter filed its Partial Answer, Affirmative Defenses, and Counterclaims to Count I of the First Amended Complaint, asserting counterclaims against Plaintiffs for: (a) violation of the Digital Millennium Copyright Act ("DMCA"), based on the

knowing transmission of materially inaccurate notices of alleged infringement, and (b) declaratory judgment that Charter is not liable for contributory infringement of the works-in-suit. Dkt. 147; Opp. 1. On April 29, 2020, Charter amended its counterclaims as a matter of right to add counterclaims for: (a) violation of the Colorado Consumer Protection Act ("CCPA"), and (b) declaratory judgment that it is not liable for vicarious infringement of the works-in-suit. Dkt. 165; Opp. 1. Plaintiffs have moved to dismiss Charter's counterclaims. Dkt. 189; Pl. Mot. 2.

On May 29, 2020, Charter served Plaintiffs with discovery requests, many of which Plaintiffs allege relate to Charter's counterclaims. Pl. Mot. 3. On July 27, 2020, Charter served on Plaintiffs a notice of 30(b)(6) deposition seeking to depose corporate designees for the Universal Music Publishing Plaintiffs. *Id.* On August 21, 2020, Plaintiffs submitted this motion for protective order seeking to stay the discovery requests related to Charter's counterclaims and to stay Charter's 30(b)(6) deposition. This matter has been fully briefed and is now ripe for review.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Osei v. Brooks*, No. 11-CV-01135-WDM-KMT, 2011 WL 3036744, at *4-5 (D. Colo. July 25, 2011) (*quoting String Cheese Incident*, 2006 WL 894955, at *2).

The Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (internal quotations omitted). In other words, stays of the normal proceedings of a matter should be the exception rather than the rule. For this reason, a stay of discovery is generally disfavored. *String Cheese Incident,* 2006 WL 894955, at *2 ("[I]t is generally the court's practice not to stay cases); *Imrie v. Thomas*, No. 08-CV-01209LTBKLM, 2008 WL 4543064, at *1-2 (D. Colo. Oct. 10, 2008) ("[A] stay of discovery is generally disfavored"); *Thompson v. McCullar*, No. CIV.A. 08-CV-02000RE, 2009 WL 646425, at *1 (D. Colo. Mar. 11, 2009) (same). Courts have found such stays warranted almost exclusively in situations where a pending motion to dismiss would be case dispositive (or, as in *String Cheese Incident*, dispositive as to one party.) *See, e.g. Osei,* 2011 WL 3036744, at *2 ("[A] stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action"); *Lopez v. Gonzales*, No. 18-CV-03233-MEH, 2020 WL 417590, at *2 (D. Colo. Jan. 27, 2020) (granting stay pending the determination of dispositive motions).

## III.   PLAINTIFFS' MOTION TO STAY DISCOVERY PENDING THEIR MOTION TO DISMISS

When considering whether to grant a motion to stay, a court considers the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident,* 2006 WL 894955, at *2. The application of the *String Cheese Incident* factors in this matter weighs against the requested stay.

**A.**  **Charter Has An Interest In Proceeding Expeditiously With Its Counterclaims**

Charter argues that this factor weighs in favor of denying Plaintiffs' motion because "[h]ere, not only has this case already been pending for more than a year, but the parties and the Court have already expended significant time and resources in discovery, with the aim of having the case ready for trial by October 2021." Opp. 6. Plaintiffs argue that a stay will not burden Charter because "the fact discovery deadline is more than five months away." Pl. Mot. 6.

Notwithstanding that Plaintiffs' motion to dismiss has been fully briefed, it is as of yet unclear when the court will rule on that motion. As such, granting Plaintiffs' motion here "could delay the proceedings for an unknown period of time until there is a ruling on the pending motion and [ ] the delay would significantly impact and prejudice [defendant's] right to pursue its case and vindicate its claim expeditiously." *String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (internal citations omitted).  Given the complex nature of the claims and the contentious nature of this lawsuit, that the discovery deadline is only five months away weighs *against* a finding of a stay here.  Imposing a unilateral stay on Charter at this time may improperly obstruct its ability to conduct meaningful discovery as is needed to prepare its claims and defenses.  This factor weighs against a stay.

**B.**  **Plaintiffs And Third Parties Will Not Be Uniquely Burdened By Responding To The Requested Discovery**

Plaintiffs summarily argue that they and third parties like the RIAA will be burdened by responding to Charter's discovery requests but do not provide factual support for that assertion. Indeed, courts in this district have acknowledged that "parties are always burdened in some respect by discovery," but have found that this cannot itself render a finding that this factor weighs in

favor of a stay. *Sanchez v. City & Cty. of Denver, Colorado*, No. 19-CV-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020); *Prison Legal News v. Fed. Bureau of Prisons*, No. 15-CV-02184-RM-STV, 2017 WL 10619942, at *13 (D. Colo. Feb. 23, 2017), report and recommendation adopted, No. 15-CV-02184-RM-STV, 2017 WL 10619904 (D. Colo. Aug. 14, 2017) ("[W]hile proceeding with discovery will cause some burden to BOP, BOP has not pointed to any unique aspects of this case that make discovery especially burdensome.").  Further, third parties like the RIAA are very closely connected to the litigation and will be subject to discovery regardless of whether a stay as to these particular requests is ordered.[1]

