## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00874-RBJ-MEH

WARNER BROS. RECORDS INC., et al.,

        Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

        Defendant.

## SPECIAL MASTER'S ORDER REGARDING CHARTER'S
## PRIVILEGE LOG ITEMS 19-28

**Entered by Regina M. Rodriguez, Special Master, on October 2, 2020**

Plaintiffs challenge Charter's assertion of privilege over the email and presentation identified as Item 28 on Charter's privilege log in addition to related communications identified as Items 19-25.  Upon review of the parties' briefing on this issue, and after a hearing during which Items 28 and 19-25 were discussed, I ordered Charter to submit Items 28 and 19-25 for *in camera* review and to provide a short letter brief identifying the recipients of the communication identified as Item 28.  **For the reasons set forth below, I find that Charter has not met its burden to demonstrate that Item 28 is privileged.  Charter's assertion of privilege over items 19-25 is sustained.  Charter's assertion of privilege over Items 26 and 27 is also sustained.  This order is stayed pending appeal to Magistrate Judge Hegarty.**

## I.   LEGAL STANDARD

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* The attorney-client privilege applies to "confidential matters communicated by or to the client in the course of obtaining counsel, advice, or direction with respect to the client's rights or obligations." *Sun River Energy, Inc. v. Nelson*, No. 11-CV-00198-MSK-MEH, 2011 WL 3648600, at *2 (D. Colo. Aug. 18, 2011). "[T]he party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable." *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (internal citations omitted). Even if a communication is found to be privileged, however, that privilege may be waived "if the client discloses the substance of an otherwise privileged communication to a third party." *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006). "In Colorado, the burden of establishing a waiver or an exception lies with the party seeking to overcome the privilege." *Sun River Energy, Inc. v. Nelson*, 2011 WL 3648600, at *2 (internal citation omitted).

## II.   ANALYSIS

### A.  Item 28

The communication at issue is described on Charter's privilege log as "Partially redacted email transmitting internal presentation attachment with notes reflecting legal advice from Kelly Starkweather and Kirill Abramov regarding copyright program."   Ms. Starkweather and Mr. Abramov are in-house counsel for Charter.  Plaintiffs argue that Charter's claim of privilege should not be sustained because "the email and presentation appear to be operational in nature." Pl. Resp. Br. Chart July 13, 2020 at 2.  Charter has represented that Item 28 concerns "internal email communications in which a presentation created by in-house counsel and containing Charter in-house counsel's notes were being disseminated to specific Charter employees to provide them with legal advice and direction concerning Charter's copyright program." Def. Ltr. Br. Sept. 1, 2020 at 1.

I must thus determine whether the primary purpose of the communication at issue was to communicate legal advice or business advice.  Notwithstanding that the subject of Item 28 is Charter's copyright program, the express purpose of the communication at issue in Item 28 appears to be the dissemination of business, not legal advice.

"In-house counsel performs a dual role of legal advisor and business advisor." *RCHFU, LLC v. Marriott Vacations Worldwide Corp*., No. 16-CV-1301-PAB-GPG, 2018 WL 3055774, at *3 (D. Colo. May 23, 2018).  Communications by in-house counsel are privileged only where the "communication's primary purpose is to gain or provide legal assistance." *Id*.   "Business communications are not protected merely because they are directed to an attorney, and

communications at meetings attended or directed by attorneys are not automatically privileged as a result of the attorney's presence." *Id*.   The corporation "must clearly demonstrate that the communication in question was made for the express purpose of securing legal not business advice." *Id*. In other words, "when the legal advice is merely incidental to business advice, the privilege does not apply." *Neuder v. Battelle Pac. Nw. Nat. Lab*., 194 F.R.D. 289, 292 (D.D.C. 2000).

While Charter has asserted that the document was created by in-house counsel, "that is not the measure of whether the document then becomes protected by the attorney-client privilege." *RCHFU*, 2018 WL 3055774 at *4.   I must look instead to the primary purpose of the communication. *Id.*   The communication here was distributed by Alan Colburn, a non-lawyer, and sent to two listservs, "DL Corp Internet Security" and "DL Corp SRT."   Twenty-six other Charter employees were also blind copied on the email.   Charter has not specified the individuals on the listservs, but it has represented that these distribution lists include only internal Charter staff. Vasey Decl. ¶ 3.   However, the fact that the communication was only sent to internal employees is insufficient to sustain Charter's burden to demonstrate that the communication was confidential and done for the purpose of obtaining legal advice.

The email and attachment at issue here was sent by a non-lawyer to a number of unknown Charter employees.   The recipients were not instructed that the communication was protected by the attorney-client privilege, nor does it appear that any attorneys were included on the cc line of the email.   Instead, the email and attached presentation appear to provide *direction* to members of Charter's security teams regarding Charter's copyright program rather than to seek or provide specific legal advice.   It also appears the attachment was, at least in part, prepared by a non-lawyer

not a part of the legal staff in the first instance. Therefore, Charter has not met its burden to demonstrate that Item 28 – the email and the attachment - is protected by the attorney-client privilege.[1]

## B. Items 19-25

Plaintiffs have represented that "[a]ccording to Charter's counsel, Items 19-27 on its privilege log all relate to the email and presentation discussed in Item 28." Pl. Resp. Br. Chart July 13, 2020 at 3. As such, Plaintiffs argue "[t]o the extent that Item 28 is not privileged, the privilege assertion for these items should fail as well." *Id.* I disagree. I have reviewed Items 19-25 *in camera*. The communications at issue in Items 19-25 are distinct from the communication in Item 28. While Item 28 communicated business advice to members of the Charter security team, Items 19-25 are communications directly with Charter's in-house counsel seeking legal advice for and legal review of the presentation itself. **Charter's assertion of privilege over items 19-25 is sustained.**

## C. Items 26-27

Plaintiffs have argued that Items 26 and 27 relate to the email and presentation discussed in Item 28. Charter, however, has represented that Items 26 and 27 do not relate to Item 28. Indeed, the descriptions for Items 26 and 27 on Charter's privilege log suggest that the communications relate to copyright notices, not the copyright presentation. Because Items 26 and 27 do not appear to relate to the presentation above, and because Plaintiffs have offered no other argument regarding

---

[1] Because I find that Charter has not demonstrated that Item 28 is privileged, I need not address Plaintiffs' arguments related to waiver.

Charter's assertion of privilege, **Charter's assertion of privilege over Items 26 and 27 is sustained.**

Dated this 2nd day of October, 2020                    BY THE SPECIAL MASTER:


*/s/ Regina M. Rodriguez*
Regina M. Rodriguez
Special Master