IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

**DECLARATION OF MITCHELL A. KAMIN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF ALL DOCUMENTS RELATED TO CHARTER'S SPOLIATION LISTED ON CHARTER'S PRIVILEGE LOG OR OTHERWISE WITHHELD ON THE BASIS OF PRIVILEGE**

I, Mitchell A. Kamin, hereby declare and state as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner of the law firm Covington & Burling LLP, attorneys of record for Plaintiffs. I submit this declaration in support of Plaintiffs' Motion to Compel Production of All Documents Related to Charter's Spoliation Listed on Charter's Privilege Log or Otherwise Withheld on the Basis of Privilege. I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, could and would competently testify thereto.

2. Charter has produced 622 documents total in its three productions responsive to Plaintiffs' spoliation-related RFPs.

3. Of these 622 documents:

  a. 559 are external emails and attachments (*i.e.*, emails in which there is a non-Charter email domain in the to, from, CC, or BCC metadata fields produced by Charter);

  b. 19 are internal emails and attachments (*i.e.*, emails in which there are only Charter email domains in the to, from, CC, or BCC metadata fields produced by Charter); and

  c. 44 are stand-alone policies, organizational charts, and records.

4. According to our review of the documents, the latest date of an email produced by Charter in response to Plaintiffs' spoliation-related RFPs is October 16, 2018 (according to the metadata field "DateSent" produced by Charter). No documents (emails or other ESI) were produced dating from November or December 2018 (according to the metadata fields "DateSent" and "Date Time-Created" produced by Charter).

5. Charter has not produced:

  a. Documents showing all cases to which its December 17, 2015 legal hold applied, or how that hold was substantively recorded, saved, displayed, and/or described in Charter's systems.

  b. Documents describing a Charter policy or practice of taking three steps to preserve the documents of custodians placed on legal hold: mailbox journaling, snapshots, and searches.

  c. Documents showing that Charter determined that its existing December 17, 2015 legal hold encompassed the scope of the record potentially relevant to Plaintiffs'

notice in March of 2016, and therefore did not issue a separate hold for Plaintiffs' claims.

d. Documents showing that Charter removed 9 custodians on legal hold for this case from prospective email journaling in approximately September 2018.

e. Documents describing why Charter chose to migrate its legal hold management system, and it has redacted documents that show legal holds other than the December 17, 2015 hold that were involved in the transfer.

f. Documents substantiating Charter's claim that it is unable to verify whether 9 of the spoliated custodians may have been subject to another legal hold during the time that it transitioned to a new legal hold management system.

g. Documents showing that, in April 2019, Charter first became aware that certain custodians subject to the relevant legal hold for this case did not appear to be on active hold.

h. Documents showing that, in late 2019, Charter became aware of the full scope of the ESI loss related to this case.

i. Documents substantiating that no copies of the deleted ESI or its contents are available from Charter or its vendors.

j. Notes, memoranda, or transcripts related to Charter's (including its counsel's) interviews with Charter employees or discovery vendors related to the spoliation and the types of documents deleted.

k. Communications involving Charter's outside counsel showing its investigation into the spoliation.

6. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' First Set of Requests for Production to Charter, served on June 10, 2019.

7. Attached hereto as **Exhibit 2** is a true and correct copy of a letter that Michael S. Elkin, counsel for Charter, sent to Plaintiffs' counsel on March 4, 2020.

8. Attached hereto as **Exhibit 3** is a true and correct copy of pages 11 to 12 from the transcript of the March 4, 2020 discovery conference before Magistrate Judge Hegarty.

9. Attached hereto as **Exhibit 4** is a true and correct copy of a letter that I sent to Charter's counsel on March 11, 2020.

10. Attached hereto as **Exhibit 5** is a true and correct copy of a letter that Michael S. Elkin, counsel for Charter, sent to Plaintiffs' counsel on March 16, 2020.

11. Attached hereto as **Exhibit 6** is a true and correct copy of a letter that John Rosenthal, counsel for Charter, sent to Plaintiffs' counsel on March 23, 2020.

12. Attached hereto as **Exhibit 7** is a true and correct copy of a letter that I sent to Charter's counsel on April 8, 2020.

13. Attached hereto as **Exhibit 8** is a true and correct copy of a letter that John Rosenthal, counsel for Charter, sent to Plaintiffs' counsel on April 14, 2020.

14. Attached hereto as **Exhibit 9** is a true and correct copy of page 19 from the transcript of the May 13, 2020 hearing before Special Master Rodriguez.

15. Attached hereto as **Exhibit 10** is a true and correct copy of Charter's Responses and Objection to Plaintiffs' Requests for Production related to spoliation., served on June 4, 2020.

16. Attached hereto as **Exhibit 11** is a true and correct copy of a letter that John Rosenthal, counsel for Charter, sent to Plaintiffs' counsel on June 29, 2020.

17. Attached hereto as **Exhibit 12** is a true and correct copy of a letter that John Rosenthal, counsel for Charter, sent to Plaintiffs' counsel on July 16, 2020.

18. Attached hereto as **Exhibit 13** is a true and correct copy of Charter's "Privilege Log as to Plaintiffs' ESI Loss Requests for Production," served on August 11, 2020.

19. Attached hereto as **Exhibit 14** is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for Charter, spanning July 15 to August 28, 2020.

20. Attached hereto as **Exhibit 15** is a true and correct copy of pages 219, 226, and 227 from the transcript of the September 9, 2020 hearing before Magistrate Judge Hegarty.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of October, 2020 in Los Angeles, California.

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin