Exhibit 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WARNER BROS. RECORDS INC., *et al.*,

      Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

      Defendant.

Case No. 19-cv-00874-RBJ

---

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S RESPONSES
TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF
<u>DOCUMENTS RELATED TO ESI LOSS</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Charter Communications, Inc. ("Charter") responds to Plaintiffs' Requests for Production of Spoliation-Related Documents as follows. Charter's responses are made solely for the purposes of this litigation. Charter's responses are based upon a reasonable search, given the time allotted to respond to the requests, of facilities and files that could reasonably be expected to contain responsive information, and inquiries of Charter's employees and/or representatives who could reasonably be expected to possess responsive information. Charter's investigation into the facts of this case is ongoing and not yet completed, and Charter reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court.

**<u>CHARTER'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS</u>**

1.      Charter objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

1

2.     Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Charter objects to all Definitions, Instructions, and Requests to the extent that they require Charter to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Requests would subject Charter to undue burden and expense.

3.     Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information.  Any such information disclosed to Plaintiffs shall be pursuant to the Stipulated Protective Order entered by the Court on September 9, 2019 (ECF No. 63).

4.     Charter objects to Instruction 6 to the extent it calls for the production of original documents.

5.     Charter's responses herein, and its production of documents in response to the Requests, do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Requests.  Charter objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects.  Without limiting the breadth and application of these objections, Charter further objects to the Definitions as follows:

6.     Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information outside of Charter's possession, custody, and control with respect to "predecessors,"

and "any other person or entity . . . previously acting or purporting to act on behalf of the defendant."

7.      Charter objects to the definition of "User" as overbroad and unduly burdensome, and as vague and ambiguous, in particular to the extent that it calls for information not in the possession, custody, and control of Charter.

8.      Charter objects to the definition of the term "Infringing Subscriber" as argumentative and improperly incorporating a legal conclusion.  The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity accused in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was the subscriber of Charter's services.

9.      Charter objects to the definition of the term "CATS" as so overbroad to be meaningless.  The definition in and of itself is a discovery request by incorporating "programs, procedures, software, or policies related thereto" into the definition.  For example, if Plaintiffs were to submit a request for documents related to "CATS," with the term as it is presently defined, Charter would have to respond by producing not only documents related to the CATS system, but also related to procedures, software, and policies.  As a consequence, any request using the term "CATS" as presently defined would be unduly burdensome.

10.     Charter objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Charter to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

11.     Charter objects to the definition of the term "communication" as overbroad and unduly burdensome to the extent it calls for the production of "oral," telephonic, conversations and meetings not likely to have been recorded.

12.     Charter objects to Plaintiffs' instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

13.     Charter reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Requests at trial in this or any other action for any purpose whatsoever.

14.     Charter hereby incorporates each of the foregoing objections to the instructions and definitions into every response below as though fully set forth therein.

### <u>CHARTER'S OBJECTION TO PRODUCING PRIVILEGED DOCUMENTS</u>

Charter objects to the Requests to the extent that they seek documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities.  Subject to its Objections as described herein, Charter will produce documents subject to the Stipulated Protective Order entered by the Court on September 9, 2019 (ECF No. 63), such that, in the event that any information protected from disclosure by applicable privilege or immunity is inadvertently provided in response to a Request, that production shall not be deemed a waiver of the applicable privilege or protection, claim of confidentiality, or other objection.   Should Charter withhold or redact any documents on the basis of the attorney client and work product privileges, Charter will produce a privilege log.

## DATE AND TIME OF PRODUCTION(S)

Pursuant to the ruling of Special Master Regina M. Rodriguez during telephonic hearing on Plaintiffs' Motion for Expedited Discovery on May 12, 2020, Charter will begin producing documents on a rolling basis within fifteen (15) days of service of these Responses and Objections.

## PRODUCTION FORMAT

Charter agrees to produce the requested documents and information in accordance with the Court's Order Approving the Protocol for Producing Documents and ESI (ECF No. 70).

