# Exhibit 1

| | |
|---|---|
| **From:** | Alvarez, Cesie <CAlvarez@winston.com> |
| **Sent:** | Tuesday, July 28, 2020 4:30 PM |
| **To:** | Ehlers, J. Hardy; Ranahan, Erin; Skopec, Allison; Elkin, Michael; Spitzer, Seth; Golinveaux, Jennifer; Lane, Thomas; Anderson, Sean |
| **Cc:** | Kamin, Mitchell A; Sperling, Jonathan; Sahni, Neema T; Lampros, Nicholas M.; Hill, Phil; Fields, Michael; Jeff Gould; Scott Zebrak; Matt Oppenheim; Andrew (Andrew@oandzlaw.com); Kellyn Goler; Jia Ryu; Andrew Schapiro; Jessica Rose; David Eiseman |
| **Subject:** | RE: Warner Records Inc. et al. v. Charter Communications, Inc.:  June 25 Interrogatory Responses and Document Productions |

[EXTERNAL]
Hardy,

I respond here to the various issues you raise below.

Charter has not been stalling a response but has been actively discussing the issues raised in your June 29 email to provide Plaintiffs with a complete response. As the Special Master noted, it was improper for Plaintiffs to raise its issues concerning Interrogatories 13 and 14 to the Special Master without affording Charter an opportunity to respond. The parties have had multiple meet and confers since your June 29 email, during which Plaintiffs could have raised these issues. The presumption that we need to respond in writing before having a meaningful discussion is what stalled progress on these disputes.

Regarding the data for August 2015 in Charter's response to Interrogatory 13, Charter investigated the issue and is preparing a supplemental response that it plans to serve by July 31. The responses to Interrogatories 13 and 14 were not derived from data stored in CATS. The information requested in Plaintiffs' interrogatories has been provided. Charter has no obligation to produce additional documents beyond the scope of what it is obligated to provide in response to Plaintiffs' Interrogatories and RFPs.

Charter also has no obligation to provide the additional information you reference with respect to Interrogatory 14. Interrogatory 14 seeks "the number of Customer Facing Actions, by Customer Facing Action, you took each month from January 1, 2010 through May 17, 2016 in response to the Infringement Notices. . ." (which the Special Master limited to the Discovery Period) and "Customer Facing Action" is defined as "any action that you directed to a Subscriber as a result of having received an Infringement Notice . . .."  Neither the request nor the definition indicate that Charter must include information on actions not taken. We further refer Plaintiffs to Charter's June 18 Amended Responses to Plaintiffs' First Set of Requests for Admission.

Please see Charter's July 10 production for the reproduced organizational charts.

Lastly, your demand for a key for the data set Bates numbered CHA_00063488 goes beyond the request and Charter has no obligation to create such a document for Plaintiffs in response to a document request.

Regards,
Cesie

**Cesie C Alvarez**
**Associate Attorney**
Winston & Strawn LLP
D: +1 212-294-6737
winston.com
*Admitted to practice in New York*
*Not admitted to practice in Texas*



**From:** Alvarez, Cesie
**Sent:** Monday, July 27, 2020 11:39 AM
**To:** 'Ehlers, J. Hardy' <JEhlers@cov.com>; Ranahan, Erin <ERanahan@winston.com>; Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Fields, Michael <MFields@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu <Jia@oandzlaw.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>
**Subject:** RE: Warner Records Inc. et al. v. Charter Communications, Inc.: June 25 Interrogatory Responses and Document Productions

Hardy,

We are available to speak on Wednesday at 2 pm pacific.

