# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00874-RBJ-MEH
_____

WARNER BROS. RECORDS INC., et al.,

        Plaintiffs,

vs.

CHARTER COMMUNICATIONS, INC.,

        Defendant.

_____

TELEPHONIC HEARING

August 25, 2020
_____

        This telephonic hearing was taken before Special Master Regina Rodriguez on August 25, 2020, at 10:31 a.m. Mountain Standard Time before K. Michelle Dittmer, Registered Professional Reporter and Notary Public within the state of Colorado.

(The reporter, K. Michelle Dittmer, appearing remotely via telephone)

Telephonic Hearing
August 25, 2020

Page 2

```
 1   A P P E A R A N C E S
 2   ON BEHALF OF THE PLAINTIFF WARNER BROS. RECORDS INC.:
 3             MATTHEW J. OPPENHEIM, ESQ.
               JEFFREY M. GOULD, ESQ.
 4             Oppenheim & Zebrak LLP
               4530 Wisconsin Avenue N.W.
 5             5th Floor
               Washington, DC 20016
 6             Phone: 202-480-2999
               Email: matt@oandzlaw.com
 7             Email: jeff@oandzlaw.com
               (appeared telephonically)
 8
               JONATHAN MICHAEL SPERLING, ESQ.
 9             PHILLIP HILL, ESQ.
               Covington & Burling LLP
10             620 Eighth Avenue
               The New York Times Building
11             New York, New York 10018-1405
               Phone: 212-841-1153
12             Email: jsperling@cov.com
               Email: pahill@cov.com
13             (appeared telephonically)
14
               NEEMA T. SAHNI, ESQ.
15             J. HARDY EHLERS, ESQ.
               MITCHELL A. KAMIN, ESQ.
16             Covington & Burling LLP
               1999 Avenue of the Stars
17             Suite 3500
               Los Angeles, California 90066-4643
18             Phone: 424-332-4757
               Email: nsahni@cov.com
19             Email: jehlers@cov.com
               Email: mkamin@cov.com
20             (appeared telephonically)
21
22
23
24
25
```

Telephonic Hearing
August 25, 2020

Page 3

```
 1   ON BEHALF OF THE DEFENDANT:
 2             SEAN R. ANDERSON, ESQ.
               CESIE C. ALVAREZ, ESQ.
 3             Winston & Strawn, LLP
               200 Park Avenue
 4             New York, New York 10166-4193
               Phone: 212-294-6729
 5             Phone: 212-294-5388
               Email: sranderson@winston.com
 6             Email: calvarez@winston.com
               (appeared telephonically)
 7
               JENNIFER ANN GOLINVEAUX, ESQ.
 8             Winston & Strawn, LLP
               101 California Street
 9             Suite 3400
               San Francisco, California 94111-5802
10             Phone: 415-591-1506
               Email: jgolinveaux@winston.com
11             (appeared telephonically)
12             ERIN R. RANAHAN, ESQ.
               Winston & Strawn, LLP
13             333 South Grand Avenue
               Los Angeles, California 90071
14             Phone: 213-615-1835
               Email: eranahan@winston.com
15             (appeared telephonically)
16             CRAIG D. JOYCE, ESQ.
               Fairfield & Woods, P.C.
17             1801 California Street
               Suite 2600
18             Denver, Colorado 80202-2645
               Phone: 303-830-2400
19             Email: cjoyce@fwlaw.com
               (appeared telephonically)
20
21
22
23
24
25
```

```
                           Telephonic Hearing
                           August 25, 2020
                                                              Page 4

 1    ON BEHALF OF THE DEFENDANT: (Continued)
 2              ANDREW H. SCHAPIRO, ESQ.
                Quinn Emanuel Urquhart & Sullivan, LLP
 3              191 N. Wacker Drive, Suite 2700
                Chicago, Illinois 60606
 4              Phone: 312-705-7403
                Email: andrewschapiro@quinnemanuel.com
 5              (appeared telephonically)
 6              LINDA J. BREWER, ESQ.
                Quinn Emanuel Urquhart & Sullivan, LLP
 7              50 California Street, 22nd Floor
                San Francisco, California 94111
 8              Phone: 415-875-6403
                Email: lindabrewer@quinnemanuel.com
 9              (appeared telephonically)
10              TODD ANTEN, ESQ.
                Quinn Emanuel Urquhart & Sullivan, LLP
11              51 Madison Avenue, 22nd Floor
                New York, New York 10010
12              Phone: 212-849-7192
                Email: toddanten@quinnemanuel.com
13              (appeared telephonically)
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   regard to third-party communications; 9/11 as to the
 2   rest.
 3                MS. RANAHAN:  Okay.
 4                MS. SAHNI:  Thank you, Ms. Rodriguez.
 5                SPECIAL MASTER RODRIGUEZ:  All right.
 6   With regard to Interrogatories 13 and 14, again, that
 7   supplement as order should be produced by 9/4.
 8                MS. RANAHAN:  We already produced
 9   Interrogatory 13.  We -- we supplemented it.  And 14,
10   it's a dispute about what was required.  So these are not
11   things that are outstanding, 13 and 14.
12                13, we supplemented.  And 14 -- it was one
13   month that was missing on 13 and we supplemented that.
14   I'm not sure why it's on this list.
15                And Interrogatory 14, you asked for
16   actions -- or, sorry.  The request, the interrogatory
17   asks for actions, customer-facing actions.  We've
18   provided that, we've fully responded to that.
19                Plaintiff's position is that we should
20   have to go through and state zeros, so it's a substantive
21   dispute.  It's not what's called for.  We've
22   provided the -- we've answered the interrogatory and
23   there's nothing else to produce for 13 and 14.
24                SPECIAL MASTER RODRIGUEZ:  Okay.
25                MR. OPPENHEIM:  Ms. Rodriguez --
```

