# Exhibit 3

| | |
|---|---|
| **From:** | Golinveaux, Jennifer <JGolinveaux@winston.com> |
| **Sent:** | Tuesday, September 1, 2020 7:15 PM |
| **To:** | Ehlers, J. Hardy; regina.rodriguez@wilmerhale.com |
| **Cc:** | Sahni, Neema T; Tracy.Gomez@wilmerhale.com; Mairead.Dolan@wilmerhale.com; andrewschapiro@quinnemanuel.com; Alvarez, Cesie; Charlesverhoeven@quinnemanuel.com; cjoyce@fwlaw.com; davideiseman@quinnemanuel.com; jtanner@fwlaw.com; jferguson@williamsweese.com; Rosenthal, John; Sperling, Jonathan; Padmanabhan, Krishnan; Chen, Mark Y; Matt Oppenheim; Brody, Michael; Elkin, Michael; Kamin, Mitchell A; Lampros, Nicholas M.; Scott Zebrak; Anderson, Sean; Spitzer, Seth; Lane, Thomas; O'Neil, William; Fields, Michael; Jessica Rose; Linda Brewer; Todd Anten; Charter-Copyright-QE@quinnemanuel.com; Jeff Gould; Skopec, Allison |
| **Subject:** | RE: Warner, et al. v. Charter Communications, Inc. - Case No. 19-cv-00874-RBJ-MEH - Response re: Plaintiffs' Interrogatory No. 13 |
| **Attachments:** | 082520warnerroughdraft.pdf |

**[EXTERNAL]**
Hardy,

We disagree with your analysis. You argued to the Special Master at our status conference last week and assert in your email below that if the file was relied upon to respond to Interrogatory 13 then it should be produced as responsive to Plaintiffs' RFP 24 seeking "[a]ll documents on which you rely in responding to Plaintiffs' Interrogatories." What you failed to mention is that both Charter's response to Plaintiffs' RFP 24 and Plaintiffs' own response to Charter's parallel RFP, both limit any response to production of documents to "the extent and on the schedule provided by Federal Rule of Civil Procedure 33(d). . . ." As you know, FRCP 33(d) allows parties to produce documents *in lieu of* providing a narrative response to an interrogatory in appropriate circumstances. Here, Charter provided a narrative response to the interrogatory and did not rely on FRCP 33(d).

We also disagree with your statement that "the Special Master ordered Charter to provide its position on whether it would produce responsive documents." You cite to page 66 of the attached rough transcript of the status conference, but that page is merely Mr. Oppenheim explaining his position regarding Interrogatory No. 14, with which the Special Master specifically disagreed. *See* Rough Tr. at 68-69 (attached). Regarding Interrogatory No. 13, the Special Master ordered Charter to respond by last Friday with its position on whether it would agree to informally, and without requiring Plaintiffs to serve a new interrogatory, identify the source of the data used to supplement the interrogatory. *Id.* at 63 ("I am asking Charter to go back, have this conversation with their client, and determine whether or not they can answer this question as to the identity of the source of the data.") That is precisely what I did.

We also disagree with your position that the file we have identified is responsive to RFP 61. The file I identified contains certain summary statistics regarding numbers of complaints processed in CATS. It does not track what actions were taken against subscribers in response to the various types of notices during the Discovery Period.

We will respond under separate cover to your emails to the Special Master Sunday and from earlier today regarding Mr. Abramov and Ms. Starkweather's emails.

