# Exhibit 7

# Ehlers, J. Hardy

| | |
|---|---|
| **From:** | Rodriguez, Regina <Regina.Rodriguez@wilmerhale.com> |
| **Sent:** | Wednesday, October 14, 2020 7:22 PM |
| **To:** | Ehlers, J. Hardy; Gomez, Tracy M. |
| **Cc:** | Kamin, Mitchell A; Sperling, Jonathan; Sahni, Neema T; Hill, Phil; Lampros, Nicholas M.; Fields, Michael; Matt Oppenheim (Matt@oandzlaw.com); Jeff Gould (Jeff@oandzlaw.com); Scott Zebrak; Andrew (Andrew@oandzlaw.com); Kellyn Goler; Jia Ryu; Corey Miller; Janette Ferguson; eranahan@winston.com; jgolinveaux@winston.com; melkin@winston.com; Kearney, Thomas; Padmanabhan, Krishnan; Spitzer, Seth; tlane@winston.com; Anderson, Sean; Alvarez, Cesie; Skopec, Allison; Andrew Schapiro; davideiseman@quinnemanuel.com; Jessica Rose; Linda Brewer; Allison Huebert; Todd Anten; Jtanner@fwlaw.com; cjoyce@fwlaw.com |
| **Subject:** | RE: Warner v. Charter: Redaction Ruling in October 8 Order |

**[EXTERNAL]**
Counsel,

Thank you for your email. My order with regard to the CATS summary document was influenced by the fact that I do not believe that Plaintiffs have issued a document request that covers the source report in its entirety. I agree with you that the document includes responsive *information*, but, based on the evidence before me, it appears that Charter has already produced or will produce all of the information included in the document that is responsive to any of Plaintiffs' requests in accordance with my previous orders.

Both parties objected to RFPs seeking all documents relied upon to answer any interrogatories, instead limiting their productions to documents identified pursuant to Rule 33(d).  Thus, the fact that Charter may have relied on the document when responding to Plaintiffs' interrogatory does not, itself, require Charter to produce the document. Likewise, I found Plaintiffs' request for "all documents" in RFP 61 to be overly broad, and instead ordered Charter to produce "CATS data providing information regarding Charter's actions taken in response to different categories of abuse." ECF 181. In response to RFP 61, Charter was ordered to provide a report summarizing the AUP violations by type and by total number of actions taken. Thus, Charter is obligated to provide responsive *information* to the Plaintiffs, not necessarily responsive *documents*.

Charter has represented that the source report is a spreadsheet that contains a "vast array" of information concerning summary statistics relating to a variety of types of abuses, beyond the scope of this matter. It seems to me that this spreadsheet is therefore more akin to a database, from which it is easy to extract and identify the truly relevant information.

My order regarding the source report is aligned with my order relating to RFP 61. Charter has been ordered to produce responsive information. I decline to reconsider my ruling at this time.

Regards,
Gina
**Regina Rodriguez | WilmerHale**
+1 720 598 3468 (t)
+1 303 908 5154 (c)
regina.rodriguez@wilmerhale.com

1

**From:** Ehlers, J. Hardy <JEhlers@cov.com>
**Sent:** Monday, October 12, 2020 2:21 PM
**To:** Rodriguez, Regina <Regina.Rodriguez@wilmerhale.com>; Gomez, Tracy M. <Tracy.Gomez@wilmerhale.com>
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Hill, Phil <PAHill@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Fields, Michael <MFields@cov.com>; Matt Oppenheim (Matt@oandzlaw.com) <Matt@oandzlaw.com>; Jeff Gould (Jeff@oandzlaw.com) <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu <Jia@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; Janette Ferguson <jferguson@lewisbess.com>; eranahan@winston.com; jgolinveaux@winston.com; melkin@winston.com; Kearney, Thomas <TKearney@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; tlane@winston.com; Anderson, Sean <SRanderson@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Skopec, Allison <ASkopec@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; davideiseman@quinnemanuel.com; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Allison Huebert <allisonhuebert@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Jtanner@fwlaw.com; cjoyce@fwlaw.com
**Subject:** Warner v. Charter: Redaction Ruling in October 8 Order

**EXTERNAL SENDER**

Dear Ms. Rodriguez,

Plaintiffs write regarding the portion of Section IV.C of the October 8 Order permitting Charter to redact information it believes is non-responsive from the "file that Charter maintains with certain summary statistics concerning CATS, which tracks information on a variety of complaints beyond copyright notices."

Plaintiffs intend to timely object to that portion of the October 8 Order—and only that narrow portion of the Order—by October 16.  While we do not formally seek reconsideration, we write to you (cognizant of the amount of material already before the Special Master) in the event that you choose to reconsider, and shortcut the process, in light of the basis for our objection.

The Order acknowledges that the file at issue includes responsive information.  We do not believe that there is any basis or authority for granting Charter free license to redact what it deems non-responsive from a document found to be relevant and responsive to existing discovery.  Indeed, 10th Circuit authority dictates otherwise.  *See, e.g.*, *Brunet v. Quizno's Franchise Co.*, Civ. Action No. 07-cv-01717-PAB-KMT, 2009 WL 902434, at *3 (D. Colo. Apr. 1, 2009) (rejecting redactions to claimed "irrelevant, highly confidential, highly sensitive material" because "[t]here is no reason why the protective order in this case is not sufficient to protect the [claimed non-responsive] material"); *McNabb v. City of Overland Park*, No. 12-cv-2331-CM-TJJ, 2014 WL 1152958, at *2-5 (D. Kan. Mar. 21, 2014) (collecting cases).  Moreover, the document, by Charter's own descriptions, contains "summary statistics" concerning (1) all copyright infringement notices; and (2) "all the other types of abuses an ISP must deal with."  Charter's Sept. 10 Opp. at 7.  Plaintiffs have repeatedly had to challenge Charter's assertions that both types of information are irrelevant and non-responsive.  The Special Master has ordered discovery of both types of information over Charter's objections -- but an order permitting Charter to redact whatever it chooses to deem non-responsive means that Plaintiffs will have no way to check what Charter has unilaterally deemed outside the scope of the Special Master's orders.

The Special Master has previously refused to permit redactions for relevance where "there was no agreement that the information that was redacted was not relevant."  July 2, 2020 Hrg. Tr. at 120:2-6.  There is likewise no such agreement here, either.  We submit that redaction for relevance cannot be proper when Plaintiffs do not (and cannot) know what Charter will choose to redact from a document that Plaintiffs believe is relevant in its entirety, based on Charter's own description.

2

Thanks,

Hardy

**J. Hardy Ehlers**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4778 | jehlers@cov.com
www.cov.com

COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.