# Exhibit 8

Telephonic Hearing
July 2, 2020

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No. 19-cv-00874-RBJ-MEH
_____

WARNER BROS. RECORDS INC., et al.,

Plaintiffs,

vs.

CHARTER COMMUNICATIONS, INC.,

Defendant.

_____

TELEPHONIC HEARING

July 2, 2020
_____

　　　　This telephonic hearing was taken before Special Master Regina Rodriguez on July 2, 2020, at 10:01 a.m. Mountain Standard Time before K. Michelle Dittmer, Registered Professional Reporter and Notary Public within the state of Colorado.

(The reporter, K. Michelle Dittmer, appearing remotely via telephone)

Telephonic Hearing
July 2, 2020

Page 2

```
 1   A P P E A R A N C E S
 2   ON BEHALF OF THE PLAINTIFF WARNER BROS. RECORDS INC.:
 3             MATTHEW J. OPPENHEIM, ESQ.
               JEFFREY M. GOULD, ESQ.
 4             ANDREW GUERRA, ESQ.
               Oppenheim & Zebrak LLP
 5             4530 Wisconsin Avenue N.W.
               5th Floor
 6             Washington, DC 20016
               Phone: 202-480-2999
 7             Email: matt@oandzlaw.com
               Email: jeff@oandzlaw.com
 8             Email: andrew@oandzlaw.com
               (appeared telephonically)
 9
               JONATHAN MICHAEL SPERLING, ESQ.
10             PHILLIP HILL, ESQ.
               LOWRY YANKWICH, ESQ.
11             Covington & Burling LLP
               620 Eighth Avenue
12             The New York Times Building
               New York, New York 10018-1405
13             Phone: 212-841-1153
               Email: jsperling@cov.com
14             Email: pahill@cov.com
               (appeared telephonically)
15
16             NEEMA T. SAHNI, ESQ.
               J. HARDY EHLERS, ESQ.
17             Covington & Burling LLP
               1999 Avenue of the Stars
18             Suite 3500
               Los Angeles, California 90066-4643
19             Phone: 424-332-4757
               Email: nsahni@cov.com
20             Email: jehlers@cov.com
               (appeared telephonically)
21
22
23
24
25
```

Telephonic Hearing
July 2, 2020

Page 3

```
 1   ON BEHALF OF THE DEFENDANT:
 2             SEAN R. ANDERSON, ESQ.
               CESIE C. ALVAREZ, ESQ.
 3             Winston & Strawn, LLP
               200 Park Avenue
 4             New York, New York 10166-4193
               Phone: 212-294-6729
 5             Phone: 212-294-5388
               Email: sranderson@winston.com
 6             Email: calvarez@winston.com
               (appeared telephonically)
 7
               JENNIFER ANN GOLINVEAUX, ESQ.
 8             Winston & Strawn, LLP
               101 California Street
 9             Suite 3400
               San Francisco, California 94111-5802
10             Phone: 415-591-1506
               Email: jgolinveaux@winston.com
11             (appeared telephonically)
12             ERIN R. RANAHAN, ESQ.
               Winston & Strawn, LLP
13             333 South Grand Avenue
               Los Angeles, California 90071
14             Phone: 213-615-1835
               Email: eranahan@winston.com
15             (appeared telephonically)
16             CRAIG D. JOYCE, ESQ.
               Fairfield & Woods, P.C.
17             1801 California Street
               Suite 2600
18             Denver, Colorado 80202-2645
               Phone: 303-830-2400
19             Email: cjoyce@fwlaw.com
               (appeared telephonically)
20
21
22
23
24
25
```

```
 1   Mr. Sperling.
 2                  SPECIAL MASTER RODRIGUEZ:  Okay.  All
 3   right.
 4                  Plaintiffs are objecting to the redactions
 5   that Charter has made in its documents.  As I understand
 6   it, the redactions that Charter has made to its documents
 7   relate solely to the discovery period, in that what
 8   Charter has redacted is only information related to time
 9   periods out -- and information outside of the discovery
10   period.
11                  Is that correct, Counsel for Charter?
12                  MS. GOLINVEAUX:  It's Jennifer Golinveaux,
13   and that is correct.
14                  SPECIAL MASTER RODRIGUEZ:  Okay.  And so,
15   Plaintiffs, are you contesting the limitation of this
16   request to information within the discovery period?
17                  MR. OPPENHEIM:  I think, Ms. Rodriguez,
18   that we're contesting two things.  One is that they
19   shouldn't redact within the document for something other
20   than privilege or something that's highly confidential.
21   This is not.
22                  And frankly, as we look at this one page,
23   it does not appear to be date-based redactions, but --
24                  SPECIAL MASTER RODRIGUEZ:  I'm sorry to --
25   I'm sorry to interrupt you, but I really would like an
```

