# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC. (f/k/a/ Warner Bros. Records, Inc.), *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> *Defendant*. | Case No. 19-cv-00874-RBJ-MEH |

### REPLY IN SUPPORT OF OBJECTION TO MAGISTRATE'S ORDER DENYING CHARTER'S MOTION TO COMPEL RE INTERROGATORIES 14 & 15

For the past several years, Plaintiffs have engaged in protracted litigation in which they have sued multiple internet service providers in different venues for the alleged infringement of musical compositions and corresponding sound recordings, seeking billions of dollars and consuming substantial judicial resources in the process. Charter's Interrogatories 14 and 15 serve an important role in the management of this otherwise prolific litigation scheme, as they require Plaintiffs to make a timely disclosure of the basic information underpinning their infringement claims against Charter. Importantly, if Plaintiffs cannot provide this foundational evidence, Charter needs to know that now, so that any remaining discovery can be streamlined, and further time is not wasted in the pursuit or defense of baseless claims. Nothing in Plaintiffs' response justifies their refusal to provide Charter with this basic, foundational evidence.

***The Special Master's Decision Was Correct.*** The Special Master correctly found that Interrogatories 14 and 15 request "basic factual information that will need to be set forth in order for Plaintiffs to establish liability." ECF 190 at 10. This ruling properly recognized that Plaintiffs need to match their infringement notices to each of the works-in-suit in order to establish both

1

direct infringement and Charter's purported knowledge thereof. In their response, Plaintiffs concede that they must demonstrate at trial that "a Charter subscriber downloaded or distributed each work in suit at least once." ECF 259 ("Opp.") at 10. Thus, the information Charter seeks is highly relevant to the litigation, important and proportional to the needs of the case, and properly within the scope of fact discovery. Fed. R. Civ. P. 26(b)(1). Plaintiffs should make a full and fair disclosure of this information now, as early disclosure avoids surprise and the consequential waste of time and resources that would otherwise be spent on notices that cannot eventually be matched to a work-in-suit owned by Plaintiffs. *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 358 (D. Colo. 2004) (discovery furthers the interests of justice by minimizing surprise at trial).

To evade—or at least significantly forestall—being held to their evidentiary burden of proof on direct infringement, Plaintiffs ask the Court to preemptively find the notices adequate to support liability for their claims of contributory infringement. This over-reaching ask is made in the face of the admission that the notices ***did not actually identify each of the works-in-suit***, but instead contained only a cryptographic hash value and "a representative sample work infringed." Plaintiffs' argument—which relies almost exclusively on the district court decision in *Sony Music Entertainment v. Cox Communications, Inc.*, 426 F. Supp. 3d 217, 232-33 (E.D. Va. 2019)—is not only illogical, but at odds with the well-established requirement that a defendant must have "*actual* knowledge that *specific* infringing material is available using its system" before it can be held liable for contributory infringement of that material. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 671 (9th Cir. 2017); *see also ALS Scan, Inc. v. Steadfast Networks, LLC*, 819 F. App'x 522,

523-24 (9th Cir. 2020).[1] Were the Court to accept Plaintiffs' argument, it would eviscerate the "specific infringement" knowledge requirement and unfairly impose liability on a defendant for an infinite number of unidentified future infringements. That is not the law, and Plaintiffs should be compelled to come forward with their direct infringement evidence now, or acknowledge they cannot do so, so that the litigation can be streamlined and resources conserved.

***Reversal of the Special Master's Decision Was Clear Error.*** Additionally, Plaintiffs incorrectly argue that the Magistrate Judge's true reason for reversing the Special Master was that he believed it would be equally burdensome for Charter and Plaintiffs to match the notices to the works-in-suit. Opp. at 9. But the Magistrate Judge specifically identified a single issue as the basis for reversing the Special Master: an incorrect assumption that the Special Master found that Plaintiffs had already conducted the analysis at issue. ECF 248 at 7-8. Because the record reflects that the Special Master understood that Plaintiffs claimed at that time to have ***not*** conducted this analysis but granted Charter's motion to compel anyway, it was error to disturb the Special Master's decision on that basis. *See* ECF 190 at 9-10.[2]

Moreover, even if the Magistrate Judge was entitled to reevaluate the parties' relative burdens, the decision still constitutes clear error. Plaintiffs have argued (and therefore admit) that the notices cannot be readily deciphered by a simple matching process, but instead require complex "data correlation." Opp. at 2. Specifically, to match each notice to a work-in-suit, Charter needs:

---

[1] Plaintiffs also cite *BMG Rights Management (US) LLC v. Cox Communications, Inc.*, 881 F.3d 293, 311-12 (4th Cir. 2018), but nothing in *BMG* supports the contention that Charter is liable for infringements unknown to it.

[2] In separate and later briefing, Plaintiffs now claim to have already conducted the analysis needed to determine that each work-in-suit was covered by a notice. ECF 199 at 11 ("[I]n preparing to file this case, Plaintiffs confirmed that each work in suit was supported by at least one notice."). Plaintiffs cannot have it both ways. Either Plaintiffs did not actually do the analysis they claim, and did not have a good faith basis to sue Charter, or they did, and should provide the proof. Either way, the Court and Charter are entitled to this information.

(1) a list that correlates each work-in-suit to the hash value identified on each notice; (2) a genuine copy of each work-in-suit that was actually used as a reference file to establish the underlying alleged infringements; and (3) a copy of the allegedly infringing file obtained at the time of the alleged infringement for each work contained in each torrent identified by the hash value on each notice.  Without this information—*some of which Charter does not currently have because Plaintiffs have either refused to provide it or no longer have it*—Charter is left only with a spreadsheet produced in discovery that purports to identify the contents of the torrent files allegedly implicated by Plaintiffs' notices.  Critically, however, this spreadsheet does not tie the contents of the torrent files to the actual works-in-suit.  Further, because there are so many different recorded versions of each song, each protected by different copyrights, simply knowing the "name" of a work does not suffice to connect the allegedly downloaded material to an actual copyright owned by Plaintiffs.  The futile exercise urged by Plaintiffs is merely a guessing game, not evidence, and therefore is of no benefit to the parties or the Court.

It is *Plaintiffs*—who authorized the transmission of the notices and purport to own the works-in-suit—who must come forth with the evidence necessary to accurately match each notice to a work-in-suit.  That Plaintiffs elected to pursue claims for thousands works is no excuse.  Having made that decision, Plaintiffs cannot now claim that the matching process necessary to establish direct infringement is so burdensome that they should be excused from providing the evidence to Charter.  Indeed, the Magistrate Judge expressly rejected this proposition.  *See* 2/19/20 Hr'g Tr. at 33:6-14 ("I reject the proposition that a case can be so large that close enough is good enough.").  Plaintiffs should be held to their burden of proof on each claimed work.  The Court should require Plaintiffs to match the notices they sent to Charter with the works-in-suit.

Dated: October 16, 2020

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: melkin@winston.com
E-mail: eranahan@winston.com

Craig D. Joyce
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

*Counsel for Defendant
Charter Communications, Inc.*

Respectfully submitted,

*/s/Andrew H. Schapiro*
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
E-mail: andrewschapiro@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
E-mail: charlesverhoeven@quinnemanuel.com
E-mail: davideiseman@quinnemanuel.com

Todd Anten
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
E-mail: toddanten@quinnemanuel.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

/s/ *Andrew Schapiro*
Andrew Schapiro