# Exhibit 6

# Dylan Scher

| | |
|---|---|
| **From:** | Jeff Gould <Jeff@oandzlaw.com> |
| **Sent:** | Tuesday, September 1, 2020 10:24 PM |
| **To:** | regina.rodriguez@wilmerhale.com; Tracy.Gomez@wilmerhale.com; Mairead.Dolan@wilmerhale.com |
| **Cc:** | Sahni, Neema T; Ehlers, J. Hardy; Andrew Schapiro; Alvarez, Cesie; Charles K Verhoeven; cjoyce@fwlaw.com; David Eiseman; jtanner@fwlaw.com; jferguson@williamsweese.com; Rosenthal, John; Sperling, Jonathan; Padmanabhan, Krishnan; Chen, Mark Y; Matt Oppenheim; Brody, Michael; Elkin, Michael; mkamin@cov.com; nlampros@cov.com; Scott Zebrak; Anderson, Sean; Spitzer, Seth; Lane, Thomas; O'Neil, William; Fields, Michael; Jessica Rose; Linda Brewer; Todd Anten; Skopec, Allison; Golinveaux, Jennifer; Jia Ryu; Kellyn Goler; Andrew Guerra |
| **Subject:** | Warner, et al. v. Charter Communications, Inc. |

Dear Ms. Rodriguez,

We write in response to your August 12 Order to confirm that the documents referenced in the 2016 RIAA/Mark Monitor Agreement have all been produced or logged.  The downloaded files and PCAP files have been produced and the other documents have been logged.

As Plaintiffs explained in their July 15 and July 21 letters, the Hash Report is a spreadsheet initially prepared by outside counsel, containing a list of the 7,200 hashes selected by counsel based on their analysis of the underlying notice data—all undertaken for purposes of deciding which works to include in this and other lawsuits against ISPs.  At counsel's direction, MarkMonitor supplemented the spreadsheet to provide additional information, including Audible Magic information, for the purpose of informing counsel's litigation strategy.

For the reasons previously explained, the Hash Report is not, as Charter contends, strictly factual or "simply MarkMonitor's 'report' on its findings." Rather, it reflects counsel's analysis and mental impressions, regarding inquiries that counsel undertook and wanted undertaken, for the express purpose of informing litigation decisions. That is core work product. *United States v. J-M Mfg. Co.*, 2013 WL 424782, at *4 (D. Colo. Feb. 4, 2013) (forensic test report, including results, constituted work product where "[t]he selection of a particular test methodology or testing sample or set of samples to test ... could reveal attorney opinions, theories, or strategies"), aff'd sub nom. *Nevada v. J-M Mfg. Co.*, 555 F. App'x 782 (10th Cir. 2014).

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

1