# Exhibit 8

ANDREW D. CASTRICONE (SBN: 154607)
acastricone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 986-5900
Facsimile:    (415) 262-3726

Attorneys for NonParty
MARKMONITOR, INC.

Gordon
Rees
Scully

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC. (f/k/a WARNER BROS. RECORDS INC.), et al. | CASE NO. 19-cv-00874-RBJ-MEH |
| Plaintiffs, | **NONPARTY MARKMONITOR, INC.'S *AMENDED[1]* OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS BY DEFENDANT CHARTER COMMUNICATIONS, INC.** |
| vs. | |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE BE ADVISED that Nonparty MARKMONITOR, INC. ("MMI" or "Responding Non Party") submits the following *amended* written objections and responses to the subpoena to produce documents from Defendant Charter Communications, Inc., pursuant to Federal Rule of Civil Procedure ("FRCP") 45.

## **GENERAL OBJECTIONS**

1.    MMI objects to the subpoena on the grounds that the proposed production date, time and location create an undue burden and expense.

2.    The subpoena is also objectionable in that the scope of the document requests, as set forth below are vague, ambiguous, and overbroad, and compliance would be unduly burdensome, time consuming, expensive, and harassing.

---

[1] All amended information, but for the date, is in italics.

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA         Case No. 19-cv-00874-RBJ-MEH

3. MMI also objects on the grounds that the categories of document requests seek information protected from disclosure under the attorney-client privilege and/or work product doctrine.

4. The subpoena is also objectionable on the grounds that it seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

5. In addition to privilege, the broad scope of the document requests is not relevant to any party's claims or defenses, nor is the scope of the subpoena reasonably calculated to lead to the discovery of admissible evidence in this action.

6. Finally, information sought by the subpoena, including any non-privileged documents that are responsive to the various document requests, is already within the subpoenaing party's possession, custody, or control – or is equally available from other sources.

7. These objections are made without prejudice to MMI's supplement or amend these objections in the event that any information may have been omitted by oversight, inadvertence, or good faith error or mistake.

8. Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

9. These objections are signed by counsel only as to the objections set forth in the responses, and MMI expressly reserves:

8.1 All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

8.2 All objections as to vagueness, ambiguity, unintelligibility and overbreadth.

10. Nothing herein shall be construed as an admission regarding the admissibility

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

1   or relevance of any fact or document or of the truth or accuracy of any characterization

2   contained in the document requests.

3       11.    The fact that part or all of any request has been answered should not be

4   construed to be a waiver of any objection to any discovery request.

5       12.    MMI responds to the areas of examination and document requests subject to

6   the foregoing, and each of the foregoing statements and objections is incorporated by

7   reference into each of the following responses:

8       **<u>RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

9       **1.    All Documents and Communications concerning any agreement between**

10  **You and any Plaintiff(s) to send notices of copyright infringement to alleged infringers for**

11  **alleged copyright infringement, including but not limited to the Copyright Works.**

12      <u>Response to Request No. 1</u>:

13      Objection.  The request and the defined and undefined terms and phrases "You,"

14  "Documents," "Communications," "concerning," "agreement" "send notices of copyright

15  infringement," and "alleged infringers for alleged copyright infringement" are vague,

16  ambiguous, and subject to varying interpretations.  The scope is also overbroad and

17  compliance would be unduly burdensome, time consuming and expensive.  Further, the scope

18  of the request seeks information that is not "relevant to any party's claim or defense and

19  proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the

20  scope of the request seeks information protected from disclosure under the attorney-client

21  privilege and/or attorney work product doctrine.  As phrased, the request also seeks

22  proprietary, trade secret and other confidential information.  The request further seeks

23  information that may not be within this party's possession, custody, or control and/or which is

24  equally available to propounding party from other sources.

25      Without waiving and subject to said objections, this Responding Non Party states:

26  MMI will produce (or make available for inspection and copying) all relevant and non-

27  privileged documents, to the extent they exist, in its possession, custody or control, that are

28  responsive to a  reasonable interpretation of this request and within the permissible scope of

Gordon Rees Scully :

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA    Case No. 19-cv-00874-RBJ-MEH

FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**2.      All Documents and Communications concerning any agreement between You and the RIAA or any other entity purporting to act on behalf of any Plaintiff(s) to monitor the internet for the copyright infringement, including but not limited to the Copyright Works.**

Response to Request No. 2:

Objection.  The request and the defined and undefined terms and phrases "You," "Documents," "Communications," "concerning," "agreement," "any other entity purporting to act on behalf of any Plaintiff(s)," and "to monitor the internet for the copyright infringement" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks

Page 4

information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**3.     All Documents and Communications concerning any agreement between You and Audible Magic or You and any entity on whose behalf you were utilizing Audible Magic's services, including but not limited to copies of draft and executed versions any such agreement(s).**

Response to Request No. 3:

Objection.  The request and the defined and undefined terms and phrases "Documents," "Communications," "concerning," "agreement," "You" "any entity on whose behalf you were utilizing Audible Magic's services" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad, duplicative, cumulative and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**4.      All Documents and Communications regarding any negotiations between You and Plaintiffs or the RIAA regarding payment or compensation for Your downloading of copies of files found on the computers of allegedly infringing ISP subscribers.**

Response to Request No. 4:

Objection.  The request and the defined and undefined terms and phrases "You," "Documents," "Communications," "negotiations," "payment or compensation" "Your," "downloading of copies of files," "found on the computers" and "allegedly infringing ISP subscribers" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad, duplicative, cumulative and compliance would be unduly burdensome, time

1   consuming and expensive.  Further, the scope of the request seeks information that is not

2   "relevant to any party's claim or defense and proportional to the needs of the case" within the

3   meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected

4   from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As

5   phrased, the request also seeks proprietary, trade secret and other confidential information.

6   The request further seeks information that may not be within this party's possession, custody,

7   or control and/or which is equally available to propounding party from other sources.

8   Without waiving and subject to said objections, this Responding Non Party states:

9   MMI will produce (or make available for inspection and copying) all relevant and non-

10  privileged documents, to the extent they exist, in its possession, custody or control, that are

11  responsive to a  reasonable interpretation of this request and within the permissible scope of

12  FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery

13  completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if

14  necessary).

15  *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

16  *the response to this request as additional non-privileged and responsive information is*

17  *acquired or ascertained.*

18  **5.      Documents sufficient to show all amounts billed by You to the RIAA or any**

19  **Plaintiff for Your anti-piracy services, including billing records.**

20  Objection.  The request and the defined and undefined terms and phrases

21  "Documents," "sufficient to show," "Your anti-piracy services" and "including billing

22  records" are vague, ambiguous, and subject to varying interpretations.  The scope is also

23  overbroad, duplicative, cumulative and compliance would be unduly burdensome, time

24  consuming and expensive.  Further, the scope of the request seeks information that is not

25  "relevant to any party's claim or defense and proportional to the needs of the case" within the

26  meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected

27  from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As

28  phrased, the request also seeks proprietary, trade secret and other confidential information.

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

1    The request further seeks information that may not be within this party's possession, custody,

2    or control and/or which is equally available to propounding party from other sources.

3        Without waiving and subject to said objections, this Responding Non Party states:

4    MMI will produce (or make available for inspection and copying) all relevant and non-

5    privileged documents, to the extent they exist, in its possession, custody or control, that are

6    responsive to a  reasonable interpretation of this request and within the permissible scope of

7    FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery

8    completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if

9    necessary).

10        *Before and after the service of the original response to the subpoena, this Responding*

11    *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

12    *Responding Non Party is in possession, custody or control of any non-privileged documents*

13    *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

14    *has determined that there are no non-privileged documents that are responsive to a*

15    *reasonable interpretation of this Request, and no documents are being withheld on the basis*

16    *of any privilege.*

17        *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

18    *the response to this request as additional non-privileged and responsive information is*

19    *acquired or ascertained.*

20        **6.    All Documents and Communications concerning the features, functionality,**

21    **capabilities, or operation of the MarkMonitor System, including all guidelines, data**

22    **sheets, manuals, and/or instructions.**

23        Response to Request No. 6:

24        Objection.  The request and the defined and undefined terms and phrases

25    "Documents," "Communications," "concerning," "features, functionality, capabilities, or

26    operation," "the MarkMonitor System," and "guidelines, data sheets, manuals, and/or

27    instructions" are vague, ambiguous, and subject to varying interpretations.  The scope is also

28    overbroad and compliance would be unduly burdensome, time consuming and expensive.

**Gordon Rees Scully**

Page 8

1    Further, the scope of the request seeks information that is not "relevant to any party's claim or

2    defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In

3    addition, the scope of the request seeks information protected from disclosure under the

4    attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also

5    seeks proprietary, trade secret and other confidential information.  The request further seeks

6    information that may not be within this party's possession, custody, or control and/or which is

7    equally available to propounding party from other sources.

