# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC. (f/k/a/ Warner Bros. Records, Inc.), *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>*Defendant*. | Case No. 19-cv-00874-RBJ-MEH |

## DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO RESTRICT CERTAIN EXHIBITS FILED IN CONNECTION WITH ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to Local Rule 7.2, Defendant Charter Communications Inc., submits this Motion to Restrict Exhibit 4 and Exhibit 5 to the Declaration of Andrew Schapiro filed in connection with Charter's Motion to Compel Production of Documents (Dkt. No. 266), and states as follows:

1. **Certification Pursuant to D. Colo. L. Civ. R 7.1**: Counsel for Defendant has conferred with counsel for Plaintiffs via email regarding this Motion. Plaintiffs consent to the relief requested in this Motion.

2. Charter's Motion to Compel (Dkt. No 266) contains 13 exhibits designated "Exhibit 1" through "Exhibit 13". This Motion requests that two of those exhibits, Exhibits 4 and 5, be designated as "Restricted Documents, Level 1" and that access be restricted to the Parties and the Court.

3. Charter's Motion to Compel describes the content of Exhibit No. 4. Dkt. No. 266 at 4-5.

4. Charter is party to a Protective Order governing this matter. The Protective Order permits parties to mark documents "CONFIDENTIAL" information that the producing party in good faith believes is non-public, sensitive, or confidential information. Dkt. No. 63 ¶ 2. Confidential information includes, but is not limited to, confidential technical, sales, marketing, financial, or other commercially sensitive information. *Id*. The Protective Order further permits parties to mark documents "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is particularly sensitive information that the producing party believes in good faith cannot be disclosed without creating a substantial risk of harm to the producing party.

5. The Protective Order further provides that, absent permission of the designating party, when filing documents designated confidential with the Court, "the filing party shall file the document (or a portion of the document) as a restricted document pursuant to and consistent with Local Civil Rule 7.2 and the Presiding Judge's Practice Standards." Dkt. No. 63 ¶ 15.

6. Exhibit 4 to the Schapiro Declaration contains information concerning the antipiracy program of Plaintiffs' agent, the Recording Industry Association of America, and its relationship with MarkMonitor. Plaintiffs designated Exhibit 4 to the Schapiro Declaration as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, meaning Plaintiffs have represented that they have a good faith belief that it contains particularly sensitive business information.[1] By doing so, Plaintiffs have taken the position that disclosure of Exhibit 4 could cause competitive harm to Plaintiffs and MarkMonitor, and thus it is implied that Plaintiffs contend that the risk of

---

[1] Charter has no knowledge of the veracity of Plaintiffs' representations, and thus does not take a position here regarding the appropriateness of Plaintiffs' confidentiality designations. Charter submits this Motion in accordance with its obligations under the Protective Order in this case. Dkt. No. 63 ¶ 15.

1

harm to Plaintiffs and MarkMonitor outweighs the need to make this information available to the public.

7. Exhibit 5 to the Schapiro Declaration is Plaintiffs' privilege log, which contains descriptions of Plaintiffs' allegedly confidential communications with counsel. Plaintiffs designated Exhibit 5 to the Schapiro Declaration as CONFIDENTIAL, meaning Plaintiffs represent that they have a good faith belief that it contains non-public, sensitive, or confidential information. By doing so, Plaintiffs have taken the position that disclosure of Exhibit 5 could cause harm to Plaintiffs.

8. Charter seeks a Level 1 restriction, the least secretive level. Other methods of protecting confidential information are not sufficient because Plaintiffs' designations indicate that the two documents at issue contain substantially confidential information, meaning that redaction would leave the documents redacted in their entirety or nearly in their entirety.

WHEREFORE, Charter respectfully requests an Order of the Court limiting the access to Exhibits 4 and 5 to the Schapiro Declaration and Charter's unredacted Motion to Compel as Level 1 Restricted Documents.

Dated: October 17, 2020

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
Allison Huebert
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
E-mail: andrewschapiro@quinnemanuel.com
E-mail: allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
E-mail: charlesverhoeven@quinnemanuel.com
E-mail: davideiseman@quinnemanuel.com
E-mail: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
E-mail: toddanten@quinnemanuel.com
E-mail: jessicarose@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

*Counsel for Defendant*
*Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2020, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

 /s/ *Andrew Schapiro*
Andrew Schapiro
