# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS, INC., et al,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendants. | Case No. 19-cv-00874 RBJ |

**DECLARATION OF KAYVAN GHAFFARI IN SUPPORT OF THIRD-PARTY AUDIBLE MAGIC CORPORATION'S OPPOSITION TO CHARTER COMMUNICATIONS, INC.'S MOTION TO COMPEL**

I, Kayvan Ghaffari, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a lawyer at Crowell & Moring, LLP, and counsel to Audible Magic Corporation ("Audible Magic"). I have personal knowledge of the following facts and, if called and sworn as a witness, could competently testify thereto. I submit this declaration in support of Third-Party Audible Magic's Opposition to Charter Communications, Inc.'s (Charter's) Motion to Compel.

**Subpoena Compliance**

2. On December 20, 2020, Charter served upon Audible Magic third-party subpoena *duces tecum*, which included a request to inspect Audible Magic source code. Attached hereto as **Exhibit 1** is a true and correct copy of the December 20, 2019, Subpoena Duces Tecum from Charter to Audible Magic.

1

3. Audible Magic served its responses and objections in January and February 2020, and shortly thereafter produced substantial documents responsive to the requests. Included in Audible Magic's document production are transaction logs, which identify fingerprint requests and results within the relevant claim period. Audible Magic also, at that time, agreed that it would produce its source code for an in-person inspection at its outside counsel's office.

4. The current dispute concerns an in-person inspection of Audible Magic's source code. Despite good faith attempts to reach an amicable solution that adequately balances the needs to protect the source code and prevent the spread of COVID-19, Charter moved to compel immediate inspection without regard to these concerns.

5. To avoid motion practice, Audible Magic reached out to Charter on October 20, 2020, to reach resolution on the source code inspection. Audible Magic offered to hold an in-person inspection on or after November 30, 2020. Charter requested an earlier inspection date of November 2, 2020, notwithstanding the need to ensure adequate health and safety protocols could be put in place prior to the inspection. Audible Magic responded it would be available on November 18, 2020, so long as necessary safety precautions were in place that would protect the security of the source code and the health of the attendees. Charter then demanded Audible Magic agree to a minimum inspection period of two weeks (10 business days). Audible Magic never agreed to this approach. While Audible Magic confirmed it would confer in good faith as to the length of the inspection, Audible Magic stated any such conversation at this point would be premature and that two weeks seemed excessive. Audible Magic also mentioned an expert in the matter Sony Music Entm't v. Cox Commc'ns, Inc., No. 18 Civ. 950 (E.D. Va 2019) only required one day to inspect the same source code in order to draft an expert report. Attached hereto as **Exhibit 2** is a true and correct copy of the email correspondence from October 20, 2020 to October 22, 2020, between Audible Magic and Charter concerning the parties' recent attempt to reach resolution on an in-person inspection.

6. Audible Magic was not a party to the Cox litigation. See *Sony Music Entm't v. Cox Commc'ns, Inc.*, No. 18 Civ. 950 (E.D. Va 2018). Audible Magic was served a non-party subpoena in the Cox litigation, and it complied with that subpoena request.

Compliance with Novel Coronavirus-19 Safety Precautions

7. The law firm Crowell & Moring LLP now has health procedures in place that all persons must follow in order to enter the firm's San Francisco office.

## Exhibits

8. Attached hereto as **Exhibit 3** is a true and correct copy of the June 13, 2020, email from Charter to Audible Magic.

9. Attached hereto as **Exhibit 4** is a true and correct copy of the June 30, 2020, email from Audible Magic to Charter.

10. Attached hereto as **Exhibit 5** is a true and correct copy of the June 22, 2020, email from Audible Magic to Charter.

11. Attached hereto as **Exhibit 6** is a true and correct copy of the June 25, 2020, email from Audible Magic to Charter.

12. Attached hereto as **Exhibit 7** is a true and correct copy of the July 27, 2020, email from Audible Magic to Charter.

13. Attached hereto as **Exhibit 8** is a true and correct copy of the August 3, 2020, email from Audible Magic to Charter.

14. Attached hereto as **Exhibit 9** is a true and correct copy of the June 23, 2020, email from Charter to Audible Magic.

15. Attached hereto as **Exhibit 10** is a true and correct copy of the July 28, 2020, email from Charter to Audible Magic.

16. Attached hereto as **Exhibit 11** is a true and correct copy of the August 2, 2020, email from Charter to Audible Magic.

17.  Attached hereto as **Exhibit 12** is a true and correct copy of the September 25, 2020, email from Charter to Audible Magic.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  Executed this 23th day of October, 2020, in San Francisco, California.

*Kayvan M. Ghaffari*

Kayvan M. Ghaffari