# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC., et al.,**

       Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.**

       Defendant.

---

**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT
CHARTER COMMUNICATIONS, INC.**

---

      Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs serve their Second Set of Interrogatories upon Defendant Charter Communications, Inc.  Plaintiffs request that Defendant answer the following interrogatories in writing and under oath within thirty (30) days of the date of service.

## **DEFINITIONS**

      1.     The term "Plaintiffs" refers collectively to Warner Records Inc., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Warner Chappell Music, Inc., Warner-Tamerlane Publishing Corp., W Chappell Music Corp. d/b/a WC Music Corp., W.C.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Chappell & Co. Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music

Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Entertainment World Inc. d/b/a EMI Foray Music, EMI Jemaxal Music Inc., EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Famous Music LLC, Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Limited, Universal/MCA Music Publishing Pty. Limited, Music Corporation of America, Inc., Musik Edition Discoton GmbH, PolyGram Publishing, Inc., and Songs of Universal, Inc.

2.      The terms "you," "your," "Charter," or "Defendant" refer to Charter Communications, Inc., its parents, subsidiaries, predecessors, successors, affiliates, officers, directors, agents, employees, and/or any other person or entity currently or previously acting or purporting to act on its behalf.

3.      The term "Subscriber" refers to any past or present account holder or subscriber of your internet services.

4.      The term "User" refers to any person that uses your internet services, either presently or in the past.

5.     The term "Infringement Notice" refers to a notice stating that one or more of Charter's Subscribers or Users allegedly infringed a copyright.  This includes notices sent on behalf of any copyright owner, regardless of whether or not Charter processed or retained the Infringement Notice.  This term includes but is not limited to a notification of claimed copyright infringement pursuant to the DMCA, 17 U.S.C. § 512.

6.     The term "Infringing Subscriber" refers to any Subscriber identified in any Infringement Notice sent to You by Plaintiffs, or on Plaintiffs' behalf, between March 24, 2013 and May 17, 2016.

7.     The term "DMCA Agent" refers to any person or entity Charter has designated to receive notifications of alleged copyright infringement pursuant to the DMCA.

8.     The term "Customer Facing Action" shall mean any action that you directed to a Subscriber as a result of having received an Infringement Notice, including:  forwarding a copy of the Infringement Notice to the Subscriber; sending the Subscriber a warning in response to receiving an Infringement Notice; suspending, slowing (i.e., "throttling") or otherwise adversely affecting the Subscriber's internet access; or disconnecting or terminating the Subscriber's internet service.

9.     The terms "person" or "persons" are defined as any natural person or business, legal, or governmental entity or association.  Unless otherwise stated, "person" or "persons" shall also include any individuals and entities which are separately defined in these Definitions.  Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

10.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A non-identical copy is a

separate document within the meaning of this term. "Document" specifically includes electronically stored information as defined in Rule 34(a).

11.    The term "communication" means the transmittal of information by any means, written, oral, or otherwise, at any time or place and under any circumstances. The definition includes any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

12.    The term "concerning" means relating to, referring, describing, evidencing, or constituting.

13.    "Any" shall be understood to include and encompass "all"; "all" shall be understood to include and encompass "any"; "or" shall be understood to include and encompass "and"; and "and" shall be understood to include and encompass "or."

14.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses. The use of the singular form of any word shall include the plural and vice versa.

15.    When referring to a person, to "identify" means to provide, to the extent known, the (i) person's full name, (ii) present or last known address, (iii) email address, (iv) telephone number, and (v) present or last known place of employment.

16.    When referring to documents, to "identify" means to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); and (v) if produced in discovery in this lawsuit, the Bates number.

## **INSTRUCTIONS**

1.      The interrogatories below must be answered in accordance with Federal Rules of Civil Procedure 26 and 33.  You must serve upon Plaintiffs a written answer and/or objection addressed to each interrogatory, and such answer or objection must be signed by the serving party. The responses to the interrogatories shall include any information that is within your possession, custody, or control, that is within the possession, custody or control of your attorneys, consultants, experts, agents, investigators, accountants, or any persons acting on your behalf, or that is otherwise available to you as provided under applicable law.

2.      These interrogatories shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

3.      If you cannot answer any interrogatory in full after exercising due diligence to secure the information, so state in the answer to the extent possible, specifying the basis for your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions and the efforts you have undertaken to secure the information sought.

4.      If you consider any information, document, or communication requested by any interrogatory to be protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, please identify (a) the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; and (c) all bases, factual and legal, upon which such protection rests.  If you contend that only a portion of the

5

information sought by an interrogatory is privileged, provide the information that you do not contend is privileged.

5.      If you object to any portion of an interrogatory, provide all information requested by any portion of the interrogatory to which you do not object.

6.      If you elect to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit Plaintiffs to readily locate and identify the document(s) from which the answer may be ascertained.

7.      Unless otherwise specified, the relevant time frame for these Interrogatories is January 1, 2010 through May 17, 2016.

## <u>INTERROGATORIES</u>

### <u>INTERROGATORY NO. 13</u>

State the number of Infringement Notices you received each month from January 1, 2010 through May 17, 2016 and identify the person(s) most knowledgeable about such notices since January 1, 2010.

### <u>INTERROGATORY NO. 14</u>

State the number of Customer Facing Actions, by Customer Facing Action, you took each month from January 1, 2010 through May 17, 2016 in response to the Infringement Notices identified in response to Interrogatory No. 13 and identify the person(s) most knowledgeable about such Customer Facing Actions.

### <u>INTERROGATORY NO. 15</u>

Identify and describe the manner(s), if any, in which you are able to determine whether your business customers provide your internet service over a public or private network.

February 7, 2020

*/s/ Mitchell A. Kamin*
Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jcharlesworth@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served via Electronic Mail on the 7th day of February, 2020, upon counsel of record.

Dated: February 7, 2020

/s/ J. Hardy Ehlers