# Exhibit D

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| WARNER RECORDS INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | **Case No. 19-cv-00874-RBJ** |

## PLAINTIFFS' AMENDED OBJECTIONS AND RESPONSES TO CHARTER COMMUNICATIONS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

PROPOUNDING PARTY:   Defendant Charter Communications, Inc.

RESPONDING PARTY:   Plaintiffs Warner Records Inc., *et al.*

SET NUMBER:   One and Two

Plaintiffs Warner Records Inc., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc. , The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Warner Chappell Music, Inc., Warner-Tamerlane Publishing Corp., W Chappell Music Corp. d/b/a WC Music Corp., W.C.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Chappell & Co. Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recordings, LLC, Sony/ATV

Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc., d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Entertainment World Inc. d/b/a EMI Foray Music, EMI Jemaxal Music Inc., EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Famous Music LLC, Jobete Music Co., Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music–MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music–Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Limited, Universal/MCA Music Publishing Pty. Limited, Music Corporation of America, Inc., Musik Edition Discoton GMBH, PolyGram Publishing, Inc., and Songs of Universal, Inc. (collectively "Plaintiffs"), through their undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Parties' May 7, 2020 agreement to mutually amend their prior RFP responses in the above-captioned case in light of subsequent meet and confers and discovery proceedings, hereby respond to Defendant Charter Communications, Inc.'s ("Charter") Requests for Production ("Request(s)") upon Plaintiffs as follows. Plaintiffs' investigation into the facts of this case is ongoing and is not yet completed, and Plaintiffs therefore reserve the right to supplement or amend their responses and objections to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules, and any applicable order of this Court. The responses set forth herein are based solely on the information that is presently available and known to Plaintiffs.

### PLAINTIFFS' OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Plaintiffs object to Charter's definitions, instructions, and the individual Requests to the extent they seek to impose obligations other than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the District of Colorado, and any applicable order of

this Court.  Plaintiffs will interpret and respond to the Requests in the manner prescribed by the same.

2.      Plaintiffs object to the definitions and instructions to the extent they call for information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common-interest privilege, or any other privilege or immunity under federal or state law.  The inadvertent production of information that is privileged, was prepared in anticipation of litigation or for trial, or that is otherwise protected from discovery, shall not constitute a waiver of any privilege or any ground for objection, or of the right of Plaintiffs to object to the use of such information during subsequent proceedings.  Plaintiffs are willing to meet and confer with Charter in good faith to discuss a joint approach to addressing privilege.  In the event that an inadvertent production or identification of information is deemed by the Court to be a waiver of any privilege or immunity, the waiver shall be a limited waiver pertaining to that information only.

3.      Any confidential or proprietary information pertaining to the Plaintiffs' businesses, technology, or economic relationships shall be disclosed solely pursuant to the protective order in the above-captioned action (Dkt. 70, the "Protective Order").

4.      Plaintiffs object to the definitions and instructions as overly broad and unduly burdensome to the extent they require Plaintiffs to produce documents or information beyond what Plaintiffs are able to locate from a reasonable and diligent search of their files.

5.      Plaintiffs' response to the Requests will be made without waiver of, and with the intentional preservation of:

    a.  All objections as to the competence, relevance, materiality, privilege, confidentiality, authenticity, and admissibility as evidence in any aspect of this or any other legal proceeding;

    b.  The right to object on any ground to the use of information or documents, or the subject matter thereof, in any aspect of this or any other legal proceeding;

3

    c.  The right to object at any time to further requests for production on any ground; and

    d.  The right to revise, correct, supplement, or clarify the responses and objections propounded herein at any time.

6.      Identification or production of documents or information responsive to any discovery request should not be construed as:

    a.  An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

    b.  A waiver by Plaintiffs of any of their objections as set forth herein; or

    c.  An agreement that requests for similar information will be treated in a similar manner.

7.      Plaintiffs interpret the Requests to include a reasonable time period of March 1, 2012 to May 17, 2016, and limit their responses to the requests for production accordingly, unless otherwise indicated below.

8.      Plaintiffs object to the definition of "Plaintiff," "Plaintiffs," "You," or "Your," to the extent it encompasses entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control.  Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case. By including "all past and present . . . employees" of every corporate affiliate, parent, and predecessor of the Plaintiffs, Charter is requesting that Plaintiffs search for information relating to tens of thousands of persons, including even persons who have not worked for any Plaintiff in decades. By including "all past and present predecessors, successors, subsidiaries, affiliates, and parent companies[,]" Charter is requesting that Plaintiffs search for information held or pertaining to related corporate entities which have no connection to this matter. Plaintiffs will construe the terms "Plaintiff," "Plaintiffs," "You" or "Your" to refer to the specific entities named as Plaintiffs in this action.

9.      Plaintiffs object to the definition of "Communication" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition includes "telex" messages, which refers to messages sent on a public switched network of teleprinters that businesses used prior to the adoption of fax machines in the 1980s. Charter cannot justify the burden of searching for and reviewing telex messages since this case concerns Charter's infringement of Plaintiffs' copyrights from 2013 to 2016. It is also unlikely that "posts on social media platforms or blogs" would contain relevant information not already publicly available to Charter. And any limited or tangential relevance of such information would be outweighed by the burden of searching an undefined number of social media and blog sites for, potentially, tens of thousands of current and former employees. Plaintiffs will construe "Communication" to mean oral and written transmittals of information which are reasonably searchable without undue burden to Plaintiffs, and likely to contain relevant information not already available to Charter.

10.     Plaintiffs object to the definition of "Electronic Storage Device" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition includes "SIM cards," which are small integrated circuits designed to authenticate subscribers on cellphone networks. There is no reason to believe that SIM cards contain unique information that would justify the burden of locating and extracting data from, potentially, tens of thousands of cards. Plaintiffs will construe "Electronic Storage Device" to mean those electronic repositories likely to contain relevant information, from which data can be reasonably extracted without undue burden to Plaintiffs.

11.     Plaintiffs object to the definition of "Residential ISP Customer" as overbroad, unduly burdensome, and disproportionate to the needs of the case, in that it encompasses a broad category of persons having no relationship to Charter, the copyrighted works in suit, and/or BitTorrent or other similar peer-to-peer file-sharing networks. Plaintiffs further object to Charter's definition of "Residential ISP Customer" because it assumes facts and/or requires knowledge not in Plaintiffs' possession, custody, or control. In addition, to the extent that Charter's requests for

production relating to Residential ISP Customers seek documents or information concerning any "peer-to-peer litigation program," whether "university-specific or corporate," Plaintiffs object on the basis that such requests seek information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law. Plaintiffs are aware of no documents that could be responsive to such a request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.

12.     Plaintiffs object to the definition of "Non-Residential ISP Customer" as overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it encompasses a broad category of persons having no relationship to Charter, the copyrighted works in suit, and/or BitTorrent or other similar peer-to-peer file-sharing networks. Plaintiffs further object to Charter's definition of "Non-Residential ISP Customer" because it assumes facts and/or requires knowledge not in Plaintiffs' possession, custody, or control. In addition, to the extent that Charter's requests for production relating to Non-Residential ISP Customers seek documents or information concerning any "peer-to-peer litigation program," whether "university-specific or corporate," Plaintiffs object on the basis that such requests seek information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law. Plaintiffs are aware of no documents that could be responsive to such a request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.

13.     Plaintiffs object to the definition of "peer-to-peer file sharing technologies" as so overly broad as to be meaningless. For example, despite the words used, Charter's definition does not limit the term to BitTorrent or similar peer-to-peer file-sharing networks, and instead includes any "websites, other locations on the Internet or other networks, services, products, applications,

apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing." Therefore, Plaintiffs interpret "peer-to-peer file sharing technologies" to refer to websites, applications, or programs that use the BitTorrent protocol or other protocol that similarly allows individual computers to act as a server for other computers, allowing shared access to files and peripherals without the need for a central server.

14.     Plaintiffs object to the definitions of "RIAA," "MarkMonitor," "Harbor Labs," "Rightscorp," and "Stroz Friedberg," to the extent those definitions encompass entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control. Plaintiffs further object to the definitions as overbroad, unduly burdensome, and disproportionate to the needs of the case. By including "past and present employees" of each such entity, Charter is requesting that Plaintiffs search for information relating to an unknown number of persons, all of whom are outside of Plaintiffs' control. Plaintiffs will construe "RIAA" to mean the Recording Industry Association of America itself; "MarkMonitor" to mean MarkMonitor, Inc. itself; "Harbor Labs" to mean Harbor Labs itself, "Rightscorp" to mean Rightscorp, Inc. itself; and "Stroz Friedberg" to mean Stroz Friedberg itself.

15.     Plaintiffs object to the definition of "MarkMonitor System" to the extent it encompasses information outside of Plaintiffs' knowledge, possession, custody or control. Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it encompasses a broad category of information having no relationship to Charter, the copyrighted works in suit, and/or BitTorrent or other similar peer-to-peer file-sharing networks.

## OBJECTIONS AND RESPONSES TO CHARTER'S REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

Documents sufficient to identify all works, including, but not limited to, the Copyright Works, in which You own, claim, and/or control a copyright that You allege that subscribers, account holders, or customers of Charter have infringed and for which You claim Charter is responsible or liable in this litigation.

**OBJECTIONS TO REQUEST NO. 1:**

Plaintiffs object to this request as premature because it seeks identification of "all works," and the full scope of Charter's or its subscribers', account holders', or customers' infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery, and Plaintiffs reserve the right to rely upon and/or assert claims regarding Charter's infringement of any of their copyrighted works. Plaintiffs further object to the term "subscribers," "account holders," and "customers," as vague and ambiguous. Charter's use of these three terms implies distinct definitions for each— definitions which Charter has not provided. Plaintiffs interpret these terms as coterminous, meaning Charter subscribers.

**RESPONSE TO REQUEST NO. 1:**

Subject to the foregoing objections, Plaintiffs direct Charter to Exhibits A and B of the Complaint, Dkt. 1. Exhibit A is a representative, non-exhaustive list of sound recordings (identified by title, artist, copyright registration number, and current copyright owner or exclusive licensee) for which Plaintiffs seek relief in this litigation. The sound recordings in Exhibit A represent works infringed by Charter's subscribers, account holders, or customers after those particular subscribers were identified to Charter in multiple infringement notices. Exhibit B is a representative, non-exhaustive list of musical compositions (identified by title, copyright registration number, and current copyright owner or exclusive licensee) for which Plaintiffs seek relief in this litigation. The musical compositions in Exhibit B represent works infringed by Charter's subscribers, account holders, or customers after those particular subscribers were identified to Charter in multiple infringement notices. Plaintiffs reserve their right to amend Exhibits A and B during the litigation.

**AMENDED RESPONSE TO REQUEST NO. 1:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs direct Charter to Exhibits A and B of the First Amended Complaint, Dkt. 123. Exhibit A

is a representative, non-exhaustive list of sound recordings (identified by title, artist, copyright registration number, and current copyright owner or exclusive licensee) for which Plaintiffs seek relief in this litigation. The sound recordings in Exhibit A represent works infringed by Charter's subscribers, account holders, or customers after those particular subscribers were identified to Charter in multiple infringement notices. Exhibit B is a representative, non-exhaustive list of musical compositions (identified by title, copyright registration number, and current copyright owner or exclusive licensee) for which Plaintiffs seek relief in this litigation. The musical compositions in Exhibit B represent works infringed by Charter's subscribers, account holders, or customers after those particular subscribers were identified to Charter in multiple infringement notices. Plaintiffs reserve their right to amend Exhibits A and B during the litigation.

**REQUEST NO. 2:**
Full digital copies of all Copyright Works, including any and all versions of each Copyright Work You claim has been infringed, and any version submitted to the United States Copyright Office of the Library of Congress.

**OBJECTIONS TO REQUEST NO. 2:**

Plaintiffs object to this request as premature because it seeks digital copies of "all Copyright Works," and Plaintiffs do not yet know the full scope of Charter's infringement of Plaintiffs' copyrighted works. A more complete picture of Charter's infringement will be developed and determined during discovery. Accordingly, Plaintiffs reserve the right to rely upon and/or assert in this litigation any of their copyrighted works infringed by Charter.

Plaintiffs also object to this request because it is vague and ambiguous, including in that it is unclear whether Charter is requesting that Plaintiffs produce authorized, non-infringing copies of the relevant copyrighted works or the unauthorized, infringing copies, and it is unclear to what "all versions of the Copyright Works" refers.

Additionally, Plaintiffs object because the request is not proportional to the needs of the case. Whether in full digital form or otherwise, Plaintiffs are aware of no legitimate need Charter could have for authorized, non-infringing copies of *all* copyrighted works in suit, or for *all* versions

9

of the copyrighted works in suit, including versions submitted to the United States Copyright Office of the Library of Congress. As such, the burden and expense of the proposed discovery outweighs any likely benefit. To the extent a legitimate need exists, the copyrighted works in suit are commercially available to the public.

**RESPONSE TO REQUEST NO. 2:**

Subject to the foregoing objections, Plaintiffs will produce digital copies of a sample of the copyrighted works in suit.

**AMENDED RESPONSE TO REQUEST NO. 2:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce digital copies of the copyrighted sound recordings in suit.


**REQUEST NO. 3:**

All documents concerning communications between You and the Copyright Office and all documents issued by the Copyright Office, regarding the Copyright Works, including, but not limited to, all applications to register the Copyright Works, certificates of copyright registrations for each of the Copyright Works, supplemental registrations, renewals of registrations, recorded assignments, recorded transfers, and/or terminations of transfer.

**OBJECTIONS TO REQUEST NO. 3:**

Plaintiffs object to the request as overly broad and irrelevant because it seeks "all documents concerning communications [with] the Copyright Office." Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the case and therefore present an undue burden.

The request for documents issued by the Copyright Office is also overly broad, unduly burdensome, and irrelevant, including in that it seeks information as to all copyrighted works in suit, rather than only those copyrighted works for which such information is necessary or relevant to the issues in the case. Moreover, Plaintiffs object to the request insofar as it seeks documents and/or information equally and readily available to Charter, including through publicly-available sources.

