# Exhibit B

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Mitchell A. Kamin

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T  +1 424 332 4759
mkamin@cov.com

**By Electronic Mail**                                                              July 24, 2020

Special Master Regina Rodriguez
regina.rodriguez@wilmerhale.com

   Re: ***Warner Bros. Records Inc., et al. v. Charter Comm's, Inc.***, **Case No.: 1:19-cv-00874-RBJ-MEH**

Dear Ms. Rodriguez:

  We are writing to seek your assistance in addressing the stalled discovery process relating to spoliation. On May 13, you held a hearing on Plaintiffs' motion for expedited discovery into Charter's spoliation of ESI, and (as described below) directed Charter to begin producing documents promptly and to identify an anticipated completion date for production. Ten weeks later, Plaintiffs have received <u>no</u> documents surrounding Charter's actual deletion of ESI; nor has Charter provided a firm commitment as to when that will happen, or when it will produce a privilege log. Plaintiffs ask that the Special Master order Charter to complete its document production and produce its privilege log by August 3.

  **A. The Special Master ordered the spoliation-related discovery to proceed on an expedited schedule.**

  During the May 13 hearing, the Special Master acknowledged the urgency of Plaintiffs' spoliation-related discovery and that Plaintiffs should receive it "before launching deeply into the additional merits discovery." Hrg. at 19:5-10; *see also id.* at 28:15-20 (advising, "we're not going to have [the spoliation-related privilege log requested by Plaintiffs] drag out."). Accordingly, on May 14, the Special Master ordered Charter to begin rolling document productions "no later than 15 days after serving responses to Plaintiffs' requests." Dkt. 176. She also ordered Charter to meet and confer with Plaintiffs within two weeks of the hearing to "resolve any disputes regarding the anticipated completion date of the production," and advised that "[i]f the parties cannot reach agreement on this issue, they should contact the Special Master." *Id.*; *see also* Hrg. Tr. at 28:21-24 ("if the parties need guidance sooner than [the regularly scheduled hearing times], please reach out and I will make time."). Based on this timeline, Plaintiffs should long ago have received documents.

  **B. After nine weeks of conferring, Charter has produced only seven policies, an org chart, and a demand letter—and no privilege log.**

  During the court-ordered meet and confer on May 28, counsel for Charter advised that it anticipated completing production of documents responsive to Plaintiffs' requests by June 30, and anticipated providing a privilege log on that date as well. That date came and went weeks

**COVINGTON**

Special Master Regina Rodriguez
July 24, 2020
Page 2

ago, but Plaintiffs still have received virtually no documents, no documents at all about Charter's actual deletion of ESI,[1] and no privilege log.

In lieu of producing documents or a privilege log, Charter sought to have Plaintiffs agree to stipulate to a Rule 502(d) order regarding the non-waiver of privilege. Given that Charter had already explained to the Special Master and Plaintiffs the alleged facts and circumstances surrounding the loss of data, and that Charter had already claimed that the loss was inadvertent, there seemed neither a need nor place for a Rule 502(d) order. Nonetheless, Plaintiffs indicated that they would consider whatever Charter was proposing in order to get the document production moving. After ten calls and emails that took seven weeks, it turns out that Charter's proposal was to *selectively* produce privileged documents under a Rule 502(d) order that would allow it to continue to assert privilege over documents that it did not want to produce. *See* Ex. 1 (July 19 email from M. Kamin). For obvious reasons, Plaintiffs rejected this.

Charter's assertion of privilege over documents responsive to the spoliation-related RFPs will undoubtedly be the subject of future motion practice.[2] For now, Plaintiffs need the responsive documents that are not subject to a privilege claim by Charter, and Charter's privilege log for the documents it will withhold. Charter has ignored Plaintiffs' requests for a date certain for the production of documents and a log. *See* Ex. 1.

### C. The Special Master should order Charter to produce and log all responsive documents by August 3.

Pursuant to the Special Master's May 14 order to reach out with any disputes over this completion date, Dkt. 176, Plaintiffs therefore request that the Special Master order Charter to complete its document productions and privilege log by August 3. This date imposes no burden on Charter, by its own representations. Charter's July 16 letter to Plaintiffs stated that it could complete document productions and a privilege log within 10 days of reaching a non-waiver agreement.

