UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS, INC., *et al.*  Plaintiffs,  v.  CHARTER COMMUNICATIONS, INC.  Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(D)**

# INTRODUCTION

Charter Communications, Inc. ("Charter") requests that the Court enter an order pursuant to Federal Rule of Evidence 502(d) ("Rule 502(d)") permitting Charter to produce to Plaintiffs certain documents protected by the attorney-client privilege and work product doctrine without the risk of broader, subject-matter waiver in this or subsequent litigations. The Court has the authority to enter such an order, even over the objection of one of the parties. The entry of a Rule 502(d) order is warranted here for the following reasons:

*First*, in their separate motion to compel (ECF 262), Plaintiffs claim that they need documentary evidence to support Charter's explanation of its inadvertent loss of electronically-stored information ("ESI"). Although Charter disagrees with Plaintiffs' arguments regarding their need for the documents, Charter recognizes that the entry of a Rule 502(d) order furthers the interests of judicial economy by rendering the current discovery dispute moot and eliminating the need for the Court to do an *in camera* review of a substantial number of documents on a document-by-document basis, since the Rule 502(d) order that Charter proposes would facilitate Charter's production of more than 600 of the 820 documents on its privilege log, providing Plaintiffs with the evidence they claim to need.

*Second*, contrary to Plaintiffs' assertion in their motion to compel, Charter's provision of more than 600 of the 820 documents on its privilege log pursuant to a Rule 502(d) order would not "hide from discovery" those documents Charter would continue to withhold. ECF 262 at 6. These remaining documents are already identified on Charter's privilege log. Plaintiffs would maintain the ability to challenge Charter's claim to privilege over, or otherwise seek access to, any or all of these documents upon an adequate showing.

*Finally*, entry of a Rule 502(d) order and Charter's subsequent production will resolve Plaintiffs' stated concern that they be able to "test the accuracy of [Charter's] claims" concerning its loss of ESI. *Id*. at 8. Plaintiffs may then analyze the produced materials to form their own conclusions, then probe their conclusions and "Charter's claims" during Plaintiffs' anticipated 30(b)(6) deposition.

## ARGUMENT

### I. THE DISTRICT COURT IS EMPOWERED TO ENTER A RULE 502(D) ORDER WITHOUT THE PARTIES' AGREEMENT OR CONSENT

Rule 502(d) provides that a "federal court may order that the [attorney-client] privilege or [work product] protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d); *see also In re Delta/Airtran Baggage Fee Antitrust Litig.*, 2012 WL 12887089, at *2, n.2 (N.D. Ga. May 10, 2012) (entering a Rule 502(d) order for data-loss-related documents in connection with a spoliation motion); *United States v. Rankin*, 2020 WL 3036015, at *4 (D. Conn. June 5, 2020) (finding that a 502(d) order permitting selective disclosure was warranted under the circumstances); *Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp.*, 2009 WL 464989, at *4-5 (N.D. Tex. Feb. 23, 2009); Sedona Conference Journal, *The Sedona Conference Commentary on Protection of Privileged ESI*, 17 Sedona Conf. J. 95, 130 (2016) ("Rule 502(d) gives a federal court broad power to enter an order ruling that the parties' conduct in a proceeding before the court does not result in waiver. A Rule 502(d) order may address not only inadvertent waiver, but also instances in which intentional disclosure will not result in waiver. Thus, a Rule 502(d) order can be crafted to expedite discovery and save costs by obviating the risk that disclosure will result in waiver.").

2

"A court certainly has the authority to enter a Rule 502(d) order on its own initiative and without prior agreement by the parties." *Lyall v. City of Denver*, 2016 WL 7176716, at *1 (D. Colo. Sept. 28, 2016) (Shaffer, J.) (citing *S2 Automation LLC v. Micron Tech., Inc.*, 2012 WL 3150387, at *3 (D. N.M. Jul. 23, 2012) (noting that "it is not necessary for the parties to agree" to a Rule 502(d) order for the court to enter one)); *see also* Fed. R. Evid. 502(d) (Advisory Committee Notes) ("Under the rule, a confidentiality order is enforceable whether or not it memorializes an agreement among the parties to the litigation. Party agreement should not be a condition of enforceability of a federal court's order.").

