

Matthew J. Oppenheim
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
matt@oandzlaw.com

*Via ECF*                                                                  December 2, 2020

Hon. R. Brooke Jackson
United States District Judge
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294

      Re:    <u>*Warner Records et al. v. Charter Communications, Inc.*, **Case No. 19-cv-00874**</u>

Dear Judge Jackson:

      Plaintiffs write to request that the Court set a conference to resolve the parties' dispute over how Plaintiffs' counterclaims-in-reply—which implicate the same claims, core evidence, witnesses, and parties as Plaintiffs' original claims—should proceed. Charter does not oppose Plaintiffs' request for a status conference but does not consent to the submission of this letter.

      This is a mass copyright infringement action. After Charter filed counterclaims seeking a declaration of non-infringement, including for the period *after* Plaintiffs' original claim period, Plaintiffs discovered that Charter continued to facilitate widespread infringement of their musical works well past that time. Accordingly, Plaintiffs have filed and intend to pursue additional claims against Charter (the "Extended Claims") that are identical to the existing claims, but for the specific works and dates at issue. By any measure of efficiency, the original and Extended Claims should proceed together. They involve no new parties, concern the same claims, underlying technologies, processes, and systems, and will require substantially overlapping document discovery, depositions, expert analyses, and trial testimony.

      The parties are poised to engage in extensive, docket-clogging motion practice over the formal procedural posture in which those claims should proceed, when the real issue for the Court to resolve is whether the claims should be treated together for purposes of discovery, which has already begun, and trial. Initially, Plaintiffs asserted the Extended Claims as compulsory counterclaims-in-reply. Now that Charter has amended its counterclaims [DKT 295] to eliminate the compulsory basis for Plaintiffs' counterclaims-in-reply, Plaintiffs have pled them permissively [DKT 303]. Alternatively, the claims could be denominated an amendment to the original claims. Good cause for such amendment certainly exists—Plaintiffs only recently discovered these claims in light of Charter asserting its counterclaims, and Charter would suffer no undue prejudice as discovery is currently proceeding and no depositions have yet occurred. Or, the claims could be filed as a new, related action between the same parties, and consolidated for purposes of discovery and trial. The important thing is that ultimately, regardless of the procedural mechanism, Plaintiffs intend to pursue these new claims in this District.

Charter still contends these claims are improper because they extend beyond the original claim period and works in suit and because it is too late to add them. The parties conferred on November 23 and December 1 but were unable to reach agreement as to whether and how Plaintiffs' counterclaims-in-reply should proceed. Rather than engage in vast motion practice (*e.g.*, motions to dismiss, to amend, to consolidate, to coordinate discovery, and more) and in mind of the admonition in the Court's Practice Standards that motion practice can be "costly, time consuming, a cause of delay, and a burden on the court," a conference with the Court could most efficiently resolve how these claims will proceed.

**Because the Original and Extended Claims Are Nearly Identical,**
**They Should Continue to Proceed Together in this Action**

The Extended Claims are identical to the original claims, as the parties and legal claims are the same.[1] In both instances, Plaintiffs seek relief from Charter's contributory and vicarious infringement for the same course of misconduct stemming from thousands of infringement notices sent to Charter. As Plaintiffs' counterclaims-in-reply allege (DKT 303 ¶ 9), the underlying and extended claims are all part of the same story:

> As it did during the Original Claim Period, Charter continued to deliberately turn a blind eye to its subscribers' infringement during the Counterclaim Period. And it maintained its policy of refusing to terminate or otherwise take meaningful action against the accounts of repeat infringers of which it was aware. Astonishingly, Charter maintained its policy and practice of inaction even after Plaintiffs notified Charter that they would assert legal claims for this very same conduct. Even the threat of litigation did not make Charter take its legal responsibilities to copyright owners more seriously. Instead, Charter doubled down on its do-nothing policy, sitting idly by as it received even more notices of ongoing, repeat infringements by its subscribers.

Because of the overwhelming commonality between the legal and factual issues of the underlying and Extended Claims, the discovery is largely identical. That includes discovery into: Plaintiffs' notice program and the software used to issue notices—which has consumed much of Charter's discovery efforts to date; Charter's receipt and treatment of the notices; Charter's policies concerning copyright infringement by its subscribers and repeat infringers; and actions Charter took (or did not take) in addressing infringement by its subscribers in response to Plaintiffs' notices. Discovery into each of these issues (and many others) has already resulted in substantial motion practice and rulings by the Special Master, Magistrate Judge Hegarty, and Your Honor that can be readily applied to the Extended Claims in most or all instances.

Indeed, in ruling on Charter's objections to Plaintiffs' discovery issued on the Extended Claims, the Special Master has already suggested that the same search parameters and responsiveness criteria governing the original claims should be applied to the Extended Claims. Were Plaintiffs forced to assert the Extended Claims in a new action, the progress made by the parties and the Court in resolving these discovery issues, and many others, would be largely lost.

---

[1] The Plaintiffs asserting the Extended Claims are a subset of Plaintiffs but no new parties are added.

The only differences between the underlying and Extended Claims are the dates and works at issue (although some of the works overlap, as Charter's subscribers continued to infringe many of the same recordings in the extended period). But even if Plaintiffs did not assert the Extended Claims in the underlying action, Plaintiffs would seek discovery into and highlight to the jury Charter's Extended Claims-period behavior, as relevant to, at least, the issue of Charter's willfulness, or the amount of damages needed to deter Charter's ongoing misconduct.

**Asserting the Extended Claims in a Separate Action Would Waste Judicial Resources and Be an Exercise in Impracticality**

Requiring Plaintiffs to assert the Extended Claims in a separate, related action would waste substantial judicial and party resources. Minimally, it would force a disputed motion to consolidate the two cases. Or worse, it would force the Court, a second jury, and the parties, to address the exact same legal and factual issues a second time in a separate action. Indeed, there would be a doubling of depositions and trial testimony from the same Charter witnesses with respect to the company's purported repeat infringer policies and procedures, the same Plaintiff witnesses in support of their infringement claims and damages issues, the same (many) experts for both sides, and the same third-parties whose technology was used in all cases. Any issues unique to the additional works in suit and corresponding infringement notices are monumentally outweighed by the remaining issues common to both claim periods. Accordingly, the interests of efficiency and practicality are best served by all claims proceeding together as part of this case.

**Inclusion of the Extended Claims Will Cause No Substantial Delay in the Schedule**

The Extended Claims have been in the case since June 15, 2020, when Plaintiffs filed their answer and counterclaims-in-reply. Plaintiffs have served written discovery requests, and the Special Master has already directed the parties to confer and agree on an efficient and expedited process for Charter to respond and provide discovery. While fact discovery currently continues through January 2021 and expert discovery will follow thereafter, it is clear to the parties, the Special Master, and Magistrate Judge Hegarty (Sept. 9, 2020 Hrg. Tr. at 189) that the schedule will need to be extended, regardless of whether the Extended Claims proceed in this case or a separate action. No party has taken a deposition, documents continue to be produced on a rolling basis, and written discovery is still being issued. And the prospect of jury trials in the year ahead is uncertain, at best, given the COVID-19 climate. There is no reason that the Extended Claims cannot be accommodated within the extensions that the parties and Court already contemplate having to make.

The Extended Claims will be litigated. The only question is what is the most practical and efficient way to do so that does not prejudice the parties or waste significant resources. A conference with the Court is the best means by which to reach that determination.

Respectfully,

*/s/ Matthew J. Oppenheim*