# Exhibit B

| | |
|---|---|
| From: | Rodriguez, Regina <Regina.Rodriguez@wilmerhale.com> |
| Sent: | Monday, October 19, 2020 7:58 PM |
| To: | Ehlers, J. Hardy |
| Cc: | Gomez, Tracy M.; Kamin, Mitchell A; Sperling, Jonathan; Sahni, Neema T; Hill, Phil; Lampros, Nicholas M.; Fields, Michael; Matt Oppenheim (Matt@oandzlaw.com); Jeff Gould (Jeff@oandzlaw.com); Alex Kaplan; Scott Zebrak; Andrew (Andrew@oandzlaw.com); Kellyn Goler; Jia Ryu; Corey Miller; Janette Ferguson; eranahan@winston.com; jgolinveaux@winston.com; melkin@winston.com; Kearney, Thomas; Padmanabhan, Krishnan; Spitzer, Seth; tlane@winston.com; Anderson, Sean; Alvarez, Cesie; Skopec, Allison; Andrew Schapiro; David Eiseman; Jessica Rose; Linda Brewer; Allison Huebert; Todd Anten; Nathan Hamstra; Jtanner@fwlaw.com; cjoyce@fwlaw.com |
| Subject: | Re: Warner Records Inc. et al. v. Charter Communications, Inc.--Counter-counterclaim Discovery |

[EXTERNAL EMAIL]

Dear Mr. Ehlers,

I have received both of your letters and will do my best to consider them later this evening or tomorrow morning.

Kind regards
Gina

Sent from my iPad

> On Oct 19, 2020, at 6:11 PM, Ehlers, J. Hardy <JEhlers@cov.com> wrote:
>
> **EXTERNAL SENDER**
>
> Dear Ms. Rodriguez:
>
> We write to alert you of a dispute that has recently arisen between the parties, set forth in the below correspondence, and to seek a briefing schedule for prompt resolution of this time-sensitive dispute.  The dispute concerns discovery into Plaintiffs' counter-counterclaims, which—consistent with your recent directive in denying Plaintiffs' motion to stay Charter's counterclaim discovery—must begin in earnest, with only three and a half months remaining before the Discovery Cutoff.  Per your instruction that the parties should proceed with discovery on their respective counterclaims notwithstanding any pending motions, and your guidance that the parties should not "elevate[] form over substance and prolong[] the pain of discovery," Dkt. 261 at 15, Plaintiffs have attempted to find a sensible path forward to obtain discovery on their counter-counterclaims expeditiously, as set forth below.  Charter has outright refused these overtures.

1

As they relate to Charter's conduct, Plaintiffs' counter-counterclaims are the same in all material respects here to Plaintiffs' original claims, but for the fact that they cover Charter's conduct from the end of the Claim Period through April 30, 2020 ("Counterclaim Period"). See Dkt. 184 at 63-78. In the interests of efficiency, Plaintiffs thus proposed that the parties simply expand the Discovery Period to cover the Counterclaim Period, and apply that new Discovery Period to Plaintiffs' previously-served requests. See H. Ehlers Oct. 9 and 15 emails below. Charter will not agree to do so and has insisted that Plaintiffs re-serve, as new requests covering the Counterclaim Period, identical requests to those Plaintiffs already served. Charter will not commit to serving responses to those otherwise-identical requests in less than 30 days and also will not agree that Plaintiffs can move for this counter-counterclaim discovery until Charter has responded to those new requests. Charter also refuses to discuss a briefing schedule, on the grounds that there is nothing to brief until Plaintiffs serve new requests and Charter responds to them.

Plaintiffs propose the following briefing schedule for their request to modify the Discovery Period to cover their counter-counterclaims.

- Plaintiffs' Motion: Friday, October 23
- Charter's Response: Friday, October 30
- Parties limited to 5 page letter-briefs; Special Master to hold a hearing the week of November 2.

We would also be amenable to a conference with the Special Master to discuss our proposal, or other methods for informally resolving this dispute, which we would be glad to discuss.

Thank you,

Hardy Ehlers

---

From: Ehlers, J. Hardy
Sent: Monday, October 19, 2020 3:27 PM
To: 'Allison Huebert' <allisonhuebert@quinnemanuel.com>; Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Kearney, Thomas <TKearney@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; Anderson, Sean <SRanderson@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Skopec, Allison <ASkopec@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
Cc: Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Hill, Phil <PAHill@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Fields, Michael <MFields@cov.com>; Matt Oppenheim (Matt@oandzlaw.com) <Matt@oandzlaw.com>; Jeff Gould (Jeff@oandzlaw.com) <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu <Jia@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>
Subject: RE: Warner Records Inc. et al. v. Charter Communications, Inc.--Counter-counterclaim Discovery

Allison,

As an initial matter, we write to clarify that we did not request—in the below correspondence, or elsewhere—to modify the case schedule. We only pointed out that Plaintiffs must proceed with discovery on their counterclaims promptly because the fact discovery cut-off is currently less than four

months away—a fact you cited repeatedly in demanding Plaintiffs move forward with Charter's counterclaim-related discovery.  What is clear is that Charter will not work with Plaintiffs on an efficient way to do so.  Charter will not agree to simply expand the Discovery Period (and has not responded to our repeated invitations to discuss any particular requests that should not be included as part of that expansion).  Charter will not commit to an expedited schedule to respond to discovery requests that, apart from time period, are identical to requests already served in this case.  And Charter will not discuss a schedule to brief this issue until Plaintiffs have re-served these otherwise identical requests and Charter has responded to them.  We are at impasse on all of this and will bring our proposed schedule to the Special Master.

