# Exhibit C

Telephonic Hearing
October 26, 2020

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00874-RBJ-MEH
_____

WARNER BROS. RECORDS INC., et al.,

    Plaintiffs,

vs.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

_____

TELEPHONIC HEARING

October 26, 2020
_____

    This telephonic hearing was taken before Special Master Regina Rodriguez on October 26, 2020, at 3:49 p.m. Mountain Standard Time before K. Michelle Dittmer, Registered Professional Reporter and Notary Public within the state of Colorado.

(The reporter, K. Michelle Dittmer, appearing remotely via telephone)

 1   getting to, which is:  The question is not whether
 2   plaintiffs' discovery can proceed at this point.  I think
 3   we have dealt with that issue.  The question is, how and
 4   what time period that is.
 5               As for relitigating each of the discovery
 6   issues just for a different time period, that is not
 7   going to fly.  The prior rulings in this case are the law
 8   of the case, and I would expect that the parties would
 9   review the prior rulings with regard to each discovery
10   request; and only if there are any proper objections,
11   only raise objections as to the next time period or the
12   additional time period.
13               The simplicity of simply amending the
14   discovery responses -- or discovery requests, while
15   compelling in its simplicity, I think misses the nuances
16   of this as well.  And the defendants do need to be able
17   to review this.  They are going to need some time and
18   there will be issues.
19               I agree it makes a good deal of sense for
20   us to figure out a practical way to march forward on
21   this.
22               So Counsel for Charter, if you want to
23   speak to those issues, I'd be interested to hear any
24   proposals that you have.
25               MR. SCHAPIRO:  Thank you.  And for the

 1   court reporter, this is Andy Schapiro.
 2               We have no intention certainly of
 3   relitigating issues on which there have already been
 4   rulings, and so I don't think we -- that you need to be
 5   concerned about the specter of that.  We understand that
 6   rulings are the law of the case.
 7               But also, we have rereviewed it, and
 8   certainly in some instances issues of burden, which were
 9   key to rulings that were already made, but also in
10   certain circumstances with these new works and new time
11   period with regard to relevance -- possibly even of
12   privilege, I'm not sure -- are going to be raised, and we
13   need to be able to do that pursuant to the rules and not
14   just through some informal email agreement.  We would
15   welcome your involvement in any discussions or
16   mediations.
17               But I want to come back to what I think is
18   the true efficient possibility here, which, again, would
19   be a stay.  And earlier, we opposed what was essentially
20   a unilateral stay, where, you know, there's a stay that
21   binds us but doesn't bind the other side.
22               But if we take a step back and try and ask
23   what's actually pragmatic here, in a situation where
24   there are counter-counterclaims that are going to, you
25   know, double the claims period, probably double the

1   amount of reviewing work involved for matters that --
2   which there is not -- there is not even going to be a
3   ruling as to whether we can file our brief on this, you
4   know, for months seems not cost-effective and not an
5   efficient use of resources.
6              I don't know whether that means I should
7   be asking you for leave for us to file a submission
8   asking to stay or bifurcate or modify the case schedule
9   or whether that's something for me to raise here.
10             But it's the thing that actually makes the
11  most sense.  And, you know, I, you know, am guilty as
12  charged if -- if, you know -- that if this is in some way
13  changing our minds about things; but circumstances change
14  and there's a big difference between a bilateral stay and
15  a unilateral stay.
16             Beyond that, we welcome your involvement
17  in any discussions as to the practicalities.
18             SPECIAL MASTER RODRIGUEZ:  All right.
19  Mr. Oppenheim or Ms. Sahni, do you want to specifically
20  address the issue that Mr. Schapiro raised with regard to
21  the stay?
22             MR. OPPENHEIM:  Sure.  And this is Matt
23  Oppenheim, and I'll lead off and I'll let Neema jump in
24  if I've missed something here.
25             The suggestion that the stay was okay when

```
 1   yes, the numbers might be slightly different.  They may
 2   be higher in one case or lower in another case than it
 3   was for the prior time period.
 4                 But to start from scratch means that it
 5   will take us at least six months to really get discovery
 6   going on the counter-counterclaims.  And that's a process
 7   that makes no sense.
 8                 SPECIAL MASTER RODRIGUEZ:  Okay.
 9   Mr. Schapiro, I guess the question that I have is -- or
10   maybe it's an observation.
11                 It sounds like the concern with regard to
12   the discovery is that there -- there may be additional
13   burden, there may be additional objections, there may be
14   a number of things.  However, we actually don't know.
15                 It seems to me that, at some point, unless
16   Judge Jackson denies or grants -- well, unless Judge
17   Jackson grants your motion to dismiss the
18   counter-counterclaims, we're going to be engaged in this
19   discovery process.
20                 So have you all sat down to actually look
21   to see what and whether there are actually additional
22   objections or whether this is just surmising based upon
23   the fact that there must be, given the breadth of
24   discovery and the addition of the time period and work?
25                 MR. SCHAPIRO:  Well, we -- it's something
```

```
 1   in between, Your Honor.  So we know -- we're not just
 2   speculating -- we know that --
 3                 SPECIAL MASTER RODRIGUEZ:  By the way,
 4   it's just -- Gina is fine or Ms. Rodriguez is fine.
 5                 MR. SCHAPIRO:  Wasn't --
 6                 SPECIAL MASTER RODRIGUEZ:  No "Your Honor"
 7   here.  Thanks.  No problem.  I just . . .
 8                 MR. SCHAPIRO:  It's something in between
 9   given that, you know, we just got this email, you know, a
10   couple weeks ago saying:  Let's add on the whole time
11   period.
12                 But I can tell you that it's -- we're not
13   just speculating when we say that the cast of custodians
14   was going to be substantially different.
15                 And as to Mr. Oppenheim's suggestion that
16   they don't want to get into discussions of burden, well,
17   that's exactly the right that we're asserting here.  We
18   have a right to assert burden, and that's why the rules
19   are set up the way that they are.
20                 There's -- there is zero doubt that there
21   will be substantial, I think, entirely legitimate claims
22   of burden based on these additional four years, new
23   custodians and 3,000 works.
24                 SPECIAL MASTER RODRIGUEZ:  Okay.
25                 MS. SAHNI:  Ms. Rodriguez, if I may --
```