# Exhibit I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER BROS. RECORDS INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 19-cv-00874-RBJ |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO CHARTER COMMUNICATIONS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

**PROPOUNDING PARTY**:   Defendant Charter Communications, Inc.

**RESPONDING PARTY**:   Plaintiffs Warner Records Inc., *et al*.

**SET NUMBER**:   Two

Plaintiffs Warner Records Inc., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Warner Chappell Music, Inc., Warner-Tamerlane Publishing Corp., W Chappell Music Corp. d/b/a WC Music Corp., W.C.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recordings, LLC, Sony/ATV Music Publishing LLC, EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs,

1

3. Any confidential or proprietary information pertaining to the Plaintiffs' businesses, technology, or economic relationships shall be disclosed solely pursuant to the protective order entered by the Court on September 6, 2019 (ECF No. 63).

4. Plaintiffs object to the definitions and instructions as overly broad and unduly burdensome to the extent they require Plaintiffs to provide any information beyond what Plaintiffs are able to locate from a reasonable and diligent search of their files.

5. Plaintiffs' responses to the Second RFAs will be made without waiver of, and with the intentional preservation of:

   a. All objections as to the competence, relevance, materiality, privilege, confidentiality, and admissibility as evidence in any aspect of this or any other legal proceeding;

   b. The right to object on any ground to the use of information or documents, or the subject matter thereof, in any aspect of this or any other legal proceeding;

   c. The right to object at any time to further responses to requests for admission on any ground; and

   d. The right to revise, correct, supplement, or clarify the responses and objections propounded herein at any time.

6. Plaintiffs' responses to the Second RFAs should not be construed as:

   a. An admission or stipulation that the information sought or subject matter of the request is properly discoverable or relevant;

   b. A waiver by Plaintiffs of any of their objections as set forth herein; or

   c. An agreement that requests for similar information will be treated in a similar manner.

7. Plaintiffs object to the Second RFAs as overbroad insofar as they do not include a date restriction; Plaintiffs interpret the Second RFAs to include a reasonable time period of March 1, 2012 to May 17, 2016 and limit their responses to the Second RFAs accordingly, unless otherwise indicated below.

3

**CERTIFICATE OF SERVICE**

I certify that on June 29, 2020, a true and correct copy of the foregoing was served on counsel for the parties of record.

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling
