# Exhibit J

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 19-cv-00874-RBJ |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO**
**CHARTER COMMUNICATIONS, INC.'S**
**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PROPOUNDING PARTY:**   Defendant Charter Communications, Inc.

**RESPONDING PARTY:**   Plaintiffs Warner Records Inc., *et al.*

**SET NUMBER:**   Three

Plaintiffs Warner Records Inc., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Warner Chappell Music, Inc., Warner-Tamerlane Publishing Corp., W Chappell Music Corp. d/b/a WC Music Corp., W.C.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recordings, LLC, Sony/ATV Music Publishing LLC, EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music

1

7. Plaintiffs interpret the Third Requests to include a reasonable time period of March 1, 2012 to May 17, 2016, and limit their responses to the requests for production accordingly, unless otherwise indicated below.

8. Plaintiffs object to the definition of "Dropped Works" as vague, ambiguous and irrelevant, including because, by definition, it exclusively encompasses works not currently in this case.

9. Plaintiffs object to the definition of "Plaintiff," "Plaintiffs," "You," or "Your," to the extent it encompasses entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control. Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case. By including "all past and present . . . employees" of every corporate affiliate, parent, and predecessor of the Plaintiffs, Charter is requesting that Plaintiffs search for information relating to tens of thousands of persons, including even persons who have not worked for any Plaintiff in decades. By including "all past and present predecessors, successors, subsidiaries, affiliates, and parent companies[,]" Charter is requesting that Plaintiffs search for information held or pertaining to related corporate entities which have no connection to this matter. Plaintiffs will construe the terms "Plaintiff," "Plaintiffs," "You" or "Your" to refer to the specific entities named as Plaintiffs in this action.

10. Plaintiffs object to the definition of "RIAA" to the extent that definition encompass entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control. Plaintiffs further object to the definitions as overbroad, unduly burdensome, and disproportionate to the needs of the case. By including "past and present employees" of each such entity, Charter is requesting that Plaintiffs search for information relating to an unknown number of persons, all of whom are outside of Plaintiffs' control. Plaintiffs will construe "RIAA" to mean the Recording Industry Association of America itself.

4

## **CERTIFICATE OF SERVICE**

I certify that on June 29, 2020, a true and correct copy of the foregoing was served on counsel for the parties of record.

>                           */s/ Jonathan M. Sperling*
>                           Jonathan Sperling