# Exhibit K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

Case No. 19-cv-00874-RBJ

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO
CHARTER COMMUNICATIONS, INC.'S THIRD SET OF INTERROGATORIES
TO THE RECORD COMPANY PLAINTIFFS**

**PROPOUNDING PARTY**:   Defendant Charter Communications, Inc.

**RESPONDING PARTY**:   Record Company Plaintiffs (Warner Records Inc., *et al.*)

**SET NUMBER**:   Three

Plaintiffs Warner Records Inc. (f/k/a Warner Bros. Records Inc.), Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, and WEA International Inc. (the "Warner Music Plaintiffs"); Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recording LLC (the "Sony Music Plaintiffs"); and UMG Recordings, Inc., and Capitol Records, LLC (the "Universal Music Plaintiffs" and together with Warner Music Plaintiffs and Sony Music Plaintiffs, the "Record Company Plaintiffs"), through their undersigned counsel and pursuant to Rule 33 of the Federal

1

5. Record Company Plaintiffs' response to the interrogatories will be made without waiver of, and with the intentional preservation of:

   a. All objections as to competence, relevance, materiality, privilege, confidentiality, authenticity, and admissibility as evidence in any aspect of this or any other legal proceeding;

   b. The right to object on any ground to the use of information or documents, or the subject matter thereof, in any aspect of this or any other legal proceeding;

   c. The right to object at any time to further responses to interrogatories on any ground;

   d. The right to revise, correct, supplement, or clarify the responses and objections propounded herein at any time; and

   e. The right to object to terms defined in the "Definitions" section of Charter's Interrogatories but not used in these Third RCP Interrogatories.

6. Identification or production of documents or information responsive to any discovery request should not be construed as:

   a. An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

   b. A waiver by Record Company Plaintiffs of any of their objections as set forth herein; or

   c. An agreement that requests for similar information will be treated in a similar manner.

7. ==Record Company Plaintiffs interpret the Third RCP Interrogatories to include a reasonable time period of March 1, 2012 to May 17, 2016 and limit their responses to each Interrogatory accordingly, unless otherwise indicated below.==

8. Record Company Plaintiffs object to the definition of "Plaintiff," "Plaintiffs," "You," or "Your," to the extent it encompasses entities, individuals, and information outside of Record Company Plaintiffs' knowledge, possession, custody, or control. Record Company Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs

3

## CERTIFICATE OF SERVICE

I certify that on June 29, 2020 a true and correct copy of the foregoing was served on counsel for the parties of record.

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling