# Exhibit L

#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER BROS. RECORDS INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 19-cv-00874-RBJ |

#### PLAINTIFFS' OBJECTIONS AND RESPONSES TO
#### <u>CHARTER COMMUNICATIONS, INC.'S FIRST SET OF INTERROGATORIES</u>

PROPOUNDING PARTY:   Defendant Charter Communications, Inc.

RESPONDING PARTY:     Plaintiffs Warner Records, Inc., *et al.*

SET NUMBER:                    One

Plaintiffs Warner Records Inc. (f/k/a Warner Bros. Records Inc.), Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., WEA International Inc., Warner Chappell Music, Inc. (f/k/a Warner/Chappell Music, Inc.), Warner-Tamerlane Publishing Corp., WB Music Corp., W.C.M. Music Corp. (f/k/a W.B.M. Music Corp.), Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings, LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music

1

    a. An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

    b. A waiver by Plaintiffs of any of their objections as set forth herein; or

    c. An agreement that requests for similar information will be treated in a similar manner.

7. ==Plaintiffs interpret the interrogatories to include a reasonable time period of March 1, 2012 to May 17, 2016 and limit their responses to the interrogatories accordingly, unless otherwise indicated below.==

8. Plaintiffs object to the definition of "Plaintiff," "Plaintiffs," "You," or "Your," to the extent it encompasses entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control. Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case. By including "all past and present . . . employees" of every corporate affiliate, parent, and predecessor of the Plaintiffs, Charter is requesting that Plaintiffs search for information relating to tens of thousands of persons, including even persons who have not worked for any Plaintiff in decades. By including "all past and present predecessors, successors, subsidiaries, affiliates, and parent companies[,]" Charter is requesting that Plaintiffs search for information held or pertaining to related corporate entities which have no connection to this matter. Plaintiffs will construe the terms "Plaintiff," "Plaintiffs," "You" or "Your" to refer to the specific entities named as Plaintiffs in this action.

9. Plaintiffs object to the definition of "Communication" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition includes "telex" messages, which refers to messages sent on a public switched network of teleprinters that businesses used prior to the adoption of fax machines in the 1980s. Charter cannot justify the burden of searching for and reviewing telex messages since this case concerns Charter's infringement of Plaintiffs' copyrights from 2013 to 2016. It is also unlikely that "posts on social media platforms or blogs" would contain relevant information not already publicly available to Charter. And any limited or tangential relevance of such information would be outweighed by the

4

## CERTIFICATE OF SERVICE

I certify that on July 25, 2019, a true and correct copy of the foregoing was served on counsel for the parties of record.

                                                */s/ Neema T. Sahni*
                                                Neema T. Sahni