# Exhibit M

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WARNER BROS. RECORDS INC., *et al.*,

        Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

        Defendant.

**Case No. 19-cv-00874-RBJ**

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO
CHARTER COMMUNICATIONS, INC.'S SECOND SET OF INTERROGATORIES
TO THE MUSIC PUBLISHER PLAINTIFFS**

**PROPOUNDING PARTY**:  Defendant Charter Communications, Inc.

**RESPONDING PARTY**: Music Publisher Plaintiffs (Warner Chappell Music, Inc., *et al.*)

**SET NUMBER**: Two

       Plaintiffs Warner Chappell Music, Inc. (f/k/a/ Warner/Chappell Music, Inc.), Warner-Tamerlane Publishing Corp., W Chappell Music Corp. d/b/a WC Music Corp. (f/k/a/ WB Music Corp.), W.C.M. Music Corp. (f/k/a W.B.M. Music Corp.), Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Sony/ATV Music Publishing LLC, EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc. individually and d/b/a EMI Longitude Music, EMI Entertainment World Inc. d/b/a/ EMI Foray Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Famous Music LLC, Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Universal Music Corp., Universal

a.   An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

b.   A waiver by Music Publisher Plaintiffs of any of their objections as set forth herein; or

c.   An agreement that requests for similar information will be treated in a similar manner.

7.   Music Publisher Plaintiffs interpret the interrogatories to include a reasonable time period of March 1, 2012 to May 17, 2016 and limit their responses to the interrogatories accordingly, unless otherwise indicated below.

8.   Music Publisher Plaintiffs object to the definition of "Plaintiff," "Plaintiffs," "You," or "Your," to the extent it encompasses entities, individuals, and information outside of Music Publisher Plaintiffs' knowledge, possession, custody, or control. Music Publisher Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case. By including "all past and present . . . employees" of every corporate affiliate, parent, and predecessor of the Music Publisher Plaintiffs, Charter is requesting that Music Publisher Plaintiffs search for information relating to tens of thousands of persons, including even persons who have not worked for any Plaintiff in decades. By including "all past and present predecessors, successors, subsidiaries, affiliates, and parent companies[,]" Charter is requesting that Music Publisher Plaintiffs search for information held or pertaining to related corporate entities which have no connection to this matter. Music Publisher Plaintiffs will construe the terms "Plaintiff," "Plaintiffs," "You" or "Your" to refer to the specific entities named as Music Publisher Plaintiffs in this action.

9.   Music Publisher Plaintiffs object to the definition of "RIAA" to the extent it encompasses entities, individuals, and information outside of Music Publisher Plaintiffs' knowledge, possession, custody, or control. Music Publisher Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case. By including "past and present employees" of the RIAA, Charter is requesting that Music Publisher Plaintiffs search for information relating to an unknown number of persons, all of whom are outside of Music

## CERTIFICATE OF SERVICE

I certify that on March 26, 2020, a true and correct copy of the foregoing was served on counsel for the parties of record.

*/s/ Neema T. Sahni*
Neema T. Sahni