# Exhibit O

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 19-cv-00874-RBJ |

### PLAINTIFFS' OBJECTIONS AND RESPONSES TO CHARTER COMMUNICATIONS, INC.'S SECOND SET OF INTERROGATORIES TO THE RECORD COMPANY PLAINTIFFS

**PROPOUNDING PARTY**: Defendant Charter Communications, Inc.

**RESPONDING PARTY**: Record Company Plaintiffs (Warner Records Inc., *et al.*)

**SET NUMBER**: Two

Plaintiffs Warner Records Inc. (f/k/a Warner Bros. Records Inc.), Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recording LLC, UMG Recordings, Inc., and Capitol Records, LLC (collectively "Record Company Plaintiffs"), through their undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby respond to Defendant Charter Communications, Inc.'s ("Charter") Second Set of Interrogatories upon Record Company

1

4. Record Company Plaintiffs object to the definitions and instructions as overly broad and unduly burdensome to the extent they require Record Company Plaintiffs to provide any information beyond what Record Company Plaintiffs are able to locate from a reasonable and diligent search of their files.

5. Record Company Plaintiffs' response to the interrogatories will be made without waiver of, and with the intentional preservation of:

   a. All objections as to competence, relevance, materiality, privilege, confidentiality, authenticity, and admissibility as evidence in any aspect of this or any other legal proceeding;

   b. The right to object on any ground to the use of information or documents, or the subject matter thereof, in any aspect of this or any other legal proceeding;

   c. The right to object at any time to further responses to interrogatories on any ground;

   d. The right to revise, correct, supplement, or clarify the responses and objections propounded herein at any time; and

   e. The right to object to terms defined in the "Definitions" section of Charter's Interrogatories but not used in Interrogatories 13 or 14.

6. Identification or production of documents or information responsive to any discovery request should not be construed as:

   a. An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

   b. A waiver by Record Company Plaintiffs of any of their objections as set forth herein; or

   c. An agreement that requests for similar information will be treated in a similar manner.

7. ==Record Company Plaintiffs interpret the interrogatories to include a reasonable time period of March 1, 2012 to May 17, 2016 and limit their responses to the interrogatories accordingly, unless otherwise indicated below.==

3

## **CERTIFICATE OF SERVICE**

I certify that on March 26, 2020, a true and correct copy of the foregoing was served on counsel for the parties of record.

*/s/ Neema T. Sahni*
Neema T. Sahni