# Exhibit P

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

**Case No. 19-cv-00874-RBJ**

### PLAINTIFFS' AMENDED OBJECTIONS AND RESPONSES TO CHARTER COMMUNICATIONS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

PROPOUNDING PARTY:   Defendant Charter Communications, Inc.

RESPONDING PARTY:    Plaintiffs Warner Records Inc., *et al.*

SET NUMBER:          One and Two

Plaintiffs Warner Records Inc., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Warner Chappell Music, Inc., Warner-Tamerlane Publishing Corp., W Chappell Music Corp. d/b/a WC Music Corp., W.C.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Chappell & Co. Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recordings, LLC, Sony/ATV

1

      c. The right to object at any time to further requests for production on any ground; and

      d. The right to revise, correct, supplement, or clarify the responses and objections propounded herein at any time.

6. Identification or production of documents or information responsive to any discovery request should not be construed as:

      a. An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

      b. A waiver by Plaintiffs of any of their objections as set forth herein; or

      c. An agreement that requests for similar information will be treated in a similar manner.

7. ==Plaintiffs interpret the Requests to include a reasonable time period of March 1, 2012 to May 17, 2016, and limit their responses to the requests for production accordingly, unless otherwise indicated below.==

8. Plaintiffs object to the definition of "Plaintiff," "Plaintiffs," "You," or "Your," to the extent it encompasses entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control. Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case. By including "all past and present . . . employees" of every corporate affiliate, parent, and predecessor of the Plaintiffs, Charter is requesting that Plaintiffs search for information relating to tens of thousands of persons, including even persons who have not worked for any Plaintiff in decades. By including "all past and present predecessors, successors, subsidiaries, affiliates, and parent companies[,]" Charter is requesting that Plaintiffs search for information held or pertaining to related corporate entities which have no connection to this matter. Plaintiffs will construe the terms "Plaintiff," "Plaintiffs," "You" or "Your" to refer to the specific entities named as Plaintiffs in this action.

## **CERTIFICATE OF SERVICE**

I certify that on May 27, 2020, a true and correct copy of the foregoing was served on counsel for the parties of record.

                                                */s/ Neema T. Sahni*
                                                Neema T. Sahni