IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No 19-cv-00874-RBJ-MEH

WARNER BROS. RECORDS INC., *et al*.,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Defendant has filed a Motion for Entry of an Order Pursuant to Federal Rule of Evidence 502(d). ECF 283. The genesis of this Motion is Plaintiffs' Motion to Compel Production of All Documents Related to Charter's Spoliation Listed on Charter's Privilege Log or Otherwise Withheld on the Basis of Privilege. ECF 262. There are approximately 820 documents on the Defendant's privilege log that are sought by Plaintiffs in connection with Plaintiffs' claim of spoliation. In the current Motion Defendant proposes to voluntarily produce over 600 of the allegedly privileged documents, as long as this Court enters an order under Fed. R. Evid. 502(d) that such production would not act as a waiver in this or any other proceeding. Both sides agree the Court has to authority to enter such an order. Defendant asserts the Court has such authority with or without Plaintiffs' consent; Plaintiffs contend that only with the receiving party's consent have courts used Rule 502(d) in this manner.

    I agree that entry of the type of order requested by Defendant (whether explicitly under Rule 502(d) or pursuant to the Court's inherent authority) would promote the interests of Fed. R. Civ. P. 1. I agree with Plaintiffs that the current situation was apparently not contemplated by the

drafters of Rule 502(d) nor has it been the subject of any case they or I could find; rather, the Rule was designed to address inadvertent disclosures, and the reported cases analyze it in that context or in the context of a party who intentionally discloses privileged information *and then* seeks the protection of the Rule as to other privileged but related information. This would be a fairly novel use of the Rule, where a party seeks an advance judicial ruling of nonwaiver.[1] But beyond the bare legal argument that Rule 502(d) was not intended for this purpose (although the language of the Rule itself would permit its use in this manner), Plaintiffs offer nothing material to caution against Defendant's requested order. I will address each of Plaintiffs' parade of horribles below.

### I.     It Is a Ploy

Plaintiffs make this argument in various forms. For example, they accuse Defendant of an "ongoing strategy to use privilege and work-product protection as both a sword and shield – to selectively disclose helpful documents while shielding unhelpful ones." They also argue that a Rule 502(d) order "raises serious concerns that Charter is trying to hide critical documents bearing on the document destruction." I disagree this would be the outcome of a Rule 502(d) order. Defendant is already "shielding" *all* 820 documents on their privilege log. Plaintiffs, in a separate motion, are already seeking all 820 documents. An order permitting disclosure of the 600-odd documents proposed by Defendant will not moot Plaintiffs' attempt to seek the rest of the documents. That issue will still be in play.

### II.    Charter Is Cherry-Picking What Documents to Disclose

Even if this is true, so what? Plaintiffs urge the Court not to "fall for it" concerning Defendant's apparent slight-of-hand. That is an unfortunate way to speak of the Court or the Defendant. Maybe, as Defendant purportedly believes, after Plaintiffs have reviewed the voluntary

---

[1] Some cases have addressed a situation in which the parties have drafted a protective order containing a provision protecting intentional disclosure of privileged documents. Again, that is unlike the current facts.

2

disclosure, they will buy into Defendant's argument that any document destruction was inadvertent, and maybe they will not. In my view, at the least, Defendant's production will narrow and refine the arguments that the Court may inevitably entertain. In any event, the Court has ordered the withheld, attorney opinion documents to be provided *in camera*.

### III.     Defendant Has Not Identified its Criteria for Disclosure

This is a fair point. In its Reply, Defendant stated that all documents on the spoliation privilege list—except those constituting opinion work product—are being produced.

### IV.     Defendant Is Using Rule 502(d) for a Tactical Advantage

Even if Defendant has an undisclosed motive for the process it proposes (and Plaintiffs have no factual basis for saying so other than the unfortunate animosity that has developed between the parties in this case), Plaintiffs are not giving up anything. Incidentally, there would have been no need to have a Rule 502(d) order, or to apply that Rule in this case, if counsel cooperated on reasonable requests such as the current Motion. The assumption that opposing counsel are trying to pull a fast one (or that the Court is naively in danger of falling for it) is all too typical an assertion in the briefing in this case.

### V.      Defendant Has Not Stated It Is Producing All Documents in the Six Categories

This is another fair point. In its Reply, Defendant states plainly that it is proposing to produce all non-opinion work product documents in the six categories of documents.

### VI.     Defendant's Proposal Seeks to Avoid Consequences of its Prior Disclosure

This Order shall not extinguish any argument Plaintiffs have that any prior disclosures not authorized by this Order have resulted in a waiver of privilege.

Finally, there is one telling point Plaintiffs do not make whatsoever. Rule 502(d) states that its protection of nonwaiver extends to any other federal or state proceeding. Plaintiffs do not

address this aspect of the Rule.  Likewise, Plaintiffs make no showing that preserving the privilege as to the documents to be produced under this Order prejudices Plaintiffs.

Therefore, the Motion for Entry of an Order [filed November 4, 2020; ECF 283] is **granted** to the extent that Defendant shall produce documents it has previously withheld as privileged, as requested in the Motion.  Such production *by itself* shall not waive attorney/client or attorney work product privilege that otherwise applies to the produced documents, in this case or any other federal or state proceeding.  The Court advises Defendant to cast a wide net, and be as aggressive as possible, in producing such documents from its privilege log.  This Order is not intended as a determination that any documents Defendant produces are in fact privileged.  Plaintiffs retain all arguments that Defendant has inappropriately designated a document as privileged.

SO ORDERED.

DATED at Denver, Colorado this 18th day of December, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4