**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00874-RBJ-MEH

WARNER BROS. RECORDS INC., et al.,

        Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

        Defendant.

---

**SPECIAL MASTER'S ORDER REGARDING PLAINTIFFS' REQUEST FOR RECONSIDERATION OF SPECIAL MASTER'S ORDER ON CHARTER'S MOTION TO COMPEL MARKMONITOR'S COMPLIANCE WITH SUBPOENA *DUCES TECUM***

---

**Entered by Regina M. Rodriguez, Special Master, on December 22, 2020,**

    Pending before me is Plaintiffs' request to reconsider my October 5, 2020 Order on Charter's motion to compel MarkMonitor's compliance with Charter's subpoena duces tecum. Charter served the subpoena on MarkMonitor—and provided a copy to Plaintiffs—on December 20, 2019. MarkMonitor provided its final response to the subpoena on March 15, 2020. On May 11, 2020, Charter filed a motion to compel MarkMonitor's compliance in the Northern District of California. On May 26, 2020, MarkMonitor filed its opposition to Charter's motion to compel. On June 2, 2020, Charter filed its reply. Plaintiffs did not raise any objection to Charter's subpoena, nor did they object or respond to Charter's motion at this time. On July 17, 2020, the motion was transferred to the District of Colorado. On September 17, 2020, a hearing was held with Charter, MarkMonitor, and the Plaintiffs.

1

I issued an Order on Charter's motion to compel on October 5, 2020. On October 9, 2020, Plaintiffs submitted a letter brief raising a number of issues with that Order. Charter responded by email on October 11, 2020, arguing that Plaintiffs lack standing to object to the third-party subpoena and had, nonetheless, waived any arguments by failing to raise them sooner.

On October 12, 2020, I ordered the parties to submit briefing on the following issues:

1. Plaintiffs' standing to object to and request reconsideration of the Order, including standing to object based on relevance, particularly in light of the fact that Plaintiffs did not move to quash the subpoena prior to entry of the Order;

2. Whether and to what extent the MarkMonitor system used in relation to the CAS program was the same as the system used in relation to the RIAA and MarkMonitor Agreement; and

3. Whether inspection of the source code for the MarkMonitor system used for the notices issued in this case adequately addresses the request for information regarding the system used for such notices.

Plaintiffs submitted briefing on this issue on October 16, 2020. Charter responded on October 23, 2020. The issue is fully briefed and is ripe for review.

**For the following reasons, Plaintiffs' request for reconsideration of my October 5, 2020 Order is denied.**

I. **LEGAL STANDARD**

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas. In relevant part, Rule 45 permits a party to an action to serve a nonparty with a subpoena commanding the nonparty to produce designated documents within that nonparty's possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). The nonparty on whom a subpoena is served to produce documents or tangible things may serve on the party or attorney designated in the subpoena "a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested." *Id*. at (d)(2)(B).

A subpoena served on a third party pursuant to Rule 45 is considered discovery within the meaning of the Federal Rules of Civil Procedure and thus must comply with the same standards that govern discovery between the parties: to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses and is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

On a timely motion, the court must quash or modify a subpoena that (1) fails to allow a reasonable time to comply; (2) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; (3) subjects a person to undue burden; or (4) requires the disclosure of a trade secret or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B); *R&D Film 1, LLC v. Does 1-66*, No. 13-CV-00433-WYD-MEH, 2013 WL 4052425, at *1 (D. Colo. Aug. 12, 2013) (Hegarty, M.J.). Generally, "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought[,]" or "upon a showing that there is a

privacy interest applicable." *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997). "Objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena." *Cobbler Nevada, LLC v. Does 1-14*, No. 15-CV-02771-WYD-MEH, 2016 WL 300827, at *1 (D. Colo. Jan. 25, 2016).

## II. PLAINTIFFS DO NOT HAVE STANDING TO OBJECT TO THE ORDER

Plaintiffs here request that I amend my order with respect to (i) the technology used in the Copyright Alert System ("CAS") and (ii) the relevant time frame for communications between MarkMonitor and Plaintiffs. Plaintiffs' October 16, 2020 Letter Brief ("Pl. Br.") at 1. Plaintiffs argue that their challenge to the order is timely and proper.

Plaintiffs present three arguments in support of their claim of standing. First, Plaintiffs argue that they have a "protectable interest, and thus standing, to ensure that rulings they have already secured are observed." Pl. Br. at 2. Second, Plaintiffs argue that Charter seeks information owned by Plaintiffs, which confers them with standing based on their proprietary interest. Finally, Plaintiffs argue that they are entitled to challenge the scope and relevance of a non-party subpoena, even without moving to quash.

Plaintiffs argue that they have standing to quash the subpoena here because Charter's request to MarkMonitor allegedly amounts to an "end-run around the limits already established by prior discovery rulings." Pl. Br. at 2. Plaintiffs cite to *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC (RMI), 2019 WL 4166780 (N.D. Cal. Sept. 3, 2019), at *4-5 to support this claim. In *Glass Egg*, however, the party objecting to the subpoena at issue specifically argued that it had standing to move to quash the subpoenas because they "s[ought] information directly related to Defendants' confidential interest." *Id.* at *2. Further still, the

4

court in *Glass Egg* considered requests sent to third parties during limited jurisdictional discovery, where the court had only allowed discovery into one discrete issue. Plaintiffs also cite to *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, 19-cv-4007-SAC-TJJ, 2019 WL 2174087, at *3 (D. Kan. May 20, 2019) and *Lowe v. New Mexico ex rel. King*, No. CV 10-315 JH/LFG, 2011 WL 13284675, at *3 (D.N.M. Oct. 3, 2011). *See* Pl. Br. at 2. Neither *Orchestrate HR* nor *Lowe*, however, discusses or involves a party's standing to object to a third-party subpoena. Those cases are, therefore, not instructive on this issue. Thus, Plaintiffs have not established a need to depart from the standards set forth in Rule 45 and reiterated in *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) and *Cobbler Nevada, LLC v. Does 1-14*, No. 15-CV-02771-WYD-MEH, 2016 WL 300827, at *1 (D. Colo. Jan. 25, 2016).

