# Exhibit B



Matthew J. Oppenheim
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
matt@oandzlaw.com

*Via Electronic Mail*  July 13, 2020

Special Master Regina Rodriguez
1225 17th Street, Suite 2600
Denver, CO 80202
regina.rodriguez@wilmerhale.com

Re:  *Warner Records et al. v. Charter Communications*, Case No. 19-cv-00874

Dear Special Master Rodriguez:

Plaintiffs hereby submit their challenges to Defendant Charter Communications' revised privilege log. Charter's descriptions for many of the documents on the revised log are insufficient to sustain Charter's assertion of privilege under the standards established by the Tenth Circuit and the District of Colorado, as explained in the attached chart.

"The burden of proving a communication is privileged is upon the [party] asserting the privilege." *Kovacs v. Hershey Co.*, 2006 WL 3319103, at *3 (D. Colo. Nov. 14, 2006) (quoting *United States v. Bump*, 605 F .2d 548, 551 (10th Cir.1979)). Particularly relevant here, a critical component of the attorney-client privilege is "whether the communication between the client and the attorney is made in confidence of the relationship and under circumstances from which it may reasonably be assumed that the communication will remain in confidence." *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006). Thus, the party claiming privilege must make a "clear showing" of such confidentiality and reasonable expectation thereof, and its privilege log must provide sufficient information to "enable other parties to assess the applicability of the privilege or protection." *In re Application of Michael Wilson & Partners*, 2009 WL 1193874, at *6 (D. Colo. Apr. 30, 2009) (*quoting* Fed. R. Civ. P. 26(b)(5)).

In this case, Charter has refused to provide a sufficiently detailed description of its documents to sustain its burden. And, during the meet and confer, Charter refused to answer many of the questions raised about the documents on the grounds that the Special Master had already ruled that the log contained sufficient information. Of course, that claim ignores the instruction you gave for the parties to meet and confer about individual entries in an effort to resolve potential disputes on individual entries.

Comparing Plaintiffs' privilege log to Charter's privilege log demonstrates just how vague and conclusory Charter's entries are. While in some cases, parties agree to bulk or generic assertions of privilege, the parties did not do so in this case.

Charter claims that all withheld documents are privileged because they are or relate to communications or advice by in-house counsel. But that is an overly broad reading of privilege.

July 13, 2020<br>Page 2 of 2

Not all documents that contain legal advice are necessarily privileged.  Rather, "[w]here business and legal advice are intertwined, the legal advice must predominate for the communication to be protected." *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 2018 WL 3055774, at *3 (D. Colo. May 23, 2018) (internal citations removed).  If it is unclear whether the legal advice sought or received is the "primary purpose" of any withheld documents, *id.,* Plaintiffs request an *in camera* review of those items.

Plaintiffs have limited their challenges to Charter's log based on the information they have at present.  Plaintiffs reserve their right to challenge other items withheld by Charter as privileged at a later time.

Sincerely,

*/s/ Matthew J. Oppenheim*