# EXHIBIT 2

**Ehlers, J. Hardy**
___

| | |
|---|---|
| **From:** | Ranahan, Erin <ERanahan@winston.com> |
| **Sent:** | Saturday, September 5, 2020 6:26 PM |
| **To:** | Regina.Rodriguez@wilmerhale.com; Tracy.Gomez@wilmerhale.com |
| **Cc:** | Golinveaux, Jennifer; Padmanabhan, Krishnan; Elkin, Michael; jtanner@fwlaw.com; cjoyce@fwlaw.com; Spitzer, Seth; Lane, Thomas; Anderson, Sean; Andrew Schapiro; Jessica Rose; Linda Brewer; Todd Anten; Dolan, Mairead K.; Rosenthal, John; jferguson@williamsweese.com; Brody, Michael; Gomez, Tracy M.; Waters, Patty; charlesverhoeven@quinnemanuel.com; David Eiseman; Sperling, Jonathan; Chen, Mark Y; Matt Oppenheim; Kamin, Mitchell A; Lampros, Nicholas M.; Scott Zebrak; O'Neil, William; Fields, Michael; Jeff Gould; Sahni, Neema T; Jia Ryu; Kellyn Goler; Andrew (Andrew@oandzlaw.com); Alvarez, Cesie; Ehlers, J. Hardy; Alvarez, Cesie |
| **Subject:** | RE: Warner v. Charter - Privilege Log Letter Brief |

**[EXTERNAL]**
Dear Ms. Rodriguez,

In yet another inflammatory email from Mr. Ehlers, in which Plaintiffs' counsel takes issue with Charter's 2-page brief regarding privilege log Item 28, Plaintiffs' counsel now accuses Charter of "failing to comply" with your order in an aggressive attempt to pierce privilege.  As can be seen from the email in question and its attachment, which have been provided to you *in camera*, there is no legitimate basis to challenge Charter's privilege claim with respect to Item 28.  In-house attorneys Mr. Abramov and Ms. Starkweather were the authors/contributors of the powerpoint attached to the email, which provides legal advice to Charter employees.   We confirmed, through a sworn declaration, that the recipients of the email were all Charter employees, and we provided names and titles for all those included by name.  We have confirmed that the document was not disseminated to anyone outside of Charter and was communicated only to those at Charter who needed to receive the legal advice.  *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *8 (N.D. Cal. May 1, 2019) (rejecting the request by the party challenging privilege claim for *in camera* inspection based on claim that communications shared through distribution lists waived privilege because the challenging party "offer[ed] no facts to suggest that the recipients of the email…disseminat[ed] them to individuals outside of their respective organizations.").  Accordingly, there is no basis to assert that Charter has "waived" the right to claim privilege in this obviously privileged communication, which courts consider a "drastic" remedy that should be reserved for "the most extreme situations."  *Corstone Indus., L.L.C. v. Home Depot USA., Inc.,* 2011 WL 13177612, at *1 (N.D. Ga. May 18, 2011) ("stripping a party of its attorney-client privilege and breaching its attorneys' work-product privilege are extremely drastic remedies, which should be used only in the most extreme situations"); *Maint. Enterprises, Inc. v. Dyno Nobel, Inc.*, 2009 WL 10670683, at *8 (D. Wyo. Nov. 13, 2009) (noting that courts should take caution before imposing the "drastic remedy of waiver").

