**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00874-RBJ-MEH

WARNER BROS. RECORDS INC., et al.,

       Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

       Defendant.

---

**SPECIAL MASTER'S ORDER REGARDING PLAINTIFFS' REQUEST FOR
PRODUCTION OF UNREDACTED CATS ABUSE SUMMARY REPORTS**

---

**Entered by Regina M. Rodriguez, Special Master, on January 14, 2021,**

Pending before me is Plaintiffs' request for an order compelling Charter to produce unredacted copies of certain CATS Abuse Summary reports. Plaintiffs allege that Charter produced a number of daily email reports, titled "CATS Abuse Summary," which provided statistics on new tickets and responsive actions. According to Plaintiffs, approximately fifty of these contain a table setting forth "complainant address[es]." These documents have been produced with these email addresses redacted.

Plaintiffs argue that the term "complainant" has been used in other documents to refer to rightsholders and that this information should therefore not be redacted. Charter acknowledges that the term "complainant" may have been used to refer to rightsholders in other documents, but represents that, in this document, "complainant" does not refer to rightsholders. Charter represents that, to the best of its knowledge, the redacted addresses are not associated with any

1

known rightsholders. Instead, Charter represents that the addresses appear to be associated with subscribers, and therefore constitute Personally Identifiable Information (PII) that is required to be redacted. Counsel for Charter specifically represented that it did "investigations with [Charter] to try to get some more information off this field. [Charter] ran cross-checks against…all the rightsholders…that [Charter] could identify from ticket data…" Dec. 21, 2021 Hearing Tr. 25:18-23. Counsel for Charter also represents that Charter confirmed that many of the addresses identified belonged to subscribers. While Charter was not able to verify that each and every address belonged to a subscriber, Charter represents its good faith belief that the remaining addresses belong to subscribers. *Id.* at 31:24-32:1. Charter simply does not have adequate information to confirm given the passage of time.

I ordered Charter to provide me with five sample documents—chosen by Plaintiffs—containing partial redactions so that I could determine whether the redactions appear consistent with Charter's representations and whether the redacted sections likely contained PII requiring redactions. *Id.* 34:3-7. Having reviewed the documents and the addresses, I find no indication whatsoever that the redacted emails identify any rightsholders. The addresses themselves appear to be personal email addresses. Given Charter's representations, and based on my own review of the documents, I find that Charter's redactions were proper.

**Plaintiffs' request is denied.**

Dated this 14th day of January 2021        BY THE SPECIAL MASTER:

                                                                           */s/ Regina M. Rodriguez*
                                                                           Regina M. Rodriguez
                                                                           Special Master