**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

        Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

        Defendant.

_____

**FIRST STIPULATED AMENDMENT TO THE PROTECTIVE ORDER**
_____

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of Plaintiffs Warner Records Inc., et al. (collectively, "Plaintiffs") and Charter Communications, Inc. ("Defendant"), good cause having been shown, the following amendment to the Protective Order entered on September 6, 2019 (Dkt. No. 63) ("Protective Order") is hereby ORDERED as follows:

**Disclosures of Agreements Between Plaintiffs and Non-Party Streaming Services**

1.    A producing party may be in possession of agreements between the producing party and non-party providers of interactive music streaming services (the "Streaming Services" or, individually, a "Streaming Service"). The following provisions are added to provide additional protections for such non-party Streaming Services.

2.    A producing party, including any party to this action and any non-party producing information voluntarily or pursuant to a subpoena or court order, may designate as HIGHLY

CONFIDENTIAL - COMPETITIVELY SENSITIVE INFORMATION any agreements that are the subject of paragraph 1 above (the "Agreements" or, individually, an "Agreement"), and the receiving parties shall not challenge this designation.

3. Information designated HIGHLY CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION shall be subject to the same requirements as information designated HIGHLY CONFIDENTIAL – SOURCE CODE pursuant to the Protective Order, including that information designated HIGHLY CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION shall be disclosed only to those Qualified Persons identified at paragraph 5(b) of the Protective Order, except that with respect to the agreements designated as HIGHLY CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION, the outside counsel referenced in paragraph 5(b)(i) shall include only: (a) attorneys who have appeared in this Action on behalf of a party (and not other outside counsel retained by a party or their support personnel), or (b) employees of law firms appearing in this Action on behalf of a party, including attorneys and support personnel, who have otherwise obtained permission to access the agreements from a signatory thereto, as permitted by the terms of such agreement.  Notwithstanding the foregoing, any expert report that incorporates aggregated information from agreements that are designated HIGHLY CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION may be disclosed to in-house litigation counsel for the Defendant, Charter Communications, Inc. identified in **Exhibit A** (and only those identified in **Exhibit A**), and in-house litigation counsel for the Sony Music Record Label Plaintiffs, Sony/ATV Music Publisher Plaintiffs, Universal Music Record Label Plaintiffs, Universal Music Publishing Plaintiffs, Warner Music Record Label Plaintiffs, and

Warner Chappell Music Publisher Plaintiffs identified in **Exhibit A** (and only those identified in **Exhibit A**), provided that the expert report not cite or reference any specific agreement or any information from any specific agreement, and provided that the in-house litigation counsel execute Attachment A agreeing to be bound by the terms of this Protective Order. For the avoidance of doubt, if there are any specific substantive references to information (*i.e.*, references to non-aggregated information) that have been designated HIGHLY CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION contained in any expert report, such information will be redacted from the version provided to such in-house litigation counsel.

    4.    With regard to actual or potential independent experts or consultants (and their respective support personnel) engaged in connection with this litigation, disclosure shall only be made pursuant to the requirements in paragraph 5(b)(ii) of the Protective Order. Information designated HIGHLY CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION will not be subject to the Protective Order's paragraph 6 requirements.

    5.    In addition, the parties to this action shall:

        a.  Allow the non-party Streaming Services to redact portions of the Agreements that contain information that is not relevant to the litigation, which the parties agree would include personal identifying information of employees, business or technological terms that do not constitute financial terms, and releases of legal claims.  In the event that a Streaming Service seeks to redact any other type of information, it shall meet and confer with counsel for the parties and attempt to resolve such dispute expeditiously, in good faith, and without court

3

intervention.

b. Identify to the non-party Streaming Services any person who signs Attachment A to the Protective Order and would have access to the Agreements as an independent expert or consultant. Upon such identification, the non-party Streaming Services will have the opportunity to object to the disclosure as provided in paragraph 14(b) of the Protective Order, except that the non-party Streaming Services shall have seven (7) days instead of four (4) days in which to object to the disclosure.

c. Provide immediate notice to the non-party Streaming Services if the parties to the litigation become aware of any unauthorized disclosure of the Agreements, including any public filing of the Agreements, and agree to work together to withdraw and remedy such disclosure within 24 hours of becoming aware of such disclosure.

d. Notify the non-party Streaming Services when the obligations of paragraph 16 of the Protective Order have been completed. With respect to paragraphs 5(b)-(c) above, it is the responsibility of the party who first learns the relevant information to notify the non-party Streaming Services.

6. Nothing in this First Stipulated Amendment to Protective Order shall be construed as precluding a non-party from seeking additional protection from the Court against the disclosure or production of the Agreements, including an order that the Agreements, or any portions thereof, not be disclosed at any public hearing or trial, or be disclosed only in a specified restricted manner at trial. Any party seeking to disclose any portion of any

Agreement at any public hearing or trial shall request that the Court take steps to protect the confidentiality of the Agreement to the extent appropriate and practical, and shall notify the non-party Streaming Service whose confidential information is at issue at least seven (7) days in advance, to allow the Streaming Service an opportunity to object or seek additional restrictions against such disclosure.

7. Any identification and/or notice required to be given to a non-party Streaming Service pursuant to this amendment to the Protective Order shall be made by email to counsel representing the non-party Streaming Service in connection with this Action, listed on **Exhibit B** hereto. For any non-party Streaming Service whose counsel is not listed on **Exhibit B**, the identification and/or notice may be given in accordance with the notice provision of that Streaming Service's Agreement.

It is **SO ORDERED** this 21st day of January, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 21, 2021                                             Respectfully submitted,

*/s/ Jonathan M. Sperling*                                          */s/ Andrew H. Shapiro*
Jonathan M. Sperling                                                Andrew H. Schapiro
COVINGTON & BURLING LLP                                             Allison Huebert
The New York Times Building                                         QUINN EMANUEL URQUHART &
620 Eighth Avenue                                                   SULLIVAN, LLP

New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS &
WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
E-mail: andrewschapiro@quinnemanuel.com
E-mail: allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
E-mail: charlesverhoeven@quinnemanuel.com
E-mail: davideiseman@quinnemanuel.com
E-mail: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
E-mail: toddanten@quinnemanuel.com
E-mail: jessicarose@quinnemanuel.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Fl.
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)

(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

*Attorneys for Defendant*

## **EXHIBIT A**

**Designated in-house counsel for Defendant**:

Kirill Abramov, Steven Sherman

**Designated in-house counsel for Plaintiffs**:

SME: Wade Leak, David Jacoby

SATV/EMI: David Przygoda

UMG/UMPG: Alasdair McMullan, Carla Miller

WMG: Brad Cohen, Kirsten Vanhoose

WCP: Tim Meade

1

# **EXHIBIT B**

**Counsel for Non-Party Streaming Services to be Noticed**:

| | |
|---|---|
| Apple: | Jesse Koehler, jesse_koehler@apple.com |
| | Alli Stillman, Alli.Stillman@lw.com |
| Amazon: | Ajeet Pai, ajeetpai@amazon.com |
| Google: | John Mancini, jmancini@mayerbrown.com |
| | Matt Gubiotti, gubiotti@google.com |
| Pandora: | Alli Stillman, Alli.Stillman@lw.com |
| | Jaesan Subramaniam, jsubramaniam@pandora.com |
| Spotify: | Alli Stillman, Alli.Stillman@lw.com |
| | Brendan Kehoe, brendank@spotify.com |