**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00874-RBJ-MEH

WARNER BROS. RECORDS INC., et al.,

        Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

        Defendant.

---

**ORDER REGARDING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

---

Having reviewed and considered the parties' Stipulated Motion for Approval of the Remote Deposition Protocol, Dkt 342, I find that the motion is proper and order that the Motion is granted. The Stipulated Remote Deposition Protocol attached to this order will be deemed an order by the Special Master.

SO ORDERED this 28th day of January, 2021.

BY THE SPECIAL MASTER

Regina M. Rodriguez
Special Master

1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| WARNER RECORDS INC. (f/k/a/ Warner Bros. Records, Inc.), *et al*., <br><br> *Plaintiffs*, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> *Defendant*. | Case No. 19-cv-00874-RBJ-MEH |

## STIPULATED REMOTE DEPOSITION PROTOCOL

IT IS HEREBY AGREED, by and between Plaintiffs Warner Records Inc., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, WEA International Inc., Warner Chappell Music, Inc., Warner-Tamerlane Publishing Corp., W Chappell Music Corp. d/b/a WC Music Corp., W.C.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, 2 LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, The Century Family, Inc., Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Entertainment World Inc. d/b/a EMI Foray Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Famous Music LLC, Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond

-1-

Music Corp., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Limited, Universal/MCA Music Publishing Pty. Limited, Music Corporation of America, Inc., PolyGram Publishing, Inc., and Songs of Universal, Inc., and Defendant Charter Communications, Inc. ("Charter"), that the following provisions of this stipulation shall permit and govern all remote depositions in the above-captioned action (the "Action").  The stipulation is based on the following and subject to the conditions set forth below:

WHEREAS, the COVID-19 pandemic has made conducting traditional in-person depositions difficult and inadvisable given health concerns and associated restrictions that have been put in place around the country;

WHEREAS, it is uncertain when these health concerns will subside and when these associated restrictions will be lifted;

WHEREAS, pursuant to Rule 29(a) of the Federal Rules of Civil Procedure, the Parties may stipulate that "a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified – in which event it may be used in the same way as any other deposition";

WHEREAS, pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, the Parties "may stipulate . . . that a deposition be taken by telephone or other remote means";

WHEREAS, the Parties have agreed that it will be necessary to conduct certain depositions remotely (the "Remote Depositions"), have agreed upon the means by which they will conduct the Remote Depositions, and wish to memorialize their agreement;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, pursuant to Federal Rules of Civil Procedure Rules 29(a) and 30(b)(4) that:

1.      Unless otherwise agreed by all Parties all depositions in this Action shall be conducted remotely using videoconference technology, and each deponent shall be video-recorded. Should the circumstances concerning the COVID-19 pandemic change such that it is practical to conduct a deposition in person where the deponent and the Parties' counsel are able to attend, the Parties agree to meet and confer regarding whether the deposition should take place in person or remotely. This meet and confer will occur sufficiently in advance of the deposition to allow enough time for those who intend to participate in person to obtain the relevant travel permissions and make the necessary travel arrangements. Regardless of whether it is feasible to conduct a deposition in person due to developments concerning the COVID-19 pandemic, the Parties agree that the deposition will not take place in person unless the deponent and counsel for all Parties all agree to conduct the deposition in person.

2.      The Party taking the deposition may select remote court reporting, videoconference, and remote deposition services vendors of their choosing.  The protocols listed below shall govern the taking of all remote depositions, regardless of the selected vendor, unless the Parties agree in writing or on the record to a modification.  The Parties agree that employee(s) of the vendor may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, assist with the use of exhibits,  administer virtual breakout rooms, among other administrative tasks.  Unless otherwise agreed by the Parties and the deponent, the deposition shall take place during the normal business hours of the deponent's location.

3.      The Parties agree that any video-recorded remote depositions taken in accordance with the agreed procedures herein may be used at a trial or hearing to the same extent that an in-

person deposition may be used at a trial or hearing, and the Parties agree not to object to the use of the video recordings on the basis that the depositions were taken remotely and/or through an electronic, internet-based service.

4.      In the event of any technical difficulties occurring during a deposition that require the deposition to be continued, the Parties agree to meet and confer in good faith about alternative dates and times for completing the deposition along with appropriate limitations.  The court reporter will calculate the amount of time remaining on the record, and the continued deposition may last up to that amount of time.  The Parties reserve all other objections to the use of any deposition testimony at trial.

