# EXHIBIT 2

**Ehlers, J. Hardy**
___

| | |
|---|---|
| **From:** | Seth Fortenbery <sethfortenbery@quinnemanuel.com> |
| **Sent:** | Thursday, January 7, 2021 10:14 AM |
| **To:** | Ehlers, J. Hardy; Ranahan, Erin; Golinveaux, Jennifer; Elkin, Michael; Kearney, Thomas; Padmanabhan, Krishnan; Spitzer, Seth; Anderson, Sean; Alvarez, Cesie; Skopec, Allison; Andrew Schapiro; David Eiseman; Jessica Rose; Linda Brewer; Allison Huebert; Todd Anten; Michelle A. Clark; Nathan Hamstra; Charter-Copyright-QE |
| **Cc:** | Kamin, Mitchell A; Sperling, Jonathan; Sahni, Neema T; Grigsby, Stacey; Hill, Phil; Picker, Joshua B; Fields, Michael; Matt Oppenheim (Matt@oandzlaw.com); Jeff Gould (Jeff@oandzlaw.com); Scott Zebrak; Andrew (Andrew@oandzlaw.com); Kellyn Goler; Jia Ryu; 'Corey Miller'; Alex Kaplan |
| **Subject:** | RE: Warner Records Inc. et al. v. Charter Communications, Inc. \| Dec. 7 Discovery Responses |

**[EXTERNAL]**
Hardy,

We write in response to your email below.

As a threshold issue, we note that Plaintiffs have now twice served Charter with discovery purporting to be "Plaintiffs' Fourth Set of Interrogatories to Defendant Charter Communications, Inc." (*See* Interrogatories served on Nov. 5, 2020, and Dec. 23, 2020). Both sets of interrogatories began their numerical counting at number 17. Though the rationale for this irregularity is unclear, we assume Plaintiffs may have been attempting to replace the November 5 set with the December 23 set, given that the November 5 requests related to works and a claims period that Judge Jackson did not allow to be added to the case and ordered stricken from the record. *See* Dec. 15, 2020, Hrg. Tr. 10:6-17 (granting Charter's oral motion to strike the proposed counterclaims from Plaintiffs' answer); *see also* Dkt. No. 316 ("The plaintiffs' request to add new claims is DENIED."). For the purposes of this discussion, we are nevertheless assuming that the "Fourth Set of Interrogatories" you are discussing below are the November 5 interrogatories. Your attempt to enforce this discovery is improper for all of the reasons set forth below.

The November 5 discovery requests—Plaintiffs' Fourth Set of Interrogatories and Sixth Set of RFPs—have consistently been understood by both the parties and the Court as discovery aimed exclusively at Plaintiffs' proposed counterclaims, which, again, were never properly at issue in the case and have been stricken. Indeed, your first email on this subject noted that "Plaintiffs are proceeding with discovery on their counter-counterclaims" and announced that Plaintiffs "are hereby amending the Discovery Period for all of our discovery so that it covers the Counterclaim period." H. Ehlers Email, Oct. 9, 2020. Charter objected to Plaintiffs' attempt to unilaterally amend its preexisting discovery via email in contravention of the Federal Rules of Civil Procedure. *See, e.g.*, Oct. 12, 2020 Email from A. Huebert to H. Ehlers. At the subsequent discovery conference, the Special Master explained that Plaintiffs would need to formally serve "requests that address this particular time period and ***are related to the counter-counterclaim[s]***." Oct. 26, 2020, Hrg. Tr. at 24:23-25 (emphasis added). Plaintiffs inexplicably served their new discovery requests on the evening of November 5 despite receiving a ruling earlier that day indicating that Judge Jackson was not inclined to expand the scope of the case. *See, e.g.*, Dkt. No. 284 at 5-6 (granting Charter leave to amend its counterclaims to clarify they were limited to the original claims period and works-in-suit). In doing so, Plaintiffs explicitly noted that they were "***re-serv[ing] their requests to cover the counter-counterclaims period.***" Nov. 5, 2020 Email from H. Ehlers to L. Brewer (emphasis added). In substance, the only difference between the discovery

