# EXHIBIT 3

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC., et al.,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

---

### DEFENDANT CHARTER COMMUNICATIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION

---

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Charter Communications, Inc. ("Charter") responds to Plaintiffs' Sixth Set of Requests for Production ("Requests") as follows. Charter's response is made solely for the purposes of this litigation. Charter's response is based upon a reasonable search, given the time allotted to respond to the requests, of facilities and files that could reasonably be expected to contain responsive information, and inquiries of Charter's employees and/or representatives who could reasonably be expected to possess responsive information. Charter's investigation into the facts of this case is ongoing and not yet completed, and Charter reserves the right to further supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court.

## CHARTER'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Charter objects to the Definitions, Instructions, and Requests to the extent they call for extensive electronic production, are overly broad, unduly burdensome, and oppressive. Charter further objects to the extent the Requests seek "all" documents relating to various subject matters. Where appropriate, Charter reserves the right to seek cost-shifting for costs associated with electronic production of data stored in inaccessible or difficult or costly to access formats, and where otherwise appropriate.

2.      Charter objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court, and to the extent they purport to require Charter to object, respond, or produce documents before the time provided by the Federal Rules of Civil Procedure, the Local Rules, and the applicable rules of this Court. Given

the breadth and scope of the requests, to the extent required, Charter will produce non-objectionable responsive documents on a rolling basis.

3.      Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Charter objects to all Definitions, Instructions, and Requests to the extent that they require Charter to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Requests would subject Charter to undue burden and expense.

4.      Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information.  Any such information disclosed to Plaintiffs shall be pursuant to a protective order to be agreed upon by and between Charter and Plaintiffs.

5.      To the extent that any Request, Definition, or Instruction may be construed as requiring Charter to characterize documents or their contents or to speculate as to what documents may or may not show, Charter objects to such Request, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

6.      Charter objects to the Requests insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form.  Charter hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Requests, Definitions, or Instructions.

7.      Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to the Stipulated Protective Order entered by the Court on September 9, 2019 (ECF No. 63).

8.    Charter objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

9.    Charter objects to the Requests to the extent they seek documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Charter (including, but not limited to, information that is currently within Plaintiffs' control).

10.    Charter objects to each Request to the extent that it is duplicative or redundant of other requests.

11.    Charter objects to Instruction 6 to the extent it calls for the production of original documents.

12.    Charter's responses herein, and its production of documents in response to the Requests, do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Requests.  Charter objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects.  Without limiting the breadth and application of these objections, Charter further objects to the Definitions as follows:

13.    Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information outside of Charter's possession, custody, and control with respect to "predecessors,"

and "any other person or entity … previously acting or purporting to act on behalf of the defendant."

14.     Charter objects to the definition of the term "document" as ambiguous as it relies on undefined terms.  Charter further objects to the definition of the term for misconstruing the definitions from Federal Rule of Civil Procedure 34(a). The Federal Rule refers to documents separate and apart from "electronically stored information." *Id.* ("any designated documents **or** electronically stored information") (emphasis added).

15.     Charter objects to the definition of the term "concerning" as so overbroad to be meaningless.

16.     Charter objects to the definitions of "any," as overbroad and unduly burdensome. The definition is vague and ambiguous as it incorporates other undefined terms and incorporates definitions that are beyond the plain meaning of the words.

17.     Charter reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Requests at trial in this or any other action for any purpose whatsoever.

18.     Charter hereby incorporates each of the foregoing objections to the instructions and definitions into every response below as though fully set forth therein.

## <u>CHARTER'S GENERAL OBJECTIONS</u>

1.     Charter objects to the Requests as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses.  On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify and confirm that these declaratory judgment counterclaims are restricted in scope to the same time period as Plaintiffs'

