# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

WARNER RECORDS INC. *et al.*,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

Case No. 19-cv-00874-RBJ

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES**

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant Charter Networks, LLC ("Charter") responds to Plaintiffs' Fourth Set of Interrogatories ("Interrogatories") as follows. This response is made solely for the purposes of this litigation. Charter's investigation into the facts of this case is ongoing and is not yet completed, and Charter therefore reserves the right to further supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court. The responses are based solely on the information that is presently available and specifically known to Charter.

**CHARTER'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Charter objects as follows to Plaintiffs' Definitions and Instructions. To the extent the Definitions or Instructions are incorporated into the Interrogatories in Plaintiffs' Fourth Set of Interrogatories, Charter incorporates these Objections as if set forth fully in response to each such Interrogatory.

1. Charter objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

2. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Charter objects to all Definitions, Instructions, and Interrogatories to the extent that they require Charter to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Interrogatories would subject Charter to undue burden and expense.

3. Charter objects to the Interrogatories to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a protective order to be agreed upon by and between Charter and Plaintiffs.

4. To the extent that any Interrogatory, Definition, or Instruction may be construed as requiring Charter to characterize documents or their contents or to speculate as to what documents may or may not show, Charter objects to such Interrogatory, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

5. Charter objects to the Interrogatories insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Charter hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

6. Charter objects to the Interrogatories to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

7. Charter objects to the Interrogatories to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Charter (including, but not limited to, information that is currently within Plaintiffs' control).

8. Charter objects to each Interrogatory to the extent that it is duplicative or redundant of other Interrogatories.

9. Charter's responses herein, and any associated production of documents in response to the Interrogatories, do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Interrogatories. Charter objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects. Without limiting the breadth and application of these objections, Charter further objects to the Definitions as follows:

10. Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information outside of Charter's possession, custody, and control with respect to "predecessors," and "any other person or entity … previously acting or purporting to act on behalf of the defendant."

11. Charter objects to the definition of "User" as overbroad and unduly burdensome, and as vague and ambiguous, in particular to the extent that it calls for information not in the possession, custody, and control of Charter.

12. Charter objects to the definition of the term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

13. Charter objects to the definition of the term "Infringing Subscriber" as overbroad and unduly burdensome, vague and ambiguous as it seeks to include subscribers beyond those identified in the Infringement Notices that Plaintiffs sent or were sent on Plaintiffs' behalf. The definition is argumentative and improperly incorporates a legal conclusion. The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity identified in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was a subscriber of Charter's services.

14. Charter objects to the definition of the term "DMCA Agent" as argumentative as it improperly incorporates a legal term and/or conclusion.

15. Charter objects to the definition of "Customer Facing Action" as overbroad and unduly burdensome, vague, and ambiguous, as it includes several undefined terms and concepts. Charter further objects to the definition of "Customer Facing Action" as it requires Charter to speculate as to what action would "adversely affect[] the Subscriber's internet access."

16. Charter objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Charter to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

17. Charter objects to the definition of the term "document" as overbroad and unduly burdensome to the extent it calls for the production of "oral," telephonic, conversations and meetings not likely to have been recorded.

18. Charter objects to the definition of the term "concerning" as overbroad.

19. Charter objects to the definition of the term "any" as overbroad.

20. Charter objects to the definition of the term "communication" as overbroad and unduly burdensome to the extent it calls for the production of "oral," telephonic, conversations and meetings not likely to have been recorded.

21. Charter objects to Plaintiffs' instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

22. Charter reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to these Interrogatories at trial in this or any other action for any purpose whatsoever.

23. Charter hereby incorporates each of the foregoing objections into every response below as though fully set forth therein.

## CHARTER'S GENERAL OBJECTIONS

Charter objects to the Interrogatories as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses. On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify and confirm that these declaratory judgment counterclaims are restricted in scope to the same time period as Plaintiffs'

affirmative claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016. *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending). After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Interrogatories, which seek discovery pertaining to a subset of Plaintiffs' ("Universal Plaintiffs") purported "counterclaims" to Charter's yet-to-be-filed amended counterclaims one and two. Specifically, these Interrogatories seek discovery in support of the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements between May 18, 2016 and April 30, 2020 (*i.e.*, outside of the scope of either Plaintiffs' affirmative claims or Charter's amended counterclaims), on over 3,000 new asserted works, and more than doubling the time period that the claims would cover. The Universal Plaintiffs' proposed counterclaims were not served until November 24, 2020. *See* Dkt. 303. As set forth in Charter's forthcoming motion to dismiss, the Universal Plaintiffs' "counterclaims" are not permissive counterclaims but rather an improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having first sought and obtained leave as required. *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate"). Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted. *See, e.g., Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at *2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint"). Moreover, the Court has expressly authorized Charter to file a motion to dismiss any such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the

claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims. Finally, given the irrelevant nature of the claims, the scope of discovery sought, and the belated nature of the discovery sought, the Interrogatories are unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour. *See, e.g.*, *Johnson v. Barnes*, 2020 WL 2059928, at *4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at *3-4 (D.N.J. Oct. 20, 2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request"). Because the Interrogatories seek last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative pleading, and given the extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

In the event that the Court grants Plaintiffs leave to assert the new claims, Charter will serve supplemental objections and responses within 21 days of entry of the Court's order. Charter further reserves the right to supplement its objections and responses.

**CHARTER'S OBJECTION TO DISCLOSING PRIVILEGED INFORMATION**

Charter objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities.

**CHARTER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES (NOS. 17 – 22)**

**INTERROGATORY NO. 17:**

In the event that the Court grants Plaintiffs leave to assert the new claims, Charter will serve supplemental objections and responses within 21 days of entry of the Court's order. Charter further reserves the right to supplement its objections and responses.

**INTERROGATORY NO. 20:**

State the number of Infringement Notices you received each month from May 18, 2016 through April 30, 2020, and identify the person(s) most knowledgeable about such notices since May 18, 2016. *See* Plaintiffs' Interrogatory 13; Dkt. 181 at 26-27.

**RESPONSE TO INTERROGATORY NO. 20:**

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objection, and Privilege Objection as if set forth herein. Charter further objects to this Interrogatory as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses. *See supra* General Objection. On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016. *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending). After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Interrogatory which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two. This Interrogatory seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements between May 18, 2016 and April 30, 2020. As set forth in Charter's forthcoming motion to dismiss, the Universal Plaintiffs' "counterclaims" constitute an improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having

first sought and obtained leave as required. *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate"). Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted. *See, e.g.*, *Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at *2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint"). Moreover, the Court expressly authorized Charter to file a motion to dismiss any such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims. Finally, given the irrelevant nature of the claims, the scope of discovery sought, and the belated nature of the discovery sought, this Interrogatory is unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour. *See, e.g.*, *Johnson v. Barnes*, 2020 WL 2059928, at *4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at *3-4 (D.N.J. Oct. 20, 2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request"). Because the Interrogatory seeks last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative pleading, and given the extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

In the event that the Court grants Plaintiffs leave to assert the new claims, Charter will serve supplemental objections and responses within 21 days of entry of the Court's order. Charter further reserves the right to supplement its objections and responses.

**INTERROGATORY NO. 21:**

State the number of Customer Facing Actions, by Customer Facing Action, you took each month from May 18, 2016 through April 30, 2020 in response to the Infringement Notices identified in response to Interrogatory No. 20 and identify the person(s) most knowledgeable about such Customer Facing Actions. *See* Plaintiffs' Interrogatory 14; Dkt. 181 at 26-27.

**RESPONSE TO INTERROGATORY NO. 21:**

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objection, and Privilege Objection as if set forth herein. Charter further objects to this Interrogatory as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses. *See supra* General Objection. On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016. *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending). After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Interrogatory which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two. This Interrogatory seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements between May 18, 2016 and April 30, 2020. As set forth in Charter's forthcoming motion to dismiss, the Universal Plaintiffs' "counterclaims" constitute an

improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having first sought and obtained leave as required. *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate"). Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted. *See, e.g.*, *Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at *2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint"). Moreover, the Court expressly authorized Charter to file a motion to dismiss any such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims. Finally, given the irrelevant nature of the claims, the scope of discovery sought, and the belated nature of the discovery sought, this Interrogatory is unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour. *See, e.g.*, *Johnson v. Barnes*, 2020 WL 2059928, at *4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at *3-4 (D.N.J. Oct. 20, 2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request"). Because the Interrogatory seeks last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative pleading, and given the

extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

In the event that the Court grants Plaintiffs leave to assert the new claims, Charter will serve supplemental objections and responses within 21 days of entry of the Court's order. Charter further reserves the right to supplement its objections and responses.

