IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant

Case No. 19-cv-00874-RBJ-MEH

**PLAINTIFFS' OBJECTION TO SPECIAL MASTER'S JANUARY 27, 2021
ORDER APPROVING CHARTER'S UNILATERAL REDACTIONS OF KEY
FINANCIAL DOCUMENTS FOR ALLEGED NON-RESPONSIVENESS**

---

    Plaintiffs object to the Special Master's January 27, 2021 Order approving Charter's unilateral redactions for alleged non-responsiveness in eight financial documents that bear on both liability and damages. Ex. 1 (Jan. 27, 2021 Email from R. Rodriguez). As the Court well knows, the issue of Charter's "responsiveness" redactions is recurring and problematic. Charter continues to redact information it wants to hide from documents that it is required to produce. Here, the redacted information is relevant to the case and responsive to Plaintiffs' document requests. But even if it were not, the Special Master abused her discretion in approving alleged non-responsiveness redactions in key financial documents that bear on Charter's economic incentive to tolerate infringement and an understanding of Charter's overall financial picture.

    **A. Discovery requests at issue**

    Long ago, Plaintiffs requested and then moved to compel a response to RFP 18, seeking "Documents sufficient to show your total and average revenues and profits, by month and year,

including a breakdown based on the type of service provided." Ex. 2 at 22 (Def.'s First Suppl. Resps. to Pls.' First Set of Reqs. for Produc.); *see also* Ex. 3 (Dec. 16, 2019 Letter from N. Sahni to Magistrate Judge Hegarty). Charter objected, limited its response to just internet revenue (but not phone or video revenue) and told this Court that Charter did not maintain any documents in the ordinary course that included revenue information by service type. *See* Ex. 2 at 22–23; Ex. 4, Dec. 17, 2019 Hr'g Tr. at 41:1–7. Specifically, Charter's counsel said: "It's not a clear accounting number. And we have revenue numbers, they're not necessarily able to break them down by service for all types because of the way that the bundling is now taken over as far as the revenues come in from an account." *Id.*[1]

Plaintiffs also requested in RFPs 20 and 24, "Documents sufficient to demonstrate your financial performance, including but not limited to regular corporate financial reports . . ." and "All documents on which you rely in responding to Plaintiffs' Interrogatories." Interrogatory No. 11, in turn, sought "your total number of Subscribers, per month and year."

Months later, Plaintiffs requested and then moved to compel responses to RFPs 52–53, seeking documents sufficient to show (i) "the average revenue and profit that you have received per Subscriber, for the life of the account, from January 1, 2012 to present," and (ii) "the average and/or estimated total length of time that you retain Subscribers, from inception to termination of the subscription for any reason." Plaintiffs explained to the Special Master that this information—including revenue from all of a subscriber's services, not just internet—was important for their financial expert's analysis into the value of infringing subscribers. Over

---

[1] The Court sustained Charter's objection to producing revenue information for voice and video during the Dec. 17, 2019 hearing, but that is obviously no license to redact that information from otherwise responsive documents that Charter was ordered to produce.

Charter's objection, the Special Master granted Plaintiffs' motion to compel response to RFPs 52–53 on May 29, 2020.  ECF 181 at 37–38.

### A. Charter's "responsiveness" redactions are improper

In response to the Special Master's Order, Charter produced eight spreadsheets (Bates numbered CHA_00079641 through CHA_00079649), but redacted the vast majority of the information on the grounds that this was "non-responsive" budgetary information.[2]  Ex. 5 at 2.  For example, in one spreadsheet, Charter redacted 426 of the 444 cells (CHA_00079641).  Among other things, Charter redacted from these documents (i) budgeted and actual revenues from internet, video and phone services—broken down by service type, exactly as Charter's counsel told the Court did not exist; (ii) tallies of "RGUs" or Revenue Generating Units; (iii) Charter's penetration rates amongst "Residential Passings," which evidences Charter's relative market share, and (iv) the total number of subscribers, including a breakdown of those with single service, double-play and triple-play bundles amongst its customers, which is highly probative of Charter's overall financial structure and incentive to retain subscribers.  Charter even redacted substantive footnotes describing the limited fields of information that it did produce, rendering even the minimal production largely unintelligible.

The redacted information is relevant to the case and responsive to the above document requests and precisely the type of information that Plaintiffs' financial expert will consider in analyzing Charter's financial performance and incentives.  That Charter told the Court much of this information does not exist in the ordinary course compounds the problem here.

---

[2] Charter designated these documents Highly Confidential.  To avoid burdening the Court with extraneous filings or seal motions, Plaintiffs plan to bring copies of the eight redacted documents to the February 22, 2021 discovery hearing for the Court's review (or can email them to the Court if preferred).

By any measure, these eight documents should be produced in full and unredacted.  But even if relevance or responsiveness was a close call (and it's not), Judge Hegarty recently confirmed that "you generally don't get to produce documents and then redact nonresponsive information."  Ex. 6, Dec. 18, 2020 Hr'g Tr. at 83:15–22; *see also id.* 85:8–10, 92:15–19.  That is especially true when mass redactions render financial documents of this sort unclear.  The Court has seen just this week how aggressive and unjustified Charter has been with its alleged "responsive" objections.  *See generally* Feb. 1, 2021 Hr'g (discussing Charter's mass redactions of CATS Metrics Reports).  Absent correction and clear direction from the Court, Plaintiffs fear this pattern will continue and they will continue to be deprived of important discovery.

The Special Master's January 27 order should be reversed and Charter should be ordered to produce the eight documents bates labeled CHA_00079641 through CHA_00079649.

Dated:  February 3, 2021

/s/ *Jeffrey M. Gould*
Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE & FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@williamsweese.com

*Attorneys for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 3, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Jeffrey M. Gould*
Jeffrey M. Gould