# Exhibit 1

**Subject:** Correspondence from Special Master - Order
**Date:** Wednesday, January 27, 2021 at 11:08:43 AM Eastern Standard Time
**From:** Gomez, Tracy M. on behalf of Rodriguez, Regina <Regina.Rodriguez@wilmerhale.com>
**To:** Alexander Kaplan <alex@oandzlaw.com>, Allison Huebert (allisonhuebert@quinnemanuel.com) <allisonhuebert@quinnemanuel.com>, Andrew Schapiro <andrewschapiro@quinnemanuel.com>, Cesie Alvarez <CAlvarez@winston.com>, Charlesverhoeven@quinnemanuel.com <Charlesverhoeven@quinnemanuel.com>, Charter Copyright <charter-copyright-qe@quinnemanuel.com>, Craig Joyce <cjoyce@fwlaw.com>, David Doak <daviddoak@quinnemanuel.com>, davideiseman@quinnemanuel.com <davideiseman@quinnemanuel.com>, eranahan@winston.com <eranahan@winston.com>, J. Hardy Ehlers <jehlers@cov.com>, Jack Markham Tanner <jtanner@fwlaw.com>, Janette Ferguson <jferguson@williamsweese.com>, Jeffrey Gould <jeff@oandzlaw.com>, jgolinveaux@winston.com <jgolinveaux@winston.com>, John Rosenthal <JRosenthal@winston.com>, Jonathan Michael Sperling <jsperling@cov.com>, Krishnan Padmanabhan <kpadmanabhan@winston.com>, Linda Brewer <lindabrewer@quinnemanuel.com>, Mark Chen <mychen@cov.com>, Matthew Oppenheim <matt@oandzlaw.com>, Megan Michelle O'Neill <moneill@cov.com>, Michael Brody <mbrody@winston.com>, melkin@winston.com <melkin@winston.com>, Michelle Clark <michelleclark@quinnemanuel.com>, Mitchell Aaron Kamin <mkamin@cov.com>, Nathan Hamstra <nathanhamstra@quinnemanuel.com>, Neema Sahni <nsahni@cov.com>, Phil Hill <pahill@cov.com>, Scott Zebrak <scott@oandzlaw.com>, Sean Anderson <sranderson@winston.com>, Seth Eliot Spitzer <sspitzer@winston.com>, Stacey Grigsby <sgrigsby@cov.com>, Todd Anten <toddanten@quinnemanuel.com>, William O'Neil <woneil@cov.com>
**CC:** Rodriguez, Regina <Regina.Rodriguez@wilmerhale.com>, Dolan, Mairead K. <Mairead.Dolan@wilmerhale.com>

Dear Counsel,

During the hearing on January 22, 2021, the parties discussed Plaintiffs' Issue 4, in which Plaintiffs sought an order requiring Charter to unredact "non-responsive budgetary information" from documents produced in response to Plaintiffs' RFPs 52 and 53. I ordered Charter to produce unredacted versions of the documents to me for in camera review so that I could determine the appropriateness of Charter's redactions. I have reviewed the unredacted documents provided to me by Charter's counsel. It appears to me that the redacted data is neither relevant nor probative, and I find therefore that the redactions are appropriate. When the parties argued these RFPs on May 18, 2020, much attention was paid to the narrowness of these requests. Plaintiffs sought documents sufficient to show a particular amount—average revenue and profit received per subscriber (RFP 52) and average and/or estimated total length of time that Charter retains subscribers (RFP 53). Charter specifically objected that while it had some data points relevant to the request, it did not possess specific documents with the information Plaintiffs requested. I therefore ordered Charter to produce the information sought to the extent that such information existed. What Charter has produced appears to be consistent with its representation. The spreadsheet here appears to be more akin to a database, and Charter has identified the relevant data therein to provide Plaintiffs with the information requested.

I have reviewed Plaintiffs' Exhibit 8 and the discussion therein concerning relevance redactions. For the reasons set forth above, I don't agree that Charter's actions with regard to RFPs 52 and 53 constituted unilateral relevance redactions. Its actions appear to be in line with what was discussed during the hearing, and the documents themselves are simply large data repositories. Nonetheless, I note that, in the parties' December 8, 2020 hearing (Pl. Ex. 8), Judge Hegarty ultimately ordered that only a sampling of information be

provided in unredacted form so that Plaintiffs could determine whether there were any arguments to be made regarding the relevance of the redacted information. During that hearing, Plaintiffs specifically argued that they could not assess the redactions because the titles of the rows and columns had been redacted. That is not the case here. Here, the titles of both the rows and columns are available. If any of the information redacted was indeed relevant, Plaintiffs would have been able to tell and could have made such arguments.

For these reasons, I will not order Charter to make a further production.

Regards,
Gina

**Tracy M. Gomez | WilmerHale**
Legal Secretary
1225 Seventeenth St.
Suite 2600
Denver, CO 80202 USA
+1 720 598 3463 (t)
+1 720 274 3133 (f)
tracy.gomez@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.