# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

WARNER BROS. RECORDS INC., *et al.*,

        Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

        Defendant.

Case No. 19-cv-00874-RBJ

---

## DEFENDANT CHARTER COMMUNICATIONS, INC.'S
## FIRST SUPPLEMENTAL RESPONSES TO
## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Parties' May 7, 2020 agreement to mutually supplement their prior responses pursuant to subsequent meet and confers, Defendant Charter Communications, Inc. ("Charter") further responds to Plaintiffs' First Set of Requests for Production of Documents and Things as follows. Charter's supplemental responses are made solely for the purposes of this litigation. Charter's supplemental responses are based upon a reasonable search, given the time allotted to respond to the requests, of facilities and files that could reasonably be expected to contain responsive information, and inquiries of Charter's employees and/or representatives who could reasonably be expected to possess responsive information. Charter's investigation into the facts of this case is ongoing and not yet completed, and Charter reserves the right to further supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court.

## <u>CHARTER'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS</u>

1.       Charter objects to the Definitions, Instructions, and Requests to the extent they call for extensive electronic production, are overly broad, unduly burdensome, and oppressive. Charter further objects to the extent the Requests seek "all" documents relating to various subject matters. Where appropriate, Charter reserves the right to seek cost-shifting for costs associated with electronic production of data stored in inaccessible or difficult or costly to access formats, and where otherwise appropriate.

2.       Charter objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court, and to the extent they purport to require Charter to object, respond, or produce documents before the time provided by the Federal Rules of Civil Procedure, the Local Rules, and the applicable rules of this Court. Given the breadth and scope of the requests, Charter will produce non-objectionable responsive documents on a rolling basis.

3.       Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Charter objects to all Definitions, Instructions, and Requests to the extent that they require Charter to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Requests would subject Charter to undue burden and expense.

4.       Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a protective order to be agreed upon by and between Charter and Plaintiffs.

2

5.      To the extent that any Request, Definition, or Instruction may be construed as requiring Charter to characterize documents or their contents or to speculate as to what documents may or may not show, Charter objects to such Request, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

6.      Charter objects to the Requests insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Charter hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Requests, Definitions, or Instructions.

7.      Charter objects to the Requests to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

8.      Charter objects to the Requests to the extent they seek documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Charter (including, but not limited to, information that is currently within Plaintiffs' control).

9.      Charter objects to each Request to the extent that it is duplicative or redundant of other requests.

10.     Charter objects to Instruction 6 to the extent it calls for the production of original documents.

11.     Charter's responses herein, and its production of documents in response to the Requests, do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Requests. Charter objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary

and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects. Without limiting the breadth and application of these objections, Charter further objects to the Definitions as follows:

12.     Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information outside of Charter's possession, custody, and control with respect to "predecessors," and "any other person or entity…previously acting or purporting to act on behalf of the defendant."

13.     Charter objects to the definition of the term "MarkMonitor" as overbroad and unduly burdensome, and as vague and ambiguous, because Charter lacks knowledge of the "parents, subsidiaries, affiliates, officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other person or entity currently or previously acting or purporting to act on [the] behalf" of the identified entities.

14.     Charter objects to the definition of "User" as overbroad and unduly burdensome, and as vague and ambiguous, in particular to the extent that it calls for information not in the possession, custody, and control of Charter.

15.     Charter objects to the definition of the term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

16.     Charter objects to the definition of the term "Peer-to-peer" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent it presumes Charter has knowledge of all such computer networks.

17.     Charter objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Charter to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

18.     Charter objects to the definition of the term "document" as overbroad and unduly burdensome to the extent it calls for the production of "oral," telephonic, conversations and meetings not likely to have been recorded.

19.     Charter objects to Plaintiffs' instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

20.     Charter objects to Plaintiffs' attempt to define the "relevant time frame" of these requests as spanning the period from January 1, 2010 through May 17, 2016 as such request is overbroad and unduly burdensome. Unless otherwise specified, Charter will utilize March 1, 2012 through May 17, 2016 as the relevant period for purposes of these discovery requests (the "Discovery Period").

21.     Charter reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Requests at trial in this or any other action for any purpose whatsoever.

22.     Charter hereby incorporates each of the foregoing objections to the instructions and definitions into every response below as though fully set forth therein.

