UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC. (f/k/a/ Warner Bros. Records, Inc.), *et al.*,

    *Plaintiffs*,

v.

CHARTER COMMUNICATIONS, INC.,

    *Defendant*.

Case No. 19-cv-00874-RBJ-MEH

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S OPPOSITION TO PLAINTIFFS' OBJECTION TO SPECIAL MASTER'S JANUARY 22, 2021 ORDER**

In their Objection to the Special Master's January 22, 2021 Order, Plaintiffs ask the Court to compel Charter to respond to nine overbroad and invasive discovery requests, even though Plaintiffs conceded in the hearing with the Special Master that the discovery is premised on the counter-counterclaims that Judge Jackson ordered stricken from the record in December 2020. Dkt. 346 ("Obj.") (Jan. 29, 2021); Ex. A, Jan. 22, 2021 Hr'g Tr., at 64:13-16 ("[T]hey are six requests that we selected from the sets that you had ordered us to reproduce to cover infringement to present for purposes of the counter-counterclaims."). Despite Judge Jackson's clear directive that Plaintiffs could not pursue new claims or expand the relevant claims period, Plaintiffs refused to abandon their discovery requests for the post-2016 time period and have instead manufactured a new explanation for why the expansive discovery should be allowed to proceed. The Special Master properly recognized that this "issue has been fairly and decisively ruled upon by Judge Jackson" and denied Plaintiffs' request. Ex. A, Jan. 22, 2021 Hr'g Tr., at 73:14-74:6. This decision did not constitute an abuse of discretion, and Plaintiffs' Objection should be overruled.

1

I.       **Plaintiffs May Not Pursue Discovery Requests in Violation of Judge Jackson's Order.**

Plaintiffs seek to compel Charter to respond to six requests for production (Nos. 89, 98, 101, 110, 112, and 128) and three interrogatories (Nos. 20, 21, and 22) from November 5, 2020 that are reiterations of prior discovery requests served earlier in the case, but modified to cover an expanded claims period (May 18, 2016 through April 30, 2020) related to Plaintiffs' now-stricken counter-counterclaims. Obj. 1-2; *see* Ex. B, Pls.' 6th Set of RFPs, Instr. 8 (Nov. 5, 2020); Ex C, Pls.' 4th Set of Interrogs., Instr. 7 (Nov. 5, 2020) (defining the relevant time period as the "Subsequent Claim Period"). This is an improper end-run around Judge Jackson's December 15, 2020 Order striking the counter-counterclaims, and the Objection should be overruled for that reason alone.

Plaintiffs first sought to obtain the discovery at issue in October 2020 when they attempted to "amend" their prior discovery requests by email, writing, "Plaintiffs are proceeding with discovery on their *counter-counterclaims*" and "are hereby amending the Discovery Period for all of our discovery so that it covers the *Counterclaim period*." Ex. D, Oct. 9, 2020 J. Ehlers Email (emphasis added). After this issue was raised with the Special Master, Plaintiffs argued that they should be entitled to exceed the discovery limits so that they could propound a full spectrum of discovery requests premised exclusively on their prospective counter-counterclaims: "I think that the real question is: What's the process we should be going through now on discovery on the *new claims*?" Ex. E, Oct. 26, 2020 Hr'g Tr., at 7:4-6 (emphasis added) (Pls.' counsel). Although Judge Jackson had not yet ruled on whether Plaintiffs would be permitted to add the new claims, the Special Master allowed Plaintiffs to propound their requests in the interests of expediency, but based her decision exclusively on the tentative "need to have discovery requests that address this

2

particular time period and are related to the *counter-counterclaim[s]*." *Id.* at 24:24-25 (emphasis added). When Plaintiffs served the requests in November, they acknowledged that the requests were written "to cover the *counter-counterclaim period*." Ex. F, Nov. 6, 2020 J. Ehlers Email (emphasis added).

Plaintiffs' counter-counterclaims were stricken from the record on December 15, 2020 by Judge Jackson:

> The Court is not going to permit the plaintiff to add the new claims. I have no hesitancy in saying that. Mr. Oppenheim's letter told the Court that I better do it or else. I'll select or else. If the plaintiff wants to file a new case, let them file. Folks, this case was filed on March 22nd of 2019. It's an old case. You have consumed a great deal of time of Magistrate Judge Hegarty, and perhaps an even greater amount of time from Special Master Rodriguez. And you've had plenty of time to do discovery. You have not been the slightest bit shy about filing your motions. You have a trial date. That date is October 18th, 2021. That date was set on May 5th of 2020. And this case, unless it settles, will go to trial on October 18th, 2021.

Ex. G, Dec. 15, 2020 Hr'g Tr., at 7:7-19; *see also* Dkt. 316, Minutes (Dec. 15, 2020).

