IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant

Case No. 19-cv-00874-RBJ-MEH

**PLAINTIFFS' REPLY IN SUPPORT OF OBJECTION TO SPECIAL MASTER'S JANUARY 27, 2021 ORDER APPROVING CHARTER'S UNILATERAL REDACTIONS OF KEY FINANCIAL DOCUMENTS FOR ALLEGED NON-RESPONSIVENESS**

    Charter's only response to Plaintiffs' Objection is that its unilateral redactions based on alleged non-responsiveness are permissible simply because the Special Master said as much. But Charter has no answer—because there is none—to the two more fundamental points at issue here. First, absent exceptional circumstances, redactions for responsiveness are never appropriate. Second, here the redacted information is both relevant to the case and responsive to many of Plaintiffs' discovery requests. Consequently, the Special Master's order approving Charter's unilateral redactions is contrary to law and should be reversed.

    As to the first issue, courts in the Tenth Circuit hold that open-ended, unilateral redactions are not permissible under circumstances like these. *See, e.g.*, *Brunet v. Quizno's Franchise Co.*, No. 07-cv-01717-PAB-KMT, 2009 WL 902434, at *3 (D. Colo. Apr. 1, 2009) (rejecting redactions to claimed "irrelevant, highly confidential, highly sensitive material" because "[t]here is no reason why the protective order in this case is not sufficient to protect the

[claimed non-responsive] material"); *McNabb v. City of Overland Park*, No. 12-cv-2331 CM/TJJ, 2014 WL 1152958, at *2–5 (D. Kan. Mar. 21, 2014) ("In the few cases in this district where the court has addressed the propriety of unilateral redactions of either irrelevant, non-responsive, or confidential information, unilateral redactions have been found to be inappropriate."); *cf. Requa v. C.B. Fleet Holding Co.*, No 06 CV 01981 PSF MEH, 2007 WL 2221146, at *1 (D. Colo. July 31, 2007) (Hegarty, M.J.) ("Although the Court found no authority for redacting information simply because it is irrelevant, Plaintiff does not object to this."). Indeed, the practice is contrary to the predominant weight of authority across jurisdictions. *See Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, No. 12-cv-00787-FLW-LHG, 2017 WL 3624262, at *3 (D.N.J. Apr. 26, 2017) (collecting cases across jurisdictions).

As for the second issue, Charter fails to meaningfully address the crux of Plaintiffs' Objection—*i.e.*, the data Charter unilaterally redacted is relevant and responsive to Plaintiffs' document requests because it is precisely the type of information that Plaintiffs' financial expert and the jury will consider in analyzing Charter's financial performance and incentives. Information concerning Charter's budgeted and actual revenues, its relative market share, and its overall financial structure and incentive to retain subscribers is relevant to Plaintiffs' vicarious liability claim and damages issues, and responsive to Plaintiffs' discovery requests. Charter should not be permitted to make unjustified "responsiveness" redactions, especially where (as here) the information at issue bears on Charter's economic incentive to tolerate infringement on its network and an understanding of Charter's overall financial picture, both of which are critical considerations for the jury in assessing statutory damages.

This Court should reverse the Special Master's January 27, 2021 order and order Charter to produce the documents Bates-labeled CHA_00079641 through CHA_00079649 in full and unredacted.

Dated:  February 16, 2021            /s/ Jeffrey M. Gould
                                            Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE & FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@williamsweese.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Jeffrey M. Gould*
Jeffrey M. Gould