IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.*,

Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

Defendant.

---

**PLAINTIFFS' REPLY IN SUPPORT OF OBJECTION TO SPECIAL MASTER'S JANUARY 22, 2021 ORDER DENYING DISCOVERY INTO CHARTER'S DETERRENCE DEFENSE**

---

Charter does not dispute that, at trial, it will argue that (1) deterrence is a primary determinant of the amount of statutory damages; (2) peer-to-peer infringement either is not a problem today or is not as prevalent as it once was, and thus is no longer a problem to which Charter contributes; and (3) because there is nothing to deter, Plaintiffs should not be awarded significant damages. Nor does Charter dispute that the discovery Plaintiffs seek is relevant to this defense or that Plaintiffs have sought only this discovery regarding this defense.

Instead, to avoid this discovery, Charter argues that Plaintiffs are actually seeking discovery into their dismissed counter-counterclaims, accusing Plaintiffs of "brush[ing] aside the unambiguous record concerning the counter-counterclaims." Opp. at 3. That is not true. Plaintiffs do not seek to put at issue any new works they asserted in the counter-counterclaims through this discovery. And it would be foolish to pursue discovery on those claims after this

Court stated so clearly and unequivocally that it would not allow claims on those works to be asserted in this case.  Dec. 15, 2020 Hrg. Tr. at 10:10-16.

To be sure, these nine requests were among those that Plaintiffs served to cover the counter-counterclaim period.  By their very nature, however, the information sought by the instant Requests *also* rebuts Charter's defense that peer-to-peer piracy is no longer a problem to which Charter contributes—which turns on facts about the extent of piracy on Charter's network today.  *See, e.g.,* Sept. 9, 2020 Hrg. Tr. at 34:1-10 (Charter's counsel articulating defense that, "*today* the [peer-to-peer] problem is no longer here" (emphasis added)).

Charter asserts that the Requests are not "rationally related" to its defense, Opp. at 5, but offers no explanation—and for good reason.  The information that Plaintiffs seek bears directly on the veracity of Charter's defense:  (1) the volume of notices that Charter *continues to receive* specifying instances of peer-to-peer infringement by its subscribers using its network (RFP 89; Interrogatory No. 20); (2) the actions, if any, Charter took in response to those notices (RFPs 89, 110; Interrogatory 21); (3) the money Charter received from the infringing subscribers against whom it *took no action*, and the number of subscribers it terminated for non-payment but not for repeat infringement (RFP 101; Interrogatory 22); and (4) Charter's communications about these infringement notices, both internal and with subscribers (RFPs 98, 112, 128).  Together, these requests seek the necessary, core discovery to show that peer-to-peer infringement is still rampant on Charter's network; that Charter continues to do nothing in response to known, repeat infringers; but that Charter continues to terminate such repeat infringers when its own pocketbook is at stake.  In other words, that there *is* behavior to deter.

Because Charter cannot dispute the relevance of these nine requests, it claims they are not proportional.[1]  What Charter omits from its proportionality analysis is that, if found liable, Charter will rely on the defense to reduce Plaintiffs' damages by hundreds of millions of dollars. *Cf.* Ex. A at 63:16-21, 64:24-73:11.  In short, Charter cannot contend that "this discovery would bring new facts into the case regarding Charter's system for notice processing in the post-2016 time period, which would be substantively prejudicial to Charter," Opp. at 7, yet at the same time maintain that peer-to-peer infringement on its network is not the same problem today that it once was, and that there is no Charter behavior to deter.

Dated:  February 16, 2021                    */s/ Jonathan M. Sperling*

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

---

[1] Charter also argues that "four of the six requests for production…exceed the 100-request cap set in the Scheduling Order."  Opp. at 6.  This ignores the facts.  The Special Master granted Plaintiffs leave to exceed the 100-RFP limit because Charter insisted that Plaintiffs re-serve existing requests to cover the counterclaim period.  Ex. 7 at 21:15-22:6.  Plaintiffs served 51 additional requests for production, and four of the requests at issue here were numbered above 100.  In light of the Court's order dismissing Plaintiffs' counterclaims-in-reply, however, Plaintiffs are not pursuing 45 of the 51 requests for production in that set.  Ex. 8.  Plaintiffs have otherwise served 91 RFPs; thus, with the six at issue here, Plaintiffs have served a total of 97.

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE & FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@williamsweese.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

/s/ Jonathan Sperling
Jonathan M. Sperling