# Exhibit 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00874-RBJ-MEH

_____

WARNER BROS. RECORDS INC., et al.,

        Plaintiffs,

vs.

CHARTER COMMUNICATIONS, INC.,

        Defendant.

_____

TELEPHONIC HEARING

October 26, 2020

_____

        This telephonic hearing was taken before Special Master Regina Rodriguez on October 26, 2020, at 3:49 p.m. Mountain Standard Time before K. Michelle Dittmer, Registered Professional Reporter and Notary Public within the state of Colorado.

(The reporter, K. Michelle Dittmer, appearing remotely via telephone)

Telephonic Hearing
October 26, 2020

Page 2

1    A P P E A R A N C E S

2    ON BEHALF OF THE PLAINTIFF WARNER BROS. RECORDS INC.:

3            MATTHEW J. OPPENHEIM, ESQ.
             JEFFREY M. GOULD, ESQ.
4            Oppenheim & Zebrak LLP
             4530 Wisconsin Avenue N.W.
5            5th Floor
             Washington, DC 20016
6            Phone: 202-480-2999
             Email: matt@oandzlaw.com
7            Email: jeff@oandzlaw.com
             (appeared telephonically)
8
             NEEMA T. SAHNI, ESQ.
9            Covington & Burling LLP
             1999 Avenue of the Stars
10           Suite 3500
             Los Angeles, California 90066-4643
11           Phone: 424-332-4757
             Email: nsahni@cov.com
12           (appeared telephonically)

13

14

15

16

17

18

19

20

21

22

23

24

25

Wilson & Associates, LLC
scheduling@wilsonandassociatesllc.com

```
 1    ON BEHALF OF THE DEFENDANT:

 2            ERIN R. RANAHAN, ESQ.
              Winston & Strawn, LLP
 3            333 South Grand Avenue
              Los Angeles, California 90071
 4            Phone: 213-615-1835
              Email: eranahan@winston.com
 5            (appeared telephonically)

 6            CRAIG D. JOYCE, ESQ.
              Fairfield & Woods, P.C.
 7            1801 California Street
              Suite 2600
 8            Denver, Colorado 80202-2645
              Phone: 303-830-2400
 9            Email: cjoyce@fwlaw.com
              (appeared telephonically)
10

11            ANDREW H. SCHAPIRO, ESQ.
              Quinn Emanuel Urquhart & Sullivan, LLP
12            191 N. Wacker Drive, Suite 2700
              Chicago, Illinois 60606
13            Phone: 312-705-7403
              Email: andrewschapiro@quinnemanuel.com
14            (appeared telephonically)

15

16

17

18

19

20

21

22

23

24

25
```

Telephonic Hearing
October 26, 2020

```
 1                    P R O C E E D I N G S
 2            REPORTED REMOTELY FROM ARVADA, COLORADO
 3                    (The court reporter joined the hearing in
 4     progress:)
 5                    SPECIAL MASTER RODRIGUEZ:  I mean, I -- I
 6     guess better late to the party in some ways on this issue
 7     than not at all, but here's what I do know, is that the
 8     court in this district has issued guidance that it is
 9     unlikely there will be any jury trials whatsoever
10     until -- I think it was like mid 2021, and we are going
11     to be very backed up.  So the likelihood of a trial date
12     set in this case, which is -- remind me of our trial date
13     here.
14                    MS. SAHNI:  It's currently set for
15     October 2021.
16                    SPECIAL MASTER RODRIGUEZ:  Yeah.  The
17     likelihood of that happening, I think, is pretty low.
18     Most of the discovery deadlines that I am aware of in
19     this district, and in my last discussions with
20     Judge Hegarty, many of those have been pushed out for any
21     number of reasons.
22                    In large part, the parties have been
23     running into issues with being able to get witnesses and
24     get things aligned in a timely manner under the current
25     deadlines set.  That has certainly been the case in many
```

Telephonic Hearing
October 26, 2020

1    of my cases.

2              I know that the courts have been amenable

3    to amending the discovery deadlines.  At this moment,

4    I -- because the scheduling order is Judge Hegarty's

5    order and not my order, I don't know that I have

6    authority to make any changes to that.  In fact, I think

7    that has to be done by Judge Hegarty.  I have put in a

8    call to him to see whether and what he wants to be done

9    on that front.

10             But it does seem to me that given the

11   current realities of what is happening, that the parties

12   really should work together here to figure out a new

13   schedule.  I saw from the correspondence that there's

14   been resistance to that, but I don't think that that is

15   going to serve you well.

16             If there's some notion that perhaps by

17   holding firm to existing scheduling order dates for

18   discovery completion or discovery deadlines, that kind of

19   gamesmanship is not going to serve you well at this

20   stage.

21             MR. OPPENHEIM:  Ms. Rodriguez --

22             SPECIAL MASTER RODRIGUEZ:  The realities

23   are that those are --

24             MR. OPPENHEIM:  Sorry.

25             SPECIAL MASTER RODRIGUEZ:  -- going to get

Telephonic Hearing
October 26, 2020

Page 6

```
 1   changed.
 2                So, again, my recommendation is that the
 3   parties really sit down and see if they can work
 4   together.  I think it's much easier if I have a party
 5   agreement that I can go to the Court with.
 6                I think we can do that where we could work
 7   with the response deadlines.  But it's much easier to do
 8   it when we have some agreement, and I'm happy to sit
 9   down, if we want to work through some of these deadlines,
10   and to help mediate a discussion by the parties on that
11   front.
12                But I think the time has come where folks
13   need to start to get realistic about talking to one
14   another and figuring out what can be done here.
15                MR. OPPENHEIM:  Ms. Rodriguez, this is
16   Matt Oppenheim.
17                I was at the last hearing, along with
18   Mr. Schapiro and Mr. Sperling -- who's not with us
19   today -- before Judge Hegarty, and he indicated as much
20   as -- as he expected that the current discovery deadline
21   would be pushed out.  And I don't think any of us were
22   particularly surprised, and at some point we anticipate
23   that it will be.  And I don't -- I don't think anybody on
24   this call probably expects otherwise.
25                And I'm not sure that that's really the
```

Telephonic Hearing
October 26, 2020

1    issue in front of us at the moment, because I -- and we

2    can -- I'm happy to -- we're happy to have a discussion

3    about that at any time.

4                I think that the real question is:  What's

5    the process we should be going through now on discovery

6    on the new claims?

7                And, look, the new claims are in the case

8    as of right now.  The different motions to dismiss, we

9    actually have a motion to dismiss on their counterclaims

10   pending their -- they don't yet have one.  They're

11   seeking leave to file one.

12               They're substantively different, but we

13   don't need to argue that in front of you, because the

14   principle that discovery should go forward, regardless of

15   what the deadline is, is one that should hold true.

16               And here, as much fun as all of our

17   hearings and emails have been to you over the last six,

18   eight months on discovery disputes, I don't think we want

19   to do a Groundhog Day campaign here of revisiting each of

20   those issues over again.

21               So what we're trying to do is find a way

22   to accomplish the discovery in a way that's sufficient

23   and makes sense.  And so we thought the most efficient

24   way was, let's just, as Ms. Sahni said, change the

25   default of what the time period is because that time

Telephonic Hearing
October 26, 2020

1   period is based off of either the parties' agreement or

2   rulings from -- from you.  We thought that, as a default,

3   that was a good way to start.

4           If -- if we want to handle it some other

5   practical way, we can, such as expedited responses to

6   existing discovery requests for the new time period where

7   they can raise new issues.

8           What I don't -- I think any of us probably

9   wants is to start a process which is going to result in

10  us reliving the last six, eight months all over again

11  with the exact same arguments and the exact same issues

12  over and over again relitigated in front of you, but now

13  just on a different time period.  That -- that would make

14  no sense.

15          So we're open to -- to any kind of

16  discussion on how to do this.  What we're not open to is

17  a process that -- that raises the time and the cost for

18  everybody and delays everything, which I don't think we

19  should have to go through in this instance.

20          So, you know, courts routinely exercise

21  discretion to require expedited responses to discovery.

22  Courts routinely change discovery periods when claims

23  change and new information comes to light.

24          So what we're asking is not in any way

25  extraordinary.  It's really just to have a discussion

Telephonic Hearing
October 26, 2020

```
 1   about how to handle this matter.  And while Mr. Schapiro
 2   may say, "Well, this is the opposite of efficient," look,
 3   he may not like the fact that there are new claims in the
 4   case and the fact that there are new claims may be
 5   inefficient from his perspective, but there are new
 6   claims in the case, you know, and that is what it is.
 7              So here we are.  We've got to find a way
 8   to deal with it.  We're open to a dialogue on it.  I
 9   welcome having that dialogue with you instrumental in
10   that discussion if that would help.
11              I don't think, on this issue, us going
12   back and forth with more meet-and-confer emails, that
13   we're going to necessarily make progress.  So I think it
14   would be helpful to have you involved in that, if you're
15   willing to do it.
16              And I understand why you might say no, but
17   I do think it would be helpful.
18              SPECIAL MASTER RODRIGUEZ:  All right.
19   Well --
20              MR. SCHAPIRO:  Ms. Rodriguez --
21              SPECIAL MASTER RODRIGUEZ:  -- here --
22   yeah, hold on just a minute and then I'll let you speak
23   on this.
24              I do agree with Mr. Oppenheim's
25   encapsulation of the issue, which is the next step I was
```

Telephonic Hearing
October 26, 2020

1  getting to, which is:  The question is not whether

2  plaintiffs' discovery can proceed at this point.  I think

3  we have dealt with that issue.  The question is, how and

4  what time period that is.

5            As for relitigating each of the discovery

6  issues just for a different time period, that is not

7  going to fly.  The prior rulings in this case are the law

8  of the case, and I would expect that the parties would

9  review the prior rulings with regard to each discovery

10  request; and only if there are any proper objections,

11  only raise objections as to the next time period or the

12  additional time period.

13            The simplicity of simply amending the

14  discovery responses -- or discovery requests, while

15  compelling in its simplicity, I think misses the nuances

16  of this as well.  And the defendants do need to be able

17  to review this.  They are going to need some time and

18  there will be issues.

19            I agree it makes a good deal of sense for

20  us to figure out a practical way to march forward on

21  this.

22            So Counsel for Charter, if you want to

23  speak to those issues, I'd be interested to hear any

24  proposals that you have.

25            MR. SCHAPIRO:  Thank you.  And for the

Telephonic Hearing
October 26, 2020

Page 11

```
 1    court reporter, this is Andy Schapiro.

 2              We have no intention certainly of

 3    relitigating issues on which there have already been

 4    rulings, and so I don't think we -- that you need to be

 5    concerned about the specter of that.  We understand that

 6    rulings are the law of the case.

 7              But also, we have rereviewed it, and

 8    certainly in some instances issues of burden, which were

 9    key to rulings that were already made, but also in

10    certain circumstances with these new works and new time

11    period with regard to relevance -- possibly even of

12    privilege, I'm not sure -- are going to be raised, and we

13    need to be able to do that pursuant to the rules and not

14    just through some informal email agreement.  We would

15    welcome your involvement in any discussions or

16    mediations.

17              But I want to come back to what I think is

18    the true efficient possibility here, which, again, would

19    be a stay.  And earlier, we opposed what was essentially

20    a unilateral stay, where, you know, there's a stay that

21    binds us but doesn't bind the other side.

22              But if we take a step back and try and ask

23    what's actually pragmatic here, in a situation where

24    there are counter-counterclaims that are going to, you

25    know, double the claims period, probably double the
```

Telephonic Hearing
October 26, 2020

Page 12

```
 1   amount of reviewing work involved for matters that --
 2   which there is not -- there is not even going to be a
 3   ruling as to whether we can file our brief on this, you
 4   know, for months seems not cost-effective and not an
 5   efficient use of resources.
 6                   I don't know whether that means I should
 7   be asking you for leave for us to file a submission
 8   asking to stay or bifurcate or modify the case schedule
 9   or whether that's something for me to raise here.
10                   But it's the thing that actually makes the
11   most sense.  And, you know, I, you know, am guilty as
12   charged if -- if, you know -- that if this is in some way
13   changing our minds about things; but circumstances change
14   and there's a big difference between a bilateral stay and
15   a unilateral stay.
16                   Beyond that, we welcome your involvement
17   in any discussions as to the practicalities.
18                   SPECIAL MASTER RODRIGUEZ:  All right.
19   Mr. Oppenheim or Ms. Sahni, do you want to specifically
20   address the issue that Mr. Schapiro raised with regard to
21   the stay?
22                   MR. OPPENHEIM:  Sure.  And this is Matt
23   Oppenheim, and I'll lead off and I'll let Neema jump in
24   if I've missed something here.
25                   The suggestion that the stay was okay when
```

Telephonic Hearing
October 26, 2020

Page 13

```
 1   it was just -- was not okay when it was just for them but
 2   it's okay when it's for both of us is just nonsensical.
 3   They advocated a position, and they advocated it
 4   strongly, and they got what they wanted.  And now they're
 5   regretting it, and you don't get a take-back, which is
 6   what they're trying to do.
 7              But -- I mean, put that aside for a
 8   moment.  Our argument on their motion to dismiss is that
 9   they can't allege the claim, and if we're right, that
10   claim never goes forward anywhere anyway.  And we think
11   we're right; obviously, they're going to disagree.
12              Their argument on the motion to dismiss is
13   only this:  That our counter-counterclaims are not
14   compulsory.  They've already lost the argument as to
15   whether or not you can assert contributory and vicarious
16   claims based on the allegations that we've made.
17              So -- so our claims will go forward,
18   whether they go forward in this case or in a case that is
19   severed and in this district and is a related action.  So
20   the -- even if they are right, the discovery is still
21   needed because it's still going to go forward.
22              So they're wrong on --
23              SPECIAL MASTER RODRIGUEZ:  Well, I hear
24   you -- yeah, let me just -- sorry to interrupt.
25              I hear you on that issue.  However, the
```

Telephonic Hearing
October 26, 2020

Page 14

```
 1    question of whether it goes forward now and in this case
 2    is a big issue given the breadth of the number of years
 3    and the number of works.  So I wouldn't say that that's
 4    insignificant.  But I hear your argument on that.
 5                    MR. OPPENHEIM:  Yeah.
 6                    SPECIAL MASTER RODRIGUEZ:  And I apologize
 7    for interrupting but, you know, I don't think that
 8    completely negates the issue on that.
 9                    MR. OPPENHEIM:  Yeah.
10                    SPECIAL MASTER RODRIGUEZ:  But please
11    finish up.
12                    MR. OPPENHEIM:  Yeah, fair enough.  I hear
13    you.
14                    But let me go back to why the claims were
15    asserted.  Because in a letter that they sent to the
16    Court at ECF-158, on the first page of that letter, they
17    told the Court that their declaratory judgment
18    counterclaim for noninfringement was not limited to the
19    plaintiffs' claim period.
20                    So now their entire motion to dismiss our
21    counter-counterclaims is premised on the fact that they
22    never said that.  They --
23                    SPECIAL MASTER RODRIGUEZ:  I'm sorry.  Say
24    that one more time, please.
25                    MR. OPPENHEIM:  So they asserted a
```

Telephonic Hearing
October 26, 2020

1   declaratory judgment counterclaim for noninfringement.

2   They said --

3                    SPECIAL MASTER RODRIGUEZ:  Right.

4                    MR. OPPENHEIM:  -- we want the Court to

5   declare that Charter did not engage in contributory and

6   vicarious infringement.  And we argued in a premotion

7   letter to Judge Jackson, we said:  That's a mirror image

8   and it should be dismissed, mirror image dec action

9   should be dismissed.

10                   SPECIAL MASTER RODRIGUEZ:  Okay.

11                   MR. OPPENHEIM:  And they responded, in

12   ECF-158 -- excuse me -- yes, 158.  They said:  No, no,

13   it's not a mirror image, and the reason it's not a mirror

14   image is because we want a declaration for a different

15   period, a period to the present, of -- of the

16   declaration.  In other words:  We want the

17   noninfringement to cover a different period of time.

18                   And we said:  Fine.  If that's what you're

19   doing, then we have to assert our counterclaims for that

20   different period of time, and that's what we've done.

21                   So again, they advocated for a position.

22   It's much like the stay, it seems.  They advocated for

23   something because they wanted their declaratory judgment.

24   And then we said:  Fine, if that's what it -- if that's

25   the playing board we're on, then here are the claims.

Telephonic Hearing
October 26, 2020

```
 1                 So that's where we are.  Our position
 2   is -- look, again, I don't expect, Ms. Rodriguez, that
 3   you're going to decide the motion to dismiss.  The real
 4   question is:  Should the discovery go forward or should
 5   it be stayed?
 6                 SPECIAL MASTER RODRIGUEZ:  Right.
 7                 MR. OPPENHEIM:  And just two weeks ago --
 8                 SPECIAL MASTER RODRIGUEZ:  That is my
 9   question to you:  What is your position?
10                 MR. OPPENHEIM:  Great.  My position is,
11   they argued that issue and you ruled on that issue and
12   you said no.  If there's a pending counterclaim, that the
13   discovery should go forward on it.  That was your ruling
14   based on their argument.
15                 Why would that now change?
16                 SPECIAL MASTER RODRIGUEZ:  I understand
17   what my ruling is.
18                 My question to you is, what is your
19   position on the request for stay of both the --
20                 MR. OPPENHEIM:  Oh.
21                 SPECIAL MASTER RODRIGUEZ:  -- discovery on
22   the counterclaim, as well as the discovery on the
23   counter-counterclaim?  What is --
24                 MR. OPPENHEIM:  We oppose --
25                 SPECIAL MASTER RODRIGUEZ:  -- the
```

Telephonic Hearing
October 26, 2020

1   plaintiffs' position?

2                    MR. OPPENHEIM:   We oppose it.

3                    SPECIAL MASTER RODRIGUEZ:   Okay.

4                    MR. OPPENHEIM:   Sorry.

5                    SPECIAL MASTER RODRIGUEZ:   Thank you.

6                    MR. OPPENHEIM:   We oppose it.   We oppose

7   it vigorously.   We have already begun to gather the

8   discovery that's been requested.   We have been very

9   actively working to bring it together.   We're already

10  working to gather the information we know we're going to

11  have to provide in discovery on the

12  counter-counterclaims.

13                   I mean, you issued a ruling and we're

14  moving.   And even if the -- even when -- I shouldn't say

15  if -- when the discovery deadline gets pushed back,

16  there's going to be extra time.   We'll need that extra

17  time to do all of this.

18                   And I just wanted -- one last point before

19  I -- I turn it over to you.   Mr. Schapiro spoke to the

20  fact that there might be different burdens and different

21  relevance issues with respect to the new claim period.

22                   That's exactly what we need to avoid here.

23  Do we really want to start doing hit count analyses on

24  every request again?   We have a very good proxy, based on

25  what we've done before, to just carry that forward.   And

Telephonic Hearing
October 26, 2020

```
 1    yes, the numbers might be slightly different.  They may
 2    be higher in one case or lower in another case than it
 3    was for the prior time period.
 4                    But to start from scratch means that it
 5    will take us at least six months to really get discovery
 6    going on the counter-counterclaims.  And that's a process
 7    that makes no sense.
 8                    SPECIAL MASTER RODRIGUEZ:  Okay.
 9    Mr. Schapiro, I guess the question that I have is -- or
10    maybe it's an observation.
11                    It sounds like the concern with regard to
12    the discovery is that there -- there may be additional
13    burden, there may be additional objections, there may be
14    a number of things.  However, we actually don't know.
15                    It seems to me that, at some point, unless
16    Judge Jackson denies or grants -- well, unless Judge
17    Jackson grants your motion to dismiss the
18    counter-counterclaims, we're going to be engaged in this
19    discovery process.
20                    So have you all sat down to actually look
21    to see what and whether there are actually additional
22    objections or whether this is just surmising based upon
23    the fact that there must be, given the breadth of
24    discovery and the addition of the time period and work?
25                    MR. SCHAPIRO:  Well, we -- it's something
```

Telephonic Hearing
October 26, 2020

Page 19

```
 1   in between, Your Honor.  So we know -- we're not just
 2   speculating -- we know that --
 3                SPECIAL MASTER RODRIGUEZ:  By the way,
 4   it's just -- Gina is fine or Ms. Rodriguez is fine.
 5                MR. SCHAPIRO:  Wasn't --
 6                SPECIAL MASTER RODRIGUEZ:  No "Your Honor"
 7   here.  Thanks.  No problem.  I just . . .
 8                MR. SCHAPIRO:  It's something in between
 9   given that, you know, we just got this email, you know, a
10   couple weeks ago saying:  Let's add on the whole time
11   period.
12                But I can tell you that it's -- we're not
13   just speculating when we say that the cast of custodians
14   was going to be substantially different.
15                And as to Mr. Oppenheim's suggestion that
16   they don't want to get into discussions of burden, well,
17   that's exactly the right that we're asserting here.  We
18   have a right to assert burden, and that's why the rules
19   are set up the way that they are.
20                There's -- there is zero doubt that there
21   will be substantial, I think, entirely legitimate claims
22   of burden based on these additional four years, new
23   custodians and 3,000 works.
24                SPECIAL MASTER RODRIGUEZ:  Okay.
25                MS. SAHNI:  Ms. Rodriguez, if I may --
```

Telephonic Hearing
October 26, 2020

```
 1   this is Neema Sahni for the court reporter's benefit.
 2                 I fail to see how Mr. Schapiro's argument
 3   negates our pragmatic proposal:  That we have a default
 4   extension of the discovery period and that they have come
 5   to us in a shortened period of time because they should
 6   have already been investigating this with -- you know,
 7   five days, or four, ten days, you know, whatever you deem
 8   appropriate -- for any specific request that should be
 9   carved out.
10                 But the notion that we should have to move
11   to expand the discovery limits, then serve new requests,
12   then wait for 30 days for their response, I mean, it just
13   seems not practical.
14                 And so I still think our proposal
15   addresses Mr. Schapiro's concerns and gives them the
16   opportunity to come forward with specific requests where
17   they think that default rule should not apply, and then
18   we can confer on those.
19                 MR. SCHAPIRO:  Ms. Rodriguez, all the --
20   this is a near guarantee of a muddled and -- and not very
21   useful --
22                 SPECIAL MASTER RODRIGUEZ:  Yeah.
23                 MR. SCHAPIRO:  -- because if -- if they're
24   moving to compel or we're resisting, and we're saying:
25   Well, what request for production does this relate to?
```

Telephonic Hearing
October 26, 2020

Page 21

```
 1   And we'll say:  Well, it relates to number such and such
 2   but with a different time period.
 3               That's -- you know, let's say we end up
 4   taking that to the magistrate or to Judge Jackson.  How
 5   is this going to play out?  It shouldn't be that hard for
 6   them to issue discovery.  Go ahead, issue the discovery,
 7   and we can talk about what the timetable is to respond or
 8   any logistics about that.
 9               But there should be an actual numbered RFP
10   that we can point to or an interrogatory.
11               SPECIAL MASTER RODRIGUEZ:  All right.
12   Well, given Charter's objection to the stay previously --
13   I understand you have a disparate position now, but the
14   plaintiffs are now objecting to that.
15               Given the history in this and the request
16   that they propound discovery requests anew with regard to
17   the additional time period, I assume you would have no
18   objection to granting them additional discovery requests
19   under the scheduling order?  So you're not going to make
20   the claim that they have exhausted the number of
21   discovery requests at this point if you're going to put
22   them to the task of repropounding these for the extended
23   period of time?
24               MR. SCHAPIRO:  Sure, as long as -- I think
25   the caveat is that there will likely need to be some
```

Telephonic Hearing
October 26, 2020

Page 22

1    reciprocity, you know, as we move forward because, you

2    know, both sides are going to be bumping up against

3    limits.

4                But sure, we wouldn't be unreasonable

5    about that, and we would be happy to discuss a joint

6    proposal with them.  That's -- that's not unreasonable.

7                SPECIAL MASTER RODRIGUEZ:  Okay.  And the

8    plaintiffs are representing that every one of the

9    discovery requests that you previously propounded must be

10   repropounded again, but you're going to need every one of

11   those requests and each one of them was critical to your

12   analysis of the case and your preparation of the factual

13   issues in the case?

14               MR. OPPENHEIM:  Ms. Rodriguez, this is

15   Matt Oppenheim.

16               I -- building on what Ms. Sahni was saying

17   in terms of a practical approach, I think we can review

18   what we've issued and what either Charter has agreed to

19   or what you have ruled on -- issue very quickly more

20   limited, say, that references back to the corollary

21   request that has already been resolved so that we know --

22               SPECIAL MASTER RODRIGUEZ:  Thank you.  You

23   read my mind.

24               MR. OPPENHEIM:  -- which -- right, which

25   one we've -- you've already spoken to, and we could do

Telephonic Hearing
October 26, 2020

Page 23

```
 1   that in relatively quick fashion and -- and would like to
 2   have expedited responses.
 3            What I think we want to avoid is 30 days
 4   to get what would be a perfunctory set of objections, and
 5   then a two-month meet-and-confer process before anything
 6   gets actually teed up to you, and then have some
 7   discussion about running hit counts and -- and, you know,
 8   next thing you know, we're four months into it.
 9            So we don't need to go through the
10   perfunctory objection stage.  They should issue any
11   objections which are -- you have not already ruled on and
12   that are truly uniquely different, and I mean truly
13   different, than what they've already objected and do that
14   in an expedited way.
15            And I still think there's no need to do
16   hit counts and burdens.  I think we have a paradigm of
17   what is appropriate here.
18            SPECIAL MASTER RODRIGUEZ:  Well, I don't
19   know.  The defendants are free to do what they need to do
20   on their side, and if they need to look at hit counts and
21   they find that it's going to be an extreme burden, I
22   don't think there's anything that precludes them from
23   that.
24            But I think that they understand that that
25   is going to be looked at a bit with askance, A, in this
```

Telephonic Hearing
October 26, 2020

1   case where we've already said and we've said repeatedly

2   that burden is a pretty high standard in this kind of

3   case.

4                   So again, I mean, there may be something

5   that we don't foresee here, something that -- changing

6   the timelines or changing the custodians might

7   dramatically increase or change that we're not predicting

8   at the moment.  But I would agree that, all things being

9   equal, we shouldn't see a lot of argument on those

10  issues.

11                  It does make sense to me that the

12  procedures to be used would be that the plaintiffs would

13  need to go through each of the discovery requests,

14  include the prior rulings, and identify where the parties

15  have already reached agreement; and that they would

16  provide that to Charter, along with their requests for

17  discovery.

18                  We do need -- I think, as appealing as it

19  may sound to be very simple about this, to just simply,

20  quote/unquote, amend the discovery request would create

21  enough of confusion and chaos in already a challenging

22  case to manage.

23                  So I do think we need to have discovery

24  requests that address this particular time period and are

25  related to the counter-counterclaim.

Telephonic Hearing
October 26, 2020

1              MR. SCHAPIRO:  Ms. Rodriguez --

2              SPECIAL MASTER RODRIGUEZ:  To the extent

3    that you can consolidate those so that we're not talking

4    about as many or that we have seen, through our

5    discussions on these discovery requests, some were

6    overlapping, some were in ways duplicative, to the extent

7    we can resolve those issues and narrow with that, I'd ask

8    that the plaintiffs do that as they're going through

9    their discovery requests.

10             MR. SCHAPIRO:  And is that --

11             SPECIAL MASTER RODRIGUEZ:  Then we would

12   have -- yes?

13             MR. SCHAPIRO:  No, no.  Go ahead.  Sorry.

14             SPECIAL MASTER RODRIGUEZ:  Then once the

15   plaintiffs are able to provide those to defense, we'll

16   set a time period for defendants to respond.

17             But I would say to defendants, you need to

18   already be doing your own work and looking at these.

19   It's not going to be a surprise to you, necessarily, what

20   the requests are.  Plaintiffs have represented that they

21   are the exact same requests.

22             So I'm anticipating -- without knowing for

23   sure here -- but I'm anticipating something to the effect

24   of two to three weeks to provide a response.

25             MR. SCHAPIRO:  So all of this seems

Telephonic Hearing
October 26, 2020

1    reasonable to me and, you know, I will just say that I

2    think if we end up out of this with something more

3    targeted than just an abstract statement that, you know,

4    the time period is extended now for every request -- as

5    many of those requests are either ruled on, narrowed, or

6    addressed in the meet-and-confers -- it will be to

7    everyone's advantage.

8              I don't think we're going to need, you

9    know, weeks of meet-and-confer sessions, given that a lot

10   of these things have already been hashed out.  And if we

11   reach an impasse and the plaintiffs want to accelerate

12   things, they can move to compel very quickly right after

13   that.

14             I mean, we're happy to move quickly.  I

15   will reiterate something I said at the beginning, which

16   is that, in essence, this is an emergency of their own

17   making because they waited four months to serve any

18   discovery on these counter-counterclaims.  They, you

19   know, filed their counter-counterclaims in June.

20             And so we're happy to try to move with

21   alacrity, but we also need to preserve our rights and

22   preserve our record, so . . .

23             SPECIAL MASTER RODRIGUEZ:  Okay.

24   Understood.  And I appreciate your willingness to be

25   reasonable in this, Mr. Schapiro, and I will look forward

Telephonic Hearing
October 26, 2020

```
 1    to the parties working together on those issues.
 2              All right.  Is everyone clear about what
 3    has been proposed and what their responsibilities will be
 4    following that?
 5              MR. OPPENHEIM:  Yes, Ms. Rodriguez.  This
 6    is Matt Oppenheim again.
 7              And on the issue of hit counts, as you've
 8    raised it, it makes sense to me.  My concern on the hit
 9    counts issue has been that, in the past, it's taken so
10    long to get hit count numbers, that that has served as a
11    delay.
12              But if we can avoid that, I understand
13    they can -- if they want to raise that issue and they can
14    get those responses quickly, obviously we'll address
15    them.
16              SPECIAL MASTER RODRIGUEZ:  Well, and my
17    memory may be foggy on this, but I understand -- or I
18    think I recall -- that the reason why, in some instances,
19    the hit counts were challenging is because we were
20    waiting on information with regard to search terms and
21    custodians and those things, and those things all had to
22    be negotiated.
23              It would seem to me that, hopefully, we're
24    not dealing with as much of that at this stage as
25    possible.  Search terms should be set.  The custodians
```

Telephonic Hearing
October 26, 2020

1   may need some revision, but I doubt there should be much

2   dispute over these issues.

3                 MR. OPPENHEIM:  Very well.

4                 SPECIAL MASTER RODRIGUEZ:  Mr. Schapiro,

5   any questions from you?

6                 MR. SCHAPIRO:  I don't think so, but I

7   just would invite some of my colleagues who are on the

8   phone in case I've missed anything or in case anyone is

9   unclear.

10                I don't know if Ms. Ranahan or anyone else

11  has anything else to add.  I think it's clear.

12                SPECIAL MASTER RODRIGUEZ:  All right.  The

13  last --

14                MS. RANAHAN:  I would just make one point

15  on this search term issue.

16                SPECIAL MASTER RODRIGUEZ:  Can we hold on

17  just one second, and then I'll let you go?

18                The last thing that I would like to say

19  here is, if you all run into issues, I would prefer that

20  you send me an email and that we get on the phone and see

21  if we can work this out without a great deal of briefing,

22  motions to compel, et cetera.

23                This is something that I'd like us to

24  speak about first; and then if we're not able to resolve

25  it and we have to get to the motion to compel stage, we

Telephonic Hearing
October 26, 2020

```
 1    will.
 2                But I think many of these issues, we can
 3    get on the phone and, with relative speed, get to the
 4    bottom of it and work out some resolutions.
 5                I appreciate the parties in the way you've
 6    done that today.
 7                So my apologies for interrupting.  Was
 8    that Ms. Ranahan?
 9                MS. RANAHAN:  Yes.  I'm sorry.
10                Just briefly, just because it's been
11    mentioned a few times.  I agree in concept that we've
12    negotiated the search terms.  We've gotten orders on the
13    search terms.
14                But those were based on a count that came
15    with the existing pool of custodians that we had analyzed
16    at the time.  So I would just -- obviously we reserve our
17    rights, if now this new pool, if we end up getting there
18    to, you know, add a whole slew of new custodians, we
19    don't know the burden yet.  So there could be different
20    burden arguments even in the same search term pool, in
21    other words.
22                So I just want to make sure our rights are
23    reserved on that because we don't know what it's going to
24    unearth once we -- you know, I mean, new investigations
25    and new custodians and figure out what we have for them.
```

Telephonic Hearing
October 26, 2020

1   So I just wanted to put that on the record.

2                   SPECIAL MASTER RODRIGUEZ:  Okay.

3   Understood.

4                   I will -- I mean, given where we are,

5   given the work we've done on these things, I would find

6   it hard to imagine, except in the more rare circumstance,

7   that we would be revisiting the burden issue.

8                   But certainly if there are those unique

9   circumstances where we need to revisit it, we can talk

10  about it.  It's too difficult to address this in a

11  hypothetical way.  We don't even know if this issue will

12  come up.

13                  So I acknowledge that it is 2020 and

14  things don't necessarily bounce the direction we expect

15  it to, but nonetheless, let's hope for the best in this

16  case.

17                  All right.  Is there anything further we

18  can do for the good of the order at the moment?

19                  MS. SAHNI:  No, thank you, Ms. Rodriguez.

20                  SPECIAL MASTER RODRIGUEZ:  All right.

21  Very well.

22                  MR. SCHAPIRO:  Thank you.

23                  SPECIAL MASTER RODRIGUEZ:  Thank you very

24  much.  And I'm sure we will be speaking again in the

25  not-too-distant future.

Telephonic Hearing
October 26, 2020

 1              Thank you, everyone.

 2              THE COURT REPORTER:  Can I get appearances

 3   for the transcript?

 4              MR. SCHAPIRO:  Sure.

 5              MR. OPPENHEIM:  Certainly.

 6              MR. SCHAPIRO:  For Charter, this has been

 7   Andrew -- although people call me Andy -- Schapiro, not

 8   spelled the usual way.  It's S-c-h-a-p-i-r-o.  I'm with

 9   the firm Quinn Emanuel.

10              MS. SAHNI:  And for plaintiffs, you've had

11   Neema Sahni from Covington & Burling and Matt Oppenheim

12   from Oppenheim & Zebrak, have been the ones speaking.

13              MS. RANAHAN:  And then just only the tiny

14   slice at the end, Erin Ranahan from Winston & Strawn.

15              MR. JOYCE:  And working in the background

16   and saying nothing, Craig Joyce from Fairfield & Woods

17   for Charter.

18              THE COURT REPORTER:  Okay.  Is that

19   everybody?

20              MR. GOULD:  If we're required, this is

21   Jeff Gould from Oppenheim & Zebrak, also quietly

22   listening.

23              MR. SCHAPIRO:  Yeah.  We had a cast of

24   thousands quietly listening, too, but unless anyone

25   mandates it, I don't think we need to go through all of

Telephonic Hearing
October 26, 2020

Page 32

1    them.
2                    SPECIAL MASTER RODRIGUEZ:  Yeah.  I think
3    that should be fine.
4                    THE COURT REPORTER:  Okay.
5                    SPECIAL MASTER RODRIGUEZ:  Thank you very
6    much for joining us last minute.
7                    THE COURT REPORTER:  Sure.
8                    MR. SCHAPIRO:  Thank you.
9                    MS. SAHNI:  Thank you, Ms. Dittmer.
10                   THE COURT REPORTER:  Thank you.
11                   SPECIAL MASTER RODRIGUEZ:  All right.
12   Thank you.  Bye-bye.
13                   (WHEREUPON, the within proceedings were
14   concluded at 4:26 p.m. on the 26th day of October, 2020.)
15                        *      *      *      *      *
16
17
18
19
20
21
22
23
24
25

Telephonic Hearing
October 26, 2020

Page 33

```
 1                 REPORTER'S CERTIFICATE

 2

 3        I, K. MICHELLE DITTMER, Registered Professional

 4   Reporter and Notary Public, State of Colorado, do hereby

 5   certify that the said hearing was taken in machine

 6   shorthand by me at the time and place aforesaid and was

 7   thereafter reduced to typewritten form; that the

 8   foregoing is a true transcript of the proceedings had.  I

 9   further certify that I am not employed by, related to,

10   nor counsel for any of the parties herein, nor otherwise

11   interested in the outcome of this litigation.

12            IN WITNESS WHEREOF, I have affixed my signature

13   this 4th day of November, 2020.

14            My commission expires April 15, 2024.

15

16        _____

17                   K. MICHELLE DITTMER
                Registered Professional Reporter
                   Wilson & Associates, LLC
18

19

20

21

22

23

24

25
```

Wilson & Associates, LLC
scheduling@wilsonandassociatesllc.com