# Exhibit 8

## Ehlers, J. Hardy

| | |
|---|---|
| **From:** | Ehlers, J. Hardy |
| **Sent:** | Sunday, January 31, 2021 12:51 PM |
| **To:** | Allison Huebert; Kamin, Mitchell A; Sperling, Jonathan; Hill, Phil; Sahni, Neema T; Fields, Michael; Picker, Joshua B; Matt Oppenheim (Matt@oandzlaw.com); Jeff Gould (Jeff@oandzlaw.com); Scott Zebrak; Andrew (Andrew@oandzlaw.com); Kellyn Goler; Jia Ryu; 'Corey Miller'; Grigsby, Stacey; 'jferguson@lewisbess.com'; 'bleoni@lewisbess.com' |
| **Cc:** | Charter-Copyright-QE; Golinveaux, Jennifer; Ranahan, Erin; Elkin, Michael; 'Alvarez, Cesie'; TKearney@winston.com; Anderson, Sean |
| **Subject:** | RE: Warner Records Inc. et al. v. Charter Communications, Inc. |

Counsel,

We write regarding several issues relating to Charter's January 29 responses and objections to Plaintiffs' Fifth Set of Interrogatories.

First, Charter's response to Interrogatory No. 23 reveals a serious deficiency in its document productions that it needs to correct promptly in advance of forthcoming depositions.  Charter's response states that it "█████████████████████████████████████████████████████████████████████████████████████████████"  Yet Charter has not produced a single communication with or report from ████████████  Such communications and reports would be responsive to, at minimum, RFP 5, for which Charter agreed to produce "communications, memos, and studies discussing Internet traffic attributable to BitTorrent (or other P2P file-sharing systems)," among other categories of documents.  By Wednesday, February 3, please confirm that Charter will (i) re-review documents that hit on RFP 5 search terms but were marked non-responsive, and (ii) conduct additional searches for "communications, memos, and studies discussing Internet traffic attributable to BitTorrent (or other P2P file-sharing systems)" with or from ████████ ████████, or about their data.  Absent your agreement, Plaintiffs will raise the issue to the Special Master.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Third, the parties need to clarify the record regarding the numbering of Plaintiffs' Interrogatories (and other requests).  Charter re-numbered this request No. 23 by treating it as following each of the Interrogatories Plaintiffs served in their November 5, 2020 Fourth Set of Interrogatories regarding their counter-counterclaims.  We agree that, for clarity and the Scheduling Order's limits, the numbering should account for the three interrogatories from the November 5 Set that Plaintiffs seek to rebut Charter's deterrence-based defense to statutory damages.  *See* Jan. 18, 2021 Brief; Jan. 29 Objection.  But it should not account for the three interrogatories in the November 5 Set that Plaintiffs are not pursuing in light of the Court's ruling on their counter-counterclaims.  Likewise, the numbering of Plaintiffs' RFPs should account for the six RFPs that Plaintiffs seek to rebut Charter's deterrence-based defense to statutory damages.  *See id.*  It should not account for the other 45 in the November 5 Set that Plaintiffs are not pursuing in light of the Court's ruling on their counter-counterclaims.  To clarify the record here, we propose the following:

- Charter re-serves its Jan. 29 Responses and Objections to Fifth Set of Interrogatories, beginning the numbering at Interrogatory No. 20.
- When Charter serves its Responses and Objections to the Jan. 28 Interrogatories served by Plaintiffs, it should designate them as the Sixth Set and begin the numbering at Interrogatory No. 21.
- When Charter serves its Responses and Objections to the Jan. 28 RFPs served by Plaintiffs, it should designate them as the Seventh Set and begin the numbering at RFP No. 94.

Please let us know if that works.  And please immediately advise if Charter intends to count all 6 interrogatories or all 51 RFPs served in Plaintiffs' November 5 Sets in the numbering here, or toward Plaintiffs' limits under the Scheduling Order.  We'd immediately need to raise that issue with the Special Master, who recognized that Plaintiffs should be permitted to exceed the limits of the Scheduling Order in their November 5 Sets *because Charter insisted* that they re-propound requests to cover the counter-counterclaims:

> **SPECIAL MASTER RODRIGUEZ**:  Given the history in this and the request that they propound discovery requests anew with regard to the additional time period, I assume you would have no objection to granting them additional discovery requests under the scheduling order? So you're not going to make the claim that they have exhausted the number of discovery requests at this point if you're going to put them to the task of repropounding these for the extended period of time?
>
> **MR. SCHAPIRO**: Sure, as long as -- I think the caveat is that there will likely need to be some reciprocity, you know, as we move forward because, you know, both sides are going to be bumping up against limits.  But sure, we wouldn't be unreasonable about that, and we would be happy to discuss a joint proposal with them. That's -- that's not unreasonable.

Oct. 26, 2020 Hrg. Tr. at 21:15-22:6.

Thanks,

Hardy

---

**From:** Allison Huebert <allisonhuebert@quinnemanuel.com>
**Sent:** Friday, January 29, 2021 12:07 PM
**To:** Kamin, Mitchell A <MKamin@cov.com>; Sperling, Jonathan <jsperling@cov.com>; Sahni, Neema T <nsahni@cov.com>; Hill, Phil <PAHill@cov.com>; Fields, Michael <MFields@cov.com>; Picker, Joshua B <jpicker@cov.com>; Matt Oppenheim (Matt@oandzlaw.com) <Matt@oandzlaw.com>; Jeff Gould (Jeff@oandzlaw.com) <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Jia Ryu <Jia@oandzlaw.com>; Ehlers, J. Hardy <JEhlers@cov.com>; 'Corey Miller' <Corey@oandzlaw.com>; Grigsby, Stacey <SGrigsby@cov.com>; 'jferguson@lewisbess.com' <jferguson@lewisbess.com>; 'bleoni@lewisbess.com' <bleoni@lewisbess.com>
**Cc:** Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Elkin, Michael <MElkin@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; TKearney@winston.com; Anderson, Sean <SRanderson@winston.com>
**Subject:** Warner Records Inc. et al. v. Charter Communications, Inc.

[EXTERNAL]
Counsel,

Please see attached Charter's Responses and Objections to Plaintiffs' Fifth Set of Interrogatories.

Thanks,

**Allison Huebert**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

191 N. Wacker Drive Suite 2700
Chicago, IL 60606
312-705-7427 Direct
312.705.7400 Main Office Number
312.705.7401 FAX
allisonhuebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended

recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.