# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

---

### PLAINTIFFS' RESPONSE TO CHARTER'S OBJECTION TO MAGISTRATE JUDGE'S RULING REGARDING PRIVILEGE LOG ITEM 28

On **October 2**, after conducting an *in camera* review, the Special Master ordered Charter to produce the document that is the subject of its Objections—Item 28 from its first privilege log. Dkt. 252 at 3-5. Under the Order Appointing Special Master (Dkt. 143), Charter had five business days to timely object to the October 2 Ruling. Charter chose not to object, however, nor to seek additional time to object. Instead, two weeks later, Charter asked the Special Master to reconsider her order on two limited grounds. Dkt. 329-10. The Special Master reviewed the document a second time and denied reconsideration on December 21. Dkt. 331-2 at 41:18-42:6.

Only after that ruling did Charter file an Objection, which Judge Hegarty denied for each of the three independent reasons argued in Plaintiffs' Response. Dkt. 345. None remotely constitutes clear error; indeed, Charter's Objection *makes no attempt* to identify anything "clearly erroneous or contrary to law," R. 72(a), in Judge Hegarty's Order. Instead, Charter reargues its Objection to the Special Master's Order (Dkt. 329), which itself made no attempt to

identify any "abuse of discretion" required to set aside that Order. Charter's third bite at the apple should be denied for each of the reasons relied upon by Judge Hegarty.

*First*, the only Order to which Charter could timely object was the December 21 ruling denying reconsideration. That ruling cannot constitute an abuse of discretion under controlling standards for reconsideration. Charter's Objections never attempt to argue that it does, instead focusing entirely on the reasoning in the Special Master's original order of October 2.

*Second*, Charter's Objection to the October 2 ruling came months too late and may be denied on that basis alone. Under controlling law, Charter's request for reconsideration did not restart the clock for its objection to the October 2 ruling.

*Third*, the Special Master's privilege ruling is unassailable. The Special Master reviewed Item 28 *in camera*—not once, but twice—and determined that the "express purpose of the communication at issue in Item 28 appears to be the dissemination of business, not legal advice." Dkt. 252 at 3; Dkt. 331-2 at 41:18-42:6. She relied on the controlling standard in this district for determining the privilege over corporate communications. And she buttressed that conclusion by pointing out that Item 28 was sent from a non-lawyer to a large and unknown group of non-lawyers, that the email instructed none of these non-lawyers about any privilege, that it copied no lawyers, and that the attachment was prepared at least in part by a non-lawyer. Dkt. 252 at 4-5. On this record, Charter could not and did not meet the high standard of establishing that the Special Master abused her discretion. And it has doubly failed to meet the even higher standard of establishing that it was clear error for the Magistrate Judge to conclude that the Special Master did not abuse her discretion.

## BACKGROUND

I.  **The Special Master Orders *In Camera* Review.**

On May 25, 2020, Charter served its first privilege log. As later amended, Item 28 in that log describes a July 29, 2013 communication from a non-lawyer to 24 non-lawyers and two distribution lists, "transmitting internal presentation attachment with notes reflecting legal advice from Kelly Starkweather and Kirill Abramov regarding copyright program." Dkt. 329-2 at 5. Charter did not identify the members of the distribution lists. *Id*. On July 13, Plaintiffs challenged Charter's privilege claim over Item 28 on the basis that the document appeared to have a primary purpose that was operational rather than legal, given its description and that it was sent by a non-lawyer to a large and unknown group of non-lawyers. Dkt. 329-3, -4.

In her August 12 ruling on Plaintiffs' initial challenge, the Special Master ordered Charter to submit Item 28 for *in camera* review, and to identify its recipients in a letter. Dkt. 230 at 30. Charter's letter, however, failed to identify any members of the two distribution lists. Instead, Charter merely provided a declaration from an employee stating he was "not aware of any time where either of these distribution lists included non-Charter third parties." Dkt. 329-7, -8. (Charter argues in its Objections that the distribution list included only employees, Dkt. 329 at 7-9, Dkt. 362 at 3, but the declaration does not go that far.) Charter's letter also confirmed that no lawyers were in the recipient fields for Item 28. Dkt. 329-7; Dkt. 331-3 at 3.

II. **The October 2 Ruling: the Special Master Orders Charter to Produce Item 28, and Charter Does Not Object.**

On October 2, the Special Master ordered Charter to produce Item 28. Dkt. 252 at 3-5. She concluded from her *in camera* review that "the express purpose of the communication at issue in Item 28 appears to be the dissemination of business, not legal advice." *Id*. at 3. The

3

Special Master cited a number of facts in addition to the document's content to buttress that conclusion: (1) it was sent by a non-lawyer, *id*. at 4; (2) to 24 non-lawyer employees and an indeterminate number of other recipients via two distribution lists, *id*.; (3) copying no lawyers, *id*.; (4) instructing no one on privilege, *id*.; and (5) the attachment "was, at least in part, prepared by a non-lawyer not a part of the legal staff in the first instance," *id*. at 4-5.

The Special Master reached this conclusion notwithstanding Charter's claim that the presentation contained "notes reflecting legal advice" from Charter's in-house counsel. *Id*. at 3 (twice referring to said notes). In holding that Charter had not sustained its burden to prove the privilege, the Special Master relied on controlling authority dictating that "when the legal advice is merely incidental to business advice, the privilege does not apply." *Id*. at 4; *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 2018 WL 3055774, at *3 (D. Colo. May 23, 2018), both quoting *Neuder v. Battell Pac. Nw. Nat. Lab.,* 194 F.R.D. 289, 292 (D.D.C. 2000).

Charter did not object to the October 2 Ruling within five business days, as required by the Order Appointing Special Master, Dkt. 143 at ¶ 5, nor seek additional time to do so. After Charter's time to object elapsed, Plaintiffs asked Charter to produce the document, noting that it had "been 12 days since the Special Master found the email and its attachment to not be privileged, and Charter chose not to defend its assertions of privilege over these documents to Judge Hegarty." Dkt. 331-4.

**III.    The December 21 Reconsideration Ruling:  the Special Master Finds No "Cause[] to . . . Reconsider [Or] Recast My Prior Order."**

Two days later, Charter asked the Special Master to reconsider her ruling. Dkt. 329-10. The purported basis for Charter's request was that "in preparing to produce" Item 28 to Plaintiffs, Charter realized that the version it previously submitted for *in camera* review omitted

4

certain "speaker notes prepared by in house counsel," viewable only in the native version of the document. *Id*. Charter also pointed to an "attorney-client privilege" label on the first page of the presentation that the Special Master had reviewed *in camera*, but for which Charter suggested the Special Master did not account. *Id.* Charter requested a second *in camera* review, and reconsideration. *Id*. At no point did Charter ask the Special Master to permit redaction of the speaker notes—the "alternative relief" it later sought for the first time in its Objections.

The Special Master permitted Charter to re-submit the native version of Item 28 for *in camera* review. *Id*. Following that second review, she denied Charter's reconsideration request on December 21 ("December 21 Reconsideration Ruling"), finding that "there's nothing there that causes me to reconsider, recast my prior order. The order stands. Item 28 of the privilege log should be produced forthwith." Dkt. 331-2 at 41:18-42:6. Charter then filed an Objection to Judge Hegarty, focused entirely on the Special Master's reasoning in the October 2 Ruling.

### IV.     Judge Hegarty Denies Charter's Objection On Numerous Grounds.

During the January 28, 2021 Status Conference, Magistrate Judge Hegarty denied Charter's Objection. He stated he had "looked [the parties' briefs] over in detail" and would overrule the Objection "for the reasons stated in the plaintiffs' brief." Dkt. 362-2 at 32:19-23; *see also* Dkt. 345 ("the Court affirms the Special Master's decision for the reasons stated in the Plaintiffs' [ECF 331] Response to [329] Objections"). Those reasons included: (1) that the December 21 Reconsideration Ruling—the only ruling to which Charter could timely object— was not an abuse of discretion, *see* Dkt. 331 at 6-7; (2) that Charter's Objection to the October 2 Ruling was untimely, *see id*. at 7-8; and (3) that Charter's Objection to the October 2 Ruling also

5

failed on the merits, as the Special Master's ruling applied controlling law to undisputed facts and could not constitute an abuse of discretion, *see id*. at 8-12.

## ARGUMENT

I. **Legal Standards**

The Court can modify or set aside a magistrate judge's order on a non-dispositive order only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "Under this standard, [the Court] affirm[s] the decision unless "'on the entire evidence [one] is left with the definite and firm conviction that a mistake has been committed.'" *Ariza v. U.S. W. Commc'ns, Inc.,* 167 F.R.D. 131, 133 (D. Colo. 1996) (Jackson, J.) quoting *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988). Under the Order Appointing Special Master, "any order, report, or recommendation of the Master on nondispositive motions" are reviewable by the Magistrate Judge for abuse of discretion. Dkt. 143 at ¶ 6.

II. **None of the Reasons Judge Hegarty Relied Upon to Deny Charter's Objection Was Clearly Erroneous or Contrary to Law.**

Charter's objection only succeeds if all three reasons upon which Judge Hegarty relied are clearly erroneous or contrary to law. Although Charter uses the words "contrary to law" to refer to Judge Hegarty's order twice, it does not identify any legal error nor make any attempt to meet the Rule 72 standard. That is because all three reasons are rooted in controlling law and undisputed facts.

A. **It was not clearly erroneous or contrary to law to find the Special Master's December 21 Reconsideration Ruling was not an abuse of discretion.**

In its Objection to Judge Hegarty, Charter did not attempt to argue that the Special Master's Reconsideration Ruling was an abuse of discretion. Dkt. 329. It does not attempt to so

6

argue now. Dkt. 362 at 10-11. Nor can it. A motion to reconsider is "an inappropriate vehicle[] to . . . advance[] new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1005, 1012 (10th Cir. 2000). The sole bases for reconsideration that Charter identified to the Special Master were (1) its "discover[y] that the version [it] previously provided to [the Special Master] to review *in camera* did not include these speaker notes"; and (2) "the fact that the presentation is labeled 'Subject To Attorney-Client Privilege' on the first page of the PowerPoint presentation." Dkt. 329-10. These facts were not only "available at the time of the original motion," they were expressly *considered by* the Special Master.

Specifically, the October 2 Ruling took into account Charter's assertion that the presentation "contain[ed] Charter in-house counsel's notes." Dkt. 252 at 3. Unsurprisingly, further *in camera* review provided "nothing [to] cause [her] to reconsider," Dkt. 331-2 at 42:1-6, because controlling law in this district makes clear that a "smaller measure of legal advice" contained in a document prepared for business purposes cannot shield the document from discovery, *RCHFU*, 2018 WL 3055774, at *3 (D. Colo. May 23, 2018) (ordering production of entire document prepared for the "primary purpose of [] developing a successful strategy for further operation of a portion of the business" that also "involved some legal advice").

Likewise, the Special Master's citation to the fact that the many and unknown *email* "recipients were not instructed that the *communication* was protected by the attorney-client privilege" is in no way diminished by the label on the first page of the attached *presentation*, nor evidence that she did not consider that label in her analysis.

7

The Special Master's December 21 Reconsideration Ruling was sound and consistent with controlling precedent. It surely could not have been clear error for Judge Hegarty to conclude it was not an abuse of discretion—the very high bar Charter needs to meet here.

Rather than attempt to meet that standard, Charter claims that its October 16 email "was not styled as motion [*sic*] for reconsideration." Dkt. 362 at 10. But Charter's *post hoc* characterization is irrelevant. When Charter sent its October 16 email, the Special Master had already ordered Charter to produce the document. Dkt. 352. Charter's email asked the Special Master to change her order because it thought that reviewing the native version of the document would change her mind. Dkt. 329-10. However denominated, that is a request for reconsideration. And the Special Master understood it as such. After reviewing the document *in camera* a second time, she found "there's nothing there that causes me to *reconsider*, recast my prior order. The order stands. Item 28 of the privilege log should be produced forthwith." Dkt. 331-2 at 42:1-6.

> **B.   It was not clearly erroneous or contrary to law to find that Charter's Objection to the October 2 Ruling was untimely.**

Charter does not dispute that its Objections are focused entirely on the October 2 Ruling. Dkt. 329 at 7; Dkt. 362 at 7-11. Charter admits that it did not file an Objection to that ruling by October 9, the date it was due. Dkt. 329-10. Charter does not dispute that an untimely objection may be denied on that ground alone. *See* Dkt. 329 at 7-8; Dkt. 362 at 7-11.

Instead, Charter claims that the "December 21, 2020 order was [] the operative order" because the Special Master looked at the document a second time in denying Charter's reconsideration request. Dkt. 362 at 11. That contradicts Tenth Circuit authority dictating that a party cannot use an objection to a reconsideration ruling—unaccompanied by any extension

8

request—as a backdoor method to lodge an untimely objection to the underlying order. *Laubach v. Scibana*, 301 F. App'x 832, 836 (10th Cir. 2008) (applying firm waiver rule to late-filed objections and rejecting argument that a "motion for reconsideration should have tolled the objection period . . . because the motion for reconsideration in no way indicated that it was intended as a request for an extension").[1]

Judge Hegarty's finding that Charter's Objection was untimely—which rested on indisputable facts and indisputable controlling authority—cannot be clear error.

### C. It was not clearly erroneous or contrary to law to find that the Special Master's October 2 Ruling was not an abuse of discretion.

Even if Charter could challenge the October 2 Ruling, that order correctly applied the controlling standard in this district for determining whether documents that might involve in-house counsel are privileged: the corporation must clearly demonstrate that the "communication's primary purpose is to gain or provide legal assistance" and not business advice, and "when the legal advice is merely incidental to business advice, the privilege does not apply." Dkt. 252 at 3-4; *RCHFU*, 2018 WL 3055774, at *3 (D. Colo. May 23, 2018).[2]

---

[1] For this reason, when Plaintiffs sought clarification and reconsideration of the Special Master's May 29 Order, they informed her of their intent to request an extension of their time to object, pending her clarification of that Order. The Special Master agreed to reissue the May 29 Order in its entirety, expressly instructing "the parties [on June 4] that the time for objecting to [her] May 29 Order would not begin to run until [she] considered Plaintiffs' June 2, 2020 request for clarification and later requests for reconsideration of that Order." Dkt. 190 at 11-12. That never happened here—Charter never sought an extension of its time to object, and did not request reconsideration until a week after its Objection was due.

[2] None of the cases cited by Charter says otherwise, nor does Charter contend that they do. *See* Dkt. 331 at 8 n.3.

9

The Special Master reviewed Item 28 *in camera* and, applying *RCHFU*, determined that the "express purpose of the communication at issue in Item 28 appears to be the dissemination of business, not legal advice." Dkt. 252 at 3. She reinforced that conclusion by pointing out that the email was sent from a non-lawyer to a large and unknown number of non-lawyers, that the email instructed none of these non-lawyers about any privilege, that it copied no lawyers, and that the attachment was prepared at least in part by a non-lawyer. *Id*.

Charter does not dispute that *RCHFU* is the controlling standard, nor any of these facts. None of this reasoning can be said to have "no basis in fact" or to be "contrary to law," as required to overturn the October 2 Ruling as an abuse of discretion. *Lee*, 249 F.R.D. at 671. *A fortiori*, Judge Hegarty's conclusion that the Special Master did *not* abuse her discretion surely cannot give rise to "the definite and firm conviction that a mistake has been committed," as required to overturn his affirmance of the Special Master's Order. *Ariza*, 167 F.R.D. at 133.

The section of Charter's brief titled "Requiring Charter to Produce Item 28 is Contrary to Law" does not in fact attempt to meet this high bar. It instead makes the same arguments as its first Objection, which, as Judge Hegarty found, ascribe to the Special Master reasoning she never articulated.

*First*, Charter again claims that the Special Master's observation that "the recipients [of the email] were not instructed that the communication was protected by the attorney-client privilege" (Dkt. 252 at 4) was erroneous because the first page of *the attachment* contains a label reading "subject to attorney-client privilege." Dkt. 362 at 7. But the October 2 Ruling is clearly discussing the *email* when it refers to the lack of a privilege instruction:

> The **email** and attachment at issue here was **sent by a non-lawyer to a number of unknown Charter employees**. The **recipients were not instructed** that the communication was protected by the attorney-client privilege, nor does it appear that any attorneys were included on the cc line of the **email**.

Dkt. 252 at 4 (emphasis added). Charter does not dispute that the email itself contained no instructions about privilege. Nor can it deny that an email to 26 non-lawyers and two distribution lists with unknown members of Charter's operational teams, without a privilege instruction, is a salient fact in a privilege determination. Charter's own cases confirm this. *See SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005) (observing that court should "scrutinize closely any privilege claim where [the claimant] has provided only a general group-wide description for the recipient" and ordering production of document where "the recipients … are only broadly defined as 'Members of SB Corporate Intellectual Property Department'").

*Second*, Charter argues that the Special Master's order should be overturned because "the fact that advice from Charter's lawyers was transmitted by and among non-lawyers" cannot negate the assertedly privileged content of the document. Dkt. 362 at 8. This argument misstates the October 2 Ruling. The Special Master never stated that the identity of the sender of Item 28 negated any privilege or converted what would otherwise be a legal purpose to a business purpose. Dkt. 252 at 3-5. She reviewed the document *in camera* and found that its "express purpose" was the "dissemination of business, not legal advice." *Id*. at 3. Among the facts *buttressing* that conclusion was that a non-lawyer sent Item 28. *Id*. at 4. In fact, she expressly stated she *was not* relying on the reasoning Charter ascribes to her now: "Because I find that Charter has not demonstrated that Item 28 is privileged, I need not address Plaintiffs' arguments related to waiver [based on distribution by and among non-lawyers, *see* Dkt. 329-4]."

11

*Id.* at 5 n.1. The identity of the sender did not "negate" anything—"on its own," or otherwise—in the Special Master's view. It was one of many facts supporting her review-based conclusion that the document was prepared primarily for business reasons. Dkt. 252 at 3-5.

*Third*, Charter argues that the Special Master erroneously concluded that Item 28 cannot be privileged because it provides "direction." Dkt. 362 at 8. But the Special Master made no such broad pronouncements that "direction" can never be privileged. She found that the document "disseminat[ed] business, not legal advice," Dkt. 252 at 3, and thus offered *non-legal* direction—*not* that the document offered direction and was *therefore* not legal, *id.* at 4 ("the email and attached presentation appear to provide *direction* to members of Charter security teams *regarding Charter's copyright program rather than to seek or provide legal advice*") (emphasis added). A document whose primary purpose is to direct business "strategy for further operation of a portion of the business" that contains some "smaller measure of legal advice" is not privileged. *RCHFU*, 2018 WL 3055774, at *3-4 (D. Colo. May 23, 2018).

In sum, none of Charter's arguments actually address the October 2 Ruling. And they certainly provided no reason for Judge Hegarty to second-guess the Special Master's rulings, which were the product of two *in camera* reviews, applied the correct standard, and provided a thorough and factually correct analysis. Doing so would only have converted the "abuse of discretion" standard into something else entirely. It was not clear error to affirm.

**D. It was not clearly erroneous or contrary to law to deny the alternative relief Charter sought for the first time.**

Charter concludes by stating that it should be permitted to redact portions of the document that the Special Master ordered produced in full. Judge Hegarty properly denied this request for two reasons, neither of which was "clearly erroneous or contrary to law." First,

12

Charter never sought that relief from the Special Master, notwithstanding its request for reconsideration. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). As such, the request is not proper. Second, *RCHFU* rejects redaction of legal advice where it is "intertwined within the business advice" in a document prepared for business purposes, especially when the document is authored by a "sophisticated corporation with a large and experienced legal team." 2018 WL 3055774, at *4.

## CONCLUSION

For the foregoing reasons, the Court should overrule Charter's Objection.

Dated: February 16, 2021

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE
& FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@williamsweese.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com


*Attorneys for Plaintiffs*

13

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling
