UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC. (f/k/a/ Warner Bros. Records, Inc.), *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>  Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S RESPONSE TO PLAINTIFFS'
MOTION FOR CLARIFICATION**

Charter interprets the Court's January 7, 2021 Order (ECF 332) to mean that if Plaintiffs plan to rely at trial on aspects of MarkMonitor's 2016 investigation, they must produce to Charter all the results of that investigation—whether "good" or "bad." Plaintiffs should not be permitted to brandish the results of the investigation as a "sword" in their affirmative case while shielding as work product any evidence of instances where MarkMonitor came up empty-handed (including any portions of the Hash Report reflecting such results).

This is consistent with case law in this Circuit, as a "litigant cannot use the work product doctrine as both a sword and a shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion." *Chevron Corp. v. Stratus Consulting, Inc.*, 2010 WL 3923092, at *10 (D. Colo. Oct. 1, 2010) (Hegarty, M.J.) (quoting *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc*., 136 F.3d 695, 704 (10th Cir. 1998)). "[I]n the same vein of thought, waiver of the attorney client or work product privileges can occur when the privilege holder asserts a claim or affirmative defense which puts the privileged matter directly at issue." *Id*. (quotations omitted). Charter's position is also

1

consistent with the approach this Court has taken in this case, having ordered the production of Charter's outside counsel's work product related to its ESI loss insofar as it reflects underlying historical facts. Ex. 1 (2/9/21 Hearing Tr. at 33:10-34:1) (noting that a "historical review of fact – actions and occurrences … a recreation of what happened" is not entitled to opinion work product protection); ECF 361 (compelling the production of Charter's work product).

Plaintiffs' requested clarification is not a clarification at all, but a request that this Court reverse its prior holding. Charter respectfully submits that there is no reason to do so. Indeed, since the January 7 Order, Charter has deposed Audible Magic, and Audible Magic has disclosed that it did not retain the findings it made in connection with MarkMonitor's 2016 investigation. As a consequence, the Audible Magic "portion of the [2016] results" (ECF 332 at 1) have not been disclosed and apparently exist only as part of the withheld Hash Report.

Accordingly, Charter respectfully requests that the Court issue an Order confirming that, pursuant to ECF 332, if Plaintiffs plan to rely at trial on aspects of MarkMonitor's 2016 investigation, they must produce to Charter all documents concerning the investigation, including the Hash Report.

Dated: February 17, 2021                                    Respectfully submitted,

| | |
|---|---|
| Jennifer A. Golinveaux<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA 94111<br>(415) 591-1506 (telephone)<br>(415) 591-1400 (facsimile)<br>Email: jgolinveaux@winston.com | */s/ Andrew Schapiro*<br>Andrew H. Schapiro<br>Nathan A. Hamstra<br>Allison Huebert<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>(312) 705-7400 (telephone)<br>(312) 705-7401 (facsimile)<br>Email: andrewschapiro@quinnemanuel.com<br>Email: allisonhuebert@quinnemanuel.com |
| Michael S. Elkin<br>Thomas Patrick Lane<br>Seth E. Spitzer<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 294-6700 (telephone)<br>(212) 294-4700 (facsimile)<br>Email: melkin@winston.com<br>Email: tlane@winston.com<br>Email: sspitzer@winston.com | Charles K. Verhoeven<br>David Eiseman<br>Linda Brewer<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600 (telephone)<br>(415) 875-6700 (facsimile)<br>Email: charlesverhoeven@quinnemanuel.com<br>Email: davideiseman@quinnemanuel.com<br>Email: lindabrewer@quinnemanuel.com |
| Erin R. Ranahan<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue, 38th Floor<br>Los Angeles, CA 90071<br>(213) 615-1933 (telephone)<br>(213) 615-1750 (facsimile)<br>Email: eranahan@winston.com | Todd Anten<br>Jessica Rose<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd floor<br>New York, NY 10010<br>(212) 849-7000 (telephone)<br>(212) 849-7100 (facsimile)<br>Email: toddanten@quinnemanuel.com<br>Email: jessicarose@quinnemanuel.com |
| Craig D. Joyce<br>Fairfield and Woods, P.C.<br>1801 California Street, Suite 2600<br>Denver, CO 80202<br>(303) 830-2400 (telephone)<br>(303) 830-1033 (facsimile)<br>Email: cjoyce@fwlaw.com | *Counsel for Defendant<br>Charter Communications, Inc.* |

3

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2021, I caused a true and correct copy of the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro