# Exhibit 1

```
                                                               1


 1              THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLORADO
 2
     Case No. 19-cv-874-RBJ-MEH
 3   _____

 4   WARNER RECORDS, INC., et al.,

 5       Plaintiffs,

 6   vs.

 7   CHARTER COMMUNICATIONS, INC.,

 8       Defendant.
     _____
 9

10          Proceedings before MICHAEL E. HEGARTY, United

11   States Magistrate Judge, United States District Court for the

12   District of Colorado, commencing at 1:00 p.m., February 9,

13   2021, in the United States Courthouse, Denver, Colorado.

14   _____

15   WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE HEREIN

16   TYPOGRAPHICALLY TRANSCRIBED. . .

17   _____

18                         APPEARANCES

19        JONATHAN M. SPERLING, MATTHEW J. OPPENHEIM, COREY

20   MILLER, MICHAEL FIELDS and SHIRA POLIAK, Attorneys at Law,

21   appearing for the Plaintiffs.

22
     _____
23

24                        ORAL ARGUMENT

25
```

```
                                                              2

 1                     APPEARANCES (continued)
 2              ANDREW H. SCHAPIRO, JOHN ROSENTHAL, JASON MOORE,
 3    ELLA HALLWASS and CRAIG JOYCE, Attorneys at Law, appearing
 4    for the Defendant.
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

32

1    litigation.

2             THE COURT:  Okay, I don't --

3             MR. ROSENTHAL:  What they're to suggest here is --

4             THE COURT:  Well, so -- do you think you've

5    provided, in some form, whether the 600 or otherwise, a

6    detailed explanation of how this happened?  Because that, to

7    me, is not privileged.  It's just facts that discuss why

8    documents were lost.

9             MR. ROSENTHAL:  We -- Your Honor, we made a

10   disclosure in a letter, we tried to work with them through

11   several meetings, we answered their questions informally, and

12   then the -- while that informal process was going on, they

13   decided they wanted to pursue formal discovery.

14            We've now produced the documents.  We tried for

15   months to get them produced under a 502(d), which they

16   rejected, and some of this -- this discovery is going to be

17   available through a 30(b)(6) deposition, and if -- if need be

18   after the 30(b)(6) deposition -- and we've told them, We're

19   going to produce as a 30(b)(6) witness a central person that

20   is closest to all of the facts here.

21            THE COURT:  Right.

22            MR. ROSENTHAL:  It's not going to be some other

23   person that was not tangentially involved here.

24            THE COURT:  Right.  Okay, but do you agree that

25   there is a document or several out there that describe

33

1  exactly what happened?

2           MR. ROSENTHAL:  I -- I -- I believe there is a

3  whole collection of documents -- if they were to view the

4  documents that we produced and put them together and then go

5  take a deposition, which would give them everything that they

6  need.  The only thing that puts it all in one place is a

7  privileged and confidential work product memo that we put

8  together for the client, which is among the 200 Your Honor

9  has.

10          THE COURT:  Right, okay.  So can I talk about that?

11 Not the contents, but the existence of that?

12          MR. ROSENTHAL:  Yes, Your Honor.

13          THE COURT:  That explains exactly what happened,

14 correct?

15          MR. ROSENTHAL:  It -- it reflects our opinion work

16 product of what we believe happened, yes, Your Honor.

17          THE COURT:  Well, it's not a legal opinion.  It's a

18 historical review of fact -- actions and occurrences, right?

19          MR. ROSENTHAL:  Well, it's a combination, Your

20 Honor.  The -- the document has a legal analysis.  It goes

21 into analysis of sanctions law --

22          THE COURT:  Yeah, yeah, forget that.

23          MR. ROSENTHAL:  -- it goes into analysis --

24          THE COURT:  But forget that.  To the extent it just

25 talks about a re-creation of what happened, it's not opinion

34

1  work product.

2  MR. ROSENTHAL:  The facts in and of themselves are
3  not opinion work product.

4  THE COURT:  Well, I think if you produce that, they
5  have all they need.  To me, you guys are fighting over
6  something that doesn't need to be fought over, because I
7  don't think, ultimately, the facts are in dispute.  Charter
8  did a thorough investigation of why it happened.  That's very
9  understandable to me.

10  By the way, I didn't find one shred of evidence in
11  anything that was produced to me that it was intentional or
12  designed to hide bad facts.  So there's nothing to hide here.
13  Now, I understand privilege is privilege, but why can't you
14  agree just to produce the factual part of that document, for
15  example, instead of having them go through the trouble of a
16  30(b)(6)?

17  See, there are things worth fighting about.  This
18  is not one of them, because the facts are not going to be in
19  dispute.  Don't you agree, John?  There's not going to be
20  facts in dispute if they were all known to everybody.

21  MR. ROSENTHAL:  Your Honor, I -- I totally agree.
22  That's what we tried to do.  We made a written disclosure.
23  We sat down in a room, we tried to give them all the facts,
24  and they decided after -- after -- that they were going to
25  suspend that process and pursue formal discovery.  And if --