UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC. (f/k/a/ Warner Bros. Records, Inc.), *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**CHARTER COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF ITS OBJECTION
REGARDING PRIVILEGE LOG ITEM 28**

Plaintiffs do not dispute that Item 28 on Charter's privilege log contains legal advice drafted by Charter's in-house counsel concerning Charter's legal obligations under the DMCA. *See generally* Dkt. 371 ("Opp."). Nor could they, since the document is labeled "attorney-client privileged" and contains notes specifically prepared by Charter's counsel for the purpose of providing legal advice to Charter personnel regarding the DMCA.[1] Because of the importance of maintaining privilege over this document, Charter respectfully requests that this Court review the document *in camera* and uphold Charter's claim of privilege over the email and its attachment.[2]

**I.   Ordering Charter to Produce Item 28 Would be Contrary to Law.**

Item 28 contains notes from Charter's attorneys advising Charter employees about Charter's legal obligations under the DMCA. The subject line of the cover email refers to "DMCA

---

[1] Charter submitted the document to the Court by email concurrent with the filing of its Objection.

[2] Item 28 consists of an email and accompanying PowerPoint presentation. As explained in Charter's Objection (Dkt. 362 ("Obj.")), the version of Item 28 that the Special Master initially reviewed inadvertently excluded the "Speaker Notes" containing the legal advice that forms the basis for Charter's claim of privilege over Item 28. Obj. at 2–4.

1

Legal Questions and Answers," and the presentation's first page cautions that it is "Subject to Attorney-Client Privilege." Obj. at 2. Under Colorado and federal law, this qualifies the document as privileged.

Indeed, Plaintiffs do not dispute that Item 28 contains privileged legal advice. Instead, citing a single unreported case, Plaintiffs argue that Charter must nevertheless produce the email and its attachment because the legal advice contained in the presentation is merely "incidental" to business advice. Opp. at 9 (citing *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 2018 WL 3055774, at *3 (D. Colo. May 23, 2018)). At most, however, this argument would support redactions to the presentation, not wholesale production. *See, e.g.*, *Menapace v. Alaska Nat'l Ins. Co.*, 2020 WL 6119962, at *5 (D. Colo. Oct. 15, 2020).

Here, Charter respectfully submits that allowing Charter to withhold the document has the clearest support in the law, and that it is error to hold otherwise. The presentation's legal advice is not incidental, but is its core purpose. The primary reason the Special Master gave for concluding that Item 28 consists of business advice was the determination that "the email and attached presentation appear to provide *direction* to members of Charter's security teams regarding Charter's copyright program rather than to seek or provide specific legal advice." Dkt. 252 at 4 (emphasis in original). While Charter acknowledges the difficulty of distinguishing business and legal advice, and the reality that these are often close calls, Item 28, viewed as a whole, is plainly privileged. That the document provides "direction" to Charter's employees on a mixed business and legal questions does not eliminate its privilege protection altogether.[3]

---

[3] Plaintiffs argue that the Special Master's decision was based on a finding that Item 28 "offered *non-legal* direction." Opp. at 12 (emphasis in original). But that is not the case. The Special Master stated simply that Item 28 "appear[ed] to provide *direction* to members of Charter's

2

The determination that the document is not privileged was also based on the incorrect conclusion that "[t]he recipients were not instructed that the communication was protected by the attorney-client privilege[.]" Dkt. 252 at 4; Obj. at 7. But the first page of the presentation clearly states that the presentation is "CONFIDENTIAL," "Internal Only," and "Subject to Attorney-Client Privilege." Although Plaintiffs argue that the Special Master's reference to a "communication" demonstrates she was referring only to the email, the Special Master's order, which the Magistrate Judge's order affirmed, consistently used the term 'communication' to describe the whole of Item 28. *See, e.g.*, Dkt. 252 at 3.[4] Moreover, given the privilege instruction in the attachment, the absence of further instruction in the email should not affect the analysis.

What remains is the Special Master's observation that the presentation was transmitted by and among non-lawyers. Dkt. 252 at 4–5. But Plaintiffs concede that this alone does not defeat Charter's privilege claim. Opp. at 11 (arguing this merely "buttress[ed]" it).

## II.     Plaintiffs' Procedural Arguments Should Be Rejected.

As a final matter, Charter respectfully submits that Plaintiffs' hyper-technical, procedural arguments should not be entertained by the Court on an issue as important as Charter's attorney-client privilege. Indeed, there is no support in the record that the Magistrate Judge's affirmance of the Special Master's ruling, based on "the reasons stated in Plaintiffs' brief," means that the

---

security teams[.]" Dkt. 252 at 4 (emphasis in original). She further distinguished "direction" and "legal advice," noting that Item 28 consisted in "direction . . . *rather than* to seek or provide specific legal advice." *Id.* (emphasis added). Plaintiffs do not defend this distinction. Opp. at 12.

[4] Moreover, the Special Master's full statement regarding the purported absence of any privilege instruction reads: "The email ***and attachment*** at issue here was sent by a non-lawyer to a number of unknown Charter employees. The recipients were not instructed that the communication was protected by the attorney-client privilege[.]" *Id.* at 4 (emphasis added).

3

Magistrate Judge endorsed, or even considered, Plaintiffs' procedural arguments. Opp. at 1. Nor do the procedural arguments made to the Magistrate Judge withstand scrutiny.

Plaintiffs incorrectly argue that Charter's objection to the Special Master's October order was untimely, and that the subsequent December order amounted to a denial of a motion for reconsideration. Opp. 6–9. But even if Charter's request that the Special Master review the correct version of Item 28 is construed as a motion for reconsideration, that motion was granted on October 21, 2020, when the Special Master agreed to undertake a second *in camera* review. Dkt. 329-10. The fact that the Special Master then ordered Item 28 be produced by referring to her prior reasoning does not change this. Plaintiffs' argument that Charter must produce its privileged material based on a technicality is incorrect.[5]

For the foregoing reasons, Charter respectfully requests that the Court sustain its objection and reverse the Magistrate Judge's order requiring it to produce Item 28.

Dated: February 23, 2021

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
Email: andrewschapiro@quinnemanuel.com
*Counsel for Defendant*
*Charter Communications, Inc.*

---

[5] In any event, Plaintiffs never argue that this Court's standard of review is anything but clear error, Opp. at 1, so it is unclear what effect Plaintiffs intend their procedural arguments to have.

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 23, 2021, I caused a true and correct copy of the foregoing and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro