# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER BROS. RECORDS INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant | Case No. 19-cv-00874-RBJ-MEH |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER LEVEL 1 RESTRICTION PLAINTIFS' OBJECTIONS TO FEBRUARY 23, 2021 DISCOVERY ORDERS AND ACCOMPANYING EXHIBIT AND DECLARATION**

Pursuant to Local Rule 7.2, Plaintiffs in the above-captioned matter respectfully move for leave of this Court to file under Level 1 Restriction the unredacted versions of Plaintiffs' Objections to February 23, 2021 Discovery Orders (the "Objections") and the accompanying Exhibit 4 to Charter's Motion to Compel Production of Documents, ECF No. 266-5, ("Exhibit 4") and the November 9, 2020 Declaration of Matthew J. Oppenheim, ECF No. 287-1 (the "Declaration"). In support of this motion, Plaintiffs state as follows:

1.  **Certification Pursuant to D.C. Colo. L. Civ. R 7.1(a)**: Counsel for Plaintiffs has conferred with counsel for Charter regarding this Motion. Charter does not oppose this Motion.

2.  The Objections cite and attach Exhibit 4, which Charter filed under Level 1 Restriction. *See* ECF No. 268 (filing document as Restricted Document – Level 1), ECF No. 270 (Unopposed Motion for Leave to Restrict).

3.      The Objections cite and attach the Declaration, which Plaintiffs previously filed under Level 1 Restriction.  *See* ECF No. 288-1 (filing document as Restricted Document – Leve 1), ECF No. 289 (Unopposed Motion for Leave to Restrict).

4.       This Motion requests that Exhibit 4, the Declaration, and discussion thereof in the Objections be designated under "Level 1 Restriction," that access be restricted to the Parties and the Court, and that Plaintiffs publicly file versions of the Opposition, Exhibit 4, and the Declaration in which discussion of Exhibit 4 is redacted.

5.      Exhibit 4 and the Declaration contain commercially sensitive business information of Plaintiffs' agent, Recording Industry Association of America ("RIAA"), and Plaintiffs' antipiracy vendor, MarkMonitor.  Disclosure of this information would cause competitive harm to Plaintiffs, RIAA, and MarkMonitor through the disclosure of the manner and details of MarkMonitor's retention.  *See, e.g., Health Grades, Inc. v. MDx Medical, Inc.*, 11–cv–00520–RM–BMB, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) ("the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").

6.      The risk of competitive harm to Plaintiffs, RIAA, and MarkMonitor outweighs the need for the public to have access to this confidential information.  Generally, this information, while harmful in the hands of competitors, is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

7.      Plaintiffs seek only a Level 1 restriction—the least secretive level of restriction.  Further, Plaintiffs seek to redact only Exhibit 4 and the Objections' and Declaration's discussion of Exhibit 4, and to publicly file the rest of the Objections and the Declaration.  Permitting a

Level 1 Restriction for Exhibit 4 and the discussion thereof is the only method that can adequately protect the competitively sensitive confidential information found in Exhibit 4.

8. Moreover, though the mere existence of a Stipulated Protective Order is not in itself sufficient to prove that a Motion for Leave to Restrict should be granted, Plaintiffs respectfully inform the Court that Plaintiffs have designated Exhibit 4 as Highly Confidential – Attorneys' Eyes Only under the Protective Order in this case. ECF No. 63.

WHEREFORE, Plaintiffs request leave of this Court to file unredacted versions of the Objections, Exhibit 4, and the Declaration under Level 1 Restriction.

Dated: March 4, 2021

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

*/s/ Matthew J. Oppenheim*

Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE & FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@williamsweese.com

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Matthew J. Oppenheim*
Matthew J. Oppenheim