IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No 19-cv-00874-RBJ-MEH

WARNER BROS. RECORDS INC., *et al*.,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Plaintiffs have filed their Objection to Special Master's January 27, 2021 Order Approving Charter's Unilateral Redactions of Key Financial Documents for Alleged Non-Responsiveness. ECF 349. I requested and received *in camera* the eight spread sheets that are the subject of this Objection. I review the Special Master's decision under an abuse of discretion standard.

    In response to Plaintiffs' motion to compel responses to their Request for Production Nos. 52 & 53, on May 29, 2020 (ECF 181), the Special Master ordered Defendant to produce (1) "[d]ocuments sufficient to show the average revenue and profit that you have received per subscriber, for the life of the account, from January 1, 2012 to present," and (2) "documents to show the average length of time that Charter retained a customer during the claim period, to the extent that information is maintained in the ordinary course of business." *Id.* at 37–38. Defendant produced eight spread sheets, redacting information it deemed nonresponsive. Plaintiffs' core contention in objecting to the redactions is as follows:

> Charter redacted from these documents (i) budgeted and actual revenues from internet, video and phone services—broken down by service type, exactly as Charter's counsel told

> the Court did not exist; (ii) tallies of "RGUs" or Revenue Generating Units; (iii) Charter's penetration rates amongst "Residential Passings," which evidences Charter's relative market share, and (iv) the total number of subscribers, including a breakdown of those with single service, double-play and triple-play bundles amongst its customers, which is highly probative of Charter's overall financial structure and incentive to retain subscribers. Charter even redacted substantive footnotes describing the limited fields of information that it did produce, rendering even the minimal production largely unintelligible.

ECF 349 at 3. Plaintiffs contend the redacted information was both responsive to Requests for Production Nos. 52 & 53 and relevant to the claims in the case, and more specifically, that Plaintiffs' experts need this information. Plaintiffs raised these concerns with the Special Master, who requested the documents be produced to her *in camera*. In a January 27, 2021 email, the Special Master stated: "I have reviewed the unredacted documents provided to me by Charter's counsel. It appears to me that the redacted data is neither relevant nor probative, and I find therefore that the redactions are appropriate." ECF 349-1 at 1.

Although the Special Master couched her findings in terms of relevance, both parties here are arguing responsiveness (in addition to relevance) of the redacted information to the particular discovery requests as authorized by the Special Master. Defendant's specific obligation at issue here, as imposed by the Special Master, is defined by ECF 181 as quoted above. Based on the following analysis and discussion, I believe it prudent and necessary to sustain Plaintiffs' objection under the standard given in *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015).

In reviewing the redacted and unredacted spreadsheets side-by-side, I am persuaded by Plaintiffs' argument that, first, very little of the spreadsheets (all of which appear to memorialize income from residential customers) was produced, but second, even as to what *was* produced, there were footnotes associated with the produced sections that were redacted. This is a point that Defendant did not address in its Response to Plaintiffs' Objection (ECF 365). I cannot agree that

if Defendant deemed certain fields of the spreadsheets as responsive, it nevertheless is permitted to deem "nonresponsive" the footnotes that are directly related to the "responsive" information. On this basis alone, the Objection can be sustained. For the following reason, however, I will not simply require the footnotes to be unredacted.

Ultimately, the current dispute demonstrates why I stated in open court that parties generally cannot *redact* on grounds of nonresponsiveness (as opposed to privilege) when a document or sets of documents contain both responsive and nonresponsive information. I do not see the documents at issue here meriting a different outcome. Withholding entire documents is one thing, but internally checkerboarding documents is an entirely different matter. It would become an impossible burden on the courts to oversee a process, in a case the magnitude of the present dispute, in which a judicial officer must determine whether "nonresponsive" redactions from documents were proper. As Plaintiffs point out, courts have found that the protective order in a case is sufficient to govern and protect sensitive business information that is exchanged but which may not be responsive to a discovery request. This is uniquely an area in which a seasoned judicial officer is acutely aware of the practical problems, where a nonjudicial officer such as the Special Master might not be so sensitized. In other words, Rule 1's mandate of judicial economy compels me to overrule the decision to permit the redactions of the eight spreadsheets here.

Furthermore, based on what I reviewed *in camera*, it appears to me that the withheld data *is* responsive to the type of customer financial information sought by Plaintiffs.

As a final note, and as I have said so many times to these parties, I will endeavor to remain consistent in my judicial philosophy, so Plaintiffs may want to be cognizant of documents or information they have redacted on the basis of nonresponsiveness, particular when, as here, the opposing party is arguing that its expert needs the information to complete his or her report.

Therefore, Plaintiffs' Objection [filed February 3, 2021; ECF 349] is sustained. The eight spreadsheets shall be produced in their entirety.

SO ORDERED.

DATED at Denver, Colorado this 5th day of March, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge