# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC., et al.,**

    Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

    Defendant.

---

## SUPPLEMENTAL STIPULATED PROTECTIVE ORDER REGARDING REMOTE REVIEW OF SOURCE CODE

---

Further to the Stipulated Protective Order dated September 6, 2019 in the above-captioned proceedings, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of Plaintiffs Warner Records Inc., et al. (collectively, "Plaintiffs") and Charter Communications, Inc. ("Defendant"), and whereas Plaintiffs' expert desires to inspect Charter's source code without traveling to an office of counsel for Defendant, and for good cause having been shown, it is hereby ORDERED that the Stipulated Protective Order is supplemented as follows:

    1.    **REMOTE REVIEW OF SOURCE CODE**

        1.1    **Protocol for Remote Source Code Review**.  This provision shall govern remote Source Code review in light of travel and building access restrictions during the COVID–19 public health emergency.  This provision shall remain in effect until the earlier of close of fact discovery in this matter or May 31, 2021.

(a) **Location of Remote Source Code Review.** Any "HIGHLY CONFIDENTIAL – SOURCE CODE" produced in discovery may, at the sole discretion of the producing party, be made available for inspection in a native source code file format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, for remote review using a vendor of the producing party's selection. The source code shall be made available for inspection on a secured virtualized environment that may be accessed on a locked down laptop that will be provided for the receiving party. The receiving party shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device, including screen captures in or of the virtualized environment. The locked down laptop provided for source code review shall be configured to prohibit installation of software as well as other security restrictions, including disabling all USB ports, Bluetooth access, print screen, and Snipping Tool. The review on a secured virtualized environment will be done over network communications through a "Remote Desktop" session as set forth in Section 1.1(b) below.

(b) **Secured Virtualized Environment**. The Virtual Machine (VM) environment will consist of two VMs: a Proctoring VM and a Review VM. The vendor shall maintain the Review VM, which will provide a Remote Desktop session with the locked down laptop by running the Remote Desktop software (akin to teleconference screen sharing), allowing the receiving party to interact with a Windows desktop, on the Review VM, as if the Windows desktop was generated by the locked down laptop.

The Review VM receives mouse and keyboard input from the receiving party on the locked down laptop and communicates a streaming image of a Windows desktop for display on the locked down laptop. The Review VM shares the Windows desktop only with the

receiving party's expert and outside counsel of record.  For clarity, no employees or representatives of the vendor or of the producing party, including the producing party's outside counsel of record and experts and other consultants, shall have access to this shared screen session, other than the vendor if requested by the receiving party to resolve any technical issue.  An analyst from the vendor shall operate the Review VM, start and stop control of the Review VM, and address session issues.  The receiving party shall maintain mouse and keyboard control of the Review VM, which will contain the tools and software specified by the receiving party for conducting the source code review.  The receiving party is responsible for complying with any licensing terms for such software analysis and software tools, including paying for any third-party costs or fees associated with providing those tools.  Only one person from the receiving party can have control of the Review VM at a time and access to the Review VM is available through a two-factor authentication system that communicates (via text message, phone call, or push notification) with the receiving person's mobile phone.  The VM environment shall be available only at scheduled times and access–controlled by the vendor.  The VM environment shall not have internet access besides as needed to support the Review and Proctoring VMs.

(c) **Audit Rights**.  The vendor may visually monitor (proctor) the physical activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying or transmission of the source code.  In support of these Audit Rights, the Proctoring VM receives streaming video from front-facing and side-facing cameras communicating through the locked down laptop.  The vendor watches the streaming video in real time to monitor the receiving party's compliance with the protective order.  The receiving party's access to the Review VM is conditioned on placing the

side-facing camera so that its video supports proctoring and on not interfering with video streaming.  No camera configuration, by the receiving party, is needed to facilitate streaming.

      (d) **Technology Assessment**.  In the event that the VM environment suffers from lag, which 1) cannot be cured by the vendor, and 2) substantially interferes with the receiving party's ability to conduct the source code review, the parties will confer in good faith on alternative means of producing the source code for inspection.

    1.2 **Request for Inspection**.  Prior to the inspection of any requested Source Code, the receiving party shall provide five days' notice of the Source Code that it wishes to inspect.

    1.3 **Paper Copies of Source Code Excerpts**.  The receiving party may request paper copies of limited portions of source code pursuant to Paragraph 6(b) of the Protective Order.

    1.4 **Access Record**.  The provisions of Paragraph 6(c) apply to inspection of source code in electronic or paper form pursuant to this supplemental protective order.

BY THE COURT:

DATED: _____

Michael E. Hegarty
United States Magistrate Judge

STIPULATED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| Dated: March 5, 2021 | Respectfully submitted |
| /s/ *Andrew H. Shapiro* | /s/ *Matthew J. Oppenheim* |
| Andrew H. Schapiro | Matthew J. Oppenheim |
| Allison Huebert | Scott A. Zebrak |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Jeffrey M. Gould |
| 191 N. Wacker Drive, Suite 2700 | OPPENHEIM + ZEBRAK, LLP |
| Chicago, IL 60606 | 4530 Wisconsin Ave. NW, 5th Fl. |
| Tel: (312) 705-7400 | Washington, DC 20016 |
| E-mail: andrewschapiro@quinnemanuel.com | Telephone: (202) 621-9027 |
| E-mail: allisonhuebert@quinnemanuel.com | matt@oandzlaw.com |
| | scott@oandzlaw.com |
| | jeff@oandzlaw.com |
| Charles K. Verhoeven | |
| David Eiseman | Jonathan M. Sperling |
| Linda Brewer | COVINGTON & BURLING LLP |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | The New York Times Building |
| 50 California Street, 22nd Floor | 620 Eighth Avenue |
| San Francisco, CA 94111 | New York, NY 10018-1405 |
| Tel: (415) 875-6600 | Telephone: (212) 841-1000 |
| E-mail: charlesverhoeven@quinnemanuel.com | jsperling@cov.com |
| E-mail: davideiseman@quinnemanuel.com | |
| E-mail: lindabrewer@quinnemanuel.com | Mitchell A. Kamin |
| | Neema T. Sahni |
| Todd Anten | J. Hardy Ehlers |
| Jessica Rose | COVINGTON & BURLING LLP |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | 1999 Avenue of the Stars, Suite 3500 |
| 51 Madison Ave, 22nd floor | Los Angeles, CA 90067-4643 |
| New York, NY 10010 | Telephone: (424) 332-4800 |
| Tel: (212) 849-7000 | mkamin@cov.com |
| E-mail: toddanten@quinnemanuel.com | nsahni@cov.com |
| E-mail: jessicarose@quinnemanuel.com | jehlers@cov.com |
| | Janette L. Ferguson, Esq. |
| Jennifer A. Golinveaux | WILLIAMS WEESE PEPPLE & FERGUSON |
| WINSTON & STRAWN LLP | 1801 California Street, Suite 3400 |
| 101 California Street, 35th Floor | Denver, CO 80202 |
| San Francisco, CA 94111-5840 | Telephone: (303) 861-2828 |
| Tel: (415) 591-1506 | jferguson@williamsweese.com |
| E-mail: jgolinveaux@winston.com | |
| | *Attorneys for Plaintiffs* |
| Michael S. Elkin | |
| WINSTON & STRAWN LLP | |
| 200 Park Avenue | |
| New York, NY 10166 | |

03319-00007/12577511.2                                5

Tel: (212) 294-6700
E-mail: melkin@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue Los Angeles, CA 90071
Tel: (213) 615-1933
E-mail: eranahan@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Tel: (303) 830-2400
E-mail: cjoyce@fwlaw.com

*Attorneys for Charter Communications, Inc.*

**SUPPLEMENTAL STIPULATED PROTECTIVE ORDER – Attachment A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 19-cv-00874-RBJ-MEH

**WARNER RECORDS INC., et al.,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

---

**ACKNOWLEDGMENT OF SUPPLEMENTAL PROTECTIVE ORDER**

---

*I, [name], state the following under penalties of* perjury as provided by law:

I am _____ [position] for _____ [employer]. I will be receiving Confidential and/or Highly Confidential information that is covered by the Supplemental Stipulated Protective Ordered governing this case and entered by the Court on March ___, 2021. I have read the Supplemental Stipulated Protective Order and understand that the Confidential and/or Highly Confidential information is provided pursuant to the terms and conditions in that Order.

I agree to be bound by the Supplemental Stipulated Protective Order. I agree to use the Confidential and/or Highly Confidential information solely for purposes of this case. I understand that neither the Confidential and/or Highly Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Supplemental Stipulated Protective Order. I agree to return the Confidential and/or Highly Confidential information and any notes concerning that information to the attorney for the producer of Confidential and/or Highly Confidential information or to destroy the information and any notes at the attorney's request as required by the Supplemental Stipulated Protective Order.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that Order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
Name

_____
Title

_____
Date