## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC. (f/k/a/ Warner Bros. Records, Inc.), *et al.*,<br><br>      Plaintiffs,<br><br>*v.*<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>      Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

## UNOPPOSED MOTION TO REDACT
## PORTIONS OF FEBRUARY 9, 2021 HEARING TRANSCRIPT

Pursuant to this Court's standing order on Notice of Electronic Availability and Redaction of Transcripts and Local Civil Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully requests that the Court redact certain portions of the transcript of the February 9, 2021 hearing held before Magistrate Judge Hegarty.  *See* Dkt. 372, Feb. 9, 2021 Hr'g Tr. (Feb. 17, 2021).  In support of this Motion, Charter states as follows:

1.     **Certification Pursuant to D. Colo. L. Civ. R. 7.1(a)**:  Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this Motion.  Plaintiffs consent to the relief requested in the Motion.

2.     A hearing was held in this matter on February 9, 2021 before Magistrate Judge Hegarty regarding Plaintiffs' "Motion to Compel Production of All Documents Related to Charter's Spoliation Listed on Charter's Privilege Log or Otherwise Withheld on the Basis of Privilege," which the Court denied without prejudice on December 18, 2020.  Dkt. 262, Pls.' Mot. Compel (Oct. 12, 2020); Dkt. 320, Courtroom Minutes (Dec. 18, 2020).

3.      At the February 9, 2021 hearing, counsel for Plaintiffs read into the record portions of a document that Charter produced to Plaintiffs pursuant to the Court's order under Federal Rule of Civil Procedure 502(d) and that is protected by attorney-client privilege and work product doctrine.  *See* Feb. 9, 2021 Hr'g Tr. 18:7-11.[1]

4.      This Motion requests that page and lines 18:7-11 of the February 9, 2021 Hearing Transcript (the "Proposed Redactions") be redacted from the publicly available transcript, and that the full, unredacted transcript be designated under "Level 1 Restriction," such that access is restricted to the Parties and the Court.  *See* D.C.COLO.LCivR 7.2(b).

5.      The Proposed Redactions serve the important interest of protecting Charter's claim of attorney-client privilege and work product protection over the content of the Proposed Redactions and the document from which they were excerpted, and protecting Charter's privileged material from public access.  *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009) ("We readily acknowledge the importance of the attorney-client privilege, which is one of the oldest recognized privileges for confidential communications." (citation omitted)); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (absent work product protection, "the interests of the clients and the cause of justice would be poorly served").

6.      Courts in this District recognize that a party's interest in restricting access to privileged material is sufficient to outweigh the presumption of public access.  *See Galena St. Fund, L.P. v. Wells Fargo Bank, N.A.*, 2014 WL 12741154, at *2 (D. Colo. Mar. 10, 2014)

---

[1]   The Court's Rule 502(d) order provides that "production by itself shall not waive attorney/client or attorney work product privilege that otherwise applies to the produced documents, in this case or any other federal or state proceeding."  Dkt. 321, Order (Dec. 18, 2021).

(granting motion to restrict access to documents as they were "entitled to restricted access under the attorney-client privilege").

7.     Disclosure of the content of the Proposed Redactions would result in a clear and serious injury—the potential loss of Charter's claim of attorney-client privilege and work product protection over the content of the Proposed Redactions and the document from which it was excerpted.

8.     Charter seeks only a Level 1 restriction, the lowest level of restriction.  Further, Charter requests the Court redact only five lines of a fifty-six page transcript.  Permitting a Level 1 Restriction for the Proposed Redactions is the only method that can adequately protect Charter's privileged material and avoid potential waiver of Charter's attorney-client privilege and work product protection.  *See In re Qwest Commc'ns Intern., Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) ("[T]he confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived." (citation omitted)).

9.     Pursuant to the Court's Guide to Transcript Redaction, the court reporter has been contacted regarding this Motion.

WHEREFORE, Charter requests that page and lines 18:7-11 of the February 9, 2021 Hearing Transcript, *see* Dkt. 372, be redacted from the publicly available transcript, and that the full, unredacted transcript be designated under "Level 1 Restriction," such that access is restricted to the Parties and the Court, *see* D.C.COLO.LCivR 7.2(b).

Dated: March 10, 2021

Respectfully submitted,

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
Email: melkin@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
Email: eranahan@winston.com

John J. Rosenthal
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20036
(202) 282-5000 (telephone)
(202) 282-5100 (facsimile)
Email: jrosenthal@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
Email: cjoyce@fwlaw.com

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
Allison Huebert
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
Email: andrewschapiro@quinnemanuel.com
Email: allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

*Counsel for Defendant*
*Charter Communications, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on March 10, 2021, I caused a true and correct copy of the foregoing Motion to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro
