UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC. (f/k/a/ Warner Bros. Records, Inc.), *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DEFENDANT CHARTER COMMUNICATIONS INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER LEVEL 1 RESTRICTION**

Pursuant to Local Civil Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully moves for leave of this Court to file Charter's Response to Plaintiffs' Objections to February 23, 2021 Discovery Orders (the "Response") and the accompanying Exhibits A, B, C, D, E, and H under Level 1 Restriction. *See* Dkts. 408, 408-2, 408-3, 408-4, 408-5, 408-6, 408-9. In support of this Motion, Charter states as follows:

1. **Certification Pursuant to D. Colo. L. Civ. R. 7.1(a)**: Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this Motion. Plaintiffs do not oppose the relief requested in this motion.

2. Charter's Response contains eight exhibits alphabetically designated "Exhibit A" through "Exhibit H." This Motion requests that Exhibits A, B, C, D, E, and H, as well as portions of Charter's Response discussing or quoting from those Exhibits, be designated as "Restricted Documents, Level 1" such that access be restricted to the Parties and the Court.

3. Exhibit A contains a portion of the transcript of a discovery hearing held before Magistrate Judge Hegarty on February 23, 2021. *See* Dkt. 400, Transcript (Mar. 7, 2021). The

1

deadline for the parties to file a notice of intent to request redaction or to file a motion for redaction has not yet passed.  *See id.*  Counsel for Plaintiffs have informed counsel for Charter that they have not yet reviewed the transcript for redactions and therefore, out of an abundance of caution, Charter has treated the excerpted transcript attached as Exhibit A as confidential.

4. Exhibit B consists of an email chain between counsel for Charter, Plaintiffs, and third party Audible Magic.  The emails involve discussion of highly confidential matters, including the cross-use of sealed declarations from other litigations, compliance with the protective order in this case, and Audible Magic's production of confidential documents.  Because it implicates confidential information of third parties, Charter requests it be designated Level 1.

5. Exhibit C consists of slides presented by Charter's counsel at the discovery hearing before Magistrate Judge Hegarty on February 23, 2021.  The slides contain, in part, portions of a privilege log created by a third party that identify commercially sensitive business communications as well as a statement of work between Plaintiffs' alleged agent, Recording Industry Association of America ("RIAA"), and Plaintiffs' antipiracy vendor, MarkMonitor, a version of which Plaintiffs have previously designated as a "Restricted Document, Level 1," *see* Dkt. 391-4.  Plaintiffs asserted, when so designating, that the statement of work contains commercially sensitive business information and that disclosure would cause competitive harm to Plaintiffs, RIAA, and MarkMonitor by revealing the manner and details of MarkMonitor's retention.  *See* Dkt. 392 at 2 (citing *Health Grades, Inc. v. MDx Medical, Inc.*, 11-cv-00520-RM-BMB, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) ("the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information")).

6. Exhibit D is a privilege log prepared by third-party MarkMonitor. Exhibit E is a privilege log prepared by Plaintiffs. Both describe commercially sensitive discussions, including discussions revealing the manner and method of MarkMonitor's performance pursuant to the statement of work previously designated Level 1. *See* Dkt. 390-4.

7. Exhibit H contains the deposition testimony of David Kokakis taken in this matter pursuant to Federal Rule of Civil Procedure 30(b)(6). The portion of the transcript excerpted in the Exhibit includes testimony by Mr. Kokakis on highly sensitive information, including questioning on the track-level revenue generated by Plaintiffs for their copyrighted works and how such revenues are calculated. Restriction is necessary to protect against public disclosure of this highly confidential and competitively sensitive information. *See Health Grades*, 2014 WL 12741068, at *2.

8. Charter's Response contains discussions of and quotations from the confidential and commercially sensitive materials included in Exhibits A, B, C, D, E, and H described above.

9. Contemporaneously herewith, Charter has filed on the public docket versions of the materials it seeks to restrict, judiciously redacted to protect the materials described above. *See* Dkts. 407, 407-1, 407-2, 407-3, 407-4, 407-5, 407-8.

10. Charter seeks only a Level 1 restriction, the lowest level of restriction. Permitting a Level 1 Restriction is the only method that can adequately protect against the disclosure of information that has been designated by opposing counsel as "Restricted Document, Level 1" or will lead to disclosure of highly sensitive commercial information belonging to a third party.

WHEREFORE, Charter requests that Charter's Response to Plaintiffs' Objections to February 23, 2021 Discovery Orders and the accompanying Exhibits A, B, C, D, E, and H, *see*

Dkts. 408, 408-1, 408-2, 408-3, 408-4, 408-5, 408-8, be designated "Level 1 Restriction," such that access is restricted to the Parties and the Court, *see* D.C.COLO.LCivR 7.2(b).

Dated: March 10, 2021

Respectfully submitted,

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
Email: jgolinveaux@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: (213) 615-1933
Email: eranahan@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
Email: cjoyce@fwlaw.com

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
Email: andrewschapiro@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda J. Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

*Counsel for Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 10, 2021, I caused a true and correct copy of the foregoing Motion to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Andrew H. Schapiro
Andrew H. Schapiro

4