# Exhibit B

Telephonic Hearing
January 19, 2021

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00874-RBJ-MEH
_____

WARNER BROS. RECORDS INC., et al.,

Plaintiffs,

vs.

CHARTER COMMUNICATIONS, INC.,

Defendant.
_____

TELEPHONIC HEARING

January 19, 2021
_____

      This telephonic hearing was taken before Special Master Regina Rodriguez on January 19, 2021, at 9:00 a.m. Mountain Standard Time before K. Michelle Dittmer, Registered Professional Reporter and Notary Public within the state of Colorado.

(The reporter, K. Michelle Dittmer, appearing remotely via telephone)

Wilson & Associates, LLC
scheduling@wilsonandassociatesllc.com

```
 1   any particular notice for a dropped work to prove up that
 2   Charter was on notice of an infringement of that specific
 3   work; is that correct?
 4                  MR. SPERLING:  That's -- that's correct.
 5                  SPECIAL MASTER RODRIGUEZ:  But you do
 6   intend to use that notice as evidence to support your
 7   arguments that a particular infringer was a repeat
 8   infringer and that presumably, therefore, Charter had
 9   obligations to act with repeat infringers --
10                  MR. SPERLING:  We rely on --
11                  SPECIAL MASTER RODRIGUEZ:  -- is that
12   accurate?
13                  MR. SPERLING:  It's accurate.  We might
14   rely on any of the 18 million notices they got from
15   scores of different rights holders to establish that.
16   With respect -- those notices will concern torrents, the
17   torrent files that may or may not have included works by
18   UMPG, any other publisher, or any other plaintiff, right?
19   Because it doesn't turn on that, per se.
20                  SPECIAL MASTER RODRIGUEZ:  Okay.
21                  MR. SPERLING:  So we're going to point to
22   those notices to establish:  You knew that this
23   infringer -- so just one more concrete example.
24                  So if a subscriber was the subject of
25   50,000 notices from other rights holders and then one
```

1  notice from the RIAA concerning the Adele track, we would
2  point to that to say:  Absolutely, you knew that this was
3  a repeat infringer and this repeat infringer infringed
4  the Adele track.  And if there's even another notice that
5  concerns a work by the publishers that is in suit, then
6  we would make the point:  Look, you got -- you got 50,000
7  notices from HBO about the subscriber.
8              And then there was also a notice that you
9  got that concerned a torrent file that included one of
10 UMPG's works, a work in the case.
11             So we're entitled to recover for
12 infringing of that work, and you were clearly a repeat
13 infringer because you had 50,000 prior notices about
14 them.
15             But we're not just going back to where we
16 began.  We're not going to take the position that you
17 were on notice of infringement of the Rihanna track that
18 we dropped.
19             SPECIAL MASTER RODRIGUEZ:  Got it.  So --
20 and then is it also, then, your position that you don't
21 have to substantiate or prove that any of those notices
22 were actually proper, valid notices as well?
23             MR. SPERLING:  No.  And I think that's,
24 you know --
25             SPECIAL MASTER RODRIGUEZ:  It sounds to me

1                 However, it is not clear to me that in
2    this situation, that that accomplishes that goal.  As
3    Mr. Sperling points out, UMPG was not the entity that
4    sent the notices.  It is not entirely clear that it
5    relates to the same works.
6                 And so while I recognize Charter's right
7    to make this inquiry regarding the validity of the notice
8    and to argue whether or not they believe these notices
9    were proper and how they interpreted them once they
10   received them, that is an issue I don't believe that in
11   this particular instance with regard to UMPG's notices
12   related to dropped works is the vehicle to have that
13   happen.
14                And so I don't find that the probative
15   value as it relates to UMPG outweighs the burden and
16   prejudice in this situation, and so I am not going to
17   order the inquiry with regard to Topic 9.
18                All right.  Anything further on Topic 9?
19                MR. KAPLAN:  No, Your Honor.
20                SPECIAL MASTER RODRIGUEZ:  All right.
21   Special Master is fine.
22                Topic 11:  Charter should be permitted to
23   explore the process by which UMPG communicated with the
24   RIAA regarding the notice program.
25                MR. SCHAPIRO:  Topic 11 is out now.