IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No 19-cv-00874-RBJ-MEH

WARNER BROS. RECORDS INC., *et al.*,

      Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

      Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Plaintiffs have filed an Objection to Special Master's January 22, 2021 Order Denying Discovery into Charter's Deterrence Defense.  ECF 346.  The Special Master's decision denied Plaintiffs discovery into Defendant's records concerning Defendant's experience with peer-to-peer infringement postdating the claims period in this case, up to the present time.  This issue has been the topic of extensive argument by the parties as well as email correspondence presenting their respective positions.  The premise of Plaintiffs' Objection, stated in their opening paragraph, is that Charter intends to argue "(1) deterrence is 'one of the main issues' in determining the amount of statutory damages," "(2) peer-to-peer infringement is 'no longer a problem,' such that there is nothing to deter," and "(3) because there is nothing to deter, Plaintiffs should not be awarded significant damages."  Both parties have represented to the Court that deterrence is an issue concerning damages.  However, Defendant has waived, on the record, its ability to argue or present evidence concerning (2) and (3).

      Specifically, Defendant, through counsel Andrew Schapiro, stipulated:

> Charter will not argue in this case that because today Charter does more to reduce, or has by its conduct reduced, P2P sharing and/or infringement on Charter's network compared with the claims period, statutory damages are inappropriate or should be reduced.  Charter reserves the right to argue that developments in the music industry, including with regard to its business model and sources of revenue, and including the decline of P2P piracy generally, are factors relevant to the assessment of statutory damages.

Email dated March 12, 2021 4:30 PM from Andrew Schapiro to counsel and the Court. Defendant's retention of the ability to argue that peer-to-peer infringement is no longer the problem that it was during the claims period was insufficient because, in my view, Plaintiffs should then be permitted discovery into whether that is true.  Indeed, Plaintiffs' counsel Mr. Ehlers stated as much:

> So I was saying that if -- if they're agreeing that peer-to-peer -- not to argue that peer-to-peer infringement is no longer a problem and they're not going to argue that the jury shouldn't consider that if there's no need for a deterrence when they consider the amount of statutory damages to award, then sure. That -- I mean, that's what we want this discovery for.

ECF 413 at 35, ll.10-16.  Thereafter, at an oral argument on March 18, 2021, and in an email from Mr. Schapiro to counsel and the Court dated March 19, 2021 3:54 PM, Mr. Schapiro stipulated on behalf of Defendant to waive any argument or evidence that peer-to-peer infringement has decreased, either absolutely in terms of actual piracy, or relatively, in terms of its prevalence compared with overall music industry revenue.  That is what I asked them to do, Plaintiffs admit that such argument was the purpose of the discovery at issue here, and, therefore, Plaintiffs' Objection should be moot.

However, once Plaintiffs saw the writing on the wall, they adapted their position in order to obtain the contested discovery, asserting that Defendant's anticipated argument about how the music industry has changed, and that the industry engages in its business in a far different manner than during the claims period (*e.g.*, significant profits are obtained through streaming services, which have grown exponentially in the past five or so years since the end of the claims period),

justifies discovery into Defendant's post-claim records of alleged peer-to-peer infringement. Using any semblance of a proportionality analysis (which is somewhat interesting in a case of this magnitude), I believe the anticipated defense argument does not justify the discovery. First, I do not agree with Plaintiffs that Defendant's business-model argument implicitly tells the jury that peer-to-peer infringement is no longer the problem it once was. Second, Defendant will rely on publicly available records concerning the current music industry business model, not on material received in discovery from the Plaintiffs. Third, if Judge Jackson finds any relevance in post-claims-period peer-to-peer infringement, Plaintiffs already have significant evidence in the form of infringement notices sent to Defendant and other internet service providers. Finally, opening the door more widely into post-claims-period discovery would more than double the size of this case, as the claims period is only March 24, 2013 to May 17, 2016, while the time since then is approaching five years. I believe the discovery in the case must have some limits, and the prohibition established here is necessary and appropriate.

Therefore, the Objection to Special Master's January 22, 2021 Order Denying Discovery into Charter's Deterrence Defense [filed January 29, 2021; ECF 346] is **denied**.

SO ORDERED.

DATED at Denver, Colorado this 26th day of March, 2021.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge