# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| |
|---|
| WARNER RECORDS INC. (f/k/a/ Warner Bros. Records, Inc.), *et al.*, |
| Plaintiffs, |
| *v.* |
| CHARTER COMMUNICATIONS, INC., |
| Defendant. |

Case No. 1:19-cv-00874-RBJ-MEH

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' JANUARY 27, 2021 AMENDED NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Colorado, Defendant Charter Communications, Inc. ("Charter") responds as follows to Plaintiffs' January 27, 2021 Amended Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Notice").

Charter makes the Objections herein based on its interpretation and understanding of the matters on which examination is requested as set forth in the Notice (the "Topics"). Charter's Objections and the testimony of any of Charter's witnesses are based upon such information as is known and reasonably available to Charter as of the date of these Objections. Further independent discovery, independent investigation, legal research and analysis by Charter or its counsel may supply additional facts, information or documents, and/or add meaning to known facts, information or documents. Therefore, Charter's Objections and the testimony of any of Charter's witnesses are given without prejudice to Charter's right to introduce evidence of, or testimony regarding,

1

any subsequently discovered or compiled facts, information or documents, or to supplement, modify, or otherwise change these responses or testimony of any of Charter's witnesses.

Charter reserves the right to make objections on the record at the time of examination as provided under Fed. R. Civ. P. 30(c)(2). Charter also does not waive any claim of privilege or immunity by agreeing to provide a witness on any Topic. All objections as to privilege, immunity, relevance, authenticity or admissibility of any information or documents related to the Topics are expressly reserved.

## GENERAL OBJECTIONS

The following general objections apply to each and every Topic, and are incorporated by reference into each of the Specific Responses and Objections as if set forth fully therein. By responding to any of the Topics or failing to specifically refer to or specify any particular general objection in response to a particular Topic, Charter does not waive any of these general objections, nor admit or concede the appropriateness of any purported Topic or any assumptions contained therein. By responding to a Topic, Charter does not admit that any of the information sought exists or that Plaintiffs' characterizations are accurate.

1.    Charter objects to the Notice's failure to narrow its Topics to the time period relevant to this litigation. With the exception of Topics 37 and 72, Plaintiffs do not individually specify the time frame for the testimony they seek from each Topic. Instead, Plaintiffs purport to define the relevant time frame for each Topic in Instruction No. 24 as "January 1, 2012 through May 17, 2016." This time period is inconsistent with and extends this case's discovery period, which is March 1, 2012 through May 17, 2016. Regarding this particular Notice, the Special Master recently stated that her ruling on Topics seeking information beyond this case's discovery

2

period would be the same as her rulings on other of Plaintiffs' discovery requests that sought to do the same, which denied discovery beyond the March 24, 2013 through May 17, 2016 claims period. *See* Jan. 22, 2021, Hrg. Tr. 84:11-25. Plaintiffs' attempt to seek testimony in relation to an expanded time frame is overbroad, unduly burdensome, disproportional, oppressive, and harassing. Further, Plaintiffs' wholesale application of this expansive time period to each of the Topics in their Notice is an unreasonable attempt to seek testimony that is not relevant to any claim or defense in this litigation and is unlikely to lead to the discovery of admissible evidence. Unless otherwise stated, and consistent with the Court's rulings in this case, Charter will treat the previously established discovery period of March 1, 2012 through May 17, 2016, as the relevant time frame for each Topic.

2.      Charter objects to the Notice to the extent that the Topics are vague, ambiguous, overbroad, unduly burdensome, oppressive, disproportionate, incomprehensible or harassing.

3.      Charter objects to the Notice to the extent that the Topics are not described with reasonable particularity.

4.      Charter objects to the Notice to the extent that the Topics seek testimony cumulative or duplicative of other discovery requests and/or testimony in this action.

5.      Charter objects to the Notice as unduly burdensome and harassing to the extent that the Topics purport to impose burdens, requirements and/or obligations that exceed or differ from those permitted by the Federal Rules of Civil Procedure, the operative Case Management Order, or any other order or agreement in this case.

6.      Charter objects to the Notice to the extent that the Topics seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine,

3

and/or any other applicable privileges and protections. Such testimony will not be provided. Inadvertent disclosure of such testimony shall not constitute a waiver of any privilege, right, or ground for objecting to providing such testimony and shall not waive Charter's right to object to the use of such testimony.

7.      Charter objects to the Notice to the extent that the Topics seek confidential and/or proprietary business information.

8.      Charter objects to the Notice to the extent that the Topics seek testimony that is neither relevant to any claim or defense raised in this action, nor reasonably calculated to lead to the discovery of admissible evidence, or are not limited to a relevant time period.

9.      Charter objects to the scope of breadth of terms used in the Notice.

10.     Charter objects to the Notice to the extent that there is a more practical or convenient method of obtaining the requested information.

11.     Charter objects to the Notice to the extent that the Topics seek publicly available information, or information that is in Plaintiffs' possession, custody, or control.

12.     Charter objects to the Notice to the extent that the Topics seek information not reasonably within the possession, custody, or control of Charter, or otherwise is not currently available to Charter. All responses contained herein are based solely on the information and documents presently known and reasonably available to Charter.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

1.      Charter's responses to the Topics do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Notice. Charter objects to the Definitions and Instructions to the extent they: (i) are unclear, ambiguous, overbroad, or unduly

burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions or Instructions that suffer from such defects. Without limiting the breadth and application of these objections, Charter further objects to the Definitions and Instructions as follows:

2.        Charter objects in full to Instruction No. 24, which states "[u]nless otherwise specified, the relevant time frame for these Topics is January 1, 2012 through May 17, 2016." Charter objects based on the reasons stated in ¶ 1 of Charter's General Objections, and incorporates those reasons herein. Unless otherwise stated, and consistent with the Court's rulings in this case, Charter will treat the previously established discovery period of March 1, 2012 through May 17, 2016, as the relevant time frame for each Topic.

3.        Charter objects to the definition of "Universal Infringement Notice" to the extent it includes alleged infringement notices sent by the Universal Plaintiffs to Charter "between May 18, 2016 to the present." Charter objects based on the reasons stated in ¶ 1 of Charter's General Objections, and incorporates those reasons herein. Unless otherwise stated, and consistent with the Court's rulings in this case, Charter will treat the previously established discovery period of March 1, 2012 through May 17, 2016, as the relevant time frame for each Topic.

4.        Charter objects to the definition of "User" as overbroad and unduly burdensome, and as vague and ambiguous, in particular to the extent that it calls for information not in the possession, custody, and control of Charter. Further, Charter objects to the definition to the extent it includes "any person that uses your internet services, either presently or in the past." Charter

5

objects based on the reasons stated in ¶ 1 of Charter's General Objections, and incorporates those reasons herein.  Unless otherwise stated, and consistent with the Court's rulings in this case, Charter will treat the previously established discovery period of March 1, 2012 through May 17, 2016, as the relevant time frame for each Topic.

5.        Charter objects to the definition of the term "Subscriber" as overbroad and unduly burdensome, vague and ambiguous to the extent it purports to include subscribers beyond those identified in the alleged Infringement Notices that Plaintiffs sent or were sent on Plaintiffs' behalf.

6.        Charter objects to the definition of the term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion of infringement before any such infringement has been proven, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

7.        Charter objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Charter to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

8.        Charter objects to the definition of the term "communication" as overbroad and unduly burdensome to the extent it calls for the production of "oral," and telephonic conversations and meetings not likely to have been recorded.

9.        Charter objects to the definition of the term "Infringing Subscriber" as overbroad and unduly burdensome, vague and ambiguous as it seeks to include subscribers beyond those identified in the alleged Infringement Notices that Plaintiffs sent or were sent on Plaintiffs' behalf.

The definition is argumentative and improperly incorporates a legal conclusion of infringement before any such infringement has been proven. The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity identified in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was a subscriber of Charter's services.

10.     Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information on or provide witnesses for information outside of Charter's possession, custody, and control with respect to "predecessors," and "any other person or entity … previously acting or purporting to act on behalf of the defendant."

11.     Charter objects to the definition of the term "document" as ambiguous as it relies on undefined terms. Charter further objects to the definition of the term for misconstruing the definitions from Federal Rule of Civil Procedure 34(a). The Federal Rule refers to documents separate and apart from "electronically stored information." *Id*. ("any designated documents or electronically stored information") (emphasis added).

12.     Charter objects to the definition of the term "Acceptable Use Policy" as overbroad, ambiguous, and calling for information outside Charter's possession, custody, or control, to the extent it includes policies that are not Charter's own policy or are not incorporated by reference into a Charter policy.

13.     Charter objects to the definition of the term "DMCA Policy" as overbroad, ambiguous, and calling for information outside Charter's possession, custody, or control, to the

extent it includes policies that are not Charter's own policy or are not incorporated by reference into a Charter policy.

14.     Charter objects to the definition of the term "Repeat Infringer Policy" as overbroad, ambiguous, and calling for information outside Charter's possession, custody, or control, to the extent it includes policies that are not Charter's own policy or are not incorporated by reference into a Charter policy.

15.     Charter objects to the definition of the term "concerning" as so overbroad to be meaningless.

16.     Charter objects to the definitions of "any," as overbroad and unduly burdensome. The definition is vague and ambiguous as it incorporates other undefined terms and incorporates definitions that are beyond the plain meaning of the words.

## LIMITATIONS THAT APPLY TO ALL TOPICS

17.     The Discovery Period applies to limit the scope of each Topic unless specifically stated otherwise in the responses.

18.     Witnesses need only testify to matters "reasonably available" to the organization, as set forth in Rule 30 of the Civil Rules of Procedure.

19.     Each Topic is construed in a manner such that the witness will not be expected to engage in unreasonable amounts of preparation not properly suited for a deposition – as such, and as presented in each of Charter's responses and objections, where Charter agrees to provide a witness on a Topic (in whole or in part), the witness will be prepared to testify generally as to the subject matter. (2/9/21 Email T.Anten to H.Ehlers).

Charter further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or attorney work-product doctrine, or irrelevant confidential and proprietary business information.

Charter incorporates its scope objections to this Topic contained in ¶ 1 of its general objections and ¶ 2 of its objections to the Notice's definitions and instructions. Specifically, Charter objects to this Topic's request for testimony regarding information prior to March 1, 2012.

**RESPONSE:** Subject to and without waiving these objections, Charter will designate one or more persons to testify generally as to non-privileged, discoverable information regarding Charter's processes and procedures for "closing" tickets, with the relevant time frame being the established discovery period of March 1, 2012 through May 17, 2016.

**SUPPLEMENTAL RESPONSE**: Subject to and without waiving these objections, Charter will designate one or more persons to testify generally as to non-privileged, discoverable information regarding Charter's processes and procedures for "closing" tickets—whether manually or automatically—associated with notices of alleged infringement, including the different reasons why Charter closes tickets, with the relevant time frame being the established discovery period of March 1, 2012 through May 17, 2016. (2/10/21 Email from H. Ehlers to T. Anten).

**TOPIC NO. 11:**

Charter's licensing of software for "abuse tracking" from Cox Communications, Inc., as reflected in CHA_00001119, including the cost thereof, the Cox employees with whom Charter communicates regarding Charter's ongoing maintenance and operation of CATS, and the manner of such communication or coordination with Cox.

**OBJECTIONS:** Charter incorporates each of its general objections and objections to Plaintiffs' definitions by reference herein. Charter objects to this Topic to the extent that it is overbroad, unduly burdensome, disproportional, oppressive and harassing, and seeks testimony that is not relevant to any claim or defense in this litigation and is unlikely to lead to the discovery of admissible evidence. For example, Charter objects to the Topic's request for testimony on "licensing of software," "Charter's ongoing maintenance and operation of CATS," and "communication and coordination with Cox" as irrelevant to the claims in this case and unreasonably seeking confidential and proprietary business information. To the extent it is relevant, documentation of the licensing has been produced in response to other of Plaintiffs' discovery requests. Charter further objects to this Topic to the extent it seeks information protected by the attorney-client privilege or attorney work-product doctrine, such as "communication or coordination" regarding "licensing of software."

Charter incorporates its scope objections to this Topic contained in ¶ 1 of its general objections and ¶ 2 of its objections to the Notice's definitions and instructions. Specifically, Charter objects to this Topic's request for testimony regarding information prior to March 1, 2012.

**RESPONSE:** In light of these objections, Charter will not designate a witness to testify on this Topic.

**SUPPLEMENTAL RESPONSE**: Subject to and without waiving these objections, Charter will designate one or more persons to testify generally as to non-privileged, discoverable information regarding Charter's licensing of software for "abuse tracking" from Cox Communications, Inc., as reflected in CHA_00001119, including the cost thereof, the Cox employees with whom Charter communicates regarding handling of the DMCA complaints and

24

any change during the relevant Claim Period, with the relevant time frame being the established

discovery period of March 1, 2012 through May 17, 2016 (2/16/21, Tr. 83:21-78:20).

**TOPIC NO. 12:**

Charter's process for assigning and/or re-assigning IP addresses to Subscribers, and Charter's process for tracking the identity of the Subscriber associated with each IP address, including through DHCP logs, for both residential and commercial Subscribers.

**OBJECTIONS:** Charter incorporates each of its general objections and objections to

Plaintiffs' definitions by reference herein. Charter objects to this Topic to the extent that it is

overbroad, unduly burdensome, disproportional, oppressive and harassing, and seeks testimony

that is not relevant to any claim or defense in this litigation and is unlikely to lead to the discovery

of admissible evidence. Charter objects to the Topic's request for testimony on "process,"

"identity," and "DHCP logs" as terms that are vague, ambiguous, undefined, and potentially

encompass a range of irrelevant information. Charter further objects to this Topic to the extent

that it seeks information protected by the attorney-client privilege or attorney work-product

doctrine. Charter further objects to this Topic to the extent that it seeks irrelevant confidential and

proprietary business information.

Charter incorporates its scope objections to this Topic contained in ¶ 1 of its general

objections and ¶ 2 of its objections to the Notice's definitions and instructions. Specifically,

Charter objects to this Topic's request for testimony regarding information prior to March 1, 2012.

**RESPONSE:** Subject to and without waiving these objections, Charter will designate one

or more persons to testify generally as to non-privileged, discoverable information regarding

Charter's process for assigning IP addresses to Subscribers and tracking the identity of Subscribers

25

Charter incorporates its scope objections to this Topic contained in ¶ 1 of its general objections and ¶ 2 of its objections to the Notice's definitions and instructions. Specifically, Charter objects to this Topic's request for testimony regarding information prior to March 1, 2012.

**RESPONSE:** In light of these objections, Charter will not designate a witness to testify on this Topic.

**TOPIC NO. 69:**

Charter's knowledge of litigation against other ISPs concerning similar claims asserted by Plaintiffs in this case, including *BMG Rights Management (US) LLC v. Cox Communications, Inc.*, No. 1:14-cv-1611 (E.D. Va.; filed November 26, 2014).

**OBJECTIONS:** Charter incorporates each of its general objections and objections to Plaintiffs' definitions by reference herein. Charter objects to this Topic to the extent that it is overbroad, unduly burdensome, disproportional, oppressive and harassing, and seeks testimony that is not relevant to any claim or defense in this litigation and is unlikely to lead to the discovery of admissible evidence. For example, this Topic unreasonably seeks information regarding entities wholly unrelated to Charter and regarding litigation to which Charter was not a party. Charter further objects to the extent this Topic seeks the subjective views of individual employees. Charter further objects to this Topic to the extent it suggests that the potential awareness of individual employees of litigation pending against another ISP should be imputed to the company. Charter further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or attorney work-product doctrine, such as any purported knowledge that was the result of privileged communications. Charter further objects to this Topic to the extent that it seeks irrelevant confidential and proprietary business information.

Charter incorporates its scope objections to this Topic contained in ¶ 1 of its general objections and ¶ 2 of its objections to the Notice's definitions and instructions. Specifically, Charter objects to this Topic's request for testimony regarding information prior to March 1, 2012.

**RESPONSE:** In light of these objections, Charter will not designate a witness to testify on this Topic.

**SUPPLEMENTAL RESPONSE:** Pursuant to the Special Master's ruling on February 16, 202, Charter will not prepare a witness to provide testimony on this Topic. (2/16/21, Tr. 83:6-19).

**TOPIC NO. 70:**

Charter's legal holds on ticket data or any other data saved in CATS, including the legal hold referenced in CHA_00024936 and any investigations taken to understand the existence and status of that legal hold, and any results of those investigations.

**OBJECTIONS:** Charter incorporates each of its general objections and objections to Plaintiffs' definitions by reference herein. Charter objects to this Topic to the extent that it is overbroad, unduly burdensome, disproportional, oppressive and harassing, and seeks testimony that is not relevant to any claim or defense in this litigation and is unlikely to lead to the discovery of admissible evidence. Charter further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or attorney work-product doctrine, such as "investigations taken to understand…legal hold[s], and any results of those investigations." Charter further objects to this Topic to the extent that it seeks irrelevant confidential and proprietary business information, such as the existence of any "legal holds on ticket data and or any other data saved in CATS." Charter objects to the extent that this Topic is intended to solicit testimony regarding Charter's legal hold practices and procedures, generally. Plaintiffs sought

Dated:  March 5, 2021

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
Email:  jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
Email:  melkin@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
Email:  eranahan@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
Email:  cjoyce@fwlaw.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro
Nathan A. Hamstra
Allison Huebert
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
Email:  andrewschapiro@quinnemanuel.com
Email:  allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
Email:  charlesverhoeven@quinnemanuel.com
Email:  davideiseman@quinnemanuel.com
Email:  lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
Email:  toddanten@quinnemanuel.com
Email:  jessicarose@quinnemanuel.com

*Counsel for Defendant*
*Charter Communications, Inc.*

120

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, a true and correct copy of the foregoing was served via electronic mail:

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' JANUARY 27, 2021 AMENDED NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

upon the following:

| | |
|---|---|
| Janette L. Ferguson, Esq.<br>Benjamin M. Leoni, Esq.<br>LEWIS BESS WILLIAMS & WEESE, P.C.<br>1801 California Street, Suite 3400<br>Denver, CO 80202<br>Tel: (303) 861-2828<br>Facsimile: (303) 861-4017<br>jferguson@lewisbess.com<br>bleoni@lewisbess.com | Matthew J. Oppenheim<br>Scott A. Zebrak<br>Jeffrey M. Gould<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Fl.<br>Washington, DC 20016<br>Tel: (202) 621-9027<br>matt@oandzlaw.com<br>scott@oandzlaw.com<br>jeff@oandzlaw.com |
| Mitchell A. Kamin<br>Neema T. Sahni<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Telephone: (424) 332-4800<br>mkamin@cov.com<br>nsahni@cov.com | Jonathan M. Sperling<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1000<br>jsperling@cov.com |

*/s/ D. Seth Fortenbery*
D. Seth Fortenbery

121