# Exhibit C

| | |
|---|---|
| From: | Katy Akopjan |
| Sent: | Tuesday, March 23, 2021 11:23 AM |
| To: | 'Rodriguez, Regina'; 'Gomez, Tracy M.'; 'Dolan, Mairead K.' |
| Cc: | Andrew Schapiro; David Eiseman; Jessica Rose; Linda Brewer; Todd Anten; Allison Huebert; Michelle A. Clark; Nathan Hamstra; Charter-Copyright-QE; 'eranahan@winston.com'; 'jgolinveaux@winston.com'; 'melkin@winston.com'; 'Kearney, Thomas'; 'Anderson, Sean R.'; 'Alvarez, Cesie'; 'Skopec, Allison'; 'mkamin@cov.com'; 'Sperling, Jonathan'; 'Sahni, Neema T'; 'Grigsby, Stacey'; 'Hill, Phil'; 'Picker, Joshua B'; 'Fields, Michael'; 'Matt Oppenheim'; 'Jeff Gould'; 'Scott Zebrak'; 'Andrew Guerra'; 'Kellyn Goler'; 'Jia Ryu'; 'Corey Miller'; 'Ehlers, J. Hardy'; 'Alex Kaplan' |
| Subject: | Warner Records Inc. v. Charter Communications, Inc.., No. 19-cv-00874-RBJ (D. Colo.) |

Dear Special Master Rodriguez,

At the end of the March 16, 2021 hearing, you offered the possibility of participating in an informal conference to help the parties negotiate a deposition schedule if it began to look like judicial participation would be needed. With respect to the depositions Charter has noticed of the Music Publisher and Record Label Plaintiff Groups, we believe that some participation by you in the scheduling process would be beneficial for two reasons.

First, the sheer number of witnesses disclosed by Plaintiffs suggests that an organized process (without protracted back-and-forth between the parties) would help keep the process on schedule. At present, Plaintiffs have disclosed 15 individual designees, and only two have been deposed so far. That leaves over a dozen individual witnesses that need to be scheduled for deposition before the close of fact discovery.

Second, despite your instruction to Plaintiffs that they should disclose both the identities of the Record Label witnesses and the topics by last Friday, Charter has still not received topics for any of the Record Label witnesses or any explanation as to why the information is not available. To put in context, that is 9 of 13 witnesses who cannot be scheduled until Charter receives this information. While Charter appreciates that it can sometimes be a complicated process to match a witness to topics for new witnesses, Charter is a bit perplexed as to why this process is still ongoing for notices served on December 30 and for witnesses who were already deposed in prior, related litigation (and, in some instances, also testified at trial).

Last, as both sides mentioned at the hearing, there a number of depositions that Charter would like to take in the near term, but has been hesitant to schedule because of Plaintiffs' pending objection to the February 23 order compelling the production of track-level financial data. Because the timing of the ruling on that objection is uncertain, Charter would like to begin scheduling depositions with the possibility of leaving some depositions open for a targeted follow-up deposition of limited duration in the event the data is ordered produced, if necessary. Based on prior discussions, Charter anticipates that this will be a difficult issue to resolve without judicial guidance.

Charter understands that Plaintiffs wish to use the March 26 hearing to resolve a still-evolving litany of issues related to written discovery served on January 27, Plaintiffs' disputes regarding the sufficiency of Charter's production, and new demands for additional custodians. While Charter believe the meet and confer process on those issues has been rushed and incomplete, Charter is not sending this request to preempt that process. In the event the preference is to use March 26 for those issues, and Charter's corresponding request for custodial data for the newly disclosed Record Label witnesses, then Charter respectfully asks that a different time be set aside to discuss the scheduling of Plaintiffs' witnesses.

In the meantime, Charter respectfully asks that you order the Record Label Plaintiffs to identify the topics for each of the Record Label witnesses by close of business today absent a compelling, specific explanation as to why additional time is necessary for certain witnesses.

Respectfully,
Katy Akopjan

Katy Akopjan
Associate
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7598 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
katyakopjan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.