**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

WARNER RECORDS INC. (f/k/a/ Warner
Bros. Records, Inc.), *et al*.,

        *Plaintiffs*,

    v.

CHARTER COMMUNICATIONS, INC.,

        *Defendant*.

Case No. 19-cv-00874-RBJ-MEH

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO AMEND THE**
**COURT'S ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)**

Defendant Charter Communications, Inc. ("Charter") respectfully moves the Court to amend its Order Pursuant To Federal Rule Of Evidence 502(d), *see* Dkt. 321 ("Order") (Dec. 18, 2020), concerning non-waiver of privilege as to Charter's production of documents related to Charter's loss of potentially relevant electronically stored information ("ESI"), to extend to testimony derived from or about those documents and topics contained in Plaintiffs' 30(b)(6) deposition notice (subject to Charter's Objections and Responses) that is otherwise protected by the attorney-client privilege or the work product doctrine.  In support of this Motion, Charter states as follows:

    1.      **Certification Pursuant to D.C.COLO.LCivR 7.1(a)**: Counsel for Charter has conferred with counsel for Plaintiffs via email and telephonic conference regarding this Motion. Plaintiffs do not consent to the relief requested in this Motion.

    2.      On November 4, 2020, Charter moved the Court to enter an Order Pursuant To Federal Rule Of Evidence 502(d) to facilitate Charter's production of documents regarding ESI loss from its privilege log in response to Plaintiffs' discovery requests.  Dkt. 283.

3.      On December 18, 2020, the Court granted Charter's motion and entered the Order.

Dkt. 321.

4.      The Court's Order is as follows:

> Therefore, the Motion for Entry of an Order [filed November 4, 2020; ECF 283] is granted to the extent that Defendant shall produce **documents** it has previously withheld as privileged, as requested in the Motion. Such **production** by itself shall not waive attorney/client or attorney work product privilege that otherwise applies **to the produced documents**, in this case or any other federal or state proceeding. The Court advises Defendant to cast a wide net, and be as aggressive as possible, in producing such documents from its privilege log. This Order is not intended as a determination that any documents Defendant produces are in fact privileged. Plaintiffs retain all arguments that Defendant has inappropriately designated a document as privileged.

Order at 4 (emphasis added).

5.      Starting on December 23, 2020, Charter has produced more than 939 documents (1,128 documents including families) pursuant to the Court's Order and designated them as produced pursuant to Federal Rule of Evidence 502(d).

6.      The Order is silent as to whether it applies to testimony by Charter or its witnesses regarding documents produced pursuant to the Order, such that testimony about those documents or their contents will not itself constitute a waiver of applicable privilege or work product protection.

7.      Plaintiffs have noticed a deposition of Charter's corporate representative pursuant to Rule 30(b)(6) on topics related to Charter's loss of ESI potentially relevant to the claims or defenses in this case ("Notice").  The parties anticipate that this deposition will probe matters derived from or related to communications or documents produced pursuant to the Order.  This deposition is currently scheduled for April 8, 2021.

8.      Charter is amenable to its corporate representative testifying regarding privileged information raised in the documents produced pursuant to the Court's Order, and related issues covered by the topics in the Notice (subject to Charter's Objections and Responses).  The Court's Order does not anticipate, however, and Charter is not amenable to, Charter generally waiving privilege or opinion work product protection as to all testimony Plaintiffs may seek during the Rule 30(b)(6) deposition.   For example, while Charter produced documents to Plaintiffs in response to Plaintiffs' discovery requests pursuant to the Order regarding its document retention policies, and the Notice seeks testimony regarding Charter's document retention policies (Topic No. 1), the Court's Order does not anticipate that Charter has waived privilege as to all related issues regarding its document retention policies.  Similarly, the Court's Order does not anticipate that Charter has waived privilege as to communications with litigation counsel, including communications relating to ESI loss issues.  Further, because the Court's Order and guidance pursuant to the Order has excluded opinion work product and communications with litigation counsel from Charter's production, any amendment to the Court's Order regarding testimony on Charter's ESI loss should do the same.

9.      To address this issue and protect its privileges, on April 2, 2021, Charter proposed an amendment to the Order to Plaintiffs to extend the Order to testimony regarding documents produced pursuant to the Order as follows (additions to the Order underlined):

> Therefore, the Motion for Entry of an Order [filed November 4, 2020; ECF 283] is granted to the extent that Defendant shall produce documents it has previously withheld as privileged, as requested in the Motion. Such production by itself shall not waive attorney/client or attorney work product privilege that otherwise applies to the produced documents, in this case or any other federal or state proceeding. Similarly, any testimony regarding documents produced pursuant to this Order shall not waive attorney/client or attorney work product privilege that otherwise applies, in this case or any other federal or state proceeding. The Court advises Defendant to cast a wide net, and be as aggressive as

possible, in producing such documents from its privilege log. This Order is not intended as a determination that any documents Defendant produces are in fact privileged. Plaintiffs retain all arguments that Defendant has inappropriately designated a document as privileged.

10.    On April 4 and 5, the parties conferred via email and telephonic conference regarding Charter's proposed amendment to the Order.

11.    On April 5, in an effort to reach a compromise with Plaintiffs, Charter proposed the following amendment to the Order (additions to the Order underlined):

> Therefore, the Motion for Entry of an Order [filed November 4, 2020; ECF 283] is granted to the extent that Defendant shall produce documents it has previously withheld as privileged, as requested in the Motion. Such production by itself shall not waive attorney/client or attorney work product privilege that otherwise applies to the produced documents, in this case or any other federal or state proceeding. Similarly, any testimony regarding documents produced pursuant to this Order, or testimony by Charter as it relates to "Plaintiffs' Notice of 30(b)(6) Deposition on Spoliation Topics to Defendant Charter Communications, Inc.," subject to Charter's Objections & Responses (collectively "Notice"), shall not by itself constitute a waiver of the attorney/client privilege or attorney work product protection in this case or any other federal or state proceeding. Notwithstanding the foregoing, Charter shall retain the right to object at deposition to testimony on the basis of attorney/client privilege and work product protection, and Plaintiffs shall retain the right to challenge at deposition or thereafter the assertion of any claim of attorney/client or work product protection regarding testimony relating to the Notice. The Court advises Defendant to cast a wide net, and be as aggressive as possible, in producing such documents from its privilege log. This Order is not intended as a determination that any documents Defendant produces are in fact privileged. Plaintiffs retain all arguments that Defendant has inappropriately designated a document as privileged.

12.    The proposed amendment would allow Plaintiffs to pursue testimony relating to the documents produced under the Order as well as testimony regarding the noticed topics, but reserves Charter's right to assert objections as to privileged communications that are not subject to the Order, as well as opinion work product. The proposed amendment to the Order also reserves the right of Plaintiffs to challenge at the deposition or at a later date any assertion of such privilege/protection.

4

13.     In response, Plaintiffs rejected the above language and proposed the following amendment to the Order:

> Therefore, the Motion for Entry of an Order [filed November 4, 2020; ELF 283] is granted to the extent that Defendant shall produce documents it has previously withheld as privileged, as requested in the Motion, <u>and shall testify about the subject matter of such documents and in response to "Plaintiffs' Notice of 30(b)(6) Deposition on Spoliation Topics to Defendant Charter Communications, Inc.," subject to Charter's Objections & Responses (collectively "Notice"), except insofar as such testimony would reveal opinion work product.</u>  Such production by itself shall not waive attorney/client or attorney work product privilege that otherwise applies to the produced documents, in this case or any other federal or state proceeding. Similarly, any testimony regarding documents produced pursuant to this Order, <u>or testimony by Charter as it relates to those documents or the Notice,</u> shall not by itself constitute a waiver of the attorney/client privilege or attorney work product protection in this case or any other federal or state proceeding.

14.     As drafted, the language would essentially eviscerate the right of Charter to assert any attorney-client privilege protections with respect to the broadly noticed topics.   Charter maintains that the blanket waiver of its rights is inconsistent with the original intent of the Court's Order as well as the express language of Rule 502.

15.     Given that the Court has directed the deposition of Charter's corporate representative pursuant to Rule 30(b)(6) on topics related to Charter's loss of ESI should proceed this week, the resolution of this issue is required prior to the commencement of the deposition.

WHEREFORE, Charter requests this Court amend its Order to reflect the language proposed by Charter at paragraph 11, above.

Dated: April 6, 2021

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
E-mail: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
E-mail: melkin@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
E-mail: eranahan@winston.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
Allison Huebert
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
E-mail: andrewschapiro@quinnemanuel.com
E-mail: allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
E-mail: charlesverhoeven@quinnemanuel.com
E-mail: davideiseman@quinnemanuel.com
E-mail: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
E-mail: toddanten@quinnemanuel.com
E-mail: jessicarose@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
E-mail: cjoyce@fwlaw.com

*Counsel for Defendant*
*Charter Communications, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 6, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

<i>/s/ Andrew Schapiro</i>

Andrew Schapiro