# EXHIBIT B

**Dylan Scher**

| | |
|---|---|
| **From:** | Jeff Gould <Jeff@oandzlaw.com> |
| **Sent:** | Friday, March 26, 2021 5:28 PM |
| **To:** | Todd Anten; David Doak; Matt Oppenheim; Alex Kaplan; Scott Zebrak; Andrew Guerra; Kellyn Goler; Corey Miller; 'Janette Ferguson'; Ehlers, J. Hardy; mkamin@cov.com; Sperling, Jonathan; Hill, Phil; Fields, Michael; 'bleoni@lewisbess.com'; Grigsby, Stacey; Dennis, Sara J; Linderot, Anders |
| **Cc:** | 'Ranahan, Erin'; 'Golinveaux, Jennifer'; 'Elkin, Michael'; 'Kearney, Thomas'; 'Padmanabhan, Krishnan'; 'Spitzer, Seth'; 'tlane@winston.com'; Anderson, Sean R.; 'Alvarez, Cesie'; 'Skopec, Allison'; 'Jtanner@fwlaw.com'; 'cjoyce@fwlaw.com'; 'Brody, Michael'; Charter-Copyright-QE |
| **Subject:** | Re: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition |

**[EXTERNAL EMAIL]**

Todd – This is very simple and clear from my email below, and your conclusions are wrong. RIAA searched for the documents you're asking for, including through the filing of the complaint, and none were identified. There is nothing more to produce or log post-claim period, and so our disagreement over whether RIAA would be obligated to produce/log them is moot anyway. We said this would likely be the case when we argued Topic 30 before Ms. Rodriguez and it turns out that was correct. Your statements about 2016-2018 are incorrect, as you (or at least your co-counsel) know because that issue has been discussed on many occasions.

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

**From:** Todd Anten <toddanten@quinnemanuel.com>
**Date:** Friday, March 26, 2021 at 11:04 AM
**To:** Jeff Gould <Jeff@oandzlaw.com>, David Doak <daviddoak@quinnemanuel.com>, Matt Oppenheim <Matt@oandzlaw.com>, Alex Kaplan <alex@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Kellyn Goler <Kellyn@oandzlaw.com>, Corey Miller <Corey@oandzlaw.com>, 'Janette Ferguson' <jferguson@lewisbess.com>, "Ehlers, J. Hardy" <jehlers@cov.com>, "mkamin@cov.com" <mkamin@cov.com>, "Sperling, Jonathan" <jsperling@cov.com>, "Hill, Phil" <pahill@cov.com>, "Fields, Michael" <mfields@cov.com>, "'bleoni@lewisbess.com'" <bleoni@lewisbess.com>, "Grigsby, Stacey" <sgrigsby@cov.com>, "Dennis, Sara J" <sdennis@cov.com>, "Linderot, Anders" <alinderot@cov.com>
**Cc:** "'Ranahan, Erin'" <ERanahan@winston.com>, "'Golinveaux, Jennifer'" <JGolinveaux@winston.com>, "'Elkin, Michael'" <MElkin@winston.com>, "'Kearney, Thomas'" <TKearney@winston.com>, "'Padmanabhan, Krishnan'" <KPadmanabhan@winston.com>, "'Spitzer, Seth'" <SSpitzer@winston.com>, "'tlane@winston.com'" <tlane@winston.com>, "Anderson, Sean R." <sranderson@winston.com>, "'Alvarez, Cesie'" <CAlvarez@winston.com>, "'Skopec, Allison'" <ASkopec@winston.com>, "'Jtanner@fwlaw.com'" <Jtanner@fwlaw.com>, "'cjoyce@fwlaw.com'" <cjoyce@fwlaw.com>, "'Brody, Michael'" <MBrody@winston.com>, Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** RE: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

Jeff,

Your email does not address our request.  We asked you to confirm the RIAA would produce or log all communications with MarkMonitor about the 2016 hash download project, implementation, or results, through the date the Complaint was filed.  Your email states that RIAA has not come across any such documents in the course of deposition preparation, but you have not represented that RIAA has conducted a complete document search pursuant to its discovery obligations.  Without that clarification, we are left with only the following conclusions from your statement: (a) the search was incomplete because you are defining the universe of responsive documents very narrowly in order to cut off the search at May 2016 and/or used an inadequate search methodology; (b) the responsive documents no longer exist because they were not properly retained; or (c) the responsive documents from the post-May 2016 period were all exclusively between Oppenheim + Zebrak and MarkMonitor/Audible Magic, which is exactly why we are asking for you to log the Oppenheim + Zebrak communications.  Please clarify which of the three it is.  As you are aware, the Hard Drive of files you provided to us was created pursuant to the 2016 Agreement and its compilation was the point of the 2016 Project.  While most of the recordings on the hard drive were downloaded in 2016, the Project did not end at that time; indeed, the Hard Drive contains thousands of recordings that were downloaded in 2018 and 2019.  Plaintiffs intend to rely on those files at trial to support their direct infringement case.  Because of that, the RIAA does not have a legitimate basis to cut off its search for responsive communications at May 2016, as the Project clearly extended well beyond 2016.

Best,
Todd

**Todd Anten** | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | Direct: 212.849.7192 | toddanten@quinnemanuel.com

---

**From:** Jeff Gould [mailto:Jeff@oandzlaw.com]
**Sent:** Thursday, March 25, 2021 6:33 PM
**To:** Todd Anten <toddanten@quinnemanuel.com>; David Doak <daviddoak@quinnemanuel.com>; Matt Oppenheim <Matt@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; 'Janette Ferguson' <jferguson@lewisbess.com>; Ehlers, J. Hardy <jehlers@cov.com>; mkamin@cov.com; Sperling, Jonathan <jsperling@cov.com>; Hill, Phil <pahill@cov.com>; Fields, Michael <mfields@cov.com>; 'bleoni@lewisbess.com' <bleoni@lewisbess.com>; Grigsby, Stacey <sgrigsby@cov.com>; Dennis, Sara J <sdennis@cov.com>; Linderot, Anders <alinderot@cov.com>
**Cc:** 'Ranahan, Erin' <ERanahan@winston.com>; 'Golinveaux, Jennifer' <JGolinveaux@winston.com>; 'Elkin, Michael' <MElkin@winston.com>; 'Kearney, Thomas' <TKearney@winston.com>; 'Padmanabhan, Krishnan' <KPadmanabhan@winston.com>; 'Spitzer, Seth' <SSpitzer@winston.com>; 'tlane@winston.com' <tlane@winston.com>; Anderson, Sean R. <sranderson@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Skopec, Allison' <ASkopec@winston.com>; 'Jtanner@fwlaw.com' <Jtanner@fwlaw.com>; 'cjoyce@fwlaw.com' <cjoyce@fwlaw.com>; 'Brody, Michael' <MBrody@winston.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** Re: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

**[EXTERNAL EMAIL]**

---

Todd - Thanks, but no, for all the reasons we have already discussed.  You also asked on our call whether RIAA would agree to produce or log documents concerning the 2016 hash download project, implementation or results after the claim period.  We explained that that the prior rulings do not require that.  Nevertheless, I can confirm that in preparing for Topic 30, RIAA has searched for and not identified any such documents, so there is nothing to produce or log.

Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**

202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** Todd Anten <toddanten@quinnemanuel.com>
**Date:** Thursday, March 25, 2021 at 4:25 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>, David Doak <daviddoak@quinnemanuel.com>, Matt Oppenheim <Matt@oandzlaw.com>, Alex Kaplan <alex@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Kellyn Goler <Kellyn@oandzlaw.com>, Corey Miller <Corey@oandzlaw.com>, 'Janette Ferguson' <jferguson@lewisbess.com>, "Ehlers, J. Hardy" <jehlers@cov.com>, "mkamin@cov.com" <mkamin@cov.com>, "Sperling, Jonathan" <jsperling@cov.com>, "Hill, Phil" <pahill@cov.com>, "Fields, Michael" <mfields@cov.com>, "'bleoni@lewisbess.com'" <bleoni@lewisbess.com>, "Grigsby, Stacey" <sgrigsby@cov.com>, "Dennis, Sara J" <sdennis@cov.com>, "Linderot, Anders" <alinderot@cov.com>
**Cc:** "'Ranahan, Erin'" <ERanahan@winston.com>, "'Golinveaux, Jennifer'" <JGolinveaux@winston.com>, "'Elkin, Michael'" <MElkin@winston.com>, "'Kearney, Thomas'" <TKearney@winston.com>, "'Padmanabhan, Krishnan'" <KPadmanabhan@winston.com>, "'Spitzer, Seth'" <SSpitzer@winston.com>, "'tlane@winston.com'" <tlane@winston.com>, "Anderson, Sean R." <sranderson@winston.com>, "'Alvarez, Cesie'" <CAlvarez@winston.com>, "'Skopec, Allison'" <ASkopec@winston.com>, "'Jtanner@fwlaw.com'" <Jtanner@fwlaw.com>, "'cjoyce@fwlaw.com'" <cjoyce@fwlaw.com>, "'Brody, Michael'" <MBrody@winston.com>, Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** RE: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

Jeff,

To follow up on Tuesday's meet-and-confer, Charter confirms that it is requesting only that Oppenheim + Zebrak will produce (if not privileged) or log (if claimed to be privileged/protected work product) all external correspondence in your firm's possession, custody, or control related to the 2016 RIAA/MM Agreement and Project, and its implementation and results, from the beginning of the Discovery Period through the present, including but not limited to communications with Plaintiffs, RIAA, MarkMonitor, and/or Audible Magic.

Best,
Todd

**Todd Anten** | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | Direct: 212.849.7192 | toddanten@quinnemanuel.com

**From:** Todd Anten
**Sent:** Monday, March 22, 2021 4:12 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>; David Doak <daviddoak@quinnemanuel.com>; Matt Oppenheim <Matt@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; 'Janette Ferguson' <jferguson@lewisbess.com>; Ehlers, J. Hardy <jehlers@cov.com>; mkamin@cov.com; Sperling, Jonathan <jsperling@cov.com>; Hill, Phil <pahill@cov.com>; Fields, Michael <mfields@cov.com>; 'bleoni@lewisbess.com' <bleoni@lewisbess.com>; Grigsby, Stacey <sgrigsby@cov.com>; Dennis, Sara J <sdennis@cov.com>; Linderot, Anders <alinderot@cov.com>
**Cc:** 'Ranahan, Erin' <ERanahan@winston.com>; 'Golinveaux, Jennifer' <JGolinveaux@winston.com>; 'Elkin, Michael' <MElkin@winston.com>; 'Kearney, Thomas' <TKearney@winston.com>; 'Padmanabhan, Krishnan' <KPadmanabhan@winston.com>; 'Spitzer, Seth' <SSpitzer@winston.com>; 'tlane@winston.com' <tlane@winston.com>; Anderson, Sean R. <sranderson@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Skopec, Allison' <ASkopec@winston.com>; 'Jtanner@fwlaw.com' <Jtanner@fwlaw.com>; 'cjoyce@fwlaw.com' <cjoyce@fwlaw.com>;

'Brody, Michael' <MBrody@winston.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** RE: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

Jeff: In advance of tomorrow's meet-and-confer, please produce RIAA's supplemental privilege log today by COB so that it may be included in our discussion. If you are not prepared to serve that supplemental privilege log today, notwithstanding that it has been two weeks since the Special Master issued her order, please be prepared tomorrow to provide a date certain by when RIAA will produce it.

Best,
Todd

**Todd Anten** | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | Direct: 212.849.7192 | toddanten@quinnemanuel.com

---

**From:** Todd Anten
**Sent:** Monday, March 22, 2021 11:55 AM
**To:** Jeff Gould <Jeff@oandzlaw.com>; David Doak <daviddoak@quinnemanuel.com>; Matt Oppenheim <Matt@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; 'Janette Ferguson' <jferguson@lewisbess.com>; Ehlers, J. Hardy <jehlers@cov.com>; mkamin@cov.com; Sperling, Jonathan <jsperling@cov.com>; Hill, Phil <pahill@cov.com>; Fields, Michael <mfields@cov.com>; 'bleoni@lewisbess.com' <bleoni@lewisbess.com>; Grigsby, Stacey <sgrigsby@cov.com>; Dennis, Sara J <sdennis@cov.com>; Linderot, Anders <alinderot@cov.com>
**Cc:** 'Ranahan, Erin' <ERanahan@winston.com>; 'Golinveaux, Jennifer' <JGolinveaux@winston.com>; 'Elkin, Michael' <MElkin@winston.com>; 'Kearney, Thomas' <TKearney@winston.com>; 'Padmanabhan, Krishnan' <KPadmanabhan@winston.com>; 'Spitzer, Seth' <SSpitzer@winston.com>; 'tlane@winston.com' <tlane@winston.com>; Anderson, Sean R. <sranderson@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Skopec, Allison' <ASkopec@winston.com>; 'Jtanner@fwlaw.com' <Jtanner@fwlaw.com>; 'cjoyce@fwlaw.com' <cjoyce@fwlaw.com>; 'Brody, Michael' <MBrody@winston.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** RE: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

Jeff,

We strongly disagree with Plaintiffs' and RIAA's positions, including your recitation of the events and your assessment of the rulings made at the various hearings referenced in your email. We confirm our availability to address all issues raised in our email and Charter's March 9 letter on Tuesday, March 23 at 3:30pm ET. Please use the following dial-in:

    Dial-in:        (646) 518-9805
    Meeting ID:    212 849 7192

    One tap mobile: +16465189805,,2128497192#

Best,
Todd

**Todd Anten** | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | Direct: 212.849.7192 | toddanten@quinnemanuel.com

---

**From:** Jeff Gould [mailto:Jeff@oandzlaw.com]
**Sent:** Sunday, March 21, 2021 9:51 PM
**To:** Todd Anten <toddanten@quinnemanuel.com>; David Doak <daviddoak@quinnemanuel.com>; Matt Oppenheim <Matt@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; 'Janette Ferguson' <jferguson@lewisbess.com>; Ehlers, J. Hardy <jehlers@cov.com>; mkamin@cov.com; Sperling, Jonathan

<jsperling@cov.com>; Hill, Phil <pahill@cov.com>; Fields, Michael <mfields@cov.com>; 'bleoni@lewisbess.com' <bleoni@lewisbess.com>; Grigsby, Stacey <sgrigsby@cov.com>; Dennis, Sara J <sdennis@cov.com>; Linderot, Anders <alinderot@cov.com>
**Cc:** 'Ranahan, Erin' <ERanahan@winston.com>; 'Golinveaux, Jennifer' <JGolinveaux@winston.com>; 'Elkin, Michael' <MElkin@winston.com>; 'Kearney, Thomas' <TKearney@winston.com>; 'Padmanabhan, Krishnan' <KPadmanabhan@winston.com>; 'Spitzer, Seth' <SSpitzer@winston.com>; 'tlane@winston.com' <tlane@winston.com>; Anderson, Sean R. <sranderson@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Skopec, Allison' <ASkopec@winston.com>; 'Jtanner@fwlaw.com' <Jtanner@fwlaw.com>; 'cjoyce@fwlaw.com' <cjoyce@fwlaw.com>; 'Brody, Michael' <MBrody@winston.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** Re: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

**[EXTERNAL EMAIL]**

Todd – It's surprising, to say the least, that Charter robotically "maintains all of its prior positions" in light of the March 18 hearing.  At that hearing, Charter presented the exact points raised in your March 9 letter and emails below and Judge Hegarty was completely unmoved.  Not only did Judge Hegarty decline to order production of the challenged document that bears on these issues, he saw no need to even review it *in camera*.  Frankly, this is getting old, and repeating the arguments does not make them any better.

For all the reasons previously discussed, we strongly disagree with the positions in Charter's March 9 letter and your email below.  Charter has moved on multiple occasions to compel Plaintiffs to produce or log custodial emails of Oppenheim + Zebrak, and each time those motions were denied.  You've presented nothing that warrants a different approach today.

Nor have you presented any justification for your conclusory assertion that there can be no attorney-client privilege between RIAA, MarkMonitor and O+Z (in fact, Judge Hegarty rejected that position on Thursday); nor any justification for your contention that the Court's clearly erroneous ruling on the hash report could apply to any document beyond the final hash report.  Even assuming that ruling stands, Charter's alleged "need" that grounded that ruling would be satisfied by production of the final hash report without the need for all communications concerning the project.

As for your question below regarding RIAA's documents, you misstated Ms. Rodriguez's rulings in multiple ways.  She rejected Charter's motion to compel additional documents on the 2016 project, including denying post-claim period documents, see Dec. 22, 2020 Order, and confirmed last week she was not reversing that order.  Mar. 8, 2021 Hr'g Tr. at 26:7-10.  You also misstate the scope of her ruling on Topic 30; she rejected half of what you list below.  Regardless, as I mentioned to you the other day and during the hearing with Judge Hegarty, RIAA is supplementing its log with documents identified based on additional searches conducted following Ms. Rodriguez's ruling.

For communications between RIAA and MarkMonitor (or between RIAA, O+Z and MarkMonitor) concerning the 2016 project, the privilege and work-product protection belong to Plaintiffs.  RIAA is a trade organization with a legal department that represents the Record Labels.  Its legal department is effectively an outside counsel to the Labels.  O+Z is Plaintiffs' litigation counsel.  From time to time, O+Z and RIAA work collaboratively to represent the Labels' interests, including at times with MarkMonitor as a contractor to assist counsel in providing legal advice and developing legal strategy.

In the event you still want to discuss these issues, we're available to meet-and-confer Tuesday afternoon at 3:30 pm ET.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)

jeff@oandzlaw.com

---

**From:** Todd Anten <toddanten@quinnemanuel.com>
**Date:** Friday, March 19, 2021 at 5:46 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>, David Doak <daviddoak@quinnemanuel.com>, Matt Oppenheim <Matt@oandzlaw.com>, Alex Kaplan <alex@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Kellyn Goler <Kellyn@oandzlaw.com>, Corey Miller <Corey@oandzlaw.com>, 'Janette Ferguson' <jferguson@lewisbess.com>, "Ehlers, J. Hardy" <jehlers@cov.com>, "mkamin@cov.com" <mkamin@cov.com>, "Sperling, Jonathan" <jsperling@cov.com>, "Hill, Phil" <pahill@cov.com>, "Fields, Michael" <mfields@cov.com>, "'bleoni@lewisbess.com'" <bleoni@lewisbess.com>, "Grigsby, Stacey" <sgrigsby@cov.com>, "Dennis, Sara J" <sdennis@cov.com>, "Linderot, Anders" <alinderot@cov.com>
**Cc:** "'Ranahan, Erin'" <ERanahan@winston.com>, "'Golinveaux, Jennifer'" <JGolinveaux@winston.com>, "'Elkin, Michael'" <MElkin@winston.com>, "'Kearney, Thomas'" <TKearney@winston.com>, "'Padmanabhan, Krishnan'" <KPadmanabhan@winston.com>, "'Spitzer, Seth'" <SSpitzer@winston.com>, "'tlane@winston.com'" <tlane@winston.com>, "Anderson, Sean R." <sranderson@winston.com>, "'Alvarez, Cesie'" <CAlvarez@winston.com>, "'Skopec, Allison'" <ASkopec@winston.com>, "'Jtanner@fwlaw.com'" <Jtanner@fwlaw.com>, "'cjoyce@fwlaw.com'" <cjoyce@fwlaw.com>, "'Brody, Michael'" <MBrody@winston.com>, Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** RE: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

Jeff,

Charter maintains all of its prior positions, and does not believe that Magistrate Judge Hegarty's decision to not review one document *in camera* at this time affects the merits of those positions, particularly in light of the fact that Plaintiffs are taking starkly inconsistent (and irreconcilable) positions on privilege and work product when challenging Charter's documents that undermine the positions being taken on behalf of Plaintiffs, RIAA and MarkMonitor (which was apparent, and at the forefront of the discussion, at the follow-on hearing today).

Please substantively respond to our outstanding questions in writing today so that we can determine whether and where we are at an impasse, and please provide your availability for a meet-and-confer on Monday or Tuesday.

Best,
Todd

**Todd Anten** | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | Direct: 212.849.7192 | toddanten@quinnemanuel.com

**From:** Jeff Gould [mailto:Jeff@oandzlaw.com]
**Sent:** Friday, March 19, 2021 4:44 PM
**To:** Todd Anten <toddanten@quinnemanuel.com>; David Doak <daviddoak@quinnemanuel.com>; Matt Oppenheim <Matt@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; 'Janette Ferguson' <jferguson@lewisbess.com>; Ehlers, J. Hardy <jehlers@cov.com>; mkamin@cov.com; Sperling, Jonathan <jsperling@cov.com>; Hill, Phil <pahill@cov.com>; Fields, Michael <mfields@cov.com>; 'bleoni@lewisbess.com' <bleoni@lewisbess.com>; Grigsby, Stacey <sgrigsby@cov.com>; Dennis, Sara J <sdennis@cov.com>; Linderot, Anders <alinderot@cov.com>
**Cc:** 'Ranahan, Erin' <ERanahan@winston.com>; 'Golinveaux, Jennifer' <JGolinveaux@winston.com>; 'Elkin, Michael' <MElkin@winston.com>; 'Kearney, Thomas' <TKearney@winston.com>; 'Padmanabhan, Krishnan' <KPadmanabhan@winston.com>; 'Spitzer, Seth' <SSpitzer@winston.com>; 'tlane@winston.com' <tlane@winston.com>;

Anderson, Sean R. <sranderson@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Skopec, Allison' <ASkopec@winston.com>; 'Jtanner@fwlaw.com' <Jtanner@fwlaw.com>; 'cjoyce@fwlaw.com' <cjoyce@fwlaw.com>; 'Brody, Michael' <MBrody@winston.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** Re: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

> **[EXTERNAL EMAIL]**

Todd – Please let me know if Charter wishes to reconsider its positions on these issues in light of yesterday's hearing in which Judge Hegarty declined to review in camera a document implicated by your below and March 9 points.  If you still have issues you'd like to discuss, please identify them.

Regards,
Jeff


Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com


**From:** Todd Anten <toddanten@quinnemanuel.com>
**Date:** Thursday, March 18, 2021 at 12:59 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>, David Doak <daviddoak@quinnemanuel.com>, Matt Oppenheim <Matt@oandzlaw.com>, Alex Kaplan <alex@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Kellyn Goler <Kellyn@oandzlaw.com>, Corey Miller <Corey@oandzlaw.com>, 'Janette Ferguson' <jferguson@lewisbess.com>, "Ehlers, J. Hardy" <jehlers@cov.com>, "mkamin@cov.com" <mkamin@cov.com>, "Sperling, Jonathan" <jsperling@cov.com>, "Hill, Phil" <pahill@cov.com>, "Fields, Michael" <mfields@cov.com>, "'bleoni@lewisbess.com'" <bleoni@lewisbess.com>, "Grigsby, Stacey" <sgrigsby@cov.com>, "Dennis, Sara J" <sdennis@cov.com>, "Linderot, Anders" <alinderot@cov.com>
**Cc:** "'Ranahan, Erin'" <ERanahan@winston.com>, "'Golinveaux, Jennifer'" <JGolinveaux@winston.com>, "'Elkin, Michael'" <MElkin@winston.com>, "'Kearney, Thomas'" <TKearney@winston.com>, "'Padmanabhan, Krishnan'" <KPadmanabhan@winston.com>, "'Spitzer, Seth'" <SSpitzer@winston.com>, "'tlane@winston.com'" <tlane@winston.com>, "Anderson, Sean R." <sranderson@winston.com>, "'Alvarez, Cesie'" <CAlvarez@winston.com>, "'Skopec, Allison'" <ASkopec@winston.com>, "'Jtanner@fwlaw.com'" <Jtanner@fwlaw.com>, "'cjoyce@fwlaw.com'" <cjoyce@fwlaw.com>, "'Brody, Michael'" <MBrody@winston.com>, Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** RE: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

Jeff,

We write with regard to Charter's March 9 letter to Oppenheim + Zebrak, which has gone unanswered, and in response to the March 15 email you sent on behalf of RIAA.

First, despite your commitment to respond to the March 9 letter, we have received nothing from you for over a week.  Please confirm by COB tomorrow that: (1) your firm will produce or log all correspondence in your firm's possession, custody, or control related to the 2016 RIAA/MM Agreement and Project by next Wednesday; (2) Plaintiffs and RIAA will coordinate with MarkMonitor to amend MarkMonitor's and the RIAA's logs to remove all the improper references to the attorney-client privilege; and (3) Plaintiffs and RIAA, respectively, will consent to the production of all

7

documents concerning the 2016 RIAA/MM Agreement on MarkMonitor's or RIAA's privilege log that were being withheld solely pursuant to the work-product protection.

Second, with regard to RIAA's positions set forth in its March 15 email, please see below.

**RIAA's production of documents and privilege log**:

RIAA represents that it will conduct additional searches for documents "concerning the 2016 hash download project," and produce or log all responsive documents.  It is not clear to us what parameters RIAA is employing (and, more specifically, what it is excluding) in its construction of "concerning the 2016 hash download report."  In any event, and to be clear, consistent with the Special Master's March 8, 2019 Order, Charter expects RIAA to search for and produce/log documents concomitant to the scope of the 30(b)(6) topic that the Special Master approved, and that RIAA produce all documents "relating to the 2016 RIAA/MarkMonitor project and its implementation and results, and any follow-on communications or coordination related to the files and evidence of direct infringement at issue in this case," through March 23, 2019.  Not only is this a matter of common sense (as Charter is entitled to documents re: the communications on which a 30(b)(6) must be prepared to testify about), but there is no burden that would preclude such a search and production, as RIAA confirmed in its March 9 email.  Please: (1) confirm that RIAA will search for and produce such documents; and (2) provide a date certain by which RIAA will produce its documents and supplemental log so that we may schedule RIAA's deposition.

As to RIAA's additional log entry, we require clarification on why was this single entry not included on RIAA's November 25 initial privilege log or March 5 supplemental privilege log.  Given that the proffered description specifically references a "hash report," the subject relates to "evidence collection," and the entry includes multiple custodians that are already represented on both prior logs, we do not understand why this had not been logged earlier and whether it implicates the sufficiency of RIAA's prior review and logging.  Moreover, it is unclear to us why, other than this late entry, there is just one entry between Nov. 2, 2015 and Jan. 13, 2016 on RIAA's log.  We expect that RIAA's supplemental production will produce documents from that period.  Particularly given these unusual circumstances and the identification of this entry just hours before Plaintiffs filed their reply brief in support of their objections to the production of the Hash Report, we have concern that the description of this entry does not fairly describe the contents of the email chain and attachment, and thus have asked Judge Hegarty to review the underlying documents for this entry *in camera*.

**RIAA's assertions of work product and/or attorney-client privilege**:

We disagree with RIAA's assertions that it may withhold its communications with MarkMonitor based on either work product or attorney-client privilege grounds, and ask that all such documents be immediately produced.

First, we disagree that Ms. Rodriguez's and Magistrate Judge Hegarty's ruling permits RIAA to withhold communications relating to the 2016 RIAA/MarkMonitor project on privilege or work product grounds; to the contrary, the same reasons that the Hash Report must be produced apply equally to communications with MarkMonitor about that project.

Second, we do not understand RIAA's position regarding attorney-client privilege regarding communications with MarkMonitor.  Is it RIAA's position that, for those entries where RIAA asserts attorney-client privilege, MarkMonitor is itself protected by the privilege?  Who exactly does RIAA contend is the attorney and who is the client for each of these communications, and what is the exact nature of the relationship that RIAA contends gives rise to the privilege?  RIAA's continuing failure to specify the ground for its assertion of attorney-client privilege is improper.  Moreover, the authorities cited by RIAA do not establish that MarkMonitor is itself protected by such privilege, nor that any privilege was not waived by including MarkMonitor on such communications.

Third, as you know, work product protection is not absolute; even if RIAA were to contend that communications about the 2016 RIAA/MarkMonitor project were undertaken "in anticipation of litigation," for the reasons stated at the February 23 hearing RIAA still must produce such documents.  RIAA has not offered any explanation of how it has met its burden that its assertion of work product protection should permit it to withhold documents on that basis.

8

Fourth, despite stating that it "reviewed the entries … listed below and stand by the assertions in RIAA's privilege log," it is unclear how RIAA has agreed to "produce or log" documents "concerning the 2016 hash download project" but is not altering its privilege assertions on documents with the subject line "Hash Download Project" (Nos. 75, 76, 79, 83, 84, 91, 92, 94).   Please produce those documents immediately.

If you do not agree to any portion of the above, please provide your availability to meet and confer this Friday, March 19, Monday, March 22 or Tuesday, March 23 on the issues that remain in dispute.

Best,
Todd

**Todd Anten** | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | Direct: 212.849.7192 | toddanten@quinnemanuel.com

---

**From:** Jeff Gould [mailto:Jeff@oandzlaw.com]
**Sent:** Monday, March 15, 2021 6:46 PM
**To:** Todd Anten <toddanten@quinnemanuel.com>; David Doak <daviddoak@quinnemanuel.com>; Matt Oppenheim <Matt@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; 'Janette Ferguson' <jferguson@lewisbess.com>; Ehlers, J. Hardy <jehlers@cov.com>; mkamin@cov.com; Sperling, Jonathan <jsperling@cov.com>; Hill, Phil <pahill@cov.com>; Fields, Michael <mfields@cov.com>; 'bleoni@lewisbess.com' <bleoni@lewisbess.com>; Grigsby, Stacey <sgrigsby@cov.com>; Dennis, Sara J <sdennis@cov.com>; Linderot, Anders <alinderot@cov.com>
**Cc:** 'Ranahan, Erin' <ERanahan@winston.com>; 'Golinveaux, Jennifer' <JGolinveaux@winston.com>; 'Elkin, Michael' <MElkin@winston.com>; 'Kearney, Thomas' <TKearney@winston.com>; 'Padmanabhan, Krishnan' <KPadmanabhan@winston.com>; 'Spitzer, Seth' <SSpitzer@winston.com>; 'tlane@winston.com' <tlane@winston.com>; Anderson, Sean R. <sranderson@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Skopec, Allison' <ASkopec@winston.com>; 'Jtanner@fwlaw.com' <Jtanner@fwlaw.com>; 'cjoyce@fwlaw.com' <cjoyce@fwlaw.com>; 'Brody, Michael' <MBrody@winston.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** Re: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

**[EXTERNAL EMAIL]**

---

Todd – I write in response to your note below re RIAA's privilege log.

2.  We disagree with your comments below but in the interest of avoiding another dispute, RIAA agrees to conduct additional searches for documents concerning the 2016 hash download project, and will produce or log any additional responsive documents identified in its possession.  In the meantime, here is one additional entry that will be included in the supplemental privilege log.

| Date | Privilege or Protection | Author | To | CC |
|---|---|---|---|---|
| 1/07/2016 | Attorney-Client; Work Product | Mike Candore (mike@oandzlaw.com) | Sam Bahun (sam.bahun@markmonitor.com); Matt Oppenheim* (matt@oandzlaw.com) | Victoria Sheckler* (vsheckler@riaa.com); Jeremy Landis (jlandis@riaa.com) |

3.  We disagree with your comments below for the reasons previously stated.  Ms. Rodriguez's comment concerned only the hash report, did not apply to any other communications, and the decision on the hash report is clearly

9

erroneous in any event.  The 2016 project was undertaken expressly in anticipation of litigation and thus communications concerning that litigation project are entitled to work product protection.  Further, forwarding to MarkMonitor communications protected by the attorney-client privilege does not waive privilege under these circumstances, and communications with MarkMonitor may themselves be protected by the attorney-client privilege.  *See*, e.g., *Coorstek, Inc. v. Reiber*, No. CIVA-08-CV-01133-KMT-CBS, 2010 WL 1332845, at *4 (D. Colo. Apr. 5, 2010); *Austin v. City & Cty. of Denver ex rel. Bd. of Water Comm'rs*, No. CIVA05CV01313PSFCBS, 2006 WL 1409543, at *6 (D. Colo. May 19, 2006).  Nevertheless, in light of your request, we have reviewed the entries you listed below and stand by the assertions in RIAA's privilege log.

Regards,
Jeff


Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** Todd Anten <toddanten@quinnemanuel.com>
**Date:** Friday, March 5, 2021 at 6:30 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>, David Doak <daviddoak@quinnemanuel.com>, Matt Oppenheim <Matt@oandzlaw.com>, Alex Kaplan <alex@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Kellyn Goler <Kellyn@oandzlaw.com>, Corey Miller <Corey@oandzlaw.com>, 'Janette Ferguson' <jferguson@lewisbess.com>, "Ehlers, J. Hardy" <jehlers@cov.com>, "mkamin@cov.com" <mkamin@cov.com>, "Sperling, Jonathan" <jsperling@cov.com>, "Hill, Phil" <pahill@cov.com>, "Fields, Michael" <mfields@cov.com>, "'bleoni@lewisbess.com'" <bleoni@lewisbess.com>, "Grigsby, Stacey" <sgrigsby@cov.com>
**Cc:** "'Ranahan, Erin'" <ERanahan@winston.com>, "'Golinveaux, Jennifer'" <JGolinveaux@winston.com>, "'Elkin, Michael'" <MElkin@winston.com>, "'Kearney, Thomas'" <TKearney@winston.com>, "'Padmanabhan, Krishnan'" <KPadmanabhan@winston.com>, "'Spitzer, Seth'" <SSpitzer@winston.com>, "'tlane@winston.com'" <tlane@winston.com>, "Anderson, Sean R." <sranderson@winston.com>, "'Alvarez, Cesie'" <CAlvarez@winston.com>, "'Skopec, Allison'" <ASkopec@winston.com>, "'Jtanner@fwlaw.com'" <Jtanner@fwlaw.com>, "'cjoyce@fwlaw.com'" <cjoyce@fwlaw.com>, "'Brody, Michael'" <MBrody@winston.com>, Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** RE: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

Jeff,

1. We confirm receipt of RIAA's supplemental privilege log at 6:06pm ET on Mar. 5, 2021.

2. At the February 23, hearing, the Court addressed communications with MarkMonitor in 2016-2018. The Court noted in addressing Charter's requests for communications from 2016-2018: "Mr. Gould has put on the record that everybody is the same: RIAA, the plaintiffs, Oppenheim & Zebrak, they're all the same. It was all one big effort. So if you direct that to the plaintiffs, based on what Mr. Gould said, you should be able to get that information because they're treating themselves as the same." (Tr. 113:4-9). We have sought and continue to seek that information, and represented that we would work with counsel to do so. We further note that RIAA's communications with MarkMonitor relating to the 2016 RIAA/MarkMonitor Program and Hash Report are

facially relevant – including communications about those topics after the project began – as they concern communications about the implementation and results of evidence relevant to this litigation. Please: (1) confirm that RIAA has produced and logged, or will produce and log, all responsive correspondence (including after May 17, 2016); and (2) provide a date certain by which any supplemental production and supplemental log will be produced.

3. The "March 23" hearing intended to refer to the February 23 hearing. Based on counsel's representations at the hearing, Charter's position remains that RIAA's communications with MarkMonitor categorically are not protected as attorney-client communications, nor as work product. We remind that RIAA has the burden of demonstrating that work-product protection applies in the first instance, and that the Special Master said at the February 23 hearing in ruling on the Hash Report that "we [the Special Master and Judge Hegarty] do believe that the claim of work product is somewhat dubious here," and found a "substantial need" existed for Charter to receive the Hash Report. (2/23 Hr'g Tr. 110:21-111:15). The same applies to communications about the project. Thus, all of RIAA's communications with MarkMonitor about the 2016 RIAA/MarkMonitor project that have been logged should be immediately produced. This would include but is not limited to the following entries on RIAA's March 5, 2021 privilege log: Nos. 37, 39, 41-43, 45, 47-48, 62-66, 69, 75-76, 79, 83-84, 91-92, 94, 107-109. Please note that we have additional concerns about RIAA's privilege entries that we will address in due course after we have opportunity to fully review RIAA's supplemental log; the improper withholding of communications with MarkMonitor, however, presents a threshold issue.

Given that the Special Master attended the February 22 and 23 hearings and conferred with Judge Hegarty about these subjects, we intend to seek her guidance on these issues, as her assistance may lead to resolution before further motion practice is necessary.

Best,
Todd

**Todd Anten** | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | Direct: 212.849.7192 | toddanten@quinnemanuel.com

---

**From:** Jeff Gould [mailto:Jeff@oandzlaw.com]
**Sent:** Thursday, March 4, 2021 8:35 PM
**To:** Todd Anten <toddanten@quinnemanuel.com>; David Doak <daviddoak@quinnemanuel.com>; Matt Oppenheim <Matt@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; 'Janette Ferguson' <jferguson@lewisbess.com>; Ehlers, J. Hardy <jehlers@cov.com>; mkamin@cov.com; Sperling, Jonathan <jsperling@cov.com>; Hill, Phil <pahill@cov.com>; Fields, Michael <mfields@cov.com>; 'bleoni@lewisbess.com' <bleoni@lewisbess.com>; Grigsby, Stacey <sgrigsby@cov.com>
**Cc:** 'Ranahan, Erin' <ERanahan@winston.com>; 'Golinveaux, Jennifer' <JGolinveaux@winston.com>; 'Elkin, Michael' <MElkin@winston.com>; 'Kearney, Thomas' <TKearney@winston.com>; 'Padmanabhan, Krishnan' <KPadmanabhan@winston.com>; 'Spitzer, Seth' <SSpitzer@winston.com>; 'tlane@winston.com' <tlane@winston.com>; Anderson, Sean R. <sranderson@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Skopec, Allison' <ASkopec@winston.com>; 'Jtanner@fwlaw.com' <Jtanner@fwlaw.com>; 'cjoyce@fwlaw.com' <cjoyce@fwlaw.com>; 'Brody, Michael' <MBrody@winston.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** Re: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

**[EXTERNAL EMAIL]**

---

Todd – While we try to be responsive and confer promptly, your midnight demand for a 5 pm response is not reasonable, especially when you told the Special Master on Monday that you had "other issues" in mind for the hearing. Instead of raising those other issues with us on Monday or even Tuesday, you waited until midnight Wednesday. It seems like the goal here is to raise last-minute issues to present to the Special Master next Monday

without adequate time for the parties to address them, rather than attempt to resolve them with us beforehand.  While we provide answers to your questions below, I note at the outset that privilege disputes must be raised with Judge Hegarty.  *See* Sept. 9, 20202 Hr'g Tr. at 226-227; Sept. 28, 2020 R. Rodriguez Ltr.

We respond to your questions below:

1. We are finalizing RIAA's supplemental privilege log and will produce it as soon as practicable.

2. RIAA has produced, logged or will include on its supplemental log all documents it has agreed or been ordered to produce, that were identified based on a reasonable and diligent search.  As stated in RIAA's responses and objections, and as further discussed in letters last year, "[u]nless otherwise stated, RIAA will produce responsive documents, subject to its objections, for the period between March 1, 2012 to May 17, 2016."  If you are now asking whether RIAA will extend that period to the end of 2016 for correspondence between RIAA and MarkMonitor about the 2016 RIAA/MarkMonitor Program and the Hash Report, that is a new request that we would need to consider and discuss with RIAA.  If that is indeed the request, please explain the basis for it given that the hash download projected occurred in February 2016 (as you know from the contract, hash report, downloads and PCAP files).

3. It is not clear what you are referring to below as the "reasons discussed at the March 23 hearing," but we fundamentally disagree that communications between Ms. Sheckler and MarkMonitor cannot be protectable as work product or attorney-client privilege.  Nevertheless, if you wish to identify specific entries on RIAA's privilege log and the basis for your challenge, we can review them.

Finally, I asked for a 24-hour response (from 1:30 ET Wednesday to 1:30 ET Thursday) to our proposed compromises on the 30b6 topics to be in position to prepare a letter to the Special Master by Sunday.  It's now late Thursday night with one business day before the due date and hearing, and you still have not identified the issues to be raised Monday.  Given that the RIAA deposition is not currently scheduled, there is no urgency for a Monday hearing.  We will therefore let the Special Master know that we are no longer able to go forward on Monday.  We propose instead booking the slot Ms. Rodriguez proposed for March 15, with submissions, if any, due Friday, March 12.  Perhaps before then we can resolve any remaining disputes on the 30b6 topics.

Regards,
Jeff


Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com


---

**From:** Todd Anten <toddanten@quinnemanuel.com>
**Date:** Wednesday, March 3, 2021 at 11:20 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>, David Doak <daviddoak@quinnemanuel.com>, Matt Oppenheim <Matt@oandzlaw.com>, Alex Kaplan <alex@oandzlaw.com>, Scott Zebrak <Scott@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Kellyn Goler <Kellyn@oandzlaw.com>, Corey Miller <Corey@oandzlaw.com>, 'Janette Ferguson' <jferguson@lewisbess.com>, "Ehlers, J. Hardy" <jehlers@cov.com>, "mkamin@cov.com" <mkamin@cov.com>, "Sperling, Jonathan" <jsperling@cov.com>, "Hill, Phil" <pahill@cov.com>, "Fields, Michael" <mfields@cov.com>, "'bleoni@lewisbess.com'" <bleoni@lewisbess.com>, "Grigsby, Stacey" <sgrigsby@cov.com>
**Cc:** "'Ranahan, Erin'" <ERanahan@winston.com>, "'Golinveaux, Jennifer'" <JGolinveaux@winston.com>,

"'Elkin, Michael'" <MElkin@winston.com>, "'Kearney, Thomas'" <TKearney@winston.com>, "'Padmanabhan, Krishnan'" <KPadmanabhan@winston.com>, "'Spitzer, Seth'" <SSpitzer@winston.com>, "'tlane@winston.com'" <tlane@winston.com>, "Anderson, Sean R." <sranderson@winston.com>, "'Alvarez, Cesie'" <CAlvarez@winston.com>, "'Skopec, Allison'" <ASkopec@winston.com>, "'Jtanner@fwlaw.com'" <Jtanner@fwlaw.com>, "'cjoyce@fwlaw.com'" <cjoyce@fwlaw.com>, "'Brody, Michael'" <MBrody@winston.com>, Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>
**Subject:** RE: Charter Communications, Inc.'s Notices of 30(b)(6) Deposition

Jeff,

We will address RIAA's positions on the 30(b)(6) topics in due course.  As to your separate question about the additional RIAA-related discovery issues, please provide RIAA's responses to the below issues by no later than 5pm ET on Thu., Mar. 4.  In addition, please provide times that you are available to meet and confer on Fri., Mar 5 to address any disagreements raised by the below:

1. Please produce RIAA's supplemental privilege log – which RIAA promised to produce on Jan. 15 – by no later than 5:00pm ET on Thu., Mar 4.

2. Please confirm RIAA has produced, logged or will log on its supplemental privilege log all responsive correspondence in response to Charter's discovery demands.  This includes all correspondence between RIAA and MarkMonitor about the 2016 RIAA/MarkMonitor Program and the Hash Report, through at least the end of 2016.

3. There are items on RIAA's privilege log that reflect RIAA's improper withholding of documents – for example, RIAA is withholding communications between Victoria Sheckler and MarkMonitor, which are not protectable as work product or under attorney-client privilege for the reasons discussed at the March 23 hearing.  Please confirm RIAA will produce these documents.

Best,
Todd

**Todd Anten** | Partner | Quinn Emanuel Urquhart & Sullivan, LLP | Direct: 212.849.7192 | toddanten@quinnemanuel.com