# EXHIBIT E

WebEx/Telephonic Hearing
March 8, 2021

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00874-RBJ-MEH
_____

WARNER BROS. RECORDS INC., et al.,

    Plaintiffs,

vs.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

_____

WEBEX/TELEPHONIC HEARING

March 8, 2021
_____

    This WebEx/telephonic hearing was taken before Special Master Regina Rodriguez on March 8, 2021, at 12:01 p.m. Mountain Standard Time before K. Michelle Dittmer, Registered Professional Reporter and Notary Public within the state of Colorado.

(The reporter, K. Michelle Dittmer, appearing remotely via telephone)

WebEx/Telephonic Hearing
March 8, 2021

Page 2

```
 1   A P P E A R A N C E S
 2   ON BEHALF OF THE PLAINTIFF WARNER BROS. RECORDS INC.:
 3             MATTHEW J. OPPENHEIM, ESQ.
               JEFFREY M. GOULD, ESQ.
 4             ALEXANDER KAPLAN, ESQ.
               Oppenheim & Zebrak LLP
 5             4530 Wisconsin Avenue N.W.
               5th Floor
 6             Washington, DC 20016
               Phone: 202-480-2999
 7             Email: matt@oandzlaw.com
               Email: jeff@oandzlaw.com
 8             Email: alex@oandzlaw.com
               (appeared via WebEx)
 9
10
     ON BEHALF OF THE DEFENDANT:
11
               ANDREW H. SCHAPIRO, ESQ.
12             Quinn Emanuel Urquhart & Sullivan, LLP
               191 N. Wacker Drive, Suite 2700
13             Chicago, Illinois 60606
               Phone: 312-705-7403
14             Email: andrewschapiro@quinnemanuel.com
               (appeared via WebEx)
15
               LINDA J. BREWER, ESQ.
16             Quinn Emanuel Urquhart & Sullivan, LLP
               50 California Street, 22nd Floor
17             San Francisco, California 94111
               Phone: 415-875-6403
18             Email: lindabrewer@quinnemanuel.com
               (appeared via WebEx)
19
               TODD ANTEN, ESQ.
20             Quinn Emanuel Urquhart & Sullivan, LLP
               51 Madison Avenue, 22nd Floor
21             New York, New York 10010
               Phone: 212-849-7192
22             Email: toddanten@quinnemanuel.com
               (appeared via WebEx)
23
24
25
```

```
 1   ON BEHALF OF THE DEFENDANT: (Continued)
 2             JENNIFER ANN GOLINVEAUX, ESQ.
               Winston & Strawn, LLP
 3             101 California Street
               Suite 3400
 4             San Francisco, California 94111-5802
               Phone: 415-591-1506
 5             Email: jgolinveaux@winston.com
               (appeared via WebEx)
 6
               JOHN M. TANNER, ESQ.
 7             Fairfield and Woods P.C.
               1801 California Street, Suite 2600
 8             Denver, Colorado 80202
               Phone: 303-894-4495
 9             Email: jtanner@fwlaw.com
10
     ON BEHALF OF RIAA:
11
               JEFFREY M. GOULD, ESQ.
12             Oppenheim & Zebrak LLP
               4530 Wisconsin Avenue N.W.
13             5th Floor
               Washington, DC 20016
14             Phone: 202-480-2999
               Email: jeff@oandzlaw.com
15             (appeared via WebEx)
16
17
18
19
20
21
22
23
24
25
```

1   what is or isn't privileged with regard to this 2016
2   project and better to get that out now than on the eve of
3   trial.
4               MR. GOULD:  Yeah.  We --
5               SPECIAL MASTER RODRIGUEZ:  So I'll address
6   these.
7               So with regard to the Topic Number 30, I
8   do think that it is an appropriate topic and it is one
9   that narrowly should go beyond what we have traditionally
10  held as the discovery period as a bright line.
11              I do believe that all the way through 2021
12  is probably too much here, and it appears that a
13  reasonable compromise can be reached with regard to the
14  time period.  I would like to hear a little bit more on
15  the time period.
16              As it relates to the privilege issues, I'm
17  not going to make rulings on privilege issues.  Those are
18  going to go to Judge Hegarty.  And if he wants to sit
19  again jointly and do that, I'm happy to do that, but I
20  think that is the province of Judge Hegarty.  He's
21  indicated that's how it's going to go, and so I'm not
22  going to invade that province at all.
23              If there are privilege issues to be
24  raised -- and it sounds like there may be here -- that
25  those should be addressed with Judge Hegarty.

```
 1                  But in terms of the limited request that's
 2    in front of me, which is to provide a witness to testify
 3    with regard to nonprivileged communications with
 4    MarkMonitor, Audible Magic, or any plaintiff relating to
 5    this litigation, I find this particular topic, that the
 6    rationale, because it goes directly to the evidence of
 7    direct infringement that is at the heart of this case,
 8    that I would allow it.
 9                  My inclination would be to do it through
10    2019, although Mr. Gould does point out that there was a
11    demand letter issued in June of 2016, and so I'd be
12    interested in hearing the parties' argument with regard
13    to the time period there, as to why one versus the other.
14                  With regard to the burden, I -- I agree
15    that it does not appear, at least at this point, that the
16    argument with regard to burden carries the day here.  As
17    Mr. Schapiro points out, MarkMonitor has done this and
18    there were a limited number of documents.
19                  As I've indicated before, I'm not entirely
20    certain about the privilege issues with regard to who
21    represented whom during what time period.  So again, that
22    is not before me and that is not an area that I'm going
23    to wade into here today.
24                  But nonetheless, based on what I have
25    before me today, I don't find that there's sufficient
```

WebEx/Telephonic Hearing
March 8, 2021

Page 29

```
 1   information to find burden.
 2               Now, I will say that the parties -- or not
 3   the parties -- the plaintiffs indicated that they were
 4   going to need more time before this hearing today, and I
 5   told them that we could go forward and address any issues
 6   we needed to by briefing if they needed to.
 7               I don't know if this is one that you feel
 8   that must be briefed in terms of the burden issue.  If
 9   so, I would be inclined to let you do that, but it would
10   be very, very narrow.  And that would --
11               MR. OPPENHEIM:  Ms. Rodriguez, may I --
12   sorry, apologies.  I didn't mean to step on you.
13               SPECIAL MASTER RODRIGUEZ:  Hold on.  Just
14   let me finish this thought.
15               And it would have to be based upon
16   whatever time period we agree upon here.
17               MR. OPPENHEIM:  Are you reversing or -- or
18   overruling your prior ruling from December 22?
19               SPECIAL MASTER RODRIGUEZ:  I'm not
20   reversing --
21               MR. SCHAPIRO:  Objection --
22               SPECIAL MASTER RODRIGUEZ:  No --
23               MR. SCHAPIRO:  Well --
24               SPECIAL MASTER RODRIGUEZ:  All right.
25   Mr. Schapiro, maybe you could share with us your
```

```
 1                    REPORTER'S CERTIFICATE
 2
 3         I, K. MICHELLE DITTMER, Registered Professional
 4   Reporter and Notary Public, State of Colorado, do hereby
 5   certify that the said hearing was taken in machine
 6   shorthand by me at the time and place aforesaid and was
 7   thereafter reduced to typewritten form; that the
 8   foregoing is a true transcript of the proceedings had.  I
 9   further certify that I am not employed by, related to,
10   nor counsel for any of the parties herein, nor otherwise
11   interested in the outcome of this litigation.
12            IN WITNESS WHEREOF, I have affixed my signature
13   this 31st day of March, 2021.
14            My commission expires April 15, 2024.
15
16            _____
                         K. MICHELLE DITTMER
17                Registered Professional Reporter
                        Wilson & Associates, LLC
18
```