UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S UNOPPOSED MOTION TO RESTRICT PLAINTIFFS' OBJECTION TO SPECIAL MASTER'S MARCH 16, 2021 ORDER AND CERTAIN EXHIBITS THERETO**

Pursuant to Local Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully moves this Court to maintain Plaintiffs' Objection To Special Master's March 16, 2021 Order and Exhibits 4 and 5 thereto under Level 1 Restriction. *See* Dkt. 425, 425-5, 425-6 (Mar. 29, 2021). In support of this Motion, Charter states as follows:

1. **Certificate Pursuant to D.C.COLO.LCivR 7.1(a).** Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this Motion. Plaintiffs do not oppose the relief requested in the Motion.

2. On March 29, 2021, Plaintiffs filed their Objection To Special Master's March 16, 2021 Order (the "Objection") as well as Exhibits 4 and 5 thereto under Level 1 Restriction. *See* Dkt. 425, 425-5, 425-6.

3. Exhibit 4 is an agreement between Charter and a third party related to abuse tracking technology, produced by Charter in this case and Bates-stamped CHA_00001119-20. Exhibit 5 is an email chain between Charter employees and a third party related to abuse tracking technology, produced by Charter in this case and Bates-stamped CHA_00084570-71. *See* Dkt.

1

425-1, Grigsby Decl. ¶¶ 5-6 (Mar. 29, 2021). Plaintiffs' Objection includes discussion and descriptions of Exhibits 4 and 5. *See* Obj. 8-9.

4. Exhibits 4 and 5 contain commercially sensitive business information of Charter as well as its contractual counterparty (Ex. 4) and the third party corresponding with Charter (Ex. 5). Disclosure of this information would cause competitive harm to Charter and the third parties through the disclosure of details of Charter's abuse tracking technology and business decisions related to the same. *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").

5. The risk of competitive harm to Charter and the third parties outweighs the need for the public to have access to this confidential information. The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

6. Plaintiffs have filed on the public docket a version of the Objection with only one paragraph (discussing and describing Exhibits 4 and 5) of the ten page motion redacted. *See* Dkt. 424, Public Obj. 8-9 (Mar. 29, 2021). In addition, all other exhibits to the Objection have been filed publicly. *See* Dkt. 424-2 to -8 (Mar. 29, 2021).

7. Charter seeks only a Level 1 restriction, the lowest level of restriction. Permitting a Level 1 Restriction of Exhibits 4 and 5 and the discussion and description of those exhibits in Plaintiffs' Objection is the only method that can adequately protect Charter's and the third parties' competitively sensitive commercial information.

8. Though the mere existence of a Stipulated Protective Order is not sufficient to demonstrate that a motion to restrict should be granted, Charter respectfully informs the Court that Charter has designated the documents filed as Exhibits 4 and 5 as Confidential and Highly Confidential, respectively, under the Protective Order in this case. *See* Dkt. 63, Stipulated Protective Order (Sept. 6, 2019).

WHEREFORE, Charter respectfully requests this Court maintain Plaintiffs' Objection To Special Master's March 16, 2021 Order and Exhibits 4 and 5 thereto under Level 1 Restriction. *See* Dkt. 425, 425-5, 425-6 (Mar. 29, 2021).

Dated: April 12, 2021

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
Email: melkin@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
Email: eranahan@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
Email: cjoyce@fwlaw.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
Nathan A. Hamstra
Allison Huebert
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
Email: andrewschapiro@quinnemanuel.com
Email: allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

*Counsel for Defendant*
*Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 12, 2021, I caused a true and correct copy of the foregoing Unopposed Motion To Restrict Plaintiffs' Objection To Special Master's March 16, 2021 Order And Certain Exhibits Thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro