# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 19-cv-00874-RBJ |

## DECLARATION OF MATTHEW J. OPPENHEIM

I, Matthew J. Oppenheim, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

1. I am Managing Partner at Oppenheim + Zebrak, LLP, and am admitted to practice law in Maryland, the District of Columbia, and New York. I am counsel for Plaintiffs in the above-captioned matter, and have been admitted pro hac vice in this Court.

2. I submit this declaration in support of Plaintiffs' Opposition to Charter's Motion to Compel Production of Documents.

3. From 2012-2015, the Recording Industry Association of America ("RIAA") engaged MarkMonitor, on behalf of the record company Plaintiffs, to monitor and detect infringement of Plaintiffs' copyrighted music on peer-to-peer (P2P) networks and send infringement notices to certain ISPs, including Charter Communications, Inc. (the "RIAA Notice Program"). RIAA sent millions of notices of infringement to ISPs, including more than 700,000 such notices to Charter.

4. The notices contained, *inter alia*, an identification of the Charter subscriber by their IP address, the specific date and time of the infringing act, the name of the file containing the infringing recordings, a cryptographic hash value uniquely identifying that file, a representative sample of what was infringed, and the peer-to-peer network used (*e.g.*, BitTorrent).

5. After the conclusion of the RIAA Notice Program, I directed a project in February 2016 to analyze infringement data from the RIAA Notice Program for the purpose of informing Plaintiffs' potential litigation strategy in this and other cases against other ISPs. The project occurred pursuant to a January 2016 Statement of Work ("SOW") entered into expressly "in anticipation of litigation."

6. As part of that project,  Our law firm created a spreadsheet that identified those hashes, with additional summary data analysis done by counsel that informed the decision to select those hashes (the "Hash Report").

7. Based on our law firm's analysis,

8. The Hash Report is not an "excel database." It is a spreadsheet created by and at the direction of counsel, with an ordinary ".xlsx" file extension.

2

9. Plaintiffs have produced a hard drive containing all of the 2016 downloads from this project, with the folders organized and named by hash values. The hard drive also contains PCAP files (also known as "packet capture logs") showing when and where each of the audio files on the drive was downloaded, as well as four indices of everything on the hard drive with the folders named and organized by hash value, such that Charter can easily identify the included hashes.

10. I have been informed that MarkMonitor also produced a second hard drive with copies of the same downloaded files and PCAP files, after Charter complained that Charter had not received them directly from MarkMonitor.

Executed on November 9, 2020 in Washington, DC.

/s/ *Matthew J. Oppenheim*

3