# Exhibit 3

| | |
|---|---|
| **Subject:** | RE: Warner Records Inc., et al. v. Charter Communications, Inc., No. 19-cv-00874-RBJ-MEH |
| **Date:** | Wednesday, March 17, 2021 at 9:09:28 PM Eastern Daylight Time |
| **From:** | Linda Brewer |
| **To:** | Michael Hegarty, Ehlers, J. Hardy, Hegarty Chambers |
| **CC:** | Ian Pate, Ranahan, Erin, Golinveaux, Jennifer, Elkin, Michael, Kearney, Thomas, Rosenthal, John, Moore, Jason, Padmanabhan, Krishnan, Spitzer, Seth, Lane, Thomas, Anderson, Sean R., Alvarez, Cesie, Skopec, Allison, Andrew Schapiro, David Eiseman, Jessica Rose, Allison Huebert, Todd Anten, Michelle A. Clark, Nathan Hamstra, Charter-Copyright-QE, Sperling, Jonathan, Grigsby, Stacey, Hill, Phil, Matt Oppenheim, Jeff Gould, Scott Zebrak, Alex Kaplan, Andrew Guerra, Kellyn Goler, Corey Miller |
| **Attachments:** | image001.jpg |

Dear Judge Hegarty,

Charter will transmit the spreadsheet and its parent email to Chambers for *in camera* review shortly.  By way of a brief response to Plaintiffs' submission, as Charter has already advised Plaintiffs, these documents were created in response to a request for information from Charter's in-house counsel, Christopher Avery, for the purposes of providing legal advice.  This much is evident from the "communication from a Charter in-house attorney" that is included in the spreadsheet, which Plaintiffs describe in their email (and as Your Honor will see in the "background info" tab in the spreadsheet during *in camera* review).  Based on guidance received during the February Discovery Summit (where the Court reviewed a similar set of Charter documents), Charter asserted privilege over the request of its attorney, Christopher Avery, for information to provide legal advice and the investigation of Charter employees that was conducted directly in response to that request. *See* Feb. 22, 2021 Hearing Tr. 130:1-132:21 ("MR. ROSENTHAL: It's really -- an attorney is -- part of the attorney-client privilege is you can seek out information from the client in order to facilitate the need for legal advice.  THE COURT: Yeah, we know. It's privileged.").  Plaintiffs' suggestion that Charter has purposefully delayed asserting privilege over these documents is unfounded.  Plaintiffs notified Charter of this inadvertent production on the evening of March 11, and Charter promptly clawed back the document and asserted its privilege the next day.  Counsel for Charter can provide any further information to assist with the Court's *in camera* review during the hearing tomorrow.

In addition, Charter respectfully requests *in camera* review of an email and attachment that Oppenheim + Zebrak identified for the first time on March 15, and stated would be included on a forthcoming supplemental RIAA privilege log that Charter has still not received.  To aid the Court, the proposed entry that Charter was provided by email is pasted verbatim below.  During the February 2021 Discovery Summit, the Court heard argument regarding the assertion of work product protection over the Hash Report and compelled its production.  While Charter has still not yet received the supplemental privilege log from the RIAA that was promised on March 15 (two months after the deadline by which RIAA was ordered to provide its supplemental privilege log), it appears that Plaintiffs and/or the RIAA intend to assert both attorney-client privilege and work product protection over a newly-identified email and its attachment, dated January 7, 2016, that were sent from a <u>non-attorney</u> at Oppenheim + Zebrak to representatives of MarkMonitor, with a copy to RIAA (and also sent to Matt Oppenheim of Oppenheim + Zebrak).  According to the proposed supplement to the privilege log, this document is described as a "[p]rivileged email chain with privileged attachment regarding antipiracy services to be undertaken in anticipation of litigation against ISPs, and sending MarkMonitor initial version of hash report reflecting analysis and mental impressions of outside litigation counsel."  This email and attachment had not previously been identified to Charter by Plaintiffs, the RIAA, or MarkMonitor on any prior privilege logs served in the case to date, despite multiple amendments to the privilege logs by the RIAA and Plaintiffs.  And the email and attachment both: (1) predate by several weeks the Statement of Work ("SOW") entered into between the RIAA and MarkMonitor on January 29, 2016

regarding the 2016 Download Project that culminated in the Hash Report; and (2) contradict Plaintiffs' counsel's representation that Oppenheim + Zebrak created the Hash Report in February 2016, after the SOW was entered into.  See Dkts. 391-4 (MarkMonitor Statement of Work, dated January 29, 2016), Dkt. 391-5 at ¶¶ 5-6 (Declaration of Matt Oppenheim stating that he directed the 2016 Download Project in February 2016); Dkt. 288 at p. 1 (stating that "in February 2016, Plaintiffs' litigation counsel directed a one-month project" related to the Hash Report) (emphasis added).  Given these troubling irregularities, the late identification of a previously undisclosed document, and the dubious privilege and work product claims, Charter respectfully requests that the Court review the newly-identified email chain and its attachment in order to evaluate the basis for the assertion of attorney-client privilege and work product protection over their contents.

The Court's guidance on this document is critical and time-sensitive, as it will help streamline what we anticipate will be motion practice related to the attorney-client privilege and work product claims that the meet-and-confer process has thus far been unable to resolve.  Specifically, Oppenheim + Zebrak, in its capacity as counsel for the RIAA and Plaintiffs, has refused to withdraw its claims of attorney-client privilege or work product protection for communications, including those with MarkMonitor and Audible Magic, that concern the 2016 RIAA/MarkMonitor "Download" Project.

**Proposed Log Entry Provided By Oppenheim + Zebrak on Monday, March 15, 2021:**

| Date | Privilege or Protection | Author | To | |
|---|---|---|---|---|
| 1/07/2016 | Attorney-Client; Work Product | Mike Candore (mike@oandzlaw.com) | Sam Bahun (sam.bahun@markmonitor.com); Matt Oppenheim* (matt@oandzlaw.com) | Victoria S (vsheckle Jeremy L (jlandis@ |

Respectfully submitted,
Linda Brewer


**Linda Brewer**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan LLP**

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6403 Direct
lindabrewer@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Michael Hegarty [mailto:michael_e_hegarty@cod.uscourts.gov]

**Sent:** Wednesday, March 17, 2021 11:58 AM
**To:** Ehlers, J. Hardy <JEhlers@cov.com>; Hegarty Chambers <hegarty_chambers@cod.uscourts.gov>
**Cc:** Ian Pate <Ian_Pate@cod.uscourts.gov>; Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Kearney, Thomas <TKearney@winston.com>; Rosenthal, John <JRosenthal@winston.com>; Moore, Jason <JMoore@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; Anderson, Sean <SRanderson@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Skopec, Allison <ASkopec@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Allison Huebert <allisonhuebert@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Michelle A. Clark <michelleclark@quinnemanuel.com>; Nathan Hamstra <nathanhamstra@quinnemanuel.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>; Sperling, Jonathan <jsperling@cov.com>; Grigsby, Stacey <SGrigsby@cov.com>; Hill, Phil <PAHill@cov.com>; Matt Oppenheim (Matt@oandzlaw.com) <Matt@oandzlaw.com>; Jeff Gould (Jeff@oandzlaw.com) <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; 'Corey Miller' <Corey@oandzlaw.com>
**Subject:** RE: Warner Records Inc., et al. v. Charter Communications, Inc., No. 19-cv-00874-RBJ-MEH

**[EXTERNAL EMAIL]**

If Charter counsel could briefly respond that would be helpful.  I can also look at it on the bench, or in advance of the conference.

**From:** Ehlers, J. Hardy <JEhlers@cov.com>
**Sent:** Wednesday, March 17, 2021 11:36 AM
**To:** Michael Hegarty <michael_e_hegarty@cod.uscourts.gov>; Hegarty Chambers <hegarty_chambers@cod.uscourts.gov>
**Cc:** Ian Pate <Ian_Pate@cod.uscourts.gov>; Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Kearney, Thomas <TKearney@winston.com>; Rosenthal, John <JRosenthal@winston.com>; Moore, Jason <JMoore@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Lane, Thomas <TLane@winston.com>; Anderson, Sean <SRanderson@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Skopec, Allison <ASkopec@winston.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; davideiseman@quinnemanuel.com; Jessica Rose <jessicarose@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Allison Huebert <allisonhuebert@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; michelleclark@quinnemanuel.com; nathanhamstra@quinnemanuel.com; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>; Sperling, Jonathan <jsperling@cov.com>; Grigsby, Stacey <SGrigsby@cov.com>; Hill, Phil <PAHill@cov.com>; Ehlers, J. Hardy <JEhlers@cov.com>; Matt Oppenheim (Matt@oandzlaw.com) <Matt@oandzlaw.com>; Jeff Gould (Jeff@oandzlaw.com) <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Andrew (Andrew@oandzlaw.com) <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; 'Corey Miller' <Corey@oandzlaw.com>
**Subject:** Warner Records Inc., et al. v. Charter Communications, Inc., No. 19-cv-00874-RBJ-MEH

**CAUTION - EXTERNAL:**

Dear Judge Hegarty:

We write to request *in camera* review of a document—a spreadsheet and its parent email—over which Charter has asserted a belated and patently overbroad claim of privilege.  Charter produced the email and spreadsheet, in full, last October, along with five other copies of the email chain.  The email chain contains an extended discussion among non-lawyers.  The spreadsheet includes dozens of tabs with many thousands of cells of data.  Plaintiffs recently encountered five lines of text in a single tab in the spreadsheet that appear to reproduce a communication from a Charter in-house attorney.  The spreadsheet's dozens of tabs otherwise consist entirely of raw data.

Out of an abundance of caution, and in light of the positions Charter has taken on privilege in the past, Plaintiffs notified Charter last week that they were in possession of those five lines of text and asked Charter whether it intended to assert privilege over them.  Charter responded by asserting privilege over the *entire* spreadsheet *and* its parent email.  The effect of Charter's belated and overbroad privilege claim is to impede Plaintiffs from making use of the document as they prepare for depositions, until motion practice over the privilege claim has concluded.

Plaintiffs therefore request the Court's *in camera* review of the document and evaluation of Charter's claim of privilege.  Specifically, we request that Charter submit the document to you in advance of tomorrow's hearing.  Without saying more, given the Protective Order's requirement that parties not "disclose, summarize, characterize, or otherwise use the content of the inadvertently produced document or information" in moving to compel it, we are confident that the Court will immediately see that Charter has inappropriately claimed privilege over reams of raw facts.

Respectfully submitted,

Hardy Ehlers

**J. Hardy Ehlers**
Pronouns: He/Him/His

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4778 | jehlers@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.