# Exhibit 5

1

```
1            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLORADO
2
     Case No. 19-cv-874-RBJ-MEH
3    _____

4    WARNER RECORDS, INC., et al.,

5         Plaintiffs,

6    vs.

7    CHARTER COMMUNICATIONS, INC.,

8         Defendant.
     _____
9

10           Proceedings before MICHAEL E. HEGARTY, United

11   States Magistrate Judge, United States District Court for the

12   District of Colorado, and REGINA M. RODRIGUEZ,

13   Court-Appointed Special Master, commencing at 9:18 a.m.,

14   February 23, 2021, in the United States Courthouse, Denver,

15   Colorado.
     _____
16

17   WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE HEREIN
     TYPOGRAPHICALLY TRANSCRIBED. . .
18   _____

19                         APPEARANCES

20          JONATHAN M. SPERLING, JEFFREY M. GOULD, SHIRA

21   POLIAK, MATTHEW J. OPPENHEIM, ALEX KAPLAN, STACEY GRIGSBY,

22   ANDERS LIDEROT, J. HARDER EHLERS, Attorneys at Law, appearing

23   for the Plaintiffs.
     _____
24

25      IN COURT HEARING: UNRESOLVED DISCOVERY DISPUTES
```

49

1  we could sort it.  And we were troubled by the fact it wasn't
2  provided to us in a way that it would have been obvious on
3  the face of this that there was this long gap.  We had to
4  discover that by digging around.
5          MR. ROSENTHAL:  I just add, in terms of our
6  request, we obviously want the information.  We want the Hash
7  Report.  We would also ask that a privilege log be created by
8  Oppenheim & Zebrak as to all their communications as between
9  MarkMonitor and Audible Magic.  At this time, we're not
10 moving to pierce those, but we do have serious concerns as to
11 whether or not a privilege exists.  We don't believe a
12 privilege exists.
13         Let me explain that for a second, Your Honor.  In
14 the Cox case, look, they have to present evidence at trial,
15 right, of the alleged infringement.
16         So what do they do in the Cox case?  They went out
17 and they hired Audible Magic as a consultant to generate
18 this -- this information.  And then they called a person from
19 Audible Magic as a fact witness, right, from MarkMonitor as a
20 fact witness, to present this evidence and authenticate the
21 witness, right.
22         So here we have a situation where now they're
23 claiming all that is attorney work product, right.  Somehow
24 it's attorney work product, right.  They're manufacturing
25 evidence to use at trial and then calling a litigation

55

1        MR. ROSENTHAL: Not when -- not when the person is
2  a testifying expert and a material witness in a case.
3        THE COURT: Well, but -- you proffered them as a
4  fact witness, not an expert. So I've seen many cases where
5  somebody comes in and they, in fact, have an attorney-client
6  relationship with counsel for one of the parties, but they're
7  not a party; they're just a fact witness.
8        MR. ROSENTHAL: Right. But if they're a fact
9  witness here, then their communication -- what they're trying
10  do is to generate evidence to support their claim for damages
11  here. They went out and they hired these people, right.
12        If they hired these fact witnesses, why is there a
13  privilege relating to that?
14        THE COURT: I don't know. We'll see. It's a good
15  question. It's a good question.
16        MR. ROSENTHAL: All right. And at this point,
17  we're not asking to pierce that. What we want is the log.
18  We'll be back here to ask to pierce that, but -- but right
19  now, we want the log.
20        And you know what, we have been dragged around the
21  mud here. They knew from day one what was in those reports,
22  what was not in the reports, what existed, and did not exist.
23  There is a real question as to what their candor with this
24  Court has been.
25        THE COURT: Okay. Who is going to do this? Are

1   MarkMonitor did not keep some of the results of the work that
2   they did in 2016.
3           MR. GOULD:  That's not correct.
4           THE COURT:  Is that your understanding?
5           MR. ROSENTHAL:  Audible Magic.
6           THE COURT:  Audible Magic.  Somebody didn't.
7           MR. ROSENTHAL:  And then -- and then --
8           THE COURT:  What about Audible Magic?
9           SPECIAL MASTER:  Can I --
10          MR. GOULD:  Audible Magic disclosed recently that
11  they could not find the lookups that pertain to this project,
12  that's correct.
13          MR. ROSENTHAL:  So we have a couple of things.
14  One, we have of the Audible Magic data.  Two, we have a legal
15  hold that did not go into place until 2018, even though they
16  were -- MarkMonitor was retained in 2016.  They have not
17  logged a single e-mail in that time period.  So we believe
18  that information has either been lost or hasn't been logged.
19  We would like it all logged so we can make an evaluation as
20  to whether or not it was lost or not.
21          SPECIAL MASTER:  Okay.  Let us just deal with the
22  first issue, which is the request for the Hash Report, the
23  full Hash Report.  Our order is that the Hash Report should
24  be produced.
25          Number one, we do believe that the claim of work

1  product is somewhat dubious here.  It is not entirely clear
2  whose work product protection this is, who's claiming it, et
3  cetera.  But even assuming that work product protection would
4  cover the Hash Report, there is a substantial need for this
5  evidence, as set forth by the defendants; and that this
6  information is not available from another source,
7  particularly given that Audible Magic no longer has the
8  underlying data and defendants have attempted to obtain the
9  underlying data from third-party sources, in particular
10 MarkMonitor and Audible Magic.
11          Therefore, it is our opinion that the substantial
12 need test, if a work product protection even did exist in
13 this situation, that showing has been met.  Therefore, we
14 determined that the document in question, that is, the hash
15 tag report, should be produced.
16          THE COURT:  And at the end of today, again, we're a
17 going to talk about timing.  Timing would include a stay of
18 any particular order to permit you to appeal, but it's going
19 to be a tight timeline because, as Mr. Sperling said, you
20 know, I think you guys want a trial sooner than later.  And
21 so in light of that, you'll have tight timelines for you to
22 appeal anything tighter than the rules, the Local Rules,
23 okay.
24          MR. SCHAPIRO:  All right.  So next -- I think we
25 can just go back to our chart, if that's acceptable to --

115

1  business counsel here.  They're a part of this enterprise to
2  make money here.  And we'll first talk to them --
3        THE COURT:  Yeah, I don't think we're discussing
4  anything --
5        MR. ROSENTHAL:  -- but it's pretty clear that we're
6  going to need discovery from them.
7        THE COURT:  Mr. Gould, I'm not going to find that
8  you've waived attorney-client just because of what you said
9  today.  I mean, I know you're working on the fly -- hold on a
10 second.
11       So, yeah, I mean, if there is a case out there, I
12 don't believe that you've engaged in any kind of waiver of
13 attorney-client by not -- by backing off of it.  You can
14 reassert it, okay.
15       MR. GOULD:  One last thing is this notion that
16 Mr. Rosenthal is dreaming up that we're a part of this
17 enterprise, I don't know where it comes from.  He likes to
18 remind everyone that there is good faith obligations and need
19 to have factual basis for their statement.  So again, glass
20 houses.  Oppenheim & Zebrak is litigation counsel for the
21 plaintiffs.
22       THE COURT:  Okay.  Anything else on that issue?
23       Please, next issue.
24       MR. SCHAPIRO:  I think Mr. Anderson is handling the
25 next issue, which is RFP Number 4.  I think that should be

```
 1                    TRANSCRIBER'S CERTIFICATION

 2    I certify that the foregoing is a correct transcript to the

 3    best of my ability to hear and understand the audio recording

 4    and based on the quality of the audio recording from the

 5    above-entitled matter.

 6

 7    /s/ Dyann Labo                        March 1, 2021

 8    Signature of Transcriber              Date

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```