# Exhibit 6



333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 213 615 1700
F +1 213 615 1750

**SHILPA A. COORG**
Associate
213.615.1933
scoorg@winston.com

November 27, 2019

**VIA EMAIL**

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
nsahni@cov.com

**Re:** *UMG Recordings, Inc., et al. v. Bright House Networks, LLC*, M.D. Fla. Case No.: 8:19-cv-00710-MSS-TGW*; Warner Records, Inc., et al. v. Charter Communications, Inc.*, Case No. 19-cv-00874-RBJ-MEH  (**Meet and Confer on November 19, 2019 re Defendants' Discovery Requests**)

Dear Ms. Sahni:

We write to memorialize the parties' meet and confer on November 19 regarding Plaintiffs' objections and responses to Defendants' First Set of Requests for Production. The parties discussed Plaintiffs' deficient responses to Request for Production Nos. 39, 48, 53, 58, 62, 68, and 79 (with respect to requests issued by Bright House Networks, LLC, and corresponding requests issued by Charter Communications, Inc.), as set forth below:

- RFP No. 39: Plaintiffs represented that they would stand on their objections. The parties are at an impasse.

- RFP No. 48: Plaintiffs indicated they would confirm whether they have non-privileged summary data, including regarding cease and desists, complaints, and enforcement efforts. Please confirm by December 4 whether Plaintiffs agree to search for and produce responsive documents under this narrowed scope.

- RFP No. 53: Plaintiffs have agreed to consider searching for non-privileged documents responsive to RFP No. 53 as it relates to customers of Bright House and/or Charter. Please confirm by December 4 whether Plaintiffs agree to search for and produce responsive documents under this narrowed scope.

- RFP No. 58: Plaintiffs have agreed to consider searching for all documents concerning any code, program, software, hardware, system, process, or device utilized to identify or confirm instances



November 27, 2019<br>Page 2

of alleged copyright infringement occurring through BitTorrent or peer-to-peer file sharing sites. Please let us know by December 4 whether Plaintiffs agree to search for and produce documents under this narrowed scope.

- RFP No. 62: Plaintiffs have agreed to consider searching for documents responsive to RFP No. 62 with respect to the Claim Period of 2013-2016. Please let us know by December 4 whether Plaintiffs agree to search for and produce documents under this narrowed scope.

- RFP 68: Plaintiffs have agreed to consider searching for all documents responsive to RFP No. 68 that pertain to or concern the reliability and/or efficacy of the MarkMonitor System in use during the Claim Period of 2013-2016. Please let us know by December 4 whether Plaintiffs will agree.

- RFP No. 79: Plaintiffs represented that they would stand on their objections. The parties are at an impasse.

Bright House and Charter reserved their right to raise any other issues relating to their first set of discovery requests at a later time.

The parties also discussed Plaintiffs' overbroad assertions of privilege and refusal to log privileged documents with respect to requests pertaining to litigations. The parties discussed a compromise position in which, with respect only to requests directly referencing litigations either generally or specifically, the parties would not be required to serve a privilege log, except for documents involving the RIAA (or any person/entity acting on the RIAA's behalf). Plaintiffs have agreed to consider this proposal. With respect to all requests, Plaintiffs have agreed to consider Defendants' proposal that the parties need not log privileged documents following the Claim Period, and need not log any documents authored by outside counsel. Please let us know by December 4 whether these proposals are agreeable.

Finally, the parties discussed outstanding issues related to the ticket log data. Plaintiffs requested further information about the columns and their meaning, including whether Defendants would provide details for the resolution steps. Ms. Ranahan confirmed that Defendants would provide this information. Further, Plaintiffs sought the names of Defendants' subscribers but again refused to provide a basis for this request. Plaintiffs confirmed that they are unwilling to consider any option other than a privacy stipulation—which Defendants maintain is insufficient to address all concerns regarding the provision of protected customer data—until Defendants provide their position on that proposal. Defendants have agreed to consider it, along with other alternatives, including disclosure of a sample.

If Plaintiffs have a different understanding regarding any of the above issues, please provide your position by **December 4, 2019**.

Very truly yours,

Shilpa A. Coorg