# Exhibit 7

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Neema T. Sahni

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T  +1 424 332 4757
nsahni@cov.com

*By Electronic Mail*                                           December 4, 2019

Shilpa Coorg
Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
T: (213) 615-1933
F: (213) 615-1750
*scoorg@winston.com*

Re:   *Warner Records, Inc., et al. v. Charter Communications, Inc.*, D. Colo. Case No.: 19-cv-00874-RBJ-MEH

Counsel:

We write to respond to your letter of November 27 purporting to memorialize our November 19 meet and confer discussion regarding certain of Charter's ("Defendant") requests for production.  As a preliminary matter, we disagree with a number of your characterizations in that letter, but have responded below to the substance thereof in an effort to continue our efforts to meet and confer.

Request No. 39:  As explained in Plaintiffs' July 25 objections and responses, this unduly burdensome request demands materials that are entirely irrelevant to the issues in this case.  Whether Plaintiffs undertook efforts to identify and/or contact direct infringers has no bearing on Defendant's liability for secondary infringement of their copyrighted works.  *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930–31 (2005)  ("[I]t may be impossible to enforce rights in the protected work effectively against all direct infringers, the only practical alternative being to go against the distributor . . . for secondary liability . . . .").  Moreover, the request is not even limited to those instances of direct infringement that are the subject of this litigation.  While we would be willing to discuss further to the extent you can articulate a valid basis for why the requested documents are relevant — which you have not provided to date — we are likely at an impasse as to this request.

Charter Request No. 46:  By its plain language, this request calls for documents concerning the enforcement of copyrights "other than as related to this litigation," and you have not articulated why you believe such materials are relevant to this case.  Further, the request, even as reformulated by Defendant in its November 27 letter, is also overly broad and unduly burdensome, including in that it seeks documents regarding *all* cease and desists, complaints, and enforcement efforts regarding the works in suit.  Without waiving those objections, we have investigated further and understand that Plaintiffs do not regularly maintain summary data of this sort on a per-work basis.

**COVINGTON**

Shilpa Coorg
December 4, 2019
Page 2

        Charter Request No. 51:  At the November 19 meet and confer between the parties, we agreed to consider your narrowed request seeking non-privileged documents regarding settlements with Defendant's customers regarding infringement.  But even as narrowed, we fail to see how this request seeks information relevant to the issue of whether Defendant is liable for secondary infringement.  *See Grokster*, 545 U.S. at 930–31.  Nonetheless, we understand that, during the claim period, Plaintiffs did not enter into direct settlements with Defendant's customers concerning those customers' peer-to-peer infringement activity.

        Charter Request No. 56:  Plaintiffs maintain that this overbroad request seeks documents that are irrelevant to this case, including because it seeks documents about code, programs, software, hardware, systems, processes, or devices *beyond* the MarkMonitor system that was used to generate the infringement notices on which Plaintiffs will rely, and for which Plaintiffs have already agreed to produce certain responsive documents in connection with other requests.  Because you have not articulated any basis for the relevance of such materials, we are at an impasse on this request.

        Charter Request No. 60:  At the November 19 meet and confer between the parties, Plaintiffs offered to consider searching for documents sufficient to demonstrate the amount of money Plaintiffs paid to the Recording Industry Association of America ("RIAA") during the claim period specifically related to copyright infringement enforcement and monitoring efforts, even though Plaintiffs maintained that this information lacks any relevance to the case.  Upon further consideration, unless and until Defendant provides a satisfactory explanation for why the amounts paid by Plaintiffs to the RIAA are in any way relevant to this litigation, Plaintiffs stand on their objections and will not produce documents responsive only to this request.

        Charter Request No. 66:  As Plaintiffs have previously explained, this request is unduly burdensome, including in that it seeks "all documents" related to broad subject matter over an indefinite time period.  Defendant continues to seek "all documents . . . that pertain to or concern the reliability and/or efficacy of the MarkMonitor system in use during the Claim Period," regardless of when such documents were created.  Plaintiffs have already agreed to search for responsive, non-privileged documents in their possession, custody, or control, for the period from January 1, 2013 to May 17, 2016, concerning the reliability of the MarkMonitor system used to produce the infringement notices on which Plaintiffs will rely in this case, which is more than adequate.  Nonetheless, we remain willing to consider a *reasonable* time-limited alternative, should you propose one.

        Charter Request No. 77:  Plaintiffs agree that the parties are at an impasse, including because the distinction between residential and non-residential ISP customers is not clear and depends on information within Defendant's control.  As such, Plaintiffs will not produce documents responsive only to this request.

        Privilege Logs:  While we dispute your characterization of Plaintiffs' privilege assertions as "overbroad," Plaintiffs agree that, if Defendant formally narrows Request Nos. 27, 41, and 47 to seek only (1) non-privileged documents and (2) privileged communications with the RIAA, Plaintiffs will search for and produce documents responsive thereto.  This means that Plaintiffs would provide a privilege log for privileged communications with the RIAA, but would not need to otherwise log privileged and/or protected documents.  Plaintiffs also agree that the parties

**COVINGTON**

Shilpa Coorg
December 4, 2019
Page 3

==need not log privileged and/or protected material dated after the claim period, or any documents authored by outside counsel.==

<u>Ticket Log Data</u>: Plaintiffs await Defendant's provision of further information about the ticket log data columns and their meaning, and request that this information be provided no later than December 9.

Regarding the issue of subscriber name and contact information, we disagree that we have "refused to provide a basis" for this request. If Defendant maintains the draft stipulation we proposed seven weeks ago is insufficient, we remain willing to consider revisions that would address any remaining concerns on Defendant's end. We further remain willing to discuss other approaches to the extent Defendant is unwilling to proceed under that general framework for both residential and commercial subscribers.

\*          \*          \*

Please let us know if you would like to discuss these issues further.

Sincerely,

*/s/ Neema T. Sahni*
Neema T. Sahni
Mitchell A. Kamin
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

*Attorneys for Plaintiffs*

CC:   Matthew J. Oppenheim (matt@oandzlaw.com)
      Scott A. Zebrak (scott@oandzlaw.com)
      Jeffrey M. Gould (jeff@oandzlaw.com)

**COVINGTON**

Shilpa Coorg
December 4, 2019
Page 4

        Erin R. Ranahan (eranahan@winston.com)
        Michael S. Elkin (melkin@winston.com)
        Seth E. Spitzer (sspitzer@winston.com)