# Exhibit 8

**quinn emanuel** trial lawyers | chicago

191 N. Wacker Drive, Suite 2700, Chicago, Illinois 60606-1881 | TEL (312) 705-7400 FAX (312) 705-7401

WRITER'S DIRECT DIAL NO.
**(312) 705-7403**

WRITER'S EMAIL ADDRESS
**andrewschapiro@quinnemanuel.com**

March 1, 2021

**VIA EMAIL**

| | |
|---|---|
| Magistrate Judge Michael Hegarty | Special Master Regina Rodriguez |
| Alfred A. Arraj | 1225 17th Street, Suite 2600 |
| United States Courthouse A542 | Denver, CO 80202 |
| Courtroom A501 | Regina.rodriguez@wilmerhale.com |
| Hegarty_chambers@cod.uscourts.gov | |

Re:   *Warner Records et al. v. Charter Communications*, Case No. 19-cv-00874

Dear Judge Hegarty and Ms. Rodriguez:

We write on behalf of Defendant Charter Communications, Inc. ("Charter") in the above-captioned action.

On February 22, 2021, the Court ordered that Charter "produce to [the Court] every hundredth document . . . privileged or not, but mark it 'privileged' if it's privileged." *See* Feb. 22, 2021 Hr'g Tr. 38:21-39:1; Dkt. 384.  In accordance with the Court's Order, Charter has prepared for the Court a sampling of every 100th document[1] from Charter's in-house counsel, Kirill Abramov ("Mr. Abramov"), that was deemed not responsive to Plaintiffs' document requests in this case by Charter's document review team (the "Sample Set").

For the Court's convenience, included with this correspondence is an index of the documents identified during Charter's sampling process that denotes whether a document is "Privileged." Documents that are "Partially Privileged" have been provided to the Court with proposed redactions.  Charter will also provide the Court with courtesy copies of the entire Sample Set.

---

[1]     In certain instances the 100th document was not the parent email that "hit" upon the agreed-upon search terms, but instead, an attachment.  For this reason, several documents from the sample set are logos from email signature blocks (*see, e.g.*, CHARTER_SAMPLE_150, CHARTER_SAMPLE_046, CHARTER_SAMPLE_047) or blank pages (*see, e.g.*, CHARTER_SAMPLE_134).

quinn emanuel urquhart & sullivan, llp
AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Out of the 264 documents in the Sample Set, Charter identified four probable false negatives that were tagged as Not Responsive,[2] the majority of which are privileged. Charter will produce and/or log these documents to Plaintiffs.[3] This represents a false negative rate of less than 1.5% in Charter's overall production of Mr. Abramov's documents. This corresponds to an overall 98.5% rate of recall (the number of responsive documents accurately identified as responsive) that is substantially higher than what is recognized as reasonable by most decisions and industry publications.

The remaining documents are not appropriate for production to Plaintiffs. These documents are entirely unrelated to the matters at issue in this litigation and, thus, could not fall within the scope of Rule 26. By way of example only, and as the Court will see upon its review of the documents, these documents include at least the following categories of material which are unrelated to this case:

- Information impacting the confidentiality rights of third parties, including settlement and license agreements from entirely separate matters (which could potentially require a notice and objection period for each of the third parties prior to disclosure to Plaintiffs' counsel) (*see e.g.*, CHARTER_SAMPLE_071, CHARTER_SAMPLE_093, CHARTER_SAMPLE_137, CHARTER_SAMPLE_222).

- A draft letter from Charter to KPMG, its auditor, summarizing all litigation matters pending for Charter (*see* CHARTER_SAMPLE_192).

- Documents that are personal to Mr. Abramov, not related in any way to his employment at Charter, and inappropriate for disclosure to Plaintiffs, including for example, his daughter's math homework (*see* CHARTER_SAMPLE_007, CHARTER_SAMPLE_194).

In sum, this process confirms that Charter's responsiveness calls have been appropriate and no production to Plaintiffs of unresponsive documents, further challenges, or sampling requests regarding Charter's responsiveness calls are warranted here.

---

[2] These documents include CHARTER_SAMPLE_001 (a version of an email chain that has already been produced to Plaintiffs in redacted form (as CHA_00128570) and logged on Charter's December 2, 2020 privilege log); CHARTER_SAMPLE_066 (which is responsive following the parties' recent meet and confer agreement that Charter would produce documents reflecting any technological mechanisms it considered, in response to Plaintiffs' Request for Production 13), CHARTER_SAMPLE_005; and CHARTER_SAMPLE_037.

[3] The parties agreed they "need not log privileged and/or protected material dated after the claim period, or any documents authored by outside counsel" unless otherwise ordered. *See* Dec. 4, 2019, Sahni Correspondence. For this reason, documents CHARTER_SAMPLE_018 (which is a family member to an email from Winston & Strawn to Kirill Abramov) and CHARTER_SAMPLE_029 (Winston & Strawn email to Kirill Abramov) are not reflected on Charter's privilege log.

Please let us know if the Court requires any further information.

Very truly yours,

*Andrew H. Schapiro*

Andrew H. Schapiro