# Exhibit 9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

|  |  |
|---|---|
| WARNER BROS. RECORDS INC., *et al.,*<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. 19-cv-00874-RBJ-MEH |

**THE RECORDING INDUSTRY ASSOCIATION OF AMERICA'S OBJECTIONS AND RESPONSES TO THE SUPPLEMENTAL SUBPOENA OF DEFENDANT CHARTER COMMUNICATIONS, INC.**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and Local Rule 5.3 of the District of Colorado's Local Rules, the Recording Industry Association of America ("RIAA"), by and through its attorneys, submits its objections and responses to the subpoena of Defendant Charter Communications, Inc. ("Charter").

**GENERAL OBJECTIONS**

1. RIAA objects to Charter's definitions, instructions, rules of construction, and requests for production to the extent they seek to impose obligations other than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the District of Colorado, and any applicable order of this Court. RIAA will interpret and respond to the requests for production in the manner prescribed by the same.

2. RIAA objects to the requests for production as imposing an undue burden or expense on a nonparty in violation of Rule 45.

3.     RIAA objects to the requests for production to the extent they seek information, documents, or things that are equally available to Charter, available from a party to this action, or not in RIAA's possession, custody, or control as those terms are defined in Rule 45.

4.     RIAA objects to these requests as overbroad and unduly burdensome because there is no time limitation in any of the requests. Unless otherwise stated, RIAA will produce responsive documents, subject to its objections, for the period between March 1, 2012 to May 17, 2016.

5.     RIAA objects to the requests for production to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common-interest privilege, or by any other privilege or immunity under federal or state law. The inadvertent production of information that is privileged, was prepared in anticipation of litigation or for trial, or that is otherwise protected from discovery, shall not constitute a waiver of any privilege or any ground for objection, or of the right of RIAA to object to the use of such information during subsequent proceedings.

6.     RIAA objects to the requests for production to the extent they seek confidential or proprietary information pertaining to the businesses, technology, or economic relationships of RIAA without an adequate protective order, as such information shall be disclosed only upon receipt of permission from third parties, if necessary, and as permitted by the Local Rules of the District Court for the District of Colorado and the Federal Rules of Civil Procedure. To the extent RIAA produces confidential documents, it will do so under a protective order.

7.     RIAA's responses to the requests for production will be made without waiver of, and with the intentional preservation of:

        a.     All questions as to the competence, relevance, materiality, privilege, confidentiality, authenticity and admissibility as evidence in any aspect of this or any other legal proceeding;

b.    The right to object on any ground to the use of information or documents, or the subject matter thereof, in any aspect of this or any other legal proceeding;

c.    The right to object at any time to further responses to requests for production on any ground; and

d.    The right to revise, correct, supplement, or clarify the responses and objections propounded herein at any time.

8.    Identification or production of documents or information responsive to any discovery request should not be construed as:

a.    An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

b.    A waiver by RIAA of its General Objections or of the specific objections asserted in response to a specific request for production; or

c.    An agreement that requests for similar information will be treated in a similar manner.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

9.    RIAA objects to the definition of  "RIAA," "You," and "Your" as overbroad, unduly burdensome, not relevant to the parties' claims and defenses, and not proportional to the needs of the case, to the extent it encompasses companies or entities not otherwise related to the matters in this case or information in the sole possession, custody, or control of RIAA's former directors, officers, partners, employees, agents, or representatives.  RIAA further objects to the definition to the extent it seeks information not within RIAA's possession, custody, or control, or information not maintained in the ordinary course of business.

10.    RIAA objects to the definition of "Communication" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition includes "telex" messages, which refers to messages sent on a public switched network of teleprinters that businesses used prior to the adoption of fax machines in the 1980s. RIAA also objects to the

inclusion of "posts on social media platforms or blogs" to the extent they are publicly available and/or equally available or accessible to Charter. Any limited or tangential relevance of such information would be outweighed by the burden of searching an undefined number of social media and blog sites for each and every current and former employee.

11.     RIAA objects to the definition of "Audible Magic" on the basis that it is overbroad, unduly burdensome and disproportionate to the needs of the case in that it includes Audible Magic Corp.'s predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, or consultants.

12.     RIAA objects to the definition of "MarkMonitor" on the basis that it is overbroad, unduly burdensome and disproportionate to the needs of the case in that it includes MarkMonitor, Inc.'s predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, or consultants.

13.     RIAA objects to the definition of the "MarkMonitor System" to the extent that it is broader than the MarkMonitor system used in the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf

14.     RIAA objects to the definition of "Stroz Friedberg" on the basis that it is overbroad, unduly burdensome and disproportionate to the needs of the case in that it includes Stroz Friedberg's predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, or any other person or entity acting or purporting to act, on Stroz Friedberg's behalf.

15.     RIAA objects to the definition of "Harbor Labs" on the basis that it is overbroad, unduly burdensome and disproportionate to the needs of the case in that it includes Harbor Labs' predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past

and present employees, agents, representatives, consultants, or any other person or entity acting or purporting to act, on Harbor Labs' behalf.

16.     RIAA objects that to the definition of "Peer-to-Peer file technologies" on the basis that it is overbroad, unduly burdensome and disproportionate to the needs of the case in that it includes a vast array of purported technologies beyond the peer-to-peer protocols through which infringements at issue in this case were detected.

17.     RIAA objects to the instruction to identify documents that no longer exist and state the details related to the disposition of such documents in writing, and to the instruction to provide an explanation of why a document cannot be produced, as unduly burdensome and to the extent they exceed the requirements of the federal rules of civil procedure and this Court's rules.

18.     RIAA objects to the request for and purported requirements of a privilege log, which exceed the level of detail required by Rule 45(e)(2)(a), and therefore are overbroad and unduly burdensome.

19.     RIAA incorporates by reference the General Objections set forth above in the specific objections set forth below. RIAA may repeat a General Objection for emphasis or other reason. The failure to repeat any General Objection does not waive any General Objection to the request for production. RIAA reserves its right to amend the General Objections or any specific objection.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 49:** All documents, including spreadsheets, databases, or compilations, all communications, and all other things relating to the "Statement of Work – Anti Piracy Services," between RIAA and MarkMonitor signed by RIAA in January 2015, attached hereto as Exhibit 2, including documents, communications, and things relating to the reason(s) for initiation of the project mentioned in Exhibit 2, all reports and documentation received pursuant to Exhibit 2, and

all analyses, investigations, projects, evaluations or other actions arising from or informed by Exhibit 2.

**OBJECTIONS:**

RIAA objects that this request is overly broad, seeks information not relevant to or important in resolving the issues in the action, is unduly burdensome, and is not proportionate to the needs of the case. In particular, RIAA objects to this request to the extent it seeks documents relating to third parties' activities not related to infringement of Plaintiffs' copyrights by Charter or its customers or users, and to the extent it seeks documents not related to the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf.  The burden of requiring a nonparty to search for, review, and produce "all documents" relating to the "Statement of Work – Anti Piracy Services" would outweigh any likely benefit.  RIAA further objects to this request to the extent it seeks the production of information, documents, or things that are duplicative of information, documents, or things that have been produced by other parties.  RIAA also objects that the request is vague and ambiguous, including as to the terms and phrases "compilations," "all other things," "things relating to the reason(s) for initiation of the project mentioned in Exhibit 2," and "all analyses, investigations, projects, evaluations or other actions arising from or informed by Exhibit 2."

RIAA also objects on the basis of attorney-client privilege, the work product doctrine, common-interest privilege, and any other applicable privilege or protection from disclosure, particularly given that the services under the Statement of Work were expressly provided in anticipation of litigation. The documents and information responsive to this request will overwhelmingly be protected from disclosure by privilege, work product protection or other privileges and immunities from disclosure, and therefore it is unduly burdensome and harassing to require RIAA, which is not a party to this litigation, to search for documents responsive to this

request. RIAA further objects on the ground that this request seeks documents that contain information that is highly confidential, proprietary, and/or trade secrets.

**RESPONSE:**

Subject to and without waiving the foregoing objections, RIAA will produce responsive, non-privileged, non-work product documents, if any, that are in RIAA's possession, custody, or control, to the extent located following a reasonable and diligent search, relating to the referenced "Statement of Work – Anti Piracy Services" between RIAA and MarkMonitor.[1]

**REQUEST NO. 50:**  All communications between You and BitTorrent, Inc. as well as associated external and internal communications, documents and things; further including communications with Matthew Mason, Bram Cohen, or any other BitTorrent employee or former employee. For avoidance of doubt, this includes Your July 30, 2015 letter to BitTorrent, Inc. attached as Exhibit 3, any preceding or responsive or follow-on communications with BitTorrent, Inc., any internal documents or communications concerning Exhibit 3, such as communications, documents, or things relating to the reasons Exhibit 3 was sent, the basis for the allegations contained in Exhibit 3, any communications with Your members regarding Exhibit 3, any analyses, investigations, projects, evaluations, or other actions related to Exhibit 3.

**OBJECTIONS:**

RIAA objects that this request is vague, confusing, overly broad, contains multiple requests, seeks information not relevant to or important in resolving the issues in the action, and is not proportionate to the needs of the case. In particular, RIAA objects to this request to the extent it seeks documents relating to third parties' activities not related to infringement of Plaintiffs'

---

[1] The RIAA signature on the referenced Statement of Work was inadvertently dated 2015, rather than 2016, when it was actually signed by both RIAA and MarkMonitor.

copyrights by Charter or its customers or users, and to the extent it seeks documents not related to the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf. RIAA's communications concerning a company (BitTorrent, Inc.) that is not part of this case are irrelevant and have nothing to do with whether Charter should be held liable for infringement on its network.  The burden of requiring a nonparty to search for, review, and produce the proposed discovery would outweigh any likely benefit.  RIAA also objects that the request is vague and ambiguous, including as to the terms and phrases "associated external and internal communications, documents and things," "communications, documents, or things relating to the reasons Exhibit 3 was sent," and "analyses, investigations, projects, evaluations, or other actions related to Exhibit 3."

RIAA also objects to the extent this request calls for documents protected by the attorney-client privilege, the work product doctrine, common-interest privilege, or any other applicable privilege or protection from disclosure. RIAA further objects on the ground that this request seeks documents that contain information that is highly confidential, proprietary, and/or trade secrets.

**RESPONSE:**

Subject to and without waiving the foregoing objections, RIAA will produce responsive, non-privileged, non-work product communications with BitTorrent, Inc. concerning RIAA's July 30, 2015 letter to BitTorrent, Inc., if any, that are in RIAA's possession, custody or control, to the extent located following a reasonable and diligent search.

**REQUEST NO. 51:** All communications between You and the developers of BitTorrent, Gnutella, Ares, or eDonkey protocols, networks, or clients related to efforts to curb copyright infringement on peer-to-peer networks utilizing those protocols, as well as any documents related to those communications.

**OBJECTIONS:**

RIAA objects that this request is overly broad, unduly burdensome, seeks information not relevant to or important in resolving the issues in the action, and is not proportionate to the needs of the case. In particular, RIAA objects to this request to the extent it seeks documents relating to third parties' activities not related to infringement of Plaintiffs' copyrights by Charter or its customers or users, and to the extent it seeks documents not related to the RIAA notice program that resulted in the copyright infringement notices MarkMonitor sent to Charter on Plaintiffs' behalf. The burden of requiring a nonparty to search for, review, and produce the proposed discovery would outweigh any likely benefit. RIAA also objects that the request is vague, ambiguous, and overbroad, including as to the terms and phrase "developers of BitTorrent, Gnutella, Ares, or eDonkey protocols, networks, or clients." BitTorrent, Gnutella, Ares and eDonkey are open source protocols with countless developers and related networks and clients; the identities of such developers are largely unknown and the request fails to identify any of them.

RIAA also objects to the extent this request calls for documents protected by the attorney-client privilege, the work product doctrine, common-interest privilege, or any other applicable privilege or protection from disclosure. RIAA further objects on the ground that this request seeks documents that contain information that is highly confidential, proprietary, and/or trade secrets.

**RESPONSE:**

Subject to and without waiving the foregoing objections, RIAA will not produce documents in response to this request..

Dated:  May 1, 2020

Respectfully submitted,

/s/ Jeffrey M. Gould
Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5TH Floor
Washington, DC 20016
Tel:  202-480-2999
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for the Recording Industry Association of America*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served via Electronic Mail on the 1st day of May 2020, upon counsel of record.

Dated: May 1, 2020

/s/ Jeffrey M. Gould
Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5TH Floor
Washington, DC 20016
Tel:  202-480-2999
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for the Recording Industry Association of America*