IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant

Case No. 19-cv-00874-RBJ-MEH

**PLAINTIFFS' AND THE RECORDING INDUSTRY ASSOCIATION OF AMERICA'S UNOPPOSED MOTION FOR LEAVE TO RESTRICT**

Pursuant to D.C.COLO.LCivR 7.2, Plaintiffs Warner Records Inc., et al., and the Recording Industry Association of America ("RIAA") respectfully move this Court to restrict under Level 1 restriction two exhibits to Charter Communications, Inc.'s Motion to Compel Discovery, ECF No. 438 ("Charter's Motion"); RIAA's and Plaintiffs' Opposition to Charter's Motion ("Plaintiffs' Opposition"); three exhibits to Plaintiffs' Opposition; and two declarations in support of Plaintiffs' Opposition. In support of this Motion, Plaintiffs state as follows:

1.     **Certification Pursuant to D.C.COLO.LCivR 7.1**: Counsel for Plaintiffs and RIAA have conferred with counsel for Charter regarding this Motion. Charter does not oppose this Motion.

*Exhibits to Charter's Motion*

2.     Charter's Motion contains seven exhibits, designated "Exhibit A" through "Exhibit G." This Motion requests that two of those Exhibits, Exhibit C and Exhibit F, be

designated as "Restricted Documents, Level 1" and that access be restricted to the Parties and the Court.

3. Exhibit C is a supplemental privilege log served in this case by RIAA pursuant to a subpoena issued by Charter. ECF No. 438-4.

4. Exhibit F contains a confidential 2018 agreement between Oppenheim + Zebrak (as agent and counsel for certain Plaintiffs in this action and RIAA) and Plaintiffs' antipiracy vendor, MarkMonitor, Inc. ("MarkMonitor"). ECF No. 438-7.

5. Exhibit C and Exhibit F both contain sensitive, confidential information regarding Plaintiffs' and RIAA's antipiracy efforts, including the details of efforts in anticipation of litigation. Disclosure of this information would cause harm to Plaintiffs, RIAA, and MarkMonitor, through the disclosure of the parties' business and litigation strategy and confidential contractual terms. *See, e.g.*, *Rickaby v. Hartford Life & Accident Ins. Co.*, No. 15-CV-00813-WYD-NYW, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (restricting access to commercially sensitive information and proprietary contracts).

6. The risk of harm to Plaintiffs, RIAA, and MarkMonitor outweighs the need for the public to have access to the confidential information in Exhibits C and F. Generally, this information, while harmful in the hands of competitors, is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

7. RIAA and Plaintiffs seek only a Level 1 restriction—the least secretive level of restriction—for Exhibit C and Exhibit F. Other methods of protecting the sensitive information, such as redaction, are not workable here because (1) Section I of Charter's Motion references the substance and content of Exhibit C, and (2) a fulsome understanding of the project described in Section II of Charter's Motion requires access to Exhibit F. Permitting a Level 1 restriction for

these two exhibits is the only method that can adequately protect the sensitive confidential information found in the exhibits.

8. Moreover, though the mere existence of a Stipulated Protective Order is not in itself sufficient to prove that a Motion to Restrict should be granted, Plaintiffs respectfully inform the Court that Exhibit C and Exhibit F to Charter's Motion have both been designated Confidential under the Protective Order entered in this case. ECF No. 63.

*Plaintiffs' Opposition, Exhibits, and Declarations in Support*

9. Additionally, this Motion requests that Plaintiffs' Opposition, three exhibits thereto (Ex. Nos. 2, 4, and 10), and two declarations filed in support of Plaintiffs' Opposition (Declaration of Steve Marks and Declaration of Matthew J. Oppenheim) be designated as "Restricted Documents, Level 1" and that access be restricted to the Parties and the Court, as described more specifically below.

10. Plaintiffs' Opposition contains ten exhibits, designated "Exhibit 1" through "Exhibit 10." This Motion requests that three of those Exhibits, Exhibit Nos. 2, 4, and 10, be designated as "Restricted Documents, Level 1" and that access be restricted to the Parties and the Court, and that with respect to Exhibit 10, Plaintiffs publicly file a version of Exhibit 10 in which discussion of confidential material is redacted.

11. Exhibit 2 is a 2016 Statement of Work that was previously designated under Level 1 Restriction in this case (the "2016 SOW"). *See* ECF No. 266-5; *see also* ECF Nos. 270, 273. Exhibit 2 contains commercially sensitive business information of RIAA and MarkMonitor. Disclosure of this information would cause competitive harm to Plaintiffs, RIAA, and MarkMonitor through the disclosure of the manner and details of MarkMonitor's retention. *See, e.g., Health Grades, Inc. v. MDx Med., Inc.*, No. 11-cv-00520-RM-BMB, 2014 WL

12741068, at *2 (D. Colo. Mar. 28, 2014) ("[T]he redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information.").

12. Exhibit 4 is a December 20, 2011 Master Agreement between RIAA and MarkMonitor. Exhibit 4 contains commercially sensitive business information of RIAA and MarkMonitor. Disclosure of this information would cause competitive harm to Plaintiffs, RIAA, and MarkMonitor through the disclosure of the manner and details of MarkMonitor's retention. *See, e.g.*, *Health Grades*, 2014 WL 12741068, at *2.

13. Exhibit 10 is a chart prepared by Charter that describes privilege-related disputes between the parties and discusses the 2016 SOW and the 2016 download project at issue in Charter's Motion and Plaintiffs' Opposition. Exhibit 10 contains commercially sensitive business information of RIAA and MarkMonitor. Disclosure of this information would cause competitive harm to Plaintiffs, RIAA, and MarkMonitor through the disclosure of the manner and details of MarkMonitor's retention. *See, e.g.*, *Health Grades*, 2014 WL 12741068, at *2.

14. Filed concurrently with and in support of Plaintiffs' Opposition are declarations from Steve Marks (the "Marks Declaration") and Matthew J. Oppenheim (the "Oppenheim Declaration").

15. The Marks Declaration describes and discusses the 2016 SOW. This Motion requests that discussion of the 2016 SOW in the Marks Declaration be restricted to the Parties and the Court, and that Plaintiffs publicly file a version of the Marks Declaration in which discussion of the 2016 SOW is redacted.

16. The Oppenheim Declaration discusses the 2016 SOW and was previously designated under Level 1 Restriction in this case. ECF No. 288-1; *see also* ECF No. 289, ECF

No. 299. This Motion requests that discussion of the 2016 SOW in the Oppenheim Declaration be restricted to the Parties and the Court, and that Plaintiffs publicly file a version of the Oppenheim Declaration in which discussion of the 2016 SOW is redacted.

17. Finally, this Motion requests that discussion of the above-referenced materials in Plaintiffs' Opposition be restricted to the Parties and the Court, and that Plaintiffs publicly file a version of their Opposition in which discussion of the above-listed materials is redacted.

Plaintiffs' Opposition

18. The risk of competitive harm to Plaintiffs, RIAA, and MarkMonitor outweighs the need for the public to have access to Plaintiffs' Opposition, Exhibits 2, 4, and 10 thereto, and the Marks and Oppenheim Declarations in their entirety. Generally, this information, while harmful in the hands of competitors, is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

19. Plaintiffs seek only a Level 1 restriction—the least secretive level of restriction—for these materials. With respect to Plaintiffs' Opposition brief, Exhibit 10, and the Marks and Oppenheim Declarations, Plaintiffs have proposed to redact discussion of the sensitive, confidential information described above. With respect to Exhibit 2 and Exhibit 4, other methods of protecting the sensitive information, such as redaction, are not workable because a fulsome understanding of the 2016 download project described in Plaintiffs' Opposition requires access to these materials in their totality. Permitting a Level 1 restriction for these materials is the only method that can adequately protect the sensitive confidential information found therein.

20. Moreover, though the mere existence of a Stipulated Protective Order is not in itself sufficient to prove that a Motion to Restrict should be granted, Plaintiffs respectfully

inform the Court that Exhibit 2 and Exhibit 4 have both been designated Highly Confidential – Attorneys' Eyes Only under the Protective Order entered in this case. ECF No. 63.

WHEREFORE, Plaintiffs request that this Court restrict Exhibit C and Exhibit F to Charter's Motion, Exhibit Nos. 2 and 4 to Plaintiffs' Opposition, portions of Exhibit 10 to Plaintiffs' Opposition, and portions of Plaintiffs' Opposition, the Marks Declaration, and the Oppenheim Declaration under Level 1 restriction.

Dated: April 21, 2021

/s/ Jeffrey M. Gould
Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Mitchell A. Kamin
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE & FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@williamsweese.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Jeffrey M. Gould*
Jeffrey M. Gould