# EXHIBIT 12

1

```
1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLORADO
2
    Case No. 19-cv-874-RBJ-MEH
3   _____

4   WARNER RECORDS, INC., et al.,

5        Plaintiffs,

6   vs.

7   CHARTER COMMUNICATION, INC.,

8        Defendant.
    _____
9            Proceedings before MICHAEL E. HEGARTY, United

10  States Magistrate Judge, United States District Court for

11  the District of Colorado, commencing 9:35 a.m., on April 29,

12  2021, at in the United States Courthouse, Denver, Colorado.

13  _____

14           WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

15  ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

16  _____

17                           APPEARANCES

18           JEFFREY GOULD, MATT OPPENHEIM and JONATHAN

19  SPERLING, Attorneys at Law, appearing for the

20  Plaintiffs.

21           ANDREW SCHAPIRO, LINDA BREWER, TODD ANTON and

22  CRAIG JOYCE, Attorneys at Law, appearing for

23  the Defendant.

24  _____

25                         MOTION HEARING
```

19

1   and the handful or so -- of the -- you know, the dozen that
2   were added after.
3            THE COURT:  So let me just talk generally -- well,
4   I think, you know, one of the things Andrew said was:  We're
5   not looking for communications or guiding the investigation.
6            Well, the only way to guide the investigation
7   would be to look at documents that were actually between
8   MarkMonitor and somebody else, because "guiding the
9   investigation" means instructions given to Mark Monitor.  So
10  I think the documents we're talking about seems to fall
11  squarely within that.
12           Now, what the legal effect is, Andrew, I don't
13  know.  That's a different story, you know.  Can you have
14  bound yourself back then?  And does that mean that you can't
15  ever change your position?  That's a different story.
16           But I think, at least, it's a fair point that Jeff
17  said it appeared, back in December, that you told the Court
18  these were not what you were looking for.
19           But it -- you know, once you get the report and
20  you have now decided, yeah, you do need those, that's maybe
21  -- that's an argument.  But I don't -- I do like this to be
22  an intellectually honest process.
23           So, I mean, I try to be as open and, you know,
24  vulnerable as I need to be, because I -- it always bugged me
25  arguing before a judge when I knew they had done something

24

1  course here is to look at the documents and we'll -- I'm
2  pledging here, I'm waiting to see the transcript come back
3  in four months.  But, you know, we certainly expect that
4  your ruling will be one that we can live with.
5          You know, the principle, as we said it, I think is
6  clear, that they're -- that the -- the what, when and how as
7  opposed to the why, we should get it.
8          If it's the why, or if it's the attorney saying,
9  Uh-oh, this is going to be a problem for our case or we need
10 that, then we shouldn't get it.  If it's attorney or, in
11 particular, if it's MarkMonitor going back to RIAA saying,
12 You know, we're running into a problem, we can't find these
13 files because there are so many out there that look like
14 them, or whatever it might be, I don't know, obviously
15 that's (inaudible).
16          THE COURT:  Well, Jeff --
17          MR. GOULD:  So, Your Honor --
18          THE COURT:  Yeah, let me ask you this, Jeff.
19          So without me deciding the issue and without you
20 waiving any arguments and everything's already preserved --
21 and I'll even let you put more oral argument if you want,
22 but you've done a great job on paper -- would you be willing
23 to take a stab at scrubbing these things that may be
24 gray-scaling everything that you believe would fit within
25 the exclusion that the defense says is appropriate, because

45

1          MR. SCHAPIRO:  I'm prepared to respond whenever
2   you're ready, Your Honor.
3          THE COURT:  I'm ready.
4          MR. SCHAPIRO:  So, Your Honor, I did -- this is
5   with regard to requests directed to a party.  This is
6   between the parties, the plaintiffs and the defendants, in
7   this case.
8          What we are seeking here are documents from RIAA,
9   not a party and they're within the claim period.  We've both
10  honored this, generally.
11         Now, in the case -- with the case of the ESI, I
12  think, as you'll recall, we had to turn over some documents
13  authored by counsel and pull back the curtain somewhat.  And
14  that makes sense, because there's some circumstances where
15  you say, All right, well, in this circumstance, there's a
16  reason to look behind the curtain.
17         In this case, we -- these are documents that we
18  essentially were seeking from the parties, but the -- from
19  the RIAA, but they don't have them -- sorry, and
20  MarkMonitor.
21         So they don't exist.  So we're down to the people
22  who would have them, which is O&Z.  ==This is -- has nothing==
23  ==to do with what the parties -- we're not asking that==
24  ==communications between O&Z and Sony or O&Z and Universal be==
25  ==logged.==  This is a different species entirely.

51

1          TRANSCRIBER'S CERTIFICATION

2   I certify that the foregoing is a correct transcript to the

3   best of my ability to hear and understand the audio

4   recording and based on the quality of the audio recording

5   from the above-entitled matter.

6

7   /s/ Dyann Labo                       April 30, 2021

8   Signature of Transcriber             Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25