**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

May 3, 2021

WRITER'S EMAIL ADDRESS
andrewschapiro@quinnemanuel.com

Magistrate Judge Michael E. Hegarty
michael_e_hegarty@cod.uscourts.gov

Re: *Warner Records, Inc., et al. v. Charter Communications, Inc.*, 19-cv-00874-RBJ-MEH
Plaintiffs' Request for a 12-Hour Enlargement of Time to Depose Colton Mabb

Dear Judge Hegarty:

Charter objects to Plaintiffs' request to seek 12 hours of deposition time across 2 days for the fact deposition of Charter witness Colton Mabb, an engineer who has assisted Charter in pulling data in the CATS system to respond to Plaintiffs' discovery requests. This request is 5 hours beyond the presumptive limit afforded by Fed. R. Civ. P. 30(d)(1). Plaintiffs must show "good cause" for additional time; they have not done so. *See Carroll v. Acme Truck Line, Inc.*, 2013 WL 2237691, at *1 (W.D. Pa. May 21, 2013); Fed. R. Civ. P. 30 Adv. Comm. notes (2000 Ams.).

At the outset, Charter notes that Plaintiffs' request is untimely. Mr. Mabb's deposition is scheduled for this Friday, May 7.[1] Mr. Mabb has been listed on Charter's initial disclosures since June 2019, and Plaintiffs asked for his deposition on April 2, 2021 without requesting more time. Plaintiffs did not raise this request during the parties' scheduling negotiations, or during the April 14 telephonic conference before the Special Master specifically addressing the date of Mr. Mabb's deposition.[2] Plaintiffs have offered no explanation for this delay.

Plaintiffs have also not established good cause.[3] In their meet-and-confer email, Plaintiffs rely solely on two documents (disclosed over a year ago) that they contend justify a need for more than

---

[1] Plaintiffs first raised this issue the night before the April 29, 2021 hearing on Charter's Motion to Compel (ECF 438). *See* Ex. A. At the hearing, Plaintiffs asked that the parties' letters be submitted simultaneously. The email exchange in Exhibit A provides the sole grounds for the deposition disclosed by Plaintiffs. If Plaintiffs raise any additional grounds in their letter, Charter respectfully requests the right to reply.

[2] At that telephonic conference with the Special Master, Plaintiffs insisted that Charter produce Mr. Mabb earlier than May 14 because Plaintiffs wanted to depose Mr. Mabb in advance of the May 12 deposition of Charter's 30(b)(6) designee on certain topics related to the CATS system, Michael Hanrahan. Accordingly, Charter agreed to produce Mr. Mabb on May 7.

[3] Plaintiffs' two cited cases (Ex. A) are factually and procedurally inapposite. *Payan v. United Parcel Serv.*, 2015 WL 3397943 (D. Utah May 26, 2015), involved the need for additional time for the deposition of the named plaintiff, who was the exclusive source for information related to 800 documents consisting of "personal notes." And the deponent in *McBride v. Medicalodges, Inc.*, 2008 WL 1774674 (D. Kan. Apr. 16, 2008), was "directly involved in the claims" of the employment case because she was the decision-maker with respect to the terminations at issue and therefore had unique knowledge about the facts of three different plaintiffs' employment decisions. Further, the request was made *after* the plaintiffs had attempted to complete the deposition within the time limits, which many courts require as a prerequisite to even considering this type of request. *See, e.g.*, *Pratt v. Archstone Willow Glen Apartments*, 2009 WL 2032469, at *1 (N.D. Cal. 2009); *Benitez v. Lopez*, 2019 WL 1578167, at *1 (E.D.N.Y. Mar. 14, 2019) (similar).

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

7 hours: (1) Charter's April 2020 interrogatory responses, which describe Mr. Mabb as the person most knowledgeable about the "number of Infringement Notices [Charter] received each month" and "customer facing actions Charter took in response" to these notices during the Discovery Period; and (2) Mr. Mabb's declaration from July 2020, which addressed the substantial burdens associated with the collection of Charter's historical data to respond to Plaintiffs' discovery requests. Ex. B (Supp. Resps. to Nos. 13 & 14), Ex. C (7/17/20 Mabb Decl., ¶ 2). These disclosures do not justify a last-minute need to grossly exceed the standard time limitations for depositions under the Federal Rules. Indeed, Mr. Mabb's declaration from July 2020 makes clear that his role related to the collection of data for the purposes of the litigation *differed* from the activities Charter conducts in the ordinary course of business (and thus does not itself justify additional deposition time):

> Extracting extensive data like this dating back many years is not the type of work that Charter does in the normal course of its business. The time I have spent writing the code and running the systems required to provide this data to date has taken hundreds of hours of my time. As noted above, my day to day job responsibilities extend far beyond CATS, including several other ongoing pressing business projects.

Ex. C. Plaintiffs provide no reason why they need two days to ask about an engineer's collection of data to respond to discovery requests. This Court discourages such "discovery about discovery." Dkt. 108, 12/17/2019 Hrg. Tr. at 15:3-9 ("I'm not going to like discovery about discovery").

Further, departure from the 7-hour standard is entirely unnecessary here. In addition to producing Mr. Mabb, Charter also: (1) produced the source code and system manuals for CATS; (2) responded to dozens of informal and formal discovery requests regarding CATS; and (3) agreed to produce the architect of the Charter-specific CATS environment as a 30(b)(6) representative on these topics. That is, Plaintiffs are already getting a separate opportunity, on a **second** day, to depose Charter's 30(b)(6) designee (Mr. Hanrahan) on the **same** issues. Moreover, Plaintiffs have already deposed other Charter employees on the notice program and "customer facing actions," including Laurie Rowlett, Tammy Stewart (where Plaintiffs exceeded the 7-hour time limit without advance permission), and Philip Jones.

Last, Plaintiffs' request for an additional day with Mr. Mabb places unfair burdens on Charter during a month with an already-packed deposition schedule. The parties are currently scheduled to take and defend approximately 20 depositions in 20 business days. To add another day of testimony would disrupt this schedule in a way that is prejudicial to Charter, particularly given that Charter has not requested additional time for any of Plaintiffs' witnesses. "[T]he seven-hour limit imposed by Rule 30(d)(1) encourages efficiency in depositions …. [T]hat [Plaintiffs] wish to develop further areas of inquiry – or explore in greater depth those that were touched upon – is not 'good cause'" for more hours. *Apollo v. Stasinopolous*, 2021 WL 1414090, at *2 (N.D. Ill. Apr. 14, 2021). Charter respectfully submits that the more reasonable approach is what Charter proposed to Plaintiffs in the meet and confer process, which is to allow some flexibility on the day of the deposition (up to 8 hours) in the event the record supports the need for additional time. To do otherwise would discourage efficient questioning at Mr. Mabb's deposition. As an additional compromise, Charter is also willing have Mr. Mabb on standby by telephone during the May 12, deposition of Mr. Hanrahan so that Mr. Hanrahan can verify information with him as needed, to the extent warranted by questioning or truly necessary for the efficient conduct of the 30(b)(6) deposition.

Respectfully submitted,

/s/ *Andrew Schapiro*
Andrew Schapiro