# Exhibit A

**From:** Matt Oppenheim [mailto:Matt@oandzlaw.com]
**Sent:** Friday, April 30, 2021 2:43 PM
**To:** Justine Young <justineyoung@quinnemanuel.com>
**Cc:** Corey Miller <Corey@oandzlaw.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Allison Huebert <allisonhuebert@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Katy Akopjan <katyakopjan@quinnemanuel.com>; Michelle A. Clark <michelleclark@quinnemanuel.com>; Nathan Hamstra <nathanhamstra@quinnemanuel.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>; Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Elkin, Michael <MElkin@winston.com>; Kearney, Thomas <TKearney@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Spitzer, Seth <SSpitzer@winston.com>; Anderson, Sean R. <sranderson@winston.com>; Alvarez, Cesie <CAlvarez@winston.com>; Skopec, Allison <ASkopec@winston.com>; Rosenthal, John <JRosenthal@winston.com>; Moore, Jason <JMoore@winston.com>; Sperling, Jonathan <jsperling@cov.com>; Grigsby, Stacey <sgrigsby@cov.com>; Ehlers, J. Hardy <jehlers@cov.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Rebecca Weissman <Rebecca@oandzlaw.com>; Fields, Michael <mfields@cov.com>
**Subject:** Re: Warner Records Inc. et al. v. Charter Communications, Inc.: Mabb Deposition

**[EXTERNAL EMAIL]**

Justine

We asked for 12 hours because we believe that is the time we will need. We didn't ask for 12 hours in order to engage in a negotiation. We agree that the court should not be burdened by this, but If Charter cannot agree to our fair request, we will have no choice but to ask Judge Hegarty to address the issue.

Matt Oppenheim
Oppenheim + Zebrak, LLP
202-494-4910 (mobile)

> On Apr 30, 2021, at 2:48 PM, Justine Young <justineyoung@quinnemanuel.com> wrote:
>
> Corey,

1

Charter does not agree that a fair deposition of Mr. Mabb requires more than seven hours.  First, Plaintiffs have already deposed several individuals with knowledge of "Customer Facing Actions" that Charter took in response to infringement notices, including Ms. Rowlett, Ms. Stewart, and Mr. Jones.  Second, if Plaintiffs are efficient, seven hours should be sufficient for an examination covering the topic of Charter's CATS system, as well as any additional questioning on the topic of customer facing actions.  Third, the CATS system and customer facing actions in response to notices are relatively discrete topics that do not constitute an "extensive breadth and scope" of matters which might justify a two-day deposition.  We finally note that the two documents you cite (Mr. Mabb's July 2020 declaration and Charter's April 2020 interrogatory response) were disclosed 9 to 12 months ago, but Plaintiffs never requested additional time for Mr. Mabb's deposition during our extensive negotiations regarding the scheduling of depositions, nor at our hearing before the Special Master specifically addressing the date of Mr. Mabb's deposition.  Any request for additional hours should have been raised at that time, not the week before his deposition.

While the standard 7 hours that has applied to all deponents in this case, according to the Federal Rules, is more than sufficient, we are confident that the parties can work this out themselves without troubling the Court with this kind of dispute.  The deposition schedule is already packed, and Charter has not requested any advance commitment to additional deposition hours from Plaintiffs, notwithstanding that there are thousands of works at issue.  To avoid troubling the Court, and in light of the parties' mutual obligations to conduct discovery in a reasonable manner, Charter is willing to allow Mr. Mabb to be deposed for up to eight hours on the record on May 7, which should provide Plaintiffs with plenty of flexibility to ask Mr. Mabb questions on the topics you have raised.  We trust this resolves any unnecessary resort to motion practice.  This offer is being extended as a professional courtesy only, to eliminate the need for motion practice.  If Plaintiffs refuse the offer and file a motion with the Court, we maintain our position that Plaintiffs should abide by the Federal Rules and limit their deposition of Mr. Mabb to 7 hours.

Thanks,
Justine

**Justine Young**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7627 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
justineyoung@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Corey Miller [mailto:Corey@oandzlaw.com]
**Sent:** Wednesday, April 28, 2021 10:17 PM
**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jessica Rose <jessicarose@quinnemanuel.com>; Justine Young <justineyoung@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>; Linda Brewer <lindabrewer@quinnemanuel.com>; Allison Huebert <allisonhuebert@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Katy

2

<2>

<3>
</3>

<4>
</4>

<5>
</5>

<6>
</6>

<7>
</7>

<8>
</8>

<9>
</9>

Akopjan <katyakopjan@quinnemanuel.com>; Michelle A. Clark <michelleclark@quinnemanuel.com>; Nathan Hamstra <nathanhamstra@quinnemanuel.com>; Charter-Copyright-QE <charter-copyright-qe@quinnemanuel.com>; 'Ranahan, Erin' <ERanahan@winston.com>; 'Golinveaux, Jennifer' <JGolinveaux@winston.com>; 'Elkin, Michael' <MElkin@winston.com>; 'Kearney, Thomas' <TKearney@winston.com>; 'Padmanabhan, Krishnan' <KPadmanabhan@winston.com>; 'Spitzer, Seth' <SSpitzer@winston.com>; Anderson, Sean R. <sranderson@winston.com>; 'Alvarez, Cesie' <CAlvarez@winston.com>; 'Skopec, Allison' <ASkopec@winston.com>; 'Rosenthal, John' <JRosenthal@winston.com>; 'Moore, Jason' <JMoore@winston.com>
**Cc:** Sperling, Jonathan <jsperling@cov.com>; Grigsby, Stacey <sgrigsby@cov.com>; Ehlers, J. Hardy <jehlers@cov.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jeff Gould <Jeff@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Kellyn Goler <Kellyn@oandzlaw.com>; Corey Miller <Corey@oandzlaw.com>; Alex Kaplan <alex@oandzlaw.com>; Rebecca Weissman <Rebecca@oandzlaw.com>; Fields, Michael <mfields@cov.com>
**Subject:** Warner Records Inc. et al. v. Charter Communications, Inc.: Mabb Deposition

**[EXTERNAL EMAIL]**

Counsel,

Plaintiffs request additional time beyond the default seven hours to depose Colton Mabb. Mr. Mabb has declared under oath that he is the "only person at Charter that is familiar with and can manage the provision of the data and reports from the CATS system." July 17, 2020 Colton Mabb Decl. ¶ 2. Plaintiffs will thus need to examine Mr. Mabb regarding all of the many CATS-related datasets Charter has produced in the case, which will require significant time due to the number, size and cumbersome nature of those datasets. Further, Charter has claimed in its own interrogatory responses that Mr. Mabb is the person at Charter most knowledgeable about the "infringement notices [Charter] received" and "the Customer Facing Actions . . . [Charter] took . . . in response to the infringement notices . . . ." Def. Charter Comm'ns, Inc.'s Fourth Supp. Responses to Pls.' Second Set of Interrogatories, Nos. 13 and 14.

Accordingly, the extensive breadth and scope of the matters and documents on which Mr. Mabb can uniquely provide testimony necessitate the additional time. *See* Fed. R. Civ. P. 30(d)(1) ("The court ***must*** allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . . ." (emphasis added)); *Payan v. United Parcel Serv.*, 2:14-CV-00400-CW-DBP, 2015 WL 3397943, at *1 (D. Utah May 26, 2015) (four-year period and large quantity of documents produced necessitated additional time beyond seven hours); *McBride v. Medicalodges, Inc.*, 06-2535JWL-GLR, 2008 WL 1774674, at *2 (D. Kan. Apr. 16, 2008) (extending time beyond seven hours to depose a "key player, directly involved in the claims . . . .").

Please let us know whether Charter agrees to make Mr. Mabb available for deposition for 12 hours across two days.

Best,
Corey


--
Corey Miller
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW | Fifth Floor
Washington, DC 20016
202.597.5043 (direct) | 202.480.2999 (main)

3

corey@oandzlaw.com

4