# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WARNER RECORDS, INC., *et al*.,

              Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

              Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

## DEFENDANT CHARTER COMMUNICATIONS, INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

In accordance with Federal Rules of Civil Procedure 26 and 33, Defendant Charter Networks, LLC ("Charter") supplements its responses to Plaintiffs' Second Set of Interrogatories as follows. This supplemental response is made solely for the purposes of this litigation. Charter's investigation into the facts of this case is ongoing and is not yet completed, and Charter therefore reserves the right to further supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court. The supplemental responses are based solely on the information that is presently available and specifically known to Charter.

### CHARTER'S OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Charter objects as follows to Plaintiffs' Definitions and Instructions. To the extent the Definitions or Instructions are incorporated into the requests in Plaintiffs' First Set of Interrogatories, Charter incorporates these Objections as if set forth fully in response to each such request.

1.      Charter objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

2.      Pursuant to Fed. R. Civ. P. 26(b)(2)(B), Charter objects to all Definitions, Instructions, and Requests to the extent that they require Charter to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources on the grounds that such Definitions, Instructions, and Requests would subject Charter to undue burden and expense.

3.      Charter objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information disclosed to Plaintiffs shall be pursuant to a protective order to be agreed upon by and between Charter and Plaintiffs.

4.      To the extent that any Interrogatory, Definition, or Instruction may be construed as requiring Charter to characterize documents or their contents or to speculate as to what documents may or may not show, Charter objects to such Interrogatory, Definition, or Instruction as vague, ambiguous, and calling for legal conclusion and speculation.

5.      Charter objects to the Interrogatories insofar as they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Charter hereby denies any such disputed or inaccurate facts or legal conclusions that are or may be assumed by the Interrogatories, Definitions, or Instructions.

6.      Charter objects to the Interrogatories to the extent they seek information regarding matters that are neither relevant to the claims or defenses of any party nor proportional to the needs of the action.

7.      Charter objects to the Interrogatories to the extent they seek information or documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs or otherwise can be obtained from a source other than Charter (including, but not limited to, information that is currently within Plaintiffs' control).

8.      Charter objects to each Interrogatory to the extent that it is duplicative or redundant of other Interrogatories.

9.      Charter's responses herein, and any associated production of documents in response to the Interrogatories, do not in any way constitute an adoption of Plaintiffs' purported Definitions of words or phrases contained in the Requests. Charter objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure and the Local Rules; and/or (iv) incorporate other purported Definitions that suffer from such defects. Without limiting the breadth and application of these objections, Charter further objects to the Definitions as follows:

10.     Charter objects to the definition of the terms "you," "your," "Charter," and "Defendant" as overbroad and unduly burdensome to the extent it requires Charter to collect information outside of Charter's possession, custody, and control with respect to "predecessors," and "any other person or entity…previously acting or purporting to act on behalf of the defendant."

11.     Charter objects to the definition of "User" as overbroad and unduly burdensome, and as vague and ambiguous, in particular to the extent that it calls for information not in the possession, custody, and control of Charter.

12.     Charter objects to the definition of the term "Infringement Notice" as overbroad and unduly burdensome, vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Charter to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

13.     Charter objects to the definition of the term "Infringing Subscriber" as overbroad and unduly burdensome, vague and ambiguous as it seeks to include subscribers beyond those identified in the Infringement Notices that Plaintiffs sent or were sent on Plaintiffs' behalf. The definition is argumentative and improperly incorporates a legal conclusion. The definition of "Infringing Subscriber" is also ambiguous and overbroad as it incorrectly presumes that the individual or entity identified in an Infringement Notice sent by Plaintiffs, or on Plaintiffs' behalf, was a subscriber of Charter's services.

14.     Charter objects to the definition of the term "DMCA Agent" as argumentative as it improperly incorporates a legal term and/or conclusion.

15.     Charter objects to the definition of "Customer Facing Action" as overbroad and unduly burdensome, vague, and ambiguous, as it includes several undefined terms and concepts. Charter further objects to the definition of "Customer Facing Action" as it requires Charter to speculate as to what action would "adversely affect[] the Subscriber's internet access."

16.     Charter objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Charter to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

17.     Charter objects to the definition of the term "document" as overbroad and unduly burdensome to the extent it calls for the production of "oral," telephonic, conversations and meetings not likely to have been recorded.

18.     Charter objects to the definition of the term "concerning" as overbroad.

19.     Charter objects to the definition of the term "any" as overbroad.

20.     Charter objects to the definition of the term "communication" as overbroad and unduly burdensome to the extent it calls for the production of "oral," telephonic, conversations and meetings not likely to have been recorded.

21.     Charter objects to Plaintiffs' instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Charter other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

22.     Charter objects to Plaintiffs' attempt to define the "relevant time frame" of these requests as spanning the period from January 1, 2010 through May 17, 2016; however, such request is overbroad and unduly burdensome. Unless otherwise specified, Charter will utilize March 1, 2012 through May 17, 2016 as the relevant period for purposes of these discovery requests (the "Discovery Period").

23.     Charter reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of any information produced in response to the Requests at trial in this or any other action for any purpose whatsoever.

24.     Charter hereby incorporates each of the foregoing objections into every response below as though fully set forth therein.

## CHARTER'S OBJECTION TO DISCLOSING PRIVILEGED INFORMATION

Charter objects to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. To the extent that any information protected from disclosure by applicable privilege or immunity is inadvertently provided in response to a Request, that production shall not be deemed a waiver of the applicable privilege or protection, claim of confidentiality, or other objection. Fed. R. Evid. 502(b). Unless and until a protective order between the parties specifies otherwise, if Charter notifies Plaintiffs that it disclosed privileged or protected information inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or rectify the error, Plaintiffs must immediately return the inadvertently produced privileged material to Charter, including any copies. In all events, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. In addition, Plaintiffs must not use such items for any purpose until further order of the Court. In the event that an inadvertent production or identification of information is deemed by this Court to be a waiver of any privilege or immunity, the waiver shall be a limited waiver pertaining to that information only.

## CHARTER'S SUPPLEMENTAL OBJECTIONS AND
## RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES

### INTERROGATORY NO. 13

State the number of Infringement Notices you received each month from January 1, 2010 through May 17, 2016 and identify the person(s) most knowledgeable about such notices since January 1, 2010.

**RESPONSE:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, because it seeks information about works and parties not at issue in this case and for a time period well outside of Plaintiffs' claims period in this case. Charter further

objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' RFP Nos. 2, 3, 4, 11, and 12. Charter further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Charter reserves the right to shift the cost of accessing such information to Plaintiffs. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving its objections, Charter directs Plaintiffs to the documents Bates numbered CHA_00001273 - CHA_00001283, which detail the number of notices Charter received from Plaintiffs and third parties directed at subscribers who received Plaintiffs' notices during the Discovery Period. The person most knowledgeable is Colton Mabb, Senior Software Developer at Charter Communications, Inc.

### INTERROGATORY NO. 14

State the number of Customer Facing Actions, by Customer Facing Action, you took each month from January 1, 2010 through May 17, 2016 in response to the Infringement Notices identified in response to Interrogatory No. 13 and identify the person(s) most knowledgeable about such Customer Facing Actions.

**RESPONSE:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, because it seeks information about works and parties not at issue in this case and for a time period well outside of Plaintiffs' claims period in this case. Charter further objects to this request as vague, ambiguous, and overbroad because of Plaintiffs' use of the term "Customer Facing Action," which, with the present definition, requires speculation. Charter further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Charter reserves the right to shift the cost of accessing such

information to Plaintiffs. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving its objections, Charter directs Plaintiffs to the documents Bates numbered CHA_00001273 - CHA_00001283, which detail the customer facing actions Charter took in response to the notices it received from Plaintiffs and third parties directed at subscribers who received Plaintiffs' notices during the Discovery Period. The person most knowledgeable is Colton Mabb, Senior Software Developer at Charter Communications, Inc.

## INTERROGATORY NO. 15

Identify and describe the manner(s), if any, in which you are able to determine whether your business customers provide your internet service over a public or private network.

**RESPONSE:** Charter objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Charter further objects to this request as vague, ambiguous, and overbroad because of Plaintiffs' use of the undefined terms "public network" and "private network." Charter further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Charter reserves the right to shift the cost of accessing such information to Plaintiffs. Charter reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections, Charter responds that its records do not allow it to determine whether its business customers provide Charter's internet service over a public or private network or both. Although Charter provides certain business customers with services in connection with public WiFi access, it does not know with respect to these customers whether they also use Charter's internet service

for private/secured network communications. Charter does not have any systematic way to determine how its business subscribers configure and use Charter's internet service.

Date: April 10, 2020

By: */s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111
Phone: 415.591.1000
Fax: 415.591.1400
E-mail: jgolinveaux@winston.com

Michael S. Elkin
Thomas Patrick Lane
Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Phone: 212.294.6700
Fax: 212.294.4700
E-mail: melkin@winston.com
E-mail: tlane@winston.com
E-mail: sspitzer@winston.com

Erin R. Ranahan
Shilpa A. Coorg
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Phone: 213.615.1933
Fax: 213.615.1750
E-mail: eranahan@winston.com
E-mail: scoorg@winston.com

Craig D. Joyce
John M. Tanner
FAIRFIELD AND WOODS, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Phone: 303.830.2400
Fax: 303.830.1033
E-mail: cjoyce@fwlaw.com
E-mail: jtanner@fwlaw.com

*Counsel for Defendant*
*Charter Communications, Inc.*

## <u>VERIFICATION</u>

I, Colton Mabb, declare as follows:

I am presently the Senior Software Developer at Charter Communications, Inc., Defendants in the above-captioned matter. I am authorized to make this verification on its behalf.

I have read Defendants' Supplemental Responses to Plaintiffs' Second Set of Interrogatories to Defendants and know its contents. I am informed and believe and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th day of April 2020 in St. Louis, Missouri.

*Colton Mabb*
Colton Mabb

## CERTIFICATE OF SERVICE

I certify that on April 10, 2020 a true and correct copy of the foregoing was served via email on the below counsel of record for Plaintiffs:

Mitchell A. Kamin
Neema T. Sahni
Mark Chen
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
mychen@cov.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson
Benjamin M. Leoni
LEWIS BESS WILLIAMS & WEESE, P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Tel: (303) 861-2828
Facsimile: (303) 861-4017
jferguson@lewisbess.com
bleoni@lewisbess.com

Jonathan M. Sperling
William O'Neill
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
woneill@cov.com

Megan M. O'Neill
COVINGTON & BURLING LLP
850 Tenth Street, NW Washington,
DC 20001-4956
Telephone: (202) 662-6000
moneill@cov.com

/s/ Cesie C. Alvarez
Cesie C. Alvarez