# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

**DECLARATION OF COLTON MABB TO ARTICULATE THE BURDEN REQUIRED TO COMPLY WITH PLAINTIFFS' PROPOSALS FOR REQUEST FOR PRODUCTION NOS. 2 AND 3**

    1.    I am an employee of Defendant Charter Communications, Inc. ("Charter"). I have worked for Charter since 2012, where I started as a Security Specialist I. I was then promoted to Network Security Administrator I & II. My current position is Senior Software Developer. In that role, I manage operations related to the Charter Abuse Tracking System ("CATS"), in addition to other systems and applications at Charter. CATS is a ticketing system used by Charter to process abuse notices of all types, including copyright, spam, malware and identify theft. I have personal knowledge of the facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

    2.    In my role managing operations related to CATS, I am the only person at Charter that is familiar with and can manage the provision of the data and reports from the CATS system, particularly for the historical data from the time period dating back more than eight years (from March 2012 through May 2016) at issue in this case. I am the person who has assisted with all productions from CATS thus far in this case, including related to the RIAA notices and related records, the millions of third party notices and related records, including ticket data relating to

1

millions of RightsCorp notices, and related data from CATS. I have also assisted extensively with writing code to extract millions of work log notes for production. Extracting extensive data like this dating back many years is not the type of work that Charter does in the normal course of its business. The time I have spent writing the code and running the systems required to provide this data to date has taken hundreds of hours of my time. As noted above, my day to day job responsibilities extend far beyond CATS, including several other ongoing pressing business projects.

3. I understand that Plaintiffs take the position that responding to their proposals related to Request Nos. 2 and 3 involve no burden because it would simply require "a data dump" from "a discovery database" where "all they have to do is run a query and pull the data out." 7/15/20 Hr'g. Tr. at 16:24-17:3. That is a very simplistic and misinformed understanding of the work that I have had to do to respond to their requests to date, and would have to do to respond to their proposals regarding Request Nos. 2 and 3. I submit this declaration to describe the very significant burden associated with Plaintiffs' proposals for these requests.

## Request No. 2

4. I understand that Plaintiffs' proposal for Request No. 2 is that Charter should provide *all* available ticket data for all subscribers who received three or more infringement notices during the Claim Period, irrespective of whether they received any notices from the RIAA. Plaintiffs' proposal for RFP 2 would be enormously burdensome both with respect to its magnitude and due to the time period at issue.

5. The dated and curated information sought by Plaintiffs here is not maintained in this manner in CATS. Plaintiffs' proposal for all ticket data for any subscriber with three notices or more notices during the three-year time period would involve tickets related to more than 18

2

million notices. Approximately 13 million of those relate to copyright notices from an entity called RightsCorp, that employed a practice of sending numerous notices, sometimes in very short succession, regarding the same subscriber and the same allegedly infringing file. RightsCorp would in effect flood the CATS system by sending hundreds or even thousands of notices about a particular subscriber for the same work, often within the span of a very short time, sometimes on the very same day.

6. In some instances, Charter's CATS reporting needs can be fulfilled by using our existing dashboard and/or automated reports. Because of the dated time period and curated nature of the data being sought by Plaintiffs, that is not the case here. Instead, Plaintiffs' demands require extensive development effort to fulfill and cannot be obtained through the business reporting tools we have in place.

7. In order to pull documents responsive to this request, I first have to develop and write code for a specialized query. I then have to run and test the code. After I am confident that it will work as planned, I have to run the query, extract the data, and process it into a manageable and useable format for production in the litigation. After the data is translated into a usable format, I quality check the data for any errors that need to be addressed. Running the query to extract the volumes of data at issue in Plaintiffs' proposal requires substantial computer processing resources and time. I estimated that it would take weeks of processing time to extract the data at issue in Plaintiffs' proposal.

8. All together, I estimate that it would take me at least two months to write the code, and extract and quality control and prepare for production the volumes of data responsive to Plaintiffs' proposal for RFP 2.

3

9. I understand that Charter's counterproposal for Request No. 2 would involve the ticket data for those subscribers who received three or more infringement notices during the Claim Period from rights-holders *excluding* Rightscorp.

10. While there is still a very substantial burden involved with producing the records required by Charter's proposal, it is materially less than Plaintiffs' proposal because it would involve 5.7 million notices, instead of over 18 million notices. I estimated that it would still take me approximately a month to write the code, and extract and quality control and prepare for production the data responsive to Charter's proposal to RFP 2 and complete the process described above, which I have to complete in addition to my regular full time job duties.

**Request 3**

11. It is my understanding that Plaintiffs' proposal for Request No. 3 seeks every response by any Subscriber for all subscribers who received three or more infringement notices during the Claim Period, irrespective of whether they received any notices from the RIAA. Though we have already produced this for the Accused Subscribers (those subscribers who received RIAA notices during the claims period), it is my understanding that Plaintiffs now want this for all subscribers, regardless of whether they have received any notices in this case.

12. Request 3 is far more burdensome than Request 2 because it would implicate pulling and analyzing individual .txt files associated with each and every ticket at issue. The greater burden here requires even more time and effort than the ticket data because I would need to search for, extract and analyze individual .txt files for each of the millions upon millions of notices where such communications were available. I estimate that this task would take approximately two months to complete if, in addition to pulling the related ticket data, Rightscorp were included, which would implicate searching for over 18 million text files—13 million more files than if

4

RightsCorp were excluded. I have already extracted any of these available communications for the more than 2 million RightsCorp and other third party notices that were received by the Accused Subscribers. Based upon that experience and what would be required to do this, I estimate that it would take me a minimum of one month to extract and prepare for production all of the correspondence, excluding Rightscorp. This would be prior to the additional burdens associated with redactions related to subscriber identifying information that our attorneys would then undertake based on what I understand to be associated with Charter's obligations to protects its customers' privacy.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 17, 2020 at St. Louis, Missouri.

_____

Colton Mabb

5

AmericasActive:14904204.4