UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*,<br><br>Plaintiffs,<br><br>*v.*<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
UNOPPOSED MOTION TO RESTRICT PLAINTIFFS' LETTER BRIEF**

Pursuant to Local Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully moves this Court to maintain Plaintiffs' July 14, 2021 Letter Brief under Level 1 Restriction. *See* Dkt. 493. In support of this motion, Charter states as follows:

1. **Certificate Pursuant to D.C.COLO.LCivR 7.1(a).** Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this Motion. Plaintiffs do not oppose the relief requested in the Motion.

2. On July 14, 2021, Plaintiffs filed a Letter Brief regarding certain discovery disputes (the "Letter Brief") under Level 1 Restriction. *See* Dkt. 493.

3. The Letter Brief quotes and summarizes at length a number of documents produced by Charter in discovery that reveal Charter's competitively sensitive business information and that were designated as either "Highly Confidential" or "Confidential" under the Stipulated Protective Order in this matter. *See* Dkt. 63. In addition, the Letter Brief describes documents protected by the attorney-client privilege and/or the attorney work product doctrine that were produced pursuant

1

to the Court's order under Federal Rule of Evidence 502(d), *see* Dkt. 321, or were synopsized in Charter's privilege logs.

4. The competitively sensitive business material that is included in the Letter Brief discloses a broad variety of Charter's internal and proprietary business practices, including its management of its abuse tracking systems to address alleged copyright infringement on its networks, its marketing and growth strategies, its administration of internal databases and servers, and its compensation metrics. *See* Dkt. 493, at 2-5. The privileged and protected material included in the Letter Brief is equally expansive and discloses details related to the role of Charter's legal department, its data retention, and details of "legal holds." *See id.* at 6-10.

5. Disclosure of Charter's competitively sensitive business information would cause competitive harm to Charter through the disclosure of details of Charter's abuse tracking technologies, marketing plans, data management, and employee compensation and its business decisions related to the same. *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information"). The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information. The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

6. In addition, disclosure of Charter's privileged and protected material would result in a clear and serious injury—the potential loss of Charter's claims of attorney-client privilege and work product protection over the documents from which the material was taken. Courts in this

2

District recognize that a party's interest in restricting access to privileged material is sufficient to outweigh the presumption of public access.  *See Galena St. Fund, L.P. v. Wells Fargo Bank, N.A.*, 2014 WL 12741154, at *2 (D. Colo. Mar. 10, 2014) (granting motion to restrict access to documents as they were "entitled to restricted access under the attorney-client privilege").

7. Charter has filed on the public docket a version of the Letter Brief, judiciously redacted to protect Charter's competitively sensitive commercial information and privileged and protected material, as **Exhibit A** to this motion.

8. Charter seeks only a Level 1 restriction, the lowest level of restriction.  Permitting a Level 1 Restriction of the Letter Brief is the only method that can adequately protect Charter's competitively sensitive business information and privileged or protected materials as well as avoid potential waiver of Charter's attorney-client privilege and work product protection.  *See In re Qwest Commc'ns Intern., Inc.*, 430 F.3d 1179, 1185 (10th Cir. 2006) ("[T]he confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived." (citation omitted)).

WHEREFORE, Charter respectfully requests this Court maintain Plaintiffs' July 14, 2021 Letter Brief under Level 1 Restriction.  *See* Dkt. 493.

Dated: July 28, 2021

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
Email: melkin@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
Email: eranahan@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
Email: cjoyce@fwlaw.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro
Nathan A. Hamstra
Allison Huebert
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
Email: andrewschapiro@quinnemanuel.com
Email: allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

*Counsel for Defendant
Charter Communications, Inc.*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 28, 2021, I caused a true and correct copy of the foregoing Motion and all exhibits thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro