IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No 19-cv-00874-RBJ-MEH

WARNER BROS. RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

---

## ORDER
---

**Michael E. Hegarty, United States Magistrate Judge.**

    The issue presented is whether Items 2 and 3 on Charter's privilege log were properly withheld. The Court heard oral argument on this matter on July 28, 2021 and ordered supplemental letter briefs that the parties submitted on August 2, 2021.

    Items 2 and 3 were not created at the instruction of or in coordination with counsel. They concern Charter's effort to maintain and/or improve their system of tracking notices of infringement received from the recording industry (an internal database called CATS). Items 2 and 3 have a legend at the bottom that states: Privileged and Confidential; Prepared for the purpose of providing legal advice. The documents have no other internal indication (besides Entry 8 on Item 3 concerning a tangential subject) that Charter legal counsel is involved with or even being apprised of those things described therein.

    This is my impression of Items 2 and 3. Given that their relevant timeframe is early 2012, it does not appear that litigation was in anyone's mind. The documents involve Charter's internal effort to maintain or improve the CATS system, which Charter's counsel Ms. Huebert on July 15 acknowledged is a relevant issue. She also acknowledged that the work of any team within Charter

whose responsibility is to operate the CATS system is an important topic. Plaintiffs have consistently expressed that CATS and Charter's diligence in maintaining it is one of the seminal issues from their perspective.

Every business in this country has a myriad of laws and regulations under which it operates, and complying with those laws and regulations is often, primarily, a routine function of running the business, the vast majority of the time without the necessity of involving lawyers. We are a heavily regulated nation. Therefore, it is not surprising that a company the size of Charter has a team that is responsible for a system such as CATS, and it is not unusual that this team does its work without involving lawyers except when needed.

Charter's letter brief on this issue noted that "documents created by non-attorneys which are made for the purpose of obtaining legal advice are privileged." It cited cases to me which have found that documents that "reflect matters about which the client intends to seek legal advice are protected," and that "[c]ommunications among nonlawyer corporate personnel are protected if the dominant intent is to prepare the information in order to get legal advice from the lawyer." I agree.

As I interpret Items 2 and 3, their dominant intent was to memorialize ongoing efforts of operational personnel to maintain and improve CATS. Standing alone, that is a business-related purpose. Notwithstanding the legend at the bottom, the dominant purpose of the creation of Items 2 and 3 was not to seek legal advice (except with respect to one narrow circumstance described in Entry 8 on Item 3, which can be redacted). Was it in one or more of the team member's minds to seek legal's blessing on their progress or decisions? Perhaps, but even if so, I do not think it fits the intent of the cases cited by either side. This is not like "[m]aterials, transmitted between nonlawyers, that reflect matters about which the client intends to seek legal advice[, which] are comparable to notes a client would make to prepare for a meeting with her lawyer." They are more in the nature of routine business records that someone, in an abundance of caution and as a prophylactic measure, intended to send to an in-house legal department. This is akin to the cases

holding that documents that were not privileged when created do not become privileged by forwarding them to an attorney in search of legal advice.

I understand the privilege designation and believe it was done in good faith. But "[t]he party seeking to assert the attorney-client privilege has the burden of establishing its applicability." *In re Grand Jury Subpoenas*, 144 F.3d 653, 658 (10th Cir. 1998). My review of the caselaw supports the proposition that when legal advice is sought or received but is incidental to considerations of the most prudent actions for the successful operation of the business, the privileged is not established. It is a very close question, but I do not believe the burden of establishing privilege has been met here.

Charter may have five business days to appeal this ruling if it so chooses. Otherwise, the documents should be produced by noon on Friday, August 13, 2021. The Court thanks the parties for their diligent efforts in addressing this issue and responding to the Court's questions.

SO ORDERED.

DATED at Denver, Colorado this 6th day of August, 2021.

                                                   BY THE COURT:

                                                   *Michael E. Hegarty*
                                                   Michael E. Hegarty
                                                   United States Magistrate Judge