UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC. (f/k/a/ Warner Bros. Records, Inc.), *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. 1:19-cv-874-RBJ-MEH |

**MOTION TO REDACT PORTIONS OF
JULY 15, 2021 AND JULY 28, 2021 HEARING TRANSCRIPTS**

Pursuant to this Court's standing order on Notice of Electronic Availability and Redaction of Transcripts and Local Civil Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully requests that the Court redact certain portions of the transcripts of the July 15, 2021 and July 28, 2021 hearings held before Magistrate Judge Hegarty. *See* Dkt. 508, July 15, 2021 Hr'g Tr. (Aug. 7, 2021); Dkt. 509, July 28, 2021 Hr'g Tr. (Aug. 7, 2021). In support of this Motion, Charter states as follows:

1.      **Certification Pursuant to D.C.COLO.LCivR 7.1(a)**: Counsel for Charter made reasonable good faith efforts to confer with counsel for Plaintiffs regarding this Motion. Counsel for Charter contacted counsel for Plaintiffs via email on August 30, 2021. Counsel for Plaintiffs indicated that they needed additional time to provide their position on whether they oppose or consent to the relief requested in the Motion. Charter will update the Court promptly when Charter receives Plaintiffs' position.

1

2. Hearings regarding a variety of discovery disputes were held before Magistrate Judge Hegarty in this matter on July 15, 2021 and July 28, 2021. *See* Dkt. 498, Courtroom Minutes (July 15, 2021); Dkt. 503, Courtroom Minutes (July 28, 2021).

3. This Motion requests that certain pages and lines of the July 15, 2021 Hearing Transcript be redacted from the publicly available transcript and that the full, unredacted transcript be designated under "Level 1 Restriction" such that access is restricted to the Parties and the Court, *see* D.C.COLO.LCivR 7.2(b), specifically pages and lines 7:23-24; 8:2-3, 10-13; 27:23-25; 28:1-2, 6-7, 23-25; 29:1-2, 18-19; 30:19-21; 31:9; 33:11; 38:1, 17-18; 39:5-7; 41:22-23; 43:2-3; 48:2-3; 50:14-15; 68:18-22; 70:8-17; 72:2-3, 16-18; 73:5-6, 23-25; 74:3-9, 14-25; 75:1, 5-6, 13-20; 76:14-18; 78:20-25; 79:1-15; 81:18-25; 82:1, 3-5, 7-8; 84:2-3, 8-15, 21-23; 85:18; 87:2-6; 88:11-14; 90:13-16; 91:11-12; 92:9-10; 97:1-4, 15-25; 98:1-6, 15-25; 102:10-20; 104:13-18; 106:20-22; 108:11-24; 109:8-12, 21-22; 110:4-6, 11-12, 16-17; 111:4-5, 10-11, 22-24; 117:18-20; 118:16-23; 119:1-8, 21; 120:2-10; 121:14-15; 122:13-14; 123:12-17; 125:9-10, 15-18; 130:10-13; 131:1-12; 133:6-8; 136:7-11; 137:7-9; 138:22-25; 139:4-7, 19-21; 140:1-18; 141:8-24; 142:12-17; 142:22-144:25; 146:8-147:9; 148:4-9, 15-20; 149:2-23; 150:8-10, 24; 151:5, 8-9, 15-25; 152:5-25; 153:7-15; 154:12-20; 156:9-24; 157:3-16, 25; 158:1; 161:14-17; 162:3-10; 164:4-11; 165:1-4; 166:22-24; 167:1-14, 17-20; 169:9-10, 24-25; 170:1-3; 173:2-13; 174:6-8, 15-16; 177:5-13; 178:11-22; 179:3-12, 16-20; 180:2-7; 182:4-7; 183:1-21; 187:17-19; 188:10-11; 190:23-25; 191:1-2 (the "July 15 Proposed Redactions").

4. The July 15 Proposed Redactions reveal a variety of Charter's commercially sensitive business information. This includes detailed discussions of Charter's policies and methods for addressing allegations of copyright infringement by its subscribers as well as internal

2

decision-making related to the same; Charter's internal organization as it relates to the same; compensation metrics for Charter's employees; descriptions of Charter employees' responsibilities for implementing Charter's policies and methods for addressing allegations of copyright infringement; Charter's introduction of updated internet infrastructure and Charter's marketing strategies related to the same; Charter's software for tracking allegations of copyright infringement by its subscribers; Charter's practices related to suspending or terminating subscribers' service; and details regarding "legal holds" that Charter implemented, including computer systems Charter used to manage such holds and Charter's retention of data in connection with the same. In many instances, these redactions include summaries of or quotations from documents or deposition testimony that has been marked by Charter as either "Confidential" or "Highly Confidential" under the Stipulated Protective Order in this matter.

5.  This Motion further requests that certain pages and lines of the July 28, 2021 Hearing Transcript be redacted from the publicly available transcript and that the full, unredacted transcript be designated under "Level 1 Restriction" such that access is restricted to the Parties and the Court, *see* D.C.COLO.LCivR 7.2(b), specifically pages and lines 3:18-25; 4:1-4, 21-23; 5:7-23, 6:7-8, 22-25; 7:16-18, 22-25; 8:1-22; 9:4-25; 10:1-8, 15-17; 11:10-24; 12:13-22; 13:15-17; 14:7-25; 15:1, 5-25; 16:1-8, 12-19, 25; 17:1-8, 11, 15-20, 23-24; 18:1-10; 19:20-20:24; 21:11, 15-16, 21-25; 22:1-2; 23:2-22; 24:1-23; 25:5-16, 24; 26:5-17, 21-23; 27:3-5; 29:8-9; 12-19; 32:17; 33:3-12; 34:1-2, 9-21; 35:23-24; 37:10; 39:13-14; 41:16, 19-24; 42:6-11; 43:2-5, 22-23; 68:1-12, 23-25; 69:1-3, 8-23; 70:3-10; 71:4; 74:7-14; 77:7-12; 78:5-12; 118:20-25; 124:4-5, 10-12, 16-21; 125:17-24; 129:2-6, 13-14; 133:23-25; 134:1, 13-25; 135:1-2, 5-8; 139:8-12 (the "July 28 Proposed Redactions").

3

6. The July 28 Proposed Redactions likewise reveal a variety of Charter's commercially sensitive business information. These include detailed discussions of Charter's policies and methods for addressing allegations of copyright infringement by its subscribers as well as Charter's internal organization as it relates to the same; compensation metrics for Charter's employees; Charter's software for tracking allegations of copyright infringement by its subscribers; details regarding "legal holds" that Charter implemented, including computer systems Charter used to manage such holds and Charter's retention of data in connection with the same; and analyses of certain of Charter's documents that the Court found to be privileged. In many instances, these redactions include summaries of or quotations from documents or deposition testimony that has been marked by Charter as either "Confidential" or "Highly Confidential" under the Stipulated Protective Order in this matter.

7. Disclosure of this commercially sensitive business information would cause competitive harm to Charter through the disclosure of confidential details related to Charter's response to allegations of copyright infringement, internal decision-making, employee compensation structure, marketing strategies, management of data in connection with anticipated litigation, and more. *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").

8. The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information. The information would be harmful in the hands of

competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

9. Charter seeks only a Level 1 restriction, the lowest level of restriction. Further, Charter requests that the Court redact only portions of two transcripts, leaving the bulk of the more than 360 pages of material un-redacted. Permitting a Level 1 Restriction of the Proposed Redactions is the only method that can adequately protect Charter's competitively sensitive commercial information.

10. Pursuant to the Court's Guide to Transcript Redaction, counsel for Charter will promptly contact the court reporter regarding this Motion.

WHEREFORE, Charter requests that those pages and lines of the July 15, 2021 and July 28, 2021 Hearing Transcripts, *see* Dkts. 508-509, that are identified in Paragraphs 3 and 5 above be redacted from the publicly available transcripts, and that the full, unredacted transcripts be designated under "Level 1 Restriction," such that access is restricted to the Parties and the Court.

Dated: August 30, 2021

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
Email: melkin@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
Email: eranahan@winston.com

John J. Rosenthal
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20036
(202) 282-5000 (telephone)
(202) 282-5100 (facsimile)
Email: jrosenthal@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
Email: cjoyce@fwlaw.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro
Allison Huebert
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
Email: andrewschapiro@quinnemanuel.com
Email: allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

*Counsel for Defendant*
*Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 30, 2021, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro