## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

     Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

     Defendant

Case No. 19-cv-00874-RBJ-MEH

---

### MOTION TO REDACT PORTIONS OF JULY 28, 2021 HEARING TRANSCRIPT

---

Pursuant to this Court's standing order on Notice of Electronic Availability and Redaction of Transcripts and Local Civil Rule 7.2, Plaintiffs Warner Records Inc., et al. (collectively, "Plaintiffs") respectfully request that the Court redact certain portions of the July 28, 2021 transcript of the hearing held before Magistrate Judge Hegarty. *See* Dkt. 509, July 28, Hr'g Tr. (Aug. 7, 2021). In support of this Motion, Plaintiffs state as follows:

1.    **Certificate Pursuant to Local Civil Rule 7.1(a)**: Counsel for Plaintiffs has conferred with counsel for Charter via email regarding this Motion. Counsel for Plaintiffs contacted counsel for Charter by email on August 30, 2021. Counsel for Charter indicated that they needed more time to provide their position on whether they oppose or consent to the relief requested in the Motion. Plaintiffs will update the Court promptly when Plaintiffs receive Charter's position.

2.　　　A hearing was held in this matter on July 15 and 28, 2021 before Magistrate Judge Hegarty regarding discovery issues raised by the Parties in their respective letter briefs submitted on July 14 and 15, 2021.  *See* Dkt. 503, Courtroom Minutes (July 28, 2021).

3.　　　This Motion requests that pages and lines 111:24–25 and 112:15–20 of the July 28, 2021 Hearing Transcript be redacted from the publicly available transcript, and that the full, unredacted transcript be designated under "Level 1 Restriction," such that access is restricted to the Parties and the Court.  *See* LCivR 7.2(b).

4.　　　The Proposed Redactions reveal certain Plaintiffs' competitively sensitive financial information.  Specifically, at the July 28, 2021 hearing, counsel for Charter quoted on the record numerical figures for the Sony Music Entertainment Plaintiffs' ("SME") annual streaming revenue.  *See* July 28, 2021 Hr'g Tr. 111:24–25 and 112:15–20 (the "Proposed Redactions").  *Id.*

5.　　　Disclosure of this information would cause competitive harm to Plaintiffs through the disclosure of Plaintiffs' annual revenue attributable to streaming.  That information affects the competitive positions not just of SME but of the service providers who pay streaming revenue to SME and who engage in negotiations with other record labels regarding similar services.  *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict access because "the information sought to be redacted constitutes confidential financial information which is competitively sensitive and [] its disclosure would cause competitive harm") .

6.　　　The risk of competitive or financial harm to Plaintiffs outweighs the need for the public to have access to this confidential information because the information contained in the Proposed Redactions would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the Parties.

7.      Plaintiffs seek only a Level 1 restriction, the lowest level of restriction, of only eight lines of a 146-page transcript.  A Level 1 restriction is necessary to protect SME's competitively sensitive information.

8.      Although the existence of a Stipulated Protective Order is not sufficient to demonstrate that a motion to redact should be granted, Plaintiffs respectfully inform the Court that the information summarized within the Proposed Redactions was designated by Plaintiffs as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order in this case.  *See* Dkt. 63, Stipulated Protective Order (Sept. 6, 2019).  Specifically, Plaintiffs produced this information in a document that was designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order in the case.  Plaintiffs also designated deposition testimony regarding this document and the information contained therein, which Charter's counsel also quoted, "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

9.      Pursuant to the Court's Guide to Transcript Redaction, counsel for Plaintiffs will promptly contact the court reporter regarding this Motion.

WHEREFORE, Plaintiffs request that pages and lines 111:24–25 and 112:15–20 of the July 28, 2021 Hearing Transcript be redacted from the publicly available transcript, and that the full, unredacted transcript be designated under "Level 1 Restriction," such that access is restricted to the Parties and the Court.

Dated: August 30, 2021

/s/ Anders Linderot
Jonathan M. Sperling
Phil Hill
Anders Linderot
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com
pahill@cov.com
alinderot@cov.com

Stacey K. Grigsby
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
sgrigsby@cov.com

Mitchell A. Kamin
Neema T. Sahni
J. Hardy Ehlers
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com
jehlers@cov.com

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE & FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@williamsweese.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 30, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Anders Linderot*
Attorney for Plaintiffs