# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. AND COXCOM, LLC.<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of Plaintiffs Sony Music Entertainment et al. (collectively, "Plaintiffs"), Cox Communications, Inc., and CoxCom, LLC (collectively with Cox Communications, Inc., "Defendants"), good cause having been shown, it is hereby ORDERED as follows:

1. **Protected Information**

"Protected Information" means any information of any type, kind, or character that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by any of the producing or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. **Designation Criteria**

   a. *Non-Protected Information.* Protected Information shall not include information that either:

   i. is in the public domain at the time of disclosure;

   ii. becomes part of the public domain through no fault of the recipient;

1

      iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

      iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

   b.    ***CONFIDENTIAL Information.*** A producing party, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or court order, shall designate as CONFIDENTIAL only such information that the producing party in good faith believes in fact is non-public, sensitive or confidential information. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as CONFIDENTIAL. Information and documents that may be designated as CONFIDENTIAL include, but are not limited to, confidential technical, sales, marketing, financial, or other commercially sensitive information. Correspondence and other communications and documents between the parties or with nonparties may be designated as CONFIDENTIAL if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

   c.    ***HIGHLY CONFIDENTIAL Information.***

      i.    ***HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Information.*** A producing party, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or court order, shall designate as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only such information that is particularly sensitive information that the producing party believes in good faith cannot be disclosed without creating a substantial risk of harm to the producing party. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information includes but is not limited to proprietary marketing,

financial, sales, research and development, or technical data/information; or commercially sensitive competitive information, including, without limitation, information relating to future products, strategic or business plans, competitive analyses, artist agreements, personnel files, personal information that is protected by law, settlement agreements or communications, customers' or subscribers' personally identifiable information, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

        ii.      *HIGHLY CONFIDENTIAL – SOURCE CODE Information.* A producing party, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or court order, shall designate as HIGHLY CONFIDENTIAL – SOURCE CODE only non-public computer object code or other executable code or source code or similar programming statements or instructions that in general are converted into machine language by compilers, assemblers, or interpreters.

**3.    Use of Protected Information**

All Protected Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

**4.    Marking of Documents**

Documents provided in this litigation may be designated by any party, or any nonparty producing information or material voluntarily or pursuant to a subpoena or a court order, as Protected Information by marking each page of the documents so designated with a stamp indicating that the information is "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL." In lieu of marking the original of a document, if the original is not provided, the designating party

may mark the copies that are provided. Originals shall be preserved for inspection. Electronic documents and electronically stored information produced natively may be designated by the producing person or by any party as Protected Information by labeling the file name as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," but to the extent such labeling is impossible or impractical, documents and electronically stored information produced natively may be designated as Protected Information by other reasonable means agreed to by and between the producing party and the receiving party in writing. If a hard copy of a document produced natively is used in the case as an exhibit or otherwise the party using it shall mark each page as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Parties requesting production of documents or information from nonparties, whether by subpoena or otherwise, must notify such nonparties of this Order and their ability to designate documents and information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5. **Qualified Person**

"Qualified Persons"

means:

a. For HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information:

   i. attorneys who are not employees of any named party to this action, but who are retained as outside counsel by a named party in connection with this litigation, and their support personnel;

   ii. The following corporate designees (and their support personnel) for the parties, upon execution of Attachment A agreeing to be bound by the terms of this Protective Order:

      1. Wade Leak – Sony Music Entertainment
      2. David Jacoby – Sony Music Entertainment
      3. Julie Swidler – Sony Music Entertainment
      4. Alasdair McMullan – Universal Music Group
      5. Carla Miller – Universal Music Group

4

      6. Jeffrey Harleston – Universal Music Group

      7. Brad Cohen – Warner Music Group

      8. Paul Robinson – Warner Music Group

      9. Nathan Osher – Warner/Chappell Music Inc.

      10. Michael Abitbol – Sony/ATV Music Publishing LLC and EMI

      11. David Przygoda – Sony/ATV Music Publishing LLC and EMI

      12. Peter Brodsky – Sony/ATV Music Publishing LLC and EMI

      13. Jennifer Hightower – Cox Communications, Inc.

      14. Kristen Weathersby – Cox Enterprises, Inc.

      15. Marcus Delgado – Cox Enterprises, Inc.

iii. a party's additional in-house counsel who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this case, but only with the prior written consent of the producing party, which shall not be unreasonably withheld, and upon execution of Attachment A agreeing to be bound by the terms of this Protective Order. In the event the producing party declines consent, the party requesting status as a Qualified Person under this subparagraph may request relief from the Court;

iv. actual or potential independent experts or consultants (and their respective support personnel) engaged in connection with this litigation. Prior to disclosure of any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, such persons must execute Attachment A agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been disclosed in writing by notice to all counsel as a recipient of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information; provided, however, that such persons shall not receive HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information prior to the expiration of the four-day objection period set forth in paragraph 13(b) and resolution of any challenge thereunder. Independent experts or consultants under this paragraph shall not include current employees, officers, directors or agents of parties or affiliates of parties;

v. this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

vi. litigation vendors and court reporters;

vii. any person who was an author or recipient of the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information and who agrees to keep the information confidential.

5

b. For HIGHLY CONFIDENTIAL – SOURCE CODE Information:

   i. attorneys who are not employees of any named party to this action, but who are retained as outside counsel by a named party, and their support personnel;

   ii. actual or potential independent experts or consultants (and their respective support personnel) engaged in connection with this litigation. Prior to disclosure of any HIGHLY CONFIDENTIAL – SOURCE CODE information, such persons must execute Attachment A agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been disclosed in writing by notice to all counsel as a recipient of HIGHLY CONFIDENTIAL – SOURCE CODE information; provided, however, that such persons shall not receive HIGHLY CONFIDENTIAL – SOURCE CODE information prior to the expiration of the four-day objection period set forth in paragraph 13(b) and resolution of any challenge thereunder. Independent experts or consultants under this paragraph shall not include current employees, officers, directors or agents of parties or affiliates of parties;

   iii. this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

   iv. litigation vendors and court reporters.

c. For CONFIDENTIAL Information:

   i. the persons identified in subparagraphs 5(a) and 5(b);

   ii. such officers, directors, or employees of a party who are actively involved in the prosecution or defense of this case,

   iii. any person who was an author or recipient of the CONFIDENTIAL information and who agrees to keep the information confidential; and

   iv. such other person as the parties may designate by mutual agreement or as this Court may designate after notice and an opportunity to be heard.

6. **Source Code**

   a. Any HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location. The source code shall be made available for inspection on a secured computer in a secured room, and the inspecting party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or

recordable device. The designator may visually monitor the activities of the inspecting party's representative during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

    b.    The inspecting party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other paper, or for deposition or trial. The designator shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The receiving party may take notes on a laptop and such notes shall be treated as HIGHLY CONFIDENTIAL – SOURCE CODE information under this Order; provided however that such notes shall be stored in an encrypted manner and may only be unencrypted during their use by a Qualified Person under paragraph 5(b)(i)-(ii). These notes may include file names and path names for files reviewed.

    c.    The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

### 7. Disclosure at Depositions, Hearings and Trial

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, consultants, representatives, or independent experts retained by

counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Protected Information by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition, hearing or trial as Protected Information by notifying all parties in writing not later than 15 days of receipt of the final transcript of the specific pages and lines of the transcript that should be treated as Protected Information thereafter. All deposition transcripts shall be treated as HIGHLY CONFIDENTIAL for a period of 15 days after initial receipt of the final transcript. In the event that expedited disclosure may be required by a party due to an impending deadline regarding preparation of any filing or submission that requires consideration of the Protected Information in question, the concerned party shall negotiate in good faith for a shortened expiration period. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

Any party may also designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL information pertaining to that party which is provided in this suit by non-parties pursuant to requests for production, depositions on written questions or otherwise, by notifying all parties in writing within thirty (30) days after the provision of such information. Upon receiving any such notices, all parties shall mark each page of any documents or copies containing such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (according to the requested designation in the notice) and all such information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL information hereunder.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Protected Information pursuant to this

Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Protected Information is being used or discussed.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Protected Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Protected Information shall have page numbers that correspond to the blank pages in the main transcript.

**8.     Disclosure to Qualified Persons**

Protected Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (and prior to making such disclosure) and shall seek application of this Protective Order or an agreement to treat such information as confidential.

Notwithstanding the restrictions on use in this Order, any party may disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information to (i) any employee of the producer of the information; (ii) any person who authored the information in whole or part; and (iii) any person who received the information before this case was filed. Any party is free to use its own Protected Information for any purpose, and no use by the producing party shall affect or otherwise act as a waiver with respect to the confidential status of that information so long as the Protected Information has not been publicly disclosed.

**9.     Unintentional Disclosures**

Documents unintentionally produced without designation as Protected Information later may be designated and shall be treated as Protected Information from the date written notice of

9

the designation is provided to the receiving party. If a receiving party learns of any unauthorized disclosure of Protected Information, the party shall promptly upon learning of such disclosure inform the producing party of such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 10.     Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as HIGHLY CONFIDENTIAL during inspection. At the time of copying for the receiving parties, Protected Information shall be marked prominently as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party.

### 11.     Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Protected Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Protected Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Protected Information, irrespective of which party produced such information. Nothing herein shall limit in any way a producing party's right to use or disclose its own Protected Information for any purpose.

### 12.     Disclosure in Mediations, Hearing and Trial

CONFIDENTIAL and HIGHLY CONFIDENTIAL information may be disclosed in any mediation, settlement conference, hearings and the trial of this case without any requirement that the mediator, Court, Court officials, those persons impaneled as potential jurors or those persons comprising the actual jury sign any written agreement to be bound by

the terms of this Protective Order. At any public hearing or trial, a party may make requests to the Court to take steps to protect the confidentiality of Protected Information to the extent appropriate and practical.

### 13.   Challenging the Designation

a.   *Protected Information.* A party shall not be obligated to challenge the propriety of a designation of Protected Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Protected Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Protected Information. The designating party shall then have seven (7) days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Protected Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Protected Information.

b.   *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person under Section 5(a)(iv) or 5(b)(ii), or the disclosure of particular Protected Information to a Qualified Person, the objecting party must serve, within four (4) business days of such designation, a written objection to the designation. The parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have eight (8) business days from the date of the designation (or in the event particular Protected Information is requested subsequent to the

designation of the Qualified Person, eight (8) days from service of the request) to move the Court for an order denying the designated person (a) status as a Qualified Person, or (b) access to particular Protected Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to risk of serious harm. Upon the timely filing of such a motion, no disclosure of Protected Information shall be made to the disputed person unless and until the Court enters an order preserving the designation of the person as a Qualified Person.

      c.    *Non-Qualified Persons.* In the event that a party in good faith contends that certain Protected Information should be shared with any non-Qualified Persons, such party may make such request in writing to the producing party. The parties shall first attempt to resolve the request for such exception in good faith. In the event a dispute over a non-Qualified Person's access to Protected Information cannot be resolved informally, the party seeking an exception to allow non-Qualified Person's to access Protected Information may seek relief from the Court. The party seeking such exception shall have the burden of demonstrating that disclosure to the non-Qualified Person is necessary and would not subject the producing party to a risk of serious harm. No disclosure of Protected Information shall be made to a non-Qualified person unless and until the Court enters an order permitting such disclosure.

    **14.**    **Manner of Use in Proceedings / Filing Under Seal**

In the event a party wishes to use any Protected Information in any affidavits, declarations, briefs, memoranda of law, or other papers filed with the Court in this action, the filing party may first request permission from the producing party to de-designate the Protected Information for public filing, if appropriate. In the event the producing party maintains the Protected Information designation, the filing party shall seek an order from the Court to file the

document (or a portion of the document) under seal pursuant to Local Civil Rule 5. Nothing in this Order supersedes or replaces any provision of Local Civil Rule 5.

### 15. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Protected Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 5 (except subparagraph 5(a)(v)-(vi) and 5(b)(iii)-(iv)) shall be returned to the producing party or destroyed, except as the parties may otherwise agree or this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, but such work product shall remain subject to this Order. Counsel are not required to delete information that may reside on electronic back-up systems, to the extent such information is not readily accessible and would be unduly burdensome to locate and remove; however, the parties agree that no Protected Information shall be retrieved from the electronic back-up systems after conclusion of this litigation and any related appeals.

### 16. Ongoing Obligations and Continuing Jurisdiction of the Court

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order. This Court shall retain jurisdiction over the parties and any other

person who has had access to Protected Information pursuant to this Order, in order to enforce the Order's provisions.

### 17. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Protected Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 18. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order. This Order shall be binding upon and inure to the benefit of the parties and their successors-in-interest.

### 19. Inadvertent Production and Waiver of Privileged Documents and Information

In addition to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, the parties agree that the inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity from disclosure shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the producing party promptly notifies the receiving party in writing after discovery of such inadvertent production or

disclosure. Such inadvertently-produced or disclosed documents or information, including all copies thereof, shall be returned to the producing party or destroyed immediately upon request. The receiving party shall also immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information.

No use shall be made of such documents or information in discovery, in deposition, in court filings or at trial. Nor shall such documents or information be shown to anyone, after a request for their return, who is not entitled to have access to them. The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose, summarize, characterize, or otherwise use the content of the inadvertently produced document or information (beyond any non-privileged information sufficient to provide the Court with necessary context to resolve the motion).

20. **Modification and Exceptions**

Any party may seek an order of this Court modifying this Protective Order or granting an exception to it. A party seeking an exception to this Order shall bear the burden of establishing the need for such exception and that the producing party will not be substantially harmed thereby.

It is SO ORDERED this 17TH day of December, 2018.

/s/ JFA
John F. Anderson
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER – Attachment A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**UNDERTAKING OF _____**

I, _____[name], state the following under penalties of perjury as provided by law:

I am _____[position] for _____[employer]. I will be receiving Confidential and/or Highly Confidential information that is covered by the Stipulated Protective Order governing this case and entered by the Court on December \_\_\_, 2018. I have read the Stipulated Protective Order and understand that the Confidential and/or Highly Confidential information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Stipulated Protective Order. I agree to use the Confidential and/or Highly Confidential information solely for purposes of this case. I

16

understand that neither the Confidential and/or Highly Confidential information nor any notes concerning that may be disclosed to anyone that is not bound by the Stipulated Protective Order. I agree to return the Confidential and/or Highly Confidential information and any notes concerning that information to the attorney for the producer of Confidential and/or Highly Confidential information or to destroy the information and any notes at the attorney's request as required by the Stipulated Protective Order.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____

Title:

Date

17