# Exhibit 7

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

Plaintiffs,

v.

COX COMMUNICATIONS, INC. and
COXCOM, LLC,

Defendants.

Case No. 1:18-cv-00950-LO-JFA

**COX'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION *IN LIMINE* NO. 5 TO EXCLUDE PLAINTIFFS' EXHIBIT NUMBER 39**

I.  **INTRODUCTION**

It has already been well-established in the record that in this case Plaintiffs elected not to have their agent MarkMonitor download the allegedly infringing files from subscriber computers in order to make their case of direct infringement. Instead, Plaintiffs are relying on data recorded by ███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████ But, as set forth in great detail in Cox's motion for discovery sanctions and summary judgment papers, Plaintiffs and MarkMonitor simply ████████████████████████████████

██████. As one response to this motion, Plaintiffs have argued that a hard drive which they produced ████████████████████████████████████████████████████████████

████████████ and that they can rely on this hard drive to make their case of direct infringement. The Court should exclude this evidence because Plaintiffs will be unable to lay an adequate foundation that the files on the hard drive are copies of the works in suit. As set forth below, there is no evidentiary basis to link the digital audio files on the hard drive to MarkMonitor, Audible Magic, or any online source. Furthermore, <u>no witness</u> has either listened to all 33,000 recordings on the hard drive or compared them to the works in suit. Indeed, Plaintiffs <u>never</u> produced any reference files that would permit the Court, the jury, Cox to determine that the files on the hard drive match anything at all. And a simple numeric tabulation of the number of files on the hard drive reveals that it is incomplete, ████████████████████████████████████████

████████████ allegedly matched to works in suit by Audible Magic. In short, Plaintiffs cannot show that the hard drive "is what [they] claim[] it is," and therefore the hard drive should be excluded from evidence.

1

### II. RELEVANT FACTUAL BACKGROUND

#### A. Plaintiffs' Production of the Incomplete Metadata Relating to the "Matching" Process

Plaintiffs do not dispute that, rather than pay an agent to download full copies of infringing files from subscriber computers (as BMG hired Rightscorp to do in *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, Case No. 1:14-cv-01611-LO-JFA), Plaintiffs elected from the beginning to cut costs by relying solely on MarkMonitor's records of Audible Magic's "matching" evidence to prove that their works were infringed by Cox's Internet subscribers.[1]

In February and March 2019, Plaintiffs produced two versions of a spreadsheet, one of which was relied upon by its experts to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (the "MarkMonitor Spreadsheet").[2] At set forth in detail in Cox's Motion in *limine* to Preclude Certain MarkMonitor Evidence No. 6, Cox argued that the MarkMonitor Spreadsheet was an incompetent summary inadmissible under Federal Rule of Evidence 1006.

#### B. Plaintiffs' Production of a Hard Drive Purportedly Containing Some of the Allegedly Infringing Files

On or around February 22, 2019, Plaintiffs produced a hard drive that they later claimed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3] Plaintiffs have designated this hard drive as their Trial Exhibit 39 ("PX39"). The files on the hard drive fall into two categories: ▮▮▮▮▮▮▮

---

[1] *See* Ex. 1 (Expert Report of Barbara Frederiksen-Cross at ¶ 5); Ex. 2 (RIAA and MarkMonitor 2013 Statement of Work, RIAA_00000030-44).

[2] Ex. 3 (Frederiksen-Cross Reply Report at ¶ 11); Ex. 4 (Expert Report of George P. McCabe Report, Appendix 2).

[3] Plaintiffs mailed the hard drive via Federal Express on February 22, 2019.

2

 All of the files in the first category have a ▇▇ date of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[5] Plaintiffs did not produce any reference copies of the works in suit at any point in discovery.

### III. LEGAL STANDARD

"The purpose of a motion *in limine* is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Intelligent Verification Sys.*, LLC v. Microsoft Corp., No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015), aff'd sub nom. *Intelligent Verification Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x 767 (Fed. Cir. 2016) (citing *United States v. Verges,* No. 1:13cr222, 2014 WL 559573, at *2 (E.D.Va. Feb. 12, 2014)). The motion *in limine* is a party's avenue to "exclude evidence prior to the commencement of trial." *Palmer v. Big Lots Stores, Inc.*, No. 3:14-CV-276, 2015 WL 165315, at *1 (E.D. Va. Jan. 12, 2015).

### IV. PLAINTIFFS CANNOT LAY AN EVIDENTIARY FOUNDATION FOR THE HARD DRIVE

The admissibility of evidence "rests within the sound discretion of the trial court." *United States v. Capers*, 61 F.3d 1100, 1106 (4th Cir.1995); *see also Palmer*, 2015 WL at *1 (E.D. V.a. Jan. 12, 2015). Pursuant to Federal Rule of Evidence 901, in order to authenticate or identify an exhibit, the proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is," such as testimony of a witness with knowledge. The hard drive cannot

---

[4] Declaration of Thomas Kearney, ¶ 5.
[5] *Id.* at ¶ 8.

3

be admitted as evidence at trial because Plaintiffs cannot produce evidence that would properly identify and authenticate it as containing copies of the works in suit, let alone copies of the works in suit that were sent to Audible Magic for verification, or any downloaded from the internet at the time notices of infringement concerning them were sent to Cox. *See United States v. Willie*, 308 F. Supp. 2d 724, 725 (E.D. Va. 2004) (noting that before "any item of documentary evidence is admitted" the proponent must "lay an adequate foundation for that evidence's admission"); *see also* Fed. R. Ev. 901(a); *PBM Prod., LLC v. Mead Johnson Nutrition Co.*, No. 3:09-CV-269, 2010 WL 56072, at *7 (E.D. Va. Jan. 4, 2010), aff'd sub nom. PBM Prod., LLC v. Mead Johnson & Co., 639 F.3d 111 (4th Cir. 2011) (granting motion to exclude email evidence where evidentiary foundation had not been laid).

First, there is no fact or expert witness who claims to have listened to all the recordings on the hard drive and confirmed that they are  . Plaintiffs' expert, Barbara Frederiksen-Cross, .[6] But her Report .[7] Absent someone with personal knowledge confirming what the audio files are, the link between those files and the works in suit depends on the MarkMonitor Spreadsheet. But, as set forth above, the that spreadsheet is incomplete and unreliable.[8]

---

[6] *See* ECF No. 325-7 at ¶39 (Declaration of Barbara Frederiksen-Cross).
[7] *See generally* Ex. 1 (Expert Report of Barbara Frederiksen-Cross).
[8] Nor is it sufficient for Plaintiffs to simply propose that anyone who wants to can listen and determine that the recordings on the hard drive are copies of the works in suit. Simply dumping

4

Second, even if someone had listened to all of ▮▮▮▮▮▮▮▮▮, they would not be in a position to confirm that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Each recording of a song is a separate work. An auditor of the hard drive files would have no basis on which to distinguish between a work in issue, a studio recording of the same song by the same artist, a subsequent cover of the same song by the same artist, or a concert recording of the same song by the same artist. Cox requested a reference set of recordings of the works in suit during discovery, but Plaintiffs refused. Absent a review of whatever is on the hard drive, there is no basis on which a reasonable juror could conclude that the hard drive recordings match each work in suit.

Third, a review of the drive showing when its files were created or last modified, shows all of them ▮▮▮▮▮▮▮▮▮. ECF 364-1 at ¶¶ 1-8. Whatever they are, the files on the drive ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and therefore cannot be evidence of what files ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Simply listening to something that was not in existence at the relevant time cannot confirm the content of what was in existence at the relevant point in time.

Fourth, the hard drive is not comprehensive. A count of unique files on it shows the number is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Even if jurors wanted to confirm that the MarkMonitor Spreadsheet actually lists all of the works in suit by listening to the hard drive file corresponding to each entry, there would be ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Finally, even if Plaintiffs could show that at least one of the files on the hard drive matches

---

tens of thousands of unanalyzed sound files and telling the Court or the jury to listen to them and determine what they are does not possibly satisfy Rule 901.

5

████ Plaintiffs have taken the position that works are identified by the ████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████. Hence, once again, whatever is on the hard drive it cannot match to notices alleging infringement of all of the disputed works because there are not notices which identify all disputed works.

## V.    CONCLUSION

Based on the foregoing, the Court should exclude Plaintiffs' Trial Exhibit 39 in its entirety and those expert opinions and testimony that rely on it.

Dated: October 19, 2019

                      Respectfully submitted,

                      /s/ Thomas M. Buchanan
                      Thomas M. Buchanan (VSB No. 21530)
                      WINSTON & STRAWN LLP
                      1700 K Street, NW
                      Washington, DC 20006-3817
                      Tel: (202) 282-5787
                      Fax: (202) 282-5100
                      Email: tbuchana@winston.com

                      *Attorney for Cox Communications, Inc.*
                      *and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2019, a copy of the foregoing was served by email to Jeffrey Gould at jeff@oandzlaw.com, by party agreement, due to technical issues with the ECF system.

*s/ Sean R. Anderson*
Sean R. Anderson
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: sranderson@winston.com