# Exhibit 12

1

```
               UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF VIRGINIA
                     Alexandria Division




---------------------------------:
                                 :
SONY MUSIC ENTERTAINMENT, et al.,:
             Plaintiffs,         :
                                 :
    -vs-                         :    Case No. 1:18-cv-950
                                 :
                                 :
COX COMMUNICATIONS, INC., et al.,:
             Defendants.         :
                                 :
---------------------------------:




                     HEARING ON MOTIONS

                     January 25, 2019

        Before:  John F. Anderson, U.S. Mag. Judge
```

APPEARANCES:

Matthew J. Oppenheim, Scott A. Zebrak, Jeffrey M. Gould, and Kerry M. Mustico, Counsel for the Plaintiffs

Thomas M. Buchanan, Jennifer A. Golinveaux, and Sean R. Anderson, Counsel for the Defendants

Norman B. Linnell   OCR-USDC/EDVA   (703)549-4626

68

1  have asked for.
2             THE COURT:  Okay.  So you have provided them with the
3  notices.  What other information have you provided to them that
4  is responsive to their requests relating to MarkMonitor.
5             MR. OPPENHEIM:  So on page 24, Your Honor, we
6  describe -- we either have produced or are going to produce
7  downloads of the unauthorized copies of the copyrighted works
8  infringed by Cox's subscribers.  Documents sufficient to --
9             THE COURT:  What does that have to do with
10 MarkMonitor?  I mean, MarkMonitor says these are the
11 downloaded -- this is what our investigation has resulted in
12 this work having been improperly downloaded.  And then you are
13 providing them with a copy of the downloaded work, right?
14            MR. OPPENHEIM:  It's the evidence that MarkMonitor
15 has captured for purposes of the case.  It's great, they get to
16 play all the music.
17            THE COURT:  Okay.
18            MR. OPPENHEIM:  Documents to show the information
19 concerning the infringement of the copyrighted works in suit by
20 their subscribers.  Documents concerning the reliability of the
21 MarkMonitor system.  Documents relating to Cox's response to
22 receiving infringement notices.
23            All right.  So, we -- MarkMonitor would forward the
24 notice.  We would get responses back from Cox, we have those.
25 And documents concerning the number of infringement notices

69

1  that Cox was taking.
2         So, you know, if there are other search terms and
3  categories, narrowed categories that they want to discuss,
4  happy to have that ESI discussion, Your Honor. I really -- I
5  come back to, I think this isn't the way to do this. We're
6  trying our best.
7         THE COURT: I don't see anything in here that talks
8  about your agreement or relationship -- documents sufficient to
9  describe your relationship with MarkMonitor.
10        MR. OPPENHEIM: One moment, Your Honor.
11        So, Your Honor, it's not listed, but we have agreed
12 and I believe told them in the meet and confer, that the
13 agreement concerning this program with MarkMonitor either has
14 been or will be produced. Okay.
15        So, Your Honor, we actually had a two-step process in
16 our responding to their requests on MarkMonitor. We initially
17 agreed to produce certain documents. We then met and
18 conferred. We then provided a supplemental response and agreed
19 in the supplemental response to provide the six categories
20 here.
21        So the agreement to provide the underlying agreement
22 was in our initial response, not the supplemental response.
23 More detailed than Your Honor probably wanted.
24        THE COURT: Okay. Mr. Buchanan, what --
25        MR. BUCHANAN: Just briefly, Your Honor. The

70

1  plaintiffs at no time indicated that they were going to give us
2  the contractual documents regarding MarkMonitor either as to
3  this case or to other matters.
4          We think it's important that we -- you know, they
5  listed the eight search terms here that they are utilizing,
6  which they came up with those for the first time in their
7  opposition.
8          And again, my question at the inception was as to the
9  four categories of documents that we've identified in our reply
10 brief, were they going to search for those?  And if they are,
11 then we don't have an issue.
12         But, for example, MarkMonitor may have been using a
13 system to detect infringement with regard to Cox that was
14 different than what they used for, say, the other CAS members
15 or other ISPs that they were hired by the plaintiffs to
16 investigate.  We think that's significant.
17         In their search terms they should search for all
18 communications about Cox.  I am sure there is discussion about
19 Cox in there with regard to MarkMonitor as to that we didn't
20 join CAS, and then they're going to go looking for us, and they
21 are going to come at us, and here is what you should do, here
22 is what you should look at.  All those sort of comments about
23 Cox, why they are pursuing Cox and nobody else.  You know, the
24 effort they took the means, they took, those discussions are
25 relevant.

73

1    THE COURT: Well, on this one -- and again, I really
2  try not to do this very often, but I think this is another one
3  in which I think other than making it clear that I am requiring
4  a production of the documents that are sufficient to show the
5  relationship between MarkMonitor and each individual plaintiff.
6    So again, I don't know -- you know, we have a number
7  of different plaintiffs here. And so, if there are individual
8  agreements with MarkMonitor or understandings.
9    But, you know, there has to be some documents that
10 are sufficient to show the relationship, which would be I think
11 probably 156 is the one that -- the relationship agreements,
12 not all communications, but the relationships and agreements
13 between the plaintiff and MarkMonitor. So --
14   MR. OPPENHEIM: I am sorry, can I ask -- I feel like
15 I am always getting --
16   THE COURT: It's like your contractual obligation. I
17 mean, if you signed a contract with them, if you have a written
18 agreement, if you have an understanding, you know, a letter
19 agreement that says you're going to do this, we will pay you
20 this, you provide me with these services, these are your
21 obligations, these are my obligations, that kind of agreement
22 or description of the relationship between MarkMonitor and your
23 clients.
24   MR. OPPENHEIM: As it respect -- with respect --
25   THE COURT: With respect to --

74

1  MR. OPPENHEIM:  -- to the program at issue in this
2  case.
3  THE COURT:  -- the program at issue in this case,
4  right.
5  MR. OPPENHEIM:  Very well, Your Honor.
6  THE COURT:  All right.  The other issues I think are
7  really at this point more of a moving target than something
8  that I can deal with.  I mean, I think they are doing the
9  search.  They again need to be transparent in what they are
10 producing as far as the results of the search terms and what it
11 is that they are and aren't producing as a result of those
12 search terms.
13 And if there is a need to, you know, I -- they have
14 at least indicated in their opposition some of the search terms
15 that they are having.  I didn't hear that you have actually
16 suggested anything more to them at this point in time.  But you
17 all are going to need to talk about that one some more before I
18 do that.
19 So other than the documents specifying, which I don't
20 think are included in items 1 through 6 in the opposition on
21 page 24, obviously they need to produce what they agreed to
22 produce in this opposition, including the information that goes
23 beyond the 2012-2014 range for the reliability or issues, plus
24 the agreement and relationship.  Okay?
25 MR. BUCHANAN:  The next component, Your Honor, is a

87

C E R T I F I C A T E   of   T R A N S C R I P T I O N

I hereby certify that the foregoing is a true and accurate transcript that was typed by me from the recording provided by the court.  Any errors or omissions are due to the inability of the undersigned to hear or understand said recording.

Further, that I am neither counsel for, related to, nor employed by any of the parties to the above-styled action, and that I am not financially or otherwise interested in the outcome of the above-styled action.

/s/ Norman B. Linnell

Norman B. Linnell

Court Reporter - USDC/EDVA

Norman B. Linnell   OCR-USDC/EDVA   (703)549-4626