**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| WARNER RECORDS INC. *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DECLARATION OF ELYSE D. ECHTMAN IN SUPPORT OF MOVANT COX
COMMUNICATIONS, INC.'S MOTIONS TO INTERVENE AND TO MODIFY THE
PROTECTIVE ORDER**

I, Elyse D. Echtman, hereby declare:

1. I am a partner at the law firm Orrick, Herrington & Sutcliffe LLP, attorneys for Cox Communications, Inc. on its motions in this action. Orrick also represents Cox in the appeal of a nearly identical action brought by Plaintiffs, *Sony Music Entertainment et al. v. Cox Communications, Inc. et al.*, Case No. 1:18-cv-00950-LO-JFA (E.D. Va.), *appeal pending*, No. 21-1168 (4th Cir.) ("*Cox*").

2. I submit this declaration, pursuant to 28 U.S.C. § 1746, in connection with Cox's Motion to Intervene for Purposes of Modifying the Protective Order and Cox's Motion to Modify the Protective Order. I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

3. On July 31, 2018, Plaintiffs filed suit against Cox, alleging claims identical to those asserted here, namely contributory infringement and vicarious liability based on alleged infringement by internet service provider subscribers of Plaintiffs' works through peer-to-peer networks, such as BitTorrent.

1

4. In December 2019, after a three-week trial, a jury awarded Plaintiffs $1 billion in statutory damages. In January 2021, after the Court resolved Cox's post-trial motions, judgment was entered on that verdict.

5. In the *Cox* litigation, there was an evidentiary dispute concerning a hard drive that, according to Plaintiffs, contained files proving Cox subscribers' direct infringement of Plaintiffs' works. As explained in Cox's motions, Cox believes, based on certain public filings and statements on the record in this case, that Plaintiffs failed to disclose information in the *Cox* litigation that bears on material aspects of the contents of the hard drive and the process that produced it. Cox believes that this nondisclosure, coupled with Plaintiffs' use of the hard drive at trial, warrants relief from the judgment in the *Cox* litigation under Federal Rule of Civil Procedure 60(b)(3).

6. Through its Motion to Modify the Protective Order in this case, Cox seeks access to certain materials (the "Rule 60 Materials," enumerated *infra* ¶ 10) that it believes, based on the public record in this case and background knowledge acquired from the *Cox* litigation, will support its anticipated Rule 60 motion.

7. The deadline for Cox's Rule 60 motion is January 12, 2022, under Rule 60(c)(1).

8. On September 14, Cox sought consent from Charter (a) to intervene in this action for purposes of seeking relief under the Protective Order and (b) to modify the protective order in order to obtain the Rule 60 Materials. Charter has advised that it has no position on the motions.

9. On September 9, I sent an email to Plaintiffs' counsel seeking to meet and confer on Cox's prospective motions to (a) intervene in this action for purposes of seeking relief under the Protective Order and (b) modify the protective order in order to obtain the Rule 60 Materials. In that email message, I provided a list of the materials sought by Cox in connection with its motions. We held a meet and confer by telephone with Plaintiffs' counsel on September 10 at

which I and my colleague Rachel Shalev explained the basis for the motions and responded to questions from Plaintiffs' counsel. Following the telephone conversation, we shared our proposed order on the motions. During the telephone conversation, we requested a response from Plaintiffs with their position on the motions by Wednesday, September 15, at the latest. Plaintiffs' counsel represented that they would get back to us by September 17. On Friday, September 17, Plaintiffs' counsel responded with additional questions concerning the motions. I responded by email on September 19, further explaining the basis for the motions and again requesting Plaintiffs' position by close of business on September 20. Plaintiffs responded at close of business on September 20 with additional questions concerning specific record citations in support of Cox's anticipated Rule 60 motions—that is, not pertaining to the specific relief Cox requests here. Over the course of these communications, Cox provided ample information for purposes of the meet and confer process, including (i) a list of materials sought; (ii) the proposed order; (iii) the statutory basis for the intervention request; (iv) the purpose for seeking the materials; and (v) the basis of Cox's anticipated Rule 60 motion in the *Cox* litigation, and also provided Plaintiffs with ample time to consider the relief sought. Plaintiffs have declined to communicate a position on the motions.

10. The Rule 60 Materials consist of the following:

| Rule 60 Materials |
|---|
| The *Charter* Hard Drive, including the packet capture data. |
| A directory of the *Charter* Hard Drive. |
| The Hash Report. |
| Expert Reports and Rebuttal Reports regarding the 2016 Project. |
| Deposition(s) of RIAA witness(es) and exhibits cited therein relating to 2016 Project and/or relied upon by the expert opinions regarding the 2016 Project. |
| Deposition(s) of MarkMonitor witness(es) and exhibits cited therein relating to 2016 Project and/or relied upon by the expert opinions regarding the 2016 Project. |

3

| **Rule 60 Materials** |
|---|
| Deposition(s) of Plaintiffs' witness(es) and exhibits cited therein relating to 2016 Project and/or relied upon by the expert opinions regarding the 2016 Project. |
| Deposition(s) of Audible Magic witness(es) exhibits cited therein relating to 2016 Project and/or relied upon by the expert opinions regarding the 2016 Project. |

11. I have conferred with Winston & Strawn, in its capacity as Cox's lead trial counsel in the *Cox* litigation, with respect to discovery productions made by Plaintiffs in that action. Cox's trial counsel has represented that none of the Rule 60 Materials (or materials similar to them) were produced in discovery in the *Cox* litigation.

12. If granted leave to intervene and to modify the *Charter* Protective Order, Cox, through counsel, would seek to coordinate with Plaintiffs, Charter, and the relevant third parties to identify the specific deposition transcripts, expert reports, and other materials sought herein. Cox is prepared to agree to maintain the confidentiality of these materials under the *Cox* Protective Order or any other necessary restrictions.

13. True and correct copies of documents cited herein are attached hereto. For ease of reference those exhibits are as follows:

| **Exhibit Number** | **Document** |
|---|---|
| 1 | *Charter* ECF 63 ("*Charter* Protective Order") |
| 2 | *Cox* ECF 58 ("*Cox* Protective Order") |
| 3 | *Cox* ECF 669, Verdict Form |
| 4 | *Cox* ECF 723, Judgment |
| 5 | *Cox* ECF 535, Oct. 24, 2019 Hearing Transcript Excerpt |
| 6 | *Cox* Trial Transcript Excerpt |
| 7 | *Cox* ECF 488, Plaintiffs' Omnibus Memorandum in Opposition to Cox's Motions *in Limine* Numbers 1-10 |
| 8 | *Cox* ECF 539, Cox's Reply Memorandum of Law in Support of Its Motion *in Limine* No. 5 to Exclude Plaintiffs' Exhibit Number 39 |

| | |
|---|---|
| 9 | *Cox* ECF 590, Order |
| 10 | *Charter* ECF 287-1, Declaration of Matthew J. Oppenheim ("Oppenheim Decl.") |
| 11 | *Charter* ECF 436, *Order on Pending Motions/Objections (2)* |
| 12 | *Cox* ECF 93, Jan. 25, 2019 Hearing Transcript Excerpt |
| 13 | Defendants Cox Communications, Inc.'s and CoxCom, LLC's First Set of Requests for Production, dated November 19, 2018 ("Cox's RFPs") |
| 14 | Plaintiffs' Objections and Supplemental Responses to Defendants Cox, Inc. and CoxCom, LLC's First Set of Request for Production, dated January 10, 2019 |
| 15 | *Cox* ECF 75, Defendants' Memorandum of Law in Support of Their Motion to Compel |
| 16 | *Cox* ECF 82, Plaintiffs' Memorandum of Law in Opposition to Defendants' Moton to Compel |
| 17 | *Charter* ECF 400, Feb. 23, 2021 Hearing Transcript Excerpt |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of September, 2021 in New York, New York.

*/s/ Elyse D. Echtman*
Elyse D. Echtman

5