IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No 1:19-cv-00874-RBJ-MEH

WARNER RECORDS INC, et al.,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER LEVEL 1 RESTRICTION PORTIONS OF PLAINTIFFS' OPPOSITION TO COX COMMUNICATION'S MOTIONS TO INTERVENE AND MODIFY PROTECTIVE ORDER**

    Pursuant to Local Rule 7.2, Plaintiffs in the above-captioned matter respectfully move for leave of this Court to file under Level 1 Restriction an unredacted version of Plaintiffs' Opposition to Cox Communication, Inc.'s ("Cox") Motion to Intervene and Motion to Modify Protective Order (ECF Nos. 521-522) (the "Opposition"). In support of this motion, Plaintiffs state as follows:

    1.    **Certification Pursuant to D.C. Colo. L. Civ. R 7.1(a)**: Counsel for Plaintiffs has conferred with counsel for Cox and defendant Charter Communications, Inc. ("Charter") regarding this Motion. Both Cox and Charter have indicated that they do not oppose the relief requested in this Motion.

    2.    The Opposition discusses the terms and details of a Highly Confidential contract, dated January 29, 2016, between the Recording Industry Association of America ("RIAA") and MarkMonitor, Inc. (the "2016 SOW"), which Cox references in its motions and which this Court

previously ordered to be filed under Level 1 restriction. *See* ECF No. 273 ("ORDER granting 270 Unopposed Motion for Leave to Restrict, by Judge R. Brooke Jackson on 10/20/2020").

3. Pursuant to the Court's Order at ECF 273, Charter filed the 2016 SOW under Level 1 Restriction at ECF No. 268 in connection with a prior motion.

4. Cox received a copy of the 2016 SOW during discovery in the *Sony v. Cox* case, as Cox explained in its motion to modify the protective order in this case. See Memorandum in Support of Cox's Motion to Modify the Protective Order at 6 (ECF 522-1).

5. This Motion requests that discussion of the 2016 SOW in the Opposition be designated under "Level 1 Restriction," that access be restricted to the Court, Parties, and Cox (because Cox already has access to this document), and that Plaintiffs publicly file a version of the Opposition in which discussion of the 2016 SOW is redacted.

6. The 2016 SOW contains commercially sensitive business information of Plaintiffs' agent, RIAA, and RIAA's antipiracy vendor, MarkMonitor. Disclosure of this information would cause competitive harm to Plaintiffs, RIAA, and MarkMonitor through the disclosure of the manner and details of MarkMonitor's retention and scope of work. *See, e.g., Health Grades, Inc. v. MDx Medical, Inc.*, 11–cv–00520–RM–BMB, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) ("the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").

7. The risk of competitive harm to Plaintiffs, RIAA, and MarkMonitor outweighs the need for the public to have access to this confidential information. Generally, this information, while harmful in the hands of competitors, is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

8. Plaintiffs seek only a Level 1 restriction—the least secretive level of restriction. Further, Plaintiffs seek to redact only the Opposition's discussion of the 2016 SOW, and to publicly file the rest of the Opposition. Permitting a Level 1 Restriction for the discussion of the 2016 SOW is the only method that can adequately protect the competitively sensitive confidential information found in the 2016 SOW.

9. Moreover, though the mere existence of a Stipulated Protective Order is not in itself sufficient to prove that a Motion for Leave to Restrict should be granted, Plaintiffs respectfully inform the Court that Plaintiffs have designated the 2016 SOW as Highly Confidential – Attorneys' Eyes Only under the Protective Order in this case. ECF No. 63.

WHEREFORE, Plaintiffs respectfully request leave of this Court to file an unredacted version of the Opposition under Level 1 Restriction.

Dated: October 19, 2021

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

*/s/ Matthew J. Oppenheim*

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE &
FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@williamsweese.com

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Matthew J. Oppenheim*
Matthew J. Oppenheim

4