**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| WARNER RECORDS, INC., *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC. <br><br> Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**COX COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF MOTION TO INTERVENE FOR PURPOSES OF MODIFYING THE PROTECTIVE ORDER**

Proposed Intervenor Cox Communications, Inc. respectfully submits this reply in further support of its motion to intervene for purposes of modifying the protective order. Cox concurrently is submitting a reply in further support of its motion to modify the protective order.

**I.     Plaintiffs Do Not Refute Cox's Showing That Plaintiffs Committed Discovery Violations.**

The basis for Cox's motions to intervene and to modify the protective order is straightforward, sensible, and—after Plaintiffs' response—largely unrefuted. Cox suffered a $1 billion judgment in a nearly identical action. After entry of that judgment, Cox discovered, based on public filings in this action, that Plaintiffs wrongfully withheld material information in discovery, in violation of a court order and their own representations, that bears on foundational aspects of Plaintiffs' copyright infringement case. Consequently, Cox intends to file a motion under Federal Rule of Civil Procedure 60(b) to challenge the judgment. In support of that motion, Cox seeks access to materials showing that Plaintiffs mischaracterized certain *Cox* trial evidence, all of which was wrongfully withheld in *Cox*, but produced here, often pursuant to motions to compel that this Court granted in recognition of the materiality of the information. Rather than reopening discovery in *Cox* to duplicate those efforts, Cox seeks access to these relevant materials here. *See* ECF 521-1 at 1-6; ECF 522-1 at 1-7.

1

Plaintiffs deride what they call "frivolous allegations of fraud" and purport to "vigorously dispute them." ECF 535 at 2-3. But they decline to address the substance of those allegations. For purposes of these motions, therefore, it is undisputed that Plaintiffs promised in *Cox* to produce "the evidence that MarkMonitor ha[d] captured for purposes of the case," ECF 521-14 (*Cox* Jan. 25, 2019 Hr'g Tr. at 68:14-20), yet did not produce PCAP data that, per public filings here, MarkMonitor captured precisely to show "when and where each of the audio files on the drive was downloaded" from peer-to-peer networks, ECF 521-12 (*Charter* ECF 287-1, Oppenheim Decl. ¶ 9). Further, Plaintiffs do not dispute that *they* (or their agent, the Recording Industry Association of America) failed to produce their 2016 Statement of Work with MarkMonitor when the *Cox* court ordered them to produce "documents that are sufficient to show the relationship between MarkMonitor and each individual Plaintiff." ECF 521-14 (*Cox* ECF 93, Jan. 25, 2019 Hr'g Tr. at 73:1-5). Plaintiffs quibble that a copy of that agreement was produced months later by third party MarkMonitor, but fail to explain how that possibly excuses their noncompliance with court-ordered disclosure.

Plaintiffs also do not contest that all of this unproduced evidence went straight to the heart of a foundational issue in *Cox*: The nature and contents of the hard drive Plaintiffs used, and their own expert repeatedly relied upon, to purportedly demonstrate the required element of direct infringement. *See* ECF 521-1 at 2-3. Nor do they challenge Cox's showing that Plaintiffs leveraged the gaps they had created in the discovery record to misrepresent that the hard drive's contents were downloaded contemporaneously with infringement, when in fact they were apparently downloaded years later—an issue going to both the admissibility and weight of the evidence on the hard drive. *See id.* at 3-4; ECF 522-1 at 8-9.

In short, the basis for Cox's Rule 60 motion is substantiated and entirely unrebutted here. Accordingly, the only question before this Court is whether a party to Lawsuit A can intervene in Lawsuit B to obtain access to materials upon a showing that the materials (a) demonstrate the falsity of trial testimony in Lawsuit A, (b) were wrongly withheld in Lawsuit A, and (c) are necessary to providing a full record on a procedurally proper Rule 60 motion.

Plaintiffs never address this question. Instead, their principal claim is that the "procedural posture" of the *Cox* litigation categorically forecloses the relief Cox seeks. ECF 535 at 1. Their rationale is that Cox "had ample notice and opportunity to take the discovery it seeks from this Court" and that the *Cox* case is now on appeal. *Id.* But that argument collapses on its manifestly false premise: Far from squandering an "ample notice and opportunity" to obtain the Rule 60 materials, Cox sought them, obtained a court order requiring their disclosure, and was thwarted by Plaintiffs' violation of discovery obligations—a showing Cox made in great detail in its motions and supporting declaration and that Plaintiffs make no attempt to refute. Plaintiffs cannot simultaneously decline to address their discovery violations and then base their entire argument on the premise that the violations did not happen.

Beyond their fundamentally mistaken premise, Plaintiffs invoke a host of inapposite cases and meritless objections. Because these arguments largely pertain to the motion to modify the protective order itself, as opposed to the motion to intervene, Cox addresses them in its reply in support of the modification motion. *See* ECF 542. We address below Plaintiffs' limited objections to intervention for purposes of seeking discovery. But the bottom line for both motions is the same.  Plaintiffs offer no cogent reason to continue to hide materials produced to Charter in a virtually identical action, pertaining to the exact same issue that was litigated in *Cox*, and that will be used in *Cox* for a procedurally proper litigation purpose.

3

## II.     Plaintiffs' Timeliness Objection To Cox's Intervention Is Meritless.

Plaintiffs do not dispute that Cox has standing to pursue intervention, *see* ECF 521 at 7-8, and they concede "for purposes of Cox's request to intervene … that this case and the *Cox* case include some overlapping questions of law or fact," ECF 535 at 7. Plaintiffs' only objection to intervention itself is that the motion is untimely, ECF 535 at 12, because one of the "public disclosures that allegedly put [Cox] on notice of" Plaintiffs' breach of its discovery obligations in *Cox* was a November 9, 2020 declaration from Plaintiffs' counsel. *Id.* (citing ECF 521-12, *Charter* ECF 287-1, Oppenheim Decl.). They criticize Cox for "wait[ing] at least 10 months to act." *Id.*

Plaintiffs are wrong. The Tenth Circuit has made clear that "[t]imeliness is to be determined from all the circumstances." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). And the "most important circumstance" is whether the timing of the intervention will "prejudice…the adjudication of the rights of the existing parties." *Id.* Where, as here, intervention is sought "for the sole purpose of challenging a protective order," *id.*, there is little chance that intervention will delay or interfere with adjudication of any party's rights. Cox explained that in its motion, ECF 521 at 9, and Plaintiffs do not disagree.

In any event, Cox acted promptly. While Plaintiffs point to their disclosures on November 9, 2020, they neglect to mention the hearing before this Court on February 22-23, 2021, ECF 521-19 (*Charter* ECF 400), and the ensuing motion practice that concluded in the spring, ECF 521-13 (*Charter* ECF 436, Order on Pending Motions/Objections (2)), at which the bases for Cox's anticipated motion came into sharper focus. Moreover, Cox timed its motion near the end of discovery in this action, after most discovery issues were litigated, so that it could avoid burdening the parties and court with piecemeal requests to modify the protective order. The timing of this motion thus minimizes the sort of prejudice relevant under *United Nuclear*. Plaintiffs' objection on this ground is therefore meritless.

## CONCLUSION

Cox respectfully requests that the Court permit it to intervene in this action for the limited purpose of modifying the Protective Order to obtain a narrow set of discovery material that is essential to its anticipated Rule 60 motion in the *Cox* action.

Dated: October 26, 2021

Respectfully submitted,

*/s/ Elyse D. Echtman*
Elyse D. Echtman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
Tel: (212) 506-5000
Fax (212) 506-5151
eechtman@orrick.com
*Counsel for Movant*
*Cox Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2021, I caused the foregoing document and supporting materials to be filed electronically with the Clerk of the court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered within CM/ECF.

*/s/ Elyse D. Echtman*
Elyse D. Echtman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
Tel: (212) 506-5000
Fax (212) 506-5151
eechtman@orrick.com