## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

WARNER RECORDS, INC., *et al.*

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.

    Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

### COX COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF
### MOTION TO MODIFY THE PROTECTIVE ORDER

Cox respectfully submits this reply in further support of its motion to modify the protective order. The operative standard is whether "any tangible prejudice to the party opposing modification … outweighs the benefits of modifications." *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1272 (10th Cir. 2010). That standard is fully satisfied here, where there is no prejudice to Plaintiffs and ample benefits to modification. Cox has demonstrated a good faith, legitimate need for the material: to confirm that Plaintiffs engaged in misconduct in parallel litigation that resulted in a $1 billion judgment. This is no mere "attempt to re-open discovery." ECF 535 at 2. It is a bona fide effort to ensure "the just … determination" of a case with enormous stakes. *Merrill Scott*, 600 F.3d at 1272 (alteration in original) (citation omitted).

Plaintiffs have not rebutted the *prima facie* showing that they committed serious misconduct, or that the materials Cox seeks here would assist the *Cox* court in adjudicating the forthcoming Rule 60 motion. Nor have they identified any prejudice that might outweigh Cox's legitimate interest in accessing the protected materials. The Court should grant the motion.[1]

**I. Substantial Benefits Flow From Modifying The Protective Order.**

---

[1] The modification motion is timely for the same reason the motion for intervention is timely. *See* ECF 541 at 4.

1

Modifying the protective order in the limited manner Cox requests would permit Cox to present, in connection with its Rule 60 motion to the *Cox* court, a full record of Plaintiffs' misconduct. As Plaintiffs acknowledge, it is for "the *Cox* court" to "rule" on the Rule 60 motion. ECF 535 at 2. Modifying the protective order will help Cox provide the *Cox* court with the necessary record to do just that.

Plaintiffs' primary argument against modification rests on the false premise that the only legitimate basis for modification is avoiding duplicative discovery. None of Plaintiffs' authorities restricts modification to that fact pattern. *United Nuclear Corporation v. Cranford Insurance Company*, 905 F.2d 1424 (10th Cir. 1990), certainly does not. It merely recognizes one benefit of modification—the one presented in that particular case: avoiding repetitive discovery. Indeed, the Seventh Circuit case on which *United Nuclear* relied, *Wilk v. American Medical Association*, 635 F.2d 1295, 1300 (7th Cir. 1980), asks broadly whether the party seeking modification is "a bona fide litigant who needs access for bona fide litigation purposes." Plaintiffs' other authority speaks in similar terms. *E.g.*, *Carbajal v. Warner*, No. 10-cv-02862-REB-KLM, 2015 WL 1945129, at *4 (D. Colo. Apr. 28, 2015) (referring generally to the "interests of collateral and other litigants in the disclosure of [protected] material"); *In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig.*, No. CV 16-4686, 2018 WL 5303326, at *2 (E.D. Pa. Oct. 24, 2018) (asking "whether the information is being sought for a legitimate purpose or an improper purpose" (citation omitted)).[2]

---

[2] *In re Zostavax* denied modification, not because it was sought in connection with a Rule 60 motion, but because the movant offered "no specifics" and "articulated no basis" for its Rule 60 "fishing expedition." 2018 WL 5303326, at *2. By contrast, Cox has supplied substantial evidence—so far unrebutted—to support its anticipated Rule 60 motion. That specific, well supported basis distinguishes this case from *Holmes v. UPS, Inc.*, No. 04-2315-KHV-DJW, 2006 WL 1642719 (D. Kan. Feb. 16, 2006), where the intervenors wanted to use the protected information for unspecified reasons in the event they overturned the judgment on appeal.

Cox has a bona fide interest in the materials it seeks here. The materials will confirm Cox's substantively unrebutted allegations that Plaintiffs violated discovery orders in *Cox*, enabling them to get away with material misrepresentations at trial. *See* ECF 541 at 1-3. Those are well-recognized grounds for relief under Rule 60. *See, e.g.*, *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) ("[A]n adverse party's failure, either inadvertent or intentional, to produce [ ] obviously pertinent requested discovery material in its possession is misconduct under the meaning of Rule 60(b)(3)."). If anything, Cox's interest in seeking the material here to support its Rule 60 motion is greater than a typical collateral litigant's interest in avoiding duplicative discovery. The latter serves efficiency goals; the former ensures a miscarriage of justice does not go unredressed.

In any event, there *is* duplicative discovery to avoid and efficiency to further (*contra* ECF 535 at 9) because discovery *is* permitted in support of a Rule 60(b)(3) motion. *See Bowie v. Maddox*, 677 F. Supp. 2d 276, 285 (D.D.C. 2010) (discovery "to further develop … claims of fraud" may be permitted in support of a Rule 60(b)(3) motion where the plaintiff "demonstrates a colorable claim of fraud"). Contrary to Plaintiffs' suggestion (ECF 535 at 1, 9), Cox's pending appeal does not prevent the *Cox* court from ordering that discovery or otherwise resolving Cox's Rule 60 motion. The district court may issue an indicative ruling on the motion while the appeal is pending and the Fourth Circuit may issue a limited remand to permit the district court to grant it. *See* Fed. R. App. P. 12.1; *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999).

Finally, Plaintiffs misconstrue *United Nuclear*. That case does not dictate that the close of pre-trial discovery in *Cox* precludes modification of the protective order here. ECF 535 at 9. *United Nuclear* simply observes that modification cannot be sought "*merely* to subvert limitations on discovery in another proceeding." 905 F.2d at 1428 (emphasis added) (citation omitted). In other words, and as *AT&T Corp. v. Sprint Corporation*, 407 F.3d 560, 562 (2d Cir. 2005) (cited at ECF

3

535 at 9) illustrates, a collateral litigant cannot obtain discovery from Lawsuit B for the *sole* reason that discovery has closed in Lawsuit A (or is otherwise shielded from disclosure). That is not why Cox seeks the material here. And it would be especially strange to hold that the close of pre-trial discovery in *Cox* precludes modification in this case, when it was *Plaintiffs'* misconduct that resulted in discovery ending without production of the material Cox seeks. Plaintiffs, not Cox, were the ones that subverted discovery. Cox isn't seeking a "second bite at the apple," ECF 535 at 12; Cox never got its first bite at the discovery Plaintiffs were ordered to produce.

## II. There Is No Prejudice To Plaintiffs.

Plaintiffs have not identified any meaningful prejudice to them from the modest modification of the protective order Cox seeks.

As Cox has explained, Plaintiffs suffer no prejudice from allowing Cox to access materials Plaintiffs were already required to disclose. ECF 522-1 at 8-9. Plaintiffs offer no substantive response to the charges of discovery violations, insisting instead it is for the *Cox* court to adjudicate them. But denying modification would make it more difficult for the *Cox* court to do so. (It also obviously would make it harder for Cox to make its motion.) By contrast, granting modification would in no way impede Plaintiffs' legitimate efforts to defend against the Rule 60 motion.

Plaintiffs next claim they will be prejudiced by "policing access to the confidential information disclosed in the present case." ECF 535 at 13. But Cox agrees to abide by the terms of the protective orders in this case and *Cox*, so there is no confidentiality to police. ECF 522-1 at 9-10. Nor should there be any "disputes about what is appropriate for disclosure, or how it is used." ECF 535 at 13. Cox has already specified a narrow set of materials relevant to a discrete topic— namely, the 2016 Project—and there is no mystery about how it will be used. It will be used to support Cox's Rule 60(b) motion, as described in Cox's prior filings. Even if there were "judgment calls," *id.*, they should be easy to make, given the near-identical nature of the parties, third parties,

4

and issues in the suits and the largely parallel protective orders. For that same reason, this Court should have no concern about granting Cox access to the Hash Report—the only material Plaintiffs claim is protected work product. Cox is similarly situated to Charter and has the same "substantial need," *id.*—something Cox would have shown had Plaintiffs logged the document in *Cox*.

Finally, there is no risk to the "finality" of judgments or "judicial resources" writ large. ECF 535 at 14. Rule 60(b) motions—particularly those premised on fraud—are rare, and rightly so given how grave they are. When modifications are sought for vague or frivolous Rule 60 motions, courts can and do easily screen them out. *See, e.g.*, *In re Zostavax*, 2018 WL 5303326. The far greater threat is permitting parties to hide their misconduct behind protective orders.

## CONCLUSION

Cox respectfully requests that the Court grant Cox's motion to modify the protective order.

Dated: October 26, 2021

Respectfully submitted,

*/s/ Elyse D. Echtman*
Elyse D. Echtman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019
Tel: (212) 506-5000
Fax (212) 506-5151
eechtman@orrick.com
*Counsel for Cox Communications, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2021, I caused the foregoing document and supporting materials to be filed electronically with the Clerk of the court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered within CM/ECF.

*/s/ Elyse D. Echtman*