# EXHIBIT 2

# EXHIBIT G

```
 1              UNITED STATES DISTRICT COURT
 2               FOR THE DISTRICT OF COLORADO
 3
 4
     WARNER RECORDS INC. (F/K/A        )
 5   WARNER BROS. RECORDS, INC.), ET   )
     AL.,                              )
 6                                     )
              PLAINTIFFS,              )
 7                                     ) CASE NO.
                 VS.                   ) 19-cv-00874
 8                                     ) RBJ-MEH
     CHARTER COMMUNICATIONS, INC.,     )
 9                                     )
              DEFENDANTS.              )
10   _____)
11
12
13             * * * ATTORNEYS' EYES ONLY * * *
14
15              REMOTE PROCEEDINGS OF THE
16           VIDEOTAPED EXPERT DEPOSITION OF
17                  GEORGE STRONG, JR.
18               FRIDAY, OCTOBER 15, 2021
19
20
21
22   JOB NO.  4848551
23   REPORTED BY KIMBERLY EDELEN,
24   CSR. NO. 9042, CRR, RPR.
25   PAGES 1 - 260
```

Case No. 1:19-cv-00874-RBJ-MEH Document 540-54 filed 10/25/20 USDC Colorado pg 4 of 101

1  please state your name and the firm you represent.
2          MS. GRIGSBY:  Stacey Grigsby of Covington &
3  Burling representing the plaintiff.  I'm joined by
4  Anders Linderot, as well as Elizabeth Archer, also
5  of Covington & Burling.
6          MR. EISEMAN:  David Eiseman from Quinn
7  Emanuel on behalf of defendant Charter
8  Communications.  With me is Dylan Scher, and I
9  believe my colleague Todd Anten may join later.
10         THE VIDEOGRAPHER:  Thank you.
11         THE REPORTER:  Do the parties stipulate the
12 court reporter may swear in the witness remotely?
13         MR. EISEMAN:  Yes.
14         MS. GRIGSBY:  Yes.
15         THE REPORTER:  Mr. Strong, would you raise
16 your right hand, please.
17         You do solemnly swear the testimony you're
18 about to give shall be the truth, the whole truth
19 and nothing but the truth?
20         THE WITNESS:  I do.
21         THE REPORTER:  Thank you.
22
23                       EXAMINATION
24 BY MS. GRIGSBY:
25   Q    Good morning, Mr. Strong.

1    A    These are updates to prior exhibits that I
2    had prepared in the last day or two.
3    Q    And so when you say that these are updates
4    to the last exhibits, for the record, are those the
5    same papers that were served on plaintiffs at
6    5:20 p.m. Eastern time yesterday?
7         MR. EISEMAN:  Well, let me just -- because
8    I don't know if Mr. Strong knows that, but I will
9    represent that they are the same papers that were
10   served yesterday at that time.
11   BY MS. GRIGSBY:
12   Q    And you just testified that you prepared
13   those updated papers in the last few days.  When
14   were you asked to provide updated exhibits and work
15   papers?
16        MR. EISEMAN:  Objection as to form.
17        THE WITNESS:  I didn't -- I wasn't asked to
18   do that.  I asked my team to do that and informed
19   the attorneys and they decided to send them to you.
20   That's the way I understand it worked.
21   BY MS. GRIGSBY:
22   Q    When did you ask your team to update the
23   work papers and exhibits from your rebuttal and
24   second rebuttal reports?
25   A    Well, as recently as yesterday morning,

Case No. 1:19-cv-00874-RBJ-MEH Document 544 Filed 10/25/20 USDC Colorado Page 6 of 101

1  some of them, but most of them were the day before.
2  So the last -- last two days.
3    Q   Why did you ask your team to update your
4  rebuttal and second rebuttal reports?
5    A   Well, I -- as I was doing a review of my
6  report in preparation for this deposition, there
7  were certain aspects of it that I thought needed
8  clarification or would benefit from, you know, a
9  clarification.
10        MS. GRIGSBY:  Plaintiffs object to the
11 provision of these materials well past the close of
12 the -- well past the disclosure deadline, and we
13 have a standing objection to the reliance on any of
14 these materials in the case and specifically during
15 this deposition.
16        So I just want to get that on the record.
17        MR. EISEMAN:  Yeah.  And, obviously, you're
18 free to state whatever objections you want.  We
19 disagree with how you've characterized the documents
20 that Mr. Strong provided to us and that we provided
21 to you yesterday.
22        Mr. Strong is prepared to answer any
23 questions you have about those documents today and
24 we encourage you to ask him anything you want.
25        MS. GRIGSBY:  And, again, for the record,

ATTORNEYS' EYES ONLY

Page 11

1  we object to any reliance given the fact that they
2  were provided less than 24 hours prior to
3  Mr. Strong's deposition, and we have a standing
4  objection.
5           We do not believe we were provided the
6  papers during the deadline for expert discovery.
7  And in any event, even if it were not untimely,
8  which they are, we have not been provided sufficient
9  time to consult with our own experts or our own
10 expert teams to review them.  So we're going to have
11 that standing objection.
12          And we dispute your characterization that
13 we were given ample opportunity to -- to examine
14 this witness on these materials.
15 BY MS. GRIGSBY:
16    Q    Okay.  So other than these work papers and
17 updated exhibits, do you have any other materials
18 with you today, Mr. Strong?
19    A    No.
20    Q    So just in -- very generally, you
21 understand that you are under oath today, correct?
22    A    I do.
23    Q    And during this deposition, I will be
24 asking questions.  If at any time my question is
25 unclear, then I'm happy to repeat the question.  But

Case No. 1:19-cv-00874-RBJ-MEH Document 544-12 filed 10/25/21 USDC Colorado pg 8 of 101

ATTORNEYS' EYES ONLY

Page 220

1  So necessarily, we're in the internet only
2  category, but all of the internet isn't contributing
3  the value to the internet.  And I use -- in this
4  case I use a midpoint of an estimate done by
5  Sandvine as to what the BitTorrent percentage of
6  internet is over this time.  Okay.

1       Q    And, again, are you able to testify today
2    and explain the methodology for customer value in
3    gains to Charter without resort to those materials
4    that we were provided yesterday?
5       A    Well, only if I exclude the 7 percent
6    explicit calculation.  But I believe that the
7    7 percent calculation is useful.
8       Q    So is the answer yes or no?
9            MR. EISEMAN:  Objection as to form.
10           THE WITNESS:  Yeah.  The -- the answer is I
11   can't fully testify if I believe that 7 percent
12   ought to be included explicitly in the calculation.
13   So the answer is no.
14   BY MS. GRIGSBY:
15      Q    So is it your -- so are you telling me that
16   the methodology for customer value and gains to
17   Charter before apportionment in this rebuttal report
18   which is Exhibit 314 and the second rebuttal report
19   which is 315 is incomplete?
20           MR. EISEMAN:  Objection as to form.
21           THE WITNESS:  I believe -- yeah.  I believe
22   the 7 percent should be added to it.  In other
23   words, you should take 7 percent off the number
24   you're looking at on Exhibit 5A2.
25   \\\

ATTORNEYS' EYES ONLY

Page 222

1  BY MS. GRIGSBY:
2     Q   So you do not feel that you can give me a
3  complete answer unless you rely or resort to the
4  materials that were provided to plaintiffs yesterday
5  in order to respond to questions concerning the
6  gains to Charter in customer value; is that correct?
7         MR. EISEMAN:  Objection to form,
8  mischaracterizes the witness' testimony.
9         THE WITNESS:  Yeah, I --
10        MS. GRIGSBY:  I'm asking.
11 [REDACTED]
12 [REDACTED]
13 [REDACTED]
14 [REDACTED]
15 [REDACTED]
16 BY MS. GRIGSBY:
17    Q   Well, again, I'm just asking you, without
18 resorting to that -- those particular materials,
19 what your answers are.  And again, whenever you feel
20 like your answer is either incomplete or you cannot
21 provide an answer without resort to the materials,
22 please let me know.
23        Okay.  So let's go to Paragraph 84, again,
24 which is on Page 31.
25    A   Okay.

ATTORNEYS' EYES ONLY

Page 268

1  STATE OF CALIFORNIA      )
2  COUNTY OF LOS ANGELES    )   ss.
3
4      I, Kimberly A. Edelen, C.S.R. No. 9042, in and
5  for the State of California, do hereby certify:
6      That prior to being examined, the witness named
7  in the foregoing deposition was by me duly sworn to
8  testify the truth, the whole truth and nothing but
9  the truth;
10     That said deposition was taken down by me in
11 shorthand at the time and place therein named, and
12 thereafter reduced to typewriting under my
13 direction, and the same is a true, correct and
14 complete transcript of said proceedings;
15     That if the foregoing pertains to the original
16 transcript of a deposition in a Federal Case, before
17 completion of the proceedings, review of the
18 transcript { } was {X} was not requested.
19     I further certify that I am not interested in
20 the event of the action.
21     Witness my hand this 20th day of October,
22 2021.
23
24                    [signature]
                      KIMBERLY A. EDELEN, C.S.R. NO. 9042
25