IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF PUBLIC ENTRIES FROM U.S. COPYRIGHT OFFICE'S COPYRIGHT CATALOG**

Pursuant to Federal Rule of Evidence 201(b), Plaintiffs request that the Court take judicial notice of the copyright registration information contained in eleven public entries in the U.S. Copyright Office's Copyright Catalog ("Copyright Catalog"). The Copyright Catalog is the Copyright Office's public database of "registrations and records for all works dating from January 1, 1978, to the present." Copyright Office Circular 23, *The Copyright Card Catalog and the Online Files of the Copyright Office*.[1] As detailed below, judicial notice of this information is appropriate, and required under Federal Rule of Evidence 201(c)(2), because (1) facts contained in publicly-available, government records qualify under Rule 201(b), as the Court has previously recognized; and (2) Plaintiffs have provided the Court the necessary information to grant judicial notice.

---

[1] Available at https://www.copyright.gov/circs/circ23.pdf.

**I.      Legal Standard**

Under Rule 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Qualifying sources include publicly-available government records, such as a federal registry. *Clappier v. Flynn*, 605 F.2d 519, 535 (10th Cir. 1979); *O'Hanlon v. AccessU2 Mobile Sols., LLC*, No. 18-CV-00185-RBJ-NYW, 2019 WL 1081079, at *6 n.5 (D. Colo. Jan. 22, 2019) (Jackson, J.) ("tak[ing] judicial notice of information from the United States Patent and Trademark Office's Public Patent Application Information Retrieval System ('PAIR')" relating to assignment of rights in patent).

The court "*must take* judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added).

**II.     Public Entries from the Copyright Catalog Must Be Judicially Noticed.**

Like the records in the U.S. Patent and Trademark Office's Public Patent Application Information Retrieval System—which this Court judicially noticed in *O'Hanlon v. AccessU2*, 2019 WL 1081079, at *6 n.5[2]—the Copyright Catalog is a source of public, government information "whose accuracy cannot reasonably be questioned." Accordingly, courts across the country consistently take judicial notice of Copyright Catalog records under Rule 201(b). *See, e.g.*, *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 808 (7th Cir. 2009) (taking judicial notice of registration information from Copyright Catalog and noting the "district court

---

[2] *See also Strobel v. Rusch*, 431 F. Supp. 3d 1315, 1326 (D.N.M. 2020) (attaching printout of trademark registration from court's own search of the official USPTO website and taking judicial notice "because the record 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'").

was incorrectly persuaded by [defendant] that it could not"); *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (holding that "[t]he district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry"); *Sony Music Entm't v. Cox Commc'ns, Inc.*, No. 1:18-CV-950-LO-JFA, ECF No. 467 (E.D. Va. Oct. 18, 2019) (taking judicial notice of registration information in Copyright Catalog for hundreds of works).[3]

Like the physical certificates of registration of which they are a record, the Copyright Catalog entries identify the copyright claimant, the fact of registration by that claimant, and other facts related to the registration and the work: the type of work, registration number, author, title, dates of creation and publication, and nation of first publication. *Compare* Ex. 12 (certificate of registration for musical composition registered as PA0001852254) *with* Ex. 13 (Copyright Catalog entry for same musical composition).[4] Plaintiffs request that the Court take judicial notice of those facts, which bear on Plaintiffs' motion for partial summary judgment regarding their ownership of the underlying copyrights.

---

[3] *See also, e.g., Kaseberg v. Conaco, LLC*, 360 F. Supp. 3d 1026, 1029 n.2 (S.D. Cal. 2018) (taking judicial notice of Copyright Catalog printouts); *Hybrid Promotions, LLC v. Zaslavsky*, 2016 WL 10988656, at *6 (C.D. Cal. Oct. 5, 2016) (same); *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 646 (E.D. Va. 2015) (same); *White v. Alcon Film Fund, LLC*, 52 F. Supp. 3d 1308, 1316 n. 9 (N.D. Ga. 2014) (same); *Liberty Media Hldgs., LLC v. Tabora*, 2012 WL 2711381, at *1 n. 11 (S.D.N.Y. July 9, 2012) (same); *ATPAC, Inc. v. Aptitude Sols., Inc.*, 2010 WL 1779901, at *3 (E.D. Cal. Apr. 29, 2010) (same); *Sloane v. Karma Enterprises, Inc.*, 2008 WL 11342657, at *3 (C.D. Cal. Nov. 3, 2008) (same).

[4] For the eleven Copyright Catalog entries that are the subject of this request, Plaintiffs requested, but have not yet received from the Copyright Office, copies of their registration certificates. *See* Sahni Decl. ¶ 15.

Under Rule 201, the Court "*must take* judicial notice" because Plaintiffs have "supplied [it] with the necessary information." Fed. R. Evid. 201(c)(2). Specifically, Plaintiffs direct the Court below to (1) an exhibit with each public entry from the Copyright Catalog for which they request judicial notice; and (2) the corresponding paragraphs in Plaintiffs' ownership declarations, filed on the date of this request, which cite to and rely on the same Copyright Catalog entry. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224–25 (10th Cir. 2007) (plaintiff met requirements by providing defendant's webpage address with its quarterly reports; district court abused its discretion by failing to take judicial notice of the earnings); *SBM Site Servs., LLC v. Severin*, No. 10-CV-762-WDM-MJW, 2010 WL 4235853, at *4 (D. Colo. Oct. 20, 2010) (court was "supplied with the necessary information" because plaintiff provided a copy of the public record sought to be noticed).

| Copyright Catalog Printout for Judicial Notice | Corresponding Paragraph and Documents in Plaintiffs' Ownership Declarations |
|---|---|
| PL_CH_0035948, attached hereto as Exhibit 1 to Declaration of Neema T. Sahni. | Kokakis Declaration at ¶ 28; Ex. UMPG-28A. |
| PL_CH_0044949, attached hereto as Ex. 2. | Kokakis Declaration at ¶ 36; Ex. UMPG-36A. |
| PL_CH_0044951, attached hereto as Ex. 3. | Kokakis Declaration at ¶ 36; Ex. UMPG-36A. |
| PL_CH_0044953, attached hereto as Ex. 4. | Kokakis Declaration at ¶ 36; Ex. UMPG-36A. |
| PL_CH_0202003, attached hereto as Ex. 5. | McMullan Declaration at ¶ 28; Ex. UMG-28A. |
| PL_CH_0202005, attached hereto as Ex. 6. | McMullan Declaration at ¶ 30; Ex. UMG-30A. |
| PL_CH_0202007, attached hereto as Ex. 7. | McMullan Declaration at ¶ 27; Ex. UMG-27A. |
| PL_CH_0202009, attached hereto as Ex. 8. | McMullan Declaration at ¶ 27; Ex. UMG-27A. |

| | |
|---|---|
| PL_CH_0202010, attached hereto as Ex. 9. | McMullan Declaration at ¶ 27; Ex. UMG-27A. |
| PL_CH_0202012, attached hereto as Ex. 10. | McMullan Declaration at ¶ 27; Ex. UMG-27A. |
| PL_CH_0202019, attached hereto as Ex. 11. | Blietz Declaration at ¶ 119; Ex. WCP-119A. |

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Request for Judicial Notice.

Dated: November 15, 2021

Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE &
FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@williamsweese.com

*/s/ Neema T. Sahni*
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

*Attorneys for Plaintiffs*

5

## LOCAL CIVIL RULE 7.1(a) CERTIFICATION

Pursuant to Local Civil Rule 7.1(a), Plaintiffs certify that they conferred with Charter regarding this request. Plaintiffs advised Charter of this request and the basis for it on Wednesday, November 10, 2021. On Friday, November 12, on Charter's request, Plaintiffs provided further clarification of the facts sought to be noticed. Charter stated on November 15 that it would not consent to this request.

*/s/ Neema T. Sahni*
Neema T. Sahni

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2021, I caused the foregoing document and all supporting materials thereto to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

*/s/ Neema T. Sahni*
Neema T. Sahni
