**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| WARNER RECORDS INC, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S UNOPPOSED**
**MOTION TO RESTRICT ITS OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

Pursuant to Local Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully moves this Court to maintain the unredacted version of Charter's Opposition to Plaintiffs' Motion To Strike and Exhibit 1 thereto under Level 1 Restriction. *See* Dkts. 546, 546-2 (Nov. 9, 2021). In support of this motion, Charter states as follows:

1. **Certificate Pursuant to D.C.COLO.LCivR 7.1(a).** Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this motion. Plaintiffs join Charter's request with regards to pages and lines 222:13 and 266:1-8 of Exhibit 1 as well as the quotation of the former on page 9 of Charter's Opposition, and take no position on the additional relief requested in this motion.

2. On November 9, 2021, Charter filed its Opposition to Plaintiffs' Motion to Strike (the "Opposition") as well as Exhibit 1 thereto under Level 1 Restriction. *See* Dkts. 546, 546-2.

3. The Opposition responds to Plaintiffs' motion to strike certain materials provided by Charter's expert, Dr. George G. Strong, Jr. *See* Dkt. 540 (Oct. 25, 2021). Exhibit 1 consists of excerpts of the October 15, 2021 deposition of Dr. Strong taken in this matter.

4. The Opposition and Exhibit 1 contain Charter's commercially sensitive business information, including analyses of purported financial gains to Charter based on Plaintiffs' allegations. This material includes description and summary of materials prepared by Dr. Strong and filed by Plaintiffs as exhibits to their Motion to Strike, which the Court has ordered be maintained under Level 1 Restriction. *See* Dkt. 583 (Nov. 22, 2021). Plaintiffs' already-restricted exhibits discussed in the Opposition include Dr. Strong's workpapers that purport to quantify, based on Charter's financial records, various estimated calculations and valuations related to allegedly infringing subscribers, as well as Dr. Strong's expert reports that likewise contain extensive analyses that rely upon and reflect Charter's confidential financial information, including Charter's profit margins and estimated valuations. These materials are based on or derived from information designated as Highly Confidential by one or more of the parties under the Stipulated Protective Order in this matter. *See* Dkt. 63 (Sept. 6, 2019).

5. Disclosure of Charter's competitively sensitive business information would cause competitive harm to Charter through the disclosure of details of its purported economic gains and related financial information based on Plaintiffs' allegations. *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information"). The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information. The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

6. Charter seeks only a Level 1 restriction, the lowest level of restriction. Permitting a Level 1 Restriction of the unredacted version of the Opposition and Exhibit 1 is the only method that can adequately protect Charter's competitively sensitive business information.

7. Charter has filed versions of the Opposition and Exhibit 1, judiciously redacted to protect Charter's commercially sensitive business information, on the public docket. *See* Dkts. 545, 545-2 (Nov. 9, 2021).

WHEREFORE, Charter respectfully requests this Court maintain the unredacted version of Charter's Opposition to Plaintiffs' Motion To Strike and Exhibit 1 thereto under Level 1 Restriction. *See* Dkts. 546, 546-2 (Nov. 9, 2021).

Dated: November 23, 2021

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
(415) 591-1400 (facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
(212) 294-4700 (facsimile)
Email: melkin@winston.com

Erin R. Ranahan
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1933 (telephone)
(213) 615-1750 (facsimile)
Email: eranahan@winston.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
(303) 830-1033 (facsimile)
Email: cjoyce@fwlaw.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro
Nathan A. Hamstra
Allison Huebert
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
(312) 705-7401 (facsimile)
Email: andrewschapiro@quinnemanuel.com
Email: allisonhuebert@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
(415) 875-6700 (facsimile)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
(212) 849-7100 (facsimile)
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

*Counsel for Defendant
Charter Communications, Inc.*