## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC, et al.<br><br>    Plaintiffs,<br><br>*v.*<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

## JOINT MOTION TO MAINTAIN CERTAIN FILINGS UNDER RESTRICTION

Pursuant to Local Rule 7.2, all Plaintiffs ("Plaintiffs") and Defendant Charter Communications, Inc. ("Charter") respectfully move this Court to maintain the unredacted versions of their motions for summary judgment, the unredacted versions of certain of their *Daubert* motions, and the unredacted versions of certain materials filed in support of their various motions under Level 1 Restriction, as described herein.

**Certificate Pursuant to D.C.COLO.LCivR 7.1(a).**  Counsel for Charter and for Plaintiffs have conferred via email and telephone regarding this Motion.  Charter consents to the relief requested by Plaintiffs.  Plaintiffs do not oppose the relief requested by Charter.

1.    On November 15, 2021, Plaintiffs and Charter each filed motions for summary judgment and various *Daubert* motions, along with supporting materials, under Level 1 Restriction.  *See* Dkts. 547, 549-561; *see also* 577-578.

2.    The parties have since met and conferred on the need to maintain certain of those filings under Level 1 Restriction to prevent disclosure of one or more of the parties' competitively sensitive business information or to protect some other legitimate interest.  In the interest of

efficiency, the parties now bring one joint omnibus motion (the "Motion") to maintain the relevant materials under Level 1 Restriction.

3.      For ease of reference, this Motion is arranged by filing.  For each filing that a party seeks to maintain under Level 1 Restriction, in whole or in part, that party has provided a statement in support of its request.

4.      In many instances, the parties seek only to maintain the unredacted version of a filing under Level 1 Restriction, with a redacted version available to the public.  The redacted versions of those filings are attached as exhibits to this Motion, as set forth in Exhibit A.  The redacted versions reflect all redactions that the parties request, whether the request was made by Plaintiffs, Charter, or both.

**Dkt. 547, Plaintiffs' *Daubert* Motion re: George Strong**

**Statement by Plaintiffs.**  Plaintiffs request that Dkts. 547-2, 547-3, and 547-4 be maintained under restriction.  Dkts. 547-2 and 547-3 are expert reports authored by George Strong, which have been designated Highly Confidential, and contain analyses reflecting Plaintiffs' confidential financial information, including Plaintiffs' purported profit margins, and confidential information regarding the operation of Plaintiffs' and the RIAA's antipiracy efforts.  Dkt. 547-4 contains excerpts from the deposition of George Strong, designated Highly Confidential, and requires redaction because it contains similar information.

**Statement by Charter.**  Charter requests that Dkt. 547, Plaintiffs' *Daubert* motion; Dkts. 547-2 and 547-3, expert reports of George Strong; and Dkt. 547-4, the deposition transcript of Strong, be maintained under restriction.  These filings contain Charter's commercially sensitive business information, including analyses of purported financial gains to Charter based on

Plaintiffs' allegations, various estimated calculations and valuations related to allegedly infringing customers, and analyses that rely upon and reflect Charter's financials, including Charter's profit margins and estimated valuations. The Court has previously ordered that Strong's expert reports be maintained under Level 1 restriction. *See* Dkt. 583.

**Dkt. 549, Charter's Motion for Summary Judgment**

**Statement by Plaintiffs.** Plaintiffs request that Dkts. 549, 549-5, 549-9, 549-10, and 549-11 be maintained under restriction. Dkts. 549-9 and 549-10 are Plaintiffs' Responses & Objections to Charter's interrogatories and contain Plaintiffs' analyses regarding the commercial exploitation of the works in suit. Dkt. 549-11 is a document created by Charter's counsel and contains information designated Highly Confidential that was included in Plaintiffs' infringement evidence for this case. The Motion (Dkt. 549) and Declaration of Andrew Schapiro (Dkt. 549-5) summarize, in pertinent part, Charter's analysis of these three documents.

**Statement by Charter.** Charter requests that Dkt. 549, its motion for summary judgment, and Dkts. 549-1 to -4 be maintained under restriction. These filings contain Charter's commercially sensitive business information. Dkt. 549-1 includes discussion of Charter's internal policies and procedures for responding to allegations of alleged infringement, Charter's technical capabilities for monitoring its customers' private Internet activity, the mechanics of Charter's implementation of its copyright infringement prevention program, the conduct of Charter's internal "Security Team," communications between Charter and its customers regarding notices alleging infringement, its customers' responses to those communications and the steps Charter took to resolve the allegations of infringement, and Charter's internal policies regarding termination of customer accounts. Dkt. 549-2 is an email sent by Charter alerting a customer to

allegations of copyright infringement.  Dkt. 549-3 includes summaries of internal records maintained by Charter related to telephone communications with individual customers regarding notices alleging infringement ("call logs").  Dkt. 549-4 reproduces communications by individual Charter customers to Charter regarding notices of alleging infringement.  Dkt. 549, Charter's motion, includes discussion and summaries of and quotations from the same.

**Dkt. 550, Charter's *Daubert* Motion re: On Amir**

**Statement by Plaintiffs.**  Plaintiffs request that Dkts. 550-2, 550-3, and 550-9 be maintained under restriction.  Dkt. 550-2 is an expert report authored by Dr. Aram Sinnreich; Dkt. 550-3 is an expert report authored by Dr. On Amir; and  Dkt. 550-9 is a rebuttal expert report authored by Dr. Harold Furchtgott-Roth.  Each discusses commercially sensitive information relating to Plaintiffs' and the RIAA's business and contractual relationships and efforts to address online piracy, and has been designated Highly Confidential.

**Statement by Charter.**  Charter requests that Dkts. 550-2 and 550-3, expert reports of Aram Sinnreich and On Amir, respectively; Dkts. 550-6 and 550-7, deposition transcripts of Sinnreich and Amir, respectively; and Dkt. 550-9, an expert report of Harold Furchtgott-Roth, be maintained under restriction.  These filings contain Charter's commercially sensitive business information, including internal metrics used to track legal streaming of audiovisual content, discussion of the purported existence of copyright infringement on Charter's network, including specific instances of alleged infringement by Charter customers, and Charter's purported abilities to implement steps to prevent infringement.

**Dkt. 551, Charter's *Daubert* Motion re: Kristofer Buchan**

**Statement by Plaintiffs.**  Plaintiffs request that Dkts. 551-2 and 551-5 be maintained under

restriction.  These are expert reports authored by Kristofer Buchan that have been designated Highly Confidential.  They contain competitively sensitive, confidential information regarding the operation of the MarkMonitor system, Audible Magic technology, and Plaintiffs' and RIAA's antipiracy efforts, as well as information regarding Plaintiffs' litigation strategy.

**Statement by Charter.**  Charter requests that Dkts. 551-2, 551-4, and 551-5, expert reports of Kristofer Buchan; and Dkt. 551-3, the deposition transcript of Buchan, be maintained under restriction.  These filings contain Charter's commercially sensitive business information, including specific actions Charter took in response to notices alleging copyright infringement by its customers, internal data generated by Charter related to the same, discussion of Charter's retention of data related to the same, and Charter's use of "litigation holds."

### Dkt. 552, Charter's *Daubert* Motion re: Harold Furchtgott-Roth

**Statement by Plaintiffs.**  Plaintiffs request that Dkts. 552, 552-2, 552-3, 552-4, 552-5, and 552-6 be maintained under restriction. Charter's Motion (Dkt. 552) contains sensitive, confidential information regarding Plaintiffs' and RIAA's antipiracy efforts, and Plaintiffs' litigation strategy. Dkts. 552-2 through 552-5 are expert reports authored by Dr. Harold Furchtgott-Roth, designated Highly Confidential.  They contain analyses that rely upon and reflect Plaintiffs' confidential financial information, including Plaintiffs' purported profit margins, and confidential information regarding the operation of Plaintiffs' and the RIAA's antipiracy efforts.  In addition, the calculations and analyses in the reports are derived in part from information designated Highly Confidential.  Dkt. 552-6 contains excerpts designated Highly Confidential from the deposition of Dr. Furchtgott-Roth and include sensitive, confidential information regarding MarkMonitor's piracy detection processes, and Plaintiffs' and RIAA's antipiracy efforts.

**Statement by Charter.**  Charter requests that Dkt. 552, its *Daubert* motion; Dkts. 552-2 to -5, expert reports of Harold Furchtgott-Roth; and Dkt. 552-6, the deposition transcript of Furchtgott-Roth, be maintained under restriction.  These filings contain Charter's commercially sensitive business information, including discussion of Charter's financials, revenues earned by Charter including purported gains from specific categories of its customers, purported avoidance of revenue and profit losses by Charter, and purported costs avoided by Charter.

### Dkt. 554, Charter's *Daubert* Motion re: Terrence McGarty

**Statement by Charter.**  Charter requests that Dkt. 554, its *Daubert* motion; Dkts. 554-2 and 554-3, expert reports of Terrence McGarty; Dkt. 554-4, the deposition transcript of McGarty; and Dkt. 554-5, Charter's responses to certain of Plaintiffs' interrogatories, be maintained under restriction.  These filings contain Charter's commercially sensitive business information, including Charter's policies and procedures related to copyright infringement, Charter's purported technical capabilities to monitor its customers' private Internet activity, and specific actions taken by Charter towards customers.  Dkt. 554-5 further includes information on the number of customers whose service was terminated by Charter pursuant to its policies and procedures, internal processing of notices alleging copyright infringement by its customers, and actions taken by Charter in response to notices alleging copyright infringement by specific customers.

### Dkt. 555, Plaintiffs' Motion for Summary Judgment

**Statement by Plaintiffs.**  Plaintiffs request that Dkts. 555, 555-7, 555-33 through -38, 555-63, 555-64, 555-66, 555-68, and 555-69 be maintained under restriction.

Dkt. 555 is Plaintiffs' Motion and contains sensitive, confidential information regarding MarkMonitor's antipiracy detection system, and Plaintiffs' and RIAA's antipiracy efforts.  Dkt.

555-7 contains excerpts designated Highly Confidential from the deposition of Kevin Almeroth, and has sensitive, confidential information regarding MarkMonitor's antipiracy detection system.

Dkts. 555-33 through -38 are the declarations of Jeremy Blietz, David Kokakis, Wade Leak, Alasdair McMullan, Tracie Parry, and Anish Patel, all employees of Plaintiff entities. These declarations reflect confidential and commercially sensitive information regarding Plaintiffs' internal corporate structure and governance, and agreements with nonparties, including the terms of merger and asset purchase agreements with other companies, and the terms of confidential agreements with artists, songwriters, furnishing companies, and/or other music publishers or record companies. Information and documents referenced in these declarations have been designated Confidential or Highly Confidential.

Dkts. 555-63, 555-64, and 555-66 are the declarations of experts Sam Bahun, Barbara Frederiksen-Cross, and Kristofer Buchan. They contain commercially sensitive, confidential information regarding MarkMonitor's antipiracy detection system, Plaintiffs' and RIAA's antipiracy efforts, and the details of MarkMonitor's retention and scope of work.

Dkts. 555-68, 555-69 are Exhibits 2A and 2B to the declaration of Kristofer Buchan. These contain commercially sensitive business information of Plaintiffs regarding their copyrighted works and antipiracy efforts, as well as information regarding their litigation strategy.

**Statement by Charter.** Charter requests that Dkts. 555, 555-1 to -16, 555-18 to -27, and 555-63 be maintained under restriction. These filings contain Charter's commercially sensitive business information. Dkts. 555-2 to -6 are Charter's responses to certain of Plaintiffs' interrogatories and requests for admission, which disclose data on the number of Charter's customers, number of customers whose service was terminated, and number of "customer facing

actions" Charter took; data on specific customers whose Internet service was terminated and/or reinstated; actions Charter took to terminate, suspend, or otherwise limit customers' Internet access, including internal policies and procedures related to the same; and data on the number of notices received by Charter alleging infringement by its customers, number of notices sent to customers alerting them to allegations of infringement, and number of calls received by Charter from customers who received such notices.

Dkts. 555-7 to -15 include the deposition transcripts of Kevin Almeroth, Michael Hanrahan, Mary Haynes, Philip Jones, Austin McNeil, Jay Rolls, Laurie Rowlett, Tammy Stewart, and Adam Taylor, respectively. These documents contain discussion of Charter's purported technical capabilities for monitoring its customers' private Internet activity; specific steps Charter took in response to allegations of infringement by its customers, including the operation of its internal software for implementing such steps; Charter's internal implementation of its "Acceptable Use Policy"; and internal and confidential communications among Charter employees. Dkts. 555-18 to -24 and Dkt. 555-27 are internal and confidential communications among Charter employees (specifically, emails and instant messaging chains) related to the same.

Dkts. 555-16 and 555-26 are documents setting out internal policies for responding to violations of Charter's "Acceptable Use Policy," documenting communications with Charter subscribers related to the same, and reporting on Charter's implementation of its policies. Dkt. 555-25 includes data on the number of notices received by Charter alleging infringement by its customers, including from specific complainants, and analysis of the same. Dkt. 555-1 includes descriptions of and quotations from Dkt. 555-25. Dkt. 555-63 is the declaration of Sam Bahun and includes details of notices received by Charter alleging infringement by its customers.

Dkt. 555, Plaintiffs' motion, includes discussion of and quotations from these documents.

## Dkt. 556, Charter's *Daubert* Motion re: Barbara Frederiksen-Cross

**Statement by Plaintiffs.**  Plaintiffs request that Dkts. 556, 556-2, 556-3, and 556-5 be maintained under restriction.  Charter's Motion (Dkt. 556) contains sensitive, confidential information regarding the operation of the MarkMonitor system, Audible Magic technology, and Plaintiffs' and the RIAA's antipiracy efforts.  Dkts. 556-2 and 556-3 are expert reports authored by Barbara Frederiksen-Cross designated Highly Confidential, and Dkt. 556-5 contains excerpts of Frederiksen's Cross deposition designated Highly Confidential.  These exhibits require sealing or redaction for the same reasons as the Motion.

**Statement by Charter.**  Charter requests that Dkt. 556, its *Daubert* motion; Dkts. 556-2 and 556-3, expert reports of Barbara Frederiksen-Cross; and Dkt. 556-5, the deposition transcript of Frederiksen-Cross, be maintained under restriction.   These filings contain Charter's commercially sensitive business information, including discussion of specific steps taken by Charter in response to allegations of infringement, Charter's purported technical capabilities for monitoring its customers' private Internet activity and identifying specific customers who were the subject of notices of alleged infringement, and Charter's source code.

## Dkt. 557, Plaintiffs' *Daubert* Motion re: Kevin Almeroth

**Statement by Plaintiffs.**  Plaintiffs request that Dkt. 557-4 be maintained under restriction. It is the same as Dkt. 556-2, described by Plaintiffs above.

**Statement by Charter.**  Charter requests that Dkt. 557, Plaintiffs' *Daubert* motion; Dkts. 557-2 and 557-7, expert reports of Kevin Almeroth; Dkt. 557-3, an expert report of Terrence McGarty; 557-4, an expert report of Barbara Frederiksen-Cross; Dkt. 557-5, the deposition

transcript of Almeroth; and Dkt. 557-6, a monthly report of activity on Charter's network, be maintained under restriction. These filings contain Charter's commercially sensitive business information, including Charter's technical capabilities for monitoring its customers' private Internet activity and identifying specific customers who were the subject of notices of alleged infringement, discussion of specific steps taken by Charter in response to allegations of infringement, and discussion of Charter's source code.

**Dkt. 558, Plaintiffs' _Daubert_ Motion re: Sandeep Chatterjee**

**Statement by Plaintiffs.** Plaintiffs request that Dkts. 558, 558-2, 558-3, 558-4, 558-7, 558-8, 558-10, 558-11, and 558-12 be maintained under restriction. Plaintiffs' Motion (Dkt. 558) includes sensitive, confidential information regarding Plaintiffs' and RIAA's antipiracy efforts, and Plaintiffs' litigation strategy. Dkts. 558-2 and 558-3 are expert reports authored by Dr. Sandeep Chatterjee and designated Highly Confidential; Dkt. 558-4 contains excerpts of Dr. Chatterjee's deposition designated Highly Confidential. These exhibits include sensitive, confidential information regarding the operation of the MarkMonitor system, Audible Magic technology, and Plaintiffs' and the RIAA's antipiracy efforts. Dkts. 558-7 and 558-8 contain excerpts of the depositions of Dong Jang and Christopher Bell, designated Highly Confidential. These include sensitive, confidential information regarding the Sony Music Plaintiffs' and Warner Music Plaintiffs' antipiracy efforts and their actions to protect their copyrighted works. Dkt. 558-10 is the same as Dkt. 551-2, described by Plaintiffs above. Dkts. 558-11 and 558-12 are excerpts from the depositions of Vance Izekoye and Karl Snow, designated Highly Confidential. Exhibit 10 contains commercially and competitively sensitive information regarding the operation of the Audible Magic technology. Exhibit 11 contains commercially sensitive information regarding

Plaintiffs' and RIAA's antipiracy efforts, as well as Plaintiffs' litigation strategy.

**Statement by Charter.**  Charter requests that Dkts. 558-2 and 558-3, expert reports of Sandeep Chatterjee; Dkts. 558-5, 558-11, and 558-12, the deposition transcripts of Kevin Almeroth, Vance Ikezoye, and Karl Snow, respectively; and Dkt. 558-10, an expert report of Kristofer Buchan, be maintained under restriction.  These filings contain Charter's commercially sensitive business information, including discussion of files allegedly shared by Charter customers on its network; specific actions Charter took in response to notices alleging copyright infringement by its customers; internal data generated by Charter related to the same; Charter's retention of data related to the same; and Charter's use of "litigation holds."  Dkt. 558-11 includes information that third party Audible Magic requested be treated as highly confidential under the Protective Order.

## Dkt. 559, Plaintiffs' *Daubert* Motion re: Aram Sinnreich

**Statement by Plaintiffs.**  Plaintiffs request that Dkts. 559-2, 559-3, and 559-4 be maintained under restriction.  Dkt. 559-2 is the same as Dkt. 550-2 described above, and Dkt. 559-4 is the same as Dkt. 550-3 described above.  Dkt. 559-3 contains excerpts from the deposition of Dr. Sinnreich designated Highly Confidential, and requires restriction for the same reasons.

**Statement by Charter.**  Charter requests that Dkts. 559-2 and 559-4, expert reports of Aram Sinnreich and On Amir, respectively; and Dkt. 559-3, the deposition transcript of Sinnreich, be maintained under restriction.  These filings contain Charter's commercially sensitive business information, including internal metrics used to track legal streaming of audiovisual content and discussion of the purported existence of copyright infringement on Charter's network, including specific instances of alleged infringement by Charter customers, and of Charter's purported abilities to implement steps to prevent infringement.

**Dkt. 560, Plaintiffs' *Daubert* Motion re: Karl Snow**

**Statement by Plaintiffs.**  Plaintiffs request that Dkts. 560, 560-2, 560-3, 560-4, 560-5, 560-8, 560-9, 560-10, and 560-11 be maintained under restriction.  Plaintiffs' Motion (Dkt. 560) contains sensitive, confidential information regarding the operation of the MarkMonitor system, Audible Magic technology, Plaintiffs' and RIAA's antipiracy efforts, and Plaintiffs' litigation strategy.  Dkts. 560-2, 560-3, and 560-4 are expert reports authored by Dr. Karl Snow and designated Highly Confidential, and Dkt. 560-8 contains Highly Confidential excerpts from his deposition.  Dkt. 560-5 is the same as Dkt. 551-2, described above.  Dkts. 560-9, 560-10, and 560-11 contain excerpts designated Highly Confidential from the depositions of Dr. Sandeep Chatterjee, Dr. Kevin Almeroth, and Vance Ikezoye, respectively.  All of these exhibits require sealing or redaction for the same reasons as the Motion.

**Statement by Charter.**  Charter requests that Dkt. 560, Plaintiffs' *Daubert* motion; Dkts. 560-2 to -4, expert reports of Karl Snow; Dkt. 560-5, an expert report of Kristofer Buchan; and Dkts. 560-8, 560-10, and 560-11, deposition transcripts of Karl Snow, Kevin Almeroth, and Vance Ikezoye, be maintained under restriction.  These filings contain Charter's commercially sensitive business information, including discussion of Charter's customers' conduct upon receipt of notices of alleged infringement, data regarding trends in numbers of notices of alleged infringement received by Charter, specific actions Charter took in response to notices alleging copyright infringement by its customers, internal data generated by Charter related to the same, Charter's retention of data related to the same, and Charter's use of "litigation holds."  Dkt. 560-11 also includes information that third party Audible Magic requested be treated as highly confidential under the Protective Order.

**Dkt. 561, Plaintiffs' *Daubert* Motion re: Wayne Coleman**

**Statement by Plaintiffs.** Plaintiffs request that Dkts. 561-2 and 561-3 be maintained under restriction. Dkt. 561-2 is the expert report of Wayne Coleman. It relies on data and information from Plaintiffs' agreements with nonparty artists, songwriters, and providers of interactive music streaming services, including the financial terms of those agreements. The report contains direct excerpts from these highly confidential and competitively sensitive materials and conducts calculations based, in part, on those sensitive financial contractual provisions. The produced documents referenced in the expert report, as well as the report itself, have been designated as Highly Confidential. Dkt. 561-3 contains excerpts from the deposition of Mr. Coleman and reflects information from Plaintiffs' agreements with nonparty artists and songwriters, as well as calculations based in part on those sensitive financial contractual provisions.

**Dkt. 577, Plaintiffs' hard drive in support of Motion for Summary Judgment**

**Statement by Plaintiffs.** Dkt. 577 is the hard drive that Plaintiffs submitted in support of their Motion for Summary Judgment. It contains exhibits to the declarations of Jeremy Blietz, David Kokakis, Wade Leak, Alasdair McMullan, Tracie Parry, and Anish Patel. Plaintiffs seek restriction for the exhibits to these declarations that are stamped "Confidential" or "Highly Confidential." These are documents related to establishing Plaintiffs' ownership of or exclusive rights to the musical works asserted in this case, and reflect confidential and commercially sensitive information regarding Plaintiffs' internal corporate structure and governance and agreements with nonparties, including the terms of merger and asset purchase agreements with other companies, and the terms of agreements with artists, songwriters, furnishing companies, and/or other music publishers or record companies. The hard drive also contains three exhibits to

the declaration of Alexander Kaplan.  These exhibits reflect confidential information regarding MarkMonitor's antipiracy detection system, and Plaintiffs' and RIAA's antipiracy efforts.

**Dkt. 578, Plaintiffs' additional exhibits in support of Motion for Summary Judgment**

**Statement by Plaintiffs.**  Dkts. 578-1 and 578-2 are corrected versions of Dkts. 555-68 and 555-69.  Plaintiffs seek to maintain these under restriction for the same reasons described with respect to Dkts. 555-68 and 555-69 above.

**Additional statement by Plaintiffs in support of all requests.**  Plaintiffs' statements above describe commercially sensitive information that requires sealing or redaction.  Disclosure of this information would cause harm to Plaintiffs, and in several instances, to RIAA, MarkMonitor, and other non-parties.  *See Health Grades, Inc. v. MDx Medical, Inc.*, 11–cv–00520–RM–BMB, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) ("the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").  This information, while harmful in the hands of competitors, is not necessary for the general public to understand or evaluate the issues between the parties.

**Additional statement by Charter in support of all requests.**  Disclosure of Charter's competitively sensitive business information would cause competitive harm to Charter through the disclosure of the many details of its business described above.  *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").  The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information.  The information would be harmful in the hands of competitors and is not necessary

14

or substantially informative for the general public to understand or evaluate the issues.

**Additional statement by Plaintiffs and Charter in support of all requests.**  The parties seek only a Level 1 restriction, the lowest level of restriction.  The parties have filed redacted versions of many of the filings they seek to maintain under restriction on the public docket (attached hereto as Exhibits I-XL), as set forth in Exhibit A, attached hereto.

WHEREFORE, Plaintiffs and Charter respectfully request that the Court maintain under Level 1 Restriction the following filings:

> Dkts. 547, 547-2, 547-3, 547-4, 549, 549-1, 549-2, 549-3, 549-4, 549-5, 549-9, 549-10, 549-11, 550-2, 550-3, 550-6, 550-7, 550-9, 551-2, 551-3, 551-4, 551-5, 552, 552-2, 552-3, 552-4, 552-5, 552-6, 554, 554-2, 554-3, 554-4, 554-5, 555, 555-1, 555-2, 555-3, 555-4, 555-5, 555-6, 555-7, 555-8, 555-9, 555-10, 555-11, 555-12, 555-13, 555-14, 555-15, 555-16, 555-18, 555-19, 555-20, 555-21, 555-22, 555-23, 555-24, 555-25, 555-26, 555-27, 555-33, 555-34, 555-35, 555-36, 555-37, 555-38, 555-63, 555-64, 555-66, 555-68, 555-69, 556, 556-2, 556-3, 556-5, 557, 557-2, 557-3, 557-4, 557-5, 557-6, 557-7, 558, 558-2, 558-3, 558-4, 558-5, 558-7, 558-8, 558-10, 558-11, 558-12, 559-2, 559-3, 559-4, 560, 560-2, 560-3, 560-4, 560-5, 560-8, 560-9, 560-10, 560-11, 561-2, 561-3, 577, 578-1, and 578-2.

Dated: November 29, 2021

Respectfully submitted,

_/s/ Neema T. Sahni_
Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Matthew J. Oppenheim
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com

*Counsel for Plaintiffs*

Respectfully submitted,

_/s/ Andrew H. Schapiro_
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com

*Counsel for Charter Communications, Inc.*