# Exhibit IV

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al*.,

            *Plaintiffs*,

v.

CHARTER COMMUNICATIONS, INC.,

            *Defendant*.

Case No. 19-cv-00874-RBJ-MEH

## DECLARATION OF ANDREW H. SCHAPIRO

I, Andrew H. Schapiro, declare as follows:

1. I am a partner in the law firm Quinn Emanuel Urquhart & Sullivan, LLP, and counsel for Defendant Charter Communications, Inc. ("Charter") in this case. I submit this declaration in support of Charter's Motion for Summary Judgment. I make this declaration of my own personal knowledge and, if called, I could and would competently testify hereto under oath.

2. Attached hereto as **Exhibit A** is a true and correct copy of an email dated January 6, 2021 from Judge Hegarty to Plaintiffs' and Charter's counsel of record stating that the Court has excused the parties from the Court's pre-briefing letter requirement for dispositive motions.

3. Attached hereto as **Exhibit B** is a true and correct copy of a document titled "Music, Film, TV, and Broadband Collaborate to Curb Online Content Theft Announce Common Framework for 'Copyright Alerts'" that was downloaded on November 12, 2021 from the following location:

https://web.archive.org/web/20110710014626/www.copyrightinformation.org/node/704.

1

4. Attached hereto as **Exhibit C** is a true and correct copy of a document titled "Center for Copyright Information And Copyright Alert System Fact Sheet" that was downloaded on November 12, 2021 from the following location:

https://web.archive.org/web/20110709181338/http://www.copyrightinformation.org/alerts.

5. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiffs' Second Supplemental Objections and Responses to Charter Communications, Inc.'s Second Set of Interrogatories to the Music Publisher Plaintiffs, dated January 19, 2021, which contains the Music Publisher Plaintiffs' response to Interrogatory 13. The Music Publisher Plaintiffs' verified supplemental response to Interrogatory No. 13 identifies sound recordings in Exhibit A to the First Amended Complaint that correspond to musical compositions identified in Exhibit B to the First Amended Complaint. Based on the information contained in this Interrogatory response, if the Court were to hold that corresponding sound recordings and musical compositions are counted a single work for statutory damages purposes, the number of works-in-suit eligible for an award of statutory damages in this case would decrease from ███████████

6. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiffs' verified Third Supplemental Objections and Responses to Charter Communications, Inc.'s Second Set of Interrogatories to the Record Company Plaintiffs and Appendix I, dated April 1, 2021, which contains the Record Company Plaintiffs' verified supplemental response to Interrogatory 13. Appendix I to the Record Company Plaintiffs' verified supplemental response to Interrogatory No. 13 identifies sound recordings in Exhibit A to the First Amended Complaint that were first issued or released together on or as albums or compilations. Based on the information contained in this Interrogatory response, if the Court were to rule that sound recordings first issued together on or

2

as albums or compilations are counted as a single work for statutory damages purposes, the number of works-in-suit eligible for an award of statutory damages in this case would decrease from ▮▮▮▮▮.

7. Based on the information contained in the Music Publisher Plaintiffs' verified supplemental response to Interrogatory No. 13 and the Record Company Plaintiffs' verified supplemental response to Interrogatory No. 13 and Appendix I, if the Court were to rule both that (a) corresponding sound recordings and musical compositions are counted as a single work for statutory damages purposes, and (b) sound recordings first issued together on or as albums or compilations are a single work for statutory damages purposes, the number of works-in-suit eligible for an award of statutory damages in this case would decrease from ▮▮▮▮▮.

8. Attached hereto as **Exhibit F** is a chart summarizing information contained in the copyright registrations for 71 specific works-in-suit identified in Exhibits A and B to Plaintiffs' First Amended Complaint and the corresponding notice of alleged copyright infringement ("Notice") that was sent to Charter for each such work-in-suit. This chart shows that for each of the 71 works-in-suit listed, the work-in-suit was (a) not registered at the time a Notice was sent to Charter, and (b) not registered within three months of the date the work was first published. The information relating to the 71 works-in-suit contained in the chart was derived from registrations and Notices produced by Plaintiffs in this case; the "Source" column of the chart identifies the Bates numbers of those registrations and Notices.

9. The information that links the copyright registrations for each of the 71 works-in-suit contained in the chart attached as Exhibit F to their corresponding Notices is contained in Plaintiffs' Amended Supplemental Objections and Responses to Charter Communications, Inc.'s

3

Second Set of Interrogatories to the Record Company Plaintiffs, dated December 11, 2020, Interrogatory No. 14, and Plaintiffs' Amended Supplemental Objections and Responses to Charter Communications, Inc.'s Second Set of Interrogatories to the Music Publisher Plaintiffs, dated Dececember 11, 2020, Interrogatory No. 15, true and correct copies of which are attached hereto as **Exhibit G** and **Exhibit H**, respectively. Charter is mindful of the Court's stated preference for limiting the number and volume of exhibits submitted in support of motions for summary judgment, as reflected in Judge R. Brooke Jackson's Practice Standards, and accordingly has not included the lengthy tables to these interrogatory responses with its submission because together they total over 2,000 pages. However, should the Court request copies of these tables, Charter will provide them to the Court on an external hard drive.

10. Based on a review of the copyright registrations produced by Plaintiffs for the works-in-suit, 6,440 sound recordings at issue in this case were registered as works-for-hire.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 15th day of November, 2021, at Chicago, Illinois.

Andrew H. Schapiro

4