# Exhibit XXV

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| WARNER RECORDS INC., *et al*., | |
| *Plaintiffs*, | Case No. 19-cv-00874-RBJ-MEH |
| v. | *DAUBERT* **HEARING REQUESTED** |
| CHARTER COMMUNICATIONS, INC., | |
| *Defendant*. | |

**CHARTER'S MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF**
**BARBARA FREDERIKSEN-CROSS**

**D.C.COLO.LCivR 7.1(a) Certification**: Charter Communications, Inc. ("Charter") certifies that it conferred with Plaintiffs in a good-faith attempt to resolve the disputes raised herein, including via telephone between counsel on November 10, 2021, but the parties did not reach agreement.

∗

Charter respectfully requests that the Court exclude the opinions and testimony of Plaintiffs' putative technical expert Barbara Frederiksen-Cross pursuant to Federal Rules of Evidence ("FRE") 401-403, 702 and *Daubert v. Merrell Dow Pharmaceuticals., Inc*., 509 U.S. 579 (1993). Ms. Frederiksen-Cross, a forensic software analyst, has submitted multiple reports generally addressing: (1) the system and methodologies used by Plaintiffs' agent, MarkMonitor, for purportedly detecting file-sharing on Charter's network during the Claims Period, including opinions regarding the accuracy and reliability of those methodologies; and (2) the sufficiency of Charter's processing of DMCA notices.

The extremely broad and conclusory opinions expressed in Ms. Frederiksen-Cross's reports go far beyond her narrow expertise in source code analysis. Her testimony should be

1

excluded for numerous reasons, including her: (1) lack of specialized expertise and inadequate methodology and support for her opinions; (2) mischaracterization of the evidence and inappropriate advocacy on disputed legal issues; (3) reliance on undisclosed conversations with fact witnesses; and (4) improper use of inflammatory terminology designed to usurp the role of the jury on a key legal issue.

## BACKGROUND

Ms. Frederiksen-Cross is a professional testifying witness who has been the subject of multiple exclusion orders in the past.[1] Her formal education is limited to an associate degree in Computer Programming received from Chemeketa Community College in 1974. Ex. C.[2] She claims to have received additional unspecified "technical training" throughout the course of her career, but her *curriculum vitae* lacks any details regarding this "training"—including basic facts such as her employers or the positions held. *Id*. Despite her alleged "47 years' experience in the computer industry," she does not claim to have received any relevant certifications or other documented education or training. *Id*. Her current employment is Owner and Director of JurisLogic, LLC, a two-person operation that exists to provide expert testimony regarding forensic software analysis. Ex. A ("6/11 Opening Rep."); Juris Logic, https://www.jurislogic.com (last visited Nov. 13, 2021).

---

[1] *See, e.g.*, *Extreme Networks, Inc. v. Enterasys Networks, Inc.*, 395 F. App'x 709, 715 (Fed. Cir. 2010) (affirming exclusion of Ms. Frederiksen-Cross's expert opinions because she held only an associate degree and never worked in the relevant field); *Bowie v. New Orleans Pub. Belt R.R.*, No. 2:11-cv-755, Dkt. 202 at 1 (E.D. La. Sep. 12, 2012) (granting in part a motion to exclude Ms. Frederiksen-Cross's opinions); *DropzoneMS, LLC v. Cockayne*, No. 3:16-cv-2348, Dkt. 122 at 10-16 (D. Or. Sep. 12, 2019) (finding Ms. Frederiksen Cross's declaration inadmissible under Fed. R. Evid. 701).

[2] Exhibits cited herein as "Ex." are attached to the Declaration of Nathan Hamstra, filed herewith.

Ms. Frederiksen-Cross has authored several reports in this case pursuant to Federal Rule of Civil Procedure 26(a)(2)(B): (a) an opening report served on May 27, 2021; (b) an "updated" opening report served on June 11, 2021, Ex. A; and (c) a rebuttal report served on June 29, 2021, Ex. B ("6/29 Reb. Rep."). In her reports, Ms. Frederiksen-Cross seeks to offer opinion testimony on all of the following broad subjects: (1) the opinion that MarkMonitor's system accurately identifies subscribers sharing music files via peer-to-peer ("P2P") file distribution protocols; (2) the sufficiency of MarkMonitor's reliance on Audible Magic for audio file identification and the opinion that MarkMonitor's system can accurately determine whether the file a particular peer is downloading and/or distributing is an actual copy of a work-in-suit; (3) an analysis of Charter's processing of DMCA notices and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; (4) opinions about Charter's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the actions it could have taken against those subscribers; and (5) the opinion that Charter could or should have imposed other consequences in response to allegations of illegal file sharing on its network. Ms. Frederiksen-Cross was deposed on October 8, 2021.

## ARGUMENT[3]

### I.  MS. FREDERIKSEN-CROSS IS UNQUALIFIED TO RENDER THE OPINIONS OFFERED AND HER METHODOLOGY IS UNSOUND

In this case, there is an unbridgeable chasm between the extensive scope of Ms. Frederiksen-Cross' proffered testimony and the narrow purview of her actual expertise. While it

---

[3] Charter intends to file a separate motion raising spoliation arguments, on the schedule agreed to by the parties. That motion will seek remedies that may impact the scope of Ms. Frederiksen-Cross's testimony at trial.

3

is true that Ms. Frederiksen-Cross has worked in the field of forensic software analysis for a professional consulting firm for the past twenty-four years, she has no formal education or training and has not published or formally studied the systems referenced in her reports outside of her paid work for the music industry in its serial litigation against ISPs. Her "expertise" regarding P2P networks is limited to her own ███████████████████████████████████████

███████████████████████████████████████

███████████ Ex. A ¶ 4. She has no experience with certain network monitoring tools that are mentioned in her report, such as Sandvine. She has not published any academic papers about, performed any research on, or even personally used, the types of systems she evaluates in her reports. *Id*. ¶ 6; Ex. C (Curriculum Vitae). Her competency to evaluate source code simply does not equate to the type of specialized knowledge necessary to support opinions on key issues in the case, such as the reliability of MarkMonitor's system for detecting copyright infringement, the effectiveness of Charter's notice program, or the various ways an ISP might address copyright infringement on its network.

As part of its gatekeeping function, the Court must "determine whether the expert is qualified by knowledge, skill, experience, training, or education" to render the opinions offered. *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013) (quotations omitted). Merely possessing general knowledge about a subject does not qualify a witness to offer testimony outside her area of expertise. *See Masters v. Safeco Ins. Co. of Am.*, 2021 WL 4317112, at *16 (D. Colo. Sept. 23, 2021) (anesthesiologist not qualified to opine on traumatic arthritis risk). Instead, the Court must consider whether an expert's qualifications are adequate to support the specific opinions offered. *Id.*; *see also Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1133-34 (10th Cir. 2009) (expert's

4

experience supervising paved road bike races did not qualify him as an expert in other races with differing "rules and practices"); *Brown v. Nat'l R.R. Passenger Corp.*, 2020 WL 8277569, at *2 (D. Colo. Nov. 12, 2020) (similar). The Court may properly exclude testimony when it falls outside of an expert witness's specific expertise. *Conroy*, 707 F.3d at 1169 (affirming district court's exclusion because expert "had never researched, written about, or opined on" the topic before).

Here, Ms. Frederiksen-Cross's proposed testimony includes sweepingly broad opinions about the reliability of the MarkMonitor system used to transmit notices to Charter and the purported flaws in Charter's notice-processing system and internet use policies. Not only does the scope of her opinions grossly exceed the scope of her expertise, but the opinions are premised on speculation and supposition as opposed to factual support and a sound, scientific methodology. For example, Ms. Frederiksen-Cross opines that  Ex. A ¶ 14. But, aside from a lengthy description of the "cryptographic hash technology" used by MarkMonitor's detection methodology, s*ee id*. ¶¶ 15-20, her analysis is devoid of any academic support, and instead relies on selective and misleading quotations from the factual record.

Ms. Frederiksen-Cross's conclusory opinions about Charter's notice processing system are similarly devoid of adequate support or specialized expertise, making the testimony virtually indistinguishable from attorney argument and advocacy. For example, she opines, without evidentiary foundation, that Charter's practices in processing notices were aimed at

5



▇▇▇ *Id.* ¶ 14; *see also id.* ¶¶ 267-305. She claims, without factual support, that ▇▇▇

▇▇▇ *Id.* ¶ 316; *see also id.* ¶¶ 14, 315, 317-21. ▇

▇▇▇ *Id.* ¶¶ 315-21. Such conclusory, unsupported opinions are inadmissible because they are not "based on sufficient facts or data." *See* FRE 702(b); *Hines v. Wyeth,* 2011 WL 2680842, at *5 (S.D. W. Va. July 8, 2011) (expert deemed qualified nevertheless excluded because opinion did not include any "grounds for her testimony").

To the extent Ms. Frederiksen-Cross offers any support for her opinions, it is selective and misleading. ▇▇▇

▇▇▇. Ex. D (Frederiksen-Cross Tr.) 28:7-29:21. This selective reliance on an incomplete compilation of facts renders her methodology unreliable and subject to exclusion under *Daubert*. *Barber v. United Airlines, Inc.*, 17 F. App'x 433, 437 (7th Cir. 2001).

To permit Ms. Frederiksen-Cross to present this type of unsupported, conclusory and misleading testimony to the jury would be prejudicial to Charter. This Court should join the other courts that have excluded or limited Ms. Frederiksen-Cross's opinions for such a lack of support and expertise. *See, e.g.*, *Extreme Networks*, 395 F. App'x at 715; *Bowie*, No. 2:11-cv-755, Dkt. 202 at 1 (E.D. La. Sep. 12, 2012).

6

## II. MS. FREDERIKSEN-CROSS'S IMPROPER FACTUAL NARRATIVES SHOULD BE EXCLUDED

Ms. Frederiksen-Cross's reports also contain lengthy factual narratives ostensibly included as "support" for her opinions. These factual narratives should be excluded as improper because they do not require or stem from Ms. Frederiksen-Cross's own expertise, and are based on a biased, misleading, and selective presentation of evidence. *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004) (excluding narrative containing "simple inferences drawn from uncomplicated facts that serve only to buttress plaintiffs' theory of the case" because such material is "properly presented through percipient witnesses and documentary evidence").

For example, Ms. Frederiksen-Cross provides a "summary" of Charter's policies, procedures, and technical capabilities. *See* Ex. A ¶¶ 233-52. But this "summary" is an incomplete compilation of facts presented in a misleading manner to support Plaintiffs' arguments at trial. Specifically, in ¶¶ 233-40 of Ms. Frederiksen-Cross's Opening Report, she copies and pastes excerpts from Charter's "Acceptable Use Policies" (AUP) that Charter publishes to its subscribers.[4] Ex. A ¶¶ 233-40. In other sections, Ms. Frederiksen-Cross repeats or summarizes lines from selected emails from Charter's abuse team. *See, e.g.*, Ex. A ¶¶ 244-51. She offers no meaningful analysis as to any of this cherry-picked evidence but instead selectively quotes from and summarizes the evidence. The same is true for her lengthy exposition as to how Charter processed and delivered notices to subscribers. *Id.* ¶¶ 253-309. To the extent Plaintiffs want to present such facts to the jury, the appropriate method is through the admission of documentary

---

[4]   These policies prohibit unauthorized distribution of copyrighted material. Ex. A ¶ 233.

evidence and percipient witness testimony, not Ms. Frederiksen-Cross's bare say-so. *Graves v. Mazda Motor Corp.*, 405 F. App'x 296, 300 (10th Cir. 2010).

Courts regularly preclude experts from offering this type of narrative testimony. *See, e.g.*, *In re Rezulin Prods.*, 309 F. Supp. 2d at 551 (expert may not "merely [present] a narrative of the case which a juror is equally capable of constructing"). That is because the presentation of such evidence through a putative expert witness such as Ms. Frederiksen-Cross amounts to nothing more than an interpretation of the evidence to be presented at trial, which "invades the province of the jury." *In re Trasylol Prods. Liab. Litig.*, 709 F. Supp. 2d 1323, 1346 (S.D. Fla. 2010) (excluding expert who assumed the role "advocate in her presentation of the facts and invade[d] the province of the jury"); *see also Cook v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1111 (11th Cir. 2005) ("[p]roffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments.").

Here, Ms. Frederiksen-Cross's factual narratives do not require any expertise and convey no opinion that could aid a jury. She merely marches through evidence and offers argument about what certain non-technical documents do or do not say or "confirm." The "average juror would be as equally qualified as [Ms. Frederiksen-Cross] to opine on" these documents. *Brown*, 2020 WL 8277569, at *2. This type of narrative should therefore be excluded.[5]

---

[5] Charter specifically requests that the following paragraphs be stricken from Ms. Frederiksen-Cross's "updated" opening report dated June 11, 2021 and that Ms. Frederiksen-Cross be precluded from offering such testimony at trial: Ex. A ¶¶ 233-252; 253-309; 310-342.

8

### III. MS. FREDERIKSEN-CROSS SHOULD BE BARRED FROM SERVING AS A CONDUIT FOR UNDISCLOSED TESTIMONY FROM FACT WITNESSES

Ms. Frederiksen-Cross also repeatedly refers to off-record conversations she had with certain party and third witnesses in the case, and recasts the other witnesses' statements as her own opinions. But an expert may not be used as a party spokesperson to act as a "mere conduit of hearsay" that goes beyond her expertise. *Williams v. Illinois*, 567 U.S. 50, 80 (2012); *see also United States v. Freeman*, 498 F.3d 893, 903-04 (9th Cir. 2007) (experts may not provide "additional summation" of evidence that goes beyond their expertise). Therefore, this type of testimony should also be excluded from trial.

For example, in her rebuttal report, in an effort to rebut an opinion that Charter's expert witness, Dr. Sandeep Chatterjee, has offered regarding MarkMonitor's failure to adequately detect instances of network poisoning, decoys, and pollution, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. B ¶ 84. But this is precisely the type of testimony that should come in through percipient witnesses. Ms. Frederiksen-Cross's bare recitation of witness testimony is "needlessly cumulative" and would not "assist the trier of fact." *Bevan v. Valencia*, 2018 WL 3187356, at *6 (D.N.M. June 28, 2018); *ODG-OU, L.L.C. v. Pierce Prop. Mgmt., LLC*, 2016 WL 11447824, at *3 (W.D. Okla. Jan. 19, 2016) (excluding testimony where "[i]t appears that plaintiffs' experts are merely repeating the testimony of plaintiffs' witnesses").

In other instances, Ms. Frederiksen-Cross relays off-the-record conversations with third-party witnesses such as Sam Bahun and Slawomir Paczkowski of MarkMonitor. *See, e.g.*, Ex. B ¶¶ 114, 129. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

9

████████████████████████████ Ex. B ¶ 129. But this lengthy narrative is not opinion; it is merely the recitation of inadmissible hearsay. If Plaintiffs want to introduce these purported facts at trial, then Mr. Bahun and Mr. Paczkowski should take the stand and be subject to cross-examination.

Where an expert wishes to disclose "facts or data [that] would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *See* FRE 703; *Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, 2017 WL 1319553, at *9 (E.D. Tex. Apr. 10, 2017) ("expert witness may not simply summarize the out-of-court statements of others as his testimony") (quoting *United States v. Brownlee*, 741 F.3d 479, 482 (7th Cir. 2014) (Posner, J.)). Here, the "probative value" of having Ms. Frederiksen-Cross recount her off-the-record conversations with representatives of MarkMonitor does not "substantially outweigh[]" the prejudicial effect that would flow from granting an expert's imprimatur to uncorroborated, unsworn statements by third parties. *Id.* Indeed, the reliability of MarkMonitor's system is a "central" and "contested" matter in this litigation, which makes admission of this type of hearsay testimony through the guise of an expert decidedly prejudicial.[6] Courts regularly exclude expert opinions that merely "act as a conduit" for presenting opinions that are "not [their] own opinion but that of someone else." *O'Sullivan v. GEICO Cas. Co.*, 2017 WL 1243017, at *5 n.3 (D. Colo. Mar. 24, 2017); *see also United States v. Williston*, 2015 WL 3490825, at *1 (E.D. Okla. June 2, 2015) (underlying hearsay supporting expert's opinion inadmissible because it was not

---

[6] The unfairness is especially heightened in this circumstance, given that Mr. Bahun and Mr. Paszkowski are third-party fact witnesses. The jury might wonder why Ms. Frederiksen-Cross was given preferential off-the-record access to ask whatever she wanted of these witnesses, whereas Charter's expert Dr. Chatterjee was not afforded the same opportunity.

substantially more probative than prejudicial). FRE 703 is not "an open door to all inadmissible evidence disguised as expert opinion." *United States v. Scrima*, 819 F.2d 996, 1002 (11th Cir. 1987). It would be patently unfair to allow Plaintiffs to offer such hearsay testimony through the voice of Ms. Frederiksen-Cross when it has nothing to do with her expertise. *See* Ex. B ¶ 129; *ODG-OU*, 2016 WL 11447824, at *3 ("the presentation of 'facts' couched within expert testimony may cause the jury to give more weight or credence to them merely because they are delivered by 'experts'").[7]

## IV. MS. FREDERIKSEN-CROSS SHOULD BE PRECLUDED FROM USING THE TERMS "REPEAT INFRINGERS" OR "INFRINGEMENT"

Finally, pursuant to FRE 403, Ms. Frederiksen-Cross should be precluded from using loaded terminology on legal issues in a manner that would be unfairly prejudicial to Charter. Courts regularly exclude expert testimony that opines on an ultimate issue because it "circumvents the jury's decision-making function by telling it how to decide the case." *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1998) (recognizing that "a number of federal circuits have held that an expert witness may not give an opinion on ultimate issues of law"); *see also Sanchez v. Duffy*, 416 F. Supp. 3d 1131, 1150 (D. Colo. 2018) ("testimony on ultimate questions of law is not favored").

---

[7] Charter specifically requests that the following paragraphs be stricken from Ms. Frederiksen-Cross's "updated" opening report dated June 11, 2021 and rebuttal report dated June 29, 2021 and that Ms. Frederiksen-Cross be precluded from offering such testimony at trial: Ex. A ¶ 75 at n. 29, 87, 149, 151, 159, 167 at n. 124; Ex. B ¶¶ 84, 114, 120, 129, 130. These are all aspects of Ms. Frederiksen-Cross's reports where she explicitly states she is relaying information she received from fact witnesses. Charter also respectfully requests that the following paragraphs be stricken from the June 11, 2021 and June 291, 2021 reports and that she be precluded from offering such testimony from trial: Ex. A ¶¶ 69, 73-78, 85-86, 90, 93-100, 123, 164, 224; Ex. B ¶¶ 48, 72, 106. These are all instances in which she includes a conversation with a fact witness in a string cite citation as evidence for her testimony.

11

In particular, the Court should "exclude opinions phrased in terms of inadequately explored legal criteria." *Specht*, 853 F.2d at 807 (quoting Fed. R. Evid. 704 adv. comm. note).

That, however, is exactly what Ms. Frederiksen-Cross has done here.



Ex. D (Frederiksen-Cross Tr.) 146:3-5. These assertions go directly to a key contested issue in this case, as Plaintiffs have the burden of proving direct infringement as an element of their claims for vicarious and contributory liability. *See, e.g.*, *Boatman v. United States Racquetball Ass'n*, 33 F. Supp. 3d 1264, 1273 (D. Colo. 2014) ("direct copyright infringement by a third-party" is the first element of a contributory infringement claim). Plaintiffs cannot use Ms. Frederiksen-Cross as an advocate disguised as an expert witness to repeatedly and misleadingly assert the existence of acts of "infringement" on Charter's networks. Testimony of this nature by Ms. Frederiksen-Cross has been excluded on these grounds before, and the same result should follow here. *See Johnson*, No. 3:14-cv-1873, Dkt. 131 at 1-2 (S.D. Cal. Dec. 7, 2015) (granting-in-part motion in limine, explaining that Ms. Frederiksen-Cross "must not offer legal conclusions" at trial); *Fujifilm*, No.

---

[8] To the extent that Ms. Frederiksen-Cross claims that the term "repeat infringer" is a definitional label and not an opinion, such a position puts form over function—a party cannot adopt a definitional label that dictates a conclusion on a legal issue in the case in a biased and prejudicial manner. Any mention of the term "repeat infringers" should be barred from trial under FRE 403.

3:12-cv-3587, Dkt. 303 at 2 (N.D. Cal. Apr. 22, 2015) (barring testimony regarding infringement).

Ms. Frederiksen-Cross should be barred from offering any testimony that use the terms "infringement," "infringer," "repeat infringers," "infringing content," or other such similar statements.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Charter respectfully requests that the Court grant its motion to exclude the opinions and testimony of Barbara Frederiksen-Cross and grant Charter such other and further relief as the Court deems just and proper.

Dated: November 15, 2021

Respectfully submitted,

*/s/ Andrew H. Schapiro*

<div style="columns:2">

Charles K. Verhoeven
David Eiseman
Linda J. Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue

Andrew H. Schapiro
Nathan Hamstra
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com
Email: nathanhamstra@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd floor
New York, NY 10010
(212) 849-7000 (telephone)
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.

</div>

New York, NY 10166
(212) 294-6700 (telephone)
Email: melkin@winston.com

1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
Email: cjoyce@fwlaw.com

*Counsel for Charter Communications, Inc.*

14