# Exhibit XXXIII

# Exhibit 7

CONFIDENTIAL

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2              FOR THE DISTRICT OF COLORADO
 3
 4
        WARNER RECORDS INC. (F/K/A      )
 5      WARNER BROS. RECORDS, INC.), ET )
        AL.,                            )
 6                                      )
                  PLAINTIFFS,           )
 7                                      ) CASE NO.
                     VS.                ) 19-cv-00874
 8                                      ) RBJ-MEH
        CHARTER COMMUNICATIONS, INC.,   )
 9                                      )
                  DEFENDANTS.           )
10      _____)
11      (AND RELATED MATTER ON FOLLOWING PAGE)
12
13           * * * C O N F I D E N T I A L * * *
14
15               REMOTE PROCEEDINGS OF THE
16            VIDEOTAPED 30(B)(6) DEPOSITION OF
17             WARNER RECORD COMPANY PLAINTIFFS
18                    CHRISTOPHER BELL
19                  FRIDAY, MAY 21, 2021
20
21
22
23      JOB NO. 4589802
        REPORTED BY KIMBERLY EDELEN,
24      CSR. NO. 9042, CRR, RPR.
25      PAGES 1 - 281
```

CONFIDENTIAL



Page 214

1  BY MR. DOAK:

Page 216

18  BY MR. DOAK:
19     Q   Yeah.
20         So you're not aware of any time when Warner
21  has contacted Charter and said, We want you to
22  terminate So-and-So's internet access because we
23  believe that that person has infringed one of our
24  works?
25         MR. GOULD:  Objection.  Form, foundation,

Page 217

1  scope.
2         THE WITNESS:  Through the notice programs,
3  what we would observe a notice on is an IP address,
4  a time and a sample of the work.  Without Charter's
5  engagement, we wouldn't know that subscriber or that
6  repeat necessarily.  So it was incumbent upon
7  Charter in that case to recognize that they have
8  some very substantial repeat infringers to take
9  action on that.
10        It would certainly be our expectation, you
11  know, and consistent with terms of service and terms
12  of, you know, the rights that are granted to
13  subscribers to access to the Charter network that
14  Charter would do that, but we -- we -- I'm not aware
15  of any case where Warner explicitly demanded because
16  we wouldn't have that level of detail.
17  BY MR. DOAK:
18     Q   What do you mean you "wouldn't have that
19  level of detail"?
20     A   What we're able to identify through the
21  notice program, through the RIAA and the vendor, you
22  know, that they're working with, again, is a sample
23  of the work, the IP address and port, the protocol,
24  the date and time.  But it -- but Charter's the one
25  who can map that information to a specific

CONFIDENTIAL

Page 278

1 rightsholders that have the ability and rights if
2 they so choose to send notices. CAS was not -- the
3 CAS participant on the content side were only a
4 portion of the world's content owners, and so, yes,
5 I don't know what others -- software vendors, other
6 content owners may have sent during that period.
7      MR. DOAK: Okay. No further questions.
8 Thank you for your time today.
9      THE WITNESS: Thank you.
10     THE REPORTER: Mr. Gould, did you want your
11 copy expedited? This is on a three-day expedite.
12     MR. GOULD: I think we can go off the
13 record, right? I guess --
14     THE REPORTER: Yeah. I just need to get an
15 answer here on the video or off.
16     MR. GOULD: Yeah, we'll take a rough today
17 and expedited three-day, please.
18     THE REPORTER: Sure.
19     THE VIDEOGRAPHER: Thanks. Is it okay to
20 read the video conclusion?
21     MR. GOULD: Yes.
22     MR. DOAK: Yes.
23     THE VIDEOGRAPHER: Okay. Thanks.
24     We are off the record at 3:17 p.m. and this
25 concludes today's 30(b)(6) deposition of the Warner

Page 279

1 record company plaintiffs regarding certain topics
2 through Christopher Bell. The total number of media
3 used was seven and will be retained by Veritext
4 Legal Solutions. Thank you.
5
6  (Whereupon, at 3:17 p.m., the 30(B)(6) DEPOSITION OF
7         WARNER RECORD COMPANY PLAINTIFFS,
8         CHRISTOPHER BELL was concluded.)
9
10             ---oOo---
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 280

1 STATE OF CALIFORNIA    )
2 COUNTY OF LOS ANGELES  )  ss.
3
4     I, Kimberly A. Edelen, C.S.R. No. 9042, in and
5 for the State of California, do hereby certify:
6     That prior to being examined, the witness named
7 in the foregoing deposition was by me duly sworn to
8 testify the truth, the whole truth and nothing but
9 the truth;
10    That said deposition was taken down by me in
11 shorthand at the time and place therein named, and
12 thereafter reduced to typewriting under my
13 direction, and the same is a true, correct and
14 complete transcript of said proceedings;
15    That if the foregoing pertains to the original
16 transcript of a deposition in a Federal Case, before
17 completion of the proceedings, review of the
18 transcript { } was {X} was not requested.
19    I further certify that I am not interested in
20 the event of the action.
21    Witness my hand this 26th day of May,
22 2021.
23
24    [signature]
       KIMBERLY A. EDELEN, C.S.R. NO. 9042
25