UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    Plaintiffs,

*v.*

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S UNOPPOSED MOTION TO RESTRICT PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS**

Pursuant to Local Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully moves this Court to maintain the unredacted version of Plaintiffs' Motion for Spoliation Sanctions and Exhibits 1-8 and 12-34 thereto under Level 1 Restriction. *See* Dkts. 592, 592-2 to -9, 592-13 to -35 (Dec. 3, 2021). In support of this motion, Charter states as follows:

1. **Certificate Pursuant to D.C.COLO.LCivR 7.1(a).** Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this Motion. Plaintiffs do not oppose the relief requested in the Motion.

2. On December 3, 2021, Plaintiffs filed a "Motion for Spoliation Sanctions" (the "Motion") as well as Exhibits 1-8 and 12-34 thereto (the "Confidential Exhibits") under Level 1 Restriction. *See* Dkts. 592, 592-2 to -9, 592-13 to -35.

3. The Confidential Exhibits contain materials protected by the attorney-client privilege and/or attorney work product doctrine that were produced pursuant to the Court's order under Federal Rule of Evidence 502(d). Dkt. 321 ("502(d) Order"). Exhibits 3, 5, 6, 8, 19-25, and 30-34 are privileged and protected materials dealing with Charter's policies for and

1

implementation of "legal holds," including records memorializing the same and setting out details of specific legal holds as well as attorney-client communications related to the same, all of which were produced pursuant to the Court's 502(d) Order. Exhibit 35 in turn summarizes information presented in Exhibits 31-33.

4. In addition, the Confidential Exhibits contain Charter's competitively sensitive business information. Exhibit 1 is a demand letter from counsel for Plaintiffs to counsel for Charter, sent in furtherance of settlement of purported claims. Exhibit 12 is a set of demand letters sent by purported owners of copyrights to Charter alleging infringement by specific Charter subscribers. Exhibit 15 is a document memorializing certain internal policies and procedures of Charter for responding to allegations of copyright infringement by its subscribers. Exhibit 27 is an expert report of Kristofer Buchan in this matter that discusses Charter's retention of data and use of "litigation holds," which has previously been ordered to be maintained under Level 1 Restriction by the Court, *see* Dkt. 591. Exhibits 17, 18, and 29 are discovery responses served by Charter in this matter that discuss Charter's implementation of "legal holds" and internal communications related to the same, Charter's technological capabilities for monitoring its customers' conduct, and Charter's personnel's responsibilities for implementing policies and procedures for responding to allegations of copyright infringement by its subscribers, respectively.

5. Exhibits 2, 4, 7, 13, 14, 16, 26, and 28 are excerpts of transcripts of depositions taken in this matter that discuss the privileged and protected materials and/or the confidential business information described above.

6. The Motion, in turn, quotes from and/or synopsizes the Confidential Exhibits described above.

7. Disclosure of Charter's privileged and protected material would result in a clear and serious injury—the potential loss of Charter's claims of attorney-client privilege and work product protection over the documents from which the material was taken. Courts in this District recognize that a party's interest in restricting access to privileged material is sufficient to outweigh the presumption of public access. *See Galena St. Fund, L.P. v. Wells Fargo Bank, N.A.*, 2014 WL 12741154, at *2 (D. Colo. Mar. 10, 2014) (granting motion to restrict access to documents as they were "entitled to restricted access under the attorney-client privilege").

8. In addition, disclosure of Charter's competitively sensitive business information would cause competitive harm to Charter through the disclosure of details of Charter's policies and procedures for responding to allegations of copyright infringement, its technological abilities for monitoring its customers' conduct, and its implementation of "litigation holds," among other details of its business. *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information"). The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information. The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

9. Charter has filed on the public docket a version of the Motion, judiciously redacted to protect Charter's privileged and protected material and its competitively sensitive commercial information, attached as **Exhibit A** to this motion.

10. Charter seeks only a Level 1 restriction, the lowest level of restriction. Permitting a Level 1 Restriction of the Motion and Confidential Exhibits is the only method that can adequately protect Charter's privileged and protected material and its competitively sensitive commercial information as well as avoid potential waiver of Charter's attorney-client privilege and work product protection. *See In re Qwest Commc'ns Int'l, Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) ("[T]he confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived." (citation omitted)).

WHEREFORE, Charter respectfully requests that the Court maintain the unredacted version of Plaintiffs' Motion for Spoliation Sanctions and Exhibits 1-8 and 12-34 thereto under Level 1 Restriction. *See* Dkts. 592, 592-2 to -9, 592-13 to -35 (Dec. 3, 2021).

| | |
|---|---|
| Dated: December 17, 2021 | Respectfully submitted, |
| | */s/ Andrew H. Schapiro* |
| Jennifer A. Golinveaux | Andrew H. Schapiro |
| WINSTON & STRAWN LLP | Nathan A. Hamstra |
| 101 California Street, 35th Floor | Allison Huebert |
| San Francisco, CA 94111 | QUINN EMANUEL URQUHART & |
| (415) 591-1506 (telephone) | SULLIVAN, LLP |
| (415) 591-1400 (facsimile) | 191 N. Wacker Drive, Suite 2700 |
| Email: jgolinveaux@winston.com | Chicago, IL 60606 |
| | (312) 705-7400 (telephone) |
| Michael S. Elkin | (312) 705-7401 (facsimile) |
| WINSTON & STRAWN LLP | Email: andrewschapiro@quinnemanuel.com |
| 200 Park Avenue | Email: allisonhuebert@quinnemanuel.com |
| New York, NY 10166 | |
| (212) 294-6700 (telephone) | Charles K. Verhoeven |
| (212) 294-4700 (facsimile) | David Eiseman |
| Email: melkin@winston.com | Linda Brewer |
| | QUINN EMANUEL URQUHART & |
| Craig D. Joyce | SULLIVAN, LLP |
| Fairfield and Woods, P.C. | 50 California Street, 22nd Floor |
| 1801 California Street, Suite 2600 | San Francisco, CA 94111 |
| Denver, CO 80202 | (415) 875-6600 (telephone) |
| (303) 830-2400 (telephone) | (415) 875-6700 (facsimile) |
| (303) 830-1033 (facsimile) | Email: charlesverhoeven@quinnemanuel.com |
| Email: cjoyce@fwlaw.com | Email: davideiseman@quinnemanuel.com |
| | Email: lindabrewer@quinnemanuel.com |
| | |
| | Todd Anten |
| | Jessica Rose |
| | QUINN EMANUEL URQUHART & |
| | SULLIVAN, LLP |
| | 51 Madison Avenue, 22nd floor |
| | New York, NY 10010 |
| | (212) 849-7000 (telephone) |
| | (212) 849-7100 (facsimile) |
| | Email: toddanten@quinnemanuel.com |
| | Email: jessicarose@quinnemanuel.com |
| | |
| | *Counsel for Defendant* |
| | *Charter Communications, Inc.* |