IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00874-RBJ-MEH

WARNER RECORDS INC, et al.,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

---

**PLAINTIFFS' AND RIAA'S UNOPPOSED MOTION FOR LEAVE TO MAINTAIN LEVEL 1 RESTRICTION FOR CERTAIN FILINGS FOR CHARTER'S MOTION FOR <u>CURATIVE MEASURES AND SANCTIONS</u>**

Pursuant to Local Rule 7.2, all Plaintiffs ("Plaintiffs") and non-party Recording Industry Association of America ("RIAA") respectfully move this Court to maintain the unredacted versions of Charter's Motion for Curative Measures and Sanctions for Plaintiffs' Spoliation of Evidence (the "Motion") and certain materials filed in support of the Motion under Level 1 Restriction. These filings are: Dkts. 593, 593-2, and 593-4 to 593-24.

**<u>Certificate Pursuant to D.C.COLO.LCivR 7.1(a).</u>** Counsel for Plaintiffs and RIAA have conferred via email with counsel for Charter. Charter consents to the relief requested by Plaintiffs and RIAA.

1.     On December 3, 2021, Charter filed the Motion, along with supporting materials, under Level 1 Restriction. *See* Dkt. 593.

2.     Dkt. 593 is Charter's Motion. Charter's Motion contains discussion of commercially sensitive, confidential information regarding MarkMonitor's antipiracy detection system, the Audible Magic technology, Plaintiffs' and RIAA's antipiracy efforts, the details of

1

MarkMonitor's retention and scope of work, and Plaintiffs' litigation strategy. A redacted version of Dkt. 593 is attached hereto as Exhibit 1.

3. Dkts. 593-2, 593-4, 593-5, 593-6, 593-7, and 593-21 are agreements between MarkMonitor and RIAA for antipiracy services provided by MarkMonitor to RIAA. The agreements have been designated Confidential under the protective order entered in this case. The agreements contain commercially sensitive, confidential information regarding MarkMonitor's antipiracy detection system, Plaintiffs' and RIAA's antipiracy efforts, and the details of MarkMonitor's retention and scope of work.

4. Dkt. 593-8 is excerpts from the deposition transcript of Sam Bahun, taken May 13, 2021. Dkt. 593-9 is excerpts from the deposition transcript of Slawomir Paczkowski, taken May 11, 2021. Dkts. 593-8 and 593-9 have been designated Highly Confidential by non-party MarkMonitor, Inc. Dkts. 593-8 and 593-9 contain commercially sensitive, confidential information regarding MarkMonitor's antipiracy detection system, Plaintiffs' and RIAA's antipiracy efforts, and the details of MarkMonitor's retention and scope of work.

5. Dkt. 593-10 is excerpts from the deposition transcript of Steven Marks, taken May 7, 2021. The portions of the transcript have been designated Confidential or Highly Confidential by non-party RIAA. The transcript contains commercially sensitive confidential information regarding MarkMontior's antipiracy detection system, Plaintiffs' and RIAA's antipiracy efforts, the details of MarkMonitor's retention and scope of work, and Plaintiffs' litigation strategy. A redacted version of Dkt. 593-10 is attached hereto as Exhibit 2.

6. Dkt. 593-11 is excerpts from the deposition transcript of Vance Ikezoye, taken January 22, 2021. Dkt. 593-13 is excerpts from the deposition transcript of Erling Wold, taken

April 23, 2021. Dkts. 593-11 and 593-13 have been designated Highly Confidential by non-party Audible Magic. The transcripts contain commercially sensitive confidential information regarding the Audible Magic technology and Plaintiffs' and RIAA's antipiracy efforts.

7. Dkts. 593-12 and 593-22 are expert reports authored by Karl Snow, Ph.D, dated May 27, 2021 and June 28, 2021, which are designated Highly Confidential under the protective order in this case. Dkts. 593-12 and 593-22 contains sensitive, confidential information regarding the operation of the MarkMonitor system, the Audible Magic technology, Plaintiffs' and RIAA's antipiracy efforts, and Plaintiffs' litigation strategy.

8. Dkt. 593-14 is an expert report authored by Sandeep Chatterjee, Ph.D., dated May 27, 2021, which is designated Highly Confidential and Highly Confidential – Source Code under the protective order in this case. Dkt. 593-14 includes sensitive, confidential information regarding the operation of the MarkMonitor system, the Audible Magic technology, and Plaintiffs' and the RIAA's antipiracy efforts.

9. Dkts. 593-15 and 593-24 are expert reports authored by Barbara Frederiksen-Cross, dated May 27, 2021 and June 28, 2021, which are designated Highly Confidential and Highly Confidential – Source Code under the protective order in this case. Dkts. 593-15 and 593-24 include sensitive, confidential information regarding the operation of the MarkMonitor system, the Audible Magic technology, and Plaintiffs' and the RIAA's antipiracy efforts.

10. Dkts. 593-16 and 593-17 are Plaintiffs' Amended Third and Fourth Privilege Logs produced in this case. Dkt. 593-19 is MarkMonitor's Privilege Log produced in this case. Dkt. 593-20 is RIAA's Supplemental Privilege Log produced in this case. Dkts. 593-16, 596-17, 596-19, and 596-20 were all designated Confidential under the protective order in this case.

3

Dkts. 593-16, 596-17, 596-19, and 596-20 contain confidential information regarding the scope of MarkMonitor's work, Plaintiffs' and the RIAA's antipiracy efforts, and Plaintiffs' litigation strategy.

11. Dkt. 593-18 is an email chain produced under bates RIAA_CH_01546619 by non-party RIAA in this case. Dkt. 593-18 was designated Confidential under the protective order in this case. Dkt. 593-18 contains sensitive, confidential information regarding the operation of the MarkMonitor system and Plaintiffs' and RIAA's antipiracy efforts.

12. Dkt. 593-23 is a document produced under bates CHA_00131105 and produced by Charter in the above-captioned case. Dkt. 593-23 was designated Confidential under the protective order in this case. Dkt. 593-23 contains sensitive, confidential information regarding Plaintiffs' antipiracy efforts and Plaintiffs' litigation strategy.

13. The statements above describe confidential and commercially sensitive information that requires sealing or redaction. Disclosure of this information would cause harm to Plaintiffs and, in several instances, to non-parties RIAA, MarkMonitor and Audible Magic. S*ee Health Grades, Inc. v. MDx Medical, Inc.*, 11–cv–00520–RM–BMB, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) ("the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information"). This information, while harmful in the hands of competitors, is not necessary for the general public to understand or evaluate the issues between the parties.

14. Plaintiffs and RIAA seek only a Level 1 restriction, the lowest level of restriction. The parties have filed redacted versions as appropriate for the filings they seek to maintain under restriction on the public docket (attached hereto as Exhibits 1 and 2).

4

WHEREFORE, Plaintiffs and RIAA respectfully request the Court maintain under Level 1 Restriction the following filings: Dkts. 593, 593-2, and 593-4 to 593-24 (December 3, 2021).

Dated: December 17, 2021

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

Respectfully submitted,

*/s/ Jeffrey M. Gould*
Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

*Attorneys for Plaintiffs and
Recording Industry Association of America*