# Plaintiffs' Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al*., <br><br> Plaintiffs, <br><br> *v*. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 1:19-cv-00874-RBJ-MEH <br><br> **HEARING REQUESTED** |

### CHARTER'S MOTION FOR CURATIVE MEASURES AND SANCTIONS FOR PLAINTIFFS' SPOLIATION OF EVIDENCE

**D.C.COLO.L.CivR 7.1(a) Certification**: Charter Communications, Inc. ("Charter") certifies that it conferred with Plaintiffs in a good-faith attempt to resolve the dispute raised herein, including via telephone between counsel on November 10, 2021, but the parties did not reach agreement.

\*

Pursuant to Federal Rule of Civil Procedure 37(e), Charter respectfully requests that the Court grant curative measures and impose sanctions on Plaintiffs for their failure to preserve evidence central to this case. Plaintiffs are repeat litigants who spent nearly a decade compiling evidence to assert claims against Charter, but selectively preserved only the evidence supporting their claims. Specifically, in 2011, Plaintiffs—through their agent, the Recording Industry Association of America ("RIAA")—retained MarkMonitor, Inc. ("MarkMonitor") to scan peer-to-peer ("P2P") networks for suspected copyright infringement and generate of millions of notices to ISPs, all for use in anticipated litigation. While [redacted] provide the foundation for the $1.6+ billion damages claims against Charter, only helpful fragments of the evidence compiled during Plaintiffs' "notice program" have been retained. [redacted]

1

███████████████████████████████████████████, and serve only to illustrate the importance of what was lost. Plaintiffs' destruction of evidence has unduly prejudiced Charter's ability to challenge Plaintiffs' direct infringement case—the bedrock of the entire lawsuit. In these circumstances, curative measures and sanctions are warranted.

## BACKGROUND

### A. Plaintiffs Anticipated Litigation As Early As December 2011

In December 2011, RIAA retained MarkMonitor (formerly DtecNet), an anti-piracy consultant, on Plaintiffs' behalf to monitor suspected infringement of Plaintiffs' copyrighted works on P2P networks. *See* Ex. A, Master Agreement; Ex. B, Feb. 23, 2021 Hr'g Tr. 87:9-17.[1] Plaintiffs planned to use the evidence collected in future litigation. Specifically, the Master Agreement called for MarkMonitor to "█████████████████████████████████████████████████ ██████████████████████████" and "██████████████████████████████" Ex. A, at -04. MarkMonitor agreed that RIAA would ████████████████████████████████████████ ██████████████████████████████████████" (*i.e.*, Plaintiffs). *Id.* at -10. This agreement covered "███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████" *Id.* at -02. ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████. *See, e.g.*, Ex. C, SOW,[2] at -33-34. Throughout, █████████████████████████████████████████

---

[1] Exhibits cited herein as "Ex." are attached to the Declaration of Andrew H. Schapiro.

[2] The SOWs (attached as Exhibits D, E, and F) are, for this discussion, near-identical, and therefore citations are solely to the 2012 SOW unless otherwise stated.

2

█████████████████████████████████████

█████████████████████████████████████

███████" *Id.* at -34.

**B.  The 2012-2015 "Notice Program"**

From 2012 to 2015, MarkMonitor's software monitored P2P networks by seeking network users (known as "peers") purportedly sharing Plaintiffs' music files ("Notice Program"). *See* Ex. C, SOW. █████████████████████████████

█████████████████████████████████████

██████.[3] *Id.* at -31-32.

█████████████████████████████████████

████████████████ Ex. G, Bahun Tr. 100:22-102:11, 103:10-22. ██████

█████████████████████████████████████

████████████████████████████ Ex. J, Ikezoye Tr. 45:7-25.

█████████████████████████████████████

███████████████████. *Id.* at 35:19-36:15. █████████

█████████████████████████████████████

---

[3] ████████████████████████████████████
████ Ex. H, Paczkowski Tr. 164:20-167:2; Ex. I, Marks Tr. 211:8-212:19.
[4] ███████████████████████████ Ex. G, Bahun Tr. 109:12-21.
[5] █████████████████████████████████████
Ex. K, Snow Rpt. ¶¶ 113-16; *see also* Ex. L, Wold Tr. 28:18-29:21; Bahun Tr. 103:25-104:9.

3

██████ Ex. H, Paczkowski Tr. 96:21-97:8. ██████

██████ Ex. G, Bahun Tr. 35:10-36:5; Ex. H, Paczkowski Tr. 164:20-167:2.[6]

██████

██████ Ex. C, SOW, at -32; Ex. G, Bahun Tr. 49:10-24. ██████

██████ Ex. C, SOW, at -32. ██████

██████

██████ *Id.* at -33; Ex. G, Bahun Tr. 162:20-164:7. ██████

██████

██████[8] Ex. C, SOW, at -33-34.

During this time, Plaintiffs regularly communicated with RIAA regarding MarkMonitor's monitoring work in anticipation of litigation. ██████

██████ *See, e.g.*, Ex. O, Pls.' Am. Third Priv. Log Nos. 308, 313; Ex. P, Pls.' Am. Fourth Priv. Log Nos. 509, 511. ██████

██████ Ex. Q, Email chain, at -21.

---

[6] Plaintiffs have not produced the original files purportedly verified by Audible Magic or any purportedly identical files shared by Charter subscribers subsequently identified by hash value during the 2012-2015 Notice Program. ██████ *See* Ex. K, Snow Rpt. ¶ 119.

[7] A torrent is a collection of files shared on a P2P network. *See* Ex. M, Chatterjee Rpt. ¶ 29.

[8] MarkMonitor has stated that half of the evidence packages were lost in a data failure and no data is available prior to January 1, 2013. *See* Ex. N, Frederiksen-Cross Rpt. ¶¶ 145, 149 (██████ ).

4

### C.     <u>MarkMonitor Knowingly Discarded Evidence Underlying The Notices</u>

As a result of the Notice Program, Charter received ▮▮▮▮▮▮▮ from Plaintiffs alleging infringement of more than 11,000 works by Charter subscribers. Ex. K, Snow Rpt. ¶ 14; Dkt. 123, Exs. A & B to First Am. Compl. These notices are the "evidence" relied on by Plaintiffs in asserting secondary infringement claims against Charter. It is undisputed, however, that the following information underlying the 2012-2015 Notice Program is no longer available:

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Song Files"). Ex. I, Marks Tr. 211:8-212:19; Ex. H, Paczkowski Tr. 164:20-167:2.

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Responses"). Ex. G, Bahun Tr. 109:12-21.

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[9] Ex. G, Bahun Tr. 216:3-14.

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. H, Paczkowski Tr. 33:24-34:15.

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. G, Bahun Tr. 203:23-204:14.

This information directly relates to the parties' claims and defenses and, specifically, Charter's ability to analyze the reliability of Plaintiffs' notices. *See* Ex. M, Chatterjee Rpt. ¶¶ 312-19. While Plaintiffs contend those notices are sufficient evidence of direct infringement, significant gaps in the evidentiary chain handicap Charter's ability to counter this assertion.

---

[9]     Partial logs of the files that MarkMonitor sent to Audible Magic but were not verified have been produced by Audible Magic. *See* Ex. K, Snow Rpt. ¶ 80.

5

Charter sought this information from Plaintiffs, RIAA, MarkMonitor, and Audible Magic during fact discovery. But it is no longer available, in material part, because ▮

▮ Ex. L, Wold Tr. 86:21-24; Ex. G, Bahun Tr. 204:15-24, 209:8-13; Ex. R, MM Priv. Log Nos. 5, 8; Ex. V, Demand Letter.

### D. The 2016 "Download Project" To Recreate The Destroyed Evidence

On December 17, 2015, a jury awarded a multimillion-dollar verdict against Cox in *BMG v. Cox*. ▮ Ex. S, RIAA Supp. Priv. Log No. 35. ▮

▮ *See id.* Nos. 36-63; Ex. O, Pls.' Am. Third Priv. Log Nos. 357-370; *see also* Ex. B, Feb. 23, 2021 Hr'g Tr. 64:7-65:1.

▮ Ex. T, 2016 SOW, at -90. ▮

▮ Ex. I, Marks Tr. 221:17-222:4.

As part of the 2016 Project, ▮

▮ Ex. T, 2016 SOW, at -90.

▮

▬▬▬▬ *Id.* ▬▬▬▬

▬▬▬▬ *Id.* ▬▬▬▬

▬▬▬▬ Ex. K, Snow Rpt. ¶ 120.[10] ▬▬▬▬

▬▬▬▬

▬▬▬▬ Ex. G, Bahun Tr. 109:12-21; Ex. L, Wold Dep 69:19-70:15.

▬▬▬▬ MarkMonitor downloaded to a hard drive ▬▬▬▬

▬▬▬▬ Ex. U, Snow Rebuttal Rpt. ¶ 37. Plaintiffs produced the hard drive during fact discovery and it was relied on by Plaintiffs' testifying experts, including a team of "listeners" who listened to a subset of the files purportedly to confirm that the allegedly infringing files corresponding to a "hash" matched Plaintiffs' works. *Id.* ¶¶ 38-39. But, as noted above, ▬▬▬▬

▬▬▬▬ Unless the Court imposes the requested relief, Plaintiffs intend to rely at trial on *all* the notices sent to Charter, even though Plaintiffs did not redownload lost files for all those notices. *See* Dkt. 555, Pls.' Mot. S.J. at 1, 16.

Notwithstanding these substantial evidentiary deficiencies, and the fact that Plaintiffs sent a demand letter to Charter in March 2016, *see* Ex. V, ▬▬▬▬

---

[10] ▬▬▬▬ *See* Ex. I, Marks. Tr. 231:10-232:1.

▇▇▇▇▇▇▇▇▇▇▇▇ Ex. L, Wold Tr. 86:21-24. ▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

# ARGUMENT

## I. EVIDENCE WAS DESTROYED DESPITE ANTICIPATION OF LITIGATION

The duty to preserve attaches when "a party knew or should have known that the evidence may be relevant to future litigation." *Zbylski v. Douglas Cnty. Sch. Dist.*, 154 F.Supp.3d 1146, 1162-63 (D. Colo. 2015) (collecting cases). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. A, Master Agreement, at -04.

The 2016 Project was also unambiguously carried out in anticipation of litigation. Following the *BMG v. Cox* verdict, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. I, Marks Tr. 221:17-222:4; Ex. T, 2016 SOW, at -90. This Court found that the work product derived from the 2016 Project was created "in anticipation of litigation." Dkt. 436, Order, at 8-9.[11]

## II. PLAINTIFFS DID NOT TAKE REASONABLE PRESERVATION STEPS

Once a preservation obligation arises, Rule 37(e) requires a party to take "reasonable steps" to preserve relevant electronically stored information. Where a party's agent collects information in anticipation of litigation, the burden of preservation remains with the principal and not its agent.

---

[11] Cox filed a similar (but not identical) motion for sanctions in *Sony v. Cox* regarding Plaintiffs' destruction of data underlying its direct infringement case, which was denied. Notably, the 2016 Project was not considered by the court when it denied Cox's motion. *See* Dkt. 522-1, Cox's Memo. In Supp. Of Mot. To Modify P.O.

8

Case No. 1:19-cv-00874-RBJ-MEH Document 598-1 Filed 12/06/22 USDC Colorado Page 10 of 115
Case 1:19-cv-00874-RBJ-MEH Document 591 Filed 12/03/21 USDC Colorado Page 9 of 16
of 16

*Hunter v. Big Rock Transp., Inc.*, 2009 WL 10698513, at *4, 6 (D. Wyo. Feb. 25, 2009). The steps taken by Plaintiffs to preserve evidence in this case were not reasonable.

The Master Agreement required MarkMonitor ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A, at -04. ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at -02. Notwithstanding this provision, ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. Q, Email chain, at -21. It was not reasonable to ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and fail to preserve Responses during the Notice Program.

*Bush v. Bowling*, 2020 WL 5423986, at *4 (N.D. Okla. Sept. 10, 2020) (failure to preserve evidence party knew was relevant to future litigation unreasonable). Plaintiffs' belated and unsuccessful attempt to recreate this evidence through the 2016 Project shows that the steps they took to preserve this information were not reasonable.

It was also unreasonable for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. A, Master Agreement, at -04; Ex. T, 2016 SOW, at -90,

Ex. V. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs

violated their preservation duties by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓ *Browder v. City of Albuquerque*, 187 F.Supp.3d 1288, 1299 (D.N.M. 2016).

## III. THE SPOLIATED MATERIALS CANNOT BE RESTORED

As a result of Plaintiffs' actions, crucial data underlying the Notice Program is lost and cannot be restored. Plaintiffs have tried to argue that the files downloaded in 2016 are the same as the Song Files, but neither Charter nor the Court should be required to accept that contention as fact. Rather, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. M, Chatterjee Rpt. ¶¶ 360-62.[12] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. K, Snow Rpt. ¶ 121 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* ¶ 123. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See, e.g.*, Dkt. 555, Pls.' Mot. S.J., at 5-6.

Nor does Plaintiffs' retention of purported experts to conduct a technical analysis of the files replace the lost evidence. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[12] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. W, Frederiksen-Cross Reply Rpt. ¶¶ 127-129. MarkMonitor's failure to retain the Song Files has prevented Charter from investigating or challenging this explanation.

Ex. U, Snow Rebuttal Rpt. ¶¶ 34-38. And even it if had encompassed all of the files that were the subject of notices, ▇▇▇▇ *See Emuveyan v. Ewing*, 2021 WL 3617423, at *10 (D. Utah Aug. 16, 2021) (requiring that litigants be "permitted to present [their] case … based on the evidence as it existed at the time the duty to preserve arose"). ▇▇▇ Ex. U, Snow Rebuttal Rpt. ¶ 45.

There is also no dispute that ▇▇▇ Ex. G, Bahun Tr. at 196:2-197:5. ▇▇▇ *See* Ex. R, MM Priv. Log. Similarly, ▇▇▇ Ex. G, Bahun Tr. 109:12-21. ▇▇▇

### IV. CHARTER IS PREJUDICED BY PLAINTIFFS' DESTRUCTION OF EVIDENCE

The destruction of materials that Plaintiffs should have preserved has prejudiced Charter. A party may demonstrate prejudice by "establish[ing] a reasonable possibility … that access to the

11

lost materials would have produced evidence favorable to [its] cause." *Sessions v. Romero*, 2019 WL 156952, at *3 (D. Colo. Jan. 10, 2019) (prejudice found where missing records eliminates party's ability to "tell a different story from [its adversary's] version of events"). Plaintiffs intend to rely on the notices from the 2012-2015 Notice Program and on the files downloaded during the 2016 Project to argue that Charter's subscribers distributed or downloaded certain musical works owned by Plaintiffs. But Charter is limited in its ability to challenge the reliability of the notices and their applicability to the songs downloaded in 2016 because Plaintiffs discarded portions of the contemporaneous evidence, and did not retain key pieces of their later attempt to recreate that evidence. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[13] *See* Ex. M, Chatterjee Rpt. ¶ 167. This incomplete and misleading picture is unfair and prejudicial to Charter.

Also prejudicial is the fact that Plaintiffs intend to offer opinion testimony at trial about the reliability and accuracy of MarkMonitor's system (Ex. N, Frederiksen-Cross Rpt. ¶ 148), without preserving the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Plaintiffs' 2016 Project to "redownload" evidence does not cure the prejudice arising from the loss of contemporaneous materials, as litigants "are not free to create their own corroborating

---

[13] If a file MarkMonitor downloaded was not matched by Audible Magic, no records were kept. Ex. G, Bahun Tr. 216:3-14.

evidence after the fact, when they have a duty to preserve." *Ewing*, 2021 WL 3617423, at \*10. Both the 2016 Project—and the "listeners" who offer opinions about the files downloaded pursuant to it—are merely attempts to shore up the absence of evidence that unfairly hinders Charter's ability to challenge Plaintiffs' purported infringement evidence. In any event, ███████████ ████████████████████████████████████████████████████████ Plaintiffs allegedly sent to Charter even though Plaintiffs seek to rely on evidence of all those notices.

## V. CHARTER IS ENTITLED TO REMEDIES FOR PLAINTIFFS' SPOLIATION

Rule 37(e)(1) allows for a range of curative measures, subject to the Court's discretion, that are proportionate to the prejudice. *See Ewing*, 2021 WL 3617423, at \*10. Given the scope of the spoliation and the attendant prejudice to Charter, evidentiary exclusion, curative jury instructions, and permission to "present evidence and argument to the jury regarding the loss of information" are appropriate here. *Id.*; *Mueller v. Swift*, 2017 WL 3058027, at \*4-\*6 (D. Colo. July 19, 2017) (permitting cross-examination on spoliation where plaintiff selected evidence "hand-picked from the underlying evidence" and failed to preserve the rest). At a minimum: (i) Plaintiffs should be precluded from presenting the materials created as part of the 2016 Project (*i.e.*, the new song files) and any opinion testimony based on those materials; (ii) Charter should be permitted to present evidence and argument regarding Plaintiffs' failure to take reasonable steps to preserve the lost materials; and (iii) the jury should be instructed that it may consider Plaintiffs' failure to preserve materials and attempts to recreate the materials in evaluating witness credibility and making factual determinations. *See, e.g.*, *Ewing*, 2021 WL 3617423, at \*11.

In addition, where a party destroys information with an "intent to deprive" the other party of it in litigation, the Court may "presume that the lost information was unfavorable" and "instruct

13

the jury that it may or must presume the information was unfavorable." Fed. R. Civ. P. 37(e)(2).

Here, ███████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████, the Court may conclude that Plaintiffs acted with an intent to deprive Charter of evidence. *Culhane v. Wal-Mart Supercenter*, 364 F.Supp.3d 768, 774 (E.D. Mich. 2019) (intent to deprive where agent "selectively preserved" evidence).

███████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████ Ex. A, Master Agreement at -04; Ex. Q, Email chain, at -21. Then, in 2016, ███████████████████████

████████████████████████████████ Although Plaintiffs knew MarkMonitor and Audible Magic possessed information relevant to Plaintiffs' anticipated litigation, ██████

█████████████████████████████████████████████

█████████████████████████████████████████████

And ████████████████████████████████████████

███████████████████████████████████ This conduct further shows Plaintiffs' intent to deprive Charter of evidence. *Alabama Aircraft Indus., Inc. v. Boeing Co.*, 319 F.R.D. 730, 746 (N.D. Ala. 2017) (finding intent to deprive based on "unexplained, blatantly irresponsible behavior"). Against this backdrop, where Plaintiffs deliberately deleted evidence collected in anticipation of litigation and failed to issue required litigation holds, it is proper to instruct the jury that it may presume the destroyed evidence was unfavorable. *Colonies Partners, L.P. v. Cnty. of San Bernardino*, 2020 WL 1496444, at *9, *13 (C.D. Cal. Feb. 27, 2020).

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Charter respectfully requests that the Court grant its motion for curative measures and sanctions and, if the Court concludes warranted, grant Charter such other and further relief as the Court deems just and proper, including attorneys' fees.

Dated: December 3, 2021

John J. Rosenthal
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20036
(202) 282-5000 (telephone)
Email: jrosenthal@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
Email: melkin@winston.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com

Charles K. Verhoeven
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
Email: charlesverhoeven@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
Email: cjoyce@fwlaw.com

*Counsel for Charter Communications, Inc.*

15