IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No 1:19-cv-00874-RBJ-MEH

WARNER RECORDS INC. et al.,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

_____

**DECLARATION OF JEFFREY M. GOULD IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO CHARTER'S MOTION FOR CURATIVE MEASURES
AND SANCTIONS FOR PLAINTIFFS' SPOLIATION OF EVIDENCE**

I, Jeffrey M. Gould, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

1. I am a partner at Oppenheim + Zebrak, LLP, and am admitted to practice law in the District of Columbia, among other jurisdictions. I am counsel for Plaintiffs in the above-captioned case.

2. I submit this declaration in support of Plaintiffs' Opposition to Charter's Motion to for Curative Measures and Sanctions for Plaintiffs' Spoliation of Evidence.

3. Attached are true and correct copies of the following exhibits:

| Plaintiffs' Exhibit | Description |
|---|---|
| 1 | Transcript of September 27, 2019 Hearing on Motions in *Sony Music Entm't v. Cox Commc'ns, Inc.*, Case No. 1:18-cv-950 (E.D. Va.) |
| 2 | Excerpt of transcript from trial in *Sony Music Entm't v. Cox Commc'ns, Inc.*, Case No. 1:18-cv-950 (E.D. Va.) |

| 3 | Audible Magic, "Client API SDK Programmer's Overview" (November 7, 2010), produced in discovery with Bates label AUDIBLE-MAGIC-0066918 |
|---|---|
| 4 | Excerpts from the May 11, 2021 deposition of Slawomir Paszkowski |
| 5 | Excerpts from the May 7, 2021 deposition of Steven Marks |
| 6 | Excerpts from the September 28, 2021 deposition of Kevin Almeroth |
| 7 | Excerpts from the October 5, 2021 deposition of Sandeep Chatterjee |
| 8 | Excerpts from the May 13, 2021 deposition of Sam Bahun |
| 9 | January 5, 2022 Email from J. Gould to counsel for Charter |
| 10 | Stroz Friedberg report titled "Independent Expert Assessment of MarkMonitor AntiPiracy Methodologies" (October 14, 2012) |
| 11 | Harbor Labs report titled "Evaluation of the MarkMonitor AntiPiracy System" (December 5, 2013) |

4. On January 5, 2022, I participated in a videoconference with current and former employees of MarkMonitor, including Slawomir Paszkowski and Sam Bahun. During this call, Plaintiffs' counsel was informed for the first time that on November 4, 2021 MarkMonitor located source code for a program called File Hash Manager dating to the claim period. I emailed Charter's counsel the same day to disclose this information, and informed them that Plaintiffs' counsel would work with them and MarkMonitor to coordinate a prompt inspection of this code.

5. At my direction, searches were conducted for emails to and from Sam Bahun amongst the documents produced or included on privilege logs in this litigation. Based on my review of those searches, I understand and believe that the Recording Industry Association of America ("RIAA") produced or included on its privilege logs 61 emails with Mr. Bahun;

Plaintiffs produced 28 emails with Mr. Bahun; and Audible Magic produced 14 emails with Mr. Bahun.

6. In discovery, Plaintiffs and MarkMonitor each produced the following materials that resulted from the RIAA-MarkMonitor Statement of Work dated January 2016 ("2016 SOW"):  A hard drive containing (1) all files downloaded by MarkMonitor from peer-to-peer networks, identified by hash value in the file or folder name; and (2) PCAP files (or packet capture logs) detailing the interactions between MarkMonitor and the peers from whom it downloaded the files described in above.  Plaintiffs also produced a spreadsheet known as the Hash Report, bearing Bates Number PL_CH_0180333, showing: (i) the hashes MarkMonitor searched for pursuant to the 2016 SOW, (ii) which hashes MarkMonitor downloaded, (iii) Audible Magic's verified matches identifying the artist, track and album, and (iv) which files Audible Magic did not match.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Silver Spring, MD, this 7th day of January, 2022.

*Jeffrey M. Gould*

Jeffrey M. Gould