### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00874-RBJ-MEH

WARNER RECORDS INC. et al.,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

### DECLARATION OF STEVEN MARKS

I, Steven Marks, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

### Introduction

1. I am the former General Counsel and Chief of Digital Business for the Recording Industry Association of America ("RIAA"), where I worked from 1997 until January 2019. I have personal knowledge of the facts set forth herein and, if necessary, I would and could competently testify thereto if called as a witness in this matter. I submit this declaration in support of Plaintiffs' Opposition to Charter's Motion For Curative Measures and Sanctions For Plaintiffs' Spoliation of Evidence.

2. RIAA is the trade organization that supports and promotes the creative and financial vitality of the major recording companies, including the Record Company Plaintiffs in this case. Among other things, RIAA works to protect the intellectual property and First

Amendment rights of artists and music labels; conducts consumer, industry and technical research; and monitors and reviews state and federal laws, regulations and policies.

3. Music publishers, including the Music Publisher Plaintiffs in this case, are not members of RIAA.

4. For a period of years prior to 2008, the music industry had a well-known litigation program that involved lawsuits against individuals infringing on P2P services. Once that program ended in roughly 2007 or early 2008, RIAA and its members shifted focus away from litigation against individuals and sought instead to send notices to internet service providers ("ISPs") of infringement occurring on their networks with the hope that they would comply with the law and take action to stop that piracy.

5. Consistent with that approach, from 2008 through at least March 2015, MarkMonitor's efforts, on RIAA's behalf, to monitor peer-to-peer ("P2P") networks and detect instances of infringement were part of a notice program, not a litigation program. The purpose of the notice program was to provide notice to ISPs (including Charter) of specific instances of infringement by IP addresses so that the ISPs could take appropriate action, since only the ISPs know which subscribers are associated with which IP addresses. Throughout the duration of the notice program, RIAA was not contemplating, considering or anticipating litigation against Charter or other ISPs involved in the RIAA notice program. Quite the opposite—RIAA fully expected that the ISPs (including Charter) would take their legal responsibilities seriously, work with their subscribers to combat infringement that it knew was occurring on their networks, and take meaningful steps against repeat infringers.

6. Each year between 2012 and 2015, RIAA and MarkMonitor entered into a Statement of Work ("SOW") that set forth the services that MarkMonitor would perform in connection with the "P2P notice program." The SOWs made a clear distinction between "notice" and "litigation" programs. Each of the SOWs provided that the parties would enter into a separate SOW if a corporate P2P litigation program was desired—which would have involved detecting infringement by users of corporate networks and litigation against such corporations. The parties did not undertake such a litigation program or enter an SOW for any other P2P litigation program from 2012-2015. The purpose of the 2012-2015 notice program was to avoid litigation against P2P end-users by providing ISPs the information necessary to address their subscribers' P2P infringement.

7. On December 17, 2015, a federal jury in *BMG Rights Management (US) LLC v. Cox Communications Inc.*, found Cox Communications, Inc., another ISP, liable for secondary copyright infringement. Following that verdict, in early 2016, RIAA analyzed the notices that MarkMonitor sent to ISPs, including Charter, from 2012-2015 in a new light. Had Charter acted on the infringement notices to stop the infringing behavior, no litigation would have been necessary. RIAA had not contemplated litigation before this point in early 2016.

8. In January 2016, RIAA and MarkMonitor entered into another SOW, this time expressly in anticipation of litigation. Pursuant to the 2016 SOW, MarkMonitor was asked to download copies of files from P2P networks associated with particular hashes. Plaintiffs' outside counsel selected the hashes for MarkMonitor to investigate based on analysis of data generated by the 2012-2015 notice program.

9.  Some of the Plaintiffs in this case filed an earlier case against Cox Communications in July 2018. That was the first lawsuit since MarkMonitor began sending infringement notices to ISPs on behalf of RIAA, in which the data MarkMonitor collected for RIAA was used for litigation.

Executed this 7th day of January, 2022 in  Kensington, MD
_____

DocuSigned by:

*Steven Marks*

425FF969A2A7445...

Steven Marks

4