# Moore Declaration

# Exhibit 13

```
1              THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLORADO
2
   Case No. 19-cv-874-RBJ-MEH
3  _____

4  WARNER RECORDS, INC., et al.,

5       Plaintiffs,

6  vs.

7  CHARTER COMMUNICATIONS, INC.,

8       Defendant.
   _____
9

10         Proceedings before MICHAEL E. HEGARTY, United

11 States Magistrate Judge, United States District Court for the

12 District of Colorado, commencing at 1:00 p.m., February 9,

13 2021, in the United States Courthouse, Denver, Colorado.

14 _____

15 WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE HEREIN

16 TYPOGRAPHICALLY TRANSCRIBED. . .

17 _____

18                          APPEARANCES

19         JONATHAN M. SPERLING, MATTHEW J. OPPENHEIM, COREY

20 MILLER, MICHAEL FIELDS and SHIRA POLIAK, Attorneys at Law,

21 appearing for the Plaintiffs.

22
   _____
23

24                         ORAL ARGUMENT

25
```

34

1   work product.

2          MR. ROSENTHAL:  The facts in and of themselves are
3   not opinion work product.

4          THE COURT:  Well, I think if you produce that, they
5   have all they need.  To me, you guys are fighting over
6   something that doesn't need to be fought over, because I
7   don't think, ultimately, the facts are in dispute.  Charter
8   did a thorough investigation of why it happened.  That's very
9   understandable to me.

10         ==By the way, I didn't find one shred of evidence in==
11  ==anything that was produced to me that it was intentional or==
12  ==designed to hide bad facts.==  So there's nothing to hide here.
13  Now, I understand privilege is privilege, but why can't you
14  agree just to produce the factual part of that document, for
15  example, instead of having them go through the trouble of a
16  30(b)(6)?

17         See, there are things worth fighting about.  This
18  is not one of them, because the facts are not going to be in
19  dispute.  Don't you agree, John?  There's not going to be
20  facts in dispute if they were all known to everybody.

21         MR. ROSENTHAL:  Your Honor, I -- I totally agree.
22  That's what we tried to do.  We made a written disclosure.
23  We sat down in a room, we tried to give them all the facts,
24  and they decided after -- after -- that they were going to
25  suspend that process and pursue formal discovery.  And if --

1    there are always going to be additional facts, but, you know,
2    in terms of what they're looking for, no, Your Honor.
3              THE COURT:  So I'm telling the plaintiffs, there's
4    no they're there.  If you think that whatever happened is
5    worthy of a sanction of some kind, that's a different story,
6    but there shouldn't be a fight over what happened, because
7    it's clear to me what happened.  The documents keep repeating
8    the same thing again and again.  There's just no basis to
9    argue that it was nefarious.
10             So, you know, fight about what's worth fighting
11   about, but that's not one of those things.  I mean, be
12   suspicious all you want, but I'm telling you, you have a
13   neutral who sat here and read these things and there's not
14   one word that would indicate to me that there was any intent
15   involved.  It was an accident.
16             MR. OPPENHEIM:  Your Honor --
17             THE COURT:  Yeah.
18             MR. OPPENHEIM:  -- before you come to a conclusion
19   on an issue that's not been briefed and is not before you,
20   which is what -- whether or not there was an intentional act
21   here --
22             THE COURT:  I can't -- no.
23             MR. OPPENHEIM:  (Inaudible).
24             THE COURT:  I'm -- I'm telling you that's what the
25   documents -- the documents do not show anything about it

1   being intentional.  Now, you may find somebody who works --
2   used to work for them and -- and just couldn't stand it
3   anymore because everybody's lying and they left and they're
4   willing to provide testimony under oath, I have no idea.
5           I'm saying that based on the record I have been
6   provided, I've seen nothing.
7           MR. OPPENHEIM:  Right, but Your Honor, for example,
8   right, if a sophisticated corporate party chooses not to put
9   a legal hold in place regarding a major claim, right, when
10  they know they have an obligation to do that, I believe that
11  the law will show that that demonstrates intent.  Now, we can
12  argue about that later, but certainly the Court's not coming
13  to a conclusion on that now.
14          THE COURT:  No, no, no, no.  If you -- no.  I mean,
15  if you -- if you want to brief that, but I'm telling you I
16  don't believe that the documents will demonstrate any more
17  than you already know or have, other than you -- you know, a
18  comprehensive re-creation of exactly what happened, but I
19  think that's going to show you that, you know, circumstantial
20  evidence is all you're ever going to have.  I don't think
21  you're going to have direct, unless there's other documents
22  out there that I haven't been provided, but based on what
23  I've been provided, you know, there's nobody saying those
24  kinds of things.  So --
25          MR. OPPENHEIM:  And -- and, Your Honor, if they can

58

1  guess I'm willing to serve as that mechanism here.  Okay,
2  thank you all.
3          (Whereupon, the within hearing was then in
4  conclusion at 2:15 p.m.)
5
6
7
8                    TRANSCRIBER'S CERTIFICATION
9  I certify that the foregoing is a correct transcript to the
10 best of my ability to hear and understand the audio recording
11 and based on the quality of the audio recording from the
12 above-entitled matter.
13
14 /s/ Dyann Labo                      February 11, 2021
15 Signature of Transcriber            Date
16
17
18
19
20
21
22
23
24
25