UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    Plaintiffs,

*v.*

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

**CHARTER'S UNOPPOSED MOTION TO RESTRICT PLAINTIFFS' MOTIONS TO STRIKE (ECF 608, 654) AND CHARTER'S OPPOSITION (ECF 634)**

Pursuant to Local Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully moves this Court to maintain the unredacted versions of the following materials under Level 1 Restriction: Plaintiffs' Motion To Strike Portions Of The Declarations Of Mary Haynes And Andrew Schapiro ("Plaintiffs' 1st Motion To Strike") and Exhibit 1 thereto (ECF 608, 608-2); Charter's Response To Plaintiffs' Motion To Strike Portions Of The Declarations Of Mary Haynes And Andrew Schapiro ("Charter's Response") (ECF 634); and Plaintiffs' Motion To Strike Portions Of The Opposition Declarations Of Mary Haynes, Andrew Schapiro, And Duncan Hall ("Plaintiffs' 2nd Motion To Strike") and Exhibits 1, 2, and 3 thereto (ECF 654, 654-2, 654-3, and 654-4) (collectively, the "Confidential Materials"). In support of this motion, Charter states as follows:

1. **Certificate Pursuant to D.C.COLO.LCivR 7.1(a).** Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this motion. Plaintiffs do not oppose the relief requested in this motion.

1

2. Plaintiffs' 1st Motion To Strike[1] contains Charter's commercially sensitive business information, including information about Charter's technological abilities to monitor its subscribers' online activity, Charter's internal policies and procedures for addressing allegations of copyright infringement, and information received from Charter subscribers related to allegations of infringement. The Motion, in turn, quotes from and summarizes a declaration submitted by Charter employee Mary Haynes (the "Haynes Declaration") (ECF 549-1), which the Court has previously ordered to be maintained under Level 1 Restriction, *see* ECF 591.

3. Exhibit 1 to Plaintiffs' 1st Motion To Strike is the excerpted deposition transcript of Ms. Haynes, which discloses Charter's commercially sensitive business information, including information about steps Charter took to address allegations of alleged infringement and its business rationales related to the same. Another version of this deposition transcript (ECF 555-9) was previously ordered to be maintained under Level 1 Restriction, *see* ECF 591.

4. Charter's Response contains its commercially sensitive business information, including information about Charter's internal practices and procedures for addressing allegations of copyright infringement, Charter's data collection related to the same, and information received from Charter subscribers related to allegations of infringement. The Response, in turn, quotes

---

[1] The parties agreed to bring a joint, consolidated motion to restrict materials filed in connection with their summary judgment and *Daubert* briefs after briefing concluded, and the Court granted the parties leave to do so. ECF 631. In doing so, Plaintiffs' 1st Motion To Strike (which was filed contemporaneously with Plaintiffs' summary judgment response) was overlooked. Further, the 2nd Motion To Strike was filed after the arrangement was entered into. To correct this oversight, and to protect the confidentiality of the submissions related to the Motions To Strike, Bright House is hereby filing this stand-alone motion to restrict the 1st and 2nd Motions To Strike and associated filings. Plaintiffs do not oppose the relief Bright House requests.

from and summarizes the Haynes Declaration, which the Court has previously ordered to be maintained under Level 1 Restriction, *see* ECF 591.

5. Plaintiffs' 2nd Motion To Strike contains Charter's commercially sensitive business information, including information about Charter's internal practices and procedures for addressing allegations of copyright infringement and information received from Charter subscribers related to allegations of infringement.

6. Exhibit 1 to Plaintiffs' 2nd Motion To Strike is a redlined version of the Haynes Declaration, which the Court has previously ordered to be maintained under Level 1 Restriction, *see* ECF 591. Exhibit 2 is is the excerpted deposition transcript of Charter employee Tammy Stewart, which discloses Charter's commercially sensitive business information, including information about Charter's internal practices and procedures for addressing allegations of copyright infringement. Another version of this deposition transcript (ECF 555-14) was previously ordered to be maintained under Level 1 Restriction, *see* ECF 591. Exhibit 3 is a Charter "call log" recording steps Charter took to address allegations of copyright infringement against a specific subscriber. A summary of such call logs (ECF 549-3) was previously ordered to be maintained under Level 1 Restriction, *see* ECF 591.

7. Disclosure of Charter's competitively sensitive business information would cause competitive harm to Charter through the disclosure of details of its internal policies and procedures, its technological capabilities, and its communications with its susbcribers. *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").

The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information. The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

8. Contemporaneously herewith, Charter has filed on the public docket versions of certain of the Confidential Materials, judiciously redacted to protect Charter's competitively sensitive commercial information. Specifically, a redacted version of Plaintiffs' 1st Motion To Strike is attached as **Exhibit I**; a redacted version of Exhibit 1 to Plaintiffs' 1st Motion To Strike is attached as **Exhibit II**; a redacted version of Charter's Response is attached as **Exhibit III**; a redacted version of Plaintiffs' 2nd Motion To Strike is attached as **Exhibit IV**; and a redacted version of Exhibit 2 to Plaintiffs' 2nd Motion To Strike is attached as **Exhibit V**.

9. Charter seeks only a Level 1 Restriction, the lowest level of restriction. In addition, Charter does not seek to restict the Motions To Strike and Opposition in their entirety; the public would retain access to redacted versions of the Motions To Strike and Opposition, and 11 of the 13 total exhibits to the Motions To Strike and Opposition would be available to the public either in full or in redacted form. Permitting a Level 1 Restriction of the unredacted versions of the Confidential Materials is the only method that can adequately protect Charter's competitively sensitive business information.

WHEREFORE, Charter respectfully requests that the Court maintain the unredacted versions of the following materials under Level 1 Restriction: ECF 608, 608-2, 634, 654, 654-2, 654-3, and 654-4.

| | |
|---|---|
| Dated: January 24, 2022 | Respectfully submitted, |
| | /s/ Andrew H. Schapiro |
| Charles K. Verhoeven | Andrew H. Schapiro |
| David Eiseman | Nathan Hamstra |
| Linda J. Brewer | QUINN EMANUEL URQUHART & |
| QUINN EMANUEL URQUHART & | SULLIVAN, LLP |
| SULLIVAN, LLP | 191 N. Wacker Drive, Suite 2700 |
| 50 California Street, 22nd Floor | Chicago, IL 60606 |
| San Francisco, CA 94111 | (312) 705-7400 (telephone) |
| (415) 875-6600 (telephone) | Email: andrewschapiro@quinnemanuel.com |
| Email: charlesverhoeven@quinnemanuel.com | Email: nathanhamstra@quinnemanuel.com |
| Email: davideiseman@quinnemanuel.com | |
| Email: lindabrewer@quinnemanuel.com | Todd Anten |
| | Jessica Rose |
| Jennifer A. Golinveaux | QUINN EMANUEL URQUHART & |
| WINSTON & STRAWN LLP | SULLIVAN, LLP |
| 101 California Street, 35th Floor | 51 Madison Avenue, 22nd Floor |
| San Francisco, CA 94111 | New York, NY 10010 |
| (415) 591-1506 (telephone) | (212) 849-7000 (telephone) |
| Email: jgolinveaux@winston.com | Email: toddanten@quinnemanuel.com |
| | Email: jessicarose@quinnemanuel.com |
| Michael S. Elkin | |
| WINSTON & STRAWN LLP | Craig D. Joyce |
| 200 Park Avenue | Fairfield and Woods, P.C. |
| New York, NY 10166 | 1801 California Street, Suite 2600 |
| (212) 294-6700 (telephone) | Denver, CO 80202 |
| Email: melkin@winston.com | (303) 830-2400 (telephone) |
| | Email: cjoyce@fwlaw.com |
| | |
| | *Counsel for Charter Communications, Inc.* |