# EXHIBIT IV

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC., *et al.*,**

Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

Defendant.

---

**PLAINTIFFS' MOTION TO STRIKE PORTIONS OF THE OPPOSITION DECLARATIONS OF MARY HAYNES, ANDREW SCHAPIRO, AND DUNCAN HALL**

---

As with Charter's own motion for summary judgment, its opposition to Plaintiffs' summary judgment motion relies on inadmissible testimony in an attempt to manufacture fact disputes. Plaintiffs are therefore forced, again, to move to strike.

Substantial portions of the Declarations of Mary Haynes (ECF 601-13, the "Haynes Opp. Declaration") and Andrew Schapiro (ECF 601-1, the "Schapiro Opp. Declaration") suffer from the same defects as their declarations in support of Charter's Motion for Summary Judgment, in proffering evidence that would never be admissible at trial. They also violate basic rules of competent evidence that require declarations to be signed and dated, and that trial counsel may not testify. They therefore cannot be used to oppose summary judgment. *See Johnson v. Weld Cty.*, 594 F.3d 1202, 1210 (10th Cir. 2010) (rejecting argument that non-movant is subject to more permissive evidentiary standard, affirming exclusion of hearsay from opposition affidavit, and observing that there is no "license to relax the *content* or *substance* of the Federal Rules of

Evidence when viewing a summary judgment affidavit”); *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (affirming exclusion of opposition affidavit because “an affidavit is inadmissible if the witness could not have actually perceived or observed that which he testifies to”). Similarly, Charter re-introduces two of the exhibits to Mr. Schapiro’s summary judgment declaration through a new witness (Duncan Hall), but this cures only one of two authenticity defects previously identified by Plaintiffs; the exhibits remain hearsay that has not been authenticated.

## I. The Haynes Opposition Declaration Must Be Stricken.

### A. The declaration’s assertions about what subscribers said and felt is inadmissible hearsay about which Ms. Haynes has no personal knowledge.

The Haynes Opp. Declaration makes assertions about subscribers’ states of mind, and their conversations with other Charter employees about infringement notices. Haynes Opp. Decl. ¶¶ 8, 28-33, 36. These paragraphs are identical (save for proofreading edits) to paragraphs 10, 30-35, and 38 of the Haynes MSJ Declaration. *See* Sahni Decl. Ex. 1 (redline comparing Haynes MSJ and Opp. Declarations). They should thus be stricken for all of the same reasons set forth in Plaintiffs’ prior Motion to Strike: Ms. Haynes has no personal knowledge of these conversations, and her assertions are inadmissible hearsay offered for the truth of the matters set forth in Charter’s Opposition. Motion to Strike (ECF 608, hereinafter “MTS”) at 2-4; *see also* Charter MSJ Opp. (ECF 601) at 2, 5, 11 (like Charter’s MSJ, citing these paragraphs for proposition that “[REDACTED]).

The Haynes Opp. Declaration also includes new assertions about what subscribers said and felt, which also lack personal knowledge and are hearsay. Haynes Opp. Decl. ¶¶ 38, 39, 44,



and 48. Ms. Haynes asserts, for instance, that *Id.* ¶ 38. These paragraphs should also be stricken for the same reasons as Ms. Haynes's prior statements about subscriber communications.

*First,* Ms. Haynes lacks personal knowledge of these communications. *See* MTS at 3. The assertion in paragraph 44 illustrates the unreliability of summary-judgment affiants testifying to that which they "could not have actually perceived or observed." *Savacool v. Weir Oil & Gas*, No, 2021 WL 4426955, at *4 (D. Colo. Sept. 27, 2021) (Jackson, J.). There, the declaration offers assertions about a customer who ." . *See* Pls. MSJ Ex. 22 (ECF 55-23). At her deposition, " Sahni Decl. Ex. 2 at 266:13-16. In fact, ." ECF 55-23. Moreover, Ms. Stewart testified . Sahni Decl. Ex. 2 at 264:12-18 ("");  *id.* at 261:6-266:20.

And yet, the unsigned Haynes Opp. Declaration asserts that "." Haynes

Opp. Decl. ¶ 44. Charter lays no foundation for how Ms. Haynes could have such knowledge, and the assertion is contradicted by the above testimony from a Charter witness who actually *could* have such knowledge.

*Second*, the declaration's assertions about the communications are all hearsay, offered for the truth of the matter: that the subscribers made the statements. ECF 601 at 14 ([redacted]); *Johnson*, 594 F.3d at 1209 (affirming exclusion of summary-judgment opposition affidavit relaying out of court statements offered to prove fact of another communication).

The Court should therefore strike paragraphs 8, 28-33, 36, 38, 39, 44, and 48 of the Haynes Opp. Declaration.

### B. The Haynes "summary" documents are without foundation and inadmissible hearsay.

Ms. Haynes again offers summary exhibits without laying a proper foundation or meeting definitional requirements of Rule 1006. Exhibits B and C to the Haynes Opp. Declaration are identical to Exhibits B and C to the Haynes MSJ Declaration, and the paragraphs attaching them are also copies of the corresponding paragraphs of the Haynes MSJ Declaration. *Compare* ECF 549-3 *with* 601-15; ECF 549-4 *with* 601-16; *compare* Haynes MSJ Declaration at ¶¶ 30-31 *with* Haynes Opp. Declaration at ¶¶ 29-30. They are inadmissible for the same reasons detailed in Plaintiffs' prior Motion to Strike. *See* MTS at I.B (pages 4-8).

Also attached to the Haynes Opp. Declaration is a third summary, Exhibit D, which also fails to meet the requirements of a Rule 1006 summary. The declaration describes Exhibit D as a "[redacted]." Haynes Opp. Decl. ¶ 39. The declaration does not attach the underlying

documents for Exhibit D, so the chart purporting to summarize them can only be admissible if it meets the requirements of Rule 1006. It does not, for the same four reasons that Exhibits B and C fail. *See* MTS at 4-8. Exhibit D (1) lacks a foundational sponsor; (2) lacks foundation for the admissibility of the underlying material being summarized;[1] and (3) fails to demonstrate that the underlying documents "cannot be conveniently examined in court," Fed. R. Evid. 1006. *See* MTS at 5-6.

And fourth, Exhibit D does not, as required, "summarize[] the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner, [with] [n]othing [] lost in the translation." *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998). The declaration describes Exhibit D as containing all instances "in[redacted]," and states that [redacted]." Haynes Opp. Decl. ¶ 39 (emphasis added). Neither statement is accurate. Here is just one example of a note from the *same* call logs, in which a [redacted]:

> [redacted]

Sahni Decl. Ex. 3; *see also* ECF 614-19, 614-23 (examples of other communications in which [redacted]). Because Exhibit D misleadingly represents itself as comprehensive and objective, it should be stricken. *See Bray*,

---

[1] Exhibit D contains two out-of-court statements: (1) those from other Charter employees, purportedly reflecting (2) statements from Charter subscribers. Charter's Opposition cites the first layer of hearsay for the truth of the matter asserted: that Charter subscribers said "[redacted]." ECF 601 at 14.

139 F.3d at 1110; *see also* 6 Weinstein's Federal Evidence § 1006.04 (2021) ("Rule 1006 summaries should be distinguished from . . . summaries [that] are used to reflect the party's own case"; the latter are "not admitted into evidence").

**C. The declaration's assertions about the Copyright Alert System are not based on personal knowledge and are inadmissible hearsay.**

The Haynes Opp. Declaration contains assertions about the "Copyright Alert System," ¶¶ 12-18, which was a negotiated series of private agreements among some of the Plaintiffs in this case and certain ISPs, *not* including Charter. Paragraphs 12-18 are verbatim copies of Paragraphs 14-20 of the Haynes MSJ Declaration, but for two typographical revisions, *see* Sahni Decl. Ex. 1, and inadmissible for the same reasons as Paragraphs 14-20 of the Haynes MSJ Declaration, *see* MTS at 8-9 (no personal knowledge; hearsay).[2]

**D. The declaration's assertions that Charter's processes were designed to be in line with CAS must be stricken as inconsistent with her deposition testimony.**

The Haynes Opp. Declaration again makes assertions that directly contradict Ms. Haynes's deposition testimony. Paragraphs 12 and 16 of the Haynes Opp. Declaration are verbatim copies of Paragraphs 14 and 18 of the Haynes MSJ Declaration. Sahni Decl. Ex. 1. They assert that "[redacted]." Haynes Opp. Decl. ¶ 16; *see also id*. at ¶ 12. These paragraphs must be stricken as creating a sham fact issue because they cannot be reconciled with Ms. Haynes's deposition testimony, in which she was clear that

---

[2] Like its MSJ, Charter's Opposition cites these statements for the truth of the matter—whether CAS was, in fact, "a set of 'best practices'" and whether it was an "industry standard." *See* MSJ Opp. (ECF 601) at 3 (citing paragraphs 12-13).

█████████████████████████. *See* MTS at 9-11; *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973 (10th Cir. 2001) (district court appropriately struck inconsistent summary-judgment affidavit where affiant was cross-examined, had access to pertinent evidence, and was not confused); *Franks v. Nimmo*, 796 F.2d 1230, 1237-38 (10th Cir. 1986) (same).

**E. The declaration is not evidence because it is neither signed nor dated.**

Finally, compounding all of these errors, the declaration is unsigned and undated. The new paragraphs of the Haynes Opp. Declaration therefore "do not satisfy 28 U.S.C. § 1746, which requires both a signature and date of execution for purposes of opposing summary judgment under Rule 56(c)(4)." *McMiller v. Corr. Corp. of Am.*, 695 F. App'x 344, 348 (10th Cir. 2017) (cleaned up). Ms. Haynes's failures to sign and date the Haynes Opp. Declaration *each independently* render it inadmissible on summary judgment. *See*, *e.g.*, *Adams v. C3 Pipeline Constr. Inc.*, 17 F.4th 40, 72 (10th Cir. 2021) ("An unsigned affidavit . . . does not constitute evidence under Fed. R. Civ. P. 56(e)."); *Brewer v. Davis Cty.*, 2020 WL 2840345, at *2 (D. Utah June 1, 2020) (striking undated declaration opposing summary judgment and collecting other cases doing the same).[3]

---

[3] *See also White v. Deere & Co.*, 2016 WL 346862, at *5 (D. Colo. Jan. 28, 2016) (excluding "theory [] contained in [] inadmissible, unsigned declaration," and collecting other cases excluding unsigned affidavits). Some courts have granted leave to file a signed affidavit after the deadline upon *timely* application, *Ayotte v. McPeek*, 2011 WL 2531255, at *7 (D. Colo. June 24, 2011) (granting motion for leave filed on MSJ filing deadline, by prisoner unable to meet with counsel), or accepted as a supplemental affidavit a signed version filed one day after the unsigned original, *Allen v. Figuera*, 416 F. App'x 771, 775 (10th Cir. 2011). But no such leave was sought here, nor any supplement promptly filed. The Haynes Opp. Declaration should therefore be stricken in its entirety because it is not evidence.

## II. Portions of the Schapiro Declaration Must Be Stricken.

### A. The attorney argument in the Schapiro Opp. Declaration must be stricken.

The Schapiro Opp. Declaration offers inadmissible attorney argument and observations about Plaintiffs' ownership of their works, based on Mr. Schapiro's interpretations of Plaintiffs' copyright registrations, chain-of-title documents, and related declarations. Schapiro Opp. Decl. ¶¶ 10-12. It states that:

- "Plaintiffs' declarants aver a contractual relationship with the author of the work, not the claimant identified on the copyright registration," ¶ 10;
- "Plaintiffs' declarants purport to establish chain of title between the asserting plaintiff and the claimant . . . Based on the declarants' own statements, *chain of title is not established*," ¶ 11 (emphasis added);
- "Sony Music Entertainment does not aver that it owns these copyrights or otherwise possesses an exclusive right to them," ¶ 11(a); *see also* ¶ 11(b) (same, as to UMG);
- "Sony Music Entertainment *does not explain how Live Nation licenses works owned by Ace Entertainment*, which it does aver was a party to the referenced agreement," ¶ 11(c) (emphasis added);
- "Plaintiff Atlantics Recording Corporation . . . *does not explain how an agreement with Artist Company TEN AB confers on Atlantic any rights* in works owned by Record Company TEN," ¶ 11(d) (emphasis added);
- "The copyright registration certificates submitted by Plaintiffs in connection with these works either do not list the asserted work (because *the work is a track that is not identified as part of the registered album*) or the *certificates expressly exclude the asserted work,*" ¶ 12 (emphasis added).

These paragraphs offer attorney argument about the sufficiency of Plaintiffs' evidence, not fact evidence based on personal knowledge. Such argument is properly the work of a *brief*, not an attorney declaration. The effect, if not intent, of the declaration is a self-help enlargement

of Charter's brief and an end-run around this Court's page limitations.[4] This is no mere technicality; there is no practical way for Plaintiffs to respond to these extra, improper pages of argument while themselves complying with the Court's page limits.

Paragraphs 10-12 of the Schapiro Opp. Declaration must therefore be disregarded because "the lawyer trying the case should not testify, in person or by affidavit, concerning factual matters at issue, particularly when those facts are transformed into legal conclusions." *Associated Int'l Ins. Co. v. Crawford*, 182 F.R.D. 623, 628 n.9 (D. Colo. 1998); *see also Houston Cas. Co. v. Swinerton Builders*, 2021 WL 5736435, at *4 n.2 (D. Colo. Dec. 2, 2021) ("Defendant has cited no legal authority demonstrating that the court may consider arguments raised in an attorney's declaration attached to a response to a motion for summary judgment").

Charter was well aware of the problems in proffering legal argument regarding Plaintiffs' ownership of works through an attorney declaration. In *Sony v. Cox*, Charter's counsel of record here likewise submitted an attorney declaration in opposition to summary judgment on ownership of works in suit, which declaration purported to interpret and analyze the plaintiffs' copyright registrations, chain-of-title documents, and related declarations. The *Sony v. Cox* court found the declaration "inadmissible for several [] reasons [] including improper attorney argument," refused to consider the declaration, and granted summary judgment on ownership. *Sony Music Ent. v. Cox Commc'ns, Inc.*, Case No. 1:18-cv-00950-LO-JFA, ECF No. 521 at 2 (E.D. Va. Oct. 23, 2019); *Sony v. Cox*, 426 F. Supp. 3d 217, 223-29 (E.D. Va. 2019).

[4] *Compare* MSJ Opp. at 18 (arguing, in one paragraph, that for 23 sound recordings, "Plaintiffs have not proven a chain of title," and citing four paragraphs of the Schapiro Declaration in support), *with* Schapiro Opp. Decl. at ¶¶ 11, 11(a)-(d) (using nearly two pages to explain why, purportedly, "chain of title is not established" for those 23 sound recordings).

**B. The Schapiro summary Exhibits H-2 through H-4 are improper Rule 1006 summaries.**

Mr. Schapiro attaches three exhibits that purport to summarize and characterize information in Plaintiffs' declarations, copyright registrations, and contracts. Schapiro Opp. Decl. at Exs. H-2, H-3, H-4. Exhibits H-2, H-3, and H-4 can be admissible only if they meet the requirements of a Rule 1006 summary. They do not, for the same reasons that the inadmissible Exhibit F to the Schapiro MSJ Declaration failed. *See* MTS at 13-14.

*First*, the foundation for a Rule 1006 summary must be "laid through the testimony of the witness who supervised preparation of the exhibit." *Behrens*, 689 F.2d at 161. The Schapiro Opp. Declaration does not identify who created, supervised, or directed the creation of Exhibits H-2, H-3, and H-4. They therefore lack the foundation to be admissible.

*Second*, a Rule 1006 summary's sponsor must be available for cross-examination, *United States v. Quinn*, 566 F. App'x 659, 667-68 (10th Cir. 2014), and thus cannot be Mr. Schapiro, Charter's counsel, *Mascarenas v. Am. Fam. Mut. Ins. Co*., 2015 WL 8303604, at *4-5 (D. Colo. Dec. 8, 2015) (lawyer "cannot both represent Plaintiff at trial and testify as a witness regarding a contested factual issue"); *United States v. Grajales-Montoya*, 117 F.3d 356, 361 (8th Cir. 1997) (Rule 1006 contemplates that summary "will have been prepared by a witness available for cross-examination, not by the lawyers trying the case.").

**III. Exhibit A to the Hall Declaration Is Inadmissible Hearsay That Has Not Been Authenticated.**

In an effort to cure one—*but not both*—of the authenticity defects precluding admission of two website printouts, Charter re-introduced them through a declaration from Duncan Hall, an employee of the Internet Archive. Specifically, Mr. Hall's declaration attaches as Exhibit A

versions of the same printouts that Mr. Schapiro attached as Exhibits B and C to the Schapiro MSJ Declaration. These printouts from the "Internet Archive Wayback Machine" purport to replicate webpages—a press release and a "fact sheet" about CAS—as they appeared over ten years ago. As explained in Plaintiffs' prior Motion to Strike, Schapiro MSJ Exhibits B and C were inadmissible because *both* the Wayback Machine webpages *and* the press release and fact sheet they purport to replicate were not authenticated and are hearsay. MTS at 11-13.

Charter cured *one* of the two authenticity issues by offering the testimony of Mr. Hall to explain how the webpages were captured. *See* MTS at II.A.1 (pages 11-12). But the Hall Declaration does not cure the authenticity and hearsay problems with the press release and fact sheet detailed in Section II.A.2 of Plaintiffs' Motion to Strike. *See* MTS at 12-13. Charter has still failed to introduce evidence that each webpage is "what it is claimed to be," Fed. R. Evid. 901, and the webpages are still clearly hearsay, *see* MTS at 12, offered for the truth of whether CAS was in fact a set of "best practices," "the cornerstone of [which] was customer education." ECF at 601 at 3; *see also id.* at 10, 13. Those defects require the Court to strike Exhibit A to the Hall Declaration.

**CONCLUSION**

For the foregoing reasons, the Court should strike the portions of the Haynes, Schapiro, and Hall Declarations specified above.

Dated: January 19, 2022

Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016

*<u>/s/ Jonathan M. Sperling</u>*
Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

*Attorneys for Plaintiffs*