# EXHIBIT V

# PLAINTIFFS' EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC. (f/k/a Warner Bros. Records, Inc.), et al.,

Plaintiffs,

vs.

CHARTER COMMUNICATIONS, INC.,

Defendant.

No. 19-cv-00874 RBJ-MEH

Deposition of TAMMY STEWART
Taken April 27, 2021

The remotely held videotaped deposition of TAMMY STEWART, taken by Maria S. Winn, CSR, RPR and CRR, pursuant to the Federal Rules of Civil Procedure for the United States District Courts pertaining to the taking of depositions, with the witness located in St. Louis, Missouri, commencing at 9:01 a.m. on April 27, 2021.

Page 258

BY MR. SPERLING:

Q Okay. We're going to mark Tab 48 as Exhibit 88. In fact, you should have it in your binder now.

Page 261

(Document marked as Exhibit No. 88 for identification.)

BY MR. SPERLING:

Q I said your binder, but I meant your folder on the screen.

Do you see Exhibit 88, Ms. Stewart?

A Yes.

Q Let me take you to the bottom -- it shows it as two pages, but the second page is blank, so it has one page.



Page 262

Page 266

[redacted]

BY MR. SPERLING:
Q Do you recall Charter adopting a procedure regarding what to do, when you received DMCA notices that identified a Charter employee or Charter facility as the user, that was the subject

Page 267

of the DMCA notice?
A I recall a process. I don't recall specifically what it was.
Q What do you remember about the process, however general it is?
A That it was escalated to the employee's manager, possibly.
MR. SPERLING: Let me show you a document. Let's mark Tab 8 as the next exhibit, Exhibit 89.
(Document marked as Exhibit No. 89 for identification.)
BY MR. SPERLING:
Q While we're waiting for that, Ms. Stewart, let me take you back to Exhibit 29 for a second.
MR. EISEMAN: Exhibit 29?
MR. SPERLING: 29.
BY MR. SPERLING:
Q Do you have that in front of you?
A Yes.
Q Okay. Have you seen that document in the past two weeks, before today?
A I don't recall this specific document.
Q And take a look at Exhibit 87.

Page 268

Do you have that in front of you?
A Yes.
Q Have you seen that document in the past two weeks before today's --
MR. EISEMAN: I'm not going to let you answer that question.
If you want to ask foundational questions about the document, if I chose to show this in preparation for the deposition, you can. But I don't -- I don't think you're entitled to ask it without laying a foundation and showing it.
MR. SPERLING: First, I'm going to ask the question, which didn't even get out, and then you can make your objection. And then I might respond and I might not.
BY MR. SPERLING:
Q So, Ms. Stewart, before you answer, give your counsel an opportunity to object.
The question is: Have you seen Exhibit 87 in the past two weeks, before the commencement of today's deposition this morning?
MR. EISEMAN: And I'll object and instruct you not to answer, on the grounds of the work product doctrine.

Page 269

Mr. Sperling, you know how to do this. So if you would like to try to establish a foundation, please go for it.
MR. SPERLING: I don't need a foundation to ask when she's seen the document. I'm not asking about meetings. I'm not asking what you showed.
I'm asking, in a time frame, whether she saw a document.
MR. EISEMAN: No. No. If you want to ask her if she saw it separate and apart from meeting with counsel, feel free.
But you know that our selection of documents to show her is protected work product.
Your side has taken the exact same position about this.
You can ask her if the documents she saw in preparation for her deposition refreshed her recollection. And if she says it did, then you can ask her what documents she saw.
But other than that, I stand by our objection and I instruct her not to answer.
BY MR. SPERLING:
Q Ms. Stewart, are there any documents that

Page 310

contact each customer for our notifications.

Q When you say "our group," do you mean the SRT/SSST?

A Yes. I believe this is referring to when I managed them.

MR. EISEMAN: Mr. Sperling, you've gone beyond your seven hours.

MR. SPERLING: I have no further questions for the witness.

MR. EISEMAN: I have no questions for the witness either.

MR. SPERLING: Ms. Stewart, thank you for your time.

THE WITNESS: Thank you.

MR. EISEMAN: Thanks everybody.

THE VIDEOGRAPHER: Off the record at 5:56.

(WITNESS EXCUSED)

Page 311

STATE OF ILLINOIS )
) SS:
COUNTY OF C O O K )

The within and foregoing deposition of the aforementioned witness was taken by MARIA S. WINN, CSR, RPR and CRR, on the date and time aforementioned.

There were present remotely during the taking of the deposition the previously named counsel.

The said witness was first duly sworn and was then examined upon oral interrogatories; the questions and answers were taken down in shorthand by the undersigned, acting as stenographer; and the within and foregoing is a true, accurate and complete record of all of the questions asked of and answers made by the aforementioned witness, at the time and place hereinabove referred to.

The signature of the witness was not waived, and the deposition was submitted, pursuant to Rule 30(e) and 32(d)4 of the Rules of Civil Procedure for the United States District Courts, to the deponent per copy of the attached letter.

Page 312

The undersigned is not interested in the within case, nor of kin or counsel to any of the parties.

In witness whereof, I have hereunto set my hand and seal of office this day, May 3, 2021.

_________________________

CSR No. 084-003784 - Expiration Date: May 31, 2021

Page 313

Veritext Legal Solutions
1100 Superior Ave
Suite 1820
Cleveland, Ohio 44114
Phone: 216-523-1313

May 4, 2021

To: MR. EISEMAN

Case Name: Warner Records, Inc., Et Al. v. Charter Communications, Inc.

Veritext Reference Number: 4557312

Witness: Tammy Stewart    Deposition Date: 4/27/2021

Dear Sir/Madam:

Enclosed please find a deposition transcript. Please have the witness review the transcript and note any changes or corrections on the included errata sheet, indicating the page, line number, change, and the reason for the change. Have the witness' signature notarized and forward the completed page(s) back to us at the Production address shown above, or email to production-midwest@veritext.com.

If the errata is not returned within thirty days of your receipt of this letter, the reading and signing will be deemed waived.

Sincerely,

Production Department

NO NOTARY REQUIRED IN CA