**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

WARNER RECORDS INC, et al.

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

**JOINT MOTION TO MAINTAIN CERTAIN FILINGS UNDER RESTRICTION**

Pursuant to Local Rule 7.2 and this Court's Order, *see* Dkt. 631, all Plaintiffs and Defendant Charter Communications, Inc. respectfully move this Court to maintain the unredacted versions of certain of their summary judgment and *Daubert* briefs and materials filed in support thereof under Level 1 Restriction, as described herein.

**Certificate Pursuant to D.C.COLO.LCivR 7.1(a).**  Counsel for Plaintiffs and for Charter have conferred via email regarding this Motion.  Plaintiffs do not oppose the relief requested by Charter.  Charter consents to the relief requested by Plaintiffs.

1.    On December 20, 2021 and January 19, 2022, the parties filed summary judgment and *Daubert* oppositions and replies, respectively, along with supporting materials under Level 1 Restriction.  *See* Dkts. 600-602, 604-607, 609-614, 641-653, 655, 657.

2.    The parties have since met and conferred on the need to maintain certain of those filings under Level 1 Restriction to prevent disclosure of one or more of the parties' competitively sensitive business information or to protect some other legitimate interest.  Pursuant to this Court's

1

Order, *see* Dkt. 631, the parties now bring one joint omnibus motion (the "Motion") to maintain the relevant materials under Level 1 Restriction.

3.  For ease of reference, this Motion is arranged by filing. For each filing that a party seeks to maintain under Level 1 Restriction, in whole or in part, that party has provided a statement in support of its request.

4.  In many instances, the parties seek only to maintain the unredacted version of a filing under Level 1 Restriction, with a redacted version available to the public. The redacted versions of those filings are attached as exhibits to this Motion, as set forth in Exhibit A. The redacted versions reflect all redactions that the parties request, whether the request was made by Plaintiffs, Charter, or both.

### Dkt. 600, Plaintiffs' *Daubert* Opposition re: Harold Furchtgott-Roth

**Statement by Charter.** Charter requests that Dkt. 600, Plainitffs' *Daubert* opposition, and Dkt. 600-2, the deposition transcript of Dr. Furchtgott-Roth, be maintained under restriction. These filings include discussion of Charter's financials, revenues and profits earned by Charter including purported gains from specific categories of its customers, and Charter's purported business incentives.

### Dkt. 601, Charter's Summary Judgment Opposition

**Statement by Plaintiffs.** Plaintiffs request that Dkt. 601 be maintained under restriction. Charter's opposition brief contains sensitive, confidential information regarding Plaintiffs' and RIAA's antipiracy efforts, and MarkMonitor's antipiracy detection system. In addition, it contains Charter's analysis of information designated Highly Confidential that was included in Plaintiffs'

2

infringement evidence for this case and which reflects sensitive, confidential information regarding the scope of Plaintiffs' and RIAA's antipiracy efforts.

Plaintiffs request that Dkt. 601-1 (Declaration of Andrew Schapiro) be maintained under restriction. It discloses confidential terms of certain commercial agreements between Plaintiffs and other entities.

Plaintiffs request that Dkts. 601-4, 601-5, and 601-6 be maintained under restriction. These are portions of transcripts from the depositions of Alasdair McMullan, Victoria Sheckler, and Christopher Bell that are designated Confidential or Highly Confidential. These exhibits include discussions of commercially sensitive information relating to Plaintiffs' and the RIAA's business and contractual relationships and efforts to address online piracy.

Plaintiffs request that Dkt. 601-8 be maintained under restriction. It is a document that was produced by Plaintiffs and designated Highly Confidential, and includes discussions of commercially sensitive information relating to Plaintiffs' and the RIAA's business and contractual relationships and efforts to address online piracy.

Plaintiffs request that Dkt. 601-18 be maintained under restriction. Dkt. 601-18 contains Charter's analysis of information designated Highly Confidential that was included in Plaintiffs' infringement evidence for this case and which reflects sensitive, confidential information regarding the scope of Plaintiffs' and RIAA's antipiracy efforts.

**Statement by Charter.** Charter requests that Dkts. 601 and 601-2, -5, and -13 to -18 be maintained under restriction. Dkt. 601-2 is the deposition transcript of Michael Hanrahan and includes discussion of Charter's internal system for tracking allegations of infringement and of discussions with specific Charter customers. Dkt. 601-13 is a declaration of Mary Haynes and

3

includes discussion of Charter's internal policies and procedures for responding to allegations of infringement, the mechanics of Charter's implementation of its copyright infringement prevention program, communications between Charter and its customers regarding notices alleging infringement, its customers' responses to those communications and the steps Charter took to resolve the allegations of infringement, and Charter's internal policies regarding termination of customer accounts. Dkt. 601-14 is an email to a specific subscriber addressing alleged copyright infringement. Dkt 601-15 and -17 are internal records maintained by Charter related to telephone communications with individual customers regarding notices alleging infringement ("call logs" and "call notes," respectively). Dkt. 601-16 reproduces communications by individual Charter customers to Charter regarding notices of alleged infringement. Dkt. 601-18 is a declaration of Karl Snow and includes discussion of notices sent by Plaintiffs alleging infringement by specific subscribers and Charter's conduct in responding to the same. Dkt. 601-5 is the deposition transcript of Victoria Sheckler and contains material that third party RIAA requested be treated as confidential by the parties pursuant to the Protective Order in this matter. Dkt. 601, Charter's summary judgment opposition, includes discussion and summaries of and quotations from the same.

**Dkt. 602, Charter's *Daubert* Opposition re: George Strong**

**Statement by Plaintiffs.** Plaintiffs request that Dkts. 602-2 and 602-3 be maintained under restriction. Dkts. 602-2 and 602-3 contain excerpts from the deposition transcripts of George Strong and Dr. Harold Furchtgott-Roth, designated Highly Confidential, which require redaction because they contain confidential information regarding the operation of Plaintiffs' and the RIAA's antipiracy efforts.

4

**Statement by Charter.** Charter requests that Dkt. 602, Charter's *Daubert* opposition, and Dkts. 602-2 and -3, the deposition transcripts of Mr. Strong and Harold Furchtgott-Roth, respectively, be maintained under restriciton. These filings include analyses of purported financial gains to Charter and apportionment of Charter's revenues based on Plaintiffs' allegations.

### Dkt. 604, Charter's *Daubert* Opposition re: Kevin Almeroth

**Statement by Charter.** Charter requests that Dkts. 604 and 604-2 be maintained under restriction. Dkt. 604, Charter's *Daubert* opposition, includes discussion of Charter's technical capabilities for monitoring Internet activity, discussion of specific steps taken by Charter in response to allegations of infringement, and discussion of Charter's source code. Dkt. 604-2, an expert report of Mr. Almeroth, contains material that third party Cox Communications has requested be treated as confidential by the parties pursuant to the Protective Order in this matter.

### Dkt. 605, Plaintiffs' *Daubert* Opposition re: Kristofer Buchan

**Statement by Plaintiffs.** Plaintiffs request that Dkts. 605 (Plaintiffs' opposition brief) and 605-2 (attached exhibit) be maintained under restriction. These filings contain sensitive, confidential information regarding the scope of Plaintiffs' and RIAA's antipiracy efforts. Dkt. 605 further contains confidential calculations and analyses from Plaintiffs' expert reports that are derived in part from information designated Highly Confidential, and excerpts from the deposition transcripts of Kristofer Buchan designated Highly Confidential.

**Statement by Charter.** Charter requests that Dkt. 605, Plaintiffs' *Daubert* opposition; Dkt. 605-3, an internal Charter communication; and Dkts. 605-4 and -5, internal documentation of Charter's policies and procedures, be maintained under restriction. These filings include

discussion of specific actions Charter took in response to notices alleging copyright infringement by its customers and policies and procedures for carrying out the same.

**Dkt. 606, Plaintiffs' *Daubert* Opposition re: Terrence McGarty**

**Statement by Charter.** Charter requests that Dkt. 606, Plaintiffs' *Daubert* opposition, and Dkts. 606-2 and -3, the deposition transcripts of Mr. McGarty and Jay Rolls, respectively, be maintained under restriction. These filings include discussion of Charter's policies and procedures related to copyright infringement and Charter's purported technical capabilities to monitor Internet activity.

**Dkt. 607, Charter's *Daubert* Opposition re: Sandeep Chatterjee**

**Statement by Plaintiffs.** Plaintiffs request that Dkts. 607, 607-2, 607-3, 607-4, and 607-5 be maintained under restriction. Dkt. 607 (Charter's opposition brief) contains sensitive, confidential information regarding Plaintiffs' and RIAA's antipiracy efforts, and Plaintiffs' litigation strategy. Dkts. 607-2 and 607-3 are third-party expert reviews of the operation of the MarkMonitor system used for Plaintiffs', RIAA's, and third parties' antipiracy efforts, and are designated Highly Confidential. These exhibits include sensitive, confidential information regarding the operation of the MarkMonitor system and Plaintiffs', RIAA's, and third party antipiracy efforts. Dkt. 607-4 contains excerpts of the deposition of Dong Jang taken in the *Grande* matter, designated Highly Confidential in this case. This includes sensitive, confidential information regarding the Sony Music Plaintiffs' antipiracy efforts and their actions to protect their copyrighted works. Dkt. 607-5 is an email between counsel in this matter. It includes confidential information regarding the contents of Plaintiffs' expert reports and litigation strategy.

**Statement by Charter.** Charter requests that Dkt. 607, Charter's *Daubert* opposition, be maintained under restriction. The filing includes discussion of material that third party Audible Magic has requested be treated as confidential by the parties pursuant to the Protective Order in this matter.

### Dkt. 609, Charter's *Daubert* Opposition re: Aram Sinnreich

**Statement by Plaintiffs.** Plaintiffs request that Dkts. 609-2 and 609-5 be maintained under restriction. Dkts. 609-2 and 609-5 are excerpts from the depositions of Jeremy Blietz and Dr. Aram Sinnreich designated Confidential or Highly Confidential. These exhibits include discussions of commercially sensitive information relating to Plaintiffs' and the RIAA's business and contractual relationships and efforts to address online piracy.

**Statement by Charter.** Charter requests that Dkt. 609-5, the deposition transcript of Dr. Sinnreich, be maintained under restriction. The filing includes discussion of work conducted for a third party pursuant to duties of confidentiality.

### Dkt. 610, Plaintiffs' *Daubert* Opposition re: Barbara Frederiksen-Cross

**Statement by Plaintiffs.** Plaintiffs request that Dkts. 610, 610-2, 610-3, and 610-5 be maintained under restriction. Dkt. 610 (Plaintiffs' opposition) contains sensitive, confidential information regarding Plaintiffs' and RIAA's antipiracy efforts, and Plaintiffs' litigation strategy. Dkts. 610-2 and 610-3 are excerpts of the depositions of Dr. Sandeep Chatterjee and Barbara Frederiksen-Cross designated Confidential or Highly Confidential. These exhibits include sensitive, confidential information regarding the operation of the MarkMonitor system, Audible Magic technology, and Plaintiffs' and RIAA's antipiracy efforts. Dkt. 610-5 is a document prepared for RIAA and MPAA describing the MarkMonitor System, and is designated Highly

Confidential. This document includes competitively sensitive, confidential information regarding the operation of the MarkMonitor system and Plaintiffs', RIAA's, and third party antipiracy efforts.

**Statement by Charter.** Charter requests that Dkt. 610, Plaintiffs' *Daubert* opposition; Dkt. 610-3, the deposition transcript of Ms. Frederiksen-Cross; Dkt. 610-4, internal Charter communications; and Dkts. 610-7 to -9, internal documentation of Charter's policies and procedures related to alleged abuse on its network, be maintained under restriction. These filings contain discussion of specific steps taken by Charter in response to allegations of infringement, Charter's purported technical capabilities for monitoring Internet activity and identifying specific customers who were the subject of notices of alleged infringement, and Charter's computer systems for tracking such notices.

### Dkt. 611, Charter's *Daubert* Opposition re: Karl Snow

**Statement by Plaintiffs.** Plaintiffs request that Dkt. 611 (Charter's opposition) be maintained under restriction. It contains Charter's analysis of information designated Highly Confidential that was included in Plaintiffs' infringement evidence for this case, and which reflects sensitive, confidential information regarding the scope of Plaintiffs' and RIAA's antipiracy efforts.

**Statement by Charter.** Charter requests that Dkt. 611, Charter's *Daubert* opposition, be maintained under restriction. The filing contains discussion of trends in notices Charter purportedly received alleging copyright infringement by its subscribers as well as of material that third party Audible Magic has requested be treated as confidential by the parties pursuant to the Protective Order in this matter.

**Dkt. 612, Charter's *Daubert* Opposition re: Wayne Coleman**

**Statement by Plaintiffs.** Plaintiffs request that Dkt. 612-4, which contains excerpts from the deposition of Wayne Coleman, be maintained under restriction. This exhibit reflects information from Plaintiffs' agreements with nonparty artists and songwriters, which have been designated as Highly Confidential, as well as calculations based in part on those sensitive financial contractual provisions.

**Dkt. 613, Plaintiffs' *Daubert* Opposition re: On Amir**

**Statement by Charter.** Charter requests that Dkt. 613, Plaintiffs' *Daubert* opposition, and Dkt. 613-4, the deposition transcript of Aram Sinnreich, be maintained under restriction. The filings contain discussion of work conducted for a third party pursuant to duties of confidentiality.

**Dkt. 614, Plaintiffs' Summary Judgment Opposition**

**Statement by Plaintiffs.** Plaintiffs request that Dkt. 614 be maintained under restriction. Plaintiffs' opposition brief contains sensitive, confidential information regarding the scope of Plaintiffs' and RIAA's antipiracy efforts. It also contains discussions of commercially sensitive information relating to Plaintiffs' and the RIAA's business and contractual relationships and efforts to address online piracy. Furthermore, it contains confidential calculations and analyses from Plaintiffs' expert reports that are derived in part from information designated Highly Confidential. In addition, it contains Charter's analysis of information designated Highly Confidential that was included in Plaintiffs' infringement evidence for this case.

Plaintiffs request that Dkts. 614-2 be maintained under redaction. This exhibit is an annotated version of Charter's Motion for Summary Judgment (Dkt. 549). Plaintiffs request that

9

it be restricted for the same reasons described in the parties' motion to restrict the original filing (Dkt. 590).

Plaintiffs request that Dkts. 614-9, 614-11, 614-12, 614-13, and 614-14 be maintained under restriction. These filings are excerpts of the depositions of Steven Marks, David Benjamin, Alasdair McMullan, Christopher Bell, and Wade Leak designated Confidential or Highly Confidential. These exhibits include discussions of commercially sensitive information relating to Plaintiffs' and the RIAA's business and contractual relationships and efforts to address online piracy.

Plaintiffs request that Dkts. 614-37 and 614-38 be maintained under restriction. Mr. Buchan's declaration (Dkt. 614-37) contains sensitive, confidential information regarding the scope of Plaintiffs' and RIAA's antipiracy efforts. Dkt. 614-38 is the expert report authored by Kristofer Buchan that has been designated Highly Confidential. This document contains competitively sensitive, confidential information regarding the operation of the MarkMonitor system, Audible Magic technology, and Plaintiffs' and RIAA's antipiracy efforts, as well as information regarding Plaintiffs' litigation strategy.

Plaintiffs request that Dkts. 614-39 and 614-40 be maintained under restriction. Dr. Furchtgott-Roth's declaration (Dkt. 614-39) contains sensitive, confidential information regarding Plaintiffs' and RIAA's antipiracy efforts, and Plaintiffs' litigation strategy. Dkt. 614-40 is an expert report authored by Dr. Furchtgott-Roth, designated Highly Confidential. It contains analyses that rely upon and reflect Plaintiffs' confidential financial information, including Plaintiffs' purported profit margins, and confidential information regarding the operation of

10

Plaintiffs' and the RIAA's antipiracy efforts. In addition, the calculations and analyses in the reports are derived in part from information designated Highly Confidential.

**Statement by Charter.** Charter requests that Dkts. 614 and 614-2 to -9, -15 to -29, and -37 to -40 be maintained under restriction. Dkts. 614-2 and -3 are versions of Dkt. 549, which the Court has previously ordered be maintained under seal, *see* Dkt. 591. Dkts. 614-4 to -8 and -15 are deposition transcripts of Laurie Rowlett, Philip Jones, Adam Taylor, Timothy Brockel, Mary Haynes, and Scott Weber, respectively. These documents contain discussion of specific steps Charter took in response to allegations of infringement by its customers, its policies and procedures related to the same, and Charter's internal implementation of its "Acceptable Use Policy." Dkts. 614-16, -21, -28, and -29 are internal and confidential communications among Charter employees related to the same. Dkts. 614-17, -19, and -23 are communications received from specific subscribers responding to allegations of copyright infringement. Dkts. 614-18, -20, -22, and -24 are reports documenting allegations of copyright infringement by specific subscribers and actions taken by Charter in response. Dkts. 614-25 to -27 are internal Charter documents documenting Charter's implementation of computer systems to address alleged abuse by its subscribers, metrics of user activity on Charter's network, Charter's actions in response to allegations of infringement, and Charter's responses to subpoenas. Dkts. 614-37 and -38 are an expert report submitted by Kristofer Buchan and a declaration related to the same that discuss metrics regarding notices alleging copyright infringement that Charter purportedly received. Dkts. 614-39 and -40 are an expert report submitted by Harold Furchtgott-Roth and a declaration related to the same that discuss Charter's financials and revenues earned by Charter including purported gains from specific categories of its customers. Dkt. 614-9, the deposition transcript of Steven Marks,

contains material that third party RIAA requested be treated as confidential by the parties pursuant to the Protective Order in this matter. Dkt. 614, Plaintiffs' summary judgment opposition, includes discussion and summaries of and quotations from the same.

### Dkt. 641, Plaintiffs' *Daubert* Reply re: Kevin Almeroth

**Statement by Charter.** Charter requests that Dkt. 641, its *Daubert* reply, and Dkt. 641-2, the deposition transcript of Mr. Almeroth, be maintained under restriction. These filings include discussion of Charter's purported technical capabilities for monitoring Internet activity and of metrics of customers whose service was terminated by Charter.

### Dkt. 642, Plaintiffs' *Daubert* Reply re: Sandeep Chatterjee

**Statement by Plaintiffs.** Plaintiffs request that Dkts. 642, 642-2, and 642-3 be maintained under restriction. Dkt. 642 (Plaintiffs' reply brief) contains sensitive, confidential information regarding the MarkMonitor system, Plaintiffs' and RIAA's antipiracy efforts, and Plaintiffs' litigation strategy. Dkt. 642-2 contains excerpts of the deposition of Dr. Chatterjee designated Confidential or Highly Confidential. This exhibit includes sensitive, confidential information regarding the operation of the MarkMonitor system, Audible Magic technology, and Plaintiffs' and the RIAA's antipiracy efforts. Dkt. 642-3 contains excerpts of the deposition of Vance Ikezoye, designated Highly Confidential. This exhibit contains commercially and competitively sensitive information regarding the operation of the Audible Magic technology.

**Statement by Charter.** Charter requests that Dkt. 642, Plaintiffs' *Daubert* reply, and Dkt. 642-2, the deposition transcript of Dr. Chatterjee, be maintained under restriction. The filings include discussion of Charter's purported technical capabilities for monitoring Internet activity and of the alleged extent of infringing activity on Charter's network. In addition, Dkt. 642-3, the

12

deposition transcript of Vance Ikezoye, contains material that third party Audible Magic requested be treated as confidential by the parties pursuant to the Protective Order in this matter.

**Dkt. 643, Plaintiffs' *Daubert* Reply re: Aram Sinnreich**

**Statement by Plaintiffs.** Plaintiffs request that Dkt. 643-2 be maintained under restriction. Dkt. 643-2 contains excerpts of the deposition of Dr. Sinnreich designated Confidential. This exhibit discusses commercially sensitive information relating to Plaintiffs' and the RIAA's business and contractual relationships and efforts to address online piracy.

**Statement by Charter.** Charter requests that Dkt. 643-2, the deposition transcript of Dr. Sinnreich, be maintained under restriction. The filing contains discussion of work conducted for a third party pursuant to duties of confidentiality.

**Dkt. 644, Charter's *Daubert* Reply re: On Amir**

**Statement by Charter.** Charter requests that Dkt. 644, Charter's *Daubert* reply, be maintained under restriction. The filing contains discussion of work conducted for a third party pursuant to duties of confidentiality.

**Dkt. 646, Charter's *Daubert* Reply re: Harold Furchtgott-Roth**

**Statement by Charter.** Charter requests that Dkt. 646, Charter's *Daubert* reply, be maintained under restriction. The filing contains discussion of revenues earned by Charter from specific categories of customers and Charter's purported business incentives.

**Dkt. 648, Charter's *Daubert* Reply re: Terrence McGarty**

**Statement by Charter.** Charter requests that Dkt. 648, Charter's *Daubert* reply, be maintained under restriction. The filing includes discussion of metrics of customers whose service was terminated by Charter.

### Dkt. 649, Charter's *Daubert* Reply re: Barbara Frederiksen-Cross

**Statement by Plaintiffs.** Plaintiffs request that Dkt. 649 be maintained under restriction. Charter's reply brief contains sensitive, confidential information regarding the operation of the MarkMonitor system, Audible Magic technology, and Plaintiffs' and RIAA's antipiracy efforts.

### Dkt. 650, Charter's Reply in support of Summary Judgment

**Statement by Plaintiffs.** Plaintiffs request that Dkts. 650, 650-2, and 650-3 be maintained under restriction. Dkt. 650 is Charter's reply in support of its summary judgment motion. It contains Charter's analysis of information designated Highly Confidential that was included in Plaintiffs' infringement evidence for this case. Dkts. 650-2 and 650-3 are the Second Declaration of Andrew Schapiro and attached exhibit, which similarly include Charter's analysis of information designated Highly Confidential that was included in Plaintiffs' infringement evidence for this case.

**Statement by Charter.** Charter requests that Dkt. 650, its summary judgment reply, and Dkt. 650-1, a declaration of Mary Haynes, be maintained under restriction. The filings include discussion of Charter's internal policies and procedures for responding to allegations of infringement, communications between Charter and its customers regarding notices alleging infringement, and its customers' responses to those communications and the steps Charter took to resolve the allegations of infringement.

### Dkt. 653, Plaintiffs' *Daubert* Reply re: Karl Snow

**Statement by Plaintiffs.** Plaintiffs request that Dkt. 653 be maintained under restriction. Dkt. 653 (Plaintiffs' reply brief) contains Charter's analysis of information designated Highly

Confidential that was included in Plaintiffs' infringement evidence for this case and which reflects sensitive, confidential information regarding the scope of Plaintiffs' and RIAA's antipiracy efforts.

**Statement by Charter.** Charter requests that Dkt. 653, Plaintiffs' *Daubert* reply, be maintained under restriction. The filing includes discussion of material that third party Audible Magic has requested be treated as confidential by the parties pursuant to the Protective Order in this matter.

### Dkt. 655, Plaintiffs' Reply in support of Summary Judgment

**Statement by Plaintiffs.** Plaintiffs request that Dkt. 655 be maintained under restriction. Dkt. 655 is Plaintiffs' reply brief in support of their summary judgment motion. It contains Charter's analysis of information designated Highly Confidential that was included in Plaintiffs' infringement evidence for this case and which reflects sensitive, confidential information regarding the scope of Plaintiffs' and RIAA's antipiracy efforts.

**Statement by Charter.** Charter requests that Dkts. 655 and 655-2 to -15 be maintained under restriction. Dkts. 655-2, -3, and -5 to -7 are records of Charter communications with specific subscribers identified in notices alleging infringement. Dkts. 655-4, -8, -10, -12, and -14 are reports documenting allegations of copyright infringement by specific subscribers and actions taken by Charter in response. Dkts. 655-9, -11, and -13 are communications received from specific subscribers responding to allegations of copyright infringement by them, and Dkt. 655-15 is an internal Charter communication relating to the same. Dkt. 655, Plaintiffs' summary judgment reply, includes summaries of and quotations from the same.

**Dkt. 657-1, Amended Declaration of Mary Haynes**

**Statement by Charter.**  Charter requests that Dkt. 657-1 be maintained under restriction. The filing is a signed version of Dkt. 601-13, discussed above.

\*     \*     \*

**Additional statement by Plaintiffs in support of all requests.**  Plaintiffs' statements above describe commercially sensitive information that requires sealing or redaction.  Disclosure of this information would cause harm to Plaintiffs, and in several instances, to RIAA, MarkMonitor, and other non-parties. *See Health Grades, Inc. v. MDx Medical, Inc.*, No. 11–cv–00520–RM–BMB, 2014 WL 12741068, at \*2 (D. Colo. Mar. 28, 2014) ("the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").  This information, while harmful in the hands of competitors, is not necessary for the general public to understand or evaluate the issues between the parties.

**Additional statement by Charter in support of all requests.**  The materials set out above contain Charter's competitively sensitive business information.  Disclosure of this information would cause competitive harm to Charter through the disclosure of the many details of its business described above. *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at \*2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").  The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information.  The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues.

**Additional statement by Plaintiffs and Charter in support of all requests.**  The parties seek only a Level 1 restriction, the lowest level of restriction.  The parties have filed redacted versions of many of the filings they seek to maintain under restriction on the public docket (attached hereto as Exhibits I through LVII), as set forth in Exhibit A, attached hereto.

*     *     *

WHEREFORE, Plaintiffs and Charter respectfully request that the Court maintain under Level 1 Restriction the following filings:

> Dkts. 600, 600-2, 601, 601-1, 601-2, 601-4, 601-5, 601-6, 601-8, 601-13, 601-14, 601-15, 601-16, 601-17, 601-18, 602, 602-2, 602-3, 604, 604-2, 605, 605-2, 605-3, 605-4, 605-5, 606, 606-2, 606-3, 607, 607-2, 607-3, 607-4, 607-5, 609-2, 609-5, 610, 610-2, 610-3, 610-4, 610-5, 610-7, 610-8, 610-9, 611, 612-4, 613, 613-4, 614, 614-2, 614-3, 614-4, 614-5, 614-6, 614-7, 614-8, 614-9, 614-11, 614-12, 614-13, 614-14, 614-15, 614-16, 614-17, 614-18, 614-19, 614-20, 614-21, 614-22, 614-23, 614-24, 614-25, 614-26, 614-27, 614-28, 614-29, 614-37, 614-38, 614-39, 614-40, 641, 641-2, 642, 642-2, 642-3, 643-2, 644, 646, 648, 649, 650, 650-1, 650-2, 650-3, 653, 655, 655-2, 655-3, 655-4, 655-5, 655-6, 655-7, 655-8, 655-9, 655-10, 655-11, 655-12, 655-13, 655-14, 655-15, 657-1.

Dated: February 2, 2022

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ Neema T. Sahni* | */s/ Andrew H. Schapiro* |
| Neema T. Sahni | Andrew H. Schapiro |
| COVINGTON & BURLING LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 1999 Avenue of the Stars, Suite 3500 | 191 N. Wacker Drive, Suite 2700 |
| Los Angeles, CA 90067-4643 | Chicago, IL 60606 |
| Telephone: (424) 332-4800 | (312) 705-7400 (telephone) |
| nsahni@cov.com | Email: andrewschapiro@quinnemanuel.com |
| Jonathan M. Sperling | Charles K. Verhoeven |
| COVINGTON & BURLING LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 620 Eighth Avenue | 50 California Street, 22nd Floor |
| New York, NY 10018-1405 | San Francisco, CA 94111 |
| Telephone: (212) 841-1000 | (415) 875-6600 (telephone) |
| jsperling@cov.com | Email: charlesverhoeven@quinnemanuel.com |
| Matthew J. Oppenheim | *Counsel for Charter Communications, Inc.* |
| Jeffrey M. Gould | |
| Alexander Kaplan | |
| OPPENHEIM + ZEBRAK, LLP | |
| 4530 Wisconsin Ave. NW, 5th Fl. | |
| Washington, DC 20016 | |
| Telephone: (202) 621-9027 | |
| matt@oandzlaw.com | |
| jeff@oandzlaw.com | |
| alex@oandzlaw.com | |

*Counsel for Plaintiffs*