# Exhibit IV

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    *Plaintiffs*,

v.

CHARTER COMMUNICATIONS, INC.,

    *Defendant*.

Case No. 19-cv-00874-RBJ-MEH

## DECLARATION OF ANDREW H. SCHAPIRO

I, Andrew H. Schapiro, declare as follows:

1. I am a partner in the law firm Quinn Emanuel Urquhart & Sullivan, LLP, and counsel for Defendant Charter Communications, Inc. ("Charter") in this case. I submit this declaration in support of Charter's Response To Plaintiffs' Motion for Partial Summary Judgment. I make this declaration of my own personal knowledge and, if called, I could and would competently testify hereto under oath.

2. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the deposition transcript of Michael Hanrahan, taken May 12, 2021, in the above-captioned case.

3. Attached hereto as **Exhibit B** is a true and correct copy of excerpts from the deposition transcript of Jill Lesser, taken February 24, 2021, in the above-captioned case.

4. Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the deposition transcript of Universal Record Company Plaintiffs, given by Alasdair McMullan on May 14, 2021, in the above-captioned case.

5. Attached hereto as **Exhibit D** is a true and correct copy of excerpts from the deposition transcript of Victoria Sheckler, taken May 18, 2021, in the above-captioned case.

1

6. Attached hereto as **Exhibit E** is a true and correct copy of excerpts from the deposition transcript of Warner Record Company Plaintiffs, given by Christopher Bell on May 21, 2021, in the above-captioned case.

7. Attached hereto as **Exhibit F** is a true and correct copy of a document titled "The Copyright Alert System Phase One and Beyond" dated March 28, 2014, Bates-stamped PL_CH_0197247 and produced by Plaintiffs in the above-captioned case.

8. Attached hereto as **Exhibit G** is a true and correct copy of an email sent by Victoria Sheckler on October 18, 2012, Bates-stamped PL_CH_0181226 and produced by Plaintiffs in the above-captioned case.

9. Attached hereto as **Exhibit H-1** is a chart identifying the 148 works that are listed in either Exhibit A or Exhibit B to Plaintiffs' Amended Complaint, *see* Dkt. 123, but are not among the list of "Plaintiffs' Works" for which Plaintiffs have requested a ruling that the work is registered with the U.S. Copyright Office and that the asserting Plaintiff "own[s] or control[s] the exclusive rights under copyright for" the work, *see* Dkt. 555 ("Mot."), at 3-4, 12. The chart lists the works as identified by Plaintiffs in Exhibit A or Exhibit B to their Amended Complaint.

10. Attached hereto as **Exhibit H-2** is a chart that identifies 207 musical compositions for which Plaintiffs have requested a ruling that the work is registered with the U.S. Copyright Office and that the asserting Plaintiff "own[s] or control[s] the exclusive rights under copyright for" the work. Mot. 3, 12. For these works, Plaintiffs' declarants aver a contractual relationship with the author of the work, not the claimant identified on the copyright registration. *See* Dkt. 555-33 ("Blietz Decl.") ¶ 23; Dkt. 555-34 ("Kokakis Decl.") ¶ 42, 555-38 ("Patel Decl.") ¶ 34. Columns A through D list the works as identified by Plaintiffs. According to Plaintiffs'

2

declarations, the individual identified in Column E is an author of the work with whom Plaintiffs aver some contractual relationship. Column F identifies the declaration submitted by Plaintiffs in support of their motion for summary judgment on a given work.

11. Attached hereto as **Exhibit H-3** is a chart that identifies 23 sound recordings for which Plaintiffs have requested a ruling that the work is registered with the U.S. Copyright Office and that the asserting Plaintiff "own[s] or control[s] the exclusive rights under copyright for" the work. Mot. 3, 12. Columns A through E list the works as identified by Plaintiffs. Column F lists the claimant and/or author on the registration, as identified by Plaintiffs. Column G identifies the declaration submitted by Plaintiffs in support of their motion for summary judgment on a given work. For these works, Plaintiffs' declarants purport to establish chain of title between the asserting plaintiff and the claimant. *See* Dkt. 555-35 ("Leak Decl."); Dkt. 555-36 ("McMullan Decl."); Dkt. 555-37 ("Parry Decl."). Based on the declarants' own statements, chain of title is not established. Specifically:

[redacted]

[Redacted content]

12. Attached hereto as **Exhibit H-4** is a chart that identifies 22 sound recordings for which Plaintiffs have requested a ruling that the work is registered with the U.S. Copyright Office and that the asserting Plaintiff "own[s] or control[s] the exclusive rights under copyright for" the

4

work. Mot. 3, 12. Columns A through E list the works as identified by Plaintiffs. Column F lists the claimant for the work, as identified by Plaintiffs. Column G identifies the declaration submitted by Plaintiffs in support of their motion for summary judgment on a given work. The copyright registration certificates submitted by Plaintiffs in connection with these works either do not list the asserted work (because the work is a track that is not identified as part of the registered album) or the certificates expressly exclude the asserted work, as indicated in Column H.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 20th day of December, 2021, at Chicago, Illinois.

                                                                       Andrew H. Schapiro