# Exhibit XIII

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00874-RBJ-MEH

WARNER RECORDS INC. et al.,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

## PLAINTIFFS' OPPOSITION TO CHARTER'S MOTION TO EXCLUDE
## THE OPINIONS AND TESTIMONY OF KRISTOFER BUCHAN

This is a case about massive copyright infringement. The data regarding that infringement is vast and complex. To assist the jury in understanding and making sense of that data, Plaintiffs have offered the testimony of Kristofer Buchan, a data analyst and partner in a financial and economic consulting firm. *See* Mot. Ex. A, ECF No. 551-2 ("Buchan Rept."); Mot. Ex. C, ECF No. 551-4 ("Buchan Supp. Rept."); Mot. Ex. D, ECF No. 551-5 ("Buchan Rebuttal Rept.").

Charter's motion to exclude Mr. Buchan's opinions does not object to any of Mr. Buchan's actual analysis. Instead, Charter objects only to how Mr. Buchan labels his analysis, seeking to prevent Mr. Buchan from making any references to infringement. Charter's motion should be denied because Mr. Buchan's use of the terms "infringement" and "infringer" accurately reflect the evidence in the record on which Mr. Buchan relied in forming his opinions.

## BACKGROUND

In forming his opinions, Mr. Buchan analyzed several datasets, including, among others, the infringement notices that MarkMonitor sent Charter on Plaintiffs' behalf, data that Charter produced for the tickets Charter created in response to receiving Plaintiffs' notices, and data that Charter produced corresponding to all tickets that Charter created in response to infringement notices that Charter received for subscribers with at least three notices. Based on his analysis, Mr. Buchan offers the following opinions:

-  Buchan Rept. ¶¶ 39-49.

-  . *Id.* ¶¶ 61-71

- The MarkMonitor Hard Drive Index prepared by Ms. Frederickson-Cross, and Mr. Geluso and the Expert Listeners' conclusions matching files containing a Work-in-Suit ("Genuine Files") with infringing files on the MarkMonitor Hard Drive, can be used to identify which of Plaintiffs' notices correspond to a work in suit (a "Work-in-Suit Notice"). *Id.* ¶¶ 54-60.

-  *Id.* ¶¶ 72-76.

-  . *Id.* ¶¶ 77-78.

Mr. Buchan also presented analysis of the data for the ▓▓▓▓▓ for subscribers with at least three notices that Charter produced, and analyzed the interrogatory responses, metrics

2

reports, and ticket data that Charter produced showing Charter's customer-facing actions in response to receiving Notices from Rightsholders. *Id.* ¶¶ 80-97; Buchan Supp. Rept. ¶¶ 3-9.

## ARGUMENT

Mr. Buchan's use of the terms "infringement" and "infringer" accurately reflect the evidence on which Mr. Buchan relied in forming his opinions. Much of Mr. Buchan's opinions analyze data regarding the notices that MarkMonitor sent Charter on Plaintiffs' behalf; for example, Mr. Buchan defines a Repeat Infringer as a Charter subscriber who received at least three infringement notices under certain conditions. *See* Buchan Rept. ¶ 38 (defining "Repeat Infringer"). Mr. Buchan's characterization of these notices as "notices of infringement" accurately characterizes the notices. The text of each of these notices identifies "infringing activity," provides a "[l]ist of infringing content," and encourages ISPs to assist in "efforts to reduce copyright infringement on [their] networks." Buchan Rept. ¶ 25 (showing an example of a notice). These notices were the product of MarkMonitor's system, which was designed to detect copyright infringement. Decl. of Corey Miller in Supp. of Pls.' Opp. to Charter's Mot. to Exclude the Opinions and Testimony of Kristofer Buchan ("Miller Decl.") Ex. 1 at MM000204

███████████████████████████████████

Further, Charter's own documents show that Charter understood that notices related to infringement. When Charter forwarded an infringement notice to a subscriber during the Claim Period, Charter itself informed the subscriber that the notice indicates a rightsholder "believe[s] a Charter customer has infringed their work(s)," and warned the recipient that "Charter may determine that the customer is a repeat copyright infringer and reserves the right to suspend or

3

terminate the accounts of repeat copyright infringers." Miller Decl. Ex. 2 at CHA_00082315.



Nor should Mr. Buchan's use of the terms "infringement" and "infringer" be excluded as improper legal conclusions. When Mr. Buchan uses the terms "infringement" and "infringer," he is summarizing evidence, not expressing a legal conclusion. Mr. Buchan expresses no opinion on the legal question of what constitutes infringement, as that question is for the jury to decide. That Mr. Buchan is not offering a legal conclusion is why he stated in deposition that he is "not offering an opinion that Charter subscribers have infringed any copyrights." *See* Mot. 2-3 (quoting Buchan deposition testimony). Instead, Mr. Buchan summarizes evidence showing that Charter's subscribers received hundreds of thousands of infringement notices.

Reviewing the same evidence, Charter's experts also repeatedly reference infringement. While Charter complains that "Mr. Buchan's May 27 opening report uses the word "infringement" or its variations more than 100 times in a 97-paragraph report, while his June 28 rebuttal report uses it 93 times in 49 paragraphs," Charter's statistical expert, Dr. Karl N. Snow, uses variations on the word "infringement" 289 times across his three reports, including 71 times in his opening report. *See* Nov. 15, 2021 Decl. of Corey Miller Exs. 1-3, ECF Nos. 560-2-560-4 (May 27, 2021 Expert Report of Karl N. Snow, Ph.D.; June 28, 2021 Expert Rebuttal Report of Karl N. Snow, Ph.D.; Sept. 3, 2021 Surrebuttal Report of Karl N. Snow, Ph.D.).

4

Charter's ploy to have a trial about infringement where no one can ever mention "infringement" should be rejected. Charter's misguided attempts to scrub the record of any reference to "infringement" is unwarranted and seeks to present the jury with a false picture of the documents, discussions, and issues as they actually occurred. To the extent Mr. Buchan's use of "infringement" and "infringer" creates any potential for confusion, the Court can address it by giving an appropriate instruction. Indeed, this is precisely how previous similar trials have handled this issue. *See BMG Rights Mgt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 314 (4th Cir. 2018) (holding that district court did not abuse its discretion by permitting testimony including the word "infringement" because "the court clearly and carefully instructed the jurors that they alone could determine infringement.").

## CONCLUSION

For the reasons explained above, the Court should deny Charter's Motion in its entirety.

| | |
|---|---|
| Dated: December 20, 2021 | */s/ Matthew J. Oppenheim* |
| Jonathan M. Sperling<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1000<br>jsperling@cov.com | Matthew J. Oppenheim<br>Jeffrey M. Gould<br>Alexander Kaplan<br>Corey Miller<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Ave. NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 621-9027 |
| Neema T. Sahni<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Telephone: (424) 332-4800<br>nsahni@cov.com | matt@oandzlaw.com<br>jeff@oandzlaw.com<br>alex@oandzlaw.com<br>corey@oandzlaw.com |
| | *Attorneys for Plaintiffs* |