# Exhibit XXII

# Exhibit 2

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

)
WARNER RECORDS, INC., et   )
al,                         )
                            )
        Plaintiffs,         )
                            )  Civil Action No.
        vs.                 )  1:19-cv-00874-
                            )  RBJ-MEH
CHARTER COMMUNICATIONS,     )
INC.,                       )
                            )
        Defendants.         )
                            )

HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY
VIDEOTAPED VIDEOCONFERENCE DEPOSITION OF
BARBARA FREDERIKSEN-CROSS
Taken in behalf of Defendant
* * *
October 8, 2021
Portland, Oregon




Teresa L. Dunn,
Court Reporter
CSR, CCR, RPR

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 26
1  800 hours at this point.
2     Q.  Do you recall what Mr. Thompson's
3  billing rate is to plaintiffs on this matter?
4     A.  I would want to double-check, but it's
5  either 350 or $400 an hour I believe.
6     Q.  Do you have a sense for how many hours
7  Mr. Thompson has worked on this engagement?
8     A.  It would be comparable to the number I
9  have worked.

Page 27

Page 28
22    Q.  Subsequent to the service of your
23 reports in this matter a -- let me make sure I
24 get the gender right so I'll strike that and
25 start again.

Page 29
13    Q.  Do the materials considered in citation
14 sections of your reports -- strike that.
15        Do the citations in your report and the
16 materials considered contain a complete listing
17 of all the materials you considered and relied
18 upon in arriving at your conclusions in this
19 case?
20    A.  I believe that to be the case,
21 Counselor, yes.
22    Q.  Do you know whether you received or
23 reviewed any additional materials after the
24 service of your reply expert report in this
25 case?

8 (Pages 26 - 29)

Veritext Legal Solutions
www.veritext.com                                    888-391-3376

Page 190

1  Do you see that?
2  A.  I'm sorry, which paragraph was that in,
3  Counsel?
4  Q.  Okay. So the -- so there's a text
5  message that begins Sir or Madam. Do you see
6  that?
7  A.  Yes, I see it. And I've got line
8  numbers if you have line numbers to speed this
9  along.
10  Q.  Sure, yes, I had forgotten that.
11  There's a paragraph on lines 32 through 36.
12     Do you see that?
13  A.  I do, yes.
14  Q.  And it begins, If you are an internet
15  service provider, ISP. Do you see that?
16  A.  I do see that, yes.
17  Q.  Charter is an internet service provider,
18  right?
19  A.  That is correct.
20  Q.  And the last sentence of that paragraph
21  says, This letter constitutes notice to you that
22  this user may be liable for infringing activity
23  occurring on your network.
24     Do you see that?
25  A.  I see that.

Page 191

1  Q.  Now, this says sentence says may be
2  liable, not is liable, correct?
3  A.  Well, it says that they have identified
4  a user on the network reproducing or
5  distributing an unauthorized copy of a
6  copyrighted sound recording.
7     And then this letter constitutes that
8  this user may be liable so I think your reading
9  of that sentence is correct.
10     MR. HAMSTRA: Can we take a short break?
11  I think I may be pretty much done here. I just
12  want to check my notes.
13     (Recess from 4:00 p.m. to 4:17 p.m.)
14  Q.  (By Mr. Hamstra) Ms. Frederiksen-Cross,
15  anything about your testimony today you wish to
16  correct or expound upon?
17  A.  Nothing specific that I can think of as
18  I sit here, Counsel.
19     MR. HAMSTRA: I don't have any further
20  questions. Thank you for your time today.
21     THE WITNESS: Thank you, Counsel.
22     MR. GOULD: I have a few questions in
23  follow-up.
24
25

Page 192

1     EXAMINATION
2  BY MR. GOULD:
3  ████████████████████████████████████
4  ████████████████████████████████████████
5  ██████████████████████████████████
6  ████
7  ██████████████████████████████████
8  ██████████████████████████████████████
9  █████
10  ██████████████████████████████
11     MR. GOULD: I'm going to pull up an
12  exhibit. Andrew, could you please pull up
13  what's been previously marked as Plaintiffs'
14  Exhibit 285 in a prior deposition. Oh, it looks
15  like Andrew just got kicked out of Exhibit
16  Share. Let's see if I can figure this out.
17     MR. HAMSTRA: I believe in you, Jeff.
18     MR. GOULD: What's that?
19     MR. HAMSTRA: I said I believe in you,
20  Jeff.
21     MR. GOULD: Thanks, bud.
22     THE WITNESS: Technology at its least
23  compassionate. We all struggle with it.
24  Q.  (By Mr. Gould) Okay. There's an exhibit
25  in your Exhibit Share now called Exhibit PX 285,

Page 193

1  if you could pull that up, please,
2  Ms. Frederiksen-Cross.
3     This is an infringement notice that
4  MarkMonitor sent to Charter with a Bates number
5  PL_CH_InfNotice_0477541.
6     Let me know when you see that,
7  Ms. Frederiksen-Cross.
8  A.  That was PX 285, Counsel?
9  Q.  Correct.
10  A.  I'm just downloading it now. Okay. I
11  have it, Counsel.
12  Q.  This is a similar form to the notice
13  that you looked at earlier. I want to scroll
14  down to the narrative paragraph starting with,
15  We have attached below.
16  A.  Okay. I'm there.
17  Q.  Could you read that first sentence
18  aloud, please?
19  A.  We have attached below the details of
20  the illegal file sharing including the time,
21  date, and a sampling of the music shared.
22  Q.  And if you scroll down further to the
23  list of infringing content, do you see that
24  lists Billy Joel Piano Man?
25  A.  I see that.

Page 210

1  MR. GOULD: Thank you. I have no
2 further questions at this time.
3  MR. HAMSTRA: I have one quick follow-up
4 point to raise with you, Ms. Frederiksen-Cross.
5      EXAMINATION
6 BY MR. HAMSTRA:

19  Q. So the policy says that Charter can
20 suspend or terminate for repeated DMCA
21 violations, correct?
22  A. Let me go to that section in my report,
23 Counsel.
24  Q. Okay.
25  A. I don't want to misstate what they are

Page 211

1 saying. I think it's a little bit stronger than
2 that, though.
3     For instance, in the excerpt preceding
4 paragraph 327, Enforcement, it says that Charter
5 reserves the right to investigate and that if
6 Charter determines that a user has violated an
7 AUP Charter will take responsive action that is
8 deemed appropriate without prior notification.
9 Such action includes, but is not limited to,
10 temporary suspension of service, reduction of
11 service resources, and termination of services.
12  Q. Right. So Charter will take any action
13 that it deems appropriate, correct?
14  A. As it deems appropriate, yes.

Page 212

Page 213

5  Q. The AUP allows for Charter in its
6 discretion to not suspend or terminate for AUP
7 violations, correct?
8  A. Yes, Charter reserves the right to
9 suspend or terminate, but it does not appear
10 that it ever used that right in the context of
11 DMCA violations before 2016.
12  Q. Charter has a right to suspend or
13 terminate for AUP obligations -- strike that.
14     Charter has a right to suspend or
15 terminate for AUP violations, but not an
16 obligation, correct?
17     MR. GOULD: Objection, form, calls for
18 legal conclusions.
19     THE WITNESS: Yeah, I think obligation
20 is best left to the trier of fact. Whether that
21 was a responsibility Charter had in the face of
22 the avalanche of notifications it received with
23 respect to some customers, you know, if your
24 position, Counsel, is that they had the right to
25 ignore those notices, if that's Charter's



HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

Page 218

1 anything further.
2     MR. GOULD: I have one last thing.
3         EXAMINATION
4 BY MR. GOULD:

[redacted]

24     MR. GOULD: Thank you. No further
25 questions.

Page 219

1     MR. HAMSTRA: That's all for me as well.
2 Thank you, Ms. Frederiksen-Cross.
3     MR. GOULD: We will reserve the right to
4 review and sign and designate the transcript at
5 least provisionally as highly confidential under
6 the protective order.
7     And to the extent there are source code
8 discussions we will take a look at whether that
9 designation needs to be clarified.
10    MR. HAMSTRA: I think we should be good.
11    MR. GOULD: I think we're probably fine
12 at highly confidential, attorney eyes only for
13 now, and if there's a higher level needed we
14 will make it known.
15    (Deposition concluded at 5:02 p.m.)
16    (Signature reserved.)
17
18
19
20
21
22
23
24
25

Page 220

1         CERTIFICATE
2
3
4     I, Teresa L. Dunn, a Certified Shorthand
5 Reporter for Oregon, do hereby certify that,
6 pursuant to stipulation of Counsel for the
7 respective parties hereinbefore set forth,
8 BARBARA FREDERIKSEN-CROSS appeared virtually
9 before me at the time and place set forth in the
10 caption hereof; that at said time and place I
11 reported in Stenotype all testimony adduced and
12 other oral proceedings had in the foregoing
13 matter; that thereafter my notes were reduced to
14 typewriting under my direction; and that the
15 foregoing transcript, pages 1 to 221, both
16 inclusive, constitutes a full, true and accurate
17 record of all such testimony adduced and oral
18 proceedings had, and of the whole thereof.
19    Witness my hand and CSR stamp at
20 Vancouver, Washington, this 11th day of October,
21 2021.
22
23    *Teresa L. Dunn*
       TERESA L. DUNN,
24     Certified Shorthand Reporter
       Certificate No. 00-0367
25     Expiration Date: 6/30/2023

Page 221

Veritext Legal Solutions
1100 Superior Ave
Suite 1820
Cleveland, Ohio 44114
Phone: 216-523-1313

October 13, 2021

To: Jeffrey M. Gould, Esq.

Case Name: Warner Records, Inc., et al. v. Charter Communications, Inc.
Veritext Reference Number: 4839565
Witness: Barbara Frederiksen-Cross    Deposition Date: 10/8/2021

Dear Sir/Madam:

Enclosed please find a deposition transcript. Please have the witness review the transcript and note any changes or corrections on the included errata sheet, indicating the page, line number, change, and the reason for the change. Have the witness' signature notarized and forward the completed page(s) back to us at the Production address shown

above, or email to production-midwest@veritext.com.

If the errata is not returned within thirty days of your receipt of this letter, the reading and signing will be deemed waived.

Sincerely,

Production Department

NO NOTARY REQUIRED IN CA