# Exhibit XLV

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00874-RBJ-MEH

WARNER RECORDS INC. et al.,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

---

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE OR LIMIT EXPERT TESTIMONY AND OPINIONS OF DR. SANDEEP CHATTERJEE**

---

**I. Dr. Chatterjee's opinions on "fake" files are unreliable and will not help the jury.**

[redacted], but it fails to demonstrate (because it cannot demonstrate) that Dr. Chatterjee is qualified to opine on the behavior of peer-to-peer ("P2P) users or that he applied any analysis to connect his "opinion" regarding "fake" files to the facts of *this* case.

*First*, Charter's claim that Dr. Chatterjee's opinions that the *behavior* of P2P users are "within his technical expertise," Resp. 3 (ECF 607), is conclusory. His primary claim to expertise regarding use of P2P is that he has "played around with" open source BitTorrent clients. Ex. 13 69:6-22 ("Chatterjee Tr.")).[1] That Dr. Chatterjee cites peer-reviewed articles on

[1] All exhibits cited at "Ex." herein are to the declaration of Jeffrey M. Gould.

peers' behavior shows only that the researchers who wrote those articles may be qualified to opine on peers' behavior, not that Dr. Chatterjee is.



*Second*, Dr. Chatterjee fails to connect his theories on "fake" files to this case. Mot. 5 (ECF 558).[2] *Id*. And . Resp. 4. ECF 607-3 2. Lastly, Charter's claim that "[o]nce seeded onto a P2P network, a file persists," Resp. 5, is exactly the *opposite* of Dr. Chatterjee's opinion. ECF 558-3 (Chatterjee Rebuttal) ¶ 37 (opining ).

*Third*, . *Id*. 6–7.

**II. Dr. Chatterjee's opinion that the files on the MarkMonitor Hard Drive are not "referenced" in the notices will mislead the jury.**

[redacted] *See* Mot. 9 and *infra*.

Dr. Chatterjee's speculation on the existence of "fake" files cannot salvage his opinion. It is undisputed that (i) hashes of files on the MarkMonitor Hard Drive match hashes referenced in Plaintiffs' notices sent from 2012-2015, and (ii) hash values are unique fingerprints for the contents of a file. Mot. 8-9. Thus, [redacted]



. ECF 607-2 8; ECF 558-3 ¶ 170; Chatterjee Tr. 82:20-83:16; Mot. 8–9.

**III. Dr. Chatterjee's opinion that MarkMonitor did not verify files referenced in notices to Charter is methodologically unsound.**

*First,*

. ECF 558-12 at 78:1-21, 227:25-228:5 (Snow Tr.). Dr. Chatterjee did not conduct this analysis and cannot assign meaning to it that Dr. Snow expressly disclaimed.

*Second*,

. Ex. 14 225:10-20 ("Ikezoye Tr.").

**IV. Dr. Chatterjee's opinion that MarkMonitor and Audible Magic cannot identify specific recordings should be excluded.**



[redacted]. Resp. 11–13. [redacted]. Chatterjee Tr. 204:24-205:23. [redacted]. Mot. 13.

**V. Dr. Chatterjee conducted no analysis on Plaintiffs' use of P2P networks and has no qualifications to do so, yet improperly summarizes and vouches for facts on the issue.**

[redacted]. Chatterjee Rebuttal ¶¶ 15–20. [redacted]

Dated: January 19, 2022

Respectfully submitted,

*/s/ Jeffrey M. Gould*

Matthew J. Oppenheim
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com