# Exhibit LII

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    *Plaintiffs*,

v.

CHARTER COMMUNICATIONS, INC.,

    *Defendant*.

Case No. 19-cv-00874-RBJ-MEH

**CHARTER'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
THE OPINIONS AND TESTIMONY OF BARBARA FREDERIKSEN-CROSS**

**I.   MS. FREDERIKSEN-CROSS IS UNQUALIFIED, AND HER METHODOLOGY IS UNSOUND**

*Lack of Expertise*. Plaintiffs do not dispute key deficiencies in Ms. Frederiksen-Cross's qualifications, such as her lack of a four-year degree and dearth of experience with network-monitoring tools, such as Sandvine, on which her opinions depend. Mot. 2, 4. Nonetheless, Plaintiffs argue that her testimony should be admitted because courts have periodically found her qualified to testify in copyright cases. Opp. 6-7. Those courts, however, had no occasion to evaluate whether the opinions she is offering here are supported by the requisite expertise. Opp. 1-2. There is no reasonable dispute that Ms. Frederiksen-Cross's lack of experience with network monitoring renders her unqualified to opine that Charter could and should have used "walled garden[s]" or "Sandvine-related code" to address file-sharing on its network. Mot. 6 (quoting Dkt. 556-2 ("Op. Rep.") ¶ 316). This testimony should be excluded.

*Unreliable Methodology*. Ms. Frederiksen-Cross's consideration of the evidence is also impermissibly selective, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

Dkt. 558-2 ("Chatterjee Op. Rep.") ¶¶ 329-40. She also fails to explain what "Sandvine-related code" she reviewed or how it could have operated on Charter's network. Mot. 6. Courts routinely exclude testimony by experts who, like Ms. Frederiksen-Cross, decline to consider relevant evidence. *PODS Enters., Inc. v. U-Haul Int'l, Inc.*, 2014 WL 12628664, at *4 (M.D. Fla. June 27, 2014) (collecting cases). This point is ignored by Plaintiffs in their Opposition brief.

**II.    MS. FREDERIKSEN-CROSS'S FACTUAL NARRATIVES ARE IMPROPER**

Plaintiffs also do not dispute that Ms. Frederiksen-Cross copies and pastes, and elsewhere summarizes, excerpts of non-technical documents in her Opening Report (without providing the complete underlying documents). Mot. 7-8. This type of narrative testimony should be excluded as unnecessary and cumulative of testimony by percipient witnesses. *See ODG-OU, L.L.C. v. Pierce Prop. Mgmt., LLC*, 2016 WL 11447824, at *3 (W.D. Okla. Jan. 19, 2016) (excluding testimony where "[i]t appears that plaintiffs' experts are merely repeating the testimony of plaintiffs' witnesses"). Although Plaintiffs argue that these narratives are "essential" for "grounding" her opinions about CATS, they do not explain why this grounding function could not be performed by percipient witnesses. *See Bevan v. Valencia*, 2018 WL 3187356, at *6 (D.N.M. June 28, 2018) ("expert testimony that is needlessly cumulative of lay witness testimony does not assist the trier of fact"). And, in citing *Wells v. Allergan, Inc.* for the proposition that an expert's narrative should be admitted if it is "relevant" to an opinion, Plaintiffs ignore the decision's recognition that "cumulative" testimony is improper when it "simply rehash[es] otherwise admissible evidence about which [the expert] has no personal knowledge." 2013 WL 7208221, at *2 (W.D. Okla. Feb. 4, 2013). Because Ms. Frederiksen-Cross's discussions of non-technical documents require no expertise, they should be excluded. *See Garcia v. Metro. Life Ins. Co.*, 859

2

F. Supp. 2d 1229, 1232 (D.N.M. 2012) (expert testimony unhelpful where report is "basically a recapitulation, or summary, of all of the events of this case," and trier of fact can assess issue for itself); *Wilson v. Muckala*, 303 F.3d 1207, 1218-19 (10th Cir. 2002) (reasonableness of corporate policy and response regarding harassment is "not so impenetrable as to require expert testimony").

### III. MS. FREDERIKSEN-CROSS CANNOT SERVE AS A CONDUIT FOR HEARSAY

As the proponents of Ms. Frederiksen-Cross's testimony, Plaintiffs bear the burden of showing its admissibility under FRE 703, ▮

▮ Dkt. 556-3 ("Reb. Rep.") ¶ 129. The only case cited by Plaintiffs on this issue, *Pineda v. Ford Motor Co.*, held that an engineer could reasonably rely on a manufacturer's **written, publicly available** safety warning in concluding that its earlier warning was inadequate—that is, to draw an inference **adverse to the third party**, not to endorse its self-serving, nonpublic statement. 520 F.3d 237, 247 (3d Cir. 2008). "[T]here is no indication that [Ms. Frederiksen-Cross's] reliance on [such] hearsay in forming [her] opinions is a generally accepted methodology in any field of expertise." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 684183, at *2 n.5 (N.D. Fla. Feb. 11, 2021).

Plaintiffs' contention that "[t]he statements Charter challenges are Ms. Frederiksen-Cross's opinions, based on interviews **and other evidence**," is inaccurate. Opp. 12 (emphasis added). ▮

▮ *See* Op. Rep. ¶¶ 151, 159, 167 at n.124; Reb. Rep. ¶¶ 120, 129-30. ▮

3

███████████████████████████████████████████████████

██████████████████████████████████ Reb. Rep. ¶ 129.

In addition to the hearsay at issue here not being a type that experts in Ms. Frederiksen-Cross's particular field reasonably rely upon under FRE 703, its probative value does not substantially outweigh its prejudicial effect. *See Pineda*, 520 F.3d at 247 n.14 ("[T]he Rule's balancing test clearly establishes a presumption against disclosure to the jury of otherwise inadmissible evidence."). Nor would a limiting instruction, such as that used in *U.S. v. Farley*, cure the prejudice here. 992 F.2d 1122, 1125 (10th Cir. 1993). The hearsay relied on by the expert in *Farley **was admissible*** under the exception for statements made for purposes of a medical diagnosis. *Id.* Here, Messrs. Bahun and Paczkowski were not seeking a medical diagnosis and thus did not have the same incentive for candor. The risk of prejudice in admitting their statements is correspondingly higher, and the appropriate remedy is exclusion. *See* Fed. R. Evid. 703, Adv. Comm. Notes (recognizing the potential "lack of effectiveness of a limiting instruction").

## IV.  MS. FREDERIKSEN-CROSS OFFERS BALD-FACED LEGAL CONCLUSIONS

Plaintiffs admit that Ms. Frederiksen-Cross should not be allowed to offer an opinion on infringement, yet they ask the Court to turn a blind eye to dozens of instances in which she plainly does so, and rely on *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.,* 881 F.3d 293, 314 (4th Cir. 2018) ("*BMG v. Cox*") in support. In *BMG v. Cox*, however, the court "interrupted BMG's expert testimony to instruct the jury that BMG's expert was using the word infringement to describe 'the contents in the notices,' but that the jury would 'be making the ultimate decision' on infringement." 881 F.3d at 314. Here, Ms. Frederiksen-Cross uses prejudicial legal language when speaking about a range of matters. ████████████████████████████

4

██████████████████████████████████████████

██████████████████████████████████████████

*See, e.g.*, Op. Rep. ¶ 13. The Court should not be required to interrupt Ms. Frederiksen-Cross's testimony each time she uses the word "infringement" to clarify her improper testimony for the jury. Because Ms. Frederiksen-Cross's misuse of legal terminology is highly prejudicial, the Court should not allow it.

Dated: January 19, 2022                                    Respectfully submitted,

/s/ *Andrew H. Schapiro*

| | |
|---|---|
| Charles K. Verhoeven | Andrew H. Schapiro |
| David Eiseman | Nathan Hamstra |
| Linda J. Brewer | QUINN EMANUEL URQUHART & |
| QUINN EMANUEL URQUHART & | SULLIVAN, LLP |
| SULLIVAN, LLP | 191 N. Wacker Drive, Suite 2700 |
| 50 California Street, 22nd Floor | Chicago, IL 60606 |
| San Francisco, CA 94111 | (312) 705-7400 (telephone) |
| (415) 875-6600 (telephone) | Email: andrewschapiro@quinnemanuel.com |
| Email: charlesverhoeven@quinnemanuel.com | Email: nathanhamstra@quinnemanuel.com |
| Email: davideiseman@quinnemanuel.com | |
| Email: lindabrewer@quinnemanuel.com | Todd Anten |
| | Jessica Rose |
| Jennifer A. Golinveaux | QUINN EMANUEL URQUHART & |
| WINSTON & STRAWN LLP | SULLIVAN, LLP |
| 101 California Street, 35th Floor | 51 Madison Avenue, 22nd Floor |
| San Francisco, CA 94111 | New York, NY 10010 |
| (415) 591-1506 (telephone) | (212) 849-7000 (telephone) |
| Email: jgolinveaux@winston.com | Email: toddanten@quinnemanuel.com |
| | Email: jessicarose@quinnemanuel.com |
| Michael S. Elkin | |
| WINSTON & STRAWN LLP | Craig D. Joyce |
| 200 Park Avenue | Fairfield and Woods, P.C. |
| New York, NY 10166 | 1801 California Street, Suite 2600 |
| (212) 294-6700 (telephone) | Denver, CO 80202 |
| Email: melkin@winston.com | (303) 830-2400 (telephone) |
| | Email: cjoyce@fwlaw.com |

*Counsel for Charter Communications, Inc.*

5