# Exhibit LV

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00874-RBJ-MEH

WARNER RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

---

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF GEORGE STRONG**

---

**I.    Strong Goes Beyond Merely Referring To The Law And Impermissibly Seeks To Define The Legal Parameters Within Which The Jury Will Assess Damages.**

Charter claims that Strong merely "refers to factors or legal concepts as a framework for his opinions." Resp. (Dkt. 602) 3. But Strong goes far beyond merely "referring" to the statutory damages legal framework. As Charter concedes, "Strong identifies three factors . . . and explains why he selected these factors," *id.* at 4, citing to case law, *see* Ex. A[1] ("Expert Rebuttal Report of George G. Strong, Jr." dated June 28, 2021) ¶¶ 63 & nn.117–19. Charter mischaracterizes Strong's use of case law to quantify deterrence, claiming "multiplying

---

[1] Citations to "Ex." refer to the exhibits to the Declaration of Stacey K. Grigsby (Dkt. 547-1) filed in support of Plaintiffs' Motion to Exclude Certain Expert Testimony of George Strong.

Plaintiffs' actual harm by ▮▮▮▮▮▮▮▮ is not a 'legal opinion.'" [2] Resp. 5. Strong does more than that, opining—based on three inapposite cases—that his multiplier is appropriate because "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *See* Ex. A ¶¶ 98-99 & nn.169–71.

By offering opinions on the case law that governs statutory damages, Strong impermissibly attempts to "articulate[] the ultimate principles of law governing the deliberations of the jury." *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988). The Court will instruct the jury on the applicable statutory damages law, not Strong, and allowing Strong to opine on the law risks confusing the jury as to the governing legal standards. This is exactly the testimony that the court in *Sony Music Ent. v. Cox Commc'ns, Inc.* excluded in holding that Cox's damages expert could not opine as "to what goes into statutory damages as a matter of law." 2019 WL 9088257, at *2 (E.D. Va. Nov. 19, 2019).

Compounding the prejudice of his inappropriate opinion, Strong's legal analysis is inaccurate and one-sided. Strong analyzes only three of the statutory damages factors and ignores that the law recognizes other relevant factors. Strong does not consider "the infringer's blameworthiness [or] willfull[ness]," "the difficulty of proving damages," or "[t]he value or nature of the work infringed," among other factors. *See* Ex. A ¶ 63 & nn.117–19. Strong justifies his incomplete analysis by claiming the three factors that he considers "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and proceeds to conclude, based on a selective analysis, that appropriate damages in this case "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Charter misrepresents Plaintiffs' arguments about Strong's multiplier analysis, *see* Resp. 5, as there is no dispute that Strong applies this multiplier to a single statutory damages factor.

2

████████████████████ *See id.* ¶¶ 9, 95.³  By opining on only some relevant factors, Strong impermissibly opines on what damages factors are relevant for the jury's consideration.

For the same reasons, Strong's criticisms of Dr. Harold Furchtgott-Roth's analysis are improper. In dismissing Dr. Furchtgott-Roth's opinions as irrelevant, Strong attacks not just the "rigor of Dr. Furchtgott-Roth's analysis," as Charter suggests, Resp. 8, but instead wrongly opines that it is untethered to the applicable law, *see, e.g.*, Ex. A ¶ 35 (the "attributes of property [on which Dr. Furchtgott-Roth opines] are not relevant to the issues at hand—copyright infringement damages"). Strong may not opine on the law, and Charter provided no authority that permits an expert to weigh the relevant factors for the jury through selection and omission.

Finally, beyond analyzing his chosen statutory damages factors, Strong weighs them and recommends a damages range to the jury. *Id.* ¶¶ 94-100. Such testimony is impermissible. *See Sony*, 2019 WL 9088257, at *2 (excluding expert's "opinions as to whether certain damages should be characterized as a 'windfall' or if they would tend to overcompensate Plaintiffs"); *see also Macro Niche Software, Inc. v. 4 Imaging Sols., L.L.C.*, 2013 WL 12140417, at *4 (S.D. Tex. Dec. 18, 2013) (excluding expert testimony recommending statutory damages award to jury).

**II.     Strong's Opinions On Gains To Charter And Actual Harm To Plaintiffs Rely On Unsupported Assumptions And A Flawed But-For World, Warranting Exclusion.**

Charter argues that Plaintiffs merely disagree with Strong's methodology underlying his analyses. Resp. 9. But Fed. R. Evid. 702(b) requires that expert testimony be "based on

---

³ This selective analysis distinguishes Strong's opinions from the cases Charter cites, where each expert referred to *all* of the relevant factors. *See Marketquest Grp., Inc. v. BIC Corp.*, 2018 WL 1756116, at *2 (S.D. Cal. Apr. 12, 2018) (analyzing "the eight *Sleekcraft* factors"); *Freeman v. Gerber Prods. Co.*, 450 F. Supp. 2d 1248, 1261 (D. Kan. 2006) (analyzing "the fifteen *Georgia–Pacific* factors"); *Pulse Med. Instruments, Inc. v. Drug Impairment Detection Servs., LLC*, 858 F. Supp. 2d 505, 510 (D. Md. 2012) (same).

3

sufficient facts or data," and opinions may be excluded where they rely on analysis that is "so dissimilar to the facts." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 137 (1997). Strong's apportionment calculations disregard record facts, ▮▮▮▮▮▮▮▮, Ex. C at 234:5–11, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *id.* at 240:20–243:2.

In dismissing as "a red herring" the fact that internet subscription fees Charter received from infringing subscribers are not severable, Resp. 10, Charter misses the point. The severability problem is not whether Charter attributes a specific share of fees to infringement, rather that, if Charter had terminated or taken other substantial action against its repeatedly infringing subscribers, it would have lost *all* revenue from those subscriptions, not just revenue associated with the infringement. *Brown v. McCormick*, where the infringement was the unlicensed appearance of a quilt in a movie, is inapposite because the movie would still have generated revenue without the infringing quilt. 87 F. Supp. 2d 467, 483 (D. Md. 2000).

Charter's claim that "Plaintiffs do not challenge Mr. Strong's method [for calculating lost sales], but the data he relies on," Resp. 11, is wrong: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. C at 200:13–21.

### III. Strong's Parroting Of Dr. Sinnreich's Opinions Is Uncritical And Duplicative.

Charter claims that "Strong is not offering his own opinions" on the music industry digital file sharing, and piracy, but merely "relies on Dr. Sinnreich's expertise to inform his damages opinions." Resp. 12–13. But most of the material Strong gets from Dr. Sinnreich has

4

no bearing on Strong's damages estimates; Strong merely repeats Dr. Sinnreich's opinions without further analysis. *See* Ex. A ¶¶ 18-20. Even as to the factors that purportedly inform his damages opinions, Strong makes no effort to apply his own expertise to quantify or incorporate them into his calculations. *See id.* ¶¶ 37–54.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Exclude Certain Expert Testimony of George Strong (Dkt. 547).

Dated: January 19, 2022

Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE & FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@williamsweese.com

*/s/ Stacey K. Grigsby*

Stacey K. Grigsby
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
sgrigsby@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

*Attorneys for Plaintiffs*

5