UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*,<br><br>　　　　Plaintiffs,<br><br>*v.*<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>　　　　Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

### DEFENDANT CHARTER COMMUNICATIONS, INC.'S
### MOTION TO MAINTAIN CERTAIN FILINGS UNDER RESTRICTION

Pursuant to Local Rule 7.2 and this Court's Order, *see* Dkt. 659, Defendant Charter Communications, Inc. ("Charter") respectfully moves this Court to maintain the unredacted versions of certain of the parties' opposition and reply briefs related to their motions for spoliation sanctions and materials filed in support thereof under Level 1 Restriction, as described herein.

　　1.　　**Certificate Pursuant to D.C.COLO.LCivR 7.1(a).**  Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this Motion.  Plaintiffs take no position on the relief requested herein.

　　2.　　On January 7, 2022 and January 28, 2022, the parties filed oppositions and replies, respectively, related to their motions for spoliation sanctions along with supporting materials under Level 1 Restriction.  *See* Dkts. 632-633, 680, 682.  In addition, on January 28, 2022, Plaintiffs filed a motion to strike a declaration submitted by Charter in connection with Plaintiffs' motion for spoliation sanctions.  *See* Dkt. 681.

1

3. Pursuant to this Court's Order, *see* Dkt. 659, Charter now brings one omnibus motion to maintain under Level 1 Restriction certain of those filings to prevent disclosure of Charter's privileged and protected materials and its competitively sensitive business information.

4. In many instances, Charter seeks only to maintain the unredacted version of a filing under Level 1 Restriction, with a redacted version available to the public. The redacted versions of those filings are attached as exhibits to this Motion, as set forth in Exhibit A.

5. The majority of the filings Charter seeks to maintain under Level 1 Restriction contain materials protected by the attorney-client privilege and/or attorney work product doctrine that were produced pursuant to the Court's order under Federal Rule of Evidence 502(d). *See* Dkt. 321 ("502(d) Order").

6. Specifically, Dkts. 633-3 to -10, -12 to -17, -20 to -21, -24 to -26, -28 to -29, -32 to -34, -36 to -37, -41 to -42, -44 to -67, -69 to -70, and -74; and Dkts. 680-4 to -5 and -7 to -9 are materials that were produced by Charter pursuant to the Court's 502(d) Order. They are privileged and protected materials dealing with Charter's policies for and implementation of litigation holds, including records memorializing the same and setting out details of specific legal holds, as well as attorney-client communications related to the same. Dkts. 633-11, -18, -89, and -94; and Dkt. 680-6 are demand letters from Plaintiffs or other purported rightsholders to Charter, sent in furtherance of settlement of purported claims, and correspondence related to the same. Dkts. 633-99 to -102 are communications between counsel for Plaintiffs and counsel for Charter discussing Charter's implementation of legal holds and preservation of electronically stored information, discovery related to the same, and materials produced pursuant to the 502(d) Order. Dkts. 633, 633-1 to -2, -19, -22, -73, and -79; Dkts. 680 and 680-1; and Dkt. 681, in turn, quote from and/or synopsize

these privileged and protected materials and/or additional information and material entitled to protection under the attorney-client privilege and/or attorney work product doctrine.

7. In addition, certain of the filings Charter seeks to maintain under Level 1 Restriction contain Charter's competitively sensitive business information.

8. Specifically, Dkts. 633-30, -31, -35, -38 to -40, -43, -68, -71, -72, -75, -78, -83, -86, -87, -90, -91, and -103 include information regarding Charter's preservation and management of its internal data, including its internal policies and procedures related to the same; implementation of specific legal holds; and collection and preservation of electronically stored information related to specific Charter employees. Dkts. 632-7 and -17; and Dkts. 633-76, -77, -88, -93, and -95 to -97 include discussion of Charter's purported technological capabilities for monitoring activity on its networks; Charter's internal policies and procedures for responding to allegations of copyright infringement by its customers; notices received by Charter alleging infringement by its customers; and actions Charter took in response to allegations of infringement by specific customers. Dkts. 632 and 682, in turn, quote from and/or synopsize these confidential business materials.

9. Dkts. 633-80 to -82 and -84 to -85; and Dkts. 680-2 and -3 are excerpts of transcripts of depositions taken in this matter that discuss the privileged and protected materials and/or the competitively sensitive business information described above.

10. Disclosure of Charter's privileged and protected material would result in a clear and serious injury—the potential loss of Charter's claims of attorney-client privilege and work product protection over the documents from which the material was taken. Courts in this District recognize that a party's interest in restricting access to privileged material is sufficient to outweigh

3

the presumption of public access. *See Galena St. Fund, L.P. v. Wells Fargo Bank, N.A.*, 2014 WL 12741154, at *2 (D. Colo. Mar. 10, 2014) (granting motion to restrict access to documents as they were "entitled to restricted access under the attorney-client privilege").

11.     In addition, disclosure of Charter's competitively sensitive business information would cause competitive harm to Charter through the disclosure of details of Charter's policies and procedures for responding to allegations of copyright infringement, its technological abilities for monitoring activity on its networks, its implementation of litigation holds, and its retention and management of its internal data, among other details of its business. *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information"). The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information. The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

12.     Charter seeks only a Level 1 Restriction, the lowest level of restriction. Permitting a Level 1 Restriction of the materials identified herein is the only method that can adequately protect Charter's privileged and protected material and its competitively sensitive business information as well as avoid potential waiver of Charter's attorney-client privilege and work product protection. *See In re Qwest Commc'ns Int'l, Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) ("[T]he confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived.") (citation omitted). In addition, Charter has filed on

4

the public docket redacted versions of many of the filings it seeks to maintain under restriction (attached hereto as **Exhibits I to XVII**), as set forth in **Exhibit A**, attached hereto.

WHEREFORE, Charter respectfully requests that the Court maintain under Level 1 Restriction the following filings:

Dkts. 632, 632-7, 632-17, 633, 633-1, 633-2, 633-3, 633-4, 633-5, 633-6, 633-7, 633-8, 633-9, 633-10, 633-11, 633-12, 633-13, 633-14, 633-15, 633-16, 633-17, 633-18, 633-19, 633-20, 633-21, 633-22, 633-24, 633-25, 633-26, 633-28, 633-29, 633-30, 633-31, 633-32, 633-33, 633-34, 633-35, 633-36, 633-37, 633-38, 633-39, 633-40, 633-41, 633-42, 633-43, 633-44, 633-45, 633-46, 633-47, 633-48, 633-49, 633-50, 633-51, 633-52, 633-53, 633-54, 633-55, 633-56, 633-57, 633-58, 633-59, 633-60, 633-61, 633-62, 633-63, 633-64, 633-65, 633-66, 633-67, 633-68, 633-69, 633-70, 633-71, 633-72, 633-73, 633-74, 633-75, 633-76, 633-77, 633-78, 633-79, 633-80, 633-81, 633-82, 633-83, 633-84, 633-85, 633-86, 633-87, 633-88, 633-89, 633-90, 633-91, 633-93, 633-94, 633-95, 633-96, 633-97, 633-99, 633-100, 633-101, 633-102, 633-103, 680, 680-1, 680-2, 680-3, 680-4, 680-5, 680-6, 680-7, 680-8, 680-9, 681, 682.

| | |
|---|---|
| Dated: February 11, 2022 | Respectfully submitted, |
| | /s/ *Andrew H. Schapiro* |
| Charles K. Verhoeven | Andrew H. Schapiro |
| David Eiseman | Nathan Hamstra |
| Linda J. Brewer | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | 191 N. Wacker Drive, Suite 2700 |
| 50 California Street, 22nd Floor | Chicago, IL 60606 |
| San Francisco, CA 94111 | (312) 705-7400 (telephone) |
| (415) 875-6600 (telephone) | Email: andrewschapiro@quinnemanuel.com |
| Email: charlesverhoeven@quinnemanuel.com | Email: nathanhamstra@quinnemanuel.com |
| Email: davideiseman@quinnemanuel.com | |
| Email: lindabrewer@quinnemanuel.com | Todd Anten |
| | Jessica Rose |
| Jennifer A. Golinveaux | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| WINSTON & STRAWN LLP | 51 Madison Avenue, 22nd Floor |
| 101 California Street, 35th Floor | New York, NY 10010 |
| San Francisco, CA 94111 | (212) 849-7000 (telephone) |
| (415) 591-1506 (telephone) | Email: toddanten@quinnemanuel.com |
| Email: jgolinveaux@winston.com | Email: jessicarose@quinnemanuel.com |
| Michael S. Elkin | Craig D. Joyce |
| WINSTON & STRAWN LLP | Fairfield and Woods, P.C. |
| 200 Park Avenue | 1801 California Street, Suite 2600 |
| New York, NY 10166 | Denver, CO 80202 |
| (212) 294-6700 (telephone) | (303) 830-2400 (telephone) |
| Email: melkin@winston.com | Email: cjoyce@fwlaw.com |
| | *Counsel for Charter Communications, Inc.* |