# Exhibit IV

Case 1:19-cv-00874-RBJ-MEH Document 633 filed 01/07/22 USDC Colorado Page 1 of 16

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| WARNER RECORDS, INC., *et al.*<br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.<br>Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |
|---|---|

**CHARTER COMMUNICATIONS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS**

Plaintiffs' request for sanctions relating to Charter's inadvertent email loss is predicated upon the "argument" that But "arguments" do not replace facts, and the facts here preclude relief under Rule 37(e). . Plaintiffs also ignore that are available from other sources. And even if Plaintiffs could satisfy the Rule's predicates, the loss here resulted from an accident—nothing more; thus, Plaintiffs cannot establish any intent to deprive to support their request for a spoliation instruction. Finally, Plaintiffs supply only broad, speculative statements to support their claim of prejudice, asking the Court to assume relevant evidence once existed that they now lack.

Plaintiffs also seek sanctions due to the unavailability of . But Plaintiffs ignore substantial record evidence that

[redacted]. Plaintiffs thus have no basis to pursue any remedies under Rule 37(e) and any claimed prejudice falls at their own feet for waiting to place Charter on notice.

## RELEVANT FACTS

### A. [redacted]

[redacted], [redacted]. [redacted][1] [redacted][2] [redacted]

[1] Deposition transcript excerpts are cited by deponent name and are attached to the Moore Declaration as: Ex. 1 (Abramov); Ex. 2 (Vasey); Ex. 3 (Mabb); Ex. 5 (Haynes); Ex. 6 (Burroughs).

[2] Plaintiffs state that [redacted]

Between December 17, 2015, and January 29, 2016, Charter took reasonable steps to preserve documents relevant to the copyright claims it anticipated, including: (i) [redacted]; (ii) [redacted]; (iii) [redacted]; (iv) [redacted]; (v) [redacted]; and (vi) [redacted].[4] [redacted]

**B. Migration of [redacted].**

[redacted]. [redacted] [redacted]. [redacted][7] [redacted]

---

[4] [redacted]. [redacted].

[5] When Plaintiffs filed suit in 2019, Charter again took reasonable steps [redacted]. [redacted]

[6] [redacted]. [redacted].

[7] [redacted]

[redacted]. [redacted].[9]

**C. [redacted] Available from Other Sources.**

[redacted] the data available for discovery in this action for several reasons. *First*, Plaintiffs waited until March 2016, nearly the end of the claims period, to put Charter on notice of claims. Given [redacted] as a result of Plaintiffs' delay, without regard to any deletion. The only emails Plaintiffs reasonably should expect Charter to possess are [redacted]

---

[redacted]; (ii) [redacted].

[8] Plaintiffs argue disingenuously that [redacted] (Br. at 4), but Plaintiffs are aware [redacted]

[9] Plaintiffs omit the full quote from [redacted]

[redacted] and the end of the claims period. *Second*, [redacted]. [redacted] *Third*, [redacted]. [redacted]. *Fourth*, because of Charter's [redacted].[10] [redacted].[11]

**D. Charter [redacted].**

[redacted]. [redacted]). [redacted]. [redacted]. [redacted].[12]

[10] Charter possesses more than [redacted]. Moore Dec. ¶ 28.

[11] Plaintiffs accuse Charter of trying to "cover up" the loss by taking "nearly a year" to disclose it. Br. at 1. A full accounting of the chronology of events, from discovery of the loss through Plaintiffs' initiation of formal discovery, is provided in the attached declarations. Investigating the facts and identifying data from other sources took substantial time, and the importance of accurately reporting facts can hardly be understated. Plaintiffs' accusations are entirely unfounded.

[12] [redacted]



[redacted]. [redacted] Contrary to Plaintiffs' unsupported assertions, [redacted]. [redacted]

**E. [redacted] Relevant to Plaintiffs' Claims.**

[redacted]. Moore Dec. Ex. 10. Soon after, [redacted] While [redacted]. Moore Dec. Ex. 11 ([redacted]").[13] [redacted]. [redacted]

---

[13] [redacted] Moore Dec. Ex. 9. [redacted]. *Supra*, n.12. [redacted]. [redacted] ([redacted]); [redacted]

[14] [redacted]. [redacted]

# ARGUMENT

## I. PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER RULE 37(e) BASED ON THE UNAVAILABILITY OF CERTAIN EMAILS

### A. Charter Undertook Reasonable Steps to Preserve Data[15]

Rule 37(e) relief is not available where a party takes reasonable steps to preserve data. *Fahrenbruch v. Peetz*, 2021 WL 2550533, at *11 (D. Colo. June 22, 2021) (Jackson, J.) (sanctions not warranted as neither "party failed to take reasonable steps to preserve the data"). "Reasonable," however, "does not call for perfection." *Marten Transp., Ltd. v. Plattform Advert., Inc.*, 2016 WL 492743, at *10 (D. Kan. Feb. 8, 2016) (quoting Rule 37(e) Adv. Cmt. N.). Rather, a party must conduct a reasonable investigation into potentially key custodians and preserve their data. *N.M. Onc. & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 2017 WL 3535293, at *1 (D.N.M. Aug. 16, 2017). That is exactly what Charter did here. *Supra* 2-3.

[redacted] (Br. at 10), is belied by the record. The [redacted], [redacted]. *Supra* 3.

---

[redacted]. [redacted]

[15] Under Rule 37(e) only if the answer to *all* of the predicates is "yes" should the court proceed to determine whether the loss has caused prejudice or was the result of an intent to deprive sufficient to allow for the imposition sanctions. *Stovall v. Brykan Legends, LLC*, 2019 WL 480559, at *2 (D. Kan. Feb. 7, 2019). The "moving party has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it." *Zbylski v. Douglas County Sch. Dist.*, 154 F. Supp. 3d 1146, 1160 (D. Colo. 2015).

Plaintiffs may not like that reality, but it does not make it any less so or change the fact that Charter satisfied the "reasonable steps" requirement of Rule 37(e). *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, 2019 WL 354972, at *10 (D. Kan. Jan. 29, 2019) ("'[W]here all potentially relevant information is already secured' a legal hold notice 'will not be necessary.'") (quoting *The Sedona Principles, Third Ed.*, 19 Sedona Conf. J. 1, 104, 103–08 cmt. 5.d. (2018)).

Plaintiffs also argue that here precludes a finding that Charter took "reasonable steps." . does not as a legal matter preclude the finding of "reasonable steps." *See, e.g.*, *Duran v. Cnty. of Clifton*, 2019 U.S. Dist. LEXIS 111201, at *13-14 (M.D. Pa. July 3, 2019) (finding defendant's steps to preserve email reasonable despite "inadvertent error during server maintenance" leading to destruction of two years of relevant emails for all custodians); *Fahrenbruch*, 2021 WL 2550533, at *11 (noting loss must be attributable to a party's failure to take reasonable steps to preserve for Rule 37(e) sanctions to be available).[16]

Plaintiffs also complain that . and

[16] Plaintiffs have pointed to language ." Br. at 11 (citing Miller Dec. Ex. 32 at 2). Plaintiffs take the document out of context. The employee's comment concern *Id.* is equally inapposite. Br. at 11. As Plaintiffs know,



no litigant is under an obligation "to … preserve every shred of paper, every email or electronic document, and every backup tape." *N.M. Onc. & Hematology Consultants*, 2017 WL 3535293, at *3. Plaintiffs' criticism of Charter's early actions does not change that the scope of its initial preservation, based upon the known facts, constituted reasonable steps. *Zbylski*, 154 F. Supp. 3d at 1164; *Burns v. Medtronic, Inc.*, 2017 WL 11633269, at *4 (M.D. Fla. Aug. 9, 2017) (while defendant "could have done more to ensure no relevant ESI was lost," Rule 37 only "requires that a litigant take 'reasonable steps'").[17]

**B. [REDACTED] Available Through Other Means.**

Rule 37(e) provides that ESI is not "lost" for purposes of the Rule if it can be "restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). It is Plaintiffs' burden to demonstrate that the discovery is not available from other sources, a burden they have not even attempted to carry here other than with conclusory statements. *Envy Haw. LLC v. Volvo Car USA LLC*, 2019 WL 1292288, at *2 (D. Haw. Mar. 20, 2019) (noting emails are not lost when one custodian deletes them but they remain available in the mailboxes of other custodians). The evidence shows that [REDACTED] available from other sources, including from: [REDACTED]. *Supra* 4-5. Given the record evidence, Plaintiffs' conclusory statements do not carry their burden to show ESI was lost that cannot be restored or replaced through additional discovery. *Steves & Sons, Inc.*, 327 F.R.D. 96, 110 (E.D. Va. 2018)

[17] *See also Easterwood v. Carnival Corp.*, 2020 WL 6781742, at *8 (S.D. Fla. Nov. 18, 2020) (a "failure to preserve all relevant ESI is not fatal where [a party] has undertaken reasonable steps and adequately preserved the most pertinent" evidence).

(movant failed to demonstrate lost ESI was not available through other sources).

**C. Plaintiffs' Request for Rule 37(e)(2) Sanctions is Without Factual Support.**

The severe sanction of an adverse inference instruction requires proof of "bad faith." *EEOC v. Jetstream Ground Serv., Inc.*, 878 F.3d 960, 966 (10th Cir. 2017). And, in this context, "bad faith" means acting with the "intent to deprive Plaintiff of ESI in this litigation"—and not merely taking an intentional action that results in the inadvertent loss of data. *Johnson v. L'Oreal USA*, 2020 WL 5530022, at *4 (S.D.N.Y. Sept. 15, 2020).

Plaintiffs' intent theory is almost entirely predicated on their argument—not supported by any facts—[redacted] Plaintiffs point to no evidence, however, that contradicts [redacted], [redacted] *Supra* 2-3. In that regard, Plaintiffs' request that [redacted]. [redacted]. *Id.*

There is no evidence of "intent to deprive."[18] As this Court observed almost a year ago,

---

[18] This case is not like those very few in which courts have inferred intent because the non-movant

"there's no [there] there. . . . there's not one word that would indicate to me that there was any intent involved. It was an accident." Moore Dec. Ex. 13 at 36:4-15.[19] Plaintiffs have not moved that needle to demonstrate that Rule 37(e)(2) sanctions are warranted.[20]

**D. Plaintiffs Fail to Demonstrate Substantial Prejudice Under Rule 37(e)(1).**

A party asserting prejudice from a redressable loss bears the burden of giving the court "some evidence regarding the particular nature of the missing ESI in order to evaluate the prejudice it is being requested to mitigate," *Eshelman v. Puma Biotechnology, Inc.*, 2017 WL 2483800, at *5 (E.D.N.C. June 7, 2017), particularly "concrete evidence rather than a fertile imagination that access to the lost material would have produced evidence favorable to his cause." *Fahrenbruch*, 2021 WL 2550533, at *11; *see also Steves & Sons, Inc.,* 327 F.R.D. at 110 (rejecting speculation and crediting contrary testimony); *Snider v. Danfoss LLC*, 2017 WL 2973464, at *7 (N.D. Ill. July 12, 2017) (where helpful and unhelpful documents were lost, "pure speculation" that some would be of use to plaintiffs does not suffice). A court should not assume that relevant ESI was lost.

---

has been unable to advance *any credible* explanation for the data loss, which Plaintiffs cite. *See, e.g.*, *Moody v. CSX Trans., Inc.*, 271 F. Supp. 3d 410, 431-32 (W.D.N.Y. 2017) (inferring intent where data was destroyed by "affirmative act" that "could not be credibly explained as not involving bad faith" and where failure to verify "over a period of years" that "data had been properly preserved" was "so stunningly derelict as to evince intentionality"); *Micron Tech., Inc. v. Rambus Inc.*, 917 F. Supp. 2d 300, 315-16 (D. Del. 2013) (Rambus adopted its document retention policy as part of a "litigation plan" for "a less innocent purpose: obtaining an advantage in litigation"); *GN Netcom, Inc. v. Plantronics, Inc.*, 2016 WL 3792833, at *7 (D. Del. July 12, 2016) (finding intent where a senior executive directed deletion of emails, and deleted his own, and where statements indicated intent to "protect[] the business" from "legal issues").

[19] "There" was transcribed—Charter believes, in error—as "they're." *See also id*. 34:10-12 (J. Hegarty - "By the way, I didn't find one shred of evidence in anything that was produced to me that it was intentional or designed to hide bad facts. So there's nothing to hide here.").

[20] *Knight v. Boehringer Ingelheim Pharm., Inc.*, 323 F. Supp. 3d 837, 860-1 (S.D. W. Va. 2018) (loss of emails during "transition from one legal hold system to a different legal hold system" was accidental and not intended to deprive).

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 328 F.R.D. 543, 553 (N.D. Cal. 2018).

Plaintiffs here rely on shortcuts, telling the Court that they lack documents without supplying any factual basis upon which to conclude those documents existed. Plaintiffs' sole example of prejudice is speculation [REDACTED] Br. at 12. Plaintiffs both ignore [REDACTED] They also fail (1) [REDACTED] (some of whom Plaintiffs' themselves describe as important (Br. at 5)),[22] [REDACTED], or (2) [REDACTED]. The Court should reject this "pure speculation" born of "a fertile imagination." For these same reasons, Plaintiffs' requested curative measures should be rejected, as they are not proportional to any conceivable prejudice, as required by Rule 37(e)(1). *See Wolff v. United Airlines, Inc.*, 2019 WL 4450255, at *5 (D. Colo.

---

[21] [REDACTED].

[22] Moore Dec. ¶ 25 ([REDACTED]).

Sept. 17, 2019) (no prejudice where facts in missing ESI "could be established" by reference to "other . . . circumstantial evidence").

## II. PLAINTIFFS' REQUEST FOR SANCTIONS REGARDING [REDACTED] IS VOID OF ANY FACTUAL OR LEGAL SUPPORT

### A. Plaintiffs Fail to Establish Any of the Predicates for Relief under Rule 37(e).

Despite Plaintiffs' endless efforts to [REDACTED] " *Supra* 5-6. [REDACTED] (*supra* n.12), not afterward as Plaintiffs claim. Br. at 13. As a matter of law, the [REDACTED] *prior* to this date cannot form the basis of a Rule 37(e) violation.[23] *See Ramirez v. Wal-Mart Stores, Inc.*, 2019 WL 4037951, at *2 (D. Colo. Aug. 27, 2019).[24]

[REDACTED] Br. at 6-7, 13. But the documents on which Plaintiffs rely [REDACTED] None of the [REDACTED]

[23] Even assuming, *arguendo*, [REDACTED], not to Plaintiffs. *In re Delta/Air Tran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1307 (N.D. Ga. 2011) (noting duty to preserve flows from an obligation to another party to the litigation).

[24] *See also* Moore Dec. Ex. 18 at 201:5-202:1 (J. Hegarty: "anything that was lost before March of 2016 wouldn't be spoilation."); (J. Hegarty: "it's just what they actually did after March of 2016 that's going to matter on any motion.").

[redacted] And the other documents cited by Plaintiffs as [redacted].[25] Plaintiffs present no evidence for the Court to conclude that [redacted]. As a result, the emperor wears no clothes.

**B. Rule 37 Sanctions Are Not Available to Cure a Party's Self-Created Prejudice.**

The true root of Plaintiffs' grievance is [redacted]. Plaintiffs claim that they cannot determine the extent to which Charter's subscribers received notices and how much they were billed. But this results not from any action by Charter—[redacted]. Dkt. 593.

Further, Plaintiffs have developed a means they believe can identify repeat infringers using IP addresses and to extrapolate potential damages and other information about the unidentified subscribers. Certainly, this is a means to cure the claimed prejudice. *See Wolff*, 2019 WL 4450255, at *5 (no prejudice where facts in missing ESI established with "other . . . circumstantial evidence."). Plaintiffs ask this Court to go further by precluding Charter at trial from challenging

25 [redacted]. Br. at 6-7. [redacted] (Br. at 7), [redacted]

this alternative evidence. But the Advisory Committee Notes instruct that "[t]he remedy should fit the wrong, and the severe measures authorized by this subdivision should not be used when ... lesser measures such as those specified in subdivision (e)(1) would be sufficient to redress the loss." Rule 37(e) Adv. Cmt. N. Here, such evidence preclusion hardly fits the wrong (even if it were caused by Charter, which it was not) and lesser measures are available (for instance, even allowing Plaintiffs to offer their alternative evidence at trial). *Fahrenbruch*, 2021 WL 2550533, at *12 ("[a]n adverse inference, exclusion of testimony and rejection of affirmative defenses—are the type severe enough to require more than just inadvertent loss of evidence).[26]

## **CONCLUSION**

Based on the foregoing, Plaintiffs' Motion for Spoliation Sanctions should be denied.

Dated: January 7, 2022

Respectfully submitted,

*/s/ John J. Rosenthal*
John J. Rosenthal
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20036
(202) 282-5000 (telephone)
Email: jrosenthal@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
Email: melkin@winston.com

Andrew H. Schapiro
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com

Charles K. Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
Email: charlesverhoeven@quinnemanuel.com
*Counsel for Charter Communications, Inc.*

[26] Plaintiffs have not shown that Charter destroyed CATS data much less that it did so with the "intent" to deprive Plaintiffs of its use. Plaintiffs' requests for a spoliation instruction and evidence preclusion, therefore, are barred under Rule 37(e)(2). *Id.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2022, I caused the foregoing document and supporting materials to be filed electronically with the Clerk of the court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered within CM/ECF.

*s/ John J. Rosenthal*
John J. Rosenthal