# Exhibit XII

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00874-RBJ-MEH

WARNER RECORDS INC. et al.,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

---

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS**

---

    **I.**      **Charter's attempts to avoid sanctions** ███████████ **are not credible.**

        **A.**  **The evidence refutes Charter's argument that** █████████████████
          █████████████████.

*First*, the evidence shows that ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████. ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████." Miller Decl. Ex. 6. ███████████████████

████████████████████████████████████████████████

███████████████████.

        ████████████████████████████████████████████████,

2



, is not

credible.

”

.

,

, *see* Pls.' Mot. 3-4, ECF No. 592 ("Mot."), and

. Opp. 3.

Opp. 3 n.6.  The only evidence

Charter cites is Dan Vasey's declaration, which should be disregarded:

2



[1]

. In fact,

*Id.* ¶¶ 34, 54 (

); *see also* Miller Reply Decl. Ex. 36 381:1-3 (answering, "

).

Charter argues it is meaningless that it

. This is incorrect:

.

Charter's story that it                                                                 is not

credible.  Charter claims that,

, Opp. 3-4 n.7.

One such unexplained error might be

---
[1] Plaintiffs explain the problems with Mr. Vasey's declaration in the concurrently filed Motion to Strike.

3

plausible; two beggars belief.  Charter cites ███████████████████████

████████████████████████████████████████, ███████████

█████████████████. Charter's actions speak louder than its words: █████

████████████████████████████████████████

    *Third*, even if Charter's story is true, █████████████████████

████████████████████████████████ ██████████

██████████████████████," Opp. 8, ████████████████

████████, ████████████████████████████████

████████████████████████████████. ████

████████████████████████████████████

████████████████████████████████████████

████████ ████████████████████████████. *Session*

*v. Romero*, 2019 WL 156952, at \*8 (D. Colo. Jan. 10, 2019) (holding sanctions appropriate due

to "bungled record-keeping, bungled records management, and extreme carelessness"), *report*

*and recommendation adopted*, 2019 WL 324777 (D. Colo. Jan. 25, 2019).

    *Fourth*, Charter does not and cannot ████████████████████

████████████████████ Charter cannot explain why, for example, it was

reasonable ██████████████████████████████████

████████████████████████████████████████

████████████████████. Miller Decl. ¶ 4 and Exs. 30, 34.  Nor can Charter

explain how, █████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████," Miller Decl. Ex. 29 at 6, ████

███████████████████████████.

Rather than address these specific failures, Charter asserts that its ████████████████

█████████████████████████████ Opp. 9.  But the point is not whether

the steps Charter did take were reasonable, but rather whether it was █████████████████

████████████████—████████████████.  That Charter might have taken

some reasonable steps does not immunize Charter's failure to take other reasonable steps.

**B.** ████████████ **are not available through other sources.**

Charter's claim that its ███████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ Fed. R. Civ. P.

37(e).  For example, ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████.  While Charter makes much of the number of

documents Charter searched in discovery, Opp. 5, the issue is not the number of documents

Charter searched, ████████████████████████████████[2]

The evidence contradicts Charter's claim that, ████████████████████████

---

[2] ████████████████████████████████████████████

████████ *see* Moore Decl. ¶¶ 24-27, but this is apples and oranges because ████████

████████████████████.  Contrary to Charter's

claim, ████

████████.  Miller Reply Decl. Ex. 42 (showing that the data in Moore Decl. Ex. 24 for

documents ██ █

████████ ██

████████████████████████████████████████████

████████████████████████████████████████████



." Opp. 4.  At that time,

███████████████████████████████████████████████████████████████

███████████████████.  Moore Decl. ¶ 25.  ███████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████  Further, █████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████.  *See* Miller

Decl. Ex. 34.  Charter points to ██████████████████████████████████

███████████████████████████████████████████████████████████████

████████ d.  Moore Decl. Ex. 20 at 11 (████████████████████████████████).

### C.  Charter acted with intent to deprive.

Charter did nothing to preserve data for Plaintiffs' claims, knowing that would result in crucial data being deleted, and then covered it up.  Mot. 8-9.  By doing so, Charter acted with the intent to deprive Rule 37(e)(2) requires.  Charter's attempt to distinguish caselaw finding an intent to deprive in similar circumstances fails; like those cases, Charter has "been unable to advance any credible explanation for the data loss."  Opp. 10-11 n.18.

### D.  ████████████████ prejudiced Plaintiffs.

Charter's argument that its ███████████████████████████████████████

███████████████████████████████████.  In citing Judge Jackson's *Fahrenbruch* opinion, Charter omits the crucial language that "[t]he question of prejudice largely tracks with my analysis on relevance" and that Plaintiffs need only "establish a *reasonable possibility*, based on concrete evidence rather than a fertile imagination that access to the lost material would have

6

produced evidence favorable to his cause.  *Fahrenbruch by & through Darin Baehr of Pinnacle Bank v. Peetz*, 2021 WL 2550533, at \*11 (D. Colo. June 22, 2021) (Jackson, J.) (emphasis added).  Further, because "the aggrieved party can never know what [the lost evidence] was," establishing prejudice requires showing only that "the lost materials had, or would have had, some relevance and materiality to the proceedings."  *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 105 (D. Colo. 1996).



Plaintiffs have done that.

they speak directly to essential issues at the very heart of this case.  These emails' significance is thus unlike the MarkMonitor emails Charter has sought, *see* ECF No. 593, because Charter's state of mind is undeniably crucial to the case, while MarkMonitor's is not.  Nor, as shown above, are the deleted documents all found in the documents Charter searched in discovery.

**II.**    **Charter prejudiced Plaintiffs by** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**A.  The evidence shows that** ▮▮▮▮▮▮▮▮▮▮▮▮.

Charter does not dispute the following facts: (1) ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮; (2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;[3] (3)

---

[3] Charter claims it "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," Opp. 6, ▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



(4) ████ and (5) ████ . These facts conclusively show that ████ .

Further, ████

████ ,[4] Miller Reply Decl. Ex. 37 (

████

████ " Miller Reply Decl. Ex. 38 at 2. ████

████ . ████ . The

---

" ████ Miller Decl. Ex. 17 at 7 (emphasis added). ████

████ Miller Reply Decl. Ex. 39.

[4] Charter's claim that ████ , Opp. 14 n.25, is not credible. *First,* ████ " Miller Reply Decl. Ex. 38 at 2. *Second,* ████ *Compare* Miller Reply Decl. Ex. 37 *with* Miller Decl. Ex. 19. *Third,* ████ Miller Reply Decl. Ex. 37. *Fourth,* ████

Miller Reply Decl. Ex. 40 ( ████
Miller Reply Decl. Ex. 41 ( ████ ).

████████████████████████████████████████████████ . *Id*. ¶ 70 ██████████

████████████████████████████████████████████████████████████████████████

██ ").

    Charter points to nothing to support its claim that it ██████████████████

████████████ . Charter argues it ███████████████████████████████████████

██████████ Opp. 13, but this position ties Charter in knots. ██████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████,

██████████████████████████████████████████████████████████

████████████████████████████████████████████ Mot. 6. It requires accepting that,

███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████ . ████████████████████████████ .

    ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████, ██████

████████████████████████████████████████████████████

████████████████████████████████████████ , but this is no answer. Because Charter

claims ████████████████████████████████████████████████████ , █████████████

████████████████████████████████████████████████████

**B.** ███████████████████████ **has prejudiced Plaintiffs.**

Charter does not dispute that it ████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████ █████████████████████████████████████████████████████

███████████ Mot. 14-15.  Charter's suggestion that ██████████████████████

████████████████████████ Opp. 14, conflicts with the unchallenged opinion of

Plaintiffs' statistical expert, who concluded, *despite* applying such techniques, ███████████

█████████████████████████████████████████████████████████████████

████████████████████████ Mot. 14.  This distinguishes the authority Charter cites,

Opp. 14, because the facts in the missing data cannot be established through other evidence.

Further, because Charter would undoubtedly try to challenge the use of those techniques

at trial, Plaintiffs are left in a much weaker position than if they had the original data.  Nor, under

Rule 37(e)(1), do the preclusive sanctions Plaintiffs request require a finding of intent to deprive.

Dated: January 28, 2022                    Respectfully submitted,

                                           /s/  Matthew J. Oppenheim
Jonathan M. Sperling                       Matthew J. Oppenheim
COVINGTON & BURLING LLP                     Jeffrey M. Gould
The New York Times Building                 Alexander Kaplan
620 Eighth Avenue                          Corey Miller
New York, NY 10018-1405                     OPPENHEIM + ZEBRAK, LLP
Telephone: (212) 841-1000                   4530 Wisconsin Ave. NW, 5th Fl.
jsperling@cov.com                          Washington, DC 20016
                                           Telephone: (202) 621-9027
Neema T. Sahni                             matt@oandzlaw.com
COVINGTON & BURLING LLP                     jeff@oandzlaw.com
1999 Avenue of the Stars, Ste. 3500         alex@oandzlaw.com
Los Angeles, CA 90067-4643                  corey@oandzlaw.com
Telephone: (424) 332-4800
nsahni@cov.com                             *Attorneys for Plaintiffs*

10