# Exhibit XVI

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

---

**PLAINTIFFS' MOTION TO STRIKE PORTIONS
OF THE DECLARATION OF DAN VASEY**

---

Plaintiffs object to the Declaration of Dan Vasey (Dkt. 633-22, "Vasey Decl.") filed in support of Charter Communications, Inc.'s ("Charter's") Opposition to Plaintiffs' Motion for Spoliation Sanctions, and respectfully request that the Court strike the portions described herein because Mr. Vasey lacks personal knowledge of the matters to which he testifies and/or his testimony constitutes inadmissible hearsay.

***Lack of Personal Knowledge***.  Federal Rule of Evidence 602 requires witness testimony to be based on personal knowledge.  In this circuit, that means "an affidavit is inadmissible if the witness could not have actually perceived or observed that which he testifies to." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (citations omitted). "Rule 602 expresses the common sense notion that no lay witness is worth listening to unless the witness has 'personal knowledge' derived from perceiving with her senses the facts about which she will testify." 27 Fed. Prac. & Proc. Evid. § 6022 (2d ed. 2021).  A declaration submitted in

the context of Federal Rule of Civil Procedure 37 briefing must equally be based on personal knowledge. *See, e.g.*, *Morgan v. Provident Life & Accident Ins. Co.*, 2018 WL 9618022, at *1 (N.D. Ala. Apr. 3, 2018) (grating motion to strike declaration submitted in support of two discovery motions for lack of personal knowledge under Rule 602).

In his declaration, Mr. Vasey repeatedly attempts to testify on matters where he lacks the requisite personal knowledge. Mr. Vasey states that ▆▆▆▆▆



▆▆▆▆. ▆▆▆▆. But Mr. Vasey ▆▆▆▆▆▆▆▆. ▆▆▆▆. Furthermore, while he attaches emails to his declaration related to this issue, ▆▆▆▆▆▆▆. ▆▆▆▆ During his deposition, Mr. Vasey testified that ▆▆▆▆▆▆▆. *See* Miller Reply Decl. Ex. 36 381:1-3, ECF No. 680-3. He has thus made clear that he did not "perceive[] or observe[]" ▆▆▆▆▆▆, and thus may not now testify otherwise. *See Argo*, 452 F.3d at 1200.

The ▆▆▆▆ described in Mr. Vasey's declaration is similarly inadmissible. Mr. Vasey ▆▆▆▆▆▆▆. ▆▆▆▆. Of course, ▆▆▆▆▆▆▆. He also has

no basis to ▮▮▮

▮▮▮.  ▮▮▮

▮▮▮

▮▮▮).   Whether  the  action  was ▮▮▮

▮▮▮—and Mr. Vasey does not know

one  way  or  the  other.   Likewise,  his  characterization  of ▮▮▮

▮▮▮ ▮▮▮.  If, for example, the employee ▮▮▮

▮▮▮

▮▮▮ (of which Mr. Vasey does not have personal knowledge one way or the other), he could

not ▮▮▮

**Hearsay**.  Key portions of Mr. Vasey's declaration also constitute inadmissible hearsay

under Federal Rules of Evidence 801(c) and 802.  Mr. Vasey states that (i) two employees told

him that they could not ▮▮▮ (ii) that ▮▮▮

▮▮▮

▮▮▮ and (iii) that ▮▮▮

▮▮▮ ▮▮▮

▮▮▮.  The statements are

unfounded, self-serving, and inherently unreliable.  It is ▮▮▮

▮▮▮

▮▮▮ ▮▮▮ *Cf.* Fed. R. Evid. 804(b)(3)

(a hearsay statement made *against* the declarant's interest may be admissible because it is

3

inherently reliable). Crucially, the declarants here have not been subject to cross-examination. And no hearsay exception applies.

***Prior ruling.*** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ contradicts the Court's guidance during the February 22, 2021 discovery hearing. There, the Court denied Plaintiffs' request for leave to take fact depositions regarding spoliation but allowed Plaintiffs to take a Rule 30(b)(6) deposition. Plaintiffs raised the prospect that Charter would put forward an affiant other than the Rule 30(b)(6) witness to oppose Plaintiffs' spoliation motion, and that Plaintiffs would not have had the opportunity to cross-examine that witness. If Charter did so, Judge Hegarty explained, Plaintiffs could "move to strike the affidavit." *See* Ex. 1, Feb. 22, 2021 Hr'g Tr. 220:11–15 (THE COURT: "You can also move to strike. You can say[,] Hey, we did a 30(b)(6) notice on this exact topic and they are putting forward somebody that they didn't even designate to respond to that. So move to strike their affidavit."). Charter now attempts an end-run around the Court's guidance by introducing the unsworn testimony of employees, whom Plaintiffs did not have the opportunity to depose, through Mr. Vasey's defective declaration. That is plainly improper.

Plaintiffs' specific evidentiary objections to Mr. Vasey's declaration are set forth below:

| **Objectionable Testimony (in bold)** | **Grounds for Objection** |
|---|---|
| **Paragraph 4**: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | *Lack of personal knowledge.* Fed. R. Evid. 602. Mr. Vasey was not personally involved with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |

4

| | |
|---|---|
| | for deletion did so "inadvertent[ly]." |
| **Paragraph 5**: I was deposed for this litigation on April 8 and April 23, 2021, as Charter's Rule 30(b)(6) witness relating to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The facts stated herein are consistent with my prior testimony. | *Lack of personal knowledge.* Fed. R. Evid. 602. Mr. Vasey was not personally involved ▇▇▇▇▇▇▇▇▇▇▇▇ |
| **Paragraph 34:** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex 25. ▇▇▇▇▇▇▇ Ex. 26. ▇▇▇▇▇▇▇▇▇▇▇▇ | *Lack of personal knowledge.* Fed. R. Evid. 602. Mr. Vasey admits that he did not ▇▇▇▇▇▇ He therefore lacks personal knowledge about these facts and cannot provide testimony about them. *Hearsay.* Fed. R. Evid. 802. ▇▇▇▇▇▇▇▇ offered by Mr. Vasey for the truth of the matter, are inadmissible hearsay. |
| **Paragraph 40:** ▇▇▇▇▇▇▇▇▇▇▇" Ex. 32 (emphasis added). ▇▇▇ | *Lack of personal knowledge.* Fed. R. Evid. 602. Mr. Vasey was not personally involved with ▇▇▇▇▇ |

5

| | |
|---|---|
| █████████ | ████████ *Hearsay.* Fed. R. Evid. 802. To the extent Mr. Vasey is relying on ████████ that is inadmissible hearsay, because Mr. Vasey is relying on such out-of-court statements for the truth of the matter. |
| **Paragraph 41**: ████████ Ex. 34. ████████ ). | *Lack of personal knowledge.* Fed. R. Evid. 602. Mr. Vasey was not personally involved with ████████ *Hearsay.* Fed. R. Evid. 802. Mr. Vasey's testimony about ████████ offered for the truth of the matter, is inadmissible hearsay. |
| **Paragraph 47**: ████████ *ee supra*, Ex. 36. ████████ *Id.* (Bottom email). ████████ | *Lack of personal knowledge.* Fed. R. Evid. 602. Mr. Vasey was not personally involved ████████ |

6



| | |
|---|---|
| " *Id.* ▮ Ex. 35. | ▮ |
| **Paragraph 48:** ▮ ). | *Lack of personal knowledge.* Fed. R. Evid. 602. Mr. Vasey was not personally involved in ▮  *Hearsay.* Fed. R. Evid. 802. To the extent Mr. Vasey's testimony is based on contents of the documents he reviewed, he is offering those contents for the truth of the matter asserted, and his testimony is inadmissible hearsay. |
| **Paragraph 49** ▮ | *Hearsay.* Fed. R. Evid. 802. ▮ ffered by Mr. Vasey for the truth of the matter, is inadmissible hearsay. |
| **Paragraph 54:** ▮ | *Lack of personal knowledge.* Fed. R. Evid. 602. Mr. Vasey was not personally involved with ▮ |

7



## CONCLUSION

Plaintiffs respectfully request that the Court strike the portions of Mr. Vasey's declaration described above.

Dated: January 28, 2022

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Ste. 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800

Respectfully submitted,

/s/ Matthew J. Oppenheim
Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
Corey Miller
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com
corey@oandzlaw.com

8

Case No. 19-cv-00874-RBJ-MEB Document 616-7 filed 01/20/22 USDC Colorado Page 9 of 19
Case 1:19-cv-00087-RMEB Document 661 Filed 01/28/11 USDC SDC Colorado Page 9 of 10
of 10

nsahni@cov.com                                   *Attorneys for Plaintiffs*