**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00874-RBJ-MEH

WARNER RECORDS INC. et al.,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

_____

**PLAINTIFFS' AND THE RECORDING INDUSTRY ASSOCIATION OF AMERICA'S
UNOPPOSED MOTION FOR LEAVE TO MAINTAIN LEVEL 1 RESTRICTION FOR
CERTAIN MATERIALS IN CONNECTION WITH BRIEFING ON CHARTER'S
MOTION FOR CURATIVE MEASURES AND SANCTIONS**

_____

Pursuant to D.C.COLO.LCivR 7.2, Plaintiffs Warner Records Inc. et al. and the

Recording Industry Association of America ("RIAA") respectfully move this Court to restrict

under Level 1 restriction certain materials filed in connection with Plaintiffs' Opposition to

Charter's Motion for Curative Measures and Sanctions for Plaintiffs' Spoliation of Evidence

(ECF No. 632), and Charter's Reply in Support of its Motion for Curative Measures and

Sanctions for Plaintiffs' Spoliation of Evidence (ECF No. 682).

This Consent Motion is based on the following grounds:

1.    **Certification Pursuant to D.C.COLO.LCivR 7.1(a)**: Counsel for Plaintiffs and

RIAA conferred with counsel for Defendant Charter Communications, Inc. ("Charter") regarding

this Motion.  Charter does not oppose the relief requested by Plaintiffs and RIAA.

2.      On December 3, 2021, Charter filed a Motion for Curative Measures and

Sanctions for Plaintiffs' Spoliation of Evidence (the "Spoliation Motion"), along with supporting

materials, under Level 1 Restriction.  ECF No. 593.  The Spoliation Motion contains discussion

of commercially sensitive, confidential information regarding non-party MarkMonitor, Inc.'s

("MarkMonitor") antipiracy detection system, the Audible Magic technology, Plaintiffs' and

RIAA's antipiracy efforts, the details of MarkMonitor's retention and scope of work, and

Plaintiffs' litigation strategy.

3.      On December 17, 2021, Plaintiffs and RIAA filed an Unopposed Motion for

Leave to Maintain Level 1 Restriction for Certain Filings for Charter's Spoliation Motion.  ECF

No. 598.  The Court granted that motion on December 28, 2021.  ECF No. 616.

***Plaintiffs' Opposition & Exhibits Thereto***

4.      On January 7, 2022, Plaintiffs filed their Opposition to the Spoliation Motion (the

"Opposition"), along with supporting materials, under Level 1 restriction.  *See* ECF No. 632.

5.      The Opposition contains discussion of commercially sensitive, confidential

information regarding MarkMonitor's antipiracy detection system, the Audible Magic

technology, Plaintiffs' and RIAA's antipiracy efforts, the details of MarkMonitor's retention and

scope of work, and Plaintiffs' litigation strategy.  A redacted version of the Opposition is

attached hereto as Exhibit 1.

6.      The Opposition contains eleven exhibits, designated Plaintiffs' Exhibit 1 through

Plaintiffs' Exhibit 11, attached to the Declaration of Jeffrey M. Gould (the "Gould Declaration").

This Motion requests that eight of those exhibits and portions of the Gould Declaration be

maintained under Level 1 Restriction, in whole or in part, and that access be restricted to the

Parties and the Court.  This Motion also requests that portions of the declarations of Steven

Marks, Alasdair McMullan, Wade Leak, Brad Cohen, Sam Bahun, and Slawomir Paszkowski be

maintained under Level 1 Restriction and that access be restricted to the Parties and the Court.

7.      Limited portions of the Gould Declaration discuss highly confidential matters

relating to discovery in this litigation and the confidential information of third parties.  ECF No.

632-1.  A redacted version of the Gould Declaration is attached hereto as Exhibit 2.

8.      Plaintiffs' Exhibit 3 is an Audible Magic document titled "Client API SDK

Programmer's Overview," which was designated Highly Confidential – Attorneys' Eyes Only by

Audible Magic under the Protective Order in this case.  ECF No. 632-4.  This exhibit includes

sensitive, confidential information regarding the operation of Audible Magic technology.

9.      Plaintiffs' Exhibit 4 contains excerpts from the transcript of the May 11, 2021

deposition of Slawomir Paszkowski.  ECF No. 632-5.  This transcript has been designated

Highly Confidential by MarkMonitor under the Protective Order in this case, and contains

commercially sensitive, confidential information regarding MarkMonitor's antipiracy detection

system, Plaintiffs' and RIAA's antipiracy efforts, and the details of MarkMonitor's retention and

scope of work.

10.     Plaintiffs' Exhibit 5 contains excerpts from the transcript of the May 7, 2021

deposition of Steven Marks.  ECF No. 632-6.  Portions of this transcript have been designated

Confidential or Highly Confidential by the RIAA under the Protective Order in this case.  This

transcript contains commercially sensitive, confidential information concerning MarkMonitor's

antipiracy detection system, Plaintiffs' and RIAA's antipiracy efforts, the details of

MarkMonitor's retention and scope of work, and Plaintiffs' litigation strategy.  A redacted version of ECF No. 632-6 is attached hereto as Exhibit 3.

11.     Plaintiffs' Exhibit 7 contains excerpts from the transcript of the October 5, 2021 deposition of Sandeep Chatterjee.  ECF No. 632-8.  This transcript is designated Highly Confidential and Highly Confidential – Source Code under the Protective Order in this case, and includes sensitive, confidential information regarding the operation of the MarkMonitor system, the Audible Magic technology, and Plaintiffs' and the RIAA's antipiracy efforts.  A redacted version of ECF No. 632-8 is attached hereto as Exhibit 4.

12.     Plaintiffs' Exhibit 8 contains excerpts from the transcript of the May 13, 2021 deposition of Sam Bahun.  ECF No. 632-9.  This transcript has been designated Highly Confidential by MarkMonitor under the Protective Order in this case, and contains commercially sensitive, confidential information concerning MarkMonitor's antipiracy detection system, Plaintiffs' and RIAA's antipiracy efforts, and the details of MarkMonitor's retention and scope of work.

13.     Plaintiffs' Exhibit 9 contains email correspondence between counsel for the Parties that discusses highly confidential matters relevant to discovery in this litigation and the confidential information of third parties.  ECF No. 632-10.

14.     Plaintiffs' Exhibit 10 is a report by Stroz Friedberg that discusses competitively sensitive, confidential information regarding the operation of the MarkMonitor system.  ECF No. 632-11.

15.     Plaintiffs' Exhibit 11 is a report by Harbor Labs that discusses competitively sensitive, confidential information regarding the operation of the MarkMonitor system.  ECF No. 632-12.

16.     The Declarations of Steven Marks, Alasdair McMullan, Wade Leak, and Brad Cohen filed in support of the Opposition (ECF Nos. 632-13 through 632-16) each contain discussion of Plaintiffs' and RIAA's antipiracy efforts, the details of MarkMonitor's retention and scope of work, and Plaintiffs' litigation strategy.  Redacted versions of these declarations are attached hereto as Exhibits 5 through 8.

17.     The Declarations of Sam Bahun and Slawomir Paszkowski filed in support of the Opposition (ECF Nos. 632-17 and 632-18) each contain commercially sensitive, confidential information regarding MarkMonitor's antipiracy detection system, Plaintiffs' and RIAA's antipiracy efforts, and the details of MarkMonitor's retention and scope of work.  Redacted versions of these declarations are attached hereto as Exhibits 9 through 10.

***Charter's Reply & Exhibits Thereto***

18.     On January 28, 2022, Charter filed its Reply in Support of the Spoliation Motion (the "Reply"), along with supporting materials, under Level 1 Restriction.  ECF No. 682.

19.     The Reply contains discussion of commercially sensitive, confidential information regarding MarkMonitor's antipiracy detection system, the Audible Magic technology, Plaintiffs' and RIAA's antipiracy efforts, the details of MarkMonitor's retention and scope of work, and Plaintiffs' litigation strategy.  A redacted version of the Reply is attached hereto as Exhibit 11.

20.     Appendix A to the Reply is a visual demonstrative that discusses commercially sensitive, confidential information regarding MarkMonitor's antipiracy detection system, the Audible Magic technology, Plaintiffs' and RIAA's antipiracy efforts, the details of MarkMonitor's retention and scope of work, and Plaintiffs' litigation strategy.  ECF No. 682-1.

21.     Exhibit X contains email correspondence between counsel for the Parties that discusses highly confidential matters relevant to discovery in this litigation and the confidential information of third parties.  ECF No. 682-3.

22.     Exhibit Y is an email chain produced under Bates number RIAA_CH_01545035 by non-party RIAA in this case.  ECF No. 682-4.  This exhibit was designated Confidential under the Protective Order in this case, and contains commercially sensitive, confidential information concerning the operation of the MarkMonitor system and Plaintiffs' and RIAA's antipiracy efforts.

23.     The statements above describe confidential and commercially sensitive information that requires sealing or redaction.  Disclosure of this information would cause harm to Plaintiffs and, in several instances, to non-parties RIAA, MarkMonitor, and Audible Magic, and the risk of competitive harm outweighs the need for the public to have access to this confidential information.  *See Health Grades, Inc. v. MDx Med., Inc.*, 11-cv-00520-RM-BMB, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) ("[T]he redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information.").  This information, while harmful in the hands of competitors, is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

24.     Plaintiffs and RIAA seek only a Level 1 Restriction—the least secretive level of restriction.  The parties have filed redacted versions as appropriate for the filings they seek to maintain under restriction on the public docket (attached hereto as Exhibits 1–11).

WHEREFORE, Plaintiffs request that the materials listed herein be designated under Level 1 Restriction and that access be restricted to the Parties and the Court.

Dated: February 11, 2022

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Ste. 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
mkamin@cov.com
nsahni@cov.com

Respectfully submitted,

*/s/ Jeffrey M. Gould*
Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Fl.
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

Janette L. Ferguson, Esq.
WILLIAMS WEESE PEPPLE & FERGUSON
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
jferguson@williamsweese.com

*Attorneys for Plaintiffs*