# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00874-RBJ-MEH

WARNER RECORDS INC. et al.,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

Defendant.

_____

**DECLARATION OF BRAD COHEN**
_____

        I, Brad Cohen, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

        1.     I am Senior Vice President & Head of Litigation at Warner Music Group ("WMG"). As in-house counsel, I manage and supervise litigation for WMG and its affiliates that own or control copyrights in sound recordings, including Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled by Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., The All Blacks U.S.A., Inc., Warner Music Inc., Warner Records/SIRE Ventures LLC, Warner Records Inc., and WEA International Inc. (collectively, the "WMG Plaintiffs"). I submit this Declaration in support of Plaintiffs' Opposition to Charter's Motion For Curative Measures and Sanctions For Plaintiffs' Spoliation of Evidence based on personal knowledge and information learned in the course of my duties for WMG.

2. The WMG Plaintiffs seek out and develop recording artists to create, exploit, and distribute copyrighted sound recordings and audiovisual works through various record labels. The WMG Plaintiffs' exclusive copyright interests in their catalogs of sound recordings are their principal corporate assets and are central to their businesses.

3. The WMG Plaintiffs have, at times, authorized their trade association, the Recording Industry Association of America ("RIAA"), to conduct anti-piracy activities on their behalf, including in connection with detecting infringement of their works on peer-to-peer ("P2P") networks.

4. For a period of years prior to 2008, the music industry had a well-known litigation program that involved lawsuits against individuals infringing on P2P services. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[REDACTED]

6. On December 17, 2015, a federal jury in *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, found Cox Communications, Inc., another ISP, liable for secondary copyright infringement. [REDACTED]

[REDACTED]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of January, 2022 in New York, New York

DocuSigned by:
*Brad E. Cohen*
FE2537DEC07E42C...
Brad Cohen