# Exhibit 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*, <br><br> Plaintiffs, <br><br> *v.* <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**REPLY IN SUPPORT OF CHARTER'S MOTION FOR CURATIVE MEASURES AND SANCTIONS FOR PLAINTIFFS' SPOLIATION OF EVIDENCE**

Charter seeks sanctions for the destruction of foundational evidence ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Plaintiffs do not dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Court should not condone these excuses. It would be reasonable for the Court to conclude that Plaintiffs and their agents were under an obligation to preserve ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And, even if the Court credits Plaintiffs' position that litigation was not anticipated until January 2016, Plaintiffs still failed to take reasonable steps to preserve evidence from that point forward. As a result, Plaintiffs' case relies on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Charter is prejudiced by the evidentiary loss as well as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The Court should grant Charter's motion and preclude Plaintiffs' reliance on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ permit Charter to present evidence and argument regarding Plaintiffs' failure to preserve evidence,

1

and instruct the jury regarding Plaintiffs' spoliation, including an instruction that the jury may assume the lost evidence was unfavorable to Plaintiffs.

I. **PLAINTIFFS DID NOT TAKE REASONABLE PRESERVATION STEPS AND THE DESTRUCTION OF EVIDENCE HAS PREJUDICED CHARTER**

During the Notice Program, ▮

▮ Mot. 10. As a result, ▮

A. <u>**Evidence Is Lost And Cannot Be Replaced**</u>

Plaintiffs do not dispute that the following evidence relevant to direct infringement is lost:[1]

---

[1] A demonstrative depicting the extensive evidentiary losses is attached hereto as Appendix A.

2

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████[2]

██████████████████████████████████████████████

████████████████[3] ████████████████████████████

---

[2] In any event, ███████████████████████████████████
████████████
████████████ Dkt. 556-2, Frederiksen-Cross Rpt. at 43, ¶ 46.

[3] ██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████ Ex. X, Email chain. (Unless otherwise noted, all exhibits cited as "Ex." herein are to the declaration of Andrew H. Schapiro in support of Charter's Reply.)
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

3

███████████████████████████████████

████████████████████████████ ████ ████████████

███████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████[5]

**B.    Plaintiffs Did Not Take Reasonable Steps To Preserve Evidence**

With Plaintiffs' knowledge, ████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████ These actions were not reasonable.

███████████████████████████████████

████████████████████ Opp. 13. ████████████████

███████████████████████████████████

---

[4]  Dkt. 593-12, Snow Rpt. ¶ 25, n.15.

[5]  ███████████████████████████████████
███████████████████████████████ Opp. 17.
███████████████████████████████████
███████████████████████████████████

4

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

        ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████   *Id.*

Plaintiffs try to dismiss Charter's position as a mere "wish[]" that more information was saved, and cite *Sch.-Link Techs., Inc. v. Applied Res., Inc.*, 2007 WL 677647 (D. Kan. Feb. 28, 2007), in support of their claim that a desire for additional evidence does not render preservation steps unreasonable. Opp. 14-15. But the district court in *Sch.-Link* found that the defendant

5

breached its duty to preserve because it did not instruct a key player in the litigation "to gather and preserve any documents or information relating to the lawsuit" and failed to implement a litigation hold. 2007 WL 677647, at *4. ███

███

### C. Charter Is Prejudiced By Plaintiffs' Failure To Preserve Material Evidence

███

███ Opp. 8. Litigants "are not free to create their own corroborating evidence after the fact, when they have a duty to preserve." *Emuveyan v. Ewing*, 2021 WL 3617423, at *10 (D. Utah Aug. 16, 2021). ███

███

Plaintiffs rely on Judge Jackson's decision in *Aqua-Hot Heating Sys., Inc. v. Gorman-Rupp*

---

[6] Plaintiffs posit that "hash values reliably determine that one file is an exact copy of another" (Opp. 7), but ███ Mot. 10.

*Co.* for the proposition that Charter suffered no prejudice because Plaintiffs had no duty to preserve. Opp. 15. But unlike the plaintiff in *Aqua-Hot*, who collected and retained a subset of the evidence after deciding to file litigation, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See Aqua-Hot*, 2018 WL 6249886 (D. Colo. Nov. 29, 2018), at *12. While the defendant in *Aqua-Hot* could analyze at least some of the original evidence to build a defense, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

## II. PLAINTIFFS WERE REQUIRED TO PRESERVE EVIDENCE

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Courts consider litigation to be imminent when "a party knew *or should have known* that the evidence *may* be relevant to future litigation," irrespective of whether the litigant understood at the time the precise nature of the specific litigation at issue. *Zbylski v. Douglas Cnty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1162-63 (D. Colo. 2015) (emphasis added). The facts here show that Plaintiffs knew evidence collected for the Notice Program "might be relevant to a reasonably-defined future litigation." *Id*. at 1164.

### A. Plaintiffs Anticipated Litigation In 2011

The ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mot. 2. Plaintiffs cannot avoid this language.[7]



---

[7] The majority of Plaintiffs' cited cases (Opp. 10) do not discuss the circumstances in which a *plaintiff's* obligation to preserve evidence is triggered and are inapposite. *Equal Emp. Opportunity Comm'n v. JetStream Ground Servs., Inc.*, 878 F.3d 960, 966 (10th Cir. 2017) (no abuse of

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████ Opp. 5.[8]

The Court should also reject Plaintiffs' argument that the ███████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████ Opp. 11.

Plaintiffs cite ████████████████████████████

███████████████████████████████████

████████████████████████ *See* Opp. 4. But this overlooks the contemporaneous evidence. ████████████████████

---

discretion where no adverse-inference jury instruction given absent allegation of bad faith); *Salvatore v. Pingel*, 2009 WL 943713 (D. Colo. Apr. 6, 2009) (settlement demand triggered *defendant's* duty to preserve); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614 (D. Colo. 2007) (filing of complaint triggered *defendant's* duty to preserve). Unlike here, the plaintiff in *Aqua-Hot* "met the objective standard of showing litigation was not imminent." 2018 WL 6249886, at *12.

[8] In his declaration, ████████████████████████████████████████████
████████████████████████████████████ Bahun Decl. ¶ 5.

8

[REDACTED]

### B. The Court's Decision In *Sony v. Cox* Is Inapplicable

The Court should also reject Plaintiffs' argument that the decision in *Sony v. Cox* disposes of whether they had a duty to preserve evidence in this case. Opp. 12. [REDACTED]

[REDACTED] No. 1:18-cv-950, ECF 749 at 1-3 (E.D. Va.).

[REDACTED] *Cox*, No. 1:18-cv-950, ECF 238 at 1-2. Specifically, Plaintiffs concealed the 2016 Project, which discloses that the files provided to Cox in discovery were downloaded in 2016 at the instruction of Plaintiffs' counsel. *Cox*, No. 1:18-cv-950, ECF 738 at 9-10. Instead, Plaintiffs represented they had produced all the underlying files for the works-in-suit (as well as the data itemized in the SOWs) without disclosing that those files were actually manufactured at counsel's direction. Dkt. 632-2, *Cox* Hearing Transcript, at 56:12-14. On this misleading record, Magistrate Judge Anderson found that no duty to preserve had been violated. *Id.* at 76:14-77:2. Now that the truth concerning Plaintiffs'

---

[9] [REDACTED] *See, e.g.*, Dkt. 593-16, Plfs' Am. Third Priv. Log Nos. 325 and 326.

9

evidentiary losses has come to light, that decision is inapplicable.

### III. THE REMEDIES SOUGHT BY CHARTER ARE APPROPRIATE

Even the authorities cited by Plaintiffs acknowledge that the Court has discretion to impose sanctions to cure the prejudice to Charter and may consider a range of factors in doing so. *See McGee v. Pacheco*, 2021 WL 2104831, at *5 (D. Colo. May 25, 2021) (presenting evidence at trial regarding failure to preserve evidence may be appropriate to counter prejudice). ▮

▮ *See Ewing*, 2021 WL 3617423, at *10.[10] ▮

---

[10] ▮ described in *Ewing*. *Ewing*, 2021 WL 3617423, at *9-10.

Dated: January 28, 2022

John J. Rosenthal
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20036
(202) 282-5000 (telephone)
Email: jrosenthal@winston.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
Email: melkin@winston.com

Respectfully submitted,

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda J. Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
Email: cjoyce@fwlaw.com

*Counsel for Charter Communications, Inc.*