**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

WARNER RECORDS INC., *et al.*,

    Plaintiffs,

*v.*

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

**CHARTER'S UNOPPOSED MOTION TO RESTRICT**
**CERTAIN EXHIBITS TO ECF 686 AND 687**

Pursuant to Local Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully brings this unopposed motion for the Court to maintain the following materials under Level 1 Restriction: Exhibits X and Y to Charter's Motion for Discovery Sanctions Against Plaintiffs (ECF 686-25 and 686-26) and Exhibits U and V to Charter's Motion for Contempt and Discovery Sanctions Against MarkMonitor (ECF 687-22 and 687-23) (collectively, the "Confidential Materials"). In support of this motion, Charter states as follows:

1. **Certificate Pursuant to D.C.COLO.LCivR 7.1(a).** Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this motion. Plaintiffs do not oppose the relief requested in this motion. Counsel for Charter further conferred with counsel for third party MarkMonitor, Inc. via email regarding Charter's request to seal exhibits to the Motion for Contempt and Discovery Sanctions Against MarkMonitor. MarkMonitor does not oppose the relief requested in this motion that relates to the exhibits to the Motion for Contempt and Discovery Sanctions Against MarkMonitor.

1

2. The Confidential Materials consist of two reports authored by Barbara Frederiksen-Cross and served by Plaintiffs in this matter pursuant to Federal Rule of Civil Procedure 26(a)(2)(B): an initial report (ECF 686-25 and 687-22) and a reply report (ECF 686-26 and 687-23).

3. The Confidential Materials contain Charter's highly confidential and commercially sensitive business information, including discussion of Charter's source code, Charter's purported technological capabilities for monitoring Internet activity, Charter's internal policies and procedures for responding to allegations of copyright infringement on its network, specific steps taken by Charter in response to allegations of infringement, and Charter's internal data and metrics related to the same.

4. The Court has previously ordered that versions of the Confidential Materials be maintained under Level 1 Restriction.  *See* ECF 591.

5. Disclosure of Charter's competitively sensitive business information would cause competitive harm to Charter through the disclosure of details of its technological capabilities, internal policies and procedures, and internal data and metrics.  *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information").  The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information.  The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

6. Charter seeks only a Level 1 Restriction, the lowest level of restriction. In addition, Charter does not seek to restrict either its Motion for Discovery Sanctions Against Plaintiffs or its Motion for Contempt and Discovery Sanctions Against MarkMonitor in their entirety. Rather, the public would retain access to both motions, as well as 28 of the 30 exhibits to the motion against Plaintiffs and 25 of the 27 exhibits to the motion against MarkMonitor. Permitting a Level 1 Restriction of the Confidential Materials is the only method that can adequately protect Charter's competitively sensitive business information.

WHEREFORE, Charter respectfully requests that the Court maintain the following materials under Level 1 Restriction: Exhibits X and Y to Charter's Motion for Discovery Sanctions Against Plaintiffs (ECF 686-25 and 686-26) and Exhibits U and V to Charter's Motion for Contempt and Discovery Sanctions Against MarkMonitor (ECF 687-22 and 687-23).

Dated: February 18, 2022

Charles K. Verhoeven
David Eiseman
Linda J. Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
Email: melkin@winston.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
Nathan Hamstra
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com
Email: nathanhamstra@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000 (telephone)
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
Email: cjoyce@fwlaw.com

*Counsel for Charter Communications, Inc.*

4