UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al*.,<br><br>Plaintiffs,<br><br>*v*.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
UNOPPOSED MOTION TO MAINTAIN CERTAIN FILINGS UNDER RESTRICTION**

Pursuant to Local Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully moves this Court to maintain the unredacted version of Charter's Opposition to Plaintiffs' Motion to Strike Portions of the Declaration of Dan Vasey ("Opposition") (ECF 702) and Exhibit 2 of the Declaration of Jason D. Moore (ECF 702-3) filed in support thereof, under Level 1 Restriction. In support of this motion, Charter states as follows:

1. **Certificate Pursuant to D.C.COLO.LCivR 7.1(a).** Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this Motion. Plaintiffs take no position on the relief requested herein.

2. Charter's Opposition and Exhibit 2 filed in support thereof quote from and/or synopsize materials protected by the attorney-client privilege and/or the attorney work product doctrine that were produced pursuant to the Court's order under Federal Rule of Evidence 502(d). *See* Dkt. 321 ("502(d) Order"). Specifically, the Opposition and Exhibit 2 quote from and/or synopsize materials discussing Charter's implementation of legal holds and preservation of

1

electronically stored information, discovery related to the same, and materials produced pursuant to the 502(d) Order.

3. In addition, Charter's Opposition and Exhibit 2 filed in support thereof contain Charter's competitively sensitive business information. Specifically, the Opposition and Exhibit 2 include information regarding Charter's preservation and management of its internal data, including its internal policies and procedures related to the same; implementation of specific legal holds; and collection and preservation of electronically stored information related to specific Charter employees. The Court has previously ordered that similar information, including Mr. Vasey's declaration, be maintained under Level 1 Restriction, *see* ECF 705.

4. Disclosure of Charter's privileged and protected material would result in a clear and serious injury—the potential loss of Charter's claims of attorney-client privilege and work product protection over the documents from which the material was taken. Courts in this District recognize that a party's interest in restricting access to privileged material is sufficient to outweigh the presumption of public access. *See Galena St. Fund, L.P. v. Wells Fargo Bank, N.A.*, 2014 WL 12741154, at *2 (D. Colo. Mar. 10, 2014) (granting motion to restrict access to documents as they were "entitled to restricted access under the attorney-client privilege").

5. In addition, disclosure of Charter's competitively sensitive business information would cause competitive harm to Charter through the disclosure of details of Charter's policies and procedures for responding to allegations of copyright infringement, its technological abilities for monitoring activity on its networks, its implementation of litigation holds, and its retention and management of its internal data, among other details of its business. *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict

because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information"). The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information. The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

6. Contemporaneously herewith, Charter has filed on the public docket a version of its Response, judiciously redacted to protect Charter's competitively sensitive commercial information. Specifically, a redacted version of Charter's Opposition and Exhibit 2 is attached as **Exhibits A** and **B**.

7. Charter seeks only a Level 1 Restriction, the lowest level of restriction. In addition, Charter does not seek to restrict its Opposition in the entirety; the public would retain access to redacted versions of Charter's Opposition. Permitting a Level 1 Restriction of the unredacted version of Charter's Response is the only method that can adequately protect Charter's competitively sensitive business information.

WHEREFORE, Charter respectfully requests that the Court maintain the unredacted version of Charter's Opposition to Plaintiffs' Motion to Strike (ECF 702) and Exhibit 2 of the Declaration of Jason D. Moore (ECF 702-3) filed in support thereof under Level 1 Restriction.

Dated: March 4, 2022

Charles K. Verhoeven
David Eiseman
Linda J. Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
Email: melkin@winston.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
Nathan Hamstra
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com
Email: nathanhamstra@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000 (telephone)
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
Email: cjoyce@fwlaw.com

*Counsel for Charter Communications, Inc.*

4