# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

## CHARTER'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF THE DECLARATION OF DAN VASEY

### PRELIMINARY STATEMENT

To avoid undisputed facts supported by substantial documentary evidence, Plaintiffs seek to strike portions of the Declaration of Dan Vasey filed in support of Charter's Opposition to Plaintiffs' Motion for Spoliation Sanctions. ECF 681 ("Mot").[1] Mr. Vasey is Charter's 30(b)(6) witness on its document retention policies and email loss, whom Plaintiffs deposed at length over two days, and his declaration sets out the events relevant to Charter's email loss. Plaintiffs claim that Mr. Vasey either lacks personal knowledge of the facts about which he testified or that his testimony is inadmissible hearsay. Plaintiffs are incorrect: Mr. Vasey possesses personal knowledge sufficient to support his statements and they are otherwise admissible. Moreover, none of Mr. Vasey's statements about which Plaintiffs complain are inconsistent with his 30(b)(6) deposition testimony, and Plaintiffs were provided with a full opportunity to examine him on these issues. Plaintiffs have not been prejudiced in any way, let alone sufficiently to give

---

[1] Charter's Opposition to Plaintiffs' Motion for Spoliation Sanctions is ECF 633 and the Declaration of Dan Vasey is ECF 633-22 ("Vasey Decl.").

rise to the relief they presently seek. Plaintiffs' motion should be denied in its entirety.

## ARGUMENT

**I.     NO PORTIONS OF THE VASEY DECLARATION SHOULD BE STRICKEN.**

   **A.     Mr. Vasey Has Personal Knowledge of the Facts Contained in His Declaration.**

Each of Mr. Vasey's statements in his declaration is based on his personal knowledge, whether derived from his contemporaneous involvement with the events at issue, his role as supervisor of the employees carrying out the work described, or his conversations and review of materials as part of his post-email loss investigation and Rule 30(b)(6) deposition preparation.

Federal Rule of Evidence 602 does not limit a witness to testifying *only* to facts they personally observed. Rather, courts routinely admit statements founded on a witness's reasonably presumed familiarity with facts based upon the witness's position within an organization. *See, e.g.*, *Pipkin v. Mortg. Creditcorp. Inc,* 72 F.3d 138, 138 n.5 (10th Cir. 1995) (a declarant's personal knowledge may be based on knowledge obtained from doing his or her job); *Univ. of Kansas v. Sinks,* 565 F. Supp. 2d 1216, 1227 (D. Kan. 2008) ("personal knowledge of the subject matter could be inferred based on the declarants' respective positions"). Further, as courts in this District have held, an individual with responsibility for the subject matter within an organization may glean personal knowledge from his or her review of documents admissible as business records under Rule of Evidence 803(6). *See, e.g.*, *Alpha Prime Dev. Corp. v. Holland Loader Co., LLC*, 2010 WL 2691774, at *2 (D. Colo. July 6, 2010) (denying motion to strike where declarant demonstrated personal knowledge "through his review of business records of the company as part of his position"); *Vakas v. Transamerica Occidental Life Ins. Co.,* 242 F.R.D. 589, 592 (D. Kan. 2006) (admitting statements by employee "about the records maintained by

2

defendant and the facts those records put forth," "based on his review of the records").

Here, 

Plaintiffs do not challenge these statements, which support the conclusion that Mr. Vasey has personal knowledge ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ including the challenged statements in his declaration.

### B. As Charter's 30(b)(6) Designee, Vasey May Provide Declaration Testimony Within the Scope of Plaintiffs' Rule 30(b)(6) Deposition Notice.

Even if a witness does not have personal knowledge of facts (and here, Mr. Vasey does), many courts have held that "a ***Rule 30(b)(6) witness*** may testify at trial 'as to matters within corporate knowledge to which he testified in deposition.'" *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 921 (N.D. Ill. 2014) (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006)) (emphasis added). In other words, "a Rule 30(b)(6) witness may testify both in a deposition and at trial to matters as to which she lacks

3

personal knowledge, notwithstanding the requirements of Federal Rule of Evidence 602." *Id.*; *see also Weinstein v. D.C. Hous. Auth.*, 931 F. Supp. 2d 178, 186–87 (D.D.C. 2013) ("[I]f a corporate officer is noticed for deposition pursuant to Rule 30(b)(6), 'his sworn affidavit is admissible,' even if that declaration is not based on personal knowledge.") (quoting *Williamson v. Life Ins. Co. of N. Am.*, 2012 WL 3262857, at *1 n. 1 (D. Nev. Aug. 8, 2012)); *Sunbelt Worksite Mktg., Inc. v. Metro. Life Ins. Co.*, 2011 WL 3444256, at *2 (M.D. Fla., Aug. 8, 2011) ("[A]n affidavit by a Rule 30(b)(6) designee does not have to be based on personal knowledge but is expected to be based on the organization's collective knowledge.").[2]

Here, ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ Mr. Vasey also was designated by Charter to provide deposition testimony about just such facts in response to Plaintiffs' Notice of 30(b)(6) Deposition on Spoliation Topics to Defendant Charter Communications, Inc. ECF 167-3 ("Plaintiffs' Notice"). Each of the challenged statements clearly falls within the scope of Plaintiffs' Notice. Even if Mr. Vasey lacks sufficient personal

---

[2] The Tenth Circuit has yet to consider this issue, although its district courts have diverged on its applicability. *Compare Seifried v. Portfolio Recovery Assoc., LLC*, 2013 WL 6185478, at *5 (E.D. Oka. Nov. 25, 2013) (allowing 30(b)(6) designee to submit affidavit not based on personal knowledge and citing cases) *with HealthBanc Int'l, LLC v. Synergy Worldwide*, 2019 WL 3500896, at*37 (D. Utah Aug. 1, 2019) (holding "[i]n the absence of binding Tenth Circuit precedent" that "the cases holding that the affidavits of corporate representatives must be based upon personal knowledge are better reasoned."). Charter is mindful of Magistrate Judge Hegarty's ruling in *Tygrett v. City & Cty. of Denver*, in which the Court found that "the proposition" of "educat[ing] a declarant" is not "sound." 2020 WL 6873953, at *1 (D. Colo. Nov. 23, 2020) (citing *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006)). Charter respectfully submits that given the present circumstances, allowing Mr. Vasey to provide a declaration that is consistent with his Rule 30(b)(6) testimony and that is based both on his personal knowledge and the knowledge of Charter is admissible and not inconsistent with the 10th Circuit's holding in *Argo* (holding that the witness "[a]s a co-worker, and not a human resources official . . . simply was not in a position to acquire [the] comprehensive knowledge" contained in his affidavit).

4

knowledge to support a statement (and he does not, as set out below), the Court should nevertheless admit such statements as founded on Charter's knowledge.

    **C.    The So-Called "Testimony" ▮▮▮▮▮▮▮▮▮▮ Is Not Subject to Any Prior Ruling of the Court.**

Plaintiffs claim that Mr. Vasey's declaration ▮▮▮▮▮▮▮▮▮▮ which "contradicts the Court's guidance," Mot. 4, but Plaintiffs' invocation of the Court's statement at the February 22, 2021 hearing is misplaced.

First, Plaintiffs do not dispute that Mr. Vasey *was* Charter's 30(b)(6) designee, was deposed at length by them, and his declaration is consistent with the testimony he provided on behalf of Charter. Accordingly, his declaration does not "contradict" the Court's guidance that Plaintiffs can move to strike a declaration of an affiant who was not designated as a 30(b)(6) witness. Mot. 4. Second, Mr. Vasey's declaration does not ▮▮▮▮▮▮▮▮▮▮ but details Mr. Vasey's own opinions on events regarding which he has personal knowledge. *See supra* 2-3. Finally, even if the Court's guidance were applicable here (it is not), Plaintiffs ignore that the Court gave such guidance in the context of denying Plaintiffs' request for additional depositions concerning their allegations that Charter ▮▮▮▮▮▮▮▮▮▮ which is not the subject of Mr. Vasey's declaration. *See* Moore Dec. Ex. 1 at 210:10-15; 218:17-220:15. In any event, the Special Master ordered that Plaintiffs *could* seek additional deposition related to the *email loss* following Mr. Vasey's deposition, to the extent good cause was shown for additional depositions. *See* ECF 176 at 2. The Court's February 22 guidance provides no basis to strike any portion of Mr. Vasey's declaration.

5

### D. Charter's Responses to Plaintiffs' Specific Objections.

Charter responds to each of Plaintiffs' specific objections as set forth below:

| Objected Testimony In Bold | Plaintiffs' Objection(s) |
|---|---|
| ██████████████████████████ | *Lack of personal knowledge.* Fed. R. Evid. 602. |

**Charter's Response**: Plaintiffs object to Mr. Vasey's use of the word ████████ That ████████████████████████████████████ Mr. Vasey's lay opinion and admissible, as it is based on his personal knowledge from his participation in relevant events, his review of documents, and his discussions with his colleagues. *See* ECF 633-81 (Vasey Dep. Tr.) at 365:14-24; 375:7-23.  also testified that it was his judgment that it should have been. *Id*. 375:7-24. Thus, Mr. Vasey has a basis to state that it is his belief that inadvertence led to Charter's closure of the ████ ████[3]

| Objected Testimony In Bold | Plaintiffs' Objection(s) |
|---|---|
| ██████████████████████████ | *Lack of personal knowledge.* Fed. R. Evid. 602. |

**Charter's Response**: Charter incorporates its response to Paragraph 4, above.

---

[3] To the extent the Court deems Mr. Vasey's statement inadmissible, the Court should only strike the word ████████

6

| Objected Testimony In Bold | Plaintiffs' Objection(s) |
|---|---|
| ███████████████████████████████████████████████████████████████████ | *Lack of personal knowledge.* Fed. R. Evid. 602. *Hearsay.* Fed. R. Evid. 802. |

**Charter's Response**: Plaintiffs' personal knowledge objection is directed at the first two bolded sentences (red text). But those statements are clearly based on his personal knowledge: he ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ *See* Fed. R. Evid. 803(6). He ██████████████████████████████████████████████████████████████████ a topic for which he was designated as a 30(b)(6) witness, in which capacity he is permitted to provide this testimony. *Weinstein*, 931 F. Supp. 2d at 186–87; *c.f.*, Plaintiffs' Notice, (Topics 8 & 15).

Plaintiffs object to the second two sentences as inadmissible hearsay to the extent they are offered for the truth of the matter asserted. ████████████████████████████ ████████████████████████████████████████████████████████████████████████████

7

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████. *See Savacool v. Weir Oil & Gas*, 2021 WL 4426955, at *3 (D. Colo. Sept. 27, 2021) (citing Fed. R. Evid. 801(c)). Further, Mr. Vasey's statement reflects his opinion, admissible under Fed. R. Evid. 701, based on his investigation, deposition preparation, and review of business records, ███████████

██████████████████████████████████████████████████████

████████████████████████████████████████████ does not render his testimony inadmissible hearsay. *Gossett v. Okla. ex rel. Bd. of Regents for Langston University*, 245 F.3d 1172, 1179 (10th Cir. 2001) ("[T]he testimony of a lay witness 'in the form of opinions or inferences' is admissible if those opinions or inferences 'are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.'" (quoting Fed. R. Evid. 701); *see also Oaster v. Robertson*, 2016 WL 126291, at *4 (D. Colo. Jan. 11, 2016) (admitting lay witness's "conclusions based on information he saw on a website" where the website pages otherwise contained hearsay). Further, where a declarant's statement is based on documents that are admissible as business records, testimony regarding those documents does not constitute hearsay. *See Alpha Prime*, 2010 WL 2691774, at *2 (denying motion to strike where declarant testified as to the contents of an admissible business record); *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 989 (N.D. Cal. 2017) (same).

8

| Objected Testimony In Bold | Plaintiffs' Objection(s) |
|---|---|
|  | *Lack of personal knowledge.* Fed. R. Evid. 602.<br><br>*Hearsay.* Fed. R. Evid. 802. |

**Charter's Response**: Mr. Vasey has personal knowledge to support his conclusion that ▮ ▮ He also has personal knowledge based on his role and his review of the subject documents, which are admissible as business records under Fed. R. Evid. 803(6), to know that ▮ ▮ ▮ ▮ Vasey Decl. ¶¶ 39-40. He also may provide this testimony as Charter's 30(b)(6) witness on this topic. Plaintiffs' Notice (Topic 8).

Plaintiffs' hearsay objection is unfounded. Plaintiffs speculate that his testimony is hearsay to the extent that ▮ He is not. The plain import of Mr. Vasey's language is that he is relaying his admissible conclusions, informed by ▮ ▮ none of which support a hearsay objection *even if* Plaintiffs identified an out-of-court statement by ▮ –which they have not. *Gossett*, 245 F.3d at 1179; *Oaster*, 2016 WL 126291, at *4; *Alpha Prime.*, 2010 WL 2691774, at *2.

9

| Objected Testimony In Bold | Plaintiffs' Objection(s) |
|---|---|
|  | *Lack of personal knowledge.* Fed. R. Evid. 602.<br><br>*Hearsay.* Fed. R. Evid. 802. |

**Charter's Response**: Mr. Vasey has personal knowledge of the review of the referenced ▮▮▮▮ as set forth above in response to Paragraphs 4 and 34. Further, as explained in response to Paragraphs 34 and 40, ▮▮▮▮ ECF 633-81 (Vasey Dep. Tr.) at 384:14-21; 419:8-22. This view also is informed by his review of the documents he cites (Exhibits 35 and 36), which are admissible as business records. *See* Fed. R. Evid. 803(6). Thus, Mr. Vasey has personal knowledge, and a basis to conclude, that ▮▮▮▮ and to state his opinion as to the identity of that error. He also may provide this testimony as Charter's 30(b)(6) witness on this topic. *See* Plaintiffs' Notice (Topic 8).

Plaintiffs' hearsay objection is unfounded. Mr. Vasey's testimony is based on his review of documents—which were also shown to him during his deposition—that ▮▮▮▮

10

Both of these documents are admissible as business records, so that Mr. Vasey's statements regarding these documents are not based on hearsay and likewise are admissible. *See Alpha Prime*, 2010 WL 2691774, at *2; *Cordas*, 228 F. Supp. 3d at 989.

| Objected Testimony In Bold | Plaintiffs' Objection(s) |
|---|---|
| ████████████████████████ | *Lack of personal knowledge.* Fed. R. Evid. 602. |

**Charter's Response:** Plaintiffs object that Mr. Vasey lacks personal knowledge with respect to the bolded statement. Yet as set forth above with respect to Paragraphs 4, 34, and 41, Mr. Vasey has personal knowledge based on ████████████████████████—all of which provide foundation for his assessment that ████████████████████████ He also may provide this testimony as Charter's 30(b)(6) witness on this topic. Plaintiffs' Notice (Topic 8).

| Objected Testimony In Bold | Plaintiffs' Objection(s) |
|---|---|
| ████████████████████████ | *Lack of personal knowledge.* Fed. R. Evid. 602. *Hearsay.* Fed. R. Evid. 802. |

**Charter's Response**: Mr. Vasey indisputably has personal knowledge based on ████████████████████████ and, in that capacity, can provide his assessment that ████████████████████████ He also may provide this testimony as Charter's 30(b)(6) witness on this topic. Plaintiffs' Notice (Topic 8).

As to the hearsay objection, Mr. Vasey's statement is based on his review of Exhibit 43 to his declaration, which demonstrates factually that ████████████

11

████ ECF 633-65. This document is admissible as a business record, and Mr. Vasey's testimony regarding this document is equally admissible. *Alpha Prime*, 2010 WL 2691774, at *2; *Cordas*, 228 F. Supp. 3d at 989.

| Objected Testimony In Bold | Plaintiffs' Objection(s) |
|---|---|
| ████ | *Hearsay*. Fed. R. Evid. 802. |

**Charter's Response**: Plaintiffs' hearsay objection should be overruled because Mr. Vasey's statement that he spoke with ████ is not offered for the truth of the matter asserted. This is admissible as, again, it amounts his conclusions ████. *Gossett*, 245 F.3d at 1179; *Oaster*, 2016 WL 126291, at *4. The testimony establishes a basis upon which Mr. Vasey concluded that ████ Further, there is no basis for Plaintiffs' assertion that the second bolded sentence constitutes hearsay in any way, as Mr. Vasey makes no reference to any out of court conversations but instead provides his own assessment based on his personal knowledge.[4]

| Objected Testimony In Bold | Plaintiffs' Objection(s) |
|---|---|
| ████ | *Lack of personal knowledge.* Fed. R. Evid. 602. |

---

[4] To the extent that the Court deems the first bolded sentence hearsay, the Court should only strike the portion: ████

12

**Charter's Response**: As set forth in response to Paragraphs 4, 34, 41, 47, and 48, Mr. Vasey was personally involved in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In that capacity, can properly characterize his conclusion of what occurred ▇▇▇▇▇▇▇▇▇▇▇▇▇ Further, as explained above, *see supra* at 3, Mr. Vasey's assessment is based on his review of documents, both in preparation for his 30(b)(6) deposition and upon Plaintiffs' questioning at that deposition. Thus, he possesses personal knowledge sufficient to provide these assessments in his declaration. He also may provide this testimony as Charter's 30(b)(6) witness on this topic. Plaintiffs' Notice (Topic 12).

| Objected Testimony In Bold | Plaintiffs' Objection(s) |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | *Lack of personal knowledge.* Fed. R. Evid. 602. |



**Charter's Response**: Plaintiffs object to the use of the word ▇▇▇▇ as outside of Mr. Vasey's personal knowledge. However, as set forth above, Mr. Vasey has personal knowledge that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Further, as he stated elsewhere in his declaration and in his deposition testimony, he ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ECF 633-22 ¶ 59; Moore Dec. Ex. 2 (Vasey Dep. Tr.) 428:3-13.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Strike Portions of the Declaration of Dan Vasey should be denied.

13

Dated: February 18, 2022

*/s/ John J. Rosenthal*
John J. Rosenthal
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20036
(202) 282-5000 (telephone)
Email: jrosenthal@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
Email: melkin@winston.com

Respectfully submitted,

Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com

Charles K. Verhoeven
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
Email: charlesverhoeven@quinnemanuel.com
*Counsel for Charter Communications, Inc.*

14

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2022, I caused the foregoing document and supporting materials to be filed electronically with the Clerk of the court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered within CM/ECF.

*s/ John J. Rosenthal*
John J. Rosenthal