IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.*,

      Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

      Defendant.

___

**PLAINTIFFS' MOTION FOR CLARIFICATION OF RECOMMENDATION ON MOTIONS FOR SPOLIATION SANCTIONS (ECF 718)**
___

      Plaintiffs respectfully move for clarification of portions of the Court's Recommendation on the parties' respective motions for spoliation sanctions (ECF 718, "Recommendation"). Plaintiffs do not seek through this motion to disturb the Court's ultimate resolution of any disputed issue, but instead to clarify certain language concerning potential factual findings and the scope of the recommended relief. Accordingly, Plaintiffs believe these issues are better addressed by a motion for clarification rather than by objections to the Recommendation.

      As this Court has recognized, where a ruling "has created some unanticipated confusion in [the] case," the proper course is to bring a "motion for clarification." *Harnisch v. Enserca, LLC*, 2011 WL 31145, at *2 (D. Colo. Jan. 5, 2011) (Hegarty, J.) (construing a motion to compel

and for contempt that misinterpreted order as a "motion for clarification").[1] Thus, to ensure a clear record concerning the Court's factual findings and the scope of its recommended relief, Plaintiffs respectfully move for clarification of the following aspects of the Recommendation.

I.      References to "Notices" in Section II.B.

Section II.B of the Recommendation is titled "Deletion of Infringement Notices" and in several places refers to deleted "notices" as the subject of Plaintiffs' Motion for Spoliation Sanctions. As detailed below, the context suggests that the Court meant to refer to deleted "tickets" rather than deleted "notices."

As the Court is aware, content owners send Charter "infringement notices." Upon receipt of a notice, Charter "used a system called CATS (Charter's Abuse Tracking System) to create a ticket for the notice." Recommendation at 5. The CATS system thus contains "ticket data," reflecting Charter's *internal* records created based on the notices it receives and any actions Charter has taken in response.

The subject of Plaintiffs' Motion is Charter's deletion of ticket data. It is undisputed that Plaintiffs have preserved and produced the infringement notices that they sent to Charter from 2012-2015. To the extent the Recommendation continues to reference the deletion of "infringement notices," such a finding would be contrary to this fact, which was not disputed in

---

[1] *See also BIAX Corp. v. Nvidia Corp.*, 2010 WL 4879209, at *1 (D. Colo. Nov. 23, 2010) (Hegarty, J.) (granting "motion for clarification" of discovery order by dispelling "confusion" relating to time period of ordered financial production); *Chevron Corp. v. Stratus Consulting, Inc.*, 2010 WL 2232371, at *1 (D. Colo. June 1, 2010) (Hegarty, J.) (granting "motion for clarification" by stating that denial of motion for protective order did not preclude future, more specific privilege objections); *Watershed LLC v. Columbus Life Ins. Co.*, 2011 WL 3359556, at *1 (D. Colo. Aug. 3, 2011) (Hegarty, J.) (ruling on "motion for clarification" as to whether ordered "costs of deposition" included travel costs).

the parties' submissions. By contrast, Plaintiffs lack Charter's ticket data for much of the Claim Period. Without it, Plaintiffs are unable to (1) identify the subscribers associated with the vast majority of the notices they sent to Charter, (2) quantify how many notices those subscribers received from other rightsholders—that is, the full extent of their repeat infringement, and (3) quantify the revenue Charter generated from those subscribers. It is the deletion of ticket data and this resulting prejudice that was the subject of Plaintiffs' spoliation motion and the relief requested therein. *See* ECF 592 at 15.

In light of the foregoing, it seems likely that the Court intended to refer to deleted ticket data, not deleted notices. Plaintiffs therefore respectfully request clarification of the following portions of the Recommendation.

| **Portion of Recommendation** | **Requested Clarification** |
|---|---|
| "B.  Deletion of Infringement Notices" Recommendation at 5. | Plaintiffs request that the Recommendation be clarified to state that the subject of their Motion is the deletion of Charter's ticket data, and not Plaintiffs' Notices. ECF 681 at 5-7, 13-15. |
| "Plaintiffs were sending *infringement notices* to Defendant during this time period that therefore *have been lost*.  Plaintiffs state that this loss of data means that only 13% of the *notices Plaintiffs sent to Defendant have been preserved*." *Id*. (emphasis added). | Plaintiffs seek clarification that what was lost was Charter's record of its *receipt* of Plaintiffs' notices, Charter's identification of the associated subscriber, and what Charter did in response (*i.e.*, the ticket data that is the subject of Plaintiffs' Motion, ECF 681 at 5-7, 13-15), *not* Plaintiffs' notices themselves, which have been preserved and produced in this case. |

| | |
|---|---|
| "Nevertheless, I believe Plaintiffs have established the data was lost, it is material, and as a consequence, Defendant should be *precluded from disputing, at least, the numerosity of the infringement notices* that Plaintiffs reasonably establish occurred during the period of time for which such notices have been lost." *Id*. at 6 (emphasis added).<br><br>"Defendant should be *precluded from disputing the numerosity of the infringement notices* that Plaintiffs reasonably establish occurred during the period of time for which such notices have been lost by Defendant." *Id*. at 9 (emphasis added). | Plaintiffs seek clarification that these statements grant the relief Plaintiffs requested—namely that Charter be precluded from disputing Plaintiffs' use of the limited ticket and billing data that Charter produced for identified subscribers to extrapolate information about unidentified subscribers. |

**II.     Statements of Charter's Positions in Section III.**

In the full paragraph on page 7 of the Recommendation, the Court describes contentions and arguments taken from Charter's Motion for Curative Measures and Sanctions for Plaintiffs' Spoliation of Evidence (ECF 593, "Charter's Motion"). As set forth below, Plaintiffs respectfully request clarification of certain of these descriptions to confirm that they are not factual findings of the Court and to conform those descriptions to Charter's own descriptions of the "missing information" in Charter's Motion. Because the Recommendation permits Charter to introduce evidence of the "missing information" at trial, it is important that the categories be clearly defined. As currently set forth in the Recommendation, the District Court could misconstrue the Recommendation.

| Portion of Recommendation | Requested Clarification |
|---|---|
| "Whether through the vendors' violation of their contracts with Plaintiffs, or by knowing participation from Plaintiffs, the paper trail | Plaintiffs seek clarification that, like the balance of the paragraph, the Court is describing the positions in Charter's Motion, |

4

| | |
|---|---|
| for most of the 700,000+ notices no longer exists." Recommendation at 7. | and not making a finding of fact or law. It is undisputed that Plaintiffs have produced the notices, MarkMonitor's records of Audible Magic's verification of artist, title, and album for each work in suit, evidence packages for most of the infringements at issue, and source code for the core components of MarkMonitor's system. *See generally* ECF 632. |
| "The *missing information* includes (1) *audio files of the actual works in suit* . . . " *Id*. (emphasis added).<br><br>"That said, I agree Defendant should be permitted to introduce evidence of the *missing information* at trial . . . " *Id*. at 8-9 (emphasis added). | Charter's Motion described the missing "Song Files" as "audio files downloaded by MarkMonitor that were verified by Audible Magic prior to 2016." ECF 593 at 5. That is a reference to certain audio files distributed over peer-to-peer networks, which Plaintiffs allege infringe the works in suit. It is undisputed that Plaintiffs are *not* missing audio files of the works in suit, copies of which Plaintiffs commercially exploit every day. Plaintiffs seek clarification that the Court is referring only to the "Song Files" as defined by Charter, and not to other audio files Plaintiffs have produced, including authentic copies of the works-in-suit or audio files that MarkMonitor downloaded in 2016. |
| "The *missing information* includes . . . (2) *verification from one vendor to the other that Plaintiffs' works were illegally downloaded* . . . " *Id*. (emphasis added).<br><br>"That said, I agree Defendant should be permitted to introduce evidence of the *missing information* at trial . . . " *Id*. at 8-9 (emphasis added). | Charter's Motion described the "Audible Magic Responses" as "the *complete* responses MarkMonitor received from Audible Magic regarding verification, including the Audible Magic identifiers and ISRC data for verified files." *Id*. (emphasis added). Charter admits that MarkMonitor retained artist, title, and album information received from Audible Magic. *See* ECF 560-2 (Snow Expert Report at ¶ 29, describing "MarkMonitor's record of Audible Magic verification results" including "the names of artist-album-tracks"); ECF 558-2 (Chatterjee Expert Report at ¶ 8, contending MarkMonitor did not keep *complete* Audible Magic responses because "[t]he records MarkMonitor did keep . . . only reflect artist, title, and album information for one Audible |

5

| | |
|---|---|
| | Magic response[.]"). Plaintiffs therefore seek clarification that the "missing information" to which the Court is referring does not include the artist, title, and album information that Charter does not dispute was retained. |
| "The *missing information* includes . . . (4) source code used by one of the vendors for 'file verification' . . ." *Id*. (emphasis added).<br><br>"That said, I agree Defendant should be permitted to introduce evidence of the *missing information* at trial . . . " *Id*. at 8-9 (emphasis added). | Plaintiffs request that the Court clarify that MarkMonitor has disclosed that this source code has been found. *See generally* ECF 686 (Charter's Rule 37(c) Sanctions Motion).[2] |
| "Defendant blames this loss of information on Plaintiffs' failure to send a litigation hold to the vendors (although it did send one vendor a hold very late in the process, in July 2018, more than two years after one of the Plaintiffs sent a litigation demand to Defendant). *Plaintiffs admit this*." *Id*. (emphasis added). | Plaintiffs request that the Court clarify that the statement "Plaintiffs admit this" refers only to the date when Plaintiffs sent a litigation hold to MarkMonitor, and not to Charter's contention that information was lost as a result, which Plaintiffs do not admit. |

\*   \*   \*

Like the parties in *Harnisch*, *BIAX*, *Chevron*, and *Watershed*, all parties and the case record would benefit from the Court' clarification of its Recommendation as requested above, so that the parties don't "misconstrue [any of] this Court's conclusion[s]," *Harnisch*, 2011 WL 31145, at \*2, in determining whether to object to the Recommendation and in following the Recommendation's directives at trial (should the District Judge adopt it).

---

[2] Plaintiffs understand that the parties continue to dispute the impact of that disclosure.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court clarify the portions of the Recommendation specified above for the benefit of the parties and to obviate the need for Plaintiffs to file an Objection to the Recommendation on these clarifying matters.

Dated: March 9, 2022

Matthew J. Oppenheim
Jeffrey M. Gould
Alexander Kaplan
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com
alex@oandzlaw.com

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

Neema T. Sahni
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
nsahni@cov.com

*Attorneys for Plaintiffs*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)

On March 8, 2022, Plaintiffs identified and explained the bases for each of the items for which they seek clarification herein. On March 9, 2022, the parties met and conferred telephonically. Counsel for Charter advised counsel for Plaintiffs that they take no position concerning the individual items for which Plaintiffs seek clarification, but oppose the requests more generally.

*/s/ Neema T. Sahni*
Neema T. Sahni

*Attorneys for Plaintiffs*