UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    *Plaintiffs*,

v.

CHARTER COMMUNICATIONS, INC.,

    *Defendant*.

Case No. 19-cv-00874-RBJ-MEH

**CHARTER'S RESPONSE TO PLAINTIFFS' MOTION FOR CLARIFICATION OF RECOMMENDATION ON MOTIONS FOR SPOLIATION SANCTIONS**

Plaintiffs' motion for clarification ("Mot.") purports to "clarify certain language concerning potential factual findings and the scope of the recommended relief" in the March 4, 2022 Recommendation (Dkt. 718) regarding the parties' spoliation motions. Mot. 1. While a handful of Plaintiffs' requests are true clerical revisions amenable to easy correction, other requests are ***not*** limited to correcting clerical errors. Instead, Plaintiffs ask for substantive reconsideration in Plaintiffs' favor. This attempt to reargue the Recommendation under the guise of "clarification" should be rejected. Plaintiffs should instead be directed to comply with Judge Jackson's established procedure for filing objections to the Magistrate Judge's Recommendation. *See* Dkt. 730.

**I. PLAINTIFFS' PROPOSED "CLARIFICATIONS" TO SECTION II.B OF THE RECOMMENDATION**

    **A.** <u>**Charter Does Not Oppose Plaintiffs' Request To Clarify Certain Use Of The Terms "Notices" And "Ticket Data"**</u>

Plaintiffs seek to "clarify" the use of the term "Notices" in Section II.B of the Recommendation and posit that "the context suggests that the Court meant to refer to deleted 'tickets' rather than deleted 'notices.'" Mot. 2. Throughout most of Section II.B, the

1

Recommendation accurately distinguishes between Charter's ticket data and Plaintiffs' notices. *See, e.g.*, Dkt. 718 at 5 ("When Defendant received an infringement notice, it used a system called CATS … to create a ticket"). The Recommendation correctly observes that it is "ticket" or "CATS data" that is at issue. *Id.* ("Defendant does not deny Plaintiffs' allegation that CATS data from 2011-April 2014 has been lost.").[1] Notwithstanding the accurate distinction between the two terms elsewhere in Section II.B, the Recommendation inadvertently uses the term "infringement notices"[2] instead of "ticket data" in the heading and in two other sentences, which appear to be the result of clerical errors that do not impact the substance of the Recommendation.

In response to Plaintiffs' suggestions, Charter proposes amending the language in portions of Section II.B as set out in the righthand column in the following chart to clarify the meaning without changing the substance or scope of the Recommendation:

| **Portion of Recommendation** | **Charter's Proposed Clarification (Proposed Revision Underlined)** |
|---|---|
| "B. Deletion of Infringement Notices" Recommendation at 5. | "B. Deletion of Ticket Data" |
| "Plaintiffs were sending *infringement notices* to Defendant during this time period that therefore *have been lost*. Plaintiffs state that this loss of data means that only 13% of the *notices Plaintiffs sent to Defendant have been preserved*." *Id.* (emphasis added). | "Plaintiffs were sending notices to Defendant during this time period and the CATS ticket data was not retained. Plaintiffs state that this loss of data means that only 13% of the ticket data for notices Plaintiffs sent to Defendant have been preserved." |

---

[1] As set out in Charter's Opposition to Plaintiffs' Spoliation Motion and the accompanying Declaration of Colton Mabb, Charter disputes the date range of lost ticket data that Plaintiffs allege.

[2] If clarifications are made, Charter respectfully requests that the Recommendation use the term "notices" or "copyright notices" (used in Charter's spoliation briefing, *see* Dkts. 593, 633) rather than "infringement notices" (used in Plaintiffs' spoliation briefing, *see* Dkts. 592, 632), as the latter terminology suggests Plaintiffs have met their burden of proof on a contested issue (direct infringement).

### B.     Plaintiffs' Request Regarding The Recommended Remedy Should Be Denied

Plaintiffs' request for clarification pertaining to the use of the term "infringement notices" should be rejected. Plaintiffs "seek clarification that [the Recommendation's] statements grant the relief Plaintiffs requested." Mot. 4. But this request for clarification goes beyond the correction of a clerical error. The Recommendation expressly acknowledges and rejects both sides' requested relief and only "suggest[s] one specific element of relief for each side that would not involve burdening the jury with the legal concept of spoliation." Dkt. 718 at 3 n.2. Unsatisfied with this suggestion, Plaintiffs now ask for a new Recommendation that is more favorable to Plaintiffs. This is improper. *See, e.g.*, *Green v. El Paso Cty., Colo.*, 2021 WL 681439, at *4 (D. Colo. Feb. 22, 2021) (denying motion for clarification to the extent it seeks reconsideration of Order). Moreover, to the extent Plaintiffs' query may be construed as a motion for reconsideration, that likewise "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* at *1. Plaintiffs do not try to, and cannot, meet this standard here.[3]

---

[3] Plaintiffs rely on cases (all over 10 years old) where Magistrate Judge Hegarty accommodated requests from litigants to clarify a discrete part of a discovery order. Mot. 1-2 n.1. Those cases demonstrate the limited circumstances where clarification may be appropriate. *See, e.g.*, *Watershed LLC v. Columbus Life Ins. Co.*, 2011 WL 3359556, at *1 (D. Colo. Aug. 3, 2011) (whether ordered "costs of deposition" included travel and lodging expenses); *Chevron Corp. v. Stratus Consulting, Inc.*, 2010 WL 2232371, at *1 (D. Colo. June 1, 2010) (whether order granting motion to compel precluded assertion of "'more narrow privilege objections to specific documents and questions'"); *BIAX Corp. v. Nvidia Corp.*, 2010 WL 4879209, at *1 (D. Colo. Nov. 23, 2010) (whether order to produce documents was confined to particular date range); *Harnisch v. Enserca, LLC*, 2011 WL 31145, at *1 (D. Colo. Jan. 5, 2011) (whether court "ordered a response to certain document requests in the subpoena, not the production of any documents").

## II. PLAINTIFFS' PROPOSED "CLARIFICATIONS" TO SECTION III OF THE RECOMMENDATION

### A. Charter Does Not Oppose A Subset Of Plaintiffs' Requests To Clarify The Definitions Of The Data Plaintiffs Have Lost

Plaintiffs seek to clarify how the Recommendation describes the scope of Plaintiffs' data loss. Similar to the clerical errors discussed above, the context of Section III suggests that a small number of clerical errors are present. Charter proposes amending the language in those portions of Section III as set out in the righthand column of the following table to clarify the meaning without changing the substance or scope of the Recommendation:

| Portion of Recommendation | Charter's Proposed Clarification (Proposed Revision Underlined) |
|---|---|
| "Whether through the vendors' violation of their contracts with Plaintiffs, or by knowing participation from Plaintiffs, the paper trail for most of the 700,000+ notices no longer exists." Recommendation at 7. | This sentence does not require clarification because the context of the relevant paragraph shows the Recommendation is simply describing Charter's contentions.<br><br>To the extent the Magistrate Judge agrees that clarification is necessary, Charter proposes:<br><br>"Whether through the vendors' violation of their contracts with Plaintiffs, or by knowing participation from Plaintiffs, Defendant contends that the paper trail for most of the 700,000+ notices no longer exists."<br><br>If this correction is made, then an equivalent clarification should be made to the sections of the Recommendation describing Plaintiffs' contentions. *E.g.*, Dkt. 718 at 5. Otherwise, the correction Plaintiffs are urging will result in an unfair and inaccurate imbalance. |

| Portion of Recommendation | Charter's Proposed Clarification (Proposed Revision Underlined) |
|---|---|
| "The *missing information* includes (1) *audio files of the actual works in suit ….*" *Id.* (emphasis added).<br><br>"That said, I agree Defendant should be permitted to introduce evidence of the *missing information at trial ….*" *Id.* at 8-9 (emphasis added). | In response to Plaintiffs' suggestion, Charter suggests the following correction:<br><br>"The missing information includes (1) <u>the Song Files (as defined in Defendant's motion) that Plaintiffs allege correspond to</u> the actual works in suit …."<br><br>Otherwise, Plaintiffs appear to be trying to substantively limit the scope of the Recommendation that Charter "be permitted to introduce evidence of the missing information at trial." To the extent Plaintiffs are asking that the Recommendation be altered to preclude Charter from arguing that the files downloaded as part of the 2016 Project are not the original Song Files (which Plaintiffs do not dispute have been lost), their reconsideration request should be denied as improper. |
| "The *missing information* includes . . . (2) *verification from one vendor to the other that Plaintiffs' works were illegally downloaded ….*" *Id.* (emphasis added).<br><br>"That said, I agree Defendant should be permitted to introduce evidence of the *missing information* at trial  …." *Id.* at 8-9 (emphasis added). | In response to Plaintiffs' suggestion, Charter suggests the following correction:<br><br>"The missing information includes … (2) <u>"all the complete responses MarkMonitor received from Audible Magic regarding verification" (as defined in Defendant's motion)</u> …." |

### B. <u>Plaintiffs' Remaining Requests For "Clarification" Improperly Seek Reconsideration And Should Be Brought To Judge Jackson As Objections</u>

#### 1. <u>MarkMonitor Source Code</u>

Plaintiffs request that the Recommendation clarify the status of MarkMonitor's source code and find that it is no longer missing. Mot. 6. Specifically, Plaintiffs urge "the Court [to] clarify that MarkMonitor has disclosed that this source code has been found," even though they admit in a footnote that "the parties continue to dispute the impact of that disclosure." *Id.* In other words, Plaintiffs request that the Magistrate Judge affirmatively and prematurely make a finding on a

5

disputed issue in Plaintiffs' favor. Such a request has no place in a motion to clarify, particularly given that the Recommendation expressly states that it is not addressing the source code issue because the untimely source code disclosures are the subject of separate motions that have not been referred. Dkt. 718 at 1 n.1.[4]

Nor is there a proper basis to request reconsideration because the finding requested by Plaintiffs is not supported by the record. *See, e.g.*, *Green*, 2021 WL 681439, at *1-2 (request for reconsideration "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence"). At the time Charter filed its spoliation motion pursuant to Rule 37(e), MarkMonitor had repeatedly stated under oath that the source code was no longer available. *See, e.g.*, Dkt. 687 at 4-6. When MarkMonitor changed its story in January 2022 in connection with Plaintiffs' opposition to Charter's spoliation motion (and claimed to have identified a portion of the missing source code), Charter was required to file sanctions motions against Plaintiffs and MarkMonitor pursuant to Rule 37(c) to address the significant prejudice flowing from this untimely disclosure. *See, e.g.*, Dkts. 729, 731. The Recommendation accurately acknowledges that this is the subject of separate motion practice pending before the Court. Reconsideration of this accurate statement is not warranted.

---

[4] Charter respectfully submits that the Recommendation inadvertently states that the source code has "recently been discovered" and "produced to Defendant" (Dkt. 718 at 1 n.1), which is not accurate for the reasons set forth in Charter's reply briefing on the Rule 37(c) sanctions motions. *See, e.g.*, Dkts. 729, 731. To the extent any clerical correction is deemed warranted, Charter suggests the following: "The same is true regarding missing source code that was discovered by Plaintiffs' litigation consultant in November 2021, and disclosed to Defendant in January 2022."

## 2.      Status Of Litigation Holds Sent To Plaintiffs' Vendors

Plaintiffs ask that the Recommendation "clarify" the plain words: "Plaintiffs admit this." Mot. 6. Instead of identifying any clerical error or specific context that would suggest that an error had been made, Plaintiffs ask for different wording in the Recommendation because Plaintiffs perceive the existing wording to be unfavorable. The particular phrase that the Recommendation uses to describe an issue that was the subject of the parties' briefing is not a clerical error that should be resolved by a motion for clarification. If Plaintiffs wish to dispute the substance of the Recommendation, they can file an objection with Judge Jackson.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Charter respectfully requests that the Court deny in part and grant in part Plaintiffs' Motion to Clarify.

Dated: March 21, 2022

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
Nathan Hamstra
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com
Email: nathanhamstra@quinnemanuel.com

Charles K. Verhoeven
David Eiseman
Linda J. Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000 (telephone)
Email: toddanten@quinnemanuel.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
Email: melkin@winston.com

Email: jessicarose@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
Email: cjoyce@fwlaw.com

*Counsel for Charter Communications, Inc.*

8