UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| WARNER RECORDS INC., *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>   Defendant. | Case No. 1:19-cv-00874-RBJ-MEH |

**CHARTER'S UNOPPOSED MOTION TO RESTRICT
PLAINTIFFS' "NOTICE OF SUPPLEMENTAL EVIDENCE" AND
RE-FILED "NOTICE OF SUPPLEMENTAL EVIDENCE" (ECF 747, 748)**

Pursuant to Local Rule 7.2, Defendant Charter Communications, Inc. ("Charter") respectfully moves this Court to maintain the unredacted versions of the following materials under Level 1 Restriction: Plaintiffs' "Notice of Supplemental Evidence" and Exhibit 1 thereto (ECF 747, 747-1) and Plaintiffs' Re-filed "Notice of Supplemental Evidence" and Exhibit 1 thereto (ECF 748, 748-1). In support of this motion, Charter states as follows:

1. **Certificate Pursuant to D.C.COLO.LCivR 7.1(a).** Counsel for Charter has conferred with counsel for Plaintiffs via email regarding this motion. Plaintiffs do not take a position on the relief requested by Charter.

2. Exhibit 1 to the "Notice of Supplemental Evidence" (ECF 747-1) and Exhibit 1 to the Re-filed "Notice of Supplemental Evidence" (ECF 748-1) are the same document. The document contains Charter's commercially sensitive business information, including information about Charter's internal policies and procedures for addressing allegations of copyright infringement. Charter has previously moved to maintain that document under Level 1 Restriction in the parallel *UMG Recordings Inc. v. Charter Communications, Inc.* case ("*Charter II*"), and that

request was granted. *Charter II*, ECF 130, 136 (No. 1:21-cv-02020-RBJ-MEH). The document was also designated as "Highly Confidential" by Charter pursuant to the Protective Order entered in that case.

3. In addition, Plaintiffs' "Notice of Supplemental Evidence" (ECF 747) and Re-filed "Notice of Supplemental Evidence" (ECF 748) quote that document.

4. Disclosure of Charter's competitively sensitive business information would cause competitive harm to Charter through the disclosure of details of its internal policies and procedures. *See, e.g.*, *Health Grades, Inc. v. MDx Med., Inc.*, 2014 WL 12741068, at *2 (D. Colo. Mar. 28, 2014) (granting motion to restrict because "the redactions and restrictions are justified to protect against the public disclosure of competitively sensitive, highly confidential, and proprietary information"). The risk of competitive harm to Charter outweighs the need for the public to have access to this confidential information. The information would be harmful in the hands of competitors and is not necessary or substantially informative for the general public to understand or evaluate the issues between the parties.

5. Contemporaneously herewith, Charter has filed on the public docket versions of Plaintiffs' "Notice of Supplemental Evidence" and Re-filed "Notice of Supplemental Evidence," judiciously redacted to protect Charter's competitively sensitive commercial information. Specifically, a redacted version of the Notice is attached as **Exhibit A** and a redacted version of the Re-filed Notice is attached as **Exhibit B**.

6. Charter seeks only a Level 1 Restriction, the lowest level of restriction. In addition, Charter does not seek to restrict the Notices and exhibits thereto in their entirety; the public would retain access to redacted versions of the "Notice of Supplemental Evidence" (ECF 747) and Re-

filed "Notice of Supplemental Evidence" (ECF 748).  Permitting a Level 1 Restriction is the only method that can adequately protect Charter's competitively sensitive business information.

WHEREFORE, Charter respectfully requests that the Court maintain the unredacted versions of the following materials under Level 1 Restriction:  Plaintiffs' "Notice of Supplemental Evidence" and Exhibit 1 thereto (ECF 747, 747-1) and Plaintiffs' Re-filed "Notice of Supplemental Evidence" and Exhibit 1 thereto (ECF 748, 748-1).

Dated: May 24, 2022

Charles K. Verhoeven
David Eiseman
Linda J. Brewer
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
Email: melkin@winston.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
Nathan Hamstra
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com
Email: nathanhamstra@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000 (telephone)
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
Email: cjoyce@fwlaw.com

*Counsel for Charter Communications, Inc.*