# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-00874-RBJ-MEH

**WARNER RECORDS INC.,** *et al.***,**

        Plaintiffs,

v.

**CHARTER COMMUNICATIONS, INC.,**

        Defendant.

___

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL EVIDENCE FOR MOTIONS FOR SUMMARY JUDGMENT
___

Plaintiffs hereby notify the Court of the document attached hereto as Exhibit 1, and request that the Court consider it in ruling on the parties' pending summary-judgment motions.

In support, Plaintiffs state as follows:

1. Exhibit 1 is a Charter document titled "███████████████████ ██████████," dated May 8, 2016, which is within the Claim Period for this case (March 23, 2013 to May 17, 2016).

2. Charter did not produce Exhibit 1 in this case, but recently produced it in *UMG Recordings Inc. et al. v. Charter Communications, Inc.,* No. 1:21-cv-02020-RM-KLM (D. Colo.) ("*Charter II*").

3. Yesterday, Magistrate Judge Hegarty granted Plaintiffs' motion in *Charter II* for an exception to the protective order in that case, allowing Plaintiffs to use Exhibit 1 in *Charter I*. *See Charter II* ECF 144.

4. Exhibit 1—most specifically, the portions Plaintiffs have highlighted in yellow—directly undermines the following two contentions made by Charter in opposing summary judgment: (1) that Plaintiffs' infringement notices were not sufficient to confer actual knowledge that customers had in fact infringed in the past, *see* ECF 601 at 11; and (2) that Charter had in place during the Claim Period "a rigorous program to discourage infringement online," *id*. at 1.[1]

Dated: May 10, 2022

Matthew J. Oppenheim
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Telephone: (202) 621-9027
matt@oandzlaw.com

*/s/ Jonathan M. Sperling*
Jonathan M. Sperling
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
jsperling@cov.com

*Attorneys for Plaintiffs*

---

[1] Charter produced additional documents in *Charter II* that refute other factual assertions from Charter's summary-judgment briefing here. *See Charter II* ECF 144 at 4 (finding Exhibit 1 and nine other documents from *Charter II* relevant to summary judgment in *Charter I*). Mindful of the record and the Court's ongoing review, Plaintiffs have limited the instant notice to the one document that *should already be* part of the summary-judgment record because it is dated within the Claim Period in this case.

2