UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC., *et al.*,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

    Defendant.

Case No. 1:19-cv-00874-RBJ-MEH

**CHARTER'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' AND CHARTER'S MOTIONS TO EXCLUDE EXPERT OPINIONS OF DR. SINNREICH, DR. AMIR, MS. FREDERIKSEN-CROSS, DR. CHATTERJEE, MR. BUCHAN, DR. SNOW, MR. GELUSO AND THE "LISTENERS," DR. ALMEROTH, AND DR. FURCHTGOTT-ROTH**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7.1(f), Charter Communications, Inc. ("Charter") brings to the Court's attention recent rulings issued in *UMG Recordings, Inc. et al. v. Bright House Networks, LLC*, No. 8:19-cv-00710-MSS-TGW (M.D. Fla.) ("*UMG v. Bright House*"). On May 25-26, 2022, in *UMG v. Bright House*, the Court held a two-day in-person hearing to address certain of Plaintiffs' and Bright House's *Daubert* motions to exclude certain experts' testimony. *See id.* Dkts. 629 & 630. The Court's rulings in *UMG v. Bright House*, as stated on the record at the May 25-26, 2022 hearing, relate to the *Daubert* motions listed below, which are presently pending before this Court. The Court did not address the motions to exclude the testimony of George Strong, Wayne Coleman, or Terrence McGarty at the May 25-26, 2022 hearing.[1] Those motions remain under advisement.

---

[1] The Court held a hearing on June 1, 2022 on Plaintiffs' motion to exclude the testimony of George Strong, but did not rule from the bench and instead indicated that a written order would be issued.

1

Charter submit this supplemental authority in further support of its positions on the following motions:

- Plaintiffs' Motion to Exclude or Limit Certain Expert Opinions and Testimony by Dr. Aram Sinnreich (Dkt No. 559) (restricted version);

- Charter's Motion to Exclude the Opinions and Testimony of On Amir (Dkt. 550) (restricted version);

- Charter's Motion to Exclude the Opinions and Testimony of Barbara Frederiksen-Cross (Dkt. 556) (restricted version);

- Plaintiffs' Motion to Exclude or Limit Expert Testimony of Dr. Sandeep Chatterjee (Dkt. 558) (restricted version);

- Charter's Motion to Exclude the Opinions and Testimony of Kristofer Buchan (Dkt. 551) (restricted version);

- Plaintiffs' Motion to Exclude or Limit Expert Testimony of Dr. Karl Snow (Dkt. 560) (restricted version);

- Charter's Motion to Exclude the Opinions and Testimony of Paul Geluso and the "Listeners" (Dkt. 553) (restricted version);

- Plaintiffs' Motion to Exclude or Limit Certain Expert Testimony and Opinions by Dr. Kevin Almeroth (Dkt. 557) (restricted version); and

- Charter's Motion to Exclude the Opinions and Testimony of Dr. Harold Furchtgott-Roth (Dkt. 552) (restricted version).

Relevant excerpts of the *UMG v. Bright House* hearing transcript are attached hereto as Ex. A (May 25, 2022 Day 1) and Ex. B (May 26, 2022 Day 2). More specifically, in *UMG v. Bright House*, the Court (the Honorable Mary Scriven) ordered on the record as follows:

**Dr. Aram Sinnreich:**

- The Court denied Plaintiffs' motion to exclude, and ruled that Dr. Sinnreich would be permitted to testify at trial regarding the following challenged opinions: (1) that the structural shift in the music industry was not attributable to "piracy," and that broadband services have been a boon to music sellers; (2) that the music industry scapegoats "piracy" for its own strategic missteps; (3) that P2P is a neutral platform with extensive non-infringing uses; and (4) that internet access is a vital public resource. Ex. A, 95:8-17.[2] In addition, the Court ruled that Dr. Sinnreich may provide his rebuttal opinions of Plaintiffs' experts at trial. *Id.* at 96:15-17.

- As to Dr. Sinnreich's opinion that the music industry is exploitative of creative labor, the Court ruled that the extent to which Dr. Sinnreich will be permitted to provide such testimony at trial will be driven by Plaintiffs' argument that "the music industry/plaintiffs are altruistic, paternalistic entities seeking to protect the interests of creative labor." *Id.* at 95:18-22.

- As to Dr. Sinnreich's opinion that termination is an unnecessary and disproportionate response to allegations of infringement, the Court took the motion under advisement. *Id.* at 95:23-96:14.

---

[2] Incorporated into in this high-level ruling is the specific ruling that Dr. Sinnreich may testify about the two Jupiter studies discussed in his report, and the record labels' pricing tactics.

3

### Dr. On Amir:

- The Court granted Bright House's motion to exclude in full, and ruled that Dr. Amir would not be allowed to testify at trial, primarily basing its ruling on the ground that "Dr. Amir is an expert in surveys, he's not an expert in the music industry," and Plaintiffs "can't call an expert in surveys and have him render an opinion as to the invalidity of the underlying survey without having him do the work." Ex. A, 131:23-133:2; *see also id.* 133:3-25 (Dr. Amir cannot testify as to either the Jupiter surveys or reports).

### Ms. Barbara Frederiksen-Cross:

- The Court granted in part Bright House's motion to exclude, and ordered that Ms. Frederiksen-Cross's opinion be "sanitized from the use of infringement or infringing or abusers … so that she does not refer to it in her conclusive way," to the extent she is permitted to testify at trial. Ex. A, 239:16-240:6.

- The Court prohibited Ms. Frederiksen-Cross from relying on the outside conversations she had with Mr. Dong Jang, Mr. Sam Bahun, and Mr. Slawomir Paszkowski as the bases for her opinions, and she may not testify about or opine on these hearsay conversations unless Plaintiffs lay proper foundational testimony at trial. *Id.* at 228:14-230:6, 240:11-17.

- The Court reserved ruling on the reliability of Ms. Frederiksen-Cross's methodology, and whether she would be permitted to testify at trial, because "her methodology is not consistent with what counsel says her methodology was." *Id.* at 240:18-244:10.

- Plaintiffs stipulated that Ms. Frederiksen-Cross has withdrawn ¶¶ 32 and 34 of her report (related to NetFlow and Sandvine), and therefore Ms. Frederiksen-Cross will not be

4

permitted to offer those opinions at trial, to the extent she is allowed to testify at trial. *Id.* at 167:21-169:17.

### Dr. Sandeep Chatterjee:

- The Court denied Plaintiffs' motion to exclude, rendering Dr. Chatterjee's opinions admissible at trial, but noted that the denial of the motion regarding ISRCs was without prejudice solely as to Plaintiffs' motion to exclude Dr. Chatterjee's opinion regarding whether different ISRCs actually reflect different sound recordings during the Audible Magic verification process. Ex. B, 56:18-22.

### Mr. Kristofer Buchan:

- Plaintiffs stipulated that they would "sanitize" Mr. Buchan's report to remove references to infringer, infringement or abuser, consistent with the Court's instruction given to Ms. Frederiksen-Cross. Ex. B, 57:10-17.

- The Court ordered that the parties jointly prepare a jury instruction that "three [notices] has no [legal] significance other than that's the number counsel told [Mr. Buchan] to use" for the Court's review and approval. *Id.* at 74:5-76:18.

- Plaintiffs also stipulated that Mr. Buchan has withdrawn ¶¶ 19-23 and 28-29 of his report (discussing the "Digital Music Industry") and will not be offering these opinions at trial. *Id.* at 58:8-12. In response, Bright House stipulated that it would withdraw its *Daubert* challenge to ¶¶ 24-27 of Mr. Buchan's report. *Id.* at 58:8-12.

### Dr. Karl Snow:

- The Court denied in part Plaintiffs' motion to exclude, and ordered that Dr. Snow would be permitted to testify at trial about his duplicative notices analysis, subject to an understanding that he is not offering a legal opinion. Ex. B, 106:16-107:14, 117:7-118:24.

- Plaintiffs stipulated that they did not object to Dr. Snow's opinion regarding Plaintiffs' file verification in ¶¶ 84-102 of his report. *Id.* at 80:22-23, 114:19-24.

### Mr. Paul Geluso and the "Listeners":

- The Court denied in part Bright House's motion to exclude, finding that Mr. Geluso's methodology has no "fundamental flaws." Ex. B, 167:24-25.

- The Court reserved whether Mr. Geluso or the "Listeners" will "be allowed to pull [their] opinion[s] over from another case to this case" as "largely dependent on the admissibility of the Epiq opinion." *Id.* at 167:25-168:4 (Mr. Geluso); *id.* at 203:20-205:4 (Mr. Lai-Tremewan).

- With respect to the remainder of Bright House's motion to exclude the testimony of Mr. Geluso and the "Listeners," the Court took the motion under advisement. *See id.* at 205:16-207:22.

### Dr. Kevin Almeroth:

- The Court denied in part Plaintiffs' motion to exclude, ordering that Dr. Almeroth would be permitted to provide at trial: (1) rebuttal opinions regarding the feasibility and technical feasibility of the measures proposed by Dr. McGarty and Ms. Frederiksen-Cross (to the extent Ms. Frederiksen-Cross and Dr. McGarty are allowed to testify); (2) opinions regarding Bright House's network structure and capabilities during the Claim Period, if a proper foundation is presented at

6

trial; and (3) opinions regarding net neutrality implications as long as Dr. Almeroth's testimony does not "bleed over into determinations of law." Ex. B, 238:13-239:5.

- The Court ruled that Dr. Almeroth would be permitted to testify "generally about the internet," but "he won't be allowed to testify about or raise implications of human rights violations or human rights implications as set forth in his footnote [40]" of his report. *Id.* at 239:6-13.

### Dr. Harold Furchtgott-Roth:

- The Court granted in part Bright House's motion to exclude, ruling that Dr. Furchtgott-Roth "can't draw any conclusions or state any opinions as to piracy committed" by Bright House subscribers, but he could "us[e] the word 'piracy' as a backdrop." Ex. B, 244:25-245:2.

- Plaintiffs stipulated that they would "sanitize" the report of Dr. Furchtgott-Roth to remove all references to "infringement" or "repeat infringement," consistent with the Court's instruction given to Ms. Frederiksen-Cross. *Id.* at 243:25-244:7.

- As to the remainder of Bright House's motion, the Court took the motion "under advisement" and will "pen an order." *Id.* at 309:3-310:17.

Dated: June 6, 2022

Charles K. Verhoeven
David Eiseman
Linda J. Brewer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600 (telephone)
Email: charlesverhoeven@quinnemanuel.com
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
(415) 591-1506 (telephone)
Email: jgolinveaux@winston.com

Michael S. Elkin
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700 (telephone)
Email: melkin@winston.com

Respectfully submitted,

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro
Nathan Hamstra
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400 (telephone)
Email: andrewschapiro@quinnemanuel.com
Email: nathanhamstra@quinnemanuel.com

Todd Anten
Jessica Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000 (telephone)
Email: toddanten@quinnemanuel.com
Email: jessicarose@quinnemanuel.com

Craig D. Joyce
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2400 (telephone)
Email: cjoyce@fwlaw.com

*Counsel for Charter Communications, Inc.*