Additionally, the facts of this case are highly complex, and the claims, counterclaims, and defenses are all intertwined.  Charter argues that "discovery relating to Plaintiffs' ownership of, or exclusive rights in, the 'dropped works' identified in notices is not only relevant to Charter's DMCA and CCPA counterclaims, but also relevant to Plaintiffs' claims, given that they rely on such notices to support their own allegations." Opp. 6. While I make no ruling at this time regarding the relevance of the discovery sought, I do agree that such information may be relevant to more than just Charter's counterclaims, and that there does not appear to be an easy way to

---

[1] Plaintiffs also address this issue in their Motion in Opposition to Charter's Motion to Compel, filed on September 10, 2020. Plaintiffs argue that responding to Charter's requests would require Plaintiffs to review additional documentation for 450 works, which they argue will be irrelevant should Charter's counterclaims be dismissed. First, the additional review does not, on its own, require a finding that this factor favors a stay. Plaintiffs themselves admit that their own counterclaims would put at issue "thousands of additional works." Opp. 3. Further still, there has been no ruling on the relevance of the additional documents.

separate out requests relating only to counterclaims.  For these reasons, I find that this factor weighs against granting the requested stay.

## C. <u>The Convenience To The Court Favors Denial Of The Stay</u>

As both parties have recognized, the fact discovery deadline in this matter is less than five months away. In setting this deadline, Judge Jackson specifically instructed that, "[T]he parties should consider this schedule to be firm, and any conduct that I believe unreasonably interferes with it will be viewed with extreme prejudice." Dkt 146.  Granting an indeterminate stay could result in Charter being unable to conduct discovery by the discovery cut-off date or, at the very least, could force Charter to conduct that discovery in a very limited period of time.  While the potential for an extension of that deadline exists, it would not be prudent to stay the discovery at this time given the complexities of this case and the vast amount of discovery sought by the parties. Plaintiffs have had a nearly two-month stay from the filing of their motion.  A further stay at this time is not warranted.

Plaintiffs argue that "[i]t would be a waste of the parties' (and non-party) resources to engage in widespread discovery, and for the Court to be asked to resolve discovery disputes, concerning counterclaims that are highly unlikely to remain in the case." Pl. Mot. 5.  I find it unlikely, however, that granting a stay will result in fewer discovery disputes, even as to the discovery requests at issue here.  As noted previously, this matter is complex, and it is likely that certain requests will relate not only to Charter's counterclaims, but also to the other underlying claims and defenses in this case.  Given the frequency with which the parties have discovery disputes requiring assistance from the Special Master or the Court, it seems inevitable that granting a stay will still require determinations of whether particular discovery requests are relevant to

Charter's counterclaims, the underlying claims and defenses, or both.  Indeed, Plaintiffs themselves have not even identified all of the requests that they contend would be affected by a stay if it were granted. Pl. Mot. 4 (seeking a stay of discovery "including but not limited to Charter's Requests for Production 96–98, Requests for Admission 3–6, and Interrogatories to Record Company Plaintiffs 15–16.").  This factor therefore also weighs against granting a stay.

### D.  The Public Interest Will Not Be Affected By A Denial Of Plaintiffs' Motion

The Plaintiffs have not addressed this factor in their motion.  Nonetheless, I see no reason why the public interest would weigh in favor of a stay here.  Indeed, "the public has an interest in the speedy resolution of legal disputes." *Prison Legal News*, 2017 WL 10619942, at *13.  While this factor carries less weight here, I find that it at least marginally weighs against an entry of a stay.

**Plaintiffs' motion for a protective order staying discovery on Charter's counterclaims is denied.**

IV.     **PLAINTIFFS' MOTION TO STAY CHARTER'S 30(B)(6) DEPOSITION OF UNIVERSAL MUSIC PUBLISHING PLAINTIFFS AND ANY OTHER DEPOSITIONS OF PLAINTIFFS**

Plaintiffs also seek to stay Charter's 30(b)(6) deposition of the Universal Music Publishing Plaintiffs, arguing that "Charter's demand for such a deposition is premature because the state of the pleadings remains in flux." Pl. Mot. 7.  This argument does not support a stay here for all of the reasons set forth above.

Plaintiffs secondarily argue that the deposition should be stayed because "[t]he Special Master indicated during the May 13 hearing and in its May 14 Order that spoliation discovery should be the parties' priority." Pl. Mot. 7.  This argument overstates my order with regard to this

issue.  In my May 14 Order, I did not suggest that Charter be foreclosed from propounding its own discovery requests pending the completion of spoliation-related discovery, nor did I make such a statement in the May 13 hearing.  Rather, I wanted to impress upon the parties that the Plaintiffs had raised a serious issue and that spoliation-related discovery should proceed as expeditiously as possible, but I did not go so far as to preclude other discovery at the same time.

Plaintiffs finally argue that "the traditional sequencing of discovery calls for document discovery to be largely complete prior to the initiation of depositions" and that allowing Charter to conduct depositions now would be inappropriate because "Charter's document production has barely begun." Pl. Mot. 8.  Rule 26, however, specifically instructs that "methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26.  Furthermore, discovery is moving forward, and the parties were ordered to produce additional documents in September and October.  Given the number of parties involved in this litigation, and the complexity of the issues therein, a stay of 30(b)(6) depositions could foreclose the parties from completing discovery in accordance with the court's scheduling order.

**Plaintiffs' motion for a protective order deferring Charter's 30(b)(6) deposition of Universal Music Publishing Plaintiffs and any other depositions of Plaintiffs is denied.**

Dated this 29th day of September, 2020                    BY THE SPECIAL MASTER:


                                                          */s/ Regina M. Rodriguez*
                                                          Regina M. Rodriguez
                                                          Special Master