## CHARTER'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

**REQUEST NO. 1**       All documents concerning any of your document retention policies, practices, or parameters in effect from March 1, 2012 to the present, including, without limitation,(i) document retention policies applicable to materials potentially relevant to this lawsuit (including the October 1, 2004 Charter Communications Records and Information Management Policy, other policies mentioned in John Rosenthal's April 14, 2020 letter to undersigned counsel, those referenced in Erin Ranahan's February 24, 2020 email to the Court, and those referenced in Michael Elkin's March 4, 2020 letter to undersigned counsel); (ii) documents concerning your document retention policies applicable to "ticket data stored in CATS" and "ticket table data," documents concerning your retention of "ticket data stored in CATS" related to Infringing Subscribers and "ticket table data" related to Infringing Subscribers; (iii) configuration settings or other parameters concerning the retention of data in CATS (*see* 2/24/2020 E. Ranahan Email); and (iv) documents concerning your document retention policies applicable to emails and any other electronic data, including DHCP logs and customer billing data.

**OBJECTION:**       Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects that this request is overbroad and unduly burdensome to the extent it seeks production of all documents concerning general subjects, such that the request fails to describe with reasonable particularity the items or categories of items to be produced.  Charter also objects that the request is unduly burdensome, and not proportional to the needs of the case, to the extent that it calls for the production of "all documents concerning," as these terms are defined by Plaintiffs' Definitions, where the production

5

of source documents, salient examples, or select documents related both to the subject of the request and to the issues at stake in the litigation will suffice to satisfy the parties' needs. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Lastly, Charter objects to subparts (ii) and (iii) of the request as they seek information specifically and uniquely related to the CATS system, which is beyond the agreed scope of the present discovery, and also to subpart (iv) to the extent it seeks policies or documents concerning policies applicable to "DHCP logs and customer billing data," which also are beyond the agreed scope of the present discovery.

**ANSWER:**   Subject to and without waiving the foregoing objections and to the entry of an appropriate Rule 502(d) Order regarding the non-waiver of privilege, Charter has produced or will produce the Charter Communications Records and Information Management Policy applicable during the time period relevant to Plaintiffs' claims, and Charter's records retention schedules during the same period. Charter will not produce "all documents concerning" these subjects. Charter also will not produce documents uniquely or solely responsive to subparts (ii) or (iii), or to subpart (iv) solely with respect to DHCP logs, subscriber logs, or other subject matter or data that are not relevant to the ESI loss disclosed to Plaintiffs in Michael Elkin's March 4, 2020, letter.

**REQUEST NO. 2**   All documents concerning the legal hold that Charter instituted on December 17, 2015 "that was subsequently used across all secondary copyright infringement matters" (*see* Response to Question 7 in 4/14/2020 J. Rosenthal Ltr.) including documents sufficient to identify (i) all custodians subject to the legal hold at any point in time, (ii) what changes made to the list of custodians subject to the legal hold and when, (iii) the amounts and types of data preserved pursuant to the legal hold and/or deleted notwithstanding the legal hold, and (iv) the terms and scope of the legal hold and the matters or claims to which it was deemed to apply, at any and all points in time. (*See* 4/14/2020 J. Rosenthal Ltr.).

**OBJECTION:**     Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.  Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.  Charter also objects that the request is unduly burdensome, and not proportional to the needs of the case, to the extent that it calls for the production of "all documents concerning," as these terms are defined by Plaintiffs' Definitions, where the production of source documents, salient examples, or documents related both to the subject of the request and to the facts or issues at stake in the litigation will suffice to satisfy the parties' needs.

**ANSWER:**     Subject to and without waiving the foregoing objections and to the entry of an appropriate Rule 502(d) Order regarding the non-waiver of privilege, Charter will produce the legal hold that Charter instituted on December 17, 2015 "that was subsequently used across all secondary copyright infringement matters" including any supplements or updates to that notice. Charter will also produce documents sufficient to show recipients of that legal hold notice and the subject-matter scope of the hold.

**REQUEST NO. 3**     Documents Charter received from or sent to Mingus Music Werkshop or its agent(s) regarding the claim that served as the basis of the legal hold you claim "encompassed the scope of the record potentially relevant to Plaintiffs' notice in March of 2016." (*See* 4/14/2020 J. Rosenthal Ltr.)

**OBJECTION:**     Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects that this request as overbroad and unduly burdensome to the extent it seeks information based on or beyond the scope of Charter's knowledge, specifically with to respect to those persons or entities who may be

"agent(s)" of Mingus Music Werkshop.

**ANSWER:**   Subject to and without waiving these objections, Charter will produce documents sufficient to show the nature of the claim made by Mingus Music Werkshop or its agent(s).

**REQUEST NO. 4**   Documents concerning the resolution or disposition of the Mingus Music Workshop claim, including but not limited to documents sufficient to show the manner and date on which that resolution or disposition was recorded, displayed and/or described in Salesforce.com, Legal Hold Pro, and SharePoint, respectively.

**OBJECTION:**   Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects that this request assumes facts that may not exist, may be disputed, may be unknown to Charter, or may not be recorded in the manner suggested by the request, specifically with respect to "the date on which that resolution or disposition was recorded, displayed and/or described" in any system.  Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**REQUEST NO. 5**   All documents concerning any of your legal hold policies, practices, or parameters in effect from December 16, 2015 to the present.

**OBJECTION:**   Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects that this request is overbroad and unduly burdensome to the extent it seeks production of all documents concerning general subjects, such that the request fails to describe with reasonable particularity the items or categories of items to be produced.  The request is without reasonable limitation in its scope.  Charter also objects to this request to the extent it calls for the production of information not maintained in the ordinary course of business or that it requires Charter to restore and/or search data sources that are not reasonably accessible, on the grounds that it would subject Charter to

8

undue burden and expense.  *See* Fed. R. Civ. P. 26(b)(2)(B).  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.  Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.  Charter further objects to Plaintiffs' use of the terms "practices" and "parameters" as overbroad and ambiguous, making obtaining discovery responsive to this request unduly burdensome.  Charter also objects that the request is unduly burdensome, and not proportional to the needs of the case, to the extent that it calls for the production of "all documents concerning," as these terms are defined by Plaintiffs' Definitions, where the production of source documents, salient examples, or select documents related both to the subject of the request and to the facts or issues at stake in the litigation will suffice to satisfy the parties' needs.

**ANSWER**:   Subject to and without waiving the foregoing objections, Charter will produce non-privileged, policies, written operating procedures, and other written guides, templates, manuals, or instructions related to its execution and management of legal holds that are maintained in the ordinary course of business.   Charter will not produce "all documents concerning" these materials.

**REQUEST NO. 6**    Documents concerning Charter's decision not to implement a  legal hold specific to Plaintiffs' notice in March 2016, including any documents concerning Charter's assessment that "the existing December 2015 hold encompassed the scope of the record potentially relevant to Plaintiffs' notice in March of 2016." (*See* 4/14/2020 J. Rosenthal Ltr.)

**OBJECTION**:    Charter objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.  Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, specifically Request No. 2, above.

**REQUEST NO. 7**    Documents sufficient to show the manner in which "the existing December 2015 hold" (as that phrase is used in response to Question 18 in the 4/14/2020 J. Rosenthal Letter) was recorded, saved, displayed and/or described in Salesforce.com and Legal Hold Pro, respectively, at any and all points in time, including with respect to the nine custodians whose data was deleted.  (*See* 4/14/2020 J. Rosenthal Ltr.)

**OBJECTION:**        Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects that this request assumes facts that may not exist, may be disputed, may be unknown to Charter, or may not be recorded in the manner suggested by the request, specifically with respect to "the manner in which 'the existing December 2015 hold' . . . was recorded, saved, displayed and/or described in Salesforce.com and Legal Hold Pro."  Charter objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks the production of information from "all points in time," or to the extent that it requires Charter to restore and/or search data sources that are not reasonably accessible.  *See* Fed. R. Civ. P. 26(b)(2)(B).  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.  Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, specifically Request No. 4.

**ANSWER:**    Subject to and without waiving these objections and to the entry of an appropriate Rule 502(d) Order regarding the non-waiver of privilege, Charter will produce documents sufficient to show the manner in which "the existing December 2015 hold" (as that phrase was used in response to Question 18 in the 4/14/2020 J. Rosenthal letter) was recorded, saved, displayed, and/or described in Salesforce.com and Legal Hold Pro.

**REQUEST NO. 8**    Documents discussing or concerning any legal hold(s) related to Plaintiffs' claims, including documents sufficient to identify (i) all custodians and data repositories subject to the legal hold(s) at any point and time, (ii) what changes were made to the list of custodians or data repositories subject to the legal hold and when, and (iii) the amounts and types of data preserved pursuant to the legal hold and/or deleted notwithstanding the legal hold.

**OBJECTION:**      Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.  Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, specifically Request No. 2, above.

**ANSWER:**      Subject to and without waiving these objections and to the entry of an appropriate Rule 502(d) Order regarding the non-waiver of privilege, Charter will produce documents sufficient to identify (i) all custodians and data repositories subject to the legal hold(s) at any point in time, (ii) what changes were made to the list of custodians or data repositories subject to the legal hold and when, and (iii) the amounts and types of data preserved pursuant to the legal hold and/or deleted notwithstanding the legal hold.

**REQUEST NO. 9**      Documents concerning Charter's removal or deletion of the "9 custodians" from "journaling [in] approximately September 2018." (*See* 4/14/2020 J. Rosenthal Ltr.).

**OBJECTION:**      Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.  Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, specifically Request No. 2, above.

**ANSWER:**      Subject to and without waiving these objections and to the entry of an appropriate Rule 502(d) Order regarding the non-waiver of privilege, Charter will produce documents that are responsive to this request.

**REQUEST NO. 10**   Documents concerning the considerations of taking or not taking snapshots of the inboxes of Tammy DeLoach and Matthew Nelson.  (*See* 4/14/2020 J. Rosenthal Ltr.).

**OBJECTION:**   Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.  Charter further objects to Plaintiffs' use of the term "considerations" as ambiguous, making obtaining discovery responsive to this request unduly burdensome.

**ANSWER:**   Subject to and without waiving the foregoing objections and to the entry of an appropriate Rule 502(d) Order regarding the non-waiver of privilege, Charter will produce documents that are responsive to this request.

**REQUEST NO. 11**   Documents sufficient to show all instances when snapshots of the inboxes of Elfin Noce and Mary Haynes were taken and the manner in which their 90-day snapshots were preserved.

**OBJECTION:**   Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**ANSWER:**   Subject to and without waiving this objection, Charter will produce non-privileged documents that are responsive to this request.

**REQUEST NO. 12**   All documents concerning Charter's "migration of its legal hold management system in 2017 and 2018," including, without limitation, documents concerning the migration from ZL Technologies to ProofPoint; documents concerning the migration from the Salesforce.com platform to Legal Hold Pro; any guidelines, policies, protocols, or instructions concerning such migration; documents referred to or relied upon in connection with performing such migration; and documents sufficient to identify all persons involved in such migration.  (*See* 3/4/2020 M. Elkin Ltr.)

**OBJECTION:**   Charter objects to this request to the extent that it seeks information

that is not relevant to any party's claim or defense.  Charter also objects that the request is unduly burdensome, and not proportional to the needs of the case, to the extent that it calls for the production of "all documents concerning," as these terms are defined by Plaintiffs' Definitions, where the production of salient examples or documents related both to the subject of the request and to the facts or issues at stake in the litigation will suffice to satisfy the parties' needs.  Charter further objects to this request to the extent it calls for the production of information not maintained in the ordinary course of business or that it requires Charter to restore and/or search data sources that are not reasonably accessible, on the grounds that it would subject Charter to undue burden and expense.  *See* Fed. R. Civ. P. 26(b)(2)(B).  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**ANSWER:**    Subject to and without waiving these objections, Charter will produce non-privileged documents that are in its possession, custody, or control that are responsive to this request.

**REQUEST NO. 13**    All documents concerning Charter's "clean-up of its ProofPoint archive and delet[ion of] any held data that [Charter] believed it no longer had an obligation to preserve," in December 2018, including, without limitation, documents concerning Charter's deletion of data belonging to nine custodians relevant to this litigation; any guidelines, policies, protocols, or instructions concerning the clean-up; documents referred to or relied upon in connection with performing the clean-up; and documents sufficient to identify all persons involved in the clean-up.  (*See* 3/4/2020 M. Elkin Ltr.).

**OBJECTION:**    Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects that the request is unduly burdensome, and not proportional to the needs of the case, to the extent that it calls for the production of "all documents concerning," as these terms are defined by Plaintiffs' Definitions, where the production of salient examples or documents related both to the subject of the request

and to the facts or issues at stake in the litigation will suffice to satisfy the parties' needs.  Charter further objects to this request to the extent it calls for the production of information not maintained in the ordinary course of business or that it requires Charter to restore and/or search data sources that are not reasonably accessible, on the grounds that it would subject Charter to undue burden and expense.  *See* Fed. R. Civ. P. 26(b)(2)(B).  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**ANSWER:**    Subject to and without waiving these objections, Charter will produce non-privileged documents that are in its possession, custody, or control that are responsive to this request.

**REQUEST NO. 14**    All documents concerning the "loss of e-mails as a result of the migration of [Charter's] legal hold management system in 2017 and 2018." (*See* 4/14/2020 J. Rosenthal Ltr.)

**OBJECTION:**    Charter objects that this request is overbroad and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including information concerning litigations other than this litigation or parties not involved in this litigation.   Charter objects that the request is unduly burdensome, and not proportional to the needs of the case, to the extent that it calls for the production of "all documents concerning," as these terms are defined by Plaintiffs' Definitions, where the production of salient examples or documents related both to the subject of the request and to the facts or issues at stake in the litigation will suffice to satisfy the parties' needs.  Charter further objects to this request to the extent it calls for the production of information not maintained in the ordinary course of business or that it requires Charter to restore and/or search data sources that are not reasonably accessible, on the grounds that it would subject Charter to undue burden and expense.  *See* Fed. R. Civ. P. 26(b)(2)(B).  Charter further objects to this request to the extent it improperly seeks

information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**ANSWER:**   Subject to and without waiving these objections, Charter will produce non-privileged documents that are in its possession, custody, or control that are responsive to this request and relevant to the loss of emails specifically related to the legal hold, custodians, and time-periods that are relevant to this litigation.

**REQUEST NO. 15**   All documents concerning the loss of any non-email documents as a result of the migration of Charter's legal hold management system in 2017 and 2018, including documents held in SharePoint or any other document management or storage systems.

**OBJECTION:**   Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects that this request assumes facts that may not exist, may be disputed, may be unknown to Charter, or may not be recorded in the manner suggested by the request, specifically with respect to "the loss of any non-email documents as a result of the migration of Charter's legal hold management system in 2017 and 2018."  Charter objects that the request is unduly burdensome, and not proportional to the needs of the case, to the extent that it calls for the production of "all documents concerning," as these terms are defined by Plaintiffs' Definitions, where the production of salient examples or documents related both to the subject of the request and to the facts or issues at stake in the litigation will suffice to satisfy the parties' needs.

**ANSWER:**   Subject to and without waiving these objections, Charter is not aware of any non-e-mail documents relating to the subject matter of this litigation that were maintained outside of the e-mail archive that were lost as a result of migration of Charter's legal hold management system.

**REQUEST NO. 16**   All documents related to Charter's April 2019 discovery that "certain custodians subject to the relevant legal hold did not appear to be on active hold in its ProofPoint archive," and late 2019 discovery "of the full scope of the loss, the specific relevant

custodians impacted, the causes of the loss, and the unavailability of alternative sources." (*See* 4/14/2020 J. Rosenthal Ltr.).

**OBJECTION:**      Charter objects that the request is unduly burdensome, and not proportional to the needs of the case, to the extent that it calls for the production of "all documents concerning," as these terms are defined by Plaintiffs' Definitions, where the production of salient examples or documents related both to the subject of the request and to the facts or issues at stake in the litigation will suffice to satisfy the parties' needs.  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**ANSWER:**      Subject to and without waiving these objections, Charter will produce non-privileged documents that are in its possession, custody, or control that are responsive to this request.

**REQUEST NO. 17**      Documents sufficient to identify any legal holds, other than the December 2015 and January 2016 holds applied to the "9 . . . Charter custodian relevant to this litigation," that were "inadvertently [] omitted from th[e] process of [transfer[ring] active legal hold data between SalesForce.com and Legal Hold Pro]." (*See* Response to Question 8 in 4/14/2020 J. Rosenthal Ltr.)

**OBJECTION:**      Charter objects that this request is overbroad and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including information concerning litigations other than this litigation or parties not involved in this litigation.  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**ANSWER:**      Subject to and without waiving these objections and to the entry of an appropriate Rule 502(d) Order regarding the non-waiver of privilege, Charter will produce non-

privileged documents sufficient to show the number of legal matters that were "inadvertently []

omitted from th[e] process of [transfer[ring] active legal hold data between SalesForce.com and

Legal Hold Pro]."

    **REQUEST NO. 18**   All documents concerning any investigations or inquiries regarding "the cause of the preservation failure," "the availability of sources from which the data might be restored or replaced," and "whether any ticket data was impacted," including documents sufficient to show investigatory steps taken and the results of any investigation, and notes or memos from any related interviews or conversations with Kirill Abramov, Dan Vasey, Christine Flores, Kimberly Love, Joshua Paske, Andrew Neipert, Thomas Mahoney, Jason Colvin, Christopher Avery, Timothy Brockel, Mary Haynes, Philip Jones, Kelly Matthews, Christin McMeley, Todd Neuverth, Elfin Noce, Tammy Stewart, or Laurie Rowlett. (*See* 4/14/2020 J. Rosenthal Ltr.).

    **OBJECTION:**        Charter objects to this request to the extent it improperly seeks

information protected from disclosure by the attorney-client privilege, work product doctrine,

common interest privilege, or other applicable privilege or doctrine.  Charter further objects to this

request to the extent that it is duplicative of other discovery requests that Plaintiffs have

propounded.  Charter further objects to Plaintiffs' use of the undefined terms "investigations" and

"inquiries" as overbroad and ambiguous, making obtaining discovery responsive to this request

unduly burdensome.  Charter also objects that the request is unduly burdensome, and not

proportional to the needs of the case, to the extent that it calls for the production of "all documents

concerning," as these terms are defined by Plaintiffs' Definitions, where the production of salient

examples or documents related both to the subject of the request and to the facts or issues at stake

in the litigation will suffice to satisfy the parties' needs.  Charter further objects that the request is

vague and ambiguous to the extent that it purports to seek "all documents concerning" the subject

investigations or inquiries, but also "documents sufficient to show" facts related to those

investigations or inquiries.

    **ANSWER:**   Charter invites Plaintiffs' counsel to meet and confer to appropriately define

and narrow the scope of this Request.

**REQUEST NO. 19**   Documents sufficient to identify the "employees on hold in [Charter's] ProofPoint archive as it relates to other matters" (*see* 3/4/2020 Letter from M. Elkin; Response to Question 27(a) in 4/14/2020 J. Rosenthal Ltr.) who sent or received the 1,264,704 messages identified in the Response to Question 14 set forth in John Rosenthal's April 14, 2020 letter.

**OBJECTION:**   Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects that this request assumes facts that may not exist, may be disputed, may be unknown to Charter, or may not be recorded in the manner suggested by the request, specifically with respect to the identities of the "'employees on hold in [Charter's] ProofPoint archive as it relates to other matters' . . . who sent or received the 1,264,704 messages identified in the Response to Question 14 set forth in John Rosenthal's April 14, 2020 letter."  Charter also objects to this request to the extent it calls for the production of information not maintained in the ordinary course of business, or that it requires Charter to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources, on the grounds that it would subject Charter to undue burden and expense.  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**REQUEST NO. 20**   Organizational charts for Charter's internal e-discovery, information technology, and litigation support organizations for 2016 to present.

**OBJECTION:**   Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**ANSWER:**   Subject to and without waiving these objections, Charter will produce non-privileged documents that are responsive to this request if they exist in Charter's possession, custody, or control.

**REQUEST NO. 21**   Personnel files for Joshua Paske, Kirill Abramov, Dan Vasey, Christine Flores, and Kimberly Love.

**OBJECTION:**   Charter objects that this request seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and because it is disproportional to the needs of the case because it presents an undue burden on the privacy interests of non-parties to this litigation which outweighs the likely benefit of the information to resolving any issues in the litigation.

**REQUEST NO. 22**   All communications between Charter and ZL Technologies or KLDiscovery regarding the deletion and attempted recovery of the emails and documents destroyed in the events described in your March 4 and April 14 letters to Plaintiffs.

**OBJECTION:**   Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**ANSWER:**   Subject to and without waiving these objections, Charter will produce non-privileged documents that are in its possession, custody, or control that are responsive to this request.

**REQUEST NO. 23**   All communications between Charter and ProofPoint regarding the deletion and attempted recovery of the emails and documents destroyed in the events described in your March 4 and April 14 letters to Plaintiffs.

**OBJECTION:**   Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects to this request to the extent

it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

**ANSWER:**   Subject to and without waiving these objections, Charter will produce non-privileged documents that are in its possession, custody, or control that are responsive to this request.

**REQUEST NO. 24**   All documents concerning correspondence with outside counsel about the existence or implementation of a legal hold in connection with Plaintiffs' notice in March 2016 or this lawsuit.

**OBJECTION:**   Charter objects to this request to the extent that it seeks information that is not relevant to any party's claim or defense.  Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.  Charter further objects to this request to the extent it is duplicative of other discovery requests that Plaintiffs have propounded.

**REQUEST NO. 25**   Any sworn statements by any employee, agent, or other representative of Charter, discussing or concerning information that Charter lost that otherwise should or would have been preserved in the anticipation or conduct of any other litigation.

**ANSWER:**   Charter will produce non-privileged documents that are responsive to this request if they exist in Charter's possession, custody, or control.

Date: June 4, 2020

By: _/s/ Jennifer A. Golinveaux_
Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Phone: (303) 830-2400
Fax: (303) 830-1033
E-mail: cjoyce@fwlaw.com
E-mail: jtanner@fwlaw.com

*Counsel for Defendant*
*Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 4, 2020 a true and correct copy of the foregoing was served via email on the below counsel of record for Plaintiffs:

Mitchell A. Kamin
Neema T. Sahni
Mark Chen
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
mychen@cov.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson
Benjamin M. Leoni
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Jonathan M. Sperling
William O'Neill
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneill@cov.com

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW Washington,
DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

*/s/ John J. Rosenthal*
John J. Rosenthal