Regards,

**Cesie C Alvarez**
**Associate Attorney**
Winston & Strawn LLP
D: +1 212-294-6737
winston.com
*Admitted to practice in New York*
*Not admitted to practice in Texas*



**From:** Ehlers, J. Hardy <JEhlers@cov.com>
**Sent:** Friday, July 24, 2020 5:58 PM
**To:** Ranahan, Erin <ERanahan@winston.com>; Skopec, Allison <ASkopec@winston.com>; Elkin, Michael <MElkin@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Lane, Thomas <TLane@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Anderson, Sean <SRanderson@winston.com>
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Fields, Michael <MFields@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu <Jia@oandzlaw.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>
**Subject:** RE: Warner Records Inc. et al. v. Charter Communications, Inc.: June 25 Interrogatory Responses and Document Productions

Counsel:

Please provide some times next week to meet and confer about these issues. If you do not do so by Monday, we'll ask the Special Master to intervene.

Thanks,

Hardy

**From:** Ehlers, J. Hardy
**Sent:** Tuesday, July 21, 2020 1:08 PM
**To:** 'Ranahan, Erin R.' <ERanahan@winston.com>; 'Skopec, Allison N.' <ASkopec@winston.com>; 'Elkin, Michael S.' <MElkin@winston.com>; 'Spitzer, Seth E.' <SSpitzer@winston.com>; 'Golinveaux, Jennifer A.' <JGolinveaux@winston.com>; 'Lane, Thomas Patrick' <TLane@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Anderson, Sean' <SRanderson@winston.com>
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Fields, Michael <MFields@cov.com>; 'Jeff Gould' <Jeff@oandzlaw.com>; 'Scott Zebrak' <Scott@oandzlaw.com>; 'Matt Oppenheim' <Matt@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; 'Kellyn Goler' <Kellyn@oandzlaw.com>; 'Jia Ryu' <Jia@oandzlaw.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>
**Subject:** RE: Warner Records Inc. et al. v. Charter Communications, Inc.: June 25 Interrogatory Responses and Document Productions

Counsel:

In your July 14 letter to the Special Master, you stated that in the two-week time period during which Charter was not responding to our emails below, "Charter was actively discussing the issues internally," and you contended that the issue was not ripe for the Special Master's consideration because "Charter has not had a chance to meaningfully respond or confer with Plaintiffs."  Yet, when we asked you last week to let us know Charter's position by July 17 on whether it will supplement this discovery, and to let us know your availability to confer on July 20, you ignored us again.  It is improper to stall ripeness of a dispute by refusing to engage or confer on issues.  So we ask again:  please provide some times this week when you are available to meet and confer and please provide Charter's positions in writing in advance.

We would also like to discuss the second and third issues under "Charter's June 25 Production" below, including the timing of Charter's production of ticket data "for the newly identified 'accused subscribers.'" C. Alvarez 6/24/20 email.  We learned from the Response brief that Charter filed last night that Charter has now agreed to produce the billing/revenue records for the additional subscribers.  Please direct us to where it is you contend Charter previously informed Plaintiffs of this, and please also advise when Charter will do that.

Thanks,

Hardy

**From:** Ehlers, J. Hardy
**Sent:** Monday, July 6, 2020 12:40 PM
**To:** 'Ranahan, Erin R.' <ERanahan@winston.com>; 'Skopec, Allison N.' <ASkopec@winston.com>; 'Elkin, Michael S.' <MElkin@winston.com>; 'Spitzer, Seth E.' <SSpitzer@winston.com>; 'Golinveaux, Jennifer A.' <JGolinveaux@winston.com>; 'Lane, Thomas Patrick' <TLane@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Anderson, Sean' <SRanderson@winston.com>
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Fields, Michael <MFields@cov.com>; 'Jeff Gould' <Jeff@oandzlaw.com>; 'Scott Zebrak' <Scott@oandzlaw.com>; 'Matt Oppenheim' <Matt@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu <Jia@oandzlaw.com>
**Subject:** RE: Warner Records Inc. et al. v. Charter Communications, Inc.: June 25 Interrogatory Responses and Document Productions

Counsel:

Please confirm Charter will provide the supplemental interrogatory responses and document productions described below.  If Charter will not, we'd like to discuss its refusal(s) on the meet-and-confer we've proposed for this Wednesday.  Please also provide some times when you are available on Wednesday for that meet and confer.

Thanks,

Hardy

---

**From:** Ehlers, J. Hardy
**Sent:** Monday, June 29, 2020 2:19 PM
**To:** 'Ranahan, Erin R.' <ERanahan@winston.com>; 'Skopec, Allison N.' <ASkopec@winston.com>; 'Elkin, Michael S.' <MElkin@winston.com>; 'Spitzer, Seth E.' <SSpitzer@winston.com>; 'Golinveaux, Jennifer A.' <JGolinveaux@winston.com>; 'Lane, Thomas Patrick' <TLane@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Anderson, Sean' <SRanderson@winston.com>
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Hill, Phil <PAHill@cov.com>; Fields, Michael <MFields@cov.com>; 'Jeff Gould' <Jeff@oandzlaw.com>; 'Scott Zebrak' <Scott@oandzlaw.com>; 'Matt Oppenheim' <Matt@oandzlaw.com>
**Subject:** Warner Records Inc. et al. v. Charter Communications, Inc.: June 25 Interrogatory Responses and Document Productions

Counsel:

We write regarding Charter's June 25 Second Supplemental Responses to Plaintiffs' Second Set of Interrogatories, and June 25 production of documents.

**Charter's Second Supplemental Responses to Plaintiffs' Second Set of Interrogatories**

*First*, Charter's response to Interrogatory 13 is missing the total number of Infringement Notices that Charter received in August 2015, even though it includes totals for the 33 months prior and 9 months after.  Please include the missing data in a supplemental response or explain why Charter is unable to provide it.

*Second*, Charter's response to Interrogatory 13 includes monthly totals of Infringement Notices that Charter received beginning in November 2012, and Charter's response to Interrogatory 14 includes monthly data on Charter's customer facing actions taken in response to Infringement Notices beginning in March 2013.  However, the ticket and/or ticket-table data that Charter has produced in this case dates back only to November 2014.  *See* CHA_00001273-83.  If Charter has ticket or ticket-table data pre-dating November 2014 that has not been produced, please produce that data immediately.  If not, please identify the source of the data from before November 2014 related to Infringement Notices and please promptly produce it.  That data is responsive to, at minimum, RFP 2 and RFP 24 (seeking "[a]ll documents on which you rely in responding to Plaintiffs' Interrogatories.").

*Third*, Charter's response to Interrogatory No. 14 does not include the number of times Charter terminated, suspended, or throttled a subscriber's service in response to an infringement notice, even though the definition of "Customer Facing Actions" includes "suspending, slowing (i.e., 'throttling') or otherwise adversely affecting the Subscriber's internet access; or disconnecting or terminating the Subscriber's internet service."   Please serve a supplemental response that states the total number of each type of Customer Facing Action, even if that number is zero.

**Charter's June 25 Production**

*First*, the organizational charts produced at CHA_00063486-87 are illegible.  Please reproduce legible copies promptly.

*Second,* please produce a key to the data set produced at CHA_00063488.  *See* RFP 67 ("Documents sufficient to show the meaning of each action, code, field, or definition used in the 'ticket log' data produced or to be produced by you in this action.").

*Third*, based on CHA_00063489, it appears that Charter has now identified approximately 21,200 accounts associated with notices from Plaintiffs, up from the approximately 11,000 subscribers Charter previously identified. You confirmed that Charter will produce ticket data "for the newly identified 'accused subscribers.'" C. Alvarez 6/24/20 email. You have not, however, confirmed that Charter will supplement its billing/revenue records for all of these subscribers. Please confirm you will do so and let us know when you expect to make those productions. We also ask, once again, to state whether the revenue records reflect revenue (as ordered) or billings.

Thanks,

Hardy

**J. Hardy Ehlers**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4778 | jehlers@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.