Telephonic Hearing
August 25, 2020

Page 56

```
 1                  SPECIAL MASTER RODRIGUEZ:  Let's break
 2   this down.  With regard to 13, Plaintiff, what is missing
 3   that you're asking to be supplemented?  I'm just asking
 4   with regard to Interrogatory Number 13.
 5                  MR. OPPENHEIM:  So make sure I get my --
 6   this is Matt Oppenheim.  Apologies.
 7                  So with respect to Interrogatory 13 -- I'm
 8   just making sure I've got the two of them straight -- so
 9   I believe it asked for Charter to provide the information
10   about -- on a month-by-month basis of what actions it
11   took -- excuse me, 14 is -- I apologize.  I'm getting
12   them backwards.  14 is --
13                  SPECIAL MASTER RODRIGUEZ:  Yeah.  Take a
14   moment if you -- please just take a moment, if you need,
15   to have this straight.
16                  I just want an answer to my question,
17   which is:  What has Charter failed to provide in response
18   to Interrogatory Number 13 that you are referencing in
19   your list of items to be resolved today?
20                  MR. OPPENHEIM:  Yes.  Okay.
21                  SPECIAL MASTER RODRIGUEZ:  All right?
22                  MR. OPPENHEIM:  So with respect to
23   Interrogatory 13, we had asked for month-by-month notices
24   and -- and we got the information and we got information
25   from a period of time where Charter had previously told
```

1    us that the documents had -- that they had no documents,
2    they had no information.  It was part of the spoliations
3    motion we had previously filed.  Obviously there's been a
4    lot of dispute about that.  But they had information that
5    we had been told they didn't have.
6              And so we asked them very simply, in order
7    to understand the background of it, exactly the way they
8    have asked many times about the Audible Magic reference
9    files, we said:  What was the source of this information
10   so we can understand where you're getting it from,
11   because we had been told that this information had not
12   been preserved.
13             Charter just refuses to tell us what the
14   source of the information is.  They tell us that they
15   don't have the ticket data, they tell us they don't have
16   the ticket table data, but they won't tell us what the
17   source of the information is in the interrogatory.
18             This is exactly the same scenario with the
19   reference files.  They keep asking for information about
20   the background, and we're trying to provide it.  And you
21   had ordered us to provide certain information, and we're
22   undertaking that.
23             We simply asked what's the basis for it
24   here so we can understand it.
25             SPECIAL MASTER RODRIGUEZ:  Charter, can

```
 1   you answer that question?  Are you able to answer the
 2   question?  I assume you had a basis or source for
 3   providing answers in Interrogatory Number 13.
 4                  MS. RANAHAN:  Right.  So -- okay.  So on
 5   the list is for us to supplement Interrogatory 13.  Okay.
 6   We've done that.  We answered it and --
 7                  SPECIAL MASTER RODRIGUEZ:  Okay.  Hold on.
 8                  MS. RANAHAN:  -- re-answered it.  We
 9   don't --
10                  SPECIAL MASTER RODRIGUEZ:  Hold on.
11                  MS. RANAHAN:  Yes.
12                  SPECIAL MASTER RODRIGUEZ:  Hold on, hold
13   on.
14                  Have you answered the question that
15   Mr. Oppenheim just posed, which is:  What is the source
16   of the information that you've provided in Interrogatory
17   Number 13?
18                  MS. RANAHAN:  Yes.  I mean, we -- we -- it
19   wasn't from the ticket data.  So we've told that.  So --
20   and then they can ask, you know, in deposition about
21   where it comes from.
22                  But we answered the information with what
23   we had available, and there's not an order outstanding
24   for you asking us to do this.  We haven't briefed this
25   issue.  It's a totally new issue that they've just raised
```

```
 1   for the first time on this call.  It's not even in the
 2   email.
 3                   MR. OPPENHEIM:  Ms. Rodriguez, this has --
 4                   SPECIAL MASTER RODRIGUEZ:  Hold --
 5                   MR. OPPENHEIM:  I'm sorry.
 6                   SPECIAL MASTER RODRIGUEZ:  Hold on.
 7                   MR. OPPENHEIM:  My apologies.
 8                   SPECIAL MASTER RODRIGUEZ:  Let's look --
 9   let me look at Interrogatory 13.  You're saying that --
10   as I understand what you're saying, Counsel for Charter,
11   that you are declining to supplement your answer to --
12   to Interrogatory 13, to answer the question that
13   Charter [sic] has posed as to the source of the
14   information you provided on the basis that it's not
15   specifically requested in Interrogatory Number 13?
16                   MS. RANAHAN:  It's -- it's not an issue --
17   I have not --
18                   SPECIAL MASTER RODRIGUEZ:  Is that your
19   position?
20                   MS. RANAHAN:  Correct.  And it's -- and
21   we've dealt -- I mean, this is -- we obtained the best
22   data we could from the client.  If they want to, you
23   know, interrogate the client about -- in a deposition
24   about where they obtained this information, they're free
25   to do that.  But there's no outstanding request.
```

```
 1                This is -- and you recall we had to go
 2    through three different steps with you before you ordered
 3    them to answer those questions, and they still didn't do
 4    it.  So for us to now be -- for the first time on this
 5    call -- it's not even in the email, and now we're having
 6    a substantive discussion about the source of information
 7    in an interrogatory response that's just not even teed
 8    up?  We haven't even had the chance to prepare this or
 9    even discuss it.  It's not even in the email.
10                So this is -- I'm blindsided by this.  I'm
11    not -- I'm not prepared to substantively respond to this
12    today.  It wasn't even outlined, and we didn't think we
13    were going to be covering this.
14                But we have fully complied with the
15    interrogatory and supplemented it.
16                SPECIAL MASTER RODRIGUEZ:  All right.
17                MS. RANAHAN:  And we've given information
18    called for.
19                SPECIAL MASTER RODRIGUEZ:  All right.
20                MR. OPPENHEIM:  Ms. Rodriguez, I'm sorry,
21    if I may.
22                SPECIAL MASTER RODRIGUEZ:  Briefly,
23    please.
24                MR. OPPENHEIM:  Yes.
25                So as you know, we've been attempting --
```

1  the plaintiffs have been attempting to get ticket data
2  with respect to the 700,000 notices that they've sent, as
3  well as ticket data related to other notices and other
4  actions from Charter.
5              And we have gotten small, single-number
6  percentages of those notices in that ticket data on the
7  grounds that Charter is going to -- it doesn't have it.
8              And we pushed on that, and lo and behold,
9  after you issued an order requiring them to go back to
10 DHCP logs, they found tens of millions more, but still a
11 small percentage.
12             Now they give us a chart that shows that
13 they know, on a month-by-month basis, the hundreds of
14 thousands or the millions of notices that they received.
15             And it is a fair inquiry for us to say:
16 Wait a minute, you've been telling us all along in
17 response to discovery request after discovery request
18 after discovery request that you don't have any of this
19 information.  And now you have produced this information.
20 What is the basis for it?
21             And their response isn't -- to you isn't,
22 "I don't know," or, "Here's what it is."  It's, "They
23 didn't ask for this."
24             We've asked for this so many different
25 ways.  If they --

```
 1                    SPECIAL MASTER RODRIGUEZ:  Mr. Oppenheim,
 2   Mr. Oppenheim --
 3                    MR. OPPENHEIM:  Yes.
 4                    SPECIAL MASTER RODRIGUEZ:  -- Mr.
 5   Oppenheim.  I get it.
 6                    MS. RANAHAN:  But we --
 7                    SPECIAL MASTER RODRIGUEZ:  We don't need
 8   to -- hold on.  Hold on a minute.
 9                    This is an example of what is extremely
10   frustrating sitting on this side of the equation.  This
11   is something that should get worked out with the parties.
12   This is not an unreasonable question.  It is not a
13   surprise to anyone that this question would arise.
14                    Yes, Ms. Golinveaux, you are correct that
15   perhaps this was not specifically requested in
16   Interrogatory Number 13 and plaintiffs could file another
17   interrogatory making that specific request.
18                    So perhaps, technically -- and I have not
19   gone back to review the exact language of Interrogatory
20   Number 13 and the instruction.  But are you -- if your
21   position is that we -- you're going to require the
22   plaintiffs to file another interrogatory, I suppose we
23   can do that, kick the can down the road.  But we're going
24   to be right back here in the same place having to deal
25   with this.
```

```
 1                  It seems to me the better practice is that
 2    we deal with this and deal with it immediately so that it
 3    doesn't continue to fester and become a larger issue down
 4    the road.
 5                  MR. OPPENHEIM:  Well, Ms. --
 6                  SPECIAL MASTER RODRIGUEZ:  I am not --
 7    hold on.
 8                  I agree that one should not be blindsided
 9    by this.  I am asking Charter to go back, have this
10    conversation with their client, and determine whether or
11    not they can answer this question as to the identity of
12    the source of the data.  I will be shocked if you come
13    back and say, "We can't identify the source of the data."
14                  MS. RANAHAN:  That's fine.  I honestly
15    haven't had a discussion with plaintiffs' counsel about
16    this, so that's why I was taken aback by this being --
17                  SPECIAL MASTER RODRIGUEZ:  I understand.
18                  MS. RANAHAN:  -- an issue that we've --
19    we've refused to answer this.
20                  All we've said is it's not the ticket
21    data, which is what they are saying:  "How can you not
22    have this ticket data?"  We said, "That's not where we
23    got this."  You can certainly ask their client about the
24    source.  That's not --
25                  SPECIAL MASTER RODRIGUEZ:  But you're
```

```
 1   asking your client now to supplement the interrogatory,
 2   and we can elevate form over substance at this point.
 3                 MS. GOLINVEAUX:  Ms. Rodriguez, it's --
 4                 SPECIAL MASTER RODRIGUEZ:  And --
 5                 MS. GOLINVEAUX:  -- Jennifer Golinveaux.
 6   Just -- I'm sorry.  I didn't realize you were talking.
 7                 SPECIAL MASTER RODRIGUEZ:  I mean, we can
 8   elevate form over substance and plaintiffs can
 9   resubmit -- or can submit another interrogatory at this
10   point to ask that question, but the question is going to
11   be asked and the answer needs to be provided.
12                 So I understand that you are -- you say
13   that you were not prepared to answer this issue today.
14   I'm going to order that Charter confer with its client
15   and provide its position on this issue by Friday, the
16   28th.
17                 If you are declining to answer on the
18   basis that it is not called for in Interrogatory
19   Number 13, I will order the plaintiff to immediately
20   submit an additional interrogatory request seeking to --
21   the identity of the source data at an expedited response
22   date of five business days from the date the plaintiffs
23   serve the interrogatory response.
24                 All right.  The next issue was the letter
25   brief and in-camera submission for Charter's privilege
```

```
 1    log.
 2                MR. OPPENHEIM:  Ms. Rodriguez, I think we
 3    skipped Rog 14, but it --
 4                SPECIAL MASTER RODRIGUEZ:  Oh, I
 5    apologize.  You're right.
 6                MR. SPERLING:  And, Ms. Rodriguez, I'm
 7    sorry.  It's Jonathan Sperling.
 8                Just before you go to that issue, there's
 9    no argument to be made here whatsoever on our part.  I
10    just don't want you to think that we didn't raise
11    something that will come up later.
12                There is also a pending RFP for the
13    documents that Charter relied on in connection with this.
14    So I'm not giving any further argument, but I expect that
15    when this comes up a week or two down the road -- or that
16    it will come up a week or two down the road, and I don't
17    want you to feel surprised when we tell you, you know,
18    then that there was a pending request for production for
19    the documents also.
20                That's it.
21                SPECIAL MASTER RODRIGUEZ:  All right.  I
22    appreciate that.  Yes.
23                So we should also, on 8/28, Charter
24    provide response with regard to the documents it relied
25    upon and what its position will be on that issue.
```

Telephonic Hearing
August 25, 2020

Page 93

```
 1                  REPORTER'S CERTIFICATE
 2
 3        I, K. MICHELLE DITTMER, Registered Professional
 4   Reporter and Notary Public, State of Colorado, do hereby
 5   certify that the said hearing was taken in machine
 6   shorthand by me at the time and place aforesaid and was
 7   thereafter reduced to typewritten form; that the
 8   foregoing is a true transcript of the proceedings had.  I
 9   further certify that I am not employed by, related to,
10   nor counsel for any of the parties herein, nor otherwise
11   interested in the outcome of this litigation.
12            IN WITNESS WHEREOF, I have affixed my signature
13   this 9th day of September, 2020.
14            My commission expires April 15, 2024.
15
16
17
18
                        _____
19                              K. MICHELLE DITTMER
                          Registered Professional Reporter
20                            Wilson & Associates, LLC
21
22
23
24
25
```