Sincerely,
Jennifer

**Jennifer A. Golinveaux**
**Partner**
Winston & Strawn LLP
T: +1 415-591-1000
D: +1 415-591-1506

1

F: +1 415-591-1400
winston.com



**From:** Ehlers, J. Hardy <JEhlers@cov.com>
**Sent:** Sunday, August 30, 2020 9:00 PM
**To:** Golinveaux, Jennifer <JGolinveaux@winston.com>; regina.rodriguez@wilmerhale.com
**Cc:** Sahni, Neema T <nsahni@cov.com>; Tracy.Gomez@wilmerhale.com; Mairead.Dolan@wilmerhale.com; andrewschapiro@quinnemanuel.com; Alvarez, Cesie <CAlvarez@winston.com>; Charlesverhoeven@quinnemanuel.com; cjoyce@fwlaw.com; davideiseman@quinnemanuel.com; jtanner@fwlaw.com; jferguson@williamsweese.com; Rosenthal, John <JRosenthal@winston.com>; Sperling, Jonathan <jsperling@cov.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Chen, Mark Y <MYChen@cov.com>; Matt Oppenheim <Matt@oandzlaw.com>; Brody, Michael <MBrody@winston.com>; Elkin, Michael <MElkin@winston.com>; Kamin, Mitchell A <MKamin@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Scott Zebrak <Scott@oandzlaw.com>; Anderson, Sean <SRanderson@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; O'Neil, William <woneil@cov.com>; Fields, Michael <MFields@cov.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Charter-Copyright-QE@quinnemanuel.com; Jeff Gould <Jeff@oandzlaw.com>; Skopec, Allison <ASkopec@winston.com>
**Subject:** RE: Warner, et al. v. Charter Communications, Inc. - Case No. 19-cv-00874-RBJ-MEH - Response re: Plaintiffs' Interrogatory No. 13

Jennifer,

Because the "file that Charter maintains with certain summary statistics concerning CATS" is the "source of the supplemental information" you provided in response to Interrogatories 13 and 14, it is directly responsive to RFP 24 (seeking "[a]ll documents on which you rely in responding to Plaintiffs' Interrogatories.").

During last Tuesday's Status Conference, we raised RFP 24 in relation to Interrogatories 13 and 14 and the Special Master ordered Charter to provide its position on whether it would produce responsive documents. *See* Rough Tr. at 66 (attached). You have identified the responsive "file that Charter maintains with certain summary statistics concerning CATS" below ("CATS Summary File") but have not stated—as ordered—whether Charter will produce it.

Because your email states that the CATS Summary File also "tracks information on a variety of complaints beyond copyright notices," you were *also* obligated to produce the CATS Summary File by virtue of the Special Master's Order regarding RFP 61. That Order states: "Charter is hereby ordered to produce CATS data providing information regarding Charter's actions taken in response to different categories of abuse." Dkt. 181 at 30-31. Like the ticket data Charter produced, the document that Charter provided in response to RFP 61 contains data beginning only in 2014. Because the CATS Summary File contains information from before 2014 regarding the actions Charter took for categories of abuse other than copyright infringement, it falls squarely within the Special Master's Order. In fact, the Special Master *specifically instructed* Charter to look beyond the ticket data in answering RFP 61:

> **SPECIAL MASTER RODRIGUEZ**: Yeah. And I understand that the playbook specifies what actions would be taken under Charter's policies. However, what I'm asking is, where would information related to what action actually was taken be stored, *whether that's in CATS or elsewhere? Is it the logs? Is it something else*?
> **MS. GOLINVEAUX**: Right. I, frankly, would have to go to the client about that. It's not a -- it's not something we have ever needed to look into in either this case or the Cox case, so I'm just not sure.
> **SPECIAL MASTER RODRIGUEZ**: Okay. Well, fair enough. If you could let us know. If you would send a response to me next week by Wednesday as to how that data is kept so that we can --
> **MS. GOLINVEAUX**: Certainly.
> **SPECIAL MASTER RODRIGUEZ**: -- make a judgment on where that is. *Because it does appear to me to be relevant, of how Charter managed its own policies and whether or not it took action on these different types of policy violations*.

5/18/20 Hrg. Tr. at 79:3-22.

Please confirm on Monday that Charter will produce the file you describe below by the end of this week, so that we know whether to include this issue in our September 2 Motion to the Special Master. (The document is also responsive to other RFPs, but we will address that in our September 2 motion to the extent still necessary.)

Finally, it is simply not accurate that "[t]his information regarding the source of the data was previously communicated to Plaintiffs in meet and confer discussions." As Erin acknowledged during last week's hearing, all that Charter told us previously was that "[t]he responses to Interrogatories 13 were not derived from data stored in CATS." July 28, 2020 C. Alvarez email; *see also* August 25 Rough Tr. at 63:17-18 ("***[a]ll we've said is it's not the ticket data***"); *id*. 58:16-20 ("[I]t wasn't from the ticket data. So we've told [them] that. So—and then they can ask, you know, in deposition about where it comes from."). Had Charter disclosed the existence of the CATS Summary File before Friday, we would have raised this issue, including your failure to comply with the Order regarding RFP 61, immediately.

Thanks,

Hardy

---

**From:** Golinveaux, Jennifer <JGolinveaux@winston.com>
**Sent:** Friday, August 28, 2020 5:58 PM
**To:** regina.rodriguez@wilmerhale.com
**Cc:** Sahni, Neema T <nsahni@cov.com>; Tracy.Gomez@wilmerhale.com; Mairead.Dolan@wilmerhale.com; andrewschapiro@quinnemanuel.com; Alvarez, Cesie <CAlvarez@winston.com>; Charlesverhoeven@quinnemanuel.com; cjoyce@fwlaw.com; davideiseman@quinnemanuel.com; Ehlers, J. Hardy <JEhlers@cov.com>; jtanner@fwlaw.com; jferguson@williamsweese.com; Rosenthal, John <JRosenthal@winston.com>; Sperling, Jonathan <jsperling@cov.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Chen, Mark Y <MYChen@cov.com>; Matt Oppenheim <Matt@oandzlaw.com>; Brody, Michael <MBrody@winston.com>; Elkin, Michael <MElkin@winston.com>; Kamin, Mitchell A <MKamin@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Scott Zebrak <Scott@oandzlaw.com>; Anderson, Sean <SRanderson@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; O'Neil, William <woneil@cov.com>; Fields, Michael <MFields@cov.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Charter-Copyright-QE@quinnemanuel.com; Jeff Gould <Jeff@oandzlaw.com>; Skopec, Allison <ASkopec@winston.com>
**Subject:** Warner, et al. v. Charter Communications, Inc. - Case No. 19-cv-00874-RBJ-MEH - Response re: Plaintiffs' Interrogatory No. 13

==[EXTERNAL]==
Dear Special Master Rodriguez,

At Tuesday's status conference, you asked Charter to confirm whether it would identify the source of the information provided in response to Plaintiffs' Interrogatory No. 13, which requested the following: "State the number of Infringement Notices you received each month from January 1, 2010 through May 17, 2016 and identify the person(s) most knowledgeable about such notices since January 1, 2010."

In conjunction with providing this information, we wanted to clarify for the sake of the record that Charter did in fact fully supplement its response to Interrogatory No. 13 on July 31, 2020 to provide the number of copyright notices Charter received by month during the Discovery Period in accordance with your May 29 Order (ECF 181 at 26). I have attached a copy of Charter's response for your reference. As such, Charter's response fully complies with its discovery obligations in response to the interrogatory and your prior guidance.

However, we understand that you requested this additional information as a means of curtailing any further disputes regarding the sufficiency of Charter's response. We appreciate your willingness to cut short any further motion practice on this. To that end, we hereby provide the following clarifying information: the source of the supplemental information is a file that Charter maintains with certain summary statistics concerning CATS, which tracks information on a variety of complaints beyond copyright notices and therefore contains additional information and data not relevant to this litigation. This information regarding the source of the data was previously communicated to Plaintiffs in meet and confer discussions.

Sincerely,
Jennifer

**Jennifer A. Golinveaux**
**Partner**
Winston & Strawn LLP
T: +1 415-591-1000
D: +1 415-591-1506
F: +1 415-591-1400
winston.com



---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

4