1  answer to my question.  Do you remember what my question
2  was?
3              MR. OPPENHEIM:  I do remember what your
4  question was, and as I understand it, that we're not
5  seeking documents outside of the claim period, but we do
6  object to the redaction within a document to things they
7  claim are outside the time period.  That is a relevance
8  redaction within a document.
9              MS. GOLINVEAUX:  Ms. Rodriguez, I'm
10 looking at the under --
11             SPECIAL MASTER RODRIGUEZ:  Well, okay.  So
12 let me --
13             MS. GOLINVEAUX:  I'm sorry.  I'm sorry.
14             SPECIAL MASTER RODRIGUEZ:  So as I
15 understand this, what Charter has redacted and has
16 included an objection in -- so, number one, RFP made the
17 request -- RFP 54 made the request for documents.
18 Charter lodged an objection at the time it responded, and
19 that objection was that information that was outside the
20 claim period was not relevant and that they would produce
21 responsive, nonprivileged documents during the discovery
22 period.
23             So a proper objection was lodged.  I
24 understand you may disagree with that objection, but are
25 you contesting that an objection was made, Mr. Oppenheim?

Telephonic Hearing
July 2, 2020

Page 113

```
 1                  MR. OPPENHEIM:  No.  I -- of course, to
 2   the extent there's an objection there, there's an
 3   objection there.  Ms. Rodriguez, I think if we could just
 4   hit "send" on an email to give you this one document to
 5   look at, it will take much less time and we could --
 6                  SPECIAL MASTER RODRIGUEZ:  Okay.
 7                  MR. OPPENHEIM:  -- do this quickly.
 8                  SPECIAL MASTER RODRIGUEZ:  Okay.
 9                  MR. OPPENHEIM:  Andrew, could you -- could
10   you send that, please.
11                  MR. GUERRA:  Yes, I just sent it.
12                  MR. OPPENHEIM:  Okay.  So that should be
13   coming from Mr. Guerra.
14                  So Charter, like other Internet service
15   providers, offers different tiers of service, different
16   speeds for different types of customers.  We -- we asked
17   for the pricing for the different tiers.
18                  Right now, as you'll see in this document,
19   [REDACTED]
20   [REDACTED]
21   [REDACTED]
22   [REDACTED]
23   [REDACTED] and the rest is redacted.
24                  SPECIAL MASTER RODRIGUEZ:  I understand
25   what you're saying, Mr. Oppenheim, and the issue -- there
```

1    are two different, as I see them, questions here.  One is
2    whether or not Charter has information related to the
3    different tiers and whether that's been provided to you.
4    The other is whether or not the specific redactions in
5    this document are appropriate.
6              I will indicate that I do think that the
7    question you're asking is a reasonable one and looking to
8    see the information as to whether or not there are
9    different tiers and what the pricing is for that tier --
10   those tiers during the relevant time period is relevant.
11             But what Charter has produced is what they
12   claim to be the only document that they found that is
13   responsive to this particular Request for Production 54.
14   And the issue before me is whether or not the redactions
15   that they made to the document were proper.
16             You have indicated that they should not be
17   allowed to do a redaction within the document and cite it
18   back to a prior order that I entered where I indicated
19   that Charter's unilateral redactions in a document were
20   not proper.
21             What I would say about that is that that
22   fails to account for what I consider to be an important
23   component of that, was that plaintiffs had not, in their
24   response to the RFP, lodged an objection but, rather,
25   unilaterally redacted the document for relevance.

```
 1                 The distinction here is that Charter has
 2      raised an objection, and over its objection, nonetheless
 3      provided information.
 4                 So what I'm trying to understand is the
 5      basis for the objection to the redaction made by Charter
 6      in this instance.
 7                 MR. OPPENHEIM:  So if --
 8                 SPECIAL MASTER RODRIGUEZ:  Yeah.
 9                 MR. OPPENHEIM:  Am I understanding
10      correctly that if plaintiffs object to a discovery
11      request, that we are then permitted to redact out
12      everything that we think is not relevant in responding in
13      a particular document?
14                 Because I -- I thought that you had
15      previously indicated that that would be improper.  I
16      thought it came up in the context of -- several other
17      contexts and, frankly, in other courts, that it's one
18      thing to redact for privilege, and we're not trying to
19      challenge that.
20                 But this is pricing information.  Pricing
21      is inherently public.  They offer it to the public.  So
22      redacting pricing information, to me, seems inherently
23      counterintuitive.
24                 SPECIAL MASTER RODRIGUEZ:  Okay.  Well,
25      that's actually a different argument that I'm not sure
```

```
 1    that is raised here.
 2                But in this case, what the plaintiffs
 3    have -- what the defendants said in their objection was
 4    that they were going to provide information that was
 5    within the relevant time period.
 6                Are you objecting to that objection?  It
 7    sounds like you agree --
 8                MR. OPPENHEIM:  Yes.
 9                SPECIAL MASTER RODRIGUEZ:  -- that what
10    should be provided is the information within the relevant
11    time period.  Yeah.  All right.
12                MR. OPPENHEIM:  No, Ms. Rodriguez.
13                SPECIAL MASTER RODRIGUEZ:  But we don't
14    have any --
15                MR. OPPENHEIM:  What we object to -- what
16    we have a dispute on is redactions within the document
17    for relevance.  So --
18                SPECIAL MASTER RODRIGUEZ:  Okay.
19                MR. OPPENHEIM:  If they had a document
20    which was purely before the claim period, we're not
21    seeking that.  But if they have a document that's
22    otherwise responsive, they don't get to redact out
23    everything around what they think is responsive and say:
24    Here's the tidbit that's responsive and you have to
25    understand the contents.
```

```
 1              In this particular document, we're
 2   particularly curious about the context because Row 1
 3   seems to [REDACTED] and we don't see two
 4   of [REDACTED]
 5              Now, it may be that it's purely
 6   date-based, but turning it over should be of no
 7   consequence.  This is pricing.
 8              MS. GOLINVEAUX:  Ms. Rodriguez --
 9              SPECIAL MASTER RODRIGUEZ:  All right.
10              MS. GOLINVEAUX:  -- may I respond briefly?
11              SPECIAL MASTER RODRIGUEZ:  Yeah.
12              MS. GOLINVEAUX:  It's Jennifer Golinveaux.
13              I'm looking at the unredacted document
14   now.  Mr. Oppenheim may speculate all he likes, but the
15   only -- I'm representing to you and the plaintiffs, the
16   only redactions are columns that predated and postdated
17   the discovery period.  Those are the only redactions.
18              The request was for documents sufficient
19   to show prices at the different tiers.  We provided it
20   for the discovery period.  Contrary to what Mr. Oppenheim
21   thinks, the pricing of the different tiers is sensitive,
22   and we appropriately redacted it for outside the
23   discovery period.
24              They never challenged that, that they
25   should get it for longer than the discovery period.
```

```
 1                SPECIAL MASTER RODRIGUEZ:  Okay.  That was
 2    my understanding.
 3                So for purposes of this document and based
 4    upon the specific representations by Ms. Golinveaux, that
 5    the only redactions relate to the period outside of the
 6    discovery period, if this were brought before me on a
 7    motion to compel, I would be inclined to deny that motion
 8    to compel, given that this information that is
 9    represented in this document is consistent with what
10    counsel for defendant has represented.
11                I think that's --
12                MR. OPPENHEIM:  So, Ms. Rodriguez --
13                SPECIAL MASTER RODRIGUEZ:  -- a different
14    question --
15                MR. OPPENHEIM:  Yes, sorry.  Go ahead.  I
16    apologize.
17                SPECIAL MASTER RODRIGUEZ:  I think it's a
18    different question, then, whether or not Charter has
19    documents related to the pricing information.
20                It does seem to me that that's information
21    that should be available.  And whether it's through a
22    request for production or an interrogatory or otherwise,
23    it seems to me that a company such as Charter would know
24    what its prices were for different tiers during the
25    relevant time period.  But I leave that to plaintiffs and
```

```
 1    their discovery plan.
 2                    All right.
 3                    MR. OPPENHEIM:  Ms. Rodriguez --
 4                    SPECIAL MASTER RODRIGUEZ:  In the interest
 5    of --
 6                    MR. OPPENHEIM:  -- this is Matt Oppenheim.
 7    I --
 8                    SPECIAL MASTER RODRIGUEZ:  Mr. Oppenheim,
 9    we do still need to get to defendants.  I've given you my
10    indication on that one.
11                    MR. OPPENHEIM:  I understand that, and
12    I -- I'm not going to dispute.  I take Ms. Golinveaux's
13    representation at face value and trust that it's
14    accurate.  But I just want to be clear.
15                    So now if we have a SlideDeck, for
16    example, that we're producing to defendant of 20 pages
17    and 1 page is responsive, we can redact out the other 19
18    pages?  That's -- that's what we're doing?
19                    SPECIAL MASTER RODRIGUEZ:  Well, I'm not
20    going to give broad generalizations on that.  I would
21    need to see the specific request.
22                    In the context of this particular request,
23    there's a proper objection.  The parties are not
24    disputing the time period that is relevant and,
25    therefore, the defendant has redacted nonrelevant
```

1   information on -- from the document.
2              As I will recall from the prior issue that
3   was raised with regard to plaintiffs' redaction, again,
4   there was no objection, it was unilateral, and there was
5   no agreement that the information that was redacted was
6   not relevant.  That's not the case here.
7              All right.  Let's move on.  Counsel for
8   Charter?
9              MS. GOLINVEAUX:  Yes, Ms. Rodriguez, it's
10  Jennifer Golinveaux.  Did you want to start with the
11  first issue?
12             SPECIAL MASTER RODRIGUEZ:  Yeah.  Hold on
13  a minute and let me just get this back up.
14             All right.  The Audible Magic reference
15  files and fingerprints.  That relates to RFP 90 and 91,
16  correct?
17             MS. GOLINVEAUX:  Correct.
18             SPECIAL MASTER RODRIGUEZ:  And then
19  Topic 2 plaintiffs raise is the withheld hash analysis
20  from the MarkMonitor hard drive.
21             MS. GOLINVEAUX:  Correct.
22             SPECIAL MASTER RODRIGUEZ:  It seems to me
23  that these are all fairly intertwined.
24             MS. GOLINVEAUX:  I think that's a fair
25  characterization.

```
 1                    REPORTER'S CERTIFICATE
 2
 3           I, K. MICHELLE DITTMER, Registered Professional
 4   Reporter and Notary Public, State of Colorado, do hereby
 5   certify that the said hearing was taken in machine
 6   shorthand by me at the time and place aforesaid and was
 7   thereafter reduced to typewritten form; that the
 8   foregoing is a true transcript of the proceedings had.  I
 9   further certify that I am not employed by, related to,
10   nor counsel for any of the parties herein, nor otherwise
11   interested in the outcome of this litigation.
12           IN WITNESS WHEREOF, I have affixed my signature
13   this 7th day of July, 2020.
14           My commission expires April 15, 2024.
15                    _____
16                         K. MICHELLE DITTMER
                        Registered Professional Reporter
17                         Wilson & Associates, LLC
18
19
20
21
22
23
24
25
```