8        Without waiving and subject to said objections, this Responding Non Party states:

9    MMI will produce (or make available for inspection and copying) all relevant and non-

10   privileged documents, to the extent they do exist, in its possession, custody or control, that are

11   responsive to a  reasonable interpretation of this request and within the permissible scope of

12   FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery

13   completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if

14   necessary).

15       *Before and after the service of the original response to the subpoena, this Responding*

16   *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

17   *Responding Non Party is in possession, custody or control of any non-privileged documents*

18   *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

19   *has determined that there are no non-privileged documents that are responsive to a*

20   *reasonable interpretation of this Request, and no documents are being withheld on the basis*

21   *of any privilege.*

22       *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

23   *the response to this request as additional non-privileged and responsive information is*

24   *acquired or ascertained.*

25       **7.    All Documents and Communications regarding MarkMonitor's methods or**

26   **processes for identifying potential or actual instances of alleged copyright infringement.**

27       <u>Response to Request No. 7:</u>

28

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

Objection.  The request and the defined and undefined terms and phrases "Documents," "Communications," "regarding MarkMonitor's methods or processes," and "identifying potential or actual instances of alleged copyright infringement" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  The request is also objectionable on the grounds that it seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**8.** **All Documents and Communications relating to MarkMonitor's keyword searching with respect to attempting to identify allegedly infringing files at issue in this litigation.**

Response to Request No. 8:

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

Objection.  The request and the defined and undefined terms and phrases "Documents," "Communications," "relating to," "MarkMonitor's keyword searching" "attempting to identify allegedly infringing files at issue in this litigation" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  The request is also objectionable on the grounds that it seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**9.       All Documents and Communications relating to MarkMonitor's "handshake" process used with respect to attempting to identify allegedly infringing files on the computers Charter's subscribers which are at issue in this litigation, including documents comprising evidence packages or log files memorializing data obtained in the**

**process of initiating and executing a handshake, data obtained subsequent to the**

**successful initiation of the handshake, and all documents describing this process and any**

**alternative handshake processes utilized by You in investigating suspected copyright**

**infringement of musical recordings or compositions.**

    <u>Response to Request No. 9</u>:

    Objection.  The request and the defined and undefined terms and phrases

"Documents," "Communications," "relating to" "MarkMonitor's 'handshake' process," "used

with respect to attempting to identify allegedly infringing files on the computers Charter's

subscribers," "which are at issue in this litigation," including "documents comprising evidence

packages or log files," "memorializing data obtained in the process of initiating and executing

a handshake," "data obtained subsequent to the successful initiation of the handshake," and

"all documents describing this process and any alternative handshake processes utilized by

You in investigating suspected copyright infringement of musical recordings or

compositions." are vague, ambiguous, and subject to varying interpretations.  The scope is

also overbroad, cumulative and duplicative to other requests, and compliance would be unduly

burdensome, time consuming and expensive.  Further, the scope of the request seeks

information that is not "relevant to any party's claim or defense and proportional to the needs

of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks

information protected from disclosure under the attorney-client privilege and/or attorney work

product doctrine.  The request is also objectionable on the grounds that it seeks proprietary,

trade secret and other confidential information, and the actual or potential harm and damages

that may and/or would likely result from the production or inspection of such information

from this nonparty is irreparable and not adequately addressed or safeguarded by the

protective order presently in place in this matter.

    *Without waiving and subject to said objections, this Responding Non Party states:*

    *Before and after the service of the original response to the subpoena, this Responding*

*Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

*Responding Non Party is in possession, custody or control of any non-privileged documents*

Gordon Rees Scully

1    *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

2    *has determined responsive information to this request may be contained in information*

3    *previously provided to Plaintiffs, and, upon information and belief, already produced to the*

4    *Defendants.  See, e.g.  PL_CH_InfPackage_0000001 – 0357088.  Requiring this Non Party to*

5    *provide a duplicate set of the same documents/data, or making the same production with*

6    *different "Bates" numbering – especially where the subpoenaing party is already in*

7    *possession of responsive documents is and would be unduly burdensome, harassing, time*

8    *consuming and expensive and is therefore in violation of FRCP 45(d).*

9    *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

10   *the response to this request as additional non-privileged and responsive information is*

11   *acquired or ascertained.*

12   **10.    All Documents and Communications, including those reflecting source**

13   **code and system configurations, regarding whether MarkMonitor and/or the**

14   **MarkMonitor System would download copies of potentially infringing files or pieces**

15   **thereof located on Peer-to-Peer file sharing technologies, and if so, the circumstances**

16   **under which it would or would not do so.**

17   Objection.  The request and defined terms and phrases "Documents,"

18   "Communications," "including those reflecting source code and system configurations," "the

19   MarkMonitor System," "download copies of potentially infringing files or pieces thereof,"

20   "located on Peer-to-Peer file sharing technologies," and "the circumstances under which it

21   would or would not do so" are vague, ambiguous, and subject to varying interpretations.  The

22   scope is also overbroad and compliance would be unduly burdensome, time consuming and

23   expensive.  Further, the scope of the request seeks information that is not "relevant to any

24   party's claim or defense and proportional to the needs of the case" within the meaning of

25   FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from

26   disclosure under the attorney-client privilege and/or attorney work product doctrine.  The

27   request is also objectionable on the grounds that it seeks proprietary, trade secret and other

28   confidential information, and the actual or potential harm and damages that may and/or would

*Gordon Rees Scully*

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.  With respect to discovery of the source code itself, this Responding Non Party has requested additional information from the subpoenaing party as to the scope and parameters of any planned source code inspection and discovery as part of its meet and confer efforts to establish a potentially agreeable time, place, location, and "ground rules" for such an inspection and to avoid the necessity of a motion.  To date, no information has been provided.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**11.    All potentially infringing copies of the Copyright Works, including all metadata, downloaded by MarkMonitor or the MarkMonitor System following identification of alleged infringement by Charter's subscribers**.

Response to Request No.11:

Objection.  The request and the defined and undefined terms and phrases "potentially infringing copies," "downloaded by MarkMonitor or the MarkMonitor System," "following identification of alleged infringement," and "by Charter's subscribers" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming

Gordon Rees Scully

and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request. Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege. All song titles were provided to Plaintiffs' counsel via a hard drive and, if not yet produced, are more readily available from those parties. Requiring this Non Party to provide a duplicate set of the same documents/data, or making the same production in another form – especially where, upon information and belief, the subpoenaing party is or may already be in possession of responsive documents/data is and would be unduly burdensome, harassing, time consuming and expensive and is therefore in violation of FRCP 45(d).*

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is*

*acquired or ascertained.*

**12.      All data comprising or relating to all potentially infringing copies of the Copyright Works, including all audio files and metadata, downloaded by MarkMonitor or the MarkMonitor System in the process of monitoring any peer-to-peer network on behalf of RIAA or any of the Plaintiffs, and all digital fingerprints and related metadata created from such copies for transmission to Audible Magic.**

Response to Request No. 12:

Objection.  The request and the defined and undefined terms and phrases "data comprising or relating to," "all potentially infringing copies," "downloaded by MarkMonitor or the MarkMonitor System," "in the process of monitoring any peer-to-peer network," "on behalf of RIAA or any of the Plaintiffs," and "digital fingerprints and related metadata created from such copies for transmission to Audible Magic" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information.  The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

1          *Before and after the service of the original response to the subpoena, this Responding*

2     *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

3     *Responding Non Party is in possession, custody or control of any non-privileged documents*

4     *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

5     *has determined that there are no non-privileged documents that are responsive to a*

6     *reasonable interpretation of this Request, and no documents are being withheld on the basis*

7     *of any privilege.  All song titles were provided to Plaintiffs' counsel via a hard drive and, if*

8     *not yet produced, are more readily available from those parties. Requiring this Non Party to*

9     *provide a duplicate set of the same documents/data, or making the same production in another*

10    *form – especially where, upon information and belief, the subpoenaing party is or may*

11    *already be in possession of responsive documents/data is and would be unduly burdensome,*

12    *harassing, time consuming and expensive and is therefore in violation of FRCP 45(d).*

13          *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

14    *the response to this request as additional non-privileged and responsive information is*

15    *acquired or ascertained.*

16          **13.     All database schemas, and databases regarding MarkMonitor's or the**

17    **RIAA's investigation and/or evidence packages and notification processes.**

18          Response to Request No. 13:

19          Objection.  The request and the defined and undefined terms and phrases "database

20    schemas" and "databases regarding MarkMonitor's or the RIAA's investigation and/or

21    evidence packages and notification processes" are vague, ambiguous, and subject to varying

22    interpretations.  The scope is also overbroad, cumulative and duplicative to other requests, and

23    compliance would be unduly burdensome, time consuming and expensive.  Further, the scope

24    of the request seeks information that is not "relevant to any party's claim or defense and

25    proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the

26    scope of the request seeks information protected from disclosure under the attorney-client

27    privilege and/or attorney work product doctrine. The request is also objectionable on the

28    grounds that it seeks proprietary, trade secret and other confidential information, and the

Gordon
Rees
Scully
: :

actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request. Responding Non Party has determined responsive information to this request may be contained in information previously provided to Plaintiffs, and, upon information and belief, already produced to the Defendants. See, e.g. PL_CH_InfPackage_0000001 – 0357088; PL_CH_InfNotice_0000001 – 0667105; PL_CH_0003188; PL_CH_0003189. Requiring this Non Party to provide a duplicate set of the same documents/data, or making the same production with different "Bates" numbering – especially where the subpoenaing party is already in possession of responsive documents is and would be unduly burdensome, harassing, time consuming and expensive and is therefore in violation of FRCP 45(d).*

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**14.** **All Documents and Communications regarding MarkMonitor's or the MarkMonitor System's processes or methods of comparing metadata from an allegedly infringing file located online with metadata from MarkMonitor's own database(s), including but not limited to any documents assessing shortcomings or other flaws in relying on metadata to conduct comparisons of allegedly infringing files.**

<u>Response to Request No. 14</u>:

Objection. The request and the defined and undefined terms and phrases "Documents," "Communications," "MarkMonitor's or the MarkMonitor System's processes or methods," "comparing metadata from an allegedly infringing file located online with

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

**Gordon Rees Scully**

metadata from MarkMonitor's own database(s)," and "assessing shortcomings or other flaws in relying on metadata to conduct comparisons of allegedly infringing files" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  The request is also objectionable on the grounds that it seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**15.     All Documents and Communications regarding MarkMonitor's decision to rely upon Audible Magic and/or its systems to fingerprint, identify, and/or verify the Copyright Works, including any evaluations or assessments of the Audible Magic System.**

Response to Request No. 15:

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

1       Objection.  The request and the defined and undefined terms and phrases

2  "Documents," "Communications," "MarkMonitor's decision to rely upon Audible Magic

3  and/or its systems," "to fingerprint, identify, and/or verify the Copyright Works," and

4  "evaluations or assessments of the Audible Magic System" are vague, ambiguous, and subject

5  to varying interpretations.  The request lacks foundation and is argumentative.  The scope is

6  also overbroad, cumulative and duplicative to other requests, and compliance would be unduly

7  burdensome, time consuming and expensive.  Further, the scope of the request seeks

8  information that is not "relevant to any party's claim or defense and proportional to the needs

9  of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks

10  information protected from disclosure under the attorney-client privilege and/or attorney work

11  product doctrine.  As phrased, the request also seeks proprietary, trade secret and other

12  confidential information.  The request further seeks information that may not be within this

13  party's possession, custody, or control and/or which is equally available to propounding party

14  from other sources.

15       Without waiving and subject to said objections, this Responding Non Party states:  AS

16  phrased, MMI is not presently aware of any relevant and non-privileged documents, to the

17  extent they do exist, in its possession, custody or control, that are responsive to a  reasonable

18  interpretation of this request and within the permissible scope of FRCP 26(b)(1).

19       *Before and after the service of the original response to the subpoena, this Responding*

20  *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

21  *Responding Non Party is in possession, custody or control of any non-privileged documents*

22  *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

23  *has determined that there are no non-privileged documents that are responsive to a*

24  *reasonable interpretation of this Request, and no documents are being withheld on the basis*

25  *of any privilege.*

26       *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

27  *the response to this request as additional non-privileged and responsive information is*

28  *acquired or ascertained.*

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

Gordon
Rees
Scully
: :
: :

**16.     All     Documents     and     Communications     regarding     MarkMonitor's understanding of the processes and methods used by Audible Magic to compare a fingerprint of the Copyright Works sent by MarkMonitor or the MarkMonitor System to Audible Magic's database of Copyright Works.**

Response to Request No. 16:

Objection.  The request and the defined and undefined terms and phrases "Documents," "Communications," "MarkMonitor's understanding," "the processes and methods used by Audible Magic," "to compare a fingerprint of the Copyright Works sent by MarkMonitor or the MarkMonitor System" and "Audible Magic's database of Copyright Works" are vague, ambiguous, and subject to varying interpretations.  The request lacks foundation and is argumentative.  The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information.  The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states:  AS phrased, MMI is not presently aware of any relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a*

Gordon
Rees
Scully
: :
: :

1    *reasonable interpretation of this Request, and no documents are being withheld on the basis*

2    *of any privilege.*

3       *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

4    *the response to this request as additional non-privileged and responsive information is*

5    *acquired or ascertained.*

6       **17.    All Documents and Communications between MarkMonitor and Audible**

7    **Magic, including but not limited to requests from MarkMonitor to Audible Magic for**

8    **fingerprinting, identification, or verification of the Copyright Works by Audible Magic**

9    **and Audible Magic's responses to such requests.**

10      Response to Request No. 17:

11      Objection.  The request and the defined and undefined terms and phrases

12   "Documents," "Communications" "between MarkMonitor and Audible Magic," "requests

13   from MarkMonitor to Audible Magic," and "fingerprinting, identification, or verification of

14   the Copyright Works by Audible Magic and Audible Magic's responses to such requests" are

15   vague, ambiguous, and subject to varying interpretations.  The request lacks foundation.  The

16   scope is also overbroad, cumulative and duplicative to other requests, and compliance would

17   be unduly burdensome, time consuming and expensive.  Further, the scope of the request

18   seeks information that is not "relevant to any party's claim or defense and proportional to the

19   needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request

20   seeks information protected from disclosure under the attorney-client privilege and/or attorney

21   work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other

22   confidential information.  The request further seeks information that may not be within this

23   party's possession, custody, or control and/or which is equally available to propounding party

24   from other sources.

25      Without waiving and subject to said objections, this Responding Non Party states:  AS

26   phrased, MMI is not presently aware of any relevant and non-privileged documents, to the

27   extent they do exist, in its possession, custody or control, that are responsive to a  reasonable

28   interpretation of this request and within the permissible scope of FRCP 26(b)(1).

**Gordon Rees Scully**

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**18.    All Documents and Communications sent by Audible Magic to You regarding the fingerprinting, identification, or verification of the Copyright Works, including manuals, data sheets, and other technical documents describing Audible Magic's services and software, and any responses from Audible Magic to fingerprinting requests made by You.**

<u>Response to Request No. 18:</u>

Objection.  The request and the defined and undefined terms and phrases "Documents," "Communications," "sent by Audible Magic to You," "regarding the fingerprinting, identification, or verification of the Copyright Works," "manuals, data sheets, and other technical documents describing Audible Magic's services and software," and "responses from Audible Magic to fingerprinting requests made by You" are vague, ambiguous, and subject to varying interpretations.  The request lacks foundation.  The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other

Gordon
Rees
Scully

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

confidential information.  The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states:  AS phrased, MMI is not presently aware of any relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**19.    A copy of each version of any database You used to record and/or store information concerning the fingerprinting, identification, and/or verification of the Copyright Works.**

Response to Request No. 19:

Objection.  The request and the defined and undefined terms and phrases "database," "You," "used to record and/or store information," "concerning," and "the fingerprinting, identification, and/or verification of the Copyright Works" are vague, ambiguous, and subject to varying interpretations.  The request lacks foundation.  The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the

1  meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected

2  from disclosure under the attorney-client privilege and/or attorney work product doctrine.  The

3  request is also objectionable on the grounds that it seeks proprietary, trade secret and other

4  confidential information, and the actual or potential harm and damages that may and/or would

5  likely result from the production or inspection of such information from this nonparty is

6  irreparable and not adequately addressed or safeguarded by the protective order presently in

7  place in this matter.

8      *Without waiving and subject to said objections, this Responding Non Party states:*

9      *Before and after the service of the original response to the subpoena, this Responding*

10  *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

11  *Responding Non Party is in possession, custody or control of any non-privileged documents*

12  *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

13  *has determined that there is no dedicated database for this project or specific to each ISP, and*

14  *there are therefore no non-privileged documents that are responsive to a reasonable*

15  *interpretation of this Request, and no documents are being withheld on the basis of any*

16  *privilege.*

17      *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

18  *the response to this request as additional non-privileged and responsive information is*

19  *acquired or ascertained.*

20      **20.    All Documents and Communications concerning Your retention or**

21  **destruction of data, including transaction logs, sent to You by Audible Magic.**

22      <u>Response to Request No. 20</u>:

23      Objection.  The request and the defined and undefined terms and phrases

24  "Documents," " "Communications," "concerning," "Your," "retention or destruction of data,"

25  "transaction logs," and "sent to You by Audible Magic" are vague, ambiguous, and subject to

26  varying interpretations.  The request lacks foundation.  The scope is also overbroad,

27  cumulative and duplicative to other requests, and compliance would be unduly burdensome,

28  time consuming and expensive.  Further, the scope of the request seeks information that is not

"relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states:  AS phrased, MMI is not presently aware of any relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**21.      All Communications with Audible Magic concerning the Copyright Works.**

Response to Request No. 21:

Objection.  The request and the defined and undefined terms and phrases "Communications," "with Audible Magic," and "concerning" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or

Gordon
Rees
Scully

defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request. Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**22. All recordings or logs of information sent to or received from Audible Magic concerning the Copyright Works, including but not limited to "transaction logs."**

Response to Request No. 22:

Objection. The request and the defined and undefined terms and phrases "recordings," "logs of information," "sent to or received from Audible Magic," and "concerning" are vague,

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

ambiguous, and subject to varying interpretations.  The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states:  AS phrased, MMI is not presently aware of any relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**23.    All Communications with the RIAA concerning the Copyright Works.**

<u>Response to Request No. 23</u>**:**

Objection.  The request and the defined and undefined terms and phrases "Communications," "with the RIAA," and "concerning" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad, cumulative and duplicative to other

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

requests, and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information.  The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**24.    All Documents and Communications concerning whether potentially infringing files of the Copyright Works downloaded by MarkMonitor or the MarkMonitor System correlated with an IP address assigned to any Charter subscriber.**

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

1   <u>Response to Request No. 24</u>:

2       Objection.  The request and the defined and undefined terms and phrases

3   "Documents," "Communications," "concerning," "potentially infringing files," "downloaded

4   by MarkMonitor or the MarkMonitor System," "correlated," and "an IP address assigned to

5   any Charter subscriber" are vague, ambiguous, and subject to varying interpretations.  The

6   scope is also overbroad, cumulative and duplicative to other requests, and compliance would

7   be unduly burdensome, time consuming and expensive.  Further, the scope of the request

8   seeks information that is not "relevant to any party's claim or defense and proportional to the

9   needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request

10  seeks information protected from disclosure under the attorney-client privilege and/or attorney

11  work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other

12  confidential information.  The request further seeks information that may not be within this

13  party's possession, custody, or control and/or which is equally available to propounding party

14  from other sources.

15      Without waiving and subject to said objections, this Responding Non Party states:

16  MMI will produce (or make available for inspection and copying) all relevant and non-

17  privileged documents, to the extent they do exist, in its possession, custody or control, that are

18  responsive to a  reasonable interpretation of this request and within the permissible scope of

19  FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery

20  completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if

21  necessary).

22      *Before and after the service of the original response to the subpoena, this Responding*

23  *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

24  *Responding Non Party is in possession, custody or control of any non-privileged documents*

25  *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

26  *has determined responsive information to this request may be contained in information*

27  *previously provided to Plaintiffs, and, upon information and belief, already produced to the*

28  *Defendants.  See, e.g.  PL_CH_InfPackage_0000001 – 0357088; PL_CH_InfNotice_0000001*

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

1   – 0667105; PL_CH_0003188; PL_CH_0003189.  *Requiring this Non Party to provide a*

2   *duplicate set of the same documents/data, or making the same production with different*

3   *"Bates" numbering – especially where the subpoenaing party is already in possession of*

4   *responsive documents is and would be unduly burdensome, harassing, time consuming and*

5   *expensive and is therefore in violation of FRCP 45(d).*

6       *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

7   *the response to this request as additional non-privileged and responsive information is*

8   *acquired or ascertained.*

9       **25.     All documents, including source code, data sheets, manuals, and other**

10  **technical documents describing the process by which the MarkMonitor System assured**

11  **that notices alleging infringement were sent to Charter or Charter subscribers only**

12  **when and if Audible Magic confirmed that the file that was the subject of the notice**

13  **matched a work in Audible Magic's reference database.**

14      Response to Request No. 25:

15      Objection.  The request and the defined and undefined terms and phrases "documents,"

16  "including source code, data sheets, manuals, and other technical documents," "describing the

17  process by which," "the MarkMonitor System," "assured," "notices alleging infringement,"

18  "sent to Charter or Charter subscribers," and "only when and if Audible Magic confirmed that

19  the file that was the subject of the notice matched a work in Audible Magic's reference

20  database" are vague, ambiguous, and subject to varying interpretations.  The scope is also

21  overbroad, cumulative and duplicative to other requests, and compliance would be unduly

22  burdensome, time consuming and expensive.  Further, the scope of the request seeks

23  information that is not "relevant to any party's claim or defense and proportional to the needs

24  of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks

25  information protected from disclosure under the attorney-client privilege and/or attorney work

26  product doctrine.  The request, as phrased, further seeks information that may not be within

27  this party's possession, custody, or control and/or which is equally available to propounding

28  party from other sources.  As phrased, the request also seeks proprietary, trade secret and other

**Gordon Rees Scully**

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request. Responding Non Party has determined responsive information to this request may be contained in information previously provided to Plaintiffs, and, upon information and belief, already produced to the Defendants. See, e.g. PL_CH_InfPackage_0000001 – 0357088; PL_CH_InfNotice_0000001 – 0667105; PL_CH_0003188; PL_CH_0003189. Requiring this Non Party to provide a duplicate set of the same documents/data, or making the same production with different "Bates" numbering – especially where the subpoenaing party is already in possession of responsive documents is and would be unduly burdensome, harassing, time consuming and expensive and is therefore in violation of FRCP 45(d).*

*With respect to discovery of the source code itself, this Responding Non Party has requested additional information from the subpoenaing party as to the scope and parameters of any planned source code inspection and discovery as part of its meet and confer efforts to establish a potentially agreeable time, place, location, and "ground rules" for such an inspection and to avoid the necessity of a motion. To date, no information has been provided.*

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**26.     All Documents, including database schemas and databases, concerning or comprising the notices of alleged copyright infringement generated by the MarkMonitor System and sent to Charter or any of Charter's subscribers, account holders, or**

AMENDED OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

**customers, including any data, databases, indices, or other information generated by the MarkMonitor System and further including any source code, manuals, data sheets or other technical documents describing the process by which the MarkMonitor System determines when and whether to generate such notices, and the process by which such notices are generated.**

Response to Request No. 26:

Objection.  The request and the defined and undefined terms and phrases "Documents," "database schemas and databases," "concerning or comprising," "the notices of alleged copyright infringement," "generated by," "the MarkMonitor System," "sent to Charter or any of Charter's subscribers, account holders, or customers," "data, databases, indices, or other information," "source code, manuals, data sheets or other technical documents," "describing," "the process by which," and "determines when and whether to generate such notices," are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  The request, as phrased, further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.  As phrased, the request also seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

*Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request. Responding Non Party has determined responsive information to this request may be contained in information previously provided to Plaintiffs, and, upon information and belief, already produced to the Defendants. See, e.g. PL_CH_InfPackage_0000001 – 0357088; PL_CH_InfNotice_0000001 – 0667105; PL_CH_0003188; PL_CH_0003189. Requiring this Non Party to provide a duplicate set of the same documents/data, or making the same production with different "Bates" numbering – especially where the subpoenaing party is already in possession of responsive documents is and would be unduly burdensome, harassing, time consuming and expensive and is therefore in violation of FRCP 45(d).*

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**27.    All Documents in any databases, indices, or other repositories of information relevant to the generation of notices of alleged copyright infringement that were created with Your system and that were sent to Charter or any of Charter's subscribers in connection with alleged infringement, including documents relating to mapping IP addresses to Charter's subscribers or other post-verification filtering.**

Response to Request No. 27:

Objection. The request and the defined and undefined terms and phrases "Documents," "databases, indices, or other repositories of information," "relevant to the generation of notices of alleged copyright infringement," "created with Your system," "sent to Charter or any of Charter's subscribers." "in connection with alleged infringement," and "documents relating to mapping IP addresses to Charter's subscribers or other post-verification filtering" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs

of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  The request is also objectionable on the grounds that it seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined responsive information to this request may be contained in information previously provided to Plaintiffs, and, upon information and belief, already produced to the Defendants.  See, e.g. PL_CH_InfPackage_0000001 – 0357088; PL_CH_InfNotice_0000001 – 0667105; PL_CH_0003188; PL_CH_0003189.  Requiring this Non Party to provide a duplicate set of the same documents/data, or making the same production with different "Bates" numbering – especially where the subpoenaing party is already in possession of responsive documents is and would be unduly burdensome, harassing, time consuming and expensive and is therefore in violation of FRCP 45(d).*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**28.    All configuration files associated with running the source code for the MarkMonitor System, including but not limited to configurations associated with enabling or disabling downloads of content files or thresholds controlling the amount of content to be downloaded.**

<u>Response to Request No. 28:</u>

Gordon
Rees
Scully

1    Objection.  The request and the defined and undefined terms and phrases

2  "configuration files," "associated with running the source code," "the MarkMonitor System,"

3  "associated with enabling or disabling downloads," and "content files or thresholds controlling

4  the amount of content to be downloaded" are vague, ambiguous, and subject to varying

5  interpretations.  The scope is also overbroad, cumulative and duplicative to other requests, and

6  compliance would be unduly burdensome, time consuming and expensive.  Further, the scope

7  of the request seeks information that is not "relevant to any party's claim or defense and

8  proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the

9  scope of the request seeks information protected from disclosure under the attorney-client

10  privilege and/or attorney work product doctrine.  The request is also objectionable on the

11  grounds that it seeks proprietary, trade secret and other confidential information, and the

12  actual or potential harm and damages that may and/or would likely result from the production

13  or inspection of such information from this nonparty is irreparable and not adequately

14  addressed or safeguarded by the protective order presently in place in this matter.

15    *Before and after the service of the original response to the subpoena, this Responding*

16  *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

17  *Responding Non Party is in possession, custody or control of any non-privileged documents*

18  *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

19  *has determined that there are no non-privileged documents that are responsive to a*

20  *reasonable interpretation of this Request, and no documents are being withheld on the basis*

21  *of any privilege.*

22    *With respect to discovery of the source code itself, this Responding Non Party has*

23  *requested additional information from the subpoenaing party as to the scope and parameters*

24  *of any planned source code inspection and discovery as part of its meet and confer efforts to*

25  *establish a potentially agreeable time, place, location, and "ground rules" for such an*

26  *inspection and to avoid the necessity of a motion.  To date, no information has been provided.*

27    *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

28  *the response to this request as additional non-privileged and responsive information is*

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

Gordon Rees Scully

*acquired or ascertained.*

29. **All Documents and Communications concerning Your decision to send notices of copyright infringement to Charter subscribers, including but not limited to the timing of any such decision.**

Response to Request No. 29:

Objection. The request and the defined and undefined terms and phrases "Documents," "Communications," "concerning," "Your," "decision to send notices of copyright infringement to Charter subscribers," and "the timing of any such decision" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary). To the extent the request seeks database production or source code, the request is also objectionable on the grounds that it seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA            Case No. 19-cv-00874-RBJ-MEH

1   *Before and after the service of the original response to the subpoena, this Responding*

2   *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

3   *Responding Non Party is in possession, custody or control of any non-privileged documents*

4   *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

5   *has determined that there are no non-privileged documents that are responsive to a*

6   *reasonable interpretation of this Request, and no documents are being withheld on the basis*

7   *of any privilege.*

8   *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

9   *the response to this request as additional non-privileged and responsive information is*

10   *acquired or ascertained.*

11   **30.   All Documents and Communications reflecting recommendations and/or**

12   **instructions from the RIAA or Plaintiffs to You regarding copyright infringement**

13   **investigations and the generation of copyright infringement notices.**

14   Response to Request No. 30:

15   Objection.  The request and the defined and undefined terms and phrases

16   "Documents," "Communications," "reflecting," "recommendations and/or instructions,"

17   "from the RIAA or Plaintiffs to You," "regarding," "copyright infringement investigations and

18   the generation of copyright infringement notices" are vague, ambiguous, and subject to

19   varying interpretations.  The scope is also overbroad, cumulative and duplicative to other

20   requests, and compliance would be unduly burdensome, time consuming and expensive.

21   Further, the scope of the request seeks information that is not "relevant to any party's claim or

22   defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In

23   addition, the scope of the request seeks information protected from disclosure under the

24   attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also

25   seeks proprietary, trade secret and other confidential information.  The request further seeks

26   information that may not be within this party's possession, custody, or control and/or which is

27   equally available to propounding party from other sources.

28   Without waiving and subject to said objections, this Responding Non Party states:  As

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA                    Case No. 19-cv-00874-RBJ-MEH

phrased, MMI is not presently aware of any relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1).

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**31.     All Documents and Communications, including but not limited to weekly or monthly reports, that You sent to the RIAA regarding the Peer-to-peer Notice Program.**

Response to Request No. 31:

Objection. The request and the defined and undefined terms and phrases "Documents," "Communications," "weekly or monthly reports," "You," "sent to the RIAA," and "regarding the Peer-to-peer Notice Program" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if

1  necessary).

2      *Before and after the service of the original response to the subpoena, this Responding*

3  *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

4  *Responding Non Party is in possession, custody or control of any non-privileged documents*

5  *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

6  *has determined that there are no non-privileged documents that are responsive to a*

7  *reasonable interpretation of this Request, and no documents are being withheld on the basis*

8  *of any privilege.*

9      *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

10  *the response to this request as additional non-privileged and responsive information is*

11  *acquired or ascertained.*

12      **32.**    **Documents sufficient to show the Configuration of the MarkMonitor**

13  **System utilized in connection with sending notices of alleged copyright infringement to**

14  **Charter or any of Charter's subscribers or any other ISP.**

15      <u>Response to Request No. 32</u>:

16      Objection.  The request and the defined and undefined terms and phrases

17  "Documents," "sufficient to show," "the Configuration of the MarkMonitor System," "utilized

18  in connection with sending notices of alleged copyright infringement to Charter or any of

19  Charter's subscribers," "or any other ISP" are vague, ambiguous, and subject to varying

20  interpretations.  The scope is also overbroad, cumulative and duplicative to other requests, and

21  compliance would be unduly burdensome, time consuming and expensive.  Further, the scope

22  of the request seeks information that is not "relevant to any party's claim or defense and

23  proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the

24  scope of the request seeks information protected from disclosure under the attorney-client

25  privilege and/or attorney work product doctrine.  As phrased, the request also seeks

26  proprietary, trade secret and other confidential information, and the actual or potential harm

27  and damages that may and/or would likely result from the production or inspection of such

28  information from this nonparty is irreparable and not adequately addressed or safeguarded by

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA    Case No. 19-cv-00874-RBJ-MEH

Gordon
Rees
Scully

1   the protective order presently in place in this matter.

2   *Without waiving and subject to said objections, this Responding Non Party states:*

3   *Before and after the service of the original response to the subpoena, this Responding*

4   *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

5   *Responding Non Party is in possession, custody or control of any non-privileged documents*

6   *that may be responsive to a reasonable interpretation of this Request. Responding Non Party*

7   *has determined that there are no non-privileged documents that are responsive to a*

8   *reasonable interpretation of this Request, and no documents are being withheld on the basis*

9   *of any privilege.*

10   *With respect to discovery of the source code itself, this Responding Non Party has*

11   *requested additional information from the subpoenaing party as to the scope and parameters*

12   *of any planned source code inspection and discovery as part of its meet and confer efforts to*

13   *establish a potentially agreeable time, place, location, and "ground rules" for such an*

14   *inspection and to avoid the necessity of a motion. To date, no information has been provided.*

15   *Discovery is continuing. This Responding Non Party reserves the right to supplement*

16   *the response to this request as additional non-privileged and responsive information is*

17   *acquired or ascertained.*

18   **33.    All Documents concerning any financial interest, whether actual or**

19   **contingent, You have in any of the Plaintiffs, their copyrights, and/or their recovery of**

20   **damages in this litigation.**

21   Response to Request No. 33:

22   Objection. The request and the defined and undefined terms and phrases

23   "Documents," "concerning," "financial interest, whether actual or contingent," "You," and

24   "any of the Plaintiffs, their copyrights, and/or their recovery of damages" are vague,

25   ambiguous, and subject to varying interpretations. The scope is also overbroad and

26   compliance would be unduly burdensome, time consuming and expensive. Further, the scope

27   of the request seeks information that is not "relevant to any party's claim or defense and

28   proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the

**Gordon Rees Scully**

Page 41

1  scope of the request seeks information protected from disclosure under the attorney-client

2  privilege and/or attorney work product doctrine.  As phrased, the request also seeks

3  proprietary, trade secret and other confidential information.  The request further seeks

4  information that may not be within this party's possession, custody, or control and/or which is

5  equally available to propounding party from other sources.

6  Without waiving and subject to said objections, this Responding Non Party states:

7  MMI does not have a "financial interest" as described herein, and, as such, is unaware of and

8  does not possess any documents that would be responsive to this request.

9  *After the service of the original response to the subpoena, this Responding Non Party*

10  *has made a further diligent search and a reasonable inquiry to ascertain whether Responding*

11  *Non Party is in possession, custody or control of any non-privileged documents that may be*

12  *responsive to a reasonable interpretation of this Request.  Responding Non Party has*

13  *confirmed that there are no non-privileged documents that are responsive to a reasonable*

14  *interpretation of this Request, and no documents are being withheld on the basis of any*

15  *privilege.*

16  *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

17  *the response to this request as additional non-privileged and responsive information is*

18  *acquired or ascertained.*

19  **34.   All Documents concerning any ownership interest that the RIAA or any**

20  **Plaintiff has in You or any of Your affiliated, parent, or subsidiary companies.**

21  Response to Request No. 34:

22  Objection.  The request and the defined and undefined terms and phrases

23  "Documents," "concerning," "ownership interest," "RIAA," "You," "Your," and "affiliated,

24  parent, or subsidiary companies" are vague, ambiguous, and subject to varying interpretations.

25  The scope is also overbroad and compliance would be unduly burdensome, time consuming

26  and expensive.  Further, the scope of the request seeks information that is not "relevant to any

27  party's claim or defense and proportional to the needs of the case" within the meaning of

28  FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from

disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI does not have an "ownership interest" as described herein, and, as such, is unaware of and does not possess any documents that would be responsive to this request.

*After the service of the original response to the subpoena, this Responding Non Party has made a further diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has confirmed that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**35.    All Documents and Communications concerning the reliability and/or efficacy of the MarkMonitor System, including Documents and Communications pertaining to any technical assessments of the MarkMonitor System, or the flaws, weaknesses, or potential improvements to the MarkMonitor System, and any proposed and/or implemented remediation of any such flaws or weaknesses, including any such assessments undertaken in connection with the CAS.**

Response to Request No. 35:

Objection.  The request and the defined and undefined terms and phrases "Documents," "Communications," "concerning," "the reliability and/or efficacy of the MarkMonitor System," "technical assessments of the MarkMonitor System," "the flaws, weaknesses, or potential improvements to the MarkMonitor System," "proposed and/or implemented remediation of any

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

such flaws or weaknesses," and "assessments undertaken in connection with the CAS" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information.  The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states:  MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*After the service of the original response to the subpoena and agreement to produce all relevant and non-privileged responsive documents, if any, this Responding Non Party learned of and has received orders from the presiding Court where it was determined that the scope of this request to this Responding Non-Party is not discoverable from the parties, i.e. for all intents and purposes, are irrelevant to this instant dispute.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**36.     All Documents consisting of operational audits of the Mark Monitor system, including any such audits undertaken in connection with the CAS.**

Response to Request No. 36:

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA                Case No. 19-cv-00874-RBJ-MEH

Objection. The request and the defined and undefined terms and phrases "Documents," "operational audits." "the Mark Monitor system," and "audits undertaken in connection with the CAS" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*After the service of the original response to the subpoena and agreement to produce all relevant and non-privileged responsive documents, if any, this Responding Non Party learned of and has received orders from the presiding Court where it was determined that the scope of this request to this Responding Non-Party is not discoverable from the parties, i.e. for all intents and purposes, are irrelevant to this instant dispute.*

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**37. All Communications between You and any third party who conducted technical assessments of the MarkMonitor System, including but not limited to Stroz Friedberg and Harbor Labs.**

1   <u>Response to Request No. 37</u>:

2       Objection.   The request and the defined and undefined terms and phrases

3   "Communications," "You," "third party who conducted technical assessments of the

4   MarkMonitor System," "Stroz Friedberg," and "Harbor Labs" are vague, ambiguous, and

5   subject to varying interpretations. The scope is also overbroad and compliance would be unduly

6   burdensome, time consuming and expensive.   Further, the scope of the request seeks

7   information that is not "relevant to any party's claim or defense and proportional to the needs

8   of the case" within the meaning of FRCP 26(b)(1).   In addition, the scope of the request seeks

9   information protected from disclosure under the attorney-client privilege and/or attorney work

10   product doctrine.   As phrased, the request also seeks proprietary, trade secret and other

11   confidential information.   The request further seeks information that may not be within this

12   party's possession, custody, or control and/or which is equally available to propounding party

13   from other sources.

14       Without waiving and subject to said objections, this Responding Non Party states:   MMI

15   does not believe it possesses any documents that are "relevant to any party's claim or defense

16   and proportional to the needs of the case," but will produce (or make available for inspection

17   and copying) all relevant and non-privileged documents, to the extent they exist, in its

18   possession, custody or control, that are responsive to a  reasonable interpretation of this request

19   and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and

20   location prior to the fact discovery completion deadline, or at a subsequent agreed upon date

21   (subject to the Court's approval, if necessary).

22       *After the service of the original response to the subpoena and agreement to produce all*

23   *relevant and non-privileged responsive documents, if any, this Responding Non Party learned*

24   *of and has received orders from the presiding Court where it was determined that the scope of*

25   *this request to this Responding Non-Party is not discoverable from the parties, i.e. for all intents*

26   *and purposes, are irrelevant to this instant dispute.*

27

28

Gordon Rees Scully ⸰⸰

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA                    Case No. 19-cv-00874-RBJ-MEH

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**38.     All Documents and Communications concerning the "Independent Expert Assessment of MarkMonitor Anti-Piracy Methodologies," dated November 1, 2012, conducted by Stroz Friedberg.**

Response to Request No. 38:

Objection. The request and the defined and undefined terms and phrases "Documents," "Communications." and "concerning" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI does not believe it possesses any documents that are "relevant to any party's claim or defense and proportional to the needs of the case," but will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*After the service of the original response to the subpoena and agreement to produce all relevant and non-privileged responsive documents, if any, this Responding Non Party learned of and has received orders from the presiding Court where it was determined that the scope of*

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

Gordon Rees Scully

Gordon
Rees
Scully

1  this request to this Responding Non-Party is not discoverable from the parties, i.e. for all intents

2  and purposes, are irrelevant to this instant dispute.

3     Discovery is continuing.  This Responding Non Party reserves the right to supplement

4  the response to this request as additional non-privileged and responsive information is acquired

5  or ascertained.

6     **39.    All Documents and Communications concerning the "Enhancement**

7  **Recommendations" made by Stroz Friedberg on page 11 of Stroz Friedberg's report titled**

8  **"Independent Expert Assessment of MarkMonitor Anti-Piracy Methodologies," dated**

9  **November 1, 2012.**

10     <u>Response to Request No. 39</u>:

11     Objection.  The request and the defined and undefined terms and phrases "Documents,"

12  "Communications." and "concerning" are vague, ambiguous, and subject to varying

13  interpretations. The scope is also overbroad and compliance would be unduly burdensome, time

14  consuming and expensive.  Further, the scope of the request seeks information that is not

15  "relevant to any party's claim or defense and proportional to the needs of the case" within the

16  meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected

17  from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As

18  phrased, the request also seeks proprietary, trade secret and other confidential information.  The

19  request further seeks information that may not be within this party's possession, custody, or

20  control and/or which is equally available to propounding party from other sources.

21     Without waiving and subject to said objections, this Responding Non Party states:  MMI

22  does not believe it possesses any documents that are "relevant to any party's claim or defense

23  and proportional to the needs of the case," but will produce (or make available for inspection

24  and copying) all relevant and non-privileged documents, to the extent they exist, in its

25  possession, custody or control, that are responsive to a  reasonable interpretation of this request

26  and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and

27  location prior to the fact discovery completion deadline, or at a subsequent agreed upon date

28  (subject to the Court's approval, if necessary).

*After the service of the original response to the subpoena and agreement to produce all relevant and non-privileged responsive documents, if any, this Responding Non Party learned of and has received orders from the presiding Court where it was determined that the scope of this request to this Responding Non-Party is not discoverable from the parties, i.e. for all intents and purposes, are irrelevant to this instant dispute.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**40.    All Documents and Communications concerning the "Evaluation of the MarkMonitor AntiPiracy System," dated March 3, 2014, conducted by Harbor Labs.**

Response to Request No.40:

Objection.  The request and the defined and undefined terms and phrases "Documents," "Communications." and "concerning" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information.  The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states:  MMI does not believe it possesses any documents that are "relevant to any party's claim or defense and proportional to the needs of the case," but will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

1   (subject to the Court's approval, if necessary).

2        *After the service of the original response to the subpoena and agreement to produce all*

3   *relevant and non-privileged responsive documents, if any, this Responding Non Party learned*

4   *of and has received orders from the presiding Court where it was determined that the scope of*

5   *this request to this Responding Non-Party is not discoverable from the parties, i.e. for all intents*

6   *and purposes, are irrelevant to this instant dispute.*

7        *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

8   *the response to this request as additional non-privileged and responsive information is acquired*

9   *or ascertained.*

10       **41.    A copy of each version of the MarkMonitor System(s) used to send**

11  **copyright infringement notices to Charter and/or Charter account holders, subscribers,**

12  **or customers, including source code and revision history for each version.**

13       <u>Response to Request No.41</u>:

14       Objection.  The request and the defined and undefined terms and phrases "the Mark

15  Monitor System(s)," "used to send," "copyright infringement notices to Charter and/or Charter

16  account holders, subscribers, or customers," and "source code and revision history for each

17  version" are vague, ambiguous, and subject to varying interpretations.  The scope is also

18  overbroad, cumulative and duplicative to other requests, and compliance would be unduly

19  burdensome, time consuming and expensive.  Further, the scope of the request seeks

20  information that is not "relevant to any party's claim or defense and proportional to the needs

21  of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks

22  information protected from disclosure under the attorney-client privilege and/or attorney work

23  product doctrine.  The request, as phrased, further seeks information that may not be within

24  this party's possession, custody, or control and/or which is equally available to propounding

25  party from other sources.  As phrased, the request also seeks proprietary, trade secret and other

26  confidential information, and the actual or potential harm and damages that may and/or would

27  likely result from the production or inspection of such information from this nonparty is

28  irreparable and not adequately addressed or safeguarded by the protective order presently in

Gordon
Rees
Scully
: :

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

1    place in this matter.

2         *With respect to discovery of the source code, this Responding Non Party has requested*

3    *additional information from the subpoenaing party as to the scope and parameters of any*

4    *planned source code inspection and discovery as part of its meet and confer efforts to*

5    *establish a potentially agreeable time, place, location, and "ground rules" for such an*

6    *inspection and to avoid the necessity of a motion.  To date, no information has been provided.*

7         *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

8    *the response to this request as additional non-privileged and responsive information is*

9    *acquired or ascertained.*

10        **42.     A copy of each version of the MarkMonitor System(s) in use during**

11   **Plaintiffs' claim period of March 2013 to May 2016, including all versions of the source**

12   **code for each, that was used to monitor and/or detect copyright infringement, generate**

13   **copyright infringement notices, or send copyright infringement notices, as well as any**

14   **manuals, data sheets, or other documentation describing the operation or functionality**

15   **of the MarkMonitor System.**

16        <u>Response to Request No.42:</u>

17         Objection.  The request and the defined and undefined terms and phrases "each

18   version of the MarkMonitor System(s) in use during Plaintiffs' claim period," "all versions of

19   the source code for each, that was used to monitor and/or detect copyright infringement,

20   generate copyright infringement notices, or send copyright infringement notices," and

21   "manuals, data sheets, or other documentation describing the operation or functionality of the

22   MarkMonitor System" are vague, ambiguous, and subject to varying interpretations.  The

23   scope is also overbroad, cumulative and duplicative to other requests, and compliance would

24   be unduly burdensome, time consuming and expensive.  Further, the scope of the request

25   seeks information that is not "relevant to any party's claim or defense and proportional to the

26   needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request

27   seeks information protected from disclosure under the attorney-client privilege and/or attorney

28   work product doctrine.  The request, as phrased, further seeks information that may not be

Gordon
Rees
Scully
·  :

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

within this party's possession, custody, or control and/or which is equally available to propounding party from other sources. As phrased, the request also seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*With respect to discovery of the source code, this Responding Non Party has requested additional information from the subpoenaing party as to the scope and parameters of any planned source code inspection and discovery as part of its meet and confer efforts to establish a potentially agreeable time, place, location, and "ground rules" for such an inspection and to avoid the necessity of a motion. To date, no information has been provided.*

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**43.     Documents sufficient to demonstrate the functional operation of source code with respect to copyright infringement investigations for the RIAA, including for source code that integrate(s) peer-computer investigations with verifications from third parties such as Audible Magic, including but not limited to data sheets and/or operational manuals.**

Response to Request No.43:

Objection. The request and the defined and undefined terms and phrases "Documents," "sufficient to demonstrate," "the functional operation of source code with respect to copyright infringement investigations for the RIAA," "source code that integrate(s) peer-computer investigations with verifications from third parties such as Audible Magic," and "data sheets and/or operational manuals" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and

Gordon
Rees
Scully

proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  The request, as phrased, further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.  As phrased, the request also seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*With respect to discovery of the source code itself, this Responding Non Party has requested additional information from the subpoenaing party as to the scope and parameters of any planned source code inspection and discovery as part of its meet and confer efforts to establish a potentially agreeable time, place, location, and "ground rules" for such an inspection and to avoid the necessity of a motion.  To date, no information has been provided.*

*Discovery is continuing.  This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**44.     Documents sufficient to demonstrate the process by which the software of the MarkMonitor System could be invoked, including the invocation of the scanner and/or notification functions.**

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

<u>Response to Request No.44</u>:

Objection.  The request and the defined and undefined terms and phrases "Documents," "sufficient to demonstrate," "the process by which the software of the MarkMonitor System could be invoked," and "the invocation of the scanner and/or notification functions" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  The request, as phrased, further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.  As phrased, the request also seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request.  Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*With respect to discovery of the source code itself, this Responding Non Party has requested additional information from the subpoenaing party as to the scope and parameters of any planned source code inspection and discovery as part of its meet and confer efforts to*

1  *establish a potentially agreeable time, place, location, and "ground rules" for such an*

2  *inspection and to avoid the necessity of a motion.  To date, no information has been provided.*

3  *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

4  *the response to this request as additional non-privileged and responsive information is*

5  *acquired or ascertained.*

6  **45.    All Documents concerning the revision history of the MarkMonitor**

7  **System, and the associated source code.**

8  Response to Request No.45:

9  Objection.  The request and the defined and undefined terms and phrases

10  "Documents," "concerning," "the revision history of the MarkMonitor System," and "the

11  associated source code" are vague, ambiguous, and subject to varying interpretations.  The

12  scope is also overbroad, cumulative and duplicative to other requests, and compliance would

13  be unduly burdensome, time consuming and expensive.  Further, the scope of the request

14  seeks information that is not "relevant to any party's claim or defense and proportional to the

15  needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request

16  seeks information protected from disclosure under the attorney-client privilege and/or attorney

17  work product doctrine.  The request, as phrased, further seeks information that may not be

18  within this party's possession, custody, or control and/or which is equally available to

19  propounding party from other sources.  As phrased, the request also seeks proprietary, trade

20  secret and other confidential information, and the actual or potential harm and damages that

21  may and/or would likely result from the production or inspection of such information from

22  this nonparty is irreparable and not adequately addressed or safeguarded by the protective

23  order presently in place in this matter.

24  *Without waiving and subject to said objections, this Responding Non Party states:*

25  *Before and after the service of the original response to the subpoena, this Responding*

26  *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

27  *Responding Non Party is in possession, custody or control of any non-privileged documents*

28  *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

Page 55

**Gordon Rees Scully :**

1    *has determined that there are no non-privileged documents that are responsive to a*

2    *reasonable interpretation of this Request, and no documents are being withheld on the basis*

3    *of any privilege.*

4            *With respect to discovery of the source code itself, this Responding Non Party has*

5    *requested additional information from the subpoenaing party as to the scope and parameters*

6    *of any planned source code inspection and discovery as part of its meet and confer efforts to*

7    *establish a potentially agreeable time, place, location, and "ground rules" for such an*

8    *inspection and to avoid the necessity of a motion.  To date, no information has been provided.*

9            *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

10   *the response to this request as additional non-privileged and responsive information is*

11   *acquired or ascertained.*

12       **46.      All version control logs, "diffs" reflecting changes to source code, commit**

13   **logs, and associated revision history regarding the MarkMonitor System.**

14           <u>Response to Request No.46</u>

15           Objection.  The request and the defined and undefined terms and phrases "[a]ll version

16   control logs," "'diffs' reflecting changes to source code, commit logs, and associated revision

17   history," and "regarding the MarkMonitor System" are vague, ambiguous, and subject to

18   varying interpretations.  The scope is also overbroad, cumulative and duplicative to other

19   requests, and compliance would be unduly burdensome, time consuming and expensive.

20   Further, the scope of the request seeks information that is not "relevant to any party's claim or

21   defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In

22   addition, the scope of the request seeks information protected from disclosure under the

23   attorney-client privilege and/or attorney work product doctrine.  The request, as phrased,

24   further seeks information that may not be within this party's possession, custody, or control

25   and/or which is equally available to propounding party from other sources.  As phrased, the

26   request also seeks proprietary, trade secret and other confidential information, and the actual

27   or potential harm and damages that may and/or would likely result from the production or

28   inspection of such information from this nonparty is irreparable and not adequately addressed

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

or safeguarded by the protective order presently in place in this matter.

*Without waiving and subject to said objections, this Responding Non Party states:*

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request. Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*With respect to discovery of the source code itself, this Responding Non Party has requested additional information from the subpoenaing party as to the scope and parameters of any planned source code inspection and discovery as part of its meet and confer efforts to establish a potentially agreeable time, place, location, and "ground rules" for such an inspection and to avoid the necessity of a motion. To date, no information has been provided.*

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**47.     Documents sufficient to show Your revision and archiving policies, including polices that explain how or why revisions are made to software, where prior versions are stored, how revisions are to be documented, and the retention of prior versions.**

Response to Request No.47:

Objection. The request and the defined and undefined terms and phrases "Documents sufficient to show," "Your," "revision and archiving policies," "polices that explain how or why revisions are made to software," "where prior versions are stored," "how revisions are to be documented," and "the retention of prior versions" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad, cumulative and duplicative to other requests, and compliance would be unduly burdensome, time consuming and expensive.

1    Further, the scope of the request seeks information that is not "relevant to any party's claim or

2    defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In

3    addition, the scope of the request seeks information protected from disclosure under the

4    attorney-client privilege and/or attorney work product doctrine.  The request, as phrased,

5    further seeks information that may not be within this party's possession, custody, or control

6    and/or which is equally available to propounding party from other sources.  As phrased, the

7    request also seeks proprietary, trade secret and other confidential information, and the actual

8    or potential harm and damages that may and/or would likely result from the production or

9    inspection of such information from this nonparty is irreparable and not adequately addressed

10   or safeguarded by the protective order presently in place in this matter.  MMI will produce (or

11   make available for inspection and copying) all relevant and non-privileged documents, to the

12   extent they exist, in its possession, custody or control, that are responsive to a reasonable

13   interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually

14   agreeable date, time and location prior to the fact discovery completion deadline, or at a

15   subsequent agreed upon date (subject to the Court's approval, if necessary).

16          *Without waiving and subject to said objections, this Responding Non Party states:*

17          *Before and after the service of the original response to the subpoena, this Responding*

18   *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

19   *Responding Non Party is in possession, custody or control of any non-privileged documents*

20   *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

21   *has determined that there are no non-privileged documents that are responsive to a*

22   *reasonable interpretation of this Request, and no documents are being withheld on the basis*

23   *of any privilege.*

24          *With respect to discovery of the source code itself, this Responding Non Party has*

25   *requested additional information from the subpoenaing party as to the scope and parameters*

26   *of any planned source code inspection and discovery as part of its meet and confer efforts to*

27   *establish a potentially agreeable time, place, location, and "ground rules" for such an*

28   *inspection and to avoid the necessity of a motion.  To date, no information has been provided.*

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 19-cv-00874-RBJ-MEH

1      *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

2  *the response to this request as additional non-privileged and responsive information is*

3  *acquired or ascertained.*

4      **48.**    **All Documents and Communications between You and any Plaintiff the**

5  **RIAA, or any other third party concerning the CAS or any proposed inter-industry**

6  **agreement regarding the handling of notices of copyright infringement, including but**

7  **not limited to Documents and Communications concerning the implementation of CAS**

8  **by internet service providers, or the impact, if any, of CAS on the scope of copyright**

9  **infringement through peer-to-peer file sharing technology.**

10      <u>Response to Request No. 48</u>:

11      Objection.  The request and the defined and undefined terms and phrases

12  "Documents," "Communications," "You," "any Plaintiff the RIAA [sic]," "any other third

13  party," "concerning the CAS or any proposed inter-industry agreement" "the handling of

14  notices of copyright infringement," "implementation of CAS," "impact," "scope of copyright

15  infringement," and "peer-to-peer file sharing technology" are vague, ambiguous, and subject

16  to varying interpretations.  The scope is also overbroad and compliance would be unduly

17  burdensome, time consuming and expensive.  Further, the scope of the request seeks

18  information that is not "relevant to any party's claim or defense and proportional to the needs

19  of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks

20  information protected from disclosure under the attorney-client privilege and/or attorney work

21  product doctrine.  As phrased, the request also seeks proprietary, trade secret and other

22  confidential information.  The request further seeks information that may not be within this

23  party's possession, custody, or control and/or which is equally available to propounding party

24  from other sources.

25      Without waiving and subject to said objections, this Responding Non Party states:

26  MMI will produce (or make available for inspection and copying) all relevant and non-

27  privileged documents, to the extent they exist, in its possession, custody or control, that are

28  responsive to a  reasonable interpretation of this request and within the permissible scope of

**Gordon Rees Scully**

1   FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery

2   completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if

3   necessary).

4          *After the service of the original response to the subpoena and agreement to produce all*

5   *relevant and non-privileged responsive documents, if any, this Responding Non Party learned*

6   *of and has received orders from the presiding Court where it was determined that the scope of*

7   *this request to this Responding Non-Party is not discoverable from the parties, i.e. for all intents*

8   *and purposes, are irrelevant to this instant dispute.*

9          *Discovery is continuing. This Responding Non Party reserves the right to supplement*

10  *the response to this request as additional non-privileged and responsive information is*

11  *acquired or ascertained.*

12         **49.     All Documents and Communications between You and any Plaintiff, the**

13  **RIAA, or any other third party concerning any limit on the number of copyright**

14  **infringement notices accepted by any ISP.**

15         Response to Request No. 49:

16         Objection. The request and the defined and undefined terms and phrases

17  "Documents," "Communications," "concerning," "limit," and "accepted by any ISP" are

18  vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and

19  compliance would be unduly burdensome, time consuming and expensive. Further, the scope

20  of the request seeks information that is not "relevant to any party's claim or defense and

21  proportional to the needs of the ca se" within the meaning of FRCP 26(b)(1). In addition, the

22  scope of the request seeks information protected from disclosure under the attorney-client

23  privilege and/or attorney work product doctrine. As phrased, the request also seeks

24  proprietary, trade secret and other confidential information. The request further seeks

25  information that may not be within this party's possession, custody, or control and/or which is

26  equally available to propounding party from other sources.

27         Without waiving and subject to said objections, this Responding Non Party states:

28  MMI will produce (or make available for inspection and copying) all relevant and non-

privileged documents, to the extent they exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request though RIAA contracts might have some information. Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**50.     All Communications between You and any Charter subscriber.**

Response to Request No. 50:

Objection. The request and the defined and undefined terms and phrases "Communications," "You," and "Charter subscriber" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

*Before and after the service of the original response to the subpoena, this Responding Non Party has made a diligent search and a reasonable inquiry to ascertain whether Responding Non Party is in possession, custody or control of any non-privileged documents that may be responsive to a reasonable interpretation of this Request. Responding Non Party has determined that there are no non-privileged documents that are responsive to a reasonable interpretation of this Request, and no documents are being withheld on the basis of any privilege.*

*Discovery is continuing. This Responding Non Party reserves the right to supplement the response to this request as additional non-privileged and responsive information is acquired or ascertained.*

**51. All Communications between You and any Plaintiff regarding the above-captioned litigation.**

Response to Request No. 51:

Objection. The request and the defined and undefined terms and phrases "Communications," "You," "concerning," and "regarding the above-captioned litigation" are overbroad, vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the request also

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA       Case No. 19-cv-00874-RBJ-MEH

1    seeks proprietary, trade secret and other confidential information.  The request further seeks

2    information that may not be within this party's possession, custody, or control and/or which is

3    equally available to propounding party from other sources.

4         Without waiving and subject to said objections, this Responding Non Party states:

5    MMI will produce (or make available for inspection and copying) all relevant and non-

6    privileged documents, to the extent they exist, in its possession, custody or control, that are

7    responsive to a  reasonable interpretation of this request and within the permissible scope of

8    FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery

9    completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if

10   necessary).

11        *Before and after the service of the original response to the subpoena, this Responding*

12   *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

13   *Responding Non Party is in possession, custody or control of any non-privileged documents*

14   *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

15   *has determined that there are no non-privileged documents that are responsive to a*

16   *reasonable interpretation of this Request.*

17        *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

18   *the response to this request as additional non-privileged and responsive information is*

19   *acquired or ascertained.*

20        **52.    All Documents constituting, comprising, or evidencing Your policies for**

21   **document management, preservation, storage, indexing, and disposal.**

22        <u>Response to Request No. 52</u>:

23        Objection.  The request and the defined and undefined terms and phrases "Documents

24   constituting, comprising, or evidencing," "Your," and "policies for document management,

25   preservation, storage, indexing, and disposal" are vague, ambiguous, and subject to varying

26   interpretations.  The scope is also overbroad and compliance would be unduly burdensome,

27   time consuming and expensive.  Further, the scope of the request seeks information that is not

28   "relevant to any party's claim or defense and proportional to the needs of the case" within the

**Gordon Rees Scully :**

Page 63

1  meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected

2  from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As

3  phrased, the request also seeks proprietary, trade secret and other confidential information.

4  The request further seeks information that may not be within this party's possession, custody,

5  or control and/or which is equally available to propounding party from other sources.

6       Without waiving and subject to said objections, this Responding Non Party states:

7  MMI will produce (or make available for inspection and copying) all relevant and non-

8  privileged documents, to the extent they exist, in its possession, custody or control, that are

9  responsive to a reasonable interpretation of this request and within the permissible scope of

10  FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery

11  completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if

12  necessary).

13       *Before and after the service of the original response to the subpoena, this Responding*

14  *Non Party has made a diligent search and a reasonable inquiry to ascertain whether*

15  *Responding Non Party is in possession, custody or control of any non-privileged documents*

16  *that may be responsive to a reasonable interpretation of this Request.  Responding Non Party*

17  *has determined that there are no non-privileged documents that are responsive to a*

18  *reasonable interpretation of this Request, and no documents are being withheld on the basis*

19  *of any privilege.*

20       *Discovery is continuing.  This Responding Non Party reserves the right to supplement*

21  *the response to this request as additional non-privileged and responsive information is*

22  *acquired or ascertained.*

23  Dated:  March 14, 2020          GORDON REES SCULLY MANSUKHANI,

24  LLP

25

26  By: _____

27  Andrew D. Castricone
Attorneys for Nonparty
MARKMONITOR, INC.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully**

*AMENDED* OBJECTIONS AND RESPONSES TO SUBPOENA                    Case No. 19-cv-00874-RBJ-MEH