**RESPONSE TO REQUEST NO. 3:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration. Upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable and diligent search.

**AMENDED RESPONSE TO REQUEST NO. 3:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration. Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable and diligent search. Plaintiffs will also deem produced documents, if any, that Plaintiffs produce in *UMG Recordings, Inc., et al v. Bright House Networks, LLC*, Case No. 8:19-cv-00710-MSS-TGW ("the *Bright House* action") sufficient to show communications with the Copyright Office that discuss the validity or challenges to Plaintiffs' ownership of the works at issue in this case.

**REQUEST NO. 4:**

Documents sufficient to demonstrate whether any of the Copyright Works was created as or is a work for hire.

**OBJECTIONS TO REQUEST NO. 4:**

This request is overly broad, unduly burdensome, and irrelevant, including in that it seeks information as to all copyrighted works in suit, rather than only those copyrighted works, if any, for which such information is necessary or relevant to the issues in the case. Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit.

Plaintiffs also object to this request as unreasonably cumulative or duplicative, for example of Request No. 3.

**RESPONSE TO REQUEST NO. 4:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration.  Upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable and diligent search.

**AMENDED RESPONSE TO REQUEST NO. 4:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works,

Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration. Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable and diligent search. Plaintiffs will also produce after a reasonable and diligent search, responsive, non-privileged documents in their possession, custody or control, if any, sufficient to show work-for-hire status for the 110 works designated by Charter, a 1% sample size, as ordered by the Court ("110-work sample") (Dkt. 76 at 2), to the extent such documents can be located following a reasonable and diligent search. Plaintiffs will also deem produced work-for-hire agreements, if any, that Plaintiffs produce in the *Bright House* action for any works also at issue in this case.

**REQUEST NO. 5:**
        All documents concerning ownership of or claims of right in the Copyright Works, including those evidencing, referring, or relating to the chain of title for the Copyright Works or those pertaining to disputes related to any time, of the Copyright Works.

**OBJECTIONS TO REQUEST NO. 5:**

This request's call for "all documents" is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents . . . evidencing, referring, or relating to" chain of title. Moreover, the request's call for documents "concerning ownership of or claims of right" in the copyrighted works is vague and ambiguous. This request improperly asks Plaintiffs to make a legal conclusion and produce all supporting documents, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs interpret the request to seek documents and/or materials sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective works in suit.

With respect to documents relating to the chain of title, Plaintiffs object because the request also seeks information as to all copyrighted works in suit, rather than only those copyrighted works, if any, for which such information may be necessary or relevant to the issues in the case. Additionally, Plaintiffs object to the term "chain of title" as vague and ambiguous to the extent it calls for a legal conclusion. Plaintiffs interpret this part of the request to seek documents sufficient to demonstrate that Plaintiffs own or control the copyrighted works in suit.

With respect to documents pertaining to disputes, Plaintiffs object to this request's call for "all documents" during "any time" frame as overbroad, unduly burdensome, and disproportionate to the needs of the case. Additionally, the request for documents concerning "disputes" is vague and ambiguous. Plaintiffs therefore interpret this part of the request as seeking documents concerning a litigation or demand letter challenging ownership of a copyrighted work in suit. Plaintiffs further object to this part of the request as irrelevant in seeking "[a]ll documents . . . pertaining to disputes" regardless of the nature or outcome of such disputes. Plaintiffs also object to this part of the request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE TO REQUEST NO. 5:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration. Upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such

14

documents can be located following a reasonable and diligent search. Plaintiffs are otherwise withholding responsive documents on the basis of their objections, to the extent such documents exist.

Pursuant to the foregoing objections, Plaintiffs further state that they will not produce documents responsive only to the request for documents "pertaining to disputes." Notwithstanding the foregoing, Plaintiffs are willing to meet and confer with Charter if and when Charter identifies a good faith basis for disputing the ownership of a particular copyrighted work or works in suit.

## AMENDED RESPONSE TO REQUEST NO. 5:

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and Protective Order, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration. Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable and diligent search. Plaintiffs will also produce responsive documents pertaining to disputes or potential disputes over ownership for the 110-work sample, to the extent such documents can be located following a reasonable and diligent search. Plaintiffs will also deem produced work-for-hire agreements, if any, that Plaintiffs produce in the *Bright House* action for the works also at issue in this case.

## REQUEST NO. 6:

Documents, including without limitation organizational charts, sufficient to identify Your organizational structure since January 1, 2012, including without limitation Your departments, divisions, corporate officers, executives, and managers, including their names, titles, direct reports, and duties and responsibilities.

**OBJECTIONS TO REQUEST NO. 6:**

Plaintiffs object to this request as overly broad and unduly burdensome, and because it seeks information that is not relevant or proportional to the needs of the case. Plaintiffs are aware of of no legitimate need Charter could have for documents identifying *all* of Plaintiffs' respective "departments, divisions, corporate officers, executives, and managers, including their names, titles, direct reports, and duties and responsibilities," over a seven-year period. Plaintiffs are large, international companies with thousands of employees, with evolving roles and responsibilities, across thousands of functions, departments, and divisions, most of whom/which have no relevance to this case.

**RESPONSE TO REQUEST NO. 6:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce a representative organizational chart identifying employees in Plaintiffs' respective copyright and antipiracy departments, if any, to the extent such organizational charts exist and can be found in Plaintiffs' possession, custody, or control after a reasonable and diligent search.

**REQUEST NO. 7:**

Documents, including without limitation corporate organizational charts, sufficient to identify Your corporate family structure since January 1, 2012, including without limitation Your parents, subsidiaries, affiliates, successors, and predecessors.

**OBJECTIONS TO REQUEST NO. 7:**

Plaintiffs object to this request in that it is unreasonably cumulative and duplicative of Request No. 6. Plaintiffs further object on the basis that the proposed discovery is overly broad and unduly burdensome, and because it seeks information that is not relevant or proportional to the needs of the case. Plaintiffs are aware of no legitimate need Charter could have for documents identifying *all* of Plaintiffs' respective "parents, subsidiaries, affiliates, successors, and predecessors," for a seven-year period. Plaintiffs also object to the request for Plaintiffs to identify their "successors" as it does not make sense in this context and/or is a typographical error.

**RESPONSE TO REQUEST NO. 7:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce a representative organizational chart illustrating the respective corporate structures of Plaintiffs' U.S.-based corporate recorded music and music publishing affiliates, as appropriate, to the extent such organizational charts exist and can be found in Plaintiffs' possession, custody, or control after a reasonable and diligent search.

**REQUEST NO. 8:**

All documents concerning any licenses, assignments, and/or grant or transfer of rights of the copyrights that You claim cover(ed) the Copyright Works for any of the last ten (10) years, including copies of agreements reflecting such licenses, assignments, and/or grant or transfer of rights and documents analyzing such licenses, assignments, and/or grant or transfer of rights.

**OBJECTIONS TO REQUEST NO. 8:**

Plaintiffs object to this request's call for "all documents concerning any licenses, assignments, and/or grant or transfer of rights" as overly broad, not proportional to the needs of the case, and therefore unduly burdensome. The request for "all documents" is in and of itself overly broad and not proportional to the needs of the case. In addition, the request seeks documents concerning any and all licenses, assignments, and/or grants or transfers of rights of the copyrighted works in suit, without regard to whether such assignments have any bearing on issues in this case, and Plaintiffs therefore object on relevance grounds, and on the grounds that the request is vague and ambiguous in its reach. Moreover, "grant or transfer of right" is vague and ambiguous.

Plaintiffs also object to the part of this request pertaining to agreements as irrelevant. Charter has no legitimate need for copies of all agreements reflecting licenses, agreements, and/or grants or transfers of rights of the copyrighted works. Plaintiffs' agreements contain extremely sensitive and confidential business and proprietary information. The very high potential for prejudice to Plaintiffs and nonparties significantly outweighs the marginal, if any, relevance such agreements could have to this case.

17

**RESPONSE TO REQUEST NO. 8:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable and diligent search.

**AMENDED RESPONSE TO REQUEST NO. 8:**

Subject to the foregoing objections, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable and diligent search. Plaintiffs will also deem produced copies of the core catalog-wide licensing agreements, in terms of revenue derived therefrom, which collectively account for approximately 90 percent of each Plaintiff group's total U.S. audio-only download and streaming revenue, that Plaintiffs produce in the *Bright House* action.

**REQUEST NO. 9:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the revenue You generated from any assignments, licenses, and/or grant or transfer of rights of each Copyright Work for the last ten (10) years.

**OBJECTIONS TO REQUEST NO. 9:**

Plaintiffs object to this request because "revenue you generated from any assignments, licenses, and/or grant or transfer of rights" is vague and confusing. Plaintiffs also object because Plaintiffs' revenues from assignment are not relevant to liability or damages.

Plaintiffs also object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable and diligent search of documents in their

possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court.

In particular, Plaintiffs object to the request for revenue generated "from any assignments, licenses, and/or grant or transfer of rights of each Copyright Work for the last ten (10) years" as overly broad, unduly burdensome, and disproportionate to the needs of the case, as it appears to impose on Plaintiffs an obligation to create (and format) information not already in existence. To the extent Charter seeks to require Plaintiffs to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Charter may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" to the extent inconsistent with applicable law concerning the production of electronically stored information.

Additionally, Plaintiffs object on the basis that the request for annual revenue over the last ten years from every assignment of every copyrighted work in suit is overly broad and not proportional to the needs of the case. Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit or potential relevance.

**RESPONSE TO REQUEST NO. 9:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016.

**AMENDED RESPONSE TO REQUEST NO. 9:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016. Plaintiffs will also (1) deem produced to Charter track-by-track

revenue information already produced in *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*, solely as to any overlapping works at issue in this case; and (2) produce annualized top-end financial data that includes streaming revenues for 2017, 2018, and 2019, to the extent located based on a reasonable and diligent search.

**REQUEST NO. 10:**

    Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the claimed lost sales or licenses due to the infringement of the Copyright Works by Charter's subscribers, account holders, or customers, as alleged in Your Complaint and for which you seek relief in this litigation, organized by each of the Copyright Works.

**OBJECTIONS TO REQUEST NO. 10:**

    Plaintiffs object to this request because it seeks information not relevant to resolving issues in the action, and the burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

    Plaintiffs also object to this request as premature because Plaintiffs do not yet know the full scope of Charter's infringement of Plaintiffs' copyrighted works. A more complete picture of Charter's infringement will be developed and determined during discovery. Plaintiffs reserve the right to rely upon and/or assert in this litigation any of their copyrighted works infringed by Charter. Moreover, Plaintiffs object to this request because much of the information sought by this request is within Charter's possession, custody, or control, which Plaintiffs are presently seeking from Charter in discovery in this case. For example, Charter's documents showing that it continued to provide services to subscribers repeatedly infringing the copyrighted works in suit will help demonstrate "lost sales or licenses due to the infringement . . . by Charter's subscribers, account holders, or customers."

    Additionally, Plaintiffs object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable and diligent search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court.

In particular, Plaintiffs object to the request for information "organized by each of the Copyright Works" as unduly burdensome to the extent it seeks to impose on Plaintiffs an obligation to create (and format) information not already in existence. To the extent Charter seeks to require Plaintiffs to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Charter may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" as inconsistent with applicable law concerning the production of electronically stored information.

**RESPONSE TO REQUEST NO. 10:**

Subject to the foregoing objections, Plaintiffs respond that they do not have in their possession, custody, or control documents "sufficient to demonstrate the claimed lost sales or licenses due to the infringement of the Copyright Works by Charter's subscribers, account holders, or customers." Furthermore, Plaintiffs seek statutory damages in this case. Notwithstanding the foregoing, Plaintiffs refer Charter to the notices of infringement sent on behalf of Plaintiffs to Charter regarding the copyrighted works identified on Exhibits A and B, which will be produced in this litigation. In addition, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016.

**AMENDED RESPONSE TO REQUEST NO. 10:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs respond that they do not have in their possession, custody, or control documents "sufficient to demonstrate the claimed lost sales or licenses due to the infringement of the Copyright Works by Charter's subscribers, account holders, or customers." Furthermore, Plaintiffs seek statutory damages in this case. Notwithstanding the foregoing, Plaintiffs refer Charter to the

notices of infringement sent on behalf of Plaintiffs to Charter regarding the copyrighted works identified on Exhibits A and B of the First Amended Complaint, Dkt. 123, which will be produced in this litigation. In addition, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016. Plaintiffs will also (1) deem produced to Charter track-by-track revenue information already produced in *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*, solely as to any overlapping works at issue in this case; and (2) produce annualized top-end financial data that includes streaming revenues for 2017, 2018, and 2019, to the extent located based on a reasonable and diligent search.

## REQUEST NO. 11:

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the claimed lost sales or licenses due to infringement of the Copyright Works on peer-to-peer file sharing sites, organized by each Copyright Work and for each of the last ten (10) years.

## OBJECTION TO REQUEST NO. 11:

Plaintiffs object to this request because it seeks information not relevant to resolving issues in the action, and the burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance. It is also cumulative and duplicative of Request No. 10.

Plaintiffs also object to this request as premature because Plaintiffs do not yet know the full scope of Charter's infringement of Plaintiffs' copyrighted works. A more complete picture of Charter's infringement will be developed and determined during discovery. Plaintiffs reserve the right to rely upon and/or assert in this litigation any of their copyrighted works infringed by Charter. Moreover, Plaintiffs object to this request because much of the information sought by this request is within Charter's possession, custody, or control, which Plaintiffs are presently seeking from Charter in discovery in this case. For example, Charter's documents showing that it continued to provide services to subscribers repeatedly infringing the copyrighted works in suit via peer-to-peer file sharing sites will help demonstrate "lost sales or licenses due to [such] infringement."

Plaintiffs also object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable and diligent search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders this Court. In particular, Plaintiffs object to the request for information "organized by each Copyright Work" as unduly burdensome to the extent it seeks to impose on Plaintiffs an obligation to create (and format) information not already in existence. To the extent Charter seeks to require Plaintiffs to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Charter may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" as inconsistent with applicable law concerning the production of electronically stored information.

## RESPONSE TO REQUEST NO. 11:

Subject to the foregoing objections, Plaintiffs respond that they do not have in their possession, custody, or control documents "sufficient to demonstrate the claimed lost sales or licenses due to infringement of the [sic] Copyright Works on peer-to-peer file sharing sites." Furthermore, Plaintiffs seek statutory damages in this case. Notwithstanding the above, Plaintiffs refer Charter to the notices of infringement sent on behalf of Plaintiffs to Charter regarding the copyrighted works identified on Exhibits A and B. In addition, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016.

## AMENDED RESPONSE TO REQUEST NO. 11:

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs respond that they do not have in their possession, custody, or control documents

"sufficient to demonstrate the claimed lost sales or licenses due to infringement of the [sic] Copyright Works on peer-to-peer file sharing sites." Furthermore, Plaintiffs seek statutory damages in this case. Notwithstanding the above, Plaintiffs refer Charter to the notices of infringement sent on behalf of Plaintiffs to Charter regarding the copyrighted works identified on Exhibits A and B of the First Amended Complaint, Dkt. 123. In addition, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016. Plaintiffs will also (1) deem produced to Charter track-by-track revenue information already produced in *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*, solely as to any overlapping works at issue in this case; and (2) Plaintiffs will produce annualized top-end financial data that includes streaming revenues for 2017, 2018, and 2019, to the extent located based on a reasonable and diligent search.

**REQUEST NO. 12:**

All documents that evidence, refer to, discuss, support, or refute any damages or harm, including, without limitation, monetary damage, You claim to have suffered, or believe are likely to suffer, due to the infringements of each of the Copyright Works by Charter's subscribers, account holders, or customers, as alleged in Your Complaint.

**OBJECTIONS TO REQUEST NO. 12:**

Plaintiffs object to this request as premature because Plaintiffs do not yet know the full scope of Charter's infringement of Plaintiffs' copyrighted works. A more complete picture of Charter's infringement will be developed and determined during discovery. Plaintiffs reserve the right to rely upon and/or assert in this litigation any of their copyrighted works infringed by Charter. Moreover, Plaintiffs object to this request because much of the information sought by this request is within Charter's possession, custody, or control, which Plaintiffs are presently seeking from Charter in discovery in this case. For example, Charter's documents showing that it continued to provide services to subscribers repeatedly infringing the copyrighted works in suit will help demonstrate "damages or harm, including . . . monetary damage" Plaintiffs suffered due to

infringement of the copyrighted works in suit by Charter's subscribers, account holders, or customers.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

In addition, Plaintiffs object to this request's call for "all documents that evidence, refer to, discuss, support, or refute any damages or harm" as overly broad, not proportional to the needs of the case, and therefore unduly burdensome.

## RESPONSE TO REQUEST NO. 12:

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016.

## AMENDED RESPONSE TO REQUEST NO. 12:

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016. Plaintiffs will also (1) deem produced to Charter track-by-track revenue information already produced in *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*, solely as to any overlapping works at issue in this case; and (2) produce annualized top-end financial data that includes streaming revenues for 2017, 2018, and 2019, to the extent located based on a reasonable and diligent search.

**REQUEST NO. 13:**

All documents concerning Your efforts to mitigate any damages or harm, including without limitation, monetary damage, You claim to have suffered, or believe are likely to suffer, due to the infringements of the Copyright Works by Charter's subscribers, account holders, or customers, as alleged in Your Complaint.

**OBJECTIONS TO REQUEST NO. 13:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning" broad subject matters. Moreover, the request for Plaintiffs' "efforts to mitigate damages or harm" caused by infringement by Charter's subscribers, account holders, or customers encompasses a vast amount of information such that the burden and/or expense of the proposed discovery outweighs its likely benefit.

Plaintiffs also object to this request to the extent it seeks information within Charter's possession, custody, or control. For example, Plaintiffs direct Charter to the hundreds of thousands of notices of infringement sent on behalf of Plaintiffs to Charter during the relevant time period regarding the copyrighted works in suit. Plaintiffs further object to this request as irrelevant to the extent it purports to impose on Plaintiffs any legal obligation to mitigate damages caused by Charter's unlawful conduct.

**RESPONSE TO REQUEST NO. 13:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, to the extent located following a reasonable and diligent search.

**REQUEST NO. 14:**

All documents, including appraisals and documents reflecting negotiations concerning and agreements covering the sale of the Copyright Works, concerning valuation and/or value of the copyrights and the Copyright Works You assert in this litigation at any time, from the time You acquired them or were considering the acquisition of them through the present.

**OBJECTIONS TO REQUEST NO. 14:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents . . . concerning" broad subject matters, including valuation and/or value and negotiations. "All documents" in and of itself is overly broad and unduly burdensome.

Additionally, Plaintiffs object because the request for valuation and/or value "from the time You acquired" the copyrighted works or "were considering the acquisition of them" is vague and ambiguous, overly broad, and seeks information not relevant or important to resolving the issues in the action. The burden and/or expense of the proposed discovery thus outweighs any likely benefit. Further, "negotiations" could involve any number of contract terms that have no bearing on or relevance to this case.

Plaintiffs also object because the term "sale of the Copyright Works" is vague and ambiguous. For example, it is unclear whether Charter is referring to the sale of ownership of a copyrighted work or sale of an authorized copy of a copyrighted work. In addition, the failure to narrow this request to a specific timeframe renders it overly broad, unduly burdensome and not proportional to the needs of the case.

**RESPONSE TO REQUEST NO. 14:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate (1) that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable and diligent search, and (2) Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016.

**AMENDED RESPONSE TO REQUEST NO. 14:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order,

Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate (1) that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable and diligent search, and (2) Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016. Plaintiffs will also deem produced to Charter track-by-track revenue information already produced in *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*, solely as to any overlapping works at issue in this case. Plaintiffs will also deem produced copies of the core catalog-wide licensing agreements, in terms of revenue derived therefrom, which collectively account for approximately 90 percent of each Plaintiff group's total U.S. audio-only download and streaming revenue, that Plaintiffs produce in the *Bright House* action.

**REQUEST NO. 15:**

All documents concerning Your efforts to market and promote the digital downloading or streaming of the Copyright Works.

**OBJECTIONS TO REQUEST NO. 15:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter. In addition, "efforts to market and promote the digital downloading or streaming" of the copyrighted works is so overly broad that the request encompasses work performed by hundreds, if not thousands, of employees. As such, the burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

Additionally, Plaintiffs object that the request is vague and ambiguous. For example, it is unclear whether Charter is seeking information relating to downloading or streaming the copyrighted works in suit specifically or relating to downloading and streaming generally.

**RESPONSE TO REQUEST NO. 15:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 16:**

All documents concerning trends, forecasts, projections, or any other financial plans related to royalties, sales, revenue, or profits generated through streaming, digital downloads, physical media, and/or any other media, of the Copyright Works.

**OBJECTIONS TO REQUEST NO. 16:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter. The information sought is not relevant to resolving any issues in the action, and the burden and/or expense of the proposed discovery outweighs any likely benefit or potential relevance.

**RESPONSE TO REQUEST NO. 16:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016.

**AMENDED RESPONSE TO REQUEST NO. 16:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016. Plaintiffs will also (1) deem produced to Charter track-by-track revenue information already produced in *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*, solely as to any overlapping works at issue in this case; and (2) produce annualized top-end

financial data that includes streaming revenues for 2017, 2018, and 2019, to the extent located based on a reasonable and diligent search.

**REQUEST NO. 17:**

Documents that contain information in a readable and useable format (*e.g*., Microsoft Excel or Access) sufficient to demonstrate Your total annual revenue, expense, and profits for each of the last ten (10) years.

**OBJECTIONS TO REQUEST NO. 17:**

Plaintiffs object to this request because Plaintiffs' revenues and profits are not relevant to any issue related to liability or damages. Plaintiffs also object to this request to the extent it seeks to impose duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court. To the extent Charter seeks to require Plaintiffs to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Charter may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" as inconsistent with applicable law concerning the production of electronically stored information.

**RESPONSE TO REQUEST NO. 17:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016.

**AMENDED RESPONSE TO REQUEST NO. 17:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016. Plaintiffs will also produce annualized top-end financial data that

includes streaming revenues for 2017, 2018, and 2019, to the extent located based on a reasonable and diligent search.

**REQUEST NO. 18:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual revenue from each Copyright Work by medium for each of the last ten (10) years.

**OBJECTIONS TO REQUEST NO. 18:**

Plaintiffs object to this request because Plaintiffs' revenues are not relevant to any issue related to liability or damages. Plaintiffs also object to the request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. For example, Plaintiffs commercialize their works in many different ways. The term "medium" could encompass a wide range of physical products such as vinyl records, cassette tapes, CDs, super audio CDs, DVD audio discs, and Blu-ray audio discs, as well as digital products, including downloads, live streams, and on-demand streams.

In addition, Plaintiffs object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable and diligent search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court. In particular, Plaintiffs object to the request for "total annual revenue from each Copyright Work by medium and for each of the last ten (10) years [less costs and expenses]" as unduly burdensome as it appears to impose on Plaintiffs an obligation to create (and format) information not already in existence. To the extent Charter seeks to require Plaintiffs to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Charter may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" to the extent inconsistent with applicable law concerning the production of electronically stored information.

**RESPONSE TO REQUEST NO. 18:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016.

**AMENDED RESPONSE TO REQUEST NO. 18:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016. Plaintiffs will also (1) deem produced to Charter track-by-track revenue information already produced in *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*, solely as to any overlapping works at issue in this case; and (2) produce annualized top-end financial data that includes streaming revenues for 2017, 2018, and 2019, to the extent located based on a reasonable and diligent search.

**REQUEST NO. 19:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual expense and profit from each Copyright Work by medium and for each of the last ten (10) years.

**OBJECTIONS TO REQUEST NO. 19:**

Plaintiffs object to this request because Plaintiffs' profits and expenses are not relevant to any issue related to liability or damages. Plaintiffs also object to the request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. For example, Plaintiffs commercialize their works in many different ways. The term "medium" could encompass a wide range of physical products such as vinyl records, cassette tapes, CDs, super audio CDs, DVD audio discs, and Blu-ray audio discs, as well as digital products, including downloads, live streams, and on-demand streams.

In addition, Plaintiffs object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable and diligent search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the applicable rules and orders of this Court. In particular, Plaintiffs object to the request for "total annual profit from each Copyright Work by medium and for each of the last ten (10) years" as unduly burdensome as it appears to impose on Plaintiffs an obligation to create (and format) information not already in existence. To the extent Charter seeks to require Plaintiffs to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Charter may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs also object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" to the extent inconsistent with applicable law concerning the production of electronically stored information.

Further, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request No. 18.

**RESPONSE TO REQUEST NO. 19:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016.

**AMENDED RESPONSE TO REQUEST NO. 19:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016. Plaintiffs will also (1) deem produced to Charter track-by-track revenue information already produced in *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*,

33

solely as to any overlapping works at issue in this case; and (2) produce annualized top-end financial data that includes streaming revenues for 2017, 2018, and 2019, to the extent located based on a reasonable and diligent search.

**REQUEST NO. 20:**

All documents concerning any relief, including but not limited to damages, You, any other Plaintiff, or any other person expect(s) to recover, gain, or receive because of this litigation, regardless of a finding of liability against Charter.

**OBJECTIONS TO REQUEST NO. 20:**

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law. Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure. Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs. As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Plaintiffs object to this request to the extent it seeks documents and information outside of Plaintiffs' possession, custody, or control.

In addition, Plaintiffs object because the term "relief" in the request is vague, ambiguous, and/or calls for a legal conclusion. The request is also overly broad, vague, and ambiguous because it fails to identify with any specificity to whom "any other person" refers. Charter's infringement hurts the entire market and industry for copyrighted sound recordings and musical compositions. In filing suit against Charter, Plaintiffs seek to protect their rights in the works in suit, that marketplace, and the industry. Accordingly, Plaintiffs identified the relief they seek in the Complaint and are not aware of any other "relief" to which this request might be referring.

Plaintiffs further object to this request as unreasonably cumulative and duplicative of Request No. 12.

**RESPONSE TO REQUEST NO. 20:**

Subject to the foregoing objections, Plaintiffs refer Charter to the Complaint's Prayer for Relief.

**REQUEST NO. 21:**

All documents regarding litigation(s) concerning peer-to-peer technologies or copyright infringement as a source of revenue generation for Plaintiffs, including but not limited to forecasts, estimates, and/or business plans reflecting the financial effect of this litigation on any Plaintiff.

**OBJECTIONS TO REQUEST NO. 21:**

Plaintiffs object to this request because it seeks information that is overly broad and not relevant to resolving issues in the action, and the burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request because it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law. Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure. Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs. As such, the request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

**RESPONSE TO REQUEST NO. 21:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 22:**

All documents concerning the effect from copyright infringement using peer-to-peer file sharing technologies on Your projected and actual total revenue and/or profits generated during Plaintiffs' Claim Period.

**OBJECTIONS TO REQUEST NO. 22:**

Plaintiffs object to this request because it is overly broad, unduly burdensome and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter. Plaintiffs also object because the term "effect from copyright infringement" is vague and ambiguous. The effect of copyright infringement via BitTorrent or other types of peer-to-peer file sharing sites has been felt far and wide in the music industry in numerous ways since the late 1990s. It has impacted all employees and all areas of the music business and been the subject of many litigations. The vast burden and/or expense of the proposed discovery as drafted thus outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

**RESPONSE TO REQUEST NO. 22:**

Subject to the foregoing objections, Plaintiffs respond that they are willing to meet and confer in good faith with Charter concerning this request, and are withholding responsive documents on the basis of their objections, to the extent such documents exist.

**AMENDED RESPONSE TO REQUEST NO. 22:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs respond that they will produce non-privileged documents assessing the financial effect of copyright infringement via BitTorrent and other peer-to-peer file sharing networks on Plaintiffs' revenue and/or profits the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

**REQUEST NO. 23:**

All documents that reference BitTorrent or other types of peer-to-peer file sharing technologies as they relate to diminished or diminishing use of such technologies, copyright

infringement, sampling musical works, or permitted authorized uses, whether actual, perceived, or potential, of the Copyright Works.

## OBJECTIONS TO REQUEST NO. 23:

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents that reference" broad subject matter, particularly without any reference to the relevant time period. Plaintiffs also object because the request is vague and ambiguous. The effect of actual or potential infringement via BitTorrent or other types of peer-to-peer file sharing sites has been felt far and wide in the music industry in numerous ways since the late 1990s. It has impacted all employees and all areas of the music business and been the subject of many litigations. The vast burden and/or expense of the proposed discovery as drafted thus outweighs any likely benefit.

Plaintiffs also object that, as drafted, the request does not appear to seek information relevant or important to resolving the issues in the action.

In addition, Plaintiffs object to this request insofar as it seeks the disclosure of publicly available information or information equally available to Charter from documents or other sources within its own possession, custody, or control.

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

## RESPONSE TO REQUEST NO. 23:

Subject to the foregoing objections, Plaintiffs respond that they are willing to meet and confer in good faith with Charter concerning this request, and are withholding responsive documents on the basis of their objections, to the extent such documents exist.

## AMENDED RESPONSE TO REQUEST NO. 23:

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce non-privileged documents concerning the diminished or diminishing use of

BitTorrent or other peer-to-peer file sharing networks, to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

**REQUEST NO. 24:**

All documents concerning the effect of the use of peer-to-peer technologies on any Plaintiffs, including studies or analyses demonstrating, reflecting, supporting, or refuting any benefit or harm to any Plaintiff, including but not limited to any Copyright Work.

**OBJECTIONS TO REQUEST NO. 24:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter without any reference to the relevant time period. In addition, the terms "benefit" and "harm" are vague and ambiguous such that much of the information encompassed by the request is not relevant or important to resolving the issues in the action. The burden and/or expense of the proposed discovery as drafted thus outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

**RESPONSE TO REQUEST NO. 24:**

Subject to the foregoing objections, Plaintiffs respond that they are willing to meet and confer in good faith with Charter concerning this request, and are withholding responsive documents on the basis of their objections, to the extent such documents exist.

**AMENDED RESPONSE TO REQUEST NO. 24:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce non-privileged documents assessing the benefit or harm to Plaintiffs from copyright infringement via BitTorrent or other peer-to-peer file sharing networks, to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

**REQUEST NO. 25:**

All documents concerning the use of peer-to-peer file sharing sites or technologies including, but not limited to, BitTorrent to promote, market, or otherwise benefit You, any of the Copyright Works, and/or any of the artists who created the Copyright Works.

**OBJECTIONS TO REQUEST NO. 25:**

Plaintiffs object to this request as vague and ambiguous and interpret it to seek documents concerning Plaintiffs' "use of peer-to-peer file sharing sites" unrelated to copyright enforcement. Plaintiffs also object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter without any reference to the relevant time period. In addition, the term "use" and the phrase "promote, market or otherwise benefit" are vague and ambiguous such that much of the information encompassed by the request is not relevant or important to resolving the issues in the action. The burden and/or expense of the proposed discovery as drafted thus outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

In addition, Plaintiffs object that the request is unreasonably cumulative or duplicative of Request No. 24.

**RESPONSE TO REQUEST NO. 25:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 25:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce non-privileged documents concerning Plaintiffs' use of BitTorrent and other peer-to-peer file sharing networks to market or promote Plaintiffs' works to the extent such

documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search. In addition, per Charter's request, Plaintiffs will produce non-privileged documents concerning Plaintiffs' use, if any, of so-called "BitTorrent Bundles," to market or promote Plaintiffs' works, to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

## REQUEST NO. 26:

Documents sufficient to demonstrate the amount of "money, time, effort and talent in creating, advertising, promoting, selling, and licensing unique and valuable sound recordings embodying the performances of [each Plaintiff's] exclusive recording artists," as alleged *inter alia* in paragraph 33 of Your Complaint, for each Copyright Work, for each of the last ten (10) years.

## OBJECTIONS TO REQUEST NO. 26:

Plaintiffs object to this request because it is overly broad, vague and ambiguous, and not proportional to the needs of the case.

Plaintiffs also object to this request insofar as it seeks information beyond what is available to Plaintiffs at present from a reasonable and diligent search of documents in their possession, custody, control and a reasonable inquiry of their current employees. Additionally, Plaintiffs object to the request's call for information "for each Copyright Work, for each of the last ten (10) years" as unduly burdensome to the extent it seeks to impose on Plaintiffs an obligation to create documents or materials not already in existence.

In addition, Plaintiffs object to the request to the extent it seeks information that can be sought through less burdensome means, including through other methods of discovery.

## RESPONSE TO REQUEST NO. 26:

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016.

## AMENDED RESPONSE TO REQUEST NO. 26:

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2016. Plaintiffs will also produce annualized top-end financial data that includes streaming revenues for 2017, 2018, and 2019, to the extent located based on a reasonable and diligent search.

**REQUEST NO. 27:**

All documents that mention, refer to, or relate to Charter and/or the above-captioned litigation that were created, received, or sent from 2013 to the present.

**OBJECTIONS TO REQUEST NO. 27:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" having anything to do with Charter, regardless of subject matter. Charter is a large company and could be referenced in any number of ways in the ordinary course of Plaintiffs' businesses including, for example, newsfeeds, industry or analyst reports, or Plaintiffs' telecom needs. Thus, the request seeks information far beyond what is relevant or important to resolving the issues in the action. The burden and/or expense of the proposed discovery thus outweighs any likely benefit or relevance.

Plaintiffs also object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law. With respect to the part of the request pertaining to the "above-captioned litigation," Plaintiffs are aware of no documents of any potential relevance that could be responsive to this request and fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure. Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs. As such, this request imposes

no obligation  on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege  or other protection or immunity.

## RESPONSE TO REQUEST NO. 27:

Subject  to  the  foregoing  objections,  Plaintiff  will  produce  responsive,  non-privileged documents in their possession, custody, or control concerning Charter and copyright infringement for the time period January 1, 2013 to May 17, 2016, to the extent located following  a reasonable and diligent  search.

Notwithstanding  the  foregoing,  Plaintiffs  respond that they will  not produce  documents responsive only to the part of this request pertaining  to "the above-captioned  litigation."

## REQUEST NO. 28:

All  documents  concerning  communications  with  Charter  regarding  copyright infringement.

## OBJECTIONS TO REQUEST NO. 28:

Plaintiffs  object  to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it fails to include  a relevant time period. In addition,  the request is  overly  broad  because  it  seeks  "all  documents  concerning  communications  with  Charter." Communications,  or other documents, about communications  go far beyond  the scope of information  relevant to resolving  the issues in the case and therefore present an undue burden.

Plaintiffs  also object  to this request insofar as it seeks the disclosure of information  equally available  and/or accessible to Charter or from documents or other sources within  Charter's own possession,  custody,  or control,  and  which  Plaintiffs  are  presently  seeking  from  Charter in discovery in this case.

In  addition,  Plaintiffs  object  to this request to the extent it seeks information  protected by the attorney-client  privilege,  by  the  attorney work-product doctrine,  or  the  joint  defense  or common-interest privilege,  as trial preparation materials,  or under other privilege  or immunity recognized  by law.

**RESPONSE TO REQUEST NO. 28:**

Subject to the foregoing objections, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control concerning Charter and copyright infringement for the time period January 1, 2013 to May 17, 2016, to the extent located following a reasonable and diligent search.

**REQUEST NO. 29:**

All documents You considered, whether supportive of Your allegation(s) or not, in determining whether there was infringement by a Charter subscriber, account holder, or customer of a Copyright Work and for which you seek relief in this litigation.

**OBJECTIONS TO REQUEST NO. 29:**

Plaintiffs object to this request as premature because the full scope of Charter's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time and because Plaintiffs have not yet determined "all documents" on which they intend to rely in this litigation and cannot do so absent full discovery. A more complete picture of the infringement will be developed and determined during discovery. Plaintiffs also object to this request as vague and ambiguous.

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

In addition, Plaintiffs object to this request insofar as it calls for Plaintiffs to make a legal conclusion and/or seeks information equally available and/or accessible to Charter or from documents or other sources within Charter's own possession, custody, or control.

**RESPONSE TO REQUEST NO. 29:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce, to the extent located following a reasonable and diligent search, (1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, (2) copies of the infringing files that

43

were distributed by Charter's subscribers, and (3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Charter's subscribers.

**REQUEST NO. 30:**

For each instance that You claim constitutes an act of infringement by a Charter subscriber, account holder, or customer of a Copyright Work, documents sufficient to also identify (a) the individual You claim engaged in the infringement, (b) the Copyright Work at issue, (c) the specific actions of that individual that You claim constitutes infringement of the Copyright Work, and (d) all other facts that You claim support Your determination that the identified individual or act constitutes infringement by a Charter subscriber, account holder, or customer of a Copyright Work.

**OBJECTIONS TO REQUEST NO. 30:**

Plaintiffs object to this request as premature because the full scope of Charter's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery. Similarly, Plaintiffs cannot identify "all other facts" that "constitute[ ] infringement" absent full discovery, and such request is overbroad and unduly burdensome in any event.

Plaintiffs also object because much of the information sought by this request is within Charter's possession, custody, or control, and has been requested by Plaintiffs from Charter in discovery in this case. For example, documents identifying "the individual [Plaintiffs] claim engaged in the infringement" is solely within Charter's own possession, custody, or control. This request is also duplicative of Request No. 29.

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

In addition, Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE TO REQUEST NO. 30:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce, to the extent located following a reasonable and diligent search, (1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, (2) copies of the infringing files that were distributed by Charter's subscribers, and (3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Charter's subscribers.

**REQUEST NO. 31:**

Documents sufficient to demonstrate the number of Charter subscribers, account holders, or customers You claim to be "repeat infringer[s]," as that term is used in Your Complaint.

**OBJECTIONS TO REQUEST NO. 31:**

Plaintiffs object to this request as premature because the full scope of Charter's or its subscribers', account holders', or customers' infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery.

Plaintiffs also object because much of the information sought by this request is within Charter's own possession, custody, or control, and has been requested by Plaintiffs from Charter in discovery in this case. For example, documents sufficient to identify the number of Charter subscribers, account holders, or customers who are repeat infringers necessarily includes documents within Charter's own possession, custody, or control. Such documents also include notices of infringement Charter received from or on behalf of copyright holders other than Plaintiffs.

**RESPONSE TO REQUEST NO. 31:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce, to the extent located following a reasonable and diligent search, (1) notices of

infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, (2) copies of the infringing files that were distributed by Charter's subscribers, and (3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Charter's subscribers.

**REQUEST NO. 32:**

For each subscriber, account holder, or customer of Charter that You determined or stated was a "repeat infringer," as that term is used in Your Complaint, all documents that You reviewed, considered, relied upon, or dismissed in connection with reaching a determination that an alleged infringer was a "repeat infringer," including any documents that define or provide Your understanding of the term "repeat infringer."

**OBJECTIONS TO REQUEST NO. 32:**

Plaintiffs object to this request as premature because the full scope of Charter's or its subscribers', account holders', or customers' infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery.

Plaintiffs also object because much of the information sought by this request is within Charter's own possession, custody, or control, and has been requested by Plaintiffs from Charter in discovery in this case. For example, documents sufficient to identify the number of Charter subscribers, account holders, or customers who are repeat infringers necessarily includes documents within Charter's own possession, custody, or control. Such documents also include notices of infringement Charter received from or on behalf of copyright holders other than Plaintiffs.

In addition, Plaintiffs object to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE TO REQUEST NO. 32:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce, to the extent located following a reasonable and diligent search, (1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, (2) copies of the infringing files that were distributed by Charter's subscribers, and (3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Charter's subscribers.

**REQUEST NO. 33:**

For each instance where You determined or stated that a subscriber, account holder, or customer of Charter infringed the Copyright Works, all documents that concern whether the Charter subscriber, account holder, or customer in question is the person who actually engaged in the allegedly infringing conduct, including documents that either tend to support or undermine such a determination.

**OBJECTIONS TO REQUEST NO. 33:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object because much of the information apparently sought by this request is within Charter's possession, custody, or control, and has been requested by Plaintiffs from Charter in discovery in this case. For example, documents sufficient to identify the Charter subscribers, account holders, or customers who infringed Plaintiffs' copyrighted works necessarily includes documents within Charter's own possession, custody, or control.

Plaintiffs object to this request as premature because the full scope of Charter's or its subscribers', account holders', or customers' infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery.

In addition, Plaintiffs object to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-

interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

## RESPONSE TO REQUEST NO. 33:

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce, to the extent located following a reasonable and diligent search, (1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, (2) copies of the infringing files that were distributed by Charter's subscribers, and (3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Charter's subscribers.

## REQUEST NO. 34:

All non-privileged documents concerning opinions, legal or otherwise, including the opinions You have rendered, obtained, received, considered, dismissed, or relied upon regarding alleged infringement or repeat infringement by Charter or by Charter's subscribers, account holders, or customers of the Copyright Works.

## OBJECTIONS TO REQUEST NO. 34:

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The request is confusing and what documents Charter seeks is entirely unclear.

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 28-30.

In addition, Plaintiffs object to this request insofar as it seeks the disclosure of publicly available information, information equally available and/or accessible to Charter, including, for example, public court dockets for litigations that raise issues similar to those presented here, or from documents or other sources within Charter's own possession, custody, or control. Apart from

such documents, Plaintiffs are aware of no documents of any potential relevance that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure, and Plaintiffs therefore object to this request on that basis.

**RESPONSE TO REQUEST NO. 34:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 34:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, and the Protective Order, Plaintiffs will produce non-privileged documents concerning opinions regarding infringement by Charter or its subscribers, to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

**REQUEST NO. 35:**

Documents sufficient to demonstrate that the Charter subscribers, account holders, or customers alleged to have infringed a Copyright Work downloaded the entirety of the data comprising the Copyright Work while connected to the Internet through Charter's network.

**OBJECTIONS TO REQUEST NO. 35:**

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery. Plaintiffs also object to the request insofar as it seeks information within Charter's own possession, custody, or control, and which Plaintiffs are presently seeking from Charter in in discovery this case.

In addition, the request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information not relevant or important to resolving issues in the action.

**RESPONSE TO REQUEST NO. 35:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce, to the extent located following a reasonable and diligent search, (1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, (2) copies of the infringing files that were distributed by Charter's subscribers, and (3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Charter's subscribers.

**REQUEST NO. 36:**

All documents You claim demonstrate Charter's knowledge of the copyright infringement alleged by You in this litigation, including all copyright infringement notices sent to Charter by, or on behalf of, You, and all documents You claim demonstrate Charter's receipt of those copyright infringement notices.

**OBJECTIONS TO REQUEST NO. 36:**

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Charter or from documents or other sources within Charter's own possession, custody, or control, including documents which Plaintiffs are presently seeking from Charter in discovery in this case.

Plaintiffs object to this request as premature. The full scope of Charter's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery. Plaintiffs reserve the right to rely on any copyright infringement notices Charter received or other documents produced in discovery that demonstrate Charter's knowledge of copyright infringement.

Plaintiffs also object to this request as unreasonably cumulative and duplicative of request Nos. 27-28.

**RESPONSE TO REQUEST NO. 36:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Charter by or on behalf of Plaintiffs, to the extent located following a reasonable and diligent search.

**REQUEST NO. 37:**

Documents sufficient to identify who or which entities identified the underlying data for, prepared, and/or sent the copyright notices that You will rely on in this litigation, including but not limited to those referred to (for example) in paragraph 2 of the Complaint.

**OBJECTIONS TO REQUEST NO. 37:**

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Charter or from documents or other sources within Charter's own possession, custody, or control, including documents which Plaintiffs are presently seeking from Charter in discovery in this case.

Plaintiffs object to this request as premature. The full scope of Charter's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery. Plaintiffs reserve the right to rely on any copyright infringement notices Charter received.

Plaintiffs also object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 27-28.

**RESPONSE TO REQUEST NO. 37:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, to the extent located following a reasonable and diligent search.

**REQUEST NO. 38:**

Documents that identify, in any respect, including by IP address, the Charter subscribers, account holders, or customers whom You claim have infringed the Copyright Works for which you seek relief in this litigation.

**OBJECTIONS TO REQUEST NO. 38:**

Plaintiffs object to this request as overly broad, unduly burdensome, and vague and ambiguous because it seeks documents that identify Charter's subscribers "in any respect." Plaintiffs also object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Charter, or from documents or other sources within Charter's own possession, custody, or control, and which Plaintiffs are presently seeking from Charter in discovery in this case.

Plaintiffs object to this request as premature. The full scope of Charter's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery. Plaintiffs reserve the right to rely on any copyright infringement notices Charter received.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 29-30.

**RESPONSE TO REQUEST NO. 38:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, to the extent located following a reasonable and diligent search.

**REQUEST NO. 39:**

All documents concerning efforts, whether by You or by third parties on Your behalf, to identify and/or contact individuals (including efforts to obtain names, IP addresses, email addresses, or other Personally Identifiable Information) whom You believe infringed or attempted to infringe the Copyright Works online.

**OBJECTIONS TO REQUEST NO. 39:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case. The request for "[a]ll documents concerning" broad subject matter, not limited in time, is in and of itself overly broad and unduly burdensome. Moreover, the request for such documents concerning anyone's "efforts" to identify individuals who have "attempted to infringe" Plaintiffs' copyrighted works seeks, almost entirely, information that is irrelevant to resolving the issues in the action. By its plain terms, this request would require Plaintiffs to produce all documents concerning any effort to identify an attempted infringer of any of the over 10,000 works in suit for all time. Accordingly, the burden and/or expense of the proposed discovery is far outweighed by any possible benefit. Plaintiffs further object because this request, on its face, seeks documents concerning "efforts . . . by third parties," not just Plaintiffs and therefore seeks documents outside of Plaintiffs' possession, custody or control.

**RESPONSE TO REQUEST NO. 39:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 40:**

All documents concerning communications with, or attempts to contact, individuals or entities You believe infringed or attempted to infringe the Copyright Works online, including but not limited to infringement or attempted infringement by means of peer-to-peer file sharing sites.

**OBJECTIONS TO REQUEST NO. 40:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case. The request for "[a]ll documents concerning" broad subject matter, not limited in time, is in and of itself overly broad and unduly burdensome. Moreover, the request for communications, or other documents, about communications goes far beyond the scope of information relevant to resolving the issues in the case and therefore presents an undue burden. The request for such documents concerning efforts to contact anyone that has "infringed or

attempted to infringe the Copyright Works online" is so overly broad, and without any apparent relevance, as to be harassing.

## RESPONSE TO REQUEST NO. 40:

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, to the extent located following a reasonable and diligent search.

## REQUEST NO. 41:

All documents concerning Your decision not to pursue litigation against Charter's subscribers, account holders, and/or customers who have allegedly infringed the Copyright Works.

## OBJECTIONS TO REQUEST NO. 41:

Plaintiffs object to this request because it seeks information not relevant to resolving issues in the action, and the burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request because it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law. Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure. Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs. As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

## RESPONSE TO REQUEST NO. 41:

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 41:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, and the Protective Order, Plaintiffs will produce non-privileged documents responsive to this request, if any, that are located in their possession, custody, and control following a reasonable and diligent search.

**REQUEST NO. 42:**

All documents that support Your allegations in paragraph 74 of Your Complaint, including that Charter made its "service," as that term is used in paragraph 74 of Your Complaint, "attractive" for copyright infringement, and "obliged" "subscribers who wanted to download files illegally at faster speeds[.]"

**OBJECTIONS TO REQUEST NO. 42:[1]**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly identifies an allegation in the Complaint and asks Plaintiffs to produce all supporting documents, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Charter or from documents or other sources within Charter's or a third party's possession, custody, or control, and which Plaintiffs are presently seeking in discovery in this case.

Plaintiffs further object to this request as premature. The full scope of Charter's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery.

---

[1] Plaintiffs' objections to RFP No. 42 were previously omitted due to a clerical error as communicated to Charter in Plaintiffs' letter dated September 18, 2019.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 28 and 36.

**RESPONSE TO REQUEST NO. 42:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, to the extent located following a reasonable and diligent search.

**REQUEST NO. 43:**

All documents that support Your claim that Charter was incentivized, financially or otherwise, to permit its subscribers, account holders, or customers to engage in copyright infringement on its network, or that Charter had or has a direct or indirect financial interest in the infringement of the Copyright Works specifically.

**OBJECTIONS TO REQUEST NO. 43:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly seeks all documents that support a legal conclusion, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Charter or from documents or other sources within Charter's or a third party's possession, custody, or control, and which Plaintiffs are presently seeking in discovery in this case.

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

Plaintiffs further object to this request as premature. The full scope of Charter's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not

known at this time. A more complete picture of the infringement will be developed and determined during discovery.

## RESPONSE TO REQUEST NO. 43:

Subject to the foregoing objections, Plaintiffs are not aware of documents in their possession, custody, or control responsive to this request.


## REQUEST NO. 44:

All documents that demonstrate any correlation, connection, or cause and effect relationship between Charter's actions with respect to its subscribers', account holders', or customers' Internet service due to alleged or complained-of copyright infringement, and the subsequent status of each such subscriber's, account holder's or customer's telephone or video services.

## OBJECTIONS TO REQUEST NO. 44:

Plaintiffs object to this request because it is vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that demonstrate" broad subject matter.

Plaintiffs further object to the request because it seeks the disclosure of information equally available and/or accessible to Charter or from documents or other sources within Charter's or a third party's possession, custody, or control, and which Plaintiffs are presently seeking in discovery in this case.

Plaintiffs further object to this request as premature. The full scope of Charter's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery.

## RESPONSE TO REQUEST NO. 44:

Subject to the foregoing objections, Plaintiffs respond that they do not understand this request, and therefore are not aware of documents in their possession, custody, or control responsive to this request.

**REQUEST NO. 45:**

All documents concerning the ability of Charter to avoid, limit, or restrict infringements of the Copyright Works, including all actions You or any other Plaintiff believes Charter could have taken, other than monitoring its service or terminating service to subscribers, account holders, or customers, in order to avoid, limit, or restrict particular infringements of the Copyright Works.

**OBJECTIONS TO REQUEST NO. 45:**

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning" broad subject matter. Moreover, the request improperly seeks all documents supporting a legal conclusion, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Charter or from documents or other sources within Charter's or a third party's possession, custody, or control, and which Plaintiffs are presently seeking in discovery in this case. For example, Plaintiffs direct Charter to Charter's own terms of use, infringement policies, and/or other service agreements between Charter and its customers.

Plaintiffs object to this request as premature. The full scope of Charter's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be developed and determined during discovery.

**RESPONSE TO REQUEST NO. 45:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 46:**

All documents concerning the enforcement of the copyrights covering the Copyright Works other than as related to this litigation.

**OBJECTIONS TO REQUEST NO. 46:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The request for documents relating to "enforcement" of the copyrighted works encompasses vast amounts of irrelevant information relating to potentially thousands of litigations, as well as non-litigation enforcement efforts, which are unrelated to Charter or even an appropriate time period. Indeed, the request, on its face, seeks information "other than as related to this litigation," and is thus facially irrelevant to any issue in the case. Moreover, the request calls for "all documents concerning" such enforcement. The request is so overly broad and disproportionate to the needs of this case as to be harassing.

Plaintiffs also object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law. Other than publicly available documents, the vast majority of documents that could be responsive to this request would likely fall under such a privilege or protection. Moreover, Plaintiffs' privileged communications about unrelated enforcement efforts is not remotely relevant to resolving any issues in this case. Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs. As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

**RESPONSE TO REQUEST NO. 46:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 47:**

All documents concerning Your decision to initiate or not initiate enforcement efforts against Charter or any other ISP as it relates to alleged copyright infringement through the use of peer-to-peer file sharing sites.

**OBJECTIONS TO REQUEST NO. 47:**

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law. Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure. Moreover, Plaintiffs' privileged communications about whether "to initiate or not initiate enforcement efforts against Charter or any other ISP" is not remotely relevant to resolving any issues in this case. Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs. As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Plaintiffs further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE TO REQUEST NO. 47:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 47:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, and the Protective Order, Plaintiffs will produce non-privileged documents responsive to this request, if any, that are located in their possession, custody, and control following a reasonable and diligent search. For clarity, Plaintiffs will not produce documents relating solely to ISPs other than Charter.

**REQUEST NO. 48:**

All documents concerning Your communications or negotiations with Charter regarding the number of infringement notices Charter would accept from You, any other Plaintiff, or any other party attempting to enforce a copyright.

**OBJECTIONS TO REQUEST NO. 48:**

Plaintiffs object to this request because it seeks the disclosure of information equally available and/or accessible to Charter or from documents or other sources within Charter's possession, custody, or control.

In addition, Plaintiffs object to the request as overly broad because it seeks "all documents concerning . . . communications or negotiations." Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the case and therefore present an undue burden.

Plaintiffs also object to the extent this request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs further object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 27-28 and 36.

**RESPONSE TO REQUEST NO. 48:**

Subject to the foregoing objections, Plaintiffs will produce, for the period from January 1, 2013 to May 17, 2016, communications in their possession, custody, or control, if any, with Charter concerning the number of infringement notices Charter would accept from Plaintiffs or on behalf of Plaintiffs, that can be located based on a reasonable and diligent search.

**REQUEST NO. 49:**

All documents concerning the policies or practices of online service providers (including without limitation ISPs and Internet access providers) concerning the termination or suspension of their subscribers or account holders due to allegations of copyright infringement.

**OBJECTIONS TO REQUEST NO. 49:**

Plaintiffs object to this request because it seeks the disclosure of information equally available and/or accessible to Charter, whether from third parties, or from documents or other sources within Charter's possession, custody, or control, and which Plaintiffs are presently seeking in discovery in this case.

Plaintiffs object to this request because it seeks information concerning unrelated, nonparties and therefore has no relevance to resolving issues in the action. Further, Plaintiffs object to this request insofar as its purpose is to obtain evidence of such nonparties' conduct in order to excuse Charter's own malfeasance.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning" broad subject matter and is not limited to any relevant time period. The burden and/or expense of the proposed discovery thus outweighs any likely benefit or possible relevance.

**RESPONSE TO REQUEST NO. 49:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 50:**

All documents that reference or concern Charter's Charter Abuse Tracking System (the "CATS"), including the technical abilities of the CATS to process notices.

**OBJECTIONS TO REQUEST NO. 50:**

Plaintiffs object to this request because it seeks the disclosure of information equally available and/or accessible to Charter or from documents or other sources within Charter's own possession, custody, or control, and which Plaintiffs are presently seeking from Charter in discovery in this case.

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that reference or concern [CATS], including [its] technical abilities," and is not limited to the relevant time period, nor to the copyrighted works in suit.

## RESPONSE TO REQUEST NO. 50:

Subject to the foregoing objections, Plaintiffs will produce, for the period from January 1, 2013 to May 17, 2016, documents concerning Charter's Charter Abuse Tracking System in their possession, custody or control that can be located based on a reasonable and diligent search.

## REQUEST NO. 51:

All documents concerning settlements or agreements that You, or anyone acting on Your behalf, have reached, proposed, or internally approved with any of Charter's subscribers, account holders, or customers, or of customers of ISPs other than Charter.

## OBJECTIONS TO REQUEST NO. 51:

Plaintiffs object to this request because it seeks vast amounts of information concerning unrelated nonparties and therefore has no apparent relevance to resolving the issues in the action. Further, Plaintiffs object to this request insofar as its purpose is to obtain evidence of such nonparties' conduct in order to excuse Charter's own malfeasance.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "documents concerning settlements or agreements" regarding any subject matter, including "documents concerning settlements or agreements" with subscribers of ISPs other than Charter. Moreover, in this context, the request requires Plaintiffs to identify whether a particular individual is a Charter subscriber, information that is most accessible to Charter and within Charter's own possession, custody, and control.

Plaintiffs also object to this request as overly broad and unduly burdensome, including in that it is not limited to any relevant time period, nor to the copyrighted works in suit.

Additionally, Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-

interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE TO REQUEST NO. 51:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 52:**

All documents that You claim demonstrate a relationship between Charter and any of its subscribers, account holders, or customers that justifies or creates *respondeat superior* or any vicarious liability of Charter as related to this litigation.

**OBJECTIONS TO REQUEST NO. 52:**

Plaintiffs object to this request's call for "all documents" as vague and ambiguous, overly broad, and not proportional to the needs of the case. Moreover, the request improperly identifies a legal conclusion and asks Plaintiffs to produce all supporting documents rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

Plaintiffs also object to this request because it is premature. Plaintiffs have not yet determined "all documents" on which they intend to rely in this litigation and cannot do so absent full discovery.

Additionally, Plaintiffs object to this request because it seeks information equally available and/or accessible to Charter or from documents or other sources within Charter's own possession, custody, or control, and which Plaintiffs are presently seeking in discovery in this case. For example, Plaintiffs direct Charter to Charter's own terms of use, infringement policies, and/or other service agreements between Charter and its customers.

**RESPONSE TO REQUEST NO. 52:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 53:**

All documents concerning, and communications with, any entity, including the "representatives" identified in paragraph 2 of Your Complaint, that prepared and/or sent copyright infringement notices relating to the Copyright Works.

**OBJECTIONS TO REQUEST NO. 53:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter and documents about communications. Moreover, in this context, the request seeks information concerning communications with nonparties irrespective of Charter, subject matter, the copyrighted works in suit, or the relevant time period. The request thus seeks information not relevant or important to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs any likely benefit.

**RESPONSE TO REQUEST NO. 53:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Charter to narrow this request to a reasonable scope, pursuant to which Plaintiffs can conduct a reasonable and diligent search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case. Plaintiffs are withholding responsive documents on the basis of their objections, to the extent such documents exist.

**AMENDED RESPONSE TO REQUEST NO. 53:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, and the Protective Order, Plaintiffs will produce non-privileged documents concerning (1) MarkMonitor, and (2) peer-to-peer file sharing networks, copyright infringement, Charter, or the RIAA, to the extent such documents exist and can be found in

65

Plaintiffs' possession, custody, or control after a reasonable search. Plaintiffs will also produce non-privileged documents concerning the RIAA, Bright House/Charter, and copyright infringement, to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

**REQUEST NO. 54:**

All communications with Rightscorp regarding the Copyright Works and/or copyright infringement notices considered, prepared, or sent to Charter or its account holders, subscribers, or customers.

**OBJECTIONS TO REQUEST NO. 54:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all communications" concerning broad subject matter. Moreover, as drafted, the request appears to seek information concerning communications with nonparties irrespective of Charter, the copyrighted works in suit, or the relevant time period. The request thus seeks information not relevant or important to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs any likely benefit.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE TO REQUEST NO. 54:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 55:**

All communications with MarkMonitor regarding the Copyright Works and/or copyright infringement notices considered, prepared, or sent to Charter or its account holders, subscribers, or customers.

**OBJECTIONS TO REQUEST NO. 55:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all communications" concerning broad subject matter. Moreover, as drafted, the request appears to seek information concerning communications with nonparties irrespective of Charter, the copyrighted works in suit, or the relevant time period. The request thus seeks information not relevant or important to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs any likely benefit.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE TO REQUEST NO. 55:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce, for the period from January 1, 2013 to May 17, 2016, responsive, non-privileged communications with MarkMonitor concerning infringement notices MarkMonitor sent to Charter in connection with the RIAA notice program at issue in this case that are in Plaintiffs' possession, custody, or control, to the extent located following a reasonable and diligent search.

**AMENDED RESPONSE TO REQUEST NO. 55:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce, for the period from January 1, 2010 to December 31, 2016, responsive, non-privileged communications with MarkMonitor concerning infringement notices MarkMonitor sent to Charter in connection with the RIAA notice program at issue in this case that are in Plaintiffs' possession, custody, or control, to the extent located following a reasonable and diligent search.

**REQUEST NO. 56:**

All documents concerning any computer code, computer program, software, hardware, system, process, or device utilized to monitor or detect copyright infringement through BitTorrent or peer-to-peer file sharing technologies or sites, or using copyright infringement notices that were prepared and sent by You or on Your behalf to Charter for the Copyright Works.

**OBJECTIONS TO REQUEST NO. 56:**

Plaintiffs object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control. Plaintiffs also object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks "all documents," irrespective of time period, concerning broad subject matter, including hardware and software systems, computer code, and any "process" or "device." The request encompasses vast amounts of information not remotely related to this action including, for example, operating manuals and sales receipts for every computer that was used to monitor or detect infringement. The burden and/or expense of the proposed discovery thus far outweighs any possible benefit or relevance.

**RESPONSE TO REQUEST NO. 56:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 56:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce non-privileged documents as stated in their responses to RFP Nos. 65 and 66.

**REQUEST NO. 57:**

All documents constituting, comprising, or evidencing Your policies for document management, preservation, storage, indexing, and disposal from 2010 to the present.

**OBJECTIONS TO REQUEST NO. 57:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks information not relevant to the action.

68

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

## RESPONSE TO REQUEST NO. 57:

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to represent Plaintiffs' current document retention policies, to the extent located following a reasonable and diligent search.

## AMENDED RESPONSE TO REQUEST NO. 57:

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, and the Protective Order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to represent Plaintiffs' current document retention policies, to the extent located following a reasonable and diligent search. Plaintiffs will also produce additional retention policies from the Claim Period that they can reasonably locate.

## REQUEST NO. 58:

All documents that concern or support any of the facts alleged in Your Complaint.

## OBJECTIONS TO REQUEST NO. 58:

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, particularly in that it seeks "all documents" regarding a broad range of topics and facts alleged in the Complaint. Plaintiffs also object to this request because it seeks documents not in Plaintiffs' possession, custody, or control, including documents and information equally available and/or accessible to Charter, or from documents or other sources within Charter's own possession, custody, or control, and which Plaintiffs are presently seeking in discovery in this case. Moreover, Plaintiffs further object to this request as premature in that

discovery is ongoing in this matter, and much of the information that "concern[s]" or "support[s]" the facts alleged in the Complaint will be obtained and/or developed in discovery.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or under other privilege or immunity recognized by law.

Plaintiffs further object to this request as unreasonably cumulative and duplicative of numerous other requests.

## RESPONSE TO REQUEST NO. 58:

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

## REQUEST NO. 59:

Documents sufficient to demonstrate the specific actions You undertook in the last ten (10) years that were intended to reduce the infringement of Your Copyright Works and/or any of Your other copyrighted works, including any amount of money you expended on these actions.

## OBJECTIONS TO REQUEST NO. 59:

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The request for documents sufficient to demonstrate "the specific actions" that Plaintiffs undertook over a ten-year period to reduce the infringement of *any* of their copyrighted works encompasses vast amounts of irrelevant information relating to potentially thousands of litigations, as well as non-litigation enforcement efforts and/or technical measures, which are unrelated to Charter, peer-to-peer networks, the works in suit, or to resolving any issues in this case. It would be virtually impossible for Plaintiffs to produce documents "sufficient to demonstrate . . . any amount of money" Plaintiffs expended on all of their antipiracy and enforcement efforts since 2009. Plaintiffs therefore also object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or under other privilege or immunity recognized by law.

Plaintiffs further object to this request as unreasonably cumulative and duplicative, for example of Request No. 46, among others.

## RESPONSE TO REQUEST NO. 59:

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, to the extent located following a reasonable and diligent search.


## REQUEST NO. 60:

Documents sufficient to demonstrate the amount of money You paid to the RIAA between 2010 and 2016.

## OBJECTIONS TO REQUEST NO. 60:

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action. RIAA, a nonparty, is a trade group for the record industry whose functions include advocacy relating to legislative issues at the federal and state level and regulatory matters with the Copyright Office and other agencies such as the Federal Communications Commission, the U.S. Patent & Trademark Office, and the United States Trade Representative; conducting research and industry relations programs like Gold and Platinum awards based on artist sales; and coordinating with international organizations and governments on various issues; as well as conducting antipiracy investigations and enforcement and copyright litigation. Thus, the request encompasses information irrelevant to Charter, peer-to-peer networks, the works in suit, or to resolving any issues in this case. Plaintiffs therefore also object on the basis that the request appears intended to harass Plaintiffs and/or RIAA.

Plaintiffs further object to this request insofar as it is unreasonably cumulative and duplicative of Request No. 59.

## RESPONSE TO REQUEST NO. 60:

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

## REQUEST NO. 61:

All documents that reference the litigations styled as *UMG Recordings, et al. v. Grande Commc'ns et al.* (W.D. Tex.), and/or *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.* (E.D. Va.), including but not limited to pleadings and/or discovery, as well as any documents reflecting sworn testimony by Your employees and/or representatives in those litigations.

## OBJECTIONS TO REQUEST NO. 61:

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks information not relevant or important to resolving issues in the action.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law. Many of the Plaintiffs in this case are also plaintiffs in *UMG Recordings, et al. v. Grande Commc'ns et al.* and/or *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.* The vast majority of non-public documents that could be responsive to this request fall under the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure. Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs. As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Additionally, Plaintiffs object to this request because it seeks information that is publicly available or equally available and/or accessible to Charter.

**RESPONSE TO REQUEST NO. 61:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 62:**

All documents concerning the RIAA and either this lawsuit, Charter, CAS, MarkMonitor, and/or the Copyright Works.

**OBJECTIONS TO REQUEST NO. 62:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter, including CAS, which is wholly irrelevant. Moreover, in this context and as drafted, the request seeks information concerning nonparties irrespective of Charter or the relevant time period. As such, the request seeks information not relevant or important to resolving the issues in the action, and the burden and/or expense of the proposed discovery far outweighs any likely benefit.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE TO REQUEST NO. 62:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Charter to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case. Plaintiffs are withholding responsive documents on the basis of their objections, to the extent such documents exist. Plaintiffs further state that they will not produce documents responsive only to the request for documents pertaining to CAS.

**AMENDED RESPONSE TO REQUEST NO. 62:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce non-privileged documents concerning (1) MarkMonitor, and (2) peer-to-peer file sharing networks, copyright infringement, Charter, or the RIAA, to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search. Plaintiffs will also produce non-privileged documents concerning the RIAA, Charter, and copyright infringement, to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search. For the avoidance of doubt, with respect to CAS, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the Court (Dkt. 159 at 7); Plaintiffs will not otherwise produce documents pertaining solely to CAS.

**REQUEST NO. 63:**

All documents pertaining to the relationship, agreement, and/or communications between You and/or any other Plaintiff and the RIAA and/or MarkMonitor regarding this lawsuit, the Copyright Works, and/or Charter.

**OBJECTIONS TO REQUEST NO. 63:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter. Moreover, in this context and as drafted, the request appears to seek documents about communications with or relating to nonparties irrespective of Charter, the copyrighted works in suit, or the relevant time period. The request thus seeks information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs its likely benefit.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 55 and 62.

**RESPONSE TO REQUEST NO. 63:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Charter to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case. Plaintiffs are withholding responsive documents on the basis of their objections, to the extent such documents exist.

**AMENDED RESPONSE TO REQUEST NO. 63:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce non-privileged documents concerning (1) MarkMonitor, and (2) peer-to-peer file sharing networks, copyright infringement, Charter, or the RIAA, to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search. Plaintiffs will also produce non-privileged documents concerning the RIAA, Charter, and copyright infringement, to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

**REQUEST NO. 64:**

All documents concerning the relationship, agreement, and/or communications between the RIAA and any other person as it relates to either Charter, this lawsuit, and/or the Copyright Works.

**OBJECTIONS TO REQUEST NO. 64:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it appears to seek "all documents" concerning broad subject matter. Moreover, in this context, and as drafted, the request appears to seek documents, including documents about communications, relating to nonparties irrespective of Charter, the copyrighted works in suit, or the relevant time period. As such, the request seeks

information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery far outweighs its likely benefit.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs further object insofar as the request seeks documents or information outside of their possession, custody, or control.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request No. 62.

**RESPONSE TO REQUEST NO. 64:**

Subject to the foregoing objections, Plaintiffs respond that they are willing to meet and confer in good faith with Charter to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case. Plaintiffs are withholding responsive documents on the basis of their objections, to the extent such documents exist.

**AMENDED RESPONSE TO REQUEST NO. 64:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs respond that they will not produce documents responsive only to this request.


**REQUEST NO. 65:**

All documents concerning any technical or qualitative analysis of any computer code, computer program, software, hardware, system, process, or device utilized to identify infringement and/or produce the copyright notices which were sent to Charter or upon which You will rely in this litigation, including any documents drafted by the Center for Copyright Information ("CCI"), MarkMonitor, Stroz Friedberg, or Harbor Labs.

**OBJECTIONS TO REQUEST NO. 65:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks "all documents," irrespective of

time period, concerning broad subject matter, including analyses of hardware and software systems, computer code, and any "process" or "device." The burden and/or expense of the proposed discovery far outweighs any possible benefit or relevance.

Plaintiffs also object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control.

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Additionally, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request No. 56.

**RESPONSE TO REQUEST NO. 65:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Charter to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case. Plaintiffs are withholding responsive documents on the basis of their objections, to the extent such documents exist.

**AMENDED RESPONSE TO REQUEST NO. 65:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce analyses of the computer code utilized to identify infringement and/or produce the infringement notices that were sent to Charter during the claim period of March 24, 2013 to May 17, 2016, to the extent such analyses exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search. For the avoidance of doubt, with respect to CAS, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the

Court (Dkt. 159 at 7). Plaintiffs will not otherwise produce documents pertaining solely to CAS, or expert reports from *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*

**REQUEST NO. 66:**

All documents and correspondence relating to the reliability and/or efficacy of the MarkMonitor System, including but not limited to audits related thereto, and documents and communications with MarkMonitor, Stroz Friedberg, and/or Harbor Labs pertaining to any technical assessments of the MarkMonitor System.

**OBJECTIONS TO REQUEST NO. 66:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks "all documents and correspondence," irrespective of time period, concerning broad subject matter, including "audits" and "technical assessments." The burden and/or expense of the proposed discovery far outweighs any possible benefit or relevance.

Plaintiffs also object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control.

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Additionally, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 56 and 65.

**RESPONSE TO REQUEST NO. 66:**

Subject to the foregoing objections, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control, for the period from January 1, 2013 to May 17, 2016, concerning the reliability of the MarkMonitor system used to produce the copyright notices

sent to Charter upon which Plaintiffs will rely in this litigation, to the extent located following a reasonable and diligent search.

**AMENDED RESPONSE TO REQUEST NO. 66:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control, for the period from January 1, 2013 to May 17, 2016, concerning the reliability of the MarkMonitor system used to produce the copyright notices sent to Charter upon which Plaintiffs will rely in this litigation, to the extent located following a reasonable and diligent search. For the avoidance of doubt, with respect to CAS, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the Court (Dkt. 159 at 7); Plaintiffs will not otherwise produce documents pertaining solely to CAS.


**REQUEST NO. 67:**

All documents concerning Stroz Friedberg's relationship with and/or engagement by the RIAA between 2004 and 2009.

**OBJECTIONS TO REQUEST NO. 67:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning the relationship between two nonparties irrespective of Charter, the copyrighted works in suit, or the relevant time period. The request seeks information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs the likely benefit, if any. Moreover, Plaintiffs also object to this request because it seeks documents not in Plaintiffs' possession, custody, or control, and is on its face in no way related to or limited to Plaintiffs or any issue in the case.

In addition, Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-

interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE TO REQUEST NO. 67:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 68:**

All documents concerning CAS.

**OBJECTIONS TO REQUEST NO. 68:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Charter did not participate. It has no bearing on Charter's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter—the Copyright Alert System—which Charter did not take part in. Moreover, the request seeks documents irrespective of Charter, the copyrighted works in suit, or the relevant time period. The request thus seeks vast amounts of information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as its purpose is to obtain evidence relating to nonparties' conduct in order to excuse Charter's own malfeasance.

In addition, Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 69-75.

**RESPONSE TO REQUEST NO. 68:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 68:**

Subject to the foregoing objections, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the Court (Dkt. 159 at 7); Plaintiffs will not otherwise produce documents pertaining solely to CAS.

**REQUEST NO. 69:**

All documents concerning negotiations related to CAS.

**OBJECTIONS TO REQUEST NO. 69:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Charter did not participate. It has no bearing on Charter's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter—the Copyright Alert System—which Charter did not take part in. Moreover, the request seeks documents irrespective of Charter, the copyrighted works in suit, or the relevant time period. The request thus seeks vast amounts of information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as its purpose is to obtain evidence relating to nonparties' conduct in order to excuse Charter's own malfeasance.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

81

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request No. 68 and 70-75.

**RESPONSE TO REQUEST NO. 69:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 69:**

Subject to the foregoing objections, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the Court (Dkt. 159 at 7); Plaintiffs will not otherwise produce documents pertaining solely to CAS.

**REQUEST NO. 70:**

All documents concerning any Memorandum of Understanding concerning CAS, including without limitation the July 6, 2011 Memorandum of Understanding (the "7/6/2011 MOU") to which the RIAA was a signatory (singly or collectively, a "CAS MOU"), and any related document or agreement (such as the Implementation Agreement You entered into pursuant to the 7/6/2011 MOU).

**OBJECTIONS TO REQUEST NO. 70:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Charter did not participate. It has no bearing on Charter's liability or damages for the claims alleged in this case.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to nonparties' conduct in order to excuse Charter's own malfeasance.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter—the Copyright Alert System—which Charter did not take part in. Moreover, the request seeks such documents irrespective of Charter, the copyrighted works in suit, or the relevant time period. As such, the request seeks information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 68-69 and 71-75.

**RESPONSE TO REQUEST NO. 70:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 70:**

Subject to the foregoing objections, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the Court (Dkt. 159 at 7); Plaintiffs will not otherwise produce documents pertaining solely to CAS.


**REQUEST NO. 71:**

All documents concerning Your status as a signatory of a CAS MOU.

**OBJECTIONS TO REQUEST NO. 71:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Charter did not participate. It has no bearing on Charter's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning the signatory status of the Copyright Alert System, which Charter did not take part in. Moreover, the request seeks such documents irrespective of Charter, the copyrighted works in suit, or the relevant time period. As such, the request seeks information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to nonparties' conduct in order to excuse Charter's own malfeasance.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 68-70 and 72-75.

**RESPONSE TO REQUEST NO. 71:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 71:**

Subject to the foregoing objections, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the Court (Dkt. 159 at 7); Plaintiffs will not otherwise produce documents pertaining solely to CAS.

**REQUEST NO. 72:**
All documents concerning Charter's compliance or non-compliance with policies or procedures reflected in CAS, a CAS MOU, or any Implementation Agreement concerning a CAS MOU.

**OBJECTIONS TO REQUEST NO. 72:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Charter did not participate. It has no bearing on Charter's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request because it does not make sense. Charter did not participate in CAS, yet the request seeks documents concerning Charter's compliance or noncompliance with CAS. Plaintiffs further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all

documents" concerning Charter's compliance or non-compliance with CAS. Moreover, the request seeks such documents irrespective of the copyrighted works in suit or the relevant time period. As such, the request seeks information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to nonparties' conduct in order to excuse Charter's own malfeasance.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 68-71 and 73-75.

## RESPONSE TO REQUEST NO. 72:

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

## AMENDED RESPONSE TO REQUEST NO. 72:

Subject to the foregoing objections, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the Court (Dkt. 159 at 7); Plaintiffs will not otherwise produce documents pertaining solely to CAS.

## REQUEST NO. 73:

All documents concerning any technological system used to detect, monitor, or generate or send notifications concerning, copyright infringement in connection with CAS, a CAS MOU, or any Implementation Agreement concerning a CAS MOU.

## OBJECTIONS TO REQUEST NO. 73:

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Charter did not participate. It has no bearing on Charter's liability or damages for the claims alleged in this case.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter—the Copyright Alert System—which Charter did not take part in. Moreover, the request seeks such documents irrespective of Charter, the copyrighted works in suit, or the relevant time period. The request seeks vast amounts of information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to nonparties' conduct in order to excuse Charter's own malfeasance.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 68-72 and 74-75.

**RESPONSE TO REQUEST NO. 73:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 73:**

Subject to the foregoing objections, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the Court (Dkt. 159 at 7); Plaintiffs will not otherwise produce documents pertaining solely to CAS.

**REQUEST NO. 74:**

All reviews, assessments, evaluations, reports, or the like, including drafts, concerning CAS, including without limitation any technological system utilized in connection with CAS.

**OBJECTIONS TO REQUEST NO. 74:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Charter did not participate. It has no bearing on Charter's liability or damages for the claims alleged in this case.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter—the Copyright Alert System—which Charter did not take part in. Moreover, the request seeks such documents irrespective of Charter, the copyrighted works in suit, or the relevant time period. The request thus seeks vast amounts of information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to nonparties' conduct in order to excuse Charter's own malfeasance.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 68-73 and 75.

## RESPONSE TO REQUEST NO. 74:

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

## AMENDED RESPONSE TO REQUEST NO. 74:

Subject to the foregoing objections, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the Court (Dkt. 159 at 7); Plaintiffs will not otherwise produce documents pertaining solely to CAS.

## REQUEST NO. 75:

All documents concerning notifications sent pursuant to CAS, any CAS MOU, or any Implementation Agreement, concerning allegations of copyright infringement of any Copyright Work.

**OBJECTIONS TO REQUEST NO. 75:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Charter did not participate. It has no bearing on Charter's liability or damages for the claims alleged in this case.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter— the Copyright Alert System—which Charter did not take part in. Moreover, the request seeks such documents irrespective of Charter, the copyrighted works in suit, or the relevant time period. The request thus seeks information not remotely relevant to resolving the issues in the action, and the burden and/or expense of the proposed discovery thus far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to nonparties' conduct in order to excuse Charter's own malfeasance.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 68-74.

**RESPONSE TO REQUEST NO. 75:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**AMENDED RESPONSE TO REQUEST NO. 75:**

Subject to the foregoing objections, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will only produce the CAS MOU and five implementation agreements ordered by the Court (Dkt. 159 at 7); Plaintiffs will not otherwise produce documents pertaining solely to CAS.

**REQUEST NO. 76:**

All communications and documents concerning Your methodology, practice, policy, or effort to monitor and/or send notices to Non-Residential ISP Customers, including through any peer-to-peer notice program.

**OBJECTIONS TO REQUEST NO. 76:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action. For example, the request seeks information relating to Plaintiffs' efforts to monitor and/or send notices of any instances of copyright infringement unrelated to Charter, Plaintiffs' claim period, or the copyrighted works in suit, and outside the context of BitTorrent or a similar peer-to-peer file-sharing network. The burden and/or expense of the proposed discovery thus far outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common-interest privilege, or under other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

Plaintiffs further object to this request because it assumes facts and/or requires knowledge not in Plaintiffs' possession, custody, or control.

In addition, to the extent this request can be construed to seek documents relating to the notice program at issue in this case, *i.e.*, the program administered by the RIAA and MarkMonitor pursuant to which the notices of infringement upon which Plaintiffs will rely in this litigation were sent to Charter, Plaintiffs also object to this request because it is unreasonably cumulative or duplicative of Request Nos. 55-56, 62-63, and 66, among others.

**RESPONSE TO REQUEST NO. 76:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce

documents responsive only to this request.


**REQUEST NO. 77:**

Documents sufficient to show Your or the RIAA's methodology, practice, policy, or efforts to monitor and/or send notices to Non-Residential ISP Customers, including through any Peer-to-Peer Notice Program.

**OBJECTIONS TO REQUEST NO. 77:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action. For example, the request seeks information relating to Plaintiffs' or the RIAA's efforts to monitor and/or send notices of any instances of copyright infringement unrelated to Charter, Plaintiffs' claim period, or the copyrighted works in suit, and outside the context of BitTorrent or a similar peer-to-peer file-sharing network. The burden and/or expense of the proposed discovery thus far outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common-interest privilege, or under other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

Plaintiffs further object to this request because it assumes facts and/or requires knowledge not in Plaintiffs' possession, custody, or control.

In addition, to the extent this request can be construed to seek documents relating to the notice program at issue in this case, *i.e.*, the program administered by the RIAA and MarkMonitor pursuant to which the notices of infringement upon which Plaintiffs will rely in this litigation were sent to Charter, Plaintiffs object to this request because it is unreasonably cumulative or duplicative of Request Nos. 55-56, 62-63, 66, and 76, among others.

**RESPONSE TO REQUEST NO. 77:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 78:**

All communications and documents concerning the RIAA and/or MarkMonitor's methodology, practice, policy, or efforts to monitor and/or send notices to Non-Residential ISP Customers, including through any Peer-to-Peer Notice Program.

**OBJECTIONS TO REQUEST NO. 78:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action. For example, the request seeks information concerning the RIAA's and/or MarkMonitor's efforts to monitor and/or send notices of any instances of copyright infringement unrelated to Charter, Plaintiffs, Plaintiffs' claim period, or the copyrighted works in suit, and outside the context of BitTorrent or a similar peer-to-peer file-sharing network. The burden and/or expense of the proposed discovery thus far outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common-interest privilege, or under other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

Plaintiffs further object to this request because it assumes facts and/or requires knowledge not in Plaintiffs' possession, custody, or control.

In addition, to the extent this request can be construed to seek documents relating to the notice program at issue in this case, *i.e.*, the program administered by the RIAA and MarkMonitor pursuant to which the notices of infringement upon which Plaintiffs will rely in this litigation were sent to Charter, Plaintiffs object that this request is unreasonably cumulative or duplicative of Request Nos. 55-56, 62-63, 66, and 76-77, among others.

**RESPONSE TO REQUEST NO. 78:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 79:**

All communications and documents concerning the method or system by which You, the RIAA, and/or MarkMonitor distinguish(es) between Non-Residential ISP Customers and Residential ISP Customers.

**OBJECTIONS TO REQUEST NO. 79:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action. For example, the request seeks information unrelated to Charter, Plaintiffs, Plaintiffs' claim period, the copyrighted works in suit, or the use of BitTorrent or a similar peer-to-peer file-sharing network. The burden and/or expense of the proposed discovery thus far outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common-interest privilege, or under other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

Plaintiffs further object to this request because it assumes facts and/or requires knowledge not in Plaintiffs' possession, custody, or control.

**RESPONSE TO REQUEST NO. 79:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 80:**

All communications and documents concerning Charter's customers that You, MarkMonitor, or the RIAA learned were Non-Residential ISP Customers.

**OBJECTIONS TO REQUEST NO. 80:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action. For example, the request seeks information unrelated to Plaintiffs, the copyrighted works in suit, and/or Plaintiffs' claim period. Moreover, the request appears to seek information relating to efforts to monitor and/or send notices of infringement outside the context of BitTorrent or a similar peer-to-peer file-sharing network. The burden and/or expense of the proposed discovery thus far outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common-interest privilege, or under other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

Plaintiffs further object to this request because it assumes facts and/or requires knowledge not in Plaintiffs' possession, custody, or control.

**RESPONSE TO REQUEST NO. 80:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 81:**

Copies of any reports, including the weekly and/or monthly reports, from MarkMonitor to either the RIAA or You as related to any MarkMonitor Peer-to-Peer Notice Program, including all non-privileged documents and communications related to the same.

**OBJECTIONS TO REQUEST NO. 81:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action. For example, the request seeks information concerning MarkMonitor's efforts to monitor copyright infringement irrespective of ISP, copyright owner, the copyrighted works in suit, and/or

Plaintiffs' claim period. Moreover, the request appears to seek information relating to MarkMonitor's efforts to monitor infringement outside the context of BitTorrent or a similar peer-to-peer file-sharing network. Accordingly, the burden and/or expense of the proposed discovery far outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common-interest privilege, or under other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

Plaintiffs further object to this request to the extent it seeks information not in Plaintiffs' possession, custody, or control.

In addition, to the extent this request can be construed to seek documents relating to the notice program at issue in this case, *i.e.*, the program administered by the RIAA and MarkMonitor pursuant to which the notices of infringement upon which Plaintiffs will rely in this litigation were sent to Charter, Plaintiffs object that this request is unreasonably cumulative or duplicative of Request Nos. 55, 63-64, and 66, among others.

**RESPONSE TO REQUEST NO. 81:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Charter to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case. Plaintiffs are withholding responsive documents on the basis of their objections, to the extent such documents exist.

**AMENDED RESPONSE TO REQUEST NO. 81:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, and Protective Order, Plaintiffs will produce non-privileged weekly and monthly reports from MarkMonitor to either the RIAA or Plaintiffs as related to the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter upon

which Plaintiffs will rely in this litigation, to the extent such reports exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

## REQUEST NO. 82:

All communications and documents concerning alleged repeat infringers, as observed by either MarkMonitor or the RIAA, including, without limitation, concerning whether these alleged repeat infringers are Non-Residential ISP Customers.

## OBJECTIONS TO REQUEST NO. 82:

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action. For example the request seeks information relating to efforts to monitor any instances of copyright infringement, irrespective of ISP, copyright owner, the copyrighted works in suit, and/or Plaintiffs' claim period, and outside the context of BitTorrent or a similar peer-to-peer file-sharing network. The burden and/or expense of the proposed discovery thus far outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request as vague and ambiguous because the term "repeat infringers" is not defined. Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common-interest privilege, or under other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

Plaintiffs further object to this request because it assumes facts and/or requires knowledge not in Plaintiffs' possession, custody, or control.

In addition, to the extent this request can be construed to seek documents relating to the notice program at issue in this case, *i.e.*, the program administered by the RIAA and MarkMonitor pursuant to which the notices of infringement upon which Plaintiffs will rely in this litigation were sent to Charter, Plaintiffs object that this request is unreasonably cumulative or duplicative of Request Nos. 31-32 and 34, among others.

95

**RESPONSE TO REQUEST NO. 82:**

Subject to the foregoing objections, upon entry of an appropriate protective order, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Charter by or on behalf of Plaintiffs, to the extent located following a reasonable and diligent search.

**REQUEST NO. 83:**

All documents You relied on in answering any Interrogatory in the above-captioned litigation.

**OBJECTIONS TO REQUEST NO. 83:**

Plaintiffs object to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Plaintiffs further object that this request is premature, vague and ambiguous, particularly to the extent it seeks documents that do not currently exist and whose characteristics are unknown. To the extent Plaintiffs are required to produce documents in response to this request, Plaintiffs reserve the right to supplement their objections in light of then-existing circumstances. Plaintiffs further object to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint defense or common-interest privilege, or other applicable privilege or doctrine. Plaintiffs further object to this request to the extent it seeks information that is publicly available, or that is equally available to Charter.

**RESPONSE TO REQUEST NO. 83:**

Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive, non-privileged documents, if any, to the extent and on the schedule provided by Federal Rule of Civil Procedure 33(d), the Local Rules, and the applicable rules and orders of this Court.

**REQUEST NO. 84:**

All documents concerning the company Audible Magic and/or its technology, including without limitation, the use of Audible Magic's technology to identify the alleged infringements at issue in this litigation.

**OBJECTIONS TO REQUEST NO. 84:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter, including a third party's entire business and technology. Moreover, the request seeks information about nonparties irrespective of Charter, the copyrighted works in suit, or the relevant time period. The request seeks information not relevant or important to resolving the issues in the action and the burden and/or expense of the proposed discovery thus far outweighs any likely benefit.

**RESPONSE TO REQUEST NO. 84:**

Subject to the foregoing objections, Plaintiffs respond that they are willing to meet and confer in good faith with Charter concerning this request, and are withholding responsive documents on the basis of their objections, to the extent such documents exist.

**AMENDED RESPONSE TO REQUEST NO. 84:**

Subject to the foregoing objections, the parties' correspondence and discussions during the meet-and-confer process, this Court's discovery orders and rulings, and the Protective Order, Plaintiffs will produce documents concerning the use of Audible Magic's technology to identify the infringements at issue in this litigation, to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

**REQUEST NO. 85:**

All analyses, presentations, assessments, and/or evaluations of the efficacy of Your anti-piracy efforts.

**OBJECTIONS TO REQUEST NO. 85:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including that it seeks "all analyses, presentations, assessments, and/or evaluations." "All analyses, presentations, assessments, and/or evaluations"

about Plaintiffs' anti-piracy efforts goes far beyond the scope of information relevant to resolving the issues in the case and therefore presents an undue burden. In any event, Plaintiffs' antipiracy efforts are not at issue in this case. Further, this Request is not drafted with the reasonably particularity required by Federal Rule of Civil Procedure 34(b); "antipiracy efforts" is vague and undefined. Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case. Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege, or other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE TO REQUEST NO. 85:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 86:**

All Communications between You and the RIAA discussing the processes, systems, and/or methodologies the RIAA (or third parties engaged by the RIAA) would use as part of its notice program, including instructions from You to the RIAA.

**OBJECTIONS TO REQUEST NO. 86:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because it seeks "all communications" about various "processes, systems, and/or methodologies." All such "communications" go far beyond the scope of information relevant to resolving the issues in the case, especially because they are not limited to the direct infringement of Plaintiffs' works in suit and seek information about third parties' activities not related to infringement of Plaintiffs' copyrights by Charter or its customers or users, and therefore the request presents an undue burden. Further, this Request is not drafted with the reasonably particularity required by Federal Rule of Civil Procedure 34(b); "processes,

systems, and/or methodologies" is vague and undefined, including in that there is no specification as to the kind of "processes, systems, and/or methodologies" called for, and "notice program" is vague and overbroad in failing to specify notice recipients that are relevant to this case. Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case. Plaintiffs object to this request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege, or other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE TO REQUEST NO. 86:**

Subject to the foregoing objections, Plaintiffs will produce non-privileged, non-work product communications between Plaintiffs and the RIAA, if any, that are in Plaintiffs' possession, custody or control, to the extent located following a reasonable and diligent search, concerning the processes, systems, or methodologies, as those terms are commonly understood, RIAA used in the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf.

**REQUEST NO. 87:**

All communications between You and the RIAA regarding any changes in whether You continued to own or possess an exclusive right to the works being monitored by MarkMonitor on Your behalf during Plaintiffs' Claim Period.

**OBJECTIONS TO REQUEST NO. 87:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because it seeks "all communications" about "any changes." All such "communications" go far beyond the scope of information relevant to resolving the issues in the case, especially because they are not limited to the direct infringement of Plaintiffs' works in suit and seek information about third parties' activities not related to

infringement of Plaintiffs' copyrights by Charter or its customers or users, and therefore this request presents an undue burden. Plaintiffs object to this request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege, or other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

## RESPONSE TO REQUEST NO. 87:

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.


## REQUEST NO. 88:

Documents sufficient to show, for each Copyright Work, the date that the Copyright Work was first identified on a peer-to-peer file sharing network as being available for download, the ISP providing internet service to the alleged direct infringer, and other identifying information, including the unique hash ID for the file on which the Copyright Work was allegedly contained.

## OBJECTIONS TO REQUEST NO. 88:

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because it seeks documents about infringement over ISPs other than the defendant Charter and documents unrelated to the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf. Plaintiffs object to the characterization of works being unlawfully distributed over a peer-to-peer network as "being available for download" rather than as being distributed over that network. Plaintiffs object to this request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege, or other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE TO REQUEST NO. 88:**

Subject to the foregoing objections, Plaintiffs respond as follows: Plaintiffs have already produced documents sufficient to show the requested information.

**REQUEST NO. 89:**

Documents sufficient to show, for each Copyright Work, all observations of alleged infringement for that work through 2016, as known by You, the RIAA, and/or MarkMonitor, the ISP providing internet service to the alleged direct infringer for the alleged instance(s) of infringement, and other identifying information, including the unique hash ID for the file on which the Copyright Work was allegedly contained.

**OBJECTIONS TO REQUEST NO. 89:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because it seeks documents about infringement over ISPs other than the defendant Charter, infringement other than over a peer-to-peer network, and documents unrelated to the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf. Plaintiffs object to the request as seeking "observations" that are impossible to make, in that infringement over a peer-to-peer network is unobservable to anyone other than those engaged in the unlawful distribution. The infringements detected by MarkMonitor represent a tiny snapshot of the total infringing activity occurring through Charter's network. Plaintiffs object to this request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege, or other privilege or immunity recognized by law. Such information shall not be produced in response to any of Charter's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE TO REQUEST NO. 89:**

Subject to the foregoing objections, Plaintiffs respond as follows: Plaintiffs have already produced documents sufficient to show the requested information.

**REQUEST NO. 90:**

For the Copyrighted Works, copies of the digital files You used (or provided to a third party to use) to create a digital fingerprint through the Audible Magic System that were used by Audible Magic and/or MarkMonitor in connection with the creation of the infringement notices sent to Charter.

**OBJECTIONS TO REQUEST NO. 90:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because Plaintiffs have already produced, or will be producing digital copies of the works in suit and infringing copies of the works in suit. No other copies are necessary to establish direct infringement and therefore are not relevant or proportional to the needs of the case. Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit.

**RESPONSE TO REQUEST NO. 90:**

Pursuant to the foregoing objection, Plaintiffs have or will produce digital copies of the recordings in suit and infringing copies of the works in suit.

**REQUEST NO. 91:**

For the works for which you created digital fingerprints, as described in Request No. 92, documents sufficient to show those digital fingerprints.

**OBJECTIONS TO REQUEST NO. 91:**

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, including because Plaintiffs have already produced, or will be producing digital copies of the works in suit and infringing copies of the works in suit. No other copies are necessary to establish direct infringement and therefore are not relevant or proportional to the needs of the case. Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit.

**RESPONSE TO REQUEST NO. 91:**

Pursuant to the foregoing objections, Plaintiffs have or will produce digital copies of the recordings in suit and infringing copies of the works in suit.

**REQUEST NO. 92:**

Documents and communications sufficient to show the process used to create the digital fingerprints for the Copyrighted Works used by Audible Magic and/or MarkMonitor to match alleged infringements.

**OBJECTIONS TO REQUEST NO. 92:**

Plaintiffs object to the extent this request seeks technical and business information of third parties that is not within the possession, custody, or control of Plaintiffs and can be obtained with more detail and accuracy from those third parties. Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case. Plaintiffs also objects to the extent this request calls for documents protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege or protection from disclosure. Plaintiffs object on the ground that this request seeks documents that contain information that is highly confidential, proprietary, and/or trade secrets.

**RESPONSE TO REQUEST NO. 92:**

Subject to the foregoing objections, Plaintiffs will produce non-privileged, non-work product documents responsive to this request to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable and diligent search.

**REQUEST NO. 93:**

All Communications between You and MarkMonitor or Audible Magic exchanged for the purpose of matching of alleged infringing files of the Copyright Works by Charter subscribers with digital copies of the Copyright Works, including but not limited to regarding copies of all files, or portions, or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files) used as a reference for the purposes of fingerprinting, identifying, or verifying that files are copies of the Copyright Works.

**OBJECTIONS TO REQUEST NO. 93:**

Plaintiffs object that this request is overly broad, seeks information not relevant to or important in resolving the issues in the action, is unduly burdensome, and is not proportionate to the needs of the case. In particular, Plaintiffs objects to this request to the extent it seeks documents not related to the RIAA notice program that resulted in the copyright infringement notices

MarkMonitor sent to Charter on Plaintiffs' behalf. Plaintiffs also object that this request is vague, ambiguous and confusing in whole, and particularly as to the phrases, "Communications . . . exchanged for the purpose of matching of alleged infringing files," and "including but not limited to regarding copies of all files, or portions, or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files) used as a reference for the purposes of fingerprinting, identifying, or verifying that files are copies of the Copyright Works." Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case. Plaintiffs also objects to the extent this request calls for documents protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege or protection from disclosure. Plaintiffs object on the ground that this request seeks documents that contain information that is highly confidential, proprietary, and/or trade secrets.

## RESPONSE TO REQUEST NO. 93:

Subject to the foregoing objections, and pursuant to the protective order in this case, Plaintiffs will produce non-privileged, non-work product communications with MarkMonitor or Audible Magic concerning Plaintiffs' provision of copies or fingerprints of the Copyright Works to MarkMonitor or Audible Magic to the extent such documents exist and can be found in Plaintiffs' possession, custody, or control after a reasonable and diligent search.

## REQUEST NO. 94:

All deposition transcripts and sworn affidavits wherein recording artists or songwriters (or their representatives) allege that You have underpaid (or failed to pay) royalties, fees, advances, or other payments.

## OBJECTIONS TO REQUEST NO. 94:

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, because allegations regarding Plaintiffs' payment or underpayment of royalties to artists has no plausible relevance to the subject matter of this case and cannot bear on the claims at issue or the defenses thereto. Plaintiffs object to this request as

overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case.

## RESPONSE TO REQUEST NO. 94:

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

## REQUEST NO. 95:

All correspondence between You and recording artists and/or songwriters (or their representatives) regarding allegations of Your failure to honor Your contractual obligations to them, including Your underpayment (or failure to pay) royalties, fees, advances, and other payments (including those related to audits) to them or the recording artists' and/or songwriters' (or their representatives') threats of termination of applicable agreements.

## OBJECTION TO REQUEST NO. 95:

Plaintiffs object to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case, because allegations regarding Plaintiffs' payment or underpayment of royalties or other contractual payments to artists has no plausible relevance to the subject matter of this case and cannot bear on the claims at issue or the defenses thereto. Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to the relevant time period at issue in this case.

## RESPONSE TO REQUEST NO. 95:

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

Dated: May 27, 2020

*/s/ Neema T. Sahni*
Mitchell A. Kamin
Neema T. Sahni
Mark Chen
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: (424) 332-4800

105

mkamin@cov.com
nsahni@cov.com
mychen@cov.com

Jonathan M. Sperling
William  O'Neill
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneill@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on May 27, 2020, a true and correct copy of the foregoing was served on counsel for the parties of record.

*/s/ Neema T. Sahni*
Neema T. Sahni