In terms of a Rule 7.1 certification, as set forth herein, Plaintiffs have met and spoken to Charter repeatedly on this issue without resolution. Most recently, on July 19, Plaintiffs requested that Charter produce the documents it does not claim are privileged by July 22, and to provide a privilege log 10 business days later, on August 3. Charter ignored this request, as it

---

[1] Charter made one production, on the court-ordered deadline, of nine documents: seven documents reflecting various versions of Charter's retention schedule and Records and Information Management Policy, an organizational chart, and a hold notice sent by another copyright plaintiff (pursuant to which Charter held the data related to Plaintiffs' claims).

[2] Charter has already selectively disclosed information and purported conclusions from its lawyers' investigations to argue to Plaintiffs and the Court that Charter's preservation efforts were reasonable (*e.g.,* May 11, 2020 Opp. at 4), that its deletion of emails was inadvertent (*e.g.*, *id.* at 5; *id.* at Ex. 1), and that its data-recovery efforts mitigate the prejudice suffered by Plaintiffs (*e.g., id.* at 5; *id.* at Ex. 1). Having done that, Charter cannot continue to claim privilege over documents concerning that subject matter.

**COVINGTON**

Special Master Regina Rodriguez
July 24, 2020
Page 3

has many of Plaintiffs' efforts to advance this expedited discovery.  *See*, e.g., Ex. 2 (M. Kamin June 24 letter).

      Consistent with the Special Master's initial observation that this spoliation discovery should proceed expeditiously, an order setting dates certain is now necessary.

      Respectfully submitted,

*/s/  Mitchell A. Kamin*
Mitchell A. Kamin
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com

*Attorneys for Plaintiffs*

# EXHIBIT 1

| | |
|---|---|
| **From:** | Kamin, Mitchell A |
| **Sent:** | Sunday, July 19, 2020 4:10 PM |
| **To:** | Rosenthal, John; Ehlers, J. Hardy |
| **Cc:** | Moore, Jason; Elkin, Michael; Golinveaux, Jennifer; Ranahan, Erin; Matt Oppenheim; Jeff Gould; Sahni, Neema T; Sperling, Jonathan |
| **Subject:** | RE: Charter |

John,

Thanks for your response. Charter's position on Plaintiffs' spoliation-related RFPs, and the scope of its contemplated 502(d) Order, have deepened our concerns that Charter intends to use the privilege as both a sword and a shield on this subject matter. Charter has already disclosed information and purported conclusions from its lawyers' investigations to tell Plaintiffs and the Court that Charter's preservation efforts were reasonable, that its deletion of emails was inadvertent, and that its data-recovery efforts mitigate the prejudice suffered by Plaintiffs. Having done that, Charter cannot claim privilege over documents concerning that subject matter, much less mete out some and withhold others. We therefore cannot agree to the 502(d) Order as you have proposed it. Assuming Charter will not agree to a 502(d) Order under which it would withhold *no* documents responsive to these RFPs under claim of privilege, we will need to proceed in the normal course.

Since you've represented that Charter has relatively few responsive documents that Charter does not claim are privileged, please produce them no later than end of day Wednesday, July 22. Since you've represented that Charter can produce a privilege log within 10 business days of completing production, please provide it no later than August 3. Please describe all claims of privilege with specificity, including by providing email subject lines and document titles. If Charter cannot commit to that date, or if its productions and privilege log are not complete by that date, we will move for relief from the Special Master.

We appreciate Charter's reconsidered position on 30(b)(6) Topics 19 and 20. As for RFP 19, we would like to continue to explore ways for Charter to provide us information regarding the senders and recipients of the 1,264,704 messages that you have described as "replacement for some of the lost messages" (ECF 174 at 6 n.3). Please indicate whether Charter is able to provide a report identifying the to/from/cc fields for those 1.2 million emails, whether directly from the archive or from the platform that Charter used when it "searched the approximately 1.2 million messages . . . and reviewed those search results for responsiveness to Plaintiffs' requests." *Id.* at 7. Please provide answers to these questions no later than July 24.

Best,
Mitch


**Mitchell Kamin**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4759 | mkamin@cov.com
www.cov.com

COVINGTON

1

**From:** Rosenthal, John <JRosenthal@winston.com>
**Sent:** Thursday, July 16, 2020 8:42 PM
**To:** Kamin, Mitchell A <MKamin@cov.com>; Ehlers, J. Hardy <JEhlers@cov.com>
**Cc:** Moore, Jason <JMoore@winston.com>; Elkin, Michael <MElkin@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Ranahan, Erin <ERanahan@winston.com>
**Subject:** RE: Charter

[EXTERNAL]

**John J. Rosenthal**
**Partner**
**Chair, eDiscovery & Information Governance Practice**
Winston & Strawn LLP
D: +1 202-282-5785
M: +1 202-744-9652
Bio | VCard | Email | winston.com



**From:** Rosenthal, John
**Sent:** Wednesday, July 15, 2020 8:49 PM
**To:** Kamin, Mitchell A <MKamin@cov.com>; 'Ehlers, J. Hardy' <JEhlers@cov.com>
**Cc:** Moore, Jason D. <JMoore@winston.com>
**Subject:** Charter

Good evening,

We are still conferring with client regarding some of the issues raised during our meet and confer.  We hope to get back to you on the issues raised on Thursday.

John

**John J. Rosenthal**
**Partner**
**Co-Chair, Consumer Products Industry Group**
**Chair, eDiscovery & Information Governance Practice**
Winston & Strawn LLP
1901 L Street, N.W.
Washington, D.C. 20036-3506

D: +1 202-282-5785

M: +1 202-744-9652

Bio | VCard | Email | winston.com






2

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

3

# EXHIBIT 2

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Mitchell A. Kamin

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T   +1 424 332 4759
mkamin@cov.com

**By Electronic Mail**                                                        June 24, 2020

John J. Rosenthal, Esq.
Winston & Strawn LLP
1700 K Street, NW
Washington, DC  20006
T: (202) 282-5000
*jrosenthal@winston.com*

Re:   ***Warner Bros. Records Inc., et al. v. Charter Comm's, Inc.*, Case No.: 1:19-cv-00874-RBJ-MEH**

Dear John:

We have attempted to follow up with you several times to continue our conversation from May 28 and June 12 about discovery into Charter's deletion of ESI.  You have not responded to our emails (on June 16 and June 22) or phone call (today), despite our agreement to further discuss these issues last week.  We would like to continue this dialogue without involving the Special Master, but that will become impossible without the following:

1. By June 26, please provide Charter's responses and objections to Plaintiffs' 30(b)(6) Notice.  You told us on our May 28 call that you would provide these the first week of June.  Please also identify the Charter's designee(s) who will provide testimony on those Topics.

2. By June 26, please provide Charter's updated positions on RFPs 4, 6, 17, 18, and 19, taking into account our June 11 email and our June 12 conversation.  You told us on June 12 that you would be prepared to discuss these RFPs the next week, but you have not responded to our requests to do so.

3. As instructed by the Special Master, you told us on our May 28 call that Charter will complete its production of documents responsive to the RFPs for which it agreed to produce documents, by June 30, 2020.  We expect you will do so.

4. You also told us on our May 28 call that you would provide a privilege log on June 30, listing documents responsive to Plaintiffs' requests over which Charter asserts a claim of privilege.  We expect you will do so.  The log must contain the title or subject line of each document.

5. During our June 12 call, you indicated that you would provide more specificity about the categories of documents you propose to produce pursuant to a Rule 502(d) agreement.  Please so do by identifying in the June 30 log: (1) which documents

**COVINGTON**

John J. Rosenthal, Esq.
June 24, 2020
Page 2

      Charter proposes to produce subject to the Rule 502(d) agreement; and (2) which documents it will withhold.

6. By June 30, please respond to our June 11 letter, which asks about Charter's preservation and/or deletion of data associated with custodians Charter has recently been ordered to search.

Plaintiffs reserve all rights regarding Charter's destruction of data in this case.

      Sincerely,

      */s/ Mitchell A. Kamin*
      Mitchell A. Kamin
      COVINGTON & BURLING LLP
      1999 Avenue of the Stars
      Los Angeles, CA 90067-4643
      Telephone: (424) 332-4800
      mkamin@cov.com

      *Attorneys for Plaintiffs*