## II. THE ENTRY OF A RULE 502(D) ORDER WOULD ALLOW CHARTER TO MAKE AVAILABLE DOCUMENTS THAT WOULD SATISFY PLAINTIFFS' PURPORTED "NEED," WITHOUT A BROADER SUBJECT-MATTER WAIVER

Plaintiffs assert in their motion to compel that they need access to *all* of the 820 documents on Charter's privilege log to "test the accuracy of its claims." ECF 262 at 8. While Charter fundamentally disagrees with Plaintiffs' claim of "need," Charter nevertheless is interested in presenting the Court with what it believes to be the most efficient method of resolving the parties' dispute. For that reason, Charter has already offered to enter into a Rule 502(d) order (subject to this Court's approval) that would provide Plaintiffs with access to many of the documents they seek without the risk of a broader, subject-matter waiver. These documents would include (i) communications related to the creation and management of the hold covering this litigation; (ii) records related to custodians and data sources preserved under that hold; (iii) records related to Charter's legal hold management migration and related "clean up" of legal holds; (iv) communications reflecting decisions related to the hold status of specific custodians; (v) communications related to the "purge" of held e-mail data in December 2018; and (vi)

3

communications (other than with outside counsel) related to Charter's identification and investigation of the e-mail loss. (*See* attached Proposed Order, Appendix A, detailing entries from Charter's privilege log that presumptively will be produced).

Plaintiffs have protested that Charter's planned production pursuant to a Rule 502(d) order would permit Charter to "selectively withhold documents on privilege or work-product grounds" and "hide from discovery" material it would continue to withhold. ECF 262 at 6. But that merely describes a common procedure under Rule 502(d) agreements, which courts routinely grant, including in connection with ancillary disputes concerning data-loss like in the case upon which Plaintiffs heavily rely in their Motion to Compel. *See, e.g.*, *In re Delta/Airtran Baggage Fee Antitrust Litig.*, 2012 WL 12887089, at *2, n.2 (entering a Rule 502(d) order for data-loss-related documents in connection with a spoliation motion). Further, a Rule 502(d) order such as the one Charter seeks here would not preclude Plaintiffs from seeking access to any of the withheld material upon an appropriate showing; the *only* argument for further documents the order would preclude is one based on the allegation that Charter more broadly waived privilege over the undisclosed material by making the narrower Rule 502(d) production. This disparate treatment is consistent with the law of waiver as enshrined in Rule 502(a) and case law. *See* Fed. R. Evid. 502(a) (Advisory Committee Notes) (stating that subject-matter waiver is limited to "those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary"); *In re Oltmann*, 2013 WL 414212, at *2 (Bankr. D. Colo. Feb. 1, 2013) (citing *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (holding subject-matter waiver is not applicable to opinion work product)).

A Rule 502(d) order is the most expeditious way to provide Plaintiffs with access to the factual information they claim they need to further investigate Charter's ESI loss and would not subject Charter to claims a broader, subject-matter waiver in other matters. Charter respectfully submits that this is the most fair and efficient way to resolve the current discovery dispute.

## CONCLUSION

Based on the foregoing, Charter respectfully requests that the Court enter a Rule 502(d) order permitting Charter to produce more than 600 documents identified on its privilege log but foreclosing Plaintiffs and other litigants from claiming that such production constitutes a subject-matter waiver of the attorney-client privilege or work product protection.

Dated: November 4, 2020

Respectfully submitted,

*s/ Andrew H. Schapiro*

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Fl.
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)

Andrew H. Schapiro
Allison Huebert
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
E-mail: andrewschapiro@quinnemanuel.com
E-mail: allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
E-mail:
charlesverhoeven@quinnemanuel.com

E-mail: eranahan@winston.com

E-mail: davideiseman@quinnemanuel.com
E-mail: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
E-mail: toddanten@quinnemanuel.com
E-mail: jessicarose@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

**LOCAL CIVIL RULE 7.1(A) CERTIFICATION**

Pursuant to Local Civil Rule 7.1(a), Charter certifies that it conferred with Plaintiffs regarding this motion. During June and July 2020, the parties conferred over Charter's responses and objections to Plaintiffs' ESI loss-related requests for production. During these discussions, I proposed that the parties agree to a Rule 502(d) order, so that Charter could produce certain privileged documents responsive to Plaintiffs' requests without the risk of being accused of having made a broader, subject-matter waiver.

Specifically, Charter's counsel explained that a Rule 502(d) order would allow Charter to produce additional documents concerning internal Charter investigations or inquiries regarding the ESI loss, documents reflecting the availability of alternative sources of the information, and documents sufficient to show investigatory steps taken and the results of any internal Charter investigation. I also explained that Charter would not produce any work product concerning the ESI loss prepared by its counsel. Over the next several weeks, the parties continued to discuss the confines and scope of Charter's proposal.

On July 24, 2020, after abruptly terminating the parties' meet and confer discussions, Plaintiffs argued, for the first time, that Charter had already waived its right to withhold documents on the basis of attorney-client privilege and work product protection. As Plaintiffs state in their Rule 7.1(a) Certification in connection with their motion to compel, after Charter offered to produce these documents following the entry of a Rule 502(d) order, which Plaintiffs refused, the parties were at an impasse over the scope of Charter's response to Plaintiffs' ESI loss-related requests for production, necessitating this motion.

_John Rosenthal_
John J. Rosenthal

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2020, I caused the foregoing document and supporting materials to be filed electronically with the Clerk of the court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered within CM/ECF.

*s/ Andrew H. Schapiro*
Andrew H. Schapiro