Thanks,

Hardy

From: Allison Huebert <allisonhuebert@quinnemanuel.com>
Sent: Friday, October 16, 2020 7:51 AM
To: Ehlers, J. Hardy <JEhlers@cov.com>; Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Kearney, Thomas <TKearney@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; Anderson, Sean <SRanderson@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Skopec, Allison <ASkopec@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
Cc: Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Hill, Phil <PAHill@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Fields, Michael <MFields@cov.com>; Matt Oppenheim (Matt@oandzlaw.com) <Matt@oandzlaw.com>; Jeff Gould (Jeff@oandzlaw.com) <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu <Jia@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>
Subject: RE: Warner Records Inc. et al. v. Charter Communications, Inc.--Counter-counterclaim Discovery

**[EXTERNAL]**
Hardy,

We understand and appreciate Plaintiffs' desire for efficiency, but Plaintiffs are seeking discovery into new information and vastly different time periods than provided in Plaintiffs' pending discovery requests, and thus these new requests implicate different objections (based on burden, relevance, and other pertinent matters).  Therefore, we must insist Plaintiffs abide by FRCP 33, 34 and 36 in respect to their new discovery requests, and allow Charter the time afforded by the Federal Rules to review the requests and submit its objections.

We disagree with Plaintiffs that a motion to compel is proper outside the context of a pending discovery request.  There is no pending discovery request seeking the information Plaintiffs are insisting we now provide.  This is not in dispute.  Under FRCP 37, a motion to compel a discovery response "may be made if . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents . . . as requested under Rule 34."  FRCP 37(a)(3)(B) (emphasis added).  Similarly, the Court's local rules contemplate that Rule 37 motions "directed to an interrogatory, request, or response under Fed. R. Civ. P. 33, 34, or 36 shall set forth . . . the specific interrogatory, request, or response to which the motion is directed."  D. C. Colo. L. Civ. R. 37.1.  There are no grounds to suggest Charter failed to comply with an interrogatory or document request.

3

Additionally, Charter does not agree that Plaintiffs are entitled to exceed the existing limitations on the number of discovery requests each party is entitled to propound simply because Plaintiffs have served counter-counterclaims.

In the interest of promoting efficiency and reducing any unnecessary delay, however, Charter is willing to discuss a slightly abbreviated schedule for objections as an accommodation to Plaintiffs to the extent feasible.  We cannot agree in advance to respond within five days without seeing the scope of Plaintiffs' requests, but are willing to meet and confer in good faith to see if we can come to a reasonable compromise once we see your new discovery requests (with the understanding that the deadlines applicable under the Federal Rules of Civil Procedure will apply to our response and objection period unless or until the parties are able to come to a mutual agreement).

Finally, given that fact discovery does not close until January 2021, we also do not see a basis for your request to modify the case schedule simply because you want to propound new interrogatories or document requests relating to your counter-counterclaims.  However, Charter is willing to listen to any reasonable proposals Plaintiffs wish to make regarding a mutual extension of the current schedule.  We hope this addresses your concerns.

Thanks,

Allison Huebert
Associate,
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7427 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
allisonhuebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Ehlers, J. Hardy [mailto:JEhlers@cov.com]
Sent: Thursday, October 15, 2020 12:13 AM
To: Allison Huebert <allisonhuebert@quinnemanuel.com>; Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Kearney, Thomas <TKearney@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; Anderson, Sean <SRanderson@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Skopec, Allison <ASkopec@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
Cc: Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Hill, Phil <PAHill@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Fields, Michael <MFields@cov.com>; Matt Oppenheim (Matt@oandzlaw.com) <Matt@oandzlaw.com>; Jeff Gould (Jeff@oandzlaw.com) <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu

<Jia@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>
Subject: RE: Warner Records Inc. et al. v. Charter Communications, Inc.--Counter-counterclaim Discovery

[EXTERNAL EMAIL]

Allison,

As to Charter's conduct, the counter-counterclaims are the same in all material respects here to Plaintiffs' original claims, but for the applicable time period. The simplest and most efficient way to proceed with discovery on Plaintiffs' counterclaims is to expand the Discovery Period to cover them. Re-serving otherwise identical requests and responses and objections, as you insist, will needlessly consume a third of the time remaining between now and the fact discovery cut-off. See FRCP 1 (rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Plaintiffs will therefore move to modify the Discovery Period, and we propose the following briefing schedule and parameters:

- Plaintiffs' Motion: Friday, October 23
- Charter's Response: Friday, October 30
- Parties limited to 5 page letter-briefs; Special Master to hold a hearing the week of November 2.

Please let us know whether you agree to this schedule, or whether you have any revisions to it by tomorrow. We'll then advise the Special Master of the parties' proposed schedule.

Finally, so that we fully understand your position, please also advise—in the same correspondence—whether, if Plaintiffs were to serve new versions of their existing requests, Charter would agree to (1) respond to those otherwise-identical requests with responses that are identical to what Charter has agreed or been ordered to produce, within 5 days of Plaintiffs' service of the new requests; and (2) stipulate that the limits in the current Scheduling Order be modified to accommodate your insistence that Plaintiffs serve new versions of existing discovery requests, modified to cover the Counterclaim Period.

Plaintiffs maintain that doing so would still "elevate[] form over substance and prolong[] the pain of discovery," DKt. 261 at 15, see also Aug. 25 Hrg. Tr. at 64, for no good reason. And Plaintiffs reiterate that if Charter believes there are some individual requests that should not be included as part of the expansion of the Discovery Period, we are happy to confer to discuss that. But we would like to know your position clearly before we move the Special Master for relief.

Thanks,

Hardy

From: Allison Huebert <allisonhuebert@quinnemanuel.com>
Sent: Monday, October 12, 2020 8:56 PM
To: Ehlers, J. Hardy <JEhlers@cov.com>; Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Kearney, Thomas <TKearney@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; Anderson, Sean <SRanderson@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Skopec, Allison <ASkopec@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Charter-Copyright-

5

QE <charter-copyright-qe@quinnemanuel.com>
Cc: Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Hill, Phil <PAHill@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Fields, Michael <MFields@cov.com>; Matt Oppenheim (Matt@oandzlaw.com) <Matt@oandzlaw.com>; Jeff Gould (Jeff@oandzlaw.com) <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu <Jia@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>
Subject: RE: Warner Records Inc. et al. v. Charter Communications, Inc.--Counter-counterclaim Discovery

**[EXTERNAL]**
Hardy,

We write in response to your October 9, 2020 email. Plaintiffs are not permitted to unilaterally "amend" previously-submitted discovery requests to cover new time periods and seek new information. If Plaintiffs intend to seek additional discovery related to their counter-counterclaims, they will need to serve new requests for such information and afford Charter an opportunity to respond to those requests consistent with FRCP 33, 34 and 36.

Thanks,

Allison Huebert
Associate,
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7427 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
allisonhuebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

From: Ehlers, J. Hardy [mailto:JEhlers@cov.com]
Sent: Friday, October 9, 2020 5:24 PM
To: Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Kearney, Thomas <TKearney@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; Anderson, Sean <SRanderson@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Skopec, Allison <ASkopec@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Allison Huebert <allisonhuebert@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>
Cc: Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Hill, Phil <PAHill@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Fields, Michael <MFields@cov.com>; Matt Oppenheim (Matt@oandzlaw.com) <Matt@oandzlaw.com>; Jeff Gould (Jeff@oandzlaw.com) <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu <Jia@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>
Subject: Warner Records Inc. et al. v. Charter Communications, Inc.--Counter-counterclaim Discovery

**[EXTERNAL EMAIL]**

Counsel:

Given Charter's position, endorsed by the Special Master, that discovery must proceed notwithstanding any pending motions to dismiss (or in Charter's case, pre-motion letters, see ECF 191), Plaintiffs are proceeding with discovery on their counter-counterclaims.  And promptly, in light of the fact discovery cut-off, which is currently only four months away.

In order to avoid rearguing all of the disputes we have already argued, we are hereby amending the Discovery Period for all of our discovery so that it covers the Counterclaim Period.  This new Discovery Period of January 1, 2012— April 30, 2020 applies to each of Plaintiffs' previously-served discovery requests and the relevant instructions in each set.  More specifically:

- The definition of Infringing Subscriber is now modified to cover infringement notices sent by any of the Plaintiffs through April 30, 2020.
- The scope of each RFP is expanded to also cover May 18, 2016 to April 30, 2020.  Charter will accordingly modify the parameters of each of the agreed-upon search terms so that they also capture documents dated from May 18, 2016 to April 30, 2020.
- Charter should supplement all of its discovery responses to include the responsive data and information for May 18, 2016 to April 30, 2020—including Interrogatory Nos. 13, 14, and 16.  [Plaintiffs will serve new RFAs covering the Counterclaim Period.]

Please let us know by October 13, 2020, whether Charter objects to expanding the Discovery Period in this manner to cover May 18, 2016 to April 30, 2020.  Plaintiffs will otherwise move to compel the expansion of the Discovery Period to include this Counterclaim Period.  If Charter believes there are some individual requests that should not be included as part of the expansion, we are willing to confer to discuss that.

Thanks,

Hardy

J. Hardy Ehlers
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4778 | jehlers@cov.com
www.cov.com

<image001.jpg>

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.