Plaintiffs secondarily argue that they have standing to quash the subpoena based on their "proprietary interest" in the information. Pl. Br. at 2. In support of this argument, Plaintiffs cite to *Howard v. Segway, Inc.*, No. 11-cv-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012). In *Howard*, the court suggested that a party may have standing to quash a third-party subpoena when they have a claim of "personal interest or proprietary interest." *Id*. *Howard* is not instructive here. The court in *Howard* instructed that a party may have a personal right sufficient to confer standing "where a subpoena seeks production of that party's employment records," because such a request "implicates a personal privacy right in the contents of those records." *Id*. Judge Hegarty, considering *Howard*, reiterated that objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena. *See R&D Film*, 2013 WL 4052425 at *2. Plaintiffs here are not arguing that the information sought

5

implicates a privacy or privilege right, nor does there appear to be any such right actually implicated.

Finally, Plaintiffs argue that they are entitled to challenge the scope and relevance of the subpoena, even without moving to quash. Plaintiffs' argument here is somewhat unclear. First, Plaintiffs argue, for the first time, that they are not seeking to quash the subpoena but are instead seeking review of the scope of discovery sought. They then cite to *Sun River*, which specifically considered a party's request for a protective order. Plaintiffs suggest in footnote 2, however, that they also are *not* seeking a protective order here. It is, therefore, unclear on what grounds, procedurally, Plaintiffs seek to object to the subpoena. Regardless, I find the principals set forth in *Sun River* to be inapplicable here. The court there instructed that a party seeking protection from discovery has the burden of showing "specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection." *Sun River Energy, Inc. v. Nelson*, No. 11-CV-00198-MSK-MEH, 2011 WL 1527715, at *3 (D. Colo. Apr. 22, 2011). Plaintiffs have made no such showing here.

Because the Plaintiffs have not identified a privilege or privacy right in the information sought by Charter, Plaintiffs do not have standing to quash or otherwise object to Charter's subpoena.

### III.  EVEN IF PLAINTIFFS HAD STANDING TO OBJECT, THEIR OBJECTIONS HAVE BEEN WAIVED

Rule 45 instructs that motions to quash or otherwise modify a subpoena must be timely. Fed. R. Civ. P. 45(d)(3)(A). While "timely" is not specifically defined in section 45(d)(3), courts have generally read "timely" to mean within the time set in the subpoena for compliance. This

6

reading has been adopted by Judge Hegarty, who has instructed that a timely motion to quash is one that is brought pursuant to the timeframe set forth in Rule 45(d)(2)(B), "before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Wiley v. Covad Commc'ns Co.*, No. 09-CV-01799-WYD-MEH, 2010 WL 1225035, at *1 (D. Colo. Mar. 29, 2010). Pursuant to this interpretation of Rule 45, Plaintiffs have failed to timely seek to quash or otherwise modify the subpoena.

Even adopting a looser interpretation of "timely," Plaintiffs have not offered any support for a claim that their request is timely. Charter served its subpoena on December 20, 2019, approximately twelve months ago, with a return date of January 15, 2020. Plaintiffs filed their objection on October 9, 2020, approximately ten months after the service of the subpoena. "Under no stretch of the imagination is a motion made 10 months after the return date for the subpoena 'timely.'" *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002).

Plaintiffs argue that they did not file a brief on Charter's motion to compel to "avoid burdening the Special Master with unnecessary and excessive briefing." Pl. Br. at 1. Plaintiffs suggest that I instructed the parties not to submit additional briefing. Such a suggestion is misleading. In my September 25, 2020 email, I instructed that "the parties should not file further letters, email, motions, etc. *without a full meet and confer with opposing counsel*." Def. Br., Ex. O (emphasis added). My directive, therefore, merely required the parties to abide by the Local Rules of this District. Regardless, my September 25 email came nine months after Charter

7

issued its subpoena. Because Plaintiffs did not move to quash or modify the subpoena for ten months, they have waived their objections thereto.[1]

Because MarkMonitor does not have standing to quash or otherwise modify the subpoena, I need not address Plaintiffs' specific objections and requests.[2]

**Plaintiffs' request for reconsideration and modification of my October 5, 2020 Order is denied. MarkMonitor shall produce or log documents in accordance with that Order no later than January 8, 2021.**

Dated this 22nd day of December, 2020                BY THE SPECIAL MASTER:

*/s/ Regina M. Rodriguez*
Regina M. Rodriguez
Special Master

---

[1] Plaintiffs' suggestion that MarkMonitor could now raise these same arguments is similarly without merit, as MarkMonitor is also bound by the timeliness requirements set forth in Rule 45.

[2] I acknowledge, however, the evidence submitted by Plaintiffs that "the MarkMonitor System used in CAS differed from that used to send notices to Charter." Marks Decl. ¶ 9. In my October 5 Order I stated that "the technology used in connection with CAS is the same as the technology used in connection with the work relevant to MarkMonitor." ECF 253 at 8. At the time that I issued my Order, neither Plaintiffs nor MarkMonitor had offered evidence disputing Charter's allegations that the systems were the same. In light of the evidence submitted in the Declaration of Steven Marks, I clarify that my statement does not constitute a finding of fact on this issue.