1

Plaintiffs' two out-of-circuit cases do not support their claim that Charter has somehow "waived" its right to maintain privilege with respect to this document.  In *Hayes v. SmithKline Beecham Corp.*, communications listed on the log at issue were between *non-employee individuals*. 2008 WL 11381397, at *4 (N.D. Okla. Dec. 19, 2008). Here, Charter has explained that the email at issue was only disseminated to Charter employees by way of two internal distribution lists. The special master in *Hayes* also advised that "[w]here it appears, based on the representations in [the] privilege log and the contents and context of the e-mail thread itself, that the communication was intended primarily to apprise personnel within the company about the legal advice sought and given by company counsel, the email thread is privileged." *Id.* at *10. Thus, *Hayes* supports Charter's privilege claim.  Moreover, Charter has explained the internal groups used the distribution lists at issue (and confirmed by declaration that the distribution lists contained only Charter personnel) which, unlike in *Orion Corp. v. Sun Pharm. Indus., Ltd*., provides context as to why recipients "needed the asserted privileged information to carry out their employment duties." 2010 WL 686545, at *10 (D. N.J. Feb. 22, 2010). As *Orion* acknowledges, "[t]he failure to identify with specificity the recipients of the information alleged to be privileged does not necessarily void the assertion of the privilege." *Id.* at *9. Charter has indicated, as supported by Mr. Vasey's declaration, that the distribution lists in question were internal distribution lists used by the security team and those who handled copyright notices. No one outside the zone of privilege received the email.  Plaintiffs sent a litigation demand three years after this email, and thus even if the precise names on the internal Charter security distribution list from one day in 2013 (seven years ago) are not fully accessible, that does not present any basis to waive the privilege, in light of Charter's sworn declaration confirming that the distribution lists *never* contained any non-Charter employees.

Finally, we are concerned that Plaintiffs are taking advantage of the process by sending near-daily emails to you with unfounded accusations and mischaracterizations, which has resulted in rulings before Charter has been afforded the opportunity to meaningfully respond (in a week where multiple briefs and responses were already due in this case).  With the initial guidance step for disputes recently removed, Plaintiffs also have abandoned any genuine effort to resolve issues informally, and have declined to even attempt to meet and confer with Charter on issues before raising them directly with you, imposing their own unilateral demands about when responses are required.

In order to curb this misconduct, and to minimize the burdens that are likely being placed on you due to this proliferation of unnecessary email disputes, Charter respectfully requests that you direct the parties to exhaust their meet and confer efforts prior to raising issues with you by email (and to certify that a good faith meet and confer has occurred).  Charter reserves the right to seek appropriate remedies against Plaintiffs should further abuses of the discovery process occur.

Thank you,

-Erin

**Erin R. Ranahan**

**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

---

**From:** Ehlers, J. Hardy <JEhlers@cov.com>
**Sent:** Thursday, September 3, 2020 6:32 PM
**To:** Alvarez, Cesie <CAlvarez@winston.com>; Regina.Rodriguez@wilmerhale.com; Tracy.Gomez@wilmerhale.com
**Cc:** Golinveaux, Jennifer <JGolinveaux@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Elkin, Michael <MElkin@winston.com>; jtanner@fwlaw.com; cjoyce@fwlaw.com; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; Anderson, Sean <SRanderson@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Dolan, Mairead K. <Mairead.Dolan@wilmerhale.com>; Rosenthal, John <JRosenthal@winston.com>; jferguson@williamsweese.com; Brody, Michael <MBrody@winston.com>; Gomez, Tracy M. <Tracy.Gomez@wilmerhale.com>; Waters, Patty <PWaters@winston.com>; charlesverhoeven@quinnemanuel.com; David Eiseman <davideiseman@quinnemanuel.com>; Ranahan, Erin <ERanahan@winston.com>; Sperling, Jonathan <jsperling@cov.com>; Chen, Mark Y <MYChen@cov.com>; Matt Oppenheim <Matt@oandzlaw.com>; Kamin, Mitchell A <MKamin@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Scott Zebrak <Scott@oandzlaw.com>; O'Neil, William <woneil@cov.com>; Fields, Michael <MFields@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Sahni, Neema T <nsahni@cov.com>; Jia Ryu <Jia@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>
**Subject:** RE: Warner v. Charter - Privilege Log Letter Brief

Dear Ms. Rodriguez,

Plaintiffs write again to request that you order Charter to comply with your orders.  Specifically, Charter's letter from Tuesday night failed to provide the information that your August 12 order required with respect to Charter's Privilege Log Item 28, because Charter did not identify a single member of the two listservs at issue, nor any of their job titles.

Plaintiffs' challenge and the Special Master's August 12 order focused on the document's broad dissemination within Charter, through these listservs, without identifying who the particular recipients were:

> Plaintiffs argue that Charter cannot sustain its assertion of privilege on this email for two reasons: first, the email was sent broadly throughout Charter using two different listservs**.** Plaintiffs allege that Charter's counsel has been unable to identify who was on the listserv or the nature of the listserv group.…*the inclusion of two unidentified listservs, without further description*, calls into question the confidentiality of the allegedly privileged document…Plaintiffs are entitled to determine [] who received the document or communication in question.

Dkt. 230 at 29-30 (emphasis added).  Charter's September 1 letter brief and declaration add no "further description" of who received the document through these listservs; it identifies neither the names nor the "titles of the recipients of the communication," which is what the Special Master ordered Charter to provide.  *Id*. at 30.

Charter's letter brief is also concerning because, in support of its claim of privilege, it asserts that two counsel, Kirill Abramov and Kelly Starkweather, is each an "individual who appears on the email" at issue.  But that assertion is erroneous:  the (redacted) email in question is attached, and neither Abramov nor Starkweather appears in any address field.

3

Plaintiffs respectfully request that you order Charter to comply with the August 12 order by stating the members of each listserv identified in Privilege Log Item 28 and their job titles. If Charter cannot do so by September 5, it should be found to have waived the privilege over this document. *See* July 13 Challenges to Charter's Privilege Log; *Hayes v. SmithKlineBeecham Corp.*, 2008 WL 11381397, at *4 (N.D. Okla. Dec. 19, 2008) (privilege waived "where legal advice is disseminated to a large group of personnel [within the corporation] including lawyers and non-lawyers and doing so was unnecessary to transmit the lawyer's advice"); *Orion Corp. v. Sun Pharm. Indus., Ltd.*, 2010 WL 686545, at *10 (D. N.J. Feb. 22, 2010) (privilege waived for a presentation sent to large group of employees, where party did not establish that dissemination was limited to employees who needed to know the information).

Thank you,

Hardy Ehlers

---

**From:** Alvarez, Cesie <CAlvarez@winston.com>
**Sent:** Tuesday, September 1, 2020 8:36 PM
**To:** Regina.Rodriguez@wilmerhale.com; Tracy.Gomez@wilmerhale.com
**Cc:** Golinveaux, Jennifer <JGolinveaux@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Elkin, Michael <MElkin@winston.com>; jtanner@fwlaw.com; cjoyce@fwlaw.com; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; Anderson, Sean <SRanderson@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Dolan, Mairead K. <Mairead.Dolan@wilmerhale.com>; Rosenthal, John <JRosenthal@winston.com>; jferguson@williamsweese.com; Brody, Michael <MBrody@winston.com>; Gomez, Tracy M. <Tracy.Gomez@wilmerhale.com>; Waters, Patty <PWaters@winston.com>; charlesverhoeven@quinnemanuel.com; David Eiseman <davideiseman@quinnemanuel.com>; Ranahan, Erin <ERanahan@winston.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Chen, Mark Y <MYChen@cov.com>; Matt Oppenheim <Matt@oandzlaw.com>; Kamin, Mitchell A <MKamin@cov.com>; Lampros, Nicholas M. <nlampros@cov.com>; Scott Zebrak <Scott@oandzlaw.com>; O'Neil, William <woneil@cov.com>; Fields, Michael <MFields@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Sahni, Neema T <nsahni@cov.com>
**Subject:** Warner v. Charter - Privilege Log Letter Brief

[EXTERNAL]
Dear Ms. Rodriguez,

In accordance with your August 12 Order concerning Item 28 on Charter's privilege log, Charter submits the attached letter brief and supporting declaration. Charter will provide the documents for your in-camera review corresponding to Item 28 under separate cover.

Kind regards,
Cesie

**Cesie C Alvarez**
**Associate Attorney**
Winston & Strawn LLP
800 Capitol St., Suite 2400
Houston, TX 77002-2925

D: +1 212-294-6737

F: +1 713-651-2700

VCard | Email | winston.com
*Admitted to practice in New York*
*Not admitted to practice in Texas*



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.