5.      Any time during which a deposition cannot proceed due to technical issues will not count as time on the record.

6.      If counsel is prevented from timely asserting an objection on the record due to a technical disruption, counsel must attempt to assert the objection before the deposition ends, in which case it will be preserved as if it had been timely presented and recorded.

7.      The deponent, court reporter, videographer, and counsel for the Parties will each participate in the videoconference deposition remotely and separately, unless the deponent in his or her sole discretion requests the physical presence of his or her counsel, in which case counsel for the deponent is entitled to be physically present with the deponent during the deposition.  If counsel intends to be physically present with the deponent during the deposition, counsel must notify the Party taking the deposition at least two (2) calendar days prior to the deposition so that counsel taking the deposition has the option of appearing for the deposition in person as well. The deponent, court reporter, counsel examining the deponent, and counsel representing the deponent,

shall be visible to all other participants, and their statements shall be audible to all participants at all times while on the record.

8.      No counsel or other participant in the deposition shall initiate a private conference, including but not limited to a communication by text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while on the record, whether or not a question is pending.  Nothing in this paragraph prohibits or prevents counsel for the deponent from conferring with the deponent during a break in the deposition, in a "breakout room" or otherwise, as otherwise permitted by law. Nothing in this paragraph prohibits or prevents the Parties' attorneys from communicating with each other by any means during the deposition.

9.      The deponent is prohibited from turning off his or her microphone while on the record.  The deponent may not use secondary screens, wireless screens, television screens, and other devices that can be connected remotely to the computer being used for the deposition audio and video feed, unless they are used only for the deposition feed.  While on the record, each deponent shall close all documents, emails, browsers, programs and applications other than the deposition feed on their computer.  While on the record, the deponent shall also silence the ringer and refrain from communicating or viewing material on his or her cell phone.

10.     The videographer shall actively monitor the framing of the deponent on the screen to attempt to replicate what it would be with an in-person deposition, including coverage of the witnesses from head to elbows, and with the deponent generally facing the camera, and instruct the witness to adjust his or her position and/or that of his or her computer camera accordingly.  The deponent shall follow the instructions of the videographer, including regarding camera angle and background.

11.     Each deponent will agree, and defending counsel will instruct the deponent, not refer to notes, outlines, or other documents or materials during the deposition (apart from exhibits previously provided to both sides) unless the deponent's counsel first notifies and provides the materials to opposing counsel. Should a deponent refer to any notes, outlines, or other documents or materials during his or her deposition, such documents or materials shall immediately be produced to counsel for the noticing party.

12.     Pursuant to Rule 30(b)(5)(A), remote depositions will be conducted before a court reporter who shall have all of the authority of an officer appointed or authorized under Rule 28 with respect to administering remote depositions.

13.      The court reporter may administer the oath or affirmation to the deponent through the remote deposition video platform from a different physical location than the deponent, and such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the deponent.

14.     The court reporter will stenographically record the deponent's testimony and all other on-record statements, and the court reporter's final transcript shall constitute the official record.  The vendor will simultaneously videotape the deposition and preserve the video recording.  For purposes of Rule 30(c)(1), the videographer shall be considered to be acting in the presence and under the direction of the court reporter, so long as the videographer is able to hear and take direction from the court reporter, even though the videographer may be in a different physical location than the court reporter.

15.     Counsel for the Party noticing the deposition shall ensure that counsel for all Parties have access to a live feed of the real-time stenographic record.  The deponent shall not be permitted to access the real-time stenographic record, and counsel shall not provide the deponent such access.

16.     The court reporter may be given a copy of the video recording of the deposition and may review such video recording to improve the accuracy of any written transcript.

17.     The Parties stipulate and agree that the court reporter shall be permitted to administer the oath to the witness via the videoconference.

18.     The Parties shall bear their own costs in obtaining real-time transcription, rough and final transcripts, and/or video record of the deposition.

19.     The Party that noticed the deposition shall provide the vendor with a copy of this Stipulation at least twenty-four hours in advance of the deposition.

20.     At the beginning of each deposition, the vendor employee responsible for video-recording the deposition shall begin with a statement on the record by the officer that includes (i) the officer's name and business address; (ii) the date, time, and place of the deposition; (iii) the name of the deponent; (iv) the administration of the oath or affirmation to the deponent; and (v) an identification of all persons present.

21.     At the beginning of each segment of the deposition, the vendor employee responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

22.     The Parties agree to work collaboratively and in good faith with the vendor to assess each deponent's technological abilities and to troubleshoot any issues at least forty-eight (48) hours in advance of the deposition so any adjustments can be made.  The Parties also agree to work collaboratively to address and troubleshoot technological (including audio or video) issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues.  This provision shall not be interpreted to compel any Party to proceed with a

deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

23.     Every deponent shall have the technology required to appear for a videotaped deposition (*e.g.*, a webcam, and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition.  To ensure that a deponent is able to adequately view exhibits, he or she shall use a computer to participate in the deposition, and may not rely solely on a cell phone or tablet.  Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology.  If the deponent does not have the required technology, counsel for the deponent shall supply it prior to the deposition.

24.     The Parties agree that any or a combination of the following methods for administering exhibits may be employed during a remote deposition:

a.  Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Parties' counsel, and the court reporter.  In that event, noticing counsel shall so inform the deponent's counsel, the other Parties' counsel, and the court reporter prior to mailing the documents, and shall provide tracking information for the package. Such documents shall be delivered by 5:00 p.m. ET the business day before the deposition.  Counsel for the deponent, the other Parties' counsel, and the court reporter shall confirm receipt of the package by email to counsel noticing the deposition.  If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition.

b.   Counsel noticing the deposition may choose to send documents that may be used during the deposition via email, FTP, or other file-transmission technology to the deponent, the deponent's counsel, the other Parties' counsel, and the court reporter. The documents may be delivered collectively no later than one (1) hour before the commencement of the deposition or individually in real time during the deposition . Counsel for the deponent, the other Parties' counsel, and the court reporter shall confirm receipt of the documents by email to counsel noticing the deposition or on the record during the deposition. Documents sent collectively before the deposition may be password-protected, in which case counsel taking the deposition shall supply the password via email prior to the commencement of the deposition.  Every recipient of documents sent before the deposition shall not view the documents until the deposition begins and when directed to do so by the counsel taking the deposition.  If sending documents by email, counsel will be mindful of file size limitations, which presumptively should be 20 MB or less.

c.   Counsel may introduce exhibits electronically during the deposition, by using the vendor's document-sharing technology, or by using the screen-sharing technology within the videoconferencing platform.  All participants must be given full access to the entirety of each exhibit that is introduced.  In addition, all participants must be able to independently review the entirety of each exhibit that is introduced, without assistance, at any time they wish, and without others being able to see which portion of the exhibit they are viewing.

d.   These same procedures shall apply to any documents any other counsel intends to use for examining the witness.

At examining counsel's option, exhibits may be pre-marked, electronically marked by examining counsel at the time each exhibit is introduced, or electronically marked by the court reporter at the time each exhibit is introduced.

25.     Examining counsel may electronically highlight, annotate, scroll, zoom, or search any exhibit introduced, so long as all participants can see any electronic modifications to the exhibit.  Highlighting or other annotations shall not be deemed a part of the exhibit, and shall be removed prior to finalization of the deposition record.

26.     Counsel for the Parties may retain any documents received before or during a deposition, pursuant to Paragraph 24 above, including those documents not introduced as exhibits during the deposition.

27.     Counsel noticing the deposition will make all necessary scheduling and logistical arrangements with the court reporter, videographer, and court reporting service, and ensure that all participants to the deposition receive the link to join the deposition and dial-in information for the audio feed. The Parties will provide, no later than twenty-four hours before the start of the deposition, the names of all individuals who will participate in the deposition on their behalf by video or phone.  The defending counsel will also provide, at least one week prior to the deposition, the city and state or country where the deponent will be physically located for the deposition.

28.     The Parties may modify these procedures as appropriate by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual instances.

Dated: January 27, 2021

*/s/ Jonathan M. Sperling*_____
Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com

*Counsel for Plaintiffs*

*/s/ Andrew H. Schapiro*_____
Andrew H. Schapiro
Allison Huebert
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
E-mail: andrewschapiro@quinnemanuel.com
E-mail: allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
E-mail:
charlesverhoeven@quinnemanuel.com
E-mail: davideiseman@quinnemanuel.com
E-mail: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
E-mail: toddanten@quinnemanuel.com
E-mail: jessicarose@quinnemanuel.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer

WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com
Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

*Counsel for Defendant*
*Charter Communications, Inc.*