already served and the new requests was the stated intent to cover the new works and new proposed claims period.  Oct. 26, 2020 Hrg. Tr. at 25:20-21 (Special Master recognizing that "Plaintiffs have represented that [the new requests] are the exact same requests" as had already been served, but simply applied to the new proposed claims period).  Consistent with this understanding, embedded in each of the November 5 discovery requests was a citation to: (a) the original, earlier-served request, and (b) any prior ruling impacting the scope of the earlier request.  Oct. 26, 2020, Hrg. Tr. at 24:11-17.  Since it then became clear from Judge Jackson's November 5 Order and November 7 Minute Order that Judge Jackson was not going to allow the new claims, Charter asked Plaintiffs to withdraw the November 5 discovery.  Plaintiffs refused, and required Charter to formally serve objections on December 7.  Charter's December 7 objections made explicit that Charter viewed the discovery to be inappropriate because Plaintiffs had not yet been granted leave to add the new claims.  *See* December 7, 2020 Objections to Fourth Set of Rogs at p. 6 ("Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted") (citing *Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at *2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint")).

On December 15, Judge Jackson issued his ruling on Plaintiffs' proposed counterclaims and unequivocally ended this dispute for good.  Plaintiffs' "counterclaims" were not allowed to be added to this case and have been formally stricken from the record.  As such, all of the November 5 discovery requests related to the barred claims are moot and unenforceable.  *Kirschner*, 2020 WL 4671577, at *2.  Given the extensive history related to the now-barred claims, and the significant time and expense that has already been wasted on them, we will not entertain any further discussion regarding the November 5 discovery.  We will view any further attempts to do so as a clear violation of Judge Jackson's December 15 ruling.

Regards,

Seth

---

**From:** Ehlers, J. Hardy [mailto:JEhlers@cov.com]
**Sent:** Monday, January 4, 2021 6:52 PM
**To:** Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Kearney, Thomas <TKearney@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Anderson, Sean <SRanderson@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Skopec, Allison <ASkopec@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Allison Huebert <allisonhuebert@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Michelle A. Clark <michelleclark@quinnemanuel.com>; Nathan Hamstra <nathanhamstra@quinnemanuel.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Cc:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Grigsby, Stacey <SGrigsby@cov.com>; Hill, Phil <PAHill@cov.com>; Picker, Joshua B <jpicker@cov.com>; Fields, Michael <MFields@cov.com>; Matt Oppenheim (Matt@oandzlaw.com) <Matt@oandzlaw.com>; Jeff Gould (Jeff@oandzlaw.com) <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu <Jia@oandzlaw.com>; 'Corey Miller' <Corey@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>
**Subject:** Warner Records Inc. et al. v. Charter Communications, Inc. | Dec. 7 Discovery Responses

**[EXTERNAL EMAIL]**

Counsel:

We write to confer with you regarding Charter's responses to Plaintiffs' November 5 Sixth Set of RFPs and Fourth Set of Special Interrogatories.  Each of Charter's Responses and Objections claims that the requested documents and information is "not relevant to either of the parties' respective available claims or defenses" and is "relevant only to the Universal Plaintiffs' purported counterclaims."  This is not true.  Throughout this case, Charter has asserted a defense that any recovery would be a windfall to Plaintiffs because "today the [peer-to-peer] problem is no longer here….[n]ow plaintiffs are making a ton of money off of internet streaming, so it's no longer an issue" and there is no need for any deterrence.  *E.g.*, Sept. 9, 2020 Hrg. Tr. at 34:1-10.

At minimum, RFPs 89, 98, 101, 110, 112, and 128, and Interrogatories 20-22 in Plaintiffs' November 5 Sets are directly relevant to rebut Charter's claims that peer-to-peer infringement is "no longer an issue" and there is no value in deterring Charter's continuing failure to address it.  Please advise this week whether Charter will agree to produce documents responsive to these RFPs and to respond to these Interrogatories.  If Charter will refuse, please provide a written explanation for its refusal and provide some times this week when you are available to confer.

Thanks,

Hardy

**J. Hardy Ehlers**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4778 | jehlers@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.