affirmative claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016.
*See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so
amending).   After the Court issued that Order, also on November 5, 2020, Plaintiffs served the
instant Requests, which seek discovery pertaining to a subset of Plaintiffs' ("Universal Plaintiffs")
purported "counterclaims" to Charter's yet-to-be-filed amended counterclaims one and two.
Specifically, these Requests seek discovery in support of the Universal Plaintiffs' purported
counterclaims asserting new allegations of copyright infringements between May 18, 2016 and
April 30, 2020 (*i.e.*, outside of the scope of either Plaintiffs' affirmative claims or Charter's
amended counterclaims), on over 3,000 new asserted works, and more than doubling the time
period that the claims would cover.   The Universal Plaintiffs' proposed counterclaims were not
served until November 24, 2020.   *See* Dkt. 303.   As set forth in Charter's forthcoming motion to
dismiss, the Universal Plaintiffs' "counterclaims" are not permissive counterclaims but rather an
improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having
first sought and obtained leave as required.   *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352,
at *2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend
its complaint] within the time limit set by [the] Magistrate").   Because such leave has not yet been
granted by the Court, any such claims are not operative and any discovery is inappropriate unless
and until leave to amend is granted.   *See, e.g., Kirschner as Tr. of Millennium Lender Claim Tr. v.
J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at *2 (S.D.N.Y. Aug. 12, 2020) (discovery
improper on claims where leave to amend had been sought but not yet granted because
"[d]iscovery must be grounded in the operative complaint, not … a proposed amended
complaint").   Moreover, the Court has expressly authorized Charter to file a motion to dismiss any
such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the

claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims.  Finally, given the irrelevant nature of the claims, the scope of discovery sought, and the belated nature of the discovery sought, the Requests are unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour.  *See, e.g.*, *Johnson v. Barnes*, 2020 WL 2059928, at *4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at *3-4 (D.N.J. Oct. 20, 2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request").  Because the Requests seek last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative pleading, and given the extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

2.     Charter further objects to the Requests on the ground that the Requests exceed the number of requests for production of documents that Plaintiffs may serve in this action.  Specifically, the parties are limited to serving 100 requests for the production of documents, Dkt. 44, but Plaintiffs' Request Nos. 101 – 139 necessarily exceed that limit and Plaintiffs have not sought or obtained leave to exceed that limit.  To the extent that Plaintiffs are permitted to seek discovery on their purported "counterclaims," they should serve revised requests that comply with current discovery limits.  *See Rodriguez v. Chavez*, 2013 WL 1444183, at *3 (D. Colo. Apr. 9, 2013) (finding plaintiff exceeded the limit of requests for production and ordering plaintiff "to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service. In addition, Charter will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics. Charter further reserves the right to supplement these objections and responses.

## CHARTER'S OBJECTION TO PRODUCING PRIVILEGED DOCUMENTS

Charter objects to the Requests to the extent that they seek documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities.

## CHARTER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (NOS. 88 – 139)

**REQUEST NO. 88:**

All documents "involving, mentioning or related to MarkMonitor as it relates to copyright, peer-to-peer monitoring, and alleged copyright infringement notices." *See* Plaintiffs' RFP 1; N. Sahni September 25, 2019 Ltr.; E. Ranahan Oct. 1, 2019 Ltr.; N. Sahni October 16, 2019 Ltr.; E. Ranahan October 30, 2019 email; N. Sahni February 7, 2020 Ltr.

**RESPONSE TO REQUEST NO. 88:**

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objections, and Privilege Objection as if set forth herein. Charter further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses. *See supra* General Objections. On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the

discovery limitations and logistics.   Charter further reserves the right to supplement these objections and responses.

## REQUEST NO. 89:

Logs of all Infringement Notices sent to you by any person or entity from May 18, 2016 to April 30, 2020, concerning (i) subscribers identified in Plaintiffs' Infringement Notices and (ii) all Subscribers who were the subject of three or more Infringement Notices, sufficient to show, as to each such Infringement Notice, the Subscriber ID, ticket number, date and time of alleged infringement as set forth in the Infringement Notice, IP address, each action taken or determined to not be taken with respect to such Infringement Notice, and the date and time of each such action or determination.  *See* Plaintiffs' RFP 2; Dkt. 242; September 9, 2020 Hrg. Tr. at 38:11-69:17.

## RESPONSE TO REQUEST NO. 89:

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objections, and Privilege Objection as if set forth herein.  Charter further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses.  *See supra* General Objections.  On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016.  *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending).  After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Request which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two.  This Request seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements

between May 18, 2016 and April 30, 2020. As set forth in Charter's forthcoming motion to dismiss, the Universal Plaintiffs' "counterclaims" constitute an improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having first sought and obtained leave as required. *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352, at \*2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate"). Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted. *See, e.g.*, *Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at \*2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint"). Moreover, the Court expressly authorized Charter to file a motion to dismiss any such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims. Finally, given the irrelevant nature of the claims, the scope of discovery sought, and the belated nature of the discovery sought, this Request is unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour. *See, e.g.*, *Johnson v. Barnes*, 2020 WL 2059928, at \*4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at \*3-4 (D.N.J. Oct. 20, 2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request"). Because the Request seeks last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative

pleading, and given the extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

Charter further objects to this Request on the ground that Plaintiffs' Requests exceed the number of requests for production of documents that Plaintiffs may serve in this action. Specifically, the parties are limited to serving 100 requests for the production of documents, Dkt. 44, but Plaintiffs' Request Nos. 101 – 139 necessarily exceed that limit and Plaintiffs have not sought or obtained leave to exceed that limit.  To the extent that Plaintiffs are permitted to seek discovery on their purported "counterclaims," they should serve revised requests that comply with current discovery limits.  *See Rodriguez v. Chavez*, 2013 WL 1444183, at *3 (D. Colo. Apr. 9, 2013) (finding plaintiff exceeded the limit of requests for production and ordering plaintiff "to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service.  In addition, Charter will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics.  Charter further reserves the right to supplement these objections and responses.

**REQUEST NO. 90:**

The responses of (i) subscribers identified in Plaintiffs' Infringement Notices and (ii) all Subscribers who were the subject of three or more Infringement Notices, to communications concerning Infringement Notices sent to Defendant by any person or entity. *See* Plaintiffs' RFP 3; Dkt. 242; September 9, 2020 Hrg. Tr. at 38:11-69:17.

sought or obtained leave to exceed that limit.  To the extent that Plaintiffs are permitted to seek discovery on their purported "counterclaims," they should serve revised requests that comply with current discovery limits.  *See Rodriguez v. Chavez*, 2013 WL 1444183, at *3 (D. Colo. Apr. 9, 2013) (finding plaintiff exceeded the limit of requests for production and ordering plaintiff "to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service.  In addition, Charter will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics.  Charter further reserves the right to supplement these objections and responses.

**REQUEST NO. 98**:

"Internal and external communications regarding copyright infringement by Charter's subscribers, sent to or from members of Charter's Network Securities Operations team [or its successor or functional equivalent] during the [Subsequent Claim Period], excluding form messages, form responses, or mere forwards of form messages (without more)."  *See* Plaintiffs' RFP 16, as modified in search term negotiations; *quoting* Special Master's August 31, 2020 Order.

**RESPONSE TO REQUEST NO. 98**:

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objections, and Privilege Objection as if set forth herein.  Charter further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or

defenses.  *See supra* General Objections.  On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016.  *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending).  After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Request which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two.  This Request seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements between May 18, 2016 and April 30, 2020.  As set forth in Charter's forthcoming motion to dismiss, the Universal Plaintiffs' "counterclaims" constitute an improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having first sought and obtained leave as required.  *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate").  Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted.  *See, e.g.*, *Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at *2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint").  Moreover, the Court expressly authorized Charter to file a motion to dismiss any such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims.  Finally, given the irrelevant nature of the claims, the scope of discovery sought,

and the belated nature of the discovery sought, this Request is unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour. *See, e.g.*, *Johnson v. Barnes*, 2020 WL 2059928, at *4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at *3-4 (D.N.J. Oct. 20, 2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request"). Because the Request seeks last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative pleading, and given the extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

Charter further objects to this Request on the ground that Plaintiffs' Requests exceed the number of requests for production of documents that Plaintiffs may serve in this action. Specifically, the parties are limited to serving 100 requests for the production of documents, Dkt. 44, but Plaintiffs' Request Nos. 101 – 139 necessarily exceed that limit and Plaintiffs have not sought or obtained leave to exceed that limit. To the extent that Plaintiffs are permitted to seek discovery on their purported "counterclaims," they should serve revised requests that comply with current discovery limits. *See Rodriguez v. Chavez*, 2013 WL 1444183, at *3 (D. Colo. Apr. 9, 2013) (finding plaintiff exceeded the limit of requests for production and ordering plaintiff "to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service. In addition, Charter

will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics. Charter further reserves the right to supplement these objections and responses.

**REQUEST NO. 99:**

All documents concerning Plaintiffs' copyright interests, including but not limited to the transmission or downloading of sound recordings or musical works of which Plaintiffs are the legal or beneficial copyright owners or exclusive licensees, and claims or potential claims by Plaintiffs against Defendant or any other person. *See* Plaintiffs' RFP 17; E. Ranahan October 1, 2020 Ltr.

**RESPONSE TO REQUEST NO. 99:**

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objections, and Privilege Objection as if set forth herein. Charter further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses. *See supra* General Objections. On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016. *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending). After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Request which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two. This Request seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements between May 18, 2016 and April 30, 2020. As set forth in Charter's forthcoming motion to dismiss,

serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service.  In addition, Charter will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics.  Charter further reserves the right to supplement these objections and responses.

**REQUEST NO. 101:**

Documents sufficient to show the actual monthly revenue from all Subscribers identified in Plaintiffs' Infringement Notices for May 18, 2016 through April 30, 2020.  *See* Plaintiffs' RFP 19; Plainitffs' December 16, 2019 Letter for December 17, 2019 Discovery Conference; December 17, 2019 Hrg. Tr. at 47:1-59:4; February 19, 2020 Hrg. Tr. at 143:2-25.

**RESPONSE TO REQUEST NO. 101:**

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objections, and Privilege Objection as if set forth herein.  Charter further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses.  *See supra* General Objections.  On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016.  *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending).  After the Court issued that Order, also on November 5, 2020, Plaintiffs

served the instant Request which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two.  This Request seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements between May 18, 2016 and April 30, 2020.  As set forth in Charter's forthcoming motion to dismiss, the Universal Plaintiffs' "counterclaims" constitute an improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having first sought and obtained leave as required.  *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate").  Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted.  *See, e.g., Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at *2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint").  Moreover, the Court expressly authorized Charter to file a motion to dismiss any such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims.  Finally, given the irrelevant nature of the claims, the scope of discovery sought, and the belated nature of the discovery sought, this Request is unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour.  *See, e.g., Johnson v. Barnes*, 2020 WL 2059928, at *4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at *3-4 (D.N.J. Oct. 20,

2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request").  Because the Request seeks last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative pleading, and given the extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

Charter further objects to this Request on the ground that Plaintiffs' Requests exceed the number of requests for production of documents that Plaintiffs may serve in this action. Specifically, the parties are limited to serving 100 requests for the production of documents, Dkt. 44, but Plaintiffs' Request Nos. 101 – 139 necessarily exceed that limit and Plaintiffs have not sought or obtained leave to exceed that limit.  To the extent that Plaintiffs are permitted to seek discovery on their purported "counterclaims," they should serve revised requests that comply with current discovery limits.  *See Rodriguez v. Chavez*, 2013 WL 1444183, at *3 (D. Colo. Apr. 9, 2013) (finding plaintiff exceeded the limit of requests for production and ordering plaintiff "to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service.  In addition, Charter will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics.  Charter further reserves the right to supplement these objections and responses.

Specifically, the parties are limited to serving 100 requests for the production of documents, Dkt. 44, but Plaintiffs' Request Nos. 101 – 139 necessarily exceed that limit and Plaintiffs have not sought or obtained leave to exceed that limit.  To the extent that Plaintiffs are permitted to seek discovery on their purported "counterclaims," they should serve revised requests that comply with current discovery limits.  *See Rodriguez v. Chavez*, 2013 WL 1444183, at *3 (D. Colo. Apr. 9, 2013) (finding plaintiff exceeded the limit of requests for production and ordering plaintiff "to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service.  In addition, Charter will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics.   Charter further reserves the right to supplement these objections and responses.

**REQUEST NO. 110:**

Internal communications "concerning Charter's copyright and DMCA policies."   *See* Plaintiffs' RFP 28; *quoting* Charter's April 29, 2020 Supplemental Responses to Second Set of RFPs.

**RESPONSE TO REQUEST NO. 110:**

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objections, and Privilege Objection as if set forth herein.  Charter further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or

defenses.  *See supra* General Objections.  On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016.  *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending).  After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Request which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two.  This Request seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements between May 18, 2016 and April 30, 2020.  As set forth in Charter's forthcoming motion to dismiss, the Universal Plaintiffs' "counterclaims" constitute an improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having first sought and obtained leave as required.  *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate").  Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted.  *See, e.g.*, *Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at *2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint").  Moreover, the Court expressly authorized Charter to file a motion to dismiss any such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims.  Finally, given the irrelevant nature of the claims, the scope of discovery sought,

and the belated nature of the discovery sought, this Request is unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour.  *See, e.g.*, *Johnson v. Barnes*, 2020 WL 2059928, at *4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at *3-4 (D.N.J. Oct. 20, 2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request").  Because the Request seeks last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative pleading, and given the extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

Charter further objects to this Request on the ground that Plaintiffs' Requests exceed the number of requests for production of documents that Plaintiffs may serve in this action. Specifically, the parties are limited to serving 100 requests for the production of documents, Dkt. 44, but Plaintiffs' Request Nos. 101 – 139 necessarily exceed that limit and Plaintiffs have not sought or obtained leave to exceed that limit.  To the extent that Plaintiffs are permitted to seek discovery on their purported "counterclaims," they should serve revised requests that comply with current discovery limits.  *See Rodriguez v. Chavez*, 2013 WL 1444183, at *3 (D. Colo. Apr. 9, 2013) (finding plaintiff exceeded the limit of requests for production and ordering plaintiff "to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service.  In addition, Charter

will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics.   Charter further reserves the right to supplement these objections and responses.

**REQUEST NO. 111:**

All communications as between you, on the one hand, and any Subscribers or Users who were the subject of three or more Infringement Notices, on the other, discussing or considering any Infringement Notice, notice of alleged copyright infringement or violation of any DMCA policy or other policy regarding copyright infringement, or any "ticket" generated in response to any Infringement Notice.  *See* Plaintiffs' RFP 29; *see also* Dkt. 242; Sept. 9, 2020 Hrg. Tr. at 38:11-69:17.

**RESPONSE TO REQUEST NO. 111:**

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objections, and Privilege Objection as if set forth herein.  Charter further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses.  *See supra* General Objections.  On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016.  *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending).  After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Request which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two.  This Request seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements

pleading, and given the extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

Charter further objects to this Request on the ground that Plaintiffs' Requests exceed the number of requests for production of documents that Plaintiffs may serve in this action. Specifically, the parties are limited to serving 100 requests for the production of documents, Dkt. 44, but Plaintiffs' Request Nos. 101 – 139 necessarily exceed that limit and Plaintiffs have not sought or obtained leave to exceed that limit.  To the extent that Plaintiffs are permitted to seek discovery on their purported "counterclaims," they should serve revised requests that comply with current discovery limits.  *See Rodriguez v. Chavez*, 2013 WL 1444183, at *3 (D. Colo. Apr. 9, 2013) (finding plaintiff exceeded the limit of requests for production and ordering plaintiff "to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service.  In addition, Charter will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics.   Charter further reserves the right to supplement these objections and responses.

## REQUEST NO. 112:

All of your internal communications discussing any Infringement Notice, any instance of alleged copyright infringement, or any "ticket" generated in response to any Infringement Notice, including internal communications concerning the actual or potential termination of any

Subscriber's account with Charter.  *See* Plaintiffs' RFP 30; Special Master's August 31, 2020 Order.

## RESPONSE TO REQUEST NO. 112:

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objections, and Privilege Objection as if set forth herein.  Charter further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses.  *See supra* General Objections.  On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016.  *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending).  After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Request which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two.  This Request seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements between May 18, 2016 and April 30, 2020.  As set forth in Charter's forthcoming motion to dismiss, the Universal Plaintiffs' "counterclaims" constitute an improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having first sought and obtained leave as required.  *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate").  Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted.  *See, e.g.*, *Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank,*

*N.A.*, 2020 WL 4671577, at \*2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint").  Moreover, the Court expressly authorized Charter to file a motion to dismiss any such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims.  Finally, given the irrelevant nature of the claims, the scope of discovery sought, and the belated nature of the discovery sought, this Request is unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour.  *See, e.g.*, *Johnson v. Barnes*, 2020 WL 2059928, at \*4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at \*3-4 (D.N.J. Oct. 20, 2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request").  Because the Request seeks last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative pleading, and given the extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

Charter further objects to this Request on the ground that Plaintiffs' Requests exceed the number of requests for production of documents that Plaintiffs may serve in this action.  Specifically, the parties are limited to serving 100 requests for the production of documents, Dkt. 44, but Plaintiffs' Request Nos. 101 – 139 necessarily exceed that limit and Plaintiffs have not sought or obtained leave to exceed that limit.  To the extent that Plaintiffs are permitted to seek discovery on their purported "counterclaims," they should serve revised requests that comply with

current discovery limits.  *See Rodriguez v. Chavez*, 2013 WL 1444183, at *3 (D. Colo. Apr. 9, 2013) (finding plaintiff exceeded the limit of requests for production and ordering plaintiff "to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service.  In addition, Charter will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics.  Charter further reserves the right to supplement these objections and responses.

## REQUEST NO. 113:

All internal communications discussing or considering whether to terminate or suspend Subscribers' subscriptions for copyright infringement or alleged copyright infringement, or for violation of your policies regarding copyright infringement.  *See* Plaintiffs' RFP 31; E. Ranahan June 4, 2020 email; H. Ehlers June 9, 2020 email.

## RESPONSE TO REQUEST NO. 113:

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objections, and Privilege Objection as if set forth herein.  Charter further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses.  *See supra* General Objections.  On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013

discovery limitations and logistics. Charter further reserves the right to supplement these objections and responses.

## REQUEST NO. 128:

All "work-log notes"—or other records or logs of calls between your employees and your subscribers concerning infringement notices—associated with Plaintiffs' notices, or all Infringing Subscribers who were the subject of three or more Infringement Notices. *See* Plaintiffs' RFP 56; Dkt. 181 at 28-30; July 2, 2020 Hrg. Tr. at 29, 32.

## RESPONSE TO REQUEST NO. 128:

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objections, and Privilege Objection as if set forth herein. Charter further objects to this Request as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses. *See supra* General Objections. On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016. *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending). After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Request which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two. This Request seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements between May 18, 2016 and April 30, 2020. As set forth in Charter's forthcoming motion to dismiss, the Universal Plaintiffs' "counterclaims" constitute an improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having first sought and obtained leave as

required.  *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate").  Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted.  *See, e.g.*, *Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at *2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint").  Moreover, the Court expressly authorized Charter to file a motion to dismiss any such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims.  Finally, given the irrelevant nature of the claims, the scope of discovery sought, and the belated nature of the discovery sought, this Request is unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour.  *See, e.g.*, *Johnson v. Barnes*, 2020 WL 2059928, at *4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at *3-4 (D.N.J. Oct. 20, 2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request").  Because the Request seeks last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative pleading, and given the extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

Charter further objects to this Request on the ground that Plaintiffs' Requests exceed the number of requests for production of documents that Plaintiffs may serve in this action. Specifically, the parties are limited to serving 100 requests for the production of documents, Dkt. 44, but Plaintiffs' Request Nos. 101 – 139 necessarily exceed that limit and Plaintiffs have not sought or obtained leave to exceed that limit.  To the extent that Plaintiffs are permitted to seek discovery on their purported "counterclaims," they should serve revised requests that comply with current discovery limits.  *See Rodriguez v. Chavez*, 2013 WL 1444183, at *3 (D. Colo. Apr. 9, 2013) (finding plaintiff exceeded the limit of requests for production and ordering plaintiff "to serve defendants with revised Requests for Production of Documents and Interrogatories which are consistent with this order and within the limits set forth in the court's Scheduling Order").

In the event that the Court grants Plaintiffs leave to assert the new claims and that Plaintiffs serve amended requests conforming with the Court's discovery limits in this case, *see* Dkt. 44, Charter will respond to such amended discovery within 21 days of service.  In addition, Charter will make itself available to meet and confer with Plaintiffs within a reasonable period to discuss discovery limitations and logistics.  Charter further reserves the right to supplement these objections and responses.

**REQUEST NO. 129:**

Documents sufficient to show the extent to which compensation (including bonus structure(s)) for your employees, customer service representatives, or members of your internet security, Network Securities Operations department, or Customer Security team (or their successors or functional equivalents), was tied to retention of Subscribers.  *See* Plaintiffs' RFP 57; Dkt. 181 at 39-40.

discovery limitations and logistics. Charter further reserves the right to supplement these objections and responses.

Dated: December 7, 2020

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
Email: melkin@winston.com
Email: tlane@winston.com
Email: sspitzer@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
Email: eranahan@winston.com

*/s/ Andrew H. Shapiro*_____
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
Email: andrewschapiro@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanul.com

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

*Counsel for Defendant and Counterclaim-
Plaintiff Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, a true and correct copy of the foregoing DEFENDANT CHARTER COMMUNICATIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION was served via electronic mail upon the following:

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

*/s/ Allison Huebert*
Allison Huebert