**INTERROGATORY NO. 22:**

Identify each Infringing Subscriber, by account number, whose internet service was terminated for nonpayment from May 18, 2016 through April 30, 2020 who also received at least three Infringement Notices. *See* Plaintiffs' Interrogatory 16; Dkt. 230 at 7-9.

**RESPONSE TO INTERROGATORY NO. 22:**

Charter incorporates its above-stated Objections to Plaintiffs' Instructions and Definitions, General Objection, and Privilege Objection as if set forth herein. Charter further objects to this Interrogatory as irrelevant, unduly burdensome, and disproportionate to the needs of the case because it requests information that is not relevant to either of the parties' respective available claims or defenses. *See supra* General Objection. On November 5, 2020, the Court granted Charter leave to amend its counterclaims one and two to clarify these counterclaims are restricted in scope to the same time period as Plaintiffs' claims alleged in their Amended Complaint, *i.e.*, March 24, 2013 to May 17, 2016. *See* Dkt. 284 at 5-6; *see also* Dkt. 295 (Charter's First Amended Answer) (Nov. 18, 2020) (so amending). After the Court issued that Order, also on November 5, 2020, Plaintiffs served the instant Interrogatory which seeks discovery pertaining to purported "counterclaims" to Charter's amended counterclaims one and two. This Interrogatory seeks discovery relevant only to the Universal Plaintiffs' purported counterclaims asserting new allegations of copyright infringements between May 18, 2016 and April 30, 2020. As set forth in

Charter's forthcoming motion to dismiss, the Universal Plaintiffs' "counterclaims" constitute an improper attempt to amend the pleadings after the Court's January 6, 2020 deadline without having first sought and obtained leave as required. *See Old Town Indus., Inc. v. Ryan*, 2010 WL 2757352, at *2 (D. Colo. July 12, 2010) (striking counterclaims-in-reply where "[p]laintiff failed to [amend its complaint] within the time limit set by [the] Magistrate"). Because such leave has not yet been granted by the Court, any such claims are not operative and any discovery is inappropriate unless and until leave to amend is granted. *See, e.g.*, *Kirschner as Tr. of Millennium Lender Claim Tr. v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 4671577, at *2 (S.D.N.Y. Aug. 12, 2020) (discovery improper on claims where leave to amend had been sought but not yet granted because "[d]iscovery must be grounded in the operative complaint, not … a proposed amended complaint"). Moreover, the Court expressly authorized Charter to file a motion to dismiss any such claims "if the [Universal Plaintiffs] subset persists in its desire to expand the case beyond the claim period that has been the focus of attention throughout," Dkt. 286 (Nov. 9, 2020), substantiating that the discovery sought does not pertain to extant claims. Finally, given the irrelevant nature of the claims, the scope of discovery sought, and the belated nature of the discovery sought, this Interrogatory is unduly burdensome and disproportionate to the needs of the case and would prejudice Charter by greatly expanding discovery at the eleventh hour. *See, e.g.*, *Johnson v. Barnes*, 2020 WL 2059928, at *4 (D. Colo. Apr. 29, 2020) (denying discovery that is "grossly overbroad and largely irrelevant to the claims in this case"); *Avram v. Samsung Elecs. Am., Inc.*, 2015 WL 6407958, at *3-4 (D.N.J. Oct. 20, 2015) (affirming magistrate judge's ruling that burden of discovery sought outweighed any benefit, including based on "the timing of the request"). Because the Interrogatory seeks last-minute discovery based on new claims (as the Court acknowledged) that are not properly part of an operative pleading, and given the

extraordinarily broad scope of the discovery sought, such discovery is improper and available only if and when leave to amend is sought and granted.

In the event that the Court grants Plaintiffs leave to assert the new claims, Charter will serve supplemental objections and responses within 21 days of entry of the Court's order. Charter further reserves the right to supplement its objections and responses.

Dated: December 7, 2020

*<u>/s/ Andrew H. Shapiro</u>*

Andrew H. Schapiro
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
Email: andrewschapiro@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanul.com

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
Email: melkin@winston.com
Email: tlane@winston.com
Email: sspitzer@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
Email: eranahan@winston.com

*Counsel for Defendant and Counterclaim-Plaintiff Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2020, a true and correct copy of the foregoing DEFENDANT CHARTER COMMUNICATIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES was served via electronic mail upon the following:

Janette L. Ferguson, Esq.
Benjamin M. Leoni, Esq.
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

*/s/ Allison Huebert*______