## CHARTER'S OBJECTION TO PRODUCING PRIVILEGED DOCUMENTS

Charter objects to the Requests to the extent that they seek documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. To the extent that any information protected from disclosure by applicable privilege or immunity is inadvertently provided in response to a Request, that production shall not be deemed a waiver of the applicable privilege or protection, claim of confidentiality, or other objection. Fed. R. Evid. 502(b). Unless and until a protective order between the parties specifies otherwise, if Charter notifies Plaintiffs that it disclosed privileged or protected information inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or rectify the error, Plaintiffs must immediately return the inadvertently produced privileged material to Charter, including any copies. In all events, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. In addition, Plaintiffs must not use such items for any purpose until further order of the Court. In the event that an inadvertent production or identification of information is deemed by this Court to be a waiver of any privilege or immunity, the waiver shall be a limited waiver pertaining to that information only. Should Charter withhold or redact any documents on the basis of the attorney client and work product privileges, Charter will produce a privilege log.

## DATE AND TIME OF PRODUCTION(S)

Charter will begin producing documents on a rolling basis within thirty (30) days of service of these responses and objections.

## PRODUCTION FORMAT

The parties are discussing the nature of an agreed-upon production format. Charter reserves its right to supplement this section following the conclusion of such discussions.

### CHARTER'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

**REQUEST NO. 1** All documents involving, mentioning or related to MarkMonitor or DtecNet Inc., including but not limited to communications with or concerning MarkMonitor or DtecNet Inc. and assessments or analyses of MarkMonitor or DtecNet Inc.

**ANSWER:**    Charter objects as this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense and demands "all documents" concerning a general subject. Charter further objects to this request to the extent it purports to require Charter to search for, review, or produce documents concerning works not at issue in this case, and entities not party to this litigation. Charter further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.  Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order Charter will produce responsive, non-privileged documents concerning Plaintiffs, Plaintiffs' works in suit, or notices sent on behalf of Plaintiffs during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 2** Logs of all Infringement Notices sent to you by any person or entity, sufficient to show, as to each such Infringement Notice, the Subscriber ID, ticket number, date and time of alleged infringement as set forth in the Infringement Notice, IP address, each action taken

or determined to not be taken with respect to such Infringement Notice, and the date and time of each such action or determination.

**ANSWER:**   Charter objects as this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, to the extent it seeks documents not kept in the ordinary course of business, and to the extent it requires Charter to speculate as to the existence and ownership of unidentified copyrights. Specifically, Charter objects to the undefined term "logs" and phrase "each action taken or determined not to be taken" as vague and ambiguous.  Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Charter also objects to this request to the extent it purports to require Charter to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order, Charter will produce responsive, non-privileged documents concerning notices of claimed infringement of Plaintiffs' works in suit that were sent on Plaintiffs' behalf during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Charter will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order,

or other form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information.

**REQUEST NO. 3** All documents evidencing or concerning each response by any Subscriber or User to an Infringement Notice.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, demands "all documents" concerning a general subject, and to the extent it seeks documents not kept in the ordinary course of business. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Charter also objects to this request to the extent it purports to require Charter to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order, Charter will produce responsive, non-privileged documents concerning subscriber responses to communications concerning notices of claimed infringement of Plaintiffs' works in suit that were sent on Plaintiffs' behalf during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Charter will not produce personally identifiable information, other than the IP

address, for any person absent a subpoena, Court order, or other form of due process that affords

any affected individual notice and an opportunity to challenge the disclosure of such information.

**REQUEST NO. 4** All communications concerning alleged copyright infringement by your Subscribers or Users or through your internet service, including but not limited to all communications regarding Infringement Notices.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and

seeks information that is outside the scope of permissible discovery because it is not relevant to

any party's claim or defense, demands "all documents" concerning a general subject, and to the

extent it seeks documents not kept in the ordinary course of business. Charter further objects to

this request to the extent it improperly seeks information protected from disclosure by the attorney-

client privilege, work product doctrine, common interest privilege, or other applicable privilege or

doctrine. Charter also objects to this request to the extent it seeks information that is not in

Charter's possession, custody, or control, that is publicly available, or that is equally available to

Plaintiffs and to the extent that it is duplicative of other discovery requests that Plaintiffs have

propounded. Charter further objects to this request to the extent it purports to require Charter to

disclose information that infringes on any individual's right of privacy, whether protected under

the United States or any state constitution, or federal or state statute, regulation, or common law,

or otherwise.

Subject to and without waiving the foregoing objections, upon entry of an appropriate

protective order, Charter will produce responsive, non-privileged documents concerning notices

of claimed infringement of Plaintiffs' works in suit that were sent on Plaintiffs' behalf during the

Discovery Period, to the extent Charter finds such documents within its possession, custody, or

control after undertaking a reasonable and diligent search. Charter will not produce personally

identifiable information, other than the IP address, for any person absent a subpoena, Court order,

or other form of due process that affords any affected individual notice and an opportunity to

challenge the disclosure of such information.

**REQUEST NO. 5** All documents concerning BitTorrent, ARES, eDonkey, Gnutella, or other Peer-to-Peer file sharing, including but not limited to documents concerning the use of Peer-to-Peer file sharing by your Subscribers or Users; the prevalence of copyright infringement occurring through Peer-to-Peer file sharing systems; communications, memos, and studies discussing Peer-to-Peer Internet traffic whether or not on Charter's network.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including its demand for "all documents" concerning general subjects and its use of the undefined term "other Peer-to-Peer file sharing," such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter further objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs. Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Charter objects to this request to the extent it purports to require Charter to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order Charter will produce responsive, non-privileged documents falling within the Discovery Period concerning the use of BitTorrent by Charter subscribers to the extent known; the prevalence of copyright infringement occurring through BitTorrent; and communications, memos, and studies discussing Internet traffic attributable to BitTorrent, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent

search. Charter will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents falling within the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search concerning: the use of BitTorrent, or other peer-to-peer file-sharing systems by Charter subscribers; the prevalence of copyright infringement occurring through BitTorrent, or other peer-to-peer file-sharing systems; and communications, memos, and studies discussing Internet traffic attributable to BitTorrent, or other peer-to-peer file-sharing systems. Charter will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information.

**REQUEST NO. 6**   Documents sufficient to show your corporate structure for the business of providing internet services, including the relationship among any parent corporations, subsidiaries, or any affiliates engaged in your business of providing internet services.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because of the undefined term "business of providing internet services." Charter further objects to this request to the extent it seeks information that is that is publicly available.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order Charter will produce representative responsive, non-privileged documents sufficient to show Charter's corporate structure related to its internet services during the Discovery

Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 7** Organizational charts or other documents sufficient to show your organizational structure for persons responsible for addressing copyright infringement complaints, user terms of service, Acceptable Use Policies, privacy policies, and finances, including the identity and title of each job occupant.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense and to the extent it calls for information not kept in the ordinary course of business. Charter further objects that the request is vague, ambiguous, overbroad, and unduly burdensome, to the extent it generally seeks documents or information concerning "finances." Charter further objects to the phrase "persons responsible for" concerning each of the subcategories as overly broad, vague, and ambiguous. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order Charter will produce representative responsive, non-privileged organizational charts to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 8** Without regard to the time limitation set forth in Paragraph 8 of the Instructions above, all documents concerning any copyright or infringement policy applicable to Subscribers or Users, including but not limited to any draft or final versions of such policies; the effects of such policies; documents sufficient to identify the employees or agents with responsibility for developing, conceiving, drafting and/or implementing such policies; documents sufficient to show when you first adopted such policies and the date of any changes to such policies; and documents sufficient to show how and when such policies were communicated to third parties, including but not limited to Subscribers or Users. This request includes but is not limited to any DMCA Policy, Repeat Infringer Policy, and/or Acceptable Use Policy.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to

any party's claim or defense, including because it seeks drafts of documents, and documents with no temporal limited. Charter further objects that this request is vague and ambiguous, compound, and confusing, including because it seeks "all documents" that are "sufficient" to show or identify broad topics and because of its use of the undefined phrase "effects of such policies." Charter will interpret this request as seeking documents sufficient to show or identify the requested information. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order Charter will produce responsive, non-privileged documents concerning Charter's policies relating to copyright infringement that were in effect during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 9** All documents describing or concerning your IP address assignment protocol, including but not limited to documents concerning the manner in which you assign IP addresses to Subscribers or Users, the circumstances under and frequency with which a Subscriber's IP address is changed, your DHCP log retention policy, and any other policies or protocols by which IP address assignments are logged and retained or not retained.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including its demand for "all documents" concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter further objects to this request to the extent it improperly

14

seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order Charter will produce responsive, non-privileged documents sufficient to show Charter's policies and practices for assigning IP addresses to its subscribers and its DHCP log retention policy during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 10** Documents sufficient to identify the name, title, and role of each of Defendant's employees or agents involved any manner in receiving, assessing, addressing, responding, and/or implementing any Infringement Notice.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and because it seeks information about individuals who are "involved in any manner" in a wide variety of undefined tasks. Charter further objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, or maintained in the course of business. Charter also objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including RFP No. 7 and Interrogatory No. 1.

Subject to and without waiving the foregoing objections, Charter refers Plaintiffs to its response to Plaintiffs' RFP No. 7.

**REQUEST NO. 11** All documents concerning tracking or determining the identity of Subscribers or Users associated with an IP address identified in an Infringement Notice.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks

information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including its demand for "all documents" concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including RFP No. 9.

Subject to and without waiving the foregoing objections, Charter responds that it is willing to meet and confer in good faith with Plaintiffs concerning this request.

**REQUEST NO. 12** Documents sufficient to identify the Subscribers associated with the IP addresses identified in any Infringement Notice Defendant received.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs and to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Charter further objects to this request to the extent it purports to require Charter to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution,

or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order, Charter will produce responsive, non-privileged documents concerning IP addresses associated with notices of claimed infringement of Plaintiffs' works in suit that were sent on Plaintiffs' behalf during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Charter will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information.

Subject to and without waiving the foregoing objections, Charter responds that it is willing to meet and confer in good faith with Plaintiffs to determine a reasonable procedure and scope for responding to this request.

**REQUEST NO. 13** All documents concerning any technological or other means or mechanisms you considered or implemented to address, limit or prevent use of your internet services in violation of your Acceptable Use Policy, including but not limited to preventing copyright infringement by Subscribers or Users through the use of BitTorrent or Peer-to-Peer file sharing systems.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense and demands "all documents" concerning a general subject. Charter further objects to this request as vague and ambiguous, in particular as the meaning of the undefined terms "technological," "other means or mechanisms," and "address" and fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter also objects to this request to the extent it purports to require Charter to disclose trade secrets or other confidential or proprietary information before a protective order is entered, of such information owned by third parties. Charter further objects to this request to the extent it

improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control and to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order, Charter will produce responsive, non-privileged documents sufficient to identify technological mechanisms that Charter implemented during the Discovery Period to limit or prevent copyright infringement by Charter's subscribers through the use of BitTorrent, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search

**SUPPLEMENTAL RESPONSE:**   Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents sufficient to identify technological mechanisms that Charter implemented during the Discovery Period to limit or prevent copyright infringement by Charter's subscribers through the use of BitTorrent, or other peer-to-peer file-sharing systems, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 14** All documents concerning the potential impact on your financial interests, including but not limited to lost fees or revenues, in the event you terminated internet service to Subscribers or Users accused of copyright infringement, or adopted or made changes to any Repeat Infringer or graduated response policy. This request includes but is not limited to documents such as marketing reports, plans, studies, analyses, and consumer research.

**ANSWER:**   Charter objects to this request as over-broad and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense and demands "all documents" concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be

produced for inspection. Charter further objects to this request as vague and ambiguous, in particular as the meaning of the undefined terms "potential impact" and "financial interests," and fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request as premature as it purports to require Charter to disclose individuals, documents, or things inconsistent with the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26(a)(2) and the rules and orders of this Court. Charter further objects to the extent such information is related to items currently pending before the Court on Defendant's Motion to Dismiss.

Subject to and without waiving the foregoing objections, Charter responds that it is willing to meet and confer in good faith with Plaintiffs concerning this request.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents related to any potential financial impact of terminating subscribers for alleged copyright infringement, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 15** Documents sufficient to show, by month, the Subscriber ID of each Subscriber against whom you have taken any action or implemented any measures in response to an Infringement Notice, including but not limited to suspension or termination.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, and to the extent it seeks documents not kept in the ordinary course

of business. Specifically, Charter objects to the undefined phrases "taken any action" and "implemented any measures" as vague and ambiguous. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Charter also objects to this request to the extent it purports to require Charter to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order Charter will produce responsive, non-privileged documents forth in its response to Plaintiffs' RFP No. 2.

**REQUEST NO. 16** All documents or communications concerning the DMCA or copyright infringement.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, vague, and ambiguous and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, and because it demands "all documents" concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents concerning Plaintiffs' works in suit or notices sent on behalf of Plaintiffs during the Discovery Period.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents concerning Plaintiffs' works in suit or notices sent on behalf of Plaintiffs during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 17** All documents concerning Plaintiffs' copyright interests, including but not limited to the transmission or downloading of sound recordings or musical works of which Plaintiffs are the legal or beneficial copyright owners or exclusive licensees, and claims or potential claims by Plaintiffs against Defendant or any other person.

**ANSWER:**   Charter objects that this request is overbroad and unduly burdensome and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it demands "all documents" concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter objects to the undefined term "copyright interests" as vague and ambiguous. Charter further objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs. Charter also objects to this request to the extent it assumes Charter knows which works Plaintiffs are the "legal or beneficial copyright owners or exclusive licensees."

21

Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order Charter will produce responsive, non-privileged documents concerning Plaintiffs' works in suit during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 18** Documents sufficient to show your total and average revenues and profits, by month and year, including a breakdown based on the type of service provided.

**ANSWER:**   Charter objects to this request as vague and ambiguous, over-broad, and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects to this request to the extent it seeks information that is that is publicly available. Charter objects to this request as vague and ambiguous, in particular as the meaning of the undefined terms "average" and "breakdown," and fails to describe with reasonable particularity the items or categories of items to be produced for inspection, including the specific department or service for which revenue information is sought. Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request as premature as it purports to require Charter to disclose individuals, documents, or things inconsistent with the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26(a)(2) and the rules and orders of this Court. Charter further objects to the extent such

information is related to items currently pending before the Court on Defendant's Motion to Dismiss.

Subject to and without waiving the foregoing objections, Charter responds that it is willing to meet and confer in good faith with Plaintiffs concerning this request.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents concerning internet revenues Charter received during the Discovery Period, to the extent such documents are located in Charter's custody or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 19** Documents sufficient to show your total and average revenue and profit attributable to Subscribers about whom you received an Infringement Notice, including the per Subscriber revenue and profit by month and year.

**ANSWER:**   Charter objects to this request as vague and ambiguous, over-broad, and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects to the extent it seeks documents not kept in the ordinary course of business and to the extent it seeks information that is publicly available. Charter objects to this request as vague and ambiguous, in particular as the meaning of the undefined term "average" and phrase "attributable to Subscribers about whom you received an Infringement Notice," and fails to describe with reasonable particularity the items or categories of items to be produced for inspection, including the specific department or service for which revenue information is sought. Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request as premature as it purports to require Charter to disclose individuals, documents, or things inconsistent with the Federal Rules of Civil Procedure, including Federal

Rule of Civil Procedure 26(a)(2) and the rules and orders of this Court. Charter further objects to the extent such information is related to items currently pending before the Court on Defendant's Motion to Dismiss.

Subject to and without waiving the foregoing objections, Charter responds that it is willing to meet and confer in good faith with Plaintiffs concerning this request.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents concerning internet revenue received during the Discovery Period from subscribers identified in connection with notices sent on behalf of Plaintiffs during the Discovery Period, to the extent such documents are located in Charter's custody or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 20** Documents sufficient to demonstrate your financial performance, including but not limited to regular corporate financial reports, audit reports, auditor letters, and any notes or supporting documents thereto.

**ANSWER:** Charter objects to this request as vague and ambiguous, over-broad, and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects to this request to the extent it calls for information that is publicly available. Charter objects to this request as vague and ambiguous, in particular as the meaning of the undefined terms "financial performance," "corporate financial reports," and "supporting documents thereto," and fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter also objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request as premature as it purports to require Charter to disclose individuals, documents, or things inconsistent with the Federal Rules of Civil

Procedure, including Federal Rule of Civil Procedure 26(a)(2) and the rules and orders of this Court. Charter further objects to the extent such information is related to items currently pending before the Court on Defendant's Motion to Dismiss.

Subject to and without waiving the foregoing objections, Charter responds that it is willing to meet and confer in good faith with Plaintiffs concerning this request.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Charter will produce Charter's 10-K filings for the Discovery Period, to the extent such documents are located in Charter's custody or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 21** All documents concerning the impact or effectiveness of any graduated response program, DMCA Policy, or Repeat Infringer Policy in stopping alleged copyright infringement through the use of your internet service. This request includes but is not limited to documents such as marketing reports, plans, studies, analyses, and consumer research.

**ANSWER:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense and demands "all documents" concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter objects to the undefined terms "impact," "effectiveness," "graduated response program," and "stopping" as vague and ambiguous. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order Charter will produce responsive, non-privileged documents concerning Charter's DMCA policy as a deterrent to copyright infringement during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search and to the extent not already produced in response to other requests.

**REQUEST NO. 22** All communications with, from, or involving any employee, officer, or director of Cox Communications or Bright House Networks, LLC regarding alleged copyright infringement, including but not limited to graduated response programs, Repeat Infringer Policies, and DMCA Policies.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, calls for communications with entities not party to this litigation, and demands "all documents" concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter objects to the undefined terms "involving" and "graduated response programs" as vague and ambiguous. Charter further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged communications concerning Plaintiffs' works in suit or notices sent on behalf of Plaintiffs during the Discovery Period.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents concerning Plaintiffs'

works in suit or notices sent on behalf of Plaintiffs during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 23** All licenses to which you are a party for software or other intellectual property relating to tracking and responding to alleged copyright infringement, including but not limited to tracking and responding to Infringement Notices and amounts spent thereon.

**ANSWER:**   Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including its demand for "all documents" concerning general subjects such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Charter objects to the undefined phrase "software or other intellectual property relating to" as vague and ambiguous. Charter further objects to this request to the extent it purports to require Charter to disclose trade secrets or other confidential or proprietary information before a protective order is entered and to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter also objects to this request to the extent it seeks information that is not in Charter's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs. Charter further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing objections, upon entry of an appropriate protective order Charter will produce responsive, non-privileged documents concerning licenses paid for software that enables the tracking of and response to alleged copyright infringement on Charter's service during the Discovery Period, to the extent Charter finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search, to the extent not barred by any applicable confidentiality provisions, and to the extent not already produced in

response to other requests.

**REQUEST NO. 24** All documents on which you rely in responding to Plaintiffs' Interrogatories.

**ANSWER:**   Charter objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects that this request is premature, vague and ambiguous, because it seeks documents that do not currently exist and whose characteristics are unknown. To the extent Charter is required to produce documents in response to this request, Charter reserves the right to supplement its objections in light of then-existing circumstances. Charter further objects to this request to the extent it purports to require Charter to disclose trade secrets or other confidential or proprietary information before a protective order is entered, and to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Charter further objects to this request to the extent it seeks information that is publicly available, or that is equally available to Plaintiffs. Charter further objects to this request to the extent it purports to require Charter to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing objections, Charter will produce responsive, non-privileged documents, if any, to the extent and on the schedule provided by Federal Rule of Civil Procedure 33(d), the Local Rules, and applicable rules and orders of this Court.


Date: May 27, 2020                      By: */s/ Michael S. Elkin*
                                        Michael S. Elkin
                                        Thomas Patrick Lane
                                        Seth E. Spitzer
                                        WINSTON & STRAWN LLP

200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Phone: 213.615.1700
Fax: 213.615.1750
E-mail: eranahan@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Phone: 303.830.2400
Fax: 303.830.1033
E-mail: cjoyce@fwlaw.com
E-mail: jtanner@fwlaw.com

*Counsel for Defendant
Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 27, 2020, a true and correct copy of the foregoing was served via email on the below counsel of record for Plaintiffs:

Mitchell A. Kamin
Neema T. Sahni
Rebecca Van Tassell
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
rvantassell@cov.com

Jonathan M. Sperling
Jacqueline C. Charlesworth
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
jcharlesworth@cov.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

Janette L. Ferguson
Benjamin M. Leoni
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

*/s/ Erin R. Ranahan*