Three weeks after Judge Jackson rejected Plaintiffs' attempt to introduce new claims and a new claims period into the case, Plaintiffs decided to side-step this ruling by claiming that the discovery could nevertheless be re-purposed as a means of rebutting a damages argument Charter made nine months earlier in the case, in a completely different context. Ex. H, Jan. 4, 2021 J. Ehlers Email; *see* Obj. 1 & Ex. 1 (acknowledging Charter had raised the issue by at least April 17, 2020). After Plaintiffs' continued demands for discovery into the counter-counterclaims were elevated to the Special Master, Plaintiffs brushed aside the unambiguous record concerning the counter-counterclaims, and instead represented to the Special Master that their discovery requests "[went] to Charter's defense in this case arguing that peer-to-peer infringement is no longer a

3

problem." Ex. A, Jan. 22, 2021 Hr'g Tr., at 62:12-15.[1]  The Special Master rejected this characterization, and stated:

> Well, I will tell you, I also am a little surprised to see this discovery request. It does appear to me to be a back-door approach to obtain discovery on topics for which the Court has already denied. I also read Judge Jackson's order as being very clear. I don't find Judge Jackson to be ambiguous in much of anything that he does, and he was very clear in this case that we're not going to expand the claims nor are we going to expand the time period.
>
> Each of these discovery requests seeks information for a time period May 18, 2016 through April 30, 2020, which would expand the time period at issue in this case, and we're not going to do that.
>
> So for the reasons articulated by Ms. Brewer, I am not going to order this discovery, and I believe that issue has been fairly and decisively ruled upon by Judge Jackson.

*Id.* at 73:14-74:6.

In their Objection, Plaintiffs again misrepresent the purpose of the discovery and contend that they "served the nine requests at issue to rebut [a] defense." Obj. 1. Plaintiffs further assert that the Special Master's statement that their requests were directed to the "now stricken counter-counterclaims" has "no basis in fact," *id.* at 2, despite having conceded at least four separate times that the requests are in fact squarely premised on their barred counter-counterclaims.[2]

Given that the Special Master closely adhered to Judge Jackson's December 15, 2020 ruling on the scope of the case in denying the discovery, no abuse of discretion has occurred. *See* Dkt. 143, Order Appointing Special Master ¶ 6 (Mar. 11, 2020) (an order from the Special Master

---

[1] Charter does not accept Plaintiffs' characterization of its damages argument or defenses, but ultimately it is of no moment as those topics have no rational relationship to the discovery requests at hand.

[2] Significantly, at the October 26, 2020 hearing with the Special Master, Plaintiffs made no mention of a need to propound additional discovery to counter Charter's purported "deterrence defense" to Plaintiffs' damages theory. *See generally* Ex. A, Jan. 22, 2021 Hr'g Tr., at 67:3-7 (January 22, 2021 discussion with Special Master about the absence of any mention by Plaintiffs at the October 26, 2020 hearing of a need to take discovery to rebut a deterrence defense).

4

on non-dispositive motions will "only" be set aside if "it constitutes an abuse of discretion"); *see also Baldwin v. United States*, 2012 WL 7051296, at *3 (D. Colo. Sept. 17, 2012) (reiterating that to satisfy the "abuse of discretion" standard, an order must be based on "arbitrary, capricious, whimsical, or manifestly unreasonable judgment" (citation omitted)); *Lee v. State Farm Mut. Auto. Ins. Co.*, 249 F.R.D. 662, 671 (D. Colo. 2008) (overruling objections and holding that an abuse of discretion involves the special master "fail[ing] to articulate a reason for [her] decision" or "articulat[ing] a reason which has no basis in fact or the reason so articulated is contrary to law" (citation omitted)).  As the Special Master noted, Plaintiffs' discovery requests would impermissibly "expand the time period at issue in this case," and Judge Jackson had been "very clear in this case that we're not going to … expand the time period."  Ex. A, Jan. 22, 2021 Hr'g Tr., at 73:20-74:2; *see also* Ex. G, Dec. 15, 2020 Hr'g Tr., at 10:14-15 (Jackson, J.) ("The case is the 11,027 works between March 24th, 2013, and May 17th, 2016.").

## II. Plaintiffs' Requests Would Not Be Proper Even If They Were Not An End-Run Around The Dismissal Of The Counter-Counterclaims.

### A. Plaintiffs' Requests Are Neither Rationally Related Nor Proportional To Charter's Damages Argument.

The Special Master also did not abuse her discretion in determining that the discovery is unduly burdensome and not rationally related, nor proportional, to Charter's damages argument. To cite just a few requests, Plaintiffs demand: (a) "Logs of *all* Infringement Notices" that Charter received during the counter-counterclaims period, Ex. B, RFP No. 89; (b) "*All* of [Charter's] internal communications discussing *any* Infringement Notice, *any* instance of alleged copyright infringement, or *any* 'ticket' generated in response to *any* Infringement Notice" during the counter-counterclaims period, *id.* RFP No. 112; and (c) documentation of "actual monthly revenue

from *all* Subscribers identified in Plaintiffs' Infringement Notices" for the counter-counterclaim period, *id.* RFP No. 101 (emphases added). None of these requests is reasonably tethered to a live claim or defense in this case or to the relevant claims period.

Moreover, the burden associated with responding to these requests would be significant. Charter would have to engage in new negotiations regarding custodians and search terms for a brand new time period (that is more than double the existing claims period in the case), Charter would have to collect and review substantial volumes of new data and prepare new privilege logs, and then Charter would be required to defend itself against a cascade of inevitable "scorched earth" deficiency challenges and motion practice that has already consumed a vast amount of Charter's time and resources, not to mention substantial judicial resources. To require Charter to engage in this type of grossly overbroad discovery starting in February 2021, when fact discovery is set to close in less than 60 days, would be entirely at odds with Judge Jackson's directive to the parties to be trial-ready by October 2021. *See* Ex. G, Dec. 15, 2020 Hr'g Tr., at 7:15-19 ("[Y]ou've had plenty of time to do discovery. … You have a trial date. … And this case, unless it settles, will go to trial on October 18th, 2021."). The Special Master properly took this into account when she denied the requests.

    **B.    Permitting Plaintiffs' Discovery Would Be Fundamentally Prejudicial and Unfair.**

The Special Master also did not abuse her discretion in accepting Charter's additional arguments that the discovery would be fundamentally unfair and unduly prejudicial to Charter. Four of the six requests for production at issue in the Objection exceed the 100-request cap set in the Scheduling Order. Plaintiffs had only been conditionally permitted to serve these excess requests in November 2020, pending Judge Jackson's decision on the pleadings, because the

Special Master determined that amendment by email was not procedurally proper and because, at the time, it was not clear whether Judge Jackson would allow new claims. Ex. E, Oct. 26, 2020 Hr'g Tr., at 24:18-25. With the counter-counterclaims now stricken, permitting Plaintiffs to continue to pursue the excess requests (now running to almost 140) while Charter has adhered to the discovery limits would be fundamentally unfair.

Moreover, Charter propounded the remainder of its written discovery in late December based on the understanding that Plaintiffs' counter-counterclaims had been stricken. Charter would be unduly prejudiced if Plaintiffs were permitted to broadly pursue post-2016 discovery after Charter sensibly moved on. And it would be unfair to allow Plaintiffs to revive their counter-counterclaims discovery after Charter made numerous strategic decisions in reliance on the fact that the counter-counterclaims had been stricken from the case.

Last, as stated at the January 22, 2021 hearing before the Special Master, and in the Motion to Dismiss briefing before Judge Jackson, *see* Dkt. 312 (Dec. 8, 2020), the prejudice to Charter goes beyond the expense and burden associated with responding to this discovery, which could not be cured unless the case is extended by a year and the same type of discovery is reciprocated by Plaintiffs. Allowing Plaintiffs to push forward with this discovery would bring new facts into the case regarding Charter's system for notice processing in the post-2016 time period, which would be substantively prejudicial to Charter to the point of preventing a fair trial. *See id.* at 11-12 (noting that the addition of the post-2016 claims and new claims period to the case would fundamentally impair Charter's defenses and prevent a fair trial).

## **CONCLUSION**

For all of the reasons set forth above, Charter respectfully requests that Plaintiffs' Objection to the Special Master's January 22, 2021 Order be overruled.

| | |
|---|---|
| Dated: February 10, 2021 | Respectfully submitted, |
| Jennifer A. Golinveaux<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA 94111-5840<br>(415) 591-1506 (telephone)<br>(415) 591-1400 (facsimile)<br>E-mail: jgolinveaux@winston.com | /s/ Andrew H. Schapiro<br>Andrew H. Schapiro<br>Nathan A. Hamstra<br>Allison Huebert<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>(312) 705-7400 (telephone)<br>(312) 705-7401 (facsimile)<br>E-mail: andrewschapiro@quinnemanuel.com<br>E-mail: allisonhuebert@quinnemanuel.com |
| Michael S. Elkin<br>Seth E. Spitzer<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 294-6700 (telephone)<br>(212) 294-4700 (facsimile)<br>E-mail: melkin@winston.com<br>E-mail: sspitzer@winston.com | Charles K. Verhoeven<br>David Eiseman<br>Linda Brewer<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600 (telephone)<br>(415) 875-6700 (facsimile)<br>E-mail: charlesverhoeven@quinnemanuel.com<br>E-mail: davideiseman@quinnemanuel.com<br>E-mail: lindabrewer@quinnemanuel.com |
| Erin R. Ranahan<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>(213) 615-1933 (telephone)<br>(213) 615-1750 (facsimile)<br>E-mail: eranahan@winston.com | Todd Anten<br>Jessica Rose<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd floor<br>New York, NY 10010<br>(212) 849-7000 (telephone)<br>(212) 849-7100 (facsimile)<br>E-mail: toddanten@quinnemanuel.com<br>E-mail: jessicarose@quinnemanuel.com |
| | Craig D. Joyce<br>Fairfield and Woods, P.C.<br>1801 California Street, Suite 2600<br>Denver, CO 80202<br>(303) 830-2400 (telephone)<br>(303) 830-1033 (facsimile)<br>E-mail: cjoyce@fwlaw.com |
| | *Counsel for Defendant*